<mark>Case 2:13-cr-00607-JFB-AYS Document 9 Filed 11/21/13 Page 1 of 5 PageID #: 85</mark>



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMJ:CNC
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

November 21, 2013

**By Hand and ECF**

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
924 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Tommy C. Constantine, a.k.a "Tommy Hormovitis"
               Criminal Docket No. 13-607 (JFB )

Dear Judge Bianco:

      The government respectfully submits this letter, pursuant to 18 U.S.C. § 3145(a), to request that this Court stay, review and revoke the order of United States Magistrate Judge Bridget S. Bade in the District of Arizona, which was issued on November 20, 2013, after 6:00 p.m. Eastern time, releasing defendant Tommy C. Constantine on a $500,000 bond secured by property and other conditions of release. Judge Bade ordered that Constantine be produced to the United States Courthouse in Phoenix on the morning of Friday, November 22, 2013 for release from custody. The transcript from the November 18, 2013 detention hearing, at which Judge Bade set forth the conditions of release, is attached as Exhibit A. At the conclusion of the November 18, 2013 hearing, Judge Bade ordered the parties to return to court on November 20, 2013 at 4:00 p.m. (Mountain time) to give the defense time to finalize the bond paperwork. The court further indicated that it would issue the release order at the November 20, 2013 court appearance, assuming all the paperwork

was in order.  See Exh. A at 59.  Upon the defendant's arrival in the Eastern District of New York ("EDNY"), we also respectfully request that the Court conduct its own hearing and enter a permanent order of detention.

By way of background, on November 13, 2013, federal agents arrested the defendant near his home in Scottsdale, Arizona on an arrest warrant that was issued in the EDNY based on an indictment returned in the case of United States v. Phillip A. Kenner and Tommy C. Constantine, also known as "Tommy C. Hormovitis, 13 CR 607 (JFB) (the "EDNY Indictment").  On November 14, 2013, the defendant was arraigned before Judge Bade in the District of Arizona on the EDNY Indictment.  A detention hearing began on November 15, 2013 and continued on November 18, 2013.  At the conclusion of the November 18, 2013 court hearing, Judge Bade found that the defendant was a serious flight risk, but concluded that there existed conditions that could reasonably address that risk.  Exh. A at 60.  Judge Bade stated that she would order the defendant released on a $500,000 bond secured by property.  Exh. A at 54.  The property, located at 25555 North Windy Walk Drive, #61, Scottsdale, Arizona 85255, is held in a revocable trust; the Trustee is the defendant's mother, Kiki Constantine.

In addition to the "standard conditions," Judge Bade imposed the following limited conditions:

1. No travel outside of Arizona, except to the EDNY for court appearance in the criminal case.

2. No travel on any private aircraft.

3. No work managing aircraft.

4. The defendant shall be subject to a GPS monitoring bracelet or anklet.

    5.  The defendant must surrender his passport.

Exh. A at 54, 60, 64.  The court did not elaborate on what the "standard conditions" of release would be.  At the November 20, 2013 court appearance, Judge Bade directed defense counsel to file the surety bond with the county recorder's office by Friday, November 22, 2013.  The defendant is scheduled to be released on Friday morning.

        The government now seeks a stay, review and revocation of the Arizona release order and entry of an order of detention.  Title 18, United States Code, Section 3145(a) provides in pertinent part that -

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court –
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

        Pursuant to Section 3145(a)(1), this Court, as the court having original jurisdiction, has the authority to stay the order of the court in the District of Arizona pending this Court's review.  See United States v. Santillana, 1997 WL 394663, *1 (N.D.N.Y. 1997) (noting that district court judge in charging jurisdiction issued stay after magistrate judge in arresting jurisdiction issued release order); United States v. Velasco, 879 F. Supp. 377, 377 (S.D.N.Y. 1995) (same and quoting U.S. v. Dominquez, 783 F.2d 702, 705 (7th Cir. 1986), for proposition that "the most informed decisions [concerning the appropriateness of release or detention in a given defendant's case] will almost always be made in the charging district by . . . courts that will supervise the remaining proceedings").

Courts have recognized that, for this right of review to have any meaning, the defendant must be required to temporarily remain in custody while the government's request for review is pending. Accordingly, courts have found that it is appropriate, and customary, to grant a "stay" of release orders issued in cases in which the government has voiced an intent to seek further review. For example, in United States v. Brigham, 569 F.3d 220 (5th Cir. 2009), the defendant argued that district courts simply possess authority to *review* release orders issued by magistrate judges and have no authority to *stay* such orders pending review. Id. at 229-30. The Fifth Circuit firmly rejected this claim, holding that although Section 3145 "does not expressly authorize a stay . . . the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered." Id. at 230. The Court also noted that such stays do not create a risk of "prolonged interim detention" because district courts are required, by statute, to "promptly" complete their review of release orders. Id.

The standard of review of the bail conditions set in the District of Arizona is de novo. United States v. Clark, 865 F.2d 1433 (4th Cir. 1989) (en banc). At the new hearing, this Court need not defer to the magistrate judge's findings or give specific reasons for rejecting them. United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985). At the hearing the Court may take additional evidence or conduct a new evidentiary hearing. United States v. Maull, 773 F.2d 1479, 1481-82 (8th Cir. 1985) (en banc).

4

The government previously submitted a detention letter dated November 13, 2013 to this Court, which we attach hereto as Exhibit B and incorporate by reference as if fully set forth herein, that sets forth in detail the reasons why no condition or combination or conditions exist that can reasonably assure the defendant's appearance in this district. We assert that nothing that the defendant submitted to the court in Arizona has ameliorated the risk of flight.

Based on the above, we respectfully request that the Court immediately order a stay of the District of Arizona release order, pending this Court's review of the government's motion. Such a stay will preserve this Court's jurisdiction and protect the integrity of its judicial process, in accordance with 28 U.S.C. § 1651(a), and any harm to the defendant will be minimized by a prompt determination of the government's motion for review under 18 U.S.C. § 3145(a). Finally we also request that the Court revoke the bond set by the District of Arizona and order the defendant permanently detained.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:   /s/Carrie N. Capwell
        Carrie N. Capwell
        Demetri M. Jones
        Assistant U.S. Attorneys
        (631) 715-7836/7840

Enclosures
cc:    Clerk of the Court (JFB) (By ECF)