

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CNC
F. #2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

January 16, 2014

Randi Chavis, Esq.
Federal Defenders of New York, Inc.
700 Federal Plaza
Central Islip, NY 11722
(By Hand Delivery)

Edward Little, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Place
New York, NY  10004
(By Federal Express)

>  Re: <u>United States v. Phillip Kenner & Tommy C. Constantine
>      Criminal Docket No. 13-607(JFB)</u>

Dear Counsel:

Enclosed please find discovery provided by the government in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government will provide supplemental discovery in the near future.  The government requests reciprocal discovery.

I. <u>The Government's Required Disclosures</u>

Enclosed please find:

(1) One compact disk ("CD") containing transcripts of Philip Kenner's testimony before the Securities & Exchange Commission ("SEC") on April 28, 2011, April 29, 2011 and August 16, 2011.  The documents are bates-numbered TR-SEC 1-428.

(2) One digital versatile disk ("DVD") containing records provided by Northern Trust Bank.  The documents consist of approximately 12,874 pages.

(3) One CD containing records provided by Bank of America.  The documents are bates-numbered BNK-BOA 1-2350.

Please note that to open the files on the enclosed DVD (which contains the Northern Trust Bank documents), you will need to enter certain passwords. Below is a table with the various passwords.

| Bates Range/File | Password |
| --- | --- |
| 12518-12776 | kenner12 |
| NAAZ000613 to NAAZ0012122 | kenner |
| NAAZ0012123 to NAAZ 0012475 | kenner |
| NAAZ012476 to NAAZ012512 | kenner181 |
| NAAZ12513-NAAZ12517 | 3kenneR |
| NTC+12812-12874 | kenner2013 |
| NTC 12779 | 3kenneR |
| NTC012810-NTC012811 | 3kenneR |

The government will continue to provide discovery on a rolling basis.

II.    The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

      The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

      The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

      Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

    III.    <u>Future Discussions</u>

      If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

      Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                                      Very truly yours,

                                                      LORETTA E. LYNCH
                                                      United States Attorney

                               By:    /s/Carrie N. Capwell
                                       Carrie N. Capwell
                                       Assistant U.S. Attorney
                                       (631) 715-7836

Enclosures
cc:    Clerk of the Court (JFB) (by ECF) (without enclosures)