# LARUSSO & CONWAY
# ATTORNEYS AT LAW
# 300 OLD COUNTRY ROAD, SUITE 341
# MINEOLA, NEW YORK  11501

Telephone No. (516) 248-3520

Fax No. (516) 248-3522

April 25, 2014

Hon. Joseph F. Bianco
United States District Judge
United States District Court
940 Federal Plaza
Central Islip, N.Y. 11787

    Re: United States v. Tommy Constantine
        Criminal Docket No. CR-13-0607(JFB)

Dear Judge Bianco:

    This letter is respectfully submitted seeking reconsideration of your December 18, 2013 detention order. By way of background, Mr. Constantine was arrested in Arizona based upon a multi-count Indictment filed in this District. At the time of his arrest he appeared in U.S District Court in Arizona where a $500,000 bond was issued. Upon a letter motion filed on or about November 14, 2013 by the Assistant United States Attorney in the Eastern District, that ordered was stayed by this Court. Upon his removal to the Eastern District a bail hearing was held and this Court issued an order of permanent detention. The undersigned has recently been retained in this case and a status conference is scheduled for April 29, 2014 at 1pm. We respectfully request an opportunity to be heard on bail at that time.

    We respectfully submit that based upon the facts of the case, my client's background and the extensive bail package proposed, there does exist conditions that would allow for Mr. Constantine to be on bail pending trial.

    Mr. Constantine is a 47 year old male who, although does have a prior conviction, that conviction dates back over 20 years ago. Notably, in that case the defendant made every

court appearance over the 4 years of prosecution and the sentencing Judge actually ended up writing a letter on Mr. Constantine's behalf (letter is attached as Exhibit One).

The bail package we are prepared to submit includes properties from six different individuals which has a net equity value of slightly over two million dollars. Those properties consist of his mothers home, homes of his mother-in-law as well as his father-in-law, and property belonging to three very close and long time friends. Additionally, there are several friends who are willing to sign as suretor's. At the initial hearing the government relied on two significant points. The first is that his mother and father-in-law were not part of the bail package and made it more likely that he would flee. Both of them are posting their separate homes herein. The second point involved Mr. Constantine's use of private airplanes. One of the six people posting property is the actual owner of those planes. It strikes me as very unlikely that the owner would post bail thinking Mr. Constantine would flee by use of one of his airplanes. Lastly, another critical point is that on April 16, 2014 Mr. Constantine's wife Sarah gave birth to their first child. Not having her husband there to witness such a beautiful time in their life was difficult, but pales in comparison to now having to raise their child alone. Additionally, as previously presented Mr. Constantine has a ten year old step-son (Sarah's son) who resides with them and whom Tommy treats as his own.

The Indictment in this case spans some eight to ten years and the amount of discovery is voluminous. In a normal circumstance a case such as this could take a year or more to come to trial. As such, intervening circumstances with the attorneys make it likely that a trial could still be a year away [1]. We respectfully submit that Mr. Constantine does not pose a flight risk and believe that the value of the properties proposed, coupled with strict Pre-trial monitoring including house arrest with an electronic bracelet, satisfies any potential risk of flight he may posses.

Presented with a motion for detention, the Court must undertake a two-step inquiry, first the Court must determine whether the government has established by a preponderance of the evidence that the defendant presents a risk of flight or

---

[1] The undersigned was recently retained and has started to undergo the review of the voluminous documents. I have recently learned that counsel for co-defendant Kenner was recently relieved for health reasons and that new counsel was appointed within the last week or two. Additionally, it is my understanding that two government attorneys on the case are leaving the office and as such new attorneys will be needed who will succeed them. As such, I respectfully submit that it is likely that pre-trial detention could be well in excess of one year herein.

obstruction of justice. United States v. Khashoggi, 717 F. Supp. at 1049 (S.D.N.Y. 1989) (quoting United States v. Friedman, 837 F.2d 48, 50 (2d Cir. 1988). If the government carries the initial burden, the Court must determine whether there are reasonable conditions of release that can be set or whether detention is appropriate. See United States v. Friedman, at 1049; United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. 1986), cert. dismissed, 479 U.S. 978; 18 U.S.C. section 3142(e). Second, to support detention based on danger, the government's proof must be clear and convincing, 18 U.S.C. Section 3142(a) (2).

    Based upon the facts set forth herein, and in prior submissions, we respectfully submit that based on the totality of all relevant factors; there are conditions available to the Court to allow Mr. Constantine to be released on bail pending trial. As such, we respectfully request the Court to allow us the opportunity to address the Court on this matter at the upcoming April 29, 2014 conference.

                              Respectfully Submitted,

                              _____
                              Joseph R. Conway, Esq.

cc: AUSA Carrie Capwell