

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CNC
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

May 3, 2014

<u>By ECF</u>

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

      Re:  <u>United States v. Tommy Constantine</u>
           <u>Criminal Docket No. 13-607(JFB)</u>

Dear Judge Bianco:

      The government respectfully submits this letter in response to defendant Tommy Constantine's April 25, 2014 motion for reconsideration of Your Honor's December 18, 2013 decision denying Constantine's request for bail and entering a permanent order of detention. The government opposed Constantine's motion at the April 29, 2014 status conference and summarized the main arguments the government had previously made to the Court in detention memoranda and during earlier court appearances. Your Honor reserved decision in order to review the transcript of the December 18, 2013 bail hearing.

      The government reminds the Court that the current bail package is almost identical to the bail package that the defendant offered in December 2013, which the Court found was insufficient to reasonably assure the Court that Constantine would return for future appearances. The package offered at the December 18, 2013 bail hearing was a $2 million package, secured by the home of Constantine's mother in Scottsdale, Arizona (reportedly worth $500,000), the home of Sue Ellen Ferguson in Del Rey Beach, Florida (reportedly worth $500,000), and real estate owned by Dr. Kip Lassiter of Phoenix, Arizona worth $1 million. <u>See</u> Transcript ("Tr.") of 12/18/13 Hr'g at 19-20, attached as Exhibit 1. The bail package currently being proposed is a $2 million package, secured by six properties. Given that the loss to the victims in this case is at least $15

million and that Constantine was responsible for at least half of that amount, a $2 million bond is grossly inadequate.

Moreover, on December 18, 2013, the Court not only found that the $2 million bail package was insufficient, but the Court further found that: "no conditions can reasonably assure his presence in court or combination of conditions, given the combination of factors and circumstances that have been presented to this Court in this particular case." Tr. of 12/18/13 Hr'g at 40. No facts have been presented by the defendant that would warrant a different conclusion by the Court now. Thus, the Court should deny Constantine's request for bail.

At the April 29, 2014 court appearance, Your Honor asked the government if it was aware of substantial assets being held by the defendant. The government advised the Court that it was not currently aware of bank accounts controlled by the defendant that contain substantial funds. This is not surprising given that, until recently, the defendant had a bankruptcy petition pending in the District of Arizona. Earlier this year, the bankruptcy judge granted a creditor's motion to dismiss the bankruptcy petition based upon factual misrepresentations by the debtor (Constantine). While the bankruptcy court considered dismissing the case with prejudice, the court dismissed the petition without prejudice, stating that the court was not comfortable dismissing any case – even one that was as "checkered" as Constantine's -- with prejudice, where the court had not heard evidence. The bankruptcy court further found that dismissal was in the best interest of the creditors. (The audio recording of the above-described bankruptcy court proceeding is in the government's possession and can be made available to the Court.).

Moreover, the government believes that Constantine has the means and connections to obtain substantial funds should he desire to flee. For instance, Constantine appears to have a loyal supporter in Sue Ellen Ferguson, a frail and wealthy woman who considers Constantine a son. See Tr. of 12/18/13 Hr'g at 19-20 (Edward Little, Esq., Constantine's attorney at the time, explaining that Mrs. Ferguson was the mother of Constantine's best friend, who died of leukemia, and considers herself a "surrogate mother" to Constantine). Not only is Mrs. Ferguson a $6 million investor in Eufora,[1] see id. at 33, and willing to

---

[1] Indeed, Ferguson might be a victim in the instant case.

2

post a home in Florida as security for Constantine, but, according to Constantine's bankruptcy attorney (at the hearing on the creditor's motion to dismiss), Constantine's bankruptcy plan proposed that Mrs. Ferguson would lend him the money to pay off his creditors. Constantine's bankruptcy petition raised many questions for the government regarding Constantine's ownership interest in various companies and several high-end motorcycles and cars.

In addition, the instant investigation has revealed that, *after* Constantine's arrest in this case and while he was in jail, Mrs. Ferguson provided him, via an attorney trust account, with approximately $200,000. Constantine used this money to repay Dennis Wilenchik, Esq., who represented Constantine at his arraignment and bail hearing in Arizona. However, this $200,000 was not for attorney's fees – it was money that Constantine had stolen from Wilenchik in September 2012.

The investigation has uncovered that, in September 2012, Constantine brokered the sale of an airplane between Wilenchik and the owner of the airplane. Wilenchik wired approximately $540,000 to Constantine for the purpose of acquiring a 90% interest in the airplane. However, Constantine only forwarded $332,000 to the seller, who therefore believed that Wilenchik still owed him the balance. In fact, Constantine kept the $208,000 and used it for other businesses purposes, unrelated to the sale of the airplane, and for personal expenses. Based on the above facts, it is highly likely that, if released on bail, Constantine could obtain additional substantial funds from Mrs. Ferguson, which he could then use to flee.

In addition, the engagement ring that Constantine gave to his fiancée is reportedly worth approximately $100,000. Thus, should Constantine need money to fund his flight from justice, he could easily sell the engagement ring.

For all of the reasons stated above, as well as all the other facts and circumstances the government has previously

argued to the Court in support of the detention of Constantine, the Court should deny Constantine's renewed request for bail.

>Respectfully submitted,
>
>LORETTA E. LYNCH
>UNITED STATES ATTORNEY
>
>By: /s/Carrie N. Capwell
>Carrie N. Capwell
>Assistant U.S. Attorney
>(631) 715-7836

Attachment

cc: Clerk of the Court (JFB) (By ECF)
    Joseph Conway, Esq. (By ECF & Email)

4