```
                                                                    1
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2
     -------------------------------X
3
     UNITED STATES OF AMERICA,            CR 13-00607
4

5         -against-
                                          U.S. Courthouse
6                                         Central Islip, NY
     TOMMY CONSTANTINE,
7                                         May 5, 2014
          Defendant.                      12:00 p.m.
8
     -------------------------------X
9

10                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JOSEPH F. BIANCO
11               UNITED STATES DISTRICT JUDGE

12
     APPEARANCES:
13
     For the Government:        LORETTA E. LYNCH
14                              United States Attorney
                                100 Federal Plaza
15                              Central Islip, NY 11722
                                By:  CARRIE CAPWELL, ESQ.
16                                   Assistant U.S. Attorney

17   For the Defendant:         JOSEPH CONWAY, ESQ.

18

19   Court Reporter:            Owen M. Wicker, R.P.R.
                                100 Federal Plaza
20                              Central Islip, NY 11722
                                    (631) 712-6102
21

22

23   Proceedings recorded by mechanical stenography; transcript
     produced by computer transcription.
24

25
```

*OWEN WICKER, RPR*
*OFFICIAL COURT REPORTER*

2

1          (Case called.)

2          MS. CAPWELL: Good afternoon, your Honor.
3  Carrie Capwell for the government.

4          THE COURT: Good afternoon.

5          MR. CONWAY: Joseph Conway on behalf of
6  Mr. Constantine.

7          THE COURT: And the defendant is present. Since
8  the hearing last week I did receive a letter from the
9  Government which attached the transcript which I already
10 had a chance to read of the prior bail hearing. So I'll
11 give both sides a chance to briefly edit what they had
12 prepared from last week.

13         Mr. Conway, you may respond to the government's
14 submission.

15         MR. CONWAY: I read the Government's submission,
16 I read the transcript as well. I think the only thing the
17 Government adds he didn't put in their argument last week,
18 apparently they are raising the issue that
19 Mr. Constantine's wife may have an engagement ring valued
20 at $100,000 when they were engaged two or three years ago.
21 Other than that there is nothing new to their argument.
22 Whether is makes a difference with respect to the ring, to
23 the extent necessary, we can put it in escrow, the
24 Government can hold it, whatever it may be if that is an
25 issue for the Court.

3

1  Other than that our argument we laid out last
2  Wednesday I believe is there is not a pool of money out
3  there.  Mr. Constantine has a new baby, will not run
4  anywhere, and past indications are he has always come to
5  court.  We're just looking for an opportunity here to have
6  him released on whatever conditions the Court deems
7  necessary that would help with his family and in preparing
8  this case as we go forward.
9       Thank you, your Honor.
10      THE COURT:  Ms. Capwell.
11      MS. CAPWELL:  Your Honor, I'll just ask from my
12 May 3rd letter that contrary to what Mr. Conway said, I
13 think the letter helps point out that even though
14 Mr. Constantine may not have identifiable bank accounts
15 with substantial funds, he does have the means and
16 connections to obtain substantial funds, and we pointed
17 out the example of Ms. Sue Ellen Ferguson who has come to
18 these sessions a number of times and most likely will be
19 able to do that if he's released on bond.  So the
20 Government remains extremely concerned --
21      THE COURT:  How much money does she have?
22      She is putting up a home.  You indicate she
23 might be a victim of a fraud herself.  How much money does
24 Ms. Ferguson have?
25      MS. CAPWELL:  My understanding she is quite

4

1  wealthy, over five million dollar dollars in investment,
2  etcetera, not including the six million dollars she
3  invested in Euphoria. In addition to that, she has at
4  least 5 million dollars or more in other investments.
5          MR. CONWAY: Judge, my only answer to Sue Ellen
6  Ferguson, she is obviously is a surety here. That is the
7  only house she owns. Whether she could sacrifice a
8  $530,000 home with no mortgage so she can get the
9  gentleman out and not flee, that is highly unlikely in my
10 book but obviously that's the Court's decision.
11         THE COURT: I've given this considerable
12 thought. I wanted to go back and look the the prior
13 ruling as well as the additional information and I'm going
14 to release Mr. Constantine on very strict conditions for
15 the following reasons: The Court believes there are
16 certain circumstances from the initial bail proceedings,
17 including an increased bail package.
18         Although the first was substantial, this
19 increased it higher. His wife gave birth to a child under
20 the changed circumstances in terms of his incentive to
21 plea -- whether or not he flees in light of that family
22 development. As I questioned the Government, last week, I
23 don't believe the letter provides any strong evidence of
24 any, you know, even though we're now months into this
25 prosecution, there is no substantial evidence of hidden

5

1  assets, substantial hidden assets in the United States or
2  overseas that could be used by Mr. Constantine to find
3  flight from the United States.
4      So I believe all of those things are changed
5  circumstances that warrant reconsideration of the bail
6  issue. And I did rule previously that not only did the
7  bail package that were proposed but there were no
8  combination of conditions that I believed would probably
9  assure his appearance in court, even though I said that
10 originally, I did believe that the changed circumstances
11 combined with the other factors that did favor bail
12 initially which I did not believe were sufficient to
13 countervail the factors to explain the Government's burden
14 of proof on detention, I believe that the prior factors;
15 the fact that he's a lifelong U.S. citizen; he has a
16 family here including a few month old child; that he
17 appeared for over a four-year prosecution, even though he
18 apparently from the judge's letter received a sentence of
19 six years in jail, so he knew he was facing substantial
20 jail time in that case. It appeared that he was aware of
21 the investigation prior to the arrest and did not flee.
22     Also I noted there is no evidence of substantial
23 hidden assets from the alleged fraud or from any other
24 source.
25     So those factors, combined with the additional

