

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMM/SK  
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

September 4, 2014

By ECF with Courtesy Copy by Interoffice Mail

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

        Re:    United States v. Philip Kenner
                  Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

        The government respectfully submits this letter pursuant to the Court's order during the September 2, 2014 status conference to report back to the Court on the issue of the above-named defendant's access and ability to review documents in electronic format, specifically those contained in two portable hard drives that contain an imaged copy of the defendant's Apple MacBook laptop (hereafter the "MacBook imaged files") provided by letter dated March 24, 2014 (ECF Dkt. No. 48).

        Immediately after the status conference, the government called the Queens Private Detention Facility Warden William Zerillo to ascertain what technical problems, if any, existed with respect to the defendant's ability to access and review the MacBook imaged files.

        Warden Zerillo was personally familiar with the defendant and the nature of the discovery in the defendant's case.  He advised that several months ago, counsel for the defendant requested that the defendant be given expanded hours at the detention facility's library to enable the defendant to review, among other materials, the MacBook imaged files via computers located therein.  Warden Zerillo indicated this request was granted and that the defendant continues to be afforded expanded library hours for discovery review.

   Additionally, Warden Zerillo advised that the defendant was permitted to receive in the facility additional portable media, specifically thumb drives, onto which electronic files can be duplicated by the defendant rather than printed out on paper, so that selected documents could be highlighted for counsel for additional review and discussion.

   Regarding the defendant's claim that the detention facility's computers do not enable him to fully review files on the MacBook imaged documents, Warden Zerillo stated that he has not received any such complaint either from the defendant or counsel with whom he is also familiar. Specifically, Warden Zerillo advised that he has had frequent contact with the defendant and counsel, but that neither has complained to him about the "quantity [of review time] or the quality of the computers" at the detention facility. Warden Zerillo added that based on prior conversation with either the defendant or counsel, he was prepared to arrange for the acceptance into the facility of a second computer, specifically a newly-purchased MacBook that counsel has previously mentioned to the Court as a potential means of accessing the imaged files.

   Based on the foregoing, the government submits that the defendant has not established that any technical difficulties prevent him from reviewing discovery through use of computer equipment available to him at the detention facility.

           Respectfully submitted,

           LORETTA E. LYNCH
           United States Attorney

      By: /s/
        James M. Miskiewicz
        Saritha Komatireddy
        Assistant U.S. Attorneys
        (631) 715-7841/7825

cc: Richard D. Haley, Esq. (by ECF)
   William Zerillo, Warden
   Queens Private Detention Facility