***HALEY WEINBLATT & CALCAGNI, LLP***
1601 Veterans Memorial Highway, Suite 425
Islandia, New York 11749
631-582-5151

September 5, 2014

Hon. Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: <u>United States v. Phillip Kenner</u>
Docket Number: 13-607 (JFB)

Dear Judge Bianco:

On June 6, 2014, a lengthy adjournment was requested by the government and the defense in the above captioned matter in order to allow for the completion of Rule 16 discovery and the corresponding need for the defendant to review and analyze the discovery being provided in electronic format on CD discs. At the time of the court appearance, I mentioned that my client was able to access only a small portion of the information stored on the two terabyte size hard drives previously provided by the government and the Court suggested that the government and the defense work "cooperatively" on the problem. To the best of my recollection, I expressed on the record my appreciation of the cooperation exhibited by Warden Zerillo in facilitating the receipt and review of the Rule 16 discovery being provided by the government on the CD discs on a continual basis.

Since the June 6th court appearance, Warden Zerillo and I have continued to communicate on a regular basis to resolve issues related to the exchange of information between my client and myself as evidenced by the attached letters. His professionalism and responsiveness to my inquiries has obviated the need to burden the Court with such matters and allowed me to confer with my client over the summer months to prepare for trial based upon the CD discs provided by the government from June 6, 2014 through my last meeting with my client on August 20, 2014. Yesterday, I forwarded to my client twenty-two CD discs received from the government under cover of letters, dated August 28, 2014 and August 29, 2014 respectively. Thus, given the sheer volume of Rule 16 material recently provided by the government additional meetings with my client at the Queens Private Correctional Facility ("QPCF") will be necessary to digest and analyze the information contained on the CD discs which he is able to access through the use of the QPCF computer.

As the Court may recall, the problem associated with accessing the information contained

on the two terabyte hard drives is ostensibly due to the fact that the hard drives contain a "mirror image" of my client's Apple MacBook laptop seized pursuant to a search warrant and the PC computer at the Queens Private Correctional Facility uses an incompatible Microsoft operating system. Inasmuch as the Federal Bureau of Investigation has the financial and technical resources to make an identical copy, or forensic mirror image, of the hard drive on my client's MacBook computer, I contacted Mr. Miskiewicz on June 24, 2014 to suggest that my client's laptop be returned which would immediately resolve the problem without the use of the two terabyte hard drives. I also proposed a broad based stipulation to resolve any evidentiary issues, notwithstanding the fact such a stipulation is in my view unnecessary because the government will easily be able to establish the authenticity of the information contained on the "mirror imaged" hard drives. At the time, Mr. Miskiewicz responded that he would consider my proposal.

As time passed with no further communication from either Mr. Miskiewicz or Ms. Komatireddy, I explored alternatives to resolve the problem by contacting the Federal Public Defender's Office, colleagues for advice and ultimately the National Litigation Support Office for CJA counsel. By letter, dated July 16, 2014 (attached), I requested that the government respond to my proposal in some form or at least provide the model number of my client's MacBook computer, after summarizing the problems I had encountered without the government's assistance. On August 27, 2014, Mr. Miskiewicz and Ms. Komatireddy telephoned me to advise that they had rejected my proposal for the return of my client's MacBook computer and to discuss discovery issues in view of the upcoming court appearance on September 2, 2014. By letter dated August 28, 2014, the government advised me that the Model Number for the MacBook computer is A1278. Left unaddressed was my request for the name of a local IT consultant utilized by CJA counsel in other cases prosecuted by the government as requested in my July 16th letter.

During the course of our telephone conversation on August 27, 2014, I advised Mr. Miskiewicz and Ms. Komatireddy that my interpretation of the decision of the Second Circuit in United States v. Ganias, 755 F.3d 125, decided June 17, 2014, led me to conclude that my client was entitled as a matter of constitutional law to the return of his MacBook computer which contains records arguably relevant to the prosecution and defense of the instant indictment, in addition to personal records, once a "mirror image" of the hard drive was obtained by the government. By letter addressed to the Court, dated August 29, 2014, the government set forth its position in opposition to my proposal for the return of the MacBook computer. In accordance with the Court's directive, I will address the issue as part of my pre-trial motion.

Because of the government's rejection of my proposal for the return of the MacBook computer the outstanding issue concerning access to the information contained on the two terabyte hard drives remained unresolved. Accordingly, Your Honor requested that Mr. Miskiewicz contact Warden Zerillo regarding my client's access to the information contained on the two terabyte hard drives. I was encouraged that with the assistance of the United States Attorney's Office and its access to IT and/or computer specialists Warden Zerillo would permit such a technician to explore the possibility of resolving the problem with the use of the facilities' current PC computer, perhaps through the installation of a computer file transfer program. Indeed, the technician would also be able to confirm or deny my client's claim of lack of access or instruct him on the protocol necessary to access such information from the two hard drives, if possible. My hope in this regard was

premised in part on Ms. Komatireddy's August 25th letter to the Court where she wrote "Accordingly, the government has provided Kenner with the MacBook's model number and made available technical personnel at the Federal Bureau of Investigation to facilitate Kenner' access to the information contained on the imaged copy."

Having read the September 4, 2014 letter to the Court from Mr. Miskiewicz, it is clear that the problem regarding access by my client of the information contained on the two terabyte hard drives will not be resolved with the cooperation of the government.  As an officer of the court, I have always maintained that discovery disputes should be resolved by the attorneys for the litigants without the need for judicial intervention, especially in the context of a federal criminal case.  In its August 29th letter, the government advises the Court that the MacBook computer is located in Arizona and points out that any motion for return of property must be made in that federal judicial district pursuant to F.R.Crim.P. 41(g).  Thus, the instant discovery dispute if left unresolved may involve two federal district courts.

After truthfully describing the cooperative efforts between Warden Zerillo and myself concerning the discovery contained on the CD discs, Mr. Miskiewicz correctly points out that neither I nor my client have complained to "Warden Zerillo"--who played no role in the creation of the two terabyte hard drives and bears no responsibility for assuring the defendant's access to such information–about the problem.  He also correctly points out that I inquired about the possibility of allowing a MacBook computer to be accepted into the facility for use by my client.  Mr. Miskiewicz concludes his letter to the Court by writing "Based on the foregoing, the government submits that the defendant has not established **any technical difficulties** prevent him from reviewing discovery through the use of computer equipment available to him at the detention facility" (*emphasis added*).

Respectfully, I defer to Your Honor as to whether the content of Mr. Miskiewicz' letter to the Court supports his conclusion.  From my perspective, the government's "cooperative efforts" simply translate into the position "It's your problem" without any meaningful participation in resolving the discovery dispute.  I conclude this letter with some sense of embarrassment that the Court is burdened with a discovery dispute between seasoned litigators  which appears to be unremitting.

Very truly yours,

*Richard D. Haley*

RICHARD D. HALEY

cc: William Zerillo, Warden
    Queens Private Correction Facility