

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMM/SK  
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

September 12, 2014

By ECF

Richard D. Haley, Esq.
Haley Weinblatt & Calcagni, LLP
16021 Veteran's Memorial Highway,
Suite 425
Islandia, New York 11749

      Re:    United States v. Philip Kenner
                  Criminal Docket No. 13-607(JFB)

Dear Mr. Haley:

      This represents the government's written response summarizing its submission of discovery in this case thus far, and specifically, in response to the 22 enumerated items you demanded pursuant to your letter of August 14, 2014 (Dkt. No. 78).

Rule 16 and Other Pretrial Discovery

      1.    All oral, written or recorded statements made by the defendant pursuant to Fed.R.Cr.P. 16(a)(1)(A) and (B), and which are in the government's possession or custody and control have been disclosed, with the exception of any such materials that may be contained within the defendants Apple laptops, which remain under privileged communications review. The government will not disclose under Rule 16(a)(1) any statements made by your client's "agents or coconspirators" (Dkt. No 78 at p 3), since such statements are beyond the scope of the Rule, and since, the government assumes, you do not mean to concede or identify at this time who your client's coconspirators and agents were. Furthermore, codefendant statements are not discoverable under Rule 16(a)(1). See generally, United States v. Percevault, 490 F.2d (2d Cir. 1974).

      2.    A copy of your client's prior criminal history, if any, will be sent to you under separate cover and not filed via ECF.

      3.    The government has provided voluminous copies, in digital form, of "books, papers, documents" and the like, within the meaning of Rule 16(a)(1)(E). It should be noted that the government has included in its discovery material that is arguably beyond the scope of Rule 16 in that they may deal with transactions not the current subject of the indictment. Insofar as you wish to inspect the originals of any documentations received, the government is

prepared to make such materials available for you and the defendant's inspection at the United States Attorney's Office in Central Islip. In light of the volume of materials, we request that you provide the government with a priority list of materials you specifically wish to view first since inspection of the entire volume of material will likely take many days.

   4. At present the government is not in possession of any physical or scientific testing discoverable under Fed.R.Cr.P. 16(a)(1)(F). Should materials be subjected to such examination, the government will, as part of its continuing disacovery obligations, provide you with such testing results as well as any and all expert testimony that may be proffered in that regard pursuant to Rule 16(a)(1)(G).

   5. <u>See</u> paragraph 4.

<u>Specific Requests Pursuant to Rule 16(a)(1)(E)</u>

   6. <u>See</u> paragraph 4.

   7. The government is not in possession of any materials related to any mail covers in this case.

   8. The government is not in possession of any "pen register" or government wiretap evidence in this case.

   9. Insofar as the government is in possession of any photographs taken by third parties who may become witnesses in this case, those materials would have been disclosed, the Apple laptop material excluded. The government is not presently in possession of, or aware of, any photography generated by virtue of government surveillance.

   10. <u>See</u> paragraph 9.

   11. The government is unable to respond to the request for consent to search forms since it is the government's position that no materials obtained in this investigation, other than those items seized pursuant to search warrant at the time of the defendants' arrests, required consent from any party. If you wish to specify what materials you believe fall within this demand for discovery, the government will gladly try to respond.

   12. <u>See</u> paragraph 9.

   13. We are reviewing prior discovery to determine whether or not the search warrant applications, etc., have previously been disclosed. If not, the government will provide this material immediately or seek permission from the issuing court to unseal the materials and provide discovery.

<u>Request for Notice of Government's Intention to Use Certain Evidence</u>

14. The government intends to use any and all relevant evidence seized during the execution of search warrants in this matter and incident to the defendant's arrest. In so stating, the government does not waive its demand for the defendant to come forward with some evidence of standing to challenge the search and seizure of such evidence. Similarly, the government does not intend to offer into evidence any materials which are currently the subject of privilege review for which the defendant may have a lawful claim of confidentiality that is neither excepted by operation of law or which privilege has not been waived by the defendant.

15. Rule of Evidence 404(b) Notice

The government will provide notice of its intent to use un-charged conduct consistent with the scheduling order of the district court.

16. The Residual Hearsay Exception Demand

The demand for pretrial notice for the government's potential offer of evidence under the residual hearsay rule, Fed.R.Evid. 807, or any Rule of Evidence for that matter, is beyond the scope of discovery. Accordingly, the government declines to address this demand.

17. Witetapping and Consensual Recorcdings

The government is not in possession custody or control of any Court-authorized eavesdropping orders, or interceptions, in this case. To the extent applicable, the defendants have been provided digital recordings of telephone calls that were consensually recorded by victims in this matter.

18. See Paragraphs 1, 8, 17.

19. See Paragraphs 1, 8, 17.

20. See Paragraphs 1, 8, 17.

21. Certain materials were disclosed to the defense as potentially favorable. The government does not concede the materials were in fact exculpatory or material to the defense, but were disclosed nonetheless as part of this Office's policy to provide as expansive discovery as possible. Beyond that earlier submission, the government is not currently aware of, nor does it possess, any exculpatory material or information discoverable pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. The government is aware of its continuing duty to disclose such exculpatory information. If and when such information becomes known to the government, it will be promptly disclosed. Insofar as such material may come into the government's possession, material discoverable pursuant to United States v. Giglio, 405 U.S. 150 (1972), and its progeny, will be provided to you at an appropriate time as required by law. The government rejects that Rule 16, Brady, Giglio or any other provision of law requires that government to provide counsel with "a list of names, aliases, and addresses of each and every unindicted coconspirator known to the prosecutors in this case." Dkt. No. 78 at p. 8.

<u>Jencks Act, 3500 Material</u>

The government has already provided materials that are the statements of potential witnesses, which were interspersed with other Rule 16 material such that excising one from the other would have delayed unnecessarily discovery production. As to the remaining materials governed under 18 U.S.C. §3500, such material will be provided to the defense in advance of the requirements of the Jencks Act and mindful of the need to avoid "burdensome trial recesses" and claims of "surprise" by the defense. <u>Percevault</u> at 132.

        Very truly yours,

        LORETTA E. LYNCH
        United States Attorney

        /S/
By:   _____

        James Miskiewicz
        Saritha Komatireddy
        Assistant U.S. Attorneys

cc:    Hon. Joseph F. Bianco (via ECF)