***HALEY WEINBLATT & CALCAGNI, LLP***
1601 Veterans Memorial Highway, Suite 425
Islandia, New York 11749
631-582-5151

October 3, 2014

United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722

        RE: <u>United States v. Philip Kenner & Tommy C. Constantine</u>
           Docket Number: 13-CR-607 (JFB)

Dear Mr. Miskiewicz and Ms. Komatireddy:

    I note in your letter of October 2, 2014, responsive to my letters of September 3, 2014, September 18, 2014 and October 2, 2014, that you fail to address my request to inspect my client's MacBook computer and the electronic files/documents as contained on the original hard drive. Simply put, I view my client's MacBook computer as a "tangible object" within the meaning of Rule 16(a)(1)(E) containing "data" and "documents" also within the meaning of the Rule and it is clearly an "item that was obtained from or belongs to the defendant" as set forth in the Rule.

    I assume from your letter that the Federal Bureau of Investigation was unable to acquire or inspect any of the "original" forged documents during the course of its extensive investigation but relies on the oral or written statements of John Doe # 17 and John Doe #14 who have stated in substance "That is not my signature". To my knowledge, both John Doe # 17 and John Doe # 14 were interviewed by the FBI early in the investigation and continue to be available for interview as government witnesses. Given your statement "(T)he government will identify additional documents containing forged signatures as they become known and available" I request that both John Doe # 17 and John Doe # 14 be shown all other documents in the government's possession bearing their signatures in order to expedite the Rule 16 disclosure process and move the matter to trial. Presumably, John Doe # 17, who is represented by counsel, and John Doe # 14, a former law enforcement, are aware of the provisions of 18 U.S.C. § 1001 in responding to questions in connection with the government's investigation.

    Finally, I do wish to inspect with my client the "duplicates" (bates-numbered DOC 1-14) in the government's possession either before or after the court appearance at which the MacBook computer and its data/documents may also be inspected by my client and myself at your office in Central Islip as previously proposed in my letter of October 2, 2014.

                                                                Very truly yours,

                                                               ***Richard D. Haley***
                                                               RICHARD D. HALEY