## Funding Consulting Agreement

**THIS CONSULTING AGREEMENT** ("Agreement") is entered into and effective as of this 1st day of June 2005, between Little Isle IV, LLC, or assignee, hereinafter the ("Client"), and Constantine Management Group hereinafter ("CMG"), who is located at 14648 Scottsdale Road, Suite 170, Scottsdale, AZ 85254.

1. **Term and Correspondence.** Upon execution of this Agreement, Client understands that it and CMG are under a non-exclusive contract for a period commencing with the execution date of this Agreement and terminating on March 31, 2006 (the "Contract Period"), during which time Client is engaging CMG or its agents or representatives, brokers engaged by CMG, its assigns (if permitted as provided herein), or any other third party CMG engages for purposes of providing services under this Agreement to provide advice and consulting, identification, introduction and presentation to potential lenders and/or investors for its property on the Big Island of Hawaii (the "Property"). Client may engage other persons in addition to CMG or its agents or representatives, brokers engaged by CMG, its assigns (if permitted as provided herein), or any other third party CMG engages for purposes of providing services under this Agreement. Notwithstanding any provision in this Agreement to the contrary, in the event such other persons engaged by Client to provide similar services and /or Financing for the Property are successful in providing such Financing, then in such event the Consulting Fee shall nevertheless be due to CMG as provided herein. Client agrees, that during the Contract Period, any and all correspondence, solicitation or informal contacts with parties introduced to Client by any other persons pertaining to obtaining any such Financing must be provided to CMG or its agents or representatives, brokers engaged by CMG, its assigns (if permitted as provided herein), or any other third party CMG engages for purposes of providing services under this Agreement. The term of this Agreement shall expire at the end of the Contract Period. Notwithstanding any provision in this Agreement to the contrary, if Financing for the Property is obtained by Client after the Contract Period from a person or entity introduced by CMG, or its agents or representatives, brokers engaged by CMG, its assigns (if permitted as provided herein), or any other third party CMG engages for purposes of providing services under this Agreement, then in such event the Consulting Fee shall nevertheless be due to CMG as provided herein. CMG shall have the right, in its sole discretion, to engage any other persons (including entities) and brokers, to assist it in the performance of services under this Agreement, at CMG's sole expense. Time is of the essence of this Agreement.

2. **Definitions.** For the purposes of this Agreement and the Consulting Fee, the term "Financing" refers to funding in the form of debt financing for the Property, or any portion thereof, from persons or entities directly



DOC-00000011

CMG's right to receive any Consulting Fee hereunder shall survive the term and termination of this Agreement or any extension thereof.

5. **Successors and Assigns.** This Agreement may not be assigned without the prior written consent of the other party. This Agreement shall be binding on and inure to the benefit of the Parties hereto and their respective personal representatives, all affiliated companies, heirs, successors and assigns and all related companies.

6. **Authority; Indemnity.** Client warrants that it has the legal authority to enter into this Agreement and agrees to indemnify, defend and hold harmless CMG and any third parties engaged by CMG from any and all liability, damages, losses, claims, or similar actions (including reasonable attorney fees) arising from;(i) any and all alleged third party claims, or ii) any incorrect information supplied by Client, or iii) any information which Client fails to supply to CMG or any other party in connection with this Agreement, iv) any breach by Client of this Agreement, or (v) any misrepresentation or failure of Client to fully disclose information that is relevant to the performance of services of CMG under this Agreement. The undersigned warrants they have the authority to sign for Client and/or entity.

7. **Independent Contractor Status.** CMG and/or its assign(s) and Client are acting as independent Contractor(s), and nothing contained in this Agreement or in its relationship to Client and CMG, shall be deemed to constitute a partnership, joint venture, or any other relationship between Client and CMG, except as limited by the terms of this Agreement.

8. **Notices.** Any notice required by this Agreement must be in writing and may be given or served by depositing the same in the United States mail, postpaid, registered or certified, addressed to the party to be notified, or by delivering same to an office or agent and/or their assigns, of such party.

