JMM:SK
F.#2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

PHILLIP A. KENNER and
TOMMY C. CONSTANTINE,
    also known as
    "Tommy C. Hormovitis,"

              Defendants.

- - - - - - - - - - - - - - - - -X

**DECLARATION OF
AARON SPIVACK**

I, Aaron Spivack, declare:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and am currently assigned to the Violent Crimes Against Children squad. As a member of the Violent Crimes Against Children squad, I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for violations of criminal law relating to the sexual exploitation of children and child pornography. I have been involved in the investigation and prosecution of more than 100 cases involving the sexual exploitation of children and child pornography. I have gained expertise in the conduct of investigations into the sexual exploitation of children and child pornography through training in seminars, classes, and daily work related to conducting these types of investigations. I am also a certified Digital Evidence Extraction Technician. I have received training in the forensic analysis of computers, cellular telephones, and other digital media.

2. As a result of my training and experience, I am familiar with the routine practices for discovery in cases involving the sexual exploitation of children and child pornography. As part of my responsibilities, I have assisted in the discovery process in numerous cases involving the sexual exploitation of children and child pornography. Specifically, I have been involved in providing the defense with an opportunity to inspect, view, and examine computers, cellular telephones, and other digital media containing child pornography files.

3. In cases involving the sexual exploitation of children and child pornography, when the defense requests an opportunity to inspect a computer containing child pornography files, it is the routine practice to make the computer available for inspection in the following manner:

    a. The original hard drive of the defendant's computer is imaged to create a working copy of the original (the "working copy"). An additional copy of the working copy or of excerpts thereof is then made (the "defense copy").

    b. In most cases, the defense copy is connected to a standalone computer at a government facility, which computer is made available to the defense for inspection, viewing, and examination.

    c. In some cases, the defense copy is connected to the original machine of the defendant's computer (in lieu of the original hard drive), and this "clone" is made available to the defense at a government facility for inspection, viewing, and examination.

4. It is not the routine practice to power up the original hard drive of the defendant's computer and make it available to the defense. This is not the routine practice so that the original hard drive is not altered, manipulated, or damaged in any way.

5. Similarly, when the defense requests an opportunity to inspect a cellular telephone containing child pornography files, it is the routine practice to make available to the defense a copy of the data on the cellular telephone, not to power up the original cellular telephone.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 3, 2014.

Aaron Spivack
Special Agent
Federal Bureau of Investigation