***HALEY WEINBLATT & CALCAGNI, LLP***
1601 Veterans Memorial Highway, Suite 425
Islandia, New York 11749
631-582-5151

November 6, 2014

Hon. Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

              RE: <u>United States v. Phillip Kenner</u>
                  Docket Number: 13-607 (JFB)

Dear Judge Bianco:

    This letter is submitted in reply to the government's letter brief filed in opposition to the defendant's October 23, 2014 pre-trial motion. Specifically, the defendant moves that the court order the following pre-trial relief:

- Absent a motion by the government showing good cause for further Rule 16 disclosure by the government, the defendant may rely upon the government's Rule 16 disclosure as of the date of this motion to prepare supplemental pre-trial motions and to prepare for trial;

- An evidentiary hearing be scheduled to address the government's argument in opposition to the defendant's request that he be permitted to inspect the original contents of his MacBook computer and I-Phone;

- All alleged forgeries and fictitious documents that the government intends to introduce in its case-in-chief at trial be disclosed by the government forthwith;

- A date for a detention hearing be set by the court upon the return date and status conference scheduled for November 7, 2014, upon the issuance and service of subpoenas for John Kaiser and Kenneth Jowdy to attend and testify at such hearing.

The following paragraphs are captioned to address each of the defendant's requests for pre-trial relief and the government's opposition.

### Close of Rule 16 Discovery

In his pre-trial motion, the defendant delineates the glacial pace of Rule 16 disclosure by the government following the defendant's arraignment on the underlying indictment on November 13, 2013, involving an investigation of the defendant by the Federal Bureau of Investigation and Southern District Grand Jury commenced as far back as 2011. Notably, the government offers no explanation in its responsive papers for the two (2) month delay between June 6, 2014 and August 6, 2014 when it began producing the bulk of Rule 16 disclosure in the form of CD/DVD disks. Instead, the government blithely responds in its current submission to the court that "(T)he government will make ongoing disclosures **as it discovers additional evidence or materials** in compliance with Rule 16's continuing duty to disclosure" *emphasis added.* Thus, it appears that any further inquiry by the court concerning the status of Rule 16 disclosure by the government, *i.e.* (9/2/14 THE COURT: So, basically you think that any remaining Rule 16 would be completed by the end of next week? MS. KOMATIREDDY: Yes, your Honor...), will now be met with the government's most recent cryptic and dismissive response regarding the status of Rule 16 disclosure as embodied in its opposition letter.

Having secured the pre-trial detention of the defendant (for the moment), the government has no incentive to complete its Rule 16 obligation in a timely manner so as to move the matter toward trial. Rule 16 requires the disclosure of evidence/materials that the government intends to introduce in its case-in-chief at trial in order to provide the defense with the opportunity to challenge such evidence either before or at trial. Here, the government posits that it is not bound by any time line after expressing its "awareness of its discovery obligations" in its letter to the court and presumably reserves the right to provide Rule 16 disclosure in perpetuity. In response, the court should rule that the government has had ample time given its vast resources to discover and reveal the Rule 16 evidence and materials that it intends to use at trial and direct the preclusion of any such evidence or materials not so disclosed as of the date of its last Rule 16 disclosure on October 2, 2014, absent a showing of good cause by the government for additional Rule 16 disclosure.

### Evidentiary Hearing to Address Defendant's
### Demand to Inspect his Computer and I-Phone

In opposition to the defendant's demand that he be permitted to inspect the original contents of his MacBook computer and i-Phone, the government submits the declarations of Ovie Carroll and Aaron Spivack who aver that "(I)t is not the routine practice of forensic examiners to thereafter power up the original computer", once an imaged copy of the hard drive of the original computer is obtained (Carroll, afdvt. ¶ 9; Spivack afdvt.¶ 3). Given the equivocal nature of the phrase "routine practice" as well as the use of the words "typically alter" and "may over-wright files" in describing the purported damage to electronically stored files in re-powering a computer and i-Phone, the defendant requests the opportunity to ask discreet and salient questions of the government's expert witnesses concerning the purported risks by way of an evidentiary hearing. Typically, it is my "routine practice" to inquire of the government's witnesses, expert or otherwise, on a disputed issue

of fact in defense of my client.

The hearing will also serve to provided the court with an evidentiary foundation to rule upon the defendant's request that both his MacBook computer and i-Phone be returned to him in view of the decision of the Second Circuit in United States v. Ganias, 755 F.3d 125 (2nd Cir. 2014). Although not made part of the instant motion, the evidentiary hearing will assist the court in ruling upon the defendant's subsequent motion in this regard and allow the defendant to preserve an appellate issue in the unlikely event of a conviction. It is anticipated that the government will consent to an evidentiary hearing having addressed the issue in the form of testimonial declarations in its responsive papers in recognition of the fact that the defendant has a constitutional right to cross-examine the government's witnesses.

