

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMM/SK
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

November 14, 2014

<u>By ECF</u>

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    <u>United States v. Philip Kenner</u>
              <u>Criminal Docket No. 13-607(JFB)</u>

Dear Judge Bianco:

      The government respectfully submits this letter pursuant to the Court's order at the November 7, 2014 status conference to have a government agent determine what, if any, access problems exist regarding use of the Queens Private Detention Facility's (the "Facility") computer to view files contained in two portable hard drives (the "hard drives") containing imaged copies of the defendant's Apple laptop and iPhone.

      On November 13, 2014, FBI Special Agent John Janus travelled to the Facility where the defendant is currently housed and, with the cooperation of facility personnel including Warden William Zerillo, tested the ability of any user to access files on the hard drives using the prison's computer equipment.  Special Agent Janus was selected because he is not a member of the trial team, has had no prior involvement in this case, and would be regarded as part of the "taint team" of agents and attorneys had he been exposed to privileged material arguably within the hard drives.  During this test, Special Agent Janus also consulted, via telephone, with FBI Special Agent Michael Petronella, a supervisory forensic specialist, in the event any issues developed requiring technical support.

      Special Agent Janus reported that the hard drives were functional and able to communicate with the Facility's computer.  Special Agent Janus reported that he could access, open and read certain files on the hard drives that were imaged from the MacBook Pro laptop and iPhone.  Those files included contacts, photos, texts, SMS chat messages and Skype chat messages.  It was unclear whether word processing documents or spreadsheet files exist on the hard drives, thus the accessibility of such files through the Facility's computer was not determined.

      Special Agent Janus reported that he was not able to open certain files, specifically the defendant's emails.  Special Agent Janus also advised that the opening of files

was slower than what one would normally expect of a newer computer. It was determined that the emails on the hard drives had been generated using Microsoft's Outlook email application program. Because the Facility's computer does not have Outlook software, because Internet access via the library is prohibited, it would be necessary to use a computer (either Apple or Microsoft-based operating systems), with Outlook software loaded onto it to read emails. Alternatively, emails and other files could be converted to .pdf format, which is readable on the Facility's computer and would be readable regardless whether one uses an Apple or Microsoft operating system.

Accordingly, what Special Agents Janus and Petronella discovered from this test was that the lack of an Apple laptop appears to be irrelevant to the issue of accessibility. In fact, at least one of the missing application programs is a PC-based (i.e., Microsoft) product.

The prosecution team has confirmed with privilege review team leader AUSA Catherine Mirabile that emails from the imaged laptop and iPhone were provided to defense counsel in .pdf format on November 3, 2014 along with other materials. (ECF Docket No. 114).

Pursuant to the Court's instructions, the government did attempt to secure a "spare" Apple laptop for possible use by the defendant. Undersigned counsel have learned that the United States Attorney's Office in Central Islip and Brooklyn does not own or possess any Apple computers because, to date, Justice Department components are not permitted to buy such equipment pursuant to the Executive Office of the United States Attorneys. Nevertheless, as noted during an earlier status conference, the privilege review team has successfully accessed files on its own duplicates of the hard drives using non-Apple equipment.

After consulting with the agents mentioned above, undersigned counsel have been advised that to avoid further delay regarding access to the imaged files in their natural formats, it is recommended that defense counsel retrieve the hard drives from the Facility, consult with a computer technician and determine whether any additional application software is necessary beyond Outlook. At that point, counsel may wish to download application software onto the hard drives, (much of which is free via the Internet), or seek CJA funding for the acquisition of a laptop, (Apple or otherwise), loaded with the necessary software. Finally, counsel and the defendant may wish to simply use the .pdf formatted files most recently provided pursuant to privilege review noted above.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By:    /S/
          _____
          James Miskiewicz
          Saritha Komatireddy
          Assistant U.S. Attorneys

cc:    Richard Haley, Esq.