1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA     :    13-CR-607

    -against-                      US District Court
                                Central Islip, NY
PHILLIP KENNER and
TOMMY CONSTANTINE,             June 6, 2014
                                11 am
            Defendants.:
- - - - - - - - - - - - - - - X

       TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE JOSEPH F. BIANCO
       UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:
                            LORETTA E. LYNCH
                            United States Attorney
                            271 Cadman Plaza East
                            Brooklyn, New York 11201
                            By:  JAMES MISKIEWICZ, ESQ.
                                 CARRIE CAPWELL, ESQ.
                            Assistant US Attorneys

For the Defense:         RICHARD D. HALEY, ESQ.
                            For Defendant Kenner

                            JOSEPH CONWAY, ESQ.
                            For Defendant Constantine




Court Reporter:          Dominick M. Tursi, CM, CSR
                            US District Courthouse
                            1180 Federal Plaza
                            Central Islip, New York 11722
                            (631) 712-6108  Fax:  712-6124
                            DomTursi@email.com


      Proceedings recorded by mechanical stenography.
           Transcript produced by CAT.

2

1  (Call to Order of the Court. Appearances noted
2  as indicated above.)
3  THE COURT: Good morning.
4  As you know, we had set this down for a status
5  conference, so I'll hear from the attorneys, starting with
6  the government. Miss Capwell.
7  MS. CAPWELL: Yes, your Honor.
8  Since our last appearance, at the end of April,
9  we have continued to provide discovery to defense counsel.
10 We sent them a letter in May and then today I provided
11 counsel with another three DVDs of material. So our
12 ongoing discovery continues in this case.
13 I believe that defense counsel would like a date
14 in early September, which the government does not object
15 to. And I will let defense counsel address why they want
16 that date.
17 Your courtroom deputy has suggested September 2,
18 at 1:30, which is agreeable to the parties if it is
19 agreeable to your Honor.
20 And in terms of Mr. Constantine's bond, I can
21 let Mr. Conway address that, but there are still a few
22 documents that are remaining to be turned over to the
23 government.
24 THE COURT: How much discovery is left to be
25 turned over, in terms of the percentage?

1        MS. CAPWELL:  I would say about 15 percent
2    probably.
3        THE COURT:  Fifty?  Five-zero?
4        MS. CAPWELL:  Fifteen.
5        And the privilege review is still ongoing.  And
6    so that is discovery that Mr. Kenner already has.  It is
7    the electronic data that came out of Mr. Kenner's house
8    computer pursuant to the search warrant that was executed.
9        But it has not been turned over to
10   Mr. Constantine yet.  It needs to be reviewed and
11   sanitized before it can be tuned over to Mr. Constantine.
12       So that, your Honor, it may take until the
13   September 2 date for the AUSA to go through those
14   materials.
15       THE COURT:  Thank you.
16       Mr. Haley.
17       MR. HALEY:  Yes, your Honor.
18       I would prefer, for purposes of the record, that
19   there has been a continuous, if not incessant, provision
20   of Rule 16 discovery by the government.  And it is
21   appreciated.  I mention that to the court.
22       This is my third appearance in the case since I
23   was substituted as counsel.  Since my last appearance up
24   until today, I have had additional opportunity to meet
25   with my client, additional opportunity to begin to absorb

1  the significant amount of Rule 16 material provided in
2  this case.  And previously, your Honor, on the record I
3  did not concede, as my earlier entry into the case, that
4  it was necessarily a complex case.
5       I'm at this point going to concede, for speedy
6  trial purposes, that it is a complex case.  And I do so
7  because I believe it is clearly in my client's interests
8  to be able to fully absorb and understand the Rule 16
9  material in order to be fully prepared for trial.
10      So I withdraw that previous opposition to this
11 court's determination that this is a complex case for
12 speedy trial purposes.  Judge, having said that, I just
13 want to mention, to alert the courts to some issues I hope
14 can get resolved without court intervention.
15      The warden of the Queens Private Correctional
16 Facility has been exceedingly cooperative.  As your Honor
17 may recall, two terabytes of information were delivered to
18 me by the government for transmittal to my client.  There
19 was some issue as to the information contained on those
20 terabytes because they weren't, the information was not
21 exclusively related to this case.  I was able to resolve
22 that with the government.
23      The reason it wasn't exclusively related to this
24 case, Judge, is that two terabytes consist of the hard
25 drive reproduction from my client's Macbook Pro computer.

