UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
============================================X    Indictment: CR-13-607
UNITED STATES OF AMERICA

      - against -    **AFFIDAVIT**

PHILLIP A. KENNER, and TOMMY
C. CONSTANTINE, also known as
"Tommy C. Hormovitis",
              Defendants.
============================================X

      PHILIP A. KENNER, being duly sworn deposes and says:

      1. I am the defendant in the above captioned matter and I submit this affidavit in support of the motion of my attorney, Richard D. Haley, to suppress the computer files contained on my Apple MacBook Pro computer ("Macbook computer") and i-Phone which were seized by federal law enforcement agents on November 13, 2013. At no time did I grant permission to such law enforcement agents to seize and search the computer files contained on these electronic devices which were owned and used exclusively by me.

      2. My Macbook computer and i-Phone contain files/documents/data and other material of a personal nature spanning a period of approximately twenty years. The nature of such personal information consists, among other things, of personal financial records, music preferences, intimate pictures and videos, family videos and pictures, personal correspondence in letter form and text format along with personal internet downloads. All of this personal information is unrelated to the allegations set forth in the Indictment to which I have entered a plea of not guilty.

      3. The computer files containing my personal information are easily identifiable. The file folders contained on my Macbook computer are, for example, marked "Kenner" with sub-folders marked "kid pics", "music" and similar personal designations. Personal contact information and related text messages on my i-Phone are identified by individual name, like "Darren Burke".

4. I have reviewed the "Rule 16 discovery" supplied by the government and provided to me by my attorney. I have also reviewed the correspondence between the government and my attorney, in addition to the motions filed by my attorney in this matter and the government's response to such motions.   Based on my review of these documents, as well as my attendance at court conferences, I believe that the government has not purged the personal information described in the preceding paragraph from the imaged copies of the hard drives and/or memory disk contained on my Macbook computer and i-Phone and continues to retain such information on the imaged copies created by the government as well as my Macbook computer and i-Phone.

5. I was present in court on September 2, 2014 when my attorney requested that my Macbook computer and i-Phone be returned to me.   Because the government had obtained a mirror image of the hard drive of my Macbook computer and, presumably, a mirror image of the memory disk on my i-Phone, I saw no reason not to return my Macbook computer and i-Phone which contain a vast amount of personal records and information not described in the search warrant executed on November 13, 2013.   The use of computerized devices to memorialize and record my personal affairs is part of my lifestyle and has been for the past twenty years as previously noted.

6. This affidavit is also submitted in support of the motion of my attorney for the issuance of subpoenas to various individuals identified as "John Does" and "Jane Doe" in the Indictment whose identities have been disclosed by the government as part of the pre-trial proceedings in this matter.   In consultation with my attorney, I have complied a list of documents to be produced pursuant to the subpoena which are relevant and material to my defense.   Each document as requested in the subpoena concerns transactions between myself and the respective "John Doe" and "Jane Doe" with respect to various allegations set forth in the Indictment.   Specifically, the documents are relevant to the allegations set forth in "The Scheme to Defraud", "The Hawaii Land

Developments", "The Eufora Investments", "The Global Settlement Fund", "The Led Better Fraud Scheme" concerning the "Sag Harbor Property", as well as the "Money Laundering Conspiracy" contained in the Indictment.

7. The documents requested in the subpoenas will provide the jury with full disclosure of the transactions alluded to the Indictment and reveal knowledge on the part of my "investment clients" of the purpose and use of their funds. In addition the subpoena to be served upon John Kaiser (John Doe # 14) with respect to the "Sag Harbor Property", that is, 18 North Haven Way, Sag Harbor, New York, is tailored to address the allegations contained in paragraphs 43 through 48 of the Indictment as well as Kaiser's knowledge of and participation in the "Hawaii Land Developments" and the related financing of the land acquisitions. The documents requested of Kaiser will also reveal his role in the "Global Settlement Fund" and his role and participation in the "Eurfora Investments".

8. Although the government has provided approximately one million documents on CD/DVD disks as part of the pre-trial proceedings, the documents requested in the subpoenas have not been produced. The only exception is records contained on the "Northern Trust Bank" disk, identified as 12518-12776, NAAZ 000613-NAAZ00122, NAAZ 0012123-NAAZ 001245, NAAZ 0012476-NAAZ 0012512, NAAZ 0012513-NAAZ 0012517, NTC 12779, NT012810-NTC012811, NTC 12779, NTC + 12777, NTC + 12778, NTC + 12780 + to NTC + 112804, NTC + 12805 + to NTC + 112807, NTC + 12808 + to NTC + 112809 and NTC + 12812 - 12874. Presently, I am working with my attorney to access these critical files concerning the lines of credits (LOC) maintained at Northern Trust Bank by various "John Does" as referred to in the Indictment but request that the subpoena be prepared for service should it be revealed that the Northern Trust Bank records concerning the LOC's are incomplete.

9.   Although the Indictment identifies fifteen "John Does" and one "Jane Doe" as my "client investors", I have limited my request for the issuance of subpoenas for the production of documents to a select number of third-party civilian witnesses who will testify at trial.   My request does not require the production of personal or confidential information from the responding third-party witness nor does it constitute a "fishing expedition" outside the allegations set forth in the Indictment.

Phillip A. Kenner

Sworn to before me this
12th day of January, 2015

RICHARD D. HALEY
NOTARY PUBLIC, State of New York
No 52-4985026
Qualified in Suffolk County
Commission Expires April 16, 2016