UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

   - against-

PHILLIP A. KENNER and
TOMMY C. CONSTANTINE,
     also known as
     "Tommy C. Hormovitis,"

   Defendants.

-----------------------------------------------------------X

Docket No. 13-cr-607 (JFB)

**AFFIRMATION OF ANDREW L. OLIVERAS, ESQ. IN SUPPORT OF POINT 4 OF DEFENDANT TOMMY C. CONSTANTINE'S MOTION TO DISMISS OR IN THE ALTERNATIVE OTHER RELIEF**

     ANDREW L. OLIVERAS, Esq. an attorney at law duly licensed to practice in the State of New York and the Eastern District of New York, submits this affirmation in support of defendant Tommy Constantine's ("Constantine") motion to dismiss.

     1.    I have been retained by Constantine to aid and assist lead defense counsel Robert P. LaRusso, Esq. in this matter.

     2.    This affirmation is submitted for the limited purpose as it pertains to Point 4 (suppression of an audio recording, "the Home Depot Recording" as defined in the memorandum, or alternatively a hearing as to its authenticity and forensic examination of the original recording) of the Memorandum of Law submitted with Constantine's motion to dismiss.

     3.    Upon information and belief, and as so informed by Constantine, the Home Depot Recording was made by defendant Kenner with the use of Kenner's Apple iPhone.

4.   I have been given the copy of the Home Depot Recording that was provided by the Government to the defense and have listened to the same several times. Counsel does not purport by any means to be an expert on the use of the iPhone, however I do own one and use it regularly for among other things, taking audio and/or video recordings of which I have, on numerous occasions truncated/trimmed audio notes and files.

5.   With my mere layman's understanding of the "voice memo" feature on the iPhone, I am familiar with and well aware that, with the swipe of a finger, one can effortlessly trim a recording and save it as the original.

6.   It is apparent, even to my untrained ear, that the Home Depot Recording is incomplete clearly stopping mid-word as Kenner begins to speak.

7.   There are also a number of suspicious "beeps" that can be heard on occasion at different points in the Home Depot Recording. Initially one could attribute them to background noise, upon a closer listen to the recording, the "beeps" happen to coincide with, albeit subtle, an unnatural break/change in voice in pitch, volume and intensity. For example, at time stamp 4:27 of the recording a beep can be heard and then a subtle disjointing of the speaker between the words "I'm trying to" and "make it stop".

8.   As such, I have a good faith belief that the Home Depot Recording has been at the very least truncated or trimmed and possibly also spliced where certain portions were moved or removed all together; particularly in light of Constantine's statements that the conversation reflected on the Home Depot Recording is not an accurate representation of the actual conversation, in that the chronology was not as he

remembers it and that the conversation continued for some time after the recording is stopped.

9. While I concede that my analysis may be incorrect, the inspection and forensic examination of the original by an appropriate qualified expert is warranted to determine the authenticity of the Home Depot Recording, given the legitimate concerns expressed by Constantine and what I believe are suspicious anomalies on the recording.

WHEREFORE, should the dismissal of the Indictment be denied, that an Order be granted to suppress an audio recording of a conversation between the defendants, or in the alternative, for a hearing on its authenticity and the production of the original recording on its original storage device for inspection and forensic examination pursuant to Rule 16 of the Fed. R. Crim. P.

Oceanside, NY
January 29, 2015

Respectfully submitted,

Andrew L. Oliveras, Esq.
The Law Office of Andrew L. Oliveras
26 Strangford Court
Oceanside, NY 11572
(516) 449-4001
andrew.oliveras@gmail.com