# Exhibit A

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
Erika Hailes
9/17/2013 4:10:00 PM
Filing ID 5452551

1

Thomas M. Baker - Bar # 013475

2

**BAKER & BAKER**

5050 N. 8th Place #10

3

Phoenix, Arizona 85014

(602) 279-1644

4

Attorney for Intervenors

5

6

## SUPERIOR COURT OF THE STATE OF ARIZONA

7

## IN AND FOR THE COUNTY OF MARICOPA

8

PHILIP A. KENNER, TRUST BENEFICIARY,
THE SHANGRI-LA TRUST 1999,

9

Plaintiff,

10

vs.

11

JOHN KAISER, TRUSTEE, THE SHANGRI-
LA TRUST 1999; JOHN KAISER, a married

12

man;  ELIZABETH KAISER, a married
woman; JOHN AND JANE DOES I-VII

13

14

Defendants.

15

JOHN KAISER, a married man as his sole and
separate property; BRYAN BERARD, an

16

unmarried man,

17

Counterclaimants,

vs.

18

PHILIP A. KENNER, a single man,

19

Counterdefendant.

20

TYSON and KATHY NASH, husband and

21

wife; DARRYL SYDOR; JERE LEHTINEN;
DIMITRI KHRISTICH; WILLIAM

22

RANFORD,

23

Intervenors.

NO.  CV2012-055576

**MOTION TO INTERVENE**

**(Oral Argument Requested)**

(Assigned to the Honorable Alfred Fenzel)

24

25

Come now the Intervenors, by and through their attorney undersigned, and pursuant to Rule

26

24(a) & (b), Ariz.R.Civ.P., hereby move to intervene in this action for the reasons set forth below.

27

Intervenors are parties who loaned monies to Defendants pursuant to the terms and conditions set forth within their individual promissory notes. *See*, **Exhibits 1-5** attached hereto. These promissory notes state, in relevant part, as follows:

1. Tyson and Kathy Nash promissory note, dated 9/8/2009
2. Darryl Sydor promissory note, dated 10/5/2009
3. Jere Lehtinen promissory note, dated 11/19/2009
4. Dimitri Khristich promissory note, dated 4/ /2010
5. William Ranford promissory note, dated 5/23/2010

1. **Tyson and Kathy Nash** – ". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ.** . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

2. **Darryl Sydor** – ". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ.** Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

3. **Jere Lehtinen** – ". . . the principal sum of **$50,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ.** Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

4. **Dimitri Khristich** – ". . . the principal sum of **$30,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ.** Interest will be paid at an annual rate of **10%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and

2

interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

5. **William Ranford** – ". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**.  Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described.  The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

Rule 24(a), Ariz.R.Civ.P., states that a person may intervene in a pending proceeding, **as a matter of right**, ". . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

In this pending matter, Intervenors claim an interest relating to the property and transaction which is the subject of this action.  Intervenors' promissory notes were due and payable within 7 days from the sale of the real property at issue in this matter.  The proceeds of the sale are presently impounded in a trust account by stipulation of the existing parties.  Intervenors are so situated that the disposition of this action may as a practical matter impair or impede their ability to protect their interest since the monies presently impounded in the trust account were to be used to repay the above described promissory notes.  Intervenors' interests are not adequately represented by the existing parties since their interests in the impounded monies are adverse to the Intervenors' interests in the impounded monies.  Therefore, pursuant to Rule 24(a), Ariz.R.Civ.P., Intervenors have the right to intervene in this pending proceeding.

In the alternative, Rule 24(b), Ariz.R.Civ.P., provides for this Court to grant **permissive** intervention upon a timely application ". . . when an applicant's claim or defense and the main action

3

1    have a question of law or fact in common." The Intervenors' claims involve a common question of

2    law or fact since the existing parties are litigating over the proceeds of the sale of the real property

3    specifically referenced within each of the Intervenor's promissory note. This Motion to Intervene and

4    its accompanying Complaint are being filed on an expedited basis due to a scheduled Settlement

5    Conference among the existing parties. Intervenors are filing these pleadings in order to place all

6    current parties on notice of their claims to the proceeds of the sale of real property that are currently

7    being held in a Trust account set up by the parties to hold the proceeds of the sale until resolution of

8    their pending litigation. These monies are more particular described within the Intervenors'

9    

10   Complaint.

11

12          WHEREFORE, pursuant to Rule 24(a) and (b), Ariz.R.Civ.P., Intervenors move to intervene in

13   this pending proceeding. Intervenors' proposed Complaint is attached hereto as **Exhibit 6**.

14          RESPECTFULLY SUBMITTED this 17th day of September, 2013

15                                              **BAKER & BAKER**

16

17                                              By

18                                                    Thomas M. Baker
                                                      Attorney for Intervenors

19   Copies of the foregoing e-mailed and
     mailed this  17th day of September, 2013 to:
20
     Chandler W. Travis
21   Melissa S. Lavonier
     mlavonier@travislawaz.com
22   Travis Law Firm PLC
     10621 S. 51st Street, Ste 103
23   Phoenix, Arizona 85044
     Attorneys for Defendants/Counterclaimants
24
     Mr. Phillip Kenner
25   c/o Nathaniel H. Wadsworth
     wadsworth@azlegal.com
26   Rowley Chapman & Barney, Ltd.
     63 E. Main St., Ste. 501
27   Mesa, AZ  85201-7423


                                              4

1   Mr. Phillip Kenner
    c/o Ronald N. Richards, Esq.
2   ron@ronaldrichards.com
    Law Offices of Ronald Richards & Associates, A.P.C.
3   PO Box 11480
    Beverly Hills, CA 90213
4   Attorney for Plaintiff/Counterdefendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT 1

Aug 26 09 00:33a                                                                                  p.1

# PROMISSORY NOTE
## $100,000.00 [US]

　　　　FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Tyson and Kathy Nash (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note

　　　　[a] Due & Payable. The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

　　　　[b] Choice of Law. This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

　　　　[c] Debtors' Collateral. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

　　　　[d] Default. Each of the following events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

　　　　[e] Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

　　　　[f] Facsimile. Facsimile signatures are binding on both parties.

　　　　[g] Modifications. Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

　　　　IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before September 8th, 2009.

_____
John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

# EXHIBIT 2

PROMISSORY NOTE
$100,000.00 [US]

      **FOR VALUE RECEIVED**, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Darryl Sydor (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note

      [a] **Due & Payable.** The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

      [b] **Choice of Law.** This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

      [c] **Debtors' Collateral.** This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

      [d] **Default.** Each of the following events shall constitute default hereunder; [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

      [e] **Cure.** Upon notice from Payee, Maker shall have 15 days to cure any defaults.

