**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMM/SK
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

April 2, 2015

By ECF

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: United States v. Tommy C. Constantine
Criminal Docket No. 13-607(S-1)(JFB)

Dear Judge Bianco:

The government respectfully submits this letter as directed by the Court in reply to the above-named defendant's notice regarding the issuance of grand jury subpoenas subsequent to the indictment in this matter.

I. Legal Principles Regarding Post-Indictment Grand Jury Subpoenas

The government may not use the grand jury to prepare for an already pending indictment for trial. United States v. Dardi, 330 F.2d 316, 336 (2d Cir. 1964). However, when there is another purpose for the post indictment subpoena, evidence that was gained through grand jury subpoenas may be used at trial even for previously indicted charges. United States v. Sasso, 59 F.3d 341, 351-52 (2d Cir. 1995); United States v. Salameh, 152 F.3d 88, 109 (2d Cir. 1998); United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994). The burden rests on the defense to show a grand jury investigation had an improper motive. Salameh, 152 F.3d at 109; Leung, 40 F.3d at 581. Further, there is a "presumption of regularity" regarding grand jury proceedings. Hamling v. United States, 418 U.S. 87, 139 n.23 (1974); Salameh at 109-110. Accordingly, the defense must show particular proof of misconduct to overcome the presumption. Salameh, supra.

II. The Post-Indictment Use of the Grand Jury

The indictment in this case was returned on October 29, 2013. Defendants Kenner and Constantine were charged with conspiring to commit wire fraud over a span of years through inter-connected business ventures consisting of a land development in Hawaii, the operation of a pre-paid credit card company known as Eufora, and the raising of funds

from investor-victims for something the defendants called the "Global Settlement Fund" ("GSF"). Additional counts charged defendant Kenner solely with a wire fraud scheme involving his theft of money from one of his clients, former NHL player Michael Peca, to buy and develop land in Sag Harbor, New York, which Kenner named "Led Better." Finally, Kenner and Constantine are both charged with conspiracy to launder money obtained through their frauds.

At all times, the investigation encompassed other potential violations of federal criminal law not included in the indictment. Without detailing those matters, a total of 18 grand jury subpoenas were issued and 17 were served upon individuals or corporate entities after the indictment between October 2013 and April 2014. These include the two subpoenas referenced by counsel for defendant Constantine at the conference before the Court on March 25, 2015. The post-indictment subpoenas for testimony and/or documents sought evidence related to possible bankruptcy fraud, false statements, perjury, tax evasion and additional mail and wire fraud schemes centered on properties and businesses beyond Hawaii, Eufora, GSF and the Led Better property.

During the course of their conspiracy, the defendants owned and operated dozens of limited liability corporations that in turn owned real property or businesses or other assets ranging from vacant land to aircraft. In some instances, such as Eufora, the defendants jointly held ownership positions within these LLC's. Because of the inter-relatedness of these entities and the potential relevance of the newly-acquired material to the pending counts as well as other violations, all documentary evidence obtained pursuant to the post-indictment subpoenas was disclosed to the defendants throughout 2014 pursuant to Rule 16 discovery. No witnesses testified as a result of the post-indictment subpoenas. One witness who was served a subpoena, but did not testify before the grand jury, was eventually interviewed by agents about matters relevant to both the indicted frauds as well as other acts involving the defendants. Memoranda of those interviews has been provided to the defense in early 3500 material production. (Gov. Exh. 3500-JGR-1, 2 and 4).

In conclusion, the government submits that the use of post-indictment subpoenas and the evidence obtained through these subpoenas was proper. No subpoena was used to prepare for the trial of the indicted charges or for any improper motive. Accordingly, insofar as defendant Constantine's notice of post-indictment subpoenas is to be construed as

a motion for some form of relief, it should be denied. Should the Court wish, the government is prepared to provide copies of the grand jury subpoenas for in camera inspection.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/S/________________________
James Miskiewicz
Saritha Komatireddy
Assistant U.S. Attorneys

cc: Defense Counsel of Record (via ECF)