*LARUSSO & CONWAY, LLP*
*ATTORNEYS AT LAW*
*300 OLD COUNTRY ROAD*
*SUITE 341*
*MINEOLA, NEW YORK 11501*
Telephone No. (516) 248-3520
Facsimile No. (516) 248-3522

April 16, 2015

*Electronically Filed*

James M. Miskiewicz
Assistant U.S. Attorney
U.S. Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Tommy Constantine
        Criminal Docket No. 13-607(S-1)(JFB)

Dear Mr. Miskiewicz:

    As requested by the Court, during our March 15, 2015 appearance, and in an effort to resolve possible discovery issues, we respectfully request particulars concerning "certain" allegations appearing in the Superseding Indictment ("SI") relating to the diversion of money for my client's personal benefit and for unauthorized purposes.

**Hawaii Land Development**

    In Paragraph 8 of the Superseding Indictment, the grand jury alleged that our client and the co-defendant "unlawfully diverted Investor money for their personal benefit" and "used money from Investor's lines of credit for unauthorized purposes." (SI ¶8) Please identify the particular disbursements (1) from Investor money that were diverted for Mr. Constantine's "personal benefit" and (2) from Investors' lines of credit for "unauthorized purposes."

In SI ¶9, The grand jury alleged that the co-defendant "obtained mortgage loans on properties purchased with Investors' money and subsequently diverted the loan proceeds to entities unrelated to the Hawaii land development project as well as to bank accounts" controlled by the defendants. Please identify the particular loans and the entities and accounts that received the unlawful diversions.

**Eufora Investments**

In Paragraphs 12 and 13, you allege the unlawful diversion of "certain money for unauthorized purposes, including for {Constantine's] personal benefit." (SI ¶¶12-13) Please disclose the particulars of the diversions mentioned in each paragraph.

Because of the general nature of the allegations in the Superseding Indictment, we are unable to identify the particular thefts that are presently being charged in the new indictment. In the original Indictment, specific amounts were detailed as being diverted from money invested by specified investors, including $1,425,000 (¶29), $725,000 (¶30), $700,000 (¶¶31-32) and $200,000 (¶33). Again, to properly prepare for trial, we respectfully request the particulars of the diversions to our client Tommy Constantine be provided.

In SI ¶14, the grand jury alleged that Constantine diverted "certain money for unauthorized purposes, including his personal benefit, and disavowed John Doe 11's ownership interest in Eufora." We assume this charge relates to Nicholas Privitello's $200,000 investment charged in ¶33 of the original Indictment. Please specify whether the entire amount was diverted without authorization, but, if only a portion of the $200,000 is now considered misappropriated, please identify the later unauthorized diversions.

Also, in SI ¶14, please identify when and how Constantine "disavowed John Doe's ownership interest in Eufora." Also, please identify any documents reflecting this disavowal of ownership.

**Global Settlement Fund ("GSF")**

In SI ¶15, the grand jury alleged that "certain of the Investors contributed" to the GSF, and the defendants "then unlawfully diverted certain money for unauthorized purposes,

including for their personal benefit." Please identify the Investors, as you did in the other alleged fraudulent schemes, and please particularize the items claimed to have been unlawfully diverted. This information will certainly help us prepare for trial and likewise narrow the focus of the trial to the contested items, hopefully resulting in an economic use of court time.

If there are questions, I am available to discuss these particular requests, and, if you feel an in-person meeting would be more helpful in resolving our concerns, I will make myself available at a mutually convenient time.

Thank you for your anticipated attention to these matters.

Respectfully submitted,

Robert P. LaRusso

cc: Richard D. Healy, Esq.
    One Suffolk Square
    1601 Veterans Memorial Highway
    Suite 425
    Islandia, NY 11749
    (via mail)