*LARUSSO & CONWAY, LLP*
*ATTORNEYS AT LAW*
*300 OLD COUNTRY ROAD*
*SUITE 341*
*MINEOLA, NEW YORK 11501*
Telephone No. (516) 248-3520
Facsimile No. (516) 248-3522

*FILED ECF*

March 23, 2015

Honorable Joseph F. Bianco
United States District Court Judge
Eastern District of New York
100 Federal Plaza
New York, New York 11722

    Re:  United States v. Tommy Constantine
           Criminal Docket No. 13-607(S-1)(JFB)

Dear Judge Bianco:

    Based upon a number of recent developments, this letter is respectfully being submitted renewing our severance motion because of the substantial prejudicial impact of (1) the antagonistic defenses of my client and co-defendant Phillip Kenner; (2) the likelihood of the Home Depot recording being introduced into evidence during cross-examination of Kenner; and (3) the prejudicial impact of the ongoing obstruction investigation disclosed for the first time in court yesterday.

Antagonistic Defenses

    Recently, on several occasions, Mr. Kenner's attorney Richard Haley mentioned that his client will be testifying and that, in fact, Mr. Haley will disclose that fact during his opening argument. In addition, Mr. Haley confirmed that his client will be "pointing-the-finger" during trial at Mr. Constantine, especially in regard to the alleged misappropriation of money from the Global Settlement Fund ("GSF"). In return, I likewise advised Mr Haley that our defense

rests, in part, on proving that Mr. Kenner lied to his clients, principally retired hockey players, in accusing Mr. Constantine of misappropriating the GSF money. As an example, in an April 19, 2011 email, Kenner wrote "[a]s you are aware, Constantine has misappropriated the lion share of the GSF (Global Settlement Funds)."

Moreover, we will argue, during our opening argument that the evidence will prove Kenner defrauded his hockey player investors by diverting money to obtain shares of Eufora for himself. This scheme was actually spelled out in Paragraph 31-32 of the original Indictment. Moreover, after obtaining ownership, Kenner actually sold his shares to his own clients, failed to disclose his ownership interest, and conspired with government witnesses Timothy Gaarn ("Gaarn") and C.R. Gentry ("Gentry") to back-date Kenner's transfer of his shares to Gaarn permitting the conspirators to make it appear as if Gaarn were the legitimate owner, then sell the shares, and transfer the investors' money from Eufora to an account belonging to Gaarn. Whereupon, Kenner directed Gaarn to disburse the money primarily for Kenner's personal benefit. As Eufora's Chief Executive Officer (CEO) and Chief Financial Officer (CFO) at the time, Gentry sought to cover up the scheme by directing Eufora's accountant to amend prior tax years to reflect the fraudulent back-dated transfer to Gaarn.

Moreover, we will present evidence that during 2010, Kenner, government witnesses John Kaiser, Timothy Garrn and C.R Gentry conspired to take over Eufora from Constantine, purposely misrepresenting information to the hockey player investors by falsely accusing Constantine of self-dealing and theft from Eufora. Ultimately, the conspirators hired an attorney, and convinced the investors to file a derivative suit against Constantine seeking to displace my client from Eufora, a company founded and sustained by him for over a decade.

Obstruction Charges

The recent disclosure that Kenner has been engaged in efforts to obstruct the present prosecution is additional evidence of Kenner's long-standing practice to obstruct court proceedings by falsifying evidence and suborning perjury. We anticipate cross-examining Mr. Kenner on these issues during trial.

Though we have listened to only a small portion of the tape between Kenner and a confidential informant, which was provided

yesterday in court, we were unable to clearly understand the nature of the obstruction from the recording because of background noises and other overlapping conversations. We sought to obtain a more detailed description of the obstruction, but were advised by Assistant U.S. Attorney Robert Polemini that the matter was an "ongoing investigation," and, therefore, the government would not provide further clarification or information regarding the nature of the obstruction. Since the investigation is "ongoing," we will not discuss the results of our review other than to repeat the courtroom disclosure that Kenner has been engaged in efforts to obstruct the present prosecution.

    However, as previously mentioned, we also intend to elicit past episodes of Mr. Kenner's obstructive conduct, including the following:

1. Kaiser and Kenner executed two one page documents and backdated them transferring all of Kenner's assets to Kaiser to avoid the $2.5M judgment that was awarded in the Nolan trial.
2. Kenner, Gaarn and Gentry backdated Eufora documents and amended three years of corporate tax returns to allow Kenner to falsely testify in the Nolan Arbitration that he did not own any interest in Eufora when in fact he did; this scheme later led to the $700,000 fraud previously discussed; and,
3. We also believe, Kenner and Bob Gaudet forged Kenneth Jowdy's ("Jowdy") signature on the promissory note that Kenner introduced into an Arizona lawsuit against Jowdy for all of the NHL investor's money that was lent to Jowdy from the Hawaiian projects, in an attempt to memorialize an otherwise undocumented and unpaid multi-million dollar loan.

Kenner's present efforts to obstruct these proceedings and his past efforts to falsify testimony and suborn perjury are additional grounds for seeking a severance and being tried separately with the co-defendant.

<u>Consulting Agreements</u>

    On April 17, 2015, counsel for the defendants met with the government in an attempt to clarify the charges and discuss aspects of the case, such as the alleged forged documents to be introduced during trial. During the meeting, the government, in sum and substance, has reversed its original assertion and

advised that John Kaiser's signature on the originals may not be forgeries and that Kaiser may have, in fact, signed the documents for Kenner. On that basis, the government has no intention of submitting the documents for forensic handwriting analysis.

We learned in late May, 2015, that the government located the original agreements, but were uncertain whether the documents would be "submitted for forensic analysis." (See, May 27, 2015 letter filed as Document 189) I understand from our recent meeting, the government has decided not to submit the questioned documents for handwriting comparison. My client, therefore, respectfully request an opportunity to have these two original documents, and any other original records purportedly containing Kaiser's signature, examined by a forensic expert. To avoid requesting a delay in the trial schedule, we asked the government to assist in making arrangements for John Kaiser to provide the requisite handwriting samples.

Home Depot Tape

Lastly, the certainty that Kenner will testify, and the substantial likelihood that the government will seek to introduce all or portions of the Home Depot recording, further support our severance request.

As we mentioned in our pre-trial motions, the recording was selectively edited and tampered with, and, as a result, the integrity of the entire tape is in question. After learning last Friday that the government intends to cross examine Mr. Kenner on the recording and, if a proper foundation for the tape's authenticity is presented, the government will seek to introduce the tape or portions thereof, we recently requested permission to have the original tape examined by our expert. We apologize for such a late application, but it wasn't until Friday that we learned for certain that the recording may be introduced during a joint trial. In the event the Court denies our application for a severance, we respectfully request that an additional week between jury selection and opening be granted to complete the examination of the tape recording and to conduct a handwriting comparison of John Kaiser's signature with the signatures on the consulting agreements.

Based upon the above, we respectfully request that the Court grant our motion for severance.

Respectfully submitted

Robert P. LaRusso

cc: Richard Haley, Esq.
Haley, Weinblatt & Calcagni, LLP
One Suffolk Square
1601 Veterans Memorial Highway
Suite 425
Islandia, NY 11749
(via ecf)