*LARUSSO & CONWAY, LLP*
*ATTORNEYS AT LAW*
*300 OLD COUNTRY ROAD*
*SUITE 341*
*MINEOLA, NEW YORK 11501*
Telephone No. (516) 248-3520
Facsimile No. (516) 248-3522

April 23, 2015

**_Via ECF_**

James M. Miskiewicz
Assistant U.S. Attorney
U.S. Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

  Re: United States v. Tommy Constantine
     Criminal Docket No. 13-607(S-1)(JFB)

Dear Mr. Miskiewicz:

  Based principally upon the disclosures made during our meeting last Friday, April 17, 2015, I am respectfully requesting an opportunity to have (1) the Home Depot tape examined by a forensic expert to determine the integrity of the recording; and (2) the "original, signed 'Funding Consulting Agreements'" ostensibly containing the signature of government witness John Kaiser. (See, Government letter dated March 27, 2015, filed as Document 189)

  In our April 17th meeting, you mentioned, in sum and substance, that Kaiser's signature on the originals may or may not be forgeries, which Kaiser signed documents in blank for Kenner, and that Kaiser never approved or acknowledged the consulting agreements dated December 15, 2004, and June 1, 2005. Also, in the letter, you stated "that in the event that the original documents are submitted for forensic analysis, the government will provide notice of the results of such analysis."

I understand from our recent meeting, the government has decided not to submit the questioned documents for handwriting comparison. My client, therefore, respectfully request and opportunity to have these two original documents, and any other original records purportedly containing Kaiser's signature, examined by a forensic expert. To avoid requesting a delay in the trial schedule, would you please assist in making arrangements for government witness John Kaiser to provide handwriting samples.

Regarding the Home Depot tape, I appreciate your clarification of the trial use of the recording. During a court appearance you advised the Court that you would not be seeking to introduce the tape. I assumed that there were a number of reasons, including questions of authenticity and Bruton violations. However, in our April 17th meeting, we discussed the distinct possibility that Kenner would testify, and, under that circumstance, you clarified your position. If I recall correctly, you indicated that you would seek to introduce the tape or portions of the tape during or after Kenner's testimony provided the requisite foundation for admission was satisfied. Based upon the likelihood of Kenner testifying and the possible effort to admit the tape or portions thereof, we respectfully request an opportunity to examine the recording on the original recording device to determine the integrity of the tape. We have information that the recording was tampered with and edited rendering the entire tape inadmissible.

We have contacted handwriting and forensic tape experts to perform the analyses of the Kaiser documents and the Home Depot recording, and, if possible, would like to perform the examinations next week to avoid any trial delays.

Thank you for your anticipated cooperation.

Respectfully yours,

Robert P. LaRusso

cc:  Richard Haley, Esq.
     Haley, Weinblatt & Calcagni, LLP
     One Suffolk Square
     1601 Veterans Memorial Highway
     Suite 425
     Islandia, NY 11749
     (via ecf)