JMM/SK
F. #2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -                    No. 13-CR-607 (JFB)

PHILLIP A. KENNER,
      also known as
      "Philip A. Kenner," and
TOMMY C. CONSTANTINE,
      also known as
      "Tommy C. Hormovitis,"

            Defendants.

– – – – – – – – – – – – – – X

## THE GOVERNMENT'S REQUESTS TO CHARGE

KELLY T. CURRIE
ACTING UNITED STATES
ATTORNEY
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

James M. Miskiewicz
Saritha Komatireddy
Assistant United States Attorneys
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................4

REQUEST NO. 1 ..........................................................................................................5

   General Requests ........................................................................................5

REQUEST NO. 2 ..........................................................................................................6

   Counts Two through Eight: Wire Fraud .....................................................6

REQUEST NO. 3 ..........................................................................................................8

   First Element of Wire Fraud:  Scheme to Defraud .....................................8

REQUEST NO. 4 ........................................................................................................11

   Second Element of Wire Fraud:  Participation in Scheme with Intent .....11

REQUEST NO. 5 ........................................................................................................15

   Third Element of Wire Fraud:  Use of the Wires .....................................15

REQUEST NO. 6 ........................................................................................................17

   Count One: Conspiracy to Commit Wire Fraud ......................................17

REQUEST NO. 7 ........................................................................................................19

   Conspiracy ...............................................................................................19

REQUEST NO. 8 ........................................................................................................24

   Count Nine: Money Laundering Conspiracy ...........................................24

REQUEST NO. 9 ........................................................................................................26

   Money Laundering...................................................................................26

REQUEST NO. 10 ...................................................................................................28

    Aiding and Abetting ...........................................................................................28

REQUEST NO. 11 ...................................................................................................31

    *Pinkerton* Charge ...............................................................................................31

REQUEST NO. 12 ...................................................................................................33

    Other Persons Not on Trial ................................................................................33

REQUEST NO. 13 ...................................................................................................34

    No Duty to Call All Witnesses to an Event .......................................................34

REQUEST NO. 14 ...................................................................................................35

    Dates Approximate ............................................................................................35

REQUEST NO. 15 ...................................................................................................36

    Interviews of Witnesses (If Applicable) ............................................................36

REQUEST NO. 16 ...................................................................................................37

    Expert Testimony ..............................................................................................37

CONCLUSION .........................................................................................................39

PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury.  In addition, the government requests leave to offer such other instructions as may become appropriate during the course of the trial.

The government respectfully requests that copies of the superseding indictment and the jury instructions be provided to the jurors during their deliberations.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.     The Role of the Court and the Duties of the Jury;

b.     Equality of the Parties Before the Court;

c.     Jury Communications with Lawyers and the Court;

d.     Presumption of Innocence;

e.     Burden of Proof and Reasonable Doubt;

f.     Circumstantial Evidence and Direct Evidence;

g.     Function of the Superseding Indictment and What Is Not Evidence;

h.     Permissible Inferences Drawn from the Evidence;

i.     Stipulations and Objections;

j.     Credibility of Witnesses and Discrepancies in Testimony;

k.     Testimony of Law Enforcement Witnesses;

l.     Expert Witnesses;

m.     Defendant's Testimony and Right Not to Testify (whichever applicable)

n.     Deliberations;

o.     Right to See Exhibits and Have Testimony Read During Deliberations; and

p.     Verdict Must Be Unanimous.

<u>REQUEST NO. 2</u>

<u>Counts Two through Eight:</u>
<u>Wire Fraud</u>

The defendant is formally charged in an indictment.  As I instructed you at the outset of this case, the indictment is a charge or accusation.  The indictment in this case contains ten counts.  Counts Two through Eight of the indictment charges the defendant with Wire Fraud.  The Indictment charges that the defendant devised a scheme to defraud and in furtherance of that scheme knowingly caused the interstate wires to be used.  Counts Two through Six read, in relevant part, as follows:

> On or about the dates set forth . . . , within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, also known as "Tommy C. Hormovitis," together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce.

