

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMM/SK
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

May 24, 2015

By ECF

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Philip Kenner and Tommy Constantine
      Criminal Docket No. 13-607 (S-2) (JFB)

Dear Judge Bianco:

  The government respectfully submits this letter to address issues it expects to arise during the fourth week of trial in the above-captioned matter.

  A. Hearsay from Eufora Litigation

  The government expects that, during the cross-examination of Mr. Privitello, the defense will raise the existence of a 2011 lawsuit brought, in part, on behalf of Mr. Privitello to recover his interest in Eufora.  (The lawsuit has been stayed pending the outcome of this criminal matter.)  While raising the existence of this lawsuit may be appropriate for purposes of showing bias on the part of the witness, reading or summarizing defendant Constantine's statements made in connection with the lawsuit should not be permitted.  As the evidence at trial has shown, the defendants stole and spent the money contributed by Mr. Privitello in December 2009.  Statements made by defendant Constantine years afterwards in the context of litigation to explain that theft constitute self-serving hearsay and are inadmissible when offered by the defense.  Fed. R. Evid. 801.  Accordingly, the government moves to preclude the elicitation of such statements.

  B. Existence of Paradise Valley Litigation

  The government expects that, during the cross-examination of Messrs. Nash, Ranford, and Sydor, the defense will seek to elicit testimony about an ongoing lawsuit between the foregoing victims and Messrs. Kaiser and Berard in connection with a real estate

investment in Paradise Valley, Arizona. (The lawsuit is ongoing.) As has already been established, the Paradise Valley investment has limited relevance to the charged crimes as background to explain the purpose of each of the unauthorized diversions of money from the Eufora fraud charged in Counts Two through Four. 5/13 Trial Tr. at 7-8. The government is not seeking to prove, at trial, the separate fraud perpetrated by defendant Kenner in connection with the Paradise Valley investment and has been precluded from doing so. 5/13 Trial Tr. at 9-10. Likewise, the defense should be precluded from raising the Paradise Valley dispute during its cross-examination of Messrs. Nash, Ranford, and Sydor. Investments made by the foregoing investors in the Paradise Valley investment have no relevance to the charged crimes. Moreover, to the extent that the defense seeks to impeach Mr. Kaiser (or, preemptively, Mr. Berard) by eliciting fact or opinion testimony from the individuals suing them, the rules prohibit the presentation of such extrinsic evidence for purposes of impeachment. Fed. R. Evid. 608(b). Accordingly, the government moves to preclude cross-examination of Messrs. Nash, Ranford, and Sydor pertaining to the Paradise Valley dispute.

      C.      Other Items

The government intends to offer into evidence the loan transaction history for the year 2009 for Mr. Peca's mortgage at Waterstone Bank. The defense, in its opening statement, suggested that Mr. Peca improperly received proceeds of the charged frauds. 5/4 Trial Tr. at 116; see also 5/7 Trial Tr. at 600. The government seeks to rebut that charge by establishing that defendant Kenner had a separate agreement with Mr. Peca to make mortgage payments in connection with another real estate investment (a Palms condominium unit in Las Vegas) and diverted proceeds of the Eufora and GSF frauds to make those mortgage payments. Mr. Peca testified that he and defendant Kenner had such an agreement regarding mortgage payments, 5/7 Trial Tr. at 602, and Mrs. Peca testified that the referenced mortgage was held at Waterstone Bank, 5/7 Trial Tr. at 702. The government offers into evidence the loan transaction history of the Peca's mortgage at Waterstone Bank for the relevant time period in order to close the loop as to the dates and amounts of payment associated with this mortgage (which match dates and amounts of unauthorized diversions from the Eufora and GSF frauds).

       Finally, the government notes that it has proposed additional stipulations to the defense in an effort to shorten the length of the trial.

                                        Respectfully submitted,

                                        KELLY T. CURRIE
                                        Acting United States Attorney

                         By:    _/s/_____
                                        James Miskiewicz
                                        Saritha Komatireddy
                                        Assistant U.S. Attorneys
                                        (631) 715-7841/7085

cc:    All counsel of record (by ECF)