

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMM/SK
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

May 31, 2015

By ECF

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Philip Kenner and Tommy Constantine
                Criminal Docket No. 13-607 (S-2) (JFB)

Dear Judge Bianco:

      The government respectfully submits this letter to address the Court's inquiry regarding the return of defendant Kenner's MacBook computer and partial purging of the imaged copy.

      A.    Return of the Physical Device

      The government respectfully submits that it should be permitted to retain the defendant's MacBook computer because it is evidence of crime and subject to forfeiture.

      1.    Evidence of Crime

      As an initial matter, the computer is evidence of the defendant's crimes because it contains documents, emails, and images relevant to his criminal conduct and intent. Therefore, the government is entitled to retain the computer as physical evidence and introduce it as an exhibit at trial. Furthermore, at least one of the government's witnesses will testify that in 2013, shortly before the defendant was arrested and his computer was recovered from his home, the defendant told a victim that he could not provide documentation of the victim's investments because his computer was broken. The government should be permitted to retain and introduce the defendant's computer into evidence at trial as proof that the computer was not physically damaged or broken in any way. See United States v. Eight Automobiles, 356 F. Supp. 2d 223, 225 (E.D.N.Y. 2005)

(Orenstein, M.J.) ("the government may retain seized property for practical reasons"; "[u]se of the seized property as evidence in criminal proceedings is one such practical reason").

        2.        Subject to Forfeiture

The defendant's computer also constitutes property derived from proceeds traceable to the charged crimes. Specifically, the defendant diverted money intended for Eufora to the bank account of a co-conspirator (GX-2215) and then to himself (GX-2305) and used the money to pay the credit card bill (GX-1726) for the MacBook computer and iPhone (GX-3105). Therefore, the defendant's computer is subject to forfeiture. See 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1); 28 U.S.C. § 2461(c).

    B.    Partial Purging of Imaged Copy

In Ganias, the Second Circuit held that, once the government has completed its review of an imaged copy for items that fall within the scope of its search warrant, the government may not return to the imaged copy to conduct further searches of non-responsive items and use those items in a criminal investigation. See United States v. Ganias, 755 F.3d 125, 137 (2d Cir. 2014). Simply put, Ganias prohibits a further search of non-responsive retained material. However, Ganias does not implement an absolute ban on the mere retention of an imaged copy. On the contrary, Ganias notes that there can be an "independent basis" for such retention and allows for the possibility that it may be "necessary to maintain a complete copy of the hard drive solely to authenticate evidence responsive to the original warrant." Ganias, 755 F.3d at 138-39. It simply states its core concern that the non-responsive retained material should not be used "for any other purpose," such as for the basis of a second warrant. Id. at 138-39. Indeed, courts in the Second Circuit have interpreted Ganias to permit retention of imaged copies for purposes of authentication and evidence preservation, while prohibiting further use of those imaged copies. See In the Matter of a Warrant, 33 F. Supp. 3d 386, 399 (S.D.N.Y. 2014) (recognizing that "it may be necessary for the Government to maintain a complete copy of the electronic information to authenticate evidence responsive to the warrant for purposes of trial").

To be sure, the government will seek to enter into a stipulation with both defendants as to the authenticity and admissibility of the exhibits it has identified as documents derived from the defendant's computer that it intends to introduce as evidence at trial. It is important to note, however, that although such a stipulation may alleviate the need to retain a complete imaged copy with respect to the government's case-in-chief, such a stipulation may not be binding on the defendant in the event of a mistrial, retrial, retention of new counsel, or during appellate and collateral review. The government seeks to respect the defendant's right against unreasonable searches and seizures while also preserving the integrity of electronic evidence and ensuring the government's ability to prosecute its case in this trial and in later proceedings. To that end, the government acknowledges that it may not -- and will not -- review or use non-responsive material from the imaged copy in its criminal

investigation but requests permission to retain a complete imaged copy in its custody solely for purposes of authentication.

                                        Respectfully submitted,

                                        KELLY T. CURRIE
                                        Acting United States Attorney

By:   \_/s/_____
            James Miskiewicz
            Saritha Komatireddy
            Assistant U.S. Attorneys
            (631) 715-7841/7085

cc:     All counsel of record (by ECF)