## REYNOLDS, CARONIA, GIANELLI & LA PINTA, P.C.
ATTORNEYS AT LAW
200 VANDERBILT MOTOR PARKWAY, SUITE C-17
HAUPPAUGE, NEW YORK 11788

JAMES T. REYNOLDS
PETER R. CARONIA, LLC.
PAUL GIANELLI
ANTHONY M. LA PINTA

TEL: 631.231.1199
FAX: 631.300.4380
www.rcgllaw.com

OF COUNSEL:

JOHN T. CATTERSON
CATHERINE E. MILLER
CHRISTOPHER J. PURCELL

MICHAEL E. FEHRINGER
BRETT J. BENNETT

**VIA ECF**

June 5, 2015

The Honorable Joseph F. Bianco
United States District Court, EDNY
Alphonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722

Re:   USA v. Kenner and Constantine
      Docket No.: 13-607 (JFB)

Dear Judge Bianco:

I represent Ronald Richards, a potential prosecution witnesses in the trial of the above matter that is currently before the court. Kindly accept this letter motion to quash the subpoena. Annexed hereto as **Exhibit "A"** is a copy of the subpoena.

History:

Richards is a duly admitted attorney from California. He is the president of The Law Offices of Ronald Richards & Associates, APC (hereinafter, The Richards firm). The Richards firm previously represented the defendants in various matters. Some of those matters overlap facts alleged by the Government known as the Global Settlement Fund (hereinafter, the Fund). The Government has indicated that Richards is not, and has never been, a subject or target in this case and is merely a ministerial fact witness necessary to establish the background of how the firm's escrow account was used to administer the Fund.

The Government investigation of this case first started in 2009. Six years later, the Government seeks to call Richards as a witness at trial. Richards is a busy litigator with an active trial and appellate practice. I have been told that Richards is currently away from California and does not plan to return to Los Angeles until next week. He cannot re-arrange his schedule to

attend this trial until next Thursday or the following week due to numerous previous commitments with other courts and clients.

The anticipated testimony of Richards would place him in the precarious and intolerable position of testifying against his former client(s), in violation of the attorney-client privilege and numerous California ethical rules. Clearly, the scope of questioning by the Government would force Richards to assert the attorney-client privilege.

The Government has explained that testimony from Richards is necessary to explain the escrow account practices of the firm. Generally, there are no standard escrow account practices that the firm follows. Each client's escrow account is administered on a specific basis, depending upon the nature of the client's representation and the purpose of the funds. Thus, any testimony about the specific escrow practices of the Fund relate directly to communications with his former client(s). The bank records of the firm's escrow account have already been admitted into evidence at the trial. The records themselves illustrate particular facts regarding the various transactions pertaining to his client(s) representation. Richards cannot comment, elaborate, opine or explain any of the transactions that relate to the defendant(s). Richards promptly and ethically disbursed the client(s) funds from his escrow account. All of Richards' anticipated testimony is privileged information. His testimony cannot be elicited about how the escrow account was administered without violating his ethical obligations to his client(s).

California Law:

A lawyer may not disclose his client's confidences or secrets, which include not only confidential information communicated by the client to the lawyer, but also publicly available information that the lawyer obtained during or related to the professional relationship which the client has requested to be kept secret or the disclosure of which might be embarrassing or detrimental to the client. Even after termination of the attorney-client relationship, the lawyer may not disclose potentially damaging or detrimental information about the former client if that information is related to or was acquired by virtue of the lawyer's prior representation. California Business and Professions Code section 6068(e)(1); California Rules of Professional Conduct, Rule 3-100(A); *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 822-23 [124 Cal.Rptr.3d 256].

