

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMM/SK
F.#2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

June 28, 2015

By ECF

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Philip Kenner and Tommy Constantine
             Criminal Docket No. 13-607 (S-2) (JFB)

Dear Judge Bianco:

      The government respectfully moves to preclude the admission of defense exhibits C-280 and C-280T.

      Counsel for defendant Constantine disclosed the foregoing exhibits to be used in connection with defense witness Mark D'Ambrosio. C-280 is an audio file consisting of a voicemail purportedly left by Constantine for Bob Rizzi on June 28, 2010 regarding the return of his investment in Eufora. C-280T is a transcript of the foregoing recording and is attached hereto as Exhibit A.

      The government moves to preclude the foregoing exhibits as irrelevant, unduly prejudicial, likely to cause confusion, protected compromise offers and negotiations, and hearsay. See Fed. R. Evid. 402, 403, 408, 802. The voicemail marked C-280 occurred after Mr. Rizzi confronted Constantine about his investment in Eufora and foreshadowed potential civil and criminal action. The government expects that the defense is offering C-280 as somehow related to Counts 5 and 6, which represent Mr. Privitello's investment in Eufora. However, when defense counsel engaged in similar questioning of Mr. Privitello, the Court ruled that action taken "to settle a civil lawsuit in 2012 has no relevance whether Mr. Constantine defrauded this witness [Mr. Privitello] in 2009. I can't let this go on. It is confusing and has nothing to do [with] whether or not he took the money. You have to stop and move on to another area. It is clearly not permissible under the Rules of Evidence." Trial Tr. 1620:4-9. Constantine's post-investment and post-diversion statements to Mr. Rizzi on a voicemail in June 2010 are not relevant to and not indicative of Constantine's state of

mind when Constantine solicited and diverted victims' investments in Eufora in December 2009.

Furthermore, the defense's attempt to introduce this voicemail through a third party -- Mr. D'Ambrosio -- instead of Constantine or Mr. Rizzi will mislead and confuse the jury. The circumstances of Mr. Rizzi's investment differ in significant respects from Mr. Privitello's investment: unlike Mr. Rizzi, Mr. Privitello communicated directly with Constantine, by phone and email, prior to investing in Eufora and sent his investment in Eufora via wire transfers to an account designated by Constantine from accounts in his own name. Years later, when Constantine purported to offer a refund of Mr. Privitello's investment, he demanded that Mr. Privitello gather and destroy relevant documentation and sign an "apology letter" praising Constantine and withdrawing any accusations of fraud or misconduct. Therefore, the circumstances of Mr. Rizzi's investment and purported rebate offer are not analogous to the circumstances of Mr. Privitello's investment, and omitting the surrounding context will mislead and confuse the jury.

Finally, the government notes that defendant Constantine has still failed to produce prior statements made by defense witnesses Semple, D'Ambrosio, and Kennedy in email communications and text messages, despite the requirements of Rule 26.2 and the Court's orders to do so. See Fed. R. Evid. 26.2(a); Trial Tr. 4930:15-16 (June 24, 2015) ("if these witnesses have any e-mails or text messages they should be produced."); Trial Tr. 5082:11-12 (June 25, 2015) ("Ask them now and turn them over by the end of the day tomorrow so they have time."). Accordingly, the government intends to move to strike the direct testimony of these witnesses at trial. See Fed. R. Evid. 26.2 (e) ("If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record."); see generally United States v. Nobles, 422 U.S. 225 (1975) (approving of district court's striking of defense witness testimony where defense refused to produce prior statements from witness's report) ("The Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system; one cannot invoke the Sixth Amendment as a justification for presenting what might have been a half-truth.").

       Respectfully submitted,

       KELLY T. CURRIE
       Acting United States Attorney

By:   _/s/_____
       James Miskiewicz
       Saritha Komatireddy
       Assistant U.S. Attorneys
       (631) 715-7841/7085

cc:    All counsel of record (by ECF)