UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                    13-CR-0607 (S-2)(JFB)

PHILLIP A. KENNER, and
TOMMY C. CONSTANTINE,

               Defendants.

- - - - - - - - - - - - - - - - X

<u>Jury charge</u>

Now that the evidence in this case has been presented, and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.  My instructions will be in three parts:

<u>First</u>:  I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

<u>Second</u>:  I will instruct you as to the legal elements of the crimes charged in the indictment - that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

<u>Third</u>:  I will give you some general rules regarding your deliberations.

**PART I:       GENERAL RULES**

    1.   <u>The Duties of the Jury</u>

To begin with - it is your duty to find the facts from all of the evidence in this case.  You are the sole judges of the facts and it is, therefore, for you and you alone to pass upon the weight of the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

To the facts as you find them, you must apply the law in accordance with my instructions.  While the lawyers may have commented on some of these legal rules, you must be guided only by what I instruct you about them.  You must follow all the rules as I explain them to you.  You may not follow some and ignore others.

2.  <u>Parties are equal before the court</u>

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the defendants are entitled to.  By the same token, it is entitled to no less consideration.  The parties - the United States Government and the defendants - are equal before this court, and they are entitled to equal consideration.  Neither the government nor the defendants are entitled to any sympathy or favor.

3.   <u>Presumption of Innocence and Burden of Proof</u>

You must remember that the indictment in this case is only an accusation.  It is not evidence.  Each of the defendants have pled not guilty to that indictment.

As a result of each defendant's plea of not guilty the burden is on the prosecution to prove each defendant's guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes each defendant to be innocent of all the charges against him. I therefore instruct you that each defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven one or both of them guilty beyond a reasonable doubt.

Each defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the defendant you are considering not guilty.

4

This presumption was with the defendants when the trial began and remains with the defendants even now as I speak to you and will continue with the defendants into your deliberations unless and until you are convinced that the government has proven their guilt beyond a reasonable doubt.

4.   Proof Beyond a Reasonable Doubt

I have said that the government must prove each defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit the defendant you are considering. On the other hand, if after

6

fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

5.   <u>The Evidence</u>

A.   I wish to instruct you now as to what is evidence and how you should consider it.

The evidence upon which you are to decide what the facts are comes in several forms:

(1)  Sworn testimony of witnesses, both on direct and cross-examination;

(2)  Exhibits that have been received in evidence by the court; and

(3)  Facts or testimony to which the lawyers have agreed or stipulated.

B.   What is <u>not</u> evidence:

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

(1)  The contents of the indictment are not evidence;

(2)  Arguments or statements by lawyers are not evidence;

(3)  Questions put to the witnesses are not evidence;

(4)  Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other

8

answer.  If I told you to disregard certain testimony or sustained a lawyer's request to disregard or strike certain testimony, you are to disregard the testimony.

(5) What I say in these instructions is not evidence.

(6) If evidence has been received for a limited purpose, you must consider that evidence for that limited purpose only.

(7) Obviously, anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof regardless of who the defendant is.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

C.  <u>Direct and circumstantial evidence</u>

I told you that evidence comes in various forms such as the

sworn testimony of witnesses, exhibits, and stipulations.

There are, in addition, different kinds of evidence - direct and circumstantial.

(1) Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses. So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct. What remains is your responsibility to pass upon the credibility of that witness.

(2) Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" - or the expression "to draw an inference" - means to find that a fact exists from proof of another fact. For example, if a fact in issue is whether it is raining at the moment, neither of us can testify directly to that fact sitting as we are in this windowless courtroom. Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water. We may infer that it is raining outside. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella. An inference is to be drawn only if it is logical and reasonable to do so. In deciding whether to draw an

inference, you must look at and consider all the facts in the light of reason, common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

I remind you once again that you may not convict the defendants unless you are satisfied of their guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

D.   <u>Number of Witnesses and Uncontradicted Testimony</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses

11

has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.

6.   <u>Consideration of Each Defendant Separately</u>

The indictment names two defendants who are on trial together. In reaching your verdict, however, you must consider each defendant separately.  Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him, without regard to the guilt or innocence of the other defendant on trial or anyone else.

In addition, some of the evidence in this case was limited to only a particular defendant.  Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

It is your duty to give separate and personal consideration to the case of each defendant.  When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against the other defendant.

