JUROR # 1
has been selected
as forewoman at
12:25 — 7/7/15

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 09 2015   ★

LONG ISLAND OFFICE

COURT EXHIBIT

1

Gloria,

Vicky & Joe
need to go to
the post office.

7/7/13   1:15 pm

**COURT EXHIBIT**

2

Requests for Docs.

- Can we have a copy of the instructions from the judge.
- Clients — Gov't
- Bank statements LISTED in Indictment
- ex. 50 — Timeline

**COURT EXHIBIT**

3

# Requests for Materials AND Exhibits

- Operating Agreements for ALL LLC's.

HAWAII + Related Companies

Eufora + Related Companies

C.279 - Eufora Investors.

FHRA    Peter Melley - FINARCe Commissioner Testimony

Goarn Bank Statements

7/7/15   B/Boone

**COURT EXHIBIT**

4

11/7/15

Jury Requests:

Can we have copies of.

Ron Richards Testimony
Transcript
All Spreadsheets from
trial

Ledbetter Operating
Agreements (2)

Thanks
Boone

COURT EXHIBIT

5

7/7/15

Can we have the
following:

Operating Agreements:
A Z Eufora Partners

Thanks.
BN Brown

COURT EXHIBIT

6

7/8/15

We have changed our
minds we do not
need the for Ron
Richards Testimony
read.

Thanks

W Boire

COURT EXHIBIT

7

7|8|15

Is there an operating agreement for AZ Eufora Partners (TG2) + Standard Ventures LLC's?

K79, K80, GX 2010, C166, 769, C161 + 162, K84, 3500, K85. and the book of Text messages.

Can we have?

Thank you

3W. Boone

COURT EXHIBIT

8

Can we have the
emails GX 208.1 - 208.11
Thanks.

J.F. Boone

**COURT EXHIBIT**

9

Can we lose someone to
escort us for
a walk?

BN Beson

7/8/05

**COURT EXHIBIT**

10

7/8/15

Can we lose the Money magazine article?

Also any testimony or emails, documents regarding the ledbetter / Sag Harbor* deal?

Thanks
R. Bain

COURT EXHIBIT

11



7/8/15

Can we have the bank statements for Johnson Bank for Eufora for the month of Feb. 09.

also –

Gx 2213 – Bank statement

Gx 1513 – Wire transfer inst

~~actual~~ Emails acknowledging

Ranford + TC relationship.

Thanks

Jr Boone

**COURT EXHIBIT**

12

7/8/15

We close not need
the Testimony read
back of the witnesses
for Lebletter/Sag
Harbor deal.
We do not need
to hear the recordings
of the Led letter.
transactions.

Thanks

**COURT EXHIBIT**

13

7/9/15

Can we have
credit card statements
from Nov 08 – Jan 09
for P. Kenner?
If available.
Thanks
Harold Boone

COURT EXHIBIT

14

7/9/15

Is there evidence
of the location of
P. Kenner on or about
Dec 1-8, 2009 and/or
is there an Amex
Statement for P. Kenner
with the closing date
earlier than the date
3102?

Thanks
3 W Boone

**COURT EXHIBIT**

15

7/9/15

We are looking for information about P. Kenner's whereabouts in Dec 08.

Date Specific

12/1 - 12/7/08

COURT EXHIBIT

16

7/9/15

We have reached
a verdict.

Juror 1
T Boone

COURT EXHIBIT

17

UNITED STATES v. PHILLIP KENNER AND TOMMY CONSTANTINE
13-CR-607 (JFB)
April 27, 2015

CRIMINAL JURY SELECTION

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 09 2015   ★

LONG ISLAND OFFICE

## I.   PRELIMINARY STATEMENT TO THE ENTIRE PANEL

**[Before the opening statement to the panel, the court deputy shall call the case into the record and swear in the entire panel.]**

Good morning, ladies and gentlemen.  Welcome to the United States District Court for the Eastern District of New York.  My name is Judge Joseph Bianco and I will be presiding over the trial which is about to begin. We are here this morning to select a jury in a criminal case.

We are about to begin the actual process of selecting the jurors who will hear and decide this case.  The trial is anticipated to take about five to six weeks.  We will be sitting Monday through Thursday from 9:30 to 4:30. Following jury selection today, the trial will begin next Monday, May 4, 2015.

I thank you for being here.  Your presence reflects your serious commitment to your civic responsibilities.  I recognize that some of you are

COURT EXHIBIT



significantly inconvenienced by your service. Jury service, however, is one of the highest and most important duties of a citizen. Our system of justice depends on you. I, like all my fellow judges, am grateful to you for your service. In a few minutes, if you have an extraordinary personal hardship that prevents you from serving in this case, you will have an opportunity to bring that to the Court's attention. I emphasize extraordinary because, as I said, I know many of you have jobs or other places you would rather be. The hardship must be extraordinary for you to be excused. So I appreciate your full cooperation.

The purpose of this procedure is to select a panel of 12 fair and impartial jurors and 6 fair and impartial alternate jurors to try this case. So I am going to ask you certain questions with respect to your background. I apologize in advance for asking you personal questions, which I must, for the purpose of selecting a fair and impartial jury panel.

My questions – and your responses – enable me to determine if any prospective juror should be excused for cause. The questioning also enables the parties to exercise their judgment with respect to their peremptory challenges – that is, challenges for which no reason need be given. Each side has been allotted a certain number of peremptory challenges that they are free to exercise. If at any time you feel uncomfortable for any reason in answering a question in front of other jurors, just ask if you may come up here to the bench at sidebar and I will discuss it with you in the presence of the attorneys and the court reporter only.

If I decide that you should not sit as a juror here, please understand that it does not in any way reflect badly on you. Our system simply requires jurors who not only are totally impartial, but also who lack even the appearance of being partial or biased. Such an appearance may arise from a prospective juror's relationship to the case, the parties, or the subject matter of the case.

3

If for any reason I decide to excuse you, you may still be able to serve as a juror in a different case, so I will ask you to return to the central jury room.

## II.   SUMMARY OF THE CASE

So you can understand the reason for the questions I will be asking you shortly, I want to tell you briefly about the case. As I explained, this is a criminal case.  It is entitled the United States v. Phillip Kenner and Tommy Constantine.

In a criminal case, the charges against the defendant are contained in what is called an indictment.  An indictment is not evidence.  It simply contains the charges against each defendant, and no inference may be drawn against the defendants from the existence of the Indictment.  You must always keep in mind that the defendants are presumed innocent, that each defendant has entered a plea of not guilty to the charges against him, and that the Government must prove beyond a reasonable doubt the charges in the Indictment.

4

I also want you to understand that nothing I say today regarding the description of the case is evidence. The evidence that you will consider, if selected as a juror, will only come from the trial testimony of witnesses, and from exhibits that are admitted into evidence.

I will now briefly summarize the charges in the indictment. My summary is only intended to assist you in considering whether you can sit as a fair and impartial juror in this case.

The defendants are charged in a nine-count indictment in connection with an alleged fraud scheme against investors. Counts One through Six of the indictment–which are alleged against both defendants–relate to an alleged fraud, between August 2002 and April 2013, arising from the investment of funds in (1) real estate in Hawaii, (2) a company named Eufora, and (3) an entity known as the "Global Defense Fund." In particular, it is alleged that the defendants defrauded investors, some of whom were former and current professional National Hockey League players, by making false representations to investors and diverting funds

5

that were intended for investments. Counts Seven and Eight, which are asserted against Phillip Kenner alone, relate to an alleged fraud, between October 2006 and May 2012, in connection with an investment in a property located in Sag Harbor, New York through a company called "Led Better Development Company, LLC." Both defendants are charged with Count Nine of the indictment, which alleges that the defendants engaged in a money laundering conspiracy in connection with the alleged fraud scheme.

## III. GENERAL QUESTIONS

Do any of you have any physical problems or an extraordinary personal hardship that would prevent you from serving in this case for the amount of time I have indicated?

Do any of you have any difficulty with your sight or hearing that could affect your perception of the proceedings?

Do any of you have any difficulty understanding or reading English?

6

Do any of you have any religious, moral or ethical beliefs that would prevent you from passing judgment on another person?

Do any of you know anything about the facts of this case, or have you heard or read anything about the facts of this case?

## IV. INTRODUCTION OF THE PARTIES AND COUNSEL

At this time, I want to take the opportunity to introduce the parties to you.

Mr. Philip Kenner and Mr. Tommy Constantine are the defendants in this case. Mr. Kenner, would you please stand and face the audience? Thank you. Mr. Kenner is represented by Mr. Richard Haley of the law firm of Haley, Weinblatt & Calcagni, LLP. Mr. Haley, would you please stand and face the audience? Mr. Constantine, would you please stand and face the audience? Thank you. Mr. Constantine is represented by Andrew Oliveras and Robert LaRusso of LaRusso & Conway, LLP. Mr. Oliveras and Mr. LaRusso, would you please stand and face the audience? Thank you.

Prosecutions in this district are brought on behalf of the government by the United States Attorney for the Eastern District of New York, Ms. Loretta Lynch.   In this case, the government will be represented by Assistant United States Attorneys Saritha Komitareddy and James Miskiewicz.  I ask that Ms. Komitareddy and Mr. Miskiewicz stand and face the audience.

Do any of you know or have you had any personal or business dealings with any of these parties or their counsel?

Do any of you know or have you had any personal or business dealings, directly or indirectly, with any relatives or associates of the parties or their attorneys?

Have you or any relative or close friend ever been employed by or had dealings with any of the parties?

Is there any member of the panel who is familiar with anyone else in the courtroom, including all Court personnel and myself?

8

## V.    WITNESSES

The following individuals <u>may</u>, and I stress the word <u>may</u>, be called to testify as witnesses at trial, or their names may be mentioned during the course of the trial.

[See Gov. List]

Do any of you know or know about, or have any of you had any dealings with any of these individuals?

