**HALEY WEINBLATT & CALCAGNI, LLP**
1601 Veterans Memorial Highway, Suite 425
Islandia, New York 11749
631-582-5151

September 15, 2015

Hon. Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                RE: United States v. Philip Kenner
                    Docket Number: 13-607 (JFB)

Dear Judge Bianco:

      In reply to the government's request to scheduled a hearing date with regard to the forfeiture allegations in the indictment, it is respectfully requested that the Court set forth a schedule for the completion of F.R.Crim. P. 16 disclosure by the government as well as the production of material pursuant to 18 U.S.C. § 3500 in advance of the hearing date. As noted by the government, it is anticipated that additional testimony will take place at the hearing and, in view of the government's recent Bill of Particulars with respect to the forfeiture allegations, it is anticipated that the government will rely upon additional bank/financial records to meet its burden in proving the requisite nexus between specific property and the offenses of conviction.

      Upon receipt of the Rule 16 disclosure and related 3500 material, sufficient time will be required to review and analyze the government's disclosure and prepare a defense. In this regard, it is noted that the Bill of Particulars and the recent post conviction protective order identified specific property not enumerated in the forfeiture allegations of the indictment including, but not limited to, Baja Ventures, CSL Properties and KAJ holdings. In fact, the post conviction protective order directed that Kenneth Jowdy produce a specific category of documents within ten (10) business days of any request made by the government and, to date, the defendant has not been provided a copy of such documents by way of voluntary Rule 16 disclosure. Additionally, the defendant requests that the ex parte affidavit filed by the government in support of the post conviction protective order be disclosed as part of the government's 3500 material in advance of the hearing.

      Upon receipt of the aforementioned disclosures, the defendant will have the opportunity to consider any pre-trial motion with respect to the government's recent Bill of Particulars, in addition to the issuance of subpoenas to complete the record, if necessary. Although sentencing is scheduled for November 20, 2015, the defendant consents its adjournment in order to provided adequate time

to address the forfeiture allegations which, as noted by the government, will be determined by the Court in accordance with F.R.Crim. P. 32(b)(B).

    Thank you for Your Honor's consideration throughout this matter.

                                          Very truly yours,

                                          ***Richard D. Haley***

                                          RICHARD D. HALEY

cc: All counsel or record via ECF