***HALEY WEINBLATT & CALCAGNI, LLP***
1601 Veterans Memorial Highway, Suite 425
Islandia, New York 11749
631-582-5151

March 7, 2016

Hon. Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        RE: <u>United States v. Phillip A Kenner and Tommy C. Constantine</u>
            Docket Number: 13-607 (JFB)

Dear Judge Bianco:

      In its letter brief to the Court, dated February 26, 2016, the government argues that "(T)he defendants cannot claim prejudice when they never made a request for an itemization of specific property" (Government letter, 2/26/16, pg 8), although a bill of particulars was filed by the government both before and after the trial, specifically on April 22, 2015 and on August 22, 2015. As a matter of litigation strategy, the government chose to voluntarily provide a bill of particulars on April 22, 2015 and, in so doing, it invited the defendant to rely upon its contents in formulating his defense and, more particularly, in deciding whether or not to seek a jury determination under F.R.Crim.P. 32.2 (b)(5) of the forfeitability of specific property. Here, the government expanded upon its bill of particulars post verdict by identifying additional properties it now sought to forfeit and, as argued at the commencement of the forfeiture hearing, unfairly prejudiced the defendant thorough such belated and incomplete disclosure.

      In <u>United States v. Galestro</u>, 2008 U.S. Dist LEXIS 53834 (E.D.N.Y), as cited on page 8 of the government's letter brief, the district court examined the timing of disclosure through a bill of particulars when the forfeiture of particular assets is sought by the government. In each instance cited by the district court, such disclosure was made in advance of trial. After observing that "(T)he trial on the nexus issue must, for practical reasons, be held shortly after the jury returns the guilty verdict", the district court wrote "(T)herefore, to avoid delaying the forfeiture phase of the trial, the government must identify prior to trial the specific property it intends to seek to forfeit." *Id.* At 33. Once the government embarks on disclosure of specific property it seeks to forfeit in the form of a bill of particulars, it is obligated to make full and complete disclosure. Otherwise, the defendant is unable to fully exercise his statutory right to seek a jury determination of whether the government has established the requisite nexus between the property sought to be forfeited by the government and the offense committed by the defendant.

      Accordingly, the Court should grant the defendant's motion to preclude the government from seeking the forfeiture of the property identified in its post verdict Amended Bill of Particulars, dated August 22, 2015.

      Very truly yours,

      ***Richard D. Haley***

      RICHARD D. HALEY

cc: AUSA Diane C. Leonardo via ECF
    Joseph R. Conway, Esq. via ECF