SLR:LDM:MMO
F.# 2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA, | PRELIMINARY <br> ORDER OF FORFEITURE |
| - against - | 13-CR-607 ( JFB ) |
| PHILLIP A. KENNER, <br>       also known as, <br>            "Philip A. Kenner," and <br> TOMMY C. CONSTANTINE, <br>       also known as <br>            "Tommy C. Hormovitis," | |
|       Defendants. | |

– – – – – – – – – – – – – – – – –X

WHEREAS, on July 9, 2015, TOMMY C. CONSTANTINE, also known as "Tommy C. Hormovitis" (the "defendant"), was convicted after a jury trial of Counts One through Six and Count Nine of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 1343, 1349, and 1956(h), and;

WHEREAS, following hearings held on February 12, 2016, March 9, 2016, April 4, 2016, and April 6, 2016, and further briefing by the parties, the Court finds, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), that the following property and money are subject to forfeiture as property traceable to the defendant's violations of 18 U.S.C. §§ 1343, 1349, and/or property involved in the defendant's violation of 18 U.S.C. § 1956(h):  (a) the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S., Mexico 23473  ("DCSL"), and all proceeds traceable thereto; (b) Baja Ventures 2006, LLC ("Baja Ventures"), and all proceeds

traceable thereto; (c) KAJ Holdings, LLC ("KAJ Holdings"), and all proceeds traceable thereto; (d) CSL Properties 2006, LLC ("CSL Properties"), and all proceeds traceable thereto; (e) Diamante Properties, LLC ("Diamante Properties"), and all proceeds traceable thereto; (f) Somerset, LLC ("Somerset"), and all proceeds traceable thereto; (g) the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046 (the "Sugar Mill property"), and all proceeds traceable thereto; (h) one 1976 Falcon 10 airplane (the "Plane"), Aircraft Serial Number: 69, Engine Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC, and all proceeds traceable thereto; and (i) the sum of thirty-six million seven hundred thirty-nine thousand forty-eight dollars and fifty-nine cents ($36,739,048.59) (the "Forfeiture Money Judgment");

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, and all right, title and interest in DCSL, Baja Ventures, KAJ Holdings, CSL Properties, Diamante Properties, Somerset, the Sugar Mill Property, and the Plane (collectively, the "Forfeited Assets"). The defendant shall be jointly and severally liable for the Forfeiture Money Judgment with co-defendant Phillip A. Kenner.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the United States Marshals Service with the criminal docket number noted on the face of the check. The defendant shall cause said check to be delivered by overnight mail to Assistant United States Attorney Diane Leonardo, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722. The Forfeiture Money Judgment shall be paid in full by

the date of sentencing (the "Due Date").  If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2).

3. Upon entry of this Preliminary Order, the United States Attorney General or her designee is authorized to seize the Forfeited Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of Forfeited Assets in such a manner as the Attorney General or her designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the

time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and relief sought.

        6.        The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets or to any assets against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the repatriation, surrender and forfeiture of the Forfeited Assets to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeited Assets passes to the United States, including the execution of any and all documents necessary to effectuate the repatriation, surrender and forfeiture of the Forfeited Assets to the United States. If the Forfeited Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Assets and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

        7.        Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Forfeited Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution, or any income taxes that may be due, and shall survive bankruptcy.

10. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be binding only upon the Court "so ordering" the order.

12. The Court shall retain jurisdiction over this action to enforce this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Paralegal, Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York
_____, 2016

SO ORDERED:

_____
HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK