**Pepper Hamilton LLP**
Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
212.808.2700
Fax 212.286.9806

Thomas McC. Souther
direct dial:  212.808.2729
direct fax:  1.800.803.8463
southertm@pepperlaw.com

November 1, 2016

By Electronic Filing

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   United States v. Kenner and Constantine
      No. CR-13-067 (S-2) (JFB)

Dear Judge Bianco:

I represent Kenneth Jowdy in connection with the forfeiture proceeding pending before the Court in the referenced criminal proceeding.  My co-counsel in this matter is Kevin P. Mulry of Farrell Fritz, P.C.  I am writing to you in response to the Government's letter to the Court, dated November 1, 2016, which was filed by the Government today.  We have not yet received a copy of the letter from the Government, but we discovered that the letter had been filed with the Court because we have been monitoring the filings in this case.  We object to the Government's request, which we believe seeks to expand the scope of the Post-Conviction Protective Order entered by the Court in this case on August 21, 2015 (the "Protective Order").  Moreover, to the extent the Government is suggesting that Mr. Jowdy has not complied with the Protective Order we would like to set the record straight, as he has fully complied with the Protective Order.

On September 28, 2016, Mr. Mulry and I met with the Government to discuss whether the Government would support a proposed application by Mr. Jowdy to seek relief from the Protective Order.  The proposed application was being discussed because there were two developments that we and Mr. Jowdy believed should be brought to the Court's attention for its review and approval.  The first was a settlement that Mr. Jowdy had reached with more than a dozen former hockey players who had been financial advisory clients of the defendant, Philip Kenner.  The settlement related to civil actions that are pending against Mr. Jowdy in the Court

#41345605 v1

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh |
| --- | --- | --- | --- | --- | --- |
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Silicon Valley | Wilmington |

Pepper Hamilton LLP
Attorneys at Law

Honorable Joseph F. Bianco
Page 2
November 1, 2016

of Chancery of Delaware concerning two golf resort developments in Mexico, Diamante Cabo San Lucas ("Diamante") and Diamante Del Mar.  The second item of discussion was a proposed sale of an approximately 10 acre parcel of land within the confines of the Diamante resort to a third party for the development of approximately 200 condominiums.  In advance of our meeting with the Government on September 28th, we forwarded to the Government a copy of the settlement agreement relating to the Delaware actions, and a copy of a Letter of Intent related to the proposed sale of the parcel of land.

The Government requested at that meeting that Mr. Jowdy produce all documents Mr. Jowdy had produced in the Delaware litigation, so that it could evaluate whether it would take a position with respect to the proposed application for relief relating to the settlement agreement.  A disc containing all of the requested discovery from the Delaware litigation was forwarded to the Government by FedEx on October 13, 2016.  A copy of the letter that accompanied that production is submitted with this letter.

The week of October 3, 2016, the Government contacted Mr. Mulry and raised with him the prospect of having a representative of the US Marshals Service visit the Diamante resort for the purpose of completing an appraisal of the property.  During that telephone conversation, the Government suggested that while the appraiser was at the property, perhaps they could examine the books and records of Diamante in Mexico and interview the accountant who prepares the financial records for the Diamante resort.  Mr. Mulry advised the Government that he would discuss the request with Mr. Jowdy and get back to the Government.

On Wednesday, October 12, 2016, Mr. Mulry and I had a conference call with the Government.  I explained to the Government that we would be sending the Government later that week the production materials from the Delaware litigation.  We also advised the Government that we did not believe the Protective Order supported their position that the Government was entitled to inspect the property in Mexico, inspect the books and records in Mexico, and interview staff members at the operations in Mexico.  Mr. Mulry followed up our conference call with an email to the Government reiterating our position.  A copy of that email is submitted with this letter.

On Thursday, October 13, 2016, Mr. Mulry and I received an email from the Government, attached to which was a letter dated October 11, 2016, from the US Marshals Service.  The letter was addressed to Mr. Jowdy.  A copy of the Government's email and the US Marshals letter are submitted with this letter.  The Government had made no mention of the US Marshals letter during our conference call on October 12th, although it purports to have been sent on October 11th.

