**Diamante Doce, LLC**
**252 Seventh Avenue – PH O**
**New York, NY  10001**

December 28, 2016

**VIA ECF and FedEx**

Honorable Joseph F. Bianco
U.S. District Court for the
 Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

   Re:  United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

  We are the owners of Diamante Doce LLC, which in turn is the owner through a Mexican trust of Beach Estate Lot 12 at Diamante.  We are writing in connection with the pending application by Diamante Cabo San Lucas, LLC and its affiliates (collectively, "DCSL") for modification of the Court's August 21, 2015 Protective Order.  This letter is prompted by our concern with a number of sweeping statements made in the government's December 22 reply to that application.  For the reasons discussed below, in light of the government's broad statements, we request that the Court revise the Protective Order to provide that individual Diamante property owners and time-share members are not subject to the Order and to provide in the Preliminary Order of Forfeiture that they are not subject to that Order as well.

  As discussed in declaration of Ken Jowdy in support of the DCSL application, there are over 4,000 time-share members at Diamante.  In addition, there are more than 140 owners of individual residential lots.  Our entity, Diamante Doce LLC, is one such owner, acquiring Beach Estate Lot 12 through a real estate trust from a DCSL affiliate in 2014.

Hon. Joseph F. Bianco
December 28, 2016
Page 2

In its opposition, the government states that it "seeks, inter alia, to forfeit the entire DCSL property," that "the Court found probable cause to believe that the entire DCSL property is subject to forfeiture," and that "the Protective Order is properly aimed at preserving the entire DCSL property for forfeiture, rather than mere portions of the property." Gov't Reply at 7 (emphasis in original). The government then goes on to state that DCSL's application to preserve Ken Jowdy's interests in the Diamante project from forfeiture is "premature" and that "[i]t is not until a preliminary order of forfeiture has been entered that a third party may assert a claim to the forfeited property." Id. at 8.

One can only hope that the government has been imprecise in its language. But read literally, the government's reply can be read to contemplate that it is seeking forfeiture of the entire DCSL "property," not just interests in various LLC's and related entities. The Protective Order drafted by the government for the Court's signature itself contains similar overbroad language, defining the "Subject Property" "as subject to forfeiture" to include the "real" property that comprises the Diamante resort, and asserting, incorrectly, that DCSL affiliates own the entirety of that property without acknowledging the interests of individual property owners and or the interests of thousands of property owners and time share members. Docket # 330 at ¶¶ 4, 5.

We have raised concerns with the overly broad language of the Protective Order with the Assistant U.S. Attorney responsible for the civil forfeiture proceeding, and had hoped

Hon. Joseph F. Bianco
December 28, 2016
Page 3

that the government's proposed Preliminary Order of Forfeiture would be clear that it exempted individual property owners and time-share members. Unfortunately, the government's proposed Preliminary Order compounded our concern, defining the entirety of the "real property and premises known as Diamante Cabo San Lucas" as property "subject to forfeiture." Docket # 401-1 at 1.

As a result, as things now stand, the Court is being asked to enter a Preliminary Order of Forfeiture that, read literally, would require thousands of Diamante property owners and time-share members to enter an appearance and individually prove that they are bona fide third-party purchasers of their interests. We cannot imagine that this is a proceeding that the Court contemplates. Accordingly, we join in the request made by DCSL in its application (at 19) that the Protective Order be modified, and request that the Order make clear that individual property owners and time share members are not subject to the Protective Order. We similarly request that individual property owners and time-share members be expressly excluded from any Preliminary Order of Forfeiture the Court may enter.

Respectfully submitted,

/s/ Barry Skovgaard
Barry Skovgaard                           Marc Wolinsky