

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700
Fax 212.286.9806

Thomas McC. Souther
direct dial:  212.808.2729
direct fax:  1.800.803.8463
southertm@pepperlaw.com

January 17, 2017

Via Facsimile and ECF

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Philip A. Kenner, et al, 13-CR-607 (JFB)
     <u>Post-Conviction Protective Order</u>

Dear Judge Bianco:

  We represent Diamante Cabo San Lucas, LLC ("DCSL"), Diamante Cabo San Lucas S. De R.L. De C.V., Kenneth Jowdy, KAJ Holdings, LLC, and Diamante Properties, LLC (collectively, the "DCSL Parties") in connection with the forfeiture proceeding in the referenced action.  I am writing to you today to bring to the Court's attention a very troubling development about which I learned over the weekend, that raises serious concerns about whether the Government is acting in a manner inconsistent with the Court's directive last Wednesday.

  As the Court may recall, the Government sought broad access to inspect the DCSL project in Mexico and its books and records, and to interview a variety of individuals affiliated with the project, including the accountant who prepared the financial statements of DCSL.  We opposed the Government's sweeping request, and the Court made it quite clear at the hearing last week that the scope of the Protective Order entered by the Court in August 2015 was not intended to permit the Government to have such broad access to DCSL's books and records or to conduct interviews of the DCSL project's personnel.  The Court further noted that the DCSL Parties may satisfy the obligations under the Protective Order to provide the Government with monthly reports of revenue and expenses associated with the project by providing the Government with the same monthly reports that the DCSL Parties provide to the lender, Danske

**Pepper Hamilton LLP**
*Attorneys at Law*

Honorable Joseph F. Bianco
Page 2
January 17, 2017

Bank. In addition, the Court directed that if the Government wanted anything beyond the monthly reports that are provided to Danske Bank, the Government would be required to make a showing to the Court to justify the level of intrusion that the Government was suggesting.

I learned over the weekend, and I confirmed this morning, that on Thursday morning, less than twenty-four hours after the Court issued its ruling, Agent Matt Galioto contacted the accountant for DCSL who had prepared the DCSL financial statements and asked the accountant to meet with Agent Galioto on Long Island. This is the same accountant that the Government had requested an opportunity to interview in connection with the application to enforce the Protective Order, which request the Court denied on Wednesday. It is astounding to me that a representative of the United States Government, who was present in court on Wednesday afternoon and is fully aware of the Court's ruling, would seemingly ignore the Court's admonition and almost immediately attempt to arrange for a meeting and an interview of the DCSL accountant anyway.

It should not be necessary, but I request that the Court reiterate its ruling to the Government, including to Agent Galioto in particular, that the scope of the Protective Order does not permit the Government to inspect the DCSL property or the book and records of the DCSL project, or conduct interviews of individuals affiliated with the DCSL Parties, or seek information beyond that which is provided to the lender, Danske Bank, absent Court approval. Moreover, we ask to the extent the Government seeks such information, or interviews of individuals affiliated with the DCSL Parties, such requests be made in writing by the Office of the United States Attorney for the Eastern District of New York and addressed to counsel for the DCSL Parties or to the Court.

We are available at the Court's convenience to address this matter at a conference, if necessary.

Respectfully submitted,

*s/ Thomas McC. Souther*

Thomas McC. Souther

cc:   Kevin P. Mulry, Esq. (By Email)
      All parties of record via ECF

#42429437 v1