

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JHK:DCL

*610 Federal Plaza*
*Central Islip, New York 11722*

February 1, 2017

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: <u>United States v. Kenner and Constantine</u>
           No. CR-13-607 (S-2) (JFB)

Dear Judge Bianco:

      This letter is respectfully submitted in response to Your Honor's order to respond to a letter filed by non-party Diamante Cabo San Lucas, LLC ("DCSL") dated January 17, 2017. Docket Entry ("DE") 439.

      The government is aware that Your Honor denied the government's request to construe the provisions of the protective order (DE 330) to include travel to Mexico to review original books and records and also to speak to DCSL employees in Mexico with regard to same. <u>See</u> Transcript of Proceedings, dated January 11, 2017 at p. 8. However, it is the government's understanding that the accountant, Dan Gibson, was not an employee of DCSL. On the contrary, the accountant, with an office address in New York, was an independent consultant hired by DCSL to create missing books and records and to refile tax returns. The need to refile and/or correct tax returns was also reflected in documents proved by DCSL to the government. The accountant voluntarily spoke with agents, prior to Your Honor's decision, and in sum and substance, told agents that DCSL maintains two sets of records. It is our further understanding that as of December 2016, the contract with the accountant had not been? ~~was~~ not renewed.

      DCSL requests that the Court "reiterate" its ruling that the Protective Order does not permit "interviews of individuals affiliated with the DCSL property." <u>See</u> DE 439 at p. 2. The government's initial request with regard to the Protective Order was that the Court construe the Protective Order to allow interviews of employees and a review of books and records on-site in Mexico. The request was initiated, in part, based upon a request from the U.S. Marshals to conduct a complete valuation on the DCSL property which necessarily included a site visit and interviews with employees in Mexico. However, there is no prohibition or privilege, and DCSL does not allege any privilege exists, to prevent a former independent consultant, located in New York, from voluntarily speaking with agents. Even assuming, <u>arguendo</u>, for the purposes of this letter, that at this point DCSL can be considered a party, "[i]t is consistent with time-honored and decision-honored principles. . . counsel for all parties have a right to interview an adverse party's

witnesses (the witness willing) in private, without the presence or consent of opposing counsel and without a transcript being made." International Business Machines Corp. v. Edelstein, 526 F.2d 37, 42 (2d Cir. 1975); see also Judd v. Take-Two Interactive Software, Inc., No. CV-07-7932, 2008 U.S. Dist. Lexis 26920, at *2-*3 (S.D.N.Y. April 3, 2008)("As a general rule, a party cannot prevent an adverse party from conducting ex parte interviews with its former employees.")

Again assuming, arguendo, that DCSL is claiming that an accountant-client privilege would prevent contact with the former independent consultant, it is well settled that "no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases." United States v. Arthur Young & Co., 465 U.S. 805, 817 (1984). The Supreme Court also held that an independent accountant's work papers are not immune from discovery. Id. at p. 819. Further, the accountant, a former independent consultant, voluntarily spoke with agents prior to the Court's ruling on January 11, 2017.

Accordingly, the government respectfully submits that based upon the foregoing, there is no prohibition or purported privilege that prevents an agent from speaking with a former independent consultant.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:   /s/ Diane C. Leonardo
       Diane C. Leonardo
       Madeline O'Connor
       Assistant U.S. Attorney
       (631) 715-7854