UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

PHILLIP A. KENNER,

Defendant.
-----------------------------------------------------------X

Ind. No.
13 cr 607 (JFB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PHILLIP KENNER'S MOTION FOR A NEW TRIAL PURSUANT TO RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

Jeffrey G. Pittell, Esq.
Maher & Pittell, LLP
*Attorneys for Defendant*
42-40 Bell Blvd, Suite 302
Bayside, New York 11361
(516) 829-2299

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

PHILLIP A. KENNER,

          Defendant.
------------------------------------------------------------X

Ind. No.
13 cr 607 (JFB)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PHILLIP KENNER'S MOTION FOR A NEW TRIAL PURSUANT TO RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in further support of Defendant Phillip A. Kenner's Motion for a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (the "Rule 33 Motion") (ECF Docs 416,417) and in reply to the Government's Memorandum submitted in opposition to the Rule 33 Motion (the "Government's Memorandum") (ECF Doc. 440).

1

## INTRODUCTION

This Memorandum will address the legal issue raised in the Government's Memorandum claiming the Rule 33 Motion is untimely.[1]

## REPLY ARGUMENT

### The Rule 33 Motion is Timely

The Government acknowledges that Point II of the Rule 33 Motion is timely and, as such, can be addressed on the merits. It further acknowledges the merits of Points I and III -- although filed after the deadlines proscribed by Federal Rules of Criminal Procedure Rules 33(b)(2) and 45(b)((1)(B) -- can still be addressed by this Court provided there is "excusable neglect." (Govt. Memo. p.2, *citing* Rule 45(b)((1)(B)).

"Excusable neglect" is an equitable determination based upon consideration of relevant circumstances including the following:

---

[1] The initial Memorandum of Law -- submitted in support of the Rule 33 Motion -- attaches three *pro se* substantive "Points" which raise three separate grounds as basis for Rule 33 relief. The Government's Memorandum presents substantive arguments in response to these three Points. Since these Points were prepared *pro se*, we deferred to Mr. Kenner to prepare a *pro se* reply regarding these Points. It is our understanding the *pro se* reply will be forthcoming and will be filed in a supplemental submission.

1)     The danger of prejudice to the non-moving party;
2)     The length of delay and impact on judicial proceedings;
3)     The reason for the delay, including whether it was in the reasonable control of the moving party; and
4)     Whether the moving party acted in good faith.

*U.S. v. Pilouizzi*, 687 F. Supp.2d 133, 165 (EDNY, JBW 2010), *citing Pioneer Inv. Servs. Co.*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993), *rev'd on other grounds*, 393 Appx. 784 (2d Cir. 2010); *see also, U.S. v. Estevez*, 2016 WL 2349099 (D.CT MPS, 2016) (quoting the *Pioneer* factors as a basis for determination of whether there had been excusable neglect under Rule 45(b)(1)(B)).

In the matter at bar, consideration of the *Pioneer* factors shows there is excusable neglect and, as such, Points I and III should be addressed by this Court.

First, consideration of Points I and III will not prejudice the non-moving party (to wit: the Government). Co-defendant Constantine filed post-trial motions which are still pending and scheduled to be argued on February 17, 2017. In addition, argument on this Motion is scheduled to be heard on the same date. Due to the pendency of Mr. Constantine's Motions, coupled with the fact that Point II is timely, the Government will not suffer any procedural prejudice if Points I and III are addressed by this Court. Further, since Points I and III are premised upon claims that the Government engaged in misconduct, it is hard to perceive how the Government

could claim substantive prejudice if these Points are analyzed and relief is granted on these grounds.

Second, in light of the procedural posture of this case, resolution of Points I and III will not cause any delay to, nor have any impact upon, the pending judicial proceedings. As noted above, other Rule 29/33 post-trial motions are still pending. Further, there are several other outstanding matters -- including the forfeiture proceeding; defense objections to the PSR; a possible *Fatico* hearing; and, sentencing -- whose resolution will occur long after the Court resolves this Motion. Moreover, the Government is not in a position to complain about any delay. For example, it needed six months to prepare and submit its forfeiture brief. In addition, while the Defendants have submitted their objections to PSR, the Government's responses to the PSR and these objections (which may be determinative of whether there will be a need for more delay caused by a *Fatico* hearing) are still pending. Moreover, although it is no fault of the Government, additional delay will be needed for Mr. Constantine's successor counsel to get "up to speed" and become acquainted with the case.

Third, the reason for the delay in filing this Motion, in part, appears to be due to the Government's disclosure of relevant documents after the trial and prior to the forfeiture hearing.

Fourth, there is no indication Mr. Kenner has acted in bad faith. For example, one of his claims (Point I - *Brady* Violation) is based upon an Exhibit the Government offered in the course of the Forfeiture Hearing (Forfeiture Exhibit 44). This Exhibit, which was offered by the Government in support its forfeiture claims, contains references to Hawaii monies being given Ken Jowdy as loans (FORF Ex. 44, p.2). This allegation -- that Hawaii monies given to Jowdy were loans and not proceeds of wire fraud -- was asserted by Mr. Kenner in the course of his trial defense. In response, the Government mocked this claim as "bogus" and "supposed" loans. *(See e.g.* - Ex. R33 004, excerpt Government summation, transcript pp. 5708-9; R33 002, excerpt Government rebuttal, summation transcript p. 5991 ). Yet, now, post-trial, the Government has done an apparent turnaround -- and offered an Exhibit in support of its forfeiture claim -- which shows it was made a misrepresentation to the jury.

Moreover, by drafting lengthy and detailed *pro se* "Points," Mr. Kenner has demonstrated good faith. He has not simply asserted conclusory claims of Government misconduct. He has submitted hundreds of pages of arguments and exhibits which document that he is sincere in asserting his contentions that, *inter alia*, the Government: I) unfairly attacked him during his testimony and during its summation; ii) suborned perjury of witnesses; iii) withheld *Brady* material; and, iv)

5

worked with an FBI case agent who has engaged in questionable conduct.[2] In its response, the Government shrugs off Mr. Kenner's claims as "fair comment" or isolated instances where Government witnesses are contradicted by other evidence. (Govt. Memo at pp. 11-17).

The Government appears to allege Mr. Kenner has somehow acted in bad faith by attaching exhibits which the Government claims were, or would be, inadmissible at trial on relevancy grounds. (Govt. Memo p. 3). However, the Government does not provide authority for its proposition that if a document is irrelevant or inadmissible at trial then a court is barred from considering the document in resolving a post-trial motion asserting Government engaged in misconduct.

---

[2] Ironically, as noted in recent submissions of counsel relating to the modification of the Protective Order, it has been alleged that the FBI case agent has engaged in questionable conduct by submitting false affidavits and acted in a manner alleged to be in violation of a Court order.

## CONCLUSION

Based upon the foregoing reasons, and the reasons set forth in the initial moving papers, it is respectfully requested that Mr. Kenner's Motion be granted in its entirety.

Dated:   Bayside, New York
         February 7, 2017

                                        Respectfully submitted,
                                        /s/
                                        Jeffrey G. Pittell, Esq.
                                        Maher & Pittell, LLP
                                        *Attorneys for Defendant*
                                        42-40 Bell Blvd, Suite 302
                                        Bayside, New York  11361
                                        (516) 829-2299

TO:  Saritha Komatireddy, AUSA
     Phillip Kenner
     All counsel of record via ECF