**PRO SE OFFICE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**100 FEDERAL PLAZA**
**CENTRAL ISLIP, NY 11722**
**(631) 712-6060**

Date: _1/19/17_

Re: _Documents: 13CR607_

Dear *pro se* litigant:

The enclosed _letter & discs_ is/ are being returned without docketing or consideration for the following reason(s):

( ) The docket number and judge's initials are missing.

( ) Your signature is required on all papers filed with the Court. Please sign wherever an "X" appears.

( ) These papers appear to be intended for another court or agency.

( ) Papers cannot be filed without indicating that they have been served on all the parties in your action.

( ) Your papers do not meet the minimum requirements for:

    ( ) Legibility: please type or print clearly.
    ( ) Language: only English is acceptable.
    ( ) Form or Content: See forms/instructions enclosed.
    ( ) Please indicate the documents you served on your affirmation of service.
    ( ) Other:

(X) This Court will only accept papers on 8 1/2 by 11 paper. Note that this does not include exhibits.

( ) Pursuant to Local Civil Rules 5.1, discovery materials are not filed with the Court except by Order of the Court.

( ) Your <u>Notice of Appeal</u> has been processed, and your case is closed. Your papers should be directed to:

    United States Court of Appeals for the Second Circuit
    Thurgood Marshall U. S. Courthouse
    40 Foley Square
    New York, NY 10007

( ) Our records indicate that you are represented by an attorney. As such, you may not file papers or communicate directly with the Court. Please refer this matter to your attorney.

( ) The Court cannot act on your submission(s). To the extent that it is your intent to start a new action, or to file a motion, please obtain the appropriate form(s) online at www.nyed.uscourts.gov or from our office.

( ) Correspondence between parties is not filed with the court.

( ) Other: _The court cannot accept discs as requests All requests must be submitted on paper._

*PRO SE* OFFICE
By: /s/ C.Vukovich

*EXHIBIT 3*

January 25, 2017

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JAN 30 2017
LONG ISLAND OFFICE

Dear Judge Bianco:

I am writing to you and the court regarding several issues.

First — I was assigned new counsel, Jeff Pittell, on or around August 2016. During my initial meeting with Mr. Pittell at the Central Islip Court House, I told him that my case would require a series of face-to-face meetings to understand the past activity in the case as well as the transfer of necessary information to more effectively forward on my behalf. I expressed to him that if he were too busy for the task, I would not have or hold any ill feelings towards him and would respect and appreciate his candidness.

Mr. Pittell, without hesitation, expressed to me that he was going to hire a paralegal and an investigator to assist in the completion of my outstanding pre-trial issues and the exchange of information between he and I. He expressed his understanding of the complexity of the case and the requirement of extra and special attention to me for proper representation. NO INVESTIGATOR OR PARALEGAL WERE EVER HIRED.

Although I had made a number of inquiries about the unfulfilled promises since the initial meeting, Mr. Pittell has ignored my repeated requests. If he had visited me on even ½ of the promised dates, I would have been able to exchange most of the necessary information with him (pursuant to the necessary submissions at hand and investigative issues to complete). We could have continued without discord and avoided the current irreparable animosity between he and I.

In our latest round and now permanent disharmony, I had proposed

(2)

to him since September 2016 in a series of "To-Do" request letters, the issues related to my pending forfeiture submission to the court, amongst other pending case related topics and submissions. THE LETTERS ARE AVAILABLE UPON REQUEST FOR THE COURT'S REVIEW. The non-responsiveness by Mr. Pittell was eerily similar to the non-communication issues I experienced with Mr. Haley throughout my pre-trial efforts to share critical trial preparation evidence related to specific government theories and proposed witness testimonies.

After months of waiting to discuss the forfeiture submission, Mr. Pittell visited me at MDC after 3 "no-shows". He spent 15 of the 45 minutes in the building with another attorney. Then — 30 minutes later after ONLY discussing his perspectives, without allowing me to explain the claims and associated evidence properly, he abruptly left and said he had to get to court that day. I transferred him more information as usual, but he failed again to review it. He told me he would return the next week (between Christmas and New Years Day) to finish the discussions prior to preparing the motion draft. Again, he did not show. I sent him a series of emails explaining that we had not discussed information that was necessary for the submission (available upon request). His response to me was that he was not going to consider any "last minute" submissions from me for the motion he had to complete — despite the fact that the forfeiture issues were in one of the 4 "To-Do" letters that he received from me on November 11, 2016 (2 months prior) but did not review, discuss, or execute. He was not even planning to show me a draft of the motion — which I requested at the last face-to-face meeting, the week before Christmas.

