

# Pepper Hamilton LLP
### Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700
Fax 212.286.9806

Thomas McC. Souther
direct dial:  212.808.2729
direct fax:  1.800.803.8463
southertm@pepperlaw.com

April 17, 2017

**Via ECF**
Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re: United States v. Philip A. Kenner, et al, 13-CR-607 (JFB)
> <u>Post-Conviction Protective Order</u>

Dear Judge Bianco:

  I, along with Kevin P. Mulry of Farrell Fritz, P.C., represent Diamante Cabo San Lucas, LLC ("DCSL"), Kenneth Jowdy ("Jowdy"), KAJ Holdings, LLC, ("KAJ Holdings"), Diamante Properties, LLC, and Diamante Cabo San Lucas S. De R.L. De C.V., (collectively, the "DCSL Parties") in connection with the forfeiture proceedings pending in the referenced matter. We submit this letter on behalf of the DCSL Parties to renew the DCSL Parties' request that the district court approve a settlement reached among Mr. Jowdy, individually and in his capacity as managing member of KAJ Holdings, DCSL, and Diamante Del Mar, LLC ("DDM"), and the holders of the majority of the membership interests in DDM and CSL Properties 2006, LLC ("CSL Properties") (collectively, the "Settling Investors"). The Settling Investors, through their counsel, Steven Main of Hill, Rugh, Keller & Main, P.L., join in the DCSL Parties' request.[1]

  The DCSL Parties filed an application with the Court on December 13, 2016 that sought, among other relief, the Court's approval of a settlement of civil actions pending in the Delaware Court of Chancery (the "Original Settlement Agreement"). The government opposed the DCSL Parties' application, including that portion of the application that sought the Court's

---

[1] A copy of the letter from the Settling Investors' counsel is attached as Exhibit A to this letter.

Pepper Hamilton LLP
*Attorneys at Law*

Honorable Joseph F. Bianco
Page 2
April 17, 2017

approval of the Original Settlement Agreement. At a hearing on January 11, 2017, the Court confirmed and clarified the intended scope and reasons for granting the protective order dated August 21, 2015 in the referenced matter, denied the DCSL Parties relief from the protective order, and denied the government's request for access to books and records of DCSL and to the property in Mexico. The Court deferred decision, however, on the application to approve the Original Settlement Agreement, in part because defendant Constantine, who was participating in the hearing by telephone, was proceeding pro se at that time and expressed a desire to consult with newly appointed counsel about whether to respond to the DCSL Parties' application for approval of the Original Settlement Agreement. The Court adjourned the matter and asked that the parties advise the Court if there were any new developments in the Delaware Court of Chancery litigation.

On January 23, 2017, a hearing was held in the Delaware Court of Chancery to consider the joint application of the parties to the Delaware litigation that sought approval of the Original Settlement Agreement. The Vice Chancellor presiding in the Court of the Chancery case declined to approve the Original Settlement Agreement as presented, because although the settlement was styled as a derivative settlement, it was not a traditional derivative settlement. The Vice Chancellor advised the parties at that hearing, however, that they would be permitted to dismiss the Delaware derivative action without prejudice, if the settlement agreement was structured as an individual investor settlement agreement, rather than as a derivative settlement agreement. The Original Settlement Agreement subsequently was revised to address the structural concerns expressed by the Vice Chancellor. The substantive terms of the Revised Settlement Agreement essentially mirror the terms of the Original Settlement Agreement. All of the investors who signed the Original Settlement Agreement have signed the Revised Settlement Agreement, and one additional investor in CSL Properties who did not sign the Original Settlement Agreement has signed the Revised Settlement Agreement.

The Revised Settlement Agreement provides that to the extent there are profit distributions payable to the owners of the membership interests in DCSL, Mr. Jowdy will pay a portion of the profits that he receives through his ownership interest in DCSL through KAJ Holdings to the signatories of the Revised Settlement Agreement. The Revised Settlement Agreement sets forth in detail the formula for the sharing of those profits. While there is no guarantee that there will ever by any profits in which to share, both Mr. Jowdy and the majority in interest of the owners of membership interests in DDM and CSL Properties believe that this is the best alternative available to them to possibly recover their initial investment in the two Mexican projects and realize a potential return on that investment. The entire Revised Settlement Agreement, however, similar to the Original Settlement Agreement submitted to the Court in December 2016, is predicated on Mr. Jowdy retaining his ownership interest in DCSL through KAJ Holdings. If the Government is successful in obtaining forfeiture of the entire DCSL Property, or Mr. Jowdy's interest in the DCSL Property, the Revised Settlement Agreement will be null and void. A copy of the Revised Settlement Agreement is attached to this letter as Exhibit B.

**Pepper Hamilton LLP**
*Attorneys at Law*

Honorable Joseph F. Bianco
Page 3
April 17, 2017

   I forwarded a copy of the Revised Settlement Agreement to the government the week before last and requested that the government advise me whether they plan to oppose our request, but I have not received a response from the government.

   The Revised Settlement Agreement is believed by the majority in interest of the members who invested in DCSL through CSL Properties, and who invested in the DDM project, to be in their best interest in resolving this protracted dispute. These Settling Investors, all of whom were at one time clients of defendant Kenner, acknowledge that they were misled by Kenner, and that their best hope for the continued success of the DCSL project is under Mr. Jowdy's leadership. Accordingly, the DCSL Parties and the Settling Investors respectfully request that the Court approve the Revised Settlement Agreement.

            Respectfully submitted,

            */s/ Thomas McC. Souther*

            Thomas McC. Souther
            Counsel for the DCSL Parties

cc: Kevin P. Mulry, Esq. (By email)
   AUSA Diane Leonardo (By ECF)
   AUSA Madeline O'Connor (By ECF)
   Jesse M. Siegel, Esq. (By ECF)
   Sanford Talkin, Esq. (By ECF)

Enclosures