# EXHIBIT A



HRKM
HILL, RUGH, KELLER & MAIN
ATTORNEYS AT LAW

April 17, 2017

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     Re: *United States v. Philip A. Kenner, et al, 13-CR-607 (JFB)*
       *Post-Conviction Protective Order*

       *Greg deVries & Rem Murray v. Ken Jowdy & Diamanté Del Mar, LLC*
       *Delaware Court of Chancery, C.A. No.:  11258-VCL*

Dear Judge Bianco:

  Please be advised that my law firm and I represent a number of hockey players who are former clients of Phil Kenner, who invested into one or both of the Diamante projects launched in the Baja Peninsula of Mexico (i.e. Diamante Del Mar and/or Diamante Cabo San Lucas). In that regard, this letter serves as a written request on behalf of these players for the Court to approve the settlement that was recently reached with Ken Jowdy and his affiliated entities, following several years of litigation in the Delaware Court of Chancery.

  As the Court may be aware, we have been engaged in multiple civil lawsuits in Delaware over the last three years.  In addition to two separate books & records actions filed against Diamante Del Mar, LLC[1] and Diamante Cabo San Lucas, LLC,[2] respectively, we have also spent the last couple of years litigating the above-referenced derivative action, filed by Greg deVries and Rem Murray, as representative plaintiffs on behalf of themselves and several of their professional hockey colleagues.  Specifically, the lawsuit was filed on behalf of those players (and former clients of Mr. Kenner) who collectively invested several million dollars into

---

[1] This books & records action is styled *Greg DeVries and Raymond Murray v. Diamanté Del Mar, L.L.C.*, C.A. No. 9782-ML, filed in the Court of Chancery of the State of Delaware.

[2] This books & records action is styled *CSL Properties, 2006, L.L.C. et al. v. Diamanté Cabo San Lucas, L.L.C.*, C.A. No. 9752-ML (now C.A. No. 9752-MZ), filed in the Court of Chancery of the State of Delaware.

April 17, 2017
Page 2 of 3

Diamante Del Mar, LLC ("DDM"), and the crux of the case was that Mr. Jowdy, as DDM's Managing Member, breached the fiduciary duties he owed to the hockey player investors.

Mr. Jowdy has been steadfast in his denial of these allegations. Accordingly, after engaging in months of discovery and additional investigation in the Delaware lawsuits, it was eventually decided that a change in approach might produce a more constructive outcome for our clients, following almost a decade of unproductive litigation waged throughout the United States. The parties spent the next several months engaged in discussions aimed towards an amicable resolution of the Delaware lawsuits.

Ultimately, we were able to reach an agreement to amicably resolve both the derivative suit and the pending books and records action filed against Diamante Cabo San Lucas, LLC.[3] As the Court is aware, the initial version of the Settlement Agreement was previously submitted to the Vice Chancellor presiding over the Delaware derivative action. At a hearing on January 23, 2017, Vice Chancellor Laster declined to approve the Settlement Agreement as initially presented, based on his determination that the agreement was not structured as a true derivative settlement, to the extent that the consideration that Mr. Jowdy and his affiliate entities were obligated to pay under the initial version of the agreement would have flowed directly to the hockey player investors as opposed to the company, DDM.[4]

With that said, Vice Chancellor Laster was also very clear in announcing at the hearing that he was "quite glad that a settlement was reached" and had no objection to the "give and the get" provided for under the agreement. As such, he ultimately ruled that those investors who were inclined to proceed with an amicable resolution of any claims they may have concerning Mr. Jowdy's management of DDM were free to do so, without any further need for approval from the Court of Chancery. Conversely, the Vice Chancellor's ruling also means that those hockey player investors who wish to preserve and pursue any claims they believe they may have against Mr. Jowdy are likewise free to do so.

Following the January 23rd hearing, therefore, the original Settlement Agreement was slightly modified to reflect the Vice Chancellor's ruling and allow the parties to proceed with an "investor-level, opt-in" settlement. The revised Settlement Agreement was circulated shortly thereafter to the seventeen DDM investors, as well as the twelve Members of CSL Properties 2006, LLC ("CSL Properties")[5], who stand to benefit from the settlement for their review and consideration.

The agreed upon deadline for these investors to opt-in was March 15, 2017. As of that date, eleven of the seventeen DDM investors and nine of the twelve Members of CSL Properties

---

[3] The books & records action filed against Diamante Del Mar, LLC was voluntarily dismissed shortly after the derivative suit involving DDM was filed.

[4] The initial Settlement Agreement was structured this way, in part, because DDM was voluntarily dissolved as an ongoing entity almost three (3) years ago.

[5] As the Court is aware, CSL Properties currently holds an 8% equity stake in Diamante Cabo San Lucas, LLC, pursuant to the terms of Operating Agreement for that company.

April 17, 2017
Page 3 of 3

  executed the revised Settlement Agreement and agreed to its terms, including the current 3-Member Management Panel for CSL Properties. To the extent several of the hockey players invested in <u>both</u> Diamante projects, the revised Settlement Agreement has now been ratified and approved by fourteen (14) of the twenty-one (21) individuals who stand to benefit from the settlement.[6]

  Of course, we are mindful of the post-conviction protective order that was previously entered by this Court, dated August 21, 2015. In that regard, one of the terms of the revised Settlement Agreement provides that the settlement requires the approval of this Court, and will be null and void without such approval. Accordingly, because the hockey player investors who executed the Agreement believe it is in their best interest to not only finally resolve their longstanding disputes with Mr. Jowdy but also allow him to continue developing the impressive project that is evolving in Cabo San Lucas, we are respectfully requesting this Court to approve the Settlement Agreement that is being submitted at this time. Indeed, similar to the opinion previously expressed by Danske Bank, the investors who executed the revised Settlement Agreement are likewise concerned that the ongoing forfeiture proceedings are having (or may have) a substantial negative impact on the Cabo project.

  Your attention to this matter is appreciated. If there is any further information that you would like us to provide, please let us know.

            Respectfully submitted,

            Steven R. Main

cc: clients

SRM/ns

---

[6] Specifically, eight of the hockey players invested in <u>both</u> the Diamante Del Mar project, as well as the Diamante Cabo San Lucas project. The eleven players who ratified and approved the revised Settlement Agreement as investors in the Diamante Del Mar project are as follows: i) Greg deVries; ii) Raymond Murray; iii) Glen Murray; iv) Sergei Gonchar; v) Mattias Norstrom; vi) Darryl Sydor; vii) Dmitri Khristich; viii) Vladimir Tsyplakov; ix) Chris Simon; x) Jason Woolley, and xi) Jozef Stumpel. The nine Members of CSL Properties who ratified and approved the revised Settlement Agreement as investors in the Diamante Cabo San Lucas project are as follows: i) Greg deVries; ii) Sergei Gonchar; iii) Mattias Norstrom; iv) Dmitri Khristich; v) Vladimir Tsyplakov; vi) Darryl Sydor; vii) Brian Campbell; viii) Steve Rucchin, and; ix) Tyson Nash.