

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700
Fax 212.286.9806

Thomas McC. Souther
direct dial:  212.808.2729
direct fax:  1.800.803.8463
southertm@pepperlaw.com

April 23, 2017

**Via ECF**
Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   United States v. Philip A. Kenner, et al, 13-CR-607 (JFB)
      Post-Conviction Protective Order

Dear Judge Bianco:

I, along with Kevin P. Mulry of Farrell Fritz, P.C., represent Diamante Cabo San Lucas, LLC ("DCSL"), Kenneth Jowdy ("Jowdy"), KAJ Holdings, LLC, ("KAJ Holdings"), Diamante Properties, LLC, and Diamante Cabo San Lucas S. De R.L. De C.V., (collectively, the "DCSL Parties") in connection with the forfeiture proceedings pending in the referenced matter. Last week we submitted a letter requesting that the district court approve a settlement reached among Mr. Jowdy, individually and in his capacity as managing member of KAJ Holdings, DCSL, and Diamante Del Mar, LLC ("DDM"), and the holders of the majority of the membership interests in DDM and CSL Properties 2006, LLC.  We submit this letter on behalf

Boston    Washington, D.C.    Los Angeles    New York    Pittsburgh
Detroit   Berwyn   Harrisburg   Orange County   Princeton   Silicon Valley   Wilmington

www.pepperlaw.com

**Pepper Hamilton LLP**
*Attorneys at Law*

Honorable Joseph F. Bianco
Page 2
April 23, 2017

of the DCSL Parties to renew the DCSL Parties' request that the district court also approve the proposed sale of a parcel of the DCSL property for the San Marcos Condominium Development.

The DCSL Parties first presented to the government the proposed sale of a small parcel of the DCSL property for the San Marcos Condominium Development in September 2016.  The government opposed the proposed sale, and the DCSL Parties filed an application with the Court on December 13, 2016 that sought, among other relief, the Court's approval of the sale of the parcel for the San Marcos Condominium Development.  The government opposed the DCSL Parties' application, including that portion of the application that sought the Court's approval of the sale of the parcel for the San Marcos Condominium Development.

At a hearing on January 11, 2017 regarding the DCSL Parties application for relief from the Protective Order, the Court expressed the view that it was inclined to approve the parcel sale, particularly given the fact that the development's lender, Danske Bank, had approved the sale.  The Court did, however, grant the government's request to obtain an independent appraisal of the parcel to confirm that the sale price of the parcel was reasonable.  One of the assumptions articulated by the Court at the time of the hearing in January was that this independent appraisal would be done fairly quickly.  To that end, the Court directed that the parties work together to have the appraisal done within a couple of weeks of the January hearing. (Transcript of 1/11/17 Hearing, pp. 13-14; 19-20).

Regrettably, the process of identifying and commissioning the independent appraisal of the parcel has taken several months.  The government suggested an appraiser to the DCSL Parties on January 23rd, and the DCSL Parties confirmed their approval on January 31st.  We understand that the government was required to put the appraisal out to bid through a request

**Pepper Hamilton LLP**
*Attorneys at Law*

Honorable Joseph F. Bianco
Page 3
April 23, 2017

for proposal process, and that their original choice to conduct the appraisal ultimately declined to bid on the request for proposal. Those events certainly were contributing factors to the delay of more than three months from the date of the hearing in January until the present. The government advised the DCSL Parties of their selected appraiser, Cushman & Wakefield, on March 10th, and the DCSL Parties consented on March 16th. This past Wednesday, April 19th, the government provided a list of documents requested by Cushman & Wakefield in order to begin the appraisal process. While the government has advised that it believes the appraisal process can be completed within three weeks, there is no certainty that timing will be achieved.

The three months it has taken for the government appraisal process to get to the point where an appraisal can actually begin starkly illustrates the difficulty the DCSL Parties have encountered in trying to manage this project in an efficient manner under the shadow of the Protective Order. The development project is already burdened by the existence of the Protective Order, which has hampered the ability to make significant advances in developing the project, such as securing another major hotel development. If the DCSL Parties are not free to exercise their sound business judgment to make decisions about the development of even a small parcel of the property without first clearing those decisions with the government, and then with the Court, the project will continue to be adversely affected by the inherent delay those approvals create.

Mr. Mulry and I spoke with the government on Thursday, April 20th, and explained that the DCSL Parties no longer have the luxury of waiting for the appraisal to be completed. We advised the government that if the sale of the parcel earmarked for the San Marcos Condominium Development is not approved by the end of April, the DCSL Parties likely

#43642911 v1

**Pepper Hamilton LLP**
*Attorneys at Law*

Honorable Joseph F. Bianco
Page 4
April 23, 2017

will be required to begin returning deposits paid by the buyers of residences in the planned San Marcos Condominium Development. One of the San Marcos buyers has insisted on a meeting with the sales team before the end of April. If he is not given a date certain by which construction of the San Marcos residences will start, he has advised that he intends to request a return of his deposit. Moreover, if additional requests for the return of deposits are made by other buyers, the San Marcos Condominium Development likely will have to be postponed.

