LAW OFFICE OF
### JESSE M. SIEGEL
The Woolworth Building
233 Broadway, Suite 707
New York, New York 10279

(Tel) 212-207-9009
(Fax) 212-732-1339

JesseMSiegel@aol.com

June 6, 2017

**BY ECF**

Hon. Joseph F. Bianco, District Judge
United States District Court for the
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

                    Re: *United States v. Kenner,* Ind. No. 13-CR-607 (JFB).

Dear Judge Bianco:

      As counsel to Philip A. Kenner, defendant herein, we write in support of his Rule 33 motion for a new trial and in reply to the government's response to his motion (ECF Doc. 440). Specifically, we ask the Court to reject the government's argument that Points I and III of Mr. Kenner's motion are untimely as they were not filed within 14 days of the verdict. Instead, the Court should find Mr. Kenner's motion timely for the reasons cited in the memorandum of law in support of the Rule 33 motion filed by prior counsel (ECF Doc. 417), and also, alternatively, because any failure to file the motion within 14 days was due to excusable neglect.

      In *United States v. Velazquez*, 197 F.Supp.3d 481 (2016), the Court found the failure to file a Rule 33 motion based on ineffective assistance of counsel within 14 days constituted excusable neglect. The Court noted the four factors set forth by the Second Circuit to be considered in evaluating whether excusable neglect has been established: "'(1) the danger of prejudice to the party opposing the extension; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking the extension; and (4) whether the party seeking the extension acted in good faith." *Id.* at 508 (citation omitted).

      The Court found that each of the factors favored finding excusable neglect. The defendant continued to be represented by the attorney whose representation he claimed was ineffective during the 14-day period, and for months thereafter. New counsel moved diligently to become familiar with the case, obtain records, and prepare the motion. Thus, there were compelling reasons for the delay, and new counsel acted in good faith. The government did not

Hon. Joseph F. Bianco
June 6, 2017
Page 2

claim it was prejudiced by the delay, and the judicial proceedings were not negatively impacted. *Id*. at 508-09.

Similar considerations should lead to the same conclusion here. Mr. Kenner was represented by his trial counsel for more than a year following the verdict. During this time, his relationship with that attorney steadily deteriorated, until he asked the Court to appoint new counsel by letter filed July 13, 2016 (ECF Doc. 386). In his letter, Mr. Kenner stated the problems between him and his attorney began in the months leading up to the beginning of trial in April, 2015. He said the problems culminated when counsel refused to submit to the Court a report and exhibits Mr. Kenner prepared in response to an exchange with the Court during the forfeiture hearing.

In a letter submitted to the Court in response to Mr. Kenner's request (ECF Doc. 387), counsel noted, "I agree that no meaningful attorney-client relationship presently exists and that the rift is irreparable as expressed by [Mr. Kenner]." The Court granted Mr. Kenner's request and appointed new counsel on July 27, 2016.

The Court should find that the worsening relationship between Mr. Kenner and his attorney, which included disagreement over whether to file documents as requested by Mr. Kenner, provides a compelling reason for the delay. All of the other factors clearly favor a finding of excusable neglect. New counsel acted in good faith, came up to speed quickly in this very complex case, and filed the discs comprising this *pro se* motion, and a memorandum in support of it, very quickly. Although the government argued that Mr. Kenner had not made a showing of excusable neglect (ECF Doc. 440 at 2), they did not claim they are prejudiced by the delay. Nor has the delay negatively impacted the judicial proceedings, as other aspects of the case, including codefendant Tommy Constantine's Rule 29 and 33 motions, have proceeded at the same time as this motion, and the case has not been delayed.

For these reasons, the Court should find that any failure to file Points I and III of Mr. Kenner's Rule 33 motion within 14 days of verdict constitutes excusable neglect.

Respectfully submitted,

/s/
Jesse M. Siegel