

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/JMH  
F. #2013R00948

*610 Federal Plaza*  
*Central Islip, New York 11722*

March 21, 2018

<u>By Hand and ECF</u>

The Honorable Joseph F. Bianco  
United States District Judge  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

   Re: United States v. Philip A. Kenner  
     <u>Criminal Docket No. 13-607 (JFB)</u>

Dear Judge Bianco:

  The government respectfully writes in advance of the hearing scheduled before Your Honor at 1:30 p.m. on Monday, March 26, 2018, concerning the above-referenced defendant's request to proceed <u>pro se</u>.

  As the Court is aware, the defendant has the right, under the Sixth Amendment, "to defend himself without the assistance of counsel if that decision is made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver." <u>United States v. Tracy</u>, 12 F.3d 1186, 1191 (2d Cir. 1993) (citing <u>Faretta v. California</u>, 422 U.S. 806, 835-46 (1975)). The determination of whether a defendant's choice to proceed <u>pro se</u> is "knowing and intelligent depends on the particular facts and circumstances of the case, including the background, experience, and conduct of the accused." <u>Id.</u> (internal citations and marks omitted). "The [C]ourt should strive for a full and calm discussion with the defendant in order to satisfy itself that [the defendant] has the requisite capacity to understand and sufficient knowledge to make a rational choice." <u>Id.</u> (internal citations and marks omitted).

  Whether a defendant "must be allowed to represent himself . . . requires answers to two principal questions: whether the defendant is competent to represent himself . . . and whether the request to proceed <u>pro se</u> is genuine[.]" <u>United States v. Barnes</u>, 693 F.3d 261, 270 (2d Cir. 2012) (internal marks and citations omitted).

Consistent with the foregoing, at the hearing, the government respectfully asks the Court to pose the following questions to the defendant (in addition to any other questions the Court or current defense counsel may wish to pose):[1]

1. You have a constitutional right to be represented by an attorney at every stage of this proceeding. Do you understand that?

2. Do you understand that, if you are unable to afford an attorney, the Court will appoint one on your behalf at no cost to you?

3. You also have a constitutional right to represent yourself, if you so choose. Do you wish to do so in this case?

4. Have you ever studied law?

5. Have you ever represented yourself in a criminal action?

6. Do you understand that you are charged with, and have been convicted at trial of, Counts One through Four, Seven and Nine of the second superseding indictment in this case, charging you with conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering?

7. Do you understand that, based on the Counts of which you have been convicted, the maximum term of imprisonment as to each Count is twenty years?

8. Do you understand that, at sentencing, the Court can order that the sentences on these Counts be served consecutively, that is, one after another – meaning that the total term of imprisonment to which you may be sentenced is 120 years?

9. Do you understand that, at sentencing, the Court must impose a special assessment of $100 as to each Count?

10. Do you understand that, at sentencing, the Court may impose a term of supervised release following any term of imprisonment and fines in the amount of up to $250,000 as to each Count?

11. Do you understand that, at sentencing, the Court must direct you to pay restitution?

12. Do you understand that, at sentencing, the Court may direct you to forfeit certain assets?

13. Have you received and reviewed a copy of the Pre-Sentence Investigation Report ("the PSR")?

---

[1] Adapted from <u>Benchbook for U.S. Dist. Court Judges</u> (Mar. 2013), at 5-7.

14. Do you understand that there are advisory Sentencing Guidelines, discussed in the PSR, and that those Guidelines may have an effect on your sentence?

15. Do you understand that if you choose to represent yourself, you are on your own, and that I cannot tell you or even advise you how you should handle any aspect of your case?

16. Are you familiar with the Federal Rules of Evidence?

17. Do you understand that the Rules of Evidence govern what evidence may or may not be introduced at trial or at any hearing, including any hearing in connection with sentencing or forfeiture, and that in representing yourself, you must abide by these very technical rules, and that they will not be relaxed for your benefit?

18. Are you familiar with the Rules of Criminal Procedure?

19. Do you understand that those rules govern the way a criminal action is handled at trial or any hearing in federal court, that you are bound by those rules, and that they will not be relaxed for your benefit?

If, following this colloquy and any warnings the Court may choose to give concerning the risks of self-representation, the defendant still indicates that he wishes to represent himself, the government respectfully requests that the Court conclude with the following questions:

20. In light of the penalties to which you are exposed at sentencing, or at any trial if this case were to be retried, and in light of all of the difficulties of representing yourself that I have described to you, do you still desire to represent yourself and to give up your right to be represented by a lawyer?

21. Is your decision entirely voluntary?

22. Has anyone threatened you or forced you to make this request to represent yourself?

23. Do you understand that any statements you make in the course of representing yourself may be used by the government against you, either in the course of sentencing of this matter or any future proceedings related to this case?

Provided the defendant answers these questions in a manner indicating that he is knowingly and voluntarily choosing to represent himself, conscious of the risks involved, the government respectfully requests that the Court make findings of fact to that effect. See generally Benchbook for U.S. Dist. Court Judges (Mar. 2013), at 6-7; see also McKaskle v. Wiggins, 465 U.S. 168, 178-79 (1984) (holding that the "core of the Faretta right" is for "the pro se defendant . . . to preserve actual control over the case he chooses to present").

The government takes no position in the event the defendant seeks to have standby counsel appointed to assist him. However, the government notes that the defendant 'has no right to 'hybrid' representation, in which he is represented by counsel from time to

time, but may slip into pro se mode for selected presentations." United States v. Rivernider, 828 F.3d 91, 108 (2d Cir. 2016) (internal citation and marks omitted).

    The government thanks the Court for its consideration of this letter.

                Respectfully submitted,

                RICHARD P. DONOGHUE
                United States Attorney

        By:  /s/ J. Matthew Haggans
            J. Matthew Haggans
            Assistant U.S. Attorney
            (718) 254-6127

cc:  Clerk of Court (JFB) (By ECF)
    Jesse M. Siegel (By ECF)
    Philip A. Kenner (By First-Class Mail)