

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMH/SK
F. #2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

April 24, 2018

By Hand and ECF

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Phillip A. Kenner
               Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

      The government respectfully submits this letter in response to the defendant's motion dated April 15, 2018, in which he seeks replacement of his standby counsel. See ECF No. 546 ("the Motion").[1] The government takes no position on the defendant's requests, and sets forth below the applicable law along with a summary of facts drawn from the record that may be relevant to the Court's determination.

I.      Background

      On March 26, 2018, the Court granted the above-referenced defendant's request to proceed pro se. Appointed counsel, Jesse M. Siegel, was relieved and subsequently appointed as stand-by counsel.[2] See ECF No. 539 (minute entry dated March 26, 2018). The Court did so only after providing the defendant with a thorough set of

---

[1] The Motion bears an internal date of April 15, 2018. It appears to have been received by the Clerk's Office on April 20, 2018. The government learned of the Motion when it was docketed on April 23, 2018. ECF No. 546.

[2] Upon the defendant's motion, Mr. Siegel himself had replaced prior counsel Jeffrey Pittell. See ECF Nos. 455-56. Mr. Pittell, in turn, had replaced Richard Haley, upon the defendant's motion. See ECF Nos. 386-87; see also Minute Entry (July 27, 2016).

warnings as to the risks and consequences of doing so. See Tr. of Hr'g passim. (Mar. 26, 2018) (attached hereto as Exhibit A).

Near the conclusion of the March 26 hearing, the government noted its view that the defendant was not entitled to his choice of standby counsel. The Court observed to the defendant: "You can't have a situation where you keep asking me to replace standby counsel. I have the discretion to say to you at some point, no. I'm not going to have another attorney come on the case and get familiar with the case if I don't feel you demonstrated a sufficient reason to replace counsel, but obviously we are not at that stage. But you understand that, right?" The defendant responded in the affirmative. Id. at 20.

On April 15, 2018, the defendant, acting pro se, moved the Court to relieve Mr. Siegel as his standby counsel, and further requested assignment of a new standby attorney ("from a large NY firm"), as well as an investigator. The defendant also claimed that his assigned paralegal was not available to assist him, and that Mr. Siegel had been unable to meet with him between March 26 and April 15. Motion, ECF No. 546.

## II.   The Defendant Has No Right to Appointed Standby Counsel

The principles that apply to the rights of defendants concerning their court-appointed counsel are well settled. "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006) (citations omitted). "Particularly where . . . the court has already replaced counsel more than once . . . it is reasonable for the court to require an intractable defendant either to proceed with the current appointed lawyer, or to proceed pro se." United States v. Culbertson, 670 F.3d 183, 190 (2d Cir. 2012) (citations omitted).

"[T]here is no right to appointment of standby counsel of defendant's own choosing[,] and [] having elected self-representation, a defendant cannot later complain of ineffective assistance of counsel." United States v. Williamson, No. 14-CR-151 (RMC), 2014 WL 12695379, *6 (D.D.C. Oct. 16, 2014) (denying defendant's request for substitute standby counsel); see also United States v. Fleming, No. 07-CR-513 (GHM), 2014 WL 1365941, *5 (S.D. Texas Apr. 23, 2014) ("A criminal defendant proceeding pro se at trial has no constitutional right of standby counsel; accordingly, [there is] no Sixth Amendment right to standby counsel [of] choice.") (citing United States v. Oliver, 630 F.3d 397, 413 (5th Cir. 2011); United States v. Singleton, 107 F.3d 1091, 1102 n.9, 1103 (4th Cir. 1997) (affirming district court's refusal to appoint standby counsel, noting that the district court had "properly recognized no constitutional right to have advisory counsel," and observing that, if made, such appointments are subject to the district court's "appropriate" disrection").

## III.   The Defendant's Prior Relationships with Counsel Are Relevant

While the government takes no position on the defendant's requests, the government notes certain facts from the record that it respectfully submits should be considered by the Court in reaching a decision. The defendant's standby counsel was his third court-appointed attorney from the CJA panel. See n.1, above. Each of these attorneys

was relieved on the defendant's motion.  Id.  In the Motion, the defendant concedes that he was visited on or about April 1, 2018, by a paralegal – just five days after the Court granted his request to proceed pro se and appointed Mr. Siegel as standby counsel.  Per the Motion, the paralegal stated that she would be on vacation starting May 1.  The defendant's forfeiture opposition is due May 2.  Rather than try to make productive use of the paralegal's time in April – time which the Motion states was available – the defendant complains that the paralegal "clearly would not be helpful, nor appropriately available."  See Motion.

*    *    *

The government thanks the Court for its consideration of this letter.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ J. Matthew Haggans
        J. Matthew Haggans
        Assistant U.S. Attorney
        (718) 254-6127

cc:    Clerk of Court (JFB) (By ECF)
       Philip A. Kenner (pro se) (By Regular Mail)
       Jesse M. Siegel (By ECF and By Email)