FILED
CLERK
7/10/2018 9:22 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,   . Criminal No. 13-cr-00607-JFB
                            .
            Vs.             .
                            . 100 Federal Plaza
PHILLIP A. KENNER,          . Central Islip, NY  11722
                            .
                            . DATE:  July 3, 2018
. . . . . . . . . . . . . . .


                      TRANSCRIPT OF HEARING
                BEFORE HONORABLE JOSEPH F. BIANCO
                    UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:       UNITED STATES ATTORNEYS OFFICE
                          EASTERN DISTRICT OF NEW YORK
                          BY:  DIANE C. LEONARDO, ESQ.
                               MADELINE M. O'CONNOR, ESQ.
                               SARITHA KOMATIEREDDY, ESQ.
                                  (Telephonically)
                          610 Federal Plaza
                          Central Islip,  NY   11722

For the Defendant:        LAW OFFICES OF JESSIE M. SIEGEL
                          BY:  JESSE M. SIEGEL, ESQ.
                                  (Telephonically)
                          233 Broadway
                          Suite 2701
                          New York, NY  10279




Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.
```

_____

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**(732) 263-0044    Fax No. 732-865-7179**
**800 603-6212**
**www.tgribbentranscription.com**

2

I N D E X

PAGE

ORAL ARGUMENT

    (Defendant requests)     3

ORAL ARGUMENT

    (Sealed portion of transcript)     13 to 28

1              THE CLERK:  Calling case 13-cr-607, USA versus
2    Kenner.  Counsel, please state your appearance for the record.
3              MS. LEONARDO:  For the United States, Diane Leonardo,
4    Madeline O'Connor and Saritha Komatireddy, by telephone.
5              MS. KOMATIREDDY:  Good morning, Your Honor.
6              THE COURT:  Good morning.
7              THE DEFENDANT:  Good morning, Your Honor, Phil Kenner
8    on the defense.
9              THE COURT:  Good morning, Mr. Kenner.  And Mr.
10   Siegel, are you on the line as well?
11             MR. SIEGEL:  I am, Judge.
12             THE COURT:  Okay.  As you know, I think as you know,
13   I scheduled this because I had received a series of letters
14   from Mr. Kenner, raising different issues.  I think, I'll put
15   them into three categories.  One dealt with -- some of these
16   things I was just copied on, one dealt with trying to meet with
17   the Government regarding the case, to try to resolve certain
18   issues.  The second was a June 17th letter where he requests
19   the appraisal from the Government's 2016/17 intervention in the
20   Diamante Cabo San Lucas Resort, through court order.  And then
21   there are a number of ex parte requests related to things that
22   he would like in connection with his representation of himself.
23             So my intention was to deal with the first two issues
24   and then just ask the Government to leave the courtroom and
25   I'll just discuss Mr. Kenner's remaining requests regarding his

1 representation, and things that he needs with him.

2          So Mr. Kenner, on the issue of the letter, I think
3 you received Mr. Haggans' response, I assume you did, that
4 they're declining the meetings.  So I don't know if you need to
5 discuss that any further. The Government obviously doesn't have
6 to meet with you.  They've decided they don't want to meet with
7 you. So if there anything further we need to discuss on that?

8          THE DEFENDANT:  No, Your Honor, that's news to me
9 just now, so.

10         THE COURT:  Oh, I think, I don't have the letter in
11 front of me, I think it was like June 15th.  You didn't get
12 that letter?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  You know what, I'll have my Law Clerk
15 print it out.  And we'll give it to you now.  But --

16         THE DEFENDANT:  All right, thank you.

17         THE COURT:  It was like a one sentence letter.

18         THE DEFENDANT:  Okay.

19         THE COURT:  Okay?

20         THE DEFENDANT:  I'll review it, if there's any
21 questions I'll just communicate back to the Court.

22         THE COURT:  All right.

23         THE DEFENDANT:  Thank you.

24         THE COURT:  The second issue relates to the
25 appraisal, so I would just say this to you, and I'll ask the

1  Government about this appraisal, but I just want you to
2  understand that we're in the post hearing phase of the
3  forfeiture.  Obviously I think as you know, we're briefing the
4  forfeiture issues.  So I'm not sure exactly what this falls
5  under, if you're seeking to reopen the hearing to put
6  additional evidence before me, or what.
7            But you understand that we've already had the
8  hearing, exhibits were introduced at the hearing.  So you know,
9  this would be, you have to make a request to reopen the hearing
10 in order to present additional evidence. You usually don't have
11 discovery after the hearing, you have discovery before the
12 hearing, so.
13           THE DEFENDANT:  Yes, sir, Your Honor, I'm aware of
14 that.  Just in case the time line isn't clear, I think our
15 hearing completed before or perhaps long before the Diamante
16 Cabo appraisal was actually requested and approved by the
17 Court.
18           THE COURT:  Okay.
19           THE DEFENDANT:  So I haven't received a copy of that.
20 I don't know if it would be necessary to reopen the briefings
21 or if there's another forum to address that. But it certainly
22 will also be applicable under any Fatico issues.
