F.#2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -                  No. 13-CR-607 (S-2) (JFB)

PHILLIP A. KENNER,
    also known as
    "Philip A. Kenner," and
TOMMY C. CONSTANTINE,
    also known as
    "Tommy C. Hormovitis,"

       Defendants.

– – – – – – – – – – – – – – – – – –X

## THE GOVERNMENT'S RESPONSE TO KENNER'S POST-TRIAL MOTION FOR THE RELEASE OF GRAND JURY MINUTES

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

Saritha Komatireddy
J. Matthew Haggans
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

On October 29, 2013, a grand jury in the Eastern District of New York returned a ten-count indictment charging defendants Phillip A. Kenner and Tommy C. Constantine with conspiracy to commit wire fraud, wire fraud, and money laundering conspiracy.  On February 26, 2015, a grand jury in the Eastern District of New York returned a superseding indictment that was essentially a streamlined version of the previous indictment and included the same charges.  On April 22, 2015, a grand jury in the Eastern District of New York returned a second superseding indictment that made some minor adjustments to the previous indictment and, again, included the same charges.

On July 9, 2015, following approximately nine weeks of trial, a jury convicted Kenner on six of the nine counts with which he was charged: one count of conspiracy to commit wire fraud (Count One, 18 U.S.C. § 1349), four counts of wire fraud (Counts Two through Four and Seven, 18 U.S.C. §§ 1343), and one count of money laundering conspiracy (Count Nine, 18 U.S.C. § 1956(h)).  The jury acquitted Kenner on three counts of wire fraud (Counts Five, Six, and Eight, 18 U.S.C. §§ 1343).[1]

After the jury verdict, Kenner joined in co-defendant Tommy Constantine's motion pursuant to Federal Rule of Criminal Procedure 33.  ECF No. 325.  Kenner also filed a separate motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.  ECF No. 416.  In a thorough, 93-page opinion, the Court denied both motions.  ECF No. 501.

On July 5, 2018, the Court received (and filed on the docket) Kenner's instant post-trial motion for the release of grand jury minutes.  ECF No. 557.  On August 8, 2018,

---

[1] The government incorporates by reference the facts set forth in its previously filed opposition to co-defendant Tommy Constantine's post-trial motions.  See ECF No. 370.

the government received a copy of Kenner's motion from the Court.  The Court should deny

Kenner's motion because the petit jury's guilty verdict renders it moot and, in any event,

Kenner does not set forth a particularized need, specific allegations of misconduct, or

cognizable prejudice sufficient to overcome the presumption of regularity in grand jury

proceedings.

ARGUMENT

I.      Legal Standards

There is a well-established "tradition in the United States," codified by Federal

Rule of Criminal Procedure 6, "that proceedings before a grand jury shall generally remain

secret."  In re Petition of Craig, 131 F.3d 99, 101 (2d Cir. 1997).  "Grand jury proceedings

carry a 'presumption of regularity,'" United States v. Torres, 901 F.2d 205, 232 (2d Cir. 1990)

(citation omitted), and "[t]he burden is on the party seeking disclosure to show a particularized

need that outweighs the need for secrecy," In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d

Cir. 1996) (citation and quotation marks omitted).  For this reason, "review of grand jury

minutes is rarely permitted without specific factual allegations of government misconduct."

Torres, 901 F.2d at 233; see also United States v. Leung, 40 F.3d 577, 582 (2d Cir. 1994)

(disclosure of grand jury minutes "should not be permitted without concrete allegations of

Government misconduct."); United States v. Tranquillo, 66 F. Supp. 2d 370, 381 (S.D.N.Y.

2009) ("It is axiomatic that 'grand jury proceedings are accorded a presumption of regularity,

which generally may be dispelled only upon particularized proof of irregularities in the grand

jury process.'" (quoting United States v. Mechanik, 475 U.S. 66, 75 (1986))).

