

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

JMH
F. #2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

October 17, 2018

<u>By Hand and ECF</u>

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Philip A. Kenner
     <u>Criminal Docket No. 13-607 (JFB)</u>

Dear Judge Bianco:

  The government respectfully writes to notify the Court of the possibility that the above-referenced defendant is in contempt of this Court's order dated June 23, 2017 (ECF No. 479) ("the Order"), concerning the defendant's involvement with a certain website ("the Website") on which restricted personal information of various victim witnesses ("the Victims") in this case. Despite the Order, which required the defendant to eliminate restricted personal information of Victims from the Website or any other website, the government has recently learned that the Website is once again publicly accessible and contains the same kinds of restricted personal information that prompted the Order.

I. <u>Background</u>

  On March 30, 2017, the government filed a motion for a protective order to enjoin the defendant from further harassment of the Victims in connection with this case via the Website, under 18 U.S.C. § 1514(b)(1). <u>See</u> generally ECF No. 461 ("the Motion"). [1] The basis for the Motion was that, among other forms of harassment, the Website contained restricted personal information concerning many of the Victims, such as telephone numbers, home addresses, email addresses, and the like.

---

  [1] The Website in question is identified in the Motion papers, which were submitted under seal to minimize the risk of exposing the Victims to additional harassment. <u>See</u> ECF No. 461-1, at 3.

On June 22, 2017, the government filed a letter and proposed stipulation and order resolving the Motion (ECF No. 477), after which the Court entered the Order (ECF No. 479). As relevant here, the Order required the defendant to "remove, or have removed, any and all references to any [Victim's] 'restricted personal information,' as that term is defined by 18 U.S.C. § 119(b)(1), from any Internet website under his direct or indirect control[,]" such as the Website. ECF No. 479 at 1. By its terms, the Order binds the defendant until the earlier of June 23, 2020, or the end of the criminal case. Id. at 2.

II.     The Website Is Back and Contains Restricted Personal Information of Numerous Victims

The government recently learned that the Website is back online and publicly accessible. It contains the same restricted personal information as it did when the government filed the Motion. The Website is voluminous and is replete with restricted personal information: phone numbers, home addresses, and the like. (Most of this material appears to have been obtained from the government during the pretrial discovery process).

\*     \*     \*

The government expects to argue at sentencing that the defendant's conduct concerning the Website should be considered by the Court in fashioning an appropriate sentence.

The government's investigation of the Website is continuing. The government thanks the Court for its consideration of this letter.

           Respectfully submitted,

           RICHARD P. DONOGHUE
           United States Attorney

By:   /s/ J. Matthew Haggans
      J. Matthew Haggans
      Assistant U.S. Attorney
      (718) 254-6127

cc:    Clerk of Court (JFB) (By ECF)
        Philip A. Kenner (By First-Class Mail)
        Jesse M. Siegel, Esq. (Standby Counsel) (By Email)