

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DCL:MMO
*610 Federal Plaza*
*Central Islip, New York 11722*

December 14, 2018

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Kenner and Constantine
       No. CR-13-607 (S-2) (JFB)

Dear Judge Bianco:

  The United States writes regarding its forfeiture reply brief, which is currently scheduled to be filed on or before January 11, 2019. By way of background, the United States filed its moving forfeiture brief on October 7, 2016. Docket Entry ("DE") 401. On September 10, 2018 and December 10, 2018, defendants Phillip Kenner ("Kenner") and Tommy Constantine ("Constantine") (collectively, "Defendants"), respectively, filed their opposition briefs.[1] DE 579, 599. As the Court may be aware, on June 5, 2017, after the United States filed its forfeiture brief and prior to the Defendants' filing of their opposition briefs, the Supreme Court decided Honeycutt v. United States, 137 S. Ct. 1626 (2017). Honeycutt holds, in relevant part, that under 18 U.S.C. § 853– the forfeiture statute relating to drug crimes, a defendant cannot be held jointly and severally liable for the property that a co-conspirator derived from the crime but that the defendant himself did not acquire. Id. at 1630. Here, the United States seeks to hold Kenner and Constantine jointly and severally liable for the total proceeds of their conspiracies that were reasonably foreseeable to them, thus, the potential applicability of Honeycutt to the forfeiture statutes in this case is significant.

  Defendants present arguments in their opposition briefs that Honeycutt limits the forfeiture that the government seeks in this case. In fact, the arguments in Constantine's

---

[1] The United States notes that Constantine filed the exhibit to his brief on December 12, 2018, two days after he filed his opposition brief. DE 600-1. In addition, counsel for Constantine informed the undersigned on December 5, 2018, that as of that date, Kenner had not received his forensic accountant's report, and, thus, Kenner's supplemental briefing, if any, which would address the report's content, would not be filed in time for the December 7, 2018 opposition brief due date. It is uncertain whether Kenner intends to file any supplemental briefing based on his forensic accountant's report, but, for the reasons stated herein, such supplemental briefing may not be necessary if the Court determines that Honeycutt has no bearing on this case.

opposition brief address only Honeycutt related issues.  The United States intends to argue in its reply brief that Honeycutt does not affect the forfeiture the United States seeks in this case because, in sum and substance, Honeycutt does not affect the forfeiture of property involved in money laundering.  If this Court were to determine that Honeycutt does not affect the forfeiture in this case, then this Court can determine all forfeiture matters without the need for additional briefing, presentation of evidence, hearings, and/or discovery.  However, if this Court were to determine that Honeycutt applies to the forfeiture statutes in this case, then the United States would be required to submit extensive briefing and evidence to demonstrate the tracing of the proceeds obtained by each defendant.  The United States would likely need to hire its own forensic accountant, request the opportunity to question Defendants' expert witness, and/or present additional evidence.[2]  The United States also anticipates that Defendants will want to file sur-reply briefs to address the tracing evidence that the United States would have to provide in its reply brief.  Accordingly, in the interest of judicial economy, and in an effort to avoid potentially unnecessary, expensive and time consuming litigation and discovery, the United States respectfully requests permission to bifurcate the legal and factual issues relating to Honeycutt in its reply brief.  Specifically, the United States requests permission to first address in its reply brief the applicability of Honeycutt to this case, and, if this Court determines that Honeycutt applies to the forfeiture statutes at issue, then submit additional briefing and evidence in accordance with Honeycutt as to the tracing of proceeds obtained by each Defendant.  In addition, should the Court determine that Honeycutt applies to this case, the United States reserves the right to obtain its own expert witness, engage in additional discovery and present additional evidence relevant to the tracing that would be required under Honeycutt.

       Thank you for Your Honor's consideration of this application.

Respectfully submitted,

RICHARD P. DONOGHUE<br>
United States Attorney

By:    /s/ Madeline O'Connor<br>
       Madeline O'Connor<br>
       Diane C. Leonardo<br>
       Assistant U.S. Attorneys<br>
       (631) 715-7870<br>
       (631) 715-7854

cc:    Sam Talkin, Esq. (by ECF)<br>
       Philip Kenner (by mail)

---

[2] As your Honor may recall, upon learning that both Defendants sought to hire a forensic accountant approximately two years after the conclusion of the forfeiture hearing, the government reserved its right during the May 7, 2018 status conference to cross-examine or depose Defendants' expert and also to submit an expert rebuttal report, if necessary.  However, as discussed above, if Honeycutt is not applicable here, there is no need for additional forensic accounting.