**Marc Wolinsky**
**Diamante Doce, LLC**
**252 Seventh Avenue – PH O**
**New York, NY  10001**

(212) 403-1226

February 1, 2019

**VIA ECF and FedEx**

Honorable Joseph F. Bianco
U.S. District Court for the
 Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

        Re:  United States v. Kenner/Constantine, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

        I am the co-owner, through Diamante Doce LLC, of a home at the Diamante Resort.[1]  I write briefly to join in the concerns raised by Mr. Souther in his letter of January 30, 2019, concerning the breadth of the government's proposed Preliminary Order of Forfeiture in the above-referenced matter.

        While I understand the government's position that, as a legal matter, the time for interested persons to assert a legal interest in the "Forfeited Assets" does not arise until thirty days after publication of notice, strict adherence to that legal position threatens to create havoc in Your Honor's Courtroom, and irreparable harm to the homeowners, time share members and the

---

[1]    The Court will recall that I previously addressed the Court concerning the Diamante project, resulting in the entry of the attached Order making clear that the Post-Conviction Protective order did not extend to individual lot owners or time share members at the Diamante Resort Property or prevent such owners and members from selling, pledging or otherwise disposing of or transferring their interests in the Diamante Resort Property.

Hon. Joseph F. Bianco
February 1, 2019
Page 2

project itself, harm that will damage the ultimate recoveries of the individuals that the government is seeking to protect.

As discussed in Mr. Souther's letter, the fundamental problem with the government's proposed preliminary order of forfeiture is paragraph 3, which provides that all of the real property interests at the Diamante Resort are subject to forfeiture. Publication of such an order would put 173 homeowners like myself, and 6,725 time share members in the position of having to file objections with the Court. It is inconceivable to me that the Court has any interest in having to address objections that we all know now will be sustained because no one contemplates that the interests of homeowners and time share members will be forfeited.

The burden to the Court and harm to property owners far transcends this enormous administrative burden. Even a suggestion that the interests of homeowners and time share members are subject to forfeiture could have a disastrous impact on the reputation of the resort. That damage to reputation will harm property values, harm sales that in part fund planned improvements and, ultimately, harm the interests of the victims of the crimes that were committed. That result cannot possibly be intended.

This harm can all be avoided if the Court modifies the preliminary order submitted by the government to make clear that the only interests in the resort that are subject to forfeiture are those that are owned by Mr. Kenner and Mr. Constantine.

Hon. Joseph F. Bianco
February 1, 2019
Page 3

      I plan on attending the hearing scheduled for March 1, 2019, and will be available to address any questions that the Court may have.

                                        Respectfully submitted,

                                        Marc Wolinsky

cc:    All parties of record via ECF
        Thomas Souther, Esq. (By Email)

Case 2:13-cr-00607-JFB-AYS Document 514 Filed 02/07/19 Page 4 of 5 PageID #: 14799

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 07 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────── X

UNITED STATES OF AMERICA

- against -

PHILIP A. KENNER, et al,

           Defendants.

────────────────────────────── X

MODIFICATION TO POST-CONVICTION
PROTECTIVE ORDER

Criminal Docket No. 13-0607 (JFB)

      WHEREAS, on August 21, 2015, upon an ex parte application by the United States to this Court pursuant to Title 21, United States Code, Section 853(e)(1)(A), the Court entered a Protective Order intended to preserve the availability of, among other things, the real property known Diamante Cabo San Lucas, Diamante Boulevard s/n, Los Congrejos, Cabo San Lucas, B.C.S., Mexico 23473 (the "Diamante Resort Property");

      WHEREAS, on December 28, 2016, Diamante Doce LLC, the owner, through a trust, of a lot located at the Diamante Resort Property, submitted a letter to the Court requesting that the Court amend the Protective Order to make clear that individual property owners and time share members at the Diamante Resort Property are not subject to the Protective Order; and

      WHEREAS, at a hearing on January 11, 2017, the United States agreed that the Protective Order does not prevent the transfer of time shares or individual lots at the Diamante Resort Property;

      IT IS HEREBY ORDERED THAT the Protective Order be and hereby is modified to add the following provision:

"IT IS FURTHER ORDERED that nothing in the Court's August 21, 2015 Protective Order shall extend to individual lot owners or time share members at the Diamante Resort Property or prevent such owners and members from selling, pledging or otherwise disposing of or transferring their interests in the Diamante Resort Property."

Dated: Central Islip, New York
     Feb. 7, 2017

SO ORDERED,

_/s/ Joseph Bianco_
HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

-2-