

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

February 6, 2019

**BY ECF**

Doreen Martin

T 212.983.1179
F 212.307.5598
DSMartin@Venable.com

The Honorable Joseph F. Bianco
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

     As you know, this firm represents Danske Bank A/S, London Branch ("Danske") in connection with the forfeiture proceeding in the above-referenced case. Danske, a third party in this matter, holds a senior secured lien and other legal interests in or relating to the Diamante Cabo San Lucas resort ("Diamante Resort" or the "Resort"). We write on behalf of Danske to address certain concerns relating to language in the government's proposed preliminary order of forfeiture ("Proposed Order") [Dkt. No. 607] that could deleteriously affect the value of the Resort and respectfully request that the Court modify the language in the Proposed Order, if the Court grants a preliminary order of forfeiture.

     The Proposed Order broadly states that the government will seize the "Resort" upon the entry of the preliminary order of forfeiture. Proposed Order ¶ 3. The Proposed Order, however, does not address how the Diamante Resort will be managed on a day to day basis between the time the preliminary order of forfeiture is issued and before final resolution of third party interests are litigated in ancillary proceedings. Unlike typical property involved in a forfeiture proceeding, the Diamante Resort is a 1,500-acre private master-planned resort community that employs nearly 1,000 employees and is a destination or home for over 6,500 third parties who own single family homes, condominiums, time share interests and golf memberships at the Resort. If there is a government seizure of the Resort upon the issuance of the Preliminary Order of Forfeiture and before resolution of ancillary proceedings, who will be responsible for managing and distributing weekly payroll for the nearly 1,000 employees? Who will have responsibility for the marketing and sales of the various home ownership, time share ownership, and golf memberships available at the Resort? These sales are sources of revenue which are the lifeblood of the underlying business and the method by which Danske's senior lien is serviced.

     Over the almost three and one-half years that the property has been subject to forfeiture proceedings, Danske has provided substantial support to the project by way of liquidity and various loan amendments in an effort to preserve as much value as possible in the development and to ensure it remains viable as a going concern. Danske, as the secured lender of the Resort is



The Honorable Joseph F. Bianco
February 6, 2019
Page 2

owed over $180,000,000.00 inclusive of principal payments, interest expenses, exit fees, and other costs and expenses due Danske pursuant to the terms of the loan documents. Currently, interest payments are being paid by cash flow from on-going day-to-day sales under the management team led by Kenneth Jowdy. Danske has already agreed to extend payment with respect to receipt of certain principal payments totaling over $25,900,000 and has extended maturity dates on certain facilities within its debt structure made available to the Resort in good faith. Failure to make those on-going interest payments would be an event of default under the loan documents. As a publicly traded company, Danske has responsibilities to its shareholders, which would require it to consider foreclosing on the property. Foreclosure, however, would likely seriously diminish the value of the Resort.

     Accordingly, Danske is concerned that the language in the Proposed Order could seriously jeopardize the ability of the development to continue to operate as a going concern, which could reasonably be expected to significantly diminish the value of Danske's interest in the Resort. The Court can address the foregoing issues, by modifying the Protective Order to reflect that: (1) the government will not seek to seize any interest beyond the Defendants' interest in the Resort until ancillary proceedings as to third party interests are completed; and (2) the status quo as to operations of the Resort shall remain in place, including that the Post-Conviction Protective Order issued on August 21, 2015 ("Protective Order") [Dkt. No. 330] shall remain in place.

     The undersigned attorneys will be present at the Court's upcoming March 1, 2019 hearing and are available to answer any questions the Court may have regarding these matters. We thank the Court for considering this matter.

     Respectfully,

*DSMartin*

Doreen S. Martin
George Kostolampros

cc:    All parties of record via ECF
       Thomas McC. Souther, Esq. and Kevin P. Mulry, Esq. (by email)
       Marc Wolinsky, Esq. (Diamonte Doce, LLC) (by email)