

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DCL:MMO

*610 Federal Plaza*
*Central Islip, New York 11722*

February 11, 2019

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    <u>United States v. Kenner and Constantine</u>
             No. CR-13-607 (S-2) (JFB)

Dear Judge Bianco:

      This letter is respectfully submitted in response to Your Honor's February 1, 2019 Orders directing the government to respond to the January 28, 2019 letter filed on behalf of non-party CSL Properties 2006, LLC, and the January 30, 2019 letter filed on behalf of non-parties Diamante Cabo San Lucas, LLC and Kenneth Jowdy. *See* Docket Entries ("DE") 611, 613; unnumbered docket entries dated February 1, 2019. In sum and substance, the non-parties object to language in the proposed orders of forfeiture and, as described below, to the forfeiture of certain property.

      As an initial matter, the letters filed by the non-parties should not be considered by the Court because third parties are specifically barred from intervening in the criminal proceeding. *See* 21 U.S.C. § 853(k) ("[N]o party claiming an interest in property subject to forfeiture . . . may . . . intervene in a trial or appeal of a criminal case involving the forfeiture of such property."); *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010) ("Section 853(k) affirmatively bars interference by non-party petitioners outside of the ancillary proceeding"); *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009) ("Third parties claiming an interest in the property have no right to intervene in the criminal proceeding or to receive notice of the forfeiture proceedings before the entry of a preliminary order of forfeiture.").[1] Thus, the third parties have no standing at this juncture to object to the forfeiture the government seeks nor any aspect of the preliminary orders of forfeiture. *See United States v. Watts*, 786 F.3d 152, 156 (2d Cir. 2015) ("Because the

---

[1] Subsequent to the Court's Orders on February 1, 2019, letters objecting to the forfeiture and preliminary orders of forfeiture were filed by non-parties Marc Wolinsy and Danske Bank. *See* DE 614, 616, respectively. For the reasons stated herein, these and any additional non-party filings objecting to the forfeiture should not be considered by the Court during the criminal proceeding.

criminal forfeiture statute limits a third party's right to challenge a post-indictment forfeiture order to the two grounds identified in 21 U.S.C. § 853(n)(6), petitioners may not challenge the inclusion of the contested funds in the forfeiture order under § 982(a)(2)"); *United States v. Nicoll*, 711 F. App'x 108, 110-11 (3d Cir. 2017) (third party petitioner may not challenge court's compliance with Criminal Rule of Procedure 32.2 in its entry of order of forfeiture; they are specifically barred from intervening by 21 U.S.C. § 853(k)); *United States v. Coffman*, 612 F. App'x 278, 283 (6th Cir. 2015) (claimants lacked statutory standing to challenge the inclusion of certain property in the preliminary order of forfeiture); *United States v. Bulger,* 2013 WL 6017351, at *1-2 (D. Mass. Nov. 13, 2013) (denying crime victims' opposition to entry of forfeiture order in favor of restitution; victims with standing to contest forfeiture of specific assets may file claims in the ancillary proceeding, but in no event may third parties oppose the entry of a money judgment).

      Nevertheless, the government would note that the forfeiture it seeks is in accordance with the law and does not harm any potential third-party petitioner's interest in the forfeitable property. First, and contrary to any assertion that the government should not be permitted to forfeit the resort known as Diamante Cabo San Lucas (the "Resort") because it is owned by persons other than the defendants, the law is well-established that "criminal forfeiture is not a measure restricted to property owned by the criminal defendant; it reaches *any* property that is 'involved' in the offense." *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006); Fed. R. Crim. P. 32.2(b)(2)(A) ("If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . . The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."). Indeed, as the Second Circuit in *De Almeida* observed, "[t]he likelihood that some property involved in an offense will be owned by persons other than the criminal defendant is reflected in the provision for an ancillary proceeding." *De Almeida*, 459 F.3d at 381. Thus, third parties are not without a remedy as they will have the opportunity to assert their interests in the forfeitable property at the appropriate time - during the ancillary proceeding. *See id.* (stating that "[a]n ancillary proceeding is . . . the *only* avenue for a post-indictment third-party claim to forfeited property"); *United States v. Cone*, 627 F.3d at 1358 (Section 853(n) protects third parties who may have interest in the property subject to forfeiture by giving them a "limited right" to participate "temporarily" in the criminal case through the ancillary proceeding); *United States v. Cox*, 575 F.3d at 358 (the purpose of the ancillary proceeding is to resolve third party claims; the Government cannot be faulted for forfeiting directly traceable property held by a third party and forcing the third party to file a claim in the ancillary proceeding ); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) ("[T]he preliminary order of forfeiture does not take into account the interests of third parties"; the purpose of the ancillary proceeding is to determine if any third party has an interest in the forfeited property and to amend the order of forfeiture accordingly).

      Lastly, with regard to the non-parties' concerns about the language in the proposed order of forfeiture permitting the government to seize the forfeited assets, the proposed order of forfeiture patterns the statutory language of Criminal Rule of Procedure 32.2(b)(3), which provides that the preliminary order of forfeiture "authorizes the Attorney General (or a designee) to," *inter alia*, "seize the specific property subject to forfeiture." Although the government would have the statutory authority to seize the Resort in the event it is ordered forfeited, it is not

2

the government's present intention to do so; instead, the government anticipates that the Post-Conviction Protective Order, dated August 21, 2015, will remain in full force and effect, and operations of the Resort will remain status quo pending resolution of the ancillary proceeding.[2]

Accordingly, the government respectfully requests that the Court reject the premature filings of the non-parties and defer any purported non-party objections until the ancillary proceeding. In addition, the government respectfully requests that the oral argument scheduled for March 1, 2019 be limited to arguments by the government and the defendants with regard to the pending forfeiture motion, without comment from the non-parties.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  /s/ Madeline O'Connor
Madeline O'Connor
Diane C. Leonardo
Assistant U.S. Attorneys
(631) 715-7870
(631) 715-7854

cc: Sam Talkin, Esq. (by ECF)
Jesse Siegel, Esq. (by ECF)
Philip Kenner (by mail)
Thomas McC. Souther, Esq. (by email)
Kevin P. Mulry, Esq. (by email)
Marc Wolinsky, Esq. (by email)
Doreen Martin, Esq. (by email)
Kelly Weiner, Esq. (by email)
George Kostolampros, Esq. (by email)

---

[2] The government reserves its right to seek, at any time, an amendment of the Protective Order.