

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DCL:MMO

*610 Federal Plaza*
*Central Islip, New York 11722*

February 22, 2019

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    <u>United States v. Kenner and Constantine</u>
              No. CR-13-607 (S-2) (JFB)

Dear Judge Bianco:

      This letter is respectfully submitted pursuant to the Court's February 1, 2019 order that the government address defendant Phillip A. Kenner's ("Kenner"): (1) Forfeiture Supplement, dated December 15, 2018 ("Kenner's Supplemental Opposition Memorandum"), served on the government *after* the government filed its Reply Memorandum of Law in Further Support of Entry of an Order of Forfeiture (the "Government's Reply Memorandum"); and (2) letter request, dated November 24, 2018, that the Court re-open the forfeiture proceeding and order the production of "all of the documentation that is related to the creation of the government's forfeiture-44 document ["GX-FORF-44"]." *See* Docket Entry ("DE") 597.

      Upon review of Kenner's Supplemental Opposition, it appears that it contains essentially the same arguments that were asserted in Kenner's initial 214-page opposition brief dated September 10, 2018 ("Kenner's Initial Opposition Memorandum"). *See* DE 579. Accordingly, the government respectfully submits that the Government's Reply Memorandum addresses any relevant forfeiture argument contained in Kenner's Supplemental Opposition Memorandum. However, should the Court seek clarification pertaining to any specific argument asserted in Kenner's Initial Opposition Memorandum or Kenner's Supplemental Opposition Memorandum, the government is prepared to provide such clarification, either in in writing, or at oral argument.

      Kenner's request that the Court order the production of the documentation used to create GX-FORF-44 should be denied because Kenner specifically seeks these documents to challenge his criminal conviction, i.e., to "prove issues ranging from *Brady* violations to prosecutorial misconduct," rather than to address the forfeitability of the previously restrained or seized assets or the amount of the forfeiture money judgment. DE 597. Kenner claims that "the document, if produced during trial…would have completely undermined" the government's summations. *Id.*

Kenner does not argue that any alleged "source" documents, if they exist, affect the government's tracing analysis with regard to the forfeiture, rather he seeks "source" documents *only* to challenge his conviction.[1]  Further, GX FORF-44 is similar to documents produced by Kenner during the course of an investigation by the Securities and Exchange Commission ("SEC").  *Compare* GX FORF 44 with PK_SEC 15209, 15242 and 21195 (attached).[2]  Accordingly, Kenner has been in possession of the information contained in GX-FORF-44 for years.

The forfeiture phase is part of the sentencing process and does not afford the defendant an opportunity to challenge or re-evaluate the legal sufficiency of the evidence of his guilt.  *See United States v. Warshak*, 631 F.3d 266, 330-31 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal; in the forfeiture phase of the trial, the legality of the conduct is no longer at issue; the only question is whether there is a nexus between the conduct and the offense); *United States v. Nicolo*, 597 F. Supp. 2d 342, 345 (W.D.N.Y. 2009) ("Deciding a motion for a preliminary order of forfeiture is part of the sentencing process.").  Moreover, this Court has already rejected the same arguments from Kenner regarding GX-FORF-44 in its decision on Kenner's Rule 33 motion, finding that GX-FORF-44 was not "material to [Kenner's] case," and did not establish a *Brady* violation.  *See* Memorandum and Order, dated October 13, 2017 ("Rule 33 Decision"), at DE 501, pp. 79-80.  This Court also ruled that Kenner had access to other documents and GX-FORF-44 was "cumulative of those materials….".  *Id*. at p. 80, fn. 30.  Lastly, even accepting Kenner's argument that the source and back-up documents to GX-FORF-44 would provide evidence that the Hawaii funds were transferred to Ken Jowdy as a loan, "it is immaterial . . . because witness after witness testified that they never authorized their Hawaii Project investments to go to Jowdy at all."  *Id.* at p. 92, n.38.

---

[1] Kenner has known for years that the document was created by a third party.  As discussed at the forfeiture hearing, GX-FORF44 was a document created by a third party, not the government.  To the extent "source" documents exist, such documents are not in the possession of the government.  *See* Forfeiture Transcript, dated March 9, 2016, p. 66.

[2] Kenner is in possession of thousands of financial documents produced by Ken Jowdy in a civil litigation brought by Kenner.  In fact, Kenner provided Ken Jowdy's documents to the SEC as part of his production of approximately 26,000 pages.  Kenner's production to the SEC was bates marked PK_SEC 1 through 26,086 and many of the documents were also bates marked "KJ.".  *See* Forfeiture Transcript, dated April 4. 2016, pp. 100-101.

      Accordingly, Kenner's request to re-open the forfeiture proceedings and order the production of the source and back-up documentation to GX-FORF-44 should be denied.

      Respectfully submitted,

      RICHARD P. DONOGHUE
      United States Attorney

By:    <u>/s/ Madeline O'Connor</u>
      Madeline O'Connor
      Diane C. Leonardo
      Assistant U.S. Attorneys
      (631) 715-7870
      (631) 715-7854

cc:    Sam Talkin, Esq. (by ECF)
      Jesse Siegel, Esq. (by ECF)
      Philip Kenner (by mail)