**Marc Wolinsky**
**Diamante Doce, LLC**
**252 Seventh Avenue – PH O**
**New York, NY  10001**

(212) 403-1226

February 25, 2019

**VIA ECF and FedEx**

Honorable Joseph F. Bianco
U.S. District Court for the
 Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:  United States v. Kenner/Constantine, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

I am the co-owner, through Diamante Doce LLC, of a home at the Diamante Resort.  I write further to my letter of February 1, 2019, which was sent after the Court directed the government to respond to the letters submitted by the DCSL Parties and CSL Properties.  Unfortunately, the government's response does not address the substance of the concerns raised by DCSL and CSL, by me in my letter or by Danske Bank in its February 6 letter.

Simply put, the government's assertion that scope of the proposed forfeiture "does not harm any potential third-party petitioner's interest in the forfeitable property" ignores reality.  If the Court enters the government's proposed order, it will create chaos not only in Your Honor's courtroom but at the Diamante Resort.  Thousands of property and time share owners will be put to the burden of having to protect their interests in this Court.  That process will kill the ongoing property sales that are essential to the further development.  The project will stop dead in its tracks.  Resales will stop.  At best, it will take years for property values and sales to recover.  If Danske Bank's warnings are accepted, the impact could be even more dire.

Hon. Joseph F. Bianco
February 25, 2019
Page 2

While the government asserts in its February 11, 2019 letter that this is all in the ordinary course, it is not. No case the government cites presents facts remotely comparable to those presented here. Indeed, the legal standard advanced by the government — that forfeiture may properly "reach[] *any* property that is 'involved' in the offense" — disproves its entitlement to the Order it seeks. The Danske Bank loan was not "involved" in Mr. Kenner's offense. My home was not "involved" in Mr. Kenner's offense. The property of the other 172 fee owners at Diamante or the interests of the 6,725 time share members who enjoy Diamante with us were not "involved" in Mr. Kenner's offense.

Mr. Kenner's crime resulted in his acquisition of interests in two limited liability companies. He did not acquire real property in Cabo San Lucas, Mexico. The proceeds of Mr. Kenner's fraud at best funded only a small portion of the purchase price of 1,500 acres of unimproved land in 2006. The improvements at the Resort were funded by the loan originally provided by Lehman Brothers (now owned by Danske Bank) and the proceeds of the bona fide, arms-length purchases by the homeowners and time share members. Those purchases were made in the 13 years *after* Mr. Kenner committed his crimes. These hundreds of millions of dollars of funds, which dwarf the proceeds of Mr. Kenner's crimes, were not "involved" in Mr. Kenner's offenses. The government's proposed Order therefore not only will harm everyone with an interest in the project, including the victims of Mr. Kenner's crimes, it is without legal basis.

I will be attending the March 1 hearing and would welcome the opportunity to answer any questions that the Court may have, not as a party, but as someone with direct and

Hon. Joseph F. Bianco
February 25, 2019
Page 3

personal insight in the Resort and the impact that the Order that the government seeks will have on me and my fellow property owners.

                                                  Respectfully submitted,

                                                  Marc Wolinsky

cc:    All parties of record via ECF
        Thomas Souther, Esq. (By Email)
        Doreen martin, Esq. (By Email)