**Marc Wolinsky**
**Diamante Doce, LLC**
**252 Seventh Avenue – PH O**
**New York, NY  10001**

**(212) 403-1226**

May 15, 2019

**Via ECF**

The Honorable Joseph F. Bianco
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

    Re: United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

  I am writing on behalf of myself and an ad hoc group of my fellow Diamante homeowners who, collectively, own in excess of $50 million of property at the Diamante resort to urge that the Court refuse to enter the revised Preliminary Order of Forfeiture submitted under cover of Ms. O'Connor's letter of May 14, 2017.  The proposed Order is fatally flawed, and its entry would destroy the value that the government is seeking to preserve.  Ms. O'Connor's suggestion that Magistrate Judge Shields recommended the revisions contained in the revised Order is not accurate.

  As the Court knows, and as we appreciate, under the applicable statutory framework, at this stage of the proceedings, the Court's obligation is to determine whether the government has met its initial burden of establishing the scope of the property subject to forfeiture.  Once that determination is made, notice is given to third-parties who then have the right to petition the Court in an ancillary proceeding to establish that their rights are superior to the rights that the government would succeed to through a forfeiture of the convicted person's rights in the subject

Hon. Joseph F. Bianco
May 15, 2019
Page 2

property.  But, of course, the Court's overriding obligation is to protect the due process rights of all persons.

Respectfully, in the exercise of its role as gatekeeper, the Court should conclude that the government has not met its initial burden in establishing entitlement to the proposed Order it has submitted.  The fundamental flaw in the Order is the proposed finding that the entire Diamante resort, *i.e.*, real property located in Mexico, is subject to forfeiture.  Proposed Order, Second Whereas.  This finding is factually and legally unsupported and unsupportable.

The evidence does not establish that Mr. Kenner acquired real property in Cabo San Lucas, Mexico.  The government has never claimed otherwise.  Rather, the evidence before the Court establishes that Mr. Kenner used stolen money to acquire a 39.845% interest in a limited liability company, Diamante Cabo San Lucas LLC ("DCSL LLC"), through two other limited liability companies, Baja Ventures 2006 LLC, which holds a 39% interest in DCSL LLC, and Diamante Properties LLC, which holds a 13% ownership interest in DCSL LLC.  Kenner owns at most a 6.5% ownership interest in Diamante Properties LLC, which translates to the additional 0.845% indirect ownership interest that Mr. Kenner may hold in DCSL LLC.

The scope of property interests subject to forfeiture is governed by state law.  *See United States* v. *Oregon*, 671 F.3d 484, 490 (4th Cir. 2012) ("we generally refer to state law in determining whether a petitioner [in an ancillary proceeding] has a legal interest in forfeited property").  Delaware law, of course, respects the corporate form.  At this stage, therefore, the Court should conclude that the only property interests subject to forfeiture are Baja Ventures 2006 LLC and Kenner's interest in Diamante Properties LLC.  Those entities own only a

Hon. Joseph F. Bianco
May 15, 2019
Page 3

minority position in DCSL LLC and, as minority investors, have no right to force a sale of the parent company, let alone the resort itself.

Even if one were to ignore corporate form and trace the proceeds of Mr. Kenner's fraud, the result would be the same. The vast bulk of the purchase price of 1,500 acres of unimproved land in 2006 came from the $125 million loan originally provided by Lehman Brothers (now owned by Danske Bank). That loan also funded initial improvements at the resort. The extensive, subsequent development at the resort, including the construction of the second 18 hole private golf course, was funded with additional loan proceeds and the proceeds of the arms-length purchases of real estate interests by homeowners and time share members. Those purchases were made in the 13 years *after* Mr. Kenner defrauded his clients. These hundreds of millions of dollars of funds, which dwarf the proceeds of Mr. Kenner's crimes, are not traceable to Mr. Kenner's offenses.

Thus, assuming corporate form could be ignored, which it cannot be, an order requiring forfeiture of the resort itself cannot be sustained because there is not a sufficient "nexus" between the property the government is seeking to forfeit and the offense that Mr. Kenner was convicted of. *See, e.g.*, *United States* v. *Pole No. 3172, Hopkinton*, 852 F.2d 636, 639 (1st Cir. 1988) (refusing to order of forfeiture of entire property where some mortgage payments were funded with criminal proceeds; "forfeitability [does not] spread[] like a disease from one infected mortgage payment to the entire interest in the property acquired prior to the payment").[1]

---

[1] In addition, there is a separate and significant question as to whether an order forfeiting interests in a Delaware LLC could result in a transfer of real estate held through a Mexican trust.

Hon. Joseph F. Bianco
May 15, 2019
Page 4

The government's attitude has been that the Court should enter its proposed Order and sort out rights to the real estate in an ancillary proceeding. Indeed, its position is that even though Your Honor's August 21, 2015 Protective Order permitted ordinary course sales at the resort to continue, every person who purchased property or time share interests thereafter must come to court to prove the bona fides of his or her purchase. It is inconceivable that the Court contemplated anything like this when it entered the Protective Order.

Moreover, as a practical matter, if the Court were to follow the government's proposed course — *i.e.*, enter a preliminary order requiring the government to give notice to 172 homeowners and thousands of timeshare members that they have to come to your Court to protect their rights — the government would succeed only in destroying the value of the property. Up until now, the forfeiture application proceedings before Your Honor have not garnered publicity. That would end once widespread notice of an ancillary proceeding is given.

The resulting publicity would kill sales at the resort for years, if not longer, and justifiably so. Prospective purchasers would not be buying dream homes in sunny Mexico. They would be buying into a project in which every existing homeowner and time share member is in litigation with the federal government and a lawsuit for themselves to boot. No one is going to take that deal. Existing homeowners would be harmed from the loss of the real estate sales that fuel the ongoing development of the resort, and the jobs of thousands of employees at the resort would be put at risk. This only bolsters the violation of due process that the government's

---

Litigation of that issue in the Mexican courts could take years and would frustrate any effort to sell the resort over an objection.

Hon. Joseph F. Bianco
May 15, 2019
Page 5

proposed Order entails; the harm that will be inflicted by the Order the government seeks cannot be remedied after the fact through an ancillary proceeding.

Your Honor asked at the March 1, 2019 hearing: "Why is the Government so confident 'nothing — everything is going to be just fine, nothing is going to happen to that resort, trust us, we know what we're doing' when you have all these parties suggesting that there — you know, could be major financial ramifications." Tr. 14.  That question remains unanswered.  It remains unanswered because the government has no answer.  And without a convincing answer to that question, the Court should not enter the government's proposed Order, an Order that is legally and factually unjustified, violative of innocent third parties' due process rights and a prescription for failure.

The Court should, instead, enter an Order providing that Mr. Kenner's interests, *i.e.*, his interests in two LLCs, are subject to forfeiture.  The question of how those interests should be monetized does not need to be decided in connection with his sentencing and, indeed, the government's proposed Order is silent on this point.

Respectfully submitted,

Marc Wolinsky