TRULINCS  07480408 - KENNER, PHILLIP A - Unit: BRO-J-A

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

--------------------------------------------------------------------------------

FROM: 07480408
TO:
SUBJECT: Kenner -- 13-cr-607 (JFB)
DATE: 06/13/2019 07:24:22 PM

★    JUN 1 7 2019    ★

LONG ISLAND OFFICE

June 13, 2019

The Honorable Judge Bianco
US District Courthouse -- EDNY
100 Federal Plaza
Central Islip, NY 11722

The Honorable Judge Bianco:

Please accept the two (2) enclosed Rule 41(g) motions for the return of property.   Please add them to the docket for my case.

I appreciate your assistance in this matter.

Sincerely,
Phil Kenner

RECEIVED

JUN 1 7 2019

EDNY PRO SE OFFICE

*13-cr-607(JFB)*
*Rule 41(g) Motion*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
                                        |
**UNITED STATES OF AMERICA**            |
                                        |
   against-                           |
                                        |          Docket No. 13-cr-607 (JFB)
                                        |
**PHILLIP A. KENNER**                   |
    |                            |
                                        |
                                        |
**Defendant.**                          |
-------------------------------------------------------X

**Non-party: Marlene V. Grissom**

**Rule 41(g) Motion for Return of Seized Property**

RECEIVED

JUN 17 2019

EDNY PRO SE OFFICE

1

*13-cr-607(JFB)*
*Rule 41(g) Motion*

## **TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES                                      3

INTRODUCTION                                             4

CONCLUSION                                               5

EXHIBITS                                                 6

*13-cr-607(JFB)*
*Rule 41(g) Motion*

## TABLE OF AUTHORITIES

### CASES

Page

*Adeleke v. United States*, 355 F.3d 144, 149 (2d Cir 2004)                    4

*Ferreira v. United States*, 354 F. Supp 2d 406, 409 (SDNY 2005)                    4

*United States v. Comprehensive Drug Testing, Inc.* (9th Cir 2010)                    5

### STATUES

*Rule 41(g)*                    4

## INTRODUCTION

I, Marlene V. Grissom, am **not** a party to the instant case involving Mr. Kenner and the US Government.

I was present November 13, 2013 when the property occupied by Mr. Kenner was searched by law enforcement. *My property was also seized* from the property on November 13, 2013 beginning at or about 8:00AM at the premises known as 10705 East Cactus Road, Scottsdale Arizona 85253, in spite of direct communication with the FBI Agent in charge at the time and clear confirmation of what belonged to me and not Mr. Kenner.

"Federal Rules of Criminal Procedure 41(g) permits a person aggrieved by the government's unlawful seizure or deprivation of property to move for specific relief: the property's return." *Adeleke v. United States*, 355 F.3d 144, 149 (2d Cir 2004). To prevail on a Rule 41(g) motion, the movant "must demonstrate that (1) [s]he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F. Supp 2d 406, 409 (SDNY 2005).

**A person who is not the subject of any criminal proceedings may also make a motion for the return of seized property.** If the property is seized from a third party, not a subject to criminal proceedings, the motion is also treated as an initiating petition in civil proceedings. The Rule is not restricted to criminal defendants, it may be used to remedy situations in which the government has overreached and violated Fourth Amendment rights of those outside the criminal proceedings. Despite being styled as a Rule of Criminal Procedure, Rule 41(g) authorizes a district court to exercise civil jurisdiction and create an appropriate remedy.

*13-cr-607(JFB)*
*Rule 41(g) Motion*

*United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir 2010) (per curium) ("Though styled as a motion under a Federal Rule of Criminal Procedure, when the motion is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction.").

### Conclusion

Ms. Grissom respectfully requests the return of her property, for the above stated reasons, and affidavit (*infra*).

Dated: Monday, May 1, 2019

/s/
By:  Marlene V. Grissom

*13-cr-607(JFB)*
*Rule 41(g) Motion*

## **Exhibit – 1**

1. $25,000 cash

*13-cr-607(JFB)*
*Rule 41(g) Motion*

## Exhibit 2

**(Affidavit of Marlene V. Grissom)**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
|
**UNITED STATES OF AMERICA**                     |
|
Against -                                        |                    **AFFIDAVIT**
|
|                    Docket No. 13-cr-607 (JFB)
**PHILLIP A. KENNER and**                        |
**TOMMY C. CONSTANTINE,**                        |
|
|
**Defendants.**                                  |
----------------------------------------------------X


I, Marlene V. Grissom, declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the following is true and correct:

1. I was present the morning of November 13, 2013 in Scottsdale Arizona when the home I was living in full time with Mr. Kenner was searched by the FBI and other law enforcement individuals.

