

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/JMH
F. #2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

July 23, 2019

By Hand and ECF

The Honorable Joseph F. Bianco
Visiting United States Circuit Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   United States v. Philip A. Kenner
               Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

      The government respectfully submits this letter in response to defendant Philip A. Kenner's two motions concerning certain property taken by the Federal Bureau of Investigation ("the FBI") in the search of his residence ("the Kenner Residence") on November 13, 2013 ("the Search"). See ECF No. 670. One motion relates to claims for Kenner's own property (id. at 11-21) ("the Kenner Property"), and the other relates to seized U.S. currency ("the Seized Currency") claimed by Marlene V. Grissom. See id. at 2-10.

      Both motions should be dismissed as moot. The items identified are either: (i) electronic devices properly in government custody, where they should remain pending a final disposition of this case; or (ii) were not taken into government custody (if they exist); or (iii) are the Seized Currency, which the government has indicated it is willing to disburse to Grissom. The items referenced in the motions are addressed in sequence below.

I.     Legal Standard

      "A defendant's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property." See, e.g., Lavin v. United States, 299 F.3d 123, 128 (2d Cir. 2002). To prevail, Kenner must demonstrate, as relevant here, that "the government's need for the property as evidence has ended." In re Application of Madison, 687 F. Supp. 2d 103, 117 (E.D.N.Y. 2009) (citation and marks omitted). "The Government's retention of items with possible evidentiary value" is a "practical need" justifying "retention of seized property[.]" Lovelace v. United States, 00-CV-1274 (LTS), 2001 WL 984686 at *4 (S.D.N.Y. Aug. 27, 2001) (internal citations omitted). That

continuing interest is particularly acute where—as here—the defendant is actively seeking a retrial.  See Mendoza v. United States, No. 10-CV-9002 (HB), 2011 WL 1345721, at *2 (S.D.N.Y. Apr. 4, 2011) (approving government's retention of certain electronic devices where those devices "would have evidentiary value in the event [the] conviction is overturned and a retrial ordered"); Lovelace, 2001 WL 984686 at *4 (approving of government's retention of items after trial "given [criminal defendant's] right to reinstate the appeal of his conviction upon the issuance of a decision on his habeas petition").

II.     The Kenner Property

Kenner identifies eight separate line items in his affidavit.  See ECF No. 670 at 9-10 (¶ 2(a)-(g), ¶ 3).  Several of these items were not seized by the government during the Search, if they even exist.  As for those that were seized by the government, the government has a legitimate and continuing need to retain those items as potential evidence in light of Kenner's efforts to overturn his conviction.

A.      "An Apple MacBook Pro computer"

The government seized an Apple MacBook Pro computer, serial number W8906K17LAX.  The government notified Kenner of this seizure in a discovery letter dated March 24, 2014.  That letter and the FBI report document produced therewith are attached hereto as Exhibits 1 and 2, respectively.  See Ex. 1 at 1 ("I also enclose a redacted copy of an FBI report . . ."); see also Ex. 2 at 5-6 (receipt item 7).[1]

This device was entered into evidence at trial as DEVICE-1.  See, e.g., Tr. 3713-14; 3970.  The government will retain DEVICE-1 pending a final disposition of this case due to its continuing, legitimate need for the device as evidence.

B.      "An Apple MacBook Air computer"

The government seized an Apple MacBook Air computer, serial number W880838CY51.  See Ex. 2 at 7 (receipt item 11).  This device was entered into evidence at trial as DEVICE-2.  See, e.g., Tr. 3715-16.  The government will retain DEVICE-2 pending a final disposition of this case, due to its continuing, legitimate need for the device as evidence.

C.      "Multiple Apple iPhones"

In the course of the Search, the government seized one Apple iPhone, serial number 327423VDVR0.  See Ex. 2 at 8 (receipt item 16).  A recording extracted from this

---

[1]     As Exhibit 2 contains individual victim names, the government respectfully requests permission to file Exhibit 2 under seal.

device was entered into evidence at trial as GX-4500. See Tr. 5623. The government will retain this iPhone pending a final disposition of this case, due to its continuing, legitimate need for the device as evidence.

    D.    "A[n] audio recording device . . ."

In the course of the Search, the government seized one "recorder" and one "video recorder." See Ex. 2 at 5 (receipt item 20). These devices are both in FBI custody, and the government will retain these devices pending a final disposition of this case due to continuing, legitimate need for these devices as evidence. While these devices or extracts therefrom were not admitted against the defendant at trial—cf. items (A)-(C), above—that does not foreclose the possibility that they may have evidentiary value in the event of a retrial, in particular due to the allegations the defendant has now made concerning their contents. See Mendoza, 2011 WL 1345721 at *2.

