

U.S. Department of Justice

United States Attorney
Eastern District of New York

SK/JMH
F. #2013R00948

610 Federal Plaza
Central Islip, New York 11722

July 23, 2019

By Hand and ECF

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   United States v. Philip A. Kenner and Tommy C. Constantine
              Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

      The government respectfully submits this letter brief in response to defendant Kenner's latest attempts to re-litigate the issues in this case—his motion for a judgment of acquittal pursuant to Rule 29, his motion for reconsideration of his prior motion for a new trial pursuant to Rule 33, and his new motion for a new trial based on ineffective assistance of counsel. See ECF Nos. 668, 675. The government incorporates by reference the background and applicable law set forth in its previous post-trial filings. See ECF Nos. 370, 440.

I.    The Court Should Deny Kenner's Rule 29 Motion as Untimely and Meritless

      Kenner's motion for a judgment of acquittal, filed four years after the jury verdict and on the eve of sentencing, is untimely without excuse. Kenner claims that he was not aware, until very recently, that his trial counsel had submitted a letter to the Court stating that he would not file a Rule 29 motion. See ECF No. 668 at 1. That claim is disingenuous: Kenner was put on notice of his counsel's letter years ago when the government unambiguously recounted its contents in the government's opposition to Kenner's initial Rule 33 motion. See ECF No. 440 at 2. In any event, as set forth below, Kenner's two essential arguments for Rule 29 relief are without merit.

A. <u>The Defendant Waived Any Challenge to Venue</u>

Kenner argues that venue was improper on each count of conviction. <u>See</u> ECF No. 668 at 21. However, the Second Circuit has held that a defendant's objection to venue is waived "when, after the government has concluded its case, the defendant specifies grounds for acquittal but is silent as to venue." <u>United States v. Price</u>, 447 F.2d 23, 27 (2d Cir. 1971). The defendant must move for dismissal on venue grounds by the end of the government's case. <u>See United States v. Menendez</u>, 612 F.2d 51, 55 (2d Cir. 1979) (defendant waived venue objection by making general motion for acquittal without mentioning venue); <u>United States v. Rivera</u>, 388 F.2d 545, 548 (2d Cir. 1968) (where "a motion for acquittal is made on specified grounds which do not include any objection to venue, we think that objection has been waived"). Furthermore, it is not enough for the defendant simply to raise the issue in a requested jury instruction. <u>See United States v. Potamitis</u>, 739 F.2d 784, 791 (2d Cir. 1984).

Here, Kenner set forth specific grounds for a motion for acquittal that did not include any objection to venue. <u>See</u> Trial Tr. 5632-37; <u>see</u> also Trial Tr. 5679.

Should the Court nevertheless find it proper to reach the merits of Kenner's venue claim, the government respectfully requests a brief opportunity to submit additional argument on this issue.

B. <u>A Prejudicial Variance Did Not Occur</u>

Kenner argues that the government caused a prejudicial variance between the operative superseding indictment and the evidence presented at trial. <u>See</u> ECF No. 668 at 27, 36. This argument fails because the alleged variance that Kenner articulates did not occur and, in all events, Kenner suffered no prejudice.

"A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." <u>United States v. Frank</u>, 156 F.3d at 337 n.5 (internal marks and emphasis omitted). A defendant "must show prejudice in order to prevail on a variance claim." <u>Id.</u>; <u>see also United States v. McDermott</u>, 245 F.3d 133, 139 (2d Cir. 2001) (reiterating principle that variance must cause "substantial prejudice" to warrant reversal). "A defendant cannot demonstrate that he has been prejudiced by a variance in proof, however, where the pleading and proof substantially correspond, where the variance is not of a character that could have misled the defendant at the trial, and where the variance is not such as to deprive the accused of his right to be protected against another prosecution for the same offense." <u>United States v. Sakoc</u>, 115 F. Supp. 3d 475, 488 (D. Vt. 2015) (citing cases) (internal marks and emphasis omitted).

Here, Kenner argues that the superseding indictment referred to Timothy Gaarn as a co-conspirator whereas Gaarn, in his trial testimony, did not identify himself as a co-conspirator. <u>See</u> ECF No. 668 at 36. As an initial matter, this does not establish a variance. A jury could have reasonably concluded, based on the bank records and testimony,

2

that Gaarn was a co-conspirator in the Eufora fraud even if Gaarn did not identify himself as one—that determination was the jury's to make, not Gaarn's, and there was sufficient evidence to support it.

Furthermore, even if this did constitute a variance, Kenner suffered no prejudice from it, and certainly not substantial prejudice. It was clear from the outset that the reference to "Co-Conspirator 1" in the superseding indictment, ECF No. 214, ¶ 13, was a reference to Gaarn. See also ECF No. 290, ¶ 13 (expressly referencing Gaarn). The pleading and the proof substantially corresponded in that the proof established that, as part of the Eufora fraud, Kenner directed Gaarn to divert certain money for unauthorized purposes; Kenner was at no time misled to believe that the reference to the middleman in paragraph 13 was someone other than Gaarn, and Kenner is not deprived of his right to be protected against another prosecution for the same fraud.

