TRULINCS 07480408 - KENNER, PHILLIP A - Unit: BRO-J-A

---

FROM: 07480408
TO:
SUBJECT: Kenner 13-cr-607 (JFB)
DATE: 08/25/2019 05:48:24 PM

August 25, 2019
The Honorable Judge Bianco
US District Courthouse -- EDNY
100 Federal Plaza
Central Islip, New York 11722

RECEIVED
AUG 28 2019
EDNY PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 28 2019 ★
LONG ISLAND OFFICE

Judge Bianco:   Although I have not received a copy of the government's recent submission (Document 693) -- like the previous opposition to my Reconsideration 29-33 motion -- I have been informed of their general requests.  It shocks me that their Preliminary Order of Forfeiture bears little resemblance to the reality of the amounts involved in the instant case.

The government continues to request $36 million in Forfeiture Money Judgment -- when following the Court's July 2, 2019 representation that only charged offenses will be considered (Tr.33), there is a cap of no more than $9 million of originally invested funds traceable to the alleged victims in the instant case.   This total is prior to 2015 courtroom confessions, empirical evidence ignored by the government, repayments of capital, settlements from 3rd parties unrelated to Kenner-client activity, and residual value from assets received by bonafide purchasers for value (fully documented).

They are continuing to ask the court to authorize forfeiture of assets that they, themselves, have proven to have no nexus to the instant case (thru government-forfeiture-36 and government-forfeiture-44).   The government tried to circumvent their own forfeiture evidence, supra, by alleging that Ken Jowdy was now a co-conspirator; but not until years after the trial and probation reports that vehemently defended Jowdy as a victim.  It is incomprehensible how they "move the goalposts" to try and capture Baja Ventures 2006, LLC thru a Jowdy-nexus (post trial only) when their-own accounting confirms that Kenner's partners invested $4.1 million into the Cabo project of wholly "untainted" funds and no nexus to any funds in the instant case.

The government ignores typical disgorgement precedent, where its primary purpose "is to deprive violators of their ill-gotten gains".  SEC v. First Jersey Sec. Inc., 101 F.3d 1450, 1474 (2d Cir 1996).   Their approach also contradicts the Second Circuit decision in United States v. Contorinis, 692 F.3d 136 (2d Cir 2012) ("Criminal forfeiture focuses on the disgorgement by a defendant of his 'ill-gotten gains.'" Id. at 146).   The Second Circuit opined that "Extending the scope of a forfeiture to include proceeds that have never been acquired either by a defendant or his joint actors would be at odds with the broadly accepted principle that forfeiture is calculated based on a defendant's gains.").

As such, the government has failed to meet virtually every requirement to seek the Baja Ventures 2006, LLC (debunked thru their own forensic accounting submissions); and has certainly failed to create a nexus to make dozens more innocent (non-parties to the instant case) victims from their actions.  To recapitulate:

1) The government never traced ill-gotten funds to any Kenner or Kenner investor LLC equity in Cabo san Lucas (or anywhere unrelated to the instant case) -- and as such, do not have forfeiture rights,   2) They are lacking dissipation issues (under the Substitute Asset Provision 853(p)).  The Jowdy-Hawaii loan has been authorized by corporate doctrine and acknowledged by 25 of the 26 Hawaii Partners; including everyone except Owen Nolan (who has worked with Jowdy since 2008, and exhibited full CTE symptoms and "memory loss" of "everything" he ever invested in).   The Jowdy loan was never dissipated.  It is and has always been an asset of the Hawaii Partners (Little Isle 4 and Na'alehu Ventures 2006).  As the Court knows, only government obstruction has prohibited the collection of the Hawaii asset (Document 653, 654), and 3) If Jowdy used ill-gotten funds to purchase his personal KAJ Holdings (Cabo) equity, then under SEC v. Cavanaugh (155 F.3d 129, 136[2d Cir 1998]), the court could order $350,000 of jowdy's self-accounted $2.5 million (government-forfeiture-36) forfeited but they never made that argument.

Defendant Kenner requests a follow-up hearing to determine the residual amount of funds that the government would like to base a realistic "loss amount" related to the Hawaii project "object" of the instant case (and two other "objects"), when 25 out of 26 Hawaii partners have confirmed their knowledge of the associated loans (government-forfeiture-44) to Ken Jowdy "prior to trial", with only Owen Nolan unable to remember anything he has done since 1991 (clearly lacking foundation for a concealment prosecution -- thru publically admitted cognitive degenerative issues).  The government's attempted non-nexus fraud on the court and the defendant demands a Fatico hearing to verify sought after amounts, if they are attempting to proceed under any other theories.

I remain, respectfully yours,   Phil Kenner   *Phil Kenner*
                                                                                        *Pro Se*

R.D Kumar - 07480408
Metropolitan Detention Center
P.O. Box 329002
Brooklyn NY 11232

Pro Se
Clerk

EDNY

The Honorable Judge Bianco
US District Courthouse EDNY
100 Federal Plaza
Central Islip, NY 11722

NEW YORK NY 100
26 AUG 2019 PM

RECEIVED
US DISTRICT COURT
IN CLERK'S OFFICE
AUG 28 2019
LONG ISLAND OFFICE

11722-443800