**Marc Wolinsky**
**Diamante Doce, LLC**
**252 Seventh Avenue – PH O**
**New York, NY  10001**

**(212) 403-1226**

August 30, 2019

**Via ECF**

The Honorable Joseph F. Bianco
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York  11722

    Re: United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

  I am writing on behalf of myself and an ad hoc group of my fellow Diamante homeowners who, collectively, own in excess of $50 million of property at the Diamante resort in response to Ms. O'Connor's letter of August 14, 2019, unilaterally submitting still one more Preliminary Order of Forfeiture.  The August 14 Proposed Order, like the one submitted before it, is fatally flawed and should be rejected.  While the Proposed Order no longer provides that homeowners and timeshare members must come to court to prove the bona fides of their purchases, it still provides for the forfeiture of the Diamante Resort, with no plan or provision for what happens after the Order is entered.  The government has submitted its proposal notwithstanding the Court's admonition at the July 2, 2019 hearing that "I'm not comfortable with what the government is proposing now, which is just to forfeit all the property."  Tr. 26.

  As Your Honor observed at the July 2, 2019 status conference, "the government is completely underestimating the complexity of this particular forfeiture and the potential of innocent third parties being hurt by this Court doing what [the government is] requesting me to do."  Tr. 13.  While the Court continued "I could be wrong," Your Honor was not wrong.  The government has agreed to meet with Danske Bank on September 5 to attempt to reach a resolution; however, neither I as a representative of the homeowners nor Messrs. Souther and

Hon. Joseph F. Bianco
August 30, 2019
Page 2

Mulry, Mr. Jowdy's counsel, were invited, even though the homeowners and Mr. Jowdy are necessary parties in any consensual resolution.

At the July 2 conference, Your Honor stated: "If the government continues to not really focus on this, I'm going to have to try to figure it out myself, in terms of where I should draw the line." Tr. 27. Regrettably, I believe that that time is coming near. The core issue that the Court focused on remains: Is there any equity in the project available to recompense victims of Mr. Kenner's fraud, or is this just a futile exercise that, if pursued, will cause still more harm?

The very pendency of the Court's Protective Order and the prospect of a forfeiture of the entire property has put the Resort in limbo, interfered with Danske Bank's and Mr. Jowdy's ability to restructure the debt and secure financing for the next phases of the project, creating an intolerable situation for everyone concerned. Publication of the Order the government is seeking would worsen this bad situation. In its effort to find a way to compensate victims of Mr. Kenner's fraud, the government is victimizing the Diamante homeowners, who purchased their properties in good faith long, long after Mr. Kenner committed his crimes.

I would welcome the opportunity to address the Court with respect to our concerns. Unfortunately, however, I am arguing an important motion in one of my cases in New York Supreme Court the morning of September 5, and will not be able to attend in person at 2:00 p.m. that day.

Respectfully submitted,

Marc Wolinsky