SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KENNETH A. JOWDY, an individual; THOMAS ALTON HARVEY, AKA TOM HARVEY, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PHILIP A. KENNER, an individual.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 02 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LA Superior Court, Central District, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):*
BC417057

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald Richards, Esq., Law Offices of Ronald Richards & Associates
P.O. Box 11480, Beverly Hills, California 90213; 310-556-1001, fax, 310-277-3325

DATE:     JOHN A. CLARKE, CLERK Clerk, by  AMBER LaFLEUR-CLAYTON  , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JUL 0 2 2009

NOTICE TO THE PERSON SERVED: You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 02 2009

John A. Clarke, Executive Officer/Clerk
By A.E. LaFleur-Clayton, Deputy

Ronald Richards, Esq. (SBN 176246)
THE LAW OFFICES OF
RONALD RICHARDS & ASSOCIATES, A.P.C.
P. O. Box 11480
Beverly Hills, California 90213
Telephone (310) 556-1001
Facsimile (310) 277-3325

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES-CENTRAL DISTRICT

| | |
|---|---|
| PHILIP A. KENNER an individual; <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH A. JOWDY, THOMAS ALTON HARVEY, AKA TOM HARVEY, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. **BC417057** <br><br> **COMPLAINT FOR DAMAGES** <br><br> (1) EXTORTION <br> (2) UNLAWFUL BUSINESS PRACTICE <br> (3) FRAUD BY CONCEALMENT <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs complain and allege as follows:

1. Plaintiff,("Plaintiff") is, and at all times mentioned in this complaint an individual who operated a business management business in Southern California.

2. Plaintiff is informed and believes, and thereon alleges, Defendant KENNETH A. JOWDY ("Defendant JOWDY") is, and at all times mentioned in this complaint was, an individual operating investment businesses in Los Angeles County in the State of California. Specifically, JOWDY solicited professional hockey players and

1  fundamental elements of a business or development plan. JOWDY used the

2  Southern California region as one of his hubs of operations.

3. Defendant Thomas Alton Harvey aka Tom Harvey ("Harvey") is an individual acting as defendant Jowdy's agent for Diamante related matters in the Southern California area, including but not limited to, Diamante Air. A picture of the airplane hangar in Los Angeles County is attached as Exhibit "A".

4. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiffs is informed and believes and on that basis alleges that Does 1 through 100, inclusive, are responsible in some manner for the damages suffered by plaintiffs alleged herein.

5. Plaintiffs is informed and believes, and thereon alleges, that at all times mentioned herein, each defendant herein conspired together, aided and/or abetted, operated and acted as the agent partner, joint venturer, associate and/or representatives of each other (i.e. the other defendants), and in doing he acts herein alleged, acted within the course and scope of their authority as agents and/or representative, and with the knowledge, approval, permission and consent of the other defendants.

6. JOWDY operated business at the following addresses in the Southern California area: 420 21st Street, Manhattan Beach, CA 90266; 5541 La Jolla Mesa Drive, La Jolla, CA 92037; 3333 East Spring Street, Long Beach, CA 90806. The hangar for Diamante Air operated out of the Long Beach address.

7. On April 27, 2009, Harvey transmitted an email to Plaintiff's agent which was the start of extortionist threats towards Plaintiff. Specifically, Harvey stated that, "In

COMPLAINT

Nov. of 2008, I predicted difficult times for Phil and opined that he was on a path of self-destruction and would eventually face criminal charges. Unfortunately, my prediction seems to be coming true. Simply, Phil is in a "no-win" situation and continues down a path that will certainly lead to judgements against him for millions of dollars at best, and a jail cell at worse."

