

U.S. Department of Justice

United States Attorney
Eastern District of New York

SK/JMH
F. #2013R00948

610 Federal Plaza
Central Islip, New York 11722

September 9, 2019

<u>By Hand and ECF</u>

The Honorable Joseph F. Bianco
United States Circuit Judge
for the Court of Appeals, Second Circuit
100 Federal Plaza
Central Islip, New York 11722

    Re: <u>United States v. Philip A. Kenner and Tommy C. Constantine</u>
       <u>Criminal Docket No. 13-607 (JFB)</u>

Dear Judge Bianco:

   The government respectfully submits this letter to address issues raised during the status conference on September 5, 2019, in the above-captioned matter.

   On August 14, 2019, Kenner filed a letter requesting that the Court order the government to return his laptop computer and iPhone in light of the fact that the government has made and retained forensic copies of the data on those devices. <u>See</u> ECF No. 695. In 2015, in a detailed analysis, the Court concluded that both the laptop computer and the iPhone had independent evidentiary value and that "the government's concerns about authentication in this case were well founded and merited the retention of the laptop (and the cell phone) for authentication purposes." ECF No. 329 at 7-8. Therefore, the Court concluded, "the government's retention of the defendant's computer (and an imaged copy of his hard drive) was reasonable" and "the continued retention of the iPhone as evidence" was also "reasonable." ECF No. 329 at 1-2. The reasons for the Court's prior decision remain pertinent today. Kenner continues to challenge his conviction in this case and request a new trial, and the government anticipates that such challenges will continue into the future. So long as such challenges continue, the government has an ongoing interest in retaining the laptop and iPhone for their evidentiary value and for authentication purposes. Importantly, the government is not retaining these devices for use in future criminal investigations. <u>See</u> ECF No. 329 at 5 (distinguishing the concerns raised in the panel opinion in <u>United States v. Ganias</u>, 755 F.3d 125 (2d Cir. 2014), which, in any event, has since been vacated by the <u>en banc</u> Court, <u>see</u> 824 F.3d 199 (2d Cir. 2016) (en banc)). Notably, of the four computers seized from Kenner's home during the investigation, the two laptop computers were admitted as trial exhibits and the two desktop computers were not. The government previously

determined that the two desktop computers did not have evidentiary value and returned those computers to Kenner's family approximately four years ago, on October 28, 2015.

The Court inquired as to whether the data on the thumb drive that Bureau of Prisons officials seized from Kenner earlier this year had been restored to him. Kenner stated, at the status conference and in a previous filing, see ECF No. 700 at 4, that the thumb drive resulted from the production referenced in ECF No. 191. The letter filed at ECF No. 191 discusses a production from firewall counsel to Kenner of a flash drive containing documents that underwent a privilege review. The government notes that all of the documents that underwent a privilege review were previously provided to Kenner as part of the imaged copies of electronic devices produced to him at the outset of discovery in this case. See ECF No. 48. Therefore, the data on the thumb drive seized from Kenner earlier this year would have been duplicative of data already in Kenner's possession. Nevertheless, the government has requested the seized thumb drive from BOP officials in order to copy the data on the thumb drive to an external hard drive that can be provided to Kenner's current standby counsel.

The Court inquired regarding the status of U.S. currency seized during the search of Kenner's home that the government has agreed to release to Ms. Marlene V. Grissom. The seized currency has been transported from New York to Colorado and is available for pickup at the offices of the Federal Bureau of Investigation in Glenwood Springs, Colorado. The government has been advised that FBI field agents in the Colorado office are in the process of arranging for a mutually convenient time for Ms. Grissom to pick up the currency.

Following the status conference, the Court ordered the government to provide it with a copy of the trial exhibit containing text messages discussing payments made by one of the victims related to the Palms Resort properties. That trial exhibit, GX-4511, is enclosed. The exhibit was identified and admitted at trial on June 23, 2015. See Trial Tr. at 4739-40.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:    /s/
        Saritha Komatireddy
        J. Matthew Haggans
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    All counsel of record (via ECF)
        Philip A. Kenner, defendant pro se (via certified mail)