

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JHK:DCL:MMO

*610 Federal Plaza*
*Central Islip, New York 11722*

September 27, 2019

Honorable Joseph F. Bianco
United States Circuit Judge
Court of Appeals for the Second Circuit
Long Island Federal Courthouse
Central Islip, New York 11722

      Re:    United States v. Kenner and Constantine
               No. CR-13-607 (S-2) (JFB)

Dear Judge Bianco:

      The government respectfully writes in response to letters filed by Danske Bank A/S, London Branch ("Danske") on September 19, 2019 and September 26, 2019. *See* Docket Entry ("DE") #716 and #722, respectively. Danske's representation to the Court that the government has a "wait and see" approach and will not address issues until after a preliminary order of forfeiture ("POF") is entered is completely disingenuous. *See* DE #716. In fact, the government has had numerous meetings and countless phone calls with Danske over the course of the past four years, since the defendants were convicted, to discuss, *inter alia*, a sale of the Diamante Cabo San Lucas resort (the "resort"), a sale of Danske's note, the financial status of the resort, and the operation of the resort as a going concern. Despite the government's efforts and willingness to work cooperatively with Danske, including since the parties last appeared before the court on September 5, 2019, Danske has never genuinely responded in kind.

      For example, on September 17, 2019, Danske sent the government a stipulation regarding an interlocutory sale, attached to a proposed revised POF, even though the government made clear during the September 5, 2019 court conference, and in its separate conversations with Danske, that it would not consider revising the POF at this late stage. Moreover, Danske's revised POF and stipulation are self-serving and one-sided. For instance, Danske would have the government recognize and give priority to its loan, despite the fact that Danske has not, to date, provided any proof of its outstanding loan balance (e.g., a pay-off letter) and has ignored the government's repeated requests for such basic documentation. In addition, Danske once again attempts to limit the forfeiture regarding the resort to an entity's equity interest, which, as the government has continually stated, is insufficient. Indeed, because the government has repeatedly stated that limiting the forfeiture to the equity interest(s) of the second place beneficiary under the trust is problematic given that Danske is the first place beneficiary and can

potentially defeat the forfeiture by foreclosing on its note.  Danske's most recent proposed POF, which again attempts to limit the forfeiture to the equity interest of the second place beneficiary under the trust, is a clear and intentional effort to prevent the forfeiture of the resort.   For these and other reasons, despite Danske's insistence that the government "must" accept Danske's proposed resolution (*see* DE 722 at p. 3), the government cannot consent to Danske's proposed revised POF and stipulation.

Turning to Danske's most recent submission, the government respectfully submits that the Court should disregard Danske's attempts to raise an Eighth Amendment challenge to the inclusion of the resort in a POF, an order that is only final as to the defendants, or to limit the forfeiture to the defendants' interests or equity interests only. *See* DE 722 at pp. 3-5.  It is well settled that third parties have no standing to intervene in the criminal proceedings to object to the forfeiture the government seeks in the preliminary orders of forfeiture.  *See United States v. Daugerdas*, 892 F.3d 545, 551-53 (2d Cir. 2018); *United States v. Watts*, 786 F.3d 152, 156 (2d Cir. 2015) ("Because the criminal forfeiture statute limits a third party's right to challenge a post-indictment forfeiture order to the two grounds identified in 21 U.S.C. § 853(n)(6), ***petitioners may not challenge the inclusion of the contested funds in the forfeiture order*** under § 982(a)(2)") (emphasis added); *United States v. Nicoll*, 711 F. App'x 108, 110-11 (3d Cir. 2017) ("Rule 32.2 creates a bifurcated forfeiture procedure for all interested parties.  At the first stage, only the Government and defendant are involved—the court makes a preliminary forfeiture determination 'without regard to any third party's interest,' which can only be considered later after the preliminary order is issued." (quoting Fed. R. Crim. P. 32.2(b)(2)(A))).

Notwithstanding the foregoing, and Danske's lack of standing to be heard at this stage of the criminal case, the government has, as the Court suggested, continued discussing the issues involving the operation of the resort and a plan for its potential sale. The government is prepared to discuss these matters further at a conference, should the Court deem one necessary.

                Respectfully submitted,

                RICHARD P. DONOGHUE
                United States Attorney

By:    /s/ Madeline O'Connor
       Madeline O'Connor
       Diane C. Leonardo
       Assistant U.S. Attorneys
       (631) 715-7870
       (631) 715-7854

cc:  Philip Kenner