FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 04 2019 ★

# CSL Properties 2006, LLC 

*A Delaware Limited Liability Company*

October 3, 2019

Honorable Joseph F. Bianco
Visiting Circuit Judge (sitting by designation)
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

        *Re:    United States v. Philip A. Kenner, et al, 13-CR-607 (JFB)*
               *Post-Conviction Protective Order / Preliminary Forfeiture Order*

Dear Judge Bianco:

      We are sending this correspondence to you in our collective capacity as the current 3-Member Management Panel of CSL Properties 2006, LLC ("CSL Properties"). As you know, CSL Properties is one of the four (4) limited liability companies that hold an equity stake in Diamante Cabo San Lucas, LLC ("DCSL"); and, in turn, our LLC is comprised of thirteen (13) individual Members, all of whom are now-retired NHL players and former clients of Philip Kenner. Under DCSL's original Operating Agreement, CSL Properties was allocated an eight percent (8%) ownership interest in the 1,500-acre, golf and real estate project that is currently being developed in Mexico under the Diamante name ("the Project").

      As a follow-up to our last letter, dated September 13, 2019, we have continued to closely monitor all of the forfeiture-related filings in this matter, including the several letters submitted in the last couple of weeks on behalf of the DCSL Parties, Danske Bank and Marc Wolinsky, as well as the Government.

      Based on these recent filings, it continues to be our understanding that the Project is currently in a precarious financial situation, and neither Danske Bank nor the DCSL Parties have offered an optimistic outlook if the preliminary forfeiture order the Government has proposed is ultimately entered by the Court. Of course, it does not take a lot of expertise or sophistication to conclude that an all-encompassing preliminary forfeiture order and/or protracted ancillary proceedings will **not** enhance or even preserve whatever equity might currently exist in the Project. In fact, we fully appreciate (and share in) the concerns expressed by the DCSL Parties, Danske Bank and Mr. Wolinsky that an overly broad preliminary order of forfeiture will likely have a significantly <u>negative</u> impact on the Project's value and its ongoing viability.

      In that regard, it was particularly noteworthy to us in reviewing the recent filings that Danske Bank has apparently extended a number of settlement proposals to the Government, in an effort to avoid the negative impact that will almost certainly result from an overly broad preliminary forfeiture order and/or protracted ancillary proceedings, and preserve whatever value might exist in the Project. What is even more remarkable to us is that, based on its most recent letter, these proposals extended

RECEIVED

OCT 04 2019

EDNY PRO SE OFFICE

by Danske Bank apparently include "offer[s] to significantly discount its claim by tens of millions of dollars and *offer[s to pay] the government millions of dollars in cash*—cash that is otherwise unlikely to be available—to distribute to the victims of Defendants' fraud."

In the absence of any guarantee that the all-encompassing forfeiture the Government is currently seeking will eventually translate into *any* recovery by the actual victims in this case – indeed, if the order the Government has proposed is entered by the Court, the forecasts and hypotheticals suggested by both the DCSL Parties and Danske Bank are bleak – it is inconceivable to us that the Government would not give more serious consideration to any proposal in which "millions of dollars in cash" would be immediately available for restitution to the victims. If the Government is truly leaving "millions of dollars in cash" on the table from which immediate restitution could be made, without providing any promise or assurance that the all-encompassing forfeiture it is seeking in the alternative will ever result in an equal or better recovery at some undefined point in the future, it is hard for us to conclude that the Government is acting in a manner that serves the best interests of the victims in this case.

In short, Danske Bank's October 2nd letter suggests that the Government has apparently rejected a proposal that would not only provide "millions of dollars in cash" for immediate restitution, but also reduce Danske's superior lien on the Project by "tens of millions of dollars" – which, in turn, would have a corresponding positive impact for those innocent victims who hold an equity stake in the Project – i.e. the Members of CSL Properties. Moreover, reaching some type of settlement of these issues would also circumvent the negative impact that would almost certainly arise from an all-encompassing preliminary forfeiture order.

From our perspective, it seems that the settlement proposals referenced by Danske Bank in its October 2nd letter would be a much better alternative than an all-encompassing preliminary forfeiture and protracted ancillary proceedings – *especially* with no understanding as to how the Project would continue to operate during the pendency of the ancillary proceedings. At the very least, the settlement proposals referenced by Danske Bank appear to be an excellent foundation for ongoing discussions, as opposed to the Government's apparent outright rejection of these settlement overtures. Accordingly, we wholeheartedly agree with Danske Bank that "the Court's intervention is imperative to protect third parties, including the victims".

Your consideration of this letter is appreciated.

Respectfully submitted,

*Sergei Gonchar*

Sergei Gonchar,
Managing Member
CSL Properties 2006, LLC
(electronically signed to avoid delay)

Respectfully submitted,

*Greg deVries*

Greg deVries,
Managing Member
CSL Properties 2006, LLC
(electronically signed to avoid delay)

Respectfully submitted,

*Mattias Norstrom*

Mattias Norstrom,
Managing Member
CSL Properties 2006, LLC
(electronically signed to avoid delay)