

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

October 18, 2019

George Kostolampros

**T 202.344.4426**
**F 202.344.8300**
gkostolampros@venable.com

**VIA ECF**

The Honorable Joseph F. Bianco
Visiting Circuit Judge (sitting by designation in below referenced matter)
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

    Re:    **United States of America v. Kenner, Cr. No. 13-607 (JFB)**

Dear Judge Bianco,

    We write on behalf of Danske Bank A/S London Branch ("Danske") to raise with the Court our comments and suggested changes to the Revised Proposed Preliminary Orders of Forfeiture submitted by the government yesterday. We intended to raise our potential comments directly with the government before the government filed its Revised Preliminary Orders of Forfeiture. Unfortunately, the government filed the Revised Preliminary Orders of Forfeiture without meeting or conferring with us or any other relevant third party. We recognize that the government is not required to meet and confer with third parties, but it would inure to all parties' benefit if the government at the very least conferred with the relevant third parties, including the lienholder that is owed over $180 million and has supported the project throughout these proceedings. Nevertheless, set forth below are Danske's requests regarding the government's Revised Proposed Preliminary Orders of Forfeiture.

    **First**, as we have set forth before, including at the last conference before Your Honor, the best approach to ensure the most value in an interlocutory sale of the Resort Property and cause the least amount of disruption to third parties, is an interlocutory sale of the equity interest in the Resort Property, i.e. the DCSL interest. The government's revised Proposed Preliminary Orders of Forfeiture limit an interlocutory sale to only the Resort Property, i.e., the real property. An interlocutory sale of the equity interest presents to bidders a potential smooth transition of ownership of the resort. For instance, it is our understanding that there are contracts for water supplying the Resort Property and contracts with employees and vendors. In our view, it will be important to potential bidders that there is no disruption to those contracts in a sale and it is in the best interests of third parties like Danske, owners on the resort, and victims because it will maximize the potential preservation of value. Therefore, we propose including language in the Preliminary Orders setting forth that an interlocutory sale will be of either the equity interest or, in



The Honorable Joseph F. Bianco
October 18, 2019
Page 2

the alternative, an interlocutory sale of the Resort Property. Specifically, we respectfully propose the following language to replace the current language in Paragraph A of the Proposed Orders—

> A. the proceeds of an interlocutory sale of either the equity interest in Diamante Cabo San Lucas S. de R.L. de C.V. ("DCSL"), a second beneficiary of a Mexican trust that holds the ownership interest in the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S., Mexico 23473, or, in the alternative, the proceeds of an interlocutory sale of the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S., Mexico 23473 (the "Interlocutory Sale"), which Interlocutory Sale shall be conducted pursuant to Court order, after relevant parties can be heard by the Court, provided, however, that in the event the Interlocutory Sale does not close within eighteen (18) months of the date this Preliminary Order of Forfeiture ("Preliminary Order") is entered by the Court, and no further modification to this Preliminary Order is entered by the Court, the defendant must alternatively forfeit all right, title and interest in:

Our request should not be controversial because ultimately, any interlocutory sale, whether such sale is of the equity interest in DCSL or the Resort Property itself, must be approved by the Court, subject to interested parties being able to assert any opposition or alternative view for the Court's consideration.

**Second**, although Danske is supportive of progressing with an interlocutory sale, the sale process must be initiated without delay in order to preserve value and to enable the business to continue to operate as a going concern. We are concerned with the prolonged period (18 months) proposed by the government in its revised Preliminary Orders of Forfeiture. Without a commitment to added liquidity and clarity as to ownership of the Resort Property, it is unclear to Danske how the business could proceed as a going concern for an 18-month period. Thus, it is imperative that an interlocutory sale process is initiated and completed as soon as feasibly possible. Danske would expect that an interlocutory sale process would encompass a sale of the resort project in whole (and not piecemeal sales of parcels), include minimum bid levels, and recognition of Danske's claim as a lienholder to a certain amount and/or allowance of a credit bid at a certain level given the $180 million owed to Danske. Further, a qualified professional firm must be engaged to manage the sale process. Once the sales process is approved by the Court and begins, it must conclude pursuant to the terms of the Court-approved sales process. As we have argued



The Honorable Joseph F. Bianco
October 18, 2019
Page 3

before, the government's position as to the value of the Resort Property is simply incorrect. To the extent Danske's position on value is proven to be correct and there is no bid that meets the government's currently overvalued expectations as to value, the government should not be able to veto any potential sale and extend the bidding time frame to seek further rounds of bidding. Because of liquidity and funding issues, the sales process simply must have a beginning and end date within a fast-track time period.

Given the details that must be worked out as to an interlocutory sale and the timing concerns, it is imperative that the parties move as soon as possible to preserve value. We respectfully request that the Court order the government to meet and confer with Danske and the relevant third parties and file a joint statement on an agreed-to plan for an interlocutory sale within thirty days of the issuance of the Preliminary Order of Forfeiture setting forth a plan for the interlocutory sale. To the extent the parties cannot agree on a sales process, we respectively propose that the Court consider requiring that the parties file a joint statement setting forth each parties' views and proposal for an interlocutory sale for the Court to consider.

**Third**, in addition to the above request, we also respectfully request that the Court strike any reference to "current or former employees of Danske Bank A/S, London Branch" in the carve-out to the exception set forth in Subparagraph 6.iv of the government's revised Preliminary Order. We appreciate that the government has deleted the reference to two named employees of Danske in the carve-out to the exception after the Court heard our arguments on that issue. The government, however, has no basis for keeping the language regarding "current or former employees of Danske Bank A/S, London Branch." Accordingly, we respectfully request that the reference to current or former employees of Danske be removed.

Respectfully,

George Kostolampros
Doreen S. Martin

cc:   All parties of record via ECF
      Thomas McC. Souther, Esq. and Kevin P. Mulry, Esq. (by email)
      Marc Wolinsky, Esq. (Diamante Doce, LLC) (by email)
      CSL Properties 2006, LLC (by overnight mail)