**Marc Wolinsky**
**Diamante Doce, LLC**
**252 Seventh Avenue – PH O**
**New York, NY  10001**

**(212) 403-1226**

October 21, 2019

**Via ECF**

The Honorable Joseph F. Bianco
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York  11722

      Re:    United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

    I am writing on behalf of myself and an ad hoc group of my fellow Diamante homeowners who, collectively, own in excess of $50 million of property at Diamante in connection with the proposed Preliminary Order of Forfeiture submitted by the government on October 17, 2019.

    At the conclusion of the October 11, 2019, conference, we expected to have an opportunity to confer with the government on the terms of its revised Order before it was submitted.  And, indeed, a call had been scheduled for October 15, 2019, to follow up on the conference.  That call, however, did not go forward and, instead, the government submitted its proposed Order on October 17, 2019 without consulting with any of the interested parties.

    In the absence of an opportunity to engage with the government, I am writing to respectfully request that the proposed Preliminary Order be modified in two respects:

    1.    The underlying assumption in the Order is that there is value to be realized from a sale in an amount in excess of the outstanding indebtedness to Danske Bank.  For reasons that we have previously expressed, that is a dubious proposition.  But there is no reason to speculate on

Hon. Joseph F. Bianco
October 21, 2019
Page 2

this question.  As Your Honor knows, the government has (finally) engaged an appraiser to value the property.  If, as we suspect, the value of the Resort is less than the amounts due to Danske Bank, there is no reason for an interlocutory sale to go forward.  For the reasons that have been explained at length in Court and in prior submissions, a Preliminary Order of Forfeiture in itself will have a serious, adverse impact on every party with an interest in the Resort, including the homeowners.  Accordingly, we respectfully request that the Preliminary Order provide that an interlocutory sale will go forward only if a bona fide appraisal establishes that the net realizable value of the Resort is in excess of $180 million.

Sentencing can proceed while the appraisal process is underway.  The forfeiture of the defendants' direct and indirect interests in the Resort will not affect the operation or financial viability of the property.  The question of how the defendants' interests should be monetized can be deferred until it is determined that there is equity value to be realized, it does not need to be decided at the time of sentencing.  In this regard, Rules 32.2(b)(2)(C) and 32.2(e)(1) of the Federal Rules of Criminal Procedure contemplate that every issue concerning the scope of forfeiture does not have to be resolved by the time of sentencing, providing that in situations where "the court cannot identify all the specific property subject to forfeiture" it may proceed with a preliminary order that "describes other property in general terms," and thereafter "amend an existing order of forfeiture" to include property later identified as forfeitable.  *See United States* v. *Vilar*, 2010 WL 3447222, at *2 (S.D.N.Y. 2010) (court does not have to "determine the precise amount of a forfeiture judgment at the sentencing hearing and include that figure in the judgment").

Hon. Joseph F. Bianco
October 21, 2019
Page 3

    2.    The Preliminary Order of Forfeiture should provide that if there is a sale, the purchaser will be contractually bound to develop and operate the Resort in accordance with the existing Master Development Plan.  The homeowners have contractual and personal commitments from a developer they know and trust, a developer that has a vision for the property and has executed on that vision for 13 years.  The prices we paid for our properties, likewise, reflect the Master Development Plan that has guided the development of the property from its inception.  Up until now, the proceedings before Your Honor have not garnered publicity.  A forced sale to an unknown developer that is not required to make a contractual promise to abide by the Master Development Plan, enforceable in international arbitration, will, of necessity be publicly opposed by the homeowners.

    As Your Honor observed at the October 11, 2019 conference, a sale that does not include a binding commitment to honor the Master Development Plan will create economic issues for the government and Danske Bank, jeopardize the success of the sales effort itself and harm innocent homeowners.  In the absence of that commitment, homeowners will have no choice but to take action to protect their interests that inevitably will frustrate the sale process in its entirety.

    Respectfully submitted,

    Marc Wolinsky