

Thomas McC. Souther
Telephone: (646) 558-6052
souther@freehsporkinsullivan.com

Thomas McC. Souther
Freeh Sporkin & Sullivan, LLP
350 Fifth Avenue
Suite 6903
New York, New York 10118

October 29, 2019

**BY ECF**

The Honorable Joseph F. Bianco
United States Circuit Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:    **United States of America v. Kenner, et al, Cr. No. 13-607 (JFB)**

Dear Judge Bianco:

Kevin P. Mulry of Farrell Fritz, P.C. and I represent Diamante Cabo San Lucas, LLC, Diamante Cabo San Lucas S. de R.L. de C.V., KAJ Holdings, LLC, Diamante Properties, LLC, and Kenneth A. Jowdy (together, the "DCSL Parties") in connection with the forfeiture proceeding in this case. The DCSL Parties object to the proposed Revised Preliminary Orders of Forfeiture submitted by the Government on October 17, 2019, for the reasons articulated previously, and join in the concerns expressed on behalf of Danske Bank and by Marc Wolinsky in their most recent letters, dated October 18, 2019 and October 21, 2019, respectively.

The DCSL Parties believe that three points raised in the foregoing letters warrant comment on their behalf. There is something fundamentally unfair about the Government including a list of names of individuals and entities in the carve out language contained in paragraph (A)(6)(iv) of the proposed orders without having to articulate the Government's basis for believing: (1) the individual or entity has an ownership interest in the property, and (2) if they have an ownership interest that such ownership interest was not obtained through a bona fide purchase for value. The one example addressed by the Government at the hearing on October 11, 2019 involved two Danske Bank employees named in prior versions of the proposed orders who the Government argued had been included because they had spent time at Mr. Jowdy's home at the resort. The Court noted that a

1

person having spent time at Mr. Jowdy's home represented "a pretty thin basis" to put their names in a preliminary forfeiture order. (10/11/19 Transcript, p. 40). The names of the two Danske Bank employees have been removed from the Revised Preliminary Orders of Forfeiture submitted by the Government. In order to avoid the potential reputational harm to individuals from having their names included by the Court in a preliminary forfeiture order, the DCSL Parties ask the Court to direct the Government to provide to the Court its reasonable basis to believe that: (1) the persons listed in the forfeiture order have an ownership interest in the property, and (2) their ownership interest was not obtained through a bona fide purchase for value.

The second point is one that was raised by Mr. Wolinsky and relates to the current developer's commitment to the Master Development Plan. The property acquired in Cabo San Lucas Mexico in March of 2006 was approximately 1,500 acres of raw, undeveloped land along the Pacific coast of the Baja Peninsula that had no infrastructure. The developer had a vision for what would become the Resort and that vision was reflected in the Master Development Plan. While some of the Master Development Plan has been implemented, there are still several major components of the plan that have not been initiated or completed. The Master Development Plan, however, has been one of the factors that has made this Resort unique and distinctive. The DCSL Parties believe that it will be important to adhere to the Master Development Plan as the project moves forward not only to attract new homeowners, but also to maintain the vision for the development that attracted the existing homeowners and time share members to this Resort in the first place.

Finally, a point of clarification may be appropriate with respect to the parameters and logistics of the planned appraisal of the project by the Government, which it intends to conduct on November 18-21, 2019. When the Government announced at the October 11th conference that it was planning to conduct an appraisal of the Resort the week of November 18, 2019 it came as a surprise to the DCSL Parties and others, but was welcomed by all of the parties, as well as by the Court. When we spoke with the Government last week about the logistics of the appraisal, however, it was not quite what we expected. We were informed by the Government that as of last week:

- The team planning to visit the Resort for four days during the week of November 18, 2019 consists of three Assistant United States Attorneys from the Eastern District of New York and two or three representatives from the US Marshals Service in Washington, DC.

- None of the five or six individuals identified as participating in the visit are appraisers.

- The US Marshals Service is in the process of engaging an appraiser to perform the actual appraisal and they were optimistic that the engagement process would be completed by November 18, 2019.

The DCSL Parties question the need for five or six Government representatives—including three Assistant U.S. Attorneys without any appraisal experience—to travel to Mexico to participate in an appraisal of the Resort that is being done by a third-party appraisal company commissioned by the US Marshals Service. Nevertheless, the DCSL Parties are prepared to assist in whatever way they can to facilitate a process that is comprehensive, complete, and fair to all parties, including the DCSL Parties, and provides the minimal amount of disruption to the day-to-day operations of the Resort as possible. However, we are troubled that an appraiser has not yet been retained for a four-day on-site

appraisal of a property in Mexico that is intended to take place in three weeks.  In order to minimize any potential disruption to the day-to-day operations at the Resort to the greatest extent practicable, the DCSL Parties believe it is unreasonable for the Government to expect to have several Assistant U.S. Attorneys and members of the US Marshals Service make an initial four day visit, followed by a later site visit by an appraiser.  Accordingly, we ask that no on-site appraisal take place without the appraiser being present.  In addition, we ask that the Government be directed to complete the on-site portion of its appraisal in one four-day visit, and if the appraiser that the Government eventually retains to perform the appraisal is not prepared to proceed the week of November 18th, we ask that the on-site portion of the Government's appraisal be rescheduled to dates when the appraiser is available.  We also ask that the Government be directed to identify in advance the names and affiliations of all individuals it intends to have present for the on-site appraisal in Mexico.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Thomas McC. Souther*

Thomas McC. Souther

cc:     All parties of record via ECF
Doreen S. Martin, Esq. (By Email)
Kevin P. Mulry, Esq. (By Email)
Marc Wolinsky, Esq. (By Email)
Phillip A. Kenner (By first-class mail)