

October 30, 2019

George Kostolampros

T 202.344.4426
F 202.344.8300
gkostolampros@venable.com

**VIA ECF**

The Honorable Joseph F. Bianco
Visiting Circuit Judge (sitting by designation in below referenced matter)
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

      Re:    **United States of America v. Kenner, Cr. No. 13-607 (JFB)**

Dear Judge Bianco,

      We write on behalf of Danske Bank A/S London Branch ("Danske") to object to defendant Philip Kenner's October 21, 2019 request for the 2015 and 2017 Jones Lang LaSalle appraisals (each a "JLL Appraisal" and together, the "JLL Appraisals") of Diamante Cabo San Lucas (the "Resort Property"). Mr. Kenner's request should be denied. The JLL Appraisals contain sensitive information that, were it to reach the public domain, could prove to be prejudicial to the smooth progression of the interlocutory sale. On this basis, Danske strongly opposes release of the seal on these JLL Appraisals as any leakage (in part or in full) could be detrimental to the preservation of Danske's collateral. The Court has already concluded, in connection with Danske's September 27, 2019 motion to seal, that the 2017 JLL Appraisal is confidential[1] and Mr. Kenner's letter provides no basis for the Court to reconsider its decision.

      On September 26, 2019, Danske submitted a letter to the Court outlining its position regarding the government's proposed preliminary orders of forfeiture. In the letter, Danske referenced the 2017 JLL Appraisal and submitted a copy of it, for the Court's review, under a separate motion to seal. The Court reviewed Danske's motion to seal, determined that the 2017 JLL Appraisal contained confidential information and granted Danske's motion. The Court's conclusion is amply supported by case law holding that material should be sealed to prevent commercial harm. *See, e.g.*, *Rensselaer Polytechnic Inst. & CF Dynamic Advances LLC v.*

---

[1] The 2015 JLL Appraisal includes information that is substantively similar to the information included in the 2017 JLL Appraisal. As such, it should also be considered confidential and be kept under seal for the same reasons the 2017 JLL Appraisal was deemed confidential and sealed.



The Honorable Joseph F. Bianco
October 30, 2019
Page 2

*Amazon.com, Inc.*, 1:18-cv-00549 (BKS/CFH), 2019 U.S. Dist. LEXIS 116674, at *6 (N.D.N.Y. June 18, 2019).

      Mr. Kenner has offered the Court no reason to veer from this conclusion. In his October 21, 2019 letter request, Mr. Kenner appears to suggest that the JLL Appraisals will assist him in confirming the "agreed upon settlement value" of an unrelated civil litigation and that this confirmation may allow him to prove that any dissipation of value is due to others' conduct. The JLL Appraisals, however, are irrelevant to Mr. Kenner's forfeiture argument as he does not articulate how the JLL Appraisals will "confirm the agreed upon settlement value" of a civil litigation or, more importantly, how confirming that value is relevant to his sentence or the scope of the forfeiture as applied to him.

      Thank you for the Court's consideration.

Respectfully,

George Kostolampros
Doreen S. Martin

cc:    All parties of record via ECF
        Thomas McC. Souther, Esq. and Kevin P. Mulry, Esq. (by email)
        Marc Wolinsky, Esq. (Diamante Doce, LLC) (by email)
        CSL Properties 2006, LLC (by overnight mail)