**Ad Hoc Group of Diamante Homeowners**
**Diamante Resort**
**Boulevard Diamante S/N**
**23473 Cabo San Lucas, BCS**
**Mexico**

November 1, 2019

**Via ECF**

The Honorable Joseph F. Bianco
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York  11722

   Re: United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

  We collectively own in excess of $50 million of property at Diamante.  We write in brief reply to the October 30, 2019 letter submitted by the government in response to Marc Wolinsky's letter of October 21, 2019.

  We joined in Mr. Wolinsky's letter when it was sent and join in it now.  The points he made were simple:  (a) it would be hugely harmful to everyone associated with Diamante for the Court to authorize a sale process that is doomed to fail because it cannot reasonably be expected to achieve a sales price in excess of the Danske Bank loan; and (b) it would be hugely harmful to the sales process itself if the government pursues a sale that will engender the uniform and unwavering opposition of the homeowners.  The government simply has not addressed these points.

  Instead, it throws down the gauntlet to Danske Bank, characterizing it as a "potential claimant" with a "purported claim," and asks for a sales process that could consume as much as 18 months, without any consideration of whether the Resort can stay afloat during this extended period of time.  This is not an idle concern:  our understanding is that six Diamante employees in

Hon. Joseph F. Bianco
November 1, 2019
Page 2

the construction/design office recently lost their jobs due to the cost cutting forced on Diamante by the government's actions. With land sales grinding to a halt, and the ability to effect time share sales in this situation in question, the situation will only grow worse.

The government also dismisses Mr. Wolinsky's concerns as those of a single homeowner, writing that "there are numerous other homeowners, as well as the other entities at the resort, that have not yet been heard and who may have different views from Mr. Wolinsky." We want to be clear: the letters submitted by our group represent the concerns of all of us, and are representative of the concerns that we believe every homeowner would have if they were apprised of the situation.

We all made major investments in our Diamante homes in good faith, with the clearly expressed understanding of what the master plan for the community was, including specific restrictions on building size, location and style, infrastructure build out and golf course management. This plan has been followed by the developers for the dozen years since its beginning. The concern that the master plan that defines Diamante as a first class, residential resort community will be dramatically altered to our detriment, that high rises will obstruct the views that we now enjoy and that our private golf courses will be turned into public facilities are real. The fact that Your Honor's courtroom has not been inundated with irate and concerned homeowners does not reflect lack of unanimity in this view. It reflects the fact that we, as a group, have decided that it was better to avoid the chaos at the Resort that would result from widely-publicizing the government's litigation position. That will not and, in consideration of

Hon. Joseph F. Bianco
November 1, 2019
Page 3

our neighbors, cannot continue if the misguided course that the government is urging is put into a court order.

The government therefore is totally misguided in claiming that we are demanding that "it recognize rights that were never legally guaranteed to the homeowners in the first place." As Mr. Wolinsky was clear at the conference, his comments were made before he had consulted with Mexican counsel, which was scheduled to happen that afternoon. He added: that "is a place where I didn't want to be." Tr. 45. We don't want to be in that position either. But we will litigate in Mexico if we have to, and will litigate in this Court as well.

But the overriding point is that in the real world, as the Court itself recognized, a sale that engenders the opposition of the homeowners and that is mired in litigation in Mexico and the United States is doomed to fail. If the government, in what can only be ascribed to a total lack of business sophistication,[1] cannot recognize this reality, we respectfully request that the Court do so.

The government will be visiting the Resort with its appraisers in just over two weeks. The appraisal can be prepared promptly after that. If, as we believe, the property is underwater, the government and, if not the government, the Court will be in a better position to decide

---

[1] That lack of sophistication is evidenced by footnote 1 in the government's letter, in which it states that the fact that our property is valued at in excess of $50 million — value put at risk by the government's actions — means that there is equity in the Resort itself. Apples and oranges. The land we purchased from the Resort was either improved at our expense or built out by Diamante. The value of our completed homes stands separate and apart from the value of the property at the Resort, which consists largely of land projected for future development that will require in excess of $850 million in hard and soft costs and SG&A to complete.

Hon. Joseph F. Bianco
November 1, 2019
Page 4

whether it makes sense to go forward with a forced sale of the Resort at all.  The government offers no practical reason why the portion of the Order providing for forfeiture needs to be entered now.  This process has been going on for over four years.  The Court has the ability to sentence Mr. Kenner while the final scope of the order of forfeiture is established.  There is no prejudice.  We therefore renew our request that the Court defer its decision on whether to enter a Preliminary Order of Forfeiture until after the appraisal is received.

Respectfully submitted,

| | |
|---|---|
| Norman Goldberg<br>Bethesda, MD | Todd and Tracy Foreman<br>Potomac, MD |
| Margaret Downing and Gary Baily<br>Surrey, British Columbia | Bruce and Elsa Greene<br>Redwood City, CA |
| Michael and Jamie Gerson<br>Pacific Grove, CA | Spencer Young<br>Farmington, Utah |
| James and Virginia Panoff<br>Westlake, TX | Paul Garcia<br>Atlanta, GA |
| Lois and Roger Linn<br>Fort Worth, TX | David and Martha Plager<br>Indianapolis, IN |