**Marc Wolinsky**
**Diamante Doce, LLC**
**252 Seventh Avenue – PH O**
**New York, NY  10001**

**(212) 403-1226**

December 4, 2019

**Via ECF**

The Honorable Joseph F. Bianco
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York  11722

      Re:    United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

On behalf of an expanded group of Ad Hoc Group of Diamante Homeowners, which now includes approximately 30 homeowners with significantly in excess of $100 million in property, I write to update the Court with respect to two matters:

1.    As I mentioned at the last conference, homeowners have retained counsel in Mexico.  On the basis of their advice, homeowners in the Beach Estate Condominium section of the Diamante Resort have called a formal meeting of the Condominium to adopt a resolution limiting the authority of the Administrator of the Beach Estate Condominium to approve any modifications to the Diamante Master Plan.  The meeting has been called for December 30, 2019, and we have the votes to pass the resolution.  This will effectively prevent the owner of Diamante or any future owner/developer from deviating from the Master Plan without the consent of the Beach Estate homeowners.

We hope that Diamante will recognize the authority and effectiveness of the resolution, and that Danske Bank and the government will not challenge its validity.  Assuming this all happens, our concerns with respect to the maintenance of the master development plan will be

Hon. Joseph F. Bianco
December 4, 2019
Page 2

reduced. They will not be eliminated, however: when we bought our homes, we did not plan that we would also be buying litigation with a new owner. Our counsel in Mexico has advised that consummating a sale over the objection of the homeowners will be very difficult if not impossible to achieve, and homeowners must of course reserve their right to oppose a sale that does not fully protect their interests.

2. Our concerns with respect to the impact of the current proceedings on the viability and operation of the Resort have been heightened. Significant layoffs have already occurred, and our understanding is that the project will go cash flow negative by May 2020. Appraisers retained by the U.S. Marshals Service visited the Resort on November 20, 2019, and indicated at that time that they expected that an appraisal could be completed in approximately 30 days. While that date may have slipped somewhat, the Court should in relatively short order know whether there is a realistic expectation of realizing proceeds in excess of the $180 million Danske Bank loan.

If, as we suspect, a bona fide appraisal indicates that there is no equity in the Resort, we would expect the government to reconsider its effort to force a sale and allow the Resort to move on free from the existing injunction and avoid the impending cash crunch. To date, the government has not stated whether it will insist on proceeding with a sale if the appraisal comes in below the $180 million debt to Danske Bank. The Court deserves an answer, as do we. In any event, we do not believe that the Court should Order a sale that has no prospect of providing a recovery to the victims of Mr. Kenner's fraud and that will only harm the Resort, homeowners and the many hundreds of employees who depend on the Resort for their livelihoods.

Hon. Joseph F. Bianco
December 4, 2019
Page 3

Unfortunately, I will be unable to attend the December 6, 2019 conference due to a medical matter. I thank you in advance therefore for your consideration of our concerns.

                          Respectfully submitted,

                          Marc Wolinsky