

U.S. Department of Justice

United States Attorney
Eastern District of New York

SK/JMH
F. #2013R00948

610 Federal Plaza
Central Islip, New York 11722

December 27, 2019

By Hand and ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
for the Court of Appeals, Second Circuit
100 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Philip A. Kenner and Tommy C. Constantine
       Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

  The government respectfully submits this letter to supplement its sentencing memorandum dated November 1, 2019, see ECF No. 765, with regard to restitution. Specifically, the government provides herein a revised total calculation of losses incurred by victims John Kaiser ($1,280,000), Ethel Kaiser ($66,666.67), Theodore Hughes ($66,666.67), and Robert Rizzi ($66,666.67). The government also responds herein to the Court's instructions concerning certain offset claims made by defendant Philip Kenner concerning victim Owen Nolan. See generally Tr. of Hr'g at 55-60, 65-70 (Dec. 6, 2019).

  For the reasons set forth below and in the government's earlier sentencing filing, the government respectfully requests that the Court impose restitution in the amounts set forth in the table enclosed as Exhibit A.

  The government separately notes that it continues to review its records to address the defendants' claims that they did not receive certain items during pre-trial discovery. See id. at 26-48. The government will update the Court on this issue soon.

I. Revised Restitution Claims

  On November 1, 2019, the government filed its sentencing memorandum, which included a section addressed to restitution. ECF No. 765 at 27-32. As noted, the government "limited its proposed restitution amounts to the scheme charged in the indictment and proven at trial." Id. at 31.

As relevant here, the government noted a claim for John Kaiser ("Kaiser") of $200,000. The government has conducted a further review of Kaiser's trial testimony and other documentation, and respectfully submits that the defendants should be ordered to pay restitution, jointly and severally, to Kaiser of at least $1,280,000, and to each of Ethel Kaiser, Theodore Hughes, and Robert Rizzi, in the amount of $66,666.67.

A.    Hawaii

Kaiser testified that he loaned $1 million to a holding company as directed by Kenner, for the Hawaii project. Tr. at 976. The loan was supposed to pay ten percent and mature in thirty days, so Kaiser expected a return on investment of $100,000. Tr. at 977-78. Kaiser later testified that the interest rate may have been "between eight and ten percent." Tr. at 1211, l. 24. Kaiser contributed $180,000 of this loan, Tr. at 977, l. 10, and family and friends contributed the balance of $820,000. Tr. at 977, ll. 11-20. When Kenner failed to repay the loan as agreed, Kaiser paid back that $820,000, with interest. Tr. at 980, ll. 19-20. Accordingly, for this aspect of his losses, Kaiser is owed the original $1 million principal, plus eight percent, for a total of $1,080,000.[1]

B.    Eufora

Kaiser testified that he personally invested $200,000 in Eufora. Tr. at 1015. Kaiser also testified that he sent another $200,000 to be invested in Eufora on behalf of Ethel Kaiser, Theodore Hughes, and Robert Rizzi. Tr. at 1059-60.

Kaiser did not testify at trial as to the breakdown of this $200,000 investment among Rizzi, Hughes, and Ethel Kaiser. In 2011, however, Kaiser filed an affidavit in a civil action averring that this $200,000 investment was "split equally among Rizzi, Hughes, and [Ethel Kaiser]." See Aff. of John Kaiser at 5, ¶ 13, Hughes v. Constantine, No. 11-CV-2692 (JFB), ECF No. 4 (June 3, 2011).[2] This prior statement is consistent with Ethel Kaiser's trial testimony that she invested "around $70,000" in Eufora. See Tr. at 935, ll. 22-24.

---

[1]    Kaiser also testified that he received other monies from Kenner totaling $910,000. See generally Tr. 987-988. These payments do not offset any of Kaiser's losses that are compensable in restitution because they related to other debts or obligations, specifically: payroll owed to Kaiser ($195,000, Tr. at 988, ll. 4-5); monies that Kaiser had "put into the [Hawaii] project, all the funding prior to 2006" ($605,000, Tr. at 988, ll. 5-14); a loan made to Kenner for closing costs on the Lehman loan ($100,000, plus interest of $10,000, Tr. at 987, ll. 17-22).

[2]    In this same affidavit, Kaiser attests that he had invested "approximately $275,000" in Eufora. See Aff. at 1-2, ¶ 2.

Accordingly, for these Eufora losses, Ethel Kaiser, Hughes, and Rizzi should each be awarded restitution in the amount of $66,666.67.[3]

C. <u>Revised Restitution Request</u>

The government therefore respectfully submits that the Court should award restitution in the amounts set forth in the attached Exhibit A, which reflects the above-referenced adjustments. The net impact is to increase Kenner and Constantine's joint and several liability by $1,280,000 from the government's earlier submission.

II. <u>Kenner's Claims of Offsets Relating to Victim Owen Nolan</u>

At the status conference held on December 6, 2019, defendant Kenner stated, in sum and substance, that Owen Nolan and Kenneth Jowdy had entered into a settlement valued at approximately $350,000, in or around 2008, and that this settlement should be offset against any restitution due to Nolan from Kenner. Based upon discussions with Nolan's counsel and counsel for the DCSL parties, it is the government's understanding that no settlement matching Kenner's description exists, either in "2008 [or] 2009" (Tr. 56, l. 17), or at any other time. Based upon those same discussions, it is the government's understanding that Nolan's counsel and counsel for the DCSL parties are unaware of any settlement between Nolan and Jowdy that would offset any losses compensable in restitution owed by Kenner to Nolan. <u>See</u> also ECF No. 780 at 6 (regarding forfeiture).[4]

\* \* \*

---

[3] The government anticipates that Hughes and Rizzi will file supplemental affidavits of loss prior to sentencing.

[4] The government anticipates, per discussions with Nolan's counsel, that Nolan will file a supplemental affidavit of loss in connection with restitution.

The government will update the Court soon regarding the defendants' claims that they did not receive certain items during pre-trial discovery.

The government thanks the Court for its consideration of this letter.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/
        Saritha Komatireddy
        J. Matthew Haggans
        Assistant U.S. Attorneys
        (718) 254-7000

cc:     All counsel of record (via ECF)
       Philip A. Kenner, defendant pro se (via certified mail)

EXHIBIT A[1]

| Victim | Kenner | Constantine |
|---|---|---|
| Bryan Berard | $781,852 | $406,852 |
| Sergei Gonchar | $899,221 | $899,221 |
| *Theodore Hughes* | *$66,666.67* | *$66,666.67* |
| *Ethel Kaiser* | *$66,666.67* | *$66,666.67* |
| John Kaiser | *$1,280,000* | *$1,280,000* |
| Jay McKee | $250,000 | $250,000 |
| Glen Murray | $1,800,216 | $1,800,216 |
| Tyson Nash | $257,447 | $257,447 |
| Owen Nolan | $1,656,357 | $1,656,357 |
| Michael Peca | $1,601,839 | $1,601,839 |
| Nicholas Privitello | - | $200,000 |
| William Ranford | $700,000 | $700,000 |
| *Robert Rizzi* | *$66,666.67* | *$66,666.67* |
| Steven Rucchin | $1,167,092 | $1,168,092 |
| Darryl Sydor | $1,216,200 | $1,216,200 |
| *TOTAL* | *$11,810,224.01* | *$11,636,224.01* |

---

[1] Cf. ECF No. 765 at 30-31.  Changes from the government's earlier filing are represented in bold italicized text.