January 9, 2020

The Honorable Judge Bianco
U.S. District Court – EDNY
100 Federal Plaza
Central Islip, NY 11722

The Honorable Judge Bianco:

I am requesting that the Court so-order the enclosed subpoena to Ken Jowdy for the most current Diamante Cabo san Lucas Operating Agreement (of which Kenner is in control of the largest equity position thru Baja Ventures 2006, on behalf of himself, Jozef Stumpel [ECF 771], and Jere Lehtinen).

The requested documents is material to sentencing.  The current Diamante Cabo san Lucas ("DCSL") Operating Agreement should list the CLASS A MEMBERS (or otherwise) in DCSL -- which will include all changes made and authorized solely by Jowdy after the March 2006 closing (and original operating agreement).   The "credits against loss" calculation for guidelines and restitution calculations depends on verification that Nolan (like Juneau [tr.354]) and others have received DCSL equity from Jowdy as part and parcel to settlement agreement for all of his frauds, known or unknown, thru him personally or his related entities (aka. the various Jowdy LLCs that received Hawaii loan funds for Jowdy personally at his direction).  As such, the requested document will show the extent to which the "victims" have been compensated with an ownership interest in DCSL, which makes it highly material to sentencing.

Moreover, Mr. Jowdy should not be heard to object that the production of such document is unduly burdensome.  Indeed, it is my position that, as a shareholder, I am entitled to such document.  Nevertheless, to date my requests for a copy have been ignored.

In addition, I am writing to follow up on my previous request for a subpoena to obtain the settlement agreement between Jowdy and Nolan.  I was told by Jowdy, Bill Najam (Jowdy's general counsel) and Nolan's attorneys in 2009 that this document existed.  Please note that the government (ECF 780 at 6) claims, in carefully parsed language, that no "specific" document exists exactly as I described it during the December 6, 2019 hearing.   It is wholly disingenuous based on Kenner's courtroom representation that the agreement exists, the Joe Juneau testimony that his shared-Nolan attorney constructed the 1% Cabo transfer settlement for him with Jowdy (Tr.354) "with Tom [Harvey -- Jowdy's attorney]".  All of those settlements occurred at the same time after Nolan, Juneau and another

person (Ethan Moreau) sued Jowdy for his Mexico-Hawaii frauds in 2008-09 (before he settled with all of them).  Jowdy's settlement language included "Jowdy personally" and any money he received thru any Jowdy-nexus ("controlled entity like KAJ Holdings LLC in the Cabo Deal") (and identical to the 2017 settlement language Kenner read to the Court on December 6, 2019).   It is in the government's interest (and that of Nolan's attorneys) to deny the existence of the "exact agreement" based on Kenner's presentation earlier this month to the Court, but the 2017 agreement is specifically absent of the signatures of Nolan, Moreau and Berard (who all previously settled with Jowdy -- and could not be a party to the follow-up agreement).   Their actions speak loudly as circumstantial at a minimum, obvious in reality.

The government double-talk is another disingenuous attempt to circumvent their previous misrepresentations to the Court and not "trace the money" and follow precedent case law about loss amount (with proper credits for offsets in Ebbers, Novak), money judgment, forfeiture (statute and Nicolo-Voigt), and guidelines calculations (in Leonard and Ebbers).

The Supreme Court in 1990 in Hughey v. United States stated that, when the government has made a conscious decision to prosecute a case with specific allegations, those prosecutorial efforts to achieve a specific conviction have consequences.   They must live with those consequences.

                                          Respectfully submitted,

                                          Phillip Kenner