

|  | **U.S. Department of Justice** |
|---|---|
|  | *United States Attorney*<br>*Eastern District of New York* |
| SK/JMH<br>F. #2013R00948 | *610 Federal Plaza*<br>*Central Islip, New York 11722* |

January 29, 2020

<u>By Hand and ECF</u>

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

      Re: <u>United States v. Philip A. Kenner and Tommy C. Constantine
           Criminal Docket No. 13-607 (JFB)</u>

Dear Judge Bianco:

      The government respectfully submits this letter in connection with the Court's instructions to provide a revised Sentencing Guidelines calculation based upon the loss amount attributable to defendant Constantine. <u>See</u> generally Tr. of Hr'g at 39 (Jan. 22, 2020). The government incorporates by reference the charts contained in the government's forfeiture filing of earlier today (ECF No. 795), specifically, the charts contained in Sections I and II ("the Charts").

      If the Court adheres to the loss calculations set forth in the Chart contained in Section I, <u>see</u> ECF No. 795 at 1, and concludes that the loss amount reasonably foreseeable to Constantine for purposes of the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G.") was the amount set forth therein—$8,554,853.00—then Constantine's Guidelines calculations are impacted. Specifically, the resulting loss amount is greater than $3.5 million but less than $9.5 million, resulting in a net reduction of two points in Constantine's adjusted offense level as to the wire fraud conspiracy, to 37. <u>See</u> ECF No. 765 at 26; U.S.S.G. § 2B1.1(b)(1)(J). Because the correct money laundering offense level calculation resulting from this two-point deduction is also 37, <u>see</u> U.S.S.G. § 2S.1.1(a)(2)(B), the net impact is to reduce Constantine's total offense level to 37, with a corresponding Guidelines range of imprisonment of 235 to 293 months. The government adheres to its requested sentence of a substantial sentence of no less than 20 years as to Constantine, which

is within this Guidelines range, for all the reasons set forth in its prior submission.  See ECF No. 765.

If the Court adheres to the loss calculations set forth in the Chart contained in Section II of the government's letter filed today, see ECF No. 795 at 2, and concludes that the loss amount reasonably foreseeable to Constantine was therefore $12,271,856.59, then the Guidelines are unchanged.  See ECF No. 765 at 26; U.S.S.G. § 2B1.1(b)(1)(K)) (2018).

The government notes that the PSRs of both defendants were prepared at a time when the 2015 version of the Guidelines was in effect.  The government is not aware of any changes in the current version of the Guidelines impacting either of the Guidelines ranges applicable to the defendants.  In particular, the fraud loss table set forth in U.S.S.G. § 2B1.1(b)(1) is unchanged in the 2018 version as compared to 2015.

The government thanks the Court for its consideration of this letter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
Saritha Komatireddy
J. Matthew Haggans
Assistant U.S. Attorneys
(718) 254-7000

cc: All counsel of record (via ECF)
Philip A. Kenner, defendant pro se (via certified mail)
U.S. Probation Officer Shayna Bryant (by email)