

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SK/JMH                                     *610 Federal Plaza*
F. #2013R00948                             *Central Islip, New York 11722*


February 5, 2020


By Hand and ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

> Re:   United States v. Tommy C. Constantine
>       Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

The government respectfully submits this letter in further response to defendant Constantine's claim that he may not have received certain discovery in this case—specifically, text messages extracted from co-defendant Kenner's phone. The Court should adhere to its prior ruling that Constantine has failed to make the requisite showing for any relief. See ECF No. 729 at 28-29 n1.10.

I.      Background

During the course of the investigation in this case, on November 13, 2013, law enforcement agents executed a search warrant on defendant Kenner's home and seized documents and electronic devices, including multiple computers and a cellphone. Following the defendants' arrests and arraignments, on March 24, 2014, the government produced to Kenner the "imaged copies of the electronic devices that were recovered" from Kenner's home along with "an FBI report summarizing the documents and objects seized from Kenner's home, including the various electronic devices." See ECF No. 48 at 1 (government discovery letter); ECF No. 678 Ex. 2 (FBI report with inventory of items seized). Those materials then underwent a "privilege review." ECF No. 48 at 1. The firewall AUSA "reviewed the electronic materials seized" from Kenner's home and categorized the documents by their privilege status. See ECF Nos. 111 at 1. After completion of the privilege review, the government provided material deemed not privileged by the firewall AUSA to Constantine on two occasions. See ECF No. 165 (government discovery letter); ECF No. 198 (government discovery letter noting duplicative production of "text messages" and other files from "Kenner's laptop and/or cellphone" which were previously produced).

Neither Kenner nor Constantine, nor their various counsel, made any claims during the discovery process that these productions were incomplete or did not, in fact, contain text messages extracted from Kenner's cellphone.

The prosecution team received copies of the material deemed not privileged simultaneously with Constantine.  The prosecution team conducted a limited review of these materials before trial in order to cull out relevant items within the scope of the warrant that it intended to introduce as exhibits at trial.  The prosecution team did not cull out the text messages in question or mark them for use at trial.  See Trial Tr. 4232-35.  Kenner, however, did cull out a number of the text messages in question and disclose them in reciprocal discovery as exhibits that he intended to use in his defense case at trial.

At trial, the text messages extracted from Kenner's cellphone were discussed on multiple occasions.  During the government's case, Constantine elicited testimony from FBI personnel regarding the extraction of the text messages from Kenner's cellphone, and sought to compare those text messages with the screenshots of text messages (the so-called "bubble" text messages) extracted from Kenner's computer.  Trial Tr. at 3980.  During Kenner's defense case, Kenner explained that the text messages had been "turned over . . . during discovery" as part of "approximately 89,000 text messages . . . which were taken off of my iPhone."  Trial Tr. 4156-60.  Kenner also explained that he had the text messages available to him on the computer that he kept at defense table (where he and Constantine regularly consulted with each other and coordinated their defenses).  See Trial Tr. at 4123-24 ("the replacement computer that was given to me by [the government] during preparation for this trial" contained "almost 100,000 text messages that were turned over to us"); see, e.g., Trial Tr. at 4952, 5083-84 (the Court noting behavior consistent with a joint defense); Trial Tr. at 5087 (Constantine's counsel noting a coordinated defense strategy to "avoid direct conflicts").

Kenner's counsel then introduced a number of the text messages into evidence.  See K-203, K-204, K-205, K-206, K-207, K65, K-208, K-209, K-212, K-213, K-221, K-222, K-237, K-238, K-22.  Constantine's counsel also introduced one of the text messages into evidence.  See C-326.  Neither Kenner nor Constantine, nor their various counsel, lodged any objections or claimed unfair surprise when these text messages were discussed at trial.

In post-trial proceedings, Kenner repeatedly quoted from the text messages, and included copies of them in his briefing.  In particular, Kenner's post-trial motion filed on November 28, 2016 contained multiple lengthy appendices excerpting numerous text messages.  See ECF No. 417.  So have other motions.  See, e.g., ECF Nos. 668.  In the course of deciding those post-trial motions, the Court rejected the text messages as a basis for setting aside the verdict in this case or ordering a new trial.  See ECF No. 501 at 3-4 (concluding "after careful consideration of the parties' submissions, contentions at oral argument, and the extensive trial record," that "a new trial is not warranted because there is no real possibility that an innocent person has been convicted."); see also ECF No. 774.  Throughout nearly four years of post-trial proceedings, neither Kenner nor Constantine, nor

their various counsel, raised the possibility that Constantine had not received the text messages in discovery.

