**John Kaiser**

| | |
|---|---|
| **From:** | phil kenner [phil@standardadvisors.com] |
| **Sent:** | Wednesday, July 12, 2006 3:06 PM |
| **To:** | Chris Manfredi; John Kaiser |
| **Subject:** | Representations and Warranties... |

John/ Chris:   Please review these comments for Section 11-16 below and make sure these representations are true.   I need to sign off on them before the closing.   I will NOT sign on the deal unless I am comfortable with the language due to future liabilities.   Some of the language might have changed a little, but please make me a comment on the language below and we will incorporate any changes to incorrect warranties below.   pk

Section 11-16

SECTION 1.1 Representations and Warranties.
(a)         JV Partner Representations.  JV Partner represents and warrants that the following are true and correct as of the date hereof, and that same shall be correct as of Closing:
(i)         JV Partner is a limited liability company duly formed, validly existing and in good standing under the laws of the State of Delaware.  JV Partner is not the subject debtor under any federal, state or local bankruptcy or insolvency proceeding, or any other proceeding for dissolution, liquidation or winding up of its assets.
(ii)        The execution and delivery of this Agreement and all other documents, instruments and agreements to be executed in connection with the transactions contemplated by this Agreement (the ³Transaction Documents²) have been duly and validly authorized by all necessary actions of JV Partner, and shall constitute the legal, valid and binding obligations of JV Partner enforceable against JV Partner in accordance with the terms hereof and thereof except as the enforcement thereof may be limited by bankruptcy, insolvency, reorganization, liquidation, receivership, moratorium or other similar laws related to or affecting the enforcement of creditors¹ rights generally or by general principles of equity, regardless of whether such enforceability is considered in a proceeding in equity or at law.
(iii)       No consent, waiver, approval or authorization of or notice to any other Person (including any governmental entity) is required to be made, obtained or given by JV Partner (or the various Kenner Parties that are the current owners of the Property and Options) in connection with the execution, delivery and performance of the limited liability company operating agreement of JV Partner, this Agreement or any other Transaction Document except for those which have been heretofore obtained.
(iv)        Neither the execution or delivery of this Agreement nor any other Transaction Document does or will, with or without the giving of notice, lapse of time or both, (i) violate, conflict with or constitute a default under any term or provision of (A) any agreement to which JV Partner or any owner of the Property or Options is a party or by which it or the Property and/or Options are bound, or (B) any judgment, decree, order, statute, injunction, rule or regulation of a governmental entity applicable to JV Partner, Company or Property Owner, or by which it or its assets or properties are bound, or (ii) result in the creation of any lien or encumbrance upon JV Partner, the owners of the Property or Options, or the Property or Options themselves.
(v)         JV Partner was duly formed and is validly existing and in good standing under the laws of the jurisdiction of its formation.  JV Partner is duly qualified or licensed to do business and in good standing in each jurisdiction in which the nature of its business or the ownership or leasing of its properties makes such qualification or licensing necessary. True, correct and complete copies of all organizational documents governing the affairs and operations of JV Partner, and the minute books of each of the foregoing, have been delivered to Windwalker.
(vi)        Neither JV Partner, nor the owners of the Property and Options, own any properties or interests other than the Property and Options and, in

1

the case of JV Partner, its Company Interest. JV Partner Controls all entities that own the Property and Options.

(vii) Neither JV Partner nor any owner of the Property or Options has ever (i) filed a voluntary petition in bankruptcy, (ii) been adjudicated as bankrupt or insolvent or filed a petition or action seeking any reorganization, arrangement, recapitalization, readjustment, liquidation, dissolution or similar relief under any federal bankruptcy act or any other laws, (iii) sought or acquiesced in the appointment of any trustee, receiver, or liquidator of all or any substantial part of its properties, personal property or any portion thereof, or (iv) made an assignment for the benefit of creditors or admitted in writing its inability to pay its debts generally as the same become due.

