# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

ASB TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE 808.523.2500   FAX 808.523.0842
WWW.CARLSMITH.COM

DIRECT DIAL NO.
808.523.2532

JYAMAMURA@CARLSMITH.COM

OUR REFERENCE NO.:
055348-00002

July 15, 2005

Centrum Financial Services, Inc.
Suite 1300
2101 Fourth Avenue
Seattle, Washington 98121

Attention: Bruce Berreth

    Re:    <u>US$3,000,000.00 Loan to Big Isle V Ventures, LLC</u>

Gentlemen/Ladies:

    We have acted as Hawaii legal counsel to Big Isle V Ventures, LLC, a Delaware limited liability company ("Borrower"), in connection with a loan in the principal amount of THREE MILLION AND NO/100 DOLLARS (US$3,000,000.00) (the "Loan") to be made by Centrum Financial Services, Inc. ("Lender") to Borrower. This opinion letter is being rendered pursuant to Lender's requirement. Except as otherwise indicated, capitalized terms used herein are defined as set forth in the Accord (defined below), as modified by the Report (as defined below), as appropriate.

    As counsel for Borrower in connection with the Loan, we have reviewed copies of the loan documents listed immediately below (collectively, the "Loan Documents"), in the form furnished to us by your counsel (Nakamoto, Okamoto & Yamamoto), but we have neither witnessed the execution thereof, nor examined executed originals or executed copies of such documents. We have also made such other legal and factual examinations and inquiries as we deemed necessary or advisable for the purpose of rendering this opinion.

    <u>Loan Documents</u>:

    (1)    Promissory Note by Borrower in favor of Lender;

    (2)    Mortgage by Borrower in favor of Lender; and

    (3)    Hazardous Substance Certificate and Indemnity by Borrower in favor of Lender.

Centrum Financial Services, Inc.
July 15, 2005
Page 2

In accordance with Hawaii practice, we have relied on certificates of public officials as we have deemed necessary. With respect to all representations and warranties made in favor of Lender by Borrower, we have relied solely upon the information and assurances provided to us by Borrower, and have made no independent investigation in connection therewith. For this opinion letter, we have also assumed, with your approval, the genuineness of all signatures, the authenticity of all documents purporting to be originals, and the conformity to originals of all documents purporting to be copies or facsimiles of originals.

This opinion is governed by, and shall be interpreted in accordance with the Legal Opinion Accord (the "Accord") of the ABA Section of Business Law (1991), as modified by the Report on the Adaptation of the Accord of the ABA Section of Real Property, Probate and Trust Law and the American College of Real Estate Lawyers (1993) (the "Report"), as to opinions pertaining to Real Estate Secured Transactions or to security interests in Real Property. As a consequence, it is subject to a number of qualifications, exceptions, definitions, limitations on coverage and other limitations, all as more particularly described herein, and in the Accord and the Report, and this opinion shall be read and construed in conjunction therewith. In the event of any conflict between the provisions of the Accord and the Report and this opinion, the provisions of this opinion shall control.

With your express consent and approval, this opinion is given as if the existing internal laws of the State of Hawaii govern the Loan Documents, without regard to whether such Loan Documents so provide. The law covered by the opinions expressed herein is limited to the federal laws of the United States and the laws of the State of Hawaii. We assume no obligation to supplement this opinion if any applicable laws change after the date of this opinion, or if we become aware of any facts that might change the opinions expressed herein after the date of this opinion.

Based upon and subject to all of the qualifications set forth below, we are of the opinion that:

1. The Loan Documents, when executed and delivered by Borrower, will be enforceable in accordance with their respective terms and shall constitute the valid and legally binding obligations of Borrower.

2. Based solely on the information and assurances provided to us by Borrower, the Loan proceeds will be used exclusively for commercial and business purposes only.

3. The amounts to be received by Lender as interest payments under the Promissory Note will not violate Hawaii's usury statutes (Hawaii Revised Statutes, Chapter 478).

