

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/JMH
F. #2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

February 26, 2020

By Hand and ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Philip A. Kenner & Tommy C. Constantine
               Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

The government respectfully submits this letter to provide the Court with revised calculations of the applicable United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") to both defendants, as ordered by the Court at the most recent status conference held February 13, 2020.  See generally Tr. (Feb. 13, 2020) ("the February 13 Conference" or "Tr.").

I.    Guidelines Calculations as to Constantine

At the February 13 Conference, the Court resolved defendant Constantine's remaining objections to his Pre-Sentence Investigation Report ("the Constantine PSR").  See generally Tr. of February 13 Conference at 9-21.  The Guidelines calculations resulting from the Court's rulings are reflected below for convenience (with citations to the transcript of the February 13 Conference where appropriate):

Conspiracy to Commit Wire Fraud and Wire Fraud

| | |
|---|---:|
| Base Offense Level (U.S.S.G. § 2B1.1(a)(1)) | 7 |
| Plus: Loss Greater than $3.5 Million (§ 2B1.1(b)(1)(J)) (see Tr. at 10) | +18 |
| Plus: Involved More than 10 Victims (§ 2B1.1(b)(2)(A)) (see Tr. at 13) | +2 |
| Plus: Sophisticated Means (§ 2B1.1(b)(10)(C)) (see Tr. at 14) | +2 |

| | | |
|---|---|---:|
| Plus: Role in the Offense (§ 3B1.1(c)) (see Tr. at 16-17) | | **+2** |
| Adjusted Offense Level: | | **31** |

Conspiracy to Commit Money Laundering

| | | |
|---|---|---:|
| Offense Level for Underlying Offense (U.S.S.G. § 2S1.1(a)(1)) | | 28 |
| Plus: Convicted Under 18 U.S.C. § 1956 (§ 2S1.1(b)(2)(B)) | | **+2** |
| Plus: Role in the Offense (§ 3B1.1(c)) | | **+2** |
| Adjusted Offense Level: | | **32** |
| Greater of the Adjusted Offense Levels (§ 3D1.3(a)) | | **32** |

Constantine is within Criminal History Category II. Accordingly, the applicable advisory Guidelines range of imprisonment is 135 to 168 months. Cf. Tr. at 18.

The Court also instructed the government to file a revised loss amount calculation as to Constantine, reflecting the loss amounts attributable to the Hawaii project (but excluding the lines of credit), GSF, and Eufora. That table is reflected below.

| **Investor** | **Scheme** | **Loss Amount** |
|---|---|---|
| Berard, Bryan | Hawaii | $100,000.00 |
| Kaiser, Ethel | Hawaii | $700,000.00 |
| Kaiser, John | Hawaii | $1,000,000.00 |
| McKee, Jay | GSF | $250,000.00 |
| Murray, Glen | Hawaii | $100,000.00 |
| | Eufora | $250,000.00 |
| | GSF | $250,000.00 |
| Nash, Tyson | Hawaii | $100,000.00 |
| | Eufora | $100,000.00 |
| | GSF | $100,000.00 |

2

| Investor | Scheme | Loss Amount |
|---|---|---|
| Peca, Michael | Hawaii | $100,000.00 |
|  | Eufora | $100,000.00 |
|  | GSF | $250,000.00 |
| Privitello, Nicholas | Eufora | $200,000.00 |
| Ranford, William | Eufora | $400,000.00 |
|  | GSF | $300,000.00 |
| Rucchin, Steven | Hawaii | $100,000.00 |
|  | Eufora | $250,000.00 |
|  | GSF | $50,000.00 |
| Stevenson, Turner | GSF | $100,000.00 |
| Sydor, Darryl | Hawaii | $100,000.00 |
|  | Eufora | $50,000.00 |
|  | GSF | $250,000.00 |
| **LOSS AMOUNT TOTAL—CONSTANTINE** | | **$5,200,000.00** |

Cf. Constantine PSR at ¶ 31; Tr. at 11, ll. 6-7.

II.   Guidelines Calculations as to Kenner

At the February 13 Conference, the Court resolved defendant Kenner's remaining objections to his PSR ("the Kenner PSR"). See generally Tr. of February 13 Conference at 21-31. The Court also concluded that the loss amount for Guidelines purposes was greater than $9.5 million. Tr. at 22. The Guidelines calculations resulting from the Court's rulings are reflected below for convenience (with citations to the transcript of the February 13 Conference where appropriate):

3

Conspiracy to Commit Wire Fraud and Wire Fraud

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2B1.1(a)(1)) | | 7 |
| Plus: | Loss Greater than $9.5 Million (§ 2B1.1(b)(1)(K)) (see Tr. at 22) | +20 |
| Plus: | Involved More than 10 Victims (§ 2B1.1(b)(2)(A)) (see Tr. at 22) | +2 |
| Plus: | Sophisticated Means (§ 2B1.1(b)(10)(C)) (see Tr. at 22) | +2 |
| Plus: | Role in the Offense as Organizer or Leader (§ 3B1.1(c)) (see Tr. at 26-28) | +4 |
| Plus: | Abuse of a Position of Trust (§ 3B1.3) (see Tr. at 28-30) | +2 |
| Plus: | Obstruction of Justice (§ 3C1.1) (see Tr. at 22-26) | +2 |
| Adjusted Offense Level: | | **39** |

