DCL:MMO
F.# 2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

- against -

PHILLIP A. KENNER,
   also known as,
     "Philip A. Kenner,"

     Defendant.

- - - - - - - - - - - - - - - - -X

PRELIMINARY
ORDER OF FORFEITURE

13-CR-607 (S-1) (JFB)

     WHEREAS, on or about July 9, 2015, PHILLIP A. KENNER, also known as "Philip A. Kenner" (the "defendant"), was convicted after a jury trial of the offenses charged in Counts One through Four, Seven and Nine of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 1343, 1349, and 1956(h); and

     WHEREAS, following hearings held on February 12, 2016, March 9, 2016, April 4, 2016, and April 6, 2016, and further briefing by the parties, the Court has determined that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), and 28 U.S.C. § 2461(c), the defendant must forfeit the amount of seventeen million, seven hundred six thousand, three hundred ninety-five dollars and zero cents ($17,706,395.00) (the "Forfeiture Money Judgment"), as well as all right, title and interest in the following:

     A.    the proceeds of an interlocutory sale (the "Interlocutory Sale") of the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo

San Lucas, B.C.S., Mexico 23473 (the "DCSL Resort"),[1] which Interlocutory Sale shall be conducted pursuant to Court order, provided, however, that in the event the Interlocutory Sale does not close within eighteen (18) months of the date this Preliminary Order of Forfeiture ("Preliminary Order") is entered by the Court, and no further modification to this Preliminary Order is entered by the Court, the defendant must alternatively forfeit all right, title and interest in:

1. Baja Ventures 2006, LLC, and all proceeds traceable thereto, excluding all liabilities;

2. KAJ Holdings, LLC, and all proceeds traceable thereto, excluding all liabilities;

3. CSL Properties 2006, LLC, and all proceeds traceable thereto, excluding all liabilities;

4. Diamante Properties, LLC, and all proceeds traceable thereto, excluding all liabilities;

5. Somerset, LLC, and all proceeds traceable thereto, excluding all liabilities; and

6. the DCSL Resort,[2] and all proceeds traceable thereto, with the exception of the following rights, titles and/or interests in the DCSL Resort, which exception is subject to the limitations set forth below in subparagraph (iv):

    i. any and all timeshare membership interests that have been or will be purchased pursuant to a "Timeshare Service Agreement" or "Service Agreement" for "weekly vacation lodging rights" at the "Ocean Club Residences," the "Dunes Residence Club," the "Beach Estate Residence Club," the "Golf Villa

---

[1] To the extent it maximizes value, an interlocutory sale of the real property need not be limited to a sale of only the real property. The interlocutory sale can include, but is not limited to, a sale of any or all equity interest(s) in Diamante Cabo San Lucas S. de R.L. de C.V. (the "DCSL Mexican Entity") and/or Diamante Cabo San Lucas, LLC (the "DCSL U.S. Entity").

[2] The forfeiture of the real property need not be limited to the forfeiture of only the real property. The forfeiture can include, but is not limited to, forfeiture of: (a) the DCSL Mexican Entity, excluding all liabilities; (b) the DCSL U.S. Entity, excluding all liabilities; (c) any or all equity interest(s) in the DCSL Mexican Entity; and/or (d) any or all equity interest(s) in the DCSL U.S. Entity.

*United States v. Phillip A. Kenner, 13-CR-607 (S-1) (JFB)*
*Preliminary Order of Forfeiture*                                                                                    Page 2

      Residence Club," the "Casa Cardonal Residence Club," and/or "The Resort Club";

  ii. any and all ownership interests in the real property known as "Las Cantinas," the "Golf Villas Condominium," the "Beach Estates Development Condominium," the "Casitas Condominium," the "Dunes Residences Condominium," "Casa Cardonal," the "Sunset Hill Condominium," "San Marco," and/or the "Ocean Club Residences," that have been or will be purchased for residential purposes from the developer of the DCSL Resort pursuant to a "Promissory Agreement for the Sale of Real Estate for Residential Purposes" and/or a "Promise to Constitute a Trust Agreement";

  iii. the property, and all rights appurtenant to such property, that was purchased from the DCSL Resort by KTRC pursuant to an Irrevocable Transfer of Title and Management Trust Agreement, Subject to a Right to Reacquire, Number CIB/2176, executed on or about January 22, 2015, for purposes of developing and operating up to three hotels and a restaurant, including, but not limited to: (a) the Hard Rock Hotel Los Cabos Resort, owned by KTRC, located at Fraccionamiento Diamante Cabo San Lucas, Baja California Sur 23473 Mexico; and (b) Nobu Los Cabos, located at Poligono 1, Fraccion D, Fracc. Diamante Cabo San Lucas, Baja California Sur. Mexico. C.P. 23473;

