

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

George Kostolampros

T 202.344.4426
F 202.344.8300
gkostolampros@venable.com

May 6, 2020

**VIA ECF**

The Honorable Joseph F. Bianco
Visiting Circuit Judge (sitting by designation in below referenced matter)
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

Re:   **United States of America v. Kenner, Cr. No. 13-607 (JFB)**

Dear Judge Bianco,

We write on behalf of Danske Bank A/S London Branch ("Danske") to apprise the Court that Danske has contemporaneously filed its Verified Petition (a copy of which is attached to this letter) asserting its claim in the forfeiture proceedings before this Court and to respectfully request a telephonic conference to discuss a schedule to determine Danske's claim on an expedited basis.[1]

As of April 30, 2020, Danske's claim stood at approximately $197.1 million inclusive of default interest and unpaid costs and fees to which Danske is contractually entitled.  By September 2020, assuming interest continues not to be paid, Danske's aggregate claim will total approximately $211 million and it will continue to grow as the months pass.  Currently, due to the Covid-19 Pandemic, the Resort Property is essentially closed, which has resulted in staff furloughs and a complete cessation of revenue generation.  The lack of revenue and the continued effects of the global Pandemic have undoubtedly affected the value of the Resort adversely and this will continue through 2020 and likely into 2021.  Most importantly, the Resort will require additional liquidity to continue as a going concern through this immediate crisis and when travel and gathering restrictions are lifted.

Since the last time we spoke with the Court, Danske has produced to the government hundreds of additional pages of documents as well as a lengthy letter setting forth Danske's claim.[2] We have also had numerous settlement conversations with the government and believed those

---

[1] As a third-party claimant, for ECF filing purposes, counsel also respectfully requests that Danske be identified as an Interested Party on ECF.

[2] In addition to producing hundreds of pages since January 2019, Danske produced 270 other documents over the last several months.  This has included loan and trust agreements, their amendments and modifications, pledges, UCC financing statements, from November 2015 to October 2019.



The Honorable Joseph F. Bianco
May 6, 2020
Page 2

discussions were constructive and productive. Over the last couple of weeks, the government has not responded to Danske's latest offer that was transmitted on March 30, 2020. We advised the government on Friday, May 1, 2020 that, given that the government had not responded to Danske's offer, we would file Danske's Petition and request a court conference to set forth a schedule to expeditiously determine Danske's claim. Completely ignoring Danske's offer, the government responded later on May 1 by requesting additional "supporting" documents. Danske, however, has provided the government with all of the documents necessary to determine Danske's claim. This has included the underlying agreements, evidence that Danske's (and Lehman's original loan) interests were and are secured through a trust agreement and UCC filings, and Danske bank statements setting forth advances, as well as any payments of principal. It has become abundantly clear, however, that the government is on a fishing expedition. Why else would the government after years of this forfeiture proceeding not move forward with recognizing a commercial bank's claim as a lienholder when it is the Department of Justice's own policy to enter into settlements with valid lienholders?[3]

Time is of the essence because the Resort has no revenue-generating sales activities at this time and even when travel and other restrictions are lifted, sales activities will no doubt be substantially lower than budgeted and forecasted. In order to be in a position to re-open sales, the developer will require a liquidity infusion in order to continue operations and, importantly, continue development activities (even if at lower pace) so that timeshares and homes are available to be sold. Planning and lining up that liquidity infusion must occur now and cannot wait until some unforeseen date in the future. Danske has explained numerous times to the government that Danske cannot commit to providing additional liquidity to the Resort when its claim has not yet been recognized by the government or the Court. Further, there is no other source to additional liquidity—no third party will commit to providing liquidity given these proceedings and Danske's claim. A liquidity infusion will be needed by no later than late July 2020, which will allow for funds to be used to re-hire staff and re-start development activities in order to be prepared for the upcoming high season in the late Fall 2020 and through Spring 2021. It is thus imperative that a resolution is reached soon with the government or that Danske's claim be determined in an expedited ancillary proceeding.

Without a determination of Danske's claim, however, Danske will not and simply cannot provide the needed liquidity to allow for the Resort to continue as a going concern. Frankly, we are perplexed at why the government has not yet recognized Danske's claim or the urgency of this

---

[3]   For example, the government apparently is reviewing certain fees Danske charged to the borrower that under the loan agreements the borrower was required to reimburse Danske. These fees are a fraction of Danske's overall claim and do not warrant holding up a potential settlement. Additionally, without explanation, the government seems to be taking the position that Danske's bank statements, as well as statements from a third-party servicer of the loan, each of which set forth the dates of specific loan advances, are not enough to support that Danske and Lehman actually advanced funds to the borrower.



The Honorable Joseph F. Bianco
May 6, 2020
Page 3

matter. Danske has advanced millions of dollars to the Resort and is owed over $197 million, and interest continues to accrue unpaid. But for Danske and the previous lender's advances, the Resort would not include the improvements that have been made or have entered the Pandemic period as a going concern.

Although the government has not published notice of the Court's Preliminary Order of Forfeiture, given that the government appears unwilling to move forward with a settlement and does not appreciate the urgency of the matter, Danske requests that the Court move expeditiously to determine Danske's now filed claim. The Court can determine Danske's claim in a summary proceeding either through a motion for judgment on the pleadings or in a summary judgment motion. Danske has produced to the government thousands of pages of documents over 4 years and there is simply no reason to delay the determination of a commercial bank's loan totaling over $197 million. To the extent the government requests any additional discovery, such discovery is simply unnecessary as the government already has thousands of pages of documents setting forth Danske's claim. Even if there were some limited discovery that the government requested and the Court allowed, such discovery could and should proceed expeditiously.

Unfortunately, time has run out, and Danske has no choice but to move swiftly to obtain the resolution that it so badly needs. To that end, Danske now must file its petition contemporaneously with this letter and respectfully requests that the Court schedule a telephonic hearing on Danske's petition in order to set forth a schedule for determining Danske's claim.[4]

We thank the Court for its attention to this matter.

Respectfully,

George Kostolampros
Doreen S. Martin
Xochitl S. Strohbehn

cc: All parties of record via ECF
    Thomas McC. Souther, Esq. and Kevin P. Mulry, Esq. (by email)

---

[4] Given that Danske filed its petition, thus beginning the Ancillary Proceeding, there is no reason such hearing cannot proceed telephonically without defendants.