**Marc Wolinsky**
**Diamante Doce, LLC**
**Beach Estate 12**
**Diamante Resort**
**Cabo San Lucas, Mexico**

**(212) 403-1226**

May 13, 2020

**Via ECF**

The Honorable Joseph F. Bianco
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York  11722

    Re: United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

  I hope this letter finds Your Honor and Your Chambers healthy and safe.

  On behalf of an expanded group of Ad Hoc Group of Diamante Homeowners, which now includes approximately 30 homeowners with significantly in excess of $100 million in homes and home sites, I write to urge the Court to grant Danske Bank's May 6, 2020, request for an expedited resolution of the bank's petition for an order recognizing the priority and amount of its claim.  As Danske Bank advises, that claim is expected to grow to approximately $211 million by September 30, 2020.

  As Your Honor knows, the homeowners have constantly and repeatedly expressed their concern that the delay of the resolution of the forfeiture proceeding is harming their interests. The Covid-19 crisis has only heightened our concern.  I am writing to you from my home at the Diamante Resort and can report that the Resort is, as Danske Bank states, essentially shutdown. Security and maintenance are ongoing, as are the basic services and amenities necessary to maintain the health and safety (and sanity) of the 25 or so homeowners who are on property.  But

Hon. Joseph F. Bianco
May 13, 2020
Page 2

the property is on lockdown, no sales activity of any kind is taking place, and none can take place for the foreseeable future.  All other revenue generating activities at the Resort are also virtually shut down.  And, to state the obvious, there is no certainty as to when things will begin to approach normal or what that new normal will look like.

As a result, there is a deficit that can only be filled either with a new loan from Danske Bank or, in theory, from another lender willing to take a position subordinate to Danske Bank.  At a prior conference, before the Covid-19 crisis, when this issue was raised, Your Honor responded with confidence that Danske Bank would have an economic interest to fund the losses at the Resort in order to protect its priority position.  But at that time the Court assumed that there was no question over Danske Bank's priority; to my knowledge, the government never advised the Court that there was an issue over the amount or priority of the bank's claim.

The events of the past several months establish that that assumption is no longer valid.  The government has refused to recognize Danske Bank's claim.  It appears that this is being done for tactical, not substantive, reasons.  In light of this, Danske Bank understandably has taken the position that it cannot be expected to fund the ongoing losses at the Resort and maintain it as a going concern unless it knows that its priority lien is going to be respected.

No other source of funds is available at this juncture.  No commercial lender is going to fund the Resort's losses in light of the size of the debt owed to Danske Bank and the bank's priority position.  When the U.S. Marshall's Service visited the Resort, a Marshall assured a homeowner he met with that in the absence of funding from Danske Bank, the Marshall's Service would step in to fill the gap.  With the size of the gap now significantly greater, and the

Hon. Joseph F. Bianco
May 13, 2020
Page 3

pandemic-related demands on the United States treasury beyond anyone's wildest expectations, the notion that the United States government would fund losses at a Mexican golf resort on a subordinated basis is just not realistic. It is, therefore, imperative that the validity of the bank's claim be established now so that its continuing support of the Resort as a going concern can be secured.

At this stage, the prospect that the value of the resort exceeds $211 million (and growing) has to be in doubt. The government has not moved forward with forfeiture proceedings and, we submit, the reason is obvious: there is no prospect of a sale that would satisfy the bank's claim. The government has missed one opportunity after another to settle and, instead has used the threat of litigation against Danske Bank in an effort to extract concessions in the settlement negotiation it is not entitled to. We therefore urge the Court to proceed to swiftly resolve the bank's petition as a step forward in preventing further damage to the homeowners, to timeshare members, to the hundreds of workers whose livelihoods depend upon the success of the Resort and to Diamante itself.

Respectfully submitted,

Marc Wolinsky