Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

June 8, 2020

Seetha Ramachandran
Partner
d +1.212.969.3455
f 212.969.2900
sramachandran@proskauer.com
www.proskauer.com

<u>By ECF</u>

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

   Re: *United States v. Philip A. Kenner & Tommy C. Constantine*
      <u>Criminal Docket No. 13-607 (JFB) (E.D.N.Y.)</u>

Dear Judge Bianco:

  We represent Owen Nolan, a victim and an interested third party to forfeiture in the above-referenced matter. We write in support of Mr. Nolan's request for restitution.

  Having presided over the nine-week trial in this case, the Court is no doubt familiar with the facts of this case and that defendant Phillip Kenner committed his elaborate fraud by holding himself out as a trusted financial advisor to his clients, including a number of professional hockey players, and then abusing the trust placed in him to further his own selfish interests at his clients' expense. Mr. Nolan, who testified at trial for the government, was one of Mr. Kenner's defrauded clients. His losses exceed those of every other victim in this case and are substantially higher than the amount reflected in the government's sentencing memorandum.

  In its sentencing memorandum, the government set forth Mr. Nolan's restitution at $1,656,357. (Dkt. No. 765 at 31.) That number only includes the money that Mr. Nolan contributed to the various property and development projects at the heart of this matter. It does not include other pecuniary losses that Mr. Nolan suffered as a result of Mr. Kenner's criminal scheme, or prejudgment interest to which Mr. Nolan is also entitled. *See United States v. Qurashi*, 634 F.3d 699, 704 (2d Cir. 2011) (holding that "the [Mandatory Victim Restitution Act] allows a sentencing court to award prejudgment interest in a criminal restitution order").

  As set forth in Mr. Nolan's affidavit of loss, his losses total $10,084,137.27.[1] (*See* Exhibit A). His loss amount includes the following:

---

[1] Mr. Nolan's total loss is approximately four dollars more than the amount reflected in his affidavit of loss. The discrepancy is due to two scriveners' errors, one in the arbitration award

**Proskauer»**

The Honorable Joseph F. Bianco
June 8, 2020
Page 2

    (1) $2,709,987.38, which is supported by an arbitration award against Mr. Kenner, Standard Advisors, Inc., and Standard Advisors, LLC, and in favor of Mr. Nolan assessed on October 19, 2009. (*See* Exhibit B, a true and correct copy of the Amended Final Arbitration Award entered by a Commercial Arbitration Tribunal of the American Arbitration Association on October 19, 2009). That amount includes losses stemming from the Northern Trust Line of Credit ($2,200,000), as well as attorney' fees ($409,133.51), costs ($5,625), and prejudgment interest ($95,232.87);

    (2) $5,638,933.06, which represents the 10% interest assessed on the Arbitration Award from October 19, 2009 to December 31, 2019;

    (3) $60,068.83, which represents lost income and necessary child care, transportation, and other expenses related to the investigation and prosecution of the defendants' offenses and attendance at proceedings related to this matter;

    (4) Losses from the Arizona Airpark LLC ($550,000);

    (5) Losses from Little Isle IV ($100,000);

    (6) Euphora ($100,000).

As explained in his affidavit of loss, Mr. Nolan was forced to sell his home to repay Northern Trust Bank after Mr. Kenner had fraudulently opened a line of credit in Mr. Nolan's name and used it for his personal benefit. He lost additional money on the sale of his home (approximately $925,148), and those losses are properly included in his restitution amount. *See United States v. Boccagna*, 450 F.3d 107, 115 (2d Cir. 2006) (The "primary and overarching" goal of restitution "is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being."). While some of the development projects described above were not the focus of the government's case against Mr. Kenner and Mr. Constantine at trial, the MVRA nevertheless requires restitution for all losses arising from "criminal conduct in the course of [a] scheme" where a scheme is an element of the offense of conviction. 18 U.S.C. § 3663A(a)(2). Indeed, the Second Circuit has repeatedly reaffirmed that restitution for the offense of conviction encompasses all losses arising from the criminal conduct in the course of the fraudulent scheme charged in the count of conviction. *See, e.g.*, *United States v. Parnell*, No. 19-649-cr, 2020 WL 2529509, at *2 (2d Cir. May 19, 2020) ("Restitution under the MVRA encompasses losses arising from criminal conduct in the course of a scheme."); *United States v. Kinney*, 610 F. App'x 49, 52 (2d Cir. 2015) (permitting restitution for all losses caused by defendant's criminal conduct pursuant to a scheme to defraud that extended beyond the transaction related to the specific wire transmission identified in the

---

and in another in his affidavit. For simplicity's sake, we rely on the lower number reflected in the affidavit of loss.

**Proskauer»**

The Honorable Joseph F. Bianco
June 8, 2020
Page 3

count of conviction); *see also United States v. Hensley*, 91 F.3d 274, 277 (1st Cir. 1996) (holding that a "court may order restitution to every victim directly harmed by the defendant's conduct in the course of the scheme, conspiracy, or pattern of criminal activity that is an element of the offense of conviction, without regard to whether the particular criminal conduct of the defendant which directly harmed the victim was alleged in a count to which the defendant pled guilty, or was even charged in the indictment"). Further, the Second Circuit recently joined other Circuits in concluding that even losses that occurred outside the statute of limitations were compensable under the MVRA as long as the losses were attributable to the same underlying scheme, and that at least part of the scheme for which the defendant was convicted occurred within the limitations period. *Parnell*, 2020 WL 2529509, at *2 (joining the Sixth, Ninth, Tenth, and Eleventh Circuit). Here, Mr. Kenner clearly carried out a scheme to defraud Mr. Nolan and other victims by gaining their trust and persuading them to invest in various development projects and then stole their money, and the losses described above resulted from this scheme.

In light of these substantial losses, we respectfully request that the Court enter an order of restitution in the amount of $10,084,137.27 in favor of Mr. Nolan.

We plan to attend the Court's telephonic conference scheduled for June 10, 2020 on Mr. Nolan's behalf, and will be available to answer any questions the Court may have.

Respectfully submitted,

*/s/ Seetha Ramachandran*
SEETHA RAMACHANDRAN
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3455
sramachandran@proskauer.com

*Counsel for Owen Nolan*

cc:   All parties of record (via ECF)