

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JHK:DCL:MMO                             *610 Federal Plaza*
                                        *Central Islip, New York 11722*

June 9, 2020

Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
Long Island Federal Courthouse
Central Islip, New York 11722

        Re:    United States v. Kenner and Constantine
                  No. CR-13-607 (S-2) (JFB)

Dear Judge Bianco:

        The government respectfully writes in response to the pre-motion conference letter filed by Danske Bank A/S London Branch ("Danske") on May 19, 2020. See Docket Entry ("DE") 841. For the reasons set forth below, Danske's request to file a motion for summary judgment should be denied as premature.

        I.    Statutory Framework

        The post-trial ancillary proceeding is where third parties have an opportunity to establish their legal right, title or interest in criminally forfeited property. See 21 U.S.C. 853(n); Fed R. Crim. P. 32.2(c). Section 853(k) ensures an orderly process by establishing § 853(n) as the exclusive procedure for determining third party rights in criminal forfeiture cases, and expressly barring third parties from contesting the forfeiture in any other forum. See DSI Assocs. LLC v. United States, 496 F.3d 175, 183 (2d Cir. 2007) (following other circuits in holding that "third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited," and § 853(n) "provides the exclusive means by which a third party may lay claim to forfeited assets−after the order of forfeiture has been entered"); De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) (Section 853(k) makes it clear that the third party must wait until ancillary proceeding to assert his rights). In order to trigger the commencement of a third-party ancillary proceeding, the government must first publish notice of the forfeiture order and send notice to potential claimants. Fed. R. Crim. P. 32.2(b)(6)(A); 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, *within thirty days of* the final publication of notice or his receipt of notice under [21 U.S.C. § 853(n)(1)], whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.") (emphasis added).

A petition must set forth all legal bases for interests claimed in property subject to forfeiture.  21 U.S.C. § 853(n)(3); see also United States v. BCCI Holdings (Lux.), S.A., 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (collecting cases in which petitions filed under Section 1963(l) were dismissed for failure to identify nature of interest claimed).  All grounds for recovery must be set forth within the petition, and a claimant may not later amend the petition to assert additional grounds for relief.  See, e.g., United States v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006) (holding that claims not asserted in petition were statutorily time-barred); United States v. Strube, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (rejecting third-party claims as untimely because they were not raised in petition but first asserted in response to government's motion to dismiss).  A petition will therefore succeed or fail in its original and unamended form.

The ancillary proceeding closely resembles a civil action and, as such, is generally governed by the same procedures as those set forth in the Federal Rules of Civil Procedure.  See, e.g., Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004) (commenting that civil procedures aid efficient resolution of claims in ancillary proceeding).  In this regard, the Court may entertain motions to dismiss a petition "for lack of standing, for failure to state a claim, or for any other lawful reason."  Fed. R. Crim. P. 32.2(c)(1)(A).  In the event that a claim survives a motion to dismiss and, *after* the conclusion of a period of time for the parties to conduct any discovery that is necessary or desirable to resolve factual issues, a party may move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Crim. P. 32.2(c)(1)(B).

In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in an order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2).  United States v. Ribadeniera, 105 F.3d 833, 834-35 (2d Cir. 1997); see also United States v. Salti, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (holding that standing must be supported in same way as any other matter on which claimant bears burden of proof) (citation and internal quotation marks omitted); United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("[A] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.") (citation omitted).

Only after a claimant makes a threshold showing of standing under Section 853(n)(2) may a court reach the merits of a claim, at which point the court must determine whether the claimant has met his burden of showing that his legal interest is a "superior interest" as compared to the government's interest at the time of the acts giving rise to forfeiture. Pacheco, 393 F.3d at 351 ("burden ultimately on the petitioner to prove her claim by a preponderance of the evidence"); United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008) ("To prevail in the § 853(n) claim, [claimant] had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property . . . ."); Timley, 507 F.3d at 1130, n.2 (distinguishing between "legal interest" required for claimant to establish standing under Section 853(n)(2), and "superior legal interest" required for claimant to ultimately prevail on merits under Section 853(n)(6)); United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("The petitioner bears the burden of proving his right, title, or interest under Section 853(n)(6).").

In order to show a superior interest, a claimant must either demonstrate under Section 853(n)(6)(A) that he had priority of ownership over the forfeited property at the time of the offense, or must demonstrate under Section 853(n)(6)(B) that he subsequently acquired the property as a bona fide purchaser for value without cause to believe the property was subject to forfeiture. Ribadeniera, 105 F.3d at 834-35. In addition, under the relation back doctrine, the government's exclusive interest in forfeited property "vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c); Nava, 404 F.3d at 1124 ("The title to the forfeited property vests in the United States at the time the defendant commits the unlawful acts . . . .").

    II.    Adjudication of Danske's Petition via Its Motion for Summary Judgment Would Be Premature

        A. Danske's Petition was Filed Prematurely

Danske cannot force the commencement of an ancillary proceeding by filing a petition prior to the government noticing all potential third parties. As the statutory framework makes clear, the ancillary proceeding is not commenced until after the government publishes notice of a forfeiture order and sends notice to potential third-party claimants. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n). Despite Danske's assertions otherwise, the plain language of 21 U.S.C. § 853(n)(2) provides that a person may file a petition "within thirty days *of* the final publication of notice or his receipt of notice under [21 U.S.C. § 853(n)(1)], whichever is earlier." (emphasis added). The statutory language thus specifies that publication and noticing must occur first, as those events trigger a third party's right to file a petition. In this case, Danske filed its petition before the government took any such steps, which are designed to ensure that all other potential claimants can properly assert an interest in the forfeitable property. Accordingly, the adjudication of Danske's petition should be adjourned until after such time as the government takes appropriate steps to commence the ancillary proceeding.

