

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SK/JMH<br>F. #2013R00948 | *610 Federal Plaza*<br>*Central Islip, New York 11722* |

June 19, 2020

<u>By Hand and ECF</u>

The Honorable Joseph F. Bianco
United States Circuit Judge
for the Court of Appeals, Second Circuit
100 Federal Plaza
Central Islip, New York 11722

        Re:   <u>United States v. Philip A. Kenner and Tommy C. Constantine</u>
             <u>Criminal Docket No. 13-607 (JFB)</u>

Dear Judge Bianco:

      The government respectfully submits this letter to address issues related to restitution that were raised at the most recent telephonic status conference in the above-captioned matter.

I.      Revised Restitution Amounts

      On November 1, 2019, the government filed its sentencing memorandum, which included a section addressed to restitution.  <u>See</u> ECF No. 765 at 27-32.  On December 27, 2019, the government filed a supplement to its sentencing memorandum, which revised certain calculations related to restitution.  <u>See</u> ECF No. 781.  On February 13, 2020, at a status conference addressing the defendants' objections to the Presentence Investigative Reports, the Court ruled that defendant Constantine would not be held accountable for the loss amounts related to the victims' lines of credit and instructed the government to file revised loss amount tables reflecting this ruling, which the government subsequently did.  <u>See</u> ECF No. 812.  At the last status conference, the Court ordered the government to similarly file a revised restitution table exempting defendant Constantine from restitution responsibilities related to the victims' lines of credit.  Accordingly, the government provides the following revised restitution table:

| Victim | Kenner | Constantine |
|---|---|---|
| Bryan Berard | $781,852 | $100,000 |
| Sergei Gonchar | $899,221 | $0 |
| Theodore Hughes | $66,666.67 | $66,666.67 |
| Ethel Kaiser | $66,666.67 | $66,666.67 |
| John Kaiser | $1,280,000 | $1,280,000 |
| Jay McKee | $250,000 | $250,000 |
| Glen Murray | $1,800,216 | $600,000 |
| Tyson Nash | $257,447 | $257,447 |
| Owen Nolan | $1,656,357 | $0 |
| Michael Peca | $1,601,839 | $450,000 |
| Nicholas Privitello | $0 | $200,000 |
| William Ranford | $700,000 | $700,000 |
| Robert Rizzi | $66,666.67 | $66,666.67 |
| Steven Rucchin | $1,168,092 | $300,000 |
| Darryl Sydor | $1,216,200 | $400,000 |

II.     Restitution Amounts for Victim Owen Nolan

On June 8, 2020, Mr. Nolan filed a letter in support of a request for an amount of restitution greater than that set forth in the government's filings. At the last status conference, the Court sought the government's position on Mr. Nolan's request, and Mr.

2

Nolan's counsel sought a numerical breakdown of the losses included in the restitution amount set forth by the government.

As set forth in its filings and above, the government set forth amounts of restitution "based on the evidence presented at trial in this case." ECF No. 765 at 30. Those amounts "reflect the total moneys that each investor contributed to the Hawaii project, Eufora, and the GSF, as reflected in the counts of conviction, less the amounts recovered from Lehman and Northern Trust Bank." ECF No. 765 at 30. Accordingly, the government requested a restitution amount for Mr. Nolan of $1,656,357 with prejudgment interest. ECF No. 765 at 30. That amount was based on the following calculation:

| | |
|---|---|
| Loss from the line of credit | $2,198,910[1] |
| Money obtained from Northern Trust | -500,000[2] |
| Money obtained from Lehman | -42,553[3] |
| **Restitution amount** | **$1,656,357** |

In its sentencing memorandum, the government stated that the Court should order the defendants to pay the restitution amounts with prejudgment interest, and to the extent that the Court determines that the victims suffered an actual loss that is greater, based on the victims' submissions, the Court should order the defendants to pay restitution in the amount of that actual loss. See ECF No. 765 at 30-32.

Mr. Nolan argues that his restitution amount should include the amount set forth in his arbitration award for losses stemming from his line of credit. The government notes that the restitution amount it set forth already includes the losses stemming from his line of credit, and double counting is not permitted. See United States v. Dharia, 284 F. Supp. 3d 262, 270 (E.D.N.Y. 2018) ("restitution may not result in double recovery").

Mr. Nolan argues that his restitution amount should include prejudgment interest and the 10% interest assessed on the arbitration award. The government agrees that prejudgment interest, as determined by the Court, is appropriate, and requested that restitution be ordered with prejudgment interest. See ECF No. 765 at 30; see also United

---

[1] GX-2133.

[2] Trial Tr. 2074.

[3] GX-2103 at 2.

3

States v. Qurashi, 634 F.3d 699, 703-04 (2d Cir. 2011) (victims are entitled to prejudgment interest).

      Mr. Nolan argues that his restitution amount should include attorneys' fees and costs incurred while he was attempting to recoup his losses through arbitration, lost income and necessary child care, transportation, and other expenses related to the investigation and prosecution of the offenses in this case and attendance at proceedings related to this matter. The government agrees that Mr. Nolan is entitled to the restitution of such losses under the statute. See 18 U.S.C. § 3663A(b)(4). The government did not present detailed evidence of such losses at trial. However, the Court may credit Mr. Nolan's loss affidavit on its face in determining restitution. See United States v. Gushlak, 728 F.3d 184, 193-94 (2d Cir. 2013). Doing so would result in an additional $474,827.34 in restitution.

      Mr. Nolan argues that his restitution amount should include his losses from investments in Eufora and the Arizona Airpark. These losses fall outside of the scheme proved at trial. Specifically, Mr. Nolan's investment in Eufora dated back to 2003, before the time period of the Eufora frauds charged in the indictment, Trial Tr. 2058-59; and the Arizona Airpark was not among the objects of the conspiracy charged in the indictment. For the reasons set forth in its original sentencing memorandum, the government "limited its proposed restitution amounts to the scheme charged in the indictment and proven at trial." ECF No. 765 at 31.[4]

      Finally, after the last status conference, defendant Kenner filed a motion for the disclosure of settlement agreements between Mr. Nolan and Mr. Kenneth Jowdy and/or his related entities, arguing that Mr. Nolan's counsel "appeared to acknowledge the existence of such an agreement" during the status conference. ECF No. 847 at 1. The government remains unaware of any such settlement agreements, as previously explained, see ECF No. 781 at 3, and respectfully requests that the defendant's request be directed to Mr. Nolan's counsel.

---

[4] Mr. Nolan also argues that his restitution amount should include an initial $100,000 investment in the Hawaii project. The government is continuing to review its records in connection with this investment.

4

III.      Affidavits of Loss for Victims Theodore Hughes and Robert Rizzi

At the status conference, the Court inquired as to whether victims Theodore Hughes and Robert Rizzi had filed affidavits of loss. The government has confirmed that both individuals have filed such affidavits with the Probation Department.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
Saritha Komatireddy
J. Matthew Haggans
Assistant U.S. Attorneys
(718) 254-7000

cc:    All counsel of record (via ECF)
       Philip A. Kenner, defendant pro se (via certified mail)