# EXHIBIT 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

PHILIP A. KENNER, *et al.*,

Defendants.

Criminal Docket No. 13-0607 (JFB)

---

### DECLARATION OF RAÚL HUMBERTO ZEPEDA RUIZ

Pursuant to 28 U.S.C. § 1746, I, Raúl Humberto Zepeda Ruiz, declare as follows:

1. I am a Partner at the firm CMS Woodhouse, Lorente Ludlow, S.C., located in Mexico City, México. I am a Mexican trained and qualified lawyer, and have practiced law in Mexico for over 21 years.

2. My practice focuses on corporate transactions, including banking and finance, real estate and corporate debt restructurings, representing domestic clients in the private sector in structuring and implementing multiple domestic and cross-border financial transactions in each of such areas. As part of that practice, I have acquired knowledge of Mexican law with respect to the perfection of a lien against real estate.

3. I was asked by Danske Bank A/S/ London Branch ("Danske") to provide an explanation regarding the process of creating and perfecting a security interest over real estate assets through a security trust under current Mexican laws.

## CREATING AND PERFECTING SECURITY INTERESTS IN REAL PROPERTY IN MEXICO

4. The United Mexican States ("Mexico") is a civil law country composed of 32 states. As such, Mexico is regulated by federal and local statutes (ie, codes, laws and regulations). Main statutes that govern real estate practice in Mexico include (i) at the federal level the constitution, the Federal Civil Code, the Federal Civil Procedures Code, the Agrarian Law, the General Law on Federal Property, and other federal environmental laws; and (ii) at the local level: State Civil Codes and Civil Procedures Codes, urban development legislation, construction regulations, and local environmental legislation.

5. Real estate is defined and governed by the laws of the state of Mexico in which it is located. The Mexican Federal Civil Code *(Código Civil Federal)* and the Civil Codes for each of the States of Mexico each contain a list of what is considered to be real estate, which generally includes all land, and any constructions and other property affixed to it.

6. According to the applicable current Mexican laws, generally there are two main forms of security interest that can be created over real estate assets in Mexico:

- <u>Mortgage</u>. Pursuant to article 2893 of the Federal Civil Code *(Código Civil Federal)*, a mortgage creates a security interest over real estate assets located in Mexico to secure the obligations of a borrower for the benefit of the lender. The real estate assets continue to form part of the estate of the borrower, and benefit from a special judicial foreclosure procedure.

- <u>Security Trust</u>. Pursuant to article 395 of the General Law of Negotiable Instruments and Credit Transactions *(Ley General de Títulos y Operaciones de Crédito)*, in this security structure, the borrower transfers title to real estate assets to a Mexican financial institution that acts as trustee for the benefit of the lender, which is the first beneficiary. Article 403

2

of the General Law of Negotiable Instruments and Credit Transactions *(Ley General de Títulos y Operaciones de Crédito)* allows for an extrajudicial foreclosure procedure for security trusts. Generally, upon an event of default, the trustee can sell the real estate assets upon instruction of the first beneficiary if that process was set forth therein, as long as the borrower is notified of the default, and is given the opportunity to either cure the default, or present evidence of compliance, or of novation or extension of the secured obligations. If an extrajudicial foreclosure procedure was not established in the security trust, the Federal Civil Procedures Code rules will apply. Under Mexican law, trust agreements are one of the preferred collateral and security mechanisms of lending institutions. It is also noted that although real estate is governed by the law of each state, the terms of a security trust will be governed by federal law since its regulation is considered a commercial contract.

7.   <u>Formalities</u>. While promise of sale contracts and private conveyance agreements that are subject to conditions precedent are binding and enforceable documents between the parties, title generally passes when the parties execute the final transfer agreement before a Notary Public, unless the transfer evidenced in the relevant public deed is subject to the completion of certain previously agreed upon conditions or to a retention of title. Pursuant to articles 381 and 404 of the General Law of Negotiable Instruments and Credit Transactions *(Ley General de Títulos y Operaciones de Crédito)*, and in connection with a security interest created in a Security Trust, the security trust agreement that contains a conveyance of real estate assets to the trustee for the benefit of a lender must also be executed in a public deed in the presence of a notary public in Mexico, and the deed must be recorded in the Public Registry of Property ("<u>PRP</u>") of the jurisdiction in which the real estate assets are located.

