# EXHIBIT 13

**SCHEDULE B**

102660370.3

CONFIDENTIAL

DANSKE_0016375





*H. IX Ayuntamiento
de Los Cabos., B.C.S.*



**DIRECCIÓN MUNICIPAL DEL REGISTRO PÚBLICO
DE LA PROPIEDAD Y DEL COMERCIO**

COTEJADO

EL SUSCRITO LICENCIADO GUILLERMO MARRON ROSAS DIRECTOR DEL REGISTRO
PUBLICO DE LA PROPIEDAD Y DEL COMERCIO DEL H. IX AYUNTAMIENTO DE LOS CABOS
——— C E R T I F I C A ———

Hace constar y Certifica que la presente Escritura Pública 65,011 del VOLUMEN 1,026 que contiene
ACTA DE ASAMBLEA GENERAL DE SOCIOS  se encuentra registrado bajo el Folio Mercantil
Electrónico # 9065 con fecha 5 de ABRIL  de 2006.



SECCION COMERCIO
Reg. Pub. de la Propiedad
y de Comercio
San José del Cabo, B.C.S

**LIC. GUILLERMO MARRON ROSAS**

S
I
N

T
E
X
T
O

Boulevard Mijares S/N, entre las Calles Benito Juárez y Valerio González, Colonia Centro C.P
23400 .San José del Cabo B.C.S. México. Tel. y Fax (624) 142-33-32

CONFIDENTIAL                                                                                    DANSKE_0016376

ESTATUTOS SOCIALES

DE

DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.

ESTATUTOS SOCIALES

CAPÍTULO PRIMERO

DENOMINACIÓN, DOMICILIO, DURACIÓN Y OBJETO

PRIMERO. La Sociedad se denominará "DIAMANTE CABO SAN LUCAS", denominación que siempre ira seguida de las palabras "SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE" o de su abreviatura "S. DE R.L. DE C.V." (la "Sociedad").

SEGUNDO. El domicilio de la Sociedad estará ubicado en la Ciudad de Cabo San Lucas, Baja California Sur, México. La Sociedad podrá establecer agencias/oficinas y sucursales en cualquier parte de los Estados Unidos Mexicanos o del extranjero, así como señalar domicilios convencionales, sin que por ello se entienda cambiado su domicilio.

TERCERO. La duración de la Sociedad será de noventa y nueve años, contados a partir de la fecha de firma de ésta escritura.

CUARTO. El objeto de la Sociedad es:

a) Sujeto a la cláusula Quinta, la realización de todo tipo de actividades relacionadas con el financiamiento, la garantía, la compra, posesión, construcción, venta, arrendamiento, permuta, operación, diseño, edificación y comercialización de un proyecto turístico en el predio conocido como La Laguna, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, México (el "Inmueble"), conforme a los términos del Contrato de Préstamo a celebrarse entre Lehman Brothers Holdings Inc. ("Prestamista") y la Sociedad (el "Proyecto").

b) Celebrar con la Prestamista todo tipos de contratos y convenios relacionados con el financiamiento, la garantía del préstamo y las obligaciones de terceras personas, la compra, posesión, construcción, venta, arrendamiento, permuta, operación, diseño, edificación y comercialización del Proyecto como se encuentra establecido en el Contrato de Préstamo (tal como dicho término se define más adelante) a ser celebrado entre la Sociedad y el Prestamista, en el Inmueble, incluyendo pero no limitándose a los siguientes contratos (los "Documentos del Crédito"):

1. Contrato de préstamo (*Loan Agreement*) (el "Contrato de Préstamo") entre la Sociedad y la Prestamista a ser celebrado el 9 de marzo de 2006 (la "Fecha de Cierre").

2. Pagaré (*Promissory Note*) a ser suscrito por la Sociedad en favor de la Prestamista en la Fecha de Cierre.

3. Contrato de fideicomiso (*Trust Agreement*) entre la Sociedad, la Prestamista y Banco JP Morgan, S.A., Institución de Banca Múltiple, JP Morgan Grupo Financiero, División Fiduciaria a ser celebrado en la Fecha de Cierre.

4. Cesión de arrendamiento y rentas (*Assignment of Lease and Rents*) por la Sociedad en favor de la Prestamista, a ser celebrado en la Fecha de Cierre.

DANSKE_0016377

5. Indemnización ambiental (*Environmental Indemnity*) por la Sociedad[2] y el Sr. Kenneth Aboud Jowdy en favor de la Prestamista, a ser celebrado en la Fecha de Cierre.

6. Cesión Global (*Omnibus Assignment*) por la Sociedad en favor de la Prestamista, a ser celebrado en la Fecha de Cierre.

7. Contrato de Prenda sin transmisión de Posesión por la Sociedad en favor de la Prestamista, a ser celebrado en la Fecha de Cierre.

8. Contratos de Prenda de parte sociales entre los socios de la Sociedad ("Socios"), la Sociedad y la Prestamista, a ser celebrado en la Fecha de Cierre.

c) La obtención de todo tipo de permisos y autorizaciones gubernamentales para construir, operar, comercializar, vender, arrendar, diseñar, garantizar o poseer el Proyecto.

d) Vender, dar o tomar en arrendamiento o subarrendamiento, disponer, comercializar o negociar con toda clase de bienes muebles o inmuebles que se desarrollen en el Proyecto.

e) Contratar y subcontratar, directamente o a través de terceros, toda clase de servicios para diseñar, edificar, urbanizar, construir y comercializar los bienes muebles o inmuebles que se desarrollen, edifiquen, construyan y operen dentro del Proyecto.

f) Contratar y subcontratar, directamente o a través de terceros, toda clase de servicios para el correcto funcionamiento de los bienes muebles o inmuebles que se desarrollen, edifiquen, construyan y operen dentro del Proyecto.

g) Celebrar toda clase de convenios, contratos y actos con cualquier persona física o moral, privada o pública, con excepción de partes relacionadas de la Sociedad y bajo los lineamientos del Contrato de Préstamo y de los Documentos del Crédito.

h) Constituir y participar como fideicomitente o fideicomisario, en el contrato de fideicomiso que se celebre respecto al Inmueble bajo los lineamientos del Contrato de Préstamo y de los Documentos del Crédito.

i) Comprar materiales de construcción para la urbanización y construcción de los bienes muebles o inmuebles que se desarrollen, edifiquen y construyan para el Proyecto.

j) Emitir obligaciones, suscribir y girar títulos de crédito, aceptarlos y endosarlos en cualquier forma y en general negociar toda clase de títulos de crédito siempre y cuando los mismos se emitan con relación directa al objeto social de la sociedad.

k) Actuar como representante, comisionista o intermediaria de terceras personas, físicas o morales, nacionales o extranjeras, exclusivamente para actos relacionados directamente con el Proyecto.

l) Registrar, adquirir, recibir, poseer y disponer en cualquier manera legal de licencias, concesiones, marcas, nombres comerciales, derechos intelectuales, invenciones y patentes y todo tipo de propiedad intelectual e industrial, así como realizar contratos de asistencia técnica.

m) Contratar con empresas de servicios de personal los empleados para la realización de su objeto social.

QUINTA. Desarrollo y cumplimiento del objeto social:

La Sociedad deberá de cumplir con las siguientes disposiciones, establecidas en el Contrato de Préstamo, para la celebración de cualquier contrato o convenio, en el

CONFIDENTIAL

DANSKE_0016378

3

entendido de que cualquier acto realizado en contravención de estas disposiciones será considerado incumplimiento de los Documentos del Crédito.

(a) La Sociedad no tendrá otro activo o propiedad salvo aquellos que estén permitidos por el Contrato de Préstamo y que se relacionen con el Proyecto, incluyendo el Inmueble y los derechos y obligaciones derivados de los Documentos del Crédito.

(b) La Sociedad no realizará ningún otro negocio que no sea el Proyecto.

(c) La Sociedad no realizara actividad o convenio alguno con sus Partes Relacionadas (*Related Parties*) como dicho término se define en el Contrato de Préstamo, salvo que dicho acto este permitido o no prohibido por el Contrato de Préstamo.

(d) La Sociedad no podrá garantizar o incurrir en endeudamientos (ya sean personales o sin recurso, con garantía o sin garantía) que no sean otros más que los pagos en el transcurso ordinario de operaciones  que deriven del diseño, construcción, dirección y operación del Proyecto, y que estén contemplados en el Presupuesto, tal como se define en el Contrato Préstamo y que no excedan de 60 días hábiles.

(e) La Sociedad no realizará préstamos o avances de pago a cualquier persona, asimismo la Sociedad no podrá adquirir obligaciones ni acciones de ninguna Parte Relacionada (*Related Parties*) como dicho término se define en el Contrato de Préstamo.

(f) La Sociedad en todo momento realizará los actos necesarios para cumplir con las obligaciones corporativas y las obligaciones establecidas en la ley Mexicana para preservar su existencia.

(g) La Sociedad no podrá garantizar ni obligarse por deudas de terceras personas, salvo por aquellas deudas derivadas del Contrato de Préstamo y los Documentos del Crédito.

(h) La Sociedad no dará en prenda sus activos para el beneficio de ningún otro tercero, salvo con lo dispuesto en el Contrato de Préstamo y los Documentos del Crédito.

(i) La Sociedad no podrá vender los materiales o activos de la Sociedad que sean utilizados para el Proyecto sin el consentimiento previo y por escrito de la Prestamista.

(j) La Sociedad no podrá tener empleados, ni contratar con intermediarios laborales. Toda su fuerza laboral deberá ser subcontratada de sociedades dedicadas a la prestación de servicios de personal.

(k) La Sociedad no podrá participar en el capital social o ser accionista o socio de ninguna otra sociedad.

CAPITULO SEGUNDO
CAPITAL SOCIAL Y PARTES SOCIALES

SEXTA.  El capital social es variable, con un mínimo fijo de $10,000.00 (DIEZ MIL PESOS, MONEDA NACIONAL) y un máximo ilimitado.

El capital social estará representado por partes sociales de acuerdo al número de socios que la integren, que en ningún caso podrá exceder de cincuenta socios. Dichas partes sociales representarán la participación de los socios en el capital social, podrán ser de valor desigual pero, en todo caso, su valor será de $1.00 (UN PESO MONEDA NACIONAL) o cualquier múltiplo de ésta cantidad.

Cada socio tendrá una parte social cuyo valor podrá aumentarse o disminuirse cuando se incremente o reduzca su participación en el capital social.

CONFIDENTIAL

DANSKE_0016379

4

Con excepción de las partes sociales privilegiadas que se emitan, todas las partes sociales conferirán los mismos derechos y obligaciones.

SÉPTIMO.   Las partes sociales son indivisibles, sin embargo, la asamblea general ordinaria de socios, por acuerdo adoptado por el voto favorable de socios que representen (dos terceras partes del capital social) del capital social, podrá autorizar la división de una parte social y la cesión parcial de la misma a otro socio, cumpliendo con los requisitos señalados en los artículos octavo, noveno, décimo y décimo primero de éstos estatutos sociales.

OCTAVO.   Para que los socios puedan ceder, prendar o enajenar de cualquier forma la parte social de la que sean propietarios a favor de una persona extraña a la Sociedad, requerirán el previo consentimiento de los socios y de la Prestamista. En éste caso, los socios tendrán el derecho del tanto para adquirirlas, conforme a lo dispuesto por el artículo sesenta y seis de la Ley General de Sociedades Mercantiles.

En caso de que alguno de los socios decida ceder, prendar o enajenar de cualquier forma la parte social de la que sean propietarios a favor de una persona extraña a la Sociedad, tendrá que notificar por escrito y con 15 días hábiles de anticipación al Gerente General y a la Prestamista. Dicha notificación deberá incluir: i) el nombre del adquirente potencial; ii) la contraprestación por la venta de la parte social; iii) el motivo de la venta, cesión o la prenda de la parte social; y iv) el plazo para hacer efectiva la transmisión de la o las partes sociales.

El Gerente General, deberá notificar por escrito a los socios de la intención del socio o socios que deseen transmitir, ceder o prendar su parte o partes sociales, y convocará a una asamblea ordinaria de accionistas en la que se someta a votación la aprobación sobre la cesión, prenda o enajenación de las partes sociales.

En caso de que no se cumpla el procedimiento previsto en esta cláusula, toda transmisión, cesión o prenda de parte social será nula, salvo que la unanimidad de los socios este presente en la asamblea de socios que aprueba la cesión, prenda o enajenación de las partes sociales.

NOVENO.   El capital social será susceptible de aumentos y disminuciones.   Los aumentos del capital se efectuarán por acuerdo de la Asamblea de Socios, mediante nuevas aportaciones de los socios o por admisión de nuevos socios.

El capital social en su parte variable podrá disminuirse por retiro parcial o total de las aportaciones, de acuerdo con lo estipulado en estos estatutos y con las disposiciones aplicables del capítulo VIII de la Ley General de Sociedades Mercantiles.

Todos los aumentos o disminuciones del capital deberán inscribirse en el libro de registro que la Sociedad llevará para tal efecto, conforme a lo dispuesto por el artículo setenta y tres de la Ley General de Sociedades Mercantiles.

No obstante lo anterior, la Sociedad no permitirá la reducción de capital social sin la aprobación por escrito de la Prestamista.

DÉCIMO.   La transmisión por herencia de las partes sociales no requerirá del consentimiento de los demás socios, conforme a lo previsto por el artículo sesenta y siete de la Ley General de Sociedades Mercantiles, ya que el fallecimiento de uno de los socios no conlleva la disolución de las sociedad ni la obligación a cargo de los demás socios de liquidarle su parte social a los herederos del primero.

DÉCIMO PRIMERO.   La Sociedad llevará un libro especial de registro de socios en el que se hará constar el nombre y domicilio de cada uno de los socios, con indicación de sus aportaciones y la transmisión o gravamen de las partes sociales. Ninguna transmisión de partes sociales surtirá efectos respecto a terceros sino hasta que se haya practicado la mencionada inscripción.

CONFIDENTIAL

**DÉCIMO SEGUNDO.** Los socios tendrán derecho de preferencia para suscribir los[5] aumentos de capital, en proporción al valor de la parte social de que sea preparatorio dicho socio antes del aumento. Los socios deberán ejercitar su derecho de preferencia dentro de los quince días siguientes a la fecha en que haya sido publicada la resolución de la asamblea en el Diario Oficial de la Federación o dentro de los quince días siguientes a la celebración de la asamblea, si el socio que desee hacer valer su derecho asistió a la misma, o dentro de los quince días siguientes, contados a partir de la fecha en que cada socio acuse por escrito a la Sociedad el recibo de la notificación de dicha resolución.

**DÉCIMO TERCERO.** El capital social podrá reducirse, por acuerdo de la Asamblea de Socios cumpliendo con los requisitos que establece el artículo noveno de la Ley General de Sociedades Mercantiles. No obstante lo anterior, la Sociedad no permitirá la reducción de capital social sin la aprobación de la Prestamista.

**DÉCIMO CUARTO.** El derecho de separación no podrá ser ejercido si como consecuencia del mismo el capital social se reduce a menos del capital mínimo fijo.

CAPITULO TERCERO
ASAMBLEA DE SOCIOS

**DÉCIMO QUINTO.** La Asamblea de socios es el órgano supremo de la Sociedad. Las resoluciones legalmente adoptadas en cualquier Asamblea de Socios debidamente constituida, serán obligatorias para todos los socios, aún para los ausentes o disidentes.

**DÉCIMO SEXTO.** Se requerirá de la decisión adoptada a través de una Asamblea de Socios para resolver sobre cualesquiera de los siguientes asuntos:

Discutir, aprobar, modificar o reprobar el balance general correspondiente a los ejercicios sociales, clausurados y tomar, con esos motivos, las medidas que juzgue oportunas;

b) Proceder al reparto de utilidades;
c) Nombrar y remover al Gerente General o a los miembros del Consejo de Gerentes;
d) Designar, en su caso, al Consejo de Vigilancia;
e) Resolver sobre la división y amortización de las partes sociales;
f) Exigir, en su caso, las aportaciones suplementarias y las prestaciones accesorias;
g) Intentar contra los órganos sociales o contra los socios las acciones que correspondan para exigirles daños y perjuicios;
h) Modificar los estatutos de la Sociedad;
i) Aprobar la cesión, prenda o venta de partes sociales;
j) Aprobar la admisión de nuevos socios;
k) Decidir sobre los aumentos y reducciones del capital social;
l) Decidir sobre la disolución de la Sociedad;
m) Cualquier asunto que conforme a la Ley o estos estatutos le corresponda.

**DÉCIMO SÉPTIMO.** Deberá celebrarse por lo menos una Asamblea de Socios durante los cuatro meses que sigan a la clausura del ejercicio social.

**DÉCIMO OCTAVO.** Las asambleas serán convocadas por el Gerente General, y a falta de la convocatoria de éste, por el Consejo de Vigilancia y en su defecto por socios que representan más de la tercera parte del capital social o la Prestamista.

**DÉCIMO NOVENO.** La convocatoria para las asambleas de socios se publicarán en cualquier diario de los de mayor circulación en el domicilio de la Sociedad y se le dará copia por escrito a la Prestamista, o se les notificará a los socios por telex, telefax o carta con acuse de recibo, con una anticipación mínima de ocho días naturales a la fecha señalada para la celebración de la asamblea, y contendrá el día, la hora, el lugar de la reunión y una lista de los asuntos que hayan de tratarse. Cuando se reúna el cien por ciento de los socios, las asambleas se considerarán válidas aún sin previa convocatoria siempre y cuando el Prestamista haya sido notificado de la misma con 15 días de anticipación salvo que la prestamista otorgue un plazo menor por escrito.

CONFIDENTIAL

DANSKE_0016381

6

**VIGÉSIMO.** Los socios podrán hacerse representar en las asambleas de socios por mandatarios, quienes podrán pertenecer o no a la Sociedad. La representación deberá conferirse por escrito. Los socios no podrán ser representados por el Gerente General ni por los miembros del Consejo de Vigilancia. No obstante lo anterior, en términos del Contrato de Prenda celebrado entre la Prestamista, la Sociedad y los Socios, la Prestamista tendrá el derecho a participar en las asambleas como si fuera uno de los socios y votar las partes sociales otorgadas en prenda en nombre y representación de los Socios.

**VIGÉSIMO PRIMERO.** El procedimiento a seguir en las asambleas, será el siguiente:

a) Todas las Asambleas de Socios se celebran en el domicilio social, salvo caso fortuito o de fuerza mayor.

b) El Gerente General o el Presidente del Consejo de Gerentes presidirá las asambleas y el Secretario del Consejo actuará como Secretario de las mismas y, a falta de ellos, la asamblea designará de entre los presentes al Presidente y al Secretario.

c) El Presidente designará dos escrutadores para verificar el número de partes sociales representadas en las asambleas y para hacer el recuento de las mismas.

d) Si se encuentra presente el quórum respectivo, el Presidente declarará legalmente instalada la asamblea y se procederá al desahogo del Orden del Día. Cada parte social dará derecho a emitir un voto por cada peso moneda nacional que represente en el Capital Social. De toda Asamblea de Socios se formulará un acta que se asentará en el libro respectivo y deberá de ser firmada por el Presidente y el Secretario de la asamblea. Se agregarán al apéndice de cada acta los documentos que en su caso justifiquen que las convocatorias se hicieron en los términos establecidos por los estatutos, así como la lista de asistencia formulada por los escrutadores, las cartas poder o un resumen de poderes, los informes, dictámenes y demás documentos que se hubieren sometido a la consideración de la asamblea y el acta respectiva.



**VIGÉSIMO SEGUNDO.** Salvo que otra cosa dispongan éstos estatutos o la ley, las asambleas de socios se considerarán legalmente reunidas en primera convocatoria cuando se encuentre representado cuando menos (sesenta y cinco) por ciento del capital social.

En caso de que el quórum necesario no se obtenga en la primera convocatoria, se llevará a cabo una segunda convocatoria en los mismos términos establecidos para la primera convocatoria y la asamblea se considerará legalmente reunida cualquiera que sea el número de socios o sus representantes que asistan.

**VIGÉSIMO TERCERO.** Las resoluciones de las asambleas de socios serán válidas si se aprueban por el voto de partes sociales que representen el 65% (sesenta y cinco) por ciento de capital social presente en la asamblea y en los casos establecidos en el Contrato de Prenda celebrado entre la Sociedad, los Socios y la Prestamista, la aprobación por escrito de la Prestamista.

No obstante lo anterior, las resoluciones adoptadas por los socios fuera de asamblea, inclusive si se realizarán por medio de conferencias telefónicas, tendrán la misma validez, siempre que se confirme por escrito y se cumplan los requisitos señalados en el artículo ochenta y dos de la Ley General de Sociedades Mercantiles. El secretario de la Sociedad deberá de recibir los documentos que acrediten la adopción de cualquier resolución conforme a éste procedimiento y hará las anotaciones en el libro respectivo.

CAPITULO CUARTO
ADMINISTRACIÓN DE LA SOCIEDAD

CONFIDENTIAL

DANSKE_0016382

**VIGÉSIMO CUARTO.** La Administración de la Sociedad quedará encomendada a un<sup>7</sup> Gerente General que será designado por la Asamblea de Socios.

**VIGÉSIMO QUINTO.** El Gerente General podrá ser socio o persona extraña a la Sociedad y durará en funciones por un año, pero en todo caso continuará desempeñándolas hasta que su sucesor sea designado y tomen posesión de sus puestos.

**VIGÉSIMO SEXTO.** El Gerente General será responsable ante la Prestamista por cualquier acto que realice la Sociedad bajo su supervisión en contravención al Contrato de Préstamo y los Documentos del Crédito y tomará las medidas necesarias para asegurar que la Sociedad cumplirá con las obligaciones establecidas en los mismos. No obstante lo anterior, el Gerente General no será responsable ante la Prestamista por aquellos actos donde el Gerente General haya actuado en buena fe o haya obrado caso fortuito o fuerza mayor.

**VIGÉSIMO SÉPTIMO.** El Gerente General representará a la Sociedad teniendo las siguientes facultades:

Las comprendidas en los poderes generales para pleitos y cobranzas, para administración de bienes y para ejercer actos de dominio, en los términos de los tres primeros párrafos del artículo dos mil quinientos cincuenta y cuatro (2554) del Código Civil Federal y sus correlativos en las diversas entidades federativas de los Estados Unidos Mexicanos y el Distrito Federal, incluyendo todas las facultades generales y especiales que requieran de cláusula especial conforme a los artículos dos mil quinientos ochenta y siete (2587), dos mil quinientos setenta y cuatro (2574), dos mil quinientos ochenta y dos (2582) y dos mil quinientos noventa y tres (2593) del Código Civil Federal y sus correlativos en las diversas entidades federativas de los Estados Unidos Mexicanos y el Distrito Federal. Atento a lo anterior, el mandatario de una manera enunciativa pero no limitativa, tendrá las siguientes facultades:

a)  El Gerente o, en su caso, el Consejo de Gerentes podrá iniciar cualquier acción judicial, realizar apelaciones incluyendo el juicio de amparo y resolver controversias con apego a procedimientos convencionales. También podrán realizar las siguientes acciones: presentar denuncias penales y asistir al Ministerio Público; hacer y recibir pagos; ceder propiedades y realizar cualquier acto permitido por la Ley; representar a la Sociedad ante individuos y ante toda clase de autoridades civiles, administrativas, judiciales o penales, ya sean federales, estatales o municipales, ante las juntas de conciliación y arbitraje y demás autoridades del trabajo, empresas descentralizadas; pudiendo celebrar ante la Secretaría de Relaciones Exteriores acuerdos con el Gobierno Federal, con apego a lo establecido en las fracciones I y IV del artículo veintisiete de la Constitución Política de los Estados Unidos Mexicanos y sus reglamentos respectivos.

b)  Realizar todas la operaciones que no estén reservadas a la Asamblea de Socios, así como celebrar, modificar y rescindir contratos.

c)  Otorgar, emitir, girar, aceptar, endosar, avalar o por cualquier otro concepto suscribir títulos de crédito, así como protestarlos, de conformidad con el artículo noveno de la Ley General de Títulos y Operaciones de Crédito.

d)  Abrir, manejar y cerrar cuentas bancarias en nombre de la Sociedad.

e)  Constituir y retirar toda clase de depósitos.

f)  Nombrar y remover funcionarios y empleados de la Sociedad y determinar sus facultades, obligaciones y remuneraciones.

g)  Conferir poderes generales o especiales a uno o varios de sus miembros y a toda persona que el Consejo de Gerentes o el Gerente General, en su caso, consideren apropiado, así como revocarlos.

h)  Acordar el establecimiento de sucursales, agencias o dependencias y su supresión.

i)  Ejecutar las resoluciones de las asambleas de socios.





