# EXHIBIT 39

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (JMP)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
---------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING A SETTLEMENT AND COMPROMISE WITH DANSKE BANK A/S LONDON BRANCH

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI"), and Lehman Brothers Special Financing Inc. ("LBSF" and together with LBHI, LCPI, and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a Settlement Agreement[1] with Danske Bank A/S London Branch ("Danske"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Danske; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement is approved, and the Lehman Parties are each duly authorized to (i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such documents and instruments and to take such other actions as may be reasonably necessary to consummate the transactions contemplated by the Settlement Agreement, it being understood that any actions described in this paragraph taken by the Lehman Parties or any of their affiliates may be taken without the necessity of any further Court proceedings or approval and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

      ORDERED that upon, and subject to, the terms and conditions set forth in the Settlement Agreement, the LCPI Claim (Claim No. 19487) shall be reduced and allowed as a non-priority, general unsecured claim against LCPI in a fixed, liquidated amount equal to

$580,000,000.00 (the "Allowed LCPI Claim"), which shall be classified and treated as an allowed claim in LCPI Class 4A under the Plan; and it is further

ORDERED that upon, and subject to, the terms and conditions set forth in the Settlement Agreement, other than the Allowed LCPI Claim, all other claims or receivables asserted or held by Danske against LCPI shall be deemed fully and forever expunged, extinguished, disallowed and released; and it is further

ORDERED that upon, and subject to, the terms and conditions set forth in the Settlement Agreement, the LBHI Claim (Claim No. 17247) shall be reduced and allowed as a senior non-priority, general unsecured claim against LBHI in a fixed, liquidated amount equal to $580,000,000.00 (the "Allowed LBHI Claim"), which shall be classified and treated as an allowed claim in LBHI Class 5 under the Plan; and it is further

ORDERED that upon, and subject to, the terms and conditions set forth in the Settlement Agreement, other than the Allowed LBHI Claim, all other claims or receivables asserted or held by Danske against LBHI will be deemed expunged, extinguished, disallowed and released; and it is further

ORDERED that upon, and subject to, the terms and conditions set forth in the Settlement Agreement, the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect the reduction and allowance of the Deficiency Claims as provided herein; and it is further

ORDERED that upon, and subject to, the terms and conditions set forth in the Settlement Agreement, pursuant to section 502(b) of the Bankruptcy Code, Claim No. 17272 against LBSF, Claim No. 17273 against LBHI, Claim No. 17274 against LBHI, and Claim No.

17275 against LBHI (collectively, the "Additional Claims") shall be fully and forever expunged, extinguished, disallowed and released in their entirety with prejudice; and it is further

ORDERED that upon, and subject to, the terms and conditions set forth in the Settlement Agreement, the Debtors' Court-appointed claims agent is authorized and directed to modify the claims register to reflect the Additional Claims as disallowed and expunged pursuant to this Order; and it is further

ORDERED that the Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Settlement Agreement and any disputes arising thereunder.

Dated: New York, New York
       November 18, 2011

                                           *s/ James M. Peck*
                                           Honorable James M. Peck
                                           United States Bankruptcy Judge