# EXHIBIT 41

<u>SUBSTITUTE PROMISSORY NOTE</u>

(FACILITY A)

$109,138,327.83                      New York, New York
                                                                                                 March 6, 2009

FOR VALUE RECEIVED, **DIAMANTE CABO SAN LUCAS S. DE R.L. DE CV**, a Mexican limited liability company, with variable capital, having an address at Alikan s/n, Col. Amoliacion Mariano Matamoros, Cabo San Lucas, Mpio. De Los Cabos CP 23460 Baja California Sur ("**Borrower**"), hereby unconditionally promises to pay to the order of **DANSKE BANK A/S, LONDON BRANCH**, the London Branch of a company incorporated in the Kingdom of Denmark, having an address at 75 King William Street, London EC4N 7DT ("**Lender**"), as payee, at its office set forth above or at such other place as the holder hereof may from time to time designate in writing, the original principal sum of ONE HUNDRED NINE MILLION ONE HUNDRED THIRTY-EIGHT THOUSAND THREE HUNDRED TWENTY SEVEN and 83/100 Dollars ($109,138,327.83), or so much thereof as is advanced and outstanding, together with such other sums as are set forth in this Substitute Promissory Note (Facility A) ("**Note**") and that certain Amended and Restated Loan Agreement dated the date hereof between Borrower and Lender ("**Loan Agreement**"). All such payments shall be paid in lawful money of the United States of America and in accordance with the terms of this Note and Loan Agreement. All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

ARTICLE I

**PAYMENT TERMS**

Borrower agrees to pay the principal sum of this Note, including any unpaid interest that is capitalized and added, from time to time, to the principal balance of this Note, <u>together with</u> (a) interest at the Interest Rate or, if applicable, the Default Rate, on the outstanding principal balance of this Note, (b) the Profit Participation Fee, and (c) and all other amounts due hereunder and under the Loan Agreement, all in accordance with the terms of this Note and the Loan Agreement. The outstanding principal balance of this Note may only be prepaid in accordance with the Loan Agreement. The outstanding principal balance of this Note, accrued and unpaid interest thereon, the Profit Participation Fee and all other amounts due hereunder and under the Loan Agreement and the other Amended Loan Documents shall be due and payable on the Maturity Date or such other date specified for the payment thereof in the Loan Agreement.

Interest on the outstanding principal balance of this Note shall accrue at the Interest Rate and shall be calculated and payable as provided in the Loan Agreement.

::ODMA\PCDOCS\MC1DOCS1\271718\3

## ARTICLE II

### DEFAULT AND ACCELERATION

The Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default which continues beyond applicable notice and grace periods.

## ARTICLE III

### DEFAULT INTEREST

Borrower hereby agrees that upon the occurrence and during the continuance of an Event of Default, Lender shall be entitled to receive and Borrower shall pay interest on the entire unpaid principal sum at the Default Rate. The Default Rate shall be computed from the date on which an Event of Default shall have first occurred until the earlier of the date upon which the Event of Default is cured or waived or the date upon which the Debt is paid in full. Interest calculated at the Default Rate shall be added to the Debt, and shall be deemed secured by the Amended and Restated Trust Agreement and the other Amended Loan Documents. This clause, however, shall not be construed as an agreement or privilege to extend the date for the payment of the Debt, nor as a waiver of any other right or remedy accruing to Lender upon the occurrence and continuance of any Event of Default.

## ARTICLE IV

### LOAN DOCUMENTS

This Note is secured by the Amended and Restated Trust Agreement and the other Amended Loan Documents dated the date hereof. All of the terms, covenants and conditions contained in the Loan Agreement, the Amended and Restated Trust Agreement and the other Amended Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

## ARTICLE V

### SAVINGS CLAUSE

Notwithstanding anything to the contrary, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Lender shall never exceed the maximum legal rate, (b) in calculating whether any interest exceeds the maximum legal rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness with respect to the Loan to Borrower by Lender, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the maximum legal rate, any such excess shall be deemed to have

CONFIDENTIAL
DANSKE_0014022

been applied to the outstanding principal amount of the Loan, with any excess refunded to Borrower. The foregoing provisions of this Article V notwithstanding, Borrower acknowledges and agrees that when accrued and unpaid interest is added to the principal balance of this Note such amount shall become part of the principal indebtedness and the payment thereof is a repayment of principal and not a payment of interest.

