# EXHIBIT 64

DANSKE_0012138

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

1

-------------------------A N E X O "A".................................................

---En la Ciudad de La Paz, Baja California Sur, México, a los veintiséis días del mes de Abril del año dos mil trece, YO, Licenciado JOSE ALBERTO CASTRO SALAZAR, Notario Público adscrito a la Notaría Pública Número SIETE del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz y Los Cabos, y con Residencia en la Capital del Estado, cuyo titular es el licenciado HECTOR CASTRO CASTRO, actuando de conformidad con lo dispuesto por el artículo (29) veintinueve de la Ley del Notariado en vigor, HAGO CONSTAR; .............................................................

**EL SEGUNDO CONVENIO MODIFICATORIO** (EN LO SUCESIVO, EL "Convenio") AL CONTRATO DE FIDEICOMISO TRASLATIVO DE DOMINIO E IRREVOCABLE DE GARANTÍA NÚMERO **"F/00321"** (F DIAGONAL CERO CERO TRESCIENTOS VEINTIUNO) Y AL CONVENIO MODIFICATORIO Y DE REEXPRESIÓN QUE SE DESPRENDE DE LA ESCRITURA PÚBLICA NÚMERO 78,882 VOLUMEN 1,292 DE FECHA 06 DE MARZO DE 2009    (EN LO SUCESIVO, INCLUYENDO LAS MODIFICACIONES QUE POR ESTA ESCRITURA SE ACUERDAN, EL "Fideicomiso"), QUE CELEBRAN DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, ("Diamante Cabo") representada por el señor **KENNETH ABOUD JOWDY,** actuando como fideicomitente y fideicomisario en segundo lugar (en lo sucesivo el "Fideicomitente" o "Fideicomisario en Segundo Lugar", según el contexto); Quien en este acto designa como su perito traductor al señor **FERNANDO MANUEL GARCIA CAMPUZANO**; DANSKE BANK A/S, LONDON BRANCH, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, representada por el señor Licenciado **ADRIAN MENDEZ SEVILLA**, actuando como fideicomisario en primer lugar (en lo sucesivo el "Fideicomisario en Primer Lugar"), y THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE (CAUSAHABIENTE UNIVERSAL FINAL DE BANCO J.P. MORGAN, S.A., INSTITUCION DE BANCA MULTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISION FIDUCIARIA), representada por su Delegado Fiduciario  la Licenciada Flor de María Kupfer Dominguez , como fiduciario (en lo sucesivo, el "Fiduciario"), de conformidad con los siguientes antecedentes, declaraciones y cláusulas: ...........................................




-----------------------A N T E C E D E N T E S.................................................

1. Con fecha 10 diez de marzo de 2006 dos mil seis, Lehman Brothers Holdings Inc. ("Lehman Brothers") otorgó a Diamante Cabo un crédito por la cantidad de hasta $125,000,000.00 (ciento veinticinco millones de dólares 00/100) de principal, más interés y comisiones (el "Crédito Original")..................................................................

2. En relación con el Crédito Original, el 10 diez de marzo de 2006 dos mil seis se celebraron los siguientes documentos: (i) Contrato de Crédito Original ("Loan Agreement") celebrado entre Diamante Cabo y Lehman Brothers (el "Contrato de Crédito Original"); (ii) Pagaré ("Promissory Note") suscrito por Diamante Cabo (el



CONFIDENTIAL

CONFIDENTIAL

"Pagaré"); (iii) Garantía con Recurso ("Recourse Guranty") celebrada por el señor Kenneth A. Jowdy (el "Garante") y Lehman Brothers, con vigencia a partir del 10 de marzo de 2006 (la "Garantía con Recurso"); (iv) Documento de Responsabilidad e Indemnización Ambiental ("Indemnity Agreement") celebrado entre Diamante Cabo, el Garante y Lehman Brothers (la "Indemnización Ambiental"); (v) Contrato de Prenda sobre partes sociales ("Pledge Agreement") celebrado entre Diamante Cabo, el Garante, Diamante Cabo San Lucas LLC ("U.S. LLC") y Lehman Brothers (el "Contrato de Prenda de Partes Sociales"); (vi) Contrato de Prenda sobre activos celebrado entre Lehman Brothers y Diamante Cabo (el "Contrato de Prenda sobre Activos"); (vii) Contrato de Prenda ("Pledge Agreement") celebrado entre el Garante, Baja Ventures 2006, LLC, Diamante Properties, LLC, KAJ Holdings LLC y CSK Properties 2006, LLC (colectivamente, los "Miembros de la U.S. LLC") y Lehman Brothers (el "Contrato de Prenda sobre Partes Sociales de E.U.A."); (viii) Cesión Ómnibus ("Omnibus Agreement") celebrada entre Diamante Cabo y Lehman Brothers (la "Cesión Omnibus 2006"); (ix) Documento de Cumplimiento de Garantía de Conclusión ("Completion Garanty"), otorgado por el Garante a favor de Lehman Brothers; y (x) Garantía ("Guaranty") otorgada por los Miembros de la U.S. LLC, el Garante y la U.S. LLC a favor de Lehman Brothers. Los documentos que se mencionan anteriormente, según los mismos hayan sido modificados, (conjuntamente los "Documentos de la Operación 2006"). ..............................................................................................................

3. Asimismo, con fecha 10 diez de marzo de 2006 dos mil seis, mediante escritura pública número 65,041 (sesenta y cinco mil cuarenta y uno),  otorgada ante la fe del Suscrito Notario, e inscrita en el Registro Público de la Propiedad y del Comercio de San Jose del Cabo, Baja California Sur, bajo el numero 135 (ciento treinta y cinco), del volumen CCXLV, sección primera, de fecha ocho de mayo del año dos mil seis, Diamante Cabo, como fideicomitente y fideicomisario en segundo lugar, Lehman Brothers, como fideicomisario en primer lugar, y BANCO J.P. MORGAN, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA, como fiduciario, celebraron el CONTRATO DE FIDEICOMISO identificado con el número F/00321 (el "Fideicomiso") con el fin de garantizar el cumplimiento de Diamante Cabo, los Miembros de la U.S. LLC, la U.S. LLC y del Garante bajo los Documentos de la Operación 2006. .......................................

4. En la fecha de celebración del Fideicomiso, Diamante Cabo aportó al patrimonio del mismo los siguientes inmuebles (en lo sucesivo los "Predios"): ......................................

- - - 1.- LOTE I UNO: del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, con clave catastral 4-02-013-0081 cuatro guión cero dos guión cero uno tres guión cero cero uno, con una superficie de 5-92-68 has. (cinco hectáreas noventa y dos áreas y sesenta y ocho centiáreas) ..........................................................

- - - 2.- LOTE II DOS:  del predio conocido como LA LAGUNA, en la porción  conocida

DANSKE_0012139

DANSKE_0012140

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

3

como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, con clave catastral 4-02-013-0082 cuatro guión cero dos guión cero uno tres guión cero cero ocho dos, con una superficie de 5-94-86 has. (cinco hectáreas noventa y cuatro áreas y ochenta y seis centiáreas) ..................................................................

- - - 3.- LOTE III TRES del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, identificada con clave catastral 4-02-013-0083 cuatro guión cero dos guión cero uno tres guión cero cero ocho tres, con una superficie de 11-34-41 has. (once hectáreas treinta y cuatro áreas y cuarenta y un centiáreas), ................................

- - - 4.- LOTE IV CUATRO: del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, identificada con clave catastral 4-02-013-0084 cuatro guión cero dos guión cero uno tres guión cero cero ocho cuatro, con una superficie de 11-62-60 has. (once hectáreas sesenta y dos áreas y sesenta centiáreas) ............................................

- - - 5.- LOTE V CINCO: del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, identificada con clave catastral 4-02-013-0085 cuatro guión cero dos guión cero uno tres guión cero cero cinco, con una superficie de 11-40-91 has. (once hectáreas cuarenta áreas y noventa y un centiáreas). ..........................................

- - - 6.- LOTE VI SEIS: del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, identificada con clave catastral 4-02-013-0086 cuatro guión cero dos guión cero uno tres guión cero cero ocho seis,  con una superficie de 11-03-90 has. (once hectáreas tres áreas y noventa centiáreas) ..........................................



- - - 7.- LOTE VII SIETE: del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, con clave catastral 4-02-013-0087 (cuatro guión cero dos guión cero trece guión cero cero ochenta y siete) con una superficie con una superficie de 26-00-98 has. (veintiséis hectáreas cero áreas y noventa y ocho centiáreas) ................................



- - - 8.- POLÍGONO I del Predio LA LAGUNA, (EL CARDONAL), en la delegación Municipal de Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, con Clave Catastral 4-02-013-0001 CUATRO GUION CERO DOS GUION CERO UNO TRES GUION CERO CERO CERO UNO y con superficie de 528-88-49.427 Has. QUINIENTOS VEINTIOCHO HECTÁREAS OCHENTA Y OCHO AREAS CUARENTA Y NUEVE PUNTO CUATROCIENTOS VEINTISIETE CENTIAREAS, ................................



5. Asimismo, en la fecha de celebración del Fideicomiso Diamante Cabo aportó al patrimonio del mismo los siguientes derechos (en lo sucesivo los "Derechos"):...............

a) Los derechos fideicomisarios y de cualquier naturaleza que, como Fideicomisario en Segundo Lugar, o por cualquier otro título posee y que de hecho y por derecho correspondan en relación al Contrato de Fideicomiso Traslativo de Dominio con



CONFIDENTIAL

CONFIDENTIAL

Cláusula de Reversión protocolizado mediante la escritura pública (62,902) sesenta y dos mil novecientos dos del volumen (987), novecientos ochenta y siete, de fecha primero de septiembre del año dos mil cinco, otorgada ante la fe del Suscrito Notario público, y cuyo primer testimonio quedo inscrito ante el Registro Público de la Propiedad del Municipio de Los Cabos, bajo el número 97 noventa y siete, del volumen CCXXXI, de la sección Primera, mediante el cual los señores Atilio Colli Villarino y Alicia Ceseña Agundez afectaron en fideicomiso con Scotiabank Inverlat, Sociedad Anónima, Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat, y designando al Organismo Operador Municipal del Sistema de Agua Potable, Alcantarillado y Saneamiento de Los Cabos, Baja California Sur como fideicomisario en primer lugar, la propiedad del inmueble definido en dicha escritura como La Fracción Cardonal (Polígono III), descrito en la declaración I.f) de dicho instrumento, cuyas superficies, medidas y colindancias se tienen aquí reproducidas como si a la letra se insertasen.........

(b)Los derechos establecidos a favor de los señores Atilio Colli Villarino y de la señora Alicia Ceseña Agundez en el Contrato de Donación Irrevocable de la Fracción definida como Vialidad Cardonal (Polígono II), el cual fue protocolizado mediante la escritura pública mencionada en el Antecedente I.b.1. de este instrumento, mediante el cual los señores  Atilio Colli Villarino y Alicia Ceseña Agundez donaron al Honorable Noveno Ayuntamiento del Municipio de Los Cabos Baja California Sur la propiedad del inmueble definido en dicha escritura como Vialidad Cardonal (Polígono II) descrito en la declaración I.f) de dicho instrumento, cuyas superficies, medidas y colindancias se tienen por aquí reproducidas como si a la letra se insertasen. ..........................................

c) Los derechos establecidos en favor de los señores Atilio Colli Villarino y señora Alicia Ceseña Agundez en la constitución de la Servidumbre Voluntaria de Paso y de Uso No Exclusiva y a Perpetuidad (la "Servidumbre"), la cual fue protocolizada mediante la escritura pública mencionada en el Antecedente I.b).1. de este instrumento, mediante la cual los señores Atilio Colli Villarino y Alicia Ceseña Agundez constituyeron la referida servidumbre respecto de un área de terreno denominada en dicho instrumento meramente para efectos de identificación como Polígono I mencionado en el Antecedente I.a.8 de este instrumento, la cual cuenta con una superficie de 6,128.4514 seis mil ciento veintiocho metros punto cuatro, con las siguientes medidas y colindancias: ....................

AL NORTE: 10.2071 MTS CON POLIGONO III, 239.694 MTS CON PROPIEDAD ATILIO COLLI .........................................................................................................

AL SUR: 10.00 MTS CON PROPIEDAD ATILIO COLLI, 90.00 MTS CON PROPIEDAD ATILIO COLLI, 100.00 MTS CON PROPIEDAD ATILIO COLLI ......................................

