# EXHIBIT 80

# REAFFIRMATION OF PLEDGE AND SECURITY AGREEMENT

This **REAFFIRMATION OF PLEDGE AND SECURITY AGREEMENT** ("**Reaffirmation**") dated as of April 29, 2014, effective as of April 30, 2014, made by Diamante Properties, LLC, a Delaware limited liability company ("**Diamante**") and KAJ Holdings, LLC, a Delaware limited liability company ("**KAJ**") (collectively Diamante and KAJ are referred to herein as the "**Pledgors**"), in favor of **DANSKE BANK A/S, LONDON BRANCH**, the London Branch of a company incorporated in the Kingdom of Denmark ("**Lender**").

## RECITALS:

A. Pledgors are members of Diamante Cabo San Lucas, LLC, a Delaware limited liability company, having an address at c/o Kenneth Jowdy, 131 Deer Hill Avenue, Suite B, Danbury, CT 06810, which is a member and the majority equity owner of Diamante Cabo San Lucas S. De R.L. De CV, a Mexican limited liability company with variable capital, having an address at c/o Kenneth A. Jowdy, Boulevard Diamante s/n Col. Los Cangrejos, Carretera Cabo San Lucas a Todos Santos Km.6.8, Cabo San Lucas B.C.S., C.P. 23473 ("**Borrower**").

B. On March 10, 2006, Lehman Brothers Holdings Inc. ("**Lehman**") made a loan to Borrower in the original principal amount of One Hundred Twenty Five Million Dollars ($125,000,000.00) ("**Original Loan**") to be used to fund certain acquisition and pre-development costs in connection with a resort project located in the City of Los Cabo, Baja California Sur, Mexico.

C. The Original Loan is evidenced and secured by the Original Loan Documents (as defined in the Loan Agreement), which Original Loan Documents include that certain Loan Agreement dated March 10, 2006 and executed by Borrower and Lehman ("**Original Loan Agreement**").

D. Pursuant to that certain Omnibus Assignment and Assumption dated January 13, 2009 by and between Lehman, as assignor, and Lender, as assignee, Lehman assigned to Lender, and Lender assumed from Lehman, all of Lehman's right, title and interest in the Original Loan and the Original Loan Documents.

E. Lender, Borrower and Guarantors agreed to modify certain terms and conditions of the Original Loan Documents and in connection therewith, reaffirmed, amended and/or amended and restated the Original Loan Documents pursuant to the "**2009 Amended Loan Documents**" (as defined in the Loan Agreement).

F. Among the several modifications made pursuant to the 2009 Amended Loan Documents, Lender, as the holder of that certain Promissory Note dated March 10, 2006 in the original principal amount of $125,000,000.00 ("**Original Note**"), and Borrower, as the borrower under the Original Note, agreed to split the indebtedness evidenced by the Original Note into two (2) separate obligations of indebtedness as evidenced by:

7662643-v3

CONFIDENTIAL                                                                                                                      DANSKE_0013769

        (i)     Substitute Promissory Note (Facility A) dated as of March 6, 2009 in the amount of One Hundred Nine Million One Hundred Thirty-Eight Thousand Three Hundred Twenty Seven and 83/100 Dollars ($109,138,327.83) ("**Facility A Note**"); and

        (ii)    Substitute Promissory Note (Facility B) dated as of March 6, 2009 in the amount of Sixteen Million and 00/100 Dollars ($16,000,000.00) ("**Facility B Note**").

        G.    Lender, Borrower and Guarantors agreed to further modifications of certain terms and conditions of the Original Loan Documents and 2009 Amended Loan Documents, and in connection therewith reaffirmed and amended certain of the Original Loan Documents and 2009 Amended Loan Documents (as reaffirmed and amended, "**2010 Amended Loan Documents**"), which amendments include, *inter alia*, increasing the principal balance available under Facility B Note from $16,000,000 to $20,000,000.

        H.    Lender, Borrower and Guarantors agreed to extend the Maturity Date of the Loan to June 29, 2012 and modify certain applicable interest rates as more particularly set forth therein in that Extension Letter Agreement dated April 2, 2012 ("**First Extension Agreement**").

