DEFENDANT DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

                                                 Crim. No. 13-607 (S-2) (JFB)

       - against -

PHILLIP A. KENNER, and
TOMMY C. CONSTANTINE

                 Defendants.

-----------------------------------------------------------X

### THE UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KENNER'S MOTION FOR A PARTIAL STAY OF FORFEITURE

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
Attorney for Defendant United States
610 Federal Plaza, 5th Fl.
Central Islip, New York 11722-4454

VINCENT LIPARI
Assistant U.S. Attorney
    (Of Counsel)

## PRELIMINARY STATEMENT

The United States of America respectfully submits this memorandum of law in opposition to defendant Phillip A. Kenner's ("Kenner") motion, pursuant to Fed. R. Crim. P. 32.2(d), for a "partial stay of forfeiture" pending appeal.  Kenner's motion is baseless and must be denied.

By a Memorandum and Order dated March 10, 2020 (ECF no. 819), United States v Kenner, 2020 WL 1148671, at *13-*15 (E.D.N.Y. Mar. 10, 2020), this court granted the United States' motion for an order of forfeiture of Kenner's and co-defendant Tommy Constantine's interest in: (1) a Falcon 10 Airplane; (2) the Sugar Mill property; and (3) the Diamante Cabo San Lucas ("DCSL") property and its corporate ownership entities.  Constantine conceded that the assets were forfeitable; Kenner only contests forfeiture of the DCSL property and corporate ownership interests.  Id.  2020 WL 1148671, at *13.

On March 16, 2020, this court signed and entered preliminary orders of forfeiture of Kenner's and Constantine's interest in the above assets (ECF nos. 825, 826).  Kenner's and Constantine's sentencing were first scheduled for April 9, 2020 (ECF March 17, 2020 electronic order) and then subsequently adjourned.  By an order dated June 10, 2020, the sentencing date for both defendants has been scheduled for July 21, 2020 (ECF no. 845).  On June 24, 2020, Kenner filed the instant motion for a partial stay of forfeiture pending an appeal he has yet to file.

As shown below, Kenner's motion for a stay pending appeal must be denied because it is procedurally defective under Fed. R. Crim. P. 32.2(d) inasmuch as he has not appealed, nor may he now appeal the preliminary order of forfeiture which is not yet a final order. Furthermore, even if the court considered Kenner's defective application, it must nonetheless be denied because Kenner cannot satisfy the standard applicable for a stay of an order of forfeiture.

**ARGUMENT**

**KENNER'S MOTION TO STAY FORFEITURE PENDING APPEAL MUST BE DENIED**

**A.      Kenner Is Not Entitled To A Stay Because He Has Not and Cannot Appeal The Preliminary Order of Forfeiture**

Fed. R. Crim. P. 32.2(d) provides that "[i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review" (emphasis added).  By its express terms, the rule does not apply here because Kenner has not filed a notice of appeal.

Further, Kenner may not yet file a notice of appeal of the preliminary order of forfeiture because it is not final.  Under Fed. R. Crim. P. 32.2(b)(2)(4)(A), a preliminary order of forfeiture becomes a final order "[a]t sentencing--or at any time before sentencing if the defendant consents." Advisory Committee Notes, 2000 adoption, to Fed. R. Crim. P. 32.2(b)(2)(4)(A) ("Because the order of forfeiture becomes final as to the defendant at the time of sentencing, his right to appeal from that order begins to run at that time"); see Dillon v. United States., 2018 WL 3820228, at *2 (N.D. Tex. Aug. 9, 2018); United States v. Bane, 2018 WL 9963872, at *2 (M.D. Fla. Jan. 8, 2018), aff'd, 948 F.3d 1290 (11th Cir. 2020).[1]  Here Kenner has not been sentenced, nor has he consented to the preliminary order of forfeiture becoming final as to him.  Further, pursuant to Fed. R. Crim. P. 32.2(b)(2)(4)(B), the order of forfeiture must be included in the judgment.  The

---

[1]      The rule allows the defendant to agree that the preliminary order is final so that the government can dispose of the property before sentencing "[b]ecause it is not uncommon for sentencing to be postponed for an extended period to allow a defendant to cooperate with the government in an ongoing investigation."  Id.

time to appeal an order of forfeiture runs from the time of entry of judgment. Fed. R. Crim. P. 32.2(b)(2)(4)(C).  Here no judgment has been entered.

In sum, because Kenner has neither appealed, nor can yet appeal the preliminary order of forfeiture, he is not entitled to a stay under Fed. R. Crim. P. 32.2(d).

**B.**    <u>**Kenner Cannot Satisfy Any Of The Elements Necessary For A Stay**</u>

Even if it was not procedurally defective, Kenner's motion for a stay pending a yet to be filed appeal must nonetheless be denied because Kenner cannot satisfy any of the elements of the applicable standard.

