**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____
UNITED STATES OF AMERICA,           )
                                    )
                                    )   Case No. 13-cr-0607 (JFB)
      v.                            )
                                    )
                                    )   VERIFIED PETITION OF
PHILIP A. KENNER,                   )   OWEN AND DIANA NOLAN TO
TOMMY C. CONSTANTINE,               )   ADJUDICATE INTEREST IN
                                    )   PROPERTY PURSUANT TO
      Defendants.                   )   21 U.S.C. § 853(n)
_____ )

**VERIFIED PETITION OF OWEN AND DIANA NOLAN**
**FOR ANCILLARY PROCEEDING**

1. Owen Nolan, a victim of defendants Phillip A. Kenner and Tommy C. Constantine's ("Defendants") elaborate fraudulent scheme, and his wife Diana Nolan ("Petitioners") petition this Court for an ancillary proceeding pursuant to Title 21, United States Code, Section 853(n) to assert their interest in certain property which has been ordered to be forfeited to the United States in a preliminary forfeiture order issued by the Court on March 16, 2020 (the "Preliminary Order") (Dkt. No. 825). In support of their petition, Petitioners state as follows:

2. Pursuant to 21 U.S.C. § 853(n), Petitioners assert their interest in the real property and premises known as Diamante Cabo San Lucas, located in Cabo San Lucas, Mexico at Diamante Boulevard 23473 Cabo San Lucas B.C.S. Mexico (the "DCSL Resort"). The DCSL Resort was ordered forfeited to the United States as set forth in paragraph A(1)-(6) in the Preliminary Order, subject to the interest of third-party claimants.

3. The basis for Petitioners' interest in the DCSL Resort is that, on January 1, 2011, Petitioners and Kenneth A. Jowdy, as managing member of KAJ Holdings, LLC and Diamante Cabo San Lucas, LLC ("Diamante"), executed an Assignment and Assumption Agreement (the "A&A Agreement") to transfer a 1% interest in Diamante, which owns the DCSL Resort, to Petitioners.[1]

4. As set forth in the A&A Agreement, KAJ Holdings, LLC owned Class A membership interest in Diamante, which constituted 36% of Diamante's total membership interest. Pursuant to the A&A Agreement, KAJ Holdings, LLC sold, assigned, transferred, and delivered an undivided 2.778% of KAJ Holdings, LLC's interest in Diamante to Petitioners in consideration of the payment of $10.00. This undivided 2.778% interest constituted an undivided 1% of the total membership in Diamante.

5. As a result of the A&A Agreement, Petitioners received KAJ Holdings, LLC's right, title, and interest in 2.778% of KAJ Holdings, LLC's undivided interest in Diamante, which entitled Petitioners to all distributions made by Diamante in respect of the interest, and to the share of Diamante's income, gain and loss allocable to the interest, for all periods after January 1, 2011.

6. In addition to the interest acquired by means of the A&A Agreement, Petitioner Owen Nolan also has a separate source of interest in the DCSL Resort.

7. On March 2, 2006, Petitioner Owen Nolan and thirteen other professional hockey players became members of CSL Properties 2006, LLC, an entity formed by Defendant Kenner which owned an 8% interest in Diamante. Specifically, as set forth in the Amended and Restated Limited Liability Company Agreement of CSL Properties 2006, LLC from March 2, 2006 ("CSL

---

[1] A true and correct copy of the A&A Agreement is attached here as Exhibit A.

Agreement")[2] (together with the A&A Agreement, the "Agreements"), Petitioner Owen Nolan received a 5% interest in CSL Properties 2006, LLC in consideration for a contribution of $100,000 to the company. Thus, Petitioner Owen Nolan has an additional 0.4% interest in the DCSL Resort by way of the CLS Agreement.

