Case 2:13-cr-00607-JFB-AYS   Document 875   Filed 07/08/20   Page 1 of 2 PageID #: 25266



Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

July 8, 2020

Seetha Ramachandran
Partner
d +1.212.969.3455
f 212.969.2900
sramachandran@proskauer.com
www.proskauer.com

By ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

      Re:   *United States v. Philip A. Kenner & Tommy C. Constantine*
              Criminal Docket No. 13-607 (JFB) (E.D.N.Y.)

Dear Judge Bianco:

      We represent Owen Nolan, a victim and an interested third party to forfeiture in the above-referenced matter. We write in response to the government's June 23, 2020 and June 19, 2020 letters regarding Mr. Nolan's restitution. (Dkt. Nos. 866, 849).

      The government's submissions reflect that it agrees with us that Mr. Nolan's restitution amount should include prejudgment interest, as well as attorneys' fees and costs. (*See* Dkt. No. 849 at 3–4). The only issue outstanding is whether Mr. Nolan's restitution amount should also include his losses from his investments in Euphora ($100,000) and Arizona Airpark, LLC ($550,000). (*See* Dkt. No. 843 at 2–3).

      The Second Circuit has repeatedly held that restitution for the offense of conviction encompasses all losses arising from the criminal conduct *in the course of the fraudulent scheme* charged in the count of conviction. *See, e.g.*, *United States v. Parnell*, 959 F.3d 537, 539–40 (2d Cir. 2020) ("Restitution under the MVRA encompasses losses arising from criminal conduct in the course of a scheme."); *United States v. Kinney*, 610 F. App'x 49, 52 (2d Cir. 2015) (permitting restitution for all losses caused by defendant's criminal conduct pursuant to a scheme to defraud that extended beyond the transaction related to the specific wire transmission identified in the count of conviction); *see also United States v. Hensley*, 91 F.3d 274, 277 (1st Cir. 1996) (holding that a "court may order restitution to every victim directly harmed by the defendant's conduct in the course of the scheme, conspiracy, or pattern of criminal activity that is an element of the offense of conviction, without regard to whether the particular criminal conduct of the defendant which directly harmed the victim was alleged in a count to which the defendant pled guilty, or was even charged in the indictment"). Here, as alleged in the Superseding Indictment, Mr. Kenner carried out a scheme to defraud Mr. Nolan and other

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Paris | São Paulo | Washington, DC

117900992v2

**Proskauer»**

The Honorable Joseph F. Bianco
July 8, 2020
Page 2

victims by gaining their trust and persuading them to invest in various development projects and then stole their money.  (*See* Dkt. No. 214 at 2–6).  Although Mr. Kenner's specific criminal acts relating to Mr. Nolan's Euphora and Arizona Airpark, LLC losses may not have been proven at trial, they are part of the same fraudulent scheme or pattern of criminal activity underlying the crimes of which Mr. Kenner was convicted, and the losses are compensable as part of restitution.

We also note that separate from his request for restitution, Mr. Nolan will be filing a third-party claim to assets subject to forfeiture, based on his interest in property listed in the Court's March 16, 2020 Preliminary Order of Forfeiture.

Respectfully submitted,

*/s/ Seetha Ramachandran*
SEETHA RAMACHANDRAN
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3455
sramachandran@proskauer.com

*Counsel for Owen Nolan*

cc:   All parties of record (via ECF)