UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            CASE NO.: 13-CR-0607

PHILIP A. KENNER and
TOMMY C. CONSTANTINE a/k/a
Tommy C. Hormovitis,

        Defendants.
_____/

## NON-PARTY PETITIONER, CSL PROPERTIES 2006, L.L.C.'S, VERIFIED CLAIM TO PROPERTY, AND PETITION FOR ANCILLARY HEARING

Non-Party Petitioner, CSL PROPERTIES 2006, L.L.C., pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C.. § 853(n), hereby files this Verified Claim to Property, as well as its Petition requesting an ancillary hearing to assert its interest as an innocent third-party with respect to certain property which has been forfeited to the United States of America in the above-styled case, and further states as follows:

*I. Introduction*

1.      The instant Verified Claim to Property and Petition for an Ancillary Hearing ("Petition") is being submitted in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C.. § 853(n).

2.      At all times material to this Petition, CSL Properties 2006, LLC ("CSL Properties") was and is a Delaware limited liability company duly registered with the Delaware Secretary of State and authorized to conduct business in the State of Delaware.

1

3. CSL Properties is comprised of fourteen (14) individual Members, all of whom have now retired as players in the National Hockey League and are former clients and victims of the crimes perpetrated by Defendant, PHILIP A. KENNER. A copy of the Amended & Restated Limited Liability Company Agreement of CSL Properties 2006, LLC is attached hereto as Exhibit "A".

4. On March 16, 2020, this Court entered a Preliminary Order of Forfeiture which included, *inter alia*, the preliminary forfeiture of CSL Properties, as well as the forfeiture of Baja Ventures 2006, LLC and Diamante Cabo San Lucas, LLC.

5. The instant Petition seeks the return of CSL Properties and its corresponding 8% equity interest in Diamante Cabo San Lucas, LLC to its individual Members (Count I), and further seeks the imposition of a constructive trust in favor of CSL Properties as it relates to Baja Ventures, 2006, LLC and the 39% equity interest it purports to have in Diamante Cabo San Lucas, LLC (Count II).

## II. The Ownership of Diamante Cabo San Lucas, LLC.

6. CSL Properties is one of four (4) limited liability companies that hold a Class A Membership interest in another Delaware limited liability company registered as Diamante Cabo San Lucas, LLC ("DCSL").

7. DCSL owns 99% of the equity in a Mexican limited liability corporation registered as Diamanté Cabo San Lucas S. de R. L. de C. V. (the "Mexican Subsidiary"). In turn, this Mexican Subsidiary holds legal title to an approximate 1,500 acre parcel of real estate located in the Mexican state of Baja California Sur that is being developed under the name Diamante Cabo San Lucas ("the Diamante Property"). The Diamante Property was also included in the Court's Preliminary Order of Forfeiture entered on March 20, 2020.

8. Essentially, therefore, DCSL is the U.S.-based, principal owner of the Diamante Property, an ongoing development that markets itself as a "paradise of beauty, privacy, luxury and world-class service….[that] boasts a unique and diverse set of amenities which currently include two world-class golf courses designed by Davis Love III and Tiger Woods, a TGR Design par three Oasis Short Course, 10-acre Crystal Lagoons pool, state-of-the-art spa, fitness and sports center, several bars and restaurants, six miles of walking and hiking trails, and much more."  See www.diamantecabosanlucs.com

9. It is CSL Properties' understanding that the equity interest in DCSL currently held by each of the aforementioned Delaware limited liability companies is as follows:

| | | | |
|---|---|---|---|
| i) | Baja Ventures 2006, LLC | – | 39% Class A Membership Interest |
| ii) | KAJ Holdings, LLC | – | 35% Class A Membership Interest |
| iii) | Diamante Properties, LLC | – | 13% Class A Membership Interest |
| iv) | CSL Properties 2006, LLC | – | 8% Class A Membership Interest |
| | | | **95%** |

A copy of the Limited Liability Company Agreement of Diamante Cabo San Lucas, LLC is attached hereto as Exhibit "B".  The remaining 5% equity interest in DCSL is currently held by five (5) different individuals or entities – with each owning a 1% stake.

### III. Kenner's Management Role & Ownership Interest in CSL Properties and Baja Ventures

10. At no time since at least March of 2006 has Defendant, PHILIP A. KENNER, held any ownership interest in CSL Properties.  *See* Exhibit "A".

11. Nevertheless, despite having zero equity interest in CSL Properties, KENNER initially appointed himself as the company's original and sole 'Managing Member'.  In that regard, KENNER vested himself with "complete, unrestricted authority and right to act on behalf of [CSL Properties] in connection with any matter"; and, further, that the "other Members [of CSL Properties] shall have no part in the management of the Company".  *See* Exhibit "A", at Article IV.

