UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **Case No. 13-cr-0607 (JFB)** |
| | ) |
| | ) **VERIFIED PETITION OF** |
| PHILIP A. KENNER, | ) **PATRICIA FORMISANO TO** |
| TOMMY C. CONSTANTINE, | ) **ADJUDICATE INTEREST IN** |
| | ) **PROPERTY PURSUANT TO** |
| Defendants. | ) **21 U.S.C. § 853(n)** |

## VERIFIED PETITION OF PATRICIA FORMISANO FOR ANCILLARY PROCEEDING

1.        Patricia Formisano ("Petitioner"), *pro se,* hereby petitions this Court for an ancillary proceeding pursuant to Title 21, United States Code, Section 853(n) to assert her interest in certain property which has been ordered to be forfeited to the United States in a preliminary forfeiture order issued by the Court on March 16, 2020 (the "Preliminary Order") (Dkt. No. 825).  In support of her petition, Petitioner states as follows:

2.        Pursuant to 21 U.S.C. § 853(n), Petitioner asserts her interest in the real property and premises known as Diamante Cabo San Lucas, located in Cabo San Lucas, Mexico at  Diamante Boulevard 23473 Cabo San Lucas B.C.S. Mexico (the "DCSL Resort").  Paragraph A(1)-(6) in  the  Preliminary Order  indicates that the DCSL  Resort was ordered forfeited to the United States as set forth in, subject to the interest of third-party claimants.

3.        In 2006, I had learned that the developer of a real estate investment

1

property in Cabo San Lucas, Mexico, was looking for a part-time finance person in Danbury, CT. I interviewed for the position, was hired and started work July 1, 2006. Within a few months, it became apparent the work was substantial and I negotiated for a full-time position, and began to organize a finance office in Connecticut and in Mexico. I was employed by Legacy Properties LLC ("Legacy"), which was Ken Jowdy's management and US employee-based entity. As part of my employment negotiation, Jowdy agreed that I would receive 1% of Diamante Cabo San Lucas, LLC ("Diamante Cabo"). I knew it might be years before I received anything from the interest, but it represented an amount that would be part of my retirement. My 1% interest in Diamante Cabo was held by PF Ventures, LLC, of which I am the Managing Member and sole owner. True and correct copies of (i) a Secretary of State of Connecticut form dated March 2008 showing that I am the Managing Member of PF Ventures; (ii) a signed Operating Agreement of PF Ventures, dated as of March 14, 2007, confirming that I own 100% interest; and (iii) my K-1s for PF Ventures from 2012 through 2018, reflecting the 1% interest in Diamante Cabo are attached hereto as Exhibits A, B and C, respectively.

4.     In 2007, Legacy took on two additional real estate projects, one in Texas and one in Tennessee. We had project managers for these projects, but I was the finance person for the three major projects. In 2008, when Lehman, the lender for all three projects, went under, the projects started to falter in the economic crisis. In 2010, Legacy lost all but the Diamante Cabo project. Around that time, I was asked to take a pay cut by Jowdy, and I agreed. Then, senior staff was asked to go without pay. I worked without receiving a salary for 7 months. Even when pay resumed, we

were paid at half salary for 10 months. Half-way through that 10 months, however, I was asked to take another permanent pay cut – the third pay cut since I started. The unpaid portion of salary was accrued to be paid back at a later date. My accrued, unpaid salary at that time was $168,750. I was never paid back for any of the deferred or reduced salary. In almost ten years of work, I was asked to take 4 pay cuts in total and my pay was cut a total of approximately 30% from my original starting salary. I agreed to this because (i) I believed in the project we were building, (ii) as the finance person, I was aware of the company's financial struggles, (iii) I wanted the project to succeed; and iv) I held an ownership interest in the company and believed I would benefit from that interest at a later time.

5.      All of this demonstrates the extent of my work and efforts for Legacy and for Diamante Cabo and that part of my compensation was ownership in Diamante Cabo.

6.      I had no association or relationship with the Phillip Kenner and Tommy Constantine. To my knowledge and recollection, I have never met or spoken with Tommy Constantine or been in any meetings with him or associated with him in any way. Phil Kenner worked at Diamante Cabo. I met him a few times in visits to the property and once in the Danbury office. Early in the 2006 to 2007 period, Kenner was in charge of sales, which had very little to do with my role. Part of my responsibilities included oversight of payroll and payment of expense reports, including processing paychecks for all staff including Phil Kenner. He lived in Arizona at the time and our paths did not cross. I rarely had dealings with him; our work did not overlap.

7.      In light of these substantial legal interests, Petitioner seeks relief from this Court's Preliminary Order and hereby request that the Court hold a proceeding ancillary to the criminal convictions of Defendants through which Petitioner may establish her interest in the DCSL Resort, pursuant to 21 U.S.C. § 853(n) and further that this Court amend its Preliminary Order to recognize fully the interests of the Petitioner as set forth herein.

Dated: July 15, 2020

Respectfully submitted

PATRICIA FORMISANO

BY:

8B Nunnawauk Meadows
Newtown, CT  06470
Tel: (203) 803-5128

*Petitioner Patricia Formisano, pro se*

4

## VERIFICATION

I, Patricia Formisano, verify, pursuant to 28 U.S.C. § 1746, under penalty of perjury and the laws of the United States of America that the foregoing Petition is true and correct according to the best of my knowledge.

