**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

-against-

Criminal Docket No. 13-0607 (JFB)

PHILIP A. KENNER, *et al.*,

Defendants.

**VERIFIED CLAIM OF SH55, LLC AND KENNETH A. JOWDY TO ADJUDICATE INTEREST IN PROPERTY PURSUANT TO 21 U.S.C. § 853(n)**

Claimants SH55, LLC ("SH55") and the sole owner of SH55, Kenneth A. Jowdy (together, "Claimants"), by their attorneys, Freeh Sporkin & Sullivan, LLP and Farrell Fritz, P.C., as and for this Verified Claim pursuant to Title 21, United States Code, Section 853(n), hereby assert all right, title and interest in, and make a claim upon, the property identified below that was ordered forfeited in the above captioned case by the Preliminary Order of Forfeiture (the "Preliminary Order") issued on March 16, 2020.

1.      Pursuant to 21 U.S.C. § 853(n), Claimants assert their right, title and interest as a bona fide purchaser for value of the real property and premises that is designated as Parcel #55 located in the Sunset Hill Condominium development ("Sunset Hill Parcel #55") within the resort property known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S. Mexico 23473 ("Diamante" or the "Resort Property").  The Sunset Hill Parcel #55 was ordered forfeited in paragraph A(6)(iv) as part of an exclusion to the carve out relating to ownership interests in real property set forth in paragraph A(6)(ii) of the

Preliminary Order.  At the time of purchase of Sunset Hill Parcel #55 for USD $200,000.00 in 2014, Claimants lacked reasonable cause to know that the real property was subject to forfeiture. Moreover, Claimants have expended more than USD $1.45 million, excluding furnishings, fixtures, and accessories, to complete the construction of a private home on Sunset Hill Parcel #55 since its acquisition in 2014.

       2.     Claimants first learned of the potential forfeiture of the Resort Property on or around August 21, 2015 when the protective order listing the Resort Property was issued.  It was not until a status conference in this case on July 2, 2019, however, that Claimants first learned that Sunset Hill Parcel #55 may be subject to forfeiture because that is when the government articulated for the first time that it may challenge SH55's ownership interest in Sunset Hill Parcel #55.

       3.     In or about 2010, Mr. Jowdy agreed to purchase Sunset Hill Parcel #55 from Diamante for USD $150,000, but he was unable to secure financing for the purchase of the lot and construction of a home until 2013.  In or about the Fall of 2013, Mr. Jowdy offered to pay an additional USD $50,000 for the lot and agreed to acquire Sunset Hill Parcel #55 from Diamante for USD $200,000, and planned to construct a private residence on the lot.  Mr. Jowdy arranged to acquire Sunset Hill Parcel #55 through SH55, a Delaware limited liability corporation that was established for that purpose.  Mr. Jowdy is the sole owner of SH55, and SH55 is the beneficiary of the Mexican trust established at the time of the closing of the sale of Sunset Hill Parcel #55 by Diamante to SH55 in 2014.  The Mexican trust holds the title to Sunset Hill Parcel #55 for the benefit of SH55 under Mexican law.

       4.     SH55 initially borrowed USD $1,000,000 from a private individual in Mexico in January 2014 to fund the acquisition of the lot and a portion of the construction costs that would

be incurred.  In or about August 2014, SH55 borrowed an additional USD $500,000 from that same private individual.  A portion of those loan proceeds were used to provide additional financing of the construction of the private residence at Sunset Hill Parcel #55.

5.      On or about February 18, 2014, SH55 effected a wire transfer in the amount of USD $200,000 from an account it maintained at TD Bank to an account maintained by Diamante at Wells Fargo Bank.  This wire transfer reflected the purchase price that SH55 had agreed to pay to acquire Sunset Hill Parcel #55.  There were no marketing fees or sales commissions applicable to this transaction, so the full USD $200,000 was received by Diamante.  Copies of the February 2014 TD Bank statement for the SH55 bank account and the February 2014 Wells Fargo Bank statement for the Diamante bank account reflecting the transfer of USD $200,000 to Diamante are attached as Exhibit A.

6.      On or about May 22, 2014, Public Deed #64,083 was filed in the public records in Los Cabos Public Registry reflecting the transfer of Sunset Hill Parcel #55 from the Mexican trust that owns the Resort Property to a Mexican trust that owns Sunset Hill Parcel #55 for the benefit of SH55.  A copy of Public Deed #64,083 is attached as Exhibit B.

7.      Among the documents filed with Public Deed #64,083 in Los Cabos Public Registry is an appraisal of Sunset Hill Parcel #55, dated April 11, 2014.  The appraisal valued the lot at Mex $2,655,585.92 (pesos or Mexican currency), which at the time was approximately USD $200,000.  A copy of the appraisal of Sunset Hill Parcel #55 is attached as Exhibit C.

8.      Between March 2014 and September 2015, SH55 caused to be paid to the Diamante affiliate responsible for the construction of the private residence at Sunset Hill Parcel #55 at least USD $1.45 million, which was the amount that had been invoiced to SH55 for construction of the home.