6

1  new factors I believe were the very strict conditions of
2  release that I'll outline in a moment, can reasonably
3  assure his appearance.  If he were to flee, the likelihood
4  where he would go, I don't believe the connections to
5  Greece that go back many years are sufficient enough to
6  make me believe that he will flee to Greece or to Mexico
7  where he has traveled where he has no family or ties, that
8  the Government has been able to show the Court.  So
9  essentially if he were to flee, given the bail package I'm
10 about to set, he would be leaving his family, his wife's
11 family and his friends, closest friend in a financially
12 devastated state, and it is unclear where he would go to
13 hide from the Government.
14         So for those reasons I believe there are
15 conditions that can be set to reassure his appearance and
16 I'm setting the following conditions:  I will set the bond
17 at 4 million dollars with the security, the equity in the
18 properties that Mr. Conway proposed which conservatively
19 has 2 million dollars in equity.  So it would be a
20 4 million dollars bond with 2 million dollars in equity
21 with six cosigners.
22         I'm setting the bond at 4 million dollars to
23 address the Government's concern that Ms. Ferguson or some
24 other cosigners might have other assets that homes alone
25 might not be sufficient to dissuade Mr. Constantine from

7

1  fleeing. I believe a 4 million dollar bond which would
2  allow the Government, in addition to the equity in the
3  properties to seek, the 2 million dollars from his family,
4  in-laws and friends, including Ms. Ferguson, I believe is
5  a sufficient disincentive for him to flee.
6        I am going to subject him to house arrest with
7  electronic monitoring and GPS monitoring so that he can be
8  monitored to ensure that he does not leave his home for
9  any reason other than for medical appointments or to meet
10 with his lawyer or to appear in court as required. All
11 these conditions have to be in place before he is
12 released.
13       Obviously if he has a passport he must surrender
14 it in advance of the release and is not permitted to apply
15 for any new passport.
16       Are there any other conditions the Government
17 wants to propose to the Court other than what I set?
18       MS. CAPWELL: Your Honor, what we would like
19 also, we had planned out previously to the Court in the
20 original bail argument that one of the properties that is
21 in the mother's name on the trust, but where the mother
22 and brother lives currently has at least two liens which
23 totals about $330,000, so we would ask for the other
24 properties for Mr. Conway to provide us with an appraisal.
25 He put estimates on the record but we would like to see

8

1   the appraisals, the deed, the mortgage.
2           THE COURT:  Mr. Conway, provide all that
3   information to the Government so your estimate regarding
4   equity is accurate and I'll have a satisfaction of
5   judgment in place if he's released as well.
6           MR. CONWAY:  We'll do that as well, your Honor.
7           MS. CAPWELL:  My understanding is for Mexico, or
8   travel between the United States and Mexico, with a
9   vehicle that often has an enhanced driver's license is
10  enough to go in and out.  I don't know if there would be a
11  way to also have Mr. Constantine, if he has an enhanced
12  driver's license, to surrender that, and to the extent he
13  needs one, that he just get a regular nonenhanced driver's
14  license.
15          MR. CONWAY:  I'm not sure what that is, your
16  Honor.
17          THE COURT:  Sounds like if he travels to Mexico,
18  there is some additional license.  If he has one of those,
19  he should surrender it and not permitted to apply for
20  that.  And if he's under home arrest he should not go
21  anywhere.
22          MS. CAPWELL:  And in terms of reporting to
23  pretrial services, would your Honor put some kind of
24  mechanism in where he will be under supervision?
25          THE COURT:  Under pretrial services in Arizona.

9

1  Obviously given the home address, I don't know whether
2  they need him to report in light of his home arrest,
3  they'll know where he is, but if they want him to report,
4  I don't know how that works, whether they want him to
5  report monthly.
6          MS. CAPWELL: I don't know. Perhaps some
7  telephonic reporting. I will have to check with pretrial
8  services here.
9          THE COURT: Electronic reporting may be useful.
10         Mr. Kenner is in custody too. I believe the
11 situation for Mr. Constantine for all the conglomeration
12 factors that I've outlined is different than his
13 situation, and I wanted that to be clear for the record.
14         Okay.
15         Anything else?
16         MS. CAPWELL: Your Honor, if we have other
17 requests in terms of reporting requirements or anything
18 else, we'll put those in writing to your Honor. I'm sure
19 Mr. Conway will take a couple days to get that to paper.
20         THE COURT: If you can fill out the bond
21 consistent with my ruling, Mr. Conway, if there are other
22 conditions the Government wants me to discuss with
23 Mr. Conway, if there is some issue, bring it to my
24 attention.
25         What I'm hoping you will do is fill out the bond

10

1  and once all the conditions have been met you can submit
2  it to me and I'll sign it.
3      Okay.
4      Anything else the Government?
5  MS. CAPWELL:  No, not at this time, your Honor.
6  THE COURT:  Anything else from the defense?
7  MR. CONWAY:  No, your Honor.
8      Thank you.
9  THE COURT:  All right.
10     (Proceedings concluded.)

OWEN WICKER, RPR
OFFICIAL COURT REPORTER