9. **Governing Laws.** The laws of Arizona shall govern the validity, enforcement and interpretation of this Agreement.

10. **Arbitration.** Any claim or controversy that arises out of or relates to this Agreement or breach of it will be settled by binding arbitration in the State of Arizona in accordance with the rules of the American Arbitration Association. Judgment upon the award may be entered in any court possessing jurisdiction of arbitration awards. Reasonable attorney fees can be awarded to the prevailing party.

11. **Severability.** If any provision of this Agreement or portion thereof is held invalid, illegal, void or unenforceable by reason of any rule of law, administrative or judicial provision or public policy, such provision shall be ineffective only to the extent invalid, illegal, void or unenforceable, and the

introduced by CMG (and/or introduced by other persons who are working with CMG as described in Section 1 herein), to Client, and who are willing to provide Financing for the Property, or a portion thereof, in cash or on an installment basis, or other amount mutually agreed upon and on terms acceptable to Client.

3. **Consulting Fee.** The parties agree that CMG shall only consider and submit offers for Financing in the amount of Thirty Million Dollars ($30,000,000) or more unless agreed upon by Client and CMG. In the event CMG identifies and introduces to Client a Financing source and Client obtains Financing for the Property, or any portion thereof, on terms acceptable to Client, then in such event, Client shall pay CMG a Consulting Fee of Ten percent (10.0%) of the gross amount of Financing secured by CMG. For purposes of determining the amount of CMG's Consulting Fee under this Section 3, all Financing transactions for the Property or any portion thereof will be aggregated. The Consulting Fees described in this Section 3 shall apply as long as the Financing is made by a person or entity introduced by CMG or its agents or representatives, brokers engaged by CMG, its assigns (if permitted as provided herein), or any other third party CMG engages for purposes of providing services under this Agreement. Client will pay such Consulting Fee to CMG at Closing and/or as the Client is required to advance the guaranteed portion of such Consulting Fee to CMG (as provided herein), via wire transfer to any account determined by CMG, pursuant to the terms of this Agreement. If no Financing is obtained by CMG for Client during the Contract Period, then this Agreement shall terminate; provided, however, that in the event the Client obtains Financing for the Property, or a portion thereof from a person or entity who is introduced by CMG for a period of five (5) years from the execution date of this Agreement, then CMG shall be entitled to collect the full Consulting Fee earned pursuant to the terms of this Agreement.

4. **Minimum Guaranteed Consulting Fee.** Notwithstanding any other provision in this Agreement to the contrary, Client shall be required to pay CMG a Minimum Guaranteed Consulting Fee equal to $1,500,000 which is 50% of the total Consulting Fee that is contemplated as part of this Agreement. CMG's Guaranteed Minimum portion of the Consulting Fee shall be due and payable per the following payment schedule: $675,000 due by July 31, 2005, an additional $725,000 due by December 31, 2005 and the remaining balance of $100,000 shall be paid no later than March 31, 2006. If Financing for the Property is obtained by Client from a person or entity introduced by CMG, or its agents or representatives, brokers engaged by CMG, its assigns (if permitted as provided herein), or any other third party CMG engages for purposes of providing services under this Agreement, then in such event the balance of the Consulting Fee will be due by the end of the Contract Period and payable in full through the established escrow account at Closing or as proceeds are advanced to Client.

remainder of such provision and all other provisions of this Agreement shall nevertheless remain in full force and effect.

IN WITNESS WHEREOF the parties hereto have executed this Agreement the date above written.

EFFECTIVE this 1st day of June, 2005.

Little Isle IV, LLC a Delaware LLC

By: _____   Date: 1-June-2005
Philip A. Kenner, It's Managing Member

By: _____   Date: 6-1-05
John R. Kaiser, its Member

_____   Date: 6/1/05
Tommy Constantine
Constantine Management Group