The defendant will, at a bare minimum, hold the government to its representation as set forth on the first page of its letter brief to the court that "(T)he government has made the referenced MacBook computer and I-Phone available for physical inspection by the defendant." Although the defendant may have overlooked this specific commitment to permit him to physically inspect his MacBook and i-Phone in the cascade of discovery letters, I will arrive at the United States Attorney's Office in Central Islip, New York at 10:00 a.m. on November 7, 2014 to physically inspect my client's MacBook computer and i-Phone on behalf of my client in advance of the 11:00 a.m court appearance.

Finally, the defendant is compelled to respond the government's statement as found in a footnote on page 3 of its letter brief that "(T)he defendant, still to this date, has failed to make any specific showing that he is unable to access the files provided on the copies provided" referring to the two (2) terabyte hard drives previously provided to the defendant. The footnote appears after the government's statement that "...the defendant has chosen to instead insist on obtaining an opportunity to manipulate original digital evidence" (by demanding access to the original contents of his MacBook computer under the supervision of the government )–a accusation not deserving of a response. In order not to belabor the record on an issue not before the court on the instant pre-trial motion, the defendant respectfully refers the court to the government's letter of September 4, 2014 (Docket Entry # 93) and the defendant's immediate response (Docket Entry # 94) which address the issue.

### Disclosure of Alleged Forgeries

The defendant's demand for immediate disclosure of all alleged forgeries and fictitious documents that the government intends to introduce in its case-in-chief at trial is directly related to his request for a detention hearing. Once again, the government is deliberately evasive in its current response as it was when it provided copies of the alleged four (4) forgeries as "among others" (unidentified) in its August 29, 2014 Rule 16 letter. When the government writes that "(I)t is hardly certain at this stage that the government will seek to elicit testimony about the fake Funding Consulting Agreements from John Kaiser", the court ought to take notice that the "fake" Funding Consulting Agreements are two (2) of the four (4) alleged forgeries the government relies upon in its November 13, 2013 detention letter to the court. Not only does the government rely upon hearsay in its detention letter (as provided by John Kaiser and Kenneth Jowdy concerning alleged

forgeries) but shirks its responsibility to present evidence to the court in response to the defendant's affidavit regarding the falsity of Kaiser and Jowdy's out-of-court statements.

## Detention Hearing

Attached as an exhibit to the defendant's October 23, 2014 submission is a copy of the court's order of detention pending trial, dated December 4, 2013, in which it is noted by the court "on consent, without prejudice to a future bail application" (Docket Entry # 20). Although I did not represent the defendant on December 4, 2013, I have spoke with Randi Chavis, Esq. who confirms that she was not prepared on that day to proceed with a detention hearing and, accordingly, reserved the defendant's rights under 18 U.S.C. § 3142 ("Section 3142") to demand a detention hearing in the future. Not only is it common for defense counsel (including myself) to consent to an order of detention "without prejudice" in order to prepare the most compelling arguments and marshal proof at this most critical stage of the criminal proceeding but, upon information and belief, the government did not object to holding the detention hearing in abeyance pending future application by the defendant without temporal limitation.

In view of the foregoing, the government misleads the court when it captions it's response to the defendant's request for a detention hearing "Re-opening of the Detention Hearing" where a "detention hearing" as described in subdivision (f) of Section 3142 has yet to be held. By its terms, Section 3142 provides that "(T)he person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." Here, the defendant intends to present witnesses at the detention hearing, in addition to the proof consisting of the defendant's affidavit and grand jury testimony previously submitted as exhibits to the instant pre-trial motion.

In response to the government's "detention letter" of November 13, 2013 and its most recent "proffer" demanding the defendant's continued pre-trial detention, the defendant will submit admissible evidence, both testimonial and documentary, to address the government's argumentative that the "weight of the evidence" in this case justifies pre-trial detention. The defendant will also submit evidence to refute the government's proffer that he poses a risk of flight or danger to the community. When the government proffers what the evidence will show at trial and the inferences of criminal conduct to be drawn from such evidence, the defendant replies "prove it" and, based upon the Rule 16 discovery provided to date including *Brady* material, submits that the government's case is riddled with reasonable doubt. Of course, the presumption of innocence prevails at this stage of the criminal proceeding and the government may not rely upon the rebuttable presumption of pre-trial detention set forth in subdivision (e)(2) of Section 3142.

As noted above, a "detention hearing" within the meaning of subdivision (f) of Section 3142 has yet to be held. Accordingly, the government's citation to statutory and decisional law respecting the requirements for the "re-opening" of a Section 3142 detention hearing have no application to the instant motion for the scheduling of a detention hearing in the first instance. Here, the defendant has presented the court with evidence by way of affidavit and sworn testimony to refute the government's proffer to the court that it's case-in-chief will be supported by "forged and fictitious documents" as alleged in its original detention letter and he is prepared to address other material

aspects of the government's proffer with testimonial evidence.  The defendant is entitled to a "detention hearing" to address his continued pre-trial detention and the government's opposition to such a hearing should be summarily rejected by the court.

>Very truly yours,
>
>*Richard D. Haley*
>
>RICHARD D. HALEY

cc: AUSA James M. Miskiewicz via ECF
    AUSA Saritha Komatireddy via ECF