5

1  And that is a computer that was utilized in large measure
2  by my client for over a decade.  And it has information
3  directly relevant to this case, directly relevant in terms
4  of what the government claims is information for purposes
5  of the prosecution, and I might add, judge, directly
6  relevant to what we perceive is information relative to
7  the defense in this matter.  So that information is still
8  being absorbed by myself and my client.
9         Your Honor, two issues have arisen, and I'm
10 hoping to resolve these perhaps by way of speaking with
11 the CJA representative in Brooklyn but I just want to alert
12 the court at this point so the court might give it some
13 thought.  Maybe the court has a solution.  But let me get
14 specifically to the point.
15        As relates to the information provided in
16 discovery, as distinct from the information on the
17 terabyte hard drives, I will get to that in a moment, we
18 do have information given to us on disks.  Fortunately,
19 the disk information which contains the imaging we are
20 able to access.  So that is not a problem.  That
21 information, in and of itself, is quite voluminous.
22        There are, by way of that type of discovery,
23 judge, videotapes.  And these are videotape depositions of
24 persons that we believe will be government witnesses in
25 this case.  In those videotaped depositions, under oath

6

1  obviously, there is information that we believe is
2  directly material and necessary to the defense of this
3  action.  The problem is my client cannot access that
4  videotape information contained on those disks because the
5  computer program in the IBM computer or PC-based computer
6  at the Queens Private Correctional Facility does not have
7  the appropriate software to open those videos.
8         I'm going to speak to the warden in that regard
9  to see if I can resolve that.  Hopefully that won't
10 require any court intervention.  The other issue, Judge,
11 however, is more problematic.
12        The two terabytes, which once again are
13 reproductions of the hard drives of my client's Macbook
14 Pro computer, that information cannot be accessed on the
15 Microsoft PC-based computers at the Queens Private
16 Correctional Facility at all.  The only way that
17 information could be accessed is for it to be transferred
18 from the terabyte hard drives into a Macbook Pro computer
19 that has both the hardware and the software that would be
20 readily able to translate that information into the
21 computer for viewing analysis by my client as well as
22 myself.
23        My client has taken the lead, your Honor, in
24 identifying for me those materials which are materials
25 necessary to the defense and those materials which are

7

1  not.

2  I bring this matter to the attention of the
3  court. I'm going to contact Brooklyn to see if they have
4  a solution. It may, however, Judge, result in an
5  application to this court to allow me to purchase through
6  use of CJA funds a Macbook Pro computer to be utilized by
7  my client exclusively at the Queens Private Correctional
8  Facility in order to access that information on these two
9  terabytes.

10  If I obtain the Macbook computer, then I will
11  deal with the institution as to whether they can set up a
12  protocol by which he can use that computer exclusively.
13  We do not want an instance where that computer at the
14  Queens Private Correctional Facility can be accessed by
15  other inmates, for obvious reasons. It pertains to
16  information germane only to this case and it could result
17  in spoliation of evidence that we believe necessary to the
18  defense.

19  So we are going to have to deal with that issue,
20  judge. I just mention it to your Honor to the extent that
21  your Honor may or may not have had that in the past and
22  has a suggestion.

23  THE COURT: I don't think I have encountered
24  that precise issue. But I would ask you also to just
25  discuss it with the government because, in addition to the

8

1 jail, there may be other cases where there is some type of
2 accommodation made or solution to that type of problem.
3 　　　　I don't know, Miss Capwell, if you are aware of
4 this coming up before in some other case.
5 　　　　MS. CAPWELL: I'm not, your Honor, but I will
6 speak with other people in our IT department.
7 　　　　THE COURT: So speak to the jail. If they are
8 not giving you an acceptable answer and if the government
9 is not aware of some other option, then we will pursue the
10 possibility of trying to get some other computer in the
11 jail. Okay?
12 　　　　MR. HALEY: Thank you, your Honor.
13 　　　　The other issue, your Honor, deals with the
14 adjournment being requested, your Honor, to September 2.
15 　　　　I anticipate in relatively short order I will be
16 submitting to your Honor subpoenas for your Honor's
17 review, and hopefully signature, pursuant to Rule 17B of
18 the Federal Rules of Criminal Procedure. Since my client
19 is indigent, there are a number of subpoena duces tecum
20 that we are in the process of preparing, and I will,
21 pursuant to the rules, be submitting those to your Honor
22 along with a brief statement as to how we believe the
23 information sought in these subpoenas is necessary to the
24 defense.
25 　　　　I simply wanted to alert the court to that

1  prospect, indeed if not certainty, that there will come a
2  time and I hope to be submitting those in relatively short
3  order, certainly before the September 2 date, so your
4  Honor might review them, see to it that they are provided
5  to the marshals service for delivery, and then hopefully
6  that material will be available by the next date of
7  hearings set by this court.
8              THE COURT:  Okay.
9              MR. HALEY:  Thank you, your Honor.
10             I just want to give you an update as to where we
11 stand from the defendant's perspective.
12             THE COURT:  So your client is willing to exclude
13 the time until September 2?
14             MR. HALEY:  Yes, sir.
15             THE COURT:  Thank you.
16             Mr. Conway.
17             MR. CONWAY:  I don't have any substantive issues
18 to raise.  I acknowledge the government has been diligent
19 in turning over production on the basis of discovery.  We
20 are now in receipt of a discovery letter today with three
21 additional disks.
22             I'm coordinating with Mr. Haley in terms of any
23 Rule 17 subpoenas that I have as well so they are not
24 duplicative.  We will have brought it to the court's
25 attention as well.