      [f] **Facsimile.** Facsimile signatures are binding on both parties.

      [g] **Modifications.** Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

      **IN WITNESS WHEREOF**, the undersigned has caused this Note to be executed in its name on or before October 5th, 2009.

x _____
  John R. Kaiser
  8224 North Golf Drive
  Paradise Valley, AZ

# EXHIBIT 3

**PROMISSORY NOTE**
*$50,000.00 [US]*

     **FOR VALUE RECEIVED**, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Jere Lehtinen (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $50,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note.

     [a] **Due & Payable.** The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

     [b] **Choice of Law.** This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

     [c] **Debtors' Collateral Assignment.** This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

     [d] **Default.** Each of the following events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

     [e] **Cure.** Upon notice from Payee, Maker shall have 15 days to cure any defaults.

     [f] **Facsimile.** Facsimile signatures are binding on both parties.

     [g] **Modifications.** Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

     **IN WITNESS WHEREOF**, the undersigned has caused this Note to be executed in its name on or before November 19, 2009.

X _____

       John R. Kaiser
       8224 North Golf Drive
       Paradise Valley, AZ

# EXHIBIT 4

FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as _____ to pay to the order of Dimitri Khristich (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the _____ of $ _____ 000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. _____ at an annual rate of 10%, paid in full per the terms of the note.

[1] **Due & Payable.** The entire outstanding principal balance of this Note shall be due and payable in _____ of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in _____ at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then _____ then principal due.  In the event the period of the loan extends through the annual date of this agreement, interest will _____ for the first year with principle to remain outstanding until due per the terms of the agreement.

[2] **Choice of Law.** This Note and the instruments securing it are to be governed, interpreted and construed _____ and under the laws of the State of Arizona.

[3] **Debtors' Collateral.** This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as per _____. The _____ and interest due on the loan will be payable immediately following the repayment of the first loan on the property due _____ bank.

[4] **Default.** Each of the following events shall constitute default hereunder: [1] Failure to pay when due  [2] _____ of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker

[5] **Cure.** Upon notice from Payee, Maker shall have 15 days to cure any defaults.

[6] **Facsimile.** Facsimile signatures are binding on both parties.

[7] **Modifications.** Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before April

x _____
John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

# EXHIBIT 5

PROMISSORY NOTE
$100,000.00 [US]

      FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of William Ranford (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note.

      [a] Due & Payable. The entire outstanding principal balance of this Note shall be due and payable in
full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ.  This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

      [b] Choice of Law. This Note and the instruments securing it are to be governed, interpreted and construed
by, through and under the laws of the State of  Arizona.

      [c] Debtors' Collateral Assignment. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described.  The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

      [d] Default. Each of the folllowing events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

      [e] Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

      [f] Facsimile. Facsimile signatures are binding on both parties.

      [g] Modifications. Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

      IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before  May 23, 2010.

X _____

Case 2:13-cr-00607-JFB-AYS   Document 157-1   Filed 01/29/15   Page 17 of 64 PageID #: 981

John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

# EXHIBIT 6

1  Thomas M. Baker - Bar # 013475
2  **BAKER & BAKER**
   5050 N. 8th Place #10
3  Phoenix, Arizona 85014
   (602) 279-1644
4
   Attorney for Intervenors
5

6          **SUPERIOR COURT OF THE STATE OF ARIZONA**

7          **IN AND FOR THE COUNTY OF MARICOPA**

8  PHILIP A. KENNER, TRUST BENEFICIARY,        NO.  CV2012-055576
   THE SHANGRI-LA TRUST 1999,
9
                   Plaintiff,
10        vs.
                                               **INTERVENORS' COMPLAINT**
11  JOHN KAISER, TRUSTEE, THE SHANGRI-
    LA TRUST 1999; JOHN KAISER, a married
12  man;  ELIZABETH KAISER, a married woman;
    JOHN AND JANE DOES I-VII                    (Assigned to the Honorable Alfred
13                                              Fenzel)

14                 Defendants.

15  JOHN KAISER, a married man as his sole and
    separate property; BRYAN BERARD, an
16  unmarried man,

17                 Counterclaimants,
    vs.
18
    PHILIP A. KENNER, a single man,
19
                   Counterdefendant.
20
    TYSON and KATHY NASH, husband and wife;
21  DARRYL SYDOR; JERE LEHTINEN;
    DIMITRI KHRISTICH; WILLIAM RANFORD,
22
                   Intervenors.
23
24      Come now the Intervenors, by and through their attorney undersigned, and for their causes of

25  action against John Kaiser, Trustee, The Shangri-La Trust 1999; John Kaiser, a married man;  Elizabeth

26  Kaiser, a married woman; John and Jane Does I-VII and Bryan Berard, an unmarried man, state and

27  allege, upon information and belief, as follows:

Kaiser, a married woman; John and Jane Does I-VII and Bryan Berard, an unmarried man, state and allege, upon information and belief, as follows:

## JURISDICTIONAL ALLEGATIONS

1.      Intervenors are all  persons who are Payees of certain promissory notes executed by John R. Kaiser, Shangri-La Trust 2002[sic (1999)] as the Maker;

2.      These promissory notes were all signed by Defendant "John R. Kaiser, 8224 N. Golf Drive, Paradise Valley, AZ".

3.      Each of the promissory notes described below has a Choice of Law provision that states "This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona".  The events giving rise to the Intervenors' causes of action occurred in Maricopa County, Arizona.

4.      At all times relevant to the events set forth herein, Intervenors Tyson and Kathy Nash are residents of the State of Arizona, County of Maricopa.  Intervenors Darryl Sydor, Jere Lehtinen, Dimitri Khristich, and William Randford are not residents of the State of Arizona.

5.      Upon information and belief, Defendant John R. Kaiser is believed to be a resident of the State of New York; Defendant Elizabeth Kaiser is believed to be a resident of the State of New York; and, Counterclaimant Bryan Berard is believed to be either a resident of the State of New York or Massachusetts.

6.      Upon information and belief, Defendant Kaiser was married at the time the debt alleged herein was incurred, remains married currently, and the debt was incurred to the benefit of the marital community.  Intervenors allege that Defendants Kaiser and the marital community of Defendants are liable for the debt alleged herein.

7.   At all times relevant herein, on information and belief, Kaiser is and was the sole trustee of the Shangri-La Trust 1999 (the "Trust"), a revocable trust that was formed under the laws of the state of Arizona.