> Counts Seven and Eight read, in relevant part, as follows:

> On or about the dates set forth . . . , within the Eastern District of New York and elsewhere, the defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," did knowingly and intentionally devise a scheme and artifice to defraud John Doe 1 and John Doe 2, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be

6

transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce.

The relevant statute on this subject is section 1343 of Title 18 of the United States Code.  It provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises, transmits or causes to be transmitted by means of wire radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

In order to prove the defendant guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud or that he knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

Authority:   Sand et al., Modern Federal Jury Instructions, §§ 44.01, 44.03.

<u>REQUEST NO. 3</u>

<u>First Element of Wire Fraud:</u>
<u>Scheme to Defraud</u>

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victims of money or property by means of false or fraudulent pretenses, representations or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object. A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false and fraudulent statements and representations.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

8

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation *or* failure to disclose must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (*e.g.*, with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.

The representations which the government charges were made as part of the scheme to defraud are set forth in paragraphs 5 through 15 and 21 through 27 of the indictment.  It is not required that every misrepresentation charged in the indictment be proved.  It is sufficient if the prosecution proves beyond a reasonable doubt that one or more

9

of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant personally originated the scheme to defraud or that the defendant made the fraudulent statement, representation, or promises, or that he omitted the material fact.  It is sufficient if the government establishes that the defendant caused the fraudulent statement, representation or promise to be made, or caused the fact to be omitted.  Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.  In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that the defendants profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

Authority:    Sand et al., <u>Modern Federal Jury Instructions</u>, § 44.04; <u>United States v. Males</u>, 459 F.3d 154 (2d Cir. 2006); <u>United States v. DiNome</u>, 86 F.3d 277 (2d Cir. 1996).

<u>REQUEST NO. 4</u>

<u>Second Element of Wire Fraud:</u>
<u>Participation in Scheme with Intent</u>

The second element that the government must prove beyond a reasonable doubt is that the defendants participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

11

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendants is a complete defense to a charge of wire fraud. The defendants, however, have no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

In considering whether or not the defendants acted in good faith, you are instructed that a belief by the defendants, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendants acted in good faith. No amount of honest belief on the part of the defendants that the scheme would ultimately make a profit for the investors will excuse fraudulent actions or false representations by them.

As a practical matter, then, in order to sustain the charges against the defendants, the government must establish beyond a reasonable doubt that they knew that their conduct as participants in the scheme was calculated to deceive and, nonetheless, they

associated themselves with the alleged fraudulent scheme for the purpose of causing some loss to another.

The government may prove that the defendants acted knowing in either of two ways.  First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making a false statement or causing a false statement to be made.  Alternatively, in determining whether the defendants acted knowingly, you may consider whether the defendants deliberately closed their eyes to what would otherwise have been obvious to them and acted with a conscious purpose to avoid learning the truth.  Thus, if you find beyond a reasonable doubt that the defendants were aware of a high probability that the statement was false and acted with deliberate disregard for the truth, you may find that the defendants acted knowingly.  This guilty knowledge, however, cannot be established by demonstrating merely negligence or foolishness on the part of the defendants.

To conclude on this element, if you find that the defendants were not knowing participants in the scheme or that they lacked the specific intent to defraud, you should find the defendants not guilty.  On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendants were knowing participants and acted with specific intent to defraud, and if the government also establishes the third element,

as to which I am about to instruct you, then you have a sufficient basis upon which to convict

the defendants.


Authority:     Sand et al., <u>Modern Federal Jury Instructions</u>, § 44.05; <u>United States v.</u>
               <u>DiNome</u>, 86 F.3d 277 (2d Cir. 1996).

REQUEST NO. 5

Third Element of Wire Fraud:
Use of the Wires

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.  A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendants to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendants are accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendants caused the wires to be used by others.  This does not mean that the defendants must specifically have authorized others to make the call or transfer the funds.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.  The

government contends that it was reasonably foreseeable that the wires, including telephone calls, facsimiles and emails, would be used in the ordinary course of business to communicate with investors and transfer the funds between banks, and therefore that the defendants caused the use of the wires.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

Authority:      Sand et al., <u>Modern Federal Jury Instructions</u>, § 44.07.