The Duty of Confidentiality and the Attorney-Client Privilege:

The word "confidence" as used in California Business and Professions Code section 6068(e)(1) means "trust," which is separate and distinct from "secrets" or even "confidences." See, e.g., Cal. State Bar Formal Opn. No. 1996-146 ("[T]he preservation of the client's 'confidence' means that a lawyer must maintain the trust reposed in the lawyer by the client."); Cal. State Bar Formal Opn. No. 1987-93 ("The concept of confidence as trust is firmly embedded in the decisional law of California."); See also *In the Matter of Soale* (1916) 31

2

Cal.App. 144, 153 [159 P. 1065] ("The phrase, 'maintain inviolate the confidence,' as contained in section 282 of the Code of Civil Procedure [the predecessor to Section 6068(e)(1)], is not confined merely to noncommunication of facts learned in the course of professional employment; for the section separately imposes the duty to 'preserve the secrets of his client."); see *City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 846 [43 Cal.Rptr.3d 771] (discussing "confidences" as shorthand for "secrets" and implicating the duty of confidentiality, while also noting the separate duty of loyalty).

California Business and Professions Code section 6068, subdivision (e)(1) states that it is the duty of an attorney "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." The State Bar Committee has previously explained, "[c]lient secrets means any information obtained by the lawyer during the professional relationship, or relating to the representation, which the client has requested to be inviolate or the disclosure of which might be embarrassing or detrimental to the client." Cal. State Bar Formal Opn. No. 1993-133.

As noted above, the duty of confidentiality, that is, to maintain client secrets, is set forth in the State Bar Act and included as an express ethical obligation. By contrast, the attorney-client privilege is a statutorily created evidentiary rule that protects from disclosure "confidential communication" between a lawyer and his or her client. Cal. Evid. Code § 954; see also *Solin v. O'Melveny & Myers* (2001) 89 Cal.App.4th 451, 456-57 [107 Cal.Rptr.2d 456]. For purposes of the attorney-client privilege, "confidential communication" is defined in the Evidence Code to be "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence. . . ." Cal. Evid. Code § 952; see also *In re Jordan* (1972) 7 Cal.3d 930, 939-40 [103 Cal.Rptr. 849]. The attorney-client privilege has been described as necessary to "safeguard the confidential relationship between clients and their attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters." *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 599 [208 Cal.Rptr. 886]. While the ethical duty of confidentiality applies to *information* about the client, whatever its source, the attorney-client privilege is expressly limited to confidential *communications* between a lawyer and his or her client.

Thus, "client secrets" covers a broader category of information than do confidential attorney-client communications; confidential communications are merely a subset of what are considered client secrets. Indeed, "client secrets" include not only confidential attorney-client communications, but also information about the client that may not have been obtained through a confidential communication. Rule 3-100(A) of the California Rules of Professional Conduct, provides, "A member shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) without the informed consent of the client. . ."

3

– recognizes no such distinction and applies to both the broad category of client secrets and the subset of confidential attorney-client communications.[1]

As stated in Rule 3-100 of the California Rules of Professional Conduct, Discussion paragraph [2], the principle of client-lawyer confidentiality applies to information relating to the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the attorney-client privilege, matters protected by the work product doctrine, and matters protected under the ethical standards of confidentiality, all as established in law, rule and policy. See also *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 786 [99 Cal.Rptr.3d 464] ("The duty of confidentiality is broader than the attorney-client privilege.") (citing *Goldstein v. Lees* (1975) 46 Cal.App.3d 614, 621 [120 Cal.Rptr. 253]); Cal. State Bar Formal Opn. No. 1986-87; *Dixon v. State Bar* (1982) 32 Cal.3d 728, 735 [187 Cal.Rptr. 30].[2]

Disclosures During Representation:

"Confidential communication between client and lawyer" means information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion

---

[1] The ABA Model Rules generally speak of protecting confidential "information," which includes not only confidential communications between the lawyer and his client, but also "information relating to the representation, whatever its source." ABA Model Rule 1.6 and Cmt. [3]. Thus, the ABA Model Rules similarly include both client "secrets" (which it refers to in Rule 1.6 as "confidential information"), and confidential client communications.