Each defendant is entitled to have his case determined from evidence as to his own acts, statements, and conduct, and any other evidence in the case which may be applicable to him.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding the other defendant.

In this regard, you may have noticed, during the course of the trial, that the lawyers for the defendants have at times consulted

13

with each other, and have divided some of the work of the trial in an effort to avoid duplicating each other.  The fact that lawyers have consulted and cooperated with each other during the course of the trial should not be considered by you as having any significance to any issues in this case.

7.   <u>Multiple Counts – Multiple Defendants</u>

The indictment contains a number of counts.  Each count charges a defendant with a different crime.

There are two defendants on trial before you.  You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant.  The case against each defendant, on each count, stands or falls upon the proof or lack of proof against the defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other count.  No other considerations are proper.

8.   Rulings by the Court

My next instruction relates to the rulings and statements that I made during the course of this trial.  I hereby instruct you that nothing that I said during the course of the trial, no question that I have asked, no ruling that I have made, and no statement that I may make in this charge, should be interpreted in any way whatsoever as a suggestion of what decision I believe you should make.  You should understand that I have no opinion as to the decision you should make in this case.

You will remember that at various times throughout the trial, I have been called upon to make rulings on various questions of law.  I have sustained objections and I have overruled objections.  Please do not concern yourself with my reasons for making the rulings that I made.  These are purely legal matters and must not affect your deliberation on the factual matters in this case.  Nor are you to draw any inferences for or against a party because that party raised objections during the course of the case.  It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not hold it against an attorney – or a defendant – either because the attorney has made objections, or because some of those objections may have been overruled by me.

When the Court has sustained an objection to a piece of evidence or a question addressed to a witness, you must disregard

16

it entirely and may draw no inference from it or speculate as to what the witness would have said if he or she had been permitted to answer the question.  Similarly, if after a question was asked and an answer given, the answer was ordered stricken from the record, you must disregard both the answer and the question.

You are further instructed that with respect to every situation where testimony has been stricken, the reason for that ruling relates to a matter of law which is no concern of yours and not for your consideration.  Once stricken, such testimony must be disregarded and ignored.  The reasons for my striking such testimony should not be discussed among you, nor should you speculate or guess about the basis for my ruling.  By the same token, where I allowed testimony or exhibits to be received into evidence over the objection of counsel, this was not an indication that I have any opinion as to the weight or effect of such evidence.  That is for you to decide.

In reaching your verdict, you also are not to concern yourselves in any way with the conferences which sometimes took place at the side bar between the Court and counsel for the parties, nor are you to draw any inferences for or against any party because that party may have requested such a conference.  You also must not draw any conclusion whatsoever from the fact that from time to time I may have asked questions of witnesses.  This was solely to elicit facts which may or may not be material to your determination.

17

Remember that, in making your determination as to the facts, you should rely upon your own recollection of the evidence.  What I said from time-to-time during the course of the trial, or what I say in the charge that I am now giving you, should not be taken in place of your own recollection of the evidence in this case.

9.   Witness Credibility – General Instruction

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defendants which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she

19

was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or one of the defendants which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice, or hostility that may have caused the witness — consciously or not — to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

10.   <u>Interest in Outcome</u>

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.   Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.   Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.   It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

11. Non-Prosecution Agreement for Government Witness

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant you are considering is guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

22

12. Credibility – Prior Inconsistent Statements

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with this trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all, or part, or none, of the witness' testimony.

23

13. <u>Expert Testimony</u>

You have heard, during the course of this trial, the testimony of individuals referred to as experts in their fields. If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness with particular knowledge, skill, experience, training or education, may be called to testify about such evidence or facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions. An exception to this rule exists for those we call "expert" witnesses who may state their opinions and who may also state the reasons for their opinion.

You should consider the witnesses' opinion received in this case and give it such weight as you may think it deserves. If you should decide that the opinion of the witness is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In sum, the expert witness is in all other respects the same as any other witness. You should consider his or her qualifications, his or her experience, his or her interest in the outcome of the case, if any, his or her demeanor, and all the other factors you have been instructed to consider in assessing the credibility of other witnesses.

24

14.  <u>Law Enforcement Witnesses</u>

You have heard testimony of law enforcement officers and government employees. The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

15.   <u>Particular Investigative Techniques Not Required</u>

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the government.  There is no legal requirement, however, that the government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, each defendant's guilt has been proved beyond a reasonable doubt.