**[CALL 40 NAMES – PLEASE REMEMBER THE JUROR # YOU ARE GIVEN.   I WOULD LIKE TO EMPHASIZE TO THE REMAINING POTENTIAL JURORS IN THE AUDIENCE TO LISTEN TO THE QUESTIONS CAREFULLY BECAUSE YOU MAY ALSO BE UP HERE IN A MINUTE AND IF YOU ARE CALLED UP, I WILL ASK YOU WHETHER YOU HAVE HEARD THE QUESTIONS I ASK TO THE GROUP OF 40 AND WHETHER YOU HAVE AN AFFIRMATIVE RESPONSE TO ANY OF THEM.  THIS WAY I WILL NOT HAVE TO REPEAT THE QUESTIONS WHEN YOU COME UP.]**

## VI.   BASIC LEGAL PRINCIPLES

Under the law, the facts are for the jury to determine and the law is for the Court.  The two areas are separate and distinct.  At the end of the case, I will instruct you on the law, and you are required to accept the law as it is explained to you.  It will be your job to determine the facts under my

10

explanation of the law. Do any of you believe that you would be unable to apply the law as I explain it, even if you disagree with it?

A criminal defendant has the right not to testify. If the defendant does not testify, the jury may not draw any inference against him based on that decision. The fact that a defendant chooses not to testify may not enter into the jury's deliberation. Do any of you believe that you would be unable to accept and apply this rule of law?

Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crimes charged in the indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves his guilt beyond a reasonable doubt. Do any of you believe that you would be unable to accept and apply this rule of law?

I will further instruct the jury that, in a criminal case, the burden of proof remains with the prosecution. In order for the jury to return a verdict of guilty, the prosecution must prove beyond a reasonable doubt that a defendant is guilty. A person charged with a crime has absolutely no

11

burden to prove that he is not guilty. Do any of you believe that you would be unable to accept and apply this rule of law?

I will also instruct the jury that it is required by law to make its decision solely on the basis of evidence or lack of evidence presented in court, and not on the basis of speculation, suspicion, sympathy, or prejudice a juror may have. Do any of you believe you would be unable to accept and apply this rule of law?

Do any of you have any preference, bias, or prejudice concerning the police, the Department of Justice, or any law enforcement agency that would lead you to be prejudiced either in favor of or against the Government in a criminal prosecution?

## VII.  QUESTIONS SPECIFIC TO THE CASE

Is there anything about the nature of the charges in this case that would prevent you from rendering a fair and impartial verdict on the charges based solely on the evidence presented in court?

Have you ever had any negative experience with an investment advisor or a real estate development firm?

12

Have you, or any of your close friends or family members ever been employed as or by an investment advisor or stock broker?

Have you, your close friends, or your family members ever brought a legal action or arbitration against a financial advisor, a stock broker, or an investment advisor?

One of the defendants in this case was a financial advisor. Do you have any feelings or views about financial advisors that would prevent you from being fair and impartial in this case?

There will be a number of banks and other financial institutions that will be mentioned during this trial. Those institutions are: Northern Trust Bank, 1st Century Bank, Lehman Brothers, Charles Schwab, Wells Fargo, Citibank, Centrum Bank, J.P. Morgan Chase, Washington Mutual, Wachovia, Bank of America, Johnson Bank, Alliance Bank of Arizona, International Bank, and TD Bank. Have you or a family member ever worked for any of these institutions? Have you or a family member ever been involved in any dispute or litigation with any of these financial institutions? Do you have any experiences, feelings, or views about these

13

institutions that would prevent you from being fair and impartial in this case?

During the course of this trial, you will hear testimony from witnesses with all sorts of backgrounds. They are all equal before the law, and you must judge the credibility of each on the basis of his or her own testimony, not on any assumptions about them based on who they are or what they do. Is there anyone who would have any difficulty applying that rule?

Some witnesses will be law enforcement officers. Is there anyone who feels that they would automatically believe or disbelieve the testimony of such a witness, rather than judge the testimony on its own merits?

For the duration of this trial, you must refrain from reading or watching media accounts of the trial, and you may not use the Internet or social media to comment on, inquire about, or attempt to supplement the testimony and evidence that may be admitted at trial. Is there anyone who would have any difficulty applying that rule?

Some of the evidence in this case was obtained through the use of recording devices in which one party to the conversation consented to the

14

use of the recording device but the other party to the conversation was not aware that he or she was being recorded. This evidence was obtained legally. Do you have any feelings about the use of recording devices that would prevent you from being fair and impartial in this case?

## VIII.     VICTIM/WITNESS OF CRIME

Have you or any member of your family or close friend ever been the victim of a crime?  If so, please describe the circumstances, including the type of crime and the outcome of any law enforcement action?  Is there anything about that experience that could affect your ability to be fair and impartial in this case?

Have you ever been a witness to a crime?

## IX. LAW ENFORCEMENT INTERACTIONS

Do any of you, or a family member or close friend, have any association, either personal or business with any member of the staff of the U.S. Attorney's Office for the Eastern District of New York?

Have you, any member of your family, or any close friend ever

been employed by any law enforcement agency? That would include city or state police, any federal law enforcement agency such as the FBI, DEA, ATF, Immigration and Customs Enforcement, IRS, the U.S. Postal Inspection Service, the Securities and Exchange Commission, any department of investigations, any state or federal prison system or any state or federal prosecutor's office, including a U.S. Attorney's Office or a District Attorney's Office, or any regulatory agency. Please indicate by a show of hands. If so, is there anything about that association that would prevent you from being fair and impartial?

Do any of you currently, or have you or any family member or close friend ever worked with any lawyer who defends persons accused of a crime? If so, is there anything about that association that would prevent you from being fair and impartial?

Have any of you personally or in connection with your business ever been involved in, or expect to become involved in, any legal action or dispute with the United States, or any officers, agents, or employees of the

16

United States, or had any interest in such legal action or dispute or its outcome?

Have you or a relative or close friend ever been charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

## X.   PRIOR EXPERIENCE WITH THE COURT SYSTEM

Have you or any member of your family or any close friend ever participated in a state or federal case, whether criminal or civil, as a witness?  If so, what was the case about?  Is there anything about that experience as a witness that would prevent you from acting as a fair and impartial juror in this case?

Have you or any member of your family or any close friends ever been a plaintiff or a defendant in a state or federal court case, whether criminal or civil?  If so, what kind of case?  And, what did it involve?  Is there anything about that experience as a party in that case that would prevent you from acting as a fair and impartial juror in this case?

17

Have you or a relative or close friend ever been the subject of any investigation or accusation by any grand jury or any other investigation, or been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

## XI.   CATCH-ALL QUESTION

Having heard the questions put to you by the Court, is there any other reason why you could not sit on this jury and render a fair and impartial verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

## XII.   QUESTIONS FOR INDIVIDUAL PROSPECTIVE JURORS

[Jurors answer from one-page handout.]

FINAL QUESTION TO EACH JUROR – If you are selected as a juror in this case, will you be able to keep an open mind until all of the evidence and arguments have been presented, and then decide the case fairly and impartially based only on the evidence presented at trial and the law as I explain it to you?

**[CALL COUNSEL FOR FOLLOW-UP QUESTIONS, CAUSE CHALLENGES AND THEN PEREMPTORY STRIKES]**

Please take a look at the following questionnaire.  You do not need to fill it out. The *Italic response* is an example of how to respond to the questions.  You do not have to follow this example.  The Court may ask follow up questions in response to your answers.

When the Court asks you to answer these questions, you should not repeat the questions.

1.   STATE YOUR COUNTY OF RESIDENCE AND HOW LONG YOU HAVE LIVED THERE.
     *"I live in_____ and have been there for_____years."*

2.   WITHOUT MENTIONING THE NAME OF THE EMPLOYER,  WHAT IS YOUR OCCUPATION?
     *"My occupation is_____."*

     IF YOU ARE RETIRED OR CURRENTLY UNEMPLOYED, PLEASE STATE YOUR FORMER OCCUPATION AND THE
     NAME OF YOUR LAST EMPLOYER.
     *"My former occupation is_____."*

3.   ARE YOU MARRIED OR DO YOU HAVE A SIGNIFICANT OTHER?  IF SO, PLEASE DESCRIBE HIS/HER
     OCCUPATION.
     *"I am married or  have a significant other and his or her occupation is_____"* OR *"I am not married and don't have a
     significant other."*

4.   DO YOU HAVE ANY ADULT CHILDREN?       *"I have_____adult children"* OR  *"I have no adult children."*
     IF SO, WHAT IS EACH CHILD'S OCCUPATION? *"My children's occupation is/are_____."*

5.   WHAT SCHOOLING HAVE YOU HAD?   *"My schooling was/is_____."*

6.   HAVE YOU EVER SAT ON A JURY BEFORE?    *"I have not sat on a jury before"* OR  *"I have sat on a jury before."*
     IF SO, WAS IT A CIVIL OR CRIMINAL CASE?   *"It was a civil jury"* OR *"It was a criminal jury."* OR *"I served on both."*

     WITHOUT STATING WHAT IT WAS, DID THE CASE GO TO A VERDICT?
     *"The case went to a verdict"* OR *"The case did not go to a verdict."*

7.   HAVE YOU EVER BEEN A GRAND JUROR?  *"I have never been a grand juror"* OR *"I have been a  grand juror."*

**COURT EXHIBIT**

B

UNITED STATES v. PHILLIP KENNER AND TOMMY CONSTANTINE
13-CR-607 (JFB)
May 4, 2015

## PRELIMINARY INSTRUCTIONS

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

To begin with, you are here to administer justice in this case according to the law and the evidence. You are to perform this task with complete fairness and impartiality, and without bias, prejudice or sympathy for or against the government or the defendant.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

COURT EXHIBIT

C

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received in the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find.