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Joseph F. Bianco
Page 3
November 1, 2016

Curiously, the Government's letter to the Court today fails to mention that we responded to the US Marshals letter, and articulated our reasons why we disagreed with the Government's interpretation of the Protective Order. We explained that we do not read the Protective Order to require Mr. Jowdy to permit onsite inspections of the property and its books and records, and it certainly makes no mention of having employees submit to interviews. A copy of my letter, dated October 14, 2016, in response to the US Marshals letter is submitted with this letter.

Despite our disagreement with the Government with respect to what we considered to be an overly broad request from the US Marshals Service, we did agree to produce copies of certain written documents and records that were responsive to the requests set forth in Exhibit B of the US Marshals letter. On October 21, 2016, I forwarded to the Government copies of the monthly reports that are provided to the project's lender, Danske Bank, for the months of March, April, May, June, and August of 2016. I advised the Government that electronic files that contained the July reports had been corrupted in transmission to my firm, and that production of the July 2016 monthly reports would follow shortly. These reports are familiar to the Government, because we have produced them periodically to the Government in response to prior requests dating back to as early as September 2015, and they are the same reports that we understand the Government has requested and received from Danske Bank. A copy of my October 21, 2016 production letter is submitted with this letter.

We received no response from the Government to my October 14, 2016 letter to the US Marshals Service, despite my offer on page 3 of my letter to discuss the subject further or to seek a conference with the Court to resolve the disagreement. Instead, the Government opted to write to the Court, without notice to Mr. Jowdy or his counsel, and request what we believe is an unwarranted expansion of the Government's rights under the Protective Order.

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Joseph F. Bianco
Page 4
November 1, 2016

        We would welcome a conference before the Court to address this matter, and to resolve what we believe is an overly broad reading of the Protective Order by the Government.

        Respectfully submitted,

Thomas McC. Souther

cc;    Kevin P. Mulry, Esq. (By Email)
       AUSA Diane Leonardo (By Email)
       AUSA Madeline O'Connor (By Email)

Enclosures

#41345605 v1

OCTOBER 13, 2016 PRODUCTION
LETTER FROM THOMAS McC. SOUTHER

**Pepper Hamilton LLP**
Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
212.808.2700
Fax 212.286.9806

Thomas McC. Souther
direct dial:  212.808.2729
direct fax:  800.803.8463
southertm@pepperlaw.com

**FOIA CONFIDENTIAL**
**TREATMENT REQUESTED**

October 13, 2016

**By FedEx Overnight**

Diane C. Leonardo
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

Re:   United States v. Philip A. Kenner, et al, 13-CR-607 (JFB)
      Post-Conviction Protective Order

Dear Ms. Leonardo:

        As you know, Pepper Hamilton LLP represents Mr. Kenneth Jowdy and
Diamante Cabo San Lucas, LLC ("DCSL") in connection with the Court's Post-Conviction
Protective Order entered on August 21, 2015 (the "Protective Order"), and the ongoing forfeiture
proceedings concerning the above-referenced matter.

        During our meeting on September 28, 2016, you requested copies of the documents
produced by Mr. Jowdy and DCSL to the plaintiffs in the following matters:  *DeVries v.
Diamante del Mar LLC*, Del. Ch., C.A. No. 9782-ML, *Baja Ventures 2006 LLC v. Diamante
Cabo San Lucas LLC*, Del. Ch., C.A. No. 9752-MZ, and *De Vries v. Jowdy*, Del. Ch., C.A. No.
11258-VCL (collectively, the "Delaware Actions").  Mr. Jowdy and DCSL object to your request
to the extent it goes beyond the documents and information required to be provided pursuant to
the Protective Order.  Notwithstanding this objection, please find enclosed a CD containing
copies of documents produced by our clients in the Delaware Actions (collectively, the
"Confidential Materials") in response to your request and in accordance with the Protective
Order.  A password to decrypt the CD will be sent via e-mail under separate cover.