③

Mr. Pittell met with me January 11, 2017 at the Court House after expressing that he was surprised I was produced for the court date. He agreed wholeheartedly that the information we discussed for 15 minutes was CRITICAL to the completion of the forfeiture motion on my behalf and changed his perspective on the situation and submission materials. I cannot imagine, if I were not produced on January 11, 2017, what the basis of the submission would have been — again without my review of a draft per his email representations to me. It is categorically not proper and thoroughly prejudicial.

Second — I let Mr. Pittell know that I had a submission for the Court (just like Constantine's January 11, 2017 submission in (Pro Se) when we were face-to-face before Christmas. He did not want a copy of it. I brought it with me on disc to the last hearing date for submission to the Court on January 11, 2017. He refused to submit the information regarding the Jowdy declaration and supportive Jowdy submissions as well as my position on the Proposed Settlement Agreement between the parties and their patently false and slander-ridden representations. In concert with my never-ending claims from 2007 thru present that Jowdy and his cabal have No DESIRE to settle with anyone, which is precisely what the government so deftly pointed out during the January 11, 2017 hearing (just as I did 8 years earlier during my June 24, 2009 FBI proffer with Agent Galioto and others).

The Proposed Settlement will NEVER result in a payout to the same investors I represented for 7 years while suing Jowdy since 2007, after the day I discovered his frauds and misaligned intentions upon our collective investor group. The frauds started only one day after our initial investment deposit on August 5, 2002 (documented in

④

my previous Pro Se Court submissions - SEE R33 023).

At that point, Mr. Littell told me that there would be no submissions, because he had already put a letter in front of the court. I never saw or approved the content of the letter or knew of his plans to submit something antithetical to my previously represented intentions. I am convinced he did it purposely to conflict with my articulated objectives. As such, I have enclosed on disc (EXHIBIT 1), the submission for the court on the aforementioned issues.

I am certain that the government will appreciate, under their newly acquired perspective of Jowdy, 8-years after my FBI proffer in 2009, about many of Jowdy's decade of known criminal acts, executed conspiracies, racketeering schemes, and complicit cabal members (as documented in the submission based on all of the evidence the government turned over to me in pre-trial). The FBI, the government, and the Court will now have a succinct roadmap of the known Jowdy frauds on my investors and me since 2002 in a multitude of schemes to defraud us from day 1. This will also clear up the prosecution's trial misunderstanding that my investors had been erroneously told at any point in time that Jowdy defrauded them as part of some other misaligned representation by me, the attorneys who represented them throughout the numerous legal pursuits of Jowdy (in the USA and Mexico), and/or any other person (i.e. -Constantine) who may have been supporting the recovery efforts of the assets held and controlled by Jowdy and his management team.

Your Honor, in conjunction with the timing of Constantine's new counsel appointment, I am requesting that the Court appoint new

⑤

Counsel for me considering Mr. Littell has expressed thru his actions his unwillingness to participate "with me" in my ongoing efforts and/or is too busy to assist me, above the bare minimum, in addition to his terse communication at this point. The situation is irreparable and currently untenable.

I appreciate the Court's concern in advance. I do not personally need to be present in the EDNY Courtroom for the admission of new counsel. I would be satisfied with a notification by mail and a face-to-face meeting at MDC to begin the process with new counsel.

I remain respectfully yours.

Philip A. Kenner

Enclosed:
   Exhibit 1 — Pro Se submission (settlement objections & Jowdy frauds)
   Exhibit 2 — Original January 16, 2017 cover letter (rejected)
   Exhibit 3 — Original Pro Se Office rejection letter

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 19 2017   ★

LONG ISLAND OFFICE

JANUARY 16, 2017

DEAR JUDGE BIANCO —

I HAVE ENCLOSED 2 DISCS FOR YOUR REVIEW.

PLEASE SEE DISC #2 — REQUEST FOR NEW COUNSEL DUE TO IRREPARABLE RELATIONSHIP. [REPLACED Jan. 25 w/ hand-written letter — Yellow papers]

PLEASE SEE DISC #1 — KENNER PRO SE SUBMISSION RE — JOWDY SETTLEMENT ISSUES & JOWDY CRIMINAL TIMELINES.

EXPLINATION LETTERS ARE EACH DISC FOR YOUR HONOR'S REVIEW.

SINCERELY,

PHILIP A. KENNER

EXHIBIT 2