We tried to impress upon the government that the DCSL Parties had exhausted their good will with the individuals who have paid deposits in connection with the proposed San Marcos Condominium Development. Those individuals, understandably, have become frustrated at the lack of progress on the construction of the San Marcos residences. The government's suggestion is to simply tell the investors that the government will be completing an appraisal, and then the matter will be presented to the Court, and that they should wait a few more weeks. The DCSL Parties, however, have to directly and personally answer to the frustrated buyers of residences in the planned San Marcos Condominium Development, and the patience of those buyers has worn out. They have said they want to see progress in the construction of the residences that goes beyond the site preparation that has been done to date.

We explained to the government in our call that the DCSL Parties are willing to go forward with the proposed appraisal by Cushman & Wakefield, but that it may become moot if the DCSL Parties must begin returning deposits at the end of April and are forced to postpone the San Marcos portion of the development. The government continued to express a desire to obtain the appraisal, so the DCSL Parties will coordinate with the government and Cushman & Wakefield to arrange for Cushman & Wakefield to perform the appraisal. We are awaiting



Honorable Joseph F. Bianco
Page 5
April 23, 2017

available times from the government for a call with them and Cushman & Wakefield to coordinate the production of materials needed by Cushman & Wakefield in advance, the logistics for the appraisal, and the assumptions and considerations for the valuation of the parcel.

As an alternative to the sale of the parcel, the DCSL Parties proposed the possibility of obtaining a construction loan from either the proposed counter-party to the San Marcos Condominium Development parcel sale or some other third party. This alternative construction loan proposal has not been discussed in detail with the development's lender or the counter-party to the proposed sale, so there are significant practical hurdles to overcome before this may even remotely be a viable alternative to the proposed parcel sale. The DCSL Parties are willing to engage in discussions with Danske Bank and the counter-party immediately, however, if this alternative is more acceptable to the government and the Court than the parcel sale. The advantage of this approach is that it would give the DCSL Parties the ability to actually begin construction work on the site in the next couple of weeks. This would demonstrate that progress, albeit slow progress, was being made toward developing the San Marcos Condominiums. The drawback, however, is that the proceeds of the loan would only be available to cover construction expenses on the San Marcos Condominium Development. None of those loan proceeds would be available to pay down any portion of the approximately $15 million of short-term debt that will come due in October of 2017. Thus, the threat of default on that obligation to Danske Bank continues to loom large. The government rejected this possible construction loan alternative, suggesting that it was analogous to the proposed sale and would require Court approval.

**Pepper Hamilton LLP**
*Attorneys at Law*

Honorable Joseph F. Bianco
Page 6
April 23, 2017

The current situation leaves the DCSL Parties with limited options in their efforts to identify ways to pursue continued expansion and development of the resort as a whole in the absence of available credit. We disagree with the government's position that the Protective Order prohibits the DCSL Parties from obtaining a construction loan, if possible, with respect to the San Marcos Condominium Development. Having been advised by the government that its position is that even obtaining a construction loan to advance the San Marcos Condominium Development is prohibited by the Protective Order, the DCSL Parties have no choice but to seek relief from the Court.

The DCSL Parties first presented the proposed sale of the parcel for the San Marcos Condominium Development to the government nearly seven months ago. Both the DCSL Parties and Danske Bank believed that it was a proposal that would add value to the overall resort development. The government apparently harbors a different, skeptical view. The government repeatedly has been cautioned by the DCSL Parties that time was of the essence, but that appears to have had little impact on the pace at which the government has sought to advance the appraisal process or the forfeiture proceeding.

The government continues to assert that the third-party claimants including the DCSL Parties will have to wait—maybe a few more months, maybe a few more years—until a forfeiture ancillary proceeding, if any, is held. The DCSL Parties have said to the government on numerous occasions—and argued in Court filings—that this short-sighted approach ultimately may cause the loss of all equity holders' interest in the project. Indeed, any interest the government potentially may obtain if it is successful in obtaining a preliminary order of forfeiture, and any interest that the victims of the criminal conduct in this case may have or

#43642911 v1

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Joseph F. Bianco
Page 7
April 23, 2017

potentially obtain, may end up having little or no value.  By the time an ancillary proceeding, if any, is held, there may be no equity left for the government to forfeit.[1]

Accordingly, the DCSL Parties respectfully request that the Court approve the proposed sale of a parcel of the DCSL property for the San Marcos Condominium Development, or in the alternative, permit the DCSL Parties to seek a construction loan for the development of the San Marcos Condominiums as part of the exercise of its business judgment in managing the day-to-day operations of the DCSL Project.

Respectfully submitted,

*/s/ Thomas McC. Souther*

Thomas McC. Souther
Counsel for the DCSL Parties

cc:   Kevin P. Mulry, Esq. (By email)
      AUSA Diane Leonardo (By ECF)
      AUSA Madeline O'Connor (By ECF)
      Jesse M. Siegel, Esq. (By ECF)
      Sanford Talkin, Esq. (By ECF)

---

[1] The DCSL Parties have suggested mediation or a settlement conference with a Magistrate Judge to address the third-party interests while there is still a potential for equity holders to make some recovery, and are still open to those options if the government would be open to a good faith resolution.

#43642911 v1