23           THE COURT:  Yes, I'm going to get to the Fatico
24 issues in a minute.  But let me just ask the Government about
25 this appraisal.  Does the Government have a copy of that

1  appraisal.

2              MS. LEONARDO:  Your Honor, we do, but I'm just not
3  sure what the relevance of it would be.  This was the appraisal
4  that was done when Diamante wanted to sell off a small parcel
5  of the property.  So I'm not really sure -- so the appraisal is
6  only for a very limited purpose.

7              THE COURT:  Right.

8              MS. LEONARDO:  It's not of the entire resort.

9              THE COURT:  Right, okay.  Now I'm remembering what
10 this refers to, right.  So Mr. Kenner is correct, this all
11 occurred after the hearing.

12             MS. LEONARDO:  It did, Your Honor.

13             THE COURT:  Right.  So Mr. Kenner, what's the
14 relevance?  Obviously the forfeiture issues don't relate to
15 that issue, which is an appraisal for purposes of selling of a
16 portion of the property.  So what does that have to do with
17 whether or not the property itself is forfeitable?

18             THE DEFENDANT:  Your Honor, I wasn't sure that the
19 appraisal itself was specific to the San Carlos Condominium
20 sale.  Or if the appraisal was based on the entire outstanding
21 property still remaining at Diamante, which has not been parsed
22 off yet.  So this wasn't an appraisal just for the San Carlos
23 Condominium piece as far as I recall.  It was an appraisal for
24 the entire property.

25             And then the general relevance, Your Honor, I can't

speak specifically to any forfeiture issues, because I haven't seen the appraisal or any commentary that is extrapolated in the appraiser's report. But with relevance to the Fatico, there have been settlement agreements and I believe that, Your Honor, would have affect Fatico calculations for loss.

THE COURT: Okay, well, we're not really up to the Fatico part of the case. You know, the Government, there's been conclusion as to whether or not there is going to be a Fatico hearing. Obviously there is a calculation of the loss amount that would have to take place. So I guess potentially it would be relevant on the issue of the amount of loss, right? I don't know, Ms. Leonardo, you want to speak to that or Ms. Komatireddy --

MS. KOMATIREDDY: Your Honor --

THE COURT: Why wouldn't the appraisal potentially be relevant as to the amount of the loss?

MS. KOMATIREDDY: Your Honor, my understanding of the loss under the guidelines, is its intended loss. So the actual loss at the end of the day for a property pertains at most to relevant conduct and other charged conduct, I don't think is relevant because we were proceeding on the loss and not based on the charged conduct. And as defined for purposes of the guidelines, intended loss.

THE COURT: Well, I guess that's true. Maybe I shouldn't focus on loss, but how about restitution though, why

1  wouldn't it be relevant if I'm going to impose an order of
2  restitution, wouldn't it be relevant on restitution?  How much
3  the property is worth currently?
4           MS. KOMATIREDDY:  Your Honor, I think that's a fair
5  point.  Perhaps it would be.  I'm not actually sure.
6           THE COURT:  Okay.
7           MS. KOMATIREDDY:  That is something I would have to
8  confer with the civil attorneys about.
9           THE COURT:  I don't -- if the Government has a copy
10 of it, I don't -- it's like he's asking for ten boxes of
11 documents. He's asking for one document.  I don't see any
12 reason why he shouldn't be able to see that, if it turns out to
13 be relevant on restitution, which it may very well be, he'll
14 have it.  But I would ask the Government just to product it to
15 him, okay?
16          MS. LEONARDO:  Your Honor, we can do that, we do have
17 a copy. I would just ask if we can review it. I haven't looked
18 at it in two years. I don't recall if there's any type of --
19          THE COURT:  Proprietary.
20          MS. LEONARDO:  Thank you, information within the
21 appraisal.
22          THE COURT:  That's fine.  So I would just ask you to
23 produce it to Mr. Kenner within a week, okay?
24          MS. LEONARDO:  We can do that, Your Honor.
25          THE COURT:  If there's some issue, that you think it

1  needs to be redacted, you can submit a letter to the Court
2  explaining why you think it needs to be redacted.  Okay?
3             MS. LEONARDO:  Yes, Your Honor.
4             THE COURT:  All right.  Is there anything else with
5  respect to that, Mr. Kenner?
6             THE DEFENDANT:  No, Your Honor, I would just ask that
7  if they do suggest via letter, correspondence with the Court,
8  that there's a redacted piece, if you wouldn't mind just
9  reviewing it in camera.  And I don't need to know your result
10 of that, but just to make sure that whatever is redacted that
11 it is a necessary redaction.
12            THE COURT:  Yes.  I'm happy -- so, if the Government
13 believes it needs to be redacted, I would just ask you submit
14 to me the unredacted and then the redacted so I can see what's
15 underneath.  Okay?