In addition to setting forth specific factual allegations of government

misconduct, a defendant must also allege prejudice.  See Bank of Nova Scotia v. United States,

2

487 U.S. 250, 257 (1988) (dismissal of indictment appropriate only where "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair").  Prejudice may be found where an error or defect in the grand jury proceedings "'substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Id. at 256 (internal citation omitted).

Moreover, a guilty verdict at trial can render harmless any defects or errors affecting the charging decision of the grand jury.  See Mechanik, 475 U.S. at 72-73 ("a petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from . . . an error in the earlier grand jury proceeding"); accord United States v. Eltayib, 88 F.3d 157, 173 (2d Cir. 1996) (denying motion to dismiss indictment for prosecutorial misconduct before the grand jury because of "the Supreme Court's pronouncement that a guilty verdict by a petit jury remedies any possible defects in the grand jury indictment").

II.   Discussion

As an initial matter, in light of the petit jury's conviction of Kenner on six of the nine counts with which he was charged, Kenner's motion is moot.  The "petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted." Mechanik, 475 U.S. at 67.  Moreover, the petit jury's verdict renders harmless any conceivable errors before the grand jury.  See id. at 72-73.  Therefore, the Court may deny Kenner's motion on this basis alone.

In any event, Kenner fails to show a particularized need for the grand jury minutes.  Kenner offers only conclusory assertions that he "requires the testimonies for

3

utilization in [1] his Fatico hearings, [2] his potential ineffective counsel filing (28 USC 2255), [3] during sentencing arguments, and [4] for application during direct appeal (consistent with prosecutorial misconduct issues raised in defendant's ProSe Rule 33 submission, in addition to various selective prosecution issues)." (Mot. at 5).  However, Kenner has not articulated any reason why the grand jury materials he requests are necessary -- or even relevant -- to advancing his arguments in any of the aforementioned post-trial proceedings.  Indeed, all indications are to the contrary: (1) the Court has already informed the defendant that it does not expect any Fatico hearing in this matter; (2) the defendant has no right to counsel, effective or otherwise, in connection with grand jury proceedings; (3) grand jury proceedings do not bear on the calculation of an advisory sentencing range under the United States Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a); and (4) the prosecutorial misconduct issues raised in Kenner's Rule 33 submission pertained to arguments, questioning, and witnesses called at trial, not in the grand jury, and any selective prosecution arguments would similarly relate to the government's conduct outside the grand jury.

Finally, Kenner fails to make specific factual allegations of government misconduct before the grand jury and fails to allege any cognizable prejudice.  The bulk of Kenner's motion primarily complains that the grand jury was not presented with all of the available evidence.  Kenner further complains that he was not permitted to testify before the grand jury and not permitted to "confront" the grand jury witness(es).  (Mot. at 4).  These arguments misapprehend the role of the grand jury and its task of determining whether there is probable cause to support the charges contained in an indictment.  The government need not present all of its evidence to the grand jury in order to obtain an indictment, only enough to satisfy probable cause; and the defendant has no right to testify in the grand jury or confront

4

grand jury witnesses.    Kenner also repeats his previously-raised allegations that the

government and government witnesses made misrepresentations at trial, and suggests that

those misrepresentations were replicated before the grand jury.   However, there is no basis to

believe that there were any misrepresentations, either at trial or before the grand jury: the petit

jury rendered a guilty verdict after carefully considering Kenner's extensive trial testimony in

which he made many of the same allegations, and the Court upheld that verdict in the face of

the same allegations.

CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court

deny Kenner's motion.

Dated:     Brooklyn, New York
           August 22, 2018

                                             Respectfully submitted,

                                             RICHARD P. DONOGHUE
                                             UNITED STATES ATTORNEY
                                             Eastern District of New York
                                             Attorney for Plaintiff
                                             271 Cadman Plaza East
                                             Brooklyn, New York 11201


                                   By:       ___/s/_____
                                             Saritha Komatireddy
                                             J. Matthew Haggans
                                             Assistant United States Attorneys
                                             (718) 254-7000


cc:     All counsel of record (by ECF)