2. The FBI called me that morning on the phone.   They informed me I had 3 minutes to open the door to my house or they would be breaking my door down.

3. I hurried to the door adjacent to the kitchen.   The law enforcement people were already in my kitchen when I arrived.

4. I was thrown to the countertop by one of the officers, while the remainder of the officers in my kitchen was pointing guns at me.

5. Several of the officers throughout the remainder of the day of search and seizure apologized to me, stating they were not sure why I was treated so aggressively and hurt.

6. I suffered all over body bruising form the incident.

7. During the day of the search and seizure, I was cuffed and watched by a law enforcement person outside of my home.   I was not allowed to see what they were searching.

8. On multiple occasions, FBI agent Galioto interacted with me during the day.   He was vulgar and vicious with me, declaring that if I did not cooperate with him, I would also be arrested like Mr. Kenner.

9. Agent Galioto told me that he knew there was "*an arsenal of guns*" and "*multiple safes with cash in the house*".   I repeatedly informed him that neither was true.

10. After several more hours on site, Galioto re-approached me and said that he was going to tear apart every wall in the house if I did not tell him where all of the guns and safes were.   Again, I reiterated that there have never ben guns or safes in the house.   Galioto informed me that John Kaiser and Bryan Berard had confirmed both to him.   Galioto expressed that he knew we were heavily armed and willing to fight.

11. I informed agent Galioto that the only cash on site (*$25,000 exactly*) belonged to me from my home rentals in Florida, since I was living in Arizona with Mr. Kenner.

12. Agent Galioto told me he would not take it, he just wanted to see it.

13. When the FBI and law enforcement finally released my dog and me from custody, I asked agent Galioto what happened to my emergency money.   Agent Galioto told me he took it and I would not be getting it back.   He told me that I needed to "*get away*" from Mr. Kenner if I knew what was good for me and did not want to end up like him.   He told me that Mr. Kenner "*fucked with the wrong people and did not learn his lesson*".   He told me not to make the same mistake.

14. I am currently awaiting medical approvals for a liver transplant and have been without my emergency funds for almost five years to expedite and facilitate the pre-approval process.   As a result, I live under constant anxiety of dying from my medical conditions, which I cannot be addressed without my emergency funds.

Eagle, CO
July 31, 2018

Marlene V. Grissom

2

*13-cr-607(JFB)*
*Rule 41(g) Motion*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
                  |

**UNITED STATES OF AMERICA**      |

    **against-**               |          **Docket No. 13-cr-607 (JFB)**

**PHILLIP A. KENNER**        |
           |

**Defendant.**            |
-------------------------------------------------------X

**Defendant, Kenner –**

**Rule 41(g) Motion for Return of Seized Property**

*13-cr-607(JFB)*
*Rule 41(g) Motion*

## **TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES                                      3

INTRODUCTION                                             4

CONCLUSION                                              5

EXHIBITS                                                6

2

*13-cr-607(JFB)*
*Rule 41(g) Motion*

## <u>TABLE OF AUTHORITIES</u>

### CASES

<u>Page</u>

*Adeleke v. United States*, 355 F.3d 144, 149 (2d Cir 2004)          4

*Ferreira v. United States*, 354 F. Supp 2d 406, 409 (SDNY 2005)          4

### STATUES

*Rule 41(g)*                                                    *4, 5*

*Rule 41(e)(2)(B)*                                              *4*

## INTRODUCTION

Philip A. Kenner moves this Court for an order that certain property seized from him be returned to him.

Kenner asserts that he is the owner of the property that is listed in the schedule attached to and incorporated in this motion as Exhibit 1.   This property was seized from the defendant on November 13, 2013 between 8am and 8pm at the premises known as 10705 East Cactus Road, Scottsdale Arizona 85253.

"Federal Rules of Criminal Procedure 41(g) permits a person aggrieved by the government's unlawful seizure or deprivation of property to move for specific relief: the property's return."   *Adeleke v. United States*, 355 F.3d 144, 149 (2d Cir 2004). To prevail on a Rule 41(g) motion, the movant "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended."   *Ferreira v. United States*, 354 F. Supp 2d 406, 409 (SDNY 2005).