    E.    "An IBM ThinkPad computer"

The government did not seize any device fitting this description during the Search. See generally Ex. 2.

    F.    "A Sony Vaio computer"

The government did not seize any device fitting this description during the Search. See generally Ex. 2.

    G.    "A handheld audio-video recorder"

See item (D), above.

    H.    "[A] case with eight (8) watches"

The government did not seize any property fitting this description during the Search. See generally Ex. 2.

III.    The Seized Currency

Grissom's affidavit claims, in sum and substance, that the FBI seized $25,000 in U.S. currency during the Search, and that these funds belonged to Grissom. See ECF No. 670 at 11.[2]

---

[2] As noted at the status conference held before Your Honor on July 2, 2019, the government disputes that the circumstances alleged in the Grissom affidavit occurred as

3

During the Search, the government seized the Seized Currency, comprised of 150 bills, each of the $100 denomination. The government advised Kenner of that seizure in the discovery letter attached as Exhibit 1. See also Ex. 2 at 9 (receipt item 15).

As noted in Exhibit 2, the Seized Currency was located within a desk in "Room A," the designation assigned to what appeared to be an office within the Kenner Residence. See Ex. 3 (photographs of Room A produced in discovery as SW-PHOTO-00000015 through SW-PHOTO-00000018 on April 11, 2014).

There is overwhelming evidence that the office was Kenner's, and that the desk in which the cash was located was Kenner's. For example, in the area of the desk, the FBI found the same MacBook computers Kenner now demands should be returned, discussed above. See Ex. 2 at 5-6 and 7 (receipt items 7 and 11); see also Ex. 3 at 1 (center, depicting what appears to be a MacBook computer in plain view on the desk); id. at 4 (lower left corner, depicting what appears to be a second MacBook computer, inverted, in plain view on the desk). The iPhone was also located in the area of the desk. See Ex. 2 at 8 (receipt item 16). The FBI also located multiple boxes of documents relating to matters that were indisputably Kenner's, and not Grissom's, on a variety of subjects such as "Hawaii properties," "Big Isle IV," "CMG" (i.e., Constantine Management Group), "Plan for Eufora," etc. Id. at 4-5 (receipt items 21, 22 and 23). Finally, the photographs provide additional indicia of occupancy strongly suggesting that the office was located was Kenner's. See, e.g., Ex. 3 at 3 (upper left corner, what appears to be a framed golf scorecard titled "Diamante Del Mar"); id. (upper right corner (what appears to be a hockey sweater and a framed photograph of a hockey player).

The government also notes the lengthy passages of time between the Search (November 2013); the government's disclosure of the Seized Currency (March 2014); the affidavit made by Grissom alleging both an emergency need for the Seized Currency and a two-thirds increase in its volume (July 2018); and the filing by Kenner attaching that affidavit nearly one year later (June 2019).

These circumstances, considered together, raise substantial questions about the veracity of the claims relating to the Seized Currency. The government therefore retains a significant measure of skepticism regarding its true ownership.

Nonetheless, Kenner has submitted a sworn statement, under penalty of perjury, disclaiming ownership of the Seized Currency. See ECF No. 670 at 10, ¶ 4. As indicated at the status conference held before Your Honor on July 2, 2019, so long as Grissom is willing to complete any administrative paperwork that may be required by the

---

alleged, in particular but not limited to the alleged statements and conduct attributed to the FBI agents present for the Search.

4

FBI to disburse the Seized Currency, the government has no objection to the release of the Seized Currency to Grissom.  Grissom may initiate that process by contacting the undersigned Assistant U.S. Attorneys.

IV.     Conclusion

For the reasons set forth herein, the Court should dismiss the property motions as moot.  The government respectfully requests permission to file Exhibit 2 under seal.  The government thanks the Court for its consideration of this letter.

                                    Respectfully submitted,

                                    RICHARD P. DONOGHUE
                                  United States Attorney

By:    /s/
                                  Saritha Komatireddy
                                J. Matthew Haggans
                                Assistant U.S. Attorneys
                                (718) 254-7000

Enclosures (3) (Exhibit 2 Submitted Under Seal)
cc:     Clerk of Court (JFB) (By ECF)
        Philip A. Kenner, pro se (By Mail)