For these reasons, there was no prejudicial variance.

II.  The Court Should Deny Kenner's Motion for Reconsideration of His Prior Rule 33 Motion

Kenner has filed a 590-page motion for reconsideration of his previous motion for a new trial, appending 520 exhibits. See ECF No. 668. The Court should deny the motion.

In the Second Circuit, district courts have considered motions for reconsideration in criminal cases under the corresponding civil standard. See, e.g., United States v. Larson, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013).

> The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.; see also Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court."). In the end, "reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal marks omitted).

3

This Court issued an extremely thorough and meticulous 93-page opinion denying Kenner's original Rule 33 motion. ECF No. 501. Kenner's present motion simply seeks to relitigate the same issues—as Kenner has been doing all along—issues already decided by the jury and the Court. The motion for reconsideration should be denied.

III. The Court Should Decline to Hear Kenner's Eleventh-Hour Rule 33 Motion Based on Ineffective Assistance of Counsel

Kenner has also filed a new, untimely, 155-page motion for a new trial on the basis of ineffective assistance of counsel, which motion posted to the Court's docket on July 2, 2019, shortly after a status conference in which the Court set a date for sentencing. See ECF No. 675. The Court should decline to hear this motion at this time.

The preferred avenue for adjudicating ineffectiveness claims is collateral review. See Riascos-Prado v. United States, 66 F.3d 30, 35 (2d Cir. 1995). To be sure, the Second Circuit has articulated a narrow facts-specific exception to this preference in United States v. Brown, 623 F.3d 104, 114 (2d Cir. 2010). In Brown, the Second Circuit considered a defendant's claim that his previous lawyer had not conveyed a plea offer (per-se unreasonable performance) where the attorneys' on-the-record statements supported that claim. The Second Circuit held that a district court "should" consider the ineffectiveness claim prior to judgment "in the specific circumstances" presented there—noting that that specific claim had "facial plausibility." Id. at 114. In other circumstances, district courts retain their discretion to decide whether to hear an ineffectiveness claim in light of the various "competing considerations" that district courts face, including whether considering such a claim would disrupt pre-judgment proceedings. Id. at 113.

In this case, Kenner's motion lacks any facial plausibility. The defendant merely repeats allegations and arguments made in his other post-trial motions, this time through the rhetoric of ineffective assistance of counsel. The Court has already rejected many, if not all, of the underlying arguments, holding that there is no "real concern that an innocent person may have been convicted" or that "letting the guilty verdict stand would be a manifest injustice." ECF No. 501 at 76-77.

Moreover, Kenner's motion is untimely, see Fed. R. Crim. P. 33(b)(2), and would significantly disrupt pre-judgment proceedings. The filing of this motion comes four years after the jury delivered its verdict and on the eve of sentencing. There is no excuse for this delay—at the very least, Kenner could have made his ineffective assistance claims two-and-a-half years ago when he filed his first Rule 33 motion with the assistance of new counsel. See ECF No. 417 (filed November 28, 2016).

Kenner claims that consideration of his motion at this time would not "prejudic[e] the government or unnecessarily delay[] the proceedings" because the Court has not yet received Constantine's ineffective assistance of counsel motion. ECF No. 675 at 11.

Of course, Kenner's claim is outdated—Constantine's motion has been fully briefed and argued and is pending a decision by the Court.

Entertaining a new ineffective assistance of counsel motion now would indefinitely delay sentencing, particularly in light of the need to "offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998).  That process can take years where, as here, the trial was lengthy and complex and the defendant has challenged nearly every aspect of his trial counsel's performance.  See, e.g., ECF Nos. 483-85 (co-defendant Constantine's ineffective assistance motion filed July 7, 2017); ECF Nos. 499-500 (trial counsel's response filed October 10, 2017 after multiple extensions of time); ECF No. 513 (government's response filed November 21, 2017); ECF No. 521 (Constantine's reply filed January 12, 2018); ECF No. 523 (oral argument on the motion held January 16, 2018); ECF No. 634 (Constantine's post-argument memorandum filed March 29, 2019); ECF No. 639 (government's response to post-argument memorandum filed April 9, 2019).

For these reasons, the Court should decline to hear Kenner's ineffective assistance of counsel claim at this time and permit Kenner to raise the issue as part of a later habeas petition.

                                          Respectfully submitted,

                                          RICHARD P. DONOGHUE
                                          United States Attorney

By:    /s/
        Saritha Komatireddy
        J. Matthew Haggans
        Assistant U.S. Attorneys
        (718) 254-7000

cc:     All counsel of record (via ECF)