8. On April 29, 2009, Harvey transmitted an email to Plaintiff's agent with a copy going to Jowdy, which continued the extortionist threats towards Plaintiff. Specifically, Harvey stated that,

"It is likely that Phil [is] under investigation by the FBI in both California and Arizona. It seems that Phil has been an unlicensed investment adviser since on or about 2001. Phil used credit lines of one player to pay off other players' credit lines...What I am trying to accomplish is resolve Kenny's exposure and try to salvage some projects. To that end, I am interested in settling with both Phil and his players. The only way that is going to happen is by (i) wiping out Phil's equity in Cabo and El Rosario and (ii) giving some equity and money to the investors. I submit that I will be able to accomplish that through litigation (especially since Phil says in the Arizona case that he 'loaned' Kenny the money, though he was given 38% equity in the project?), but the same [is] costly and time-consuming. Thus, my suggestion we speak. I am not sure of the total exposure Phil has outside of the Cabo and El Rosario projects, but we should be speaking to figure out how that impacts everyone and how to even get everyone to the table for a global settlement. Paul, this is a one (1) time offer. I suspect we are Phil's only life-line and can help resolve a lot of his exposure. If he or you thinks his only exposure are 'guy that are broke', then fuck it, let him rot in jail and you can visit him. Make no mistake, any settlement will not alleviate any criminal liability for anyone, but it will certainly

COMPLAINT

help under the sentencing guidelines if Phil is in fact sentenced some day."

Here is a reality check: Phil has substantial criminal and civil liability and has little or no access to money. In my opinion He has submitted false documents and sworn out false statements in a federal court. It is likely that at least 2 offices of the FBI is investigating him and he likely faces a probe by the SEC for being an unlicensed investment adviser. His house of cards is caving in and people who he thought would corroborate his statements are now running for cover.

If you (forget about your client) think this is about "guys that are broke", then we have nothing to talk about and when you get back from Mars you can give me a call. Indeed, why is your client quit-claiming deeds to other people if this is just about "guys that are broke".

As an aside, because Phil has done such a great job of litigating over the past few months, you may want to express to him that his "blame Ken Jowdy" defense is a fucking joke, almost as funny as "a few guys that are broke". So, if you really want to talk, I need to hear more than your "all ears". How about this: "Tom, your right, the papers are killing my client, the FBI is probably investigating him, he is out of money. Can we start discussing ways to get Phil's clients (you know the guys that Phil had a fiduciary duty to) some of their money back. He is ready to have serious discussions, and the only thing that would prevent settlement talks is that we need everyone at the table. I would love the opportunity to discuss and welcome your help". If this is not your attitude or Phil's attitude, then I am sure Phil will get exactly what he deserves..."

9. Prior to transmitting said emails, Harvey made specific threats to Plaintiff, which suggested that Harvey would use his personal relationships in the media to damage

Plaintiff with respect to his business dealings with Jowdy and some of Plaintiff's clients. Harvey later single-handedly arranged for certain damaging newspaper articles to be written about Plaintiff, as well as one of his business associates, so he can later reference the negative impact that occurred as a result of said articles, as a mechanism to get Plaintiff to relinquish his interest in Jowdy's investment businesses.

10. Specifically, Harvey made these false allegations and threats in order to obtain Plaintiff's interest in various Mexican properties that are owned through Plaintiff's interests in various LLC's controlled by Jowdy. Defendants further referenced their relationships with current Diamante employees, hired by Jowdy, as well as friends of Jowdy's who are former employees of the Federal Bureau of Investigation, one of whom is the former Director (Louis Freeh) in order to further buttress their threats.

## FIRST CAUSE OF ACTION

## FOR EXTORTION

(Against Defendants JOWDY, HARVEY, and Does 1 to 100)

Plaintiff incorporates and re-alleges herein paragraphs 1 through 10 above, as if set forth in full.

11. Plaintiff alleges that Harvey, at Jowdy's direction, attempted to obtain his property with his consent induced by a wrongful use of force or fear as set forth in Penal Code section 519. Plaintiff alleges that Harvey's emails were a threat that accused him of a felony crime and exposed, or imputed to him to a deformity, disgrace or crime as stated in Penal Code section 519.