After years of pretrial discovery, trial, and post-trial litigation, Constantine's counsel recently suggested that "it is unclear exactly if and when Kenner's texts were disclosed to Constantine." ECF No. 704 at 2 n.4. Counsel does not (and cannot) state with certainty that the text messages were not disclosed. Counsel does not suggest that the government engaged in any misconduct or that the government intentionally withheld the text messages. Rather, counsel merely speculates that there may have been a glitch in the discovery productions. The Court should reject this speculation and move forward to sentencing.

II.     Analysis

"A defendant seeking a new trial on the basis of an alleged Brady violation bears the burden of demonstrating both that the Government suppressed exculpatory information and that the information was material." United States v. Douglas, 415 F. Supp. 2d 329, 336 (S.D.N.Y. 2006). Constantine has failed to meet this burden in each respect.

As an initial matter, Constantine has not established that the text messages extracted from Kenner's phone were, in fact, suppressed by the government. To the contrary, the record reflects that the contents of Kenner's phone were disclosed to Constantine following the privilege review. The government's discovery letters memorialized that disclosure, and neither Kenner nor Constantine noted any defect in the discovery productions at the time, or during the subsequent four years. See supra at p. 1; see also Kilkeary v. United States, No. 12-CV-2781, 2015 WL 3798061, at *8 (D.N.J. June 18, 2015) (relying on government discovery letter to conclude that discovery was provided); Novak v. United States, 10-CV-11975, 2012 WL 170885, at *3 (D. Mass. Jan. 20, 2012) (same).

Moreover, Constantine was well-aware of the existence and nature of the text messages because they were repeatedly referenced in pre-trial discovery, at trial, and in post-trial proceedings. See supra at p. 2. Indeed, the text messages were sitting on a computer at the defense table throughout the entirety of trial, and Constantine's own trial counsel asked about the text messages and introduced one of the text messages into evidence. See supra at p. 2. "Evidence is not 'suppressed' if the defendant either knew, . . . or should have known, . . . of the essential facts permitting him to take advantage" of it. United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982); see also United States v. Zackson, 6 F.3d 911, 919 (2d Cir. 1993) (information is also not suppressed where the defense is aware of facts that "may have warranted some additional investigation"); cf. United States v. Payne, 63 F.3d 1200, 1208 (2d Cir. 1995) (information that is part of public records may be constructively known to the defense where "defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation"); United States v. Bermudez, 526 F.2d 89, 100 (2d Cir. 1975) (defense counsel on notice of contents of state investigative file where counsel represented another defendant in state case).

Finally, Constantine has not established that the text messages were exculpatory or material.  "Allegedly suppressed evidence is material, for these purposes, only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Douglas, 415 F. Supp. 2d at 336.  In this case, the Court has stated unequivocally that the numerous text messages that it has already considered "were not exculpatory."  ECF No. 729 at 29.  The Court has further rejected the proposition that the text messages constituted meaningful evidence casting doubt on the verdict, noting that such communications between Kenner and the victims "merely furnished an additional basis on which to impeach" the victim witnesses.  Id.  The Court noted:

> Kenner's counsel extensively cross-examined each government witness at trial—indeed, the time expended on cross-examination often exceeded the length of direct testimony—and Kenner spent several days on the stand attempting to impugn the honesty of government witnesses with much of the same testimony and documents.  The Court has no doubt that, after nine weeks of trial and the admission of more than 1,000 exhibits, the jury had ample opportunity to evaluate the credibility of each and every witness and to consider Kenner's version of events.  The Court will not usurp that function by arrogating the power to resolve conflicting statements and narratives.

Id. (quoting earlier opinion).  The text messages were "therefore cumulative" of evidence and argument already presented at trial.  Id.  There is no reason to believe that additional questioning along those lines would have procured a different result.  As this Court has already concluded, "there is no real possibility that an innocent person has been convicted."  ECF No. 501 at 3-4.

For the foregoing reasons, the government respectfully requests that the Court adhere to its prior ruling that Constantine has failed to make the requisite showing for any relief, and proceed to sentencing.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
Saritha Komatireddy
J. Matthew Haggans
Assistant U.S. Attorneys
(718) 254-7000

cc:      All counsel of record (via ECF)
Philip A. Kenner, defendant pro se (via certified mail)