(viii) Neither JV Partner nor any owner of the Property or Options, nor any Affiliate of any of the foregoing, nor any entity Controlled by Philip Kenner (collectively, "Kenner Parties"), has received written notice of, nor is any action or proceeding pending or threatened, which (1) questions the validity of this Agreement or any action taken or to be taken pursuant hereto or in connection herewith, (2) will result in any material adverse change in the value or condition of the Property, (3) may result in or subject the Property, Options, Property Owner, Company or Windwalker to a material liability, (4) involves condemnation of eminent domain proceedings against any part of the Property or Options, or (5) otherwise relates to or involves any Kenner Party, Company, Property Owner or the Property or Options.

(ix) The fee simple interest in the Property is owned by the following entities: [KENNER TO PROVIDE]. The Options are held free and clear by the following entities: [KENNER TO PROVIDE]. There do not exist any rights of first refusal or other rights to purchase, lease, or otherwise occupy or obtain occupancy rights with respect to the Property or parcels subject to the Options except as set forth in Schedule 11.16. JV Partner represents that all of the occupancy rights identified on Schedule 11.16 are terminable upon no more than one hundred twenty (120) days' notice.

(x) To JV Partner's knowledge, other than (a) documents recorded in the public records, and (b) the contracts listed on Schedule 11.16, there are no agreements, leases, licenses, occupancy agreements, restrictions or covenants affecting the Property which will be binding on Property Owner, Company, the Property or property that is the subject of the Options subsequent to the Closing.

(xi) (a) All Kenner Parties have complied with, and no Kenner Party is in violation of, any applicable federal, state or local statutes, laws, rules and regulations affecting the Property or the property that is the subject of the Options, or the business conducted on any of the foregoing; and (b) the Property and the use and operation thereof does not violate any federal, state, municipal and other governmental statutes, ordinances, bylaws, rules, regulations or any other legal requirements, including, without limitation, those relating to construction, occupancy, zoning, adequacy of parking, environmental protection, occupational health and safety and fire safety applicable thereto. All Kenner Parties are in compliance and in good standing with all permits, approvals, licenses, grants and other similar items from governmental entities relating to, or affecting the Property, and all of such permits, approvals, licenses, grants and other similar items are in full effect.

(xii) (i) During the period of any Kenner Party's ownership of the Property, to JV Partner's knowledge, except as set forth on Schedule 11.16, no Person has stored or disposed of, released or caused the release of any hazardous substance on the Property or any portion thereof, the removal of which is required or the maintenance of which is prohibited or penalized by any applicable federal, state or local statutes, laws, ordinances, rules or regulations, (ii) to JV Partner's knowledge, prior to any Kenner Party's period of ownership of the Property, no Person stored or disposed of (or engaged in the business of storing or disposing of) or has released or caused the release of any hazardous substance on the Property, or any portion thereof, the removal of which is required or the maintenance of which is prohibited or penalized by any applicable federal, state or local statutes, laws, ordinances, rules or regulations, and (iii) to JV Partner's knowledge, the Property and properties that are the subject of the Options are free from any hazardous substance, other than as may be disclosed in the

2

following environmental reports, complete copies of which have been provided to Windwalker: [KENNER TO PROVIDE].
(xiii)    To JV Partner's knowledge, Exhibit D contains copies of all fire, liability, title and other forms of insurance (exclusive of workers compensation) applicable to the Property and property that is the subject of the Options.  To JV Partner's knowledge, all insurance policies applicable to the Property and property that is the subject of the Options are in full force and effect, all premiums with respect thereto covering all periods up to and including the calendar year 2006 have been paid, no notice of cancellation or termination has been received with respect to any such policy, such policies are sufficient for compliance with (i) all requirements of law and (ii) all Contracts, and are valid, outstanding and enforceable policies.  No Kenner Party has received written notice from any insurance carrier of defects or inadequacies in the Property which, if uncorrected, would result in a termination of insurance coverage or an increase in the premiums charged therefor.
(xiv)     There are no contracts that affect the Property other than those identified on Schedule 11.16 (³Contracts²).  True and complete copies of all Contracts have been delivered to Windwalker.  The Contracts were entered into in the ordinary course, in good faith and on an arms-length basis in connection with the ownership and operation of the Property.  There is no Contract that is not terminable upon Closing without payment of any fee or penalty.
(xv)      No Kenner Party has any other rights with respect to any parcels of real property on the Big Island of Hawaii except for the Property, the properties that are the subject of the Options, and the Homes Sites.