The General Qualifications as defined in the Accord apply to the opinions set forth in paragraphs #1 and #3 above.

In addition, our opinions set forth in paragraph #1 above are qualified to the extent that the enforceability of the obligations of Borrower under the Loan Documents is subject to the

Centrum Financial Services, Inc.
July 15, 2005
Page 3

effect of court decisions, invoking statutes or principles of equity, which have held that certain covenants and provisions of agreements are unenforceable where (a) the breach of such covenants or provisions imposes certain restrictions or burdens upon the debtor, such as the acceleration of indebtedness due under debt instruments, and it cannot be demonstrated that the enforcement of such restrictions or burdens is reasonably necessary for the protection of the creditor, or (b) the creditor's enforcement of such covenants or provisions under the circumstances would violate the creditor's implied covenant of good faith and fair dealing. Accordingly, certain provisions of the Loan Documents may not be enforceable; nevertheless, such unenforceability will not render the Loan Documents invalid as a whole or preclude (i) judicial enforcement of the obligation to repay the principal, together with interest thereon (to the extent not deemed a penalty) as provided in the Loan Documents, and (ii) the acceleration of the obligation to repay such principal, together with such interest, upon a material default in the payment of such principal or interest, and there exist, in the Loan Documents or pursuant to applicable law, legally adequate remedies for a realization of the principal benefits and/or security intended to be provided by the Loan Documents.

In addition to the limitations on our opinions set forth herein, our opinions and the rights and remedies set forth in the Loan Documents are subject to the following qualifications:

A. These opinions may be relied upon by Lender only in connection with the Loan, and, unless our prior written consent is obtained, should not be used, restated, reprinted or relied upon by third parties for any purpose whatsoever.

B. In the event that there are any modifications or amendments to the Loan Documents subsequent to the date of this opinion letter, unless acknowledged and agreed to by us in writing, the opinions set forth should be deemed as, and hereby are, withdrawn.

C. With respect to the opinions set forth above, and except as expressly set forth above, we have made no independent investigation as to the accuracy or completeness of any factual representations, warranties, data or other information, written or oral, made or furnished to Lender or to us or by Borrower in connection with the transaction contemplated by the Loan Documents. The preparation and submission of this opinion is not, and should not be deemed to be, any representation or warranty as to the financial capacity or resources of Borrower to perform their respective obligations under the Loan Documents.

In this opinion, we express no opinion as to legality, validity, binding nature or enforceability (whether in accordance with their respective terms or otherwise) of the Loan Documents insofar as they provide for the payment or reimbursement of costs, fees, expenses or indemnification for claims, losses or liabilities in an unreasonable amount or to the extent they may be determined to constitute penalties, and the enforceability of any provision purporting to reserve rights and remedies notwithstanding the failure to exercise such rights and remedies.

We have made no examination of, and express no opinion as to, title to any of the property (real or personal) described in the Loan Documents. We also express no opinion as to:

Centrum Financial Services, Inc.
July 15, 2005
Page 4

(a) the sufficiency of the description of any collateral; and/or (b) the perfection or priority of any lien or security interest in real or personal property described in any Loan Document.

This opinion has been rendered and speaks only as of the date of this opinion. We assume no obligation to advise you or any other party of any changes, whether or not material, which may be brought to our attention at a later date with respect to the matters as described above. This opinion is limited to the matters stated herein and no opinion is implied or may be inferred beyond the matters expressly stated.

This opinion is not and should not be construed as a guarantee or a contract of indemnity, but is an expression of our professional opinion with respect to the matters described in or contemplated by this opinion. Your acceptance upon delivery of this opinion shall be deemed conclusively to establish that you have consented to and approved all of the assumptions, limitations, qualifications, and exceptions contained in this opinion.

Very truly yours,

**CARLSMITH BALL LLP**

By: _____
Jon T. Yamamura

xc:  Big Isle V Ventures, LLC
     Steven S. C. Lim, Esq.