Conspiracy to Commit Money Laundering

| | | |
|---|---|---:|
| Offense Level for Underlying Offense (U.S.S.G. § 2S1.1(a)(1)) | | 30 |
| Plus: | Convicted Under 18 U.S.C. § 1956 (§ 2S1.1(b)(2)(B)) | +2 |
| Plus: | Role in the Offense (§ 3B1.1(c)) | +2 |
| Plus: | Obstruction of Justice (§ 3C1.1) | +2 |
| Adjusted Offense Level: | | **36** |
| Greater of the Adjusted Offense Levels (§ 3D1.3(a)) | | **39** |

Kenner is within Criminal History Category I. Accordingly, the applicable advisory Guidelines range of imprisonment is 262 to 327 months. Cf. Tr. at 31.

The Court also directed the government to review the loss amount table prepared by Probation as to Kenner to ensure that it incorporated all of the losses attributable to the Hawaii Project (including the lines of credit), GSF, and Eufora, as well as Ledbetter. See Tr. at 21. That table is reflected below.

| Investor | Scheme | Loss Amount |
|---|---|---|
| Berard, Bryan | Hawaii | $100,000.00 |
|  | Line of Credit | $649,405.00 |
|  | Ledbetter | $375,000.00 |
| Gonchar, Sergei | Line of Credit | $899,221.00 |
| Kaiser, Ethel | Hawaii | $700,000.00 |
| Kaiser, John | Hawaii | $1,000,000.00 |
| McKee, Jay | GSF | $250,000.00 |
| Murray, Glen | Hawaii | $100,000.00 |
|  | Line of Credit | $1,242,769.00 |
|  | Eufora | $250,000.00 |
|  | GSF | $250,000.00 |
| Nash, Tyson | Hawaii | $100,000.00 |
|  | Eufora | $100,000.00 |
|  | GSF | $100,000.00 |
| Nolan, Owen | Line of Credit | $2,198,910.00 |
| Peca, Michael | Hawaii | $100,000.00 |
|  | Line of Credit | $1,794,392.00 |
|  | Eufora | $100,000.00 |
|  | GSF | $250,000.00 |
| Privitello, Nicholas | Eufora | $200,000.00 |
| Ranford, William | Eufora | $400,000.00 |
|  | GSF | $300,000.00 |

| Investor | Scheme | Loss Amount |
|---|---|---|
| Rucchin, Steven | Hawaii | $100,000.00 |
| | Line of Credit | $856,200.00 |
| | Eufora | $250,000.00 |
| | GSF | $50,000.00 |
| Stevenson, Turner | GSF | $100,000.00 |
| Sydor, Darryl | Hawaii | $100,000.00 |
| | Line of Credit | $856,200.00 |
| | Eufora | $50,000.00 |
| | GSF | $250,000.00 |
| **LOSS AMOUNT TOTAL—KENNER** | | **$14,072,097.00** |

Cf. Kenner PSR at ¶ 29; see also Tr. at 21, ll. 18-20.

III.     Credits Against Restitution

At the February 13 Conference, the Court also inquired whether the defendants would receive credit against any restitution obligations if the victims recovered funds via some other means (such as an interlocutory sale of the Mexico resort).  See Tr. at 56-57.

The law provides a means for the defendants to seek such credit after the imposition of sentence.  See Gov't Sentencing Mem., ECF No. 765, at 27-32.

Following imposition of a judgment that includes restitution, the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office works with Probation and the Clerk of Court to supervise the collection and processing of recoveries against the defendants' restitution obligations.  If the defendants believe that they are entitled to credits or offsets against those obligations based upon later recoveries by the victims, they can submit that information to Probation and the FLU.  Restitution may only be offset by funds actually recovered by a victim.  United States v. McGinn, 787 F.3d 116, 131 (2d Cir. 2015).

The sentencing court retains jurisdiction to resolve any disputes that may arise. See 18 U.S.C. § 3664(e).  All disputes as to the proper amount or type of restitution "shall be resolved by the court by the preponderance of the evidence."  18 U.S.C. § 3664(e).  "With respect to requests by defendants for credits against their restitution obligations," the burden

of proof rests with the defendant, who "normally . . . has an affirmative goal and presumptive access to proof." United States v. Smathers, 879 F.3d 453, 460-61 (2d Cir. 2018) (citations omitted).

In Smathers, the Second Circuit outlined the procedure that a defendant may follow in such a circumstance: by filing a motion with the sentencing court to reduce, or offset, the restitution amount based upon some other recovery. Id. at 457. After the district court rules on such an application, that ruling is subject to review on appeal for abuse of discretion. Id. at 459 (citation omitted).

IV.   Conclusion

The government thanks the Court for its consideration of this letter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
Saritha Komatireddy
J. Matthew Haggans
Assistant U.S. Attorneys
(718) 254-7000

cc:   All counsel of record (via ECF)
Philip A. Kenner, pro se (via U.S. Mail)
U.S. Probation Officer Shayna Bryant (via email)