  iv. however, the exception described in this paragraph (A)(6) above shall not apply to or be available to any interests owned or purchased, directly or indirectly, by: the defendant; Tommy C. Constantine; Kenneth A. Jowdy; Taffy Jowdy; current or former employees of Lehman Bank; current or former employees of Danske Bank A/S, London Branch; Con K Mex S de RL de CV; Terraplana Project R.L de C.V; Operadora Legacy; Legacy Properties, LLC; Legacy Cabo LLC; Ironman Marketing S de RL de CV; Brent Underdhal; Terry Harker; Greg Carrafiello; Eduardo Romo; Fernando Garcia; William J. Najam, Jr.; William Najam III; Modu Seye; Masood Bhatti; Gregory C. Filardi; Lenny Escudero; Ken Ayers;

        Robert Gaudet; Mark Thalman; Chris Haney; Shawn Hughes; Anthony Miranda; Dave Osborne; John Neuhoff; Patricia Formisano; Maya Neuhoff; Silverpeak Manager LLC; Brett Bossung; Mark Investments LLC; Jeffrey Mark; and/or SH55 LLC, as any such interests are subject to forfeiture;

B.    the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, and all proceeds traceable thereto; and

C.    one 1976 Falcon 10 airplane, Aircraft Serial Number: 69, Engine Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC, and all proceeds traceable thereto (the assets listed in (A) through (C) above are collectively referred to hereinafter as the "Forfeitable Assets")

as: (a) property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of the defendant's violations of 18 U.S.C. §§ 1343 and 1349; (b) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States: (a) the full amount of the Forfeiture Money Judgment; and (b) all right, title and interest in the Forfeitable Assets. The forfeiture of the Forfeitable Assets shall not be credited towards the Forfeiture Money Judgment. The defendant shall be jointly and severally liable for the Forfeiture Money Judgment with co-defendant Tommy C. Constantine up to the amount of eight million, five hundred fifty-four thousand, eight hundred fifty-three dollars and zero

cents ($8,554,853.00), and individually liable for the remaining sum of nine million, one hundred fifty-one thousand, five hundred forty-two dollars and zero cents ($9,151,542.00).

        2.        All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the United States Marshals Service with the criminal docket number noted on the face of the check.  The defendant shall cause said check(s) to be delivered by overnight mail to Assistant United States Attorney Diane Leonardo, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.  The Forfeiture Money Judgment shall be paid in full by the date of sentencing (the "Due Date").  If the Forfeiture Money Judgment is not paid in full on or before the date of the defendant's sentencing, the defendant shall forfeit any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

        3.        Upon entry of this Preliminary Order, the United States Attorney General or his designee is authorized to seize the Forfeitable Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.  Notwithstanding the foregoing, the United States will not seize the DCSL Resort prior to entry of a Final Order of Forfeiture or further Order of the Court, whichever occurs first.  The Post-Conviction Protective Order dated August 21, 2015, as modified by the Court's Modification to Post-Conviction Order dated February 7, 2017 (together, the "Protective Order"), shall remain in effect pending further Order of the Court, and any application to modify the Protective Order shall be made on good cause

shown and on notice to all parties and all other persons who have made submissions to the Court concerning the Protective Order.

4. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of Forfeitable Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeitable Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Forfeitable Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or not later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeitable Assets, and for an amendment of the Preliminary Order, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeitable Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and relief sought.

6. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeitable Assets or to any assets against which the government seeks to enforce the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the repatriation,

surrender and forfeiture of the Forfeitable Assets and the payment of the Forfeiture Money Judgment to the United States.  The defendant shall take whatever steps are necessary to ensure clear title to the Forfeitable Assets passes to the United States, including the execution of any and all documents necessary to effectuate the repatriation, surrender and forfeiture of the Forfeitable Assets to the United States.  If the Forfeitable Assets, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeitable Assets, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

7.  This Preliminary Order adjudicates the government's interest in the Forfeitable Assets without regard to any third party's interest in the property.  Pursuant to 21 U.S.C. § 853(n), the Court will address and resolve the interests of third parties after the entry of this Preliminary Order.

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction.  If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.  The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.  Following the Court's disposition of all third-party interests, or, if

none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), the United States alone shall hold title to the Forfeitable Assets.

10. The forfeiture of the Forfeitable Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution, or any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court "so ordering" the order.

13. The Court shall retain jurisdiction over this action to enforce this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Paralegal, Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York
_____, 2020

SO ORDERED:

_____
HONORABLE JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(SITTING BY DESIGNATION)
EASTERN DISTRICT OF NEW YORK