        B. All Third Parties Must be Noticed Prior to the Court's Determination of Danske's Claim

The Court's interests in effective administration of justice and fairness to all potential third parties are best served by addressing all claimants' potential interests in the forfeitable property in one ancillary proceeding. See 21 U.S.C. § 853(n)(4) ("The court may consolidate the hearing on the petition with a hearing on any other petition . . . ."). Indeed, it is conceivable that another third party could come forward and claim an interest that competes with Dankse's claimed interest. As such, delaying adjudication of Dankse's claim until such time as all claims have been asserted would be most orderly and efficient.

Moreover, Section 853 contemplates finality following the conclusion of the ancillary proceeding. See 21 U.S.C. 853(n)(7) ("Following the court's disposition of *all* petitions filed [in the ancillary proceeding] . . . , the United States shall have clear title to property that is the subject of the order of forfeiture . . . .") (emphasis added); see also Fed. R. Crim. P. 32.2(c)(2) ("When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party

3

rights."). If the Court were to decide Danske's petition by summary judgment ahead of all other potential claimants, there would be no finality to the proceedings because the ownership rights of other potential claimants would have yet to be adjudicated (and in Danske's view before such potential claimants are given notice). Adjudicating all of the claims in one ancillary proceeding, as set forth in the statute and Federal Rules, would be more efficient, conserve judicial resources and avoid duplication of testimony and evidence. Therefore, the interests of judicial efficiency and fairness to all third parties lean heavily in favor of denying Danske's request to move for summary judgment.

        C. <u>The Government is Entitled to Engage in Motion Practice and Discovery Prior to the Filing of any Summary Judgment Motions</u>

Notwithstanding Danske's myopic contention, the government is entitled to challenge its petition and standing, and to conduct discovery, prior to the filing of any motions for summary judgment. Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), the government may first file a motion to dismiss Danske's petition "for lack of standing, for failure to state a claim, or for any other lawful reason," before the Court reaches the merits of Danske's claim. In the event that Danske's petition survives such a motion(s), if any, the government is entitled pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) to conduct discovery that "is necessary or desirable to resolve factual issues." It is only after the conclusion of the aforementioned motion practice by the government, and discovery, that a party may move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Crim. P. 32.2(c)(1)(B). Accordingly, Danske should not be permitted to circumvent the procedure set forth in Fed. R. Crim. P. 32.2, and to deprive the government of its right to challenge Danske's petition and standing, and to engage in discovery. Further, as discussed more fully below, discovery is indeed necessary in this case because there are unresolved factual issues as to Danske's claim.

        D. <u>Any Summary Judgment Motion Filed by Danske Would Necessarily Fail as There Exist Genuine Issues of Material Fact</u>

Should the Court be inclined to permit Danske to file a motion for summary judgment, such motion would necessarily fail. As stated in the government's letter filed on May 15, 2020, DE 840, there are numerous deficiencies in the documentary proof Danske has thus far provided to support its claim. The most glaring deficiency is that Danske has not provided evidence to demonstrate that it was a bona fide purchaser for value of Lehman's loan for the Diamante Cabo San Lucas property ("DCSL"). In this regard, Danske has failed to provide evidence of (or even allege) exactly how or when it purchased the loan from Lehman and for how much. Similarly, Danske has not provided any evidence of (or even alleged) how much value was attributed to the loan in the settlement between Danske and Lehman when Danske retained the DCSL loan as part of a pool of other commercial and residential loans during the course of Lehman's bankruptcy. Danske's conclusory statements that it is a bona fide purchaser for value, and that it purchased the loan at an unspecified time for an unspecified amount, are simply insufficient. <u>See</u> Danske's Petition, DE 836, at pp. 6-8.

Moreover, the inappropriateness of summary judgment at this stage, and the need for full and proper discovery, are further demonstrated by the fact that while Danske argued in its

4

May 6, 2020 letter to the Court that it "has provided the government with all of the documents necessary to determine Danske's claim" and that "additional discovery . . . is simply unnecessary," DE 835 at pp. 2 and 3, Danske nonetheless produced 74 new files of documents to the government on the evening of June 1, 2020, and another 13 documents last evening, June 8, 2020, thereby contradicting its prior representations to the Court.  Given the above-referenced examples of the deficiencies in Danske's proof, the briefing of a summary judgment motion at this time would only serve to delay the ancillary proceeding, rather than expedite it.  In sum, Danske's request to move for summary judgment and by-pass the statutory provisions for noticing all potential third parties, the initial motion practice by the government, and conducting discovery, should be denied.

    Thank you for Your Honor's consideration of this submission.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:    /s/ Madeline O'Connor
    Madeline O'Connor
    Diane C. Leonardo
    Assistant U.S. Attorneys
    (631) 715-7870
    (631) 715-7854

cc:  Philip Kenner, by mail
    All counsel by ECF