8. <u>Registration</u>. Mexico has a system of land registration which is administered through a PRP at each state. The PRP has the purpose of giving publicity against third parties to the ownership and possession of real estate, the liens and encumbrances created thereon as well as any other limitations of title/ownership. In order for any transfer of title or lien on real estate to be effective <u>against third parties</u>, such transfer or lien needs to be executed before a notary public and the public deed granted by the latter must be recorded before the PRP. The notary public before whom the security trust was granted is responsible to comply with the legal requirements to formalize the security trust, and for recording the public deed containing the transfer or security interest agreements with the PRP. Only the registered owner of the property or a real estate lien holder can instruct the registry to make an entry or a note on the title. Depending on each local regulation, additional requirements may be needed to fulfill the registration before the PRP.

9. <u>Real estate in Restricted Zone</u>. Article 27 of the Mexican Federal Constitution provides the general basis for the acquisition of real estate by Mexicans or foreigners. Mexicans may acquire direct ownership over any kind of real estate within Mexico, and foreigners may also acquire such direct ownership, except for real estate located within the restricted zone (a strip of land of 50km along the beaches and 100km along the borders) (the "Restricted Zone") with a permit issued by the *Secretaría de Relaciones Exteriores* (Ministry of Foreign Affairs, the "Ministry"). With respect to acquisitions of real estate within the Restricted Zone, the following needs to be considered:

- Foreign individuals may not acquire direct ownership over real estate intended for residential purposes located within the Restricted Zone.
- Pursuant articles 10, 11 and 12 of the Foreign Investment Law, foreign individuals, foreign entities or Mexican entities with foreign investment clause or participation may not acquire

4

direct ownership over real estate intended for residential purposes; however, if the intended purpose of the property is not residential (among others, timeshare, industrial, commercial and tourism activities are excluded from what Mexican law considers as residential purposes), the acquisition is permitted and only a notice thereof should be filed with the Ministry. In the same way, Mexican entities with a foreign investment clause or participation will be able to have as a main purpose the commercialization of residential property, and therefore would also fall in this last category since its final purpose will be to transfer property to an ultimate purchaser that would be considered using for residential purposes.

10. A Mexican trust may be used as a vehicle by foreigners and Mexican entities with foreign investment clause to indirectly acquire or affect in security interest real estate properties intended for residential purposes. In a trust structure, title to the property is conveyed to the trustee, who holds *'fiduciary title'* for the benefit of the trust beneficiary (the foreign individual, entity or lender), in which case the trustee would require a permit from, or notice to, as applicable, the Ministry.

11. Pursuant to a trust agreement creating the trust for the benefit of a lender, the real property and related rights are conveyed to the trust which, in turn, holds the real property for the benefit of the lender and borrower. Depending on the structure of a given transaction, trust agreements also may serve to capture, regulate and manage cash flows (typically the funds that constitute the source of repayment of a facility), and to keep and maintain secured assets, ranging from shares, collection rights, equipment and real estate property.

12. In conclusion, the process for creating and perfecting a security interest over real estate assets through a security trust is as follows: (i) the lender determines the real estate assets to

be conveyed and the Mexican financial institution that acts as a trustee for the benefit of the lender; (ii) borrower and/or guarantors must represent and warrant that the underlying assets are free of liens and any other encumbrance thereof, and that upon execution, and perfection of the security documents, the security interest or guarantee would constitute a first priority lien or security interest in favor of lender (if that is the case), which is enforceable as long as the applicable law requirements were complied with; (iii) negotiation and drafting of the financing and security documents; (iv) execution of financing and security documents before a notary public; and (v) registration of security interests or guarantees with applicable public registries according to the applicable federal or local regulation.

I declare that, to the extent of my knowledge, the foregoing is the general process to create and perfect a security interest over real estate assets pursuant to the current applicable Mexican laws and regulation. The foregoing is not intended to be a legal opinion and it is limited to the procedures contained in the laws of Mexico, and I express no statement as to the constitutionality or legality of any such laws and regulation, or the effect of the laws of any other jurisdiction

Executed in Mexico on this 19 day of June 2020.

_____
RAUL HUMBERTO ZEPEDA RUIZ