CONFIDENTIAL

8

j)     Representar a la Sociedad cuando forme parte de otras sociedades, comprando o suscribiendo acciones o participaciones, o bien interviniendo como parte en su constitución.

k)     Admitir y ejercitar en nombre de la Sociedad poderes y representaciones de personas físicas o morales, nacionales o extranjeras, ya sea para contratar en nombre de ellas o para comparecer a juicio.

l)     Para comparecer y representar a la sociedad poderdante en la celebración, terminación y rescisión de cualquier relación o contrato de trabajo, así como en cualquier juicio o procedimiento laboral en contra de la poderdante o promovido por esta, para celebrar convenios o conciliaciones de toda especie en las diversas etapas de cualquier juicio o procedimiento. Este poder, además de otorgarse con amplitud de facultades que se contienen en las disposiciones citadas, incluye las facultades expresas que se mencionan en los artículos once, cuarenta y seis, cuarenta y siete, seiscientos noventa y dos, setecientos ochenta y seis a setecientos ochenta y ocho, ochocientos sesenta y seis, ochocientos setenta y tres a ochocientos ochenta de la Ley Federal del Trabajo.

## CAPITULO QUINTO
## VIGILANCIA DE LA SOCIEDAD

VIGÉSIMO OCTAVO. Cuando la Asamblea de Socios lo estime conveniente, la vigilancia de la Sociedad estará a cargo de un Consejo de Vigilancia, compuesto o integrado por uno o más miembros designados por la asamblea, quienes podrán ser o no socios y tendrán los derechos y obligaciones que les confieren los artículos ciento sesenta y seis y siguientes de la Ley General de Sociedades Mercantiles. Los miembros del Consejo de Vigilancia durarán en su cargo un año o hasta que sus sucesores hayan sido designados y tomen posesión de sus cargos o hasta que la Asamblea de Socios resuelva su desaparición. La Asamblea de Socios podrá designar a la vez uno o varios miembros suplentes del Consejo de Vigilancia, que podrán ser o no socios, para sustituir a los miembros titulares en sus faltas temporales o permanentes.

## CAPITULO SEXTO
## EJERCICIO SOCIAL, ESTADOS FINANCIEROS, RESERVAS
## Y RESPONSABILIDAD LIMITADA

VIGÉSIMO NOVENO. De acuerdo al artículo 8-A de la Ley General de Sociedades Mercantiles, los ejercicios sociales serán de doce meses que correrán del primero de enero al treinta y uno de diciembre de cada año, excepto al primer ejercicio fiscal que correrá de la fecha de constitución de la sociedad al 31 de diciembre del año en que se constituyó la sociedad.

TRIGÉSIMO. El informe del Gerente General que contenga el balance general de cada ejercicio social será preparado al cierre de cada ejercicio social, y junto con el informe del Gerente General o, en su caso, el reporte del Consejo de Vigilancia en relación a dicho informe y al balance general, serán puestos a disposición de los socios y la Prestamista, acompañada de la documentación comprobatoria correspondiente.

La responsabilidad de cada socio quedará limitada al valor de la parte social de que dicho socio sea propietario y cada socio deberá ser responsable por cualquier parte insoluta del valor de la parte social de que sea propietaria.

## CAPITULO SÉPTIMO
## DISOLUCIÓN Y LIQUIDACIÓN DE LA SOCIEDAD

TRIGÉSIMO PRIMERO. La Sociedad se disolverá cuando se presente alguno de los supuestos contenidos en el artículo doscientos veintinueve de la Ley General de Sociedades Mercantiles. No obstante lo anterior, la Sociedad así como ninguna Parte Relacionada buscarán disolver o liquidar a la Sociedad de manera voluntaria, sin el consentimiento previo y por escrito de la Prestamista. El procedimiento de disolución se

CONFIDENTIAL

DANSKE_0016384

llevará a cabo de acuerdo con lo previsto en el artículo doscientos treinta y dos de dicha ley.

TRIGÉSIMO SEGUNDO. La liquidación deberá sujetarse a lo dispuesto por el capítulo XI de la Ley General de Sociedades Mercantiles y se llevará a cabo por uno o más liquidadores designados por una Asamblea de Socios.

TRIGÉSIMO TERCERO. Durante la liquidación de la Sociedad, los liquidadores tendrán las mismas facultades y obligaciones que durante el término normal de vida de la misma tiene el Gerente General o, en su caso, el Consejo de Gerentes y los funcionarios de la Sociedad.

TRIGÉSIMO CUARTO. Mientras no haya sido inscrito en el Registro Público de comercio del domicilio social el nombramiento de liquidadores y éstos no hayan entrado en funciones, el Gerente General y los funcionarios de la Sociedad continuarán desempeñando su cargo. Sin embargo, el Gerente General y los funcionarios no podrán iniciar nuevas operaciones después de haber sido adoptada por los socios la resolución de liquidación de la Sociedad o de que se compruebe la existencia de la causa legal de ésta.

CAPITULO OCTAVO
NACIONALIDAD DE LA SOCIEDAD Y SOCIOS EXTRANJEROS

TRIGÉSIMO QUINTO. La Sociedad es de nacionalidad mexicana. Todo extranjero que, en el acto de la constitución o en cualquier tiempo ulterior, adquiera un interés o participación social en la Sociedad se considerará por ese simple hecho como mexicano respecto de uno y otra, así como respecto de los bienes, derechos, concesiones, participaciones o intereses de los que llegue a ser titular ésta Sociedad, o bien de los derechos y obligaciones que deriven de los contratos en que sea parte y por lo tanto se obliga a no invocar la protección de su gobierno, bajo la pena, en caso de faltar a su convenio, de perder dicho interés o participación en beneficio de la Nación Mexicana.

CAPITULO NOVENO
JURISDICCIÓN

TRIGÉSIMO SEXTO. Los tribunales del domicilio de la Sociedad serán los únicos competentes para intervenir y hacer cumplir estos Estatutos Sociales. Al efecto, los socios, el Gerente General, los miembros del Comité de Vigilancia y demás funcionarios de la Sociedad, se someten expresamente a la jurisdicción de dichos tribunales para resolver cualquier controversia que se suscribe entre ellos y la Sociedad, renunciando a cualquier otra jurisdicción que pudiese corresponderles por razón de sus domicilios presentes o futuros o por cualquier otro motivo.

CAPITULO DÉCIMO
LEGISLACIÓN APLICABLE

TRIGÉSIMO SÉPTIMO. Para todo aquello no previsto expresamente por éstos estatutos sociales serán aplicables las disposiciones de la Ley General de Sociedades Mercantiles

LISTA DE ASISTENCIA DE LA ASAMBLEA GENERAL DE SOCIOS DE DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V., CELEBRADA EL 8 DE MARZO DE 2006, A LAS 10:00 HORAS, EN LA CIUDAD DE CABO SAN LUCAS, EN EL ESTADO DE BAJA CALIFORNIA SUR, MÉXICO.



DIAMANTE CABO SAN LUCAS LLC
representada en este acto por Kenneth
Aboud Jowdy

KENNETH ABOUD JOWDY

Dictamen del Escrutador.- El suscrito, designado escrutador en la Asamblea General de Socios de Diamante Cabo San Lucas, S. de R.L. de C.V., celebrada el día 8 de marzo de 2006, hago constar que se encontraban presentes, o debidamente representados, la totalidad de los socios de la sociedad.

Rodolfo Miguel Ángel Piña Yáñez

CONFIDENTIAL


DANSKE_0016386

1

**ASAMBLEA GENERAL DE SOCIOS DE DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V. (EN LO SUCESIVO LA "SOCIEDAD"), CELEBRADA EL 8 DE MARZO DE 2006, A LAS 21:00 HORAS, EN LA CIUDAD DE CABO SAN LUCAS, EN EL ESTADO DE BAJA CALIFORNIA SUR, MÉXICO.**

**ASISTENCIA.** Estuvieron presentes o debidamente representados, la totalidad de los socios, tal como se indica en la lista de asistencia que se anexa a la presente acta.

**PRESIDENCIA Y SECRETARÍA.** Presidió la asamblea el señor Kenneth Aboud Jowdy, Gerente General de la Sociedad, y actuó como Secretario el señor Fernando Manuel García Campuzano, por designación de los socios de la Sociedad.

**ESCRUTADORES.** El Presidente designó como escrutador al señor Rodolfo Miguel Ángel Piña Yáñez, quien en su dictamen hizo constar que se encontraban presentes, o debidamente representados, la totalidad de los socios.

**QUÓRUM.** Tomando en consideración el dictamen del escrutador, y sin necesidad de publicación de convocatoria previa en términos de lo establecido por el Artículo Séptimo de los estatutos sociales, en virtud de encontrarse presentes o debidamente representados la totalidad de los socios, el Presidente declaró que existía quórum para celebrar la presente asamblea y discutir sobre el siguiente:

**ORDEN DEL DIA**

**PRIMERO.** Propuesta, discusión y, en su caso, aprobación sobre la reforma total de los estatutos sociales de la Sociedad.

**SEGUNDO.** Aclaración sobre la estructura y distribución del capital social.

**TERCERO.** Ratificación del nombramiento de Gerente General de la Sociedad.

**CUARTO.** Revocación y otorgamiento de poderes en favor del Sr. Fernando Manuel García Campuzano.

**QUINTO.** Autorizar al socio Diamante Cabo San Lucas, LLC para otorgar en prenda su parte social en favor de Lehman Brothers Holdings, Inc., de conformidad con el contrato de prenda correspondiente.

**SEXTO.** Autorizar al Sr. Kenneth Aboud Jowdy para otorgar en prenda su parte social en favor de Lehman Brothers Holdings Inc., de conformidad con el contrato de prenda correspondiente.

**SÉPTIMO.** Aceptar a Lehman Brothers Holdings Inc., o a cualquier otro tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy, como socios de la Sociedad, en el caso de cesión, compra, ejecución forzosa o remate judicial de sus respectivas partes sociales otorgadas en prenda y, en su caso, aceptar la renuncia de los actuales socios de la Sociedad tanto al derecho del tanto que les confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía.

**OCTAVO.** Llevar a cabo la inscripción correspondiente a la prenda de las partes sociales en el libro especial de socios de la Sociedad.

**NOVENO.** Aprobar la celebración de los Contratos de Prenda mediante los que se documentarán las prendas aprobadas en términos de los puntos Quinto y Sexto del Orden del Día, así como todos y cualquier documento accesorio a dichos Contratos de Prenda.

DANSKE_0016387

2

**DÉCIMO.** Revisar y, en su caso, aprobar la celebración por la Sociedad de diversos documentos, contratos y convenios que serán celebrados el 9 ó 10 de marzo de 2006.

**PRIMERO.** Propuesta, discusión y, en su caso, aprobación sobre la reforma total de los estatutos sociales de la Sociedad. En uso de la palabra el Presidente propuso a los socios presentes o debidamente representados que, a fin de poder proceder a la celebración de los documentos que les serán sometidos a aprobación en el punto décimo del orden del día de la presente asamblea, es necesario llevar a cabo una reforma total de los estatutos sociales de la Sociedad, debido a inconsistencias que se desprenden de los estatutos actualmente en vigor.

Acto seguido, el Presidente hizo circular entre los socios presentes o debidamente representados, un proyecto de estatutos sociales, mismos que se agregan a la presente asamblea como Anexo "A".

Después de discutir la propuesta del Presidente, así como el proyecto de estatutos sociales, los socios, por unanimidad de votos, aprobaron el llevar a cabo la reforma total de los estatutos sociales de la Sociedad en los términos del Anexo "A" de la presente asamblea. En virtud de lo anterior, a partir de esta fecha, la sociedad estará regida por dichos estatutos sociales.

**SEGUNDO.** Aclaración sobre la estructura y distribución del capital social. En uso de la palabra el Presidente mencionó a los socios presentes o debidamente representados que es necesario llevar a cabo una aclaración sobre la participación de los socios en el capital social, debido a inconsistencias que se desprenden de estatutos de la Sociedad, al encontrarse reflejada incorrectamente la estructura del capital por lo que se refiere al número de partes sociales y al monto aportado por cada socio de la Sociedad.

Acto seguido, el Presidente mencionó que, tal como fue acordado por los socios desde la constitución de la sociedad, Diamante Cabo San Lucas, LLC es propietaria de una (1) parte social con valor de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.) que corresponde al 99% (noventa y nueve por ciento) del capital social y el Sr. Kenneth Aboud Jowdy es propietario de una (1) parte social con valor de $100.00 (Cien pesos 00/100, M.N.) que corresponde al 1% (uno por ciento) del capital social, así como que dichas cantidades corresponden a las aportaciones que los socios realizaron a la fecha de constitución.

Después de una breve deliberación los socios, por unanimidad de votos, reconocieron la correcta distribución del capital social entre sus socios, misma que se encuentra representada de la siguiente forma:

| Socios | Partes Sociales | Valor |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| Total | 2 | $10,000.00 |

**TERCERO.** Ratificación del nombramiento de Gerente General de la Sociedad. En uso de la palabra el Presidente propuso a los socios presentes, o debidamente representados, ratificar el nombramiento del Sr. Kenneth Aboud Jowdy como Gerente General de la Sociedad, con todas las obligaciones, derechos, poderes y facultades que conllevan el desempeño de dicho cargo.

Los socios, tras una breve deliberación, por unanimidad de votos resolvieron ratificar el nombramiento del Sr. Kenneth Aboud Jowdy como Gerente General de la Sociedad, con todas las obligaciones y derechos que conllevan el desempeño de dicho cargo.

**CUARTO.** Revocación y otorgamiento de poderes en favor del Sr. Fernando Manuel García Campuzano. En desahogo del siguiente punto del orden del día, el Presidente propuso a los socios presentes, o debidamente representados, revocar los poderes otorgados a favor del Sr. Fernando Manuel García Campuzano mediante escritura pública número 64,865, de fecha 23 de febrero de 2006, otorgada ante la fe del Lic. José Alberto

CONFIDENTIAL

DANSKE_0016388

Castro Salazar, Notario Público adscrito a la notaría pública número 7 de Los Cabos, Baja California Sur.

3

Los socios, tras una breve deliberación, por unanimidad de votos resolvieron revocar los poderes otorgados al Sr. Fernando Manuel García Campuzano mediante la escritura pública número 64,865, de fecha 23 de febrero de 2006, otorgada ante la fe del Lic. José Alberto Castro Salazar, Notario Público adscrito a la notaría pública número de Los Cabos, Baja California Sur.

Continuando con este punto del orden del día, el Presidente propuso a los socios presentes, o debidamente representados, otorgar a favor del Sr. Fernando Manuel García Campuzano, el siguiente poder:



**A).- PODER GENERAL PARA PLEITOS Y COBRANZAS Y ACTOS DE ADMINISTRACIÓN.-** con todas las facultades generales y aún con las especiales que requieran cláusula especial, de acuerdo con la Ley, en los términos de los párrafos primero y segundo del artículo 2554 (dos mil quinientos cincuenta y cuatro) del Código Civil Federal y del artículo 2587 (dos mil quinientos ochenta y siete) del mismo ordenamiento y de sus correlativos del Código Civil del Estado de Baja California Sur y de las demás entidades federativas de los Estados Unidos Mexicanos y del Distrito Federal en donde se ejercite el poder. Atento a lo anterior y en concordancia con el artículo 2468 del Código Civil de Baja California Sur, el apoderado, de manera enunciativa pero no limitativa, tendrá facultades:

(i)     Para intentar y desistirse de toda clase de procedimientos federales y locales inclusive el de amparo;

(ii)    Para transigir;

(iii)   Para comprometer en árbitros;

(iv)    Para absolver y articular posiciones como representante legal de su poderdante;

(v)     Para recusar;

(vi)    Para hacer y recibir pagos; y

(vii)   Para presentar denuncias y querellas en materia penal y constituirse por su poderdante en parte civil o en tercero coadyuvante del Ministerio Público, así como para desistirse de las respectivas acciones e instancias cuando lo permita la Ley y otorgar el perdón en su caso. Asimismo, gozará de la representación patronal en los términos del artículo 11 (once) de la Ley Federal del Trabajo, pudiendo actuar en consecuencia ante o frente al o a los sindicatos con los cuales existan celebrados contratos colectivos de trabajo y para todos sus efectos ante o frente a los trabajadores personalmente considerados, y para la resolución de conflictos individuales o colectivos: en general, para cualquier asunto obrero-patronal y para ejercitarse ante cualesquiera de las autoridades del trabajo; podrán asimismo, comparecer ante las Juntas de Conciliación y de Conciliación y Arbitraje, ya sean Locales o Federales; en consecuencia llevará la representación patronal para efectos de los artículos 11 (once), 46 (cuarenta y seis) y 47 (cuarenta y siete) y también la representación legal de la sociedad, para los efectos de acreditar la personalidad y la capacidad en juicio o fuera de él, en los términos del artículo 692 (seiscientos noventa y dos), fracciones segunda y tercera; podrá comparecer al desahogo de la prueba confesional, en los términos de los artículos 787 (setecientos o ochenta y siete) y 788 (setecientos ochenta y ocho) de La Ley Federal del Trabajo, con las facultades para articular y absolver posiciones, desahogar la prueba confesional en todas sus partes; señalar domicilios para recibir notificaciones, en los términos del artículo 886 (ochocientos sesenta y seis); comparecer con toda la representación legal bastante y suficiente, para acudir a la audiencia, a que se refiere el artículo 873 (ochocientos setenta y tres) en sus tres fases de conciliación, de demanda y excepciones, y de ofrecimiento y admisión de pruebas, en los términos de los artículos 875 (ochocientos setenta y cinco), 876 (ochocientos setenta y seis), fracción primera y sexta, 877 (ochocientos

COTEJADO

DANSKE_0016389

4

setenta y siete), 878 (ochocientos setenta y ocho), 879 (ochocientos setenta y nueve) y 880 (ochocientos ochenta); también podrán acudir a la audiencia de desahogo de pruebas, en los términos de los artículos 873 (ochocientos setenta y tres) y 874 (ochocientos setenta y cuatro); asimismo, se confieren facultades para proponer arreglos conciliatorios, celebrar negociaciones, y suscribir convenios laborales, así como para liquidar o ratificar convenios de liquidación respecto y para toda clase de juicios, o procedimientos de trabajo que se tramiten ante cualesquiera autoridades. Igualmente podrá celebrar contratos de trabajo y rescindirlos

Los socios, tras una breve deliberación, por unanimidad de votos resolvieron otorgar a favor del Sr. Fernando Manuel García Campuzano, el poder propuesto por el Presidente en la totalidad de sus términos.

**QUINTO.**   Autorizar al socio Diamante Cabo San Lucas, LLC para otorgar en prenda su parte social en favor de LEHMAN BROTHERS HOLDINGS, INC., de conformidad con el contrato de prenda correspondiente. El Presidente informó a los socios presentes o debidamente representados, que Diamante Cabo San Lucas, LLC, a través de su representante legal, le había hecho saber su intención de otorgar en prenda en favor de Lehman Brothers Holdings Inc., una (1) parte social con valor nominal de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.), que representa el 99% (noventa y nueve por ciento) del capital social de la Sociedad.

La prenda antes mencionada será otorgada a fin de dar cumplimiento a los acuerdos establecidos en el Contrato de Préstamo a ser celebrado el 9 ó 10 de marzo de 2006 entre la Sociedad y Lehman Brothers Holdings Inc. y el cual será sometido a la aprobación de esta asamblea en el punto décimo del orden del día.

Acto seguido, el Presidente propuso a los socios presentes, o de debidamente representados, autorizar a Diamante LLC el otorgamiento en prenda en favor de Lehman Brothers Holdings Inc., de una (1) parte social con un valor nominal de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.), que representa el 99% (noventa y nueve por ciento) del capital social de la Sociedad.

Derivado de lo anterior los socios presentes, o debidamente representados, aprobaron por unanimidad las siguientes resoluciones:

i)   Autorizar a Diamante Cabo San Lucas, LLC a otorgar en prenda, en favor de Lehman Brothers Holdings Inc., de conformidad con el Contrato de Prenda que será sometido a la aprobación de la asamblea en el punto noveno del orden del día, una (1) parte social con valor nominal de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.), que representa el 99% (noventa y nueve por ciento) del capital social de la Sociedad.

ii)   Una vez que el Contrato de Prenda correspondiente haya sido debidamente celebrado, la Sociedad otorgará a Lehman Brothers Holdings Inc. todos los derechos que se establece en el mencionado Contrato de Prenda.

iii)   De conformidad con lo establecido en el Contrato de Prenda correspondiente, Diamante Cabo San Lucas, LLC no deberá ceder, vender, prendar o disponer de forma alguna su parte social sin la autorización previa y por escrito de Lehman Brothers Holdings Inc.

iv)   De conformidad con lo establecido en el Contrato de Prenda, la Sociedad no deberá ceder, vender, prendar o disponer de forma alguna de las partes sociales que representan el capital social de la misma, sin la autorización previa y por escrito de Lehman Brothers Holdings Inc.

CONFIDENTIAL

5

v)   La Sociedad no deberá permitir que, en el ejercicio del voto que corresponde a las partes sociales, se contravenga lo establecido en el Contrato de Prenda correspondiente.

**SEXTO.**   Autorizar al Sr. Kenneth Aboud Jowdy para otorgar en prenda su parte social en favor de Lehman Brothers Holdings Inc., de conformidad con el contrato de prenda correspondiente. El Presidente informó a los socios presentes, o debidamente representados, que el Sr. Kenneth Aboud Jowdy le había hecho saber su intención de otorgar en prenda, en favor de Lehman Brothers Holdings Inc., una (1) parte social con valor nominal de $100.00 (Cien pesos 00/100, M.N.) que representa 1% (uno por ciento) del capital social de la Sociedad.

La prenda antes mencionada será otorgada a fin de dar cumplimiento a los acuerdos establecidos en el Contrato de Préstamo a ser celebrado el 9 ó 10 de marzo de 2006 entre la Sociedad y Lehman Brothers Holdings Inc. y el cual será sometido a la aprobación de esta asamblea en el punto décimo del orden del día.