## ARTICLE VI

## NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE VII

## WAIVERS

Except as otherwise provided in the Loan Agreement, Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind. No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Amended Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower, and any other Person who may become liable for the payment of all or any part of the Debt. No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note. If Borrower is a partnership, the agreements herein contained shall remain in force and applicable, notwithstanding any changes in the individuals comprising the partnership, and the term "Borrower," as used herein, shall include any alternate or successor partnership, but any predecessor partnership shall not thereby be released from any liability. If Borrower is a corporation, the agreements contained herein shall remain in full force and applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "Borrower" as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder. If Borrower is a limited liability company, the agreements herein contained shall remain in force and applicable, notwithstanding any changes in the individuals comprising the members thereof, and the term "Borrower," as used herein, shall include any alternate or successor limited liability company, but any predecessor limited liability company shall not thereby be released from any liability hereunder. Nothing in this Article VII shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited liability company or corporation, which may be set forth in the Loan Agreement or any of the other Amended Loan Documents.

::ODMA\PCDOCS\MC1DOCS1\271718\3

CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DANSKE_0014023

Borrower hereby waives all claims, defenses or setoffs with respect to the negotiations of this Note or any of the Amended Loan Documents. Borrower represents, warrants and agrees that Lender has made no representations or commitments, oral or written, or undertaken any obligations other than as expressly set forth in this Note and the Amended Loan Documents.

## ARTICLE VIII

## TRANSFER

Subject to and in accordance with the Loan Agreement, upon the transfer of this Note, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Amended Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable Laws given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter arising after the date of transfer, provided that Lender shall retain all rights hereby given to it and obligations hereunder with respect to any liabilities and the collateral not so transferred.

## ARTICLE IX

## EXCULPATION

The Loan shall be non-recourse to Borrower and its members and their respective officers, directors, employees, members, partners and Affiliates (collectively, "**Exculpated Parties**"), and accordingly, Lender shall not enforce the liability and obligation of Borrower to perform and observe the obligations contained in this Note and the other Amended Loan Documents by an action or proceeding wherein a money judgment shall be sought against Borrower or any of the other Exculpated Parties, except that Lender may bring a foreclosure action, an action for extrajudicial sale, an action for specific performance or any other appropriate action or proceeding to enable Lender to enforce and realize upon this Note and the other Amended Loan Documents, and the interests in the Project and any other collateral given to Lender pursuant to the Amended and Restated Trust Agreement or any of the other Amended Loan Documents; provided, however, that, except as specifically provided in this Article IX, any judgment in any such action or proceeding shall be enforceable against Borrower only to the extent of Borrower's interest in the Project and in any other collateral given to Lender pursuant to the Amended and Restated Trust Agreement or any of the other Amended Loan Documents. By accepting this Note and the other Amended Loan Documents, Lender agrees that it shall not sue for, seek or demand any deficiency judgment against Borrower or the Exculpated Parties in any such action or proceeding, under, by reason of or in connection with this Note or the other Amended Loan Documents. The provisions of this Article IX shall not, however: (a) constitute a waiver, release or impairment of any obligation evidenced or secured by this Note or the other Amended Loan Documents; (b) impair the right of Lender to name Borrower as a party defendant in any action or suit for extrajudicial sale under the Amended and Restated Trust Agreement; (c) affect the validity or enforceability of any guaranty or indemnity made in connection with this Note or the other Amended Loan Documents against the party having made the same; (d) impair the right of Lender to obtain the appointment of a receiver; (e) impair the

CONFIDENTIAL

enforcement of the Reaffirmation of Assignment of Leases and Rents; (f) impair the right of Lender to bring suit with respect to fraud or intentional misrepresentation by Borrower or any other person or entity in connection with this Note or the other Amended Loan Documents; or (g) affect the validity or enforceability of the Reaffirmation of Environmental Indemnity or limit the liability of Borrower or any other party thereunder.