AL OESTE: 100.00 MTS CON PROPIEDAD ATILIO COLLI, 100.00 MTS CON PROPIEDAD ATILIO COLLI; 174.174 MTS CON PROPIEDAD LUIS BULNES MOLLEDA. ...............................................................................................................

DANSKE_0012141

DANSKE_0012142

IGNACIO RAMIREZ 1930
TELS. 122-91-20
    122-97-17
    125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

5

6. Adquisición del patrimonio Fiduciario de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero:............................................

a) Por escritura numero cincuenta y nueve mil quinientos dieciséis, otorgada en México, Distrito Federal, el diecinueve de noviembre de dos mil ocho, pasada ante la fe del Señor Licenciado Roberto Núñez Bandera, Notario Público Número Uno, de México, Distrito Federal, se protocolizaron los acuerdos de escisión tomados en la Asamblea General Extraordinaria de Accionistas de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, celebrada el diecinueve de noviembre de dos mil ocho, en los que se resolvió escindir dicha sociedad como escindente que subsiste, constituyendo una sociedad como escindida a denominarse Vertrouwen Mexicana, Sociedad Anónima, que sería causahabiente inicial, a título universal, del patrimonio que la sociedad le aporte en bloque, asumiendo las obligaciones que le sean transferidas por virtud de la escisión: ........................................

b) Por escritura pública número cincuenta y nueve mil quinientos diecisiete, pasada ante la fe del señor Licenciado Roberto Núñez Y Bandera, Notario Público Número Uno de México, Distrito Federal, por escisión de Banco JP Morgan, Sociedad Anónima Institución de Banca Múltiple, JP Morgan Grupo Financiero se constituyó Vertrouwen Mexicana, Sociedad Anónima, con domicilio en la Ciudad de México, Distrito Federal, duración indefinida, capital de Ciento Noventa y Tres Millones Trescientos Diecisiete Mil Cuarenta y Siete Pesos, Moneda Nacional, teniendo por objeto principal, recibir por parte de Banco JP Morgan, Sociedad Anónima, Institución de Banca Múltiple, Grupo Financiero, de manera enunciativa y no limitativa ciertas cuentas por cobrar, ciertas cuentas por pagar, y una porción de capital contable de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple Grupo Financiero, y diversos activos reflejados en cuentas de orden correspondientes a fideicomisos y mandatos, lo anterior en términos del artículo vigésimo séptimo de la Ley de Instituciones de Crédito....................

c) Por escritura número cincuenta y nueve mil quinientos veintiuno, otorgada en México, Distrito Federal el diecinueve de noviembre del año dos mil ocho, pasada ante la fe del señor Licenciado Roberto Núñez y Bandera, Notario Público Número Uno, de México, Distrito Federal, The Bank of New York Mellon, Sociedad Anónima Institución de Banca Múltiple, como sociedad fusionante, se fusionó con Vertrouwen Mexicana, Sociedad Anónima, como sociedad fusionada, subsistiendo en consecuencia la primera, en dicha escritura consta que la sociedad fusionante adquirió a título universal el patrimonio de la Fusionada, que a su vez estaba constituida por el patrimonio que había recibido de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero. .......................................................................

7. Con fecha 13 trece de enero de 2009 dos mil nueve, Lehman Brothers y el Fideicomisario en Primer Lugar celebraron cierto contrato global de cesión de derechos ("Omnibus Assignment and Assumption") (la "Cesión Omnibus 2009") por virtud del cual Lehman Brothers cedió al Fideicomisario en Primer Lugar todos sus derechos bajo los

CONFIDENTIAL

CONFIDENTIAL

Documentos de la Operación 2006 dos mil seis y éste último aceptó dicha cesión............

8. Con fecha 5 cinco de marzo de 2009 dos mil nueve, Lehman Brothers y el Fideicomisario en Primer Lugar celebraron ciertos contratos de cesión por virtud de los cuales las partes de los mismos perfeccionaron la Cesión Omnibus 2009 de conformidad con la legislación mexicana, la cesión de derechos a favor del Fideicomisario en Primer Lugar bajo el Contrato de Prenda de Partes Sociales, el Contrato de Prenda sobre Activos y el Fideicomiso. ......................................................

9. Con fecha 5 de marzo de 2009, el Fideicomisario en Primer Lugar y el Fideicomitente celebraron un convenio de terminación al Contrato de Prenda sobre Activos, en virtud de que los activos materia de la prenda son aportados al patrimonio del Fideicomiso........

10. El 6 de marzo de 2009, el Fideicomisario en Primer Lugar y Diamante Cabo celebraron un convenio modificatorio y de re-expresión al Contrato de Crédito Original ("Amended and Restated Loan Agreement") por virtud del cual el Fideicomisario en Primer Lugar y Diamante Cabo modificaron los términos del Contrato de Crédito (el "Contrato de Crédito Modificado y Re-expresado") y re-afirmaron y modificaron los Documentos de la Operación 2006 (los "Documentos Modificados 2009"). ......................

11. Por escritura pública número 78,882, otorgada en La Paz, Municipio de Los Cabos, el 6 de marzo de 2009, pasada ante la fe del señor Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaría Pública Número Siete del Estado, e inscrito bajo anotación marginal en  el número 135 (ciento treinta y cinco), foja 135 (ciento treinta y cinco),  volumen CCXLV, sección primera, de fecha trece de abril del año dos mil nueve, en el Registro Público de la Propiedad y del Comercio de San Jose del Cabo, Baja California Sur,  el Fideicomisario en Primer Lugar, Diamante Cabo y el Fiduciario celebraron un convenio modificatorio y de re-expresión al Fideicomiso por virtud del cual el Fideicomisario en Primer Lugar y Diamante Cabo modificaron y re-expresaron los términos del Fideicomiso (el "Convenio Modificatorio al Fideicomiso").

12. Por escritura pública número 81,161, otorgada en La Paz, Municipio de Los Cabos, el 27 de octubre de 2009, pasada ante la fe del señor Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaría Pública Número Siete del Estado, Diamante Cabo en representación del Fiduciario, solicitó la re-lotificación y protocolización de deslinde de los lotes que integran el predio la "Laguna", "Rancho el Cardonal" y "Zona Costa Pacífico" para quedar como sigue: ..........................................

- - -1.-  POLIGONO 1,  DEL PREDIO CONOCIDO COMO LA LAGUNA, EN LA PORCIÓN CONOCIDA COMO RANCHO EL CARDONAL, EN CABO SAN LUCAS, MUNICIPIO DE LOS CABOS, BAJA CALIFORNIA SUR, CON CLAVE CATASTRAL 4-02-013-0001, CON UNA SUPERFICIE DE 193-31-10.247 HAS., ...................................

- - -2.-  POLIGONO 2,  DEL PREDIO CONOCIDO COMO LA LAGUNA, EN LA PORCIÓN CONOCIDA COMO RANCHO EL CARDONAL, EN CABO SAN LUCAS, MUNICIPIO DE LOS CABOS, BAJA CALIFORNIA SUR, CON CLAVE CATASTRAL 4-02-013-0082, CON UNA SUPERFICIE DE 84-72-79.408 HAS., .......................................

DANSKE_0121143

DANSKE_0012144

IGNACIO RAMIREZ 1930
TELS. 122-91-20
    122-97-17
    125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

7

- - -3.- POLIGONO 3, DEL PREDIO CONOCIDO COMO LA LAGUNA, EN LA PORCIÓN CONOCIDA COMO RANCHO EL CARDONAL, EN CABO SAN LUCAS, MUNICIPIO DE LOS CABOS, BAJA CALIFORNIA SUR, CON CLAVE CATASTRAL 4-02-013-0083, CON UNA SUPERFICIE DE 175-64-83.912 HAS., ....................................

- - -4.- POLIGONO 4, DEL PREDIO CONOCIDO COMO LA LAGUNA, EN LA PORCIÓN CONOCIDA COMO RANCHO EL CARDONAL, EN CABO SAN LUCAS, MUNICIPIO DE LOS CABOS, BAJA CALIFORNIA SUR, CON CLAVE CATASTRAL 4-02-013-0084, CON UNA SUPERFICIE DE 115-47-94.117 HAS., ....................................

- - -5.- POLIGONO 5, DEL PREDIO CONOCIDO COMO LA LAGUNA, EN LA PORCIÓN CONOCIDA COMO RANCHO EL CARDONAL, EN CABO SAN LUCAS, MUNICIPIO DE LOS CABOS, BAJA CALIFORNIA SUR, CON CLAVE CATASTRAL 4-02-013-0085, CON UNA SUPERFICIE DE 5-83-59.077 HAS., ......................................

- - -6.- POLIGONO 6, DEL PREDIO CONOCIDO COMO LA LAGUNA, EN LA PORCIÓN CONOCIDA COMO RANCHO EL CARDONAL, EN CABO SAN LUCAS, MUNICIPIO DE LOS CABOS, BAJA CALIFORNIA SUR, CON CLAVE CATASTRAL 4-02-013-0086, CON UNA SUPERFICIE DE 28-98-10.686 HAS., ....................................

13. El Fideicomisario en Primer Lugar y el Fideicomitente acordaron re-afirmar y modificar los Documentos Modificados 2009 con la finalidad, entre otras, de incrementar la cantidad de cierto pagaré emitido como parte de los Documentos Modificados 2009.

14. Por escritura pública número 82,871, otorgada en La Paz, Municipio de Los Cabos, el 18 de mayo de 2010, pasada ante la fe del señor Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaría Pública Número Siete del Estado, Diamante Cabo en representación del Fiduciario solicitó la constitución del régimen de propiedad en condominio maestro denominado "Diamante Cabo San Lucas" (el "Condominio Maestro"), constituido por seis unidades privativas tal y como se describen a continuación: ....................................

- - - CONDOMINIO 1 "GOLF VILLAS" Polígono 3    Con CLAVE CATASTRAL: 402093001001-001001 SUPERFICIE: 154,744.43M2  USO: RESIDENCIAL  ................

- - - CONDOMINIO 2  "SUNSET HILL" Polígono 3    Con CLAVE CATASTRAL: 402093001001-002001 SUPERFICIE: 257,021.58M2  USO: RESIDENCIAL  ................

- - - -CONDOMINIO 3 "THE VILLAGE" Polígono 3   Con CLAVE CATASTRAL: 402093001001-003001 SUPERFICIE: 348,836.89M2  USO: RESIDENCIAL  ................

- - - CONDOMINIO 4 "THE ESTATE" Polígono 3    Con CLAVE CATASTRAL: 402093001001-004001 SUPERFICIE: 423,328.76M2  USO: RESIDENCIAL  ................

- - - CONDOMINIO 5  "OCEAN VIEW" Polígono 3    Con CLAVE CATASTRAL: 402093001001-005001 SUPERFICIE: 135,366.46M2  USO: RESIDENCIAL  ................

- - - CONDOMINIO 6  "OCEAN VIEW" 2"Polígono 3    Con CLAVE CATASTRAL: 402093001001-006001 SUPERFICIE: 75,591.63M2  USO: RESIDENCIAL  ................

15. Por escritura pública número 82,876, otorgada en La Paz, Municipio de Los Cabos, el 18 de abril de 2010, pasada ante la fe del señor Licenciado José Alberto Castro



CONFIDENTIAL

CONFIDENTIAL

Salazar, Notario Público Adscrito a la Notaría Pública Número Siete del Estado, Diamante Cabo en representación del Fiduciario solicitó la constitución del sub-régimen de propiedad en condominio 1 "Golf Villas" del Condominio Maestro tal y como se describe a continuación: ..........................................................................................................

- - - - CONDOMINIO 1 "GOLF VILLAS" Polígono 3 ubicado en Cabo San Lucas, Baja California Sur, con una SUPERFICIE: 154,744.43M2, Con CLAVE CATASTRAL: 402093001001-001001.........................................................................................................

16. Por escritura pública número 83,280, otorgada en La Paz, Municipio de Los Cabos, el 29 de junio de 2010, pasada ante la fe del señor Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaría Pública Número Siete del Estado, Diamante Cabo en representación del Fiduciario solicitó la constitución del sub-régimen de propiedad en condominio 2 "Sunset Hill" del Condominio Maestro tal y como se describe a continuación: ..........................................................................................................

- - - - CONDOMINIO 2 "SUNSET HILL" Polígono 3 dentro del Predio La Laguna con una SUPERFICIE: 257,021.58M2, Con CLAVE CATASTRAL: 402093001001-002001, localizado en Cabo San Lucas, Baja California Sur. .......................................................