        I.    By that letter agreement dated June 29, 2012, by and between Lender and Obligors, Lender agreed to extend the Maturity Date of the Loan from June 29, 2012 to September 28, 2012 and provided for certain other obligations of Borrower as more particularly set forth therein (the "**Second Extension Agreement**").

        J.    By that letter agreement dated September 28, 2012, by and between Lender and Obligors, Lender agreed to extend the Maturity Date of the Loan from September 28, 2012 to December 31, 2012 and provided for certain other obligations of Borrower as more particularly set forth therein (the "**Third Extension Agreement**").

        K.    By that letter agreement dated December 31, 2012, Lender and Obligors agreed to extend the Maturity Date of the Loan from December 31, 2012 to March 31, 2013 and provide for certain other obligations of Borrower, all as more particularly set forth therein ("**Fourth Extension Agreement**").

        L.    By that letter agreement dated February 15, 2013, Lender and Obligors agreed to advance up to $2,000,000 under Facility B in accordance with the terms and conditions set forth in that 2013 Additional Advance Letter ("**2013 Additional Advance Agreement**").

        M.    By that letter agreement dated March 29, 2013, Secured Party and Obligors agreed to extend the Maturity Date of the Loan from March 31, 2013 to April 15, 2013 and provide for certain other obligations of Pledgor, all as more particularly set forth therein. ("**Fifth Extension Agreement**", and together with the First Extension Agreement, Second Extension Agreement, Third Extension Agreement, and Fourth Extension Agreement, the "**Extension Agreements**").

        N.    Pursuant to the terms and conditions of the 2013 Modification Documents (as defined in the Loan Agreement, Lender, Borrower and Guarantors agreed to certain amendments, modifications and extensions, including but not limited to: (i) increasing the

-2-

CONFIDENTIAL                                                                         DANSKE_0013770

principal indebtedness of Facility A Note to $123,500,000 to reflect the capitalization of all accrued interest thereon and on Facility B, together with certain costs and expenses of Lender; and (ii) splitting the indebtedness evidenced by Facility B Note into (y) Second Substitute Promissory Note (Facility B) dated as of April 30, 2013 in the amount of Eighteen Million Dollars ("**Facility B Note**"); and (z) Promissory Note (Facility C) dated as of April 30, 2013, in the amount of $2,000,000 ("**Facility C Note**"); and (iii) advancing an additional loan in the amount of $3,000,000 pursuant to Promissory Note (Facility D) dated as of April 30, 2013 in the principal amount of Three Million Dollars ($3,000,000) ("**Facility D Note**"), all as more particularly set forth in the Second Amended and Restated Loan Agreement and the other 2013 Amended Loan Documents.

O.   Subject to the terms and conditions of the Third Amended and Restated Loan Agreement of even date herewith ("**Loan Agreement**"), Lender, Borrower and Guarantors agree to certain amendments, modifications and extensions to the 2013 Modification Documents, including but not limited to: (i) consolidating and replacing Facility C Note and Facility D Note with Replacement Facility C Note dated as of even date herewith, in the amount of $15,000,000 ("**Replacement Facility C Note**") all as more particularly set forth herein.

P.   Pursuant to the public instrument No. 111, 339, dated April 23, 2014, authorized by Mr. Amando Mastachi Aguario, Notary Public No. 121, of Mexico, Federal District; The Bank of New York Mellon, S.A., Institución de Banca Múltiple, agreed to merge with CI Banco, S.A., Institución de Banca Múltiple, provided that The Bank of New York Mellon, S.A., Institución de Banca Múltiple survived as the merging company, and CI Banco, S.A., Institución de Banca Múltiple, as merged company, ceased to exist. Pursuant to this same instrument, the parties agreed to change the name of the surviving entity to "CI Banco, S.A., Institución de Banca Múltiple" which will be considered as trustee under that certain Amended and Restated Irrevocable Guaranty Trust Agreement dated as of March 9, 2009 among Borrower, Lender and Trustee, as amended from time to time.