While neither Rule 32.2(d) nor precedent in the Second Circuit expressly articulate a standard for stays of forfeiture orders, the Second Circuit applies "standards generally governing applications to stay district court orders or proceedings pending appeal." <u>United States v. Grote</u>, 961 F.3d 105, 122 (2d Cir. 2020).  Under this standard, to stay an order of forfeiture, a court must determine: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." <u>Id.</u> (citing <u>In re World Trade Ctr. Disaster Site Litig.</u>, 503 F.3d 167, 170 (2d Cir. 2007); <u>United States v. Gelb</u>, 826 F.2d 1175, 1177 (2d Cir. 1987)).[2]  Kenner cannot satisfy any of these elements.

---

[2]    The Second Circuit did not adopt the test, relied upon by Kenner and articulated in <u>United States v. Silver</u>, 203 F. Supp. 3d 370, 385 (S.D.N.Y. 2016): "1) the likelihood of success on appeal; 2) whether the forfeited asset is likely to depreciate over time; 3) the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and 4) the expense of maintaining the forfeited property." Instead, in <u>Grote</u>, the Second Circuit affirmed because "under any such test . . . . the district court did not abuse its discretion in denying [ ] a stay of the forfeiture order."

This court found that the DCSL interest was forfeitable because it was purchased with traced stolen or diverted client funds intended for other purchases which Kenner instead laundered through various accounts into a DCSL subsidiary account.  Kenner, 2020 WL 1148671, at *13. This court also found that the DCSL interest was forfeitable because "defendants used pooled tainted and untainted funds for [DCSL interest's] purchase . . .[and t]his commingling of clean and illicit funds makes defendants' prohibited conduct less difficult and thus facilitates the money-laundering conspiracy." Id., 2020 WL 1148671, at *14 (citations and quotation marks deleted).

Kenner cannot show a "strong" probability that he will succeed on appeal in reversing forfeiture of his interest in the DCSL property and corporate ownership interests. Grote, 961 F.3d at 122.  Upon this application he does not contend that this court made any legal errors.  Instead he contests the factual findings of the jury and this court and argues, in essence, that the selective "evidence" which he discusses in his brief proves that he properly obtained and applied the funds used to purchase the DCSL property and corporate ownership interests.  Kenner has repeatedly and unsuccessfully made these same arguments in his Rule 33 motion for a new trial (ECF no. 416; denied by the court's Memorandum and Order dated October 13, 2017 [ECF no 501]) and in his 217 page brief (ECF no. 579) and 74 page supplement (ECF no. 713) in opposition to the forfeiture.  Upon this motion he provides no new evidence, nor rationale, and thus fails to show a "strong" probability of success on appeal.  See United States v. Miller, 2020 WL 525125, at *1 (E.D. Va. Jan. 27, 2020) ("Defendant's motion reasserts his previously rejected arguments in conclusory fashion, without adding any new evidence or argument in support of his claims").

Kenner's failure to show a "strong" probability of success on appeal requires denial of his application, without need to consider the other three Grote factors, which Kenner has not addressed inasmuch as he relies on the incorrect standard for a stay (i.e, the Silver standard).  Even if he can

be deemed to have addressed the second element, Kenner does not show irreparable injury absent a stay because, he contends, the "appraised 'value' of Baja Ventures 2006, LLC, holds tremendous intrinsic value for Kenner, perhaps representing a significant amount of Kenner's un-litigated assets." (Kenner's Brf at 14) (emphasis added).  Kenner offers no explanation and the significance of this contention is not clear.  In any event, if he prevails on appeal, Kenner will not have suffered irreparable injury from a sale because he can be compensated with an award of damages for the "appraised value" of Baja Ventures. See United States v. Davis, 2009 WL 2475340, at *1–3 (D. Conn. June 15, 2009) ("this case is unlike those where a longtime home, or family heirloom jewelry, with intrinsic and nostalgic value to the defendant distinct from its monetary value, are subject to forfeiture . . . . if Davis succeeds on appeal . . . the value of the property can be readily determined through the independent appraisal of the property that was conducted [and] the actual sale prices obtained for the property").

Were there any need to consider the last two Grote factors, they also weigh heavily against a stay of forfeiture pending appeal.  A stay will substantially injure the interests of Kenner's and Constantine's defrauded clients, several of whom have an ownership interest in the DCSL property and could be compensated from the proceeds of a sale.  They have long been deprived of the money Kenner and Constantine unlawfully diverted to benefit themselves.   There is no conceivable public interest that will be served by a stay of forfeiture.   Kenner does not address and cannot satisfy, these elements.

## <u>CONCLUSION</u>

Kenner's motion for a stay of forfeiture pending appeal must be denied.

Dated: Central Islip, New York
       June 30, 2020

                           Respectfully submitted,

                           RICHARD P. DONOGHUE
                           UNITED STATES ATTORNEY
                           Eastern District of New York
                           Attorney for the United States
                           610 Federal Plaza
                           Central Islip, New York 11722

VINCENT LIPARI
Assistant U.S. Attorney
      (Of Counsel)