8. Accordingly, pursuant to 21 U.S.C. § 853(n)(6), Petitioners have a prior vested or superior interest in the DCSL Resort, or are bona fide purchasers for value of the right, title, or interest in the DCSL Resort and were at the time of the execution of the Agreements reasonably without cause to believe that the DCSL Resort was subject to forfeiture. In particular, the indictments against Defendants were filed long after Petitioners obtained their interests in the DCSL Resort.

9. Notably, the DCSL Resort was not referenced in any of the indictments against Defendants. The government asserted for the first time that the DCSL Resort is subject to forfeiture after Defendants' trial and conviction on July 9, 2015. (Dkt. Nos. 324, 364, 369).

10. When Petitioner Owen Nolan entered into the CSL Agreement on March 2, 2006, and when Petitioners entered into the A&A Agreement on January 1, 2011, they had no knowledge and no reason to know that Defendants acquired the DCSL Resort as a result of Defendants having engaged in any criminal activity. Nor did Petitioners have any reason to know when they entered into the Agreements that the DCSL Resort was subject to forfeiture. It is undisputed that Petitioner Owen Nolan is a victim of Defendants' fraud.

11. In addition to Petitioners' legal interests in the DCSL Resort, Petitioner Owen Nolan also obtained a judgment in the amount of $2,709,987.38 against Defendant Kenner and his companies, Standard Advisors, Inc. and Standard Advisors, LLC, based on an October 19,

---

[2] A true and correct copy of the CSL Agreement is attached here as Exhibit B.

2009 arbitration award.[3] The judgment was registered in California, where the assets and property of Defendant Kenner, Standard Advisors, Inc., and Standard Advisors were located.[4] Following the entry of the Los Angeles Superior Court's Judgment and Notice of Entry, Mr. Nolan obtained a writ of execution attaching property of Defendant Kenner, but due to the Covid-19 pandemic and the closure of the Los Angeles Superior Court is unable to obtain a copy of the writ.[5] Mr. Nolan's attempt to renew the judgment online during this shutdown was also unsuccessful.

12. In light of these substantial legal interests, Petitioners seek relief from this Court's Preliminary Order and hereby request that the Court hold a proceeding ancillary to the criminal convictions of Defendants through which Petitioners may establish their interests in the DCSL Resort, pursuant to 21 U.S.C. § 853(n) and further that this Court amend its Preliminary Order to recognize fully the interests of the Petitioners as set forth herein.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

---

[3] *See* Exhibit C, a true and correct copy of the Amended Final Arbitration Award entered by a Commercial Arbitration Tribunal of the American Arbitration Association on October 19, 2009.

[4] *See* Exhibit D, a true and correct copy of a Notice of Entry of Judgment on Sister-State Judgment, entered by the Los Angeles Superior Court on April 22, 2010, and Exhibit E, a true and correct copy of a Judgment Based on Sister-State Judgment, entered by the Los Angeles Superior Court on April 26, 2010.

[5] *See* Exhibit F, a Case Summary printout from the Los Angeles Superior Court's website, showing that two applications for writs of execution were filed, and two writs were issued on September 21, 2010.

|  |  |
|---|---|
| Dated: July 8, 2020 | Respectfully submitted,<br><br>OWEN AND DIANA NOLAN |
| BY: | */s/ Seetha Ramachandran*<br>SEETHA RAMACHANDRAN<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>Phone: (212) 969-3455<br>Fax: (212) 969-2900<br>sramachandran@proskauer.com<br><br>*Attorney for Petitioners*<br>*Owen and Diana Nolan* |

## VERIFICATION

I, Owen Nolan, verify, pursuant to 28 U.S.C. § 1746, under penalty of perjury and the laws of the United States of America that the foregoing Petition is true and correct according to the best of my knowledge.

Dated: July 7, 2020

_____
Owen Nolan

## VERIFICATION

I, Diana Nolan, verify, pursuant to 28 U.S.C. § 1746, under penalty of perjury and the laws of the United States of America that the foregoing Petition is true and correct according to the best of my knowledge.

Dated: July 7, 2020

_____
Diana Nolan