12. At all times material to this Petition, therefore, KENNER owed CSL Properties certain fiduciary duties as the Company's sole Managing Member, including without limitation, a duty to act in good-faith and in the best interests of the Company and its shareholders, and a duty of loyalty not to obtain or procure a personal benefit at the expense of the Company and its shareholders.

13. Following the guilty verdict rendered against him on July 9, 2015, KENNER was formally removed as the sole Manager of CSL Properties, and a new 3-Member Management Panel was selected by a majority of CSL Properties' individual Members. The current Management Panel consists of the following individual Members: Sergei Gonchar, Greg DeVries and Mattias Norstrom.

14. Contemporaneous with the formation of CSL Properties in or around February of 2006, KENNER *also* formed another Delaware limited liability company registered as Baja Ventures 2006, LLC ("Baja Ventures"). According to the Operating Agreement for Baja Ventures, KENNER made himself the lone Managing Member for this company as well, and he is further identified as the sole, 100% owner of Baja Ventures, having made a purported capital contribution of $2,500,000 upon the company's formation. A copy of the Limited Liability Company Agreement of Baja Ventures 2006, LLC is attached hereto as Exhibit "C"; *see* Articles II & IV and Schedule "A".

IV. *The Capital Contributions of CSL Properties & Baja Ventures, and Corresponding Equity Interests in DCSL*

15. To secure the initial financing needed for the acquisition and subsequent development of the Diamante Property, DCSL was required to make a sizable down payment in the approximate amount of $6.6 million. This down payment was financed through capital contributions received from DCSL's Members, including CSL Properties and Baja Ventures.

4

16. According to DCSL's Operating Agreement, the breakdown of the respective capital contributions received from each of the company's four (4) initial Class A Members was recorded as follows:

| | | |
|---|---|---|
| CSL Properties 2006, LLC | - | $2,000,000* |
| Baja Ventures 2006, LLC | - | $2,500,000 |
| KAJ Holdings, LLC | - | $2,500,000 |
| Diamante Properties, LLC | - | $100,000 |
| **TOTAL CAPITAL CONTRIBUTION** | - | **$7,100,000** |

See Exhibit "B", at 'Register of Class A Members of Diamante Cabo San Lucas, LLC'.

17. Although the Operating Agreement for DCSL indicates that the capital contribution received from CSL Properties totaled $2 million, it has been subsequently established (and acknowledged by both the Government and the developer of the Diamante Property, Kenneth Jowdy) that the total amount of capital contributed by CSL Properties through its individual Members for the acquisition of the Diamante Property was actually **$2,300,000.** A breakdown of the contributions made by each of the individual Members of CSL Properties is as follows:

| Individual Member of CSL Properties | Actual Contribution |
|---|---|
| Tyson Nash | $ 100,000.00 |
| Bryan Berard | $ 200,000.00 |
| Michael Peca | $ 300,000.00 |
| Brian Campbell | $ 100,000.00 |
| Greg DeVries | $ 200,000.00 |
| Sergei Gonchar | $ 100,000.00 |
| Mattias Norstrom | $ 100,000.00 |
| Darryl Sydor | $ 100,000.00 |

| Turner Stevenson   | $   200,000.00   |
|--------------------|------------------|
| Vladimir Tsyplakov | $   250,000.00   |
| Dimitri Khristich  | $   250,000.00   |
| Owen Nolan         | $   100,000.00   |
| Ethan Moreau       | $   200,000.00   |
| Steve Rucchin      | $   100,000.00   |
| **TOTAL**          | **$   2,300,000.00** |

18.  In sum, therefore, CSL Properties made an aggregate capital contribution of **$2,300,000** to DCSL to facilitate its acquisition of the Diamante Property and was allocated an **8%** equity interest in return for that contribution.  Conversely, Baja Ventures purportedly made a capital contribution to DCSL totaling **$2,500,000** and, in exchange for that contribution, received a **39%** equity interest in DCSL.

19.  Stated differently, while he was acting as the sole Manager for *both* CSL Properties (an entity in which he had zero equity or ownership interest) and Baja Ventures (an entity in which he is purportedly the sole owner and Member), KENNER negotiated and/or otherwise consented and agreed to an arbitrary allocation of equity in DCSL in which his company received a substantial 39% equity stake in exchange for a purported $2.5 million capital investment and the company owned by his clients/victims received a comparatively nominal 8% equity stake in exchange for a $2.3 million capital investment.