Dated:  July 15, 2020

Patricia Formisano

# Exhibit A

SECRETARY OF THE STATE OF CONNECTICUT

Document Review

30 Trinity Street
P.O. Box 150470
Hartford, CT 06115-0470

```
FILING #0003658642  PG 1 OF 2
   VOL  B-01144  PAGE  1567
   FILED  04/04/2008 09:21 AM
SECRETARY OF THE STATE OF CONNECTICUT
```

1. Name of Limited Liability Company:          PF VENTURES, LLC

2. Business ID:                                0892204

3. Report due in the month of:                 March, 2008

4. This Limited Liability Company is:           DOMESTIC

    Fee is:                                    $10.00

    Business Name:                             PF VENTURES, LLC

5. Mailing Address:

    Changes:                                   63 LAKEVIEW TERRACE
                                               SANDY HOOK, CT 06482

6. Principal Office Address (Domestic Limited Liability Company) :  63 LAKEVIEW TERRACE
                                               SANDY HOOK, CT 06483

    Changes:

7. Address Required in State of Formation (Foreign Limited
Liability Company):

    Changes:

8. Date:                                       04/04/2008

9. Email Address:

10. Print Signatory Name:                      PATRICIA FORMISANO

    Print Capacity:                            MANAGING MEMBER

11. Signature:

Report Officers/Directors
Business ID : 0892204

```
FILING # 0003658642  PG 2 OF 2
    VOL  B-01144  PAGE  1568
    FILED  04/04/2008 09:21 AM
SECRETARY OF THE STATE OF CONNECTICUT
```

1. Full Legal Name:        PATRICIA FORMISANO
   Title(s):               MANAGING MEMBER
   Residence Addr:         63 LAKEVIEW TERR
                           SANDY HOOK,CT 06482

   Business Addr:          63 LAKEVIEW TERR
                           SANDY HOOK,CT 06482

   Res Changes:           _____
                          _____
                          _____
   Bus Changes:           _____
                          _____
                          _____

# Exhibit B

## LIMITED LIABILITY COMPANY AGREEMENT

OF

PF VENTURES, LLC

AGREEMENT, dated as of March 14, 2007, among each of the members who has executed the signature pages hereof (a "Member").

WITNESSETH

WHEREAS, PF Ventures, LLC (the "Company") was for on March 14, 2007, by the filing of the Articles of Organization with the Secretary of State of the State of Connecticut;

WHEREAS, on the date hereof, Patricia A. Formisano is the sole Member of the Company, although additional members may be admitted in the future; and

WHEREAS, the sole Member wishes to provide for the operation and management of the Company as set forth below;

NOW, THEREFORE, in consideration of the mutual agreements set forth below, it is agreed as follows:

ARTICLE I

FORMATION, NAME, PURPOSE, TERM AND TAX MATTERS

Section 1.1  *Formation, Name and Office.*

(a)  The Company was formed on March 14, 2007 as a limited liability company pursuant to the Limited Liability Company Act (as it may be amended from time to time, the "Act").

(b)  The Company shall have its office at 63 Lakeview Terrace, Sandy Hook, Connecticut 06482, and may change such office, or open such other places of business at such locations, as the Managing Member may from time to time determine or as the business and affairs of the Company may require.

Section 1.2  *Purpose.*  The Company may engage in any lawful business of every kind and character for which a limited liability company may be organized under the Act or any successor statute. The Company shall have all of the powers provided for a limited liability company under the Act.

Section 1.3  *Term.*  The term of the Company7 commenced on the date the Company was formed and shall continue until December 31, 2099 or until earlier terminated as provided in Article V.

Section 1.4  *Tax Matters.*

(a)  As long as Patricia Formisano is a Member, she shall serve as the Company's "Tax Matter Partner" for purposes of the Internal Revenue Code. If she ceases to be a Member, the then Members shall appoint a new Tax Matters Partner.

1

(b)  The fiscal year of the Company shall be the calendar year.

## ARTICLE II

## CAPITAL CONTRIBUTIONS

Capital contributions shall be made in cash or property. At this time there are no capital contributions.

## ARTICLE III

## DISTRIBUTIONS; PROFITS AND LOSSES

All distributions shall be made to the Members in accordance with the Percentage Interests, as set forth on Schedule A, which may be amended from time to time.

## ARTICLE IV

## MANAGEMENT

Section 4.1  *Managing Member*.  As long as Patricia A. Formisano is a Member, she shall serve as the Company's Managing Member. The Company shall be managed and operated exclusively by the Managing Member. The other Members shall have no part in the management of the Company. The Managing Member shall have complete, unrestricted authority and right to act on behalf of the Company in connection with any matter, including, without limitation, (i) to invest, reinvest, trade and dispose of all of the Company's cash, securities and other assets, (ii) to acquire, develop, manage, lease, dispose and otherwise deal with real and personal property of any kind, (iii) to effect borrowings on behalf of the Company, (iv) to open, maintain and close bank, brokerage and custodial accounts and, generally, to arrange for the transfer and custody of investments and other assets of the Company, (v) to execute any agreement, contract, certificate or instrument that the Managing Member deems necessary or desirable in connection with the conduct of the Company's business or affairs, (vi) to incur expenditures for the conduct of the Company's business, (vii) to institute and defend litigation, arbitrations, investigations and proceedings of any kind on behalf of the Company, (viii) to appoint one or more other persons as officers of the Company, with such titles, powers and responsibilities as the Managing Member may determine, and (ix) generally, to engage in any kind of activity necessary or desirable to achieve the purposes of the Company and as may be lawfully carried on or performed by a Company under the laws of each jurisdiction in which the Company is then doing business.