9.      On or about May 8, 2015, Public Deed #15,214 was filed in Los Cabos Public Registry recognizing the loan in the amount of USD $1,500,000 to SH55 in 2014, and granting a mortgage in that amount on Sunset Hill Parcel #55 to guaranty repayment of the SH55 loan.  A copy of Public Deed #15,214 is attached as Exhibit D.

10.     In or about December 2016, SH55 obtained a new loan in the amount of USD $4,000,000 from a private individual in Mexico.  This new loan was to be used, in part, to repay the existing USD $1,500,000 loan that had been used to finance the acquisition and construction costs incurred by SH55 when it acquired Sunset Hill Parcel #55.  On or about April 22, 2017, Public Deed #102,432 was filed in Los Cabos Public Registry reflecting the cancellation of the USD $1,500,000 debt and release of the mortgage reflected in Public Deed #15,214 (¶ 9 above, Exhibit D) and recognition of a loan in the amount of USD $4,000,000 to SH55 and granting a mortgage in that amount on Sunset Hill Parcel #55 to guaranty repayment of the USD $4,000,000 loan.  A copy of Public Deed #102,432 is attached as Exhibit E.

11.     The USD $4,000,000 loan was for a term of two years and was due to be repaid in November 2018.  SH55 was unable to repay the loan when due, but continues to pay interest on the loan, which presents a significant financial burden to SH55.

12.     All of the foregoing information, including the exhibits attached to this Verified Claim, were provided to the government in February 2020.  Despite the uncontroverted evidence presented, the government apparently continues to pursue unfairly the real property acquired by SH55 for fair value at a time when no person could have reasonably known that the property was subject to forfeiture.

13.     Under 21 U.S.C. § 853(n), a party is a bona fide purchaser for value who, at the time of purchase, lacked reasonable cause to know that the property at issue, in this case Sunset Hill Parcel #55, was subject to forfeiture.

14.     SH55 gave reasonable value when it acquired Sunset Hill Parcel #55 from Diamante for USD $200,000 in 2014.  Indeed, an appraisal filed with the Public Deed in May 2014 that reflected the transfer of the lot to the Mexican trust for the benefit of SH55 valued the lot at approximately USD $200,000.  Moreover, since SH55 acquired the lot, it has invested more than USD $1.45 million, excluding furnishings, fixtures, and accessories, in improvements in constructing a private home at Sunset Hill Parcel #55.

15.     SH55 and Mr. Jowdy were without reason to know of the potential forfeitability of Sunset Hill Parcel #55 at the time SH55 acquired its interest from Diamante in 2014, or advanced funds to construct a private home at Sunset Hill Parcel #55 in 2014 and 2015.  It was not until on or after August 21, 2015 when the protective order was entered that SH55 or Mr. Jowdy were on notice that the government was considering forfeiting the Resort Property and any equity interests in the Resort Property.  The protective order made no mention of the government's intention to seek to forfeit the privately owned real property of SH55 or Mr. Jowdy.

16.     Indeed, it was not until a status conference in this case on July 2, 2019, that Claimants first learned that Sunset Hill Parcel #55 may be subject to forfeiture, because that is when the government articulated for the first time that it may challenge SH55's ownership interest in Sunset Hill Parcel #55.  Moreover, it was not until August 14, 2019 that the government included in a proposed Preliminary Order of Forfeiture any reference to real property owned by SH55 or Kenneth Jowdy as among the property potentially subject to the

5

Preliminary Order of Forfeiture.  At least three previous versions of proposed Preliminary Orders of Forfeiture filed by the government with the Court between October 2016 and May 2019 made no reference to real property owned by SH55 or Kenneth Jowdy as potentially being subject to forfeiture.

17.     For the reasons set forth herein, SH55 is a bona fide purchaser of Sunset Hill Parcel #55, and as the beneficiary of the Mexican trust that is the owner of record of Sunset Hill Parcel #55, has all right, title and interest in Sunset Hill Parcel #55 and the private home constructed at that location.

## I.      PRAYER FOR RELIEF

18.      WHEREFORE, Claimants SH55 and Kenneth A. Jowdy respectfully request that this Verified Claim be granted, that the Court amend the Preliminary Order pursuant to 21 U.S.C. § 853(n)(6) to recognize SH55's right, title and interest in the real property and improvements located at Sunset Hill Parcel #55, and grant such other and further relief, either at law or in equity, to which SH55 and Mr. Jowdy are entitled.

Dated:  New York, New York
        July 16, 2020

**FREEH SPORKIN & SULLIVAN, LLP**

By: _____/s/_____

Thomas McC. Souther
(souther@freehsporkinsullivan.com)
350 Fifth Avenue, Suite 6903
New York, New York 10118
Telephone: (646) 558-6052
Mobile: (914) 374-2869

AND

**FARRELL FRITZ, P.C.**
Kevin P. Mulry
(kmulry@farrellfritz.com)
622 Third Avenue, Suite 37200
New York, New York 10017
Telephone: (516) 227-0620
Facsimile: (516) 336-2262

*Attorneys for SH55, LLC and Kenneth A. Jowdy*

## **VERIFICATION**

I, Kenneth A. Jowdy, am the sole shareholder of SH55, LLC and I verify, pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America that the foregoing Claim is true and correct according to the best of my knowledge.

Dated:  July 16, 2020

Kenneth A. Jowdy, personally and as
Shareholder of SH55, LLC