10

1  　　　　　I think the September 2 date is an appropriate
2  date given the new discovery received today and the amount
3  that we have received to date.
4  　　　　　My client has signed a speedy trial waiver and
5  is prepared to waive on the record.
6  　　　　　THE COURT:  Okay.  Let me confirm that with
7  them.
8  　　　　　Mr. Kenner and Mr. Constantine, you have heard
9  your attorneys.  They want to adjourn the case until
10 September 2 so that they can continue to review with you
11 the massive amount of discovery that is being provided by
12 the government and so that you can prepare your case and
13 decide how you wish to proceed with respect to the case.
14 　　　　　By signing a waiver, you are agreeing to exclude
15 the time under the Speedy Trial Act until September 2 for
16 those purposes.
17 　　　　　Is that your wish, Mr. Kenner?
18 　　　　　DEFENDANT KENNER:  Yes, your Honor.
19 　　　　　THE COURT:  And is that your wish,
20 Mr. Constantine?
21 　　　　　DEFENDANT CONSTANTINE:  Yes, your Honor.
22 　　　　　THE COURT:  So I will grant that application.
23 　　　　　We will adjourn the case until September 2 at
24 1:30.  I exclude the time from today until September 2 on
25 two grounds.

11

1  First, I had previously designated the case as
2  a complex case, and all the reasons for that designation
3  that I have already placed on the defendant record
4  continue.
5  Independent of that designation, I exclude time
6  in the interests of justice under Title 18, United States
7  Code, Section 3161H7A, in order to allow the defendants
8  and their counsel to review the discovery and prepare the
9  case.  I find that the interests served by granting the
10  continuance outweigh the best interests of both the public
11  and the defendants in a speedier trial and I so order the
12  waiver.
13  It is my hope at the next conference that we can
14  try to set a motion schedule and a trial date.  I know you
15  still have a lot of work ahead of you and that both
16  counsel have been in the case from the beginning but I am
17  giving you 90 days.
18  Hopefully the government will have all the
19  discovery turned over by that date.  But even if there is
20  a little bit left to go, I still think it would be prudent
21  to try to set a trial date for some time even if it is
22  early next year.  I don't have a trial date in place so we
23  can have a time blocked out for trial so you can block out
24  your time and be ready to go.
25  MR. CONWAY:  Your Honor, I have one last topic,

12

1  if I could just raise it quickly, and it relates only to
2  Mr. Constantine and his bail status.
3           It has been interesting dealing with several
4  jurisdictions outside of the State of New York and how
5  different procedures are outside of the State of New York.
6  We are almost there.  All six of the suretors have signed
7  the bond.  I think number six is actually signing it as we
8  speak.  There are still a couple of things that need to be
9  done.  It is hoped that it could be done as early as
10 Monday or Tuesday of next week.
11          What I would ask the court is, if you can put
12 this on for Thursday with the ability of moving it up to
13 Wednesday or Tuesday if we are done by Monday, and I can
14 coordinate with chambers.  Because I think the easiest
15 thing, once everything is done and the government is
16 satisfied, is to release Mr. Constantine from here, he can
17 be taken to the airport, put on a plane, and then report
18 to pretrial within 24 hours.
19          THE COURT:  Fine.  He also has to sign the bond,
20 itself.
21          MR. CONWAY:  Correct.
22          THE COURT:  So just talk to my deputy.  I will
23 be around all next week.
24          MR. CONWAY:  Thank you, your Honor.
25          THE COURT:  Anything else?

```
                                                              13
 1        MS. CAPWELL:  No.  Thank you, your Honor.
 2        THE COURT:  Anything else from the defense?
 3        MR. HALEY:  No, your Honor.
 4        THE COURT:  Anything else, Mr. Conway?
 5        MR. CONWAY:  No.  Thank you.
 6        THE COURT:  Have a good day.
 7        (Proceedings adjourned at 11:10 am.)
 8
 9              CERTIFICATE OF COURT REPORTER
10   I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
11
12
                          _____
13                        Dominick M. Tursi, CM, CSR
```