8.   Upon information and belief, Counterclaimant Bryan Berard was a single man at all times relevant to the events set forth herein.

9.   Defendants John Does 1-10 and Jane Does 1-10 are fictitious persons whose true identities and liability to the Plaintiff are presently unknown at this time.  Plaintiff hereby seeks leave to amend this complaint to include the true name and basis for liability of these fictitious persons once their identities and factual basis for their liability become known to the Plaintiff.

10.   This Court has jurisdiction over this matter pursuant to Article VI, Section 14, of the Constitution of the State of Arizona, and A.R.S. §§ 12-123, 12-401, 44-1004 and Rule 24, Ariz.R.Civ.P.

## GENERAL ALLEGATIONS

11.   The Intervenors each have a promissory note executed by John R. Kaiser, Shangri-Las Trust 2002 [sic (1999)], ("Maker") described as follows:

1.  Tyson and Kathy Nash promissory note, dated 9/8/2009
2.  Darryl Sydor promissory note, dated 10/5/2009
3.  Jere Lehtinen promissory note, dated 11/19/2009
4.  Dimitri Khristich promissory note, dated 4/  /2010
5.  William Ranford promissory note, dated 5/23/2010

Promissory Notes attached hereto as *Exhibits 1-5*.

12.   Each of the above described promissory notes require that "within 7 days of the sale of the house located at 8224 N. Golf Drive, Paradise Valley, Az."; that "the note is secured by 8224 N. Golf Drive, Paradise Valley, Az"; and that, "the principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

3

13.     The relevant language in the Tyson and Kathy Nash promissory Note states:

". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

14.     The relevant language in the Darryl Sydor promissory Note states:

". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

15.     The relevant language in the Jere Lehtinen promissory Note states:

". . . the principal sum of **$50,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

16.     The relevant language in the Dimitri Khristich promissory Note states:

". . . the principal sum of **$30,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. Interest will be paid at an annual rate of **10%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as

described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

17.     The relevant language in the William Ranford promissory Note states:

". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ.** Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

18.     Upon information and belief, the real property located at 8224 North Golf Drive, Paradise Valley, Az., was sold more than 7 days ago.

19.     None of the above described promissory notes have been paid following the sale of the real property located at 8224 North Golf Drive, Paradise Valley, AZ, as required by the terms of each promissory note.

20.     Upon information and belief, the proceeds from the sale of the house from which the above described promissory notes are to be paid are presently being held in a trust account with the National Bank of Arizona, entitled "Berard, Kaiser and Kenner Trust Account". The account number is believed to be 0340013916.

21.     Upon information and belief, the existing parties in this matter stipulated to place the above described proceeds from the sale of the real property into the above described trust account pending resolution of their current litigation in this matter.

22.     Intervenors are entitled to priority payment of their promissory notes, including their principle and all accrued interest, plus their costs and attorney's fees, for having to bring this complaint to intervene.

## COUNT ONE
### (Breach of Contract)

23.    Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

24.    Each of the Intervenors has a valid and enforceable written promissory note signed by Defendant John R. Kaiser on behalf of John R. Kaiser, Shangri-La Trust 2002 [sic (1999)] ("the Maker").

25.    The terms of each promissory note required its payment in full, plus accrued interest, within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ.

26.    Defendants Kaiser and the Shangri-La Trust 2002 [sic (1999)] are in breach and default of the terms of each of the Intervenors' promissory notes.

27.    Intervenors (Payees) served, by certified mail, a Notice of Default to Defendants Kaiser, Defendants Kaisers' attorney of record, Counterclaimant Berard and Plaintiff/Counterdefendant Kenner.

28.    To date, these promissory notes remain in default and have not been paid.  Intervenors are entitled to payment of their notes, plus all accrued interest, plus their costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 341.01, from the monies presently impounded in trust as set forth above.

## COUNT TWO
### (Fraudulent Transfer)

29.    Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

30.    Unknown to the Intervenors, upon information and belief, on or about March 9, 2012 Defendant Kaiser, as trustee of the Shangri-La Trust 1999 purportedly transferred title to the real party at issue to himself and Counterclaimant Bryan Berard.

31.    This transfer and/or sale of the real property at issue, was concealed from the Intervenors and the promissory notes were not paid in full within 7 days of this transfer/sale.

32.   Each and every Intervener is a "creditor" and a "person who has a claim" within the meaning of A.R.S. § 44-1001(3).

33.   The Intervenors' promissory notes are a "debt" and/or "liability on a claim" within the meaning of A.R.S. § 44-1001(4).

34.   Defendants Kaiser, Counterclaimant Berard and the Shangri-La Trust 1999 are the "debtor" and "person(s) liable on the claim" within the meaning of A.R.S. § 44-1001(5).

35.   Defendant John R. Kaiser, as trustee of the Shangri-La Trust 1999 caused a "transfer" within the meaning of A.R.S. § 44-1001(9), of the Property from the Trust to Counterclaimant Bryan Berard and Defendant John R. Kaiser, which transfer is a fraudulent transfer pursuant to A.R.S. § 44-1004.

36.   As a result of the above, the Intervenors have been substantially and materially harmed unless their promissory notes, including principle and accrued interest, are paid from the monies impounded from the sale of the property.

37.   Intervenors are entitled to an avoidance of the Kaiser/Berard transfer unless their promissory notes, including principle and accrued interest, are paid from the monies impounded from the sale of the property.

### COUNT THREE
### (Reformation)

38.   Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

39.   Each of the Intervenor's promissory notes mistakenly refer to "Shangri-La Trust 2002".

40.   Upon information and belief, there is not, nor has there ever been, a "Shangri-La Trust 2002".

41.   Upon information and belief, this was a typographical error in the description of the Trust, which should have read "Shangri-La Trust 1999".

42.   Upon information and belief, this was a mutual mistake between the Maker and the Payee(s).

7

43.     In the alternative, Intervenors allege that the Maker's conduct in describing trust as the "Shangri-La Trust 2002", rather than the "Shangri-La Trust 1999" was fraudulent, or his conduct was inequitable, in order to unjustly enrich himself and/or induce the Intervenors to loan monies on the terms and conditions set forth within each promissory note.

44.     Intervenors are entitled to the equitable relief of reformation on the grounds that the description of the Trust is a mutual mistake or based upon the fraudulent or inequitable conduct infecting the underlying negotiations which caused the written promissory notes to deviate from the parties' true intent.

## COUNT FOUR
### (Breach of the Covenant of Good Faith and Fair Dealing)

45.     Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

46.     In every contract there exists an implied warranty of good faith and fair dealing that requires that no party to a contract prevent any other party from receiving the benefits of their agreement.