REQUEST NO. 6

Count One:
Conspiracy to Commit Wire Fraud

The first Count of the indictment charges the defendants with Conspiracy to

Commit Wire Fraud.  The Indictment charges that the defendants conspired to devise a

scheme to defraud that used the interstate wires.  Count One reads as follows:

> In or about and between August 2002 and April 2013, both
> dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, the defendants PHILLIP
> A. KENNER, also known as "Philip A. Kenner," and TOMMY
> C. CONSTANTINE, also known as "Tommy C. Hormovitis,"
> together with others, did knowingly and intentionally conspire
> to devise a scheme and artifice to defraud the Investors, and to
> obtain money and property from them by means of materially
> false and fraudulent pretenses, representations and promises,
> and for the purpose of executing such scheme and artifice, did
> transmit and cause to be transmitted, by means of wire
> communication in interstate and foreign commerce, writings,
> signs, signals, pictures and sounds, contrary to Title 18, United
> States Code, Section 1343.

Count One of the indictment charges the defendant with violating section 1349

of Title 18 of the United States Code.  Section 1349 provides, in relevant part:

> Any person who attempts or conspires to commit any offense
> under this chapter [including the wire fraud statute that I
> discussed earlier] shall be subject to the same penalties as those
> prescribed for the offense, the commission of which was the
> object of the attempt or conspiracy.

If two or more persons conspire to commit wire fraud, each is guilty of wire

fraud.  I have already instructed you on all of the elements of the substantive offense of wire

17

fraud.  I will now instruct you on what the government must prove to show that the defendant

conspired to commit wire fraud, in violation of 18 U.S.C. § 1349.

Authority:      Sand et al., <u>Modern Federal Jury Instructions</u>, § 19.01.

<u>REQUEST NO. 7</u>

<u>Conspiracy</u>

A conspiracy is a criminal partnership: an agreement by two or more persons to join together to violate the law.  A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime a conspirator is charged with agreeing to commit.  That is, because the existence of a conspiracy, or partnership for criminal purposes, is in and of itself a crime.

The essence of the crime of conspiracy is the agreement or understanding among two or more persons that they will act together to violate the law.  Thus, if a conspiracy exists, it is punishable as a crime, even if the substantive crime that was the object of the conspiracy was not actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

In order to prove the crime of conspiracy, the government must establish the following two elements of the crime beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into the particular unlawful agreement charged in the indictment; and

<u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy.

19

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement to commit wire fraud.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the wire fraud scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish wire fraud.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendants became members of the charged conspiracy with knowledge of its goal or goals and intending by their actions to help it succeed.  If you are satisfied that the conspiracy charged in the indictment existed, you

must next ask yourselves who the members of that conspiracy were.  In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he participate in it with the knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate?

You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

The key question is whether the defendants joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement. Whether the defendants acted knowingly and willfully may be proven by the defendants' conduct and by all of the facts and circumstances surrounding the case.

It is important for you to note that a defendant's participation in the conspiracy may be established by independent evidence of his or her own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendants' knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities.  Moreover, the defendant does not need to have been informed of all of the details, or the scope, of the conspiracy in order to justify

21

an inference of knowledge on his part.  Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his or her participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself or herself.  The mere presence at a place where criminal conduct is underway does not, by itself, make a person a member of a conspiracy to commit that crime either.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member of the conspiracy.  More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.