[2] The ABA Model Rules provide a similar rule: "[T]he confidentiality rule . . . applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source." Comment [3] to ABA Model Rule 1.6. Courts in other states also have ruled similarly. See, e.g., *In re Gonzalez* (D.C. 2001) 773 A.2d 1026, 1031 (the duty of confidentiality, "unlike the evidentiary privilege, exists without regard to the nature or source of information or the fact that others share the knowledge"); *Lawyer Disciplinary Board v. McGraw* (1995) 194 W.Va. 788, 798 [461 S.E.2d 850] (relying on Model Rule 1.6, the court stated that confidentiality of client information "is not nullified by the fact that the circumstances to be disclosed are part of the public record, or that there are other available sources of such information, or by the fact that the lawyer received the same information from other sources").

formed and the advice given by the lawyer in the course of that relationship. Evidence Code § 952.

The lawyer who received or made a communication subject to the privilege under this article shall claim the privilege whenever he is present when the communication is sought to be disclosed and is authorized to claim the privilege under subdivision (c) of Section 954. Evidence Code, § 955.

The communications between Richards and his client(s) are privileged. Matters related to the escrow account and its operations are secrets and/or privileges that cannot be obtained through Richards. It is irrelevant if the information was learned through non-client sources or the client himself.[3]

<ins>Post-Termination Disclosures about Alleged Fraudulent Scheme:</ins>

Although most of an attorney's duties to his client terminate at the conclusion of the representation, the duty of confidentiality does not.[4] As the California Supreme Court stated, "an attorney is forbidden to do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship." *Wutchumna, supra*, 216 Cal. at pp. 573-74. "'This prohibition is in the disjunctive. An attorney "may not use information *or* 'do anything which will injuriously affect his [or her] former client.'"'" *City Nat'l Bank v. Adams* (2002) 96 Cal.App.4th 315, 324 [117 Cal.Rptr.2d 125] (quoting *People ex rel. Deukmejian v. Brown* (1981) 29 Cal.3d 150, 156 [172 Cal.Rptr. 478].

<ins>2nd Circuit Law on Rule 17 Subpoenas As It Relates to Attorney Client Issues:</ins>

The broad outlines of the attorney-client privilege are clear: where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently

---

[3] See Cal. State Bar Opn. No. 1996-146 ("Under section 6068(e), the fact that the lawyer received the information from a non-client . . . makes no difference.").

[4] The California Supreme Court in *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 822-23 [124 Cal.Rptr.3d 256] indicated that the duty to maintain a former client's secrets continues beyond termination of the attorney-client relationship, whether by virtue of the ongoing duty of confidentiality or some combination of the duty of confidentiality and the duty of loyalty.

5

protected from disclosure by himself or by the legal advisor, except if the protection is waived. *United States v. Stein*, 488 F.Supp.2d 350, 367 (S.D.N.Y. 2007).

### a. *Requirements of Rule 17(c)*

The Supreme Court has warned that a Rule 17(c) subpoena "[is] not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974); *see also United States v. Cherry,* 876 F.Supp. 547, 553 (S.D.N.Y.1995) ("Rule 17(c) can be contrasted with the civil rules which permit the issuance of subpoenas to seek production of documents or other materials which, although not themselves admissible, could lead to admissible evidence."); *United States v. Cuthbertson,* 630 F.2d 139, 146 (3d Cir.1980) (cautioning against the use of 17(c) subpoenas as a "broad discovery device").

A Rule 17(c) subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 699–700. The moving party must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.' *Id.* Under Rule 17(c)(2), courts may quash subpoenas that are "unreasonable or oppressive" or where it is clear that the party seeking production has not met its burden of demonstrating that the threshold requirements for issuance have been met. *See id.* at 701. The application to this late issued subpoena is oppressive and unnecessary for this case.

### b. *Attorney–Client and Attorney Work Product Privileges*

The attorney-client privilege applies to any communication (1) between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. *In re County of Erie*, 473 F.3d 413, 419 (2d Cir.2007). The attorney work product doctrine provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation. *In re Grand Jury Subpoena Dated July 6, 2005,* 510 F.3d 180, 183 (2d Cir.2007). The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3), which generally protects such material from production. The work product doctrine applies in criminal cases as well as in civil cases. *See United States v. Nobles,* 422 U.S. 225, 236 (1975).