16.   <u>Defendant Kenner's Testimony</u>

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, one of the defendants, Mr. Kenner, did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any other witness.

17.   <u>Defendant Constantine's Right Not to Testify</u>

The other defendant, Mr. Constantine, did not testify in this case.  As I mentioned, under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that defendant Constantine did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

28

18.  <u>Dates Approximate</u>

In alleging dates, the indictment frequently charges "on or about," and "between" certain dates.  The proof need not establish with certainty the exact date of an alleged offense.  The law only requires the evidence establish beyond a reasonable doubt that the dates alleged in the indictment and the date established by the testimony or exhibits are substantially similar.

29

19.   <u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of certain other people in the transactions referred to in the indictment.   That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

20. <u>Stipulations</u>

The attorney for the United States and the attorneys for the defendants have entered into stipulations concerning certain facts and testimony that are relevant to this case.

A stipulation of fact is simply an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.  However, what weight to give those facts is entirely up to you.  You are the sole judges of the facts and you decide what weight to give those facts.

A stipulation of testimony is an agreement among the parties that, if called, a witness would give certain testimony.  You must accept as true the fact that the witness would have given that testimony in court.  However, it is for you to determine the effect to be given that testimony.

21.  <u>Charts and Summaries</u>

During the course of trial, there were charts and summaries admitted into evidence.  The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.  As a result, if you have any questions regarding these charts or summaries you should turn to the actual evidence - in particular, the documentary records upon which the charts and summaries are based.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

22.  <u>Transcripts of Tape Recordings</u>

The government has been permitted to hand out a typed document which it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence.  Those were given to you as an aid or guide to assist you in listening to the tapes.  However, they are not in and of themselves evidence.  Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves.  You alone should make your own interpretation of what appears on the tapes based upon what you heard.  If you think you heard something differently than appeared on the transcript, then what you heard is controlling.  Let me say again, you, the jury, are the sole judges of the facts.

23. <u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

24.  <u>Good Faith</u>

The defendants' contend that they were acting in good faith in connection with all of the actions described in the indictment.

Good faith is an absolute defense to all of the charges in this case.  If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution.  A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.  I will discuss the issue of intent in more detail in a moment when I instruct you as to the elements of each crime in the indictment.

## PART II:  LEGAL ELEMENTS OF CHARGED CRIMES

I will now turn to the second part of this charge - and I will, as I indicated at the outset, instruct you as to the legal elements of the crimes charged in the indictment.  That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

Summary of Indictment  In order to place my instructions in context, I will start by giving you a summary of the crimes charged.  They are stated in the indictment.  I will give you a copy of the indictment to refer to during your deliberations, but the indictment is not evidence, it is simply the instrument by which the charges are brought.  It is an accusation.  It may not be considered by you as any evidence of the guilt of either defendant. I am permitting you to have the indictment solely as a reference during your deliberations.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the indictment. And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the indictment.  The indictment contains nine counts, or separate charges or offenses.  They are numbered Counts One through Nine.  You must consider each count separately and return a verdict based only upon the evidence as it relates to that specific count.  You must also consider each defendant

36

separately.  Whether you find a defendant not guilty or guilty as to one offense should not affect your verdict as to any other offense charged.  Your verdict as to each count and each defendant must be unanimous.

The indictment begins with what is called an introduction. It is an introduction to all of the counts of the indictment.  In this case, the introduction alleges that the defendants PHILLIP A. KENNER and TOMMY C. CONSTANTINE were engaged in an alleged scheme to defraud involving several different investment vehicles and separate victims.  I am not going to read the language of the introduction to the indictment because it spans several pages, but you will have a copy of the indictment in the jury room with you and can refer to it.  I caution you once again that the indictment itself is not evidence and is entitled to no independent weight in your considerations.  It is simply a list of accusations.

Count One, in sum, charges the defendants, PHILLIP A. KENNER and TOMMY C. CONSTANTINE, together with others, with Conspiracy to Commit Wire Fraud.

Counts Two through Six, in sum, charge the defendants, PHILLIP A. KENNER and TOMMY C. CONSTANTINE, together with others, with Wire Fraud regarding the wiring of funds on specific dates related to the Hawaii Land Developments, the Eufora Investments, and the Global Settlement Funds.