Certain things are *not* evidence. I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the Court excludes or tells you to disregard is not evidence and must not be considered.

2

4.     Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these, as well as other matters, at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendants are presumed innocent until proven guilty. The indictment against the defendants brought by the government is only

3

an accusation, nothing more. It is not proof of guilt or anything else. The defendants therefore start out with a clean slate.

Second, the burden of proof is on the government at all times. The defendants have no burden to prove their innocence, or to present any evidence, or to testify. Since the defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendants may not have testified.

Third, the government must prove the defendants' guilt beyond a reasonable doubt. I will give you further instructions on this point later.

Now, a few words about your conduct as jurors.

First, I instruct you that, during the trial, you are not to discuss this case among yourselves or with anyone else, including during any recesses or breaks. Even as among yourselves, you see, it is important that each of you keep an open mind until you have heard all of the evidence, the attorneys' summations, and my instructions on the law. Only then will you begin to exchange views among yourselves and reach your verdict. But until I tell you to actually begin deliberating—which

4

will be at the end of my instructions on the law at the end of the case—please do not discuss the case at all among yourselves, with family members, or with anyone else.

Second, do not permit any other person to discuss the case in your presence. If someone does so despite your telling him or her not to, report the fact to me. Please do not, however, discuss with your fellow jurors either that fact, or any other fact that you feel necessary to bring to my attention. The reason is obvious. If something occurs that affects the ability of a juror to continue to serve fairly and impartially, and that juror communicates it to fellow jurors, more than one of you may be affected.

Third, please do not, while you are serving as jurors in this case, have any conversations with the parties, the attorneys or any witnesses in this case, whether in the courtroom, in the hallways, in the elevator, outside or anywhere else. By this, I mean not only to avoid talking about the case; do not talk at all, even to say good morning or acknowledge to any of these people. Someone seeing a juror in conversation with a party, lawyer, or witness might think that something improper was being

5

discussed. To avoid even the appearance of impropriety then, have no conversations. The lawyers, as officers of the court, are particularly sensitive to this. So I can tell you that, when they pass you in the halls without even acknowledging your presence, they do not mean to be rude; they are simply following my instruction.

Fourth, do not read or listen to anything touching on this case in any way.

Fifth, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Sometimes jurors ask if they can take notes. If you wish, you may take notes. But if you do, leave them in the jury room when you leave at night. And remember that they are for your own personal use. Also, the notes are simply to help your memory. I don't want you to place too much emphasis on juror notes. As you know, a person's notes could be wrong. At the conclusion of the case when you deliberate, notes which

any juror may take may not be given any greater weight or influence in the determination of the case than the recollection or impression of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. When you deliberate at the end of the case, any difference between a juror's recollection and another juror's notes should be settled by asking to have the Court reporter read back the transcript of that testimony, for it is the Court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendants' attorneys may, but do not have to, make an opening statement. Opening statements are not evidence. Rather, you may consider the opening statements as a preview of what each side expects the evidence in this case will show.

The government will then present its evidence, including testimony from witnesses. Counsel for the defendants may, if they wishe, cross-

7

examine these witnesses. Evidence may also be in the form of physical items— exhibits—which are offered in evidence.

Following the government's case, the defendants may, if they wish, present evidence, but neither of the defendants is required to do so. The burden is always on the government to prove every element of the offense charged beyond a reasonable doubt. The law never imposes on the defendant in a criminal case the burden of calling any witnesses or introducing any evidence.

If the defendants put on any evidence, the government may or may not wish to put further evidence before you to rebut what the defense has set forth.

After all the evidence has been presented, the attorneys will have the opportunity to present a closing argument or summation to you. What is said in these arguments is not evidence. Each party is simply presenting to you their view of what the evidence has shown and suggesting to you the inferences or conclusions you should draw from the evidence. You may find an argument sound and persuasive or you

8

may not. Because the government has the burden of proof in the case, it has the right to argue first in the closing argument, followed by the counsel for the defendants, after which the government may give a short rebuttal summation.

After you have heard the closing arguments, I will instruct you on the applicable law. You will then retire to the jury room to deliberate on your verdict.

You have a tremendously important task as jurors. It is to determine the facts. Our Constitution gives a defendant a right to have you, who are members of the community, find those facts. You, and not the Court, are the sole judge of the facts.

Let me say to the alternate jurors that you should listen just as carefully and conscientiously as the other jurors. You may very well be called upon prior to the conclusion of the case to take the place of one of the jurors, and then you will have to render a verdict. So pay close attention at all times.

That ends my preliminary instructions.

9



Dear Honorable Judge Joseph Bianco,

I am writing this letter to request emergency removal from jury duty of juror #7.
Stephanie Pace (Juror#7) is currently the General Manager of restaurant 1227 in Deer
Park. For the past 5 weeks we have pulled managers from remote locations to cover
her position at Deer Park. Currently we are now without any coverage to continue
operating the restaurant at any acceptable level. In no way are we at this time capable
of continuing operation of our Deer Park location without Stephanie Pace. Please accept
this letter as a humble request for immediate removal of Stephanie (juror #7) from
active jury duty and all responsibilities therein.  Thank you very much for your time
and attention to this sensitive matter.

Sincerely,

**Ian Shehaiber** | Area Manager
Long Island

**Chipotle Mexican Grill**
126 Fifth Avenue, 4th Floor, New York, NY 10011
**Fax – None**
**Mobile -** 609-802-7112

COURT EXHIBIT

D

E

June 9, 2015

Chipotle Mexican Grill
126 Fifth Ave., 4th Floor
New York, NY 10011

Attn: Ian Shehaiber

Dear Mr. Shehaiber:

 I received your letter requesting emergency removal from jury duty of Juror #7 (Stephanie Pace) because of the interference with your business operation caused by her continuing jury service.

 As you know, Ms. Pace is serving on the jury because of her obligation to do so under the law as a citizen. Ms. Pace has conscientiously participated as a juror in the trial for several weeks, and it is extremely important that Ms. Pace continue to perform her civic obligation as a juror in this ongoing criminal case. Although I recognize that this jury service may be creating challenges to your Deer Park store from a business standpoint, I appreciate your full cooperation in this matter given the obvious importance of this civic obligation. Given the size of Chipotle, the company should have mechanisms in place for addressing the legitimate absence of a General Manager of a store for this period of time, whether for jury service, illness, or some other compelling reason. Finally, I emphasize that it is a violation of federal law for an employer to retaliate against an employee because of the employee's jury service in federal court, or the employee's attendance in connection with such service. *See* 28 U.S.C.§ 1875.

 If you have any questions regarding her jury service or have any continuing issues with such service, please contact Chambers at (631) 712-5670.

       Sincerely,

       Joseph F. Bianco
       United States District Judge

**COURT EXHIBIT**



Case 2:13-cr-00607-JFB   Document 290   Filed 07/01/15   Page 1 of 12 PageID #: 2033

JMM:SK
F.#2013R00948

COURT EXHIBIT

H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

PHILLIP A. KENNER,
    also known as
       "Philip A. Kenner," and
TOMMY C. CONSTANTINE,

       Defendants.

- - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 13-607 (S-2) (JFB)
(T. 18, U.S.C., §§ 1343, 1349, 1956(h), 2 and
3551 et seq.)

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants and the Companies

      1.    The defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," was a financial advisor whose clients included, among other individuals, current and former professional hockey players of the National Hockey League ("NHL") (hereinafter, the "player-clients"). Since approximately the mid-1990s, KENNER advised the player-clients on their financial affairs, managed their accounts at various financial institutions, and recommended various investments to them, including investments in real estate development projects and small, privately held companies. KENNER was a licensed financial advisor between approximately July 1994 and November 2004. Between approximately August

June 25, 2015

Dear ---------:

Joseph Macias has advised me that he has a mandatory meeting on Tuesday, June 30, 2015, in connection with his employment. As you know, Mr. Macias is serving on the jury because of his obligation to do so under the law as a citizen. Mr. Macias has conscientiously participated as a juror in the trial for many weeks, and it is extremely important that Mr. Macias continue to perform his civic obligation as a juror in this ongoing criminal case. His attendance at that meeting would disrupt the schedule of the trial and, thus, I have told him that he needs to be in Court on June 30, rather than attend the meeting.

Although I recognize that this jury service may be creating challenges to your company a business standpoint, I appreciate your full cooperation in this matter given the obvious importance of this civic obligation. Finally, I emphasize that it is a violation of federal law for an employer to retaliate against an employee because of the employee's jury service in federal court, or the employee's attendance in connection with such service. *See* 28 U.S.C.§ 1875.

If you have any questions regarding her jury service or have any continuing issues with such service, please contact Chambers at (631) 712-5670.

Sincerely,

Joseph F. Bianco
United States District Judge

**COURT EXHIBIT**

F

JMM:SK
F.#2013R00948

**COURT EXHIBIT**

H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

PHILLIP A. KENNER,
    also known as
      "Philip A. Kenner," and
TOMMY C. CONSTANTINE,

        Defendants.

– – – – – – – – – – – – – –X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 13-607 (S-2) (JFB)
(T. 18, U.S.C., §§ 1343, 1349, 1956(h), 2 and
  3551 et seq.)

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants and the Companies

    1.    The defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," was a financial advisor whose clients included, among other individuals, current and former professional hockey players of the National Hockey League ("NHL") (hereinafter, the "player-clients").  Since approximately the mid-1990s, KENNER advised the player-clients on their financial affairs, managed their accounts at various financial institutions, and recommended various investments to them, including investments in real estate development projects and small, privately held companies.  KENNER was a licensed financial advisor between approximately July 1994 and November 2004.  Between approximately August

2

2002 and 2007, KENNER held the position of Secretary at Eufora, LLC ("Eufora"), an

Arizona-registered limited liability company that held itself out to be a seller of prepaid

consumer debit cards.