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh |
|---|---|---|---|---|---|
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Silicon Valley | Wilmington |

www.pepperlaw.com

Pepper Hamilton LLP
—————— Attorneys at Law

Diane C. Leonardo
Page 2
October 13, 2016

  The documents in this production contain the same Bates numbers that were used
in the productions to the plaintiffs in the Delaware Actions.  The documents Bates numbered
DDM00001 – DDM01349 were produced in connection with *DeVries v. Diamante del Mar LLC*,
Del. Ch., C.A. No. 9782-ML.  The documents Bates numbered DCSL00001 – DCSL05555 were
produced in connection with *Baja Ventures 2006 LLC v. Diamante Cabo San Lucas LLC*, Del.
Ch., C.A. No. 9752-MZ, and *De Vries v. Jowdy*, Del. Ch., C.A. No. 11258-VCL.

  We request confidential treatment of this letter and the Confidential Materials
under the Freedom of Information Act.  The Confidential Materials contain sensitive personal
information, as well as sensitive, proprietary business information.  We request that the U.S.
Attorney's Office maintain the confidentiality of this letter and the Confidential Materials,
except to the extent that the U.S. Attorney's Office determines that disclosure is otherwise
required by federal law or would be in furtherance of the U.S. Attorney's Office discharging its
law enforcement duties and responsibilities.  We also request that the U.S. Attorney's Office not
disclose the Confidential Materials to any third party, and our clients request that you notify the
undersigned counsel upon receipt of any request for Confidential Materials.

  The Confidential Materials that are being provided will remain the property of our
clients.  We do not believe that the enclosed Confidential Materials are "agency records" within
the meaning of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), or under
the relevant rules of the Department of Justice, 28 C.F.R. pt. 16 *et seq.*, and therefore, we also
believe that they may not be disclosed to any third persons without our clients' prior consent.  In
the event that any of the Confidential Materials are determined to be "agency records" within the
meaning of FOIA, we request confidential treatment for such materials pursuant to FOIA and the
applicable rules thereunder.

  Should you have any questions, please do not hesitate to contact me.

      Faithfully yours,

      Thomas McC. Souther

Enclosure

OCTOBER 12, 2016 EMAIL
FROM KEVIN P. MULRY

**Souther, Thomas McC.**

| | |
|---|---|
| **From:** | Mulry, Kevin P. <kmulry@FarrellFritz.com> |
| **Sent:** | Wednesday, October 12, 2016 12:54 PM |
| **To:** | Beckmann, Diane (USANYE) (Diane.Beckmann@usdoj.gov); madeline.oconnor@usdoj.gov |
| **Cc:** | Souther, Thomas McC. |
| **Subject:** | U.S. v. Kenner |

Diane and Madeline –

You have requested an opportunity for the government to visit the Diamante Cabo San Lucas property, for the purpose of an appraisal and inspection of books and records.  The purpose of the visit, and what the government seeks to do on a visit, have been described to us only generally, and we are not aware of the person or persons you intend to have on such a visit.  As discussed earlier today, please advise us in writing of the specific purposes of any such visit, the person or persons you would have on such a visit, and whether the Post-Conviction Protective Order dated August 21, 2015 requires such a visit.  In that way, we can address the government request with our client and will respond to you promptly in writing.

Kevin

**Kevin P. Mulry | Partner | FARRELL FRITZ, P.C.**
1320 RXR Plaza | Uniondale, New York 11556-1320
Office: 516.227.0620 | Fax: 516.336.2262 | **kmulry@farrellfritz.com| |www.farrellfritz.com|**

Please consider the environment before printing this E-mail.

**PLEASE TAKE NOTICE:**  The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited.  If you receive this transmission in error, please contact the sender immediately and delete the material from your computer.

OCTOBER 13, 2016
EMAIL FROM EDNY

## Souther, Thomas McC.

| | |
|---|---|
| **From:** | Beckmann, Diane (USANYE) <Diane.Beckmann@usdoj.gov> |
| **Sent:** | Thursday, October 13, 2016 11:52 AM |
| **To:** | Mulry, Kevin P.; O'Connor, Madeline (USANYE) 1 |
| **Cc:** | Souther, Thomas McC. |
| **Subject:** | RE: U.S. v. Kenner |
| **Attachments:** | Ltr from USMS.pdf |

Kevin and Tom—

Attached is a letter that was sent by the US Marshals to Ken Jowdy this week outlining the request for a site visit as well as requested documents. If you have any further questions, please let me know,