16            MS. LEONARDO:  Yes, Your Honor.
17            THE COURT:  And obviously you need to explain to me
18 why.  All right, so before -- and I don't want the Government
19 to leave completely, because I'm going to have a discussion
20 with Mr. Kenner about some of the resources and issues that
21 he's having with respect to his representation of himself, but
22 I may need to ask the Government a non substantive question
23 about what's available to him in the jail or not.  So I would
24 just ask the Government standby.
25            But before we do that, I just want to make sure

1  there's no other issues we need to address from the
2  Government's end.  Is there any other issues you need to
3  address with the Court today, as it relates to Mr. Kenner
4  obviously?
5           MS. KOMATIREDDY:  Not from me, Your Honor.
6           MS. LEONARDO:  Your Honor, the only thing we just
7  wanted to confirm was that, when the briefing schedule is?
8           THE COURT:  Yes, July 13th.
9           MS. LEONARDO:  Yes, Your Honor.
10          THE COURT:  Yes, Mr. Kenner, are you going to be able
11 to meet that date?
12          THE DEFENDANT:  I have, I'm waiting to hear back from
13 Mr. Talkin, with respect to Mr. Constantine's response.
14          THE COURT:  So you want to make sure you're going to
15 submit on that date as well?  I don't understand what --
16          THE DEFENDANT:  That was one of the issues, and Mr.
17 Talkin had notified me a while back that a forensic accountant
18 had been approved by the Court.
19          THE COURT:  Yes.
20          THE DEFENDANT:  And he has yet to have been able to
21 arrange a meeting for us.
22          THE COURT:  So you think Mr. Talkin is going to be
23 asking for an extension?  Is that what you think is going to
24 happen?
25          THE DEFENDANT:  I don't want to speak for Mr. Talkin.

1                THE COURT:  Well, let me ask the Government, has you
2    heard from Mr. Talkin or no?
3                MS. LEONARDO:  No, we have not, Your Honor.
4                THE COURT:  Okay.
5                THE DEFENDANT:  I would assume that the matter, only
6    from what I've reviewed from my end, Your Honor, would be
7    related to the forensic accountant that I have not even had the
8    chance to meet with for the first time yet with respect to any
9    restitution or loss, intended loss calculations.
10               THE COURT:  Okay, all right.  Well, I would just ask
11   the Government to reach out to Mr. Talkin to see what the
12   status is of the schedule.  I did approve a forensic
13   accountant.  But it sounds like it may not have progressed to
14   where he's in a position. If you wanted to, Mr. Kenner, this is
15   up to you, I'm not -- if you wanted to put in whatever other
16   portion of your oppositions unrelated to the forensic
17   accountant, I don't want you to feel as if I would preclude you
18   then from supplementing it from whatever other information you
19   get.  That's up to you.
20               In other words, I would allow the Government to see
21   the rest of your opposition and begin to respond, so we don't
22   have additional delay. I mean,  you're in jail, so obviously
23   I'm trying to be sensitive to have the case move along.  But,
24   do you understand what I'm saying, it's up to you.
25               THE DEFENDANT:  Yes, sir, Your Honor, and I've tried

1 to be proactive with some of my requests, whether they're
2 related to forfeiture currently with the forensic accountant
3 and/or potential Fatico or other issues.
4          THE COURT:  Okay.
5          THE DEFENDANT:  I can at least make my portion of the
6 time line as concise as possible.  But thank you, Your Honor.
7          THE COURT:  And Ms. Komatireddy, I just want to just,
8 I want to make sure my recollection with respect to the Fatico,
9 I remember, I thought the Government at least had indicated
10 that it was not going to pursue these other alleged frauds that
11 came up during the trial at any Fatico hearing, is my memory
12 correct on that?  Ms. Komatireddy, are you still there?  Do we
13 lose her?
14         THE CLERK:  WE must have.  Is Mr. Siegel --
15         THE COURT:  Mr. Siegel, are you still there?
16         THE CLERK:  No.
17         THE COURT:  Well I don't know, do you know the answer
18 to that?  I mean my recollection is at some point the
19 Government had indicated it was not going to seek a Fatico
20 hearing on any other alleged frauds, correct?
21         MS. LEONARDO:  I believe that's correct, Your Honor.
22         THE COURT:  Okay.  All right.  So I'm just -- do you
23 have any other issues you want to raise with the Government in
24 the courtroom before I walk about the things you requested from
25 Mr. Kenner?

1  THE DEFENDANT: No, thank you, Your Honor.

2  THE COURT: Okay, so I'm just going to ask the

3 Government to step out side. And stay in the hallway just in

4 case I need you, this shouldn't take too long. Okay?

5  MS. LEONARDO: Yes, Your Honor.

6  (US Attorneys exit courtroom)

7  (remainder of transcription, redacted)

8  * * * * *

9  **C E R T I F I C A T I O N**

10  I, **PATRICIA POOLE**, court approved transcriber,

11 certify that the foregoing is a correct transcript from the

12 official electronic sound recording of the proceedings in the

13 above-entitled matter.

14

15 /S/ PATRICIA POOLE

16 TRACY GRIBBEN TRANSCRIPTION, LLC    DATE: July 7, 2018

17

18

19

20

21

22

23

24

25