The advisory committee notes to the 2009 amendments of Federal Rule of Criminal Procedure 41(e)(2)(B) contemplate that Rule 41(g) may indeed constitute such a solution.   Regarding specifically the seizure of electronic storage media or the search of electronically stored information, the advisory committee notes observe that though the rule does not create a presumptive national or uniform time period within which...off-site copying or review of...electronically stored information would take place,...[i]t was not the intent of the amendment to leave the property owner without...a remedy[:]...Rule 41(g)...provides a process for the "person aggrieved" to seek an order from the court for a return of the property, including storage media or electronically stored information, under reasonable circumstances.

Furthermore, because the defendant is entitled to lawful possession of the property listed in the attached schedule, and because the government has no legitimate need for the property once its use as evidence against the defendant is complete during the trial phase of the proceeding, the property should be returned to the defendant according to the procedures specified in Rule 41(g) of the Federal Rules of Criminal Procedure.

During the 2015 trial proceedings, this Court ordered the government to explain in a written brief as to why they had refused to return Kenner's original hardware devices to the defendant (a subset of the attached Schedule – Exhibit 1) (*Tr.2141-2144*). Four (4) years later, the defendant is still waiting on the government's briefing. Defendant has demanded from legal counsel on multiple occasions to request the "items" &/or raise the issue with the Court. Neither has occurred.

### Conclusion

Defendant Kenner respectfully requests the return of his possessions, for the above stated reasons, and affidavit (*infra*).

Dated: Monday, April 22, 2019

/s/
By:  Philip A. Kenner (in ProSe)

*13-cr-607(JFB)*
*Rule 41(g) Motion*

### Exhibit -- 1

1) **One (1) MacBook Pro computer**

2) **Two (2) iPhones**

3) **Kenner's audio recording device:**

    a.  Including: Two (2) audio recordings from seized recorder with Darryl Sydor conversations – with Jowdy cabal members, Attorney Harvey and Attorney Meeks telling Sydor in 2008 that they want to talk to him to allege all of his documents being forged; and confirming if Sydor cooperates with them versus Kenner, they will get all of his Jowdy investment money back.

4) **One (1) Apple MacAir**

5) **One (1) IBM Thinkpad**

6) **One (1) Sony Vaio**

7) **All seized Kenner watches**

8) **A handheld audio-video recording device** (with Bryan Berard threats to **kill** Kenner outside Kenner home security gate -- for working against himself, Kaiser and Ken Jowdy).

*[See 3500-RG-9 ¶ 9].*

| Investigation #: | 1000259846 | Location: | Phone Call |
|---|---|---|---|
| Investigation Name: | Phillip Kenner | | |
| Date: | April 30, 2014 | | |
| Participant(s): | Robert Gaudet, Interviewee | | |
| | Matthew Galioto, Special Agent, FBI | | |
| | Joshua Wayne, Special Agent, IRS | | |

9. Gaudet recalled that he was out a bar in Cabo San Lucas Mexico and he saw Bryan Berard. Berard yelled at Gaudet for continuing to talk to KENNER. Gaudet told Berard he was wrong. Berard put Gaudet in a choke hold and yelled he was going to kill Gaudet. There was no other incident with Berard after that.

9) **Two (2) video surveillance hard drives from 10705 East Cactus Road**
with video recordings of multiple Berard tantrums outside Kenner's security
gates (corroborating handheld recordings) -- *and resulting property damage
Berard caused.* And, further <u>confirming audio messages that Berard was
going to have Kenner and others killed in Mexico if he kept going after Jowdy
in 2013.</u>

   a. Threats that occurred both prior to the video recordings and after the
   video recordings continued to be waged by Berard to intimidate
   Kenner to stop suing Jowdy, himself and Kaiser – because he was
   having Kenner arrested by FBI Agent Galioto.