12. Plaintiff further alleges that the transmission of the emails were sent with the intent to extort money and/or other property from Plaintiff. Plaintiff alleges that the email

COMPLAINT

1. expressed or implied, or adapted to imply, threats of criminal prosecution and incarceration such as is specified in Penal Code section 519. California law provides the same liability for email threats in the same manner as if such money or property were actually obtained by means of such threat pursuant to Penal Code section 523.

13. The defendants acts were willful, wanton, and malicious and warrant the award of exemplary damages.

## SECOND CAUSE OF ACTION

## FOR UNFAIR BUSINESS PRACTICES

**(Against Defendants JOWDY, HARVEY, and Does 1 to 100)**

Plaintiff incorporates and realleges herein paragraphs 1 through 13 above, as if set forth in full.

14. These acts and practices, as described in paragraph 1-13 above, violate Business & Professions Code section 17200 in the following respects:

    A. The defendants' policy/practice of committing extortion in their business disputes violates Penal Code sections 518, 519, and 523 and, consequently, constitutes an unlawful business act of practice within the meaning of Business and Professions Code section 17200.

15. Plaintiff and other members of the general public have no other adequate remedy of law in that these acts are difficult to prosecute under the common law.

16. As a result of the aforementioned acts, Plaintiff and other potential class members have lost money or property and suffered injury in fact.

COMPLAINT        6

17. The allegations set forth above constitute violations of criminal statutes in the State of California. At all times herein, the defendants were attempting to further their business interests in the State of California.

18. These violations constitute an unlawful business practice by the defendants. The purpose of the Unfair Practices Act ( Bus. & Prof.Code § 17000 *et seq.*) "is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition, by prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices...." Bus. & Prof.Code § 17001. The Unfair Practices Act provides a cause of action for any activity that can properly be called a business practice and that at the same time is forbidden by law.

19. Plaintiff further alleges that these aforementioned violations violate Business and Professions Code section 17200. They constitute unlawful business practices as they are violations of other laws broken during the defendants' business activity.

### THIRD CAUSE OF ACTION

### FOR FRAUD BY CONCEALMENT

(Against Defendants JOWDY, HARVEY, and Does 1 to 100 )

Plaintiff incorporates and re-alleges herein paragraphs 1 through 19 above, as if set forth in full.

20. JOWDY owed Plaintiff fiduciary duties resulting from the position of trust and owed as the manager of his LLC of which Plaintiff is a member. Instead of reporting to Plaintiff the various accounting, banking relationships, or other required facts, defendants' concealed this information by threatening Plaintiff with criminal prosecution for attempting to obtain legally mandated information about

COMPLAINT

Plaintiff's financial investments.

21. The concealment of this material information caused damages to Plaintiff for the failure to provide it via the extortionist threats committed by the defendants. Plaintiff has justifiably relied on the defendants' legal obligation to provide relevant information. The failure to do so caused Plaintiff $15,000,000.00 in damages. Defendants' acts were willful, wanton, and malicious and warrant the award of exemplary damages.

**WHEREFORE**, Plaintiffs' demand judgment against defendants for the following:

**ON THE FIRST AND THIRD CAUSES OF ACTION:**

1. For general damages in the amount of $15,000,000;

2. For punitive damages according to proof;

**ON THE SECOND CAUSE OF ACTION:**

3. For an injunction enjoining the unlawful practices pursuant to 17203 and 17505.

4. For attorney's fees pursuant to 1021.5 C.C.P.

5. For costs of suit herein.

Dated: July 1, 2009

Respectfully submitted,

Law Offices of Ronald Richards & Associates,

By: _____

RONALD RICHARDS, Esq.

Attorneys for Plaintiff

COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE **BC417057**
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | (47) | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West*** | **311** | **CCW** |
| Pending Assignment | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

***Class Actions**
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04-09)  
LASC Approved 05-06  

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

LEHNTIN-00000090