[margin note: Lots sold in 2013 to pay for ongoing Mexico litigation v. Jowdy -- after Kaiser tried to steal, list and sell the lots himself in 2010 -- See **Kaiser -- Big Isle 6 lots sale fraud FOLDER**]

(xvi)     Following Closing, there shall be no liens, encumbrances or other interests inuring to the benefit of a secured party with respect to the Property except for the matters disclosed on the title reports obtained and approved by Windwalker with respect to the Property.

[margin note: Kenner's Hawaii home]

(xvii)    The only debt of the Kenner Parties relating to the Property is the Parcel 2 Debt and Parcel 3 Debt.  There are no agreements or understandings, written or oral, with respect to the Parcel 2 Debt and Parcel 3 Debt other than the documents listed on Schedule 11.16-A (³Parcel 2 Debt Documents²) and Schedule 11.16-B (³Parcel 3 Debt Documents²).  No party holding any interest as lender and/or secured party with respect to the Parcel 2 Debt or Parcel 3 Debt is JV Partner or a Kenner Party or otherwise directly or indirectly affiliated in any way with JV Partner (other than in connection with the business dealings described below).  Neither JV Partner, nor any Kenner Party, nor any family member of Philip Kenner, shall benefit directly or indirectly from the payment (in cash or in kind) of the Parcel 2 Debt or Parcel 3 Debt.  Notwithstanding the foregoing, Windwalker acknowledges that JV Partner may be involved in business transactions unrelated to the Property with the holders of Parcel 2 Debt and Parcel 3 Debt.

[margin note: Centrum and Constantine FULL DISCLOSURE]

(xviii)   All representations and warranties of Property Owner set forth in Section [___] of that certain Loan Agreement [REFERENCE TO REPRESENTATIONS SECTION IN LOAN AGREEMENT] dated as of the date hereof evidencing the Lehman Loan are true and correct in all respects.
(xix)     No Kenner Party or any agent or representative thereof has entered into any written or oral agreement with any other party relating to a transaction that, if entered into during the Negotiation Period, would violate the terms of Section 12.1 below.
(b)       Breach of JV Partner Representations.  The representations and warranties made in this Agreement by JV Partner shall survive the Closing for a period of twelve (12) months.  Any claim that Windwalker may have at any time against JV Partner for a breach of any such representation or warranty, whether known or unknown, which is not asserted within the applicable period described above will not be valid or effective, and JV Partner will have no liability with respect thereto.  If, after the Closing, Windwalker obtains actual knowledge or has reason to believe that any of the representations or warranties made herein by JV Partner are untrue, inaccurate or incorrect in any material respect, Windwalker shall give JV Partner written notice thereof.  JV Partner agrees to indemnify and hold harmless the Windwalker Indemnified Parties from and against any and all obligations, claims, losses, damages, liabilities, and expenses (including, without limitation, reasonable attorneys' and accountants' fees and