Acto seguido, el Presidente propuso a los socios presentes, o de debidamente representados, autorizar al Sr. Kenneth Aboud Jowdy el otorgamiento en prenda, en favor de Lehman Brothers Holdings Inc., de una (1) parte social con un valor nominal de $100.00 (Cien pesos 00/100, M.N.) que representa 1% (uno por ciento) del capital social de la Sociedad.

Derivado de lo anterior los socios presentes, o debidamente representados, aprobaron por unanimidad las siguientes resoluciones:



i)   Autorizar al Sr. Kenneth Aboud Jowdy a otorgar en prenda, en favor de Lehman Brothers Holdings Inc., de conformidad con el Contrato de Prenda que será sometido a la aprobación de la asamblea en el punto noveno del orden del día, una (1) parte social con valor nominal de $100.00 (Cien pesos 00/100, M.N.) que representa 1% (uno por ciento) del capital social de la Sociedad.

ii)   Una vez que el Contrato de Prenda correspondiente haya sido debidamente celebrado, la Sociedad otorgará a Lehman Brothers Holdings Inc. todos los derechos que se establecen en el mencionado Contrato de Prenda.

iii)   De conformidad con lo establecido en el Contrato de Prenda correspondiente, el Sr. Kenneth Aboud Jowdy no deberá ceder, vender, prendar o disponer de forma alguna de su parte social sin la autorización previa y por escrito de Lehman Brothers Holdings Inc.

iv)   De conformidad con lo establecido en el Contrato de Prenda, la Sociedad no deberá ceder, vender, prendar o disponer de forma alguna de las partes sociales que representan el capital social de la misma, sin la autorización previa y por escrito de Lehman Brothers Holdings Inc.

v)   La Sociedad no deberá permitir que, en el ejercicio del voto que corresponde a las partes sociales, se contravengan lo establecido en el Contrato de Prenda correspondiente.

**SÉPTIMO.**   Aceptar a Lehman Brothers Holdings Inc. o a cualquier otro tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy, como socios de la Sociedad, en el caso de cesión, compra, ejecución forzosa o remate judicial de sus respectivas partes sociales otorgadas en prenda y, en su caso, aceptar la renuncia de los actuales socios de la Sociedad tanto al derecho del tanto que les confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía. En uso de la palabra el Presidente propuso a los socios presentes, o debidamente representados,

CONFIDENTIAL

DANSKE_0016391

6

aceptar a Lehman Brothers Holdings Inc. o a cualquier otro tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy, como socios de la Sociedad en el caso de cesión, compra, ejecución forzosa o remate judicial de las mencionadas partes sociales.

Después de una breve deliberación los socios presentes, o debidamente representados, por unanimidad aprobaron las siguientes resoluciones:

i)    El aceptar como socio de la Sociedad, sin necesidad de consentimiento adicional al aquí otorgado, a Lehman Brothers Holdings Inc. o a cualquier otro posible tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc., en caso de cesión, compra, ejecución forzosa o remate judicial de las mencionadas partes sociales.



    En caso de cesión, compra, ejecución forzosa o remate judicial de la parte social propiedad de Diamante Cabo San Lucas, LLC en favor de Lehman Brothers Holdings Inc. o del tenedor de la parte social en su momento, el Sr. Kenneth Aboud Jowdy, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía.

iii)    Por virtud de lo anterior, el Sr. Kenneth Aboud Jowdy renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social de Diamante Cabo San Lucas, LLC otorgada en prenda en favor de Lehman Brothers Holdings Inc.

iv)    En caso de compra, ejecución forzosa o remate judicial de la parte social propiedad del Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc. o del tenedor de la parte social en su momento, Diamante Cabo San Lucas, LLC, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía.

v)    Por virtud de lo anterior, Diamante Cabo San Lucas, LLC renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social del Sr. Kenneth Aboud Jowdy otorgada en prenda en favor de Lehman Brothers Holdings Inc.

vi)    En caso de compra, ejecución forzosa o remate judicial de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc. de conformidad con las resoluciones anteriores, el capital social de la Sociedad quedaría integrado de la siguiente forma:

7

| Socios | Partes Sociales | Valor |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings, Inc. o un nuevo adquiriente. | 1 | $9,900.00 |
| Lehman Brothers Holdings Inc. Brothers Holdings, Inc. o un nuevo adquiriente. | 1 | $100.00 |
| Total | 2 | $10,000.00 |

**OCTAVO.**  Llevar a cabo la inscripción correspondiente a la prenda de las partes sociales en el libro especial de socios de la Sociedad.  Tomando en consideración las resoluciones previamente aprobadas, el Presidente dio instrucciones al Secretario a fin de llevar a cabo las anotaciones de las prendas otorgadas en favor de Lehman Brothers Holdings Inc. en el libro especial de socios, una vez que se hayan celebrado los Contratos de Prenda correspondientes.

De igual forma, el Presidente instruyó al Secretario para que proporcione a Lehman Brothers Holdings Inc. una copia de las anotaciones antes mencionadas dentro de los dos días siguientes a la celebración de los Contratos de Prenda correspondientes.

**NOVENO.**  Aprobar la celebración de los Contratos de Prenda mediante los que se documentarán las prendas aprobadas en términos de los puntos Quinto y Sexto del Orden del Día, así como todos y cualquier documento accesorio a dichos Contratos de Prenda. En desahogo de este punto del orden del día, el Presidente hizo circular entre los socios presentes, o debidamente representados, una copia del proyecto de los Contratos de Prenda que serán celebrados para documentar el otorgamiento de las prendas aprobadas mediante las resoluciones de los puntos quinto y sexto del orden del día, así como de los documentos accesorios a dichos contratos.

Después de una minuciosa revisión de los documentos presentados por el Presidente, los socios presentes o debidamente representados, así como la Sociedad por conducto del Sr. Kenneth Aboud Jowdy, en su carácter de gerente general, manifestaron entender claramente y por completo los términos y condiciones establecidos en los Contratos de Prenda y sus documentos accesorios.

Después de discutir ampliamente los términos y condiciones contenidos en los Contratos de Prenda y sus documentos accesorios, los socios, por unanimidad, adoptaron las siguientes resoluciones:

i)      Que entienden y aceptan los términos y condiciones establecidos en los Contratos de Prenda y sus documentos accesorios presentados por el Presidente.

ii)     Que autorizan a la Sociedad a celebrar los Contratos de Prenda, así como cualquier documento accesorio a los mismos en términos sustancialmente iguales a los documentos que se adjuntan a la presente asamblea como Anexo "B", sujeto a modificaciones que las partes acuerden previamente a su firma.

iii)    Se autoriza al Sr. Kenneth Aboud Jowdy, en su carácter de gerente general de la Sociedad, a celebrar los Contratos de Prenda, así como cualquier documento accesorio a los mismos.

iv)     Se acepta que la Sociedad no llevará a cabo ningún acto o actividad que infrinja o contravenga los términos y condiciones establecidos en los Contratos de Prenda o cualquier documento accesorio a los mismos.

**DÉCIMO.**  Revisar y, en su caso, aprobar la celebración por la Sociedad de diversos documentos, contratos y convenios que serán celebrados el 9 ó 10 de marzo de 2006.  El Presidente hizo circular entre los socios presentes o debidamente representados, un proyecto de los siguientes documentos, convenios y contratos que serán celebrados por la sociedad el 9 ó 10 de marzo de 2006:

8

1. Contrato de préstamo (*Loan Agreement*) a ser celebrado entre la Sociedad y Lehman Brothers Holdings Inc.
2. Pagaré (*Promissory Note*) a ser suscrito por la Sociedad en favor de Lehman Brothers Holdings Inc.
3. Contrato de fideicomiso (*Trust Agreement*) a ser celebrado entre la Sociedad, Lehman Brothers Holdings Inc. y Banco JP Morgan, S.A., Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria.
4. Cesión de arrendamiento y rentas (*Assignment of Lease and Rents*) a ser celebrado por la Sociedad en favor de Lehman Brothers Holdings Inc.
5. Indemnización ambiental (*Environmental Indemnity*) a ser celebrado por la Sociedad y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc.
6. Cesión Global (*Omnibus Assignment*) a ser celebrado por la Sociedad en favor de Lehman Brothers Holdings Inc.
7. Contrato de Prenda sin transmisión de posesión a ser celebrado por la Sociedad y Lehman Brothers Holdings Inc.

Después de revisar los términos y condiciones establecidos en los documentos mencionados anteriormente, los socios de la Sociedad, así como la Sociedad por conducto del Sr. Kenneth Aboud Jowdy, en su carácter de gerente general, manifestaron entender claramente y por completo los términos y condiciones de los documentos a ser celebrados por la Sociedad.

Después de una amplia discusión sobre los términos y condiciones de los documentos presentados por el Presidente los socios, por unanimidad de votos, aprobaron las siguientes resoluciones:

i)    Que entienden y aceptan los términos y condiciones establecidos en los documentos presentados por el presidente.

ii)   Que autorizan a la Sociedad a celebrar los documentos presentados por el presidente, así como cualquier documento accesorio a los mismos, y a obligarse en términos de los mismos, en términos sustancialmente iguales a los documentos que se adjuntan a la presente asamblea como Anexo "C", sujeto a modificaciones que las partes acuerden previamente a su firma.

iii)  Se autoriza al Sr. Kenneth Aboud Jowdy, en su carácter de gerente general de la Sociedad, a celebrar los documentos presentados por el Presidente, así como cualquier documento accesorio a los mismos.

iv)   Se acepta que la Sociedad no llevará a cabo ningún acto o actividad que infrinja o contravenga los términos y condiciones establecidos en los documentos presentados por el Presidente o en cualquier documento accesorio a los mismos.

**INFORMACIÓN FISCAL DE LOS SOCIOS.** El Presidente hizo mención de la clave del registro federal de contribuyentes del socio Kenneth Aboud Jowdy era la siguiente:

| Sr. Kenneth Aboud Jowdy | AOJK 640716 V59 |
|---|---|

Acto seguido, el Presidente mencionó también que el socio Diamante Cabo San Lucas LLC es residente en el extranjero, por lo que ha optado por no inscribirse en el Registro Federal de Contribuyentes en los términos establecidos por el cuarto párrafo del artículo 27 del Código Fiscal de la Federación, por lo que la Sociedad presentará la notificación a que hace referencia el citado artículo dentro de los tres primeros meses del cierre del ejercicio social.

**AUTORIZACIÓN.** La Asamblea, por unanimidad de votos, resolvió autorizar a los señores Fernando Manuel García Campuzano, Roberto Arena Reyes Retana, Alejandro Ortiz Prieto, Eduardo Eugenio Pizarro Suárez Villalobos, Víctor Manuel Manzano Macías, Marco Antonio Najera Martínez y Raúl Salvador Mejía Palos para que, de

9

manera conjunta o separada o indistinta, acudan ante el notario público de su elección y protocolicen, en lo que estimen conducente, el texto de la presente asamblea.

**REDACCIÓN.** El Secretario procedió a redactar la presente acta, hecho lo cual le dio lectura, siendo aprobada por unanimidad de votos.

**CLAUSURA.** No habiendo otro asunto que tratar, se levantó la Asamblea a las 22:30 horas.





Presidente
Sr. Kenneth Aboud Jowdy

Secretario
Sr. Fernando Manuel García Campuzano



CONFIDENTIAL

DANSKE_0016395

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7

LA PAZ, B.C.S.

- - - EN LA PAZ, BAJA CALIFORNIA SUR, MEXICO, **A LOS DIECINUEVE DÍAS** DEL MES DE FEBRERO DEL AÑO DOS MIL OCHO, YO, EL **LIC. JOSE ALBERTO CASTRO SALAZAR**, NOTARIO ADSCRITO Á LA NOTARIA NUMERO SIETE DEL ESTADO, CON EJERCICIO EN LOS MUNICIPIOS DE LA PAZ, Y LOS CABOS, CUYO TITULAR ES EL **LICENCIADO HECTOR CASTRO CASTRO**, ACTUANDO DE CONFORMIDAD CON LO DISPUESTO POR EL ARTICULO (29) VEINTINUEVE DE LA LEY DEL NOTARIADO EN VIGOR, HAGO CONSTAR Y **C E R T I F I C O**: QUE LA PRESENTE ES COPIA FIEL Y EXACTA DE SU ORIGINAL. CONSTA TREINTA Y CINCO FOJAS UTILES, MISMA QUE TUVE A LA VISTA, RECABANDOSE COPIA PARA EL APENDICE AL QUE SE AGREGÓ CON LETRA "A" DE ESTA NOTARIA A MI CARGO. DOY FE .................................





DANSKE_0016396



IGNACIO RAMIREZ 2
TELS. 122-91-20
122-97-7
125-24-4
FAX 1252598

LIC. HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PÚBLICA NUM.7
LA PAZ, B.C.S.

**COTEJADO** (left margin)

**COTEJADO** (right margin)

-------------------------------- **VOLUMEN MIL VEINTISEIS** ..............................

------------------- **ACTA SESENTA Y CINCO MIL ONCE**..............................

- - - En la Ciudad de La Paz, Baja California Sur, México, a los nueve días del mes de Marzo del año dos mil seis, YO, Licenciado JOSE ALBERTO CASTRO SALAZAR, Notario Público adscrito a la Notaría Pública Número SIETE, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz, Los Cabos, y con Residencia en la Capital del Estado, cuyo titular es el Licenciado HECTOR CASTRO CASTRO, actuando de conformidad con lo dispuesto por los artículos (61) sesenta y uno y (29) veintinueve de la Ley del Notariado en vigor, **PROTOCOLIZO** el acta levantada fuera de mi Notaría y en la cual consigné la protocolización del Acta de Asamblea General de Socios de la Sociedad Mercantil denominada "**DIAMANTE CABO SAN LUCAS**", **SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, celebrada el día ocho de Marzo de dos mil seis, a solicitud del señor **FERNANDO MANUEL GARCÍA CAMPUZANO**, en su carácter de Delegado Especial de la Sociedad. ..............................

- - - El referido documento lo dejo agregado al apéndice del volumen mil veintiséis, de mi protocolo bajo la letra "**A**", en el legajo correspondiente a esta escritura, el acta en comento se encuentra debidamente firmada y sellada, misma que para FORMALIZAR se protocoliza. DOY FE ..............................

AUTORIZO DEFINITIVAMENTE LA PRESENTE ACTA EN LA CIUDAD DE LA PAZ, BAJA CALIFORNIA SUR, EN LA MISMA FECHA DE SU OTORGAMIENTO, EN VIRTUD DE NO CAUSAR IMPUESTO ALGUNO. DOY FE ..............................

LIC. JOSE ALBERTO CASTRO SALAZAR. FIRMADO. EL SELLO DE AUTORIZAR DE LA NOTARIA..............................

- - - ANEXO LETRA "A". EL ACTA QUE SE PROTOCOLIZA ..............................

-------------------------------- **ANEXO "A"**..............................

- - - En la Ciudad de La Paz, Baja California Sur, México, a nueve días del mes de Marzo del año dos mil seis, ANTE MI, Licenciado JOSE ALBERTO CASTRO SALAZAR, Notario Público adscrito a la Notaría Pública Número SIETE, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz, Los Cabos, Comondú, Mulegé y Loreto y con Residencia en la Capital del Estado, cuyo titular es el Licenciado HECTOR CASTRO CASTRO, actuando de conformidad con lo dispuesto por el artículo (29) veintinueve de la Ley del Notariado en vigor, compareció el señor **FERNANDO MANUEL GARCÍA CAMPUZANO**, en su carácter de Delegado Especial de la Sociedad Mercantil denominada "**DIAMANTE CABO SAN LUCAS**", **SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, quien me solicitó protocolizar el Acta de Asamblea General, celebrada por los socios de la referida Sociedad, el día ocho de Marzo del dos mil seis, y, formalizar con ello los acuerdos ahí tomados. Para tal fin me exhibe en este momento el Acta correspondiente, con nueve hojas útiles tamaño oficio de papel común y la lista de asistencia de los Socios,

2

debidamente firmadas, de la cual se anexa una copia al apéndice de esta escritura marcada con la letra "B" y que mediante este instrumento se protocoliza y la cual a continuación transcribo íntegramente: ...................................................................

*****ASAMBLEA GENERAL DE SOCIOS DE DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V. (EN LO SUCESIVO LA "SOCIEDAD"), CELEBRADA EL 8 DE MARZO DE 2006, A LAS 21:00 HORAS, EN LA CIUDAD DE CABO SAN LUCAS, EN EL ESTADO DE BAJA CALIFORNIA SUR, MÉXICO. ...........................................................................

- - - ASISTENCIA. Estuvieron presentes o debidamente representados, la totalidad de los socios, tal como se indica en la lista de asistencia que se anexa a la presente acta. .

- - - PRESIDENCIA Y SECRETARÍA. Presidió la asamblea el señor Kenneth Aboud Jowdy, Gerente General de la Sociedad, y actuó como Secretario el señor Fernando Manuel García Campuzano, por designación de los socios de la Sociedad. ..................

- - - ESCRUTADORES. El Presidente designó como escrutador al señor Rodolfo Miguel Ángel Piña Yáñez, quien en su dictamen hizo constar que se encontraban presentes, o debidamente representados, la totalidad de los socios. ..............................

- - - QUÓRUM. Tomando en consideración el dictamen del escrutador, y sin necesidad de publicación de convocatoria previa en términos de lo establecido por el Artículo Séptimo de los estatutos sociales, en virtud de encontrarse presentes o debidamente representados la totalidad de los socios, el Presidente declaró que existía quórum para celebrar la presente asamblea y discutir sobre el siguiente: ..............................................

- - - - - - - - - - - - - - - - - - - - - - - ORDEN DEL DIA. ........................................

- - - PRIMERO. Propuesta, discusión y, en su caso, aprobación sobre la reforma total de los estatutos sociales de la Sociedad. .................................................................

- - - SEGUNDO. Aclaración sobre la estructura y distribución del capital social. ............

- - - TERCERO. Ratificación del nombramiento de Gerente General de la Sociedad. ......

- - - CUARTO. Revocación y otorgamiento de poderes en favor del Sr. Fernando Manuel García Campuzano. ...........................................................................................

- - - QUINTO. Autorizar al socio Diamante Cabo San Lucas, LLC para otorgar en prenda su parte social en favor de Lehman Brothers Holdings, Inc., de conformidad con el contrato de prenda correspondiente. ....................................................................

- - - SEXTO. Autorizar al Sr. Kenneth Aboud Jowdy para otorgar en prenda su parte social en favor de Lehman Brothers Holdings Inc., de conformidad con el contrato de prenda correspondiente. .............................................................................................

- - - SÉPTIMO. Aceptar a Lehman Brothers Holdings Inc., o a cualquier otro tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy, como socios de la Sociedad, en el caso de cesión, compra, ejecución forzosa o remate judicial de sus respectivas partes sociales otorgadas en prenda y, en su caso, aceptar la renuncia de los actuales socios de la Sociedad tanto al derecho del tanto que les confiere el artículo 66 de la Ley General de Sociedades



HECTOR CASTRO CASTRO

IGNACIO RAMIREZ 1500
TELS. 122-51-20
122-87-17
125-24-40
FAX 1252588

HECTOR CASTRO CASTRO
TITULAR
LIC. ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7

LA PAZ, B.C.S.

3





**COTEJADO** (left margin) · **COTEJADO** (right margin)

Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía.

- - - OCTAVO. Llevar a cabo la inscripción correspondiente a la prenda de las partes sociales en el libro especial de socios de la Sociedad.................................................

- - - NOVENO. Aprobar la celebración de los Contratos de Prenda mediante los que se documentarán las prendas aprobadas en términos de los puntos Quinto y Sexto del Orden del Día, así como todos y cualquier documento accesorio a dichos Contratos de Prenda. ..........................................................................................................

- - - DÉCIMO. Revisar y, en su caso, aprobar la celebración por la Sociedad de diversos documentos, contratos y convenios que serán celebrados el 9 ó 10 de marzo de 2006...

- - - PRIMERO. Propuesta, discusión y, en su caso, aprobación sobre la reforma total de los estatutos sociales de la Sociedad. En uso de la palabra el Presidente propuso a los socios presentes o debidamente representados que, a fin de poder proceder a la celebración de los documentos que les serán sometidos a aprobación en el punto décimo del orden del día de la presente asamblea, es necesario llevar a cabo una reforma total de los estatutos sociales de la Sociedad, debido a inconsistencias que se desprenden de los estatutos actualmente en vigor...............................................................

- - - Acto seguido, el Presidente hizo circular entre los socios presentes o debidamente representados, un proyecto de estatutos sociales, mismos que se agregan a la presente asamblea como Anexo "A". ...........................................................................

- - - Después de discutir la propuesta del Presidente, así como el proyecto de estatutos sociales, los socios, por unanimidad de votos, aprobaron el llevar a cabo la reforma total de los estatutos sociales de la Sociedad en los términos del Anexo "A" de la presente asamblea. En virtud de lo anterior, a partir de esta fecha, la sociedad estará regida por dichos estatutos sociales. ......................................................................................

- - - SEGUNDO. Aclaración sobre la estructura y distribución del capital social. En uso de la palabra el Presidente mencionó a los socios presentes o debidamente representados que es necesario llevar a cabo una aclaración sobre la participación de los socios en el capital social, debido a inconsistencias que se desprenden de estatutos de la Sociedad, al encontrarse reflejada incorrectamente la estructura del capital por lo que se refiere al número de partes sociales y al monto aportado por cada socio de la Sociedad. ................................................................................................................

- - - Acto seguido, el Presidente mencionó que, tal como fue acordado por los socios desde la constitución de la sociedad, Diamante Cabo San Lucas, LLC es propietaria de una (1) parte social con valor de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.) que corresponde al 99% (noventa y nueve por ciento) del capital social y el Sr. Kenneth Aboud Jowdy es propietario de una (1) parte social con valor de $100.00 (Cien pesos 00/100, M.N.) que corresponde al 1% (uno por ciento) del capital social, así como que dichas cantidades corresponden a las aportaciones que los socios realizaron a la fecha de constitución. ...........................................................................................................

CONFIDENTIAL

DANSKE_0016399

4

- - - Después de una breve deliberación los socios, por unanimidad de votos, reconocieron la correcta distribución del capital social entre sus socios, misma que se encuentra representada de la siguiente forma: ..................................................

| Socios | Partes Sociales | Valor |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| Total | 2 | $10,000.00 |

- - - **TERCERO.** Ratificación del nombramiento de Gerente General de la Sociedad. En uso de la palabra el Presidente propuso a los socios presentes, o debidamente representados, ratificar el nombramiento del Sr. Kenneth Aboud Jowdy como Gerente General de la Sociedad, con todas las obligaciones, derechos, poderes y facultades que conllevan el desempeño de dicho cargo. ..................................................

- - - Los socios, tras una breve deliberación, por unanimidad de votos resolvieron ratificar el nombramiento del Sr. Kenneth Aboud Jowdy como Gerente General de la Sociedad, con todas las obligaciones, derechos, poderes y facultades que conllevan el desempeño de dicho cargo. ..................................................

- - - **CUARTO.** Revocación y otorgamiento de poderes en favor del Sr. Fernando Manuel García Campuzano. En desahogo del siguiente punto del orden del día, el Presidente propuso a los socios presentes, o debidamente representados, revocar los poderes otorgados a favor del Sr. Fernando Manuel García Campuzano mediante escritura pública número 64,865, de fecha 23 de febrero de 2006, otorgada ante la fe del Lic. José Alberto Castro Salazar, Notario Público adscrito a la notaría pública número 7 de Los Cabos, Baja California Sur. ..................................................