Nothing in this Article IX shall be deemed to be a waiver of any right which Lender may have under Section 506(a), 506(b), 1111(b) or any other provisions of the Bankruptcy Code to file a claim for the full amount of the Debt or to require that all collateral shall continue to secure all of the Debt in accordance with this Note and the other Amended Loan Documents.

Notwithstanding the foregoing provisions of this Article IX or any other provision in the Amended Loan Documents, Borrower shall be fully liable, and shall indemnify and defend Lender from and against any loss, cost, liability, judgment, claim, damage or expense sustained, suffered or incurred by Lender (including, without limitation, reasonable attorneys' fees) arising out of or attributable or relating to:

(i) fraud or intentional misrepresentation by Borrower or the other Exculpated Parties in connection with the Loan;

(ii) the gross negligence or willful misconduct of Borrower or any of the Exculpated Parties, or physical waste of the Project which is attributable to the acts or omissions of Borrower or any of the Exculpated Parties;

(iii) the breach of provisions in the Loan Agreement concerning Environmental Laws and Hazardous Material, including any obligation to indemnify Lender with respect to such Environmental Laws or Hazardous Material;

(iv) the removal or disposal of any portion of the Personal Property (other than fixtures, furniture and equipment in the ordinary course of business, or as otherwise permitted under the Amended Loan Documents);

(v) the misapplication or conversion by Borrower of (A) any insurance proceeds paid by reason of any loss, damage or destruction to the Project; (B) any awards or other amounts received in connection with the condemnation of all or a portion of the Project; or (C) during the continuance of an Event of Default, rents, issues, profits, proceeds, awards, settlements, accounts, or other amounts received by Borrower;

(vi) any financial information concerning Borrower or any Borrower Principal (hereinafter defined) delivered to Lender by Borrower or such Borrower Principal proving to be fraudulent in any material respect or misrepresenting in any material respect the financial condition of Borrower or such Borrower Principal;

(vii) costs incurred by Lender (including reasonable attorneys' fees) in connection with the collection or enforcement of the Debt;

::ODMA\PCDOCS\MC1DOCS1\271718\3

CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DANSKE_0014025

    (viii) any security deposits collected with respect to the Project which are not delivered to Lender upon the extrajudicial sale of the Project or action in lieu thereof;

    (ix) Borrower's failure to permit on-site inspections of the Project or to provide financial reports and information pertaining to the Project as required by the Loan Agreement, unless, in either case, such failure is a result of good faith error and is cured within five (5) days after notice is delivered to Borrower,

    (x) Borrower's failure to comply with the single-purpose entity provisions of the Amended Loan Documents such that Lender suffers any material damage, liability or expense (including reasonable attorneys' fees and disbursements, whether or not litigation has commenced);

    (xi) Borrower's failure to maintain insurance in respect of Borrower or the Project in accordance with the terms of the Loan Agreement;

    (xii) the creation or imposition of any construction, mechanic's or materialman's liens or other encumbrances upon or with respect to the Land or the Project;

    (xiii) the failure to pay Taxes;

    (xiv) Borrower's failure to obtain Lender's written consent prior to entering into, modifying or amending any Lease, Construction Contract or any other contract where such consent is required pursuant to the Amended Loan Documents; and

    (xv) Borrower's violation of Article XXII of the Loan Agreement.

  For purposes of this Note, the term "**Borrower Principal**" shall mean Kenneth A. Jowdy. The liabilities listed in clause (i) through (xv) of this Paragraph are collectively known as the "**Partial Recourse Obligations**".