17. Por escritura número 84,644, de fecha 16 de diciembre de 2010, en la Ciudad de La Paz, Baja California Sur, pasada ante la fe del señor Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaría Pública Número Siete, del Estado, el Fiduciario y el Fideicomitente celebraron la declaración unilateral de la voluntad para afectar bajo el régimen de tiempo compartido los inmuebles que se describen a continuación: ..........................................................................................................

FRACCIÓN "F", de la MANZANA 1 del POLÍGONO 1 y tendrá una SUPERFICIE de total de 14,159.037 metros cuadrados y las siguientes medidas y colindancias: Al Noreste en 60.21 metros con Fracción G, 57.17 metros con fracción G, Al Noroeste en 86.53 metros con Fracción G, 70.91 metros con Fracción G, Al Sureste en 30.56 metros con Lote Servidumbre 2, 33.44 metros con Fracción G, 7.96 metros con Lote Servidumbre 2, 22.00 metros con Lote Servidumbre 2, 14.12 metros con Lote Servidumbre 2, 29.57 metros con Lote Servidumbre 2, 29.86 metros con Lote Servidumbre 2; Al Suroeste en 24.84 metros con Fracción G, 13.32 metros con Fracción G, 23.67 metros con Fracción G, 53.02 metros con Fracción G, y 4.56 metros con Lote Servidumbre 2. ..........................................................................................................

18. Por escritura pública número 3,016, otorgada en La Paz, Municipio de Los Cabos, el 22 de junio de 2011, pasada ante la fe del señor Karim Francisco Martínez Lizárraga, Notario Público Número Veintidós del Estado, Diamante Cabo en representación del Fiduciario solicitó la constitución del régimen de propiedad en condominio 6 "Beach Estates" tal y como se describe a continuación: .............................................................

- - -Polígono 6 del Predio El Cardonal, ubicado en Cabo San Lucas, Municipio de Los Cabos, B.C.S., con clave catastral 4-02-013-0086 superficie de 29-39-80.889 has, .........

DANSKE_0012145

DANSKE_0012146

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

9

19. Por escritura número 61,581, de fecha 16 de diciembre de 2011, en la Ciudad de La Paz, Baja California Sur, pasada ante la fe del señor Licenciado Antonio Aguilar Mondragon, Notario Público Número Uno, del Estado, el Fiduciario y el Fideicomitente celebraron la declaración de la voluntad para afectar bajo el régimen de tiempo compartido los inmuebles que se describen a continuación: ..................................

- - - -CONDOMINIO 3 "THE VILLAGE" Polígono 3 ubicado en el Predio La Laguna con una SUPERFICIE: 348,836.89M2, Con CLAVE CATASTRAL: 402093001001-003001 localizado en Cabo San Lucas. Baja California Sur.......................................................

20. Por escritura número 14,071, de fecha 21 de diciembre de 2012, en la ciudad de San José del Cabo, Baja California Sur, pasada ante la fe del señor Licencia Ricardo Cevallos Valdez, Notario Público Número Dieciocho del Estado, Diamante en representación de Fiduciario solicitó la constitución de servidumbres tal y como se describen a continuación: ...................................................................................................

1.- SERVIDUMBRE VOLUNTARIA DE PASO, PEATONAL Y VEHICULAR, CONTINUA, PERPETUA, PERMANENTE, APARENTE E IRREVOCABLE IDENTIFICADA CON EL NÚMERO (1) UNO sobre el inmueble identificado como polígono (1) uno fracción G", del predio "El Cardonal", del plano oficial de Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, identificado con clave catastral 402-013-0001 con una superficie en metros cuadrados (1,075,035.270 m²) un millón setenta y cinco mil treinta y cinco metros cuadrados doscientos setenta milímetros cuadrados, es decir, (107-50-35.270 has.) ciento siete hectáreas cincuenta áreas treinta y cinco punto doscientos setenta centiáreas. ....................................................................................................................

2.- SERVIDUMBRE VOLUNTARIA DE PASO, PEATONAL Y VEHICULAR, CONTINUA, PERPETUA, PERMANENTE, APARENTE E IRREVOCABLE IDENTIFICADA CON EL NÚMERO (2) DOS sobre el inmueble identificado como polígono (1) uno fracción G", del predio "El Cardonal", del plano oficial de Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, identificado con clave catastral 402-013-0001, con una superficie en metros cuadrados (1,075,035.270 m²) un millón setenta y cinco mil treinta y cinco metros cuadrados doscientos setenta milímetros cuadrados, es decir, (107-50-35.270 has.) ciento siete hectáreas cincuenta áreas treinta y cinco punto doscientos setenta centiáreas. ....................................................................................................................



3.- SERVIDUMBRE VOLUNTARIA DE PASO, PEATONAL Y VEHICULAR, CONTINUA, PERPETUA, PERMANENTE, APARENTE E IRREVOCABLE IDENTIFICADA COMO VIALIDAD DE ACCESO sobre el inmueble identificado como área de uso común de (361,594.17 m²) trescientos sesenta y un mil quinientos noventa y cuatro metros cuadrados diecisiete centímetros cuadrados, con uso de suelo autorizado para infraestructura, conservación y ornato.............................................................................

21. El 26 de abril de 2013, el Fideicomisario en Primer Lugar, y Diamante Cabo celebraron un segundo convenio modificatorio y de re-expresión al Contrato de Crédito ("Loan Agreement") por virtud del cual el Fideicomisario en Primer Lugar y Diamante




CONFIDENTIAL

CONFIDENTIAL

Cabo modificaron los términos del Contrato de Crédito Original (el "Segundo Convenio Modificatorio del Crédito") y reafirmaron los Documentos Modificados 2010 ("Second Amended and Restated Loan Agreement"). Según lo previsto en el Segundo Convenio Modificatorio del Crédito las partes acordaron celebrar el presente Convenio con la finalidad de garantizar el cumplimiento de las obligaciones de Diamante Cabo bajo los Documentos de la Operación 2006 y los Documentos Modificados 2009. .........................

22. El 26 de abril de 2013, Diamante Cabo celebró un contrato de prenda sin transmisión de posesión con la finalidad de afectar todos y cualesquiera bienes y derechos de los que es titular o propietario, mismos que no se encuentren dentro del Patrimonio del Fideicomiso (la "Prenda Sobre Bienes y Derechos"). ...............................

- - - - - - - - - - - - - - - - - - - - - - - DECLARACIONES .................................................

1. El Fideicomitente, en este caso, declara, manifiesta y garantiza que: ............................

a) Es una sociedad de responsabilidad limitada de capital variable debidamente constituida de conformidad con las leyes de los Estados Unidos Mexicanos, con domicilio principal en Calle Obregón No. 1,289, 22800, Ensenada, Baja California Norte, México. .................................................................................................................................

b) ...Aportó al patrimonio del Fideicomiso los Predios descritos en el Antecedente 4 y los Derechos descritos en el Antecedente 5 de este instrumento (en lo sucesivo los Predios y los Derechos serán conjuntamente denominados para los efectos de este Fideicomiso como el "Inmueble"). .................................................................................................................

c) Cuenta con las facultades corporativas y legales para celebrar y cumplir con las obligaciones a su cargo establecidas en el presente instrumento, así como para otorgar las garantías necesarias, y que ha tomado todas las acciones jurídicas y corporativas necesarias a efecto de autorizar su celebración y cumplimiento en los términos del presente Convenio. .............................................................................................................

d) El Fideicomiso constituye una obligación jurídica, válida y obligatoria a cargo de Diamante Cabo, ejecutable de conformidad con las disposiciones establecidas en la legislación aplicable. .......................................................................................................

e) ..La celebración y cumplimiento del presente Convenio no implicará ninguna violación material de ninguna disposición ni requisito legal, ni de ninguna disposición establecida en sus documentos corporativos, ni de ninguna obligación contractual a cargo de Diamante Cabo y no tendrá como resultado la constitución ni la imposición de ningún gravamen sobre ninguno de los activos o ingresos de Diamante Cabo, salvo por lo establecido en el presente instrumento. ..................................................................................

f) A la fecha de celebración del presente Convenio, no existe, hasta donde es de su conocimiento, después de haber efectuado las investigaciones pertinentes, ninguna acción, reclamación, demanda, requerimiento ni procedimiento potencial ni pendiente de resolución, ante algún tribunal, dependencia gubernamental o árbitro, que afecte o pudiese afectar adversamente la legalidad, validez y ejecución del presente Convenio, el Fideicomiso o de la propiedad del Fiduciario sobre el Patrimonio Fideicomitido, salvo

DANSKE_0012148

IGNACIO RAMIREZ 1930
TELS. 122-91-20
     122-97-17
     125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

11

por aquellas acciones judiciales que han sido dadas a conocer al Fideicomisario en Primer Lugar con anterioridad a la fecha del presente Convenio. ..................................

g) Ningún consentimiento, autorización, solicitud ni cualquier otro acto por parte de alguna autoridad gubernamental o de cualquier otra persona se requiere a efecto de celebrar, modificar, dar por terminado, ceder, entregar, cumplir, o hacer válido el Fideicomiso ni a efecto de perfeccionar ni mantener la garantía que se constituye en el mismo. ..................................

h) La persona que celebra el presente Convenio en representación de Diamante Cabo cuenta con los poderes, las facultades y la autorización corporativa necesarias para hacerlo según consta en la escritura pública número 65,011 otorgada ante la fe del licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaría Pública Número Siete, con ejercicio en los Municipios de La Paz y Los Cabos, los cuales no le han sido revocados ni limitados en forma alguna. ..................................

i) Los estatutos sociales de Diamante Cabo incluyen las disposiciones legales establecidas en el artículo 27, fracción I, de la Constitución Política de los Estados Unidos Mexicanos. ..................................

j) El destino, la utilización y el aprovechamiento del Inmueble es para fines no residenciales en tanto forme parte del Patrimonio Fideicomitido y, por lo tanto, no se requiere permiso de la Secretaría de Relaciones Exteriores, en términos de los artículos 11 y 12 de la Ley de Inversión Extranjera. ..................................

k) . El Inmueble se encuentra al corriente en el pago de cualesquiera impuestos predial o cualesquiera otras contribuciones gubernamentales y servicios a los que pudiese estar sujeto dicho Inmueble. ..................................

l) El Inmueble cumple con todas las normas ambientales, de salud y seguridad aplicables, y Diamante Cabo no tiene conocimiento de que (i) haya ocurrido ningún evento ni exista circunstancia ni condición que pudiese constituir o resultar en una violación a las leyes ambientales, de salud y seguridad, y (ii) el Inmueble no está sujeto a ninguna acción existente ni, hasta donde es del conocimiento de Diamante Cabo, potencial, ejercida por o ante ninguna autoridad gubernamental, en términos de ninguna ley ambiental, de salud ni de seguridad aplicable, ni existe sustento legal alguno para dicha acción. ..................................

m) .... Comparece a la celebración del presente Convenio a fin de modificar el clausulado del Fideicomiso para que éste garantice el cumplimiento de las obligaciones de Diamante Cabo en base a los Contratos de Tiempo Compartido (como dicho término se define más adelante) que celebre con los Compartidarios (como dicho término se define más adelante). ..................................

2 El Fideicomisario en Primer Lugar en este acto declara, manifiesta y garantiza que: .....

a) ....... Es un banco debidamente constituido de conformidad con las leyes del Reino de Dinamarca. ..................................

b) . Su representante legal cuenta con todas las facultades y autorizaciones corporativas



CONFIDENTIAL

CONFIDENTIAL

necesarias para celebrar el presente Convenio según consta en la escritura pública **número 112,526 (doce mil quinientos veinte seis) otorgada ante la fe del licenciado Francisco Javier Arce Gargollo, Notario Público número setenta y cuatro con ejercicio en** la Ciudad de México, Distrito Federal, mismos que no le han sido revocados ni limitados en forma alguna................................................................

c) ..... El Fiduciario le ha hecho saber de manera inequívoca el contenido y alcance legal del artículo 106, fracción XIX, de la Ley de Instituciones de Crédito, así como el contenido de las disposiciones legales emitidas por el Banco de México. ........................

d) El Fideicomisario en Primer Lugar no tendrá derecho a usar ni aprovechar el Inmueble mientras no se lleve a cabo el procedimiento de ejecución previsto en el Fideicomiso, en el entendido que, en caso de llevarse a cabo el procedimiento de ejecución, el Fideicomiso deberá contar con el permiso correspondiente por parte de la Secretaría de Relaciones Exteriores, sin que dicha limitación disminuya en forma alguna, los derechos del Fideicomisario en Primer Lugar en términos del Fideicomiso o de la garantía otorgada en el mismo. ..............................................................................................