Q.   As a condition to entering into the Loan Agreement and other documents in connection therewith ("**2014 Modification Documents**"), Lender requires and Pledgors have agreed to reaffirm the obligations set forth in that certain Pledge and Security Agreement dated March 10, 2006 and executed by Pledgors, Baja Ventures 2006, LLC, a Delaware limited liability company, CSL Properties 2006, LLC, a Delaware limited liability company, and Kenneth Jowdy ("**Original Pledge and Security Agreement**") in the manner and form set forth below.

**NOW, THEREFORE**, in consideration of the foregoing, and to induce Lender to consolidate and replace the Facility C Note and Facility D Note with the Replacement Facility C Note and enter into the 2014 Modification Documents, Pledgors agree as follows:

1.   **Recitals.**  The foregoing recitals are incorporated herein by reference.

2.   **Consent.**  Pledgors acknowledge that Pledgors have received, reviewed and approved the 2014 Modification Documents and such other instruments and documents as Pledgors may require to execute and deliver this Reaffirmation on an informed, knowledgeable

CONFIDENTIAL                                                                                                                                     DANSKE_0013771

basis. Pledgors consent to the execution and delivery of each and every 2014 Modification Document.

3. **Reaffirmation of Obligations.** Pledgors hereby reaffirm and ratify the Original Pledge and Security Agreement on behalf of themselves as Pledgors therein and agree that it, and the rights and obligations of the parties set forth therein, shall remain in full force and effect; provided, however, that all references in the Original Pledge and Security Agreement to the (i) Original Loan Agreement or any of the other Original Loan Documents shall be deemed to refer to such documents as modified by the 2009 Amended Loan Documents, as subsequently modified by the 2010 Amended Loan Documents, as subsequently modified by the Extension Agreements, as modified by the 2013 Additional Advance Agreement, as subsequently modified by the 2013 Modification Documents, as subsequently modified by the 2014 Modification Documents and (ii) obligations in the Original Loan Agreement or any of the other Original Loan Documents shall be deemed to refer to the obligations set forth in such documents as modified by the 2009 Amended Loan Documents, as subsequently amended by the 2010 Amended Loan Documents, as subsequently modified by the Extension Agreements, as modified by the 2013 Additional Advance Agreement, and as subsequently modified by the 2013 Modification Documents, and as subsequently modified by the 2014 Modification Documents.

4. **No Novation.** It is the intention of Pledgors that nothing herein shall be construed to extinguish, release, or discharge, create or effect a novation of, or an agreement to extinguish, any of the obligations, indebtedness and liabilities of Pledgors or any other party under the provisions of the Original Pledge and Security Agreement or under the Original Loan Documents.

5. **No Defenses.** Pledgors hereby ratify and confirm that as of the date hereof there are no known defenses, setoffs or claims of any kind or nature whatsoever, whether asserted or unasserted, to the obligations of Pledgors.

6. **Successors and Assigns.** This Reaffirmation shall be binding upon Pledgors and each of their successors and assigns and shall inure to the benefit of Lender and its successors and assigns.

7. **Notices.** All notices or other written communications to Lender or Pledgors in connection with the Original Pledge and Security Agreement, if any, shall be addressed as set forth in the Loan Agreement.

8. **Governing Law.** This Reaffirmation shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of law principles.

9. **Section Headings.** The section headings used in this Reaffirmation are for convenience of reference only and do not constitute a part of this Reaffirmation for any other purpose.

*[Signature Page to Follow]*

7662643-v3

CONFIDENTIAL                                                                                                                                             DANSKE_0013772

IN WITNESS WHEREOF, Pledgors have caused this Reaffirmation of Pledge and Security Agreement to be duly executed and delivered to Lender as of the date first set forth above.

**PLEDGORS:**

**KAJ:**

**KAJ HOLDINGS, LLC**, a Delaware limited liability company

By: _____
Name: Kenneth A. Jowdy
Title: Managing Member

**DIAMANTE:**

**DIAMANTE PROPERTIES, LLC**, a Delaware limited liability company

By: _____
Name: Kenneth A. Jowdy
Title: Managing Member

*[Signature Page to Reaffirmation of Pledge and Security Agreement]*