20.  In light of KENNER's self-dealing, fraudulent and unconscionable conduct, and his breach of the fiduciary duties that he owed to CSL Properties resulting in the patently inequitable allocation of ownership interest in DCSL, CSL Properties asserts that a constructive trust over the 39% equity stake allocated to Baja Ventures is warranted under the circumstances.

6

## COUNT I

### *Return of 8% Equity Interest in DCSL*

Non-Party Petitioner, CSL PROPERTIES 2006, LLC, re-alleges and incorporates herein by reference the allegations contained in paragraphs one through twenty (1 – 20) stated previously.

21. CSL Properties states that, at all times material to this Petition, it had and continues to have a prior vested or superior interest regarding its 8% equity interest in DCSL; and, further, that it was and is a bona fide purchaser for value regarding this 8% equity interest.

22. As reflected in DCSL's Operating Agreement, CSL Properties was allocated an 8% equity interest in DCSL in exchange for a substantial capital contribution totaling $2,300,000. *See* Exhibit "B", at 'Register of Class A Members of Diamante Cabo San Lucas, LLC'.

23. At all times material to this Petition, the individual Members of CSL Properties likewise were and are bona fide purchasers for value regarding their respective equity interests in CSL Properties. The dollar amounts invested by each individual Member of CSL Properties are set forth in paragraph 17 above and incorporated herein.

24. In addition to being bona fide purchasers for value, the individual Members of CSL Properties are all innocent victims of KENNER. In that regard, a Final Order of Forfeiture that includes CSL Properties would only further exacerbate the losses these individuals have suffered as a result of KENNER's crimes and malfeasance.

25. Accordingly, CSL Properties asserts that, pursuant to 21 U.S.C. § 853(n)(6), it has a prior vested or superior interest regarding the 8% equity stake, as allocated in DCSL's Operating Agreement.

26.     Additionally or alternatively, CSL Properties states that it was and is a bona fide purchaser for value regarding this 8% equity stake in DCSL, because at the time this ownership interest was allocated to and/or purchased by CSL Properties it was reasonably without cause to believe that this property or interest was subject to forfeiture.

WHEREFORE, Non-Party Petitioner, CSL PROPERTIES 2006, LLC, seeks relief from the Court's Preliminary Order of Forfeiture, dated March 20, 2020, and respectfully requests this Court hold a hearing ancillary to the criminal conviction of Defendant, PHILIP A. KENNER, at which Non-Party Petitioner may present evidence and witnesses on its behalf pursuant to 21 U.S.C. § 853(n)(5), and further that this Court amend its Preliminary Order of Forfeiture such that CSL Properties 2006, LLC is fully released and no longer subject to forfeiture, and to award any additional or alternative relief that this Court deems fair and equitable under the circumstances.

## COUNT II
*Imposition of A Constructive Trust Over Baja Ventures in Favor of CSL Properties*

Non-Party Petitioner, CSL PROPERTIES 2006, LLC, re-alleges and incorporates herein by reference the allegations contained in paragraphs one through twenty-six (1 – 26) stated previously.

27.     CSL Properties asserts that, pursuant to 21 U.S.C. § 853(n)(2)&(6) and applicable Delaware law, it is entitled to a constructive trust over some or all of Baja Ventures; which, in turn, will provide CSL Properties with an increased equity percentage in DCSL beyond the 8% that is reflected in DCSL's Operating Agreement.

28.     A constructive trust is a cognizable "legal interest" under 21 U.S.C. § 853(n)(2)&(6).

29. In that regard, this Court is authorized to evaluate whether a constructive trust in favor of CSL Properties should be recognized, pursuant to the applicable state law and the underlying facts and circumstances.

30. Under Delaware law, the imposition of a constructive trust is "an equitable remedy of great flexibility and generality", and the imposition of a constructive trust is proper when a defendant's fraudulent, unfair or unconscionable conduct causes him to be unjustly enriched at the expense of another to whom he owed some duty or abused a relationship of trust and confidence.

31. Under Delaware law, it has been further recognized that a constructive trust is not designed to effectuate the presumed intent of the parties, but to redress a wrong and achieve equity.

32. With respect to the instant matter, therefore, CSL Properties asserts that equity mandates the imposition of a constructive trust over Baja Ventures and its purported ownership interest in DCSL, given KENNER's patent self-dealing and unfair or unconscionable conduct.

33. Specifically, as alleged herein, KENNER served as the sole Managing Member of CSL Properties at all times material to this Petition. In that capacity, he owed CSL Properties and its individual Members a fiduciary duty of loyalty not to obtain or procure a personal benefit at the expense of the Company and its shareholders. He likewise owed a fiduciary duty to act in good-faith and in the best interests of the Company and its shareholders at all times.