Section 4.2  *Reliance on Authority*.  An party dealing with the Company shall be entitled to rely conclusively on the power and authority of the Managing Member as set forth herein. Further, any party dealing with the Company or the Managing Member may rely on a certificate signed by the Managing Member, as to (a) the identity of the Managing Member, any other member or any officer of the Company, (b) the existence or nonexistence of any fact which constitutes a condition precedent to acts by the Managing Member or any agent or employee of the Company or which are in any other manner pertinent to the affairs of the Company, (c) the authority of the Managing Member or any officer, agent or employee of the Company to execute and deliver any instrument or document of the Company, (d) any act or failure to act by the Company or (e) as to any other matter whatsoever involving the Company.

Section 4.3  *Meetings*.  No meetings of the Members shall be required, but may be called by the Managing Member or a majority in interest of the Members (determined with reference to Percentage Interests for all purpose of this Agreement) in their discretion.

2

# ARTICLE V

## TERMINATION

Section 5.1    *Events of Termination.* The Company shall be dissolved and its affairs wound up in the event that:

(a)    the term of the Company expires;

(b)    the Members agree to terminate the Company; or

(c)    the complete withdrawal from the Company, death, permanent disability, bankruptcy or adjudication of incompetence by a court of competent jurisdiction of the Managing Member, unless a successor Managing Member is appointed by the vote of a majority in interest of the Members within 90 days following such event.

Section 5.2    *Voluntary Withdrawal Prohibited.* No Member shall have the right to withdraw from the Company, nor shall any Member have the right to withdraw any part of his, her or its contributions to the capital of the Company, except in accordance with the provisions of this Agreement.

Section 5.3    *Winding Up.* On dissolution of the Company, the Company shall wind up its affairs promptly in accordance with the directions of the Managing Member or a person designated by the Managing Member or a majority in interest of the Members as a "Liquidator." The assets of the Company shall be sold within a reasonable period of time to the extent necessary to pay or provide for the debts and liabilities of the Company and the expenses of dissolution and liquidation, and may b sold to the extent deemed commercially feasible by the Managing Member or Liquidator and all assets of the Company shall be applied and distributed as provided in Section 5.4.

Section 5.4    *Distributions.* The proceeds of any dissolution of the Company shall be distributed in the following order of priority (to the extent that such order of priority is consistent with the laws of the State of Delaware):

(a)    first, to the payment of the debts and liabilities of the Company and the expenses of dissolution and liquidation;

(b)    then, to the establishment of any reserves which the Managing Member or Liquidator deems reasonably necessary for the payment of such other debts and liabilities of the Company (contingent or otherwise) as are specified by the Managing Member or Liquidator, and such reserves shall be held by a bank or trust company selected by the Liquidator, as escrow holder, to be disbursed as directed by the Managing Member or Liquidator in payment of any such specified debts and liabilities or, at the expiration of such period as the Managing Member or Liquidator may deem advisable, to be distributed in the manner hereinafter provided; and

(c)    then, to the Members as set forth in Article III.

Section 5.5    *Statements on Winding Up.* On termination of the Company, a statement shall be prepared by the Company's independent public accountants, which shall set forth the assets and liabilities of the Company as the date of termination.

3

## ARTICLE VI

## INTERESTS

A Member's interest in the Company shall be personal property for all purposes. All property owned by the Company shall be deemed to be owned by the Company as an entity, and no Member shall be deemed to own any such property or any portion thereof.

## ARTICLE VII

## REPORTS

The Managing Member shall have the authority, responsibility and obligation to cause to be prepared, with the assistance of the Company's accountants, any reports or returns required to be filed for and on behalf of the Company. All charges of the Company's accountants shall be borne by the Company.

## ARTICLE VIII

## OTHER INTERESTS OF THE PARTNERS

Any Member, as well as any of his, her or its respective affiliates and partners, may engage in and possess an interest in other business ventures of every nature and description, whether or not in competition with or of a similar nature to the business of the Company, independently or with others, and neither the Company nor the other Members shall have any rights in and to such independent ventures or the profits, losses, income or distributions relating thereto. Each Member shall promptly notify the other Members in writing should any conflict of interest arise.

## ARTICLE IX

## MISCELLANEOUS

Section 9.1    *Liability.*

(a)    The Members agree that the Company extends, and is limited, to only the rights and obligation provided in this Agreement, and nothing herein shall be construed to constitute any Member as the agent or partner of any other Member in the conduct of his, her or its respective businesses or activities.

(b)    No Member shall be liable to the Company or to any other Member for any act or omission of such Member, except to the extent that such act or omission results from his, her or its gross negligence, willful misconduct or fraud.

Section 9.2    *Indemnification.*

(a)    Each Member shall indemnify and hold the Managing Member and all of the other Members and, where applicable, the Company's officers, directors and shareholders, harmless from and against all claims, demands, losses or damages, including, without limitation, reasonable attorneys' fees (collectively, "Losses") which shall or may arise by reason of the indemnifying party's breach (directly or by agents or other representatives) of a provision of this Agreement or of any action outside the scope of this Agreement.