47.     The promissory notes described above each constitute an enforceable contract providing certain rights and obligations to each party hereto.

48.     The Defendants and/or Counterclaimants breached their duty of good faith and fair dealing by their actions discussed above, and including, among other things, purportedly transferring the real property at issue from the Shangri-La Trust 1999 to Defendants/Counterclaimants Kaiser and Berard, and by not paying the promissory notes within seven (7) days of the sale of the real property at issue.

49.     Intervenors have been substantially and materially harmed by such breaches in an amount to be proved and determined at trial (principal, plus accrued interest, plus costs and attorneys' fees).

50.     Defendants' and/or Counterclaimants' breach of the implied warranty of good faith and fair dealing also entitled Intervenors Kenner to recover their costs and attorneys' fees pursuant to A.RS. §§ 12-341 and 12-341.01(A).

8

1    WHEREFORE, Intervenors pray for judgment against the Defendants/Counterclaimants, and

2    each of them, as follows:

3

4    A.  For compensatory damages in such amount as the court or jury may determine at the time
         of trial, but not less than the amounts of their promissory notes, plus their accrued interest;

5    B.  To reform the promissory notes to state "Shangri-La Trust 1999", in place and stead of
         "Shangri-La Trust 2002";

6    C.  For consequential damages in such an amount as the Court or jury may determine at the

7        time of trial;

     D.  For general damages in such an amount as the Court or jury may determine at the time of

8        trial;

     E.  For Intervenors' costs and attorneys' fees incurred herein pursuant to A.RS. §§ 12-341 and

9        12-341.01(A); and

10   F.  For any such further relief the Court or jury finds just and proper.

11

12       DATED this 17th day of September, 2013.

13                                                    BAKER & BAKER

14

15                                          By

16                                                    Thomas M. Baker
                                                      Attorney for Intervenors

17

18

     Copies of the foregoing e-mailed and
19   mailed this  17th day of September, 2013 to:

20   Chandler W. Travis
     Melissa S. Lavonier
21   mlavonier@travislawaz.com
     Travis Law Firm PLC
22   10621 S. 51st Street, Ste 103
     Phoenix, Arizona 85044
23   Attorneys for Defendants/Counterclaimants

24   Mr. Phillip Kenner
     c/o Nathaniel H. Wadsworth
25   wadsworth@azlegal.com
     Rowley Chapman & Barney, Ltd.
26   63 E. Main St., Ste. 501
     Mesa, AZ  85201-7423

27

1   Mr. Phillip Kenner
2   c/o Ronald N. Richards, Esq.
    ron@ronaldrichards.com
3   Law Offices of Ronald Richards & Associates, A.P.C.
    PO Box 11480
    Beverly Hills, CA 90213
4   Attorney for Plaintiff/Counterdefendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT 1

AUG 28 09 00:33a

P. 1

## PROMISSORY NOTE
## $100,000.00 [US]

FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Tyson and Kathy Nash (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note

[a] Due & Payable. The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due.  In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

[b] Choice of Law. This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

[c] Debtors' Collateral. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

[d] Default. Each of the following events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

[e] Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

[f] Facsimile. Facsimile signatures are binding on both parties.

[g] Modifications. Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before September 8th, 2009.

John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

# EXHIBIT 2

**PROMISSORY NOTE**
$100,000.00 [US]

   FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Darryl Sydor (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ.  Interest will be paid at an annual rate of 15% paid in full per the terms of the note

   [a] **Due & Payable.** The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due.  In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

   [b] **Choice of Law.** This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

   [c] **Debtors' Collateral.** This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

   [d] **Default.** Each of the following events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

   [e] **Cure.** Upon notice from Payee, Maker shall have 15 days to cure any defaults.

   [f] **Facsimile.** Facsimile signatures are binding on both parties.

   [g] **Modifications.**  Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

   **IN WITNESS WHEREOF,** the undersigned has caused this Note to be executed in its name on or before October 5th, 2009.

X _____
John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

# EXHIBIT 3

**PROMISSORY NOTE**
*$50,000.00 [US]*

   **FOR VALUE RECEIVED**, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Jere Lehtinen (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $50,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note.

   [a] **Due & Payable.** The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

   [b] **Choice of Law.** This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

   [c] **Debtors' Collateral Assignment.** This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

   [d] **Default.** Each of the following events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

   [e] **Cure.** Upon notice from Payee, Maker shall have 15 days to cure any defaults.

   [f] **Facsimile.** Facsimile signatures are binding on both parties.

   [g] **Modifications.** Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

   **IN WITNESS WHEREOF**, the undersigned has caused this Note to be executed in its name on or before November 19, 2009.

X _____

      John R. Kaiser
      8224 North Golf Drive
      Paradise Valley, AZ

# EXHIBIT 4

... VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as ... pay to the order of Dimitri Khristich (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the ... $10,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. ... at an annual rate of 10%, paid in full per the terms of the note.

... Due & Payable. The entire outstanding principal balance of this Note shall be due and payable in ... of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in ... at any time without penalty or premium. Any partial payments shall be made first towards any fees  costs, then ... the principal due.  In the event the period of the loan extends through the annual date of this agreement, interest will ... the first year with principle to remain outstanding until due per the terms of the agreement.

... Choice of Law. This Note and the instruments securing it are to be governed, interpreted and construed ... and under the laws of the State of  Arizona.

... Debtors' Collateral. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The ... and interest due on the loan will be payable immediately following the repayment of the first loan on the property due ... gage bank.

... Default. Each of the following events shall constitute default hereunder: [1] Failure to pay when due  [2] ... of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker

... Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

... Facsimile. Facsimile signatures are binding on both parties.

... Modifications. Any modification to the terms hereunder shall be evidenced in a writing signed by both parties

... WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before April

x _____
John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

# EXHIBIT 5

PROMISSORY NOTE
$100,000.00 [US]

      FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002,
(hereinafter referred to as "Maker"), promises to pay to the order of William Ranford
(hereinafter referred to as "Payee"), located at _____, or at such other place as
the Payee may from time to time designate in writing, the principal sum of $100,000.00 within
7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ.
Interest will be paid at an annual rate of 15% paid in full per the terms of the note.

      [a] Due & Payable. The entire outstanding principal balance of this Note shall be
due and payable in
full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley,
AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any
partial payments shall be made first towards any fees, costs, then interest, then principal due.
In the event the period of the loan extends through the annual date of this agreement,
interest will be paid for the first year with principle to remain outstanding until due per the
terms of the agreement.