Authority: Sand et al., <u>Modern Federal Jury Instructions</u>, §§ 19.02 - 19.04, 19.06 – 19.08; charge of the Hon. Nina Garshon, <u>United States v. </u>Stinn, 07 CR 113 (E.D.N.Y.); charge of the Hon. Sandra J. Feuerstein, <u>United States v. </u>Juncal, 06 CR 0264 (E.D.N.Y.); charge of the Hon. Kiyo A. Matsumoto, <u>United States v. Kahale</u>, 09 CR 159 (E.D.N.Y.); charge of the Hon. Frederic Block, <u>United States v. Bahlav</u>, 98 CR 135 (E.D.N.Y.); charge of the Hon. John Gleeson, <u>United States v. Surgent</u>, 04 CR 364 (E.D.N.Y.); charge of the Hon. I. Leo Glasser, <u>United States v. Mahaffy</u>, 05 CR 613 (E.D.N.Y.); charge of the Hon. John Gleeson, <u>United States v. Coppola</u>, 08 CR 763 (E.D.N.Y.).

<u>REQUEST NO. 8</u>

<u>Count Nine:</u>
<u>Money Laundering Conspiracy</u>

The defendants are also charged in Count Nine of the indictment of a

conspiracy to commit money laundering.  Count Nine reads, in relevant part, as follows:

> In or about and between August 2002 and April 2013, both
> dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, defendants PHILLIP A.
> KENNER, also known as "Philip A. Kenner," and TOMMY C.
> CONSTANTINE, also known as "Tommy C. Hormovitis,"
> together with others, did knowingly and intentionally conspire
> to conduct one or more financial transactions in and affecting
> interstate commerce, to wit: wire transfers of money, which
> transactions in fact involved the proceeds of specified unlawful
> activity, to wit: wire fraud and conspiracy to commit wire fraud,
> in violation of Title 18, United States Code, Sections 1343 and
> 1349, respectively, knowing that the property involved in the
> transactions represented the proceeds of some form of unlawful
> activity, and knowing that the transactions were designed in
> whole and in part to conceal and disguise the nature, the
> location, the source, the ownership and the control of the
> proceeds of the specified unlawful activity, contrary to Title 18,
> United States Code, Section 1956(a)(1)(B)(i).

Count Nine of the indictment charges the defendants with violating section

1956(h) of Title 18 of the United States Code.  Section 1956 provides, in relevant part:

> Any person who conspires to commit any offense defined in this
> section . . . shall be subject to the same penalties as those
> prescribed for the offense the commission of which was the
> object of the conspiracy.

Section 1956 of Title 18, United States Code, deals with participation in a

financial transaction that involves property constituting the proceeds of specified unlawful

activity. Specifically, section 1956(a)(1)(B)(i) provides:

24

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

(B) knowing that the transaction is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity

[is guilty of a crime].

Therefore, you may find that a defendant is guilty of Count Nine if you find that he participated in a conspiracy to engage in a monetary transaction involving criminal derived property designed in whole or in part to conceal and disguise the nature, location, source, ownership, or control of the money.  I have already instructed you on what the government must prove to show that the defendants participated in a conspiracy.  I will now instruct you on all of the elements of the substantive offense of money laundering.

Authority:      Sand et al., Modern Federal Jury Instructions, § 50A.15.

REQUEST NO. 9

Money Laundering

In order to prove the crime of conspiring to knowingly conducting a financial

transaction involving unlawful funds in violation of section 1956(a)(1)(B)(i), the government

must establish beyond a reasonable doubt each of the following elements:

First, that the defendants conspired to conduct *or* attempt to conduct a

financial transaction.

Second, that the defendants did so with knowledge that the property involved

in the financial transaction represented the proceeds of some form of unlawful activity.

Third, that the defendants did so with knowledge that the financial transaction

was designed in whole or in part to conceal or disguise the nature, location, source,

ownership or control of the proceeds of the unlawful activity.

I will instruct you on some definitions to assist you in determining the first

element.  The term "conducts" includes initiating, concluding, or participating in initiating or

concluding a transaction.  A "transaction" includes a purchase, sale, loan, pledge, gift,

transfer, delivery, or other disposition of property.  The term "financial transaction" means a

transaction involving a financial institution which is engaged in, or the activities of which

affect, interstate or foreign commerce in any way or degree, or a transaction which in any

way or degree affects interstate or foreign commerce and involves the movement of funds by

wire or other means, or involves one or more monetary instruments, or involves the transfer

of title to any real property, vehicle, vessel or aircraft.