Conclusion:

The testimony sought by the Government regarding Richards' communications with his client(s) regarding the Richards firm's escrow account activity is clearly protected by the attorney-client privilege. The accounting of deposits and withdrawals from the Richards firm's 1st Century Bank account, also requested in the subpoena, are already in the possession of the Government and have been introduced into evidence at this trial. A letter from AUSA Saritha Komatireddy dated April 18, 2015 regarding the introduction of said records into evidence at this trial is annexed hereto as **Exhibit "B"**.

Richards cannot testify regarding the escrow practices of the firm regarding the Fund without violating an ethical rule or privilege. The requested testimony should therefore be precluded and the subpoena should be quashed.

Very truly yours,

ANTHONY M. LA PINTA

AML/mef

cc: James Miskiewicz, Esq. (via email)
Robert LaRusso, Esq. (via email)
Richard Haley, Esq. (via facsimile)

# EXHIBIT "A"

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| United States of America<br>v.<br><u>KENNER, ET AL.</u><br>Defendant | )<br>)<br>)  Case No. 13-CR-607 (JFB)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: RONALD RICHARDS, ESQ.
Physical address: 9255 Doheny Rd, West Hollywood, CA 90069
Mailing address: P.O. Box 11480, Beverly Hills, CA 90213

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance:<br>U.S. District Court, Eastern District of New York<br>610 Federal Plaza, Central Islip, NY 11722 | Courtroom No.: Hon. Joseph F. Bianco - Room 1040 |
|---|---|
| | Date and Time: May 4-29, 2015 @ 9:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please produce an accounting of all deposits to and withdrawals from the account for the Law Offices of Ronald Richards, Account Number 2100017561 at 1st Century Bank from May 1, 2009 to March 31, 2010 pertaining to the Global Settlement Fund.

You may direct any questions to Special Agent Joshua Wayne of the Internal Revenue Service (917-416-9943).

Date: 5/14/15



DOUGLAS C. PALMER
CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* <u>the United States of America</u>, who requests this subpoena, are:

James Miskiewicz
Assistant U.S. Attorney
U.S. Attorney's Office
610 Federal Plaza
Central Islip, New York  11722
(631) 715-7841

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   13-CR-607 (JFB)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT "B"



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMM:SK
F. #2013R00948

610 Federal Plaza
Central Islip, New York 11722

April 18, 2015

**By Email & ECF**

Richard D. Haley, Esq.
One Suffolk Square
1601 Veterans Memorial Highway
Suite 425
Islandia, NY  11749

Joseph Conway, Esq.
LaRusso & Conway
300 Old Country Road, Suite 341
Mineola, NY  11501

      Re:   United States v. Philip Kenner & Tommy C. Constantine
                  Criminal Docket No. 13-607 (JFB)

Dear Counsel:

      Enclosed please find discovery provided by the government in accordance with Rule 16 of the Federal Rules of Criminal Procedure. This discovery supplements the discovery provided on January 16, 2014, January 23, 2014, February 10, 2014, March 6, 2014, March 11, 2014, March 24, 2014, April 11, 2014, May 21, 2014, June 6, 2014, August 6, 2014, August 15, 2014, August 20, 2014, August 22, 2014, August 27, 2014, August 28, 2014, August 29, 2014, September 2, 2014, September 11, 2014, September 12, 2014, September 19, 2014, October 2, 2014, February 20, 2015, February 25, 2015, February 28, 2015, March 3, 2015, March 5, 2015, March 17, 2015, April 6, 2015, April 10, 2015 and April 14, 2015.

      Enclosed please find records obtained from Vegas Marketing Promotions (VM 1-17) and Gilmartin, Magence & Ross LLP (LV 1623-1630). The government also provides written notice that it intends to offer certain business records via certifications pursuant to Federal Rule of Evidence 902(11): Vegas

Marketing Promotions (Apr. 16, 2015) (records: VM 2-17) and 1st Century Bank (Apr. 16, 2015) (records: BNK-1ST 1-520).

      Please contact me or AUSA James Miskiewicz if you have any questions or requests.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By: /s/Saritha Komatireddy
Saritha Komatireddy
James M. Miskiewicz
Assistant U.S. Attorneys
(631) 715-7825/7841

Enclosures

cc:   Clerk of the Court (JFB) (by ECF) (without enclosures)