37

Counts Seven and Eight, in sum, charge the defendant, PHILLIP A. KENNER, with Wire Fraud regarding the wiring of funds related to the Sag Harbor property.

Count Nine, in sum, charges the defendants PHILLIP A. KENNER and TOMMY C. CONSTANTINE, together with others, with Conspiracy to Commit Money Laundering.

I have summarized the counts in the indictment simply to give you an overview of the charges.  In your deliberations as to each count you should refer to the exact text of the indictment.  I will now explain to you the law that applies to each of the counts in the indictment.

## Counts Two through Eight: Wire Fraud

As the conspiracy in Count One depends in part upon the law of Wire Fraud, I will begin with Counts Two through Eight.

Counts Two through Eight of the indictment charge the defendants with Wire Fraud.  The indictment charges that one or both of the defendants devised a scheme to defraud, and in furtherance of that scheme knowingly caused the interstate wires to be used.  Each of those counts relates to a specific use of the wires on or about the dates specified in the indictment.

Specifically, Counts Two through Six charge both defendants with Wire Fraud.  Those counts read, in relevant part, as follows:

> On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds, by means of wire communication in interstate and foreign commerce, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|-------|--------------------------------------|----------------------------------|
| TWO | February 12, 2009 | $30,000 wire transfer from an account at Wachovia Bank in Closter, New Jersey to J. Kaiser's TD Bank account in the Eastern District of New York |

39

| THREE | February 26, 2009 | $40,300 wire transfer from J. Kaiser's account at TD Bank in the Eastern District of New York to an account in the name of KENNER at Bank of America in Scottsdale, Arizona. |
|-------|-------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| FOUR  | May 22, 2009      | $25,000 wire transfer from KENNER's account at Bank of America in Scottsdale, Arizona to J. Kaiser's Wells Fargo account in the Eastern District of New York. |
| FIVE  | December 7, 2009  | $150,000 wire transfer from Privitello's account at Fidelity Investments in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |
| SIX   | December 7, 2009  | $50,000 wire transfer from Privitello's account at Citizens Bank in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |

Counts Seven and Eight charge PHILLIP A. KENNER with Wire Fraud in connection with the Sag Harbor property. Those counts read, in relevant part, as follows:

On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," did knowingly and intentionally devise a scheme and artifice to defraud Berard and Peca, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, as set forth below:

40

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|---|---|---|
| SEVEN | November 20, 2008 | $43,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Ula Makika account at Northern Trust Bank in Scottsdale, Arizona. |
| EIGHT | December 31, 2008 | $35,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Little Isle IV account at Northern Trust Bank in Scottsdale, Arizona. |

The relevant statute regarding this subject is section 1343 of Title 18 of the United States Code, which provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

41

A. Wire Fraud: Definition and Elements

In order to prove the defendant you are considering guilty of wire fraud under these counts, the government must prove each of the following elements beyond a reasonable doubt.

<u>First</u>, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

<u>Second</u>, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

<u>Third</u>, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

42

1.   First Element:  Existence of a Scheme or Artifice
     to Defraud

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property by means of false or fraudulent pretenses, representations or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.  A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.  The scheme in this case is alleged to have been carried out by making false and fraudulent statements and representations.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

43

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant you are considering was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (*e.g.*, with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

44

The representations which the government charges were made as part of the scheme to defraud are set forth in paragraphs 5 through 15 and 21 through 27 of the indictment.  It is not required that every misrepresentation charged in the indictment be proved.  It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.  The jury must be unanimous on the alleged particular misrepresentation that satisfies this element on each count.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or other property.

However, the government is not required to prove that a given defendant personally originated the scheme to defraud. Furthermore, it is not necessary for the government to prove that the defendant actually realized any gain from the scheme or that an intended victim actually suffered any loss.  In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that each defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

45

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has proven beyond a reasonable doubt that a scheme to defraud, as charged, did exist, you next should consider the second element.

2.   <u>Second Element: Participation in Scheme with Intent</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the

47

evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant you are considering is a complete defense to a charge of wire fraud. Each defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not the defendants acted in good faith. You are instructed that if one of the defendants participated in the scheme to defraud, then a belief by that defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the

48

defendant acted in good faith.  If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme would ultimately make a profit for the investors will excuse fraudulent actions or false representations by them.