2.    The defendant TOMMY C. CONSTANTINE, was a former professional

race car driver and business partner of the defendant KENNER.    CONSTANTINE was the

founder and Chief Executive Officer of Eufora.    CONSTANTINE also operated and

controlled Constantine Management Group, LTD ("CMG"), an Illinois Corporation, and

Urban Expansion, LLC ("Urban Expansion"), a limited liability company with its principal

place of business in Phoenix, Arizona.    Both CMG and Urban Expansion held themselves out

to be engaged in the management and development of real property for both commercial and

leisure purposes.

3.    Between 2003 and 2005, the defendant KENNER created a series of

Delaware limited liability companies for the purpose of purchasing real property in Hawaii.

KENNER was the Managing Member of each entity, which included Little Isle IV, LLC

("Little Isle IV"), Big Isle IV Ventures, LLC ("Big Isle IV"), Big Isle V Ventures, LLC ("Big

Isle V"), Big Isle VI Ventures, LLC ("Big Isle VI"), Kau Holding Company, LLC ("Kau

Holding") and Ula Makika, LLC ("Ula Makika"), collectively referred to herein as the

"Holding Companies."    Several of KENNER's investment clients, including several of the

player-clients, were "Members" of Little Isle IV and invested money in Little Isle IV to be

used to purchase real property.

3

II.    The Victims

4.    Bryan Berard, Michael Peca, Darryl Sydor, Steve Rucchin, Owen Nolan,
Joe Juneau, Jay McKee, William Ranford and Tyson Nash used KENNER as a financial
advisor and invested money at the suggestion and direction of KENNER and
CONSTANTINE.   John Kaiser, Nicholas Privitello and Ethel Kaiser also invested money
based on representations from KENNER and CONSTANTINE.

III.    The Scheme to Defraud

5.    In or about and between August 2002 and April 2013, the defendants
KENNER and CONSTANTINE devised, implemented, supervised and executed a scheme to
fraudulently induce the player-clients and other individuals (collectively, the "Investors"),
including Berard, Peca, Sydor, Rucchin, Nolan, Juneau, McKee, Ranford, Nash, J. Kaiser,
Privitello and E. Kaiser, to invest money by falsely stating that the funds would be invested in
real estate in Hawaii, Eufora and an entity known as the "Global Settlement Fund" (hereinafter
"GSF") for the benefit of the Investors when, in truth and in fact, as KENNER and
CONSTANTINE then and there well knew and believed, a substantial portion of the money
would be improperly diverted to bank accounts controlled by KENNER and CONSTANTINE
and used for their personal benefit, for unrelated business ventures and to conceal their scheme
to defraud.

A.    The Hawaii Land Developments

6.    It was a part of the scheme to defraud that the defendant KENNER, as
the Managing Member of the Holding Companies, induced certain of the Investors to wire
large amounts of money to one or more bank accounts controlled by KENNER.   KENNER

4

represented to the Investors that, in return for their investment, they would receive an ownership interest in Little Isle IV, which would purchase and own a percentage of each of the acquired land parcels.

       7.     The defendant KENNER additionally persuaded certain of the Investors, including Berard, Peca, Sydor, Rucchin, Nolan and Juneau, to transfer bonds and equities to Northern Trust Bank, a financial institution with its principal place of business in Chicago, Illinois, and to establish lines of credit (the "lines of credit"). Each line of credit was insured by bonds and equities held in the Investors' names. KENNER made a variety of misrepresentations to the Investors regarding the lines of credit and their use.

       8.     It was further part of the scheme to defraud that the defendants KENNER and CONSTANTINE unlawfully diverted Investor money for their personal benefit, used money from Investors' lines of credit for unauthorized purposes, including for their personal benefit, and thereby dissipated the Investors' money, bonds and equities.

       9.     It was further part of the scheme to defraud that the defendant KENNER obtained mortgage loans on properties purchased with the Investors' money and subsequently diverted the loan proceeds to entities unrelated to the Hawaii land development project, as well as to bank accounts that KENNER and CONSTANTINE controlled.

       10.    In or about August 2006, Lehman Brothers Holdings, Inc. ("Lehman") agreed to finance the development of the Hawaii parcels that were purchased using the Investors' money. As part of the financing agreement, Lehman made a $6.8 million payment to a company that the defendant KENNER controlled and a $6.9 million payment to a company that the defendant CONSTANTINE and James Grdina controlled. KENNER and

5

CONSTANTINE unlawfully diverted certain money from the Lehman loan proceeds for
unauthorized purposes, including for their personal benefit.

11.    To conceal a portion of the scheme, until approximately January 2009,
the defendant KENNER continued to make sporadic interest payments, including late
payments, that were owed on money that KENNER withdrew from the lines of credit of
Berard, Peca, Sydor, and Rucchin.   In or about late March 2009, Northern Trust Bank closed
Berard's, Peca's, Sydor's, and Rucchin's lines of credit for failure to pay interest and principal
and liquidated the equity that had secured each of the lines, resulting in millions of dollars in
losses to Berard, Peca, Sydor, and Rucchin.

B.    The Eufora Investments

12.    It was a further part of the scheme to defraud that between February
2008 and May 2009, the defendant KENNER convinced Peca, Sydor, Rucchin, Ranford and
Nash to invest money in Eufora, in exchange for an ownership interest in the company, by
representing to each of them that Eufora was a promising company with great potential for
growth.   The defendants KENNER and CONSTANTINE then unlawfully diverted certain
money for unauthorized purposes, including for their personal benefit.

13.    It was a further part of the scheme to defraud that between December
2008 and May 2009, the defendant KENNER convinced Rucchin and Ranford to invest money
in Eufora, in exchange for an ownership interest in the company.   The defendant KENNER
directed Timothy Gaarn to divert certain money for unauthorized purposes, including for
KENNER and CONSTANTINE's personal benefit.

6

14.    It was a further part of the scheme to defraud that between November 2009 and December 2009, the defendants KENNER and CONSTANTINE convinced Privitello to invest money in Eufora, in exchange for an ownership interest in the company. The defendant CONSTANTINE then unlawfully diverted certain money for unauthorized purposes, including for his personal benefit, and disavowed Privitello's ownership interest in Eufora.

C.    The Global Settlement Fund

15.    It was a further part of the scheme to defraud that between May 2009 and February 2010, the defendants KENNER and CONSTANTINE defrauded certain of the Investors to contribute to an entity known as the GSF, which KENNER and CONSTANTINE represented to be a legal defense fund.   The defendants KENNER and CONSTANTINE then unlawfully diverted certain money for unauthorized purposes, including for their personal benefit.

COUNT ONE
(Conspiracy to Commit Wire Fraud)

16.    The allegations contained in paragraphs 1 through 15 are realleged and incorporated as though fully set forth in this paragraph.

17.    In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the

7

purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by

means of wire communication in interstate and foreign commerce, writings, signs, signals,

pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNTS TWO THROUGH SIX
(Wire Fraud)

18. The allegations contained in paragraphs 1 through 15 are realleged and

incorporated as though fully set forth in this paragraph.

19. On or about the dates set forth below, within the

Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also

known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did

knowingly and intentionally devise a scheme and artifice to defraud the Investors, and to

obtain money and property from them by means of materially false and fraudulent pretenses,

representations and promises, and for the purpose of executing such scheme and artifice, did

transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of

wire communication in interstate and foreign commerce, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|-------|----------------------------------------|----------------------------------|
| TWO | February 12, 2009 | $30,000 wire transfer from an account at Wachovia Bank in Closter, New Jersey to J. Kaiser's TD Bank account in the Eastern District of New York. |

Case 2:13-cr-00607-JFB-AYS   Document 323   Filed 07/09/15   Page 58 of 149 PageID #: 8931
Case 2:13-cr-00607-JFB   Document 290   Filed 07/01/15   Page 8 of 12 PageID #: 2040

8

| THREE | February 26, 2009 | $40,300 wire transfer from J. Kaiser's account at TD Bank in the Eastern District of New York to an account in the name of KENNER at Bank of America in Scottsdale, Arizona. |
| FOUR | May 22, 2009 | $25,000 wire transfer from KENNER's account at Bank of America in Scottsdale, Arizona to J. Kaiser's Wells Fargo account in the Eastern District of New York. |
| FIVE | December 7, 2009 | $150,000 wire transfer from Privitello's account at Fidelity Investments in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |
| SIX | December 7, 2009 | $50,000 wire transfer from Privitello's account at Citizens Bank in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

<u>COUNTS SEVEN AND EIGHT</u>
(Wire Fraud)

20.     The allegations contained in paragraphs 1, 2, 4 and 7 are realleged and incorporated as though fully set forth in this paragraph.

IV.     <u>The Led Better Fraud Scheme</u>

21.     In or about and between October 2006 and May 2012, the defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," devised, supervised and executed a scheme to defraud certain of the Investors of money and property through the purchase of real property located in Sag Harbor, New York (the "Sag Harbor Property"). J. Kaiser and others had owned the Sag Harbor Property since 2005.

22.     It was a part of the scheme to defraud that in or about October 2006, the defendant KENNER created Led Better Development Company, LLC ("Led Better"), a Delaware limited liability company, for the purpose of purchasing the Sag Harbor Property.

9

Thereafter, KENNER created an operating agreement stating that KENNER, Berard, J. Kaiser and Vincent Tesoriero were each to be 25% owners of Led Better.   KENNER did not disclose the operating agreement to Berard and J. Kaiser prior to or at the time of the purchase of the Sag Harbor property.

23.    It was a part of the scheme to defraud that, at the time that the defendant KENNER created the Led Better operating agreement, KENNER falsely represented to J. Kaiser and others that he would purchase the Sag Harbor Property from them, and that thereafter KENNER, J. Kaiser and others would invest in the Sag Harbor Property such that KENNER would purchase a 50% interest in the property.