Diane

**From:** Mulry, Kevin P. [mailto:kmulry@FarrellFritz.com]
**Sent:** Wednesday, October 12, 2016 12:54 PM
**To:** Beckmann, Diane (USANYE) <DBeckmann@usa.doj.gov>; O'Connor, Madeline (USANYE) 1
<MOConnor1@usa.doj.gov>
**Cc:** Souther, Thomas McC. (southetm@pepperlaw.com) <southetm@pepperlaw.com>
**Subject:** U.S. v. Kenner

Diane and Madeline –

You have requested an opportunity for the government to visit the Diamante Cabo San Lucas property, for the purpose of an appraisal and inspection of books and records.  The purpose of the visit, and what the government seeks to do on a visit, have been described to us only generally, and we are not aware of the person or persons you intend to have on such a visit.  As discussed earlier today, please advise us in writing of the specific purposes of any such visit, the person or persons you would have on such a visit, and whether the Post-Conviction Protective Order dated August 21, 2015 requires such a visit.  In that way, we can address the government request with our client and will respond to you promptly in writing.

Kevin

**Kevin P. Mulry | Partner | FARRELL FRITZ, P.C.**
1320 RXR Plaza | Uniondale, New York 11556-1320
Office: 516.227.0620 | Fax: 516.336.2262 | **kmulry@farrellfritz.com| |www.farrellfritz.com|**

Please consider the environment before printing this E-mail.

PLEASE TAKE NOTICE: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you receive this transmission in error, please contact the sender immediately and delete the material from your computer.

# OCTOBER 11, 2016 LETTER
# FROM US MARSHALS SERVICE



**U.S. Department of Justice**

United States Marshals Service

*Asset Forfeiture Division*

*Washington, DC 20530-1000*

October 11, 2016

Mr. Kenneth A. Jowdy
Diamante Cabo San Lucas, LLC
131 Deer Hill Avenue, Suite B
Danbury, CT 06811

### SENT VIA EMAIL AND FEDEX

Re:     Diamante Cabo San Lucas, LLC Site Visit

Dear Mr. Jowdy:

On August 21, 2015 the United States District Court for the Eastern District of New York issued a Protective Order (the "Order") in the criminal case against Philip Kenner restraining all rights, title and interest in Diamante Cabo San Lucas, LLC (the "Interest") to the United States. A copy of the Order is attached. Pursuant to the Order, the United States Marshals Service (the "USMS") has the authority to inspect the subject interest and its books and records.

As a managing member, we are seeking to tour the project site and to engage in a cooperative discussion with you to understand the financial condition and management operations of the company. Exhibit "A" below outlines an example of our questions for discussion. We request the accountant(s) who constructed the financial statements be present during our discussion. In addition, we are requesting that you send beforehand the financial information requested in Exhibit "B" below. All information may be sent electronically, or if by mail to the noted address.

We will be on site the week of October 24, 2016.  Please confirm your availability and cooperation with this request by October 14, 2016.  If you and the accountant(s) are unavailable, please propose an alternative week in your response.

Sincerely,

Joanna P. Summers

Joanna P. Summers
Complex Assets Unit
Asset Forfeiture Division


cc:     Diane Beckmann, Assistant U.S. Attorney for the Eastern District of New York
        Madeline O'Connor, Assistant U.S. Attorney for the Eastern District of New York

# Exhibit A

Questions for Discussion

Related Party Transactions
Are transactions with related parties properly documented in written contracts or agreements, and are the underlying transactions conducted at arm's length and at fair market values? Are you concerned that payments to related parties are overvalued, or that receipts from related parties are undervalued?

Member Capital Transactions
Can you explain member's capital account balances, including member contributions of cash and property, assignment of recourse and non-recourse debt obligations, and member distributions?

Income Tax Restatements
Has the 2014 restated tax return been accepted by IRS? What is the expected impact on prior and future tax filings?  Explain the key issues behind the restatement notably: revenue measurement, recognition and related deferred revenue; capitalization of asset costs and related depreciation; member's capital account balances, including contributions, debt allocations and distributions.

Reserves for Contingencies
Has the company disclosed both its asserted claims (principally unresolved tax issues in the USA and Mexico, labor disputes with former employees, and challenges to the company's title to resort properties) and unasserted claims?  Are these claims properly reserved for potential losses?