Kenner texts to Kaiser's brother (who stole $50,000 of tools from Kenner in January
2012 for John Kaiser) regarding the 2013 Arizona lawsuit *Kenner v. Kaiser & Berard*
after their forged and fabricated paperwork was submitted to the Long Island New
York recorder's office and the resulting theft of Kenner's managed LLC, LedBetter
Development Corporate, LLC from Kenner and NYFD 9-11 first responder, Vincent
Tesoriero (*See 3500-VT-1-r at ¶ 4-11 – and the remainder of the Tesoriero FBI
proffers confirming the additional Kaiser thefts from Tesoriero's parents and others by
Kaiser*):



| | | | | |
|---|---|---|---|---|
| 128 02 | +1631398 4887 Rich Kaiser* | 1/5/2013 3:56:27 PM(UTC +0) | Sent | Go get a beer with Vinny [Tesoriero] then. The suit is getting filed, so Vinny can be a victim, accomplice or just a witness. Either way...I'm getting my $$ from your brother who's a thief. Once I do for the PV house, you and others can also get the money owed. **Your brother [John Kaiser] fucked all my guys in Hawaii so he could get a job with Jowdy in Mexico. Jowdy pilfered over $20mm. Now I know why the like each other!** Just tell Vinny I let me know, so I know if I need to go after him with John & Bryan. Not my choice at this point. **2013 is going to be a great year of NO MORE BS!** |
| 128 03 | +1631398 4887 Rich Kaiser* | 1/5/2013 4:14:46 PM(UTC +0) | Sent | Just let me know what Vinny wants. With no input, I'll have to decide if I have to include him by next week. No more patience! |

With Kenner in communication with John Kaiser's brother (who knew John robbed
millions from his Mom, Ethel, and their handicapped brother, Keith [*See 3500-JK-1-r
at 7*], amongst other friends & family), Kenner's texts, *supra*, to recover his $50,000
of stolen tools and the second (2nd) **stolen** property title in months by Kaiser and

*13-cr-607(JFB)*
*Rule 41(g) Motion*

Berard with FBI protection (from agent Galioto) – Kenner was immediately accosted by a Berard text message rant, *infra*.

[Text message from Berard to Kenner regarding ongoing physical threats]:

| 145 87 | +140152469 29 Bryan Berard* | 1/5/2013 8:19:54 PM(UTC +0) | R e a d | U pussy!! Ill b in scottsdale the next few weeks. Hope to see u around... Keep talkn shit. The TRUTH about YOU will be out soon enough u FUCKN FRAUD THIEF LIAR. And ur right 2013 going b a great year. U finally got what's coming to u.. |

*13-cr-607(JFB)*
*Rule 41(g) Motion*

**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
                                              |
**UNITED STATES OF AMERICA**        |
                                              |
            **Against -**              |                **AFFIDAVIT**
                                              |
                                              |        **Docket No. 13-cr-607 (JFB)**
**PHILLIP A. KENNER**           |
                                              |
                                              |
                                              |
**Defendant.**                        |
-----------------------------------------------------------X

I, Philip A. Kenner, declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the following is true and correct:

1. I was arrested on November 13, 2013 and immediately made aware that the FBI was going to search my home for guns and safes full of money, neither of which ever existed.

2. After the November 13, 2013 search and seizure, which I was not present for, I learned that multiple electronic devices were seized from my home.
   a. An Apple MacBook Pro computer
   b. An Apple MacBook Air Computer
   c. Multiple Apple iPhones
   d. A audio recording device (including multiple recordings by Darryl Sydor previously sent to Kenner, which included threats from attorneys working with and for Ken Jowdy)
   e. An IBM ThinkPad computer
   f. A Sony Vaio computer
   g. A handheld audio-video recorder (with Bryan Berard threats to kill Kenner at Kenner's home property security gate).

9

3.  I also learned that a case with eight (8) watches were removed from the house; including a Rolex two-tone Submariner (from my deceased father), a Roger Dupuis Excalibur, several Oakley watches, and others.

4.  I also learned that monies belonging to my girlfriend from her personally owned homes in Florida were seized.

   a.  None of the monies ever belonged to me.  It was 100% of her personal emergency funds, some of which she brought with her from Florida and some of which she accumulated from her personal ongoing business dealings while living with me in Arizona.

Brooklyn, New York
April 22, 2019

/s/
Philip A. Kenner

10

Legal
Mail

[Return address:]
...Kevin 07480408
...tropolitan Detention Center
P.O. Box 329002
Brooklyn NY 11232

1172284438 C003

The Honorable Judge Bianco
US District Courthouse - 303
100 Federal Plaza
Central Islip NY 11722
Attn: Michelle Savona

LONG ISLAND OFFICE
U.S. DISTRICT COURT E.D.N.Y.

RECEIVED
IN CLERK'S OFFICE
JUN 17 2019
USMS