disbursements) to the extent arising out of (A) events or contractual obligations, acts, or omissions of any Kenner Parties that occurred in connection with the ownership or operation of the Property prior to the Effective Date, (B) any damage to property or injury to or death of any person occurring on or about or in connection with the Property or any portion thereof at any time or times prior to the Effective Date, or (C) a breach of any representation or warranty made by JV Partner hereunder. At Windwalker's election, Windwalker may collect any amounts payable by JV Partner under this Section 11.16(b) by setting such amounts off against the sums that would otherwise be distributable to JV Partner under the terms of Sections 2.1, 4.1, 4.2 or 10.2 hereof unless JV Partner has disputed Windwalker's entitlement to such amounts and such dispute has not been settled by the parties or adjudicated by a court or arbitral tribunal of competent jurisdiction. If there is no current Net Cash Flow currently available to pay amounts as they come due from JV Partner under this Section 11.16, then any amounts owing to any Windwalker Indemnified Parties under this Section 11.16 shall accrue interest at the Default Loan Rate until paid in full.

(c)     Windwalker Representations. Windwalker represents and warrants as follows as of the date hereof:

(i)     Windwalker is a limited liability company duly formed and currently subsisting under the laws of the State of Delaware. Windwalker is not the subject debtor under any federal, state or local bankruptcy or insolvency proceeding, or any other proceeding for dissolution, liquidation or winding up of its assets.

(ii)    The execution and delivery of this Agreement and all other Transaction Documents have been duly and validly authorized by all necessary actions of Windwalker and shall constitute the legal, valid and binding obligations of Windwalker enforceable against Windwalker in accordance with the terms hereof and thereof except as the enforcement thereof may be limited by bankruptcy, insolvency, reorganization, liquidation, receivership, moratorium or other similar laws related to or affecting the enforcement of creditors' rights generally or by general principles of equity, regardless of whether such enforceability is considered in a proceeding in equity or at law.

(iii)   No consent, waiver, approval or authorization of or notice to any other Person is required to be made, obtained or given by Windwalker in order to execute and deliver this Agreement or any other Transaction Document and consummate the transactions contemplated hereby and thereby except for those which have been heretofore obtained.

(iv)    Neither the execution or delivery of this Agreement nor any other Transaction Document does or will, with or without the giving of notice, lapse of time or both, (i) violate, conflict with or constitute a default under any term or provision of (A) any agreement to which Windwalker is a party or by which it is bound, or (B) any judgment, decree, order, statute, injunction, rule or regulation of a governmental entity applicable to Windwalker or by which Windwalker or its assets or properties are bound, or (ii) result in the creation of any lien or encumbrance upon Windwalker or its assets.

(v)     Windwalker was duly formed and is validly existing and in good standing under the laws of the jurisdiction of its formation. Windwalker is duly qualified or licensed to do business and in good standing in each jurisdiction in which the nature of its business or the ownership or leasing of its properties makes such qualification or licensing necessary. True, correct and complete copies of all organizational documents governing the affairs and operations of Windwalker, and the minute books of each of the foregoing, have been delivered to JV Partner.

(vi)    None of Windwalker, any Affiliate thereof, Alan J. Worden nor any entity Controlled by him has ever (i) filed a voluntary petition in bankruptcy, (ii) been adjudicated as bankrupt or insolvent or filed a petition or action seeking any reorganization, arrangement, recapitalization, readjustment, liquidation, dissolution or similar relief under any federal bankruptcy act or any other laws, (iii) sought or acquiesced in the appointment of any trustee, receiver, or liquidator of all or any substantial part of its properties, personal property or any portion thereof, or (iv) made an assignment for the benefit of creditors or admitted in writing its inability to pay its debts generally as the same become due.

(vii)      None of Windwalker, any Affiliate thereof, Alan J. Worden nor any entity Controlled by him, has received written notice of, nor is any action or proceeding pending or threatened, which (1) questions the validity of this Agreement or any action taken or to be taken pursuant hereto or in connection herewith, (2) will result in any material adverse change in the value or condition of the Property, (3) may result in or subject the Property, Options, Property Owner, Company or Windwalker to a material liability, (4) involves condemnation of eminent domain proceedings against any part of the Property or Options, or (5) otherwise relates to or involves Windwalker, any Affiliate thereof, Alan J. Worden or any entity Controlled by him.

ED-00003165