- - - Los socios, tras una breve deliberación, por unanimidad de votos resolvieron revocar los poderes otorgados al Sr. Fernando Manuel García Campuzano mediante la escritura pública número 64,865, de fecha 23 de febrero de 2006, otorgada ante la fe del Lic. José Alberto Castro Salazar, Notario Público adscrito a la notaría pública número 7 de Los Cabos, Baja California Sur. ..................................................

- - - Continuando con este punto del orden del día, el Presidente propuso a los socios presentes, o debidamente representados, otorgar a favor del Sr. Fernando Manuel García Campuzano, el siguiente poder: ..................................................

- - - **A).- PODER GENERAL PARA PLEITOS Y COBRANZAS Y ACTOS DE ADMINISTRACIÓN.-** con todas las facultades generales y aún con las especiales que requieran cláusula especial, de acuerdo con la Ley, en los términos de los párrafos primero y segundo del artículo 2554 (dos mil quinientos cincuenta y cuatro) del Código Civil Federal y del artículo 2587 (dos mil quinientos ochenta y siete) del mismo ordenamiento y de sus correlativos del Código Civil del Estado de Baja California Sur y de las demás entidades federativas de los Estados Unidos Mexicanos y del Distrito Federal en donde se ejercite el poder. Atento a lo anterior y en concordancia con el





IGNACIO RAMÍREZ 380
TELS. 122-0...
122-9...
125-2...
FAX 128268

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7

LA PAZ, B.C.S.

5

artículo 2468 del Código Civil de Baja California Sur, el apoderado, de manera enunciativa pero no limitativa, tendrá facultades: .......................................................

- - - (i) Para intentar y desistirse de toda clase de procedimientos federales y locales inclusive el de amparo; .......................................................

- - - (ii) Para transigir; .......................................................

- - - (iii) Para comprometer en árbitros; .......................................................

- - - (iv) Para absolver y articular posiciones como representante legal de su poderdante;

- - - (v) Para recusar; .......................................................

- - - (vi) Para hacer y recibir pagos; y. .......................................................

COTEJADO





COTEJADO

- - - (vii) Para presentar denuncias y querellas en materia penal y constituirse por su poderdante en parte civil o en tercero coadyuvante del Ministerio Público, así como para desistirse de las respectivas acciones e instancias cuando lo permita la Ley y otorgar el perdón en su caso. Asimismo, gozará de la representación patronal en los términos del artículo 11 (once) de la Ley Federal del Trabajo, pudiendo actuar en consecuencia ante o frente al o a los sindicatos con los cuales existan celebrados contratos colectivos de trabajo y para todos sus efectos ante o frente a los trabajadores personalmente considerados, y para la resolución de conflictos individuales o colectivos: en general, para cualquier asunto obrero-patronal y para ejercitarse ante cualesquiera de las autoridades del trabajo; podrán asimismo, comparecer ante las Juntas de Conciliación y de Conciliación y Arbitraje, ya sean Locales o Federales; en consecuencia llevará la representación patronal para efectos de los artículos 11 (once), 46 (cuarenta y seis) y 47 (cuarenta y siete) y también la representación legal de la sociedad, para los efectos de acreditar la personalidad y la capacidad en juicio o fuera de él, en los términos del artículo 692 (seiscientos noventa y dos), fracciones segunda y tercera; podrá comparecer al desahogo de la prueba confesional, en los términos de los artículos 787 (setecientos o ochenta y siete) y 788 (setecientos ochenta y ocho) de La Ley Federal del Trabajo, con las facultades para articular y absolver posiciones, desahogar la prueba confesional en todas sus partes; señalar domicilios para recibir notificaciones, en los términos del artículo 886 (ochocientos sesenta y seis); comparecer con toda la representación legal bastante y suficiente, para acudir a la audiencia, a que se refiere el artículo 873 (ochocientos setenta y tres) en sus tres fases de conciliación, de demanda y excepciones, y de ofrecimiento y admisión de pruebas, en los términos de los artículos 875 (ochocientos setenta y cinco), 876 (ochocientos setenta y seis), fracción primera y sexta, 877 (ochocientos setenta y siete), 878 (ochocientos setenta y ocho), 879 (ochocientos setenta y nueve) y 880 (ochocientos ochenta); también podrán acudir a la audiencia de desahogo de pruebas, en los términos de los artículos 873 (ochocientos setenta y tres) y 874 (ochocientos setenta y cuatro); asimismo, se confieren facultades para proponer arreglos conciliatorios, celebrar negociaciones, y suscribir convenios laborales, así como para liquidar o ratificar convenios de liquidación respecto y para

DANSKE_0016401

6

toda clase de juicios, o procedimientos de trabajo que se tramiten ante cualesquiera autoridades. Igualmente podrá celebrar contratos de trabajo y rescindirlos. ...................

- - - Los socios, tras una breve deliberación, por unanimidad de votos resolvieron otorgar a favor del Sr. Fernando Manuel García Campuzano, el poder propuesto por el Presidente en la totalidad de sus términos. ...............................................................

- - - QUINTO. Autorizar al socio Diamante Cabo San Lucas, LLC para otorgar en prenda su parte social en favor de LEHMAN BROTHERS HOLDINGS, INC., de conformidad con el contrato de prenda correspondiente. El Presidente informó a los socios presentes o debidamente representados, que Diamante Cabo San Lucas, LLC, a través de su representante legal, le había hecho saber su intención de otorgar en prenda en favor de Lehman Brothers Holdings Inc., una (1) parte social con valor nominal de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.), que representa el 99% (noventa y nueve por ciento) del capital social de la Sociedad. ....................................................

- - - La prenda antes mencionada será otorgada a fin de dar cumplimiento a los acuerdos establecidos en el Contrato de Préstamo a ser celebrado el 9 ó 10 de marzo de 2006 entre la Sociedad y Lehman Brothers Holdings Inc. y el cual será sometido a la aprobación de esta asamblea en el punto décimo del orden del día. .........................

- - - Acto seguido, el Presidente propuso a los socios presentes, o de debidamente representados, autorizar a Diamante LLC el otorgamiento en prenda en favor de Lehman Brothers Holdings Inc., de una (1) parte social con un valor nominal de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.), que representa el 99% (noventa y nueve por ciento) del capital social de la Sociedad..............................................

- - - Derivado de lo anterior los socios presentes, o debidamente representados, aprobaron por unanimidad las siguientes resoluciones:

- - - i) Autorizar a Diamante Cabo San Lucas, LLC a otorgar en prenda, en favor de Lehman Brothers Holdings Inc., de conformidad con el Contrato de Prenda que será sometido a la aprobación de la asamblea en el punto noveno del orden del día, una (1) parte social con valor nominal de $9,900 (Nueve Mil Novecientos pesos 00/100, M.N.), que representa el 99% (noventa y nueve por ciento) del capital social de la Sociedad. ...

- - - ii) Una vez que el Contrato de Prenda correspondiente haya sido debidamente celebrado, la Sociedad otorgará a Lehman Brothers Holdings Inc. todos los derechos que se establece en el mencionado Contrato de Prenda. ..........................................

- - - iii) De conformidad con lo establecido en el Contrato de Prenda correspondiente, Diamante Cabo San Lucas, LLC no deberá ceder, vender, prendar o disponer de forma alguna su parte social sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ............................................................................................................

- - - iv) De conformidad con lo establecido en el Contrato de Prenda, la Sociedad no deberá ceder, vender, prendar o disponer de forma alguna de las partes sociales que representan el capital social de la misma, sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ...................................................................................





IGNACIO RAMIREZ
TELS. 122-91-2
122-97-
125-24-4
FAX 1252568

LIC. HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7
NOTARIA PUBLICA No.7 LA PAZ B.C.S.

LA PAZ, B.C.S.                                                                 7

- - - v) La Sociedad no deberá permitir que, en el ejercicio del voto que corresponde a las partes sociales, se contravenga lo establecido en el Contrato de Prenda correspondiente. ........................................

- - - **SEXTO.** Autorizar al Sr. Kenneth Aboud Jowdy para otorgar en prenda su parte social en favor de Lehman Brothers Holdings Inc., de conformidad con el contrato de prenda correspondiente. El Presidente informó a los socios presentes, o debidamente representados, que el Sr. Kenneth Aboud Jowdy le había hecho saber su intención de otorgar en prenda, en favor de Lehman Brothers Holdings Inc., una (1) parte social con valor nominal de $100.00 (Cien pesos 00/100, M.N.) que representa 1% (uno por ciento) del capital social de la Sociedad. ........................................

- - - La prenda antes mencionada será otorgada a fin de dar cumplimiento a los acuerdos establecidos en el Contrato de Préstamo a ser celebrado el 9 ó 10 de marzo de 2006 entre la Sociedad y Lehman Brothers Holdings Inc. y el cual será sometido a la aprobación de esta asamblea en el punto décimo del orden del día. ........................

- - - Acto seguido, el Presidente propuso a los socios presentes, o de debidamente representados, autorizar al Sr. Kenneth Aboud Jowdy el otorgamiento en prenda, en favor de Lehman Brothers Holdings Inc., de una (1) parte social con un valor nominal de $100.00 (Cien pesos 00/100, M.N.) que representa 1% (uno por ciento) del capital social de la Sociedad. ........................................

- - - Derivado de lo anterior los socios presentes, o debidamente representados, aprobaron por unanimidad las siguientes resoluciones: ........................................

- - - i) Autorizar al Sr. Kenneth Aboud Jowdy a otorgar en prenda, en favor de Lehman Brothers Holdings Inc., de conformidad con el Contrato de Prenda que será sometido a la aprobación de la asamblea en el punto noveno del orden del día, una (1) parte social con valor nominal de $100.00 (Cien pesos 00/100, M.N.) que representa 1% (uno por ciento) del capital social de la Sociedad. ........................................

- - - iii) Una vez que el Contrato de Prenda correspondiente haya sido debidamente celebrado, la Sociedad otorgará a Lehman Brothers Holdings Inc. todos los derechos que se establecen en el mencionado Contrato de Prenda. ........................................

- - - iv) De conformidad con lo establecido en el Contrato de Prenda correspondiente, el Sr. Kenneth Aboud Jowdy no deberá ceder, vender, prendar o disponer de forma alguna de su parte social sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ........................................

- - - v) De conformidad con lo establecido en el Contrato de Prenda, la Sociedad no deberá ceder, vender, prendar o disponer de forma alguna de las partes sociales que representan el capital social de la misma, sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ........................................

- - - vi) La Sociedad no deberá permitir que, en el ejercicio del voto que corresponde a las partes sociales, se contravengan lo establecido en el Contrato de Prenda correspondiente. ........................................





8

- - - SÉPTIMO. Aceptar a Lehman Brothers Holdings Inc. o a cualquier otro tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy, como socios de la Sociedad, en el caso de cesión, compra, ejecución forzosa o remate judicial de sus respectivas partes sociales otorgadas en prenda y, en su caso, aceptar la renuncia de los actuales socios de la Sociedad tanto al derecho del tanto que les confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía. En uso de la palabra el Presidente propuso a los socios presentes, o debidamente representados, aceptar a Lehman Brothers Holdings Inc. o a cualquier otro tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy, como socios de la Sociedad en el caso de cesión, compra, ejecución forzosa o remate judicial de las mencionadas partes sociales. ........................

- - - Después de una breve deliberación los socios presentes, o debidamente representados, por unanimidad aprobaron las siguientes resoluciones: ...........................

- - -.i) El aceptar como socio de la Sociedad, sin necesidad de consentimiento adicional al aquí otorgado, a Lehman Brothers Holdings Inc. o a cualquier otro posible tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc., en caso de cesión, compra, ejecución forzosa o remate judicial de las mencionadas partes sociales. ............

- - - ii) En caso de cesión, compra, ejecución forzosa o remate judicial de la parte social propiedad de Diamante Cabo San Lucas, LLC en favor de Lehman Brothers Holdings Inc. o del tenedor de la parte social en su momento, el Sr. Kenneth Aboud Jowdy, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía. .....................................................................................................................

- - - iii) Por virtud de lo anterior, el Sr. Kenneth Aboud Jowdy renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social de Diamante Cabo San Lucas, LLC otorgada en prenda en favor de Lehman Brothers Holdings Inc. ....................

- - - iv) En caso de compra, ejecución forzosa o remate judicial de la parte social propiedad del Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc. o del tenedor de la parte social en su momento, Diamante Cabo San Lucas, LLC, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y



DANSKE_0016404



IGNACIO RAMIREZ 1580
TELS. 122-91-0
122-97-
125-24-
FAX 12528

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7
LA PAZ, B.C.S.

9





de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía..............

- - - v) Por virtud de lo anterior, Diamante Cabo San Lucas, LLC renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social del Sr. Kenneth Aboud Jowdy otorgada en prenda en favor de Lehman Brothers Holdings Inc..............

- - - vi) En caso de compra, ejecución forzosa o remate judicial de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc. de conformidad con las resoluciones anteriores, el capital social de la Sociedad quedaría integrado de la siguiente forma: ....

| Socios | Partes Sociales | Valor |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings, Inc. o un Nuevo adquirente. | 1 | $9,900.00 |
| Lehman Brothers Holdings Inc. Brothers Holdings, Inc. o un Nuevo adquirente. | 1 | $100.00 |
| Total | 2 | $10,000.00 |

- - OCTAVO. Llevar a cabo la inscripción correspondiente a la prenda de las partes sociales en el libro especial de socios de la Sociedad. Tomando en consideración las resoluciones previamente aprobadas, el Presidente dio instrucciones al Secretario a fin de llevar a cabo las anotaciones de las prendas otorgadas en favor de Lehman Brothers Holdings Inc. en el libro especial de socios, una vez que se hayan celebrado los Contratos de Prenda correspondientes...............

- - - De igual forma, el Presidente instruyó al Secretario para que proporcione a Lehman Brothers Holdings Inc. una copia de las anotaciones antes mencionadas dentro de los dos días siguientes a la celebración de los Contratos de Prenda correspondientes.........

- - - NOVENO. Aprobar la celebración de los Contratos de Prenda mediante los que se documentarán las prendas aprobadas en términos de los puntos Quinto y Sexto del Orden del Día, así como todos y cualquier documento accesorio a dichos Contratos de Prenda. En desahogo de este punto del orden del día, el Presidente hizo circular entre los socios presentes, o debidamente representados, una copia del proyecto de los Contratos de Prenda que serán celebrados para documentar el otorgamiento de las prendas aprobadas mediante las resoluciones de los puntos quinto y sexto del orden del día, así como de los documentos accesorios a dichos contratos. ...............

CONFIDENTIAL

DANSKE_0016405

10

- - - Después de una minuciosa revisión de los documentos presentados por el Presidente, los socios presentes o debidamente representados, así como la Sociedad por conducto del Sr. Kenneth Aboud Jowdy, en su carácter de gerente general, manifestaron entender claramente y por completo los términos y condiciones establecidos en los Contratos de Prenda y sus documentos accesorios.......................

- - - Después de discutir ampliamente los términos y condiciones contenidos en los Contratos de Prenda y sus documentos accesorios, los socios, por unanimidad, adoptaron las siguientes resoluciones:...........................

- - - i) Que entienden y aceptan los términos y condiciones establecidos en los Contratos de Prenda y sus documentos accesorios presentados por el Presidente. ......................

- - - ii) Que autorizan a la Sociedad a celebrar los Contratos de Prenda, así como cualquier documento accesorio a los mismos en términos sustancialmente iguales a los documentos que se adjuntan a la presente asamblea como Anexo "B", sujeto a modificaciones que las partes acuerden previamente a su firma.............................

- - - iii) Se autoriza al Sr. Kenneth Aboud Jowdy, en su carácter de gerente general de la Sociedad, a celebrar los Contratos de Prenda, así como cualquier documento accesorio a los mismos. .............................

- - - iv) Se aceptan que la Sociedad no llevará a cabo ningún acto o actividad que infrinja o contravenga los términos y condiciones establecidos en los Contratos de Prenda o cualquier documento accesorio a los mismos.........................

- - - **DÉCIMO.** Revisar y, en su caso, aprobar la celebración por la Sociedad de diversos documentos, contratos y convenios que serán celebrados el 9 ó 10 de marzo de 2006. El Presidente hizo circular entre los socios presentes o debidamente representados, un proyecto de los siguientes documentos, convenios y contratos que serán celebrados por la sociedad el 9 ó 10 de marzo de 2006:

- - - 1. Contrato de préstamo (*Loan Agreement*) a ser celebrado entre la Sociedad y Lehman Brothers Holdings Inc. .............................

- - - 2. Pagaré (*Promissory Note*) a ser suscrito por la Sociedad en favor de Lehman Brothers Holdings Inc. .............................

- - - 3. Contrato de fideicomiso (*Trust Agreement*) a ser celebrado entre la Sociedad, Lehman Brothers Holdings Inc. y Banco JP Morgan, S.A., Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria..............................

- - - 4. Cesión de arrendamiento y rentas (*Assignment of Lease and Rents*) a ser celebrado por la Sociedad en favor de Lehman Brothers Holdings Inc..............................

- - - 5. Indemnización ambiental (*Environmental Indemnity*) a ser celebrado por la Sociedad y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc.......

- - - 6. Cesión Global (*Omnibus Assignment*) a ser celebrado por la Sociedad en favor de Lehman Brothers Holdings Inc. .............................

- - - 7. Contrato de Prenda sin transmisión de posesión a ser celebrado por la Sociedad y Lehman Brothers Holdings Inc. .............................



CONFIDENTIAL

DANSKE_0016406

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1262588

HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7
LA PAZ, B.C.S.

11



- - - Después de revisar los términos y condiciones establecidos en los documentos mencionados anteriormente, los socios de la Sociedad, así como la Sociedad por conducto del Sr. Kenneth Aboud Jowdy, en su carácter de gerente general, manifestaron entender claramente y por completo los términos y condiciones de los documentos a ser celebrados por la Sociedad...............................................................

- - - Después de una amplia discusión sobre los términos y condiciones de los documentos presentados por el Presidente los socios, por unanimidad de votos, aprobaron las siguientes resoluciones: ..................................................................

- - - i) Que entienden y aceptan los términos y condiciones establecidos en los documentos presentados por el presidente. ............................................................

- - - ii) Que autorizan a la Sociedad a celebrar los documentos presentados por el presidente, así como cualquier documento accesorio a los mismos, y a obligarse en términos de los mismos, en términos sustancialmente iguales a los documentos que se adjuntan a la presente asamblea como Anexo "C", sujeto a modificaciones que las partes acuerden previamente a su firma. .................................................................

- - - iii) Se autoriza al Sr. Kenneth Aboud Jowdy, en su carácter de gerente general de la Sociedad, a celebrar los documentos presentados por el Presidente, así como cualquier documento accesorio a los mismos...............................................................

- - - iv) Se acepta que la Sociedad no llevará a cabo ningún acto o actividad que infrinja o contravenga los términos y condiciones establecidos en los documentos presentados por el Presidente o en cualquier documento accesorio a los mismos...............................

- - - **INFORMACIÓN FISCAL DE LOS SOCIOS.** El Presidente hizo mención de la clave del registro federal de contribuyentes del socio Kenneth Aboud Jowdy era la siguiente:.....

| Sr. Kenneth Aboud Jowdy | AOJK 640716 V59 |
| --- | --- |

- - - Acto seguido, el Presidente mencionó también que el socio Diamante Cabo San Lucas LLC es residente en el extranjero, por lo que ha optado por no inscribirse en el Registro Federal de Contribuyentes en los términos establecidos por el cuarto párrafo del artículo 27 del Código Fiscal de la Federación, por lo que la Sociedad presentará la notificación a que hace referencia el citado artículo dentro de los tres primeros meses del cierre del ejercicio social...............................................................................

- - - **AUTORIZACIÓN.** La Asamblea, por unanimidad de votos, resolvió autorizar a los señores Fernando Manuel García Campuzano, Roberto Arena Reyes Retana, Alejandro Ortiz Prieto, Eduardo Eugenio Pizarro Suárez Villalobos, Víctor Manuel Manzano Macías, Marco Antonio Najera Martínez y Raúl Salvador Mejía Palos para que, de manera conjunta o separada e indistinta, acudan ante el notario público de su elección y protocolicen, en lo que estimen conducente, el texto de la presente asamblea.................

- - - **REDACCIÓN.** El Secretario procedió a redactar la presente acta, hecho lo cual le dio lectura, siendo aprobada por unanimidad de votos.................................................

- - - **CLAUSURA.** No habiendo otro asunto que tratar, se levantó la Asamblea a las 22:30 horas. ......................................................................................................

COTEJADO

COTEJADO

CONFIDENTIAL

DANSKE_0016407

12

- - - SIGUEN FIRMAS. ......................................................................

- - - Declara el compareciente que las firmas que aparecen en el Acta de Asamblea son auténticas, así como el texto de la misma. ......................................................

- - - Me exhibe el compareciente y agrego al apéndice con la letra "C", así como al testimonio que de la misma expida los Estatutos Sociales debidamente firmados por los socios. ..........................................................................................................

- - - Expuesto lo anterior, son de otorgarse las siguientes: .............................

- - - - - - - - - - - - - - - - - - - C L A U S U L A S .............................

- - - **PRIMERA.** A solicitud del señor **FERNANDO MANUEL GARCÍA CAMPUZANO**, se da por PROTOCOLIZADA el Acta de Asamblea de la Sociedad Mercantil denominada **"DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, celebrada el día ocho de Marzo de dos mil seis, y formalizados los acuerdos en la misma tomados ....................................................

**SEGUNDA.** **"DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, se regirá por los estatutos sociales aprobados, y que son del tenor siguiente: ..............................................................................

- - - - - - - - - - - - - - - - - ESTATUTOS SOCIALES..............................

- - - - - - - - - - - - - - - - - - - DE.................................................

- - - - - - - - - - - - - - DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V. .............

- - - - - - - - - - - - - - - CAPÍTULO PRIMERO ......................................

- - - - - - - - - DENOMINACIÓN, DOMICILIO, DURACIÓN Y OBJETO...................

- - - **PRIMERO**. La Sociedad se denominará "DIAMANTE CABO SAN LUCAS", denominación que siempre ira seguida de las palabras "SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE" o de su abreviatura "S. DE R.L. DE C.V." (la "Sociedad") .........................................................................

- - - **SEGUNDO**. El domicilio de la Sociedad estará ubicado en la Ciudad de Cabo San Lucas, Baja California Sur, México. La Sociedad podrá establecer agencias/oficinas y sucursales en cualquier parte de los Estados Unidos Mexicanos o del extranjero, así como señalar domicilios convencionales, sin que por ello se entienda cambiado su domicilio. ..................................................................................................

- - - **TERCERO**. La duración de la Sociedad será de noventa y nueve años, contados a partir de la fecha de firma de ésta escritura. ........................................................

- - - **CUARTO**. El objeto de la Sociedad es: ...............................................

- - - a) Sujeto a la cláusula Quinta, la realización de todo tipo de actividades relacionadas con el financiamiento, la garantía, la compra, posesión, construcción, venta, arrendamiento, permuta, operación, diseño, edificación y comercialización de un proyecto turístico en el predio conocido como La Laguna, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, México (el "Inmueble"), conforme a los términos del Contrato de Préstamo a celebrase entre Lehman Brothers Holdings Inc. ("Prestamista") y la Sociedad (el "Proyecto") ........



LIC. HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7

IGNACIO RAMIREZ
TELS. 122-91-
122-91-
126-24-
FAX 1252

LA PAZ, B.C.S.