  Notwithstanding the provisions of the foregoing paragraph, the agreement of Lender not to pursue recourse liability as set forth in this Article IX SHALL BECOME NULL AND VOID and shall be of no further force or effect in the event of (1) Borrower's failure to obtain Lender's prior written consent to any subordinate financing in respect of the Project; (2) Borrower's failure to obtain Lender's prior written consent to any Transfer, to the extent such consent is required under the Loan Agreement; (3) the Project or any part thereof becoming an asset in (A) a voluntary bankruptcy or insolvency proceeding, or (B) an involuntary bankruptcy or insolvency proceeding where Lender reasonably determines that Borrower (including Borrower's employees, partners, directors or Affiliates) has colluded with any Persons to cause the filing of the same (other than an involuntary bankruptcy or insolvency proceeding commenced or approved in writing by Lender), or (4) any attempt by Borrower in bad faith to hinder or delay Lender in the enforcement of its rights under the Amended Loan Documents. The liabilities listed in clauses (1) through (4) of this Paragraph are collectively known as the "**Full Recourse Obligations**". The Full Recourse Obligations and the Partial Recourse Obligations are collectively referred to as the "**Recourse Obligations**".

::ODMA\PCDOCS\MC1DOCS1\271718\3

CONFIDENTIAL DANSKE_0014026

ARTICLE X

**NOT A NOVATION**

This Note shall not extinguish the obligations under the Promissory Note dated March 10, 2006 in the original principal amount of One Hundred Twenty Five Million Dollars ($125,000,000.00) given by Borrower to Lehman Brothers Holdings Inc. ("**Original Note**"), and subsequently assigned by Lehman Brothers Holdings Inc. to Lender, and shall not constitute a novation thereof. The provisions of the preceding sentence notwithstanding, the parties agree that the payment obligations of Borrower to Lender described in this Note and in that that certain Substitute Promissory Note (Facility B) dated the date hereof replace the payment obligations of Borrower to Lender in the Original Note.

ARTICLE XI

**GOVERNING LAW; SUBMISSION TO JURISDICTION**

THIS NOTE WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE WERE DISBURSED FROM THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY. IN ALL RESPECTS, INCLUDING, WITHOUT LIMITATION, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA. TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER AND, BY ITS ACCEPTANCE HEREOF, LENDER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVE ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE AND THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.

TO THE EXTENT PERMITTED BY APPLICABLE LAW, ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY, AT THE OPTION OF LENDER, BE INSTITUTED IN ANY FEDERAL OR STATE COURT SITTING IN NEW YORK COUNTY, NEW YORK, AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING.

::ODMA\PCDOCS\MC1DOCS1\271718\3

CONFIDENTIAL                                                                                                                        DANSKE_0014027

## ARTICLE XII

## NOTICES

All notices or other written communications hereunder shall be delivered in accordance with the Loan Agreement.

## ARTICLE XIII

## TRIAL BY JURY

BORROWER AND, BY ITS ACCEPTANCE OF THIS NOTE, LENDER EACH AGREE NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVE ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS NOTE OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION HEREWITH.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND, BY ITS ACCEPTANCE OF THIS NOTE, LENDER, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.  EITHER PARTY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY THE OTHER.