3. El Fiduciario en este acto declara, manifiesta y garantiza que: ....................................

a) Es una institución de banca múltiple, debidamente constituida y autorizada para operar como tal, de conformidad con las leyes mexicanas. ............................................

b) .. Su delegado fiduciario cuenta con todas las facultades y autorizaciones corporativas necesarias para celebrar el presente Convenio según consta en la escritura pública número 64,280 (sesenta y cuatro mil doscientos ochenta), otorgada ante la fe del licenciado Roberto Nuñez y Bandera , Notario Público número Uno con ejercicio en el Distrito Federal , mismas que no le han sido revocadas ni limitadas en forma alguna. ......

c) Es el legítimo propietario del Inmueble, mismo que hasta donde es de su conocimiento se encuentra libre de todo gravamen (a excepción de la Servidumbre), carga, garantía, opción o reclamación por parte de cualquier tercero. ...............................

4. El Fideicomitente, el Fiduciario y el Fideicomisario en Primer Lugar en este acto declaran: ............................................................................................................................

Todos los antecedentes que se establecen en el presente Convenio son ciertos y verdaderos y las obligaciones de las partes a que se hace referencia en el presente Convenio son obligaciones válidas y exigibles. ................................................................

En virtud de los anteriores antecedentes y declaraciones, las partes que otorgan el presente instrumento están de acuerdo en obligarse conforme a las siguientes:..............

------------------------C L Á U S U L A S................

**PRIMERA. DEFINICION DE TÉRMINOS.** Los términos utilizados con mayúscula inicial que no se definen en el presente tendrán el significado que respectivamente se les atribuye en el Fideicomiso. ..................................................................................................

**SEGUNDA. MODIFICACIÓN AL FIDEICOMISO. (a)** Las partes, por medio del presente Convenio, convienen en agregar las siguientes definiciones a la Cláusula Primera del Fideicomiso para quedar como sigue:...............................................................................

DANSKE_0012149

DANSKE_0012150

IGNACIO RAMIREZ 1930
TELS. 122-91-20
  122-97-17
  125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

13

**"Afectación de Propiedad de Tiempo Compartido":** es el régimen de propiedad al que sujeten, en su caso, los Edificios, así como las demás áreas recreativas destinadas a la prestación de los Servicios de Uso de Tiempo Compartido, mismo que se encuentra sujeto a la celebración de una declaración unilateral de la voluntad tal y como se establece en la Legislación Civil Local y en los ordenamientos legales aplicables. ...........

**"Compartidor":** significa Diamante Cabo en términos del Contrato de Tiempo Compartido que celebre respectivamente con los Compartidarios. ..................................

**"Compartidario":** significa aquellas personas físicas o morales que hubieren celebrado o celebren Contratos de Tiempo Compartido, y que amparen Servicios de Tiempo Compartido. ........................

**"Contrato de Obra":** significa cualquier contrato que celebre Diamante Cabo con una persona física o moral, cuyo objeto sea la construcción o remodelación de cualquier unidad o Edificio localizado dentro del Inmueble. ...................................

**"Contrato de Tiempo Compartido":** significa el contrato celebrado entre Diamante Cabo, como Compartidor, y cada uno de los Compartidarios, cuyo objeto es la prestación de Servicios de Tiempo Compartido con respecto a una Unidad de Tiempo Compartido y el mobiliario y equipo instalado en la misma, en un determinado período semanal, en el transcurso de un año calendario, así como cualquier contrato o convenio que se celebre en el futuro, que derive de cualquier otro esquema de comercialización utilizado por el Compartidor, o la persona a la que el Compartidor haya autorizado por escrito para tales efectos. ...................

**"Edificio"** significa cada uno de los edificios que están construidos sobre el Inmueble y que forman parte del desarrollo ["Diamante Cabo San Lucas"]. ...........................

**"Legislación Civil Local":** significa el Código Civil del Estado de Baja California Sur. .....

**"Norma Oficial Mexicana":** significa la norma oficial número "NOM-029-SCFI-2010". .....

**"Obras"** significan las obras de construcción o remodelación que se lleven a cabo en términos de la Cláusula vigésima novena del presente Convenio. ...................................

**"Reglamento de Tiempo Compartido"** significa el reglamento interno de tiempo compartido, en el que se establezcan normas y señalamientos a seguir por parte de los Compartidarios para disfrutar de los Servicios de Tiempo Compartido. ...........................

**"Servicios de Uso de Tiempo Compartido".-** son los servicios que se proporcionarán directamente a los Compartidarios con la finalidad de otorgar el uso de la Unidad de Tiempo Compartido y que incluyen el alojamiento bajo la modalidad de tiempo compartido o programas similares que serán proveídos, directa o indirectamente por Diamante Cabo, en relación con las Unidades de Tiempo Compartido o con unidades ubicadas dentro del Inmueble en los cuales Diamante Cabo directa o indirectamente pueda ofrecer alojamiento a los Compartidarios. ...........................

**"Servicios de Mantenimiento de Tiempo Compartido".-** Son los servicios que se proporcionarán a los Compartidarios consistentes en (i) el suministro de servicios públicos (agua potable, energía eléctrica, entre otros), así como el suministro de gas; (ii)




CONFIDENTIAL

CONFIDENTIAL

mantenimiento, reparación y sustitución, renovación y reemplazo del equipamiento y mobiliario de las Unidades de Tiempo Compartido, así como el mantenimiento y reparación de cada una de las Unidades de Tiempo Compartido; (iii) el pago de contribuciones de índole local y federal, incluyendo impuesto predial; (iv) los servicios relativos a suministro de agua, energía eléctrica, vigilancia, administración, mantenimiento general y reparación de las áreas recreativas a las que tendrán acceso los Compartidarios. .................................................................................................................

**"Unidad de Tiempo Compartido":** significa cualquier cuarto, suite, departamento o unidad similar ubicada en un Edificio que forme parte del Inmueble y sobre el cual se presten Servicios de Tiempo Compartido en virtud de estar sujeta a una declaración unilateral de la voluntad de tiempo compartido que cumpla con Legislación Civil Local aplicable. ..............................................................................................................................

**(b) Las partes, por medio del presente Convenio, convienen en agregar los siguientes incisos a la Cláusula Cuarta ("Fines del Fideicomiso") del Fideicomiso para quedar como sigue:** ................................................................................................

(l)... .............................................................................................................................

(m).............................................................................................................................

(n) Que el Fiduciario y Diamante Cabo, previa autorización por escrito del Fideicomisario en Primer Lugar, constituyan, de tiempo en tiempo, el régimen de propiedad de tiempo compartido sobre las Unidades de Tiempo Compartido que formen parte del Inmueble en términos de la Legislación Civil Local, quedando, Diamante Cabo, obligado a tramitar todo tipo de licencias, permisos y autorizaciones necesarias con las autoridades competentes para llevar a cabo la Afectación de Propiedad de Tiempo Compartido. Los términos y condiciones de cada Edificio que se encuentre afecto al régimen de tiempo compartido deberán cumplir con todas las normas y ordenamientos aplicables y no deberá ir en contra de los fines que se establecen en el Fideicomiso.........

(o) Que el Fiduciario, durante la vigencia del presente Fideicomiso, permita que Diamante Cabo proceda a la operación, administración, mantenimiento y comercialización de las Unidades de Tiempo Compartido, en el entendido de que durante el tiempo en que las Unidades de Tiempo Compartido se encuentren afectas a dicho régimen jurídico en términos de la Legislación Civil Local, todos los gastos y costos derivados de su uso estarán a cargo exclusivo de Diamante Cabo , tal y como se establezca en el Contrato de Tiempo Compartido...................................................

(p) Diamante Cabo deberá llevar a cabo cualquier acto que se requiera para proporcionar los Servicios de Uso de Tiempo Compartido y los Servicios de Mantenimiento de Tiempo Compartido. Asimismo, Diamante Cabo deberá tramitar cualquier tipo de autorización o licencia que sea necesaria ante cualquier autoridad gubernamental para la prestación de dichos servicios y, en su caso, para las obras y la afectación del Inmueble al régimen legal de tiempo compartido conforme a la Legislación Civil Local. No obstante lo anterior, Diamante Cabo deberá contar con

DANSKE_0012151

DANSKE_0012152

IGNACIO RAMIREZ 1930
TELS. 122-91-20
        122-97-17
        125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

15

previa autorización del Fideicomisario en Primer Lugar para: (i) iniciar la venta y prestación de Servicios de Uso de Tiempo Compartido en alguna parte del Inmueble, así como llevar a cabo las Obras para adecuar una parte del Inmueble a dichas ventas y prestación de servicios, y (ii) realizar cualquier obra que requiera modificaciones sustanciales a las Obras autorizadas previamente para la prestación de servicios de tiempo compartido...................................................................................................................

(q) Durante la vigencia de la declaración unilateral de la voluntad del tiempo compartido, permitir a los Compartidarios hacer uso de las instalaciones del Inmueble, de conformidad con sus respectivos Contratos de Tiempo Compartido. El Compartidario deberá cumplir con sus obligaciones las cuales estarán sujetas a los términos y condiciones que establezca el Fideicomitente en el Contrato de Tiempo Compartido que celebre en nombre y representación del Fiduciario. ..........................................................

(r) Que Diamante Cabo o cualquiera de sus subsidiarias o afiliadas reciba o transmita todos los ingresos, ganancias, intereses o devoluciones derivadas de los Compartidarios bajo los Contratos de Tiempo Compartido a una de las cuentas de Diamante Cabo que se encuentre mandatadas a favor del Fideicomisario en Primer Lugar o a las cuentas del Fideicomiso que expresamente autorice el Fideicomisario en Primer Lugar. ....................................................................................................................

**(c) Las partes, por medio del presente Convenio, convienen en agregar los siguientes incisos a la Cláusula Quinta (Patrimonio Fideicomitido) del Fideicomiso para quedar como sigue: ..........................................................................**

(m)... ..........................................................................................................................

(n) Las construcciones, remodelaciones, adaptaciones y/o mejoras que en un futuro se realicen en el Inmueble o en las Unidades de Tiempo Compartido que en su caso sean aportadas al Patrimonio del Fideicomiso para cumplir con sus fines.............................

(o) Cualesquiera prestaciones, en efectivo o en especie incluyendo sin limitación alguna los pagos realizados por los Compartidarios en relación a los Servicios de Mantenimiento de Tiempo Compartido y por los Servicios de Uso de Tiempo Compartido que Diamante Cabo o cualquiera de sus subsidiarias o afiladas reciban de conformidad con el Contrato de Tiempo Compartido correspondiente, en caso de cesión o aportación de los derechos bajo los Contratos de Tiempo Compartido al presente Fideicomiso.................................................................................................................

(p) Cualesquiera bienes o derechos que sean aportados en el futuro por el Fideicomitente en relación con pagos o contraprestaciones recibidas por la prestación de un determinado servicio o por la enajenación de cualquiera de las unidades que se encuentran dentro del Inmueble....................................................................................



**(d) Las partes, por medio del presente Convenio, convienen en agregar la siguiente Cláusula vigésima octava (Derechos de Administración del Patrimonio del Fideicomiso; Administración de los Servicios de Tiempo Compartido) al Fideicomiso para quedar como sigue: ..........................................................................**



CONFIDENTIAL

CONFIDENTIAL

CLÁUSULA VIGESIMA OCTAVA. DERECHOS DE ADMINISTRACIÓN DEL PATRIMONIO DEL FIDEICOMISO; ADMINISTRACIÓN DE LOS SERVICIOS DE TIEMPO COMPARTIDO. ...............................................................................................