34. KENNER blatantly breached those duties by negotiating or otherwise consenting or agreeing to a proposal under which CSL Properties was arbitrarily allocated an 8% equity interest in DCSL in exchange for a capital contribution of $2,300,000, while his company, Baja Ventures, was arbitrarily allocated an equity interest in DCSL *almost five (5) times greater* – i.e. 39% – in exchange for a comparable, purported capital contribution of $2,500,000.

35. As it relates to its request for the imposition of a constructive trust, CSL Properties will assume, *arguendo*, that the capital contribution to DCSL made by Baja Ventures was indeed $2,500,000, which means that the aggregate capital contribution received by DCSL from both CSL Properties and Baja Ventures totaled $4,800,000.

36. In exchange for this collective capital contribution totaling $4.8 million, KENNER negotiated and/or otherwise consented and agreed to an allocation of equity under which his company (Baja Ventures) received a 39% ownership interest in DCSL, while CSL Properties (a company that he solely managed, but had zero equity in) received only an 8% ownership interest in DCSL.

37. Given the arbitrary and grossly disparate allocation of equity assigned to Baja Ventures and CSL Properties in DCSL's Operating Agreement, despite comparable capital contributions being attributed to each company, it is clear that KENNER breached well-established fiduciary duties that he owed to CSL Properties, and engaged in blatant self-dealing and other fraudulent, unfair or unconscionable conduct which caused him to be unjustly enriched at the direct expense of CSL Properties and its individual Members.

38. Accordingly, in order to redress this wrong and achieve equity under these patently unfair circumstances, CSL Properties asserts that a constructive trust should be imposed its favor over Baja Ventures and its 39% ownership interest in DCSL.

39. CSL further asserts that a more equitable outcome would be achieved if the combined 47% equity interest in DCSL currently held by CSL Properties and Baja Ventures was re-allocated between these entities on a *pro rata* basis, based on their respective capital

contributions. <u>At a minimum</u>, therefore, CSL Properties asserts that equitable principles under Delaware law mandate the imposition of a constructive trust over Baja Ventures and a re-allocation of the ownership interests in DCSL as follows:

|  | Capital Contribution | % of Combined Capital Contrib. | Initial Allocation of Equity in DCSL | *Pro Rata* Re-Allocation of Equity in DCSL |
|---|---|---|---|---|
| **CSL Properties** | $2,300,000 | 47.9% | 8% | **22.51%** |
| **Baja Ventures** | <u>$2,500,000</u> | <u>52.1%</u> | <u>39%</u> | <u>**24.49%**</u> |
| **TOTALS** | $4,800.000 | 100.0% | 47% | **47.00%** |

40. Under 21 U.S.C. § 853(n)(6)(A), the equitable remedy of a constructive trust in favor of CSL Properties creates a 'superior interest' in Baja Ventures 2006, LLC that should be recognized by this Court.

WHEREFORE, Non-Party Petitioner, CSL PROPERTIES 2006, LLC, seeks relief from the Court's Preliminary Order of Forfeiture, dated March 20, 2020, and respectfully requests this Court hold a hearing ancillary to the criminal conviction of Defendant, PHILIP A. KENNER, at which Non-Party Petitioner may present evidence and witnesses on its behalf pursuant to 21 U.S.C. § 853(n)(5), and further that this Court amend its Preliminary Order of Forfeiture in such a way that the Court recognizes and imposes a constructive trust over Baja Ventures 2006, LLC as an equitable remedy in favor of CSL Properties 2006, LLC and, <u>at a minimum</u>, order a re-allocation of the equity interests in DCSL based on a *pro rata* calculation of each entity's capital contribution, and to award any additional or alternative relief that this Court deems fair and equitable under the circumstances.

Dated this __14th__ day of July, 2020.

                                          STAMOULIS & WEINBLATT LLC

                                        /s/ Stamatios Stamoulis
Stamatios Stamoulis (DE Bar No. 4606)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware  19809
Tel:  (302) 999-1540
Email:  stamoulis@swdelaw.com

*AND*

Pending Admission *Pro Hac Vice*

HILL, RUGH, KELLER & MAIN, P.L.

  /s/ Steven R. Main
CHRISTOPHER T. HILL
Florida Bar No.: 0868371
STEVEN R. MAIN
Florida Bar No.:  0144551
390 N. Orange Avenue, Suite 1610
Orlando, Florida 32802-2311
(407) 926-7460
(407) 926-7461 facsimile
chill@hrkmlaw.com
smain@hrkmlaw.com
filings@hrkmlaw.com

*Counsel for Non-Party Petitioner*