4

(b)     The Managing Member and each other Member shall be indemnified and held harmless by the Company from and against any Losses incurred by the Managing Member or such Member by reason of any act or omission is contrary to this Agreement or results from the Managing Member's or such Member's gross negligence or fraud.

(c)     Each party to be indemnified under Section 9.2(a) or 9.2(b) shall give each indemnifying party notice of any claim, demand, loss or damage subject to indemnification within thirty days after he, she or it has received actual notice thereof, and the indemnifying party shall be entitled to participate in or direct the defense of any action or proceeding involving such claim, demand, loss or damage; provided, however, that he, she or it employs counsel reasonably satisfactory to the indemnified party.  An indemnifying party shall not be liable to an indemnified party in respect of settlements effected by the indemnified party without the written consent of the indemnifying party.

Section 9.3    *Further Assurances*.   Each Member agrees to execute such further instruments and documents, and to take such further actions, as may be necessary in order to implement the intent and purposes of the provisions of this Agreement.

Section 9.4    *Integration*.   The Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and no alteration or modification hereof shall be binding unless in writing and signed by each Member.

Section 9.5    *Benefits and Obligations*.   Except as otherwise specifically provided herein, this Agreement shall be binding upon and shall inure to the benefit of each Member and his, her or its successors and assigns and no other person shall have any legal or equitable right, remedy, claim under or in respect of this Agreement.

Section 9.6    *Severability*.   If any provision of this Agreement or portion thereof, or the application thereof to any person or circumstance, is held to be invalid or unenforceable, then the remainder of this Agreement, or the application of the provision or portion thereof to other persons or circumstances, shall not be affected thereby; provided, however, that if any suitable or equitable provision shall be substituted therefore in order to carry out, so far as may be valid or enforceable, the intent and purpose of the invalid or unenforceable provision or portion thereof.

Section 9.7    *Enforcement of Provisions*.   The failure to enforce any provision of this Agreement or to require performance by a Member of any provision hereof shall be no way be construed to be a waiver of such provision or to affect either the validity of this Agreement, or any part hereof, or the right of any Member thereafter to enforce each and every provision in accordance with the terms of this Agreement.

Section 9.8    *Applicable law*.   This Agreement shall be construed and enforced in accordance with the laws of the State of Connecticut applicable to agreements made and fully to be performed therein by residents thereof, and specifically, the Act.

Section 9.9    *Construction and Counterparts*.   The heading in the Agreement are solely for convenience of reference and shall not affect its interpretation.  As used herein, the singular includes the plural and the masculine, feminine, and neuter genders each include the others.  This Agreement may be executed in counterparts, each of which shall be an original, but all of which together shall constitute one instrument.

5

IN WITNESS WHEREOF, each Member has caused this Agreement to be executed as of the day and year first above written.

PATRICIA A. FORMISANO

SCHEDULE A

CAPITAL CONTRIBUTIONS

| Name of Member | Capital Contribution | Percentage Interest |
| --- | --- | --- |
| Patricia A. Formisano | 0 | 100% |

# Exhibit C

651112

| | |
|---|---|
| ☐ Final K-1 | ☐ Amended K-1 |

OMB No. 1545-0099

**Schedule K-1**
**(Form 1065)**

**2012**

For calendar year 2012, or tax

year beginning _____ , 2012

ending _____

Department of the Treasury
Internal Revenue Service

**Partner's Share of Income, Deductions, Credits, etc.**     ► See separate instructions.

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| | | | |
|---|---|---|---|
| **1** | Ordinary business income (loss) | **15** | Credits |
| | −28,334. | | |
| **2** | Net rental real estate income (loss) | | |
| **3** | Other net rental income (loss) | **16** | Foreign transactions |
| **4** | Guaranteed payments | | |
| **5** | Interest income | | |
| **6a** | Ordinary dividends | | |
| **6b** | Qualified dividends | | |
| **7** | Royalties | | |
| **8** | Net short-term capital gain (loss) | | |
| **9a** | Net long-term capital gain (loss) | **17** | Alternative minimum tax (AMT) items |
| **9b** | Collectibles (28%) gain (loss) | | |
| **9c** | Unrecaptured section 1250 gain | | |
| **10** | Net section 1231 gain (loss) | **18** | Tax-exempt income and nondeductible expenses |
| **11** | Other income (loss) | | |
| | | **19** | Distributions |
| **12** | Section 179 deduction | | |
| **13** | Other deductions | **20** | Other information |
| **14** | Self-employment earnings (loss) | | |

**Part I**  Information About the Partnership

**A** Partnership's employer identification number

▮▮▮▮▮▮▮

**B** Partnership's name, address, city, state, and ZIP code

Diamante Cabo San Lucas, LLC
131 Deer Hill Avenue, Suite B
Danbury, CT 06811

**C** IRS Center where partnership filed return
Ogden, UT

**D** ☐ Check if this is a publicly traded partnership (PTP)

**Part II**  Information About the Partner

**E** Partner's identifying number
▮▮▮▮▮▮

**F** Partner's name, address, city, state, and ZIP code

PF Ventures, LLC
53 Lakeview Terrace
Sandyhook, CT 06482

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner? (see instr) Partnership