      [b] Choice of Law. This Note and the instruments securing it are to be governed,
interpreted and construed
by, through and under the laws of the State of Arizona.

      [c] Debtors' Collateral Assignment. This Note is secured by 8224 North Golf Drive,
Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable
immediately following the repayment of the first loan on the property due to the mortgage
bank.

      [d] Default. Each of the following events shall constitute default hereunder: [1]
Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of
bankruptcy against the Maker; [4] Insolvency of Maker.

      [e] Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

      [f] Facsimile. Facsimile signatures are binding on both parties.

      [g] Modifications. Any modification to the terms hereunder shall be evidenced in a
writing signed by both parties.

      IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in
its name on or before May 23, 2010.

X _____

John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
K. Laird, Deputy
5/23/2014 3:57:00 PM
Filing ID 5894643

1    Thomas M. Baker - Bar # 013475
2    **BAKER & BAKER**
      5050 N. 8th Place #10
3    Phoenix, Arizona 85014
      (602) 279-1644
4
      Attorney for Intervenors
5

6              **SUPERIOR COURT OF THE STATE OF ARIZONA**

7              **IN AND FOR THE COUNTY OF MARICOPA**

8    PHILIP A. KENNER, TRUST BENEFICIARY,
      THE SHANGRI-LA TRUST 1999,                          NO.  CV2012-055576
9
                        Plaintiff,
10
                  vs.                                      **INTERVENORS' FIRST**
11                                                         **AMENDED COMPLAINT**
      JOHN KAISER, TRUSTEE, THE SHANGRI-
      LA TRUST 1999; JOHN KAISER, a married
12    man;  ELIZABETH KAISER, a married woman;
      JOHN AND JANE DOES I-VII                             (Assigned to the
13                                                         Honorable Alfred Fenzel)
14                      Defendants.

15    JOHN KAISER, a married man as his sole and
      separate property; BRYAN BERARD, an
16    unmarried man,

17                      Counterclaimants,
      vs.
18
      PHILIP A. KENNER, a single man,
19
                        Counterdefendant.
20
      TYSON and KATHY NASH, husband and wife;
21    DARRYL SYDOR; JERE LEHTINEN;
      DIMITRI KHRISTICH; WILLIAM RANFORD,
22
                        Intervenors.
23

             Come now the Intervenors, by and through their attorney undersigned, and for their causes of
24
      action against John Kaiser, Trustee, The Shangri-La Trust 1999; John Kaiser, a married man;  Elizabeth
25
      Kaiser, a married woman; John and Jane Does I-VII and Bryan Berard, an unmarried man, state and
26
      allege, upon information and belief, as follows:
27

## JURISDICTIONAL ALLEGATIONS

1.      Intervenors are all  persons who are Payees of certain promissory notes executed by John R. Kaiser, Shangri-La Trust 2002[sic (1999)] as the Maker;

2.      These promissory notes were all signed by Defendant "John R. Kaiser, 8224 N. Golf Drive, Paradise Valley, AZ".

3.      Each of the promissory notes described below has a Choice of Law provision that states "This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona". The events giving rise to the Intervenors' causes of action occurred in Maricopa County, Arizona.

4.      At all times relevant to the events set forth herein, Intervenors Tyson and Kathy Nash are residents of the State of Arizona, County of Maricopa.  Intervenors Darryl Sydor, Jere Lehtinen, Dimitri Khristich, and William Randford are not residents of the State of Arizona.

5.      Upon information and belief, Defendant John R. Kaiser is believed to be a resident of the State of New York; Defendant Elizabeth Kaiser is believed to be a resident of the State of New York; and, Counterclaimant Bryan Berard is believed to be either a resident of the State of New York or Massachusetts.

6.      Upon information and belief, Defendant Kaiser was married at the time the debt alleged herein was incurred, remains married currently, and the debt was incurred to the benefit of the marital community.  Intervenors allege that Defendants Kaiser and the marital community of Defendants are liable for the debt alleged herein.

7.      At all times relevant herein, on information and belief, Kaiser is and was the sole trustee of the Shangri-La Trust 1999 (the "Trust"), a revocable trust that was formed under the laws of the state of Arizona.

2

8.      Upon information and belief, Counterclaimant Bryan Berard was a single man at all times relevant to the events set forth herein.

9.      Defendants John Does 1-10 and Jane Does 1-10 are fictitious persons whose true identities and liability to the Plaintiff are presently unknown at this time.  Plaintiff hereby seeks leave to amend this complaint to include the true name and basis for liability of these fictitious persons once their identities and factual basis for their liability become known to the Plaintiff.

10.      This Court has jurisdiction over this matter pursuant to Article VI, Section 14, of the Constitution of the State of Arizona, and A.R.S. §§ 12-123, 12-401, 44-1004 and Rule 24, Ariz.R.Civ.P.

**GENERAL ALLEGATIONS**

11.      The Intervenors each have a promissory note executed by John R. Kaiser, Shangri-Las Trust 2002 [sic (1999)], ("Maker") described as follows:

1.  Tyson and Kathy Nash promissory note, dated 9/8/2009
2.  Darryl Sydor promissory note, dated 10/5/2009
3.  Jere Lehtinen promissory note, dated 11/19/2009
4.  Dimitri Khristich promissory note, dated 4/  /2010
5.  William Ranford promissory note, dated 5/23/2010

Promissory Notes attached hereto as *Exhibits 1-5*.

12.      Each of the above described promissory notes require that "within 7 days of the sale of the house located at 8224 N. Golf Drive, Paradise Valley, Az."; that "the note is secured by 8224 N. Golf Drive, Paradise Valley, Az"; and that, "the principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

13.      The relevant language in the Tyson and Kathy Nash promissory Note states:

". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ.  Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as

3

described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

14.    The relevant language in the Darryl Sydor promissory Note states:

". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . .. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

15.    The relevant language in the Jere Lehtinen promissory Note states:

". . . the principal sum of **$50,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

16.    The relevant language in the Dimitri Khristich promissory Note states:

". . . the principal sum of **$30,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. Interest will be paid at an annual rate of **10%** paid in full per the terms of the note. . . . The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank."

17.    The relevant language in the William Ranford promissory Note states:

". . . the principal sum of **$100,000.00** within 7 days of the sale of the house located at **8224 North Golf Drive, Paradise Valley, AZ**. Interest will be paid at an annual rate of **15%** paid in full per the terms of the note. . . . The entire

4

1  outstanding principal balance of this Note shall be due and payable in full within 7
2  days of the sale of the house located at 8224 North Golf Drive, Paradise Valley,
   AZ. . . . This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as
3  described.  The principle and interest due on the loan will be payable immediately
   following the repayment of the first loan on the property due to the mortgage
4  bank."