26

The second element requires that the government prove beyond a reasonable doubt that the defendants knew the property involved in the transaction represented the proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.  I instruct you as a matter of law that wire fraud and conspiracy to commit wire fraud are felonies.  The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The third element which the government must prove beyond a reasonable doubt is that the defendant conspired to conduct the financial transaction with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity -- here, wire fraud or conspiracy to commit wire fraud.

Proof only that the funds were concealed is not sufficient to satisfy this element.  Instead, the government must prove that the purpose of conducting the transaction was to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the defendant knew that this was the purpose of conducting the transaction.

Authority:      Sand, et. al, <u>Modern Federal Jury Instructions</u>, § 50A.16 – 50A.19.

<u>REQUEST NO. 10</u>

<u>Aiding and Abetting</u>

For Counts Two through Eight, the government can meet its burden of proof either by proving that the defendant did the acts charged himself or by proving that he aided and abetted another person in doing so.  The federal definition of aiding and abetting is contained in Section 2 of Title 18 of the United States Code, which provides:

> (a)  Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b)  Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Accordingly, even if the defendant did not personally do every act constituting an offense, you may find that he committed that offense if the government proves beyond a reasonable doubt that he aided and abetted the offense.

This is because, under the law, a person who aids or abets another to commit an offense is just as guilty of that offense as if he personally committed it.  The essence of aiding and abetting is the intentional and knowing participation in the unlawful act by furthering it in some way.

To find that the defendant is an aider or abettor, you must find beyond a reasonable doubt that the government has proven that another person actually committed the crime with which the defendant is charged and that the defendant aided and abetted that person in the commission of the offense.

28

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the criminal venture, and that he participate in it out of a desire to make the crime succeed.  That is, a defendant must have the specific intent of furthering the criminal offense through some action on his part.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.  That interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

In other words, if one, fully aware of what he is doing, plays a significant role in facilitating a transaction prohibited by law, he is equally guilty with the person who directly performs the illegal acts, even though the latter played a much greater or major part in the preparation of the crime.

To determine whether the defendant aided and abetted the commission of the crime charged, ask yourselves these questions:

First: Did he participate in the crime charged as something he wished to bring about?

Second: Did he associate himself with the criminal venture knowingly and willfully?

Third: Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and is therefore guilty of the crime charged just as if he himself had actually committed it.  If, on the other hand, your answers to any of these questions is "no," then the defendant is not an aider and abettor under 18 U.S.C. § 2(a) and you must find him not guilty of the crime under consideration as an aider and abettor under § 2(a).

You may also find that an defendant is an aider and abettor if you find that the government has proven beyond a reasonable doubt that he knowingly and intentionally caused another person to engage in wire fraud, as I have defined that for you, and that, in doing so, the defendant acted willfully, with the purpose and specific intent of causing that other person to engage in wire fraud.

Authority:      Adapted from the charge of the Hon. Joseph F. Bianco, <u>United States v. Abdallah</u>, 09 CR 717 (E.D.N.Y.).

<u>REQUEST NO. 11</u>

<u>*Pinkerton* Charge</u>

For Counts Two through Eight, if you do not find that the government has satisfied its burden of proving that a defendant is guilty as an aidor and abettor or as a principal, there is another method by which you may evaluate the defendant's possible guilt on these counts.  If you find, beyond a reasonable doubt, that the defendant was a member of a conspiracy to commit wire fraud, as charged in Count One of the indictment, then you may also, but you are not required to, find the defendant guilty of the substantive crimes related to that conspiracy, as charged in Counts Two through Eight, provided you find, beyond a reasonable doubt, each of the following elements for the particular count you are considering:

<u>First</u>, that the substantive crime charged in the count you are considering was committed;

<u>Second</u>, that the person or persons who committed that substantive crime were members of the corresponding conspiracy, as charged in Count One;

<u>Third</u>, that the substantive crime charged in the count you are considering was committed pursuant to a common plan and understanding you found to exist among the conspirators;

<u>Fourth</u>, that the defendant was a member of that conspiracy at the time the substantive crime was committed; and

<u>Fifth</u>, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators. An offense by a co-

31

conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement.