As a practical matter, then, in order to sustain the charges against each defendant, the government must establish beyond a reasonable doubt that each defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

The government may prove that the defendant you are considering acted knowingly in either of two ways.  First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making a false statement or causing a false statement to be made. Alternatively, in determining whether the defendant acted knowingly, you can consider whether the defendant you are considering deliberately closed his eyes to what would otherwise have been obvious to him.  For example, if you find that the defendant was aware of a high probability that a statement was false, and that he deliberately sought to avoid knowledge of the statement's falsity, you may infer that the defendant knew the statement was false.  On the other hand, if you find that the

49

defendant actually, although mistakenly, believed that the statement was true and that his conduct in making the representation was lawful, even if you consider that belief to be an unreasonable or irrational one, then the requirement of knowledge would not be satisfied.

You may find that the defendant knew a representation was false if you conclude beyond a reasonable doubt that he made the representation with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. If you find beyond a reasonable doubt that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statement to be true. This guilty knowledge, however, cannot be established by demonstrating mere negligence or foolishness on the part of the defendant. It is entirely up to you whether you find that the defendant you are considering deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In sum, to conclude on this element, if you find that the defendant you are considering was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, then should

then proceed to consider the third element of wire fraud, as to

that defendant.

<u>3. Third Element -- Use of the Wires</u>

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.  A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to make the call or transfer of funds.  When one does an act

with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.  The government contends that it was reasonably foreseeable that the wires, including telephone calls, facsimiles and emails, would be used in the ordinary course of business to communicate with investors and transfer the funds between banks, and therefore that each defendant caused the use of the wires.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment.  However, the government does not have to prove that the wires were used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

## **Count One: Wire Fraud Conspiracy**

Count One of the indictment charges the defendants with Conspiracy to Commit Wire Fraud. The Indictment charges that the defendants conspired to devise a scheme to defraud that used the interstate wires. Count One, in relevant part, reads as follows:

> In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

The relevant statute on this subject is 18 U.S.C. § 1349. It provides:

> Any person who ... conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy.

A conspiracy is a kind of criminal partnership, an agreement or understanding by two or more persons to violate another law. A conspiracy to commit a crime is an entirely separate and different

offense from the underlying crime a conspirator is charged with agreeing to commit.  That is because the existence of a conspiracy, or partnership for criminal purposes, is in and of itself a crime.

The essence of the crime of conspiracy is the agreement or understanding among two or more persons that they will act together to violate the law.  Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is still punishable as a crime.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

A.    <u>Conspiracy to Commit Wire Fraud: Elements of the Offense</u>

In order to prove the crime of conspiracy, the government must establish the following three elements of the crime beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into the particular unlawful agreement charged in the indictment;

<u>Second</u>, that the objective of the conspiracy was to commit at least one of the unlawful acts charged in the indictment; and

<u>Third</u>, that the defendant knowingly, intentionally and willfully became a member of the conspiracy.

Let me discuss these in more detail with you.

B.    <u>First Element:  Existence of the Agreement</u>

First, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the indictment.  In other words, one cannot commit the crime of conspiracy alone.  Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.

Now, the government need not prove that members of the conspiracy met together or entered into any express or formal agreement.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished.  It is sufficient to show that the conspirators implicitly came to a mutual understanding to accomplish one or more of the unlawful objectives charged in the indictment by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof.  But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available.  You may, therefore, infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  You may, in determining whether an agreement existed here, consider the actions and statements of those you find to be conspirators as proof that

57

a common design existed to act together for the accomplishment of the unlawful purposes stated in the indictment.

C.    Second Element:  Unlawful Acts

The second element that the government must prove beyond a reasonable doubt is that the objective of the conspiracy was to commit at least one of the unlawful acts charged in the indictment. The conspiracy charged in Count One of the indictment has alleged more than one objective, that is, it alleges multiple ways in which the members conspired to execute a scheme to defraud Investors.

The three crimes alleged to be an object of the conspiracy in Count One involve wire fraud:  the first is the alleged scheme to defraud investors related the Hawaii Land Developments, the second is the alleged scheme to defraud investors related to the Eufora Investments, and the third is the alleged scheme to defraud investors related to the Global Settlement Fund.  I instructed you on the elements of wire fraud earlier when I instructed you about Counts Two through Eight, and those elements and instructions apply equally to this count.