24.    It was a further part of the scheme to defraud that, on or about October 19, 2006, the defendant KENNER transferred, without the permission, consent and knowledge of Peca, $395,000 from Peca's line of credit at Northern Trust Bank to a bank account that KENNER controlled in the name of Led Better Development Company at Wells Fargo Bank. KENNER transferred the $395,000 through two other bank accounts that KENNER controlled before transferring it to KENNER's Wells Fargo Bank account.

25.    It was a further part of the scheme to defraud that KENNER falsely represented to Berard that Berard would be a 50% owner of the Sag Harbor Property and instructed Berard to wire approximately $375,000 to the Led Better account at Wells Fargo Bank, which Berard did.

10

26.    It was a further part of the scheme to defraud that KENNER unlawfully diverted money contributed for the Sag Harbor Property for unauthorized purposes, including for his personal benefit and the benefit of CONSTANTINE.

27.    In order to conceal his use of Peca's line of credit to purchase the Sag Harbor property, the defendant KENNER continued to make interest payments on Peca's line of credit until approximately January 2009.   After KENNER ceased making such payments, Northern Trust Bank closed Peca's line of credit and liquidated the equity that secured the account, causing a substantial loss to Peca.

28.    On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," did knowingly and intentionally devise a scheme and artifice to defraud Berard and Peca, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|-------|--------------------------------------|----------------------------------|
| SEVEN | November 20, 2008 | $43,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Ula Makika account at Northern Trust Bank in Scottsdale, Arizona. |

Case 2:13-cr-00607-JFB-AYS   Document 323   Filed 07/09/15   Page 61 of 149 PageID #: 8934
Case 2:13-cr-00607-JFB   Document 290   Filed 07/01/15   Page 11 of 12 PageID #: 2043

11

| EIGHT | December 31, 2008 | $35,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Little Isle IV account at Northern Trust Bank in Scottsdale, Arizona. |
|-------|-------------------|---------------------------------------------------------------|

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

COUNT NINE
(Money Laundering Conspiracy)

29.    The allegations contained in paragraphs 1 through 15 and 21 through 27 are realleged and incorporated as though fully set forth in this paragraph.

30.    In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, to wit: wire transfers of money, which transactions in fact involved the proceeds of specified unlawful activity, to wit: wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, respectively, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the

12

location, the source, the ownership and the control of the proceeds of the specified unlawful

activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

United States District Court
EASTERN DISTRICT OF NEW YORK
POST OFFICE BOX 9014
CENTRAL ISLIP, NEW YORK 11722-9014

CHAMBERS OF
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

June 29, 2015

Catholic Charities Queens WIC Program
191-10 Jamaica Avenue
Jamaica, New York 11432

To Whom It May Concern:

Joseph Macias has advised me that he has a mandatory meeting on Tuesday, June 30, 2015, in connection with his employment. As you know, Mr. Macias is serving on the jury because of his obligation to do so under the law as a citizen. Mr. Macias has conscientiously participated as a juror in the trial for many weeks, and it is extremely important that Mr. Macias continue to perform his civic obligation as a juror in this ongoing criminal case. His attendance at that meeting would disrupt the schedule of the trial and, thus, I have told him that he needs to be in Court on June 30, rather than attend the meeting.

Although I recognize that this jury service may be creating challenges to your company a business standpoint, I appreciate your full cooperation in this matter given the obvious importance of this civic obligation. Finally, I emphasize that it is a violation of federal law for an employer to retaliate against an employee because of the employee's jury service in federal court, or the employee's attendance in connection with such service. *See* 28 U.S.C. § 1875.

If you have any questions regarding her jury service or have any continuing issues with such service, please contact Chambers at (631) 712-5670.

Sincerely,

Joseph F. Bianco
United States District Judge

**COURT EXHIBIT**



United States District Court
EASTERN DISTRICT OF NEW YORK
POST OFFICE BOX 9014
CENTRAL ISLIP, NEW YORK 11722-9014

CHAMBERS OF
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

June 9, 2015

Chipotle Mexican Grill
126 Fifth Ave., 4th Floor
New York, NY 10011

Attn: Ian Shehaiber

Dear Mr. Shehaiber:

I received your letter requesting emergency removal from jury duty of Juror #7 (Stephanie Pace) because of the interference with your business operation caused by her continuing jury service.

As you know, Ms. Pace is serving on the jury because of her obligation to do so under the law as a citizen. Ms. Pace has conscientiously participated as a juror in the trial for several weeks, and it is extremely important that Ms. Pace continue to perform her civic obligation as a juror in this ongoing criminal case. Although I recognize that this jury service may be creating challenges to your Deer Park store from a business standpoint, I appreciate your full cooperation in this matter given the obvious importance of this civic obligation. Given the size of Chipotle, the company should have mechanisms in place for addressing the legitimate absence of a General Manager of a store for this period of time, whether for jury service, illness, or some other compelling reason. Finally, I emphasize that it is a violation of federal law for an employer to retaliate against an employee because of the employee's jury service in federal court, or the employee's attendance in connection with such service. *See* 28 U.S.C.§ 1875.

If you have any questions regarding her jury service or have any continuing issues with such service, please contact Chambers at (631) 712-5670.

Sincerely,

Joseph F. Bianco
United States District Judge

**COURT EXHIBIT**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

PHILLIP A. KENNER, and
TOMMY C. CONSTANTINE,

             Defendants.

- - - - - - - - - - - - - - - X

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 09 2015  ★

LONG ISLAND OFFICE

13-CR-0607 (S-2)(JFB)

### Jury charge

Now that the evidence in this case has been presented, and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.  My instructions will be in three parts:

First:  I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

Second:  I will instruct you as to the legal elements of the crimes charged in the indictment - that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

Third:  I will give you some general rules regarding your deliberations.

COURT EXHIBIT

K

## PART I:      GENERAL RULES

### 1.  The Duties of the Jury

To begin with – it is your duty to find the facts from all of the evidence in this case.  You are the sole judges of the facts and it is, therefore, for you and you alone to pass upon the weight of the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

To the facts as you find them, you must apply the law in accordance with my instructions.  While the lawyers may have commented on some of these legal rules, you must be guided only by what I instruct you about them.  You must follow all the rules as I explain them to you.  You may not follow some and ignore others.

2.   <u>Parties are equal before the court</u>

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the defendants are entitled to.  By the same token, it is entitled to no less consideration.  The parties – the United States Government and the defendants - are equal before this court, and they are entitled to equal consideration.  Neither the government nor the defendants are entitled to any sympathy or favor.

3

3.   <u>Presumption of Innocence and Burden of Proof</u>

You must remember that the indictment in this case is only an accusation.  It is not evidence.  Each of the defendants have pled not guilty to that indictment.

As a result of each defendant's plea of not guilty the burden is on the prosecution to prove each defendant's guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes each defendant to be innocent of all the charges against him. I therefore instruct you that each defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven one or both of them guilty beyond a reasonable doubt.

Each defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the defendant you are considering not guilty.

4

This presumption was with the defendants when the trial began and remains with the defendants even now as I speak to you and will continue with the defendants into your deliberations unless and until you are convinced that the government has proven their guilt beyond a reasonable doubt.

4.   <u>Proof Beyond a Reasonable Doubt</u>

I have said that the government must prove each defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit the defendant you are considering.  On the other hand, if after

6

fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

## Count One: Wire Fraud Conspiracy

Count One of the indictment charges the defendants with Conspiracy to Commit Wire Fraud.  The Indictment charges that the defendants conspired to devise a scheme to defraud that used the interstate wires.  Count One, in relevant part, reads as follows:

> In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

The relevant statute on this subject is 18 U.S.C. § 1349.  It provides:

> Any person who ... conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy.

A conspiracy is a kind of criminal partnership, an agreement or understanding by two or more persons to violate another law.  A conspiracy to commit a crime is an entirely separate and different

54

offense from the underlying crime a conspirator is charged with agreeing to commit.  That is because the existence of a conspiracy, or partnership for criminal purposes, is in and of itself a crime.

The essence of the crime of conspiracy is the agreement or understanding among two or more persons that they will act together to violate the law.  Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is still punishable as a crime.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

A.    <u>Conspiracy to Commit Wire Fraud: Elements of the Offense</u>

In order to prove the crime of conspiracy, the government must establish the following three elements of the crime beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into the particular unlawful agreement charged in the indictment;

<u>Second</u>, that the objective of the conspiracy was to commit at least one of the unlawful acts charged in the indictment; and

<u>Third</u>, that the defendant knowingly, intentionally and willfully became a member of the conspiracy.

Let me discuss these in more detail with you.

56

B.    First Element:  Existence of the Agreement

First, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the indictment.  In other words, one cannot commit the crime of conspiracy alone.  Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.

Now, the government need not prove that members of the conspiracy met together or entered into any express or formal agreement.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished.  It is sufficient to show that the conspirators implicitly came to a mutual understanding to accomplish one or more of the unlawful objectives charged in the indictment by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof.  But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available.  You may, therefore, infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  You may, in determining whether an agreement existed here, consider the actions and statements of those you find to be conspirators as proof that

57

a common design existed to act together for the accomplishment of the unlawful purposes stated in the indictment.

C.   Second Element:  Unlawful Acts

The second element that the government must prove beyond a reasonable doubt is that the objective of the conspiracy was to commit at least one of the unlawful acts charged in the indictment. The conspiracy charged in Count One of the indictment has alleged more than one objective, that is, it alleges multiple ways in which the members conspired to execute a scheme to defraud Investors.

The three crimes alleged to be an object of the conspiracy in Count One involve wire fraud:  the first is the alleged scheme to defraud investors related to the Hawaii Land Developments, the second is the alleged scheme to defraud investors related to the Eufora Investments, and the third is the alleged scheme to defraud investors related to the Global Settlement Fund.  I instructed you on the elements of wire fraud earlier when I instructed you about Counts Two through Eight, and those elements and instructions apply equally to this count.