Proforma 2016/2017 Cash Flow Projection
What is the expected cash flow, including operating cash, capital spending, expected loan advances and repayments, bulk asset sales?

Site Visit
We would like to tour the site including but not limited to the golf courses, club houses, residential time share unit (both the completed and under construction), Crystal Lagoon, health club/spa, management offices, beachfront development sites, and any major equipment on site.

## Exhibit B

Financial Information Requested:

- Interim monthly 2016 financial statements including profit and loss cash flow schedules for the hotel operations and golf course
- Restated Federal Income Tax Returns for all years prior to 2015
- Any and all related party contracts and agreements
- Listing of assets owned or used, where located, and related depreciation schedules
- Listing of construction in progress, including costs and timelines
- Most recent correspondence with Danske concerning loan financing and repayment, plus your plan to cover any unexpected cash shortfalls or expenditures
- Schedule of beginning loan balance, loan disbursements, principal curtailments, accrued interest and ending balances for the past two years through October 2016
- Schedule of land parcels sold by date with amounts
- Schedule of remaining inventory of land parcels available for sale with estimated fair market values

SLR:LDM:MMO
F#: 2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -

PHILIP A. KENNER, et al,

             Defendants.

– – – – – – – – – – – – – – – – – – X

POST-CONVICTION PROTECTIVE
ORDER

Criminal Docket No. 13-0607 (JFB)

        WHEREAS, the United States has made an <u>ex parte</u> application to this Court,

pursuant to Title 21, United States Code, Section 853(e)(1)(A), for a protective order to

preserve the availability of certain real property that is subject to forfeiture in the above-

captioned criminal action. Upon consideration of the United States' application, the affidavit

submitted in support thereof, the Superseding Indictment returned in this case, and the

record, including the defendants' convictions after a jury trial, the Court finds that there is

probable cause to enter a protective order to preserve said property based upon the following:

        1.    That on or about April 22, 2015, a federal grand jury for this district

returned a Superseding Indictment (the "Indictment") charging defendants Philip A. Kenner

("Kenner") and Tommy C. Constantine ("Constantine") (the "defendants") with federal

criminal violations, including conspiracy to commit wire fraud, in violation of Title 18,

United States Code, Section 1349; wire fraud, in violation of Title 18, United States Code,

Section 1343; and conspiracy to commit money laundering, in violation of Title 18, United

States Code, Section 1956(h).

2.      That the Indictment provided notice to the defendants of the United States' intention to seek forfeiture pursuant to (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, constituting or derived from proceeds traceable to Kenner and Constantine's violations of Title 18, United States Code, Sections 1343 and 1349, and (b) Title 18, United States Code, Section 982(a)(1) of any property, real or personal, involved in their violation of Title 18, United States Code, Section 1956(h).  The Indictment also provided for the forfeiture of substitute assets, pursuant to Title 21, United States Code, Section 853(p).

3.      That on July 9, 2015, the defendants were convicted by a jury verdict of conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering in violation of Title 18, United States Code, Sections 1349, 1343 and 1956, respectively.

4.      That on August 20, 2015, the United States filed a Bill of Particulars identifying Diamante Cabo San Lucas, Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S., Mexico 23473  (the "Subject Property"), as subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c), as property, real or personal, constituting or derived from proceeds traceable to the defendants' violations of Title 18, United States Code, Sections 1343 and 1349 and/or property, real or personal, involved in their violation of Title 18, United States Code, Section 1956(h).

5.      That the Subject Property is owned by KAJ Holdings, LLC ("KAJ Holdings"), Baja Ventures 2006, LLC ("Baja Ventures"), Diamante Properties, LLC

---

("Diamante Properties"), and CSL Properties 2006, LLC ("CSL Properties") (collectively, the "LLCs").

6.     That Kenner is the sole and managing member of Baja Ventures and is the managing member of CSL Properties.

7.     That Kenneth A. Jowdy ("Jowdy"), a business associate of Kenner, is the sole and managing member of KAJ Holdings and is the managing member of Diamante Properties.