13

- - - b) Celebrar con la Prestamista todo tipos de contratos y convenios relacionados con el financiamiento, la garantía del préstamo y las obligaciones de terceras personas, la compra, posesión, construcción, venta, operación, diseño, edificación y comercialización del Proyecto como se encuentra establecido en el Contrato de Préstamo (tal como dicho término se define más adelante) a ser celebrado entre la Sociedad y la Prestamista, en el Inmueble, incluyendo pero no limitándose a los siguientes contratos (los "Documentos del Crédito"):

- - - 1. Contrato de préstamo (*Loan Agreement*) (el "Contrato de Préstamo") entre la Sociedad y la Prestamista a ser celebrado el 9 de marzo de 2006 (la "Fecha de Cierre").

- - - 2. Pagaré (*Promissory Note*) a ser suscrito por la Sociedad en favor de la Prestamista en la Fecha de Cierre.

- - - 3. Contrato de fideicomiso (*Trust Agreement*) entre la Sociedad, la Prestamista y Banco JP Morgan, S.A., Institución de Banca Múltiple, JP Morgan Grupo Financiero, División Fiduciaria a ser celebrado en la Fecha de Cierre. ..............................................

- - - 4. Cesión de arrendamiento y rentas (*Assignment of Lease and Rents*) por la Sociedad en favor de la Prestamista, a ser celebrado en la Fecha de Cierre.

- - - 5. Indemnización ambiental (*Environmental Indemnity*) por la Sociedad y el Sr. Kenneth Aboud Jowdy en favor de la Prestamista, a ser celebrado en la Fecha de Cierre. ..............................................

- - - 6. Cesión Global (*Omnibus Assignment*) por la Sociedad en favor de la Prestamista, a ser celebrado en la Fecha de Cierre. ..............................................

- - - 7. Contrato de Prenda sin transmisión de Posesión por la Sociedad en favor de la Prestamista, a ser celebrado en la Fecha de Cierre. ..............................................

- - - 8. Contratos de Prenda de parte sociales entre los socios de la Sociedad ("Socios"), la Sociedad y la Prestamista, a ser celebrado en la Fecha de Cierre. ..............................................

- - - c) La obtención de todo tipo de permisos y autorizaciones gubernamentales para construir, operar, comercializar, vender, arrendar, diseñar, garantizar o poseer el Proyecto. ..............................................

- - - d) Vender, dar o tomar en arrendamiento o subarrendamiento, disponer, comercializar o negociar con toda clase de bienes muebles o inmuebles que se desarrollen, en el Proyecto. ..............................................

- - - e) Contratar y subcontratar, directamente o a través de terceros, toda clase de servicios para diseñar, edificar, urbanizar, construir y comercializar los bienes muebles o inmuebles que se desarrollen, edifiquen, construyan y operen dentro del Proyecto. ........

- - - f) Contratar y subcontratar, directamente o a través de terceros, toda clase de servicios para el correcto funcionamiento de los bienes muebles o inmuebles que se desarrollen, edifiquen, construyan y operen dentro del Proyecto. ..............................................

- - - g) Celebrar toda clase de convenios, contratos y actos con cualquier persona física o moral, privada o pública, con excepción de partes relacionadas de la Sociedad y bajo los lineamientos del Contrato de Préstamo y de los Documentos del Crédito. ..............................................

COTEJADO

COTEJADO




14

- - - h) Constituir y participar como fideicomitente o fideicomisario, en el contrato de fideicomiso que se celebre respecto al Inmueble bajo los lineamientos del Contrato de Préstamo y de los Documentos del Crédito. ...............................................................................

- - - i) Comprar materiales de construcción para la urbanización y construcción de los bienes muebles o inmuebles que se desarrollen, edifiquen y construyan para el Proyecto. ....................................................................................................................................

- - - j) Emitir obligaciones, suscribir y girar títulos de crédito, aceptarlos y endosarlos en cualquier forma y en general negociar toda clase de títulos de crédito siempre y cuando los mismos se emitan con relación directa al objeto social de la sociedad. .........................

- - - k) Actuar como representante, comisionista o intermediaria de terceras personas, físicas o morales, nacionales o extranjeras, exclusivamente para actos relacionados directamente con el Proyecto. ......................................................................................................

- - - l) Registrar, adquirir, recibir, poseer y disponer en cualquier manera legal de licencias, concesiones, marcas, nombres comerciales, derechos intelectuales, invenciones y patentes y todo tipo de propiedad intelectual e industrial, así como realizar contratos de asistencia técnica. ........................................................................................................

- - - m) Contratar con empresas de servicios de personal los empleados para la realización de su objeto social. ..................................................................................................

- - - QUINTA. Desarrollo y cumplimiento del objeto social: ........................................................

- - - La Sociedad deberá de cumplir con las siguientes disposiciones, establecidas en el Contrato de Préstamo, para la celebración de cualquier contrato o convenio, en el entendido de que cualquier acto realizado en contravención de estas disposiciones será considerado incumplimiento de los Documentos del Crédito. ..........................................................

- - - (a) La Sociedad no tendrá otro activo o propiedad salvo aquellos que estén permitidos por el Contrato de Préstamo y que se relacionen con el Proyecto, incluyendo el Inmueble y los derechos y obligaciones derivados de los Documentos del Crédito. .....

- - - (b) La Sociedad no realizará ningún otro negocio que no sea el Proyecto. ................

- - - (c) La Sociedad no realizará actividad o convenio alguno con sus Partes Relacionadas (*Related Parties*) como dicho término se define en el Contrato de Préstamo, salvo que dicho acto este permitido o no prohibido por el Contrato de Préstamo. ................................................................................................................................................

- - - (d) La Sociedad no podrá garantizar o incurrir en endeudamientos (ya sean personales o sin recurso, con garantía o sin garantía) que no sean otros más que los pagos en el transcurso ordinario de operaciones que deriven del diseño, construcción, dirección y operación del Proyecto, y que estén contemplados en el Presupuesto, tal como se define en el Contrato Préstamo y que no excedan de 60 días hábiles. ..............

- - - (e) La Sociedad no realizará préstamos o avances de pago a cualquier persona, asimismo la Sociedad no podrá adquirir obligaciones ni acciones de ninguna Parte Relacionada (*Related Parties*) como dicho término se define en el Contrato de Préstamo. ................................................................................................................................................



IGNACIO RAMIRE
TELS. 122-91
122-97
125-24
FAX 12828

LIC. HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7

LA PAZ, B.C.S.                                        15

- - - (f) La Sociedad.con todo momento realizará los actos necesarios para cumplir con las obligaciones corporativas y las obligaciones establecidas en la ley Mexicana para preservar su existencia. ........................

- - - (g) La Sociedad no podrá garantizar ni obligarse por deudas de terceras personas, salvo por aquellas deudas derivadas del Contrato de Préstamo y los Documentos del Crédito. ........................

- - - (h) La Sociedad no dará en prenda sus activos para el beneficio de ningún otro tercero, salvo con lo dispuesto en el Contrato de Préstamo y los Documentos del Crédito. ........................

- - - (i) La Sociedad no podrá vender los materiales o activos de la Sociedad que sean utilizados para el Proyecto sin el consentimiento previo y por escrito de la Prestamista.

- - - (j) La Sociedad no podrá tener empleados, ni contratar con intermediarios laborales. Toda su fuerza laboral deberá ser subcontratada de sociedades dedicadas a la prestación de servicios de personal. ........................

- - - (k) La Sociedad no podrá participar en el capital social o ser accionista o socio de ninguna otra sociedad. ........................

- - - - - - - - - - - - - - - CAPITULO SEGUNDO ........................

- - - - - - - - - - - - - - -CAPITAL SOCIAL Y PARTES SOCIALES ........................

- - - SEXTA. El capital social es variable, con un mínimo fijo de $10,000.00 (DIEZ MIL PESOS, MONEDA NACIONAL) y un máximo ilimitado. ........................

- - - El capital social estará representado por partes sociales de acuerdo al número de socios que la integren, que en ningún caso podrá exceder de cincuenta socios. Dichas partes sociales representarán la participación de los socios en el capital social, podrán ser de valor desigual pero, en todo caso, su valor será de $1.00 (UN PESO MONEDA NACIONAL) o cualquier múltiplo de ésta cantidad. ........................

- - - Cada socio tendrá una parte social cuyo valor podrá aumentarse o disminuirse cuando se incremente o reduzca su participación en el capital social. ........................

- - - Con excepción de las partes sociales privilegiadas que se emitan, todas las partes sociales conferirán los mismos derechos y obligaciones. ........................

- - - SÉPTIMO. Las partes sociales son indivisibles, sin embargo, la asamblea general ordinaria de socios, por acuerdo adoptado por el voto favorable de socios que representen (dos terceras partes del capital social) del capital social, podrá autorizar la división de una parte social y la cesión parcial de la misma a otro socio, cumpliendo con los requisitos señalados en los artículos octavo, noveno, décimo y décimo primero de éstos estatutos sociales. ........................

- - - OCTAVO. Para que los socios puedan ceder, prendar o enajenar de cualquier forma la parte social de la que sean propietarios a favor de una persona extraña a la Sociedad, requerirán el previo consentimiento de los socios y de la Prestamista. En éste caso, los socios tendrán el derecho del tanto para adquirirlas, conforme a lo dispuesto por el artículo sesenta y seis de la Ley General de Sociedades Mercantiles. ........................




CONFIDENTIAL                                        DANSKE_0016411

16

- - - En caso de que alguno de los socios decida ceder, prendar o enajenar de cualquier forma la parte social de la que sean propietarios a favor de una persona extraña a la Sociedad, tendrá que notificar por escrito y con 15 días hábiles de anticipación al Gerente General y a la Prestamista. Dicha notificación deberá incluir: i) el nombre del adquirente potencial; ii) la contraprestación por la venta de la parte social; iii) el motivo de la venta, cesión o la prenda de la parte social; y iv) el plazo para hacer efectiva la transmisión de la o las partes sociales. ......................................................................

- - - El Gerente General, deberá notificar por escrito a los socios de la intención del socio o socios que deseen transmitir, ceder o prendar su parte o partes sociales, y convocará a una asamblea ordinaria de accionistas en la que se someta a votación la aprobación sobre la cesión, prenda o enajenación de las partes sociales. .................

- - - En caso de que no se cumpla el procedimiento previsto en esta cláusula, toda transmisión, cesión o prenda de parte social será nula, salvo que la unanimidad de los socios este presente en la asamblea de socios que aprueba la cesión, prenda o enajenación de las partes sociales. ..........................................................

- - - NOVENO. El capital social será susceptible de aumentos y disminuciones. Los aumentos del capital se efectuarán por acuerdo de la Asamblea de Socios, mediante nuevas aportaciones de los socios o por admisión de nuevos socios. ...........................

- - - El capital social en su parte variable podrá disminuirse por retiro parcial o total de las aportaciones, de acuerdo con lo estipulado en estos estatutos y con las disposiciones aplicables del capítulo VIII de la Ley General de Sociedades Mercantiles.

- - - Todos los aumentos o disminuciones del capital deberán inscribirse en el libro de registro que la Sociedad llevará para tal efecto, conforme a lo dispuesto por el artículo setenta y tres de la Ley General de Sociedades Mercantiles. ....................................

- - - No obstante lo anterior, la Sociedad no permitirá la reducción de capital social sin la aprobación por escrito de la Prestamista. ...................................................................

- - - DÉCIMO. La transmisión de las partes sociales no requerirá del consentimiento de los demás socios, conforme a lo previsto por el artículo sesenta y siete de la Ley General de Sociedades Mercantiles, ya que el fallecimiento de uno de los socios no conlleva la disolución de las sociedad ni la obligación a cargo de los demás socios de liquidarle su parte social a los herederos del primero. ......................

- - - DÉCIMO PRIMERO. La Sociedad llevará un libro especial de registro de socios en el que se hará constar el nombre y domicilio de cada uno de los socios, con indicación de sus aportaciones y la transmisión o gravamen de las partes sociales. Ninguna transmisión de partes sociales surtirá efectos respecto a terceros sino hasta que se haya practicado la mencionada inscripción. ................................................................

- - - DÉCIMO SEGUNDO. Los socios tendrán derecho de preferencia para suscribir los aumentos de capital, en proporción al valor de la parte social de que sea preparatorio dicho socio antes del aumento. Los socios deberán ejercitar su derecho de preferencia dentro de los quince días siguientes a la fecha en que haya sido publicada la resolución



CONFIDENTIAL

DANSKE_0016412

IGNACIO RAMIREZ
TELS. 122-91-2~
122-97-1~
125-24-4~
FAX 122689~

**HECTOR CASTRO CASTRO**
TITULAR
**JOSE ALBERTO CASTRO SALAZAR**
ADSCRITO
NOTARIA PUBLICA NUM. 7°

LA PAZ, B.C.S.

17

**COTEJADO** · **COTEJADO**

de la asamblea en el Diario Oficial de la Federación o dentro de los quince días siguientes a la celebración de la asamblea, si el socio que desee hacer valer su derecho asistió a la misma, o dentro de los quince días siguientes, contados a partir de la fecha en que cada socio acuse por escrito a la Sociedad el recibo de la notificación de dicha resolución. .................................................................................................

- - - DÉCIMO TERCERO. El capital social podrá reducirse, por acuerdo de la Asamblea de Socios cumpliendo con los requisitos que establece el artículo noveno de la Ley General de Sociedades Mercantiles. No obstante lo anterior, la Sociedad no permitirá la reducción de capital social sin la aprobación de la Prestamista.

- - - DÉCIMO CUARTO. El derecho de separación no podrá ser ejercido si como consecuencia del mismo el capital social se reduce a menos del capital mínimo fijo. ......

- - - - - - - - - - - - - - - - - - - - CAPITULO TERCERO .............................................

- - - - - - - - - - - - - - - - - - - ASAMBLEA DE SOCIOS. .........................................

- - - DÉCIMO QUINTO. La Asamblea de socios es el órgano supremo de la Sociedad. Las resoluciones legalmente adoptadas en cualquier Asamblea de Socios debidamente constituida, serán obligatorias para todos los socios, aún para los ausentes o disidentes.

- - - DÉCIMO SEXTO. Se requerirá de la decisión adoptada a través de una Asamblea de Socios para resolver sobre cualesquiera de los siguientes asuntos: .........................

- - - a) Discutir, aprobar, modificar o reprobar el balance general correspondiente a los ejercicios sociales, clausurados y tomar, con esos motivos, las medidas que juzgue oportunas; .........................................................................................................

- - - b) Proceder al reparto de utilidades; .......................................................

- - - c) Nombrar y remover al Gerente General o a los miembros del Consejo de Gerentes; ..............................................................................................

- - - d) Designar, en su caso, al Consejo de Vigilancia; ........................................

- - - e) Resolver sobre la división y amortización de las partes sociales; ..................

- - - f) Exigir, en su caso, las aportaciones suplementarias y las prestaciones accesorias; ...........................................................................................

- - - g) Intentar contra los órganos sociales o contra los socios las acciones que correspondan para exigirles daños y perjuicios; .............................................

- - - h) Modificar los estatutos de la Sociedad; ................................................

- - - i) Aprobar la cesión, prenda o venta de partes sociales; ...............................

- - - j) Aprobar la admisión de nuevos socios; .................................................

- - - k) Decidir sobre los aumentos y reducciones del capital social; .......................

- - - l) Decidir sobre la disolución de la Sociedad; .............................................

- - - m) Cualesquier asunto que conforme a la Ley o estos estatutos le corresponda. ......

- - - DÉCIMO SÉPTIMO. Deberá celebrarse por lo menos una Asamblea de Socios durante los cuatro meses que sigan a la clausura del ejercicio social. .........................

CONFIDENTIAL

DANSKE_0016413

18

- - - DÉCIMO OCTAVO. Las asambleas serán convocadas por el Gerente General, y a falta de la convocatoria de éste, por el Consejo de Vigilancia y en su defecto por socios que representan más de la tercera parte del capital social o la Prestamista. ....................

- - - DÉCIMO NOVENO. La convocatoria para las asambleas de socios se publicarán en cualquier diario de los de mayor circulación en el domicilio de la Sociedad y se le dará copia por escrito a la Prestamista, o se les notificará a los socios por telex, telefax o carta con acuse de recibo, con una anticipación mínima de ocho días naturales a la fecha señalada para la celebración de la asamblea, y contendrá el día, la hora, el lugar de la reunión y una lista de los asuntos que hayan de tratarse. Cuando se reúna el cien por ciento de los socios, las asambleas se considerarán válidas aún sin previa convocatoria siempre y cuando el Prestamista haya sido notificado de la misma con 15 días de anticipación salvo que la prestamista otorgue un plazo menor por escrito. ..........

- - - VIGÉSIMO. Los socios podrán hacerse representar en las asambleas de socios por mandatarios, quienes podrán pertenecer o no a la Sociedad. La representación deberá conferirse por escrito. Los socios no podrán ser representados por el Gerente General ni por los miembros del Consejo de Vigilancia. No obstante lo anterior, en términos del Contrato de Prenda celebrado entre la Prestamista, la Sociedad y los Socios, la Prestamista tendrá el derecho a participar en las asambleas como si fuera uno de los socios y votar las partes sociales otorgadas en prenda en nombre y representación de los Socios. ...................................................

- - - VIGÉSIMO PRIMERO. El procedimiento a seguir en las asambleas, será el siguiente: ...................................................................

- - - a) Todas las Asambleas de Socios se celebran en el domicilio social, salvo caso fortuito o de fuerza mayor. ..............................................

- - - b) El Gerente General o el Presidente del Consejo de Gerentes presidirá las asambleas y el Secretario del Consejo actuará como Secretario de las mismas y, a falta de ellos, la asamblea designará de entre los presentes al Presidente y al Secretario. .....

- - - c) El Presidente designará dos escrutadores para verificar el número de partes sociales representadas en las asambleas y para hacer el recuento de las mismas. ........

- - - d) Si se encuentra presente el quórum respectivo, el Presidente declarará legalmente instalada la asamblea y se procederá al desahogo del Orden del Día. ..........

- - - e) Cada parte social dará derecho a emitir un voto por cada peso moneda nacional que represente en el Capital Social. ..........................................

- - - f) De toda Asamblea de Socios se formulará un acta que se asentará en el libro respectivo y deberá de ser firmada por el Presidente y el Secretario de la asamblea. Se agregarán el apéndice de cada acta los documentos que en su caso justifiquen que las convocatorias se hicieron en los términos establecidos por los estatutos, así como la lista de asistencia formulada por los escrutadores, las cartas poder o un resumen de poderes, los informes, dictámenes y demás documentos que se hubieren sometido a la consideración de la asamblea y el acta respectiva. .......................................



IGNACIO RAMIREZ
TELS. 122-91-2
122-97-1
126-24-4
FAX 1282668

LIC. HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7
LA PAZ, B.C.S.

19

- - -VIGÉSIMO SEGUNDO. Salvo que otra cosa dispongan éstos estatutos o la ley, las asambleas de socios se considerarán legalmente reunidas en primera convocatoria cuando se encuentre representado cuando menos (sesenta y cinco) por ciento del capital social. ........................................................................................

- - En caso de que el quórum necesario no se obtenga en la primera convocatoria, se llevará a cabo una segunda convocatoria en los mismos términos establecidos para la primera convocatoria y la asamblea se considerará legalmente reunida cualquiera que sea el número de socios o sus representantes que asistan. ...........................

- - - VIGÉSIMO TERCERO. Las resoluciones de las asambleas de socios serán válidas si se aprueban por el voto de partes sociales que representen el 65% (sesenta y cinco) por ciento de capital social presente en la asamblea y en los casos establecidos en el Contrato de Prenda celebrado entre la Sociedad, los Socios y la Prestamista, la aprobación por escrito de la Prestamista. ......................................................

- - - No obstante lo anterior, las resoluciones adoptadas por los socios fuera de asamblea, inclusive si se realizarán por medio de conferencias telefónicas, tendrán la misma validez, siempre que se confirme por escrito y se cumplan los requisitos señalados en el artículo ochenta y dos de la Ley General de Sociedades Mercantiles. El secretario de la Sociedad deberá de recibir los documentos que acrediten la adopción de cualquier resolución conforme a éste procedimiento y hará las anotaciones en el libro respectivo. ...........................................................................................

- - - - - - - - - - - - - - - - - - - - - -CAPITULO CUARTO .............................

- - - - - - - - - - - - - - - - - -ADMINISTRACIÓN DE LA SOCIEDAD............

- - - VIGÉSIMO CUARTO. La Administración de la Sociedad quedará encomendada a un Gerente General que será designado por la Asamblea de Socios. ...........

- - - VIGÉSIMO QUINTO. El Gerente General podrá ser socio o persona extraña a la Sociedad y durará en funciones por un año, pero en todo caso continuará desempeñándolas hasta que su sucesor sea designado y tomen posesión de sus puestos. ...........................................................................................

- - - VIGÉSIMO SEXTO. El Gerente General será responsable ante la Prestamista por cualquier acto que realice la Sociedad bajo su supervisión en contravención al Contrato de Préstamo y los Documentos del Crédito y tomara las medidas necesarias para asegurar que la Sociedad cumplirá con las obligaciones establecidos en los mismos. No obstante lo anterior, el Gerente General no será responsable ante la Prestamista por aquellos actos donde el Gerente General haya actuado en buena fe o haya obrado caso fortuito o fuerza mayor. ...........................................................................

- - - VIGÉSIMO SÉPTIMO. El Gerente General representará a la Sociedad teniendo las siguientes facultades: ................................................................................

- - - A) Las comprendidas en los poderes generales para pleitos y cobranzas, para administración de bienes y para ejercer actos de dominio, en los términos de los tres primeros párrafos del artículo dos mil quinientos cincuenta y cuatro (2554) del Código

CONFIDENTIAL

DANSKE_0016415

20

Civil Federal y sus correlativos en las diversas entidades federativas de los Estados Unidos Mexicanos y el Distrito Federal, incluyendo todas las facultades generales y especiales que requieran de cláusula especial conforme a los artículos dos mil quinientos ochenta y siete (2587), dos mil quinientos setenta y cuatro (2574), dos mil quinientos ochenta y dos (2582) y dos mil quinientos noventa y tres (2593) del Código Civil Federal y sus correlativos en las diversas entidades federativas de los Estados Unidos Mexicanos y el Distrito Federal.  Atento a lo anterior, el mandatario de una manera enunciativa pero no limitativa, tendrá las siguientes facultades: .........................

- - - a) El Gerente o, en su caso, el Consejo de Gerentes podrá iniciar cualquier acción judicial, realizar apelaciones incluyendo el juicio de amparo y resolver controversias con apego a procedimientos convencionales.   También podrán realizar las siguientes acciones: presentar denuncias penales y asistir al Ministerio Público; hacer y recibir pagos; ceder propiedades y realizar cualquier acto permitido por la Ley; representar a la Sociedad ante individuos y ante toda clase de autoridades civiles, administrativas, judiciales o penales, ya sean federales, estatales o municipales, ante las juntas de conciliación y arbitraje y demás autoridades del trabajo, empresas descentralizadas; pudiendo celebrar ante la Secretaría de Relaciones Exteriores acuerdos con el Gobierno Federal, con apego a lo establecido en las fracciones I y IV del artículo veintisiete de la Constitución Política de los Estados Unidos Mexicanos y sus reglamentos respectivos. ........................................................................................