## ARTICLE XIV

## MISCELLANEOUS

ALL PAYMENTS BY BORROWER HEREUNDER AND UNDER ANY OF THE OTHER AMENDED LOAN DOCUMENTS SHALL BE MADE FREE AND CLEAR OF AND WITHOUT DEDUCTION FOR ANY PRESENT OR FUTURE TAXES, LEVIES, IMPOSTS, DEDUCTIONS, CHARGES OR WITHHOLDINGS, AND ANY LIABILITIES WITH RESPECT THERETO, <u>EXCLUDING</u>, IN THE CASE OF LENDER, TAXES IMPOSED ON ITS NET INCOME OR CAPITAL AND FRANCHISE TAXES IMPOSED ON IT BY THE JURISDICTION UNDER THE LAWS OF WHICH LENDER IS ORGANIZED OR ANY POLITICAL SUBDIVISION THEREOF (ALL SUCH NON-EXCLUDED TAXES, LEVIES, IMPOSTS, DEDUCTIONS, CHARGES WITHHOLDINGS AND LIABILITIES BEING HEREINAFTER REFERRED TO AS "**INCLUDED TAXES**"). IF BORROWER SHALL BE REQUIRED BY LAW TO DEDUCT ANY INCLUDED TAXES FROM OR IN RESPECT OF ANY SUM PAYABLE HEREUNDER, OR UNDER ANY ANCILLARY AGREEMENT, TO LENDER (I) THE SUM PAYABLE SHALL BE INCREASED AS MAY BE NECESSARY SO THAT AFTER MAKING ALL REQUIRED DEDUCTIONS (INCLUDING DEDUCTIONS APPLICABLE TO ADDITIONAL SUMS PAYABLE UNDER THIS SECTION) LENDER RECEIVES AN AMOUNT EQUAL TO THE SUM IT WOULD HAVE RECEIVED HAD NO SUCH DEDUCTIONS BEEN MADE, (II) BORROWER SHALL MAKE SUCH DEDUCTION, AND (III) BORROWER SHALL PAY THE FULL AMOUNT DEDUCTED TO THE RELEVANT TAXATION AUTHORITY OR OTHER AUTHORITY IN ACCORDANCE WITH APPLICABLE LAW. BORROWER WILL INDEMNIFY LENDER FOR THE FULL

CONFIDENTIAL                                                                                           DANSKE_0014028

AMOUNT OF INCLUDED TAXES PAID BY LENDER, ANY LIABILITY (INCLUDING PENALTIES, INTEREST AND EXPENSES) ARISING THEREFROM OR WITH RESPECT THERETO, WHETHER OR NOT SUCH INCLUDED TAXES WERE CORRECTLY OR LEGALLY ASSERTED.  PAYMENT UNDER THIS INDEMNIFICATION SHALL BE MADE WITHIN 10 DAYS FROM THE DATE LENDER MAKES WRITTEN DEMAND THEREFOR.  A CERTIFICATE AS TO THE AMOUNT OF SUCH INCLUDED TAXES SHALL BE SUBMITTED TO BORROWER BY LENDER AND SHALL, IN THE ABSENCE OF MANIFEST ERROR, BE PRIMA FACIE EVIDENCE OF THE AMOUNT DUE BY BORROWER TO LENDER WITHIN 10 DAYS AFTER THE DATE OF ANY PAYMENT OF INCLUDED TAXES BY BORROWER TO THE APPROPRIATE TAXING AUTHORITY, BORROWER WILL FURNISH TO LENDER EVIDENCE OF PAYMENT THEREOF SATISFACTORY TO LENDER.  WITHOUT PREJUDICE TO THE SURVIVAL OF ANY OTHER AGREEMENT OF BORROWER HEREUNDER, THE AGREEMENTS AND OBLIGATIONS OF BORROWER HEREUNDER WILL SURVIVE REPAYMENT OF THE LOAN.

**TIME IS OF THE ESSENCE WITH RESPECT TO EACH PROVISION OF THIS NOTE.**

**[NO FURTHER TEXT ON THIS PAGE]**

::ODMA\PCDOCS\MC1DOCS1\271718\3

CONFIDENTIAL                                                                                                                        DANSKE_0014029

IN WITNESS WHEREOF, Borrower has duly executed this Substitute Promissory Note (Facility A) as of the day and year first above written.

BORROWER:

DIAMANTE CABO SAN LUCAS S. DE R.L. DE CV, a Mexican limited liability company with variable capital

By: _____
Name: Kenneth A. Jowdy
Title: General Administrator

::ODMA\PCDOCS\MCIDOCS1\271718\3

-10-

CONFIDENTIAL

DANSKE_0014030