Diamante Cabo, en la prestación de los Servicios del Tiempo Compartido, deberá cubrir todos los honorarios, costos y gastos que origine dicha prestación, en el entendido que, salvo instrucción en contrario del Fideicomisario en Primer Lugar o en caso de una notificación de incumplimiento en términos del Fideicomiso (en cuyo caso los derechos serán del Fideicomisario en Primer Lugar), Diamante Cabo: (i) será la única parte responsable de la venta y comercialización de los Servicios de Uso de Tiempo Compartido y los Servicios de Mantenimiento de Tiempo Compartido; (ii) será el único con la capacidad para determinar los precios y las políticas de venta de los Servicios de Uso de Tiempo Compartido y los Servicios de Mantenimiento de Tiempo Compartido a ser proporcionados en el Inmueble, cumpliendo en todo momento con la legislación aplicable; (iii) será el único en determinar y modificar los términos y condiciones de los Servicios de Uso de Tiempo Compartido y los Servicios de Mantenimiento de Tiempo Compartido; (iv) estará obligado a gestionar, obtener y cumplir con todas las disposiciones y autorizaciones que conforme a la ley se requieran para la afectación de las Unidades de Tiempo Compartido, y para la comercialización, operación y administración de las mismas, así como elaborar, cumplir y hacer que se cumpla el Reglamento de Tiempo Compartido aplicable a cada una de las Unidades de Tiempo Compartido; (v) pagará todos los gastos, derechos, deberes, impuestos, contribuciones y servicios que se originen en el Edificio o en las Unidades de Tiempo Compartido por la prestación de Servicios de Uso de Tiempo Compartido y los Servicios de Mantenimiento de Tiempo Compartido; (vi) en caso de que una Unidad de Tiempo Compartido sufra cualquier daño que se encuentre cubierto bajo alguna póliza de seguro, llevará a cabo todas las acciones necesarias para reclamar los recursos que correspondan del seguro y entregar los mismos al Fiduciario, el cual deberá aplicar dichos recursos de conformidad con las instrucciones por escrito que reciba del Fideicomisario en Primer Lugar; (vii) Protegerá y asegurará los derechos de los Compartidarios en caso de que exista una venta extrajudicial para ejecutar el Patrimonio Fideicomitido, en el entendido que cualquier transmisión se realizará conjuntamente bajo los derechos establecidos en el Contrato de Tiempo Compartido; y  (viii) tomará todas las acciones necesarias a fin de continuar proporcionando a los Compartidarios los Servicios de Uso de Tiempo Compartido, salvo caso fortuito o fuerza mayor. ..........................................................

**(e) Las partes, por medio del presente Convenio, convienen en agregar la siguiente Cláusula vigésima novena (Obras) al Fideicomiso para quedar como sigue:** ...............................................................................................................

CLÁUSULA VIGESIMA NOVENA. OBRAS. Todas las Obras que se realicen a cualquiera de las Unidades de Tiempo Compartido, el Inmueble o los Edificios

DANSKE_0012153

DANSKE_0012154

IGNACIO RAMIREZ 1930
TELS. 122-91-20
   122-97-17
   125-24-20
FAX  125-25-68

**LIC. HECTOR CASTRO CASTRO**
TITULAR
**LIC. JOSE ALBERTO CASTRO SALAZAR**
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

17

respectivamente, estarán a cargo de la dirección y supervisión de Diamante Cabo para su ejecución. Diamante Cabo tendrá la obligación, en caso de incumplimiento en términos del Fideicomiso, de ceder cualquier derecho derivado del Contrato de obra correspondiente, en favor del Fiduciario del Fideicomiso, quedando facultado para tomar cualquier decisión en relación con las mismas. ........................................................................

**(f) Las partes, por medio del presente Convenio, convienen en agregar la siguiente Cláusula Trigésima (Asambleas de Condóminos; Votación) al Fideicomiso para quedar como sigue:** ........................................................................

CLAUSULA TRIGESIMA. ASAMBLEAS DE CONDÓMINOS; VOTACIÓN. En cualquiera de las asambleas de condóminos que se lleven a cabo en el Condominio Maestro o en cualquier régimen o sub-régimen de propiedad en condominio dentro del Inmueble, el Fiduciario, previas instrucciones por escrito conjuntas de Diamante Cabo y del Fideicomisario en Primer Lugar tendrá el derecho de votar las decisiones que se lleven a cabo en el orden del día correspondiente. En caso de existir un incumplimiento en términos del Fideicomiso, el Fideicomisario en Primer Lugar tendrá plena facultad para poder votar las decisiones que se lleven a cabo en cualquier asamblea de condóminos dentro del Inmueble sin la participación de Diamante Cabo. ........................................................

**(g) Las partes, por medio del presente Convenio, convienen en agregar la siguiente Cláusula Trigésima Primera (Prenda sin transmisión de Posesión) al Fideicomiso para quedar como sigue:** ........................................................................

CLAUSULA TRIGESIMA PRIMERA. PRENDA SIN TRANSMISIÓN DE POSESIÓN. Independientemente de la obligación de Diamante Cabo de aportar todos los bienes y derechos al Patrimonio del Fideicomiso, en este acto se hace constar que todos los bienes y derechos que no se encuentren en el Patrimonio del Fideicomiso estarán afectos bajo el contrato de Prenda sobre Bienes y Derechos descrito en el Antecedente numero veintidós del presente instrumento. ........................................................................

(h) Las partes, por medio del presente Convenio, convienen en modificar la Cláusula Octava (Valuación del Patrimonio Fideicomitido) del Fideicomiso para quedar como sigue: ........................................................................

Las partes en este acto convienen que el Fideicomitente deberá entregar al Fiduciario y al Fideicomisario en Primer Lugar estados financieros de conformidad con las disposiciones relevantes del Contrato de Crédito Modificado y Re-expresado, de forma trimestral dentro de los primeros 10 (diez) días hábiles del siguiente trimestre. ................

**SEGUNDA.- NOTIFICACIONES.** Todas las notificaciones y demás avisos en relación con el presente Convenio o el Fideicomiso se harán, para ser considerados como válidos, por escrito, en idioma español e inglés (o acompañadas por una traducción al inglés o al español, según corresponda, en el entendido que en caso de controversia la versión en español será la que prevalecerá), y dirigida a los domicilios que se indican a continuación o a cualquier otro domicilio o número de fax que señale el destinatario de la misma mediante notificación conforme a lo estipulado en la presentre Cláusula a las





CONFIDENTIAL

CONFIDENTIAL

demás partes. Dichas notificaciones y avisos se entregarán personalmente o por transmisión facsímile dirigidas de la manera antes descrita, seguidas de ejemplar original, y surtirán sus efectos, si son entregadas por mensajero cuando se reciban, o si son enviadas por fax cuando se transmitan y una confirmación de dicha transmisión sea recibida. Las partes señalan como sus domicilios los siguientes: .....................................

El FIDUCIARIO: ...............................................................................................................

Paseo de la Reforma 115, piso 23 ..................................................................................

11000, Lomas de Chapultepec ........................................................................................

México, Distrito Federal ...................................................................................................

Teléfono +52 55 50 63 39 00 ...........................................................................................

Fax +52 55 50 63 39 39 ....................................................................................................

Atención: Flor Kupfer Domínguez .....................................................................................

EL FIDEICOMITENTE: ........................................................................................................

Boulevard Diamante Sin Número, .......................................................................................

Colonia Los Cangrejos I, ...................................................................................................

Cabo, San Lucas, Baja California Sur, ..............................................................................

Código Postal 23473 ..........................................................................................................

Teléfono: 1442900 .............................................................................................................

Atención: Fernando García Campuzano ............................................................................

EL FIDEICOMISARIO EN PRIMER LUGAR: .......................................................................

75 King William Street .......................................................................................................

Londres EC4N 7DT ...........................................................................................................

Inglaterra

Teléfono: +44(0)20 7410 8312 .........................................................................................

Fax: +44(0)20 74108005 ...................................................................................................

Atención: Jovan Atkinson ..................................................................................................

Con copia para: .................................................................................................................

Venable LLP

750 E. Pratt Street ............................................................................................................

Suite 900

Baltimore, Maryland 21202 ...............................................................................................

Teléfono: +001 410 244 7495 ...........................................................................................

Fax: +001 410 244 7742 ....................................................................................................

Atención: Kelly Shubic Weiner ..........................................................................................

Nader, Hayaux y Goebel S.C. ...........................................................................................

Av. Paseo de los Tamarindos 400B, Piso 7 ......................................................................

Col. Bosques de las Lomas ..............................................................................................

Delegación Cuajimalpa, 05120 .........................................................................................

México, Distrito Federal .....................................................................................................

Teléfono: +52 55 41 70 30 00 ...........................................................................................

DANSKE_0012155

DANSKE_0012156

IGNACIO RAMIREZ 1930
TELS. 122-91-20
    122-97-17
    125-24-20
FAX .125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

19

Fax: +52 55 21 67 30 62 ...............................................................

Atención: Vanessa Franyutti Johnstone ...........................................

**TERCERA.- NO NOVACION.** Las partes están de acuerdo en que el presente Convenio no constituye novación, ni extinción de las obligaciones contraídas bajo el Fideicomiso, así como cualesquiera otro convenio, contrato o documento derivados de o relacionados con los mismos. Lo anterior, en virtud de que las partes del presente Convenio están de acuerdo en que el mismo no se suscribe con el ánimo de novar las obligaciones asumidas en los referidos contratos y convenios. .......................................

**CUARTA.- Leyes Aplicables y Jurisdicción.-** Este Convenio será regido e interpretado de conformidad con las leyes de México. Las partes expresa e irrevocablemente se someten a los tribunales de la Ciudad de México, Distrito Federal, para cualquier asunto relacionado con o resultante de este Fideicomiso o el presente Convenio modificatorio. Asimismo, las partes acuerdan y aceptan que todas las reclamaciones relacionadas con cualquier acción o procedimiento deberán ser resueltas por dichos tribunales. Las partes expresa e irrevocablemente renuncian a cualquier jurisdicción que les pudiere resultar aplicable en razón de sus domicilios presentes o futuros, o por cualquier otra causa. ....................................................................................................

**QUINTA.- Acuerdos Previos.** Las partes reconocen que el presente Convenio modifica el Fideicomiso para la cual quedan sin efectos cualesquiera acuerdos previos entre las partes acordados en forma verbal o escrita.........................................................

- - - - - - - - - - - - - - - - - - - - **P E R S O N A L I D A D** .......................................

- - - **1.- DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.** ...........................................

- - - El señor **KENNETH ABOUD JOWDY**, acredita su personalidad y la legal existencia de su representada la cual manifiesta que no le ha sido revocada, ni modificada, con escritura pública 64,865 sesenta y cuatro mil ochocientos sesenta y cinco, del volumen 1,025 mil veinticinco, de fecha veintitrés de febrero del año dos mil seis, e inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, bajo el Folio Mercantil Electrónico: 9065 4 nueve cero seis cinco cuatro, RFC/No. **DCS060223-D40**, Primer Inscripción, Boleta de Pago No.: 275471 dos siete cinco cuatro siete uno, de fecha veintisiete de febrero del año dos mil seis, otorgada ante la de del Suscrito Notario Adscrito a la Notaria Pública Número Siete, del Estado, en la cual se hace constar la CONSTITUCION de la Sociedad Mercantil denominada "DIAMANTE CABO SAN LUCAS", S. DE R.L. DE C.V., de la cual en lo conducente copio lo siguiente: "......PRIMERA.- La sociedad se denominará "DIAMANTE CABO SAN LUCAS"; ésta denominación irá seguida de las palabras SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE.- SEGUNDA.- La sociedad tendrá por objeto la realización de todo tipo de actividades relacionadas con el desarrollo inmobiliario dentro de los límites permitidos por la Ley de Inversión Extranjera, por lo que además de las actividades que se mencionan en este artículo, la sociedad desarrollará campos de golf privados de dieciocho hoyos, unidades habitacionales, casitas y demás infraestructura