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc), check here (see instructions) . . . . . . . . . . . . . . ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | **Beginning** | **Ending** |
|---|---|---|
| Profit | 1 % | 1 % |
| Loss | 1 % | 1 % |
| Capital | 1 % | 1 % |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse . . . . . . . . . . . . . . . . . . . . . . . $ | 455,421. |
| Qualified nonrecourse financing . . . . . . . $ | 1,855,780. |
| Recourse . . . . . . . . . . . . . . . . . . . . . . . . $ | |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account . . . . . . . . . . . $ | −187,905. |
| Capital contributed during the year . . . . . $ | |
| Current year increase (decrease) . . . . . . $ | −28,334. |
| Withdrawals and distributions . . . . . . . . . $ | |
| Ending capital account . . . . . . . . . . . . . . $ | −216,239. |

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If 'Yes', attach statement (see instructions)

*See attached statement for additional information.

F
O
R

I
R
S

U
S
E

O
N
L
Y

**BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.**     Schedule **K-1** (Form 1065) 2012

Partner 6

PTPA0312L   01/02/13

651113

| | |
|---|---|
| **Schedule K-1**<br>**(Form 1065)**<br>Department of the Treasury<br>Internal Revenue Service | **2013**<br>For calendar year 2013, or tax<br>year beginning _____, 2013<br>ending _____, 20 ___ |

☐ Final K-1   ☐ Amended K-1        OMB No. 1545-0099

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

## Partner's Share of Income, Deductions, Credits, etc.   ► See back of form and separate instructions.

| Part I  Information About the Partnership |
|---|
| **A**  Partnership's employer identification number<br>▆▆▆▆▆▆▆ |
| **B**  Partnership's name, address, city, state, and ZIP code<br><br>DIAMANTE CABO SAN LUCAS, LLC<br>131 DEER HILL AVENUE, SUITE B<br>DANBURY, CT  06811 |
| **C**  IRS Center where partnership filed return<br>OGDEN |
| **D**  ☐ Check if this is a publicly traded partnership (PTP) |

| Part II  Information About the Partner |
|---|
| **E**  Partner's identifying number        6<br>▆▆▆▆▆▆ |
| **F**  Partner's name, address, city, state, and ZIP code<br><br>PF VENTURES, LLC<br>53 LAKEVIEW TERRACE<br>SANDYHOOK, CT  06482 |
| **G**  ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member |
| **H**  ☒ Domestic partner   ☐ Foreign partner |
| **I1**  What type of entity is this partner?   PARTNERSHIP |
| **I2**  If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here (see instructions) ☐ |

**J**  Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 1.000000 % | 1.000000 % |
| Loss | 1.000000 % | 1.000000 % |
| Capital | 1.000000 % | −0.200357 % |

**K**  Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse . . . . . . . . . . $ | 772,130. |
| Qualified nonrecourse financing . . . $ | 1,910,319. |
| Recourse . . . . . . . . . . . $ | |

**L**  Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account . . . . $ | −216,239. |
| Capital contributed during the year . $ | |
| Current year increase (decrease) . . $ | 203,924. |
| Withdrawals & distributions . . . $ ( | ) |
| Ending capital account . . . . . $ | −12,315. |

☒ Tax basis  ☐ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M**  Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If "Yes," attach statement (see instructions)

| # | Item | Amount | # | Item | Amount |
|---|---|---|---|---|---|
| 1 | Ordinary business income (loss) | 63,363. | 15 | Credits | |
| 2 | Net rental real estate income (loss) | | 16 | Foreign transactions | |
| 3 | Other net rental income (loss) | | A | MX | |
| 4 | Guaranteed payments | | B | | 231,518. |
| 5 | Interest income | 2. | D | | 2. |
| 6a | Ordinary dividends | | E | | 231,516. |
| 6b | Qualified dividends | | J | | 168,154. |
| 7 | Royalties | | | | |
| 8 | Net short-term capital gain (loss) | | | | |
| 9a | Net long-term capital gain (loss) | | 17 | Alternative minimum tax (AMT) items | |
| 9b | Collectibles (28%) gain (loss) | | | | |
| 9c | Unrecaptured section 1250 gain | | | | |
| 10 | Net section 1231 gain (loss) | | 18 | Tax-exempt income and nondeductible expenses | |
| 11 | Other income (loss) | | | | |
| 12 | Section 179 deduction | | 19 | Distributions | |
| 13 | Other deductions | | 20 | Other information | |
| | | | A | | 2. |
| 14 | Self-employment earnings (loss) | | | | |

*See attached statement for additional information.

For IRS Use Only

651113

**Schedule K-1**
**(Form 1065)**

Department of the Treasury
Internal Revenue Service

**Partner's Share of Income, Deductions,**
**Credits, etc.**

**2014**

For calendar year 2014, or tax
year beginning _____
ending _____

▶ See separate instructions.