5      18.    Upon information and belief, the real property located at 8224 North Golf Drive,
6  Paradise Valley, Az., was sold more than 7 days ago.

7      19.    None of the above described promissory notes have been paid following the sale of the
8  real property located at 8224 North Golf Drive, Paradise Valley, AZ, as required by the terms of each
9  promissory note.

10     20.    Upon information and belief, the proceeds from the sale of the house from which the
11 above described promissory notes are to be paid are presently being held in a trust account with the
12 National Bank of Arizona, entitled "Berard, Kaiser and Kenner Trust Account".  The account number
13 is believed to be 0340013916.

14     21.    Upon information and belief, the existing parties in this matter stipulated to place the
15 above described proceeds from the sale of the real property into the above described trust account
16 pending resolution of their current litigation in this matter.

17     22.    Intervenors are entitled to priority payment of their promissory notes, including their
18 principle and all accrued interest, plus their costs and attorney's fees, for having to bring this
19 complaint to intervene.

20                                    **COUNT ONE**
21                                  **(Breach of Contract)**

22     23.    Intervenors hereby re-allege and incorporate by reference each and every other paragraph
23 in this complaint as if fully restated herein.

24     24.    Each of the Intervenors has a valid and enforceable written promissory note signed by
25 Defendant John R. Kaiser on behalf of John R. Kaiser, Shangri-La Trust 2002 [sic (1999)] ("the
26 Maker").

27     25.    The terms of each promissory note required its payment in full, plus accrued interest,
   within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ.

5

26.   Defendants Kaiser and the Shangri-La Trust 2002 [sic (1999)] are in breach and default of the terms of each of the Intervenors' promissory notes.

27.   Intervenors (Payees) served, by certified mail, a Notice of Default to Defendants Kaiser, Defendants Kaisers' attorney of record, Counterclaimant Berard and Plaintiff/Counterdefendant Kenner.

28.   To date, these promissory notes remain in default and have not been paid.  Intervenors are entitled to payment of their notes, plus all accrued interest, plus their costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 341.01, from the monies presently impounded in trust as set forth above.

**COUNT TWO**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

29.   Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

30.   In every contract there exists an implied warranty of good faith and fair dealing that requires that no party to a contract prevent any other party from receiving the benefits of their agreement.

31.   The promissory notes described above each constitute an enforceable contract providing certain rights and obligations to each party hereto.

32.   The Defendants and/or Counterclaimants breached their duty of good faith and fair dealing by their actions discussed above, and including, among other things, purportedly transferring the real property at issue from the Shangri-La Trust 1999 to Defendants/Counterclaimants Kaiser and Berard, and by not paying the promissory notes within seven (7) days of the sale of the real property at issue.

33.   Intervenors have been substantially and materially harmed by such breaches in an amount to be proved and determined at trial (principal, plus accrued interest, plus costs and attorneys' fees).

34.   Defendants' and/or Counterclaimants' breach of the implied warranty of good faith and fair dealing also entitled Intervenors Kenner to recover their costs and attorneys' fees pursuant to A.RS. §§ 12-341 and 12-341:01(A).

## COUNT THREE
### (Reformation)

35.   Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

36.   Each of the Intervenor's promissory notes mistakenly refer to "Shangri-La Trust 2002".

37.   Upon information and belief, there is not, nor has there ever been, a "Shangri-La Trust 2002".

38.   Upon information and belief, this was a typographical error in the description of the Trust, which should have read "Shangri-La Trust 1999".

39.   Upon information and belief, this was a mutual mistake between the Maker and the Payee(s).

40.   In the alternative, Intervenors allege that the Maker's conduct in describing trust as the "Shangri-La Trust 2002", rather than the "Shangri-La Trust 1999" was fraudulent, or his conduct was inequitable, in order to unjustly enrich himself and/or induce the Intervenors to loan monies on the terms and conditions set forth within each promissory note.

41.   Intervenors are entitled to the equitable relief of reformation on the grounds that the description of the Trust is a mutual mistake or based upon the fraudulent or inequitable conduct infecting the underlying negotiations which caused the written promissory notes to deviate from the parties' true intent.

In the event Defendant Kaiser should deny entering into the written loan agreements set forth above in paragraphs 11-17 (exhibits 1-5), Intervenors hereby allege, in the alternative, the following counts 4-6.

7

## COUNT FOUR
### (Unjust Enrichment)

42.  Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

43.  Intervenors loaned the Defendants and/or Counterclaimants the $380,000.00 set forth above in *paragraphs 11-17*.

44.  These monies were to be used by the Defendants and/or Counterclaimants for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

45.  The monies were to be repaid in full, plus accrued interest at the various rates set forth within *paragraphs 11-17*, within seven (7) days of the sale of the real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

46.  Defendants and/or Counterclaimants used these monies for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona in order to increase the value of the real property.

47.  By receiving these monies and not repaying the Intervenors within seven (7) days of the sale of the real property, Defendants and/or Counterclaimants have been unjustly enriched.

48.  In the event that the trier of fact determines the Intervenors do not have valid written agreements with the Defendants and/or Counterclaimants, then the Defendants and/or Counterclaimants have been unjustly enriched and equity and good conscience now require the Defendants and/or Counterclaimants to repay the Intervenors their monies plus accrued interest.

## COUNT FIVE
### (Implied Contract)

49.  Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

50.  Intervenors loaned the Defendants and/or Counterclaimants the $380,000.00 set forth above in *paragraphs 11-17*.

51.    These monies were to be used by the Defendants and/or Counterclaimants for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

52.    The monies were to be repaid in full, plus accrued interest at the various rates set forth within ***paragraphs 11-17***, within seven (7) days of the sale of the real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

53.    Defendants and/or Counterclaimants used these monies for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona in order to increase the value of the real property.

54.    In the event that the trier of fact determines the Intervenors do not have valid written agreements with the Defendants and/or Counterclaimants, then the Intervenors affirmatively allege that they have an implied contract on the same terms and conditions as set forth above in paragraphs 11-17 for the repayment of their monies loaned to the Defendants and/or Counterclaimants.

**COUNT SIX**
**(Promissory Estoppel)**

55.    Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

56.    Intervenors loaned the Defendants and/or Counterclaimants the $380,000.00 set forth above in ***paragraphs 11-17***.