If the government has proven all five of these elements beyond a reasonable doubt for the specific substantive crime you are considering, then you may find defendant guilty of the substantive crime, even if the defendant did not participate in the acts constituting the substantive crime.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime charged in the count you are considering. I again remind you that this instruction relates only to Counts Two through Eight of the indictment.

Authority:     Adapted from the charge of the Hon. Joseph F. Bianco, <u>United States v. Martinez</u>, 10 CR 074 (E.D.N.Y.).

<u>REQUEST NO. 12</u>

<u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of certain other people in the transactions referred to in the indictment.  That these individuals are not on trial before you is not your concern.  You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment or that person persons were named as coconspirators but not indicted.  The circumstances that these persons were not indicted must play no part in your deliberations.  You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

Authority:     Adapted from the charge of the Hon. Eugene H. Nickerson, <u>United States v. Cutolo</u>, 93 CR 1230 (E.D.N.Y.); Sand, <u>Modern Federal Jury Instructions</u>, § 3.4.

33

<u>REQUEST NO. 13</u>

<u>No Duty to Call All Witnesses to an Event</u>

Keep in mind that the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require the government to produce as exhibits all papers and other items mentioned during the course of the trial.

Authority:     Adapted from the charge of the Hon. Kiyo A. Matsumoto, <u>United States v. Barret</u>, et al., 10 CR 809 (E.D.N.Y.); charge of the Hon. Sterling Johnson, <u>United States v. Scalisi</u>, 10 CR 46 (E.D.N.Y.).

REQUEST NO. 14

Dates Approximate

The indictment charges "on or about" certain dates.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

Authority:    Adapted from E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 13.05.

<u>REQUEST NO. 15</u>

<u>Interviews of Witnesses</u>
<u>(If Applicable)</u>

There was testimony at trial that attorneys for the government interviewed witnesses when preparing for trial.  You should not draw any unfavorable inference from that testimony.  To the contrary, the attorneys were obligated to prepare this case as thoroughly as possible and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began and as necessary throughout the course of the trial.

Authority:     Adapted from the charge of the Hon. Sterling Johnson in <u>United States v. Young Taek Lee</u>, 93 CR 1072 (E.D.N.Y.); charge of the Hon. Brian Cogan in <u>United States v. Anastasio</u>, et al., 06 CR 815 (E.D.N.Y.).

REQUEST NO. 16

Expert Testimony

You have heard testimony from persons described as experts.  Experts are witnesses who by education, experience, or training have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such a person has given an opinion does not mean that you are required to accept it.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all other evidence in the case.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, then you may disregard the opinion of the expert. Furthermore, if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

37

On the other hand, if you find the opinion of an expert is based on sufficient data, education, training and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing great reliance on his testimony.

Authority:    Adapted from the charge of the Hon. Pierre N. Leval in <u>United States v. Mucciante</u>, 91 CR 403 (S.D.N.Y.); the Hon. Michael B. Mukasey in <u>United States v. Mensah</u>, 91 CR 705 (S..D.N.Y.); Sand, <u>Modern Federal Jury Instructions</u>, §7.21.

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated:   Central Islip, New York
            May 5, 2015

                                        Respectfully submitted,

                                        KELLY T. CURRIE
                                        Acting United States Attorney

                            By:   _____/s/_____
                                        James M. Miskiewicz
                                        Saritha Komatireddy
                                        Assistant U.S. Attorneys
                                        Tel: (631) 715-7841/7825

cc:      Clerk of the Court (JFB) (by ECF)
         Richard Haley, Esq. (by ECF)
         Robert LaRusso, Esq. (by ECF)