The government need not prove that the alleged conspirators entered into an agreement to accomplish all three of the unlawful objectives alleged.  If you find unanimously that two or more persons agreed to commit any of these three objectives, then this element would be proved.  That is, it is not enough to convict if some of you find that the government has proven only an agreement to accomplish one unlawful objective while others of you find that the government has proven only an agreement to accomplish a different unlawful objective.  Thus, you must be unanimous as to

59

the particular unlawful objective.

Statute of Limitations Instruction

Finally, there is an additional request that the government must prove with respect to the conspiracy charge in Count One. In particular, there is a limit on how much time the government has to obtain an indictment. Therefore, for you to find either defendant guilty of conspiracy, the government must prove beyond a reasonable doubt that the conspiracy continued after October 29, 2008.

D.    <u>Third Element:  Membership in the Conspiracy</u>

The third element the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly, intentionally and willfully became a member of the charged conspiracy.  I have explained to you in some detail what it means to act knowingly, intentionally and willfully.  Follow those instructions here.

If you are satisfied that the conspiracy charged in the indictment existed, you must ask yourselves who the members of that conspiracy were.  In deciding whether each defendant was a member of the conspiracy, you should consider whether he knowingly, intentionally and willfully joined the conspiracy.  Did the defendant participate in it with knowledge of its unlawful purpose and with the intention of furthering the objectives with which he is charged?

In order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before the defendant you are considering can be found to have been a conspirator, you must find that he knowingly joined in the unlawful agreement or plan.  The key question, therefore, is

61

whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

I want to stress that merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to commit the crime.  This is true even if the person knows that a crime is being committed.  Mere innocent association, as for social and business purposes, or physical contact with conspirators, does not make a person a co-conspirator.  Similarly, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member.  More is required under the law.

The extent of the defendant's participation in a conspiracy has no bearing on the issue of guilt.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor parts in the scheme.  A conspirator need not have been fully informed as to all of the details or the scope of the conspiracy.  He need not have been a member of the conspiracy for the entire time of its existence.

**Aiding and Abetting**

For Counts Two through Eight, the government can meet its burden of proof either by proving that the defendant did the acts charged himself or by proving that he aided and abetted another person in doing so.  The government is relying on two theories of aiding and abetting under Section 2 of Title 18 of the United States Code.  You may find that the defendant was an aider and abettor under either theory, that is you may find that the defendant was an aider and abettor under either Section 2(a) or 2(b) of Title 18 of the United States Code, which read as follows:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

> (b) Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Accordingly, even if the defendant you are considering did not personally do every act constituting an offense, you may find that he committed that offense if the government proves beyond a reasonable doubt that he aided and abetted the offense.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he personally committed it.  The essence of aiding and abetting is the intentional and knowing participation in the unlawful act by furthering it in some way.

To find that a given defendant is an aider or abettor, you must

find beyond a reasonable doubt that the government has proven that another person actually committed the crime with which the defendant is charged and that the defendant aided and abetted that person in the commission of the offense.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the criminal venture, that he participate in it out of desire to make the crime succeed.  That is, a defendant must have the specific intent of furthering the criminal offense through some action on his part.  I previously instructed you on the definitions of willfully and knowingly and you should apply those instructions here.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abetter must have some interest in the criminal venture.  That interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

In other words, if one, fully aware of what he is doing, plays a significant role in facilitating a transaction prohibited by law, he is equally guilty with the person who directly performs the illegal acts, even though the latter played a much greater or major part in the preparation of the crime.

To determine whether the defendant you are considering aided and abetted the commission of the crime charged, ask yourselves these questions:

> First:   Did he participate in the crime charged as something he wished to bring about?
>
> Second: Did he associate himself with the criminal venture knowingly and willfully?
>
> Third: Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and is therefore guilty of the crime charged just as if he himself had actually committed it.  If, on the other hand, your answers to any of these questions is "no," then the defendant is not an aider and abettor under 18 U.S.C. § 2(a), and you must find him not guilty of the crime under consideration as an aider and abettor under Section 2(a).

Under Section 2(b), you may also find that a defendant is an aider and abettor if you find that the government has proven beyond a reasonable doubt that he knowingly and intentionally caused another person to engage in wire fraud, as I have defined that for you, and that, in doing so, the defendant acted willfully, with the purpose and specific intent of causing that other person to engage in wire fraud.