The government need not prove that the alleged conspirators entered into an agreement to accomplish all three of the unlawful objectives alleged.  If you find unanimously that two or more persons agreed to commit any of these three objectives, then this element would be proved.  That is, it is not enough to convict if some of you find that the government has proven only an agreement to accomplish one unlawful objective while others of you find that the government has proven only an agreement to accomplish a different unlawful objective.  Thus, you must be unanimous as to

59

the particular unlawful objective.

D.    Third Element:  Membership in the Conspiracy

The third element the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly, intentionally and willfully became a member of the charged conspiracy.  I have explained to you in some detail what it means to act knowingly, intentionally and willfully.  Follow those instructions here.

If you are satisfied that the conspiracy charged in the indictment existed, you must ask yourselves who the members of that conspiracy were.  In deciding whether each defendant was a member of the conspiracy, you should consider whether he knowingly, intentionally and willfully joined the conspiracy.  Did the defendant participate in it with knowledge of its unlawful purpose and with the intention of furthering the objectives with which he is charged?

In order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before the defendant you are considering can be found to have been a conspirator, you must find that he knowingly joined in the unlawful agreement or plan.  The key question, therefore, is

61

whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

I want to stress that merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to commit the crime. This is true even if the person knows that a crime is being committed. Mere innocent association, as for social and business purposes, or physical contact with conspirators, does not make a person a co-conspirator. Similarly, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law.

The extent of the defendant's participation in a conspiracy has no bearing on the issue of guilt. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme. A conspirator need not have been fully informed as to all of the details or the scope of the conspiracy. He need not have been a member of the conspiracy for the entire time of its existence.

Statute of Limitations Instruction

Finally, there is an additional requirement that the government must prove with respect to the conspiracy charge in Count One. In particular, there is a limit on how much time the government has to

62

obtain an indictment.  Therefore, for you to find either defendant

guilty of conspiracy, the government must prove beyond a reasonable

doubt that the conspiracy continued after October 29, 2008.

### Counts Two through Eight: Wire Fraud

As the conspiracy in Count One depends in part upon the law of Wire Fraud, I will begin with Counts Two through Eight.

Counts Two through Eight of the indictment charge the defendants with Wire Fraud. The indictment charges that one or both of the defendants devised a scheme to defraud, and in furtherance of that scheme knowingly caused the interstate wires to be used. Each of those counts relates to a specific use of the wires on or about the dates specified in the indictment.

Specifically, Counts Two through Six charge both defendants with Wire Fraud. Those counts read, in relevant part, as follows:

> On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|-------|----------------------------------------|----------------------------------|
| TWO | February 12, 2009 | $30,000 wire transfer from an account at Wachovia Bank in Closter, New Jersey to J. Kaiser's TD Bank account in the Eastern District of New York. |

39

| THREE | February 26, 2009 | $40,300 wire transfer from J. Kaiser's account at TD Bank in the Eastern District of New York to an account in the name of KENNER at Bank of America in Scottsdale, Arizona. |
| FOUR | May 22, 2009 | $25,000 wire transfer from KENNER's account at Bank of America in Scottsdale, Arizona to J. Kaiser's Wells Fargo account in the Eastern District of New York. |
| FIVE | December 7, 2009 | $150,000 wire transfer from Privitello's account at Fidelity Investments in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |
| SIX | December 7, 2009 | $50,000 wire transfer from Privitello's account at Citizens Bank in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |

Counts Seven and Eight charge PHILLIP A. KENNER with Wire Fraud in connection with the Sag Harbor property. Those counts read, in relevant part, as follows:

On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," did knowingly and intentionally devise a scheme and artifice to defraud Berard and Peca, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, as set forth below:

40

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|-------|----------------------------------------|----------------------------------|
| SEVEN | November 20, 2008 | $43,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Ula Makika account at Northern Trust Bank in Scottsdale, Arizona. |
| EIGHT | December 31, 2008 | $35,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Little Isle IV account at Northern Trust Bank in Scottsdale, Arizona. |

The relevant statute regarding this subject is section 1343 of Title 18 of the United States Code, which provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

41

## A. Wire Fraud: Definition and Elements

In order to prove the defendant you are considering guilty of wire fraud under these counts, the government must prove each of the following elements beyond a reasonable doubt.

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

42

1.   First Element:  Existence of a Scheme or Artifice
     to Defraud

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property by means of false or fraudulent pretenses, representations or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.  A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.  The scheme in this case is alleged to have been carried out by making false and fraudulent statements and representations.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

43

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant you are considering was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (e.g., with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

44

The representations which the government charges were made as part of the scheme to defraud are set forth in paragraphs 5 through 15 and 21 through 27 of the indictment.  It is not required that every misrepresentation charged in the indictment be proved.  It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.  The jury must be unanimous on the alleged particular misrepresentation that satisfies this element on each count.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or other property.

However, the government is not required to prove that a given defendant personally originated the scheme to defraud. Furthermore, it is not necessary for the government to prove that the defendant actually realized any gain from the scheme or that an intended victim actually suffered any loss.  In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that each defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

45

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has proven beyond a reasonable doubt that a scheme to defraud, as charged, did exist, you next should consider the second element.

46

2.    Second Element: Participation in Scheme with Intent

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the

47

evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant you are considering is a complete defense to a charge of wire fraud.  Each defendant, however, has no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith. You are instructed that if one of the defendants participated in the scheme to defraud, then a belief by that defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the

48

defendant acted in good faith. If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme would ultimately make a profit for the investors will excuse fraudulent actions or false representations by them.

As a practical matter, then, in order to sustain the charges against each defendant, the government must establish beyond a reasonable doubt that each defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another. Obviously, the fact that a defendant received money, by itself, is insufficient to prove this element. Instead, the government must prove this mental state that I have just outlined.

The government may prove that the defendant you are considering acted knowingly in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making a false statement or causing a false statement to be made. Alternatively, in determining whether the defendant acted knowingly, you can consider whether the defendant you are considering deliberately closed his eyes to what would otherwise have been obvious to him. For example, if you find that the defendant was aware of a high probability that a statement was

49

false, and that he deliberately sought to avoid knowledge of the statement's falsity, you may infer that the defendant knew the statement was false.  On the other hand, if you find that the defendant actually, although mistakenly, believed that the statement was true and that his conduct in making the representation was lawful, even if you consider that belief to be an unreasonable or irrational one, then the requirement of knowledge would not be satisfied.

You may find that the defendant knew a representation was false if you conclude beyond a reasonable doubt that he made the representation with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth.  If you find beyond a reasonable doubt that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statement to be true.  This guilty knowledge, however, cannot be established by demonstrating mere negligence or foolishness on the part of the defendant.  It is entirely up to you whether you find that the defendant you are considering deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In sum, to conclude on this element, if you find that the defendant you are considering was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.  On the other hand, if you find that the government has established beyond a reasonable doubt not only

50

the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, then you should then proceed to consider the third element of wire fraud, as to that defendant.

### 3. Third Element -- Use of the Wires

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.  A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to make the call or transfer of funds.  When one does an act

with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.  The government contends that it was reasonably foreseeable that the wires, including telephone calls, facsimiles and emails, would be used in the ordinary course of business to communicate with investors and transfer the funds between banks, and therefore that each defendant caused the use of the wires.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment.  However, the government does not have to prove that the wires were used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

53

**Aiding and Abetting**

For Counts Two through Six, the government can meet its burden of proof either by proving that the defendant did the acts charged himself or by proving that he aided and abetted another person in doing so.  The government is relying on two theories of aiding and abetting under Section 2 of Title 18 of the United States Code. You may find that the defendant was an aider and abettor under either theory, that is you may find that the defendant was an aider and abettor under either Section 2(a) or 2(b) of Title 18 of the United States Code, which read as follows:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

> (b) Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Accordingly, even if the defendant you are considering did not personally do every act constituting an offense, you may find that he committed that offense if the government proves beyond a reasonable doubt that he aided and abetted the offense.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he personally committed it.  The essence of aiding and abetting is the intentional and knowing participation in the unlawful act by furthering it in some way.

To find that a given defendant is an aider or abettor, you must

64

find beyond a reasonable doubt that the government has proven that another person actually committed the crime with which the defendant is charged and that the defendant aided and abetted that person in the commission of the offense.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the criminal venture, that he participate in it out of desire to make the crime succeed. That is, a defendant must have the specific intent of furthering the criminal offense through some action on his part. I previously instructed you on the definitions of willfully and knowingly and you should apply those instructions here.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abetter must have some interest in the criminal venture. That interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

In other words, if one, fully aware of what he is doing, plays a significant role in facilitating a transaction prohibited by law, he is equally guilty with the person who directly performs the illegal acts, even though the latter played a much greater or major part in the preparation of the crime.

65

To determine whether the defendant you are considering aided and abetted the commission of the crime charged, ask yourselves these questions:

> <u>First</u>: Did he participate in the crime charged as something he wished to bring about?
>
> <u>Second</u>: Did he associate himself with the criminal venture knowingly and willfully?
>
> <u>Third</u>: Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and is therefore guilty of the crime charged just as if he himself had actually committed it. If, on the other hand, your answers to any of these questions is "no," then the defendant is not an aider and abettor under 18 U.S.C. § 2(a), and you must find him not guilty of the crime under consideration as an aider and abettor under Section 2(a).

Under Section 2(b), you may also find that a defendant is an aider and abettor if you find that the government has proven beyond a reasonable doubt that he knowingly and intentionally caused another person to engage in wire fraud, as I have defined that for you, and that, in doing so, the defendant acted willfully, with the purpose and specific intent of causing that other person to engage in wire fraud.

### *Pinkerton* **Charge**

For Counts Two through Six, which charge both defendants with wire fraud, if you do not find that the government has satisfied its burden of proving that the defendant you are considering is guilty as an aider and abettor or as a principal, there is another method by which you may evaluate the defendant's possible guilt on these counts.