8.     That Jowdy is also the manager of the Subject Property.

9.     That the Subject Property is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c), as property, real or personal, constituting or derived from proceeds traceable to Kenner and Constantine's violations of Title 18, United States Code, Sections 1343 and 1349 and/or property, real or personal, involved in their violation of Title 18, United States Code, Section 1956(h), as a result of the defendants' convictions of conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering.

10.    That there is reason to believe the Subject Property is at risk of being sold, transferred, assigned, pledged, distributed, encumbered, wasted, secreted, depreciated, damaged, or diminished in value by the actions of Kenner, Jowdy, and/or any other person with an interest in the Subject Property if a protective order is not entered.

11.     That any third party claims to the Subject Property may be properly brought and resolved in ancillary proceedings conducted by this Court, pursuant to Title 21, United States Code, Section 853(n) following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

12.     That the Court has jurisdiction to enter this order pursuant to Title 21, United States Code, Section 853(l).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that, effective immediately, all persons, including, Kenner, Constantine, Jowdy, the LLCs, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and those persons, financial institutions, or entities who have any interest or control over the Subject Property, are hereby,

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability or value of said Subject Property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the Subject Property.

IT IS FURTHER ORDERED that in order to avoid dissipation and ensure the preservation of the Subject Property prior to the entry of a forfeiture order, Jowdy, or any other person charged with managing the Subject Property, is directed to: (a) provide a

United States v. PHILIP A. KENNER, et al, 13-CR-0607 (JFB)          Page 4
Post-Conviction Protective Order

monthly accounting of revenue and expenses associated with the management of the Subject Property, which the United States, the Federal Bureau of Investigation (the "FBI"), or the U.S. Marshal or his designee, shall have the right to inspect; (b) manage and maintain the Subject Property in good physical and financial condition and pay all management and maintenance costs for the Subject Property, including but not limited to, utility bills, repair and maintenance bills, taxes, etc.; (c) maintain any insurance as required by law on the Subject Property; and (d) produce any books or records associated with the maintenance and operation of the Subject Property within ten (10) business days of any request made by the United States.

IT IS FURTHER ORDERED that the FBI, or the U.S. Marshal or his designee, shall promptly serve a copy of this Protective Order upon Kenner, Constantine, Jowdy, the LLCs, and all other appropriate individuals and/or entities having an interest, or prospective interest, in the Subject Property, and shall make a return thereon reflecting the date and time of service.

THIS PROTECTIVE ORDER shall remain in full force and effect until further

order of this Court.

Dated:   Central Islip, New York
         August 21 , 2015

HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

OCTOBER 14, 2016 LETTER
FROM THOMAS McC. SOUTHER

**Pepper Hamilton LLP**
Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
212.808.2700
Fax 212.286.9806

Thomas McC. Souther
direct dial: 212.808.2729
direct fax: 1.800.803.8463
southertm@pepperlaw.com

October 14, 2016

Ms. Joanna P. Summers
Complex Assets Unit
Asset Forfeiture Division
United States Marshals Service
Washington, D.C. 20530-1000

Re:     Diamante Cabo San Lucas, LLC -
        Site Visit Request

Dear Ms. Summers:

I am writing in response to your letter of October 11, 2016 to Mr. Kenneth A.
Jowdy. As you may know from your communication with Assistant United States Attorneys
Diane Leonardo Beckman and Madeline O'Connor, I represent Mr. Jowdy and Diamante Cabo
San Lucas, LLC ("DCSL") in connection with the forfeiture proceedings arising out of the
criminal trial in United States v. Kenner, et al. 13-CR-607 (JFB). My co-counsel in this matter is
Mr. Kevin Mulry of the law firm of Farrell Fritz, P.C. in Uniondale, NY. A copy of your letter
was forwarded to us by AUSA Leonardo yesterday, but as of this morning my client still had not
received it. Given that the government is fully aware that Mr. Mulry and I represent Mr. Jowdy
and DCSL in this matter, I would request that you not communicate directly with Mr. Jowdy or
DCSL, but instead direct your communication to me and Mr. Mulry.