- - - b) Realizar todas la operaciones que no estén reservadas a la Asamblea de Socios, así como celebrar, modificar y rescindir contratos. ......................................................

- - - c)  Otorgar, emitir, girar, aceptar, endosar, avalar o por cualquier otro concepto suscribir títulos de crédito, así como protestarlos, de conformidad con el artículo noveno de la Ley General de Títulos y Operaciones de Crédito. ......................................................

- - - d) Abrir, manejar y cerrar cuentas bancarias en nombre de la Sociedad. ..................

- - - e) Constituir y retirar toda clase de depósitos. ................................................................

- - - f) Nombrar y remover funcionarios y empleados de la Sociedad y determinar sus facultades, obligaciones y remuneraciones. .........................................................................

- - - g) Conferir poderes generales o especiales a uno o varios de sus miembros y a toda persona que el Consejo de Gerentes o el Gerente General, en su caso, consideren apropiado, así como revocarlos. ...........................................................................................

- - -  h)  Acordar el establecimiento de sucursales, agencias o dependencias y su supresión. ....................................................................................................................................

- - - i) Ejecutar las resoluciones de las asambleas de socios. ..................................................

- - - j) Representar a la Sociedad cuando forme parte de otras sociedades, comprando o suscribiendo acciones o participaciones, o bien interviniendo como parte en su constitución. ...............................................................................................................................



CONFIDENTIAL

DANSKE_0016416

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
126-24-40
FAX 1252568

HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7
LA PAZ. B.C.S.

21





COTEJADO

COTEJADO

- - - k) Admitir y ejercitar en nombre de la Sociedad poderes y representaciones de personas físicas o morales, nacionales o extranjeras, ya sea para contratar en nombre de ellas o para comparecer a juicio. ..................................................................

- - - l) Para comparecer y representar a la sociedad poderdante en la celebración, terminación y rescisión de cualquier relación o contrato de trabajo, así como en cualquier juicio o procedimiento laboral en contra de la poderdante o promovido por esta, para celebrar convenios o conciliaciones de toda especie en las diversas etapas do cualquier juicio o procedimiento. Este poder, además de otorgarse con amplitud de facultades que se contienen en las disposiciones citadas, incluye las facultades expresas que se mencionan en los artículos once, cuarenta y seis, cuarenta y siete, seiscientos noventa y dos, setecientos ochenta y seis a setecientos ochenta y ocho, ochocientos sesenta y seis, ochocientos setenta y tres a ochocientos ochenta de la Ley Federal del Trabajo. ........................................................................................

----------------------CAPITULO QUINTO............................................

--------------------- VIGILANCIA DE LA SOCIEDAD ......................................

- - - VIGÉSIMO OCTAVO. Cuando la Asamblea de Socios lo estime conveniente, la vigilancia de la Sociedad estará a cargo de un Consejo de Vigilancia, compuesto o integrado por uno o más miembros designados por la asamblea, quienes podrán ser o no socios y tendrán los derechos y obligaciones que les confieren los artículos ciento sesenta y seis y siguientes de la Ley General de Sociedades Mercantiles. Los miembros del Consejo de Vigilancia durarán en su cargo un año o hasta que sus sucesores hayan sido designados y tomen posesión de sus cargos o hasta que la Asamblea de Socios resuelva su desaparición. La Asamblea de Socios podrá designar a la vez uno o varios miembros suplentes del Consejo de Vigilancia, que podrán ser o no socios, para sustituir a los miembros titulares en sus faltas temporales o permanentes. ..........................................................................................

----------------------CAPITULO SEXTO............................................

------------EJERCICIO SOCIAL, ESTADOS FINANCIEROS, RESERVAS ...............

--------------------Y RESPONSABILIDAD LIMITADA..............................

- - - VIGÉSIMO NOVENO. De acuerdo al artículo 8-A de la Ley General de Sociedades Mercantiles, los ejercicios sociales serán de doce meses que correrán del primero de enero al treinta y uno de diciembre de cada año, excepto al primer ejercicio fiscal que correrá de la fecha de constitución de la sociedad al 31 de diciembre del año en que se constituyó la sociedad. .................................................................................

- - - TRIGÉSIMO. El informe del Gerente General que contenga el balance general de cada ejercicio social será preparado al cierre de cada ejercicio social, y junto con el informe del Gerente General o, en su caso, el reporte del Consejo de Vigilancia en relación a dicho informe y al balance general, serán puestos a disposición de los socios y la Prestamista, acompañados de la documentación comprobatoria correspondiente. ...

CONFIDENTIAL

DANSKE_0016417

22

- - - La responsabilidad de cada socio quedará limitada al valor de la parte social de que dicho socio sea propietario y cada socio deberá ser responsable por cualquier parte insoluta del valor de la parte social de que sea propietaria. ...........................................

- - - - - - - - - - - - - - - - - - - CAPITULO SÉPTIMO ...............................................

- - - - - - - - - -DISOLUCIÓN Y LIQUIDACIÓN DE LA SOCIEDAD...........................

- - - TRIGÉSIMO PRIMERO. La Sociedad se disolverá cuando se presente alguno de los supuestos contenidos en el artículo doscientos veintinueve de la Ley General de Sociedades Mercantiles. No obstante lo anterior, la Sociedad así como ninguna Parte Relacionada buscarán disolver o liquidar a la Sociedad de manera voluntaria, sin el consentimiento previo y por escrito de la Prestamista. El procedimiento de disolución se llevará a cabo de acuerdo con lo previsto en el artículo doscientos treinta y dos de dicha ley. ............................................................................................................................

- - - TRIGÉSIMO SEGUNDO. La liquidación deberá sujetarse a lo dispuesto por el capítulo XI de la Ley General de Sociedades Mercantiles y se llevará a cabo por uno o más liquidadores designados por una Asamblea de Socios. ...........................................

- - - TRIGÉSIMO TERCERO. Durante la liquidación de la Sociedad, los liquidadores tendrán las mismas facultades y obligaciones que durante el término normal de vida de la misma tiene el Gerente General o, en su caso, el Consejo de Gerentes y los funcionarios de la Sociedad. .................................................................................

- - - TRIGÉSIMO CUARTO. Mientras no haya sido inscrito en el Registro Público de comercio del domicilio social el nombramiento de liquidadores y éstos no hayan entrado en funciones, el Gerente General y los funcionarios de la Sociedad continuarán desempeñando su cargo. Sin embargo, el Gerente General y los funcionarios no podrán iniciar nuevas operaciones después de haber sido adoptada por los socios la resolución de liquidación de la Sociedad o de que se compruebe la existencia de la causa legal de ésta. ....................................................................................................

- - - - - - - - - - - - - - - - - - - CAPITULO OCTAVO .................................................

- - - - - - - - NACIONALIDAD DE LA SOCIEDAD Y SOCIOS EXTRANJEROS ...................

- - - TRIGÉSIMO QUINTO. La Sociedad es de nacionalidad mexicana. Todo extranjero que, en el acto de la constitución o en cualquier tiempo ulterior, adquiera un interés o participación social en la Sociedad se considerará por ese simple hecho como mexicano respecto de uno y otra, así como respecto de los bienes, derechos, concesiones, participaciones o intereses de los que llegue a ser titular ésta Sociedad, o bien de los derechos y obligaciones que deriven de los contratos en que sea parte y por lo tanto se obliga a no invocar la protección de su gobierno, bajo la pena, en caso de faltar a su convenio, de perder dicho interés o participación en beneficio de la Nación Mexicana. ...

- - - - - - - - - - - - - - - - - - - CAPITULO NOVENO ..................................................

- - - - - - - - - - - - - - - - - - - JURISDICCIÓN..........................................................

- - - TRIGÉSIMO SEXTO. Los tribunales del domicilio de la Sociedad serán los únicos competentes para intervenir y hacer cumplir estos Estatutos Sociales. Al efecto, los





IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252568

LIC. HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7

LA PAZ, B.C.S.

23



Socios, el Gerente General, los miembros del Comité de Vigilancia y demás funcionarios de la Sociedad, se someten expresamente a la jurisdicción de dichos tribunales para resolver cualquier controversia que se suscribe entre ellos y la Sociedad, renunciando a cualquier otra jurisdicción que pudiese corresponderles por razón de sus domicilios presentes o futuros o por cualquier otro motivo. ...........................................

- - - - - - - - - - - - - - - -CAPITULO DÉCIMO .......................................................

- - - - - - - - - - - - - - -LEGISLACIÓN APLICABLE.......................................

- - - TRIGÉSIMO SÉPTIMO.  Para todo aquello no previsto expresamente por éstos estatutos sociales serán aplicables las disposiciones de la Ley General de Sociedades Mercantiles. ...........................................................................................................

- - - TERCERA.- Se aclara sobre la estructura y distribución del capital social, misma que se encuentra representada de la siguiente forma:........................................................

| Socios | Partes Sociales | Valor |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| Total | 2 | $10,000.00 |

- - - CUARTA.- Se ratifica al señor KENNETH ABOUD JOWDY como GERENTE GENERAL de la Sociedad, con todas las obligaciones, derechos, poderes y facultades que conllevan el desempeño de dicho cargo..........................................................................

- - - QUINTA.- Se revocan los poderes otorgados al señor Fernando Manuel García Campuzano mediante la escritura pública número 64,865 (sesenta y cuatro mil ochocientos sesenta y cinco), de fecha veintitrés de Febrero de dos mil seis, otorgada ante la fe del Lic. José Alberto Castro Salazar, Notario Público adscrito a la notaria pública número siete de Los Cabos, Baja California Sur. ..............................................

- - - SEXTA.- Se otorga al señor FERNANDO MANUEL GARCÍA CAMPUZANO, el siguiente poder: ..................................................................................................

- - - A).- PODER GENERAL PARA PLEITOS Y COBRANZAS Y ACTOS DE ADMINISTRACIÓN.- con todas las facultades generales y aún con las especiales que requieran cláusula especial, de acuerdo con la Ley, en los términos de los párrafos primero y segundo del artículo 2554 (dos mil quinientos cincuenta y cuatro) del Código Civil Federal y del artículo 2587 (dos mil quinientos ochenta y siete) del mismo ordenamiento y de sus correlativos del Código Civil del Estado de Baja California Sur y de las demás entidades federativas de los Estados Unidos Mexicanos y del Distrito Federal en donde se ejercite el poder. Atento a lo anterior y en concordancia con el artículo 2468 del Código Civil de Baja California Sur, el apoderado, de manera enunciativa pero no limitativa, tendrá facultades:..........................................................

- - - (i) Para intentar y desistirse de toda clase de procedimientos federales y locales inclusive el de amparo;.............................................................................................

- - - (ii) Para transigir, .................................................................................................

CONFIDENTIAL

DANSKE_0016419

24

- - - (iii) Para comprometer en árbitros;.........................................................................

- - - (iv) Para absolver y articular posiciones como representante legal de su poderdante;

- - - (v) Para recusar;.............................................................................................................

- - - (vi) Para hacer y recibir pagos; y. .............................................................................

- - - (vii) Para presentar denuncias y querellas en materia penal y constituirse por su poderdante en parte civil o en tercero coadyuvante del Ministerio Público, así como para desistirse de las respectivas acciones e instancias cuando lo permita la Ley y otorgar el perdón en su caso. Asimismo, gozará de la representación patronal en los términos del artículo 11 (once) de la Ley Federal del Trabajo, pudiendo actuar en consecuencia ante o frente al o a los sindicatos con los cuales existan celebrados contratos colectivos de trabajo y para todos sus efectos ante o frente a los trabajadores personalmente considerados, y para la resolución de conflictos individuales o colectivos: en general, para cualquier asunto obrero-patronal y para ejercitarse ante cualesquiera de las autoridades del trabajo; podrán asimismo, comparecer ante las Juntas de Conciliación y de Conciliación y Arbitraje, ya sean Locales o Federales; en consecuencia llevará la representación patronal para efectos de los artículos 11 (once), 46 (cuarenta y seis) y 47 (cuarenta y siete) y también la representación legal de la sociedad, para los efectos de acreditar la personalidad y la capacidad en juicio o fuera de él, en los términos del artículo 692 (seiscientos noventa y dos), fracciones segunda y tercera; podrá comparecer al desahogo de la prueba confesional, en los términos de los artículos 787 (setecientos o ochenta y siete) y 788 (setecientos ochenta y ocho) de La Ley Federal del Trabajo, con las facultades para articular y absolver posiciones, desahogar la prueba confesional en todas sus partes; señalar domicilios para recibir notificaciones, en los términos del artículo 886 (ochocientos sesenta y seis); comparecer con toda la representación legal bastante y suficiente, para acudir a la audiencia, a que se refiere el artículo 873 (ochocientos setenta y tres) en sus tres fases de conciliación, de demanda y excepciones, y de ofrecimiento y admisión de pruebas, en los términos de los artículos 875 (ochocientos setenta y cinco), 876 (ochocientos setenta y seis), fracción primera y sexta, 877 (ochocientos setenta y siete), 878 (ochocientos setenta y ocho), 879 (ochocientos setenta y nueve) y 880 (ochocientos ochenta); también podrán acudir a la audiencia de desahogo de pruebas, en los términos de los artículos 873 (ochocientos setenta y tres) y 874 (ochocientos setenta y cuatro); asimismo, se confieren facultades para proponer arreglos conciliatorios, celebrar negociaciones, y suscribir convenios laborales, así como para liquidar o ratificar convenios de liquidación respecto y para toda clase de juicios, o procedimientos de trabajo que se tramiten ante cualesquiera autoridades. Igualmente podrá celebrar contratos de trabajo y rescindirlos. ....................

- - - SEPTIMA.- Se autoriza a Diamante Cabo San Lucas, LLC, lo siguiente:

- - - i).- Otorgar en prenda, en favor de Lehman Brothers Holdings Inc., de conformidad con el Contrato de Prenda sometido a la aprobación de la asamblea en el punto noveno del orden del día, una (1) parte social con valor nominal de $9,900 (Nueve Mil

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

HECTOR CASTRO CASTRO
TITULAR
JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7

LA PAZ, B.C.S.

25

Novecientos pesos 00/100, M.N.), que representa el 99% (noventa y nueve por ciento) del capital social de la Sociedad. ..........................................................................................

- - - ii) Una vez que el Contrato de Prenda correspondiente haya sido debidamente celebrado, la Sociedad otorgará a Lehman Brothers Holdings Inc. todos los derechos que se establece en el mencionado Contrato de Prenda. ................................................

- - - iii) De conformidad con lo establecido en el Contrato de Prenda correspondiente, Diamante Cabo San Lucas, LLC no deberá ceder, vender, prendar o disponer de forma alguna su parte social sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ..........................................................................................................

- - - iv) De conformidad con lo establecido en el Contrato de Prenda, la Sociedad no deberá ceder, vender, prendar o disponer de forma alguna de las partes sociales que representan el capital social de la misma, sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ..............................................................................

- - - v) La Sociedad no deberá permitir que, en el ejercicio del voto que corresponde a las partes sociales, se contravenga lo establecido en el Contrato de Prenda correspondiente. ........................................................................................................

- - - OCTAVA.- Se autoriza al señor Kenneth Aboud Jowdy lo siguiente: ......................

- - - I) Otorgar en prenda, en favor de Lehman Brothers Holdings Inc., de conformidad con el Contrato de Prenda sometido a la aprobación de la asamblea en el punto noveno del orden del día, una (1) parte social con valor nominal de $100.00 (Cien pesos 00/100, M.N.) que representa 1% (uno por ciento) del capital social de la Sociedad. .................

- - - iii) Una vez que el Contrato de Prenda correspondiente haya sido debidamente celebrado, la Sociedad otorgará a Lehman Brothers Holdings Inc. todos los derechos que se establecen en el mencionado Contrato de Prenda. ...............................................

- - - iv) De conformidad con lo establecido en el Contrato de Prenda correspondiente, el Sr. Kenneth Aboud Jowdy no deberá ceder, vender, prendar o disponer de forma alguna de su parte social sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ............................................................................................................

- - - v) De conformidad con lo establecido en el Contrato de Prenda, la Sociedad no deberá ceder, vender, prendar o disponer de forma alguna de las partes sociales que representan el capital social de la misma, sin la autorización previa y por escrito de Lehman Brothers Holdings Inc. ...................................................................................

- - - vi) La Sociedad no deberá permitir que, en el ejercicio del voto que corresponde a las partes sociales, se contravengan lo establecido en el Contrato de Prenda correspondiente. ........................................................................................................

NOVENA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, acepta lo siguiente: .............................................

- - - i) El aceptar como socio de la Sociedad, sin necesidad de consentimiento adicional al aquí otorgado, a Lehman Brothers Holdings Inc. o a cualquier otro posible tenedor de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr.

CONFIDENTIAL

DANSKE_0016421

26

Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc., en caso de cesión, compra, ejecución forzosa o remate judicial de las mencionadas partes sociales. ..........

- - - ii) En caso de cesión, compra, ejecución forzosa o remate judicial de la parte social propiedad de Diamante Cabo San Lucas, LLC en favor de Lehman Brothers Holdings Inc. o del tenedor de la parte social en su momento, el Sr. Kenneth Aboud Jowdy, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía. ..........



- - - iii) Por virtud de lo anterior, el Sr. Kenneth Aboud Jowdy renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social de Diamante Cabo San Lucas, LLC otorgada en prenda en favor de Lehman Brothers Holdings Inc. ..................

- - - iv) En caso de compra, ejecución forzosa o remate judicial de la parte social propiedad del Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc. o del tenedor de la parte social en su momento, Diamante Cabo San Lucas, LLC, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía. ..........



- - - v) Por virtud de lo anterior, Diamante Cabo San Lucas, LLC renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles. y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social del Sr. Kenneth Aboud Jowdy otorgada en prenda en favor de Lehman Brothers Holdings Inc. ................

- - - vi) En caso de compra, ejecución forzosa o remate judicial de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc. de conformidad con las resoluciones anteriores, el capital social de la Sociedad quedaría integrado de la siguiente forma: .....

| Socios | Partes Sociales | Valor |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings, Inc. o un | 1 | $9,900.00 |

CONFIDENTIAL



IGNACIO RAMIREZ
TELS. 122-91-2
122-87-1
125-24-4
FAX 1252888

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7
LA PAZ, B.C.S.

27

| Nuevo adquirente. | | |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings, Inc. o un Nuevo adquirente. | 1 | $100.00 |
| Total | 2 | $10,000.00 |

- - - DECIMA.- Se Aprueba la celebración de los Contratos de Prenda mediante los que se documentarán las prendas aprobadas en términos de los puntos Quinto y Sexto del Orden del Día, así como todos y cualquier documento accesorio a dichos Contratos de Prenda, resolviendo los socios lo siguiente. ......................................................

- - - i) Que entienden y aceptan los términos y condiciones establecidos en los Contratos de Prenda y sus documentos accesorios presentados por el Presidente. ........

- - - ii) Que autorizan a la Sociedad a celebrar los Contratos de Prenda, así como cualquier documento accesorio a los mismos en términos sustancialmente iguales a los documentos que se adjuntan a la presente asamblea como Anexo "B", sujeto a modificaciones que las partes acuerden previamente a su firma. ................................

- - - iii) Se autoriza al Sr. Kenneth Aboud Jowdy, en su carácter de gerente general de la Sociedad, a celebrar los Contratos de Prenda, así como cualquier documento accesorio a los mismos. ............................................................................................................

- - - iv) Se acepta que la Sociedad no llevará a cabo ningún acto o actividad que infrinja o contravenga los términos y condiciones establecidos en los Contratos de Prenda o cualquier documento accesorio a los mismos. ............................................................

- - - DECIMA PRIMERA.- Se aprueba la celebración por la Sociedad de diversos documentos, contratos y convenios que serán celebrados el 9 ó 10 de marzo de 2006, los cuales son los siguientes. ...........................................................................................

- - - 1. Contrato de préstamo (*Loan Agreement*) a ser celebrado entre la Sociedad y Lehman Brothers Holdings Inc. ...................................................................................

- - - 2. Pagaré (*Promissory Note*) a ser suscrito por la Sociedad en favor de Lehman Brothers Holdings Inc. ............................................................................................

- - - 3. Contrato de fideicomiso (*Trust Agreement*) a ser celebrado entre la Sociedad, Lehman Brothers Holdings Inc. y Banco JP Morgan, S.A., Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria. ........................................................

- - - 4. Cesión de arrendamiento y rentas (*Assignment of Lease and Rents*) a ser celebrado por la Sociedad en favor de Lehman Brothers Holdings Inc. ............................

- - - 5. Indemnización ambiental (*Environmental Indemnity*) a ser celebrado por la Sociedad y el Sr. Kenneth Aboud Jowdy en favor de Lehman Brothers Holdings Inc. .......

- - - 6. Cesión Global (*Omnibus Assignment*) a ser celebrado por la Sociedad en favor de Lehman Brothers Holdings Inc. ...............................................................................

- - - 7. Contrato de Prenda sin transmisión de posesión a ser celebrado por la Sociedad y Lehman Brothers Holdings Inc. ...............................................................................

- - - Así mismo aprobaron lo siguiente: ....................................................................

CONFIDENTIAL

DANSKE_0016423

28

- - - i) Que entienden y aceptan los términos y condiciones establecidos en los documentos presentados por el presidente......................................................................

- - - ii) Que autorizan a la Sociedad a celebrar los documentos presentados por el presidente, así como cualquier documento accesorio a los mismos, y a obligarse en términos de los mismos, en términos sustancialmente iguales a los documentos que se adjuntan a la presente asamblea como Anexo "C", sujeto a modificaciones que las partes acuerden previamente a su firma. ........................................................................

- - - iii) Se autoriza al Sr. Kenneth Aboud Jowdy, en su carácter de gerente general de la Sociedad, a celebrar los documentos presentados por el Presidente, así como cualquier documento accesorio a los mismos......................................................................................

- - - iv) Se acepta que la Sociedad no llevará a cabo ningún acto o actividad que infrinja o contravenga los términos y condiciones establecidos en los documentos presentados por el Presidente o en cualquier documento accesorio a los mismos...............................

- - - - - - - - - - - - - - - - - - - - - - P E R S O N A L I D A D.............................................

- - - Manifiesta el compareciente de manera expresa y bajo protesta de decir verdad, que su representada se encuentra capacitada legalmente para la celebración de este acto, y justifica la personalidad que ostenta, la cual protesta se encuentra vigente y me asegura no le ha sido revocada, ni en forma alguna modificada, como sigue: ..................

- - - A.- Con el acta protocolizada. ..................................................................................

- - - B.- Con la escritura número sesenta y cuatro mil ochocientos sesenta y cinco, volumen mil veinticinco, de fecha veintitrés de Febrero de dos mil seis, otorgada ante la fe del Suscrito Notario, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, México, bajo el Folio Mercantil Electrónico número 9065 (nueve mil sesenta y cinco) de la sección IV, el día veintisiete de Febrero de dos mil seis, previo permiso expedido por la Secretaría de Relaciones Exteriores número cero dos cero cero cero cuatro cero cuatro, Expediente dos cero cero seis cero dos cero cero cero tres seis dos, Folio cero cero A  cero cero cinco uno PY ocho, de fecha ocho de Febrero de dos mil seis, en la que se constituyo la Sociedad Mercantil denominada **"DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** .................................................................................................

- - - YO, EL NOTARIO, C E R T I F I C O: ...........................................................................