CONFIDENTIAL

CONFIDENTIAL

relacionada. En general la sociedad podrá realizar todo tipo de actividades relacionadas con lo anterior, por lo que enunciativa mas no limitativamente la sociedad podrá.- A).- Dentro de los limites permitidos por la Ley de Inversión Extranjera, realizar todo tipo de actividades relacionadas con el desarrollo inmobiliario con fines turísticos. B).- Dentro de los limites permitidos por la Ley de inversión Extranjera, establecer, adquirir, construir, arrendar, operar y poseer en cualquier forma permitida por la Ley tiendas, almacenes, oficinas, establecimientos, bodegas y otros establecimientos necesarios o convenientes para los objetos de la sociedad.- C).-  Adquirir o poseer por cualquier título, usar dar o tomar en arrendamiento, administrar, vender o disponer en cualquier forma, de todos los bienes muebles o inmuebles que fueren necesarios o convenientes para la realización de los objetos de la sociedad.- D).-  Supervisar, planear o contratar, directamente o a través de terceros, toda clase de construcciones, edificaciones y urbanizaciones, así como adquirir y enajenar por cualquier título materiales de construcción.- E).- Prestar y recibir toda clase de servicios técnicos, administrativos; de supervisión promoción y en general cualesquiera clase de servicios requeridos por negociaciones comerciales o industriales, en México o en el extranjero; F).- Promover, organizar, administrar y supervisar toda clase de sociedades mercantiles o civiles. G).- Adquirir acciones, participaciones, partes sociales o títulos y obligaciones de toda clase de empresas o sociedades y formar parte de ellas.- H).-  Registrar, obtener, adquirir, usar o disponer de toda clase de marcas, nombres comerciales, certificados de inversión, patentes, derechos de autos, opciones y preferencias, procesos y concesiones o licencias, ya sea en México o en el extranjero.- I).-  Obtener y otorgar prestamos con o sin garantía, emitir, aceptar, avalar, endosar, y en general suscribir todo título de créditos, así como garantizar en cualquier forma las obligaciones de terceros.- J).- En general la celebración de toda clase de actos y contratos que se relacionen directa o indirectamente con la sociedad o más fines entre los que se encuentran la adquisición por cualquier forma de bienes muebles o inmuebles propios para el desarrollo de su objeto social. La sociedad solo podrá realizar actividades propias de su objeto, sin que de ninguna manera pueda llevar a cabo actividades reservadas de manera exclusiva al Estado Mexicano. TERCERA.- El domicilio de la sociedad será: La Ciudad de Cabo San Lucas, Baja California Sur, sin perjuicio de establecer oficinas o sucursales en otras partes del Estado de la República o del Extranjero y señalar domicilios convencionales en los contratos que celebre. CUARTA- La duración de la sociedad será de NOVENTA Y NUEVE AÑOS, que se contarán a partir de la fecha de firma de esta escritura. QUINTA.- CLAUSULA DE EXTRANJERIA:- La Sociedad será de Nacionalidad Mexicana, con cláusula de ADMISION DE EXTRANJEROS. Pudiendo participar en su Capital Social, Inversionistas Extranjeros o Sociedades sin Cláusula de Exclusión de Extranjeros; participación de Capital que será admitida en cualquier proporción.- "Todo extranjero que en el acto de la constitución o en cualquier tiempo ulterior, adquiera un interés o participación social en la sociedad, se

DANSKE_0012157

DANSKE_0012158

IGNACIO RAMIREZ 1930
TELS. 122-91-20
    122-97-17
    125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

21

considerará por ese simple hecho como mexicano, respecto de uno y otra, y se entenderá que conviene en no invocar la protección de su Gobierno, bajo la pena en caso de faltar a su convenio, de perder dicho interés o participación en beneficio de la Nación Mexicana". SEXTA.- El capital de la sociedad será variable, iniciándose con un mínimo sin derecho a retiro de: $ 10,000.00 (DIEZ MIL PESOS, 00/100 MONEDA NACIONAL) siendo el máximo ilimitado. SEPTIMA.- El capital social será íntegramente suscrito y pagado, y se encuentra representado en partes sociales de $ 500.00 ( quinientos pesos, 00/100 moneda nacional) cada una de ellas, las que siempre serán de dicha cantidad o de un múltiplo de la misma. OCTAVA.- Los socios fundadores aportan a la sociedad la cantidad de $ 500.00 (quinientos pesos, 00/100 moneda nacional), de la siguiente manera:.....................:............................................................................

El Gerente Administrador de la Sociedad manifiesta bajo protesta de decir verdad que en la Caja de Caudales se encuentra depositado integramente el importe del valor de las acciones.- NOVENA.- La sociedad será administrada por un GERENTE ADMINISTRADOR o un GERENTE GENERAL, el cual tendrá las mas amplias facultades de un apoderado GENERAL PARA PLEITOS Y COBRANZAS, ACTOS DE ADMINISTRACIÓN y ACTOS DE DOMINIO, con todas las facultades generales y las especiales que requieran cláusula especial conforme a la Ley, en los términos de los TRES primeros párrafos del artículo (2,554) dos mil quinientos cincuenta y cuatro y las especiales del (2,587) dos mil quinientos ochenta y siete, ambos del Código Civil para el Distrito Federal y su correlativo el Artículos (2468) dos mil cuatrocientos sesenta y ocho del Código Civil para el Estado de Baja California Sur, y sus correlativos en las demás Entidades Federativas.- El apoderado podrá concurrir ante toda clase de Autoridades sean de la Federación, de los Estados, Municipios, Delegaciones y ya sean estas Legislativas, Ejecutivas, Judiciales, del Trabajo, Fiscales o de cualquiera otra naturaleza. Haciendo toda clase de gestiones y solicitudes cualesquiera que ellas sean; para presentar denuncias, querellas y acusaciones coadyuvar con el Agente del Ministerio Público y constituirse en parte civil, para desistirse de toda clase de acciones, procedimientos, incidentes, recursos, denuncias, querellas y acusaciones e incluso del juicio de amparo, para transigir y comprometer en árbitros y arbitradores; para absolver y articular posiciones, para recusar con causa o sin ella para recibir pagos y para cualesquiera otras sin reserva ni limitación alguna, pudiendo concurrir ante toda clase de personas físicas o morales, privadas u oficiales, haciendo toda clase de gestiones y solicitudes . Además del poder general para pleitos y cobranzas que se otorga, de acuerdo con los Artículos 689, 690, 692 y 695 de la Ley Federal del Trabajo, se designa al apoderado como representante legal de la empresa, con facultades para ocurrir en nombre de ésta a las Audiencias de Conciliación que se celebren ante la Junta Local de Conciliación, ante la Junta Federal de Conciliación, ante la Junta Especial que corresponda, bien sea de la Federal o de la Local de Conciliación y Arbitraje o ante cualesquiera autoridad del trabajo, con facultades para actos de administración en el

CONFIDENTIAL

CONFIDENTIAL

área Laboral y para celebrar los convenios que puedan derivarse de ella. PODER PARA ACTOS DE ADMINISTRACIÓN, a fin de que el apoderado pueda celebrar o hacer celebrar, ejecutar o hacer ejecutar toda clase de hechos, actos, convenios y contratos de cualquiera naturaleza que ellos sean, otorgando toda clase de documentos privados e instrumentos públicos con facultades administrativas. PODER PARA SUSCRIBIR TITULOS DE CREDITO, a fin de que el apoderado pueda emitir, girar, suscribir, endosar, avalar o de cualquiera otra manera poner en circulación toda clase de títulos de crédito, en los términos del Artículo 9° Noveno de la Ley General de Títulos y Operaciones de Crédito.- PODER PARA EJERCER ACTOS DE DOMINIO, a fin de que el apoderado pueda enajenar, gravar, hipotecar o de cualquiera otra manera disponer de la posesión y dominio de bienes del mandante de cualquiera naturaleza que ellos sean, pudiendo firmar cuantos documentos privados o escrituras públicas en los términos, precios y demás condiciones que estime pertinentes el apoderado y en su caso negociar las cédulas recibir su importe y endosar o hacer efectivos los cheques representativos del pago.- FACULTADES PARA SUBSTITUIR EN TODO O EN PARTE EL PRESENTE MANDATO, reservándose el apoderado el ejercicio del mismo y poder nombrar apoderados, factores y empleados, fijándoles sus facultades, obligaciones, remuneraciones y revocar las substituciones que hiciere. TRANSITORIAS: PRIMERA.- Reunidos en primera Asamblea General de Accionistas, los socios, toman los siguientes acuerdos: 1°.- La sociedad será administrada por un GRENTE ADMINISTRADOR.- 2°.- Se designa como GERENTE ADMINISTRADOR al Señor KENNETH ABOUD JOWDY quien en el cargo de sus funciones, tendrá las facultades que se establecen en la Cláusula NOVENA de la presente escritura constitutiva, con la salvedad de que para el desempeño de su actividad deberá de obtener el permiso correspondiente que a su juicio expida la Secretaria de Gobernación y de que en caso de violación al Reglamento de la Ley General de Población se hará acreedor a las sanciones correspondientes.- 3°.- Se otorga al señor FERNANDO MANUEL GARCIA CAMPUZANO, un PODER GENERAL PARA PLEITOS Y COBRANZAS, ACTOS DE ADMINISTRACION Y ACTOS DE DOMINIO....." .........................................................................................................
- - - Mediante escritura publica numero setenta y ocho mil ochocientos ochenta y uno, del volumen mil doscientos noventa y uno, de fecha seis de marzo del año dos mil nueve, otorgada ante la fe del Suscrito Notario, en la cual consta LA PROTOCOLIZACION, del Acta de Asamblea General de la sociedad Mercantil denominada **"DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, de la cual en lo conducente copio lo siguiente:** "... PRIMERA.- A solicitud del señor **FERNANDO MANUEL GARCÍA CAMPUZANO**, se da por PROTOCOLIZADA el Acta de Asamblea de la Sociedad Mercantil denominada **"DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, celebrada el día seis de Marzo de dos mil nueve, y formalizados los acuerdos en la misma tomados. - SEGUNDA.- **"DIAMANTE CABO SAN**

DANSKE_0012159

DANSKE_0012160

IGNACIO RAMIREZ 1930
TELS. 122-91-20
     122-97-17
     125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

23

LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, acepta y aprueba la cesión de derechos contenida en el Contrato Global de Cesión celebrado entre Lehman Brothers y Danske Bank, en el cual Lehman Brothers, en su carácter de Cedente, transmitió la totalidad de sus derechos, obligaciones y garantías bajo los Documentos del Crédito (*Loan Documents*) a favor de Danske Bank; y así mismo la Sociedad celebre todos los instrumentos o contratos necesarios para perfeccionar la cesión de derechos contenida en el Contrato Global de Cesión.- TERCERA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, reforma totalmente sus estatutos sociales en los términos que mas adelante se mencionan.- CUARTA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, ratifica el nombramiento del Sr. Kenneth Aboud Jowdy como Gerente General de la Sociedad, con todas las obligaciones y derechos que conlleven el desempeño de dicho cargo.- QUINTA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, ratifica en todas y cada una de sus partes, los poderes conferidos al Sr. Fernando Manuel García Campuzano en el acta de asamblea general de socios de fecha 8 de marzo de 2006, la cual quedó debidamente protocolizada, mediante el acta número 65,011 del volumen 1,026 de fecha 9 de marzo del año 2006, ante la fe del Lic. José Alberto Castro Salazar, Notario Público Adscrito a la Notaría Pública Número 7 de la Ciudad de La Paz, Baja California Sur.- SEXTA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, aprueba y confirma los términos del contrato de cesión de derechos por virtud del cual Lehman Brothers cedió a Danske Bank la totalidad de sus derechos y obligaciones bajo el Contrato de Prenda sobre Partes Sociales; así mismo acepta a Danske Bank como el nuevo acreedor prendario bajo el Contrato de Prenda sobre Partes Sociales.- SÉPTIMA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, aprueba por por parte de Diamante Cabo San Lucas, LLC, a través de su representante legal, y Kenneth Aboud Jowdy de un contrato de cesión de derechos por virtud del cual Lehman Brothers cedió a Danske Bank la totalidad de sus derechos y obligaciones bajo el Contrato de Prenda sobre Partes Sociales, aceptando a Danske Bank como nuevo acreedor prendario.- OCTAVA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, aprobó las siguientes resoluciones:- 1) Otorgar a Danske Bank todos los derechos que se establece en el mencionado Contrato de Prenda sobre Partes Sociales.- 2) De conformidad con lo establecido en el Contrato de Prenda correspondiente, Diamante Cabo San Lucas, LLC no deberá ceder, vender, prendar o disponer de forma alguna su parte social sin la autorización previa y por escrito de Danske Bank.- 3) De conformidad con lo establecido en el Contrato de Prenda sobre Partes Sociales, la Sociedad no deberá ceder, vender, prendar o disponer de forma alguna de las partes sociales que representan el capital social de la misma, sin la autorización previa y por escrito de Danske Bank. - 4) La