☐ Final K-1   ☐ Amended K-1    OMB No. 1545-0123

**Part III   Partner's Share of Current Year Income,**
**Deductions, Credits, and Other Items**

| | | |
|---|---|---|
| 1 Ordinary business income (loss) | 15 Credits | |
| 21,518 | | |
| 2 Net rental real estate income (loss) | | |
| | **16 Foreign transactions** | |
| 3 Other net rental income (loss) | A MEXICO | |
| | B 543,350. | |
| 4 Guaranteed payments | D 3. | |
| | E 543,347. | |
| 5 Interest income | M 450,688. | |
| 3 | | |
| 6a Ordinary dividends | | |
| | **17 Alternative min tax (AMT) items** | |
| 6b Qualified dividends | | |
| 7 Royalties | | |
| | **18 Tax-exempt income and** | |
| 8 Net short-term capital gain (loss) | **nondeductible expenses** | |
| 9a Net long-term capital gain (loss) | | |
| 9b Collectibles (28%) gain (loss) | **19 Distributions** | |
| 9c Unrecaptured sec 1250 gain | | |
| 10 Net section 1231 gain (loss) | **20 Other information** | |
| | A 3. | |
| 11 Other income (loss) | | |
| 12 Section 179 deduction | | |
| 13 Other deductions | | |
| 14 Self-employment earnings (loss) | | |
| A 0. | | |

**Part I   Information About the Partnership**

A  Partnership's employer identification number

███████████

B  Partnership's name, address, city, state, and ZIP code

DIAMANTE CABO SAN LUCAS, LLC
131 DEER HILL AVENUE, SUITE B
DANBURY, CT  06810

C  IRS Center where partnership filed return
E-FILE

D  ☐ Check if this is a publicly traded partnership (PTP)

**Part II   Information About the Partner**

E  Partner's identifying number

███████████

F  Partner's name, address, city, state, and ZIP code

PF VENTURES, LLC
53 LAKEVIEW TERRACE
SANDYHOOK, CT  06482

G ☐ General partner or LLC       ☒ Limited partner or other LLC
   member-manager                   member

H ☒ Domestic partner             ☐ Foreign partner

I1 What type of entity is this partner?  **PARTNERSHIP**

I2 If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ...... ☐

J  Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1.0000000% | 1.0000000% |
| Loss | 1.0000000% | 1.0000000% |
| Capital | 1.0000000% | 1.0000000% |

K  Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse | $ 1,393,643. |
| Qualified nonrecourse financing | $ 1,450,350. |
| Recourse | $ 0. |

L  Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ -12,315. |
| Capital contributed during the year | $ |
| Current year increase (decrease) | $ 92,662. |
| Withdrawals & distributions | $( ) |
| Ending capital account | $ 80,347. |

☐ Tax basis    ☐ GAAP    ☐ Section 704(b) book
☒ Other (explain)    SEE STATEMENT

M  Did the partner contribute property with a built-in gain or loss?
☐ Yes    ☒ No
     If "Yes", attach statement (see instructions)

*See attached statement for additional information.

For IRS Use Only

411261
11-24-14  LHA  For Paperwork Reduction Act Notice, see instructions for Form 1065.     IRS.gov/form1065          Schedule K-1 (Form 1065

47

15510918  714933 DIAMANTE          2014.03050 DIAMANTE CABO SAN LUCAS, LL D⁻

651113

| Schedule K-1 (Form 1065) | **2015** | For calendar year 2015, or tax year beginning _____ ending _____ | | Final K-1 | Amended K-1 | OMB No. 1545-0123 |
|---|---|---|---|---|---|---|

Department of the Treasury
Internal Revenue Service

**Partner's Share of Income, Deductions, Credits, etc.** ▶ See separate instructions.

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

| | |
|---|---|
| 1 Ordinary business income (loss) **302,524.** | 15 Credits |
| 2 Net rental real estate income (loss) | |
| 3 Other net rental income (loss) | 16 Foreign transactions A **MEXICO** |
| 4 Guaranteed payments | B **986,356.** E **986,356.** J **654,435.** |
| 5 Interest income | |
| 6a Ordinary dividends | 17 Alternative min tax (AMT) items |
| 6b Qualified dividends | |
| 7 Royalties | |
| 8 Net short-term capital gain (loss) | 18 Tax-exempt income and nondeductible expenses |
| 9a Net long-term capital gain (loss) | |
| 9b Collectibles (28%) gain (loss) | 19 Distributions |
| 9c Unrecaptured sec 1250 gain | |
| 10 Net section 1231 gain (loss) | 20 Other information |
| 11 Other income (loss) B **29,398.** | |
| 12 Section 179 deduction | |
| 13 Other deductions | |
| 14 Self-employment earnings (loss) A **0.** | |

**Part I  Information About the Partnership**

A Partnership's employer identification number

B Partnership's name, address, city, state, and ZIP code

DIAMANTE CABO SAN LUCAS, LLC
131 DEER HILL AVENUE, SUITE B
DANBURY, CT 06811

C IRS Center where partnership filed return
E-FILE

D ☐ Check if this is a publicly traded partnership (PTP)

**Part II  Information About the Partner**

E Partner's identifying number

F Partner's name, address, city, state, and ZIP code

PF VENTURES, LLC
53 LAKEVIEW TERRACE
SANDYHOOK, CT 06482

G ☐ General partner or LLC member-manager  ☒ Limited partner or other LLC member

H ☒ Domestic partner  ☐ Foreign partner

I1 What type of entity is this partner? PARTNERSHIP

I2 If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

J Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1.0000000% | 1.0000000% |
| Loss | 1.0000000% | 1.0000000% |
| Capital | 1.0000000% | 1.0000000% |

K Partner's share of liabilities at year end:
Nonrecourse $ 1,736,447.
Qualified nonrecourse financing $ 1,753,627.
Recourse $ 0.