57.    These monies were to be used by the Defendants and/or Counterclaimants for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

58.    The monies were to be repaid in full, plus accrued interest at the various rates set forth within ***paragraphs 11-17***, within seven (7) days of the sale of the real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

59.   Defendants and/or Counterclaimants used these monies for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona in order to increase the value of the real property.

60.   Defendants and/or Counterclaimants and/or their agent enticed the Intervenors to loan the Defendants and/or Counterclaimants the monies described above in paragraphs 11-17 and promised the Intervenors that their monies would be repaid on the terms and conditions set forth above within paragraphs 11-17.

61.   In the event that the trier of fact determines the Intervenors do not have valid written agreements with the Defendants and/or Counterclaimants, then the Intervenors affirmatively allege that the equitable principles of promissory estoppel require the Defendants and/or Counterclaimants to repay the Intervenors their monies loaned on the same terms and conditions as set forth above in paragraphs 11-17.

In the event Defendant Kaiser should deny entering into the written loan agreements set forth above in paragraphs 11-17 (exhibits 1-5) as Trustee for the Shangri-La Trust 1999, Intervenors hereby allege, in the alternative, the following count 7.

## COUNT SEVEN
### (Fraudulent Inducement)

62.   Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

63.   Intervenors loaned the Defendants and/or Counterclaimants the $380,000.00 set forth above in *paragraphs 11-17*.

64.   These monies were to be used by the Defendants and/or Counterclaimants for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

65.   The monies were to be repaid in full, plus accrued interest at the various rates set forth within *paragraphs 11-17*, within seven (7) days of the sale of the real property located at 8224 North Golf Drive, Paradise Valley, Arizona.

10

66.   Defendants and/or Counterclaimants used these monies for improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona in order to increase the value of the real property.

67.   Defendants and/or Counterclaimants and/or their agent enticed the Intervenors to loan the Defendants and/or Counterclaimants the monies described above in paragraphs 11-17 and promised the Intervenors that their monies would be repaid on the terms and conditions set forth above within paragraphs 11-17 by affirmatively leading the Intervenors to believe that Defendant John R. Kaiser was the Trustee of the Shangri-La Trust 2002 [sic 1999] and that he had the authority to encumber the property located at 8224 North Golf Drive, Paradise Valley, AZ.

68.   Defendants and/or Counterclaimants and/or their agent affirmatively lead the Intervenors to believe that Defendant John R. Kaiser was the Trustee of the Shangri-La Trust 2002 [sic 1999] and was executing each of the promissory notes described above in paragraphs 11-17 (**Exhibits** 1-5) in his official capacity as Trustee.

69.   None of the Intervenors would have agreed to lend the Defendants and/or Counterclaimants the monies described within exhibits 1-5, and on the terms and conditions contained within exhibit 1-5, without having been lead to believe that Defendant John R. Kaiser was using their monies for the purposes of improvements/remodeling/maintenance on a real property located at 8224 North Golf Drive, Paradise Valley, Arizona and that they would be repaid from the proceeds of the sale of the real property within 7 days of its sale.

70.   In the event that the trier of fact determines the Intervenors do not have valid written agreements with the Shangri-La Trust 2002 [sic1999], then they affirmatively alleged that they were fraudulently induced onto lending the Trust monies and equity requires the Defendants/Counterclaimants to repay the Intervenors their monies loaned, plus accrued interest, from the sale proceeds of the real property located at 8224 North Golf Drive, Paradise Valley, AZ.

71.   Defendants and/or Counterclaimants, then the Intervenors affirmatively allege that the equitable principles of fraudulent inducement, promissory estoppel, unjust enrichment and implied

1    contract all require the Defendants and/or Counterclaimants to repay the Intervenors their monies
2    loaned on the same terms and conditions as set forth above in paragraphs 11-17.

## COUNT EIGHT
### (Fraudulent Transfer)

72.    Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

73.    Unknown to the Intervenors, upon information and belief, on or about March 9, 2012 Defendant Kaiser, as trustee of the Shangri-La Trust 1999 purportedly transferred title to the real party at issue to himself and Counterclaimant Bryan Berard.

74.    This transfer and/or sale of the real property at issue, was concealed from the Intervenors and the promissory notes were not paid in full within 7 days of this transfer/sale.

75.    Each and every Intervener is a "creditor" and a "person who has a claim" within the meaning of A.R.S. § 44-1001(3).

76.    The Intervenors' promissory notes are a "debt" and/or "liability on a claim" within the meaning of A.R.S. § 44-1001(4).

77.    Defendants Kaiser, Counterclaimant Berard and the Shangri-La Trust 1999 are the "debtor" and "person(s) liable on the claim" within the meaning of A.R.S. § 44-1001(5).

78.    Defendant John R. Kaiser, as trustee of the Shangri-La Trust 1999 caused a "transfer" within the meaning of A.R.S. § 44-1001(9), of the Property from the Trust to Counterclaimant Bryan Berard and Defendant John R. Kaiser, which transfer is a fraudulent transfer pursuant to A.R.S. § 44-1004.

79.    As a result of the above, the Intervenors have been substantially and materially harmed unless their promissory notes, including principle and accrued interest, are paid from the monies impounded from the sale of the property.

80.    Intervenors are entitled to an avoidance of the Kaiser/Berard transfer unless their promissory notes, including principle and accrued interest, are paid from the monies impounded from the sale of the property.

## COUNT EIGHT
### (Injunctive Relief)

81.   Intervenors hereby re-allege and incorporate by reference each and every other paragraph in this complaint as if fully restated herein.

82.   Intervenors are entitled to enjoin the Plaintiff, Defendants and Counterclaimants from disbursing the monies presently being held in the trust account more fully described above in paragraph 20.

83.   Intervenors have plead to a substantial degree of certainty that the monies presently being held in the trust account described above in paragraph 20 was to be used to repay the Intervenors the principle amount each Intervenor loaned to the Defendants and/or Counterclaimants, plus all accrued interest as set forth above within paragraphs 11-17 and exhibits 1-5.

WHEREFORE, Intervenors pray for judgment against the Defendants/Counterclaimants, and each of them, as follows:

A. For compensatory damages in such amount as the court or jury may determine at the time of trial, but not less than the amounts of their promissory notes, plus their accrued interest;
B. To reform the promissory notes to state "Shangri-La Trust 1999", in place and stead of "Shangri-La Trust 2002";
C. For consequential damages in such an amount as the Court or jury may determine at the time of trial, but not less than this Court's minimum jurisdictional requirement;
D. For general damages in such an amount as the Court or jury may determine at the time of trial, but not less than this Court's minimum jurisdictional requirement;
E. For such equitable relief pled, as applicable;
F. For Intervenors' costs and attorneys' fees incurred herein pursuant to A.RS. §§ 12-341 and 12-341.01(A); and,
G. For any such further relief the Court or jury finds just and proper.