### *Pinkerton* **Charge**

For Counts Two through Six, which charge both defendants with wire fraud, if you do not find that the government has satisfied its burden of proving that the defendant you are considering is guilty as an aider and abettor or as a principal, there is another method by which you may evaluate the defendant's possible guilt on these counts.

If you find, beyond a reasonable doubt, that the defendant you are considering was a member of a conspiracy to commit wire fraud, as charged in Count One of the indictment, then you may also, but you are not required to, find the defendant guilty of the substantive crimes related to that conspiracy, as charged in Counts Two through Six, provided you find, beyond a reasonable doubt, each of the following elements for the particular count you are considering:

> First, that the substantive crime charged in the count you are considering was committed;
>
> Second, that the person or persons who committed that substantive crime were members of the corresponding conspiracy to commit wire fraud, as charged in Count One;
>
> Third, that the substantive crime charged in the count you are considering was committed pursuant to a common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators. An offense by a co-conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement.

If the government has proven all five of these elements beyond a reasonable doubt for the specific substantive crime you are considering, then you may find the defendant you are considering guilty of the substantive crime, even if the defendant did not participate in the acts constituting the substantive crime.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant you are considering guilty of the substantive crime charged in the count you are considering. I again remind you that this instruction relates only to Counts Two through Six, and, therefore, does not

apply to any other counts of the indictment.

## **Count Nine: Money Laundering Conspiracy**

Count Nine alleges that the defendants entered into a conspiracy to commit the substantive offense of money laundering in violation of Title 18, United States Code, Section 1956(h). Count Nine reads, in relevant part, as follows:

> In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, to wit: wire transfers of money, which transactions in fact involved the proceeds of specified unlawful activity, to wit: wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, respectively, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

Count Nine of the indictment charges the defendants with violating section 1956(h) of Title 18 of the United States Code. Section 1956(h) provides, in relevant part:

> Any person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property

69

constituting the proceeds of specified unlawful activity. Specifically, section 1956(a)(1)(B)(i) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
>
> (B) knowing that the transaction is designed in whole or in part—
>
> (I) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity
>
> [is guilty of a crime].

I have already explained the law of conspiracy to you, in connection with Count One of the indictment, and those instructions apply equally to Count Nine. Thus, in order to prove the crime of money laundering conspiracy charged in Count Nine, the government must establish the following elements of the crime beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement charged in the indictment;

Second, that the objective of the conspiracy was to commit the money laundering objective alleged in the indictment; and

Third, that the defendant you are considering knowingly, intentionally, and willfully became a member of the conspiracy.

70

The detailed instructions that I gave you on each of the elements of conspiracy on Count One apply equally here even though I will not repeat them.

In terms of the objective of the money laundering conspiracy, Count Nine charges the defendants with entering into a money laundering conspiracy knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, namely, wire fraud or conspiracy to commit wire fraud. I will now give you additional instructions regarding the elements of the money laundering under section 1956(a)(1)(B)(I).

A.   Count Nine:   Money Laundering–Section 1956(a)(1)(B)(I)
Elements of the offense

In order to prove the crime of money laundering in violation of Section 1956(a)(1)(B)(I) on Count Nine, the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant you are considering conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, namely wire fraud or conspiracy to commit wire fraud.

Second, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

Third, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

### B.  First Element—Financial Transaction Involving Proceeds of Unlawful Activity

The first element which the government must prove beyond a reasonable doubt is that the defendant you are considering conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, namely wire fraud or conspiracy to commit wire fraud.  A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of

a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity. Proceeds can be any kind of property, not just money. However, in order to be considered proceeds of specific unlawful activity, the property must represent the profits of the underlying crime, not just its gross revenue. In other words, "proceeds" mean net profits derived from a crime, and not simply money that was received during the course of the commission of a crime. If a person uses the money derived from a crime to defray the expenses of that same crime, you cannot find that he or she was using profits to do so. Until a person pays the expenses of his or her crime, there are no profits. Also, the illegal laundering of funds described here cannot occur

in the same financial transaction through which those funds first
became tainted by crime.  The Government has the burden of proving
beyond a reasonable doubt that the funds involved in each of the
financial transactions alleged in the indictment constituted the
"proceeds of specified unlawful activity" as opposed to being funds
derived from some other source.