If you find, beyond a reasonable doubt, that the defendant you are considering was a member of a conspiracy to commit wire fraud, as charged in Count One of the indictment, then you may also, but you are not required to, find the defendant guilty of the substantive crimes related to that conspiracy, as charged in Counts Two through Six, provided you find, beyond a reasonable doubt, each of the following elements for the particular count you are considering:

> First, that the substantive crime charged in the count you are considering was committed;
>
> Second, that the person or persons who committed that substantive crime were members of the corresponding conspiracy to commit wire fraud, as charged in Count One;
>
> Third, that the substantive crime charged in the count you are considering was committed pursuant to a common plan and understanding you found to exist among the conspirators;

67

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators. An offense by a co-conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement.

If the government has proven all five of these elements beyond a reasonable doubt for the specific substantive crime you are considering, then you may find the defendant you are considering guilty of the substantive crime, even if the defendant did not participate in the acts constituting the substantive crime.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant you are considering guilty of the substantive crime charged in the count you are considering. I again remind you that this instruction relates only to Counts Two through Six, and, therefore, does not

68

apply to any other counts of the indictment.

5. The Evidence

A. I wish to instruct you now as to what is evidence and how you should consider it.

The evidence upon which you are to decide what the facts are comes in several forms:

(1) Sworn testimony of witnesses, both on direct and cross-examination;

(2) Exhibits that have been received in evidence by the court; and

(3) Facts or testimony to which the lawyers have agreed or stipulated.

B. What is not evidence:

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

(1) The contents of the indictment are not evidence;

(2) Arguments or statements by lawyers are not evidence;

(3) Questions put to the witnesses are not evidence;

(4) Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received. You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, ignore the question. If the objection was overruled, treat the answer like any other

8

answer. If I told you to disregard certain testimony or sustained a lawyer's request to disregard or strike certain testimony, you are to disregard the testimony.

(5) What I say in these instructions is not evidence.

(6) If evidence has been received for a limited purpose, you must consider that evidence for that limited purpose only.

(7) Obviously, anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof regardless of who the defendant is.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

C. Direct and circumstantial evidence

I told you that evidence comes in various forms such as the

9

sworn testimony of witnesses, exhibits, and stipulations.

There are, in addition, different kinds of evidence - direct and circumstantial.

(1) Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.  So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct.  What remains is your responsibility to pass upon the credibility of that witness.

(2) Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" - or the expression "to draw an inference" - means to find that a fact exists from proof of another fact.  For example, if a fact in issue is whether it is raining at the moment, neither of us can testify directly to that fact sitting as we are in this windowless courtroom.  Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water.  We may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.  An inference is to be drawn only if it is logical and reasonable to do so.  In deciding whether to draw an

10

inference, you must look at and consider all the facts in the light of reason, common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

I remind you once again that you may not convict the defendants unless you are satisfied of their guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

D.   Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses

11

has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.

6.  Consideration of Each Defendant Separately

The indictment names two defendants who are on trial together. In reaching your verdict, however, you must consider each defendant separately.  Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him, without regard to the guilt or innocence of the other defendant on trial or anyone else.

In addition, some of the evidence in this case was limited to only a particular defendant.  Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

It is your duty to give separate and personal consideration to the case of each defendant.  When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against the other defendant.

Each defendant is entitled to have his case determined from evidence as to his own acts, statements, and conduct, and any other evidence in the case which may be applicable to him.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding the other defendant.

In this regard, you may have noticed, during the course of the trial, that the lawyers for the defendants have at times consulted

13

with each other, and have divided some of the work of the trial in an effort to avoid duplicating each other. The fact that lawyers have consulted and cooperated with each other during the course of the trial should not be considered by you as having any significance to any issues in this case.

7.   <u>Multiple Counts - Multiple Defendants</u>

The indictment contains a number of counts.   Each count charges a defendant with a different crime.

There are two defendants on trial before you.   You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.   Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant.   The case against each defendant, on each count, stands or falls upon the proof or lack of proof against the defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other count.   No other considerations are proper.

15

8.  Rulings by the Court

My next instruction relates to the rulings and statements that I made during the course of this trial. I hereby instruct you that nothing that I said during the course of the trial, no question that I have asked, no ruling that I have made, and no statement that I may make in this charge, should be interpreted in any way whatsoever as a suggestion of what decision I believe you should make. You should understand that I have no opinion as to the decision you should make in this case.

You will remember that at various times throughout the trial, I have been called upon to make rulings on various questions of law. I have sustained objections and I have overruled objections. Please do not concern yourself with my reasons for making the rulings that I made. These are purely legal matters and must not affect your deliberation on the factual matters in this case. Nor are you to draw any inferences for or against a party because that party raised objections during the course of the case. It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not hold it against an attorney – or a defendant – either because the attorney has made objections, or because some of those objections may have been overruled by me.

When the Court has sustained an objection to a piece of evidence or a question addressed to a witness, you must disregard

16

it entirely and may draw no inference from it or speculate as to what the witness would have said if he or she had been permitted to answer the question. Similarly, if after a question was asked and an answer given, the answer was ordered stricken from the record, you must disregard both the answer and the question.

You are further instructed that with respect to every situation where testimony has been stricken, the reason for that ruling relates to a matter of law which is no concern of yours and not for your consideration. Once stricken, such testimony must be disregarded and ignored. The reasons for my striking such testimony should not be discussed among you, nor should you speculate or guess about the basis for my ruling. By the same token, where I allowed testimony or exhibits to be received into evidence over the objection of counsel, this was not an indication that I have any opinion as to the weight or effect of such evidence. That is for you to decide.

In reaching your verdict, you also are not to concern yourselves in any way with the conferences which sometimes took place at the side bar between the Court and counsel for the parties, nor are you to draw any inferences for or against any party because that party may have requested such a conference. You also must not draw any conclusion whatsoever from the fact that from time to time I may have asked questions of witnesses. This was solely to elicit facts which may or may not be material to your determination.

17

Remember that, in making your determination as to the facts, you should rely upon your own recollection of the evidence.  What I said from time-to-time during the course of the trial, or what I say in the charge that I am now giving you, should not be taken in place of your own recollection of the evidence in this case.

18

9.   Witness Credibility - General Instruction

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defendants which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she

19

was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or one of the defendants which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice, or hostility that may have caused the witness — consciously or not — to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

20

10.   <u>Interest in Outcome</u>

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.   Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.   Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.   It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

21

11. <u>Non-Prosecution Agreement for Government Witness</u>

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors.  This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.  You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant you are considering is guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

22

## 12. Credibility – Prior Inconsistent Statements

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all, or part, or none, of the witness' testimony.

23

### 13. Expert Testimony

You have heard, during the course of this trial, the testimony of individuals referred to as experts in their fields. If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness with particular knowledge, skill, experience, training or education, may be called to testify about such evidence or facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions. An exception to this rule exists for those we call "expert" witnesses who may state their opinions and who may also state the reasons for their opinion.

You should consider each expert witness' opinion received in this case and give it such weight as you may think it deserves. If you should decide that the opinion of the witness is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In sum, the expert witness is in all other respects the same as any other witness. You should consider his or her qualifications, his or her experience, his or her interest in the outcome of the case, if any, his or her demeanor, and all the other factors you have been instructed to consider in assessing the credibility of other witnesses.

24

14.  Law Enforcement Witnesses

You have heard testimony of law enforcement officers and government employees. The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

25

15.   <u>Particular Investigative Techniques Not Required</u>

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the government.   There is no legal requirement, however, that the government prove its case through any particular means.   While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.   The government is not on trial.   Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, each defendant's guilt has been proved beyond a reasonable doubt.

26

16.  <u>Defendant Kenner's Testimony</u>

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, one of the defendants, Mr. Kenner, did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any other witness.

27

17.  <u>Defendant Constantine's Right Not to Testify</u>

The other defendant, Mr. Constantine, did not testify in this case.  As I mentioned, under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that defendant Constantine did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

28

## 18.  Dates Approximate

In alleging dates, the indictment frequently charges "on or about," and "between" certain dates.  The proof need not establish with certainty the exact date of an alleged offense.  The law only requires the evidence establish beyond a reasonable doubt that the dates alleged in the indictment and the date established by the testimony or exhibits are substantially similar.

19.  <u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of certain other people in the transactions referred to in the indictment.  That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

30

20.  <u>Stipulations</u>

The attorney for the United States and the attorneys for the defendants have entered into stipulations concerning certain facts and testimony that are relevant to this case.

A stipulation of fact is simply an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.  However, what weight to give those facts is entirely up to you.  You are the sole judges of the facts and you decide what weight to give those facts.

A stipulation of testimony is an agreement among the parties that, if called, a witness would give certain testimony.  You must accept as true the fact that the witness would have given that testimony in court.  However, it is for you to determine the effect to be given that testimony.

31

21. <u>Charts and Summaries</u>

During the course of trial, there were charts and summaries admitted into evidence.  The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.  As a result, if you have any questions regarding these charts or summaries you should turn to the actual evidence – in particular, the documentary records upon which the charts and summaries are based.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

32

## 22.  Transcripts of Tape Recordings

The government has been permitted to hand out a typed document which it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence.  Those were given to you as an aid or guide to assist you in listening to the tapes.  However, they are not in and of themselves evidence.  Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves.  You alone should make your own interpretation of what appears on the tapes based upon what you heard.  If you think you heard something differently than appeared on the transcript, then what you heard is controlling.  Let me say again, you, the jury, are the sole judges of the facts.