Mr. Jowdy has cooperated fully with the government throughout the investigation
and prosecution of Mr. Kenner and Mr. Constantine. That cooperation included meetings and
interviews with law enforcement and Assistant United States Attorneys, and the production of
thousands of pages of documents, including financial documents, by Mr. Jowdy and DCSL.
Despite the constraints that have resulted from the government's obtaining, *ex parte*, the August
21, 2015 Protective Order (the "Order") encumbering the DCSL resort development, Mr. Jowdy
and DCSL have continued to cooperate with the government, producing additional documents
each time the government made a request for information.

#41145430 v1

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh |
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Silicon Valley | Wilmington |

www.pepperlaw.com

Pepper Hamilton LLP
Attorneys at Law

Ms. Joanna P. Summers
Page 2
October 14, 2016

I believe that your letter, dated October 11, 2016, which mirrors generally a verbal request made by AUSA Leonardo and AUSA O'Connor in a telephone call with me and Mr. Mulry on October 12, 2016, constitutes overreaching on the part of the government. Contrary to your assertion that "[p]ursuant to the Order, the United States Marshals Service (the "USMS") has the authority to inspect the subject interests and its books and records," the Order provides, in relevant part, "Jowdy, or any other person charged with managing the Subject Property, is directed to: (a) provide a monthly accounting of revenue and expenses associated with the management of the Subject Property, which the United States, the Federal Bureau of Investigation (the "FBI"), or the U.S. Marshal or his designee, shall have the right to inspect,... and (d) produce any books or records associated with the maintenance and operation of the Subject Property within ten (10) business days of any request made by the United States." August 21, 2015 Post-Conviction Protective Order pp 4-5, United States v. Kenner, et al 13-CR-607 (JFB).

I read the Order to give the government the right to inspect the monthly accounting of revenue and expenses associated with the management of the Subject Property, and request books and records associated with the maintenance and operation of the Subject Property.   I do not read the Order to even remotely require Mr. Jowdy or DCSL to accommodate your overly broad request, which arguably is tantamount to a request to conduct a warrantless search of the Subject Property and its books and records located in a foreign country, and submit to compelled interviews of Mr. Jowdy and employees or consultants working for DCSL. Accordingly, we decline your request to tour the project site and meet with Mr. Jowdy and others the week of October 24, 2016, because we do not believe the Order gives you the authority or right to make such a demand.

With regard to your request for documentation, as I noted above, we previously have provided the US Attorney's Office with thousands of pages of documents, including financial information relating to the maintenance and operation of the Subject Property.  As you may be aware, Danske Bank is the lender with respect to Subject Property and they hold approximately $130 million in debt associated with the development of the Subject Property. Not surprisingly, Danske Bank closely monitors the operations and maintenance of the Subject Property.  Our clients are required to provide Danske Bank with regular reports of the monthly revenues and expenses associated with the Subject Property.  Each time we have been asked by the government to provide copies of those reports we have complied, and we will do so in response to your current request.  It is my understanding that in addition to requesting the periodic reports from our clients, the government has requested and received some of the same reports from Danske Bank.

#41145430 v1

**Pepper Hamilton LLP**
Attorneys at Law

Ms. Joanna P. Summers
Page 3
October 14, 2016

As for the remaining requests that are set forth in Exhibit B to your letter, we will review those requests and to the extent they relate to the monthly accounting of revenue and expenses associated with the management of the Subject Property, or are otherwise associated with the maintenance of the Subject Property, we will provide the government with copies of those documents or records, consistent with our clients' obligations under the Order.

In the event you would like to discuss this subject further, we are more than willing to arrange a mutually convenient time to do so. If you feel strongly that you have the right to visit the property and examine our books and records on site, it may be necessary to request a conference with the Court to address our differing readings of the Order.

I have copied AUSA Leonardo and AUSA O'Connor on this correspondence and would ask them to forward a copy of this letter to you, Ms. Summers, because your October 11, 2016 letter did not appear to include an office address or other contact information that would enable us to respond to you directly.