- - - I.- Que me cercioré de la identidad del compareciente, como se precisa al final de sus generales, lo conceptúo capacitado legalmente para la celebración de este acto y le advertí de las penas en que incurren quienes declaran falsamente, protestándolo para conducirse con verdad. ...................................................................................................

- - - II.- El compareciente por sus generales manifestó ser, de Nacionalidad mexicana por nacimiento, originario de Ensenada, Baja California, lugar donde nació el día doce de Julio de mil novecientos sesenta y siete, casado, Abogado, con domicilio en Obregón número mil doscientos ochenta y nueve, Z.C. Ensenada, Baja California, y de paso por



IGNACIO RAMIREZ
TELS. 122-91-2
122-97-1
126-24-4
FAX 1262668

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM.7
LA PAZ, B.C.S.

29

**COTEJADO** (left margin)

**COTEJADO** (right margin)

esta ciudad, y se identifica con credencial de elector, con clave de elector número "GRCMFR67071202H200".

- - - De dicha identificación la agrego como anexo **"D"**, al apéndice de este protocolo, en el legajo del mismo número de esta escritura...........................................................

- - - III.- Que el compareciente no me mostró la Cédula de Identificación Fiscal de los socios; por lo que daré el aviso correspondiente a la Oficina Federal de Hacienda. .........

- - - IV.- Previne al compareciente en términos de lo dispuesto por el Artículo ciento cincuenta y dos del Reglamento de la Ley General de Población, que para desempeñar cualquier cargo o de personas extranjeras que lleguen a ser funcionarios en la Asociación que hoy se Protocoliza, estarán sujetos a la autorización correspondiente que emita la Secretaría de Gobernación.

- - - V.- Manifiesta el compareciente bajo protesta de decir verdad, que "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, se encuentra inscrita en el Registro Nacional de Inversión Extranjera, según consta con la solicitud de inscripción, que agrego como anexo **"E"**, al apéndice de este protocolo, en el legajo del mismo número de esta escritura. .....................................

- - - VI.- Que tuve a la vista los documentos mencionados en esta escritura....................

- - - VII.- Advertido el compareciente de su derecho a leer o a que Yo, el Notario, le lea ésta escritura optó por lo primero y realizado ello, manifestó su conformidad, por lo que después de explicarle de su valor y fuerza legal, lo ratificó y firmó el día de su fecha. DOY FE ......................................................................................................................

FERNANDO MANUEL GARCÍA CAMPUZANO. FIRMADO. ...............................................

LIC. JOSE ALBERTO CASTRO SALAZAR. FIRMADO. EL SELLO DE AUTORIZAR........

EL NUEVE DEL MES DE MARZO DEL DOS MIL SEIS, QUE SE FIRMO LA PRESENTE ACTA, LA AUTORIZO DEFINITIVAMENTE. DOY FE ...................................

NSERCION. **ARTICULO 2468 DEL CODIGO CIVIL VIGENTE. EN EL ESTADO DE BAJA CALIFORNIA SUR** .................................................................................................

EN TODOS LOS PODERES GENERALES PARA PLEITOS  COBRANZAS, BASTARÁ QUE SE DIGA QUE SE OTORGA CON TODAS LAS FACULTADES GENERALES Y LAS ESPECIALES QUE SE REQUIERAN CLÁUSULA ESPECIAL CONFORME A LA LEY, PARA QUE SE ENTIENDAN CONFERIDOS SIN LIMITACIÓN ALGUNA ........................

EN LOS PODERES GENERALES PARA ADMINISTRAR   BIENES BASTARÁ EXPRESAR QUE SE DAN CON ESE CARÁCTER PARA QUE EL APODERADO TENGA TODAS LAS FACULTADES ADMINISTRATIVAS ........................................................

EN LOS PODERES GENERALES, PARA EJERCER ACTOS DE DOMINIO, BASTARÁ QUE SE DEN CON ESE CARÁCTER PARA QUE EL APODERADO TENGA TODAS LAS FACULTADES DE DUEÑO, TANTO EN LO RELATIVO A LOS BIENES, COMO PARA HACER TODA CLASE DE GESTIONES A FIN DE DEFENDERLOS. ....................

CUANDO SE QUISIERAN LIMITAR, EN LOS TRES CASOS ANTES MENCIONADOS, LAS FACULTADES DE LOS APODERADOS, SE CONSIGNARÁN LAS LIMITACIONES, O LOS PODERES SERÁN ESPECIALES..................................

LOS NOTARIOS INSERTARÁN ESTE ARTÍCULO EN LOS TESTIMONIOS DE LOS PODERES QUE OTORGUEN. .............

ES PRIMER TESTIMONIO EN SU ORDEN Y PRIMERO QUE SE EXPIDE PARA USO DE LA SOCIEDAD MERCANTIL DENOMINADA **"DIAMANTE CABO SAN LUCAS"**, **SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, A TITULO DE INTERESADA. VA EN QUINCE HOJAS UTILES DEBIDAMENTE COTEJADAS, SELLADAS Y FIRMADAS..............

LA PAZ, BAJA CALIFORNIA SUR, A NUEVE DE MARZO DEL DOS MIL SEIS. DOY FE. ......................

LIC. HECTOR CASTRO CASTRO

LIC. JOSE ALBERTO CASTRO SALAZAR

TESTIMONIO: PRIMERO QUE CONTIENE LA PROTOCOLIZACION DE
DOCUMENTOS EXTRANJEROS Y LA CONSTITUCION DE LA SOCIEDAD
DENOMINADA "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPON-
SABILIDAD LIMITADA DE CAPITAL VARIABLE.

Escritura Numero:

Volumen:

Fecha:         20 DE FEBRERO DEL 2011

COTEJADO



LIC. HECTOR CASTRO CASTRO
LIC. JOSE ALBERTO CASTRO SALAZAR

LA PAZ B.C.S.

................ **VOLUMEN MIL VEINTICINCO** ..............................

··· **ESCRITURA SESENTA Y CUATRO MIL OCHOCIENTOS SESENTA Y CINCO** .....

··· En la Ciudad de La Paz, Baja California Sur, México, a los veintitrés días del mes de febrero del año dos mil seis, YO, Licenciado **JOSE ALBERTO CASTRO SALAZAR**, Notario Público adscrito a la Notaría Pública Número SIETE, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz, Los Cabos, y con Residencia en la Capital del Estado, cuyo titular es el licenciado HECTOR CASTRO CASTRO, actuando de conformidad con lo dispuesto por los artículos 161 sesenta y uno y 129 veintinueve de la Ley del Notariado en vigor, PROTOCOLIZO el acta levantada fuera de mi Notaría y en la cual consigne: I.- **LA PROTOCOLIZACION DE DOCUMENTOS EXTRANJEROS** y II.- **LA CONSTITUCION** de una **SOCIEDAD MERCANTIL** que se denominará "**DIAMANTE CABO SAN LUCAS**", S. DE R.L. DE C.V. ...

··· El referido documento lo dejo agregado al apéndice del volumen mil veinticinco, de mi protocolo bajo la letra "A", en el legajo correspondiente a esta escritura, el acta en comento se encuentra debidamente firmada y sellada, misma que para FORMALIZAR se protocoliza. DOY FE ...

AUTORIZO DEFINITIVAMENTE LA PRESENTE ACTA EN LA CIUDAD DE LA PAZ, BAJA CALIFORNIA SUR, EN LA MISMA FECHA DE SU OTORGAMIENTO, EN VIRTUD DE NO CAUSAR IMPUESTO ALGUNO. DOY FE ..................................

L.C. JOSE ALBERTO CASTRO SALAZAR. FIRMADO. EL SELLO DE AUTORIZAR DE LA NOTARIA ..............................................................................

··· ANEXO LETRA "A" EL ACTA QUE SE PROTOCOLIZA ...............................

............................. **ANEXO "A"** ......................................

··· En la Ciudad de Cabo San Lucas, Estado de Baja California Sur a los veintitrés días del mes de Febrero del año dos mil seis, el Licenciado JOSE ALBERTO CASTRO SALAZAR, Notario Público adscrito a la Notaría Pública Número SIETE, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz, Los Cabos, Comondú, Mulege y Loreto y con Residencia en la Capital del Estado, cuyo titular es el licenciado HECTOR CASTRO CASTRO, actuando de conformidad con lo dispuesto por el artículo 129 veintinueve de la Ley del Notariado en vigor, bajo constar ..............

··· I.- LA PROTOCOLIZACION DE DOCUMENTOS EXTRANJEROS ...................

··· II.- LA CONSTITUCION de una SOCIEDAD MERCANTIL que se denominará "DIAMANTE CABO SAN LUCAS" S. DE R.L. DE C.V., la cual formaliza el señor KENNETH ABOUD JOWDY por su propio derecho y como Administrador Único de la Sociedad Mercantil denominada "DIAMANTE CABO SAN LUCAS LLC", quien en este actos es asistido por la señora ROMINA DEL CARMEN RUIZ CARDENAS, en su calidad de perito intérprete traductor, de acuerdo con los siguientes antecedentes y cláusulas: .................................................................................

........................ **D E C L A R A C I O N E S** ..............................

DANSKE_0016428

· · · DE LA PROTOCOLIZACION DE LOS DOCUMENTOS EXTRANJEROS.-

· · · PRIMERA.- El señor KENNETH ABOUD JOWDY presenta para su protocolización y formalización los siguientes: · · ·

· · a).- Documento redactado en idioma inglés, que contiene CERTIFICADO DE FORMACION de la empresa DIAMANTE CABO SAN LUCAS, LLC que otorga el Estado de Delaware, Estados Unidos de América de fecha tres de febrero del dos mil seis, cuya traducción íntegra transcribo a continuación. *CERTIFICADO DE FORMACIÓN DE DIAMANTE CABO SAN LUCAS, LLC (Se traduce como Diamond Cabo San Lucas) 1.- El nombre de la Compañía de Responsabilidad Limitada es DIAMANTE CABO SAN LUCAS, LLC (la "Compañía"). (Se traduce como Diamond Cabo San Lucas). 2.- El domicilio de su oficina registrada en el Estado de Delaware es Centerville Road No. 2711, Suite 400 en la Ciudad de Wilmington, Condado de New Castle. El nombre de su agente registrado en tal domicilio es la Compañía de Servicios Corporativos. 3.- Kenneth A. Jowdy es designado como Socio Único Administrador de la Compañía. 4.- La Compañía deberá ser administrada y operada exclusivamente por el Socio Administrador. El otro socio no tendrá parte en la administración de la Compañía y no tendrá autoridad o derecho de actuar a nombre de la Compañía en relación a ningún asunto. Todas las determinaciones, decisiones o acciones realizadas o tomadas por el Socio Administrador deberán ser concluyentes y obligatorias para la Compañía, los otros socios y sus respectivos sucesores y designados. El Socio Administrador tendrá el poder, entre otras cosas, a nombre de la empresa para: a).- Llevar a cabo todos los aspectos de la administración de la Compañía y ejercer todos los poderes y autoridad otorgados a la misma; b).- Organizar una o más subsidiarias, esto es, cualquier corporación, compañía de responsabilidad limitada u otra entidad, incluyendo una asociación en participación, organizada por la Compañía para poseer ciertos activos, desempeñar ciertas funciones o en cualquier forma facilitar los negocios de la Compañía bajo las leyes de cualquier jurisdicción, incluyendo de manera enunciativa, pero no limitativa México o cualquiera de sus estados, para votar por cualquier acción o bono u otro interés financiero en cualquier Subsidiaria y conducir total o parcialmente los negocios de la Compañía por medio de cualquiera de dichas(s) Subsidiaria. c).- Originar y manejar el desarrollo de propiedades que ya pertenezcan a la compañía o estén por ser adquiridas por esta, directa o indirectamente por medio de una o más Subsidiarias en Cabo San Lucas, Baja California Sur, México, o en sus cercanías (la "Propiedad") o en cualquier otro lugar; d).- celebrar contratos y otros acuerdos con arquitectos, planificadores, diseñadores, desarrolladores, agrimensores, administradores, ingenieros, comisionistas y uso de suelo, ambientalistas, topógrafos, turísticos, recreativos, hoteleros, restauranteros, paisajistas, transportadores, mercadológicos, vendedores y otros consultores y proveedores de materiales y servicios, directa o indirectamente a través de una o más Subsidiarias, todo con el fin de llevar a cabo el desarrollo y administración de la Propiedad y de cualquier otra(s) propiedad(es)*

COTEJADO

DANSKE_0016430

*removerlos de su cargo eventualmente con o sin causa, a discreción del Socio Administrador. Con relación a esto, el Socio Administrador ha designado a Kenneth A. Zeddy como el Presidente de la Compañía, y a William J. Hyman Hijo como su Vicepresidente y Secretario. Cualquier persona que actúe con la Compañía tendrá el derecho de confiar completamente en el poder y autoridad del Socio Administrador como aquí se establece. Adicionalmente, cualquier persona que trate con la Compañía o el Socio Administrador podrá confiar en un certificado firmado por o en nombre del Socio Administrador en cualquier otro asunto. (b) la existencia misma, o de cualquier modo que constituya una mal formación prestándose a todos los Socio Administrador o de cualquier agente o empleado de la Compañía o de cualquier Subsidiaria, (c) la autoridad del Socio Administrador o de cualquier agente o empleado de la Compañía o de cualquier Subsidiaria para ejecutar y entregar cualquier instrumento o documento de la Compañía o de cualquier Subsidiaria, (d) cualquier acto u omisión por la Compañía o de cualquier Subsidiaria, o (e) en cuanto a cualquier otro asunto que involucre a la Compañía o a cualquier Subsidiaria. EN TESTIMONIO DE LO ANTERIOR, el suscrito ha ejecutado este Certificado de Formación de DIAMANTE CABO SAN LUCAS, LLC el día 3 de Febrero de 2005. (Existe una firma) Laurence S. Markward Persona Autorizada.*

- - - b).- Apostillado del documento anteriormente transcrito, bajo documento número C275555, por HARRIET SMITH WINDSOR, Secretaria de Estado del Estado de Delaware, ESTADOS UNIDOS DE AMÉRICA, de fecha seis de febrero de dos mil seis, de conformidad con la Convención por la que se suprime el Requisito de Legalización de Documentos Públicos Extranjeros, concluida en la Ciudad de La Haya, Países Bajos, el día cinco de octubre de mil novecientos sesenta y uno, y de la cual el decreto respectivo de adhesión a dicho ...........................

- - - Por lo anterior, ambos documentos se formalizan para todos los efectos a que haya lugar, mismo que se encuentra debidamente traducido al idioma español por la Licenciada Romina Ruiz Cardenas, perito traductor Español-Inglés, designado por el H. Tribunal de Justicia de Baja California Sur, según oficio SGA 294.992, quien hace constar y CERTIFICA.- Que el documento que presentado en idioma inglés es traducción realizada a mi leal saber y entender del documento presentado en Original en inglés que tuve a la vista y que devolví al interesado, para todos los efectos legales.

- - - - - - - - - - - - - - - - - - A N T E C E D E N T E

- - - ÚNICO.- Manifiestan los comparecientes que la Secretaría de Relaciones Exteriores les expidió el Permiso Número 02000404, Expediente Número 200602000362 para constituir una sociedad, el cual Yo, el Notario, agrego al apéndice de esta escritura y el número de la misma, procediendo a transcribirlo desde luego:

- - "AL MARGEN SUPERIOR IZQUIERDO.- Un Sello con el Escudo Nacional que dice Estados Unidos Mexicanos.- Secretaría de Relaciones Exteriores. MÉXICO.- AL MARGEN SUPERIOR DERECHO.- CÓDIGO DE BARRAS.- PERMISO 02000404,

FAX 1293500

COTEJADO

EXPEDIENTE (...) FOLIO (...) En atención a la solicitud presentada por el C. FERNANDO MANUEL GARCIA CAMPUZANO, esta Secretaría concede el permiso para constituir una S. DE R L. DE C.V bajo la denominación DIAMANTE CABO SAN LUCAS S. DE R. L. DE C.V. Este permiso quedara condicionado a que en los estatutos de la sociedad que se constituya, se inserte la cláusula de exclusión de extranjeros o el convenio previsto en la fracción I del Artículo 27 Constitucional, de conformidad con lo que establecen los artículos 15 de la Ley de Inversión Extranjera y 14 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras. El interesado, deberá dar aviso del uso de este permiso a la Secretaria de Relaciones Exteriores dentro de los seis meses siguientes a la expedición del mismo, de conformidad con lo que establece el artículo 18 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras. Este permiso quedará sin efectos si dentro de los noventa días hábiles siguientes a la fecha de otorgamiento del mismo, los interesados no acuden a otorgar ante fedatario público el instrumento correspondiente a la constancia de la ciudad de que se trata, de conformidad con lo que establece el artículo 17 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras, así mismo se otorga sin perjuicio de lo dispuesto por el artículo 91 de la Ley de la Propiedad Industrial. Lo anterior de conformidad con lo que establecen los artículos 27 fracción I de la Constitución Política de los Estados Unidos Mexicanos, 28 fracción V de la Ley Orgánica de la Administración Pública Federal; 15 de la Ley de Inversión Extranjera y 13, 14 y 16 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras. TIJUANA, B. C. a 08 de Febrero del 2006. Un Sello con el Escudo Nacional que dice: Estados Unidos Mexicanos - Secretaría de Relaciones Exteriores DELEGACION ESTATAL - SUBDELEGACION JURIDICA- LA DELEGADA - MIN SILVIA GONZALEZ GIAMMATTEI Firmado.

Expuesto lo anterior, los comparecientes constituyen la SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, de conformidad con las siguientes -

· · · · · · · · · · · · · · · · · C L A U S U L A S

· · · · · · · · DE LA FORMALIZACIÓN DE DOCUMENTOS EXTRANJEROS · · · · · · · · · · · · · ·

· · · ÚNICA.- El documento redactado en idioma inglés y traducido al mismo español, copia cotejada del mismo se anexa al archivo de esta escritura con la letra correspondiente. Documento que se formaliza para todos los efectos a que haya lugar el cual se tiene por aquí reproducido como si a la letra se insertaran. Lo anterior de conformidad con la Convención por la que se Suprime el Requisito de Legalización de Documentos Públicos Extranjeros, concluida en la Ciudad de la Haya, Países Bajos, el día catorce de octubre de mil novecientos sesenta y uno y de la cual el decreto respectivo de adhesión a dicho convenio por México, fue publicada en el Diario Oficial de la Federación el día catorce meses de agosto de mil novecientos noventa y cuatro.

6

. . . . . . . . DE LA CONSTITUCION DE UNA SOCIEDAD MERCANTIL . . . . . . . . . . . . . . . . . .

. . PRIMERA.- La sociedad se denominará "DIAMANTE CABO SAN LUCAS"; esta denominación irá seguida de las palabras SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE.

. . . SEGUNDA.- La sociedad tendrá por objeto la realización de todo tipo de actividades relacionadas con el desarrollo inmobiliario dentro de los límites permitidos por la Ley de Inversión Extranjera; por lo que además de las actividades que se mencionan en este artículo, la sociedad desarrollará campos de golf privados de dieciocho hoyos, unidades habitacionales, casitas y demás infraestructura relacionada.   En general, la sociedad podrá realizar todo tipo de actividades relacionadas con lo anterior, por lo que enunciativa mas no limitativamente la sociedad podrá..

. . . A).- Dentro de los límites permitidos por la Ley de Inversión Extranjera, realizar todo tipo de actividades relacionadas con el desarrollo inmobiliario con fines turísticos.

. . . B).- Dentro de los límites permitidos por la Ley de Inversión Extranjera, establecer, adquirir, construir, arrendar, operar y poseer en cualquier forma permitida por la Ley, tiendas, almacenes, oficinas, establecimientos, bodegas y otros establecimientos necesarios o convenientes para los objetos de la sociedad.

. . . C).- Adquirir o poseer por cualquier título, usar, dar o tomar en arrendamiento, administrar, vender o disponer en cualquier forma, de todos los bienes muebles o inmuebles que fueren necesarios o convenientes para la realización de los objetos de la sociedad.

. . . D).- Supervisar, planear o contratar, directamente o a través de terceros, toda clase de construcciones, edificaciones y urbanizaciones, así como adquirir y enajenar por cualquier título materiales de construcción.

. . . E).- Prestar y recibir toda clase de servicios técnicos, administrativos, de supervisión, promoción y en general cualesquiera clase de servicios requeridos por negociaciones comerciales o industriales, en México o en el extranjero; . . . . . . . . . . .

. . . F).- Promover, organizar, administrar y supervisar toda clase de sociedades mercantiles o civiles. . . . . . . . . . . .

. . . G).- Adquirir acciones, participaciones, partes sociales o títulos y obligaciones de toda clase de empresas o sociedades y formar parte de ellas. . . . . . . . . . . .

. . . H).- Registrar, obtener, adquirir, usar o disponer de toda clase de marcas, nombres comerciales, certificados de inversión, patentes, derechos de autor, opciones y preferencias, procesos y concesiones o licencias, ya sea en México o en el extranjero.

. . . I).- Obtener y otorgar préstamos con o sin garantía, emitir, aceptar, avalar, endosar, y en general suscribir todo tipo de créditos, así como garantizar en cualquier forma las obligaciones de terceros. . . . . . . .

. . . J).- En general la celebración de toda clase de actos y contratos que se relacionen directa o indirectamente con la sociedad o más fines entre los que se encuentran la

LIC. HECTOR CASTRO CASTRO
LIC. JOSE ALBERTO CASTRO SALAZAR

**COTEJADO**

· adquisición por cualquier forma de bienes muebles o inmuebles propios para el desarrollo de su objeto social.

· · · La sociedad solo podrá realizar actividades propias de su objeto, sin que de ninguna manera pueda llevar a cabo actividades reservadas de manera exclusiva al Estado Mexicano.

· · · TERCERA.- El domicilio de la sociedad será La Ciudad de Cabo San Lucas, Baja California Sur, sin perjuicio de establecer oficinas o sucursales en otras partes del Estado de la República o del Extranjero y señalar domicilios convencionales en los contratos que celebre.

· · · CUARTA.- La duración de la sociedad será de NOVENTA Y NUEVE AÑOS, que se contarán a partir de la fecha de firma de esta escritura.

· · · QUINTA.- CLAUSULA DE EXTRANJERIA.- La Sociedad será de Nacionalidad Mexicana, con cláusula de ADMISION DE EXTRANJEROS. Pudiendo participar en su Capital Social, Inversionistas Extranjeros o Sociedades sin Cláusula de Exclusión de Extranjeros, participación de Capital que será admitida en cualquier proporción.

· · · "Todo extranjero que en el acto de la constitución o en cualquier tiempo ulterior, adquiera un interés o participación social en la sociedad, se considerará por ese simple hecho como mexicano, respecto de uno y otra, y se entenderá que conviene en no invocar la protección de su Gobierno, bajo la pena en caso de faltar a su convenio, de perder dicho interés o participación en beneficio de la Nación Mexicana".

· · · SEXTA.- El capital de la sociedad será variable, iniciándose con un mínimo sin derecho a retiro de: $ 10,000.00 (DIEZ MIL PESOS, 00/100 MONEDA NACIONAL) siendo el máximo ilimitado.

· · · SEPTIMA.- El capital social será integramente suscrito y pagado, y se encuentra representado en partes sociales de $ 500.00 ( quinientos pesos, 00/100 moneda nacional) cada una de ellas, las que siempre serán de dicha cantidad o de un múltiplo de la misma.