CONFIDENTIAL

CONFIDENTIAL

Sociedad no deberá permitir que, en el ejercicio del voto que corresponde a las partes sociales, se contravenga lo establecido en el Contrato de Prenda sobre Partes Sociales. **NOVENA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, aprueba celebrar el Convenio de Terminación al Contrato de Prenda (Activos), toda vez que serán aportados al patrimonio del Fideicomiso. **DÉCIMA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, aprobó las siguientes resoluciones: i) El aceptar como socio de la Sociedad, sin necesidad de consentimiento adicional al aquí otorgado, a Danske Bank o a cualquier otro posible acreedor prendario de las partes sociales otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy en favor de Danske Bank, en caso de cesión, compra, ejecución forzosa o remate judicial de las mencionadas partes sociales. ii) En caso de cesión, compra, ejecución forzosa o remate judicial de la parte social propiedad de Diamante Cabo San Lucas, LLC en favor de Danske Bank, o del tenedor de la parte social en su momento, el Sr. Kenneth Aboud Jowdy, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía.- iii) Por virtud de lo anterior, el Sr. Kenneth Aboud Jowdy renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social de Diamante Cabo San Lucas, LLC otorgada en prenda en favor de Danske Bank.- iv) En caso de compra, ejecución forzosa o remate judicial de la parte social propiedad del Sr. Kenneth Aboud Jowdy en favor de Danske Bank, o del tenedor de la parte social en su momento, Diamante Cabo San Lucas, LLC, en su calidad de socio de la Sociedad, en este acto renuncia tanto al derecho del tanto que le asiste de conformidad con el artículo 66 de la Ley General de Sociedades Mercantiles y de lo estipulado en los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía. - v) Por virtud de lo anterior, Diamante Cabo San Lucas, LLC renuncia tanto al derecho del tanto que le confiere el artículo 66 de la Ley General de Sociedades Mercantiles y los estatutos sociales, como a cualquier derecho que pueda tener para adquirir en todo o en parte la parte social del socio contrario mediante cualquier otra vía, otorgando en este mismo acto su consentimiento para que, en su caso, se lleve a cabo la cesión, compra, ejecución forzosa o remate judicial de la parte social del Sr. Kenneth Aboud Jowdy otorgada en prenda en favor de Danske Bank. - vi) En caso de compra, ejecución forzosa o remate judicial de las partes sociales

DANSKE_0012161

DANSKE_0012162

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

25

otorgadas en prenda por Diamante Cabo San Lucas, LLC y el Sr. Kenneth Aboud Jowdy en favor de Danske Bank, de conformidad con las resoluciones anteriores, el capital social de la Sociedad quedaría integrado de la siguiente forma: .....................................

| Socios | Partes Sociales | Valor |
|---|---|---|
| Danske Bank A/S, London Branch, o un nuevo adquirente. | 1 | $9,900.00 |
| Danske Bank A/S, London Branch, o un nuevo adquirente. | 1 | $100.00 |
| Total | 2 | $10,000.00 |

**DÉCIMA PRIMERA.-** "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, dio instrucciones al Secretario a fin de llevar a cabo las anotaciones de las prendas otorgadas en favor de Danske Bank como cesionario de Lehman Brothers, en el libro especial de socios, así mismo instruyó al Secretario para que proporcione a Danske Bank, una copia de las anotaciones antes mencionadas firmadas por el Secretario de la Sociedad o el Gerente Único y llevar a cabo las anotaciones de las prendas otorgadas a favor de Danske Bank, en el libro especial de socios y a su vez, sea proporcionada una copia de la misma debidamente firmada a Danske Bank.- **DÉCIMA SEGUNDA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** aprueba la Cesión a Danske Bank de todos y cada uno de los documentos de Operación 2006, en virtud de estar ajustado a los intereses de la propia sociedad y los cuales se enlistan a continuación:. - (i) Contrato de Crédito Original (*Loan Agreement*) celebrado entre Diamante Cabo y el Lehman Brothers (el "Contrato de Crédito Original"). - - - (ii) Pagaré (*Promissory Note*) suscrito por Diamante Cabo (el "Pagaré"). - (iii) Contrato de Cesión de Arrendamiento y Rentas (*Assignment of Leases and Rents*), entre Diamante Cabo y Lehman Brothers (la "Cesión de Rentas"); - (iv) Garantía con Recurso (*Recourse Guaranty*) celebrada por el señor Kenneth A. Jowdy (el "Garante") y Lehman Brothers, con vigencia a partir del 10 de marzo de 2006 (la "Garantía con Recurso"); - (v) Documento de Responsabilidad e Indemnización Ambiental (*Indemnity Agreement*) celebrado entre Diamante Cabo, el Garante y Lehman Brothers (la "Indemnización Ambiental"); - (vi) Contrato de Prenda sobre partes sociales (*Pledge Agreement*) celebrado entre Diamante Cabo, el Garante, Diamante Cabo San Lucas LLC ("U.S. LLC"), y Lehman Brothers (el "Contrato de Prenda (Partes Sociales del Fideicomitente)");- (vii) Contrato de Prenda sobre activos celebrado entre Lehman Brothers y Diamante Cabo (el "Contrato de Prenda (Activos)"); - (viii) Contrato de Prenda (*Pledge Agreement*) celebrado entre el Garante, U.S. LLC y Lehman Brothers (el "Contrato de Prenda (Partes Sociales del Acreditado)");- (ix) Contrato de Prenda (*Pledge Agreement*) celebrado entre el Garante, Baja Ventures 2006, LLC, Diamante Properties, LLC, KAJ Holdings LLC y CSL Properties 2006, LLC (colectivamente, los "Miembros de la U.S. LLC") y Lehman Brothers (el "Contrato de Prenda Sobre Partes Sociales de E.U.A."); - (x) Cesión Ómnibus (*Omnibus Assignment*) celebrada entre



CONFIDENTIAL

CONFIDENTIAL

Diamante Cabo y Lehman Brothers (la "Cesión Ómnibus 2006"); y- (xi) Documento de Cumplimiento de Garantía de Conclusión (*Completion Guaranty*), otorgado por el Garante a favor de Lehman Brothers; y (xii) Garantía (*Guaranty*) otorgada por los Miembros de la U.S. LLC, el Garante y la U.S. LLC a favor de Lehman Brothers.- **DÉCIMA TERCERA.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, acepta y aprueba la celebración de los siguientes documentos: - (i) Convenio Modificatorio y de Re-expresión al Contrato de Fideicomiso - (ii) Contrato de Crédito Modificado y Re-expresado a ser celebrado entre Diamante Cabo y Danske Bank. - (iii) Los dos pagarés (Pagaré A, el Pagaré B) bajo el Contrato de Crédito Modificado y Re-expresado ("Pagarés 2009");- (iv) Contrato de Cesión de Arrendamiento y Rentas (*Assignment of Leases and Rents*), entre Diamante Cabo y Lehman Brothers (la "Cesión de Rentas"); ... - (v) Contrato de Cesión de Garantía con Recurso (*Recourse Guaranty*) celebrada por el señor Kenneth A. Jowdy (el "Garante") y Lehman Brothers, con vigencia a partir del 10 de marzo de 2006 (la "Garantía con Recurso");- (vi) Contrato de Cesión de Documento de Responsabilidad e Indemnización Ambiental (*Indemnity Agreement*) celebrado entre Diamante Cabo, el Garante y Lehman Brothers (la "Indemnización Ambiental"); - (vii) Contrato de Cesión de Contrato de Prenda (*Pledge Agreement*) celebrado entre el Garante, U.S. LLC y Lehman Brothers (el "Contrato de Prenda (Partes Sociales del Acreditado)"); - (viii) Contrato de Cesión de Contrato de Prenda (*Pledge Agreement*) celebrado entre el Garante, Baja Ventures 2006, LLC, Diamante Properties, LLC, KAJ Holdings LLC y CSL Properties 2006, LLC (colectivamente, los "Miembros de la U.S. LLC") y Lehman Brothers (el "Contrato de Prenda Sobre Partes Sociales de E.U.A."); (ix) Contrato de Cesión de Cesión Ómnibus (*Omnibus Assignment*) celebrada entre Diamante Cabo y Lehman Brothers (la "Cesión Ómnibus 2006"); y- (x) Contrato de Cesión de Documento de Cumplimiento de Garantía de Conclusión (*Completion Guaranty*), otorgado por el Garante a favor de Lehman Brothers; y (xii) Garantía (*Guaranty*) otorgada por los Miembros de la U.S. LLC, el Garante y la U.S. LLC a favor de Lehman Brothers. ..................................................................................................

- - -2.- **DANSKE BANK A/S, LONDON BRANCH**, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, EN SU CARÁCTER DE FIDEICOMISARIO EN PRIMER LUGAR, REPRESENTADA EN ESTE ACTO POR EL SEÑOR LICENCIADO **ADRIAN MENDEZ SEVILLA**: ..............................................

- - - Mediante escritura pública número 112,526 (ciento doce mil quinientos veintiséis), libro número 2,424 (dos mil cuatrocientos veinticuatro), de fecha once de Abril del año dos mil trece, pasada ante la fe del señor Licenciado FRANCISCO JAVIER ARCE GARGOLLO, Notario Publico Numero Setenta y Cuatro con ejercicio en México, Distrito Federal, en la cual consta LA PROTOCOLIZACION DE DOCUMENTO OTORGADO EN EL EXTRANJERO, del cual en lo conducente copio lo siguiente: ".... CLAUSULAS.- PRIMERA. Queda protocolizado, en términos de los Artículos Ciento treinta y nueve y

DANSKE_0012163

DANSKE_0012164

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7
LA PAZ, B.C.S.

27

ciento cuarenta de la Ley del Notariado para el Distrito Federal, el documento relacionado en el antecedente Único, de esta acta.- SEGUNDA.- Como consecuencia de los anterior, queda formalizado el poder especial otorgado por **"DANSKE BANK A/S LONDON BRANCH"**, a favor de los señores JAVIER ARREOLA ESPINOSA, VANESSA E. FRANYUTTI JOHNSTONE, ALEJANDRO ROJAS VERA, ADRIAN LOPEZ-GONZALEZ GARZA, ADRIAN MENDEZ SEVILLA y FERNANDA MARTINEZ MARISCAL,, para que lo ejerzan en los términos, con las facultades y la vigencia que en dicho documento se mencionan y de cuya traducción al castellano, copio en lo conducente lo siguiente: "... PRIMERA. Otorgan un Poder Especial en los términos del Articulo 2553 del Código Civil Federal y del articulo correlativos del Código Civil de cada entidad federativa de los estados Unidos Mexicanos y del Distrito Federal y del Articulo Noveno de la Ley General de Titulos y Operaciones de Crédito de los Estados Unidos Mexicanos, a favor de los licenciadas Vanesa E. Franyutti Johnstone y Fernanda Martínez Mariscal y de los licenciados Javier Arreola Espinosa, Alejandro Rojas Vera, Adrián López-González Garza y Adrián Méndez Sevilla, para que lo ejerzan conjunta o separadamente a nombre o en representación del Banco, con todas las facultades generales y especiales que conforme a derecho proceden y, de la manera que juzguen más conveniente a beneficio del Banco, lleven a cabo todos los actos legales y suscriban todos los contratos, las promociones, los reconocimientos y los avisos que conforme a derecho procedan en relación con todos y cada uno de los documentos públicos y privados incluidos de manera enunciativa y no limitativa (i) contratos de prenda, (ii) contratos de prenda sin trasmisión de posesión, y (iii) contratos de fideicomiso de garantía, y las reformas de tales documento o de documentos relacionados con el contrato de préstamo celebrado el 10 de marzo de 2006 (al que, con las reformas que se le han hecho, se le denomina el "Préstamo") por Diamante Cabo San Lucas, S. de R.L. de C.V., y Lehman Brothers Holdings, Inc., cuyo préstamo fue cedido al Banco el 13 de enero de 2009, y ha sido reformado con posterioridad a esta fecha. Este poder pueden ejercerlo los apoderados desde la fecha de su otorgamiento **hasta el 30 de mayo de 2013...**".....................................................................

- - - 3.- **THE BANK OF NEW YORK MELLON, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE** (CAUSAHABIENTE UNIVERSAL FINAL DE BANCO J.P. MORGAN, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA), EN SU CARÁCTER DE FIDUCIARIO DEL FIDEICOMISO F/00321, REPRESENTADO EN ESTE ACTO POR SU DELEGADA FIDUCIARIA **FLOR DE MARIA KUPFER DOMINGUEZ** ......................................................