*See attached statement for additional information.

L Partner's capital account analysis:
Beginning capital account $ -1,074,653.
Capital contributed during the year $
Current year increase (decrease) $ 221,629.
Withdrawals & distributions $( )
Ending capital account $ -853,024.

☒ Tax basis ☐ GAAP ☐ Section 704(b) book
☐ Other (explain)

M Did the partner contribute property with a built-in gain or loss?
☐ Yes ☒ No If "Yes," attach statement (see instructions)

For Paperwork Reduction Act Notice, see Instructions for Form 1065. IRS.gov/form1065 Schedule K-1 (Form 1065) 2015

23130915 714933 DIAMANTE 2015.04020 DIAMANTE CABO SAN LUCAS, LL DIAMANT6

651113

**Schedule K-1**
**(Form 1065)**

**2016**

Department of the Treasury
Internal Revenue Service

For calendar year 2016, or tax

year beginning _____

ending _____

**Partner's Share of Income, Deductions,
Credits, etc.**                       ▶ **See separate instructions.**

☐ Final K-1        ☐ Amended K-1        OMB No. 1545-0123

**Part III   Partner's Share of Current Year Income,
Deductions, Credits, and Other Items**

| | | |
|---|---|---|
| 1 Ordinary business income (loss) | 15 Credits | |
| 2,992. | | |
| 2 Net rental real estate income (loss) | | |
| | 16 Foreign transactions | |
| 3 Other net rental income (loss) | A | MEXICO |
| | B | 683,198. |
| | E | 683,198. |
| 4 Guaranteed payments | J | 680,206. |
| 5 Interest income | | |
| 6a Ordinary dividends | | |
| | 17 Alternative min tax (AMT) items | |
| 6b Qualified dividends | | |
| 7 Royalties | | |
| | 18 Tax-exempt income and | |
| 8 Net short-term capital gain (loss) | nondeductible expenses | |
| 9a Net long-term capital gain (loss) | | |
| 9b Collectibles (28%) gain (loss) | 19 Distributions | |
| 9c Unrecaptured sec 1250 gain | | |
| | 20 Other information | |
| 10 Net section 1231 gain (loss) | | |
| 11 Other income (loss) | | |
| 12 Section 179 deduction | | |
| 13 Other deductions | | |
| 14 Self-employment earnings (loss) | | |
| A                        0. | | |

*See attached statement for additional information.

**Part I   Information About the Partnership**

**A** Partnership's employer identification number

███████████

**B** Partnership's name, address, city, state, and ZIP code

DIAMANTE CABO SAN LUCAS, LLC
131 DEER HILL AVENUE, SUITE B
DANBURY, CT   06811

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

**Part II   Information About the Partner**

**E** Partner's identifying number

███████████

**F** Partner's name, address, city, state, and ZIP code

PF VENTURES, LLC
53 LAKEVIEW TERRACE
SANDYHOOK, CT   06482

**G** ☐ General partner or LLC member-manager      ☒ Limited partner or other LLC member

**H** ☒ Domestic partner      ☐ Foreign partner

**I1** What type of entity is this partner?   PARTNERSHIP

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ..........☐

**J** Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1.0000000% | 1.0000000% |
| Loss | 1.0000000% | 1.0000000% |
| Capital | 1.0000000% | 1.0000000% |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | 1,961,308. |
| Qualified nonrecourse financing | $ | 1,779,026. |
| Recourse | $ | 0. |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | -853,024. |
| Capital contributed during the year | $ | |
| Current year increase (decrease) | $ | -131,161. |
| Withdrawals & distributions | $( | ) |
| Ending capital account | $ | -984,185. |

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book

☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No   If "Yes," attach statement (see instructions)

For IRS Use Only

17360914 714933 DIAMANTE        2016.04013 DIAMANTE CABO SAN LUCAS, LL DIAMANT2

651117

| | |
|---|---|
| **Schedule K-1**<br>(Form 1065)<br>Department of the Treasury<br>Internal Revenue Service | **2017**<br>For calendar year 2017, or tax year |

beginning ☐ ending ☐

**Partner's Share of Income, Deductions, Credits, etc.**  ▶ **See separate instructions.**

☐ Final K-1  ☐ Amended K-1  OMB No. 1545-0123

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

| | | | |
|---|---|---|---|
| 1 Ordinary business income (loss)<br>3,717. | | 15 Credits | |
| 2 Net rental real estate income (loss) | | | |
| 3 Other net rental income (loss) | | 16 Foreign transactions<br>A  MEXICO<br>B  859,790.<br>E  859,790.<br>J  856,073. | |
| 4 Guaranteed payments | | | |
| 5 Interest income | | | |
| 6a Ordinary dividends | | 17 Alternative min tax (AMT) items | |
| 6b Qualified dividends | | | |
| 7 Royalties | | 18 Tax-exempt income and nondeductible expenses | |
| 8 Net short-term capital gain (loss) | | | |
| 9a Net long-term capital gain (loss) | | | |
| 9b Collectibles (28%) gain (loss) | | 19 Distributions | |
| 9c Unrecaptured sec 1250 gain | | 20 Other information | |
| 10 Net section 1231 gain (loss) | | | |
| 11 Other income (loss) | | | |
| 12 Section 179 deduction | | | |
| 13 Other deductions | | | |
| 14 Self-employment earnings (loss)<br>A  0. | | | |