DATED this _____ day of October, 2013.

BAKER & BAKER


By _____/s/ Thomas M. Baker_____
        Thomas M. Baker
        Attorney for Intervenors

13

1  Copies of the foregoing e-mailed and
   mailed this 1st day of October, 2013 to:
2

   Chandler W. Travis
3  Melissa S. Lavonier
   mlavonier@travislawaz.com
4  Travis Law Firm PLC
   10621 S. 51st Street, Ste 103
5  Phoenix, Arizona 85044
   Attorneys for Defendants/Counterclaimants
6
   Mr. Phillip Kenner
7  c/o Nathaniel H. Wadsworth
   wadsworth@azlegal.com
8  Rowley Chapman & Barney, Ltd.
   63 E. Main St., Ste. 501
9  Mesa, AZ  85201-7423

10 Mr. Phillip Kenner
   c/o Ronald N. Richards, Esq.
11 ron@ronaldrichards.com
   Law Offices of Ronald Richards & Associates, A.P.C.
12 PO Box 11480
   Beverly Hills, CA 90213
13 Attorney for Plaintiff/Counterdefendant

14
        /s/ Thomas M. Baker
15

16

17

18

19

20

21

22

23

24

25

26

27

14

EXHIBIT 1

P. 1

## PROMISSORY NOTE
## $100,000.00 [US]

FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to "Maker"), promises to pay to the order of Tyson and Kathy Nesh (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note.

(a) Due & Payable. The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this Agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the Agreement.

(b) Choice of Law. This Note and the instruments securing it are to be governed, interpreted and construed by, and under the laws of the State of Arizona.

(c) Debtors' Collateral. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described property due to the mortgage party.

(d) Default. Each of the following events shall constitute a default hereunder: (1) Failure to pay when due by the Maker of (a) note to Maker's creditors; (b) filing of bankruptcy against the Maker; (3) Insolvency of Maker.

(e) Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

(f) Facsimile. Facsimile signatures are binding on both parties.

(g) Modifications. Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name upon behalf
September __, 2009.

_____
John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

EXHIBIT 2

**PROMISSORY NOTE**
$100,000.00 [US]

FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Darryl Sydor (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note

[a] **Due & Payable.** The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

[b] **Choice of Law.** This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

[c] **Debtors' Collateral.** This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

[d] **Default.** Each of the following events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

[e] **Cure.** Upon notice from Payee, Maker shall have 15 days to cure any defaults.

[f] **Facsimile.** Facsimile signatures are binding on both parties.

[g] **Modifications.** Any modification to the terms hereunder shall be evidenced in a writing signed by both parties,

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before October 5th, 2009.

X _____

John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

EXHIBIT 3

11/19/2009 17:41 FAX                                                                                    @001/001

## PROMISSORY NOTE
### $50,000.00 [US]

FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of Jere Lehtinen (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $50,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note.

[a] **Due & Payable.** The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

[b] **Choice of Law.** This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

[c] **Debtors' Collateral Assignment.** This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described, The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

[d] **Default.** Each of the following events shall constitute default hereunder; [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

[e] **Cure.** Upon notice from Payee, Maker shall have 15 days to cure any defaults.

[f] **Facsimile.** Facsimile signatures are binding on both parties.

[g] **Modifications.** Any modification to the terms hereunder shall be evidenced in a writing signed by both parties,

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before November 19, 2009,

X _____

John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ ,.

p. 1                                                                                    Nov 05 09 10:01a

EXHIBIT 4

NOTE

FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker") pay to the order of Dimitri Khristich (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the sum of $350,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. The note is at an annual rate of 10%, paid in full per the terms of the note.

(a) Due & Payable. The entire outstanding principal balance of this Note shall be due and payable in full upon the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ.  This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then towards the principal due.   In the event the period of the loan extends through the annual date of this agreement, interest will accrue for the first year with principle to remain outstanding until due per the terms of the agreement.

(b) Choice of Law. This Note and the instruments securing it are to be governed, interpreted and construed within and under the laws of the State of Arizona.

(c) Debtors' Collateral. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described.   The principal and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the 1st page bank.

(d) Default. Each of the following events shall constitute default hereunder; (1) Failure to pay when due; (2) sale of this note to Makers' creditors; (3) Filing of bankruptcy against the Maker; (4) Insolvency of Maker.

(e) Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

(f) Facsimile. Facsimile signatures are binding on both parties.

(g) Modifications. Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before April

X _____
John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ

EXHIBIT 5

May 12 10 01:34p                                                      p.1

PROMISSORY NOTE
$100,000.00 [US]

     FOR VALUE RECEIVED, the undersigned, John R. Kaiser, Shangri-La Trust 2002, (hereinafter referred to as "Maker"), promises to pay to the order of William Ranford (hereinafter referred to as "Payee"), located at _____, or at such other place as the Payee may from time to time designate in writing, the principal sum of $100,000.00 within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. Interest will be paid at an annual rate of 15% paid in full per the terms of the note.

     [a] Due & Payable. The entire outstanding principal balance of this Note shall be due and payable in full within 7 days of the sale of the house located at 8224 North Golf Drive, Paradise Valley, AZ. This Note may be prepaid in whole or in part at any time without penalty or premium. Any partial payments shall be made first towards any fees, costs, then interest, then principal due. In the event the period of the loan extends through the annual date of this agreement, interest will be paid for the first year with principle to remain outstanding until due per the terms of the agreement.

     [b] Choice of Law. This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of Arizona.

     [c] Debtors' Collateral Assignment. This Note is secured by 8224 North Golf Drive, Paradise Valley, AZ, as described. The principle and interest due on the loan will be payable immediately following the repayment of the first loan on the property due to the mortgage bank.

     [d] Default. Each of the following events shall constitute default hereunder: [1] Failure to pay when due; [2] assignment of this note to Makers' creditors; [3] Filing of bankruptcy against the Maker; [4] Insolvency of Maker.

     [e] Cure. Upon notice from Payee, Maker shall have 15 days to cure any defaults.

     [f] Facsimile. Facsimile signatures are binding on both parties.

     [g] Modifications. Any modification to the terms hereunder shall be evidenced in a writing signed by both parties.

     IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on or before May 23, 2010.

x _____

May 12 10 01:34p                                                        p.2

John R. Kaiser
8224 North Golf Drive
Paradise Valley, AZ