The term "specified unlawful activity" means any one of a
variety of offenses defined by the statute. In this case, the
government has alleged that the funds in question were the proceeds
of wire fraud and conspiracy to commit wire fraud. I instruct you
that, as a matter of law, wire fraud and wire fraud conspiracy fall
within that definition. However, it is for you to determine whether
the funds were the proceeds of that unlawful activity.  A few
moments ago, I explained to you the elements of wire fraud.

C.  Second  Element–Knowledge  That  Property  Was  Proceeds  of
Unlawful Activity

The  second  element  which  the  government  must  prove  beyond  a
reasonable  doubt  is  that  the  defendant  you  are  considering  knew
that  the  property  involved  in  the  financial  transaction  was  the
proceeds of some form of unlawful activity.

To  satisfy  this  element,  the  government  must  prove  that  the
defendant  knew  that  the  property  involved  in  the  transaction
represented  proceeds  from  some  form,  though  not  necessarily  which
form,  of  activity  that  constitutes  a  felony  under  state,  federal,
or  foreign  law.   Thus,  the  government  does  not  have  to  prove  that
the  defendant  specifically  knew  that  the  property  involved  in  the
transaction  represented  the  profits  of  the  wire  fraud  or  any  other
specific  offense.    The  government  only  has  to  prove  that  the
defendant  knew  it  represented  the  profits  of  some  illegal  activity
which  was  a  felony.    I  instruct  you  as  a  matter  of  law  that  wire
fraud  and  conspiracy  to  commit  wire  fraud  are  felonies  under
federal law.

D.   Third Element—Knowledge That Transaction Was Designed to Conceal Origin of Property

The third element which the government must prove beyond a reasonable doubt is that the defendant you are considering acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely wire fraud or conspiracy to commit wire fraud.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.

However, if you find that the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

Statute of Limitations Instruction

Finally, there is an additional request that the government must prove with respect to the conspiracy charge in Count Nine.  In particular, there is a limit on how much time the government has to obtain an indictment.  Therefore, for you to find either defendant guilty of conspiracy, the government must prove beyond a reasonable doubt that the conspiracy continued after October 29, 2008.

77

## PART III:  RULES REGARDING DELIBERATIONS

Finally, a few closing remarks.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

I instruct you that the decision you reach as to each element for each charge in the indictment must be unanimous; that is, all 12 of you must agree on every element in every count.  I also instruct you to consider each count of the indictment in which each defendant is charged separately.  For example, you may find a defendant guilty of one count and not guilty of another, or you may find him guilty of all counts or not guilty of any.  But again, the verdict on each element and each count must be unanimous. Moreover, you must consider each defendant separately, on each count, and your verdict as to each defendant on each count must be unanimous.

When you retire, it is your duty to discuss the case for the purpose of reaching a verdict.  Each of you must decide the case for yourself, but should only do so after considering all the evidence, listening to the views of your fellow jurors, and discussing it fully.  It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to

reconsider your opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else.  Opening statements, closing arguments, or other statements or arguments of counsel are not evidence.  If your recollection of the facts differs from the way counsel has stated the facts to be, then your recollection controls.

And, finally, bear in mind that the government has the burden of proof and that you must be convinced of the defendant's guilt beyond a reasonable doubt to return a guilty verdict.  If you find that this burden has not been met, you must return a verdict of not guilty.

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendants, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Under your oath as jurors you are not to be swayed by sympathy

for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of each defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that one or both of the defendants are guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to the court security officer during your deliberations, but of course his or her vote is entitled to no greater weight than any other juror.

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom

and during your deliberations the court reporter will read back to you any portion of the transcript you may ask for.

For those of you who did take notes during the trial, I point out to you and your fellow jurors that your notes are simply an aid to memory for the particular juror who takes the notes. You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations. Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes. Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter to read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court. If you send

82

any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone - not even to me - how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request.  If you want any of the testimony read, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want. If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.

I have prepared a verdict sheet, which will be given to you. The verdict sheet is given to you to record your verdict after you have reached a verdict as to all counts in the indictment.

When you have reached a decision, have the foreperson sign the verdict form and put the date on it - and notify the marshal by note that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty - and that is - without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions.  Thank you for your close and

careful attention.  Members of the jury, you will now retire to deliberate after I swear in the Marshall.  I do ask that, as your first order of business, you elect a foreperson and send me  a note, dated and timed, identifying that foreperson.