33

23. <u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## PART II:   LEGAL ELEMENTS OF CHARGED CRIMES

I will now turn to the second part of this charge – and I will, as I indicated at the outset, instruct you as to the legal elements of the crimes charged in the indictment.  That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

Summary of Indictment: In order to place my instructions in context, I will start by giving you a summary of the crimes charged.  They are stated in the indictment.  I will give you a copy of the indictment to refer to during your deliberations, but the indictment is not evidence, it is simply the instrument by which the charges are brought.  It is an accusation.  It may not be considered by you as any evidence of the guilt of either defendant. I am permitting you to have the indictment solely as a reference during your deliberations.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the indictment. And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the indictment.  The indictment contains nine counts, or separate charges or offenses.  They are numbered Counts One through Nine.  You must consider each count separately and return a verdict based only upon the evidence as it relates to that specific count.   You must also consider each defendant

36

separately. Whether you find a defendant not guilty or guilty as to one offense should not affect your verdict as to any other offense charged. Your verdict as to each count and each defendant must be unanimous.

The indictment begins with what is called an introduction. It is an introduction to all of the counts of the indictment. In this case, the introduction alleges that the defendants PHILLIP A. KENNER and TOMMY C. CONSTANTINE were engaged in an alleged scheme to defraud involving several different investment vehicles and separate victims. I am not going to read the language of the introduction to the indictment because it spans several pages, but you will have a copy of the indictment in the jury room with you and can refer to it. I caution you once again that the indictment itself is not evidence and is entitled to no independent weight in your considerations. It is simply a list of accusations.

Count One, in sum, charges the defendants, PHILLIP A. KENNER and TOMMY C. CONSTANTINE, together with others, with Conspiracy to Commit Wire Fraud related to the Hawaii Land Developments, the Eufora Investments, and the Global Settlement Funds.

Counts Two through Six, in sum, charge the defendants, PHILLIP A. KENNER and TOMMY C. CONSTANTINE, together with others, with Wire Fraud regarding the wiring of funds on specific dates related to the Eufora Investments.

37

Counts Seven and Eight, in sum, charge the defendant, PHILLIP A. KENNER, with Wire Fraud regarding the wiring of funds related to the Sag Harbor property.

Count Nine, in sum, charges the defendants PHILLIP A. KENNER and TOMMY C. CONSTANTINE, together with others, with Conspiracy to Commit Money Laundering.

I have summarized the counts in the indictment simply to give you an overview of the charges.  In your deliberations as to each count you should refer to the exact text of the indictment.  I will now explain to you the law that applies to each of the counts in the indictment.

38

## **Count Nine: Money Laundering Conspiracy**

Count Nine alleges that the defendants entered into a conspiracy to commit the substantive offense of money laundering in violation of Title 18, United States Code, Section 1956(h). Count Nine reads, in relevant part, as follows:

> In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, to wit: wire transfers of money, which transactions in fact involved the proceeds of specified unlawful activity, to wit: wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, respectively, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

Count Nine of the indictment charges the defendants with violating section 1956(h) of Title 18 of the United States Code. Section 1956(h) provides, in relevant part:

> Any person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of specified unlawful activity. Specifically, section 1956(a)(1)(B)(i) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
>
> (B) knowing that the transaction is designed in whole or in part—
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity
>
> [is guilty of a crime].

I have already explained the law of conspiracy to you, in connection with Count One of the indictment, and those instructions apply equally to Count Nine. Thus, in order to prove the crime of money laundering conspiracy charged in Count Nine, the government must establish the following elements of the crime beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement charged in the indictment;

Second, that the objective of the conspiracy was to commit the money laundering objective alleged in the indictment; and

Third, that the defendant you are considering knowingly, intentionally, and willfully became a member of the conspiracy.

71

The detailed instructions that I gave you on each of the elements of conspiracy on Count One apply equally here even though I will not repeat them.

In terms of the objective of the money laundering conspiracy, Count Nine charges the defendants with entering into a money laundering conspiracy knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, namely, wire fraud or conspiracy to commit wire fraud. I will now give you additional instructions regarding the elements of the money laundering charge under section 1956(a)(1)(B)(i).

A.    Count Nine:    Money Laundering–Section 1956(a)(1)(B)(i)
Elements of the offense

In order to prove the crime of money laundering in violation of Section 1956(a)(1)(B)(i) on Count Nine, the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant you are considering conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, namely wire fraud or conspiracy to commit wire fraud.

Second, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

Third, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

73

## B.  First Element-Financial Transaction Involving Proceeds of Unlawful Activity

The first element which the government must prove beyond a reasonable doubt is that the defendant you are considering conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, namely wire fraud or conspiracy to commit wire fraud.  A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of

74

a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity. Proceeds can be any kind of property, not just money. However, in order to be considered proceeds of specific unlawful activity, the property must represent the profits of the underlying crime, not just its gross revenue. In other words, "proceeds" mean net profits derived from a crime, and not simply money that was received during the course of the commission of a crime. If a person uses the money derived from a crime to defray the expenses of that same crime, you cannot find that he or she was using profits to do so. Until a person pays the expenses of his or her crime, there are no profits. Also, the illegal laundering of funds described here cannot occur

75

in the same financial transaction through which those funds first became tainted by crime.  The Government has the burden of proving beyond a reasonable doubt that the funds involved in each of the financial transactions alleged in the indictment constituted the "proceeds of specified unlawful activity" as opposed to being funds derived from some other source.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of wire fraud and conspiracy to commit wire fraud. I instruct you that, as a matter of law, wire fraud and wire fraud conspiracy fall within that definition. However, it is for you to determine whether the funds were the proceeds of that unlawful activity.  A few moments ago, I explained to you the elements of wire fraud.

## C. Second Element-Knowledge That Property Was Proceeds of Unlawful Activity

The second element which the government must prove beyond a reasonable doubt is that the defendant you are considering knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law.  Thus, the government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the profits of the wire fraud or any other specific offense.   The government only has to prove that the defendant knew it represented the profits of some illegal activity which was a felony.  I instruct you as a matter of law that wire fraud and conspiracy to commit wire fraud are felonies under federal law.

77

### D.   Third Element–Knowledge That Transaction Was Designed to Conceal Origin of Property

The third element which the government must prove beyond a reasonable doubt is that the defendant you are considering acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely wire fraud or conspiracy to commit wire fraud.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.

However, if you find that the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

### Statute of Limitations Instruction

Finally, there is an additional requirement that the government must prove with respect to the conspiracy charge in Count Nine. In particular, there is a limit on how much time the government has to obtain an indictment. Therefore, for you to find either defendant guilty of conspiracy, the government must prove beyond a reasonable doubt that the conspiracy continued after October 29, 2008.

78

## VENUE INSTRUCTION

In addition to the foregoing elements of the offenses, for each offense you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York.

You are instructed that the Eastern District of New York encompasses the boroughs of Brooklyn, Queens and Staten Island, as well as Nassau and Suffolk Counties on Long Island.

In this regard, the government need not prove that the crimes themselves were committed in this district or that the defendants themselves were present here. It is sufficient to satisfy this element if any act in furtherance of the crimes occurred within this district. Venue for the conspiracy charges may be properly found in any district where the unlawful agreement was formed or where an overt act was committed in furtherance of the conspiracy. If you find that the government has failed to prove that any act in furtherance of a crime occurred within this district, then you must acquit on the count you are considering.

The government must prove venue by a preponderance of the evidence. That means that the evidence must show with respect to each count that it is more likely than not that venue is proper in the Eastern District of New York.

## PART III:   RULES REGARDING DELIBERATIONS

Finally, a few closing remarks.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.   That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

I instruct you that the decision you reach as to each element for each charge in the indictment must be unanimous; that is, all 12 of you must agree on every element in every count.   I also instruct you to consider each count of the indictment in which each defendant is charged separately.   For example, you may find a defendant guilty of one count and not guilty of another, or you may find him guilty of all counts or not guilty of any.   But again, the verdict on each element and each count must be unanimous. Moreover, you must consider each defendant separately, on each count, and your verdict as to each defendant on each count must be unanimous.

When you retire, it is your duty to discuss the case for the purpose of reaching a verdict.   Each of you must decide the case for yourself, but should only do so after considering all the evidence, listening to the views of your fellow jurors, and discussing it fully.   It is important that you reach a verdict if you can do so conscientiously.   You should not hesitate to

reconsider your opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else. Opening statements, closing arguments, or other statements or arguments of counsel are not evidence. If your recollection of the facts differs from the way counsel has stated the facts to be, then your recollection controls.

And, finally, bear in mind that the government has the burden of proof and that you must be convinced of the defendant's guilt beyond a reasonable doubt to return a guilty verdict. If you find that this burden has not been met, you must return a verdict of not guilty.

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendants, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Under your oath as jurors you are not to be swayed by sympathy

81

for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of each defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that one or both of the defendants are guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to the court security officer during your deliberations, but of course his or her vote is entitled to no greater weight than any other juror.

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom

82

and during your deliberations the court reporter will read back to you any portion of the transcript you may ask for.

For those of you who did take notes during the trial, I point out to you and your fellow jurors that your notes are simply an aid to memory for the particular juror who takes the notes. You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations. Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes. Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter to read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court. If you send

83

any notes to the court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone – not even to me – how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want. If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.

I have prepared a verdict sheet, which will be given to you. The verdict sheet is given to you to record your verdict after you have reached a verdict as to all counts in the indictment.

When you have reached a decision, have the foreperson sign the verdict form and put the date on it – and notify the marshal by note that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty – and that is – without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions. Thank you for your close and

careful attention.   Members of the jury, you will now retire to deliberate after I swear in the Marshall.   I do ask that, as your first order of business, you elect a foreperson and send me  a note, dated and timed, identifying that foreperson.

24. <u>Good Faith</u>

The defendants contend that they were acting in good faith in connection with all of the actions described in the indictment.

Good faith is an absolute defense to all of the charges in this case.  If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution.  A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.  I will discuss the issue of intent in more detail in a moment when I instruct you as to the elements of each crime in the indictment.

35