Please do not hesitate to contact me at (212) 808-2729 or southertm@pepperlaw.com, or Kevin Mulry at (516) 227-0620 or kmulry@farrellfritz.com

Faithfully yours,

Thomas McC. Souther
Partner

cc:    Kevin P. Mulry, Esq. (By Email)
       AUSA Diane Leonardo (By Email)
       AUSA Madeline O'Connor (By Email)

#41145430 v1

OCTOBER 21, 2016 PRODUCTION LETTER
FROM THOMAS McC. SOUTHER

**Pepper Hamilton LLP**
—————— Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
212.808.2700
Fax 212.286.9806

Thomas McC. Souther
direct dial:  212.808.2729
direct fax:  800.803.8463
southertm@pepperlaw.com

**FOIA CONFIDENTIAL
TREATMENT REQUESTED**

October 21, 2016

**By FedEx Overnight**

Diane C. Leonardo
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

> Re:   United States v. Philip A. Kenner, et al, 13-CR-607 (JFB)
>          Post-Conviction Protective Order

Dear Ms. Leonardo:

As you know, Pepper Hamilton LLP represents Mr. Kenneth Jowdy and
Diamante Cabo San Lucas, LLC ("DCSL") in connection with the Court's Post-Conviction
Protective Order entered on August 21, 2015 (the "Protective Order"), and the ongoing forfeiture
proceedings concerning the above-referenced matter.

By letter dated October 11, 2016 from the United States Marshals Service to Mr.
Jowdy, a copy of which you forwarded to me on October 13, 2016, the government requested
certain documents and financial information relating to the operation of DCSL (the "USMS
Requests").  Mr. Jowdy and DCSL object to the USMS Requests to the extent they go beyond
the documents and information required to be provided pursuant to the Protective Order.
Notwithstanding this objection, please find enclosed a CD containing copies of additional
documents being produced by our clients (collectively, the "Confidential Materials") in response
to the USMS Requests and in accordance with the Protective Order.  A password to decrypt the
CD will be sent via e-mail under separate cover.

The documents in this production are Bates numbered DCSL002461 –
DCSL002513 and contain information responsive to requests set forth in Exhibit B of the
October 11, 2016 letter.

The documents in this production contain an additional monthly report for March 2016,
Bates numbered DCSL002461; monthly reports for April 2016, Bates numbered DCSL002462 –
DCSL002475; monthly reports for May 2016, Bates numbered DCSL002476– DCSL002489;

#41227703 v1

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh |
|---|---|---|---|---|---|
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Silicon Valley | Wilmington |

Diane C. Leonardo
Page 2
October 21, 2016

monthly reports for June 2016, Bates numbered DCSL002490– DCSL002505; and monthly reports for August 2016, Bates numbered DCSL002506– DCSL002513.  These monthly reports were provided to both Danske Bank and Trimont, and supplement the monthly reports that our clients previously produced on June 1, 2016 and June 10, 2016. The monthly reports for July 2016 were corrupted upon transfer for production and will be produced shortly.  To the extent any additional documents are identified that are responsive to this request, such documents will be produced.

   In keeping with our clients' request for confidential treatment of the Confidential Materials under the Freedom of Information Act, the documents have been stamped "Confidential Treatment Requested."  We request confidential treatment of this letter and the Confidential Materials under the Freedom of Information Act.  The Confidential Materials contain sensitive personal information, as well as sensitive, proprietary business information.  We request that the U.S. Attorney's Office maintain the confidentiality of this letter and the Confidential Materials, except to the extent that the U.S. Attorney's Office determines that disclosure is otherwise required by federal law or would be in furtherance of the U.S. Attorney's Office discharging its law enforcement duties and responsibilities.  We also request that the U.S. Attorney's Office not disclose the Confidential Materials to any third party, and our clients request that you notify the undersigned counsel upon receipt of any request for Confidential Materials.

   The Confidential Materials that are being provided will remain the property of our clients.  We do not believe that the enclosed Confidential Materials are "agency records" within the meaning of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), or under the relevant rules of the Department of Justice, 28 C.F.R. pt. 16 *et seq.*, and therefore, we also believe that they may not be disclosed to any third persons without our clients' prior consent.  In the event that any of the Confidential Materials are determined to be "agency records" within the meaning of FOIA, we request confidential treatment for such materials pursuant to FOIA and the applicable rules thereunder.

   Should you have any questions, please do not hesitate to contact me.

   Faithfully yours,

   Thomas McC. Souther

Enclosure

#41227703 v1