· · · OCTAVA.- Los socios fundadores aportan a la sociedad la cantidad de $ 500.00 (quinientos pesos, 00/100 moneda nacional), de la siguiente manera

| SOCIOS | PARTES SOCIALES | VALOR |
|---|---|---|
| DIAMANTE CABO SAN LUCAS, LLC. | 99 | $ 9,500.00 M.N. |
| KENNETH ABOU JOWDY | 1 | $ 500.00 M.N. |
| T O T A L | 100 | $ 10,000.00 M.N. |

· · · El Gerente Administrador de la Sociedad manifiesta bajo protesta de decir verdad que en la Caja de Caudales se encuentra depositado integramente el importe del valor de las acciones.

· · · NOVENA.- La sociedad será administrada por un GERENTE ADMINISTRADOR o un GERENTE GENERAL el cual tendrá las más amplias facultades de un apoderado

CONFIDENTIAL

DANSKE_0016434

GENERAL PARA PLEITOS Y COBRANZAS, ACTOS DE ADMINISTRACIÓN Y ACTOS DE DOMINIO, con todas las facultades generales y las especiales que requieran cláusula especial conforme a la Ley, en los términos de los TRES primeros párrafos del artículo (2,554) dos mil quinientos cincuenta y cuatro y sus especiales del (2,587) dos mil quinientos ochenta y siete, ambos del Código Civil para el Distrito Federal y su correlativo el Artículo (2468) dos mil cuatrocientos sesenta y ocho del Código Civil para el Estado de Baja California Sur, y sus correlativos en las demás Entidades Federativas. El apoderado podrá comparecer ante toda clase de Autoridades sean de la Federación, de los Estados, Municipios, Delegaciones y ya sean estas Legislativas, Ejecutivas, Judiciales, del Trabajo, Fiscales o de cualquiera otra naturaleza, haciendo toda clase de gestiones y solicitudes cualesquiera que ellas sean, para presentar denuncias, querellas y acusaciones coadyuvar con el Agente del Ministerio Público y constituirse en parte civil, para desistirse de toda clase de acciones, procedimientos, incidentes, recursos, términos, hacerlos y anunciarlos e incluso del juicio de amparo para transigir y comprometer en árbitros y arbitradores, para absolver y articular posiciones, para recusar, con causa o sin ella para recibir pagos y para establecerse otros se reserva ni limitación alguna, pudiendo concluirse ante toda clase de personas físicas o morales, privadas u oficiales, haciendo toda clase de gestiones y solicitudes.

- - - Además del poder general para pleitos y cobranzas que se otorga, de acuerdo con los Artículos 689, 690, 692 y 695 de la Ley Federal del Trabajo, se designa al apoderado como representante legal de la empresa, con facultades para ocurrir en nombre de ésta a las Audiencias de Conciliación que se celebren ante la Junta Local de Conciliación, ante la Junta Federal de Conciliación, ante la Junta Especial que corresponda, bien sea de la Federal o de la Local de Conciliación y Arbitraje ante cualesquiera autoridad del trabajo, con facultades para actos de administración en el área Laboral y para celebrar los convenios que puedan derivarse de ella.

- - PODER PARA ACTOS DE ADMINISTRACIÓN, a fin de que el apoderado pueda celebrar o hacer celebrar, ejecutar o hacer ejecutar toda clase de hechos, actos, convenios y contratos de cualquiera naturaleza que ellos sean, otorgar toda clase de documentos privados e instrumentos públicos con facultades administrativas . . . . . . .

- - - PODER PARA SUSCRIBIR TÍTULOS DE CRÉDITO, a fin de que el apoderado pueda emitir, girar, suscribir, endosar, avalar o de cualquiera otra manera poner en circulación toda clase de títulos de crédito, en los términos del Artículo 9, Noveno de la Ley General de Títulos y Operaciones de Crédito.

- - - PODER PARA EJERCER ACTOS DE DOMINIO, a fin de que el apoderado pueda enajenar, gravar, hipotecar o de cualquiera otra manera disponer de la posesión y dominio de bienes de cualquier de cualquiera naturaleza que ellos sean, pudiendo firmar cuantos documentos privados o escrituras públicas en los términos previos y demás condiciones que estime pertinentes el apoderado y en su caso negociar las

DANSKE_0016435

COTEJADO

...recibos sobre su importe y estos o a hacer efectivos los cheques representativos del pago.

... FACULTADO PARA SUSTITUIR EN TODO O EN PARTE EL PRESENTE MANDATO, reservándose el apoderado el ejercicio del mismo y poder nombrar apoderados, factores y empleados liquidables sus facultades, obligaciones, remuneraciones y revocar las substituciones que hiciere.

................ TRANSITORIAS ....

... PRIMERA.- Reunidos en primera Asamblea General de Accionistas, los socios toman los siguientes acuerdos ............

... 1º.- La sociedad será administrada por UN GERENTE ADMINISTRADOR ....

... 2º.- Se designa como GERENTE ADMINISTRADOR al Señor KENNETH ABOUD JOWDY quien en el cargo de sus funciones, tendrá las facultades que se establecen en la Cláusula NOVENA de la presente escritura constitutiva, con la salvedad de que para el desempeño de su actividad, deberá de obtener el permiso correspondiente que a su juicio, expida la Secretaría de Gobernación y de que en caso de violación al Reglamento de la Ley General de Población se hará acreedor a las sanciones correspondientes. ...

... 3º.- Se otorga al señor FERNANDO MANUEL GARCIA CAMPUZANO, un PODER GENERAL PARA PLEITOS Y COBRANZAS, ACTOS DE ADMINISTRACION Y ACTOS DE DOMINIO, mismo que ejercerán conjunta o separadamente de conformidad con las siguientes facultades: ...

... PODER GENERAL PARA PLEITOS Y COBRANZAS, con todas las facultades generales y aún con las especiales que de acuerdo con la Ley requieran poder o cláusula específica, en los términos del párrafo primero del Artículo dos mil quinientos cuarenta y cuatro del Código Civil vigente en el Estado. ...

... De manera enunciativa y no limitativa se mencionan entre otras facultades las siguientes: ...

... I.- Promover y desistirse de toda clase de acciones, recursos, juicios y procedimientos, aún el de amparo. ...

... II.- Transigir. ...

... III.- Articular y absolver posiciones. ...

... IV.- Comprometer en árbitros. ...

... V.- Recusar. ...

... VI.- Recibir pagos. ...

... VII.- Formular denuncias y querellas penales y desistirse de ellas, otorgar perdón en su caso y constituirse en coadyuvante del Ministerio Público. ...

... VIII.- Comparecer a remates judiciales y hacer pujas de acuerdo con las instrucciones escritas del poderdante. ...

... IX.- Asimismo, la sociedad poderdante faculta a los apoderados en forma expresa para obtener, otorgar o avalar de todo tipo de préstamos y para otorgar o suscribir todos...

CONFIDENTIAL

DANSKE_0016436

16

cualquier carácter toda clase de títulos de crédito, conforme a lo dispuesto por la Ley General de Títulos y Operaciones de Crédito. . . . . . . . . . . . . . . . . . . . .

. . . X.- Otorgar Poderes Generales o Especiales con sujeción a derecho a tal o tal personas que estime conveniente, pudiendo revocarlos llegado el caso. . . . . . . . .

. . . Los apoderados ejecutarán el mandato a que alude la cláusula anterior, conjunta o separadamente, ante particulares y ante toda clase de autoridades Administrativas o Judiciales, inclusive de carácter Federal o Local, ante la Procuraduría de la Defensa del Consumidor y ante las Juntas de Conciliación y Arbitraje Locales o Federales y Autoridades de Trabajo, quedando facultados los apoderados para actuar conjunta o separadamente como representante patronal del mandante a las audiencias de conciliación demanda y excepciones, de ofrecimiento, de admisión y desahogo de pruebas, incluyendo la confesional, pudiendo también rescindir y terminar contratos de trabajo, así como, transigir y celebrar convenios con los trabajadores demandantes, todo ello dentro de lo dispuesto por los Artículos nueve, once, cuarenta y seis, cuarenta y siete, quinientos veintitrés, seiscientos noventa y dos, setecientos ochenta y seis, setecientos ochenta y ocho, ochocientos setenta y seis, ochocientos setenta y ocho, ochocientos ochenta, ochocientos ochenta y tres, y ochocientos ochenta y cuatro, de la Ley Federal del Trabajo y en concordancia con el Artículo dos mil cuatrocientos sesenta y ocho del Código Civil de Baja California Sur . . . . . . . . . . . . . . . . . . . .

. - PODER GENERAL PARA ACTOS DE ADMINISTRACION, en los términos del párrafo segundo del Artículo dos mil cuatrocientos sesenta y ocho del Código Civil citado anteriormente . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. - PODER GENERAL PARA ACTOS DE DOMINIO de acuerdo con el párrafo tercero del mismo Artículo del Código Civil vigente en Baja California Sur . . . . . . . . . .

. . . El apoderado queda especialmente facultado para que en nombre y representación de la Sociedad Mandante, realice ante las Autoridades correspondientes, sean éstas de Carácter Federal, Estatal, Municipal o Delegacional, todos los trámites necesarios para obtener los registros correspondientes, incluyendo la Secretaría de Economía y Secretaría de Hacienda y Crédito Público, especialmente la obtención, expedición y registro del Registro Federal de Causantes (RFC), la CEDULA DE IDENTIFICACION ELECTRONICA CONFIDENCIAL (CIEC) y la (FE) Firma Electrónica.- Pudiendo en ejercicio de este mandato, presentar, firmar y recibir todos los documentos públicos o privados que para lograr el objetivo del presente instrumento se necesiten, inclusive los referidos Registros y Cédula . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . El funcionario anteriormente nombrado acepta el cargo conferido, protestando su fiel desempeño y garantizando su manejo de conformidad con lo prescrito en los Estatutos Sociales, cauciones de las que se da por recibido el señor KENNETH ABOUD JOWDY, ya en funciones de Gerente Administrador . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . P E R S O N A L I D A D . . . . . . . . . . . . . . . . . . . .

. . - LEGAL EXISTENCIA DE DIAMANTE CABO SAN LUCAS, LLC.- -El señor

LIC. HECTOR CASTRO CASTRO
LIC. JOSE ALBERTO CASTRO GALAYAN

**COTEJADO**

KENNETH ABOUD JOWDY, acredita su carácter de Socio Único Administrador de la empresa extranjera DIAMANTE CABO SAN LUCAS,LLC, mediante documento otorgado en el extranjero redactado en idioma inglés y traducido al idioma español, debidamente apostillado de conformidad con la Convención por la que se suprime el Requisito de Legalización de Documentos Públicos Extranjeros, concluida en la Ciudad de La Haya, Países Bajos, el día veintiuno de junio del dos mil cuatro y de la cual el decreto respectivo de adhesión a dicho convenio por México, fue publicado en el Diario Oficial de la Federación el día lunes catorce de agosto de mil novecientos noventa y cinco, y debidamente traducida su apostilla al idioma español por perito intérprete autorizado por el Tribunal Superior de Justicia del Estado de Baja California Sur, y el cual quedó protocolizado en el presente instrumento.

- - - - - - - - - - - - - - - - - - - - - G E N E R A L E S:- - - - - - - - - - - - - - - -

- - - Por sus generales el compareciente manifestó bajo protesta de decir verdad ser

- - - El señor KENNETH ABOUD JOWDY, originario de Connecticut, U.S.A., nacido el día doce de junio de mil novecientos sesenta y cuatro, norteamericano, soltero, con domicilio en Estados Unidos de Norteamérica, de paso por esta ciudad y acreditando su legal estancia en el País con el documento migratorio que se agrega por separado a la presente escritura.

- - - **YO, EL NOTARIO, DOY FE:**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - I.- De la verdad del acto.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - II.- De que conozco a los comparecientes a quienes conceptúo capacitados legalmente para la celebración de este acto.- - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - III.- De que lo relacionado e inserto concuerda con sus originales que tuve a la vista y a ellos me remito.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - IV.- Que en este acto el compareciente fue asistido por su perito traductor intérprete, ROMINA DEL CARMEN RUIZ CARDENAS, quien aceptó el cargo conferido protestando desempeñarlo conforme a derecho y en sus generales dijo ser mexicana por nacimiento, originaria de Sabinas, Coahuila, donde nació el seis de Diciembre de mil novecientos setenta y dos, licenciada en administración de empresas, con domicilio en avenida Cinco de Mayo entre Avenida Cabo San Lucas y Miguel Hidalgo en Cabo San Lucas, Baja California Sur, de paso en esta ciudad.

- - - V.- Que advertí a los comparecientes, de la obligación que tienen de proporcionar al suscrito Notario, copia de la solicitud de inscripción en el Registro Federal de Contribuyentes ante la Secretaría de Hacienda y Crédito Público de la Sociedad que por medio de este instrumento constituyen, lo anterior para dar cumplimiento al párrafo Cuarto del Artículo 27 del Código Fiscal de la Federación.- - - - - - - - - - - - - - - - - - -

- - - VI.- Que para dar cumplimiento a lo dispuesto por el párrafo quinto del artículo veintisiete del Código Fiscal de la Federación, declaran los comparecientes que siendo socios extranjeros, optaron por no inscribirse en el Registro Federal de Contribuyentes,

CONFIDENTIAL

DANSKE_0016438

12

con lo que presentarán y darán el aviso correspondiente a mas tardar el día treinta y uno de Marzo del año dos mil seis.

- VII.- Previno a los comparecientes en términos de lo dispuesto por el Artículo ciento cincuenta y dos del Reglamento de la Ley General de Población, que para desempeñar cualquier cargo o de personas extranjeras que lleguen a ser funcionarios en la Sociedad que hoy se Constituye, estarán sujetos a la autorización correspondiente que emita la Secretaria de Gobernación.

- VII.- Que previno a los comparecientes en términos del artículo Treinta y Dos de la Ley de Inversiones Extranjeras, de la obligación que tienen de inscribir a la Sociedad que hoy se constituye, en el Registro Nacional de Inversiones Extranjeras y que el suscrito Notario dará el aviso a que se refiere el Artículo Treinta y cuatro de dicho ordenamiento.

- VII.- De que les dió y explique su valor y consecuencias jurídicas y estando conformes con su redacción y contenido la ratificaron y firmaron, Ante Mi, en el lugar y fecha de su otorgamiento.- DOY FE

KENNETH ABOUD JOWDY, FIRMADO. ROMINA DEL CARMEN RUIZ CARDENAS FIRMADO.

ANTE MI LIC. JOSE ALBERTO CASTRO SALAZAR.- NOTARIO PUBLICO ADSCRITO NUMERO SIETE.- Firmado.- El Sello de Autorizar de la Notaria.

ES PRIMER TESTIMONIO, PRIMERO EN ORDEN QUE SE TRASLADA DE SU MATRIZ, VA EN SEIS FOJAS UTILES y ANEXOS, DEBIDAMENTE COTEJADOS Y SELLADOS. LO AUTORIZO PARA USO DE LA SOCIEDAD MERCANTIL DENOMINADA "DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V. EN CABO SAN LUCAS, BAJA CALIFORNIA SUR A LOS VEINTIRES DIAS DEL MES DE FEBRERO DEL AÑO DOS MIL SEIS. DOY FE.




CONFIDENTIAL
DANSKE_0016439

LIC. HECTOR CASTRO CASTRO
LIC. JOSE ALBERTO CASTRO SALAZAR
NOTARIOS

13

ESTATUTOS:

PRIMERO.- La sociedad girará bajo la denominación de " DIAMANTE CABO SAN LUCAS ".  SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE o sus iniciales S. DE R.L. DE C.V.-

SEGUNDO.- La sociedad llevará el Libro de Socios prevenido por el Artículo 73 de la Ley General de Sociedades Mercantiles y en él se asentarán los datos y surtirán los efectos que previene el citado precepto.-

TERCERO.- Para que los socios cedan sus partes sociales, así como para la admisión de nuevos socios, será necesario el consentimiento de los socios que representen por lo menos un 75% (setenta y cinco por ciento) del capital social y si uno solo de ellos rebasara tal porcentaje, además de su voto se requerirá el de otro cualquiera de los demás socios.-

CUARTO.- El capital social será susceptible de aumento por aportaciones posteriores de los socios o por admisión de nuevos socios, y de disminución, por retiro parcial o total de las aportaciones, sin más formalidades y requisitos que los establecidos en esta escritura.-

QUINTO.- Las resoluciones sobre aumento o disminución del capital social serán tomadas en asambleas y para la validez de las mismas será necesario el consentimiento de los socios que representen por lo menos el 75% (setenta y cinco por ciento) del capital social, en la inteligencia de que si uno solo de ellos rebasara dicho porcentaje, se requerirá su voto en unión de otro cualquiera de los demás socios.- La asamblea respectiva determinará la forma y términos en que el aumento o la disminución deban efectuarse.-

SEXTO.- Los socios tendrán proporción a sus partes sociales, preferencia para suscribir los aumentos de capital social que fueren acordados. Este derecho deberá ejercerse dentro de los quince días siguientes a la celebración de la asamblea respectiva.-

SÉPTIMO.- La asamblea de socios es el órgano supremo de la sociedad, sus decisiones se tomarán por mayoría de votos y a todos, aún los ausentes, disidentes o incapaces, serán convocadas por el Gerente o Gerentes, mediante Carta Certificada girada a cada socio conteniendo la orden del día, la fecha y lugar de la celebración de la asamblea con una anticipación de ocho días, no será necesaria la convocatoria cuando se encuentren reunidos el 100% (cien por ciento) de los socios y estos decidan celebrar asamblea, forzosamente deberá celebrarse asamblea una vez al año dentro de los tres meses siguientes a la clausura de cada ejercicio social y se tratará, además de que los socios estimen pertinente los asuntos que procedan de entre los señalados por el Artículo 78 de la Ley General de Sociedades Mercantiles.-

Los socios gozarán de un voto por cada mil pesos de su parte social, de acuerdo con el artículo 79 de la Ley que rige la materia.-

COTEJADO

CONFIDENTIAL

DANSKE_0016440

14

· · · OCTAVO.- Dentro de los tres meses siguientes a la clausura de cada ejercicio social, se formulará un balance para ser presentado a la asamblea que lo ha de discutir y las utilidades que arroje se repartirán en la siguiente forma · · · · · · · · · · · · · · · · ·

· · a).- Se separará un 5% (cinco por ciento) para formar o reconstituir, en su caso, el fondo legal de reserva hasta que alcance cuando menos el 20% (veinte por ciento) del capital social · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

· · · b).- El remanente se distribuirá entre los socios en proporción a sus partes sociales. Las pérdidas, si las hubiere, o no alcanzare, serán sufridas por los socios también en proporción y hasta el monto de sus partes sociales. · · · · · · · · · · · · · ·

· · NOVENO.- La cesión división y trasmisión de partes sociales se regirán por lo previsto en el Artículo 65, 66 y 69 de la Ley General de Sociedades Mercantiles, en lo no previsto en estos Estatutos · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

· · · DECIMO.- A la muerte o incapacidad de alguno de los socios, la sociedad seguirá con los herederos o representantes legales respectivos · · · · · · · · · · · · · · · ·

· · · DECIMO PRIMERO.- Los ejercicios sociales se computarán por años naturales, de primero de enero al treinta de diciembre, excepto el primero que comenzará en la fecha en que se otorgó la escritura constitutiva de la sociedad y terminará el día último de diciembre del año en que transcurra; y el último, que terminará al concluirse el plazo de vigencia de esta sociedad.... · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

· · · DECIMO SEGUNDO.-  La sociedad se disolverá por cualquiera de las causas señaladas por el Capítulo Décimo de la Ley General de Sociedades Mercantiles y la Asamblea que decrete la disolución designará el liquidador o liquidadores con arreglo a la citada Ley, para que practique la liquidación. · · · · · · · · · · · · · · · · · · · · · ·

· · · DECIMO TERCERO.- En todo lo no previsto en estos Estatutos, la Sociedad se regirá en lo que sea aplicable, por las disposiciones de la Ley General de Sociedades Mercantiles y en especial por lo establecido en el Capítulo Cuarto de la misma ley

CONFIDENTIAL

DANSKE_0016441





**DIRECCIÓN GENERAL DE ASUNTOS JURÍDICOS**
DIRECCIÓN DE PERMISOS ARTÍCULO 27 CONSTITUCIONAL
SUBDIRECCIÓN DE SOCIEDADES

| | |
|---|---|
| PERMISO | 02000404 |
| EXPEDIENTE | 200602006367 |
| FOLIO | 0A051PY8 |

En atención a la solicitud presentada por el (la) C. FERNANDO GARCIA CAMPUZANO esta Secretaría concede el permiso para constituir una S DE RL DE CV bajo la denominación:

DIAMANTE CABO SAN LUCAS S DE RL DE CV

Este permiso, quedará condicionado a que en los estatutos de la sociedad que se constituya, se inserte la cláusula de exclusión de extranjeros o el convenio previsto en la fracción I del Artículo 27 Constitucional, de conformidad con lo que establecen los artículos 15 de la Ley de Inversión Extranjera y 14 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras.

El interesado, deberá dar aviso del uso de este permiso a la Secretaría de Relaciones Exteriores dentro de los seis meses siguientes a la expedición del mismo, de conformidad con lo que establece el artículo 18 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras.

Este permiso quedará sin efectos si dentro de los noventa días hábiles siguientes a la fecha de otorgamiento del mismo, los interesados no acuden a otorgar ante fedatario público el instrumento correspondiente a la constitución de que se trata, de conformidad con lo que establece el artículo 17 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras, así mismo se otorga sin perjuicio de lo dispuesto por el artículo 91 de la Ley de la Propiedad Industrial.

Lo anterior se comunica con fundamento en los artículos 27, fracción I de la Constitución Política de los Estados Unidos Mexicanos, 28, fracción V de la Ley Orgánica de la Administración Pública Federal, 15 de la Ley de Inversión Extranjera y 13, 14 y 18 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras.

TIJUANA, B.C., a 08 de Febrero de 2006

LA DELEGADA

MIN. SILVIA GONZALEZ GIAMMATTEI

SECRETARIA DE RELACIONES EXTERIORES
DELEGACION ESTATAL
TIJUANA, B.C.

CONFIDENTIAL

DANSKE_0016442



**H. IX AYUNTAMIENTO DE LOS CABOS , B.C.S.**

REGISTRO PUBLICO DE LA PROPIEDAD
Y DEL COMERCIO
San José del Cabo, U.C.S

## BOLETA DE INSCRIPCION

Antec Registrales:   Folio Personal Electronico:        ...       AFU / No. de Serie:
... . .   . .... .

Derechos de Inscripcion ...   ...           Boleta de Pago No : . ' ''.
Subsidio  '
Fecha      Del mes de ... .        .de . . .
No. de prelacion: .
La Fecha /   Del mes de ....  .    de ...

El C. Calificador Lic. ....... ... . . . .
La Sociedad denominada: DIAMOND CABO SAN LUCAS,S DE R.L.DE.C.V.

| Afectaciones Al Folio ID | Acto | Descripcion | Fecha Registro | Registro |
|---|---|---|---|---|
| 9065  4   A16 | Poder | ... | 27-02-2006 | 2 |
| 9065  4   M4 | Constitucion de sociedad | ... | 27-02-2006 | 1 |

EL DIRECTOR DEL REGISTRO PUBLICO
DE LA PROPIEDAD Y DEL COMERCIO
DE SAN JOSE DEL CABO, B.C.S.

Lic. Guillermo Marrón Rosas

CONFIDENTIAL                                                                    DANSKE_0016443