- - - Mediante Instrumento número 64,280 (sesenta y cuatro mil doscientos ochenta), del volumen 1,549) un mil quinientos cuarenta y nueve, de fecha veintisiete de Julio del año dos mil once, pasada ante la fe del señor Licenciado Roberto Nuñez y Bandera, Notario Publico Numero Uno, de México, en la cual consta DESINGACION DE DELEGADOS FIDUCIARIOS, que hace THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA,

CONFIDENTIAL

CONFIDENTIAL

INSTITUCION DE BANCA MULTIPLE, a favor de los señores ALBERTO CASTILLOPEREYRA, MONICA JIMENEZ LABORA SARABIA, FLOR DE MARIA KUPFER DOMINGUEZ, ROSA ADRIANA LOPEZ-JAIMES FIGUEROA, GERARDO QUERO MUDESPACHER, CRISTINA REUS MEDINA, MARIA DEL CARMEN ROBLES MARTINEZ GOMEZ, de la cual en lo conducente copio lo siguiente;"....ACTA DE RESOLUCIONES UNANIME POR LA TOTALIDAD DE LOS ACCIONISTAS FUERA DE ASAMBLEA GENERAL DE ACCIONISTAS: THE BANK OF NEW YORK MELLON, S.A., INSTITUCIÓN DE BANCA MULTIPLE: ....RESOLUCIONES.- PRIMERA.- Se resuelve otorgar facultades de Delegados Fiduciarios a Alberto Castillo Pereyra, Mónica Jiménez Labora Sarabia, Flor de María Kupfer Domínguez, Rosa Adriana Lopez-Jaime Figueroa, Gerardo Quero Mudespacher, Cristina Reus Medina, María del Carmen Robles Martínez Gómez, de conformidad con los siguientes términos. - - Con fundamento en lo establecido en los Artículos 80 en relación con la fracción XV del 46, 90 y demás relativos y aplicables de la Ley de Instituciones de Crédito se otorga a favor de Alberto Castillo Pereyra, Mónica Jiménez Labora Sarabia, Flor de Maria Kupfer Domínguez, Rosa Adriana Lopez-Jaimes Figueroa, Gerardo Quero Mudespacher, Cristina Reus Medina, Maria del Carmen Robles Martínez, Gómez para que de manera individual y en el ejercicio de su cargo como Delegados Fiduciarios (i) celebren y practiquen todas las operaciones de fideicomiso, celebren los contratos de fideicomiso correspondientes y, en general, en forma enunciativa más ni limitativa, realicen todos los actos necesarios respecto de los patrimonios fideicomitados en que la Sociedad actúe como Fiduciario, o bien, de manera enunciativa más no limitativa, y (ii) celebren los mandatos, comisiones, contratos de depósito, contratos de representación común, así como cualesquier otro contrato o convenio y suscriben cualquier instrumento o título de crédito relativo a comisiones, mandatos o representaciones común en que funjan en su calidad de Delegados Fiduciarios, para ser ejercidos de la forma en que se indica, e independientemente de los poderes a ellos conferidos para otros fines por la Sociedad: - - Los poderes q2ue se les otorgan a las personas mencionadas, exclusivamente en su calidad de Delegados Fiduciarios y para ser ejercidos de manera individual son: 1.- Poder General para Pleitos y Cobranzas, con las facultades mas amplias que en derecho proceda en los términos de la fracción I del articulo 2554 del Código Civil para el Distrito Federal y sus correlativos con los demás Estados de la República y del Código Civil Federal y con todas las facultades generales y aún las especiales que conforme a la ley requieran poder o cláusula especial, incluyendo las mencionadas en los artículos 2574,2582,2587 y 2593 del citado Código Civil para el Distrito Federal, sus correlativos de los Códigos Civiles de todos y cada uno de los Estados de la República y del Código Civil Federal; - - Enunciativa más no limitativa, los apoderados tendrán facultades para intentar y desistirse de toda clase de juicios, recursos y procedimientos, inclusive del juicio de amparo; para transigir, para comprometer en árbitros, para absolver y articular posiciones; para recusar, para recibir pagos; para hacer cesión de

DANSKE_0012165

DANSKE_0012166

IGNACIO RAMIREZ 1930
TELS. 122-91-20
· 122-97-17
125-24-20
FAX 125-25-68

LIC. HECTOR CASTRO CASTRO
TITULAR
LIC. JOSE ALBERTO CASTRO SALAZAR
ADSCRITO
NOTARIA PUBLICA NUM. 7 ·
LA PAZ, B.C.S.

29

bienes; para presentar denuncias y querellas en materia penal y para desistirse de ellas; para coadyuvar con el Ministerio Público y para otorgar el perdón legal. - - 2.- Poder para actos de administración, con las facultades más amplias que en derecho proceda en los términos del segundo párrafo del artículo dos mil quinientos cincuenta y cuatro del Código Civil para el Distrito Federal y sus correlativos de los estados de la República y del Código Civil Federal; - - 3.- Poder para actos de dominio con las facultades más amplias que en derecho proceda, en los términos del tercer párrafo del artículo dos mil quinientos cincuenta y cuatro del Código Civil para el Distrito Federal y sus correlativos de los Estados de la República y del Código Civil Federal; - - - 4.- Poder general para girar, aceptar, suscribir, librar, endosar y avalar toda clase de títulos y operaciones de crédito, de conformidad con lo dispuesto por los artículos 9° de la ley General de Títulos y Operaciones de Crédito, tercer párrafo del 90 de la Ley de Instituciones de Crédito y 2554 del Código Civil Federal y del Código Civil para el Distrito Federal y sus correlativos de los Estados de la República.- 5.- Facultad para abrir y cerrar cuentas bancarias, librar en las mismas y designar personas que libren contra ellas.- 6.- Poder general para pleitos y cobranzas, y para actos de administración en materia laboral, en los términos de lo dispuesto por los artículos 11, 692, fracción II y III, 695, 876, fracción I y demás correlativos de la Ley Federal del Trabajo.... 7.- Facultad para otorgar poderes. Los apoderados tendrán facultades amplísimas para otorgar poderes generales o especiales, para ser ejercidos, conjunta, separada o individualmente, y para revocar unos y otros en todo o en parte, facultades que se limitan a los poderes que en este acto se les otorgan, asimismo también se les otorgan facultades para sustituir y/o delegar sus poderes, total o parcialmente, reservándose para sí su ejercicio, solo en cuanto a las facultades y poderes referidos se les hubieren otorgado.- En ningún caso los apoderados tendrán facultades para nombrar Delegado Fiduciario ni sustituir, ceder ni delegar su nombramiento en persona alguna..." .......................................................

- - - Yo, el Suscrito Notario doy fe tener a la vista los citados documento y en copias envío al apéndice de este instrumento, marcado con la letra correspondiente.................

- - - **YO, EL NOTARIO, C E R T I F I C O:** ......................................................

- - - **PRIMERO.-** Que conozco a los comparecientes y los conceptúo con capacidad legal ...............................................................................................................



- - - **SEGUNDO.-** Que por sus generales manifestaron ser mexicanos por nacimiento: El señor **KENNETH ABOUD JOWDY**, de 41 cuarenta y un años de edad, de nacionalidad estadounidense, originario de Connecticut, U.S.A., donde nació el dieciséis de julio de mil novecientos sesenta y cuatro, comerciante, soltero, con domicilio en Estados Unidos de Norteamérica, de paso por esta ciudad y acreditando su legal estancia en el País con el documento migratorio que se agrega por separado a la presente escritura; el señor **FERNANDO MANUEL GARCIA CAMPUZANO**, de Nacionalidad mexicana por nacimiento, originario de Ensenada, Baja California, lugar donde nació el día doce de Julio de mil novecientos sesenta y siete, casado, Abogado, con domicilio en Obregón



CONFIDENTIAL

CONFIDENTIAL

número mil doscientos ochenta y nueve, Z.C. Ensenada, Baja California, y de paso por esta ciudad, y se identifica con credencial de elector, con clave de elector número "GRCMFR67071202H200": el señor **ADRIAN MENDEZ SEVILLA**, originario del Distrito Federal, donde nació el día veinticuatro de Octubre de mil novecientos ochenta y siete, soltero, abogado, y con domicilio en Paseo de los Tamarindos 400-B, Piso 9, Colonia Bosques de La Lomas, Delegación Cuajimalpa, Código Postal 05120, México, Distrito Federal,   y de paso en esta Ciudad: la señorita **FLOR DE MARIA KUPFER DOMINGUEZ,** originaria del Distrito Federal, donde nació el día nueve de Julio de mil novecientos setenta y ocho, soltera, abogada, y con domicilio en Paseo de la Reforma 115, Piso 23, 11000, Lomas de Chapultepec, México, Distrito Federal, y de paso en esta Ciudad; ............................................................................................................

- - - **TERCERO.-** Que respecto al pago del Impuesto Sobre la Renta y después de haber hecho las advertencias de Ley, manifestaron que se encuentran al corriente, sin acreditármelo .........................................................................................................

- - - **CUARTO.-** Que lo relacionado e inserto concuerda fielmente con sus originales que he tenido a la vista y devolví a los interesados ............................................................

- - - **QUINTO.-** Advertidos los comparecientes de su derecho a leer o a que Yo, el Notario, les lea este instrumento, optaron por lo primero y realizado ello, manifestaron su conformidad, por lo que después de explicarles de su valor y fuerza legal, lo ratificaron y firmaron el día de su fecha. DOY FE ...........................................................

**KENNETH ABOUD JOWDY**

**FERNANDO MANUEL GARCIA CAMPUZANO**

**ADRIAN MENDEZ SEVILLA**

**FLOR DE MARIA KUPFER DOMINGUEZ**

DANSKE_012167

**LIC. JOSÉ ALBERTO CASTRO SALAZAR**
**NOTARIO ADSCRITO A LA NOTARIA NO. 7**
**LA PAZ, B.C.S.**

A QUIEN CORRESPONDA.

      LIC. JOSE ALBERTO CASTRO SALAZAR, Notario Público Adscrito a la Notaría Pública Número Siete del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz y Los Cabos, y con Residencia en la Capital del Estado, cuyo titular es el Licenciado HÉCTOR CASTRO CASTRO, actuando de conformidad con lo dispuesto por el artículo (29) veintinueve de la Ley del Notariado en vigor, por medio de la presente expongo:

      **HAGO CONSTAR**, que mediante escritura pública número **91,326**, del volumen **1,536**, de fecha **26** de **Abril** de **dos mil trece**, se hicieron constar los siguientes actos: **EL SEGUNDO CONVENIO MODIFICATORIO** (EN LO SUCESIVO, EL "Convenio") AL CONTRATO DE FIDEICOMISO TRASLATIVO DE DOMINIO E IRREVOCABLE DE GARANTÍA NÚMERO **"F/00321"** (F DIAGONAL CERO CERO TRESCIENTOS VEINTIUNO) Y AL CONVENIO MODIFICATORIO Y DE REEXPRESIÓN QUE SE DESPRENDE DE LA ESCRITURA PÚBLICA NÚMERO 78,882 VOLUMEN 1,292 DE FECHA 06 DE MARZO DE 2009 (EN LO SUCESIVO, INCLUYENDO LAS MODIFICACIONES QUE POR ESTA ESCRITURA SE ACUERDAN, EL "Fideicomiso"), QUE CELEBRAN DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, ("Diamante Cabo") representada por el señor **KENNETH ABOUD JOWDY**, actuando como fideicomitente y fideicomisario en segundo lugar (en lo sucesivo el "Fideicomitente" o "Fideicomisario en Segundo Lugar", según el contexto); Quien en este acto designa como su perito traductor al señor **FERNANDO MANUEL GARCIA CAMPUZANO**; DANSKE BANK A/S, LONDON BRANCH, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, representada por el señor Licenciado **ADRIAN MENDEZ SEVILLA**, actuando como fideicomisario en primer lugar (en lo sucesivo el "Fideicomisario en Primer Lugar"), y THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE (CAUSAHABIENTE UNIVERSAL FINAL DE BANCO J.P. MORGAN, S.A., INSTITUCION DE BANCA MULTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISION FIDUCIARIA), representada por su Delegado Fiduciario la Licenciada Flor de María Kupfer Domínguez , como fiduciario (en lo sucesivo, el "Fiduciario").

Por otra parte mediante escritura pública número **91,327**, del volumen **1,537**, de fecha **26** de **Abril** de 2013, se realizó, **NOTIFICACION DE RECONOCIMIENTO DE ADEUDO** con la Sociedad Mercantil denominada **DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.**

CONFIDENTIAL

DANSKE_0012168

Asimismo, le informo que dichas escrituras se encuentran en trámites de inscripción en el Registro Publico de la Propiedad y del Comercio de Los Cabos, Baja California Sur.

Se otorga le presente constancia, a solicitud de la parte interesada y para los fines que juzgue convenientes, en la ciudad de Cabo San Lucas, Baja California Sur, a los **30** día del mes de **Abril** del **dos mil trece**.

A T E N T A M E N T E.

LIC. JOSÉ ALBERTO CASTRO SALAZAR
NOTARIO PÚBLICO ADSCRITO NÚMERO 7 DE LA PAZ
BAJA CALIFORNIA SUR, MÉXICO.

BLVD. LAZARO CARDENAS Y 16 DE SEPTIEMBRE, EDIFICIO ROSEMARY LOCAL # 103, COL. CENTRO, CABO SAN LUCAS, B.C.S. C.P. 23450, TELS. (624) 143-4445, 143-1442, FAX: EXT. 112 Y120

CONFIDENTIAL

DANSKE_0012169