**Part I  Information About the Partnership**

**A** Partnership's employer identification number

███████████

**B** Partnership's name, address, city, state, and ZIP code

DIAMANTE CABO SAN LUCAS, LLC
131 DEER HILL AVENUE, SUITE B
DANBURY, CT  06811

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

**Part II  Information About the Partner**

**E** Partner's identifying number

███████████

**F** Partner's name, address, city, state, and ZIP code

PF VENTURES, LLC
53 LAKEVIEW TERRACE
SANDYHOOK, CT  06482

**G** ☐ General partner or LLC member-manager  ☒ Limited partner or other LLC member

**H** ☒ Domestic partner  ☐ Foreign partner

**I1** What type of entity is this partner?  PARTNERSHIP
**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J** Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1.0000000% | 1.0000000% |
| Loss | 1.0000000% | 1.0000000% |
| Capital | 1.0000000% | 1.0000000% |

**K** Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse | $ 2,667,771. |
| Qualified nonrecourse financing | $ 1,823,574. |
| Recourse | $ 0. |

**L** Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ -984,185. |
| Capital contributed during the year | $ |
| Current year increase (decrease) | $ -338,933. |
| Withdrawals & distributions | $( ) |
| Ending capital account | $ -1,323,118. |

☐ Tax basis  ☒ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If "Yes," attach statement (see instructions)

*See attached statement for additional information.

*For IRS Use Only*

711261 12-05-17 LHA  **For Paperwork Reduction Act Notice, see Instructions for Form 1065.**  www.irs.gov/Form1065  **Schedule K-1 (Form 1065) 2017**

6

08371011  714933 DIAMANTE  2017.03020 DIAMANTE CABO SAN LUCAS, LL DIAMANT1

651118

**Schedule K-1**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

**2018**
For calendar year 2018, or tax year

beginning [ ] ending [ ]

**Partner's Share of Income, Deductions, Credits, etc.**

► See separate instructions.

[ ] Final K-1   [ ] Amended K-1   OMB No. 1545-0123

**Part III   Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

| | |
|---|---|
| 1 Ordinary business income (loss)  5,951. | 15 Credits |
| 2 Net rental real estate income (loss) | |
| 3 Other net rental income (loss) | 16 Foreign transactions |
| | A   MEXICO |
| 4 Guaranteed payments | B   830,506. |
| | G   830,506. |
| 5 Interest income | N   808,121. |
| 6a Ordinary dividends | |
| 6b Qualified dividends | 17 Alternative min tax (AMT) items |
| 6c Dividend equivalents | |
| 7 Royalties | 18 Tax-exempt income and nondeductible expenses |
| 8 Net short-term capital gain (loss) | |
| 9a Net long-term capital gain (loss) | 19 Distributions |
| 9b Collectibles (28%) gain (loss) | |
| 9c Unrecaptured sec 1250 gain | 20 Other information |
| | AE  *   85,540. |
| | AG  *   5,951. |
| 10 Net section 1231 gain (loss) | |
| 11 Other income (loss) | |
| 12 Section 179 deduction | |
| 13 Other deductions | |
| 14 Self-employment earnings (loss)  A   0. | |

*See attached statement for additional information.

## Part I   Information About the Partnership

**A** Partnership's employer identification number
[ ]

**B** Partnership's name, address, city, state, and ZIP code

DIAMANTE CABO SAN LUCAS, LLC
131 DEER HILL AVENUE, SUITE B
DANBURY, CT  06811

**C** IRS Center where partnership filed return
E-FILE

**D** [ ] Check if this is a publicly traded partnership (PTP)

## Part II   Information About the Partner

**E** Partner's identifying number
[ ]

**F** Partner's name, address, city, state, and ZIP code

PF VENTURES, LLC
53 LAKEVIEW TERRACE
SANDYHOOK, CT  06482

**G** [ ] General partner or LLC member-manager   [X] Limited partner or other LLC member

**H** [X] Domestic partner   [ ] Foreign partner

**I1** What type of entity is this partner?  PARTNERSHIP

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ........... [ ]

**J** Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1.0000000% | 1.0000000% |
| Loss | 1.0000000% | 1.0000000% |
| Capital | 1.0000000% | 1.0000000% |

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ 2,667,771. | $ 3,059,028. |
| Qualified nonrecourse financing | $ 1,823,574. | $ 1,774,936. |
| Recourse | $ 0. | $ 0. |

**L** Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ -1,323,118. |
| Capital contributed during the year | $ |
| Current year increase (decrease) | $ -119,298. |
| Withdrawals & distributions | $( ) |
| Ending capital account | $ -1,442,416. |

[ ] Tax basis   [X] GAAP   [ ] Section 704(b) book
[ ] Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
[ ] Yes   [X] No
If "Yes," attach statement (see instructions)

For IRS Use Only

811261  12-11-18  LHA  **For Paperwork Reduction Act Notice, see Instructions for Form 1065.**   www.irs.gov/Form1065   Schedule K-1 (Form 1065) 2018

6

14550915 714933 DIAMANTE        2018.04020 DIAMANTE CABO SAN LUCAS, LL DIAMANT1