# EXHIBIT B



## Lic. Armando Antonio Aguilar Mondragón

NOTARÍA  PÚBLICA

Cabo San Lucas, B.C.S.

aam/com/1,357 ------ VOLUMEN MIL TRESCIENTOS CINCUENTA Y SIETE --------------
--(64,083)------------ NÚMERO SESENTA Y CUATRO MIL OCHENTA Y TRES --------------
En la ciudad de Cabo San Lucas, Baja California Sur, Estados Unidos Mexicanos, a los veintidós días del mes de mayo del año dos mil catorce, YO el Licenciado **FRANCISCO JAVIER MAZOY CAMARA, Notario Público Adscrito a la Notaría Pública Número Uno** en el Estado con residencia en esta ciudad y ejercicio en el Municipio de Los Cabos, de la cual es titular el Licenciado Armando Antonio Aguilar Mondragón, actuando de conformidad con el artículo (29) veintinueve de la Ley del Notariado vigente en el Estado, hago constar por el presente instrumento:----------------------------------------
**I.- LA LIBERACIÓN PARCIAL DE LA GARANTÍA FIDUCIARIA Y EXTINCIÓN PARCIAL DE FIDEICOMISO DE GARANTÍA IDENTIFICADO CON NÚMERO F/00321** que otorga **CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (anteriormente THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), únicamente en su calidad de fiduciario del fideicomiso traslativo de dominio e irrevocable de garantía número F/00321 actuando por instrucciones de su fideicomisario en primer lugar DANSKE BANK A/S, LONDON BRANCH, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, siendo que el fiduciario es representado en este acto por conducto de su apoderado especial la sociedad mercantil **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, a su vez por su propio derecho como fideicomisario en segundo lugar representada por su apoderado general señor FERNANDO MANUEL GARCIA CAMPUZANO. --------------------
**II.- CONTRATO DE FIDEICOMISO IRREVOCABLE TRASLATIVO DE DOMINIO EN ZONA RESTRINGIDA** que otorgan: -----------------------------------------------
De una parte como FIDEICOMITENTE **CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (antes THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), en su carácter de fiduciario del fideicomiso traslativo de dominio e irrevocable de garantía número F/00321, en lo sucesivo el "**FIDEICOMITENTE**", actuando por instrucciones de su fideicomisario en primer lugar, DANSKE BANK A/S, LONDON BRANCH, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, siendo que el fiduciario es representado en este acto por conducto de su apoderado especial la sociedad mercantil **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, a su vez representada por su apoderado general

1

señor FERNANDO MANUEL GARCIA CAMPUZANO. ----------------------------------------

De otra parte como FIDUCIARIO **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT**, representado en este acto por sus Delegados Fiduciarios DORA LETICIA VIDAL AVILA y ADOLFO SÁNCHEZ RESENDIZ en lo sucesivo el "**FIDUCIARIO**". -------

El presente contrato de Fideicomiso se constituye a favor de la sociedad extranjera **SH55, LLC** como **FIDEICOMISARIO** en lo sucesivo el "**FIDEICOMISARIO**" representada por su Administrador Unico el señor KENNETH ABOUD JOWDY también conocido como KENNETH A. JOWDY, quien por desconocer el idioma español es asistido en este acto por su perito interprete la señora ILSE JOSEFINA RIVERA MORALES, quien acepto el cargo conferido protestando desempeñarlo conforme a derecho----------------

Contrato que se sujeta al tenor de los siguientes antecedentes, declaraciones y cláusulas: ---------------------------------------------------------------------

------------------ **A N T E C E D E N T E S Y D E C L A R A C I O N E S** -------------

**I.-** Declara el **FIDEICOMITENTE, CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (anteriormente THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE), en su carácter de fiduciario del Fideicomiso F/00321, así como la sociedad denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** en su carácter de fideicomisario en segundo lugar del fideicomiso F/00321, por conducto de su apoderado: ----------------------------------------------------------

**A).- INMUEBLE OBJETO DEL PRESENTE INSTRUMENTO.-** Que entre otros, forma parte del Patrimonio del Fideicomiso y a su vez integrante del Sub-Régimen de Propiedad en Condominio relacionado en la presente Declaración Primera inciso B) numeral (vii) siguiente de este instrumento, el inmueble que se describe a continuación: ---------------------------------------------------------------------

**LOTE NUMERO (55) CINCUENTA Y CINCO, MANZANA (1) UNO**, del Sub-régimen de Propiedad en Condominio (2) dos denominado "**SUNSET HILL**", dentro del Régimen Maestro denominado **DIAMANTE CABO SAN LUCAS**, ubicado en Cabo San Lucas, Baja California Sur, con clave catastral número **402-093-001-001-002-055**, con una superficie de (2,186.59 M2) dos mil ciento ochenta y seis punto cincuenta y nueve metros cuadrados, uso: Residencial, con las siguientes medidas y colindancias--

**AL NORESTE:** (27.97) veintisiete punto noventa y siete metros con área de uso común Condominio 2 Sunset Hill; Lc: 5.09 Mts. Con Area de uso común Condominio 2 Sunset Hill---------------------------------------------------------------------------

**AL NOROESTE.-** (58.24) cincuenta y ocho punto veinticuatro metros con lote (54) cincuenta y cuatro; -----------------------------------------------------------

**AL SURESTE.-** (61.14) sesenta y uno punto catorce metros con lote (56) cincuenta y

Lic. Armando Antonio Aguilar Mondragón



NOTARÍA **1** PÚBLICA

Cabo San Lucas, B.C.S.



seis; --------------------------------------------------------------------------

**AL SUROESTE.-** (44.87) cuarenta y cuatro punto ochenta y siente metros con lote (79) setenta y nueve; ------------------------------------------------------

Indiviso Condominio dos Sunset Hill: (1.27 %) uno punto veintisiete por ciento.- Área de indiviso Condominio Sunset Hill: (988.08 M2) novecientos ochenta y ocho punto cero ocho metros cuadrados.-----------------------------------------------

Indiviso Condominio Maestro (0.23%) cero punto veintitrés por ciento.- Área de indiviso Condominio Maestro (843.38 M2) ochocientos cuarenta y tres punto treinta y ocho metros cuadrados.-------------------------------------------------------

En lo sucesivo, al bien inmueble descrito en la Declaración Primera inciso A), mismo que es objeto de la presente escritura se le denominará: el **"Inmueble".**--------------

**B).- <u>ANTECEDENTES DE PROPIEDAD</u>.**---------------------------------------

**(i).- CONTRATO DE COMPRAVENTA**.- Mediante escritura pública número (65,036) sesenta y cinco mil treinta y seis, del volumen mil veintiséis, de fecha diez de marzo del año dos mil seis, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, bajo el número cincuenta y ocho, foja cincuenta y ocho, del volumen CCXLII, sección primera, de fecha dieciocho de abril del año dos mil seis, en la cual consta el contrato de Compraventa que celebran de una parte la señora ALICIA CESEÑA AGUNDEZ como parte vendedora y de otra parte la sociedad mercantil denominada DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, como parte compradora, respecto de los siguientes inmuebles: **(i).- LOTE I UNO**, con clave catastral 4-02-013-0081 cuatro guión cero dos guión cero uno tres guión cero cero cero uno, con una superficie de 5-92-68 has. (cinco hectáreas noventa y dos áreas y sesenta y ocho centiáreas). **(ii).- LOTE II DOS**, con clave catastral 4-02-013-0082 cuatro guión cero dos guión cero uno tres guión cero cero ocho dos, con una superficie de 5-94-86 has. (cinco hectáreas noventa y cuatro áreas y ochenta y seis centiáreas). **(iii).- LOTE III TRES**, con clave catastral 4-02-013-0083 cuatro guión cero dos guión cero uno tres guión cero cero ocho tres, con una superficie de 11-34-41 has. (once hectáreas treinta y cuatro áreas y cuarenta y un centiáreas). **(iv).- LOTE IV CUATRO**, con clave catastral 4-02-013-0084 cuatro guión cero dos guión cero uno tres guión cero cero ocho cuatro, con una superficie de 11-62-60 has. (once hectáreas sesenta y dos áreas y sesenta centiáreas). **(v).- LOTE V CINCO**, con clave catastral 4-02-013-0085 cuatro guión cero dos guión cero uno tres guión cero cero ocho cinco, con una superficie de 11-40-91 has. (once hectáreas cuarenta áreas y noventa y un centiáreas). **(vi).- LOTE VI SEIS**, con clave catastral 4-02-013-0086 cuatro guión cero dos guión cero uno tres guión cero cero ocho seis, con una superficie de 11-03-90 has.

3

(once hectáreas tres áreas y noventa centiáreas). **(vii).- LOTE VII SIETE**, con clave catastral 4-02-013-0087 (cuatro guión cero dos guión cero trece guión cero cero ochenta y siete) con una superficie de 26-00-98 has. (veintiséis hectáreas cero áreas y noventa y ocho centiáreas). **(viii).- POLÍGONO I DEL PREDIO LA LAGUNA**, (EL CARDONAL), con Clave Catastral 4-02-013-0001 (cuatro guión cero dos guión cero uno tres guión cero cero cero uno y con superficie de 528-88-49.427 Has. (quinientos veintiocho hectáreas ochenta y ocho areas cuarenta y nueve punto cuatrocientos veintisiete centiáreas. Todos ellos dentro del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur. ------------------------------------------------------------------

**(ii).- FIDEICOMISO DE GARANTÍA F/00321.**- Mediante escritura pública número (65,041) sesenta y cinco mil cuarenta y uno, del volumen mil veintiséis, de fecha diez de marzo del año dos mil seis, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, e inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, bajo el número (135) ciento treinta y cinco, foja (135) ciento treinta y cinco, del volumen CCXLV, de fecha ocho de mayo del año dos mil seis, se hizo constar el contrato de Fideicomiso Traslativo de Dominio e Irrevocable de Garantía identificado con el numero F/00321 (el "CONTRATO DE FIDEICOMISO" o "FIDEICOMISO") celebrado entre DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE ("DIAMANTE CABO"), actuando como Fideicomitente y Fideicomisario en Segundo Lugar; **LEHMAN BROTHERS HOLDINGS INC.**, en su carácter de Fideicomisario en Primer Lugar y BANCO J.P. MORGAN, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA, en su carácter de fiduciario, aportando al patrimonio del fideicomiso los inmuebles previamente descrito en el Antecedente anterior e identificados como LOTE I.UNO, LOTE II.DOS, LOTE III TRES, LOTE IV CUATRO, LOTE V CINCO, LOTE VI SEIS, LOTE VII SIETE y POLÍGONO I DEL PREDIO LA LAGUNA. --------

**(iii).- CONVENIO MODIFICATORIO Y DE REEXPRESIÓN DEL FIDEICOMISO DE GARANTIA F/00321.-** Mediante escritura pública número (78,882) setenta y ocho mil ochocientos ochenta y dos, del volumen mil doscientos noventa y dos, de seis de marzo del año dos mil nueve, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, debidamente inscrita mediante anotación marginal de fecha trece de abril del año dos mil nueve en el Registro Público de la Propiedad y del Comercio de San José bajo el número ciento treinta y cinco, foja ciento treinta y cinco, del volumen CCXLV, de la sección primera, se hizo constar el CONVENIO MODIFICATORIO Y DE REEXPRESIÓN al CONTRATO DE FIDEICOMISO (EL "CONVENIO MODIFICATORIO Y DE RE-EXPRESIÓN") de fecha seis de

4





Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.

marzo de dos mil nueve, que celebraron "DIAMANTE CABO", actuando como Fideicomitente y Fideicomisario en Segundo Lugar; DANSKÉ BANK A/S, LONDON BRANCH, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, en su carácter de Fideicomisario en Primer Lugar y THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE (actualmente CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE), como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria en su carácter de fiduciario del Fideicomiso número F/00321. ------------------------------------------------
Dentro de dicho "CONVENIO MODIFICATORIO Y DE RE-EXPRESIÓN" se estableció dentro de los fines del Fideicomiso los que señalan en la cláusula cuarta del mismo, la cual se transcribe para los efectos legales a que hubiera lugar: ------------------------
*".....Clausula 4. Fines de este Fideicomiso.- Los Fines del Fideicomiso que se constituye por medio del presente son los siguientes:- (a) Que el Fiduciario reciba y mantenga la propiedad y titularidad del Patrimonio Fideicomitido para garantizar el cumplimiento de las Obligaciones Garantizadas de conformidad con lo establecido en el presente.- (b) Que el dinero en efectivo y todos y cada uno de los pagos que resulten de cualesquier Activos, Cuentas por cobrar y Derechos Contractuales, sean depositados en la Cuenta Concentradora de conformidad con lo establecido en el Contrato de Crédito Modificado y Re-expresado y en el presente Fideicomiso, así como que cualesquiera derechos y activos derivados de los Activos, Cuentas por Cobrar y los Derechos Contractuales sean transferidos al Fiduciario para formar parte del Patrimonio Fideicomitido.- (c) Que a partir de la fecha del presente, todos los derechos, pagos y bienes que son parte del Patrimonio Fideicomitido y que se reciban como contraprestación por la transmisión de propiedad de cualquier parte del Patrimonio Fideicomitido a favor de cualquier tercero, o como indemnización por cualquier daño, expropiación o perdida de dicho Patrimonio Fideicomitido (incluyendo pagos en relación con pólizas de seguro), sea aplicado de conformidad con los términos del Contrato de Crédito Modificado y Re-expresado y del presente Fideicomiso, y para cualquier otro propósito establecido en este Fideicomiso de conformidad con sus términos, de acuerdo con las instrucciones escritas que reciba el Fiduciario del Fideicomiso en Primer Lugar.- (d) Que el Patriminio Fideicomitido garantice las obligaciones Garantizadas y para tal propósito el Fiduciario actúe, en caso de ocurrir un Caso de Incumplimiento, de conformidad con las disposiciones contenidas en la Cláusula 10 y la Cláusula 11 relativas a la ejecución del Patrimonio Fideicomitido y la aplicación de los recursos provenientes de su venta (sin perjuicio de la aplicabilidad de otras disposiciones de este Fideicomiso, según sea el caso).- (e) Que el Fiduciario, una vez que las obligaciones garantizadas hayan sido satisfechas en su totalidad, el Contrato de Crédito Modificado y Re-expresado se haya*

5

COTEJADO

*dado por terminado, el Fideicomisario en Primer Lugar haya entregado al Fiduciario un Aviso de Cumplimiento Total y todos los pagos al Fiduciario hayan sido satisfechos en los términos del presente, (i) revierta el remanente del Patrimonio Fideicomitido al Fideicomisario en Segundo Lugar en los términos de las instrucciones por escrito reciba del Fideicomitente y con cargo a este último, lleve a cabo todas y cada una de las acciones que le sean instruidas con el propósito de que el Patrimonio Fideicomitido sea revertido al Fideicomitente o a la persona que este designe de acuerdo con lo previsto en este párrafo, o (ii) celebre con el Fideicomitente y el Fideicomisario en Primer Lugar un convenio modificatorio al Fideicomiso por virtud del cual el Fideicomisario en Primer Lugar deje de ser parte del mismo a satisfacción de este último.-* **(f)** *Que el Fiduciario conserve la propiedad del Patrimonio Fideicomitido, ejerza los derechos correspondientes al mismo y lleve a cabo los actos necesarios para la protección del mismo de acuerdo con las disposiciones establecidas en el presente, en la ley aplicable y de conformidad con las instrucciones escritas emitidas conjuntamente por el Fideicomitente y el Fideicomisario en Primer Lugar, siempre y cuando el Fiduciario no haya recibido una Notificación de Incumplimiento. En caso de que el Fiduciario haya recibido una notificación de Incumplimiento, El Fiduciario seguirá y cumplirá únicamente las instrucciones que le de el Fideicomisario en Primer Lugar. En caso de que el Fiduciario tenga conocimiento de una emergencia, el Fiduciario actuará a su discreción utilizando su mejor juicio, sin responsabilidad para el Fiduciario, salvo en los casos de dolo, negligencia o mala fe determinando en sentencia definitiva dictada por autoridad competente (en el entendido de que para fines del presente Fideicomiso, el "conocimiento" del Fiduciario significa el conocimiento real que tenga el Fiduciario de información cierta, de sus empleados con autoridad de supervisión gerencial).-* **(g)** *Si el Patrimonio Fideicomitido o cualquier parte del mismo es dinero en efectivo.-* **(1)** *Dicho dinero en efectivo deberá de ser depositado por el Fideicomitente en la Cuenta Concentradora para que el Agente de la Cuenta Concentradora lo aplique y destine de conformidad con el contrato que rige la Cuenta concentradora y el Contrato de Crédito Modificado y Re-expresado. En caso que dicho dinero sea recibido en alguna de las Cuentas del Fideicomiso, el Fiduciario, directamente mediante instrucción del Fideicomisario en Primer Lugar o a través del Fideicomitente de conformidad con los poderes que para tal efecto le otorgue, deberá depositar dicho dinero en la Cuenta Concentradora para que el Agente de la Cuenta Concentradora lo aplique y destine de conformidad con el contrato que rige la Cuenta Concentradora y el Contrato de Crédito Modificatorio y Re-expresado.- En caso de que el Fideicomisario en Primer Lugar haya entregado al Fiduciario una Notificación de Incumplimiento, todo el dinero efectivo parte del Patrimonio del Fideicomiso deberá de ser depositado por el Fideicomitente o*

6

 Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



*por el Fiduciario, según corresponda, en la Cuenta Concentradora y el mismo sea aplicado y destinado de conformidad con las instrucciones del Fideicomisario en Primer Lugar.- El Fiduciario no deberá en ningún momento tener posición del dinero en efectivo parte del Patrimonio del Fideicomiso a menos que así le sea instruido por parte del Fideicomisario en Primer Lugar.- Si por cualquier razón el Fiduciario recibe dinero en efectivo que forma parte del Patrimonio del Fideicomiso sin que se lo haya instruido el Fideicomisario en Primer Lugar, el Fiduciario deberá depositarlo en la Cuenta Concentradora de conformidad con lo dispuesto en el presente párrafo.- (2) El Fiduciario deberá invertir el efectivo en Inversiones Permitidas, según le instruya el Fideicomisario en Primer Lugar (en lo sucesivo denominada a dicha instrucción, una "Instrucción de Inversión". El Fiduciario deberá cumplir cualquier instrucción de Inversión prevista en este párrafo (i) el mismo día en que la reciba, si dicho día es un Día Hábil y en el entendido que la Instrucción de Inversión esté en posesión del Fiduciario y los fondos relativos a la inversión correspondiente sean recibidos en la Cuenta del Fideicomiso correspondiente antes de las 11:00 AM (hora de la ciudad de México), o (ii) el siguiente Día Hábil, si dichos fondos no se en la Cuenta del Fideicomiso correspondiente o dicha instrucción de Inversión no es recibida o este en posesión del Fiduciario antes de las 11:00 AM (hora de la ciudad de México), o si el día en que se reciba no es un Día Hábil; en el entendido que, aún cuando los fondos no se reciban en la Cuenta del Fideicomiso correspondiente antes de las 11:00 AM (hora de la ciudad de México) en cualquier día, el Fiduciario realizará sus mejores esfuerzos para cumplir con la instrucción de Inversión que se reciba más tarde ese día, siempre que sea un Día Hábil y los fondos respectivos se reciban por el Fiduciario en el mismo Día Hábil.- El Fiduciario estará autorizado, con el propósito de cumplir una instrucción de inversión para que, en el momento y conforme las instrucciones que reciba, abra cuentas de cheques y de inversiones a nombre del Fideicomiso, de conformidad con dicha instrucción de inversión; respecto de las cuales el Fiduciario tendrá, sujeto a los términos del presente Fideicomiso y al contenido de dicha instrucción de inversión el derecho y control exclusivo de realizar disposiciones.- En el cumplimiento de una Instrucción de Inversión, el Fiduciario deberá invertir en Inversiones Permitidas en los instrumentos financieros que tengan al plazo de vencimiento a que se refiera dicha Instrucción de Inversión, (en cualquier caso que no excedan del máximo plazo de vencimiento establecido de dicha Instrucción de Inversión) y, según sea el caso, sujeto a las calificaciones establecidas en dicha Instrucción de Inversión. Si el Fiduciario no recibe una Instrucción de Inversión según lo dispuesto anteriormente o cualesquiera montos en efectivo no pueden ser invertidos inmediatamente en el mismo día en que se haya recibido una Instrucción de Inversión de conformidad con los términos de este Fideicomiso, cualesquiera de dichos montos en efectivo del Patrimonio Fideicomitido*

7

COTEJADO

deberá de ser invertido en Inversiones Permitidas.- (3) En cumplimiento con la Circular 1/2005, el Fiduciario ha explicado en forma clara e inequívoca a las partes el contenido de la Regla 5.4 de la Circular 1/2005, así como las siguientes medidas preventivas:- (i) El Fiduciario podrá realizar las operaciones señaladas en la Regla 5.4 de la Circular 1/2005, es decir operaciones con The Bank of New York Mellon, S.A. Institución de Banca Multiple, cuando actúe por su propia cuenta, en la medida que dichas operaciones estén autorizadas por la ley y las disposiciones legales aplicables, y se adopten medidas preventivas para evitar conflictos de interés (las "Operaciones").- (ii) Siempre y cuando el Fiduciario no haya recibido una notificación por escrito del Fideicomisario en Primer Lugar en el sentido de que ha ocurrido un Caso de Incumplimiento, las Operaciones se llevarán a cabo previa autorización expresa por escrito, en cada caso, del Fideicomitente al Fiduciario por cualquier medio que deje evidencia documental, incluyendo medios electrónicos. Si un caso de Incumplimiento ocurre y continua (según se notifique por escrito del Fideicomisario en Primer Lugar al Fiduciario), las Operaciones se llevaran a cabo previa autorización expresa por escrito, en cada caso, del Fideicomisario en Primer Lugar en los términos antes señalados.- (iii) Durante la realización de las Operaciones, los derechos y obligaciones del Fiduciario actuando con dicho carácter y por su propia cuenta, no se extinguirán por confusión.- (iv) El departamento de The Bank of New York Mellon, S.A., Institución de Banca Multiple, cuando actue por su propia cuenta y el departamento Fiduciario, no deberán ser dependientes directamente entre ellos.- (v) En cumplimiento a lo dispuesto en el número 3.2 de la Circular, se hace constar que los fondos que reciba el Fiduciario que no se inviertan de manera inmediata conforme a los fines del Fideicomiso, deberán ser depositados en un institución de crédito a mas tardar el Día Hábil siguiente al que se reciban, en tanto se aplican a los fines del Fideicomiso. De realizarse el depósito en cuentas abiertas en la propia institución crédito que actúa como Fiduciario, éste deberá devengar la tasa mas alta que dicha institución pague por operaciones al mismo plazo y monto similar, en las mismas fechas en que se mantenga el depósito.- (4) En las Operaciones a que se refieren los párrafos anteriores de la Cláusula 4(g)(3), el Fiduciario deberá observar los lineamientos y políticas que The Bank of New York Mellon, S.A., Institución de Banca Múltiple aplique en operaciones similares. El Fiduciario no será responsable por reducciones en el valor de las inversiones llevadas a cabo de conformidad con lo dispuesto en la Cláusula 4(g)(2), ya sea por cuenta de variaciones de mercado o por cualquier otra razón y con relación a cualquier detrimento que puedan padecer el valor de las inversiones efectuadas por el Fiduciario de conformidad con lo dispuesto en esta cláusula, salvo en los casos de dolo, negligencia o mala fe, determinados en sentencia definitiva dictada por autoridad competente. Las partes en este acto liberan de manera expresa al Fiduciario de

8





Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.

*cualquier responsabilidad en relación a los actos que realice el Fiduciario de conformidad con lo dispuesto en el inciso (e) de la presente Cláusula 4 así como en relación a cualquier detrimento que pueda sufrir el valor de las inversiones que realice el Fiduciario de conformidad con lo dispuesto en esta Cláusula 4(g) salvo en los casos de dolo, negligencia o mala fe determinados en sentencia definitiva dictada por autoridad competente.- (h) Que el Fiduciario celebre los contratos y otros instrumentos necesarios, y lleve a cabo los actos relevantes, para constituir y mantener la garantía contemplada bajo este Fideicomiso, y que el Fiduciario abra cualesquiera cuentas bancarias conforme a las instrucciones por escrito del Fideicomisario en Primer Lugar entregadas por lo menos 5 (cinco) Días Hábiles de anticipación.- (i) Que mientras que el Fideicomisario en Primer Lugar no haya entregado al Fiduciario una Notificación de Incumplimiento y siempre y cuando el Fideicomisario en Primer Lugar haya aprobado y hecho saber al Fiduciario por escrito la aprobación de dichos actos, este último lleve a cabo en relación con el inmueble y las Mejoras todos los actos jurídicos que el Fideicomitente le solicite expresamente por escrito. Dichos actos (1) no deberán afectar la garantía otorgada a favor del Fideicomisario en Primer Lugar, (2) constituirán acciones permitidas bajo el Fideicomiso y los Documentos Modificados del Crédito, (3) no deberán tratarse de fusiones, subdivisiones, otorgamientos de derechos de vía, constitución de regímenes de condominio o actos que limiten el dominio del Inmueble, sin el previo consentimiento por escrito del Fiduciario, que únicamente será otorgado previa instrucción escrita del Fideicomisario en Primer Lugar, y (4) no deberán enajenar o gravar cualquier parte del Patrimonio Fideicomitido sin el consentimiento del Fiduciario, que únicamente será otorgado previa instrucción escrita del Fideicomisario en Primer Lugar. Una vez que haya sido entregada una Notificación de Incumplimiento todos los actos anteriores descritos deberán llevarse a cabo por el Fiduciario según le instruya expresamente y por escrito el Fideicomisario en Primer Lugar.- (j) Que mediante la entrega de instrucciones por escrito únicamente del Fideicomisario en Primer Lugar al Fiduciario, el Fiduciario (1) libere cualquier parte del Patrimonio Fideicomitido a efecto de que el Fideicomitente este en posibilidad de vender dicha parte a terceros, previa autorización del Fideicomisario en Primer Lugar del documento que contenga dicha venta, transmisión o liberación, autorización que deberá ser entregada dentro de los 3 (tres) Días Hábiles siguientes a la fecha en que el Fideicomisario en Primer Lugar reciba el documento, siempre y cuando se haya presentado toda la documentación necesaria para dicha venta, transmisión o liberación, o (2) constituya un Fideicomiso de Unidad Residencial aportando al patrimonio del mismo alguna Unidad que forme parte del Patrimonio Fideicomitido.- (k) Que el Fideicomisario otorga a las personas que le indique conjuntamente por*

COTEJADO

9

*escrito el Fideicomitente y el Fideicomisario en Primer Lugar, un poder especial para la venta de cualquier parte del Patrimonio Fideicomitido en los términos que el Fideicomitente y el Fideicomisario en Primer Lugar señalen.-* (l) *Que el Fideicomitente en representación del Fiduciario ejerza todos los derechos y permisos que formen parte del Patrimonio Fideicomitido, siempre y cuando que el Fideicomisario en Primer Lugar no haya entregado una Notificación de Incumplimiento y actuando en todo momento de conformidad con los términos de este Fideicomiso y según lo autorice el Fideicomisario en Primer Lugar. Una vez que haya sido entregada una Notificación de Incumplimiento, el Fiduciario revocará los poderes otorgados al Fideicomitente de conformidad con las instrucciones del Fideicomisario en Primer Lugar y ejercerá dicho derechos y permisos que formen parte del Patrimonio Fideicomitido según le instruya el Fideicomisario en Primer Lugar sin que sea necesario el consentimiento del Fideicomitente.-* (l) *Que el Fiduciario, previa aprobación del Fideicomisario en Primer Lugar, otorgue los poderes que se requieran a la persona o personas que designe el Fideicomitente por escrito para ejercer dichos poderes, en todo lo que se refiere a la tramitación de todos los permisos, licencias y autorizaciones necesarias y/o requeridas para el desarrollo del Proyecto.- Una vez que haya sido entregada una Notificación de Incumplimiento, el Fiduciario revocará dichos poderes según le instruya el Fideicomisario en Primer Lugar sin que sea necesario el consentimiento del Fideicomitente.-* (m) *Que el Fiduciario lleve a cabo todos los actos que se le encomiendan bajo el presente Fideicomiso (incluyendo, sin limitación, la celebración de cualquier instrumento, el cumplimiento de cualquier acto jurídico, el otorgamiento de comisiones mercantiles y la cancelación y extinción del presente Fideicomiso), de conformidad con lo dispuesto en este Fideicomiso, la ley aplicable y las instrucciones del Fideicomitente y/o el Fideicomisario en Primer Lugar, según sea el caso.- ....".*--------------------------------------------------------------------------------

**(iv).- RELOTIFICACION Y PROTOCOLIZACION DE DESLINDE.-** Mediante escritura pública número (81,161) ochenta y un mil ciento sesenta y uno, del volumen mil trescientos cuarenta y uno, de fecha veintisiete de octubre del año dos mil nueve, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, debidamente inscrita mediante anotación marginal de fecha tres de febrero del año dos mil nueve inscrita en el Registro Público de la propiedad y del Comercio de San José del Cabo, Baja California Sur, bajo el número ciento treinta y cinco, foja ciento treinta y cinco, volumen CCXLV, sección primera, en la cual consta la RELOTIFICACION Y PROTOCOLIZACION DE DESLINDE de los lotes que integran el predio La Laguna, Rancho el Cardonal, Zona Costa Pacifico, en Cabo San Lucas, Baja California Sur, a solicitud de THE BANK OF NEW YORK MELLON, SOCIEDAD



Lic. Armando Antonio Aguilar Mondragón

NOTARÍA  PÚBLICA

Cabo San Lucas, B.C.S.

ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE (actualmente CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE, causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), en su carácter de fiduciario del Fideicomiso F/00321 con la comparecencia de la Sociedad denominada DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, de donde se desprende entre otros el siguiente inmueble: POLIGONO 3, del predio conocido como LA LAGUNA, en la porción conocida como rancho EL CARDONAL, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, con clave catastral 4-02-013-0083, con una superficie de 175-64-83.912 (ciento setenta y cinco hectareas, sesenta y cuatro areas y ochenta y tres punto novecientos doce centiáreas).------------------------------

**(v).- MODIFICACION AL CONTRATO DE CREDITO MODIFICADO Y RE-EXPRESADO.-** Mediante acta número (2,994) dos mil novecientos noventa y cuatro, de fecha veintiséis de enero del año dos mil diez, otorgado ante la fe del Licenciado Julio Alejandro Duran Gómez, Titular de la Correduria Pública Número Trece de la Ciudad de Mexico, Distrito Federal, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, mediante anotación marginal de fecha once de febrero de dos mil diez, bajo el número ciento treinta y cinco, foja ciento treinta y cinco, del volumen CCXLV, de fecha ocho de mayo del año dos mil seis, documento en el cual se hizo constar a través de cierta Notificación a solicitud de "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABEL, de la Primera Modificación al Contrato de Crédito Modificado y Re-Expresado en la que se incremento la cantidad del préstamo en la cantidad de USD$4,000,000.00 (CUATRO MILLONES DE DOLARES 00/100 MONEDA DE CURSO LEGAL DE LOS ESTADOS UNIDOS DE AMERICA).-----------------------------------

**(vi).- SEGUNDO CONVENIO MODIFICATORIO AL CONTRATO Y AL CONVENIO MODIFICATORIO Y DE REEXPRESION.-** Mediante escritura pública (91,326) número noventa y un mil trescientos veintiséis, del volumen mil quinientos treinta y seis, de fecha veintiséis de abril del año dos mil trece, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz y Los Cabos, en la cual constan diversas definiciones, modificaciones y adhesiones al Fideicomiso.-------------------------------------------------------------------

**(vii).- PROTOCOLIZACION DEL ACTA.-** Mediante escritura pública (91,327) noventa y un mil trescientos veintisiete, del volumen mil quinientos treinta y siete, de fecha veintiseis de abril de dos mil trece, otorgada ante la fe del Licenciado José Alberto

11

Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz y Los Cabos, se hizo constar un RECONOCIMIENTO DE ADEUDO en el cual la sociedad DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, reconoce que se incremente la cantidad del préstamo en la cantidad de USD$5´500,000.00 (CINCO MILLONES QUINIENTOS MIL DOLARES 00/100 MONEDA DE CURSO LEGAL DE LOS ESTADOS UNIDOS DE AMERICA), en su carácter de DEUDOR con Danske Bank A/S London Branch, lo anterior como consecuencia de la Segunda Modificación al Contrato de Fideicomiso Traslativo de Dominio e Irrevocable de Garantía número F/00321.--------------------------------------------------------------------------

**(viii).- ACTA ACLARATORIA.-** Mediante escritura pública (92,976) noventa y novecientos setenta y seis, del volumen mil quinientos setenta y uno, de fecha dos de diciembre de dos mil trece, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz y Los Cabos, se hizo constar el acta aclaratoria de la escritura que se refiere el antecedente anterior, misma en la que se describe las características, medidas y colindancias de los inmuebles que se encuentran en garantía respecto al adeudo, entre otros el inmueble que es objeto del presente instrumento, se asentaron diversas anotaciones marginales ante el Registro Público de la Propiedad y el Comercio de San José del Cabo, Baja California Sur, con fecha cinco de diciembre de dos mil trece, bajo los siguientes asientos:------------------------------------------------------------------------------------

a).- El número setenta y nueve, foja setenta y nueve, volumen CDXXXIII, Sección Primera, de fecha tres de febrero de dos mil diez; ----------------------------------------

b).- El número ciento veintisiete, foja ciento veintisiete, volumen CDXXXIII, Sección Primera, de fecha veintiuno de mayo de dos mil diez; -----------------------------------

c).- El número ciento treinta y tres, foja ciento treinta y tres, volumen CDXXXIII, Sección Primera, de fecha veintisiete de mayo de dos mil diez; --------------------------

d).- El número veinticuatro, foja veinticuatro, volumen CDXLVIII, Sección Primera, de fecha tres de febrero de dos mil diez; ----------------------------------------------------

e).- El número ciento sesenta y tres, foja ciento sesenta y tres, volumen CDLXXX, Sección Primera, de fecha veinticuatro de julio de dos mil once; -------------------------

f).- El número ciento ochenta y ocho, foja ciento ochenta y ocho, volumen CXXXII, Sección Primera, de fecha veinticuatro de enero de dos mil trece; -----------------------

**(ix).- CAUSAHABIENCIA DE CIBANCO, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE.-** Por escritura pública 111,339 (ciento once mil trescientos treinta y nueve), Libro 1,849 (un mil ochocientos cuarenta y nueve), de fecha 23 (veintitrés) de abril de 2014 (dos mil catorce), otorgada ante la fe del Licenciado Amando Mastachi

12



## Lic. Armando Antonio Aguilar Mondragón

NOTARÍA **1** PÚBLICA

Cabo San Lucas, B.C.S.



Aguario, Notario Público Numero Ciento Veintiuno del Distrito Federal y Notario del Patrimonio Inmueble Federal, se hizo constar la fusión de THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCION DE BANCA MULTIPLE, como sociedad fusionante que subsiste, con CIBANCO, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como sociedad fusionada que desaparece, resultado de la protocolización de las Actas de Asambleas Generales Extraordinarias de Accionistas de cada una de dichas sociedades y de la protocolización y consecuente formalización del convenio de fusión celebrado por las propias sociedades, así como el cambio de denominación de THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCION DE BANCA MULTIPLE por la de CIBANCO, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE. Dicho instrumento se encuentra inscrito en el Registro Público de la Propiedad y del Comercio del Distrito Federal en el Folio mercantil electrónico numero 66277*, Folio mercantil 384235*, de fecha 23 (veintitrés) de abril de 2014 (dos mil catorce).------------------------------------------------------------------------------------

**(x) REGIMEN DE PROPIEDAD EN CONDOMINIO MAESTRO "DIAMANTE CABO SAN LUCAS".-** Mediante escritura pública número (82,871) ochenta y dos mil ochocientos setenta y uno, del volumen mil trescientos setenta y seis, de fecha dieciocho de mayo del año dos mil diez, otorgado ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, baja California Sur, bajo el número ciento veintisiete, foja ciento veintisiete, del volumen CDXXXVIII de fecha veintiuno de mayo del año dos mil diez, se hizo constar la constitucion del Regimen de Propiedad en Condominio Maestro denominado "DIAMANTE CABO SAN LUCAS" (en lo sucesivo "REGIMEN MAESTRO DIAMANTE CABO SAN LUCAS") ubicado en el Predio LA LAGUNA, rancho El Cardonal, Polígono 03, ubicado en Cabo San Lucas, Baja California Sur, con una superficie de 175-64-83.912 Has (ciento setenta y cinco hectareas, sesenta y cuatro areas y ochenta y tres punto novecientos doce centiáreas), con clave catastral numero 4-02-013-0083, constituido por THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE (actualmente CIBANCO, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), en su carácter de fiduciario del Fideicomiso F/00321, con la comparecencia de su fideicomitente y fideicomisario en segundo lugar. -------------------------------------------------------------------------------------

**(xi).- REGIMEN DE PROPIEDAD EN CONDOMINIO 2 "SUNSET HILL".-** Mediante escritura pública número (83,280) ochenta y tres mil doscientos ochenta, del volumen mil trescientos noventa, de fecha veintinueve de junio del año dos mil diez, otorgada

13

ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, **bajo el número veinticuatro, foja veinticuatro, del volumen número CDXLVIII, de fecha siete de julio del año dos mil diez**, se hizo constar la Constitución del SUB-REGIMEN DE PROPIEDAD EN CONDOMINIO 2 "SUNSET HILL", (en lo sucesivo **"SUBCONDOMINIO 2 SUNSET HILL"**) del Régimen Maestro denominado "DIAMANTE CABO SAN LUCAS" identificado con clave catastral número 402-093-001-001-002-001, dentro del Predio La Laguna, con una superficie de 257,021.576 M2, superficie común de 66,627.132 M2., con un Porcentaje de indiviso de 18.726, localizado en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, del cual forma parte el inmueble objeto del presente instrumento.------------------------------------------------------------------------------

**C).- CERTIFICADO DE GRAVAMEN.-** Que el **INMUEBLE** materia de esta operación, se encuentra libre de gravamen y limitación de dominio, con excepción de la anotación relativa a la garantía fiduciaria del fideicomiso que por éste mismo instrumento se extingue parcialmente en su capítulo primero, acreditando lo anterior el fideicomitente por conducto de su representante legal con el certificado de fecha veintinueve de abril de dos mil catorce, que el suscrito Notario da fe de tener a la vista el original y agrega al apéndice del Protocolo bajo el número de esta escritura con legajo marcado con la letra **"A"**, y una copia se anexa al testimonio de esta escritura, mismo que es del tenor litaral siguiente:-------------------------------------------------------------------------------------

*"Un sello superior izquierdo.- H. XI Ayuntamiento de Los Cabos, B.C.S.- Dirección Municipal del Registro Público de la Propiedad y del Comercio en Los Cabos, EL SUSCRITO LICENCIADO JOSE ANGEL TORRES GRIJALVA, DIRECTOR DEL REGISTRO PÚBLICO DE LA PROPIEDAD Y DEL COMERCIO DE ESTE H. XI AYUNTAMIENTO DE LOS CABOS B.C.S.- CERTIFICAN: Que se hizo la búsqueda correspondiente a un periodo de 2 años anteriores a esta fecha en esta oficina y durante dicho lapso se encontró: GRAVADO con la sig. Anotacion: 1.- Por E.P. 78,882, vol. 1292 de fecha -6 de Marzo de 2009, El Lic. Jose Alberto Castro Salazar Not. Pub. Adscrito No. 7 se hace constar el Convenio Modificatorio y de Reexpresión al Contrato de Fideicomiso Traslativo de Dominio e Irrevocable de Garantia identificado con el No. F/00321 de fecha 6 de Marzo de 2009 por la cantidad de $125,000.00 Dlls. Que celebran Diamante Cabo San Lucas, S. de R.L. de C.V. y The Bank of New York Mellon, S.A. IBM (Causahabiente Universal Final de Banco J.P. Morgan, S.A., IBM JP Morgan Grupo Financiero División Fiduciaria) en su carácter de Fiduciario del Fideicomiso F/00321, actuando como Fideicomitentes las partes acuerdan modificar y re expresar completamente el clausurado del fideicomiso. San Jose del Cabo, B.C.S. a 13 de abril de 2009 2.- Por Esc. Pub. No. 2994 del Corredor Público 13 del D.F. De fecha 26 de enero del 2010. Se hizo Notificacion al*

Fiduciario por medio del cual se notifico que mediante el documento Denominado Primera Modificación al Contrato de Credito Modificatorio y Reexpresado se incremento la cantidad del prestamo a EUA$4´000,000.00 La cual junto con el resto del Principal del credito de Referencia así como Los intereses y Accesorios bajo el mismo forman parte de las Obligaciones Garantizadas mediante el Fideicomiso F/00321. 3.- Por E.P.N. 91326 Vol. 1536 de fecha 26 de Abril de 2013, acta aclarantoria número 92,046 Vol. 1551 de fecha 30 de Julio de 2013, protocolizadas por el Not. Publico 7 Lic. Hector Castro Castro se hace constar el segundo Convenio Modificatorio al Contrato de Fideicomiso traslativo de dominio irrevocable de garantia F/00321, agregando definiciones a la clausula primero, en los terminos que en las escrituras de merito. San Jose del Cabo, B.C.S., a 10 de Septimebre de 2013.- 4.- Por E.P.N. 91327 y acta aclaratoria número 92,976, protocolizada por el Not. Publico Adsc. Se hace constar el acta levantada fuera de la Notaria a solicitud de la Soc. Mercantil Diamante Cabo San Lucas, S.DE R.L. DE C.V., representada por su apoderado legal Fernando Manuel Garcia Campusano, a fin de que el federatario notifique una carta suscrita por dicha persona de fecha 26 de Abril de 2013 a la Lic. Flor de Maria Cupfer Dominguez, delegada Fiduciaria The Bank Of New York Mellon, S.A., I.B.M., fiduciario del fideicomiso número F/00321, mediante la cual reconoce el adeudo, el carácter de deudor como Danske Bank A/S London Branch, lo anterior como consecuencia a la segunda modificacion al contrato de Fideicomiso traslativo de dominio e irrevocable de garantia número F00321, San Jose del Cabo, B.C.S, de B.C.S., a 04 de Diciembre de 2013.- 5.- Primer Aviso Preventivo que contiene Liberacion parcial de Garantia Fiduciaria y Extincion Parcial de Fideicomiso de Garantia identificado con numero F/00321. Contrato de Fideicomiso Irrevocable traslativo de dominio en zona restringida. Fideicomitente.- The Bank Of New York Mellon, S.A., I.B.M., fiduciario del fideicomiso número F/00321, Diamante Cabo San Lucas, S. DE R.L. DE C.V. Fiduciario.- Scotiabank Inverlat, S.A., Institucion de Banca Multiple, Grupo Financiero Scotiabank Inverlat. Fideicomisario.- SH55 LLC. Cabo San Lucas, B.C.S., a 09 de Abril de 2014, Lic. Armando Antonio Aguilar Mondragon Not. 1, San Jose del Cabo, B.C.S., a 10 de Abril de 2014.- LOTE NO. 55, MANZANA1, SUPERFICIE: 2,186.59 M2, USO: RESIDENCIAL MEDIDAS Y COLINDANCIAS: AL NORESTE 27.97 MTS CON ÁREA DE USO COMÚN CONDOMINIO 2 SUNSET HILL Lc=5.09 MTS. CON AREA DE USO COMÚN CONDOMINIO 2 SUNSET HILL.- AL NOROESTE 58.24 MTS CON LOTE 54.- AL SURESTE 61.14 MTS CON LOTE 56.- AL SUROESTE 44.87 MTS CON LOTE 79.- INSCRITO BAJO EL NUMERO 24 FOJA 24 VOLUMEN CDXLVIII E.P. SEC. 1ª DE FECHA 7 DE JULIO DE 2010 A FAVOR DE <u>THE BANK OF NEW YORK MELLON, S.A.</u>.- PARA CONSTANCIA Y SOLICITUD DE SH55 LLC SE EXPIDE EL PRESENTE CERTIFICADO EN SAN JOSE DEL CABO, BAJA CALIFORNIA SUR, ESTADOS UNIDOS MEXICANOS, SIENDO LAS 10.00 HORAS DEL DIA 29DE ABRIL DE

COTEJADO

*2014.- HABIENDOSE PAGADO POR LA BUSQUEDA Y EXPEDICION LA CANTIDAD DE*
*$437.00M.N. SEGÚN RECIBO OFICIAL RPP-3259-2014 QUE SE EXHIBIO.- Una firma*
*ilegible.- LIC. JOSE ANGEL TORRES GRIJALVA.- Una firma ilegible.- Boulervar Antonio*
*Mijares s/n entre calles Benito Juarez y Valerio Gonzalez, Colonia Centro. C.P. 23400,*
*San Jose del Cabo, BCS, Mexico.- http: //wwwloscabos.gob.mx.- Un sello con el escudo*
*nacional que dice: H. XI AYUNTAMIENTO DE LOS CABOS, BAJA CALIFORNIA SUR.-*
*REGISTRO PPUBLICO DE LA PROPIEDAD Y DEL COMERCIO ARCHIVO Y CERTIFICACION*
*LOS CABOS, B.C.S.".-----------------------------------------------------------------------*

**D).- IMPUESTO PREDIAL.-** Que el **INMUEBLE** materia de este instrumento se encuentra al corriente en el pago de sus impuestos prediales, acreditando lo anterior el fideicomitente por conducto de su representante legal con el certificado de fecha cuatro de Abril de dos mil catorce, expedido por la Recaudación de Rentas del Municipio de Los Cabos, Baja California Sur. El suscrito Notario da fe de tener a la vista y agrega el original al apéndice del Protocolo bajo el número de esta escritura y con legajo marcado con la letra **"B"** y una copia se anexa al testimonio de esta escritura. ---------

**E).- AVALÚO PERICIAL.-** Que se solicitó y obtuvo de la Dirección de Catastro del Municipio de Los Cabos, Baja California Sur, avalúo pericial en la que se valúa el **INMUEBLE** objeto de esta escritura del cual el suscrito Notario agrega el original al apéndice del Protocolo bajo el número de esta escritura con legajo marcado con la letra **"D"**. -----------------------------------------------------------------------------

**F).- AVISO PREVENTIVO.-** Que se presentó aviso preventivo ante el Registro Público de la Propiedad y del Comercio de San José del Cabo, documento que se agrega al apéndice del protocolo con legajo marcado con la letra **"E".**------------------------------

**G).- CUOTAS CONDOMINIALES Y CONSTANCIA DE AGUA.-** Que el **INMUEBLE** objeto del presente instrumento no presenta adeudo de cuotas condominales que le corresponden a la fecha de la presente escritura, y no cuenta con servicio de agua potable, alcantarillado y saneamiento, liberando al Suscrito Notario Público y al FIDUCIARIO de cualquier responsabilidad por dicho concepto, documentos que se agregan al apéndice del protocolo con legajo marcado con las letras **"F".** ----------------

**H).- CARTA DE AUTORIZACIÓN.-** Continua declarando el **FIDEICOMITENTE** bajo protesta de decir verdad y actuando en su carácter de fiduciario del fideicomiso en garantía número F/00321, que con anterioridad a este acto recibio de su Fideicomisario en Primer Lugar las instrucciones correspondientes en términos de la cláusula cuarta incisos (j) y (k) del fideicomiso relativa a los fines del fideicomiso, para estar en posibilidad de otorgar el presente instrumento y compareciendo al mismo actuando con el carácter aquí señalado y con las responsabilidades propias de su cargo derivadas del citado fideicomiso en garantía número F/00321, liberando al suscrito Notario Público de cualesquier responsabilidad por dicho concepto. -------------------------------------------



## Lic. Armando Antonio Aguilar Mondragón



NOTARÍA ◀ **1** ▶ PÚBLICA

Cabo San Lucas, B.C.S.



**I).-** Que el **INMUEBLE** objeto de la presente operación le pertenece a su representada y manifiesta bajo protesta de decir verdad que el bien que el **FIDEICOMITENTE** aporta inicialmente al patrimonio del presente fideicomiso para el cumplimiento de sus fines, es de procedencia lícita.------------------------------------------------------

**J).-** Que respecto del **Impuesto Sobre La Renta** por enajenación de bienes, no tiene la obligación de enterarlo por conducto del suscrito Notario, en virtud de que su representada es contribuyente del Título Segundo de la Ley del Impuesto Sobre la Renta.-------------------------------------------------------------------------------------

**L).-** Que manifiesta bajo protesta de decir verdad, apercibido de las penas en que incurra aquel que declara con falsedad, que el **INMUEBLE** que se transmite a través del presente Contrato se encuentra al corriente en el pago de todos sus impuestos, derechos y contribuciones y completamente libre de cualquier tipo de gravamen o limitación de dominio, tal y como se comprueba con los documentos a los que se hace referencia en los antecedentes de este Contrato de Fideicomiso. ------------------------

**II.-** Declara el **FIDUCIARIO SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT** por conducto de sus Delegados Fiduciarios que:-------------------------------

**A).-** Que es una Institución de Crédito, debidamente autorizada por la Secretaría de Hacienda y Crédito Público y consecuentemente facultada para actuar como Institución Fiduciaria, en los términos de la Ley de Instituciones de Crédito.----------------------------

**B).-** Que acepta el cargo que como tal aquí se le confiere y protestan su fiel y legal desempeño. ------------------------------------------------------------------------------------

**C).-** Que reconoce la personalidad y legitimidad de los comparecientes a la constitución del presente contrato de Fideicomiso.----------------------------------------------------------

**D).- PERMISO OTORGADO POR LA SECRETARÍA DE RELACIONES EXTERIORES.-** Que para formalizar el presente Contrato de Fideicomiso Irrevocable Traslativo de Dominio respecto del inmueble materia de este contrato, la Secretaría de Relaciones Exteriores concedió el permiso número **2014786,** folio **140217091015** de fecha ocho de abril de dos mil catorce, que por una modificación correspondiente al Fideicomitente el mismo fue modificado, obteniéndose el permiso número **2014786,** folio **140514097003** de fecha catorce de mayo de dos mil catorce, cuya copias se agregan al apéndice de la presente, bajo el número de esta escritura con legajo marcado con las letras **"G"** y **"H",** los cuales se transcriben a continuación: -------------------------------

**a).-** "*SECRETARÍA DE RELACIONES EXTERIORES.- DIRECCIÓN GENERAL DE ASUNTOS JURÍDICOS.- DIRECCIÓN DE PERMISOS ARTICULO 27 CONSTITUCIONAL.- SUBDIRECCIÓN DE FIDEICOMISOS.- PERMISO 2014786.- FOLIO 140217091015.- En atención a que el(la) Lic. JORGE GOMEZ MORENO, en su carácter de delegado(a) fiduciario(a) de SCOTIABANK INVERLAT, SA, en la ciudad de México, D.F., mediante*

COTEJADO

17

*solicitud presentada en fecha 17 de febrero de 2014, manifiesta que dicha Institución de Crédito se encuentra constituida y funciona conforme a las disposiciones legales vigentes y solicita permiso de esta Secretaría para ADQUIRIR como FIDUCIARIA, el dominio sobre el (los) inmueble (s) materia del fideicomiso que se detalla (n) en la presente autorización.- El contrato de fideicomiso correspondiente deberá sujetarse a las características y condiciones que a continuación se señalan:- C A R A C T E R I S T I C A S.- FIDEICOMITENTE(S): THE BANK OF NEW YORK MELLON, S.A. INSTITUCION DE BANCA MULTIPLE POR INSTRUCCIONES DE DANSKE BANK A/S LONDON BRANCH Y DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V. DE CONFORMIDAD CON EL CONTRATO DE FIDEICOMISO DE GARANTIA CONSTITUIDO EN ESCRITURA PUBLICA NUMERO 65,041 DE FECHA 10 DE MARZO DE 2006 Y MODIFICADO MEDIANTE ESCRITURA PUBLICA 78,882 DE FECHA 6 DE MARZO DE 2009; AMBAS DEL PROTOCOLO DE LA NOTARIA PUBLICA 7 DE BAJA CALIFORNIA SUR.- NACIONALIDAD: MEXICANA.- FIDUCIARIO: SCOTIABANK INVERLAT, SA.- FIDEICOMISARIO(S): SH55, LLC.- NACIONALIDAD: ESTADOUNIDENSE.- FIDEICOMISARIO(S) SUBSTITUTO(S): NACIONALIDAD:- DURACION DEL FIDEICOMISO: 50.- FINES: RESIDENCIAL.- BIEN MATERIA DEL FIDEICOMISO: LOTE NUMERO 55, DE LA MANZANA 1, CON CLAVE CATASTRAL 402-093-001-001-002-055. MEDIDAS Y COLINDANCIAS: AL NORESTE: 27.97 MTS CON AREA DE USO COMUN CONDOMINIO 2 SUNSET HILL, LC=5.09 MTS. CON AREA DE USO COMUN CONDOMINIO 2, SUNSET HILL. AL NOROESTE: 58.24 MTS. CON LOTE 54. AL SURESTE: 61.14 MTS CON LOTE 56. AL SUROESTE: 44.87 MTS. CON LOTE 79.- UBICADO EN: EL SUB-REGIMEN DE PROPIEDAD EN CONDOMINIO 2 DENOMINADO "SUNSET HILL" DENTRO DEL REGIMEN MAESTRO DENOMINADO "DIAMANTE CABO SAN LUCAS", DENTRO DEL POLIGONO 3 DENTRO DEL PREDIO LA LAGUNA.- CIUDAD: CABO SAN LUCAS.- MUNICIPIO: LOS CABOS.- ESTADO: BAJA CALIFORNIA SUR.- SUPERFICIE TOTAL: 2186.59.- DISTANCIA A LA ZONA FEDERAL MARITIMA O A LA FRONTERA: 1266.00.- C O N D I C I O N E S.- PRIMERA.- El (los) fideicomisario (s) de conformidad con lo dispuesto por la fracción I , del artículo 27 de la Constitución Política de los Estados Unidos Mexicanos, CONVIENE (N) expresamente ante la SECRETARIA DE RELACIONES EXTERIORES, en considerarse como mexicano (s), respecto del bien materia del fideicomiso, y por lo mismo, en no invocar la protección de su gobierno, bajo la pena en caso de faltar al convenio de renuncia, de perder sus derechos de FIDEICOMISARIO en beneficio de la Nación Mexicana;- SEGUNDA.- Los FINES DEL FIDEICOMISO, derivados del presente permiso, consistirán en que la FIDUCIARIA conserve siempre la titularidad sobre el dominio del (de los) Inmueble(s) fideicomitido(s) y sin conceder DERECHOS REALES, permita el uso y aprovechamiento temporal al fideicomisario o a quienes este (estos) indique(n), para destinarlo (s) a FINES RESIDENCIAL;- 140217091015.- TERCERA.- La FIDUCIARIA, de conformidad con*



Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



lo que establece el artículo 11, fracción III, del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras, deberá presentar a más tardar en abril de cada año ante la SECRETARIA DE RELACIONES EXTERIORES, un informe sobre los fideicomisos autorizados en caso de sustitución fiduciaria, así como de designación de FIDEICOMISARIO (S) SUSTITUTO (S) o cesión de derechos fideicomisarios en favor de persona (s) física(s) o moral (es) extranjera(s) o de sociedades mexicanas con cláusula de admisión de extranjeros, tratándose de inmuebles adquiridos para fines residenciales;- CUARTA.- El o los FIDEICOMISARIO (S) se obliga (n) a informar a la FIDUCIARIA sobre la realización de los fines del fideicomiso y del cumplimiento de las condiciones contenidas en este permiso;- QUINTA.- La FIDUCIARIA, se obliga a vigilar e informar a la SECRETARIA DE RELACIONES EXTERIORES, sobre el cumplimiento de los fines para las cuales se autoriza la constitución del fideicomiso y de las condiciones establecidas en el presente permiso;- SEXTA.- De conformidad con lo que señala el artículo 11, fracción IV, segundo párrafo del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras, en caso de incumplimiento o violación a cualquiera de las condiciones que este permiso establece, la FIDUCIARIA contará con un plazo de 60 días hábiles para subsanarlas y corregirlas contados a partir de la fecha de notificación por parte de la SECRETARÍA DE RELACIONES EXTERIORES, de dichas irregularidades; en caso contrario la SECRETARÍA DE RELACIONES EXTERIORES podrá solicitar a la FIDUCIARIA la extinción del fideicomiso la cual deberá efectuarse dentro de los ciento ochenta días siguientes contados a partir de la fecha de notificación del requerimiento;- SEPTIMA.- En caso de extinción del fideicomiso constituido al amparo del presente permiso, la FIDUCIARIA deberá dar aviso a la SECRETARÍA DE RELACIONES EXTERIORES, dentro de los cuarenta días hábiles siguientes a su fecha de extinción;- OCTAVA.- La fiduciaria deberá obtener permiso previo de la SECRETARIA DE RELACIONES EXTERIORES cuando pretenda ampliar la materia o cambiar los fines de este fideicomiso;- NOVENA.- La duración del fideicomiso que se constituya al amparo de este permiso, podrá prorrogarse en los términos del artículo 13 de la Ley de Inversión Extranjera y 12 de su Reglamento, debiendo la FIDUCIARIA, solicitar ante la SECRETARIA DE RELACIONES EXTERIORES la prórroga correspondiente dentro de los noventa días hábiles anteriores a la extinción del contrato;- DECIMA.- El fideicomiso que se constituya al amparo del presente permiso, deberá inscribirse en el Registro Nacional de Inversiones Extranjeras, en los términos que establecen los artículos 32, fracción III en relación con el 2º, fracción II, inciso C) de la Ley de Inversión Extranjera y 41 de su Reglamento;- DECIMA PRIMERA.- Este permiso se condiciona en los términos de su solicitud a que el FIDEICOMISARIO lleve a cabo una inversión de $ Dólares estadounidenses; () en un plazo de 24 meses contados a partir de la fecha de expedición del permiso;- DECIMA SEGUNDA.- La FIDUCIARIA y el (los) FIDEICOMISARIO (S), se

19

COTEJADO

obligan a que dentro del ( de los) bien (es) que se afecte (n) para cumplir el (los) fin (es) del fideicomiso al amparo de este permiso, no se colocarán bardas, cercas, alambrados o cualquier otro elemento que impida o constituya un obstáculo al libre acceso a la zona federal marítimo terrestre, misma que de conformidad con el artículo 29, fracción V, de la Ley General de Bienes Nacionales, es un bien de uso común. El incumplimiento de esta condición por parte del (los) FIDEICOMISARIO (S), será sancionado en los términos del artículo 97 en relación con los artículos 1º y 2º , fracción I de la Ley invocada, sin perjuicio de lo estipulado en la condición SEXTA del presente permiso;- DECIMA TERCERA.- En los términos del segundo párrafo del artículo 13, de la Ley de Inversión Extranjera, la SECRETARÍA DE RELACIONES EXTERIORES se reserva la facultad de verificar en cualquier tiempo, el cumplimiento de los fines del fideicomiso y de las condiciones a que se refiere el presente permiso; en caso de contravenir estos, se reserva la facultad de revocar el permiso otorgado. El uso de este permiso implica su aceptación incondicional y su incumplimiento o violación dará lugar a las sanciones que en el se establecen, independientemente de las prescritas por los ordenamientos legales aplicables;- 140217091015.- El otorgamiento de este permiso no exime a el (los) FIDEICOMISARIO (S) FIDEICOMITENTE (S) y FIDUCIARIA, del cumplimiento de los planes y programas de desarrollo urbano y ordenamientos de la localidad en la que se ubique el (los) inmueble (s) ni de los criterios de sustentabilidad de la política ambiental. El texto integro de este permiso deberá transcribirse en la escritura donde se formalice el fideicomiso que se constituya al amparo del mismo.- Este permiso se otorga con fundamento en el artículo 27, fracción I de la Constitución Política de los Estados Unidos Mexicanos; artículos 10, fracción II, 11, fracciones I y II, 13 y 14 de la Ley de Inversión Extranjera; 28, fracción V de la Ley Orgánica de la Administración Pública Federal; 11 y 12 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras; 14, fracción VI y 33, fracciones VI y XXXII del Reglamento Interior de la Secretaría de Relaciones Exteriores en vigor y Acuerdo por el que se delegan facultades en los servidores públicos de la Secretaría de Relaciones Exteriores que se indican, publicado el 28 de abril de 2005 y reformado mediante Acuerdos publicados en el Diario Oficial de la Federación el 29 de noviembre de 2006, el 11 de abril de 2008 y el 15 de septiembre de 2008. Dado en la Ciudad de México, Distrito Federal a los 08 de abril de 2014.- EL SUBDIRECTOR.- LIC. JOSE ANTONIO SORIANO TRINIDAD.- Evidencia Criptográfica · Transacción SeguriSign.- Archivo Firmado: Fide174604.rtf.- Secuencia: 147465.- Autoridad Certificadora: A.C. del Servicio de Administración Tributaria.- Firmante Nombre: JOSE ANTONIO SORIANO TRINIDAD Validez: OK Vigente # Serie: 00001000000201679066 Revocación: OK No Revocado.- Firma Fecha: 2014-04-08 21:42:14 Status: OK Valida.- Algoritmo: SHA1/RSA_ENCRYPTION.- Cadena de firma: 44 43 16 d9 64 d0 fc 7b a7 65 fc 4e 01 64 cf b3 00 b4 2a 9f 1d 2e 2a 66 59 a1 32

20



NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



4c f7 09 df b8 4d b0 d1 d1 0d f0 b1 f2 ed 6c f5 7b 4e 1b c8 9a e5 9a 78 07 cd 51 38 23 6c a9 f5 bc 9e 24 27 d7 4f 6f 08 84 b7 f2 a1 3d 4f 66 e6 b6 5e 3d a9 b1 ab d3 9d 65 d7 68 85 53 0e f4 a2 bd 19 3e cf 76 fc 0f 0a 5d 1c 5c 29 92 91 82 ba 78 9d 8f 4e 0b 87 93 eb ca 8e b9 fb 8d c8 0a c1 50 31 d0 e8 38.- Fecha: 2014-04-08T21:42:15.- OCSP Nombre del respondedor: Ivan Martinez Ivanov.- Emisor del respondedor: A.C. del Servicio de Administración Tributaria.- Número de serie: 00001000000201679066.- Fecha: 2014-04-08 21:42:14.- TSP Nombre del respondedor: SNotary.- Emisor del respondedor: AC Pruebas Secretaria de Relaciones Exteriores.- Secuencia: 148432.- Datos estampillados: 3D7CB3720CFCBC1DD0CEFB6DE15E994BFE809FF0.".---------------

**b).- SECRETARÍA DE RELACIONES EXTERIORES.- CONSULTARÍA JURIDICA.- DIRECCIÓN GERNERAL DE ASUNTOS JURÍDICOS.- DIRECCIÓN DE PERMISOS ARTICULO 27 CONSTITUCIONAL.- SUBDIRECCIÓN DE FIDEICOMISOS.- PERMISO 2014786.- FOLIO 140514097003.-** En atención a que el (la) Lic. JORGE GOMEZ MORENO, en su carácter de delegado(a) fiduciario(a) de SCOTIABANK INVERLAT, S.A., en la ciudad de México, D.F., mediante escrito presentado en fecha 14 de mayo de 2014, manifiesta que dicha institución de Crédito se encuentra constituida y funciona conforme a las disposiciones legales vigentes y solicita permiso de esta Secretaría para MODIFICAR el PERMISO NUMERO 2014786 de fecha 08 de abril de 2014, expedido por la Secretaría de Relaciones Exteriores de acuerdo a las siguientes:- CARACTERISTICAS.- FIDEICOMITENTE(S): CIBANCO, S.A. INSTITUCION DE BANCA MULTIPLE (ANTES THE BANK OF NEW YORK MELLON, S.A., INSTITUCION DE BANCA MULTIPLE), POR INSTRUCCIONES DE DANSKE BANK A/S LONDON BRANCH Y DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V., DE CONFORMIDAD CON EL CONTRATO DE FIDEICOMISO DE GARANTIA CONSTITUIDO EN ESCRITURA PUBLICA NUMERO 65,041 DE FECHA 10 DE MARZO DE 2006, Y MODIFICADO MEDIANTE ESCRITURA PUBLICA 78,882 DE FECHA 6 DE MARZO DE 2009, AMBAS PASADAS ANTE LA FE DEL NOTARIO PUBLICO NUMERO 7 DE BAJA CALIFORNIA SUR.- NACIONALIDAD: MEXICANA.- FIDUCIARIO: SCOTIABANK INVERLAT, S.A.- FIDEICOMISARIOS(S): SH55,LLC.- NACIONALIDAD: ESTADOUNIDENSE.- DURACION DEL FIDEICOMISO: 50 AÑOS.-FINES: RESIDENCIAL.- BIEN MATERIA DEL FIDEICOMISO: LOTE NUMERO 55, DE LA MANZANA 1, CON CLAVE CATASTRAL 402-093-001-001-002-055. MEDIDAS Y COLINDANCIAS: AL NOROESTE: 27.97 MTS CON AREA DEL USO COMUN CONDOMINIO 2, SUNSET HILL. AL NOROESTE: 58.24 MTS ON LOTE 54. AL SURESTE: 61.14 MTS CON LOTE 56. AL SUROESTE: 44.87 MTS. CON LOTE 79.- UBICADO EN: EL SUB-REGIMEN DE PROPIEDAD EN CONDOMINIO 2 DENOMINADO "SUNSET HILL" DENTRO DEL REGIMEN MAESTRO DENOMINADO "DIAMANTE CABO SAN LUCAS", DENTRO DEL POLIGONO 3 DENTRO DEL PREDIO LA LAGUNA.- CIUDAD: CABO SAN LUCAS.- MUNICIPIO: LOS CABOS.- ESTADO: BAJA CALIFORNIA SUR.- SUPERFICIE TOTAL: 2186.59 M2.- rubrica.- DISTANCIA A LA ZONA FEDERAL MARITIMA O A LA

COTEJADO

21

*FRONTERA: 1266.00 METROS.- La SECRETARIA DE RELACIONES EXTERIORES, con fundamento en el artículo 11, fracción V, del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras, CONCEDE a SCOTIABANK INVERLAT, S.A., permiso para Modificar el permiso número 2014786 de fecha 08 de abril de 2014, bajo las siguientes:- CONDICIONES.- PRIMERA.- El(los) fideicomisario (s) de conformidad con lo dispuesto por la fracción I, del artículo 27 de la Constitución Política de los Estados Unidos Mexicanos, CONVIENE (N) expresamente ante la SECRETARIA DE RELACIONES EXTERIORES, en considerarse como mexicano (s), respecto del bien materia de fideicomiso, y por lo mismo, en no invocar la protección de su gobierno, bajo la pena en caso de faltar al convenio de renuncia, de perder sus derechos de FIDEICOMISARIO en beneficio de la Nación Mexicana.- SEGUNDA.- Los FINES DEL FIDEICOMISO, derivados del presente permiso, consistirán en que la FIDUCIARIA conserve siempre la titularidad sobre el dominio del (de los) Inmueble(s) fideicomitido(s) y sin conceder DERECHOS REALES, permita el uso y aprovechamiento temporal al fideicomisario o a quienes este (estos) indique (n), para destinarlo (s) a FINES RESIDENCIAL:- 140514097003.- TERCERA.- La FIDUCIARIA, de conformidad con lo que establece el artículo 11, fracción III, del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras, deberá presentar a más tardar en abril de cada año, ante la SECRETARIA DE RELACIONES EXTERIORES, un Informe sobre los fideicomisos autorizados en caso de sustitución fiduciaria, así como de designación , de FIDEICOMISARIO (S) SUSTITUTO (S) o cesión de derechos fideicomisarios en favor de persona (s) física(s) o moral (es) extranjera(s) o de sociedades mexicanas con cláusula de admisión de extranjeros, tratándose de inmuebles adquiridos para fines residenciales; CUARTA.- El o los FIDEICOMISARIO (S) se obliga (n) a informar a la FIDUCIARIA sobre la realización de los fines del fideicomiso y del cumplimiento de las condiciones contenidas en este permiso; QUINTA.- La FIDUCIARIA, se obliga a vigilar e Informar a la SECRETARIA DE RELACIONES EXTERIORES, sobre el cumplimiento de los fines para las cuales se autoriza la constitución del fideicomiso y de las condiciones establecidas en el presente permiso: SEXT A.- De conformidad con lo que señala el artículo 11, fracción IV, segundo párrafo del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras, en caso de incumplimiento o violación a cualquiera de las condiciones que este permiso establece, la FIDUCIARIA contará con un plazo de 60 días hábiles para subsanarlas y corregirlas contados a partir de la fecha de notificación por parte de la SECRETARÍA DE RELACIONES EXTERIORES, de dichas irregularidades; en caso contrario la SECRET ARÍA DE RELACIONES EXTERIORES podrá solicitar a la FIDUCIARIA la extinción del fideicomiso la cual deberá efectuarse dentro de los ciento ochenta días siguientes contados a partir de la fecha de notificación del requerimiento;- SEPTIMA.- En caso de extinción del fideicomiso constituido al amparo*

22



# Lic. Armando Antonio Aguilar Mondragón

NOTARÍA  PÚBLICA

Cabo San Lucas, B.C.S.



*del presente permiso, la FIDUCIARIA deberá dar aviso a la SECRETARIA DE RELACIONES EXTERIORES, dentro de los cuarenta días hábiles siguientes a su fecha de extinción.- OCTAVA.- La fiduciaria deberá obtener permiso previo de la SECRETARIA DE RELACIONES EXTERIORES cuando pretenda ampliar la materia o cambiar los fines del fideicomiso.- NOVENA.- La duración del fideicomiso que se constituya al amparo de este permiso, podrá prorrogarse en los términos del artículo 13 de la Ley de Inversión Extranjera y 12 de su Reglamento, debiendo la FIDUCIARIA. solicitar ante la SECRETARIA DE RELACIONES EXTERIORES la prórroga correspondiente dentro de los noventa días hábiles anteriores a la extinción del contrato.- rubrica.- DECIMA.- El fideicomiso que se constituya al amparo del presente permiso, deberá inscribirse en el Registro Nacional de Inversiones Extranjeras, en los términos que establecen los artículos 32, fracción 111 en relación con el 2º, fracción 11, inciso C) de la Ley de Inversión Extranjera y 41 de su Reglamento.- DECIMA PRIMERA.- Este permiso se condiciona en los términos de su solicitud a que el FIDEICOMISARIO lleve a cabo una inversión de $ Dólares estadounidenses; () en un plazo de 24 meses contados a partir de la fecha de expedición del permiso.- DECIMA SEGUNDA.- La FIDUCIARIA y el (los) FIDEICOMISARIO (S), se obligan a que dentro del (de los) bien (es) que se afecte (n) para cumplir el (los) fin (es) del fideicomiso al amparo de este permiso, no se colocarán bardas, cercas, alambrados o cualquier otro elemento que impida o constituya un obstáculo al libre acceso a la zona federal marítimo terrestre, misma que de conformidad con el artículo 29, fracción V, de la Ley General de Bienes Nacionales, es un bien de uso común. El incumplimiento de esta condición por parte del (los) FIDEICOMISARIO (S), será sancionado en los términos del artículo 97 en relación con los artículos 1º y 2º, fracción I de la Ley invocada, sin perjuicio de lo estipulado en la condición SEXTA del presente permiso.- DECIMA TERCERA.- En los términos del segundo párrafo del artículo 13, de la Ley de Inversión Extranjera, la SECRETARIA DE RELACIONES EXTERIORES se reserva la facultad de verificar en cualquier tiempo, el cumplimiento de los fines del fideicomiso y de las condiciones a que se refiere el presente permiso; en caso de contravenir estos, se reserva la facultad de revocar el permiso otorgado. El uso de este permiso implica su aceptación incondicional y su incumplimiento o violación dará lugar a las sanciones que en el se establecen, independiéntemente de las prescritas por los ordenamientos legales aplicables.-140514097003 .- El otorgamiento de este permiso no exime a el (los) FIDEICOMISARIO (S) FIDEICOMITENTE (S) y FIDUCIARIA, del cumplimiento de los planes y programas de desarrollo urbano y ordenamientos de la localidad en la que se ubique el (los) inmueble (s) ni de los criterios de sustentabilidad de la política ambiental.- El texto integro de este permiso deberá transcribirse en la escritura donde se formalice el fideicomiso que se constituya al amparo del mismo.- Este permiso se otorga con fundamento en el artículo 27, fracción I de la Constitución Política*

COTEJADO

23

*de los Estados Unidos Mexicanos; articulas 10, fracción 11, 11, fracciones I y 11,13 Y 14 de la Ley de Inversión Extranjera; 28, fracción V de la Ley Orgánica de la Administración Pública Federal; 11 y 12 del Reglamento de la Ley de Inversión Extranjera y del Registro Nacional de Inversiones Extranjeras; 14, fracción VI y 33, fracciones VI y XXXII del Reglamento Interior de la Secretaria de Relaciones Exteriores en vigor y Acuerdo por el que se delegan facultades en los servidores públicos de la Secretaria de Relaciones Exteriores que se indican, publicado el 28 de abril de 2005, ambos ordenamientos vigentes. Dado en la Ciudad de México, Distrito Federal a los 14 días del mes de mayo de 2014.-EL SUBDIRECTOR.- Una firma ilegible.- LIC. JOSE ANTONIO SORIANO TRINIDAD*

**E).- PROHIBICIONES LEGALES.-** Para los efectos establecidos en el punto 5.5 de las disposiciones que en materia de fideicomiso emitió el Banco de México, mediante la circular 1/2005, el Fiduciario hace de conocimiento de las demás partes de este Contrato el texto de los siguientes artículos que establecen prohibiciones a la institución fiduciaria en la ejecución de los fideicomisos:---------------------------------

**De la Ley General de Títulos y Operaciones de Crédito:** ----------------------------

**Artículo 382.-** *Pueden ser fideicomisarios las personas que tengan la capacidad necesaria para recibir el provecho que el fideicomiso implica.-----------------------------*

*El fideicomisario podrá ser designado por el fideicomitente en el acto constitutivo del fideicomiso o en un acto posterior.------------------------------------------------------------*

*El fideicomiso será válido aunque se constituya sin señalar fideicomisario, siempre que su fin sea lícito  y determinado, y conste la aceptación del encargo por parte del fiduciario.-------------------------------------------------------------------------------*

*Cuarto párrafo.- Se deroga.------------------------------------------------------------------*

*Las instituciones mencionadas en el artículo 385 de esta Ley podrán reunir la calidad de fiduciarias y fideicomisarias únicamente tratándose de fideicomisos que tengan por fin servir como instrumentos de pago a su favor. En este supuesto, las partes deberán convenir los términos y condiciones para dirimir posibles conflictos de intereses, para lo cual podrán nombrar a un ejecutor o instructor, que podrá ser una institución fiduciaria o cualquier tercero, a fin de que determine el cumplimiento o incumplimiento del contrato para el solo efecto de iniciar el procedimiento de ejecución y para que cumpla los fines del fideicomiso en lo que respecta a la aplicación de los bienes afectos al fideicomiso como fuente de pago de obligaciones derivadas de créditos otorgados por la propia institución.---------------------------------------------------------------------*

**Artículo 394.** Quedan prohibidos: ----------------------------------------------------------

*I. Los fideicomisos secretos; -------------------------------------------------------------*

*II. Aquellos en los cuales el beneficio se conceda a diversas personas sucesivamente que deban substituirse por muerte de la anterior, salvo el caso de que la sustitución se realice en favor de personas que estén vivas o concebidas ya, a la muerte del*

24

 

Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.

*fideicomitente; y* --------------------------------------------------------

*III. Aquellos cuya duración sea mayor de cincuenta años, cuando se designe como beneficiario a una persona moral que no sea de derecho público o institución de beneficencia. Sin embargo, pueden constituirse con duración mayor de cincuenta años cuando el fin del fideicomiso sea el mantenimiento de museos de carácter científico o artístico que no tengan fines de lucro...".* -------------------------------------

**De la Ley de Instituciones de Crédito:** -------------------------------------

**Artículo 106.** *"A las instituciones de crédito les estará prohibido:* -----------------------

*XIX. En la realización de las operaciones a que se refiere la fracción XV del artículo 46 de esta Ley:* ------------------------------------------------------

*a) Derogada;* -----------------------------------------------------------

*b) Responder a los fideicomitentes, mandantes o comitentes, del incumplimiento de los deudores, por los créditos que se otorguen, o de los emisores, por los valores que se adquieran, salvo que sea por su culpa, según lo dispuesto en la parte final del artículo 391 de la Ley General de Títulos y Operaciones de Crédito, o garantizar la percepción de rendimientos por los fondos cuya inversión se les encomiende.*------------------------

*Si al término del fideicomiso, mandato o comisión constituidos para el otorgamiento de créditos, éstos no hubieren sido liquidados por los deudores, la institución deberá transferirlos al fideicomitente o fideicomisario, según sea el caso, o al mandante o comitente, absteniéndose de cubrir su importe.*----------------------------------------

*En los contratos de fideicomiso, mandato o comisión se insertará en forma notoria lo dispuesto en este inciso y una declaración de la fiduciaria en el sentido de que hizo saber inequívocamente su contenido a las personas de quienes haya recibido bienes o derechos para su afectación fiduciaria;* ---------------------------------------

*c) Actuar como fiduciarias, mandatarias o comisionistas en fideicomisos, mandatos o comisiones, respectivamente, a través de los cuales se capten, directa o indirectamente, recursos del público, mediante cualquier acto causante de pasivo directo o contingente, excepto tratándose de fideicomisos constituidos por el Gobierno Federal a través de la Secretaría de Hacienda y Crédito Público, y de fideicomisos a través de los cuales se emitan valores que se inscriban en el Registro Nacional de Valores de conformidad con lo previsto en la Ley del Mercado de Valores;* ---------------

*d) Desempeñar los fideicomisos, mandatos o comisiones a que se refiere el segundo párrafo del artículo 88 de la Ley de Sociedades de Inversión;* ----------------------------

*e) Actuar en fideicomisos, mandatos o comisiones a través de los cuales se evadan limitaciones o prohibiciones contenidas en las leyes financieras;* -------------------------

*f) Utilizar fondos o valores de los fideicomisos, mandatos o comisiones destinados al otorgamiento de créditos, en que la fiduciaria tenga la facultad discrecional, en el otorgamiento de los mismos para realizar operaciones en virtud de las cuales resulten o*

COTEJADO

25

*puedan resultar deudores sus delegados fiduciarios; los miembros del consejo de administración o consejo directivo, según corresponda, tanto propietarios como suplentes, estén o no en funciones; los empleados y funcionarios de la institución; los comisarios propietarios o suplentes, estén o no en funciones; los auditores externos de la institución; los miembros del comité técnico del fideicomiso respectivo; los ascendientes o descendientes en primer grado o cónyuges de las personas citadas, las sociedades en cuyas asambleas tengan mayoría dichas personas o las mismas instituciones, asimismo aquellas personas que el Banco de México determine mediante disposiciones de carácter general.-----------------------------------------------------------*

*g) Administrar fincas rústicas, a menos que hayan recibido la administración para distribuir el patrimonio entre herederos, legatarios, asociados o acreedores, o para pagar una obligación o para garantizar su cumplimiento con el valor de la misma finca o de sus productos, y sin que en estos casos la administración exceda del plazo de dos años, salvo los casos de fideicomisos a la producción o fideicomisos de garantía y; -----*

*h) Celebrar fideicomisos que administren sumas de dinero que aporten periódicamente grupos de consumidores integrados mediante sistemas de comercialización, destinados a la adquisición de determinados bienes o servicios, de los previstos en la Ley Federal de Protección al Consumidor. -----------------------------------------------------*

*Cualquier pacto contrario a lo dispuesto en los incisos anteriores, será nulo...".----------*

**Artículo 142.-** *La información y documentación relativa a las operaciones y servicios a que se refiere el artículo 46 de la presente Ley, tendrá carácter confidencial, por lo que las instituciones de crédito, en protección del derecho a la privacidad de sus clientes y usuarios que en este artículo se establece, en ningún caso podrán dar noticias o información de los depósitos, operaciones o servicios, incluyendo los previstos en la fracción XV del citado artículo 46, sino al depositante, deudor, titular, beneficiario, fideicomitente, fideicomisario, comitente o mandante, a sus representantes legales o a quienes tengan otorgado poder para disponer de la cuenta o para intervenir en la operación o servicio.--------------------------------------------------------------------*

*Como excepción a lo dispuesto por el párrafo anterior, las instituciones de crédito estarán obligadas a dar las noticias o información a que se refiere dicho párrafo, cuando lo solicite la autoridad judicial en virtud de providencia dictada en juicio en el que el titular o, en su caso, el fideicomitente, fideicomisario, fiduciario, comitente, comisionista, mandante o mandatario sea parte o acusado. Para los efectos del presente párrafo, la autoridad judicial podrá formular su solicitud directamente a la institución de crédito, o a través de la Comisión Nacional Bancaria y de Valores.---------*

*Las instituciones de crédito también estarán exceptuadas de la prohibición prevista en el primer párrafo de este artículo y, por tanto, obligadas a dar las noticias o información mencionadas, en los casos en que sean solicitadas por las siguientes*

26

Lic. Armando Antonio Aguilar Mondragón



NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



*autoridades:--------------------------------------------------------------------------------*

*I. El Procurador General de la República o el servidor público en quien delegue facultades para requerir información, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del indiciado; -----------------------*

*II. Los procuradores generales de justicia de los Estados de la Federación y del Distrito Federal o subprocuradores, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del indiciado; ------------------------------*

*III. El Procurador General de Justicia Militar, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del indiciado; -----------------------*

*IV. Las autoridades hacendarias federales, para fines fiscales; ----------------------------*

*V. La Secretaría de Hacienda y Crédito Público, para efectos de lo dispuesto por el artículo 115 de la presente Ley; -----------------------------------------------------------*

*VI. El Tesorero de la Federación, cuando el acto de vigilancia lo amerite, para solicitar los estados de cuenta y cualquier otra información relativa a las cuentas personales de los servidores públicos, auxiliares y, en su caso, particulares relacionados con la investigación de que se trate; -------------------------------------------------------------*

*VII. La Auditoría Superior de la Federación, en ejercicio de sus facultades de revisión y fiscalización de la Cuenta Pública Federal y respecto a cuentas o contratos a través de los cuáles se administren o ejerzan recursos públicos federales;--------------------------*

*VIII. El titular y los subsecretarios de la Secretaría de la Función Pública, en ejercicio de sus facultades de investigación o auditoría para verificar la evolución del patrimonio de los servidores públicos federales.----------------------------------------------------------*

*La solicitud de información y documentación a que se refiere el párrafo anterior, deberá formularse en todo caso, dentro del procedimiento de verificación a que se refieren los artículos 41 y 42 de la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos, y -------------------------------------------------------------------*

*IX. La Unidad de Fiscalización de los Recursos de los Partidos Políticos, órgano técnico del Consejo General del Instituto Federal Electoral, para el ejercicio de sus atribuciones legales, en los términos establecidos en el Código Federal de Instituciones y Procedimientos Electorales. Las autoridades electorales de las entidades federativas solicitarán y obtendrán la información que resulte necesaria también para el ejercicio de sus atribuciones legales a través de la unidad primeramente mencionada.------------*

*Las autoridades mencionadas en las fracciones anteriores solicitarán las noticias o información a que se refiere este artículo en el ejercicio de sus facultades y de conformidad con las disposiciones legales que les resulten aplicables.--------------------*

*Las solicitudes a que se refiere el tercer párrafo de este artículo deberán formularse con la debida fundamentación y motivación, por conducto de la Comisión Nacional Bancaria y de Valores. Los servidores públicos y las instituciones señalados en las*

27

COTEJADO

*fracciones I y VII, y la unidad de fiscalización a que se refiere la fracción IX, podrán optar por solicitar a la autoridad judicial que expida la orden correspondiente, a efecto de que la institución de crédito entregue la información requerida, siempre que dichos servidores o autoridades especifiquen la denominación de la institución, el número de cuenta, el nombre del cuentahabiente o usuario y demás datos y elementos que permitan su identificación plena, de acuerdo con la operación de que se trate.-----------*

*Los empleados y funcionarios de las instituciones de crédito serán responsables, en los términos de las disposiciones aplicables, por violación del secreto que se establece y las instituciones estarán obligadas en caso de revelación indebida del secreto, a reparar los daños y perjuicios que se causen. ------------------------------------------------------*

*Lo anterior, en forma alguna afecta la obligación que tienen las instituciones de crédito de proporcionar a la Comisión Nacional Bancaria y de Valores, toda clase de información y documentos que, en ejercicio de sus funciones de inspección y vigilancia, les solicite en relación con las operaciones que celebren y los servicios que presten, así como tampoco la obligación de proporcionar la información que les sea solicitada por el Banco de México, el Instituto para la Protección al Ahorro Bancario y la Comisión para la Protección y Defensa de los Usuarios de Servicios Financieros, en los términos de las disposiciones legales aplicables.------------------------------------------------------*

*Se entenderá que no existe violación al secreto propio de las operaciones a que se refiere la fracción XV del artículo 46 de esta Ley, en los casos en que la Auditoría Superior de la Federación, con fundamento en la ley que norma su gestión, requiera la información a que se refiere el presente artículo.------------------------------------------*

*Los documentos y los datos que proporcionen las instituciones de crédito como consecuencia de las excepciones al primer párrafo del presente artículo, sólo podrán ser utilizados en las actuaciones que correspondan en términos de ley y, respecto de aquéllos, se deberá observar la más estricta confidencialidad, aun cuando el servidor público de que se trate se separe del servicio. Al servidor público que indebidamente quebrante la reserva de las actuaciones, proporcione copia de las mismas o de los documentos con ellas relacionados, o que de cualquier otra forma revele información en ellos contenida, quedará sujeto a las responsabilidades administrativas, civiles o penales correspondientes.----------------------------------------------------*

*Las instituciones de crédito deberán dar contestación a los requerimientos que la Comisión Nacional Bancaria y de Valores les formule en virtud de las peticiones de las autoridades indicadas en este artículo, dentro de los plazos que la misma determine. La propia Comisión podrá sancionar a las instituciones de crédito que no cumplan con los plazos y condiciones que se establezca, de conformidad con lo dispuesto por los artículos 108 al 110 de la presente Ley.------------------------------------------------*

*La Comisión emitirá disposiciones de carácter general en las que establezca los*

28

 Lic. Armando Antonio Aguilar Mondragón

NOTARÍA **1** PÚBLICA

Cabo San Lucas, B.C.S.



requisitos que deberán reunir las solicitudes o requerimientos de información que formulen las autoridades a que se refieren las fracciones I a IX de este artículo, a efecto de que las instituciones de crédito requeridas estén en aptitud de identificar, localizar y aportar las noticias o información solicitadas. --------------------------------

**De la Circular 1/2005 del Banco de México:** --------------------------------------

*6.1 En la celebración de Fideicomisos, las Instituciones Fiduciarias tendrán prohibido lo siguiente:* --------------------------------------------------------------------------------

*a) Cargar al patrimonio fideicomitido precios distintos a los pactados al concertar la operación de que se trate;* -----------------------------------------------------------------

*b) Garantizar la percepción de rendimientos o precios por los fondos cuya inversión se les encomiende, y* ------------------------------------------------------------------------------

*c) Realizar operaciones en condiciones y términos contrarios a sus políticas internas y a las sanas prácticas financieras.* --------------------------------------------------------------

*6.2 Las Instituciones Fiduciarias no podrán celebrar operaciones con valores, títulos de crédito o cualquier otro instrumento financiero, que no cumplan con las especificaciones que se hayan pactado en el contrato de Fideicomiso correspondiente.--*

*6.3 Las Instituciones Fiduciarias no podrán llevar a cabo tipos de Fideicomiso que no estén autorizadas a celebrar de conformidad con las leyes y disposiciones que las regulan.* ------------------------------------------------------------------------------------

*6.4 En ningún caso las Instituciones Fiduciarias podrán cubrir con cargo al patrimonio fideicomitido el pago de cualquier sanción que les sea impuesta a dichas Instituciones por alguna autoridad.* ----------------------------------------------------------------------

*6.5 En los Fideicomisos de garantía, las Instituciones de Fianzas y las Sofoles no podrán recibir sino bienes o derechos que tengan por objeto garantizar las obligaciones de que se trate.* ----------------------------------------------------------------------------

*6.6 Las Instituciones Fiduciarias deberán observar lo dispuesto en los artículos 106 fracción XIX de la Ley de Instituciones de Crédito, 103 fracción IX de la Ley del Mercado de Valores, 62 fracción VI de la Ley General de Instituciones y Sociedades Mutualistas de Seguros y 60 fracción VI Bis de la Ley Federal de Instituciones de Fianzas, y 16 de la Ley Orgánica de la Financiera Rural, según corresponda a cada Institución.*-------------------------------------------------------------------------------

**F).- TERMINACIÓN ANTICIPADA DEL FIDEICOMISO.-** El **FIDUCIARIO** hace del conocimiento de las partes el texto del siguiente artículo que establece un supuesto de terminación anticipada del Contrato de Fideicomiso:-------------------------------------

Artículo 392 Bis de la Ley General de Títulos y Operaciones de Crédito.--------------------

*En el supuesto de que a la institución fiduciaria no se le haya cubierto la contraprestación debida, en los términos establecidos en el contrato respectivo, por un periodo igual o superior a tres años, la institución fiduciaria podrá dar por terminado,*

29

COTEJADO

*sin responsabilidad, el fideicomiso. ----------------------------------------------------*

*En el supuesto a que se refiere el párrafo anterior, la institución fiduciaria deberá notificar al fideicomitente y al fideicomisario su decisión de dar por terminado el fideicomiso por falta de pago de las contraprestaciones debidas por su actuación como fiduciario y establecer un plazo de quince días hábiles para que los mismos puedan cubrir los adeudos, según corresponda. En el caso de que, transcurrido el citado plazo, no se hayan cubierto las contraprestaciones debidas, la institución fiduciaria transmitirá los bienes o derechos en su poder en virtud del fideicomiso, al fideicomitente o al fideicomisario, según corresponda. En el evento de que, después de esfuerzos razonables, la institución fiduciaria no pueda encontrar o no tenga noticias del fideicomitente o fideicomisario para efectos de lo anterior y siempre que haya transcurrido el plazo señalado sin haber recibido la contraprestación correspondiente, estará facultada para abonar los referidos bienes, cuando éstos se traten de recursos líquidos entre las opciones disponibles que maximicen la recuperación, a la cuenta global de la institución a que se refiere el artículo 61 de la Ley de Instituciones de Crédito, en cuyo caso los mencionados recursos se sujetarán a las disposiciones aplicables a la citada cuenta global. Tratándose de bienes que no sean recursos líquidos, la institución fiduciaria, sin responsabilidad alguna, estará facultada para enajenar los mismos y convertirlos en recursos líquidos, para su posterior abono en la cuenta global en los términos señalados. Contra los recursos líquidos que se obtengan, podrán deducirse los gastos relacionados con la recuperación. -------------------------*

*Para efectos de este artículo se entenderá que se realizaron esfuerzos razonables por parte de la institución fiduciaria cuando se observe el procedimiento de notificación previsto en el artículo 1070 del Código de Comercio...". ------------------------------*

**III.-** Declara el **FIDEICOMISARIO** por conducto de su Administrador Unico bajo protesta de decir verdad: --------------------------------------------------------------

**a).-** Que conoce los términos y condiciones del presente contrato y están de acuerdo con su contenido, el cual se otorga en cumplimiento y ejecución del cualesquier contrato promisorio o acuerdo celebrado con el **FIDEICOMITENTE.** --------------------

**b).-** Que a la fecha no cuenta con Registro Federal de Contribuyentes (R.F.C.) por ser una empresa de nacionalidad estadounidense ------------------------------------------

**c).-** Que ha inspeccionado el estado y las condiciones actuales del **INMUEBLE** manifestando su conformidad con el estado del mismo y que estando conforme con el precio fijado está dispuesto a celebrar el presente contrato. ----------------------------

**d).-** Que ha recibido en cumplimiento de lo ordenado en el tercer párrafo del artículo veintitrés de la Ley sobre el Régimen de Propiedad en Condominio del Estado de Baja California Sur, copia de la Constitución del Régimen de Propiedad en Condominio y del Subrégimen de Propiedad en Condominio al que pertenece el bien Inmueble objeto del



### Lic. Armando Antonio Aguilar Mondragón



**NOTARÍA ◁ 1 ▶ PÚBLICA**

Cabo San Lucas, B.C.S.

presente instrumento y su Reglamento, documentos que han quedado indicados en Declaración Primera inciso B) numeral (x) y (xi) manifestando su conformidad y aceptación a los términos, condiciones y restricciones ahí descritas que afectan al Inmueble. -----------------------------------------------------------------

**e).-** Que el **FIDUCIARIO** le ha explicado en forma inequívoca el valor y consecuencias legales de los preceptos legales que más adelante se transcriben en el clausulado de este Contrato, incluyendo lo dispuesto en el inciso b) de la fracción XIX del artículo 106 de la Ley de Instituciones de Crédito, así como del alcance y contenido de este Contrato. -----------------------------------------------------------------

**f).-** Que conoce el **INMUEBLE** materia del presente instrumento y el estado en el que se encuentra, y acepta el mismo en las condiciones en que se encuentra al momento de firma del presente instrumento.----------------------------------------------------------------

**g).-** La celebración del presente Fideicomiso, la consumación de las operaciones contempladas en el presente Fideicomiso y el cumplimiento de las obligaciones a su cargo bajo el mismo, no violan, contravienen, incumplen ni constituyen un incumplimiento bajo ningún contrato, acuerdo, instrumento o compromiso del cual es parte, sus activos, propiedades o derechos que sean parte de los mismos, o los cuales se encuentren gravados o de alguna otra forma limitados o afectados.-------------------

**h).-** Según es de su conocimiento, a la fecha del presente Fideicomiso, no existen **(i)** acciones, demandas, reclamaciones, juicios, investigaciones, arbitrajes u otros procedimientos pendientes o probables en su contra que afecten su capacidad para cumplir con sus obligaciones bajo el presente Fideicomiso; ni **(ii)** juicios pendientes, órdenes, decretos, escritos, órdenes judiciales, decisiones, o adjudicaciones, opiniones ni laudos que de alguna manera afecte su capacidad para cumplir con sus obligaciones bajo el presente fideicomiso.---------------------------------------------------------

**i).-** Ha leído el presente Fideicomiso y sus anexos y está consciente de su contenido y consecuencias legales. -----------------------------------------------------------------

**j).-** Acepta y reconoce que la celebración del presente contrato lo obliga a entregar al **FIDUCIARIO,** cuando éste lo solicite, la actualización de la información y los documentos requeridos por dicho **FIDUCIARIO** para la integración del expediente respectivo, de acuerdo a sus Políticas de Identificación y Conocimiento de Clientes.-----

**k).-** En virtud de la celebración del presente Fideicomiso, reconoce que no existe otras declaraciones adicionales a las realizadas por escrito y con base en las cuales el **FIDEICOMISARIO** ha tomado la decisión de celebrar el presente Fideicomiso.----------

**l).-** Que el dinero con que realiza y acuerda el pago de la presente operación misma de la cual el FIDUCIARIO SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT no ha sido parte, ha sido obtenido de fuentes lícitas, producto de sus actividades realizadas dentro del

31

**COTEJADO**

marco de la ley y que no existe conexión alguna entre el origen, procedencia o destino de los recursos en comento o que se hayan generado derivados de actividades ilícitas o de apoyo a grupos terroristas, por lo que desde este momento está de acuerdo en liberar al suscrito Notario y al FIDUCIARIO SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT de toda responsabilidad que en su caso pudiera existir, frente a cualquier autoridad judicial y/o administrativa por la procedencia de dichos recursos con los que se paga cualquier aportación o contraprestación derivada del mismo.---------------------

**n).-** Que acepta y reconoce que como consecuencia de la transmisión del inmueble aquí estipulado, es sujeto responsable del pago del Impuesto sobre Adquisición de Inmuebles en términos de la Ley de Hacienda para el Municipio de Los Cabos, el cual será enterado a través del Suscrito Notario ante la oficina de recaudación municipal correspondiente posterior a la firma del presente instrumento, sin responsabilidad alguna para el Fiduciario. ---------------------------------------------------------------

Así mismo manifiesta su conocimiento que no se causa Impuesto al Valor Agregado en términos de la Ley de la materia al tratarse de un inmueble destinado a fines residenciales. ---------------------------------------------------------------------------

**IV.-** Declaran el **FIDEICOMITENTE** y el **FIDEICOMISARIO** de común acuerdo bajo protesta de decir verdad: ------------------------------------------------------------

**a).-** Que reconocen que entre el **FIDEICOMITENTE**, el **FIDEICOMISARIO**, el **FIDUCIARIO** y el suscrito Notario no existe relación de negocios por tratarse de un acto ocasional, normal y de prestación de servicios de fe pública en estricto apego a la Ley del Notariado vigente en el Estado de Baja California Sur.-----------------------------

**b).-** Que el dinero con que realizan y acuerda el pago de la presente operación misma de la cual el **FIDUCIARIO** no ha sido parte, ha sido obtenido de fuentes lícitas, producto de sus actividades realizadas dentro del marco de la ley y que no existe conexión alguna entre el origen, procedencia o destino de los recursos en comento o que se hayan generado derivados de actividades ilícitas o de apoyo a grupos terroristas, por lo que desde este momento está de acuerdo en liberar al suscrito Notario de toda responsabilidad que en su caso pudiera existir, frente a cualquier autoridad judicial y/o administrativa por la procedencia de dichos recursos con los que se paga cualquier aportación o contraprestación derivada del mismo.---------------------

**c).-** Que el pago de la contraprestación acordada entre el **FIDEICOMITENTE** y el **FIDEICOMISARIO** sin intervención alguna del **FIDUCIARIO** es la cantidad de **$200,000.00 USD (DOS CIENTOS MIL DOLARES 00/100, MONEDA DE CURSO LEGAL EN LOS ESTADOS UNIDOS DE AMÉRICA)** habiéndose convenido un tipo de cambio de 13.2659 pesos equivalentes a **$2,653,180.00 (DOS MILLONES SEISCIENTOS CINCUENTA Y TRES MIL CIENTO OCHENTA PESOS 00/100**





**MONEDA NACIONAL)**, cantidad que fue pagada mediante transferencia electrónica de fondos, recibido en la cuenta personal número 2 0000 5829 2732 de DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE.------ **d).-** Que cuentan con las facultades necesarias para el otorgamiento de la presente escritura, y que su personalidad no le ha sido revocada ni modificada de forma alguna.- **e).-** Que comparecen por su propio derecho, voluntad y sin actuar en nombre o por cuenta de terceros en términos Ley Federal para la Prevención e Identificación de Operaciones con Recursos de Procedencia Ilícita, por lo que no existe un "beneficiario controlador" o "dueño beneficiario" ó "proveedor de recursos", según sea el caso, distinto a ellos, por ser quienes se benefician de manera directa e individual de los actos que se contienen en el presente instrumento, salvo las representaciones que por virtud de mandato o la propia representación legal pudiesen existir.---------------------- **V.-** La sociedad denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** en su carácter de fideicomitente y fideicomisario en segundo lugar del fideicomiso de garantía número F/00321, por conducto de su apoderado Licenciado FERNANDO MANUEL GARCIA CAMPUZANO, manifiesta bajo protesta de decir verdad, en conjunto con el fiduciario del citado fideicomiso, contar con las instrucciones necesarias de parte del Fideicomisario en Primer Lugar en términos de cláusula cuarta incisos (j) y (k) relativa a los fines del fideicomiso en garantía insertas en el antecedente II (segundo romano) de esta escritura, para estar en posibilidades de otorgar la presente escritura, bajo la responsabilidad ante el Fiduciario, Fideicomisario y el suscrito Notario Público de cualquier perjuicio que esto pudiera causar.----------------------------------------------- **VI.-** Exponen los comparecientes, bajo protesta de decir verdad, que cuentan con las facultades necesarias para el otorgamiento de la presente escritura, y que sus personalidades no les han sido revocadas ni modificadas de forma alguna.--------------- **VII.-** Las partes aceptan y reconocen que la celebración del presente contrato los obliga a entregar al **FIDUCIARIO**, cuando éste lo solicite, la actualización de la información y los documentos requeridos por dicho **FIDUCIARIO** para la integración del expediente respectivo, de acuerdo a sus Políticas de Identificación y Conocimiento de Clientes.----------------------------------------------------------------------------- **VIII.-** Las partes aceptan y reconocen que una vez autorizado en definitiva el presente instrumento, recibirán del Suscrito Notario el Testimonio correspondiente. Declaración que hacen para todos los efectos legales a que haya lugar, liberando de cualquier obligación y/o responsabilidad al **FIDUCIARIO.**----------------------------------------------- Expuesto lo anterior, los comparecientes otorgan las siguientes: ------------------------- ----------------------------------------- **CLAUSULAS** ----------------------------------------- --------------------------------- **CAPITULO PRIMERO** ----------------------------------

33

------------ LIBERACION PARCIAL DE LA GARANTÍA FIDUCIARIA Y --------------

------------------ EXTINCIÓN PARCIAL DEL FIDEICOMISO F/00321 -----------------

----------- DE LA EXTINCIÓN PARCIAL DE LA GARANTÍA FIDUCIARIA -----------

**PRIMERA.- CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (anteriormente THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), únicamente en su calidad de fiduciario del fideicomiso traslativo de dominio e irrevocable de garantía número F/00321 actuando por instrucciones de su fideicomisario en primer lugar, representado en este acto por conducto de su apoderado especial la sociedad mercantil **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, a su vez representada por su apoderado general señor FERNANDO MANUEL GARCIA CAMPUZANO, en este acto **LIBERA PARCIALMENTE LA GARANTÍA FIDUCIARIA** que existe a favor del Fideicomisario en Primer Lugar la empresa DANSKE BANK A/S, LONDON BRANCH, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, única y exclusivamente respecto el **INMUEBLE** relacionado en la Declaración Primera inciso A), cuya superficie, medidas, colindancias y demás características, se dan aquí por totalmente reproducidos como si se insertasen a la letra, incluyendo todo cuanto de hecho y por derecho le corresponda y los respectivos porcentajes de pro indivisos. ----------------------------------------------------------------

En virtud de lo anterior, el Inmueble objeto del presente instrumento se encuentra libre de todo limitación de dominio, gravamen o responsabilidad de cualquier tipo, en el entendido que la presente cancelación se otorga en cumplimiento a la Cláusula cuarta incisos (j) del fideicomiso relativa a los fines del Fideicomiso de Origen, relacionado en el Antecedente II (segundo romano) del presente instrumento, autorizándose al Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, para que proceda a efectuar las anotaciones y tildaciones correspondientes, sin responsabilidad alguna para el suscrito Notario Público y en el entendido que la liberación parcial de la Garantía Fiduciaria que por este instrumento se formaliza no modifica ni debe considerarse novación con respecto del Fideicomiso de Origen permaneciendo vigente en todas sus cláusulas y estipulaciones en él acordadas. --------

**SEGUNDA.- DE LA EXTINCIÓN PARCIAL DE FIDEICOMISO.-** Como consecuencia de la afectación del **INMUEBLE** a que se refiere el Capítulo Segundo del presente instrumento, **CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (anteriormente THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo



Lic. Armando Antonio Aguilar Mondragón

NOTARÍA  PÚBLICA

Cabo San Lucas, B.C.S.

Financiero, División Fiduciaria), representado en este acto por conducto de la sociedad **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, a su vez por su propio derecho y representada por su apoderado general Licenciado FERNANDO MANUEL GARCÍA CAMPUZANO, en su carácter de fiduciario del fideicomiso en garantía número F/00321 actuando única y exclusivamente según su declaración bajo protesta, por instrucciones expresas de su fideicomisario en primer lugar   y fideicomisario en segundo lugar, en este acto, **EXTINGUE PARCIALMENTE** el Contrato de Fideicomiso Traslativo de Dominio e Irrevocable de Garantía y Administración identificado con el número F/00321, **ÚNICA Y EXCLUSIVAMENTE** respecto del **INMUEBLE**, el cual ha quedado descrito y deslindado en la <u>Declaración Primera inciso A)</u>, cuya superficie, medidas y colindancias se tienen aquí por reproducidas como si se insertasen a la letra, incluyendo todo cuanto de hecho y por derecho le corresponda y los respectivos porcentajes de pro indivisos. ------------
De manera expresa se autoriza para que se realicen las anotaciones correspondientes en el Registro Público de la Propiedad de los actos aquí consignados. Así mismo, manifiesta haber recibido de su propio fideicomisario los gastos y honorarios originados en el lapso en que se actúo como fiduciario en el fideicomiso, por lo que por este conducto extiende el recibo más amplio que en derecho proceda. -----------------------
**TERCERA.- FINIQUITO.-** En términos del Fideicomiso Traslativo de Dominio e Irrevocable de Garantía identificado con el número F/00321 y habiéndose cumplido todas sus formalidades, en este acto la sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, a través de su apoderado legal señor FERNANDO MANUEL GARCÍA CAMPUZANO releva de toda responsabilidad y otorga el FINIQUITO más amplio que en derecho proceda a favor de **CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (antes THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria) por el desempeño del cargo fiduciario en cuanto de las obligaciones y responsabilidades derivadas del contrato de Fideicomiso F/00321 de referencia y relacionadas con el Inmueble materia de esta escritura, manifestando expresamente su plena conformidad respecto a la administración, vigilancia y manejo del mismo por parte de dicho Fiduciario, desde la fecha de su constitución hasta la fecha de firma de esta escritura, extendiéndole en este acto el más amplio y definitivo finiquito que en derecho proceda, renunciando expresamente a cualquier acción en su contra presente o futura que pudiera corresponderle, por lo que en caso de conflicto se sacará en paz y a salvo al propio Fiduciario, a sus accionistas, administradores, directores, funcionarios, delegados fiduciarios, representantes y/o empleados en contra

35

COTEJADO

de cualquier reclamación, acción, demanda, denuncia, requerimiento y/o litigio ya sea de carácter civil, laboral, penal, administrativo o de cualquier otra índole (incluyendo los honorarios razonables de abogados) interpuesto en su contra, con relación a, o como consecuencia de actos llevados a cabo en ejecución o cumplimiento de los Fines del Fideicomiso número F/00321, o la defensa del Patrimonio Fideicomitido, derivados de la transmisión de propiedad en ejecución parcial del fideicomiso que en este acto se extingue parcialmente. --------------------------------------------------------------------------

------------------------------------**CAPÍTULO SEGUNDO** ----------------------------

-- DEL FIDEICOMISO IRREVOCABLE TRASLATIVO DE DOMINIO --------------------

**PRIMERA.- CONSTITUCIÓN DEL FIDEICOMISO.- CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (anteriormente THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), con el carácter de **FIDEICOMITENTE**, únicamente en su calidad de fiduciario del fideicomiso traslativo de dominio e irrevocable de garantía número F/00321 actuando por instrucciones de su fideicomisario en primer lugar representado en este acto por conducto de su apoderado especial la sociedad mercantil **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, a su vez representada por su apoderado general señor FERNANDO MANUEL GARCIA CAMPUZANO para los fines que más adelante se establecen, afecta en **FIDEICOMISO IRREVOCABLE TRASLATIVO DE DOMINIO EN ZONA RESTRINGIDA**, (en lo sucesivo el **"FIDEICOMISO"**) y transmite AD-CORPUS a **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT**, con el carácter de **FIDUCIARIO**, la propiedad libre de todo gravamen limitación de dominio o cualquier tipo de responsabilidad, del inmueble identificado como **LOTE NUMERO (55) CINCUENTA Y CINCO, MANZANA (1) UNO**, del Sub-régimen de Propiedad en Condominio (2) dos denominado **"SUNSET HILL"**, dentro del Régimen Maestro denominado **DIAMANTE CABO SAN LUCAS**, ubicado en Cabo San Lucas, Baja California Sur, con clave catastral número **402-093-001-001-002-055**, con una superficie de (2,186.59 M2) dos mil ciento ochenta y seis punto cincuenta y nueve metros cuadrados, en la declaración primera, inciso a) de esta escritura (en adelante el "INMUEBLE") cuya superficie, medidas y colindancias se tienen aquí por reproducidas como si se insertasen a la letra, con todo cuanto de hecho y por derecho le corresponda al **INMUEBLE**, y sin reserva ni limitación alguna de acuerdo con lo dispuesto en los artículos setecientos cincuenta y dos mil doscientos noventa del Código Civil del Distrito Federal y sus correlativos del Código Civil del Estado de Baja California Sur. --------------------------------------------------------------

36



Lic. Armando Antonio Aguilar Mondragón

NOTARÍA ◁❶▷ PÚBLICA

Cabo San Lúcas, B.C.S.



La propiedad del **INMUEBLE** se transmite al **FIDUCIARIO** libre de todo gravamen, limitacion de dominio y responsabilidad, y al corriente en el pago de sus obligaciones fiscales. -------------------------------------------------------------------------

Las partes convienen en que el **FIDUCIARIO** no asume responsabilidad alguna si el **INMUEBLE** tiene superficie o medida diferente a la señalada en la Declaración Primera inciso a) del presente instrumento y no asume obligación ni responsabilidad incluyendo de pago o de obligaciones fiscales o contribuciones respecto al mismo ya que no recibe por este concepto contraprestación alguna. ----------------------------------------------

En atención a lo anterior, el **FIDEICOMISARIO** acepta adquirir **EL INMUEBLE** con las características y estado de conservación que presenta, bajo su más estricta responsabilidad.----------------------------------------------------------------

**SEGUNDA.- TRANSMISION SIN LIMITACIÓN ALGUNA.-** El inmueble materia de la presente operación, a la que se alude en la cláusula primera de esta escritura, pasa a poder del **FIDUCIARIO**, para el cumplimiento de los Fines del Fideicomiso, de la siguiente manera:---------------------------------------------------------------

a).- Sin limitación alguna en su dominio.------------------------------------------

b).- Sin gravamen de ninguna especie, tal como se acredita con el certificado de gravamen relacionado en el antecedente C) de la presente escritura.--------------------

c).- Que el **INMUEBLE** se encuentra al corriente en el pago de todas sus contribuciones, derechos y servicios, por lo que toda diferencia de impuestos, derechos y cualquier adeudo sea fiscal, mercantil, civil, laboral, etcétera, que se hubiere causado antes de la entrega de la posesión del inmueble objeto de esta operación el fiduciario no será responsable de forma alguna.-------------------------------------------

d).- Con todo cuanto de hecho y por derecho le corresponde al mismo, de conformidad con lo que se establece en las escrituras de constitución del **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS y SUBCONDOMINIO 2 SUNSET HILL**, que se han relacionado en la Declaración Primera inciso B) numerales (x) y (xi); de la Ley respectiva, de la escrituras constitutivas de dichos Regímenes y, de sus respectivos Reglamentos y Guías de Construcción y Diseño.------------------------------------

**TERCERA.- DESIGNACIÓN DE FIDEICOMISARIO.-** El **FIDEICOMITENTE** designa irrevocablemente como **FIDEICOMISARIO** del presente contrato a la empresa estadounidense **SH55, LLC** de los derechos fideicomisarios, quien a través de su administrador único el señor KENNETH ABOUD JOWDY también conocido como KENNETH A. JOWDY acepta su designación y se obliga en los términos del presente contrato. El **FIDEICOMITENTE** por conducto de su apoderado en este acto hace entrega directamente de la posesión del **INMUEBLE** a dicho **FIDEICOMISARIO** por conducto de su administrador único y este recibe la posesión de **EL INMUEBLE** por conducto de su administrador único.--------------------------------------------

37



COTEJADO

Al efecto, se le concede al **FIDEICOMISARIO** designado el derecho de uso y aprovechamiento del **INMUEBLE**, en el entendido de que la designación de **FIDEICOMISARIO**, de ninguna manera constituye un derecho de propiedad sobre el mismo. ------------------------------------------------------------------------------------

Las partes están de acuerdo en que el **FIDEICOMISARIO** tendrá la tenencia material del bien **INMUEBLE** que conforma el patrimonio del presente Fideicomiso bajo la absoluta responsabilidad de el **FIDEICOMISARIO**, asumiendo la obligación de efectuar los pagos relacionados con servicios, derechos y demás contribuciones que fueren necesarias conforme a la ley o a las disposiciones federales, estatales o municipales, incluyendo el Impuesto Predial, que se deriven o se refieran al **INMUEBLE**, todo ello sin ninguna responsabilidad para el **FIDUCIARIO**.------------------------------------------

Queda expresamente estipulado que el Fiduciario no tendrá responsabiliada alguna derivada de la posesión, de la entrega material a quien corresponda, situación registral o catastral del inmueble, lo cual será responsabilidad exclusiva de el **FIDEICOMISARIO**.-----------------------------------------------------------------------

**CUARTA.- CONVENIO DEL FIDEICOMISARIO CON LA SECRETARIA DE RELACIONES EXTERIORES PARA CONSIDERARSE COMO MEXICANO.**-------------

En los términos del artículo 11 (once) del Reglamento de la Ley de Inversión Extranjera y en cumplimiento a lo establecido en las condiciones del Permiso concedido por la Secretaría de Relaciones Exteriores, relacionado en la Declaración II (dos romano) inciso d) de este instrumento, El FIDEICOMISARIO de conformidad con lo dispuesto en la Fracción I (uno romano) del Artículo 27 (veintisiete) de la Constitución Política de los Estados Unidos Mexicanos, conviene expresamente ante la Secretaría de Relaciones Exteriores, en considerarse mexicano respecto de los derechos adquiridos sobre el inmueble fideicomitido, y en no invocar la protección de su Gobierno, bajo la pena en caso de faltar a su convenio de renuncia, de perder sus derechos de FIDEICOMISARIO en beneficio de la Nación Mexicana. Asimismo, se estará a lo dispuesto en el párrafo que antecede, respecto de cualquier extranjero que tenga o llegaré a tener algún interés o participación en el presente contrato de Fideicomiso.---------------------------

Por el acto de suscribir y/o adherirse al presente contrato de FIDEICOMISO, el FIDEICOMISARIO se compromete a lo siguiente: -----------------------------------------

I.- El **FIDEICOMISARIO** conviene en considerarse como mexicano respecto a los derechos que le derivan del presente **FIDEICOMISO**, y a no invocar, por lo mismo, la protección de su gobierno, bajo la pena, en caso contrario, de perder dichos derechos en beneficio de la Nación Mexicana.--------------------------------------------------

II.- En caso de que la superficie del **INMUEBLE** sea igual o exceda los 2,000.00 m2 (dos mil metros cuadrados), el **FIDEICOMISARIO** se obliga a realizar sobre el mismo la inversión correspondiente a la cual se condicionó el otorgamiento del Permiso, en un



Lic. Armando Antonio Aguilar Mondragón



NOTARÍA ◆1◆ PÚBLICA

Cabo San Lucas, B.C.S.



plazo de 24 (veinticuatro) meses contados a partir de la fecha de expedición del mismo. --------------------------------------------------------------------------

III.- El **FIDEICOMISARIO** se obliga a informar al **FIDUCIARIO** sobre el cumplimiento de los fines y de las condiciones contenidas en el Permiso, para que éste a su vez, esté en posibilidad de cumplir con su obligación de informar a la Secretaría de Relaciones Exteriores sobre el particular, cuando sea requerido para ello. ---------------------------

IV.- En caso de incumplimiento o violación a cualquiera de las condiciones establecidas en el Permiso correspondiente, se contará con un plazo de 60 (sesenta) días hábiles contados a partir de la fecha de la notificación que la Secretaría de Relaciones Exteriores haga al **FIDUCIARIO** de dichas irregularidades, para subsanarlas o corregirlas; en caso de no hacerlo, se deberá extinguir el **FIDEICOMISO** a petición de la Secretaría de Relaciones Exteriores, dentro de un plazo de 180 (ciento ochenta) días contados a partir de la fecha de notificación del requerimiento. ---------------------------

V.- El **FIDEICOMISARIO** se compromete a no colocar en el **INMUEBLE**, bardas, cercas, alambrados o cualquier otro elemento que impida o constituya un obstáculo al libre acceso a la zona federal marítima terrestre, misma que es un bien de uso común. El incumplimiento de esta condición por parte de el **FIDEICOMISARIO** será sancionado, sin perjuicio de lo estipulado en el punto anterior.---------------------------

VI.- El Permiso concedido no exime del cumplimiento de los planes y programas de desarrollo urbano y ordenamiento ecológico de la localidad en la que se ubique el **INMUEBLE**, ni de los criterios de sustentabilidad de la política ambiental.---------------

VII.- El presente **FIDEICOMISO**, deberá inscribirse en el Registro Nacional de Inversiones Extranjeras, para lo cual, el **FIDEICOMISARIO** se obliga a proveer al **FIDUCIARIO** de los recursos necesarios para tal efecto.---------------------------------

**QUINTA.- DESIGNACIÓN DE FIDEICOMISARIO SUSTITUTO**.- En virtud de que el **FIDEICOMISARIO** es persona moral, en este acto no se hace designación de **FIDEICOMISARIOS SUSTITUTOS**. ----------------------------------------------------

El **FIDEICOMISARIO** queda facultada por el **FIDEICOMITENTE** para que libre y exclusivamente sobre los derechos fideicomisarios que le correspondan, revoque la designación de Fideicomisarios Sustitutos y en su caso designe nuevo Fideicomisarios Sustitutos cuantas veces lo considere conveniente, lo cual deberán efectuarlo personalmente por escrito y siguiendo las mismas formalidades que se establecen en la Cláusula **Décima Primera** y **Décima Sexta** del presente contrato, misma facultad que el **FIDEICOMISARIO** del presente instrumento podrá transmitir a terceros que adquieran la calidad de fideicomisario(s) únicamente en el supuesto de cesión derechos fideicomisarios. --------------------------------------------------------------------

En caso de que en un futuro el, los o la **FIDEICOMISARIA** llegara a ser una persona física, y hayan designado fideicomisarios sustitutos para el caso de su fallecimiento de

39

realizarse el supuesto de fallecimiento de alguno de los **FIDEICOMISARIOS** el **FIDUCIARIO** deberá ser notificado del mismo por el **FIDEICOMISARIO SUSTITUTO**, por escrito y exhibiéndose el original de la copia certificada del acta de defunción correspondiente, y en caso que el fallecimiento ocurra en el extranjero, dicho documento deberá ser exhibido debidamente legalizado y traducido al idioma español por perito traductor autorizado, para poder reconocer a los **FIDEICOMISARIOS SUSTITUTOS** como **FIDEICOMISARIOS**.---------------------------------------------------

Los **FIDEICOMISARIOS SUSTITUTOS** a partir de que ocurra el fallecimiento de los **FIDEICOMISARIOS** y esto sea debidamente notificado y acreditado ante el **FIDUCIARIO**, gozarán de todos los derechos y asumirán todas las obligaciones que este contrato concede a los **FIDEICOMISARIOS**, por lo que en tanto esto no ocurra, los **FIDEICOMISARIOS SUSTITUTOS** no adquirirán derecho alguno respecto al presente Fideicomiso ni respecto a su patrimonio. -----------------------------------

En el caso de que el **FIDEICOMISARIO** ceda o transmita por cualquier acto los derechos que a su favor se derivan del presente Fideicomiso a favor de terceros, la designación de **FIDEICOMISARIO SUSTITUTO** que hicieran quedará revocada automáticamente sin necesidad de procedimiento previo o posterior alguno. ------------

Al momento, en que los fideicomisarios sustitutos sean reconocidos como fideicomisarios del presente contrato, en los términos del párrafo anterior, podrán designar a la o las personas que se convertirán en sus **FIDEICOMISARIOS SUSTITUTOS** respecto los derechos fideicomisarios adquiridos, y proporcionar al **FIDUCIARIO** los datos generales de identificación y copia de sus identificaciones oficiales de los mismos, a efecto de que el **FIDUCIARIO** los considere como tales para todos los efectos legales.--------------------------------------------------------------

En caso de fallecimiento del **FIDEICOMISARIO**, cuando éste sea persona física, sin que haya designado **FIDEICOMISARIOS SUSTITUTOS**, el **FIDUCIARIO** reconocerá a sus causahabientes después de cumplimentado alguno de los siguientes procedimientos: -----

I.- Se deberá seguir el juicio sucesorio, en su país de origen. ---------------------------

Adjudicados los derechos fideicomisarios del Fideicomiso conforme al punto anterior, en caso que dichos fideicomisarios hayan sido adjudicados por un Juez en el extranjero, será necesario que los legítimos herederos cumplan con el procedimiento judicial que las leyes mexicanas establecen; es decir, deberá solicitarse mediante carta rogatoria (exhorto) al Juez Nacional que dé cumplimiento a la sentencia pronunciada, en el extranjero, en este caso, el Juez Nacional resolverá si ordena o no el cumplimiento de la misma (artículos 587 quinientos ochenta y siete, 588 quinientos ochenta y ocho y 590 quinientos noventa del Código de Procedimientos Civiles del Estado de Baja California Sur y sus correlativos, en los demás Estados de la República). En caso de que la resolución fuere favorable, ésta deberá protocolizarse ante Notario Público e



## Lic. Armando Antonio Aguilar Mondragón



NOTARÍA ◁ 1 ▷ PÚBLICA

Cabo San Lucas, B.C.S.



inscribirse, en el Registro Público de la Propiedad y del Comercio, según corresponda. - Una vez protocolizada la resolución que dicte el Juez Nacional, el **FIDUCIARIO** estará, en posibilidad de modificar con la comparecencia de(l) nuevo(s) FIDEICOMISARIO(S), el presente contrato de Fideicomiso, registrando al nuevo o a los nuevos FIDEICOMISARIOS; ------------------------------------------------------------------

**II.-** Se deberá seguir, en México el juicio sucesorio que corresponda, en los términos de la legislación Mexicana. ------------------------------------------------------------

En caso de que se decida por este último procedimiento, su resultado deberá también protocolizarse ante Notario Público y hasta ese momento se podrá modificar el contrato, reconociendo los derechos del o los nuevos Fideicomisarios. -------------------

**SEXTA.- DE LAS PARTES.-** Son partes en el presente Fideicomiso:---------------------

FIDEICOMITENTE: **CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE** (anteriormente THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como fiduciario del fideicomiso F/00321). ---

NACIONALIDAD: Mexicana.-------------------------------------------------------------

FIDUCIARIO: **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISION FIDUCIARIA.** ---------------------------------------------------------------------

NACIONALIDAD: Mexicana.-------------------------------------------------------------

FIDEICOMISARIOS: La sociedad extranjera **SH55, LLC.**-----------------------------------

NACIONALIDAD: Estadounidense.------------------------------------------------------

**SEPTIMA.- SANEAMIENTO PARA EL CASO DE EVICCIÓN.-** La sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** se obliga al saneamiento para el caso de evicción conforme a lo establecido en la cláusula Décima Séptima del contrato de FIDEICOMISO TRASLATIVO DE DOMINIO E IRREVOCABLE DE GARANTÍA Número F/00321 relacionado en la Declaración Primera inciso II (segundo romano) del presente instrumento en los términos de Ley, respecto del **INMUEBLE**, y por la existencia de cualquier adeudo o gravamen anterior a la celebración del presente contrato de **FIDEICOMISO**, que pueda afectar a el **INMUEBLE**. Dicha obligación la asume frente al **FIDUCIARIO**, y el **FIDEICOMISARIO**, así como sus cesionarios o causahabientes, y faculta al **FIDUCIARIO** para obligarle en dichos términos ante la persona o personas a quienes en su caso transmita la propiedad de EL **INMUEBLE**.--------------------------

El **FIDUCIARIO** no será responsable en forma alguna frente a terceros, incluyendo aquellos a quienes llegare a trasmitir la propiedad de EL **INMUEBLE**, por defectos, falta de legitimidad, vicios de los títulos o escrituras de propiedad que amparan el mismo, o por las impugnaciones que se hicieren de los derechos de propiedad al presente **FIDEICOMISO**.------------------------------------------------------------------

41

COTEJADO

Por tanto, bastará la firma del **FIDUCIARIO** en la escritura de transmisión de EL **INMUEBLE**, para que automáticamente sean a cargo la sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** todas las obligaciones que por dicho concepto se deriven, y en este acto libera expresamente al **FIDUCIARIO** de toda obligación y/o responsabilidad al respecto. -----------------------------------------------------------

La sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** se obliga a indemnizar por daños y perjuicios y a sacar en paz y a salvo al **FIDUCIARIO**, y el **FIDEICOMISARIO** contra cualquier daño o perjuicio que resulte de cualquier gravamen, limitación de dominio, afectación o cualquier otra restricción en la propiedad, uso y/o goce de EL **INMUEBLE**. ----------------------------------------------------------------------

**OCTAVA.- CONTRAPRESTACIÓN.-** El **FIDEICOMISARIO**, como consecuencia de la transmisión en fideicomiso que el **FIDEICOMITENTE** realiza en este acto respecto del inmueble citado en la declaración I inciso A) del presente instrumento, acuerdan convencionalmente con el **FIDEICOMITENTE** sin intervención alguna del **FIDUCIARIO** como contraprestación la suma de **$200,000.00 USD (DOS CIENTOS MIL DOLARES 00/100, MONEDA DE CURSO LEGAL EN LOS ESTADOS UNIDOS DE AMÉRICA)** habiéndose convenido un tipo de cambio de 13.2659 pesos equivalentes a **$2,653,180.00 (DOS MILLONES SEISCIENTOS CINCUENTA Y TRES MIL CIENTO OCHENTA PESOS 00/100 MONEDA NACIONAL)**, misma cantidad que la sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, ha recibido por parte del **FIDEICOMISARIO**, de conformidad a lo establecido en la declaración IV (cuarta) inciso c), del presente instrumento, otorgando mediante el presente instrumento el recibo y liberación más amplio que en derecho proceda y manifestando no tener ni reservarse acción o reclamación alguna. -----------------------

Dicho lo anterior, La sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE por conducto de su apoderado** y **El FIDEICOMISARIO por su administrador unico**, reconocen y convienen en que la contraprestación establecida por la afectación del INMUEBLE es la justa y legítima, sin que haya dolo, error, lesión, violencia, mala fe ni enriquecimiento ilegítimo, y por lo tanto renuncian a demandar la nulidad de este contrato.---------------------------------------------------------------------------

En virtud de lo anterior  la sociedad extranjera **SH55, LLC**  por conducto de su administrador único y La sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE por conducto de su apoderado**, en este acto reconocen que el Fiduciario no recibió

42



NOTARÍA ◁ **1** ▷ PÚBLICA

Cabo San Lucas, B.C.S.



previamente ni recibirá con la celebración del presente instrumento cantidad de dinero alguna por la transmisión del **Inmueble** objeto de la presente escritura, ya que esta contraprestación es entregada directamente por el FIDEICOMISARIO a la sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** mediante transferencia electrónica de fondos , recibido en la cuenta de DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE.--------------------

La sociedad mercantil denominada **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** y el FIDEICOMISARIO del presente Fideicomiso liberan al Fiduciario de cualquier responsabilidad por la recepción de dicha cantidad de dinero, los pagos realizados, y los términos acordados por concepto de la contraprestación a la firma del presente instrumento, así como por los impuestos que pudieren derivar de dicha contraprestación.-----------------------------

Liberando ambas partes al **FIDUCIARIOSCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISION FIDUCIARIA**, de cualquier responsabilidad al respecto.----------------------------------------------

**NOVENA.- PATRIMONIO DEL FIDEICOMISO.-** El objeto materia de este Fideicomiso es el **INMUEBLE** y anexos inseparables cuya descripción, superficie, medidas y colindancias se tienen por reproducidas como si se insertasen a la letra, señaladas en el Antecedente primero inciso A) del presente instrumento, con todo cuanto de hecho y por derecho le corresponda, de acuerdo con lo dispuesto en los Artículos 752 (setecientos cincuenta y dos), 2,290 (dos mil doscientos noventa) y demás relativos del código Civil para el distrito Federal y sus correlativos en el Estado de baja California Sur, así como cualquier construcción y/o mejora erigida sobre el mismo y cualquier otro bien inmueble que en lo futuro, por instrucciones por escrito ratificadas ante fedatario público otorgadas por el **FIDEICOMISARIO** al **FIDUCIARIO** y con la conformidad de este último, se afecte al presente Fideicomiso. Todo inmueble que en lo futuro se incorpore al presente Fideicomiso se hará de acuerdo con la legislación mexicana vigente al momento de su incorporación.---------------------------------------

Para los efectos de este contrato, el **INMUEBLE**, así como cualquier construcción y/o mejora erigida sobre el mismo y cualquier otro inmueble que llegue a formar parte del objeto del presente Fideicomiso, serán en adelante conjuntamente reconocidos como el PATRIMONIO FIDEICOMITIDO. -----------------------------------------------

La descripción del PATRIMONIO FIDEICOMITIDO realizada en la presente cláusula de este Fideicomiso, se tendrá considerada como inventario del mismo para todos los efectos legales a que haya lugar, manifestando las partes su expresa aceptación y conformidad al respecto. ---------------------------------------

43

En caso que el PATRIMONIO FIDEICOMITIDO se incremente con diversos bienes inmuebles distinto al aportado en este acto, las partes acuerdan que los honorarios fiduciarios se incrementaran en la misma proporcion que se incremente el valor del PATRIMONIO FIDEICOMITIDO, o por el monto que convenga al **FIDEICOMISARIO** y el **FIDUCIARIO.** --------------------------------------------------------------------------------

**DECIMA.- FINES DEL FIDEICOMISO.**----------------------------------------------------------

1.- Que durante la vigencia del presente Fideicomiso el **FIDUCIARIO** conserve siempre la titularidad sobre el dominio del **INMUEBLE** afecto al fideicomiso y sin conceder derechos reales, permita su uso y aprovechamiento temporal a el fideicomisario o a quien éste indique, para destinarlos a **FINES RESIDENCIALES.**-----------------------

2.- Que el **FIDUCIARIO** conceda a los **FIDEICOMISARIOS** los derechos de uso y aprovechamiento del **INMUEBLE** para ejercitarlos como mejor convenga a sus intereses, sin concederle ningún derecho real, pero otorgándole inclusive facultades de arrendarlo de manera directa, en un plazo no mayor a 10 (diez) años de conformidad al plazo que establece el Código Civil para el Estado de Baja California Sur, quedando los **FIDEICOMISARIOS** obligados también directamente al cumplimiento de todas las obligaciones derivadas del arrendamiento, especialmente las de carácter fiscal y responsabilidad civil que le corresponden al propietario conforme a las disposiciones aplicables siempre con arreglo a lo dispuesto en el Título Segundo de la Ley de Inversión Extranjera y a lo dispuesto por el Permiso otorgado por la Secretaría de Relaciones Exteriores, siendo los **FIDEICOMISARIOS** responsables de la guarda y custodia del **INMUEBLE.**----------------------------------------------------------------------

3.- Que el FIDUCIARIO por instrucciones del FIDEICOMISARIO transmita la propiedad del INMUEBLE al propio FIDEICOMISARIO o a la persona física o moral que éste señale siempre que tenga capacidad jurídica suficiente para adquirir dicha propiedad, la carta de instrucción deberá contar con las formalidades que se indican en la cláusula Décima Sexta de este instrumento. El producto de la contraprestación por la transmisión de la propiedad del INMUEBLE, corresponderá al FIDEICOMISARIO o a sus causahabientes.--

4.- Que el FIDUCIARIO autorice a los FIDEICOMISARIOS a ceder sus derechos de FIDEICOMISARIOS en favor de terceras personas físicas o morales que este señale siempre que tenga capacidad jurídica suficiente para adquirir dichos derechos fideicomisarios y cumpliendo con todos los requisitos legales del caso --------------------

5.- El **FIDUCIARIO** y los **FIDEICOMISARIOS**, a solicitud de la Secretaría de Relaciones Exteriores, se comprometen en caso de incumplimiento o violación de cualquier de la condiciones que se establecen en el permiso correspondiente, a extinguir el presente Fideicomiso dentro de los (180) ciento ochenta días contados a partir de la fecha de notificación del requerimiento.---------------------------------------

6.- Que el FIDEICOMISARIO, del presente instrumento revoquen y/o designen en



Lic. Armando Antonio Aguilar Mondragón

NOTARÍA **1** PÚBLICA

Cabo San Lucas, B.C.S.

sustitución al **FIDEICOMISARIO SUSTITUTO** que sea designado, respecto los derechos fideicomisarios que le correspondan y únicamente en el supuesto de cesión derechos fideicomisarios transmita su facultad a terceros que adquiera la calidad de fideicomisario para que revoque y/o designe en sustitución al **FIDEICOMISARIO SUSTITUTO** que sea designado, respecto los derechos fideicomisarios que le correspondan, lo cual deberá efectuarlo por escrito siguiendo las mismas formalidades que es establecen en las cláusulas Décima Primera y Décima Séptima del presente contrato.------------------------------------------------------------------------

7. Que el **FIDUCIARIO**, de acuerdo a instrucciones que por escrito reciba del **FIDEICOMISARIO**, ratificadas ante fedatario público constituya una o más hipotecas u otros gravámenes sobre el **INMUEBLE** que comprendan el patrimonio del **FIDEICOMISO** u otorgue garantía prendaria o fiduciaria o cualquier otro gravamen o garantía sobre el inmueble o derechos **FIDEICOMISARIOS,** para garantizar adeudos obligaciones a cargo del propio **FIDEICOMISARIO** o de terceros, lo anterior sin que el **FIDUCIARIO** asuma responsabilidad alguna adicional a la constitución de hipoteca sobre el o los inmuebles o a la garantía prendaria o fiduciaria, o cualquier otro gravamen sobre los derechos fideicomisarios que integren el patrimonio del **FIDEICOMISO** respecto de las obligaciones así garantizadas.----------------------------

**DÉCIMA PRIMERA.- MODIFICACIONES AL CONTRATO.-** Las modificaciones al presente contrato, se llevarán a cabo de común acuerdo entre el **FIDUCIARIO** y el **FIDEICOMISARIO**, sin necesidad del consentimiento del **FIDEICOMITENTE** considerando que la aportación del **INMUEBLE,** así como la designación de FIDEICOMISARIO la efectuó de manera irrevocable, previo el cumplimiento de los requisitos legales que el caso requiera y no sean contrarias a derecho.------------------

En caso de que se requiera realizar cualquier acto jurídico, el **FIDUCIARIO** se reserva el derecho de fijar los plazos para la celebración de dichos actos, en el entendido de que por lo menos tendrá diez días hábiles contados a partir de que obre en su poder toda la documentación necesaria, para llevar a cabo el análisis del acto o documento a suscribir, por lo que el **FIDUCIARIO** quedará relevado de cualquier responsabilidad por el retraso o la omisión de la suscripción de los actos en cuestión, si no se siguen los lineamientos previstos en este párrafo. --------------------------------------------------

Las partes acuerdan que en caso de ampliación de la materia del fideicomiso o de cambio de los fines del mismo, el **FIDUCIARIO** deberá obtener permiso previo de la Secretaría de Relaciones Exteriores, una vez que haya sido instruido para ello y el **FIDEICOMISARIO** le haya provisto de los fondos correspondientes, condiciones sin las cuales el **FIDUCIARIO** no procederá a realizar acto alguno tendiente a ello. -----------

**DÉCIMA SEGUNDA.- DERECHOS DEL FIDEICOMISARIO.-** El **FIDEICOMISARIO** podrá disponer de los derechos que como **FIDEICOMISARIO** le corresponden en los

45

COTEJADO

términos de este contrato, cediéndolos o gravándolos en cualquier forma a la persona física o jurídica que este señale siempre que tenga capacidad jurídica para adquirirla.---
Para que el **FIDUCIARIO** reconozca y tenga al cesionario o al acreedor garantizado con los derechos de este contrato, según sea el caso, será necesario:--------------------

1.- Que con un mínimo treinta días naturales de anticipación, el **FIDEICOMISARIO** gire instrucciones por escrito al **FIDUCIARIO**, ratificadas ante Fedatario Público o Notario Público y en caso de que el **FIDEICOMISARIO** se encontraren fuera del país, la certificación del fedatario de la ratificación de instrucciónes deberá ser legalizada mediante apostilla o legalización consular correspondiente y en caso de estar en idioma distinto al español, ser traducidas al idioma español por perito oficial autorizado en México. --------------------------------------------------------------------------------

2.- Que el acto se celebre ante Fedatario Público mexicano entre el **FIDEICOMISARIO** y el Cesionario o Acreedor garantizado, debiendo comparecer el **FIDUCIARIO** únicamente para efecto de darse por enterado de la formalización del acto jurídico que se consigne.--------------------------------------------------------------

3.- Que el **INMUEBLE** se encuentre al corriente en el pago de las obligaciones fiscales, municipales y de cualquier otra naturaleza que haya causado. ---------------------------

4.- Que se paguen los impuestos que se originen de conformidad con la legislación aplicable. ---------------------------------------------------------------------------------

5.- Que se de cumplimiento a la cláusula vigesima primera de este contrato. ------------

6- El **FIDEICOMISARIO** podrá instruir al **FIDUCIARIO** la constitución de garantía hipotecaria o prenda sobre derechos fideicomisarios, sobre el **INMUEBLE** para garantizar adeudos a cargo de los propios **FIDEICOMISARIOS** o de terceros. Dichos actos se deberán celebrar ante Fedatario Público mexicano entre el **FIDEICOMISARIO** y el Acreedor Hipotecario o Prendario según sea el caso y siguiendo el procedimiento mencionado en los numerales 1, 3, 4, y 5 de la presente cláusula debiendo comparecer el **FIDUCIARIO** únicamente para efecto de aceptar y reconocer el acto y sin que el **FIDUCIARIO** adquiera obligación y/o responsabilidad alguna al respecto.--------------------------------------------------------------------

**DECIMA TERCERA.- OBLIGACIONES DE EL FIDEICOMISARIO.-** De manera enunciativa y no limitativa son obligaciones del **FIDEICOMISARIO**: --------------------

1.- Cumplir con las condiciones del permiso emitido por la Secretaría de Relaciones Exteriores, donde se autorizó la constitución de presente contrato de fideicomiso y que se relaciona en Antecedentes y declaraciones Segunda inciso d) del presente instrumento. ---------------------------------------------------------------------------------

2.- Informar por escrito al **FIDUCIARIO** sobre la realización de los fines del presente Fideicomiso, así como el cumplimiento de las condiciones contenidas en el permiso otorgado por la Secretaría de Relaciones Exteriores.------------------------------------------



# Lic. Armando Antonio Aguilar Mondragón



NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



3.- Proporcionar por escrito al **FIDUCIARIO** cualquier información que éste le requiera, en el plazo que para tal efecto se le indique, respecto de los inmuebles que constituye el patrimonio del presente Fideicomiso. --------------------------------------

4.- Se comprometen a no fraccionar, colocar bardas, cercas, alambrados o cualquier otro elemento que impida o constituya un obstáculo al libre acceso a la Zona Federal Marítimo Terrestre, misma que de conformidad al Artículo veintinueve, fracción V, de la Ley General de Bienes Nacionales, es un bien de uso común, en los inmuebles materia del presente contrato, se pena de las sanciones que correspondan de acuerdo a lo dispuesto por la Ley de la materia. --------------------------------------

5.- Pagar oportunamente los honorarios fiduciarios que se generen de conformidad con la cláusula vigésima primera del presente instrumento.--------------------------------------

6.- Pagar oportunamente todos los impuestos y derechos que generen los inmuebles fideicomitidos. --------------------------------------

7.- Pagar oportunamente las cuotas condominales las cuales estén sujetas el inmueble, sin obligación y/o responsabilidad alguna al fiduciario.--------------------------------------

El **FIDUCIARIO**, en caso de incumplimiento o violación de cualquiera de las condiciones establecidas en el permiso otorgado por la Secretaría de Relaciones Exteriores, a petición de ésta, extinguirá el presente fideicomiso, dentro del plazo de 180 (ciento ochenta) días contados a partir de la fecha de notificación del requerimiento correspondiente, en los términos que para este efecto estipule la Secretaría de Relaciones Exteriores.--------------------------------------

**DÉCIMA CUARTA.- MODIFICACIONES AL INMUEBLE.-** El **FIDEICOMISARIO** tendrá la posesión del **INMUEBLE** y podrá llevar a cabo las gestiones necesarias ante las autoridades correspondientes, para hacerle mejoras y adiciones al **INMUEBLE**; dentro de lo permitido por el **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS y SUBCONDOMINIO 2 SUNSET HILL**, que se han relacionado en la Declaración Primera inciso B) numerales (x) y (xi); de la Ley respectiva, de la escrituras constitutivas de dichos Regímenes y, de sus respectivos Reglamentos y Guías de Construcción y Diseño, siendo por su cuenta y bajo su responsabilidad las gestiones, trámites y gastos necesarios para lograr esas autorizaciones, debiendo mantener informado al **FIDUCIARIO** de estos actos y sus consecuencias, sin que este último adquiera obligación o responsabilidad alguna al respecto. --------------------------------------

El **FIDEICOMISARIO** deberá informarle al **FIDUCIARIO** por escrito con una periodicidad mínima semestral, el monto de las construcciones o mejoras efectuadas sobre los bienes que lleguen a formar parte del Patrimonio del Fideicomiso, conforme al avance de las mismas y su terminación, a efecto de que el **FIDUCIARIO** incremente el fondo del **PATRIMONIO FIDEICOMITIDO** corriendo los asientos contables correspondientes, a fin de que la contabilidad del Fideicomiso refleje siempre el valor

47

de dichos bienes, tal y como está reglamentado para las operaciones fiduciarias.--------
Por lo aquí convenido, el **FIDUCIARIO** está facultado para solicitar y obtener de el **FIDEICOMISARIO** la información, documentos y ayuda que sea necesaria para actualizar al menos una vez al año, la contabilidad de los bienes y el valor de los mismos. ------------------------------------------------------------------------------

El **FIDEICOMISARIO** queda obligado a cumplir con las disposiciones establecidas en los Reglamentos para construcciones aplicables, dentro de lo permitido por el **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS** y **SUBCONDOMINIO 2 SUNSET HILL**, que se han relacionado en la Declaración Primera inciso B) numerales (x) y (xi); de la Ley respectiva, de la escrituras constitutivas de dichos Regímenes y, de sus respectivos Reglamentos y Guías de Construcción y Diseño, sin que el **FIDUCIARIO** resulte responsable de los hechos, actos u omisiones de el **FIDEICOMISARIO** por tales conceptos, especialmente por el saneamiento por vicios ocultos que pudieran resultar. ---------------------------------------------------------

**DÉCIMA QUINTA.- DERECHOS Y OBLIGACIONES DE EL FIDEICOMISARIO RESPECTO AL RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS y SUBCONDOMINIO 2 SUNSET HILL.-** El **FIDEICOMISARIO** tendrá la posesión del **INMUEBLE**, así como el uso, aprovechamiento y administración del mismo, quedando facultado para realizar en el por su cuenta y bajo su responsabilidad y riesgo, cualquier tipo de obras y construcciones que le permitan los reglamentos de construcción aplicables, siendo a su exclusivo cargo el costo de las mismas, así como la responsabilidad por cualquier violación a las Leyes de la materia o a las condiciones establecidas en los citados permisos otorgados por la Secretaría de Relaciones Exteriores para el otorgamiento de la presente escritura; por lo que en este acto liberan al **FIDUCIARIO** de cualquier obligación y/o responsabilidad al respecto. --------

El **FIDEICOMISARIO**, sin que el **FIDUCIARIO** asuma obligación o responsabilidad alguna al respecto, conviene en cumplir con las obligaciones que les resultan del **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS** y **SUBCONDOMINIO 2 SUNSET HILL**, incluyendo sus reglamentos y lineamientos de construcción, las guías de diseño del propio Régimen Maestro Diamante Cabo San Lucas y del SubCondominio del cual reconocen conocer su contenido y contar con una copia de las mismas para todos los efectos legales.-----------------------------------------------------------------

Será también por cuenta de el **FIDEICOMISARIO**, desde la firma de esta escritura, el pago de los impuestos de cualquier naturaleza, los gastos que en general ocasionen y todas las obligaciones de carácter fiscal que causen el **INMUEBLE**. El **FIDUCIARIO** queda facultado para requerir a el **FIDEICOMISARIO** la comprobación de que se encuentra al corriente en el pago de sus contribuciones y derechos, y sin adeudos de carácter fiscal ni responsabilidad de índole civil.----------------------------------------------



### Lic. Armando Antonio Aguilar Mondragón

**NOTARÍA 1 PÚBLICA**

Cabo San Lucas, B.C.S.



Será a cargo del **FIDEICOMISARIO** el pago de las cuotas de mantenimiento y administración que corresponden al **INMUEBLE** Fideicomitido que se establecen en los respectivos reglamentos del **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS y SUBCONDOMINIO 2 SUNSET HILL** y que manifiestan conocer y se obligan a respetar, sin que el **FIDUCIARIO** asuma obligación y/o responsabilidad alguna al respecto. ------------------------------------------------------------------------------------

Asimismo, será responsabilidad de el **FIDEICOMISARIO** cumplir con todos y cada uno de los lineamientos, disposiciones, Reglamentos y leyes derivadas del Régimen de Propiedad en Condominio al cual está sujeto el **INMUEBLE** materia de esta escritura, en el entendido de que dicho **FIDEICOMISARIO** los conoce y se adhiere a todos y cada uno de los reglamentos y disposiciones relacionados con el mismo y los acepta sin restricción alguna. El **FIDEICOMISARIO** deberá cumplir bajo su más estricta responsabilidad con el pago de las cuotas condominales relativas al **INMUEBLE** materia de este **FIDEICOMISO** de conformidad con el Reglamento aplicable, sin que el **FIDUCIARIO** asuma responsabilidad alguna al respecto. --------------------------------

El **FIDEICOMISARIO** queda facultado para, bajo su exclusiva responsabilidad, asistir a las asambleas de condóminos del Régimen de Propiedad en Condominio al que pertenece el **INMUEBLE**, a votar en ellas, siempre y cuando en dichas asambleas no se trate cualquier asunto que implique transmisión o modificación del dominio pleno del **INMUEBLE**, toda vez que el **FIDUCIARIO** es el único titular del mismo. Asimismo, el **FIDEICOMISARIO** y/o sus representantes, podrán participar en cualesquier cargo dentro de la asociación del régimen de propiedad en condominio correspondiente, sin obligación o responsabilidad alguna para el **FIDUCIARIO** derivada de su actuación.----

El **FIDEICOMITENTE** y el **FIDEICOMISARIO** aceptan y reconocen que todas las obligaciones establecidas en la presente cláusula son a cargo exclusivo de el **FIDEICOMISARIO** sin obligación alguna para el **FIDUCIARIO**, por lo que en este acto lo liberan de toda responsabilidad.-------------------------------------------

Asimismo el **FIDEICOMISARIO** conviene en cumplir con cualesquier reformas que se haya llevado a cabo o que se lleven a cabo de tiempo en tiempo en el **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS** y/o **SUBCONDOMINIO 2 SUNSET HILL** así como cumplir con las reformas que se lleven a cabo de tiempo en tiempo en los reglamentos de ambos, tanto del **SUBCONDOMINIO 2 SUNSET HILL** como del **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS.**--------------------------------------

**DECIMA SEXTA.- IMPUESTOS Y GASTOS.-** Todos los impuestos, derechos, gastos y demás erogaciones que cause el **INMUEBLE** o se causen como consecuencia del otorgamiento del presente contrato, desde la constitución hasta la extinción del mismo, contempladas en disposiciones fiscales presentes o futuras, correrán a cargo de **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE**

49

COTEJADO

**CAPITAL VARIABLE** o de el **FIDEICOMISARIO**, indistintamente, según corresponda y según sea el caso de la causación, liberándose expresamente al **FIDUCIARIO** de cualquier obligación y/o responsabilidad al respecto, y teniendo derecho el **FIDUCIARIO** a que se le informe de los pagos efectuados. ------------------------------ Quedan expresamente especificado que el presente **FIDEICOMISO** no es de actividades empresariales por lo que el **FIDUCIARIO** no estará obligado a cumplir con las obligaciones que marca la Ley del Impuesto sobre la Renta para esta clase de Fideicomisos ni será de modo alguno considerado obligado solidario respecto de ningún impuesto. ----------------------------------------------------------------------------------

Asimismo **DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** y el **FIDEICOMISARIO** manifiesta expresamente su conformidad en dar cumplimiento a las obligaciones fiscales derivadas de las de actividades gravadas que se lleguen a realizar a través del presente **FIDEICOMISO**, en términos de lo establecido en la referida Ley, e instruyen al **FIDUCIARIO** para que de el aviso correspondiente a las autoridades fiscales en los términos de dicha ley, por lo cual en el presente acto liberan expresamente de cualquier responsabilidad al **FIDUCIARIO** respecto del cumplimiento de dichas obligaciones.-------------------------------------------------------------------------

Es obligación de el **FIDEICOMISARIO** comprobar a satisfacción del **FIDUCIARIO**, el cumplimiento de las obligaciones que se mencionan en esta cláusula.------------------ Ninguna de las Partes del presente Fideicomiso será considerada como obligada solidaria respecto de la otra parte en lo que se refiere a sus respectivas obligaciones de carácter fiscal.------------------------------------------------------------------------

Habiendo el suscrito Notario, calculado y retenido el monto de los impuestos que se hubiesen generado, para su posterior entero a las autoridades fiscales correspondientes.-----------------------------------------------------------------------

**DÉCIMA SEPTIMA.- CARTAS INSTRUCCIÓN.-** Las partes acuerdan que el **FIDUCIARIO** será instruido por el **FIDEICOMISARIO** en términos del presente **FIDEICOMISO**, mediante Cartas Instrucción, las cuales deberán estar dirigidas a SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA y deberán ser enviadas al domicilio convencional del **FIDUCIARIO**, en original, debidamente firmadas y ratificadas ante Fedatario Público y en caso de que el **FIDEICOMISARIO** se encontrare fuera del país al momento de su otorgamiento, la certificacion del fedatario, relativa a la ratificación de dichas instrucciones deberá ser legalizada mediante apostilla o legalización consular correspondiente y en caso de encontrarse en idioma distinto al español, ser traducidas al idioma español, por perito traductor autorizado en México. Asimismo se deberán acompañar de una copia de una identificación oficial, vigente, con



## Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



fotografía y firma y debiendo coincidir la firma de dicha identificación con la plasmada en la correspondiente instrucción.----------------------------------------------------

En caso de que la persona que instruye sea un representante legal o apoderado del **FIDEICOMISARIO**, deberá también acompañar a la instrucción ratificada ante fedatario público, una copia certificada del documento legal que acredite su personalidad y facultades. -----------------------------------------------

El **FIDUCIARIO** no estará obligado a cumplir instrucción alguna que sea remitida vía fax (facsímil), e-mail (correo electrónico) o por cualquier otro medio electrónico o magnético que sea diverso a la entrega física del documento, en términos del párrafo anterior. -----------------------------------------------

La omisión de cualquiera de los requisitos señalados en la presente cláusula, liberará al **FIDUCIARIO** de la obligación de acatar la instrucción contenida en dicha carta y no será responsable por las resultas de su inactividad. Tampoco estará obligado a cumplir dichas instrucciones si el **FIDEICOMISARIO** no está al corriente en el pago de los honorarios fiduciarios conforme a lo establecido en la cláusula vigesima primera de este contrato.----------------------------------------------------

Queda expresamente establecido que dichas instrucciones no deberán cumplirse por el **FIDUCIARIO** cuando sean dictadas en exceso de las facultades conferidas o por persona que no cuente con facultades para ello (lo cual deberá ser verificado por el **FIDUCIARIO**), con violación de las cláusulas de este contrato o bien de alguna norma legal, o que la instrucción sea confusa o no sea viable operativamente. ------------------

**DÉCIMA OCTAVA.- RESPONSABILIDAD DEL FIDUCIARIO.-** Las partes convienen en que el **FIDUCIARIO** quedará libre de responsabilidad cuando actúe en acatamiento de las instrucciones giradas por el **FIDEICOMISARIO** en términos de la cláusula anterior. -----------------------------------------------

El **FIDUCIARIO** responderá civilmente por los daños y perjuicios que cause por el incumplimiento de las obligaciones asumidas en el presente contrato en la inteligencia de que se entenderá que no hay incumplimiento cuando el FIDUCIARIO actue conforme las instrucciónes que le gire el **FIDEICOMISARIO**, cuando dicho incumplimiento le sea imputable y así lo determine la autoridad judicial correspondiente. ----------------------

Por lo demás el **FIDUCIARIO** no asume más obligaciones que las expresamente pactadas en este instrumento; y no será responsable de los hechos, actos u omisiones de las partes, de terceros o de autoridades que impidan o dificulten el cumplimiento de los fines de este Fideicomiso.----------------------------------------------------

Asimismo, se establece que el **FIDUCIARIO** deberá actuar conforme a las instrucciones que en ejecución del contrato reciba y de igual manera deberá verificar que la persona de quien las reciba se encuentra facultada a emitir dichas instrucciones y siempre que las mismas no contravengan lo establecido en el Contrato o en la Ley.—

COTEJADO

51

**DÉCIMA NOVENA.- DEFENSA DEL PATRIMONIO DEL FIDEICOMISO.-** El **FIDUCIARIO** tendrá, respecto del PATRIMONIO FIDEICOMITIDO, las facultades y derechos que le atribuye la primera parte del artículo 391 de la Ley General de Títulos y Operaciones de Crédito; sin embargo, no estará obligado a ejercerlos por sí mismo.-- En virtud de lo anterior, el **FIDUCIARIO** no tiene obligación de defender el PATRIMONIO FIDEICOMITIDO. Cuando reciba alguna notificación, demanda judicial o cualquier reclamación, en relación al presente FIDEICOMISO o al PATRIMONIO FIDEICOMITIDO, le avisará de inmediato a el **FIDEICOMISARIO** o al apoderado nombrado por éste, para que se aboque a la defensa del mismo, con cuyo aviso cesará su responsabilidad.---------------------------------------------------------------------------

El **FIDUCIARIO** estará libre de responsabilidad de hechos o actos de terceros que impidan o dificulten los fines de este contrato.---------------------------------------------

El aviso a que se refiere el párrafo anterior, podrá ser vía fax (facsímil), e-mail (correo electrónico) o correo postal dirigido al domicilio convencional de el **FIDEICOMISARIO** señalado en la cláusula vigesima segunda de esta escritura.------------------------------

Al efecto, el **FIDUCIARIO** previa solicitud por escrito de el **FIDEICOMISARIO** otorgará poder necesario en favor del propio **FIDEICOMISARIO** o de la persona que esta designe; no estando obligado el **FIDUCIARIO** a otorgar dicho poder si no están cubiertos y al corriente los honorarios fiduciarios referidos en la cláusula vigesima primera de este contrato.-----------------------------------------------------------------------

El **FIDUCIARIO**, en todo caso no será responsable de la actuación de los apoderados ni tampoco estará obligada a cubrirles honorarios profesionales o gastos derivados de su actuación ni al pago de costas judiciales, ya que dichos conceptos son a cargo de el **FIDEICOMISARIO**. --------------------------------------------------------------------------

En caso de urgencia, sin que esto implique una obligación, el **FIDUCIARIO** podrá llevar a cabo los actos indispensables a la buena conservación del **PATRIMONIO FIDEICOMITIDO**, siempre que existan en el **FIDEICOMISO** los elementos económicos y documentales necesarios. Todo esto sin perjuicio de la obligación a cargo de el **FIDEICOMISARIO** de nombrar al apoderado a que se refiere el párrafo anterior.---------------------------------------------------------------------------------------

**VIGESIMA.- ESTADOS DE CUENTA.-** El **FIDUCIARIO** elaborará y remitirá anualmente al domicilio señalado por el **FIDEICOMISARIO**, el estado de cuenta que manifieste los movimientos realizados en este Fideicomiso durante el período correspondiente. Convienen las partes en que el **FIDEICOMISARIO** gozará de un término de 20 (veinte) días hábiles contados a partir de la fecha de los citados estados de cuenta, para solicitar por escrito al **FIDUCIARIO**, en su caso, aclaraciones a los mismos, transcurrido este plazo, dichos estados de cuenta se tendrán por aprobados para todos los efectos.---------------------------------------------------------------------------



Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



El **FIDUCIARIO** no será responsable en caso de que por cualquier circunstancia el **FIDEICOMISARIO** no reciba el estado de cuenta respectivo. Dado el caso, el **FIDEICOMISARIO** podrá solicitar a su propio cargo, que el **FIDUCIARIO** le expida una copia del mismo, para lo cual tendrá los siguientes 15 (quince) días naturales a la fecha del vencimiento del período de que se trate. -----------------------------------------

Todo estado de cuenta que le sea presentado a el **FIDEICOMISARIO** por el **FIDUCIARIO,** será elaborado de conformidad con los formatos que institucionalmente haya sido establecidos y contendrá la información que **FIDUCIARIO** determine de conformidad con las políticas institucionales. --------------------------------------------

**VIGESIMA PRIMERA.- HONORARIOS FIDUCIARIOS.-** El **FIDEICOMISARIO** se obliga a pagar al **FIDUCIARIO** por el desempeño de su cargo las siguientes cantidades: -----------------------------------------------------------------------

1.- Por aceptación del cargo de FIDUCIARIO, la cantidad de **US$1,200.00 Dólares (Mil doscientos Dólares 00/100 Moneda de curso legal de los Estados Unidos de América)**, por una sola vez, previo o al momento de la firma de la presente escritura. -------------------------------------------------------------------------

2.- Por desempeño del cargo de **FIDUCIARIO**, la cantidad de **US$400.00 Dólares (Cuatrocientos Dólares 00/100 Moneda de curso legal de los Estados Unidos de América)**, **por cada inmueble** que forme parte del patrimonio del Fideicomiso, misma que deberá pagarse por anualidades adelantadas a partir del tercer año de vigencia del presente contrato de fideicomiso, debiendo quedar el pago de la tercera anualidad, previo o el día en que se cumpla el segundo aniversario de la fecha del otorgamiento de la presente escritura. ----------------------------------------------

Los honorarios previstos en esta cláusula se cobrarán en forma automática con cargo a los recursos líquidos que hubieren, por cualquier causa, en el PATRIMONIO FIDEICOMITIDO; en caso de que éste no sea suficiente o no existan recursos líquidos en el fondo del FIDEICOMISO, será obligación de el **FIDEICOMISARIO** realizar puntualmente los pagos a la Institución Fiduciaria, cada año, previo o el día en que se cumplan los aniversarios de la fecha del encabezado de la presente escritura, independientemente de recibir o no requerimiento sobre el particular. -------------------

3.- Por firma de escrituras relativas a transmisión de propiedad de cada uno de los inmuebles que lleguen a formar parte del patrimonio del presente Fideicomiso, la cantidad de **US$1000.00 Dólares (Mil Dólares, 00/100 Moneda de curso legal de los Estados Unidos de América**, por cada inmueble.------------------------------------

4.- Por reconocimiento de nuevos Fideicomisarios en caso de cesión de derechos de Fideicomisario, la cantidad de **US$500.00 Dólares (Quinientos Dólares, 00/100 Moneda de curso legal de los Estados Unidos de América),** por cada evento.------

5.- Por Constitución de Garantía Hipotecaria sobre cada uno de los inmuebles que

53

*COTEJADO*

lleguen a formar parte del patrimonio del Fideicomiso, la cantidad de **US$800.00 Dólares (Ochocientos dólares, 00/100 Moneda de curso legal de los Estados Unidos de América).** -------------------------------------------------------------------

6.- Por modificaciones del presente contrato, por otorgamiento de poderes, por renovación de instrucciones notariales, por firma de cualquier escritura derivada del presente Fideicomiso y en general por participar en cualquier acto en que tenga que comparecer el **FIDUCIARIO** para firmar escrituras distintas a las antes señaladas la cantidad de **US$500.00 Dólares (Quinientos Dólares, 00/100 Moneda de curso legal de los Estados Unidos de América)** por evento. ---------------------------------

7.- Por emisión de estados de cuenta adicionales, la cantidad de **US$50.00 Dólares (Cincuenta dólares, 00/100 Moneda de curso legal de los Estados Unidos de América),** por cada uno. ---------------------------------------------------

8.- Por registro de prendas de derechos de fideicomisario, en el control del Fiduciario, la cantidad de **US$500.00 Dólares (Quinientos Dólares, 00/100 Moneda de curso legal de los Estados Unidos de América)**, por cada evento.--------------------

Cuando el **FIDUCIARIO** realice servicios no previstos en esta cláusula, se aplicará una tarifa convencionalmente pactada con el **FIDEICOMISARIO**, previo a la prestación del servicio, ya que sus servicios siempre serán onerosos. En caso de no existir acuerdo sobre los honorarios a devengarse, el **FIDUCIARIO** no estará obligado a la prestación del servicio y en este acto las partes acuerdan que el **FIDUCIARIO** quedará libre de cualquier responsabilidad que se pudiera llegar a causar por la no ejecución del acto o servicio solicitado. ----------------------------------------------------------------

Todos los gastos que se generen por cualquier acto o servicio del **FIDUCIARIO** además de sus honorarios, correrán por cuenta del **FIDEICOMISARIO.**----------------

Las cuotas de honorarios mencionados, se actualizarán en un 10% (diez por ciento) cada cinco años durante la vigencia del presente contrato de Fideicomiso. ---------------

Todos los honorarios del **FIDUCIARIO** y la pena moratoria previstos en la presente clausula están sujetos al pago del Impuesto al Valor Agregado, el cual es a cargo de el **FIDEICOMISARIO.**-------------------------------------------------------------

--- En caso de incumplimiento en el pago de los honorarios, y el **FIDUCIARIO** no reciba oportunamente sus honorarios, y EL **FIDEICOMISARIO** incurrirá en mora, el FIDEICOMISARIO pagará por concepto de pena convencional, la cantidad que resulte de aplicar al saldo adeudado, y mientras éste permanezca insoluto, la cantidad que resulte de aplicar 2.00 (dos) veces el promedio de la Tasa de Interés Interbancaria de Equilibrio (en adelante la "T.I.I.E."), publicada en el Diario Oficial de la Federación, que se encuentre vigente durante el plazo comprendido entre la fecha en que se hagan exigibles los honorarios fiduciarios, hasta la fecha en que éstos sean pagados. En caso de que la T.I.I.E. no se encuentre vigente en el momento en que se presente el



## Lic. Armando Antonio Aguilar Mondragón

### NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



incumplimiento, el **FIDUCIARIO** aplicará la tasa que la sustituya, lo que desde ahora aceptan el **FIDEICOMISARIO**.-----------------------------------------------------

Las partes reconocen que en caso de que existan cantidades adeudadas al **FIDUCIARIO** por concepto de honorarios o comisiones, éste, sin responsabilidad alguna por las consecuencias que se pudieran derivar, podrá abstenerse de ejecutar cualquier acto que sea solicitado por el **FIDEICOMISARIO**. Adicionalmente las partes acuerdan que el **FIDUCIARIO** tendrá el derecho de retención sobre el **PATRIMONIO DEL FIDEICOMISO**, hasta en tanto no le sean liquidadas las cantidades que se le adeuden.-------------------------------------------------------------------------

Los Bienes Fideicomitidos garantizan preferentemente los honorarios que se le adeuden al **FIDUCIARIO**. --------------------------------------------------------------------

El FIDEICOMISARIO del presente Fideicomiso conviene en considerar que la falta de pago de los honorarios fiduciarios estipulados a favor de Scotiabank Inverlat, Sociedad Anónima, inclusive el simple retraso en que incurra el obligado a hacer los pagos mencionados, se considerará como causa grave que faculte al Fiduciario a excusarse a seguir desempeñando el cargo de Fiduciario, por lo cual tendrá derecho a renunciar al cargo de Fiduciario, con la consecuente obligación de los Fideicomitentes de nombrar al Fiduciario Sustituto en un término de 8 (ocho) días hábiles bancarios a partir de la renuncia; de no hacerlo, lo hará en su rebeldía el Juez de Primera Instancia.------------

Se conviene expresamente que cuando en términos del párrafo anterior opere la renuncia del Fiduciario en el cargo, éste quedará liberado de las consecuencias de toda índole que se deriven respecto de los bienes fideicomitidos y de los Fideicomitentes y Fideicomisario, quienes desde ahora manifiestan no reservarse derecho o acción alguna por ejercitar en contra del Fiduciario.--------------------------------------------------

Lo anterior no afectará el derecho que tiene el Fiduciario a recibir íntegramente los honorarios fiduciarios causados durante el desempeño del cargo de Fiduciario, quedando expeditos sus derechos y acciones para reclamar principal y accesorios del pago de sus honorarios fiduciarios en la vía que proceda legalmente.--------------------

Asimismo, el Fideicomitente y el Fideicomisario conviene y manifiesta que el Fiduciario les explicó el alcance del contenido del artículo 392 bis de la Ley General de Títulos y Operaciones de Crédito, por lo que libera en este acto al Fiduciario de cualquier responsabilidad para el caso de que éste tuviera que dar por terminado el presente Contrato, por falta de pago de los honorarios a favor del Fiduciario a los que se hace referencia en este Fideicomiso, en los términos y condiciones que señala dicho precepto legal. --------------------------------------------------------------------------------

**VIGESIMA SEGUNDA.- DOMICILIOS Y NACIONALIDADES.-** Para todos los efectos de este **FIDEICOMISO**, salvo que en alguna de sus cláusulas se estipule otra cosa, las partes convienen en que cualesquiera notificaciones, para ser válidas, deberán ser por

55

COTEJADO

escrito y entregadas personalmente o por servicio de mensajería especializada con acuse de recibo a los domicilios señalados a continuación: ------------------------------

**FIDEICOMITENTE.- CIBANCO, SOCIEDAD ANONIMA, INSTITICION DE BANCA MULTIPLE,** (anteriormente THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE).-----------------------------------------------------

DOMICILIO: Paseo de la reforma (115) ciento quince, piso (23) veintitres, Colonia Lomas de Chapultepec (11000) once mil, México, Distrito Federal. ----------------------

TELEFONO: 5255-5063-3945.---------------------------------------------------------------

**NACIONALIDAD:** Mexicana.-----------------------------------------------------------------

**FIDUCIARIO.- SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT.-------------**

**DOMICILIO.-** Colonia Magisterial, Carretera Transpeninsular kilometro (31) treinta y uno, Centro Comercial Las Palmas, Local número (4) cuatro, Código Postal 23405, San José del Cabo, Baja California Sur, México. -------------------------------------------

NACIONALIDAD: Mexicana.-----------------------------------------------------------------

**FIDEICOMISARIOS.-** La sociedad extranjera **SH55, LLC.**----------------------------------

**DOMICILIO EN EL EXTRANJERO.-** (11) Once Fairmount Dr Danbury CT (06811-4412) cero seis mil ochocientos once guión cuatro mil cuatrocientos doce.---------------

**DOMICILIO EN MEXICO:** Lote de terreno numero (55) cincuenta y cinco, de la Manzana (1) uno, del Subcondominio 2 Sunset Hill, dentro del Regimen Maestro, Diamante Cabo San Lucas.-------------------------------------------------------------------

**CORREO ELECTRONICO:** kj@legacyproperties.com ---------------------------------------

Telefono: (624) 144-2900.----------------------------------------------------------------

**NACIONALIDAD:** Estadounidense.---------------------------------------------------------

Las partes deberán notificar al **FIDUCIARIO**, por escrito, cualquier cambio de domicilio que tuvieren, y acompañar a dicha notificación un comprobante del nuevo domicilio. En caso de no hacerlo, los avisos y notificaciones que el **FIDUCIARIO** dirija al domicilio que tenga registrado, surtirán plenamente los efectos legales a que hubiere lugar, quedando el **FIDUCIARIO** libre de cualquier responsabilidad al respecto.-----------------

**VIGESIMA TERCERA.- RENUNCIA Y SUSTITUCIÓN DEL FIDUCIARIO.-** Las partes convienen en que el Fiduciario podrá renunciar al desempeño de su cargo o ser sustituido por el Fideicomisario, quien podrá designar a la Institución Fiduciaria sustituta. En caso de renuncia o sustitución del Fiduciario como Institución Fiduciaria, la parte interesada deberá comunicarlo por escrito a la otra, con una anticipación no inferior a 30 (treinta) días naturales.-----------------------------------------------------

**VIGESIMA CUARTA.- DURACION Y PRORROGA DEL FIDEICOMISO.-----------------**

El presente Fideicomiso tendrá una duración de (50) cincuenta años, y se extinguirá cuando el FIDUCIARIO haya transmitido los bienes fideicomitidos, o por cualquiera de



## Lic. Armando Antonio Aguilar Mondragón



NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



las causas previstas en el Artículo Trescientos noventa y dos de la Ley General de Títulos y Operaciones de Crédito, a excepción de la causa prevista en la fracción VI de dicho ordenamiento, ya que en esta operación el **FIDEICOMITENTE** no se reserva el derecho de modificarlo ni de revocarlo.--------------------------------------------------

El FIDUCIARIO se obliga a notificar con cargo a los FIDEICOMISARIOS la extinción del Fideicomiso a la Secretaría de Relaciones Exteriores, dentro de los 40 (cuarenta) días hábiles siguientes a su fecha de extinción y que el FIDEICOMISARIO le haya provisto de los fondos correspondientes.-----------------------------------------------------------

Los FIDEICOMISARIOS podrán solicitar por escrito al FIDUCIARIO en un lapso comprendido entre los 360 (trescientos sesenta) días hábiles y los 180 (ciento ochenta) días hábiles anteriores a la terminación del CONTRATO DE FIDEICOMISO, su deseo de solicitar la prórroga del presente contrato, en los términos de la Ley de Inversiones Extranjeras, debiendo proveer al FIDUCIARIO de las cantidades necesarias para realizar el trámite solicitado ante la Secretaría de Relaciones Exteriores.-----------------

**VIGESIMA QUINTA.- TERMINACION ANTICIPADA DEL FIDEICOMISO.-** De conformidad al inciso c) de la Declaración segunda de este instrumento, el **FIDEICOMITENTE** y el **FIDEICOMISARIO** convienen y manifiestan que conocen y entienden el alcance del contenido del artículo 392 bis de la Ley General de Títulos y Operaciones de Crédito por lo que expresamente liberan en este acto al **FIDUCIARIO** de cualquier responsabilidad para el caso de que éste tuviera que dar por terminado anticipadamente el contrato, por falta de pago, en los términos y condiciones a que hace referencia dicho artículo.--------------------------------------------------------

**VIGESIMA SEXTA.- VALIDEZ DE LOS TITULOS DE PROPIEDAD.-** El Fiduciario recibe la propiedad del **INMUEBLE** con base en la documentación que exhibe el Fideicomitente para acreditar la propiedad del mismo, por lo tanto el Fiduciario no será responsable en forma alguna frente al Fideicomisario, ni frente a terceros, incluyendo aquellos en cuyo favor, en su caso, se transmita el **INMUEBLE**, por defectos o vicios que pudieran tener los documentos ni por las impugnaciones que se hicieran a los derechos de propiedad acreditados por el Fideicomitente.-------------------------------

**VIGESIMA SEPTIMA.- OTORGAMIENTO DE PODERES.-------------------------------**

El Fiduciario, bajo ninguna circunstancia, podrá delegar u otorgar poderes para actos de dominio, mismos que deberán ser en todo momento ejercitados por el Fiduciario a través de sus Delegados Fiduciarios, de igual forma, el Fiduciario no delegará a los apoderados que se le designen, la facultad para que éstos puedan otorgar y revocar poderes en relación con el presente Fideicomiso. En el ejercicio de cualquier poder, general o especial en cuanto a sus facultades, que el Fiduciario otorgue única y exclusivamente en su carácter de Fiduciario, los apoderados deberán de notificar por escrito al Fiduciario sobre la realización de cualquier acto que pueda comprometer o

57

COTEJADO

poner en riesgo el Patrimonio Fideicomitido. Los poderes que el Fiduciario otorgue por instrucciones del Fideicomisario, serán única y exclusivamente otorgados a personas físicas. -----------------------------------------------------------------------------------

Para instruir al Fiduciario sobre el otorgamiento de algún poder, el Fideicomisario deberá girar una carta de instrucciones, misma que se sujetará a las condiciones previstas en la cláusula décima séptima establecida en el presente instrumento.--------

i.- Limitación de los Poderes Otorgados. Los poderes que se otorguen podrán ser generales o especiales en cuanto a sus facultades, pero siempre estarán limitados en cuanto a su objeto para poder ser ejercitados únicamente respecto del Patrimonio Fideicomitido y para el cumplimiento de los Fines del Fideicomiso.-----------------------

I.- Requisitos de los Poderes Otorgados por el Fiduciario. En todos los instrumentos públicos en los que conste el otorgamiento de poderes por parte del Fiduciario, se incluirán expresamente las siguientes obligaciones para los apoderados: ---------------

II.- Se deberán incluir en los antecedentes de la escritura correspondiente las características generales del presente Fideicomiso y la carta de instrucciones que al efecto le haya sido girada al Fiduciario para otorgar dichos poderes;----------------------

III.- Se señalará que el apoderado comparecerá en todos aquellos actos jurídicos en los que intervenga, exclusivamente en carácter de apoderado del Fideicomiso;--------------

IV.- La obligación del apoderado de revisar todos y cada uno de los documentos y trámites que se lleven a cabo en términos del poder que se le otorgue, así como de informarle mensualmente por escrito al Fiduciario sobre los actos celebrados y formalizados derivados del ejercicio del poder que para dichos efectos se le haya otorgado; ------------------------------------------------------------------------------------

V.- Se deberá transcribir en cualquier instrumento en el que se otorgue algún poder, así como en aquellos en los que posteriormente se ejercite, la siguiente obligación del apoderado: *"El apoderado se obliga a sacar en paz y a salvo al Fiduciario, así como a sus Delegados Fiduciarios, empleados y apoderados de toda y cualquier responsabilidad, daño, obligación, demanda, sentencia, transacción, requerimiento, gastos y/o costas de cualquier naturaleza, incluyendo los honorarios de abogados, originados en las reclamaciones o acciones ejercitadas por terceros que se deriven o relacionen con el otorgamiento o ejercicio del poder".* El contenido del presente párrafo, indicará que la obligación por parte del apoderado de indemnizar al Fiduciario permanecerá vigente aún después de revocados los poderes otorgados en el instrumento respectivo; --------------------------------------------------------------------

VI.- Se señalará expresamente la limitación de que el apoderado no podrán delegar ni sustituir el poder que se le otorgue, y ------------------------------------------------------

VII.- Se deberá transcribir en cualquier instrumento en donde se otorgue algún poder o en aquellas escrituras en donde se ejercite, la estipulación expresa de que todos los





NOTARÍA ◁❶▷ PÚBLICA

Cabo San Lucas, B.C.S.



pagos de gastos generados por el otorgamiento del poder respectivo serán a cargo de el Fideicomisario, sin que ello genere una responsabilidad para el Fiduciario.----------

En el supuesto de que los apoderados llegasen a incumplir con cualquiera de las obligaciones que les correspondan de conformidad con la presente Cláusula, las partes acuerdan en que el Fiduciario estará facultado para revocar unilateralmente los poderes otorgados. -----------------------------------------------------------------------------------

**VIGESIMA OCTAVA.- JURISDICCION Y COMPETENCIA.-** Para la interpretación y cumplimiento del presente Contrato, las partes contratantes se someten a las Leyes y Tribunales del Municipio de Los Cabos, Baja California Sur, o de la ciudad de México, Distrito Federal, a elección del **FIDUCIARIO**. Las partes, con la firma del presente contrato, renuncian expresamente a cualquier otro fuero jurisdiccional que por cualquier causa pudiere corresponderles en razón de su domicilio presente o futuro.----

Queda expresamente convenido por las partes que el **FIDUCIARIO** no podrá ser sometido a juicio por jurado fuera de México, respecto de la interpretación y cumplimiento de las obligaciones asumidas por cada una de las partes en este **FIDEICOMISO** las operaciones subyacentes a este **FIDEICOMISO** y las transacciones contempladas y derivadas del mismo. Por lo tanto, no puede ser demandado o requerido judicialmente en tribunales, cortes u órganos jurisdiccionales dentro o fuera de los Estados Unidos Mexicanos, que no sean los expresamente convenidos en la presente cláusula. ------------------------------------------------------------------------------

**VIGESIMA NOVENA.- DE LA NO RESPONSABILIDAD DEL FIDUCIARIO.-----------**

El Fiduciario no será responsable por actos de autoridad, de las partes o de terceras personas, que impidan o dificulten el cumplimiento de los fines del presente contrato, siendo el **FIDEICOMISARIO** quien tendrá la obligación de dar aviso al Fiduciario de cualquier situación que pudiera afectar el presente fideicomiso, así como la de designar apoderado o apoderados que se encarguen de ejercitar los derechos derivados del fideicomiso o que procedan a su defensa. ------------------------------------------------

**TRIGESIMA.- RENUNCIAS, DISPENSAS Y RECURSOS.-** La demora de el **FIDEICOMISARIO** en ejercitar cualquiera de sus derechos, facultades, privilegios o recursos conforme a este Contrato de Fideicomiso no se considerará como una renuncia a los mismos ni como una renuncia a cualquier otro derecho, facultad, privilegio o recurso conferido por el presente; y el ejercicio individual o parcial de cualquiera de sus derechos, facultades, privilegios o recursos no prelucirá el ejercicio futuro de los mismos. Los derechos y recursos previstos en este Contrato de Fideicomiso son acumulativos y no excluyen ninguno de los derechos o recursos conferidos por la ley a el Fideicomisario. --------------------------------------------------------------------------

**TRIGESIMA PRIMERA.- INTEGRIDAD DEL CONTRATO.-** El presente Contrato (incluyendo los Anexos y Apéndices que se mencionan en el mismo) constituyen el

59

acuerdo total entre las partes en relación a todos los asuntos contemplados en el mismo, por lo que prevalece sobre y reemplaza cualquier entendimiento, contrato, convenio o acuerdo de voluntades previo, ya sea oral o escrito, de cualquier naturaleza con relación a lo aquí establecido y se suscribe en español, siendo éste el idioma oficial del Contrato, por lo que cualquier traducción del mismo a otro idioma será únicamente para efectos de conveniencia. -------------------------------------------------------------------

**TRIGESIMA SEGUNDA.- DE LA INSCRIPCIÓN DEL FIDEICOMISO EN EL REGISTRO PÚBLICO DE LA PROPIEDAD:** La **FIDEICOMITENTE** y el **FIDEICOMISARIO** está de acuerdo en que la inscripción del presente contrato de fideicomiso en el Registro Público de la Propiedad y del Comercio se haga por conducto del Suscrito Notario. ----------------------------------------------------------------

**TRIGESIMA TERCERA.- OBLIGACIONES RELACIONADAS CON EL INMUEBLE.-** Todos los gastos, impuestos, o contribuciones de cualquier tipo que se derive del inmueble, tales como impuesto predial, gastos de mantenimiento, gastos de servicios públicos, serán por cuenta y a cargo de el **FIDEICOMISARIO**, quedando la fiduciaria relevada de tal obligación y/o responsabilidad de pago. -----------------------

**TRIGESIMA CUARTA.- CONFORMIDAD.-** En este acto el **FIDEICOMISARIO** expresamente manifiesta que conoce y está conforme con los términos de esta escritura y declaran que conocen perfectamente los antecedentes de propiedad del **INMUEBLE** por haber realizado bajo su propia responsabilidad una minuciosa investigación al respecto, motivo por el cual, de resultar algún vicio oculto en los títulos correspondientes a la titularidad y posesión del **INMUEBLE**, en este acto libera al **FIDUCIARIO** y al Titular de la Notaria de cualquier responsabilidad, renunciando a ejercer en su contra cualquier acción que pudiera corresponderle. Esto sin perjuicio de reservarse el derecho para exigir el saneamiento y evicción conforme se conviene en la cláusula septima de éste contrato.-------------------------------------------------------

El **FIDEICOMISARIO** sin obligación o responsabilidad alguna para el Fiduciario convienen en cumplir con las obligaciones que le resultan **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS** y/o **SUBCONDOMINIO 2 SUNSET HILL** y en particular de sus reglamentos interiores, liberando de cualquier obligación o responsabilidad al **FIDUCIARIO**. ----------------------------------------------------------

Asimismo el **FIDEICOMISARIO**, reconoce que el **INMUEBLE** objeto de esta escritura, se encuentra sujeto al **RÉGIMEN MAESTRO DIAMANTE CABO SAN LUCAS** y/o **SUBCONDOMINIO 2 SUNSET HILL**, y su reglamento, ambos que se han relacionado en la Declaración Primera inciso B) numeral (x) y (xi) y en consecuencia, aceptan dicha propiedad limitada, en los términos de la Ley respectiva, de las escrituras constitutivas de dicho Regímenes y, de los respectivos reglamentos del **INMUEBLE**, en los cuales constan los derechos que adquieren y las obligaciones que contraen. ---------

60



## Lic. Armando Antonio Aguilar Mondragón

NOTARÍA 1 PÚBLICA

Cabo San Lucas, B.C.S.



**TRIGESIMA QUINTA.- ACEPTACIÓN.-** El ejercicio de los derechos que a su favor se derivan del presente Fideicomiso, por parte de el **FIDEICOMISARIO** serán signo evidente de su aceptación del contenido del presente contrato de Fideicomiso, así como de las obligaciones y derechos que a su cargo y a su favor se derivan del mismo. -------

**TRIGESIMA SEXTA.-** El **FIDEICOMITENTE** y el **FIDEICOMISARIO** autorizan al **FIDUCIARIO** para que en cualquier momento solicite y proporcione información de los primeros, a las sociedades de información crediticia, a cualquiera de las entidades del Grupo Financiero al que pertenece el **FIDUCIARIO** y a la Institución Financiera del Exterior controladora del Grupo Financiero, los datos relativos a las operaciones que se efectúen al amparo de este Contrato y en su caso, de cualquier incumplimiento a las obligaciones contraídas. -------------------------------------------------

**TRIGESIMA SEPTIMA.-** Asimismo, el **FIDEICOMITENTE** y el **FIDEICOMISARIO** están de acuerdo en que la manifestación efectuada en relación con la posibilidad de que exista intercambio de información para fines mercadológicos o publicitarios y en general para el tratamiento de sus Datos Personales, es revocable y por lo tanto puede modificarse para lo cual el **FIDUCIARIO** le(s) ha informado que deberá(n) llamar a las oficinas de Atención Fiduciaria y manifestar su nueva voluntad. --------------------------

**TRIGESIMA OCTAVA.-** El **FIDUCIARIO** hace del conocimiento del **FIDEICOMITENTE** y de el **FIDEICOMISARIO** que el tratamiento a los datos personales laborales, académicos, patrimoniales, y migratorios, incluyendo los datos sensibles (tratándose de seguros de vida o gastos médicos los datos relativos al estado de salud) que nos sean proporcionados será el que resulte adecuado y vigente en relación a las finalidades necesarias que a continuación se establecen: -----------------

a) Dar cumplimiento a los requerimientos que nos sean presentados por las Sociedades de Información Crediticia (Buró de Crédito); ----------------------------------------

b) Monitorear cualquier llamada telefónica realizada con el Cliente; ----------------------

c) Actualizar los registros y programas de sistemas de Grupo Financiero Scotiabank Inverlat, filiales y/o subsidiarias; --------------------------------------------

d) Dar cumplimiento a los requerimientos hechos por las autoridades, cuando sea necesario para salvaguardar el interés público, la procuración o administración de justicia; ---------------------------------------------------------------

GFSBI podrá utilizar sus datos personales para ofrecerles otros productos bancarios o financieros del GFSBI y remitirte promociones de otros bienes o servicios relacionados, finalidades que no son indispensables para el cumplimiento de la relación jurídica que dio origen al servicio contratado. Podrán oponerse a dichas finalidades, mediante solicitud dirigida a la oficina de Atención Fiduciaria. Así mismo te informamos que puedes consultar el aviso de privacidad integral visitando nuestra página web www.scotiabank.com.mx, o en cualquiera de nuestras sucursales.-----------------------

61

**TRIGESIMA NOVENA.- INDEMNIZACIÓN.- DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** y el **FIDEICOMISARIO**, se obligan a indemnizar y a sacar en paz y a salvo al **FIDUCIARIO**, a sus delegados fiduciarios y demás personal, de todos los daños y perjuicios que en su caso les ocasione el otorgamiento del presente instrumento jurídico, así como por los daños y perjuicios que llegaren a causarse en caso de que se presente en su contra alguna reclamación procedimiento, juicio o demanda, obligándose así mismo a reembolsarles cualquier erogación que realicen al respecto y en su propia defensa y/o por el pago de sanciones impuestas por alguna autoridad, inclusive de carácter fiscal, todo ello en relación con el otorgamiento de la presente escritura y con el inmueble fideicomitido.-----------------------------------------------------

**CUADRAGESIMA.- ENTREGA DEL CONTRATO.-** Las partes manifiestan que en este acto han recibido una copia del contrato de Fideicomiso, lo que declaran para los efectos legales correspondientes.--------------------------------------------------

--------------------------------- **G E N E R A L E S** ---------------------------------

Los comparecientes a sus generales dijeron ser: ------------------------------------

La Licenciada **DORA LETICIA VIDAL ÁVILA**, mexicana por nacimiento, casada, mayor de edad, funcionario bancario, originaria de Mazatlán, Sinaloa, donde nació el día dieciséis de octubre de mil novecientos sesenta y ocho, con clave única de registro de población (CURP) VIAD681016MSLDVR07, con domicilio en Colonia Magisterial, Carretera Transpeninsular kilometro treinta y uno, Centro Comercial Las Palmas, Local número cuatro, San José del Cabo, Baja California Sur, México, quien se identifica con pasaporte número G08152096.------------------------------------------------------

El Licenciado **ADOLFO SANCHEZ RESENDIZ**, mexicano por nacimiento, casado, mayor de edad, funcionario bancario, originario de México, Distrito Federal, donde nació el día diecisiete de diciembre de mil novecientos ochenta y uno, con clave única de registro de población (CURP) SARA811217HDFNSD01, con domicilio en Plaza Península, local uno "B", Segundo Piso Carretera Transpeninsular Kilómetro (29.5) veintinueve punto cinco, Colonia La Joya, Código Postal 23405 San José del Cabo, Baja California Sur, quien se identifica con credencial de elector folio 0000120559901 clave de elector SNRSAD81121709H400, año de registro 1999.-------------------------------

El señor **FERNANDO MANUEL GARCIA CAMPUZANO**, mexicano por nacimiento, abogado, casado, mayor de edad, originario de Ensenada, Baja California, donde nació el día doce de Julio de mil novecientos sesenta y siete, con clave única de registro de población (CURP) GACF670712HBCRMR08, con domicilio en Obregón número mil doscientos ochenta y nueve, zona centro, Ensenada, Baja California, y de paso por esta ciudad, quien se identifica con credencial de elector folio 0000081305123, clave de elector GRCMFR67071202H200, año de registro 1993. ---------------------------------



## Lic. Armando Antonio Aguilar Mondragón



NOTARÍA ◀ 1 ▶ PÚBLICA

Cabo San Lucas, B.C.S.



El señor **KENNETH ABOUD JOWDY**, dijo ser de nacionalidad estadounidense, casado, mayor de edad, empresario, originario de Connecticut, Estados Unidos de América, donde nació el día dieciséis de julio de mil novecientos sesenta y cuatro, con Clave Unica de Registro de Población (CURP) JOXK640716HNEWXN01 y Registro Federal de Contribuyentes JOKE640716V57, con domicilio en (11) once Fairmount Dr Danbury CT 06811-4412 Estados Unidos de America, identificándose con pasaporte número 513490145 y acreditando su legal estancia en el país con forma migratoria número 0000000048656.---------------------------------------------------------------------------------

La señora **ILSE JOSEFINA RIVERA MORALES**, mexicana por nacimiento, soltera, empleada, mayor de edad, originaria de Chihuahua, Chihuahua, donde nació el día veinticinco de abril de mil novecientos setenta y seis, con Clave Única de Registro de Población (CURP) RIMI760425MCHVRL06, con domicilio en Mar de Bering Lote número veintiocho manzana uno fraccionamiento, Miramar, Cabo San Lucas, Baja California Sur, Código Postal veintitrés mil cuatrocientos cincuenta y seis, quien se identifica con credencial de elector folio número 0000085474801, clave RVMRIL76042508 año de registro 2000.----------------------------------------------------------------------------------

**YO, EL NOTARIO, CERTIFICO Y DOY FE: 1.-** Que lo relacionado e inserto en este instrumento concuerda fielmente con los documentos a que me remito; que tuve a la vista y devolví a los interesados y por lo declarado por estos; **2.-** Que me cercioré de la identidad de los comparecientes y a mi juicio tienen capacidad legal para el otorgamiento de este instrumento; **3.-** Que los comparecientes otorgan su consentimiento con el tratamiento de sus datos personales en cumplimiento a lo dispuesto por la Ley Federal de Protección de Datos Personales en Posesión de los Particulares y su Reglamento, habiendo recibido el AVISO DE PRIVACIDAD por conducto del suscrito Notario Público, en el entendido que los mismos serán resguardados con cuidado y diligencia y se incluirán en los testimonios o copias que del presente instrumento se expidan, así como en las comunicaciones, declaraciones, avisos y documentos que se relacionen con los mismos ante instituciones o entidades relacionadas con los actos aquí formalizados, sin haber manifestado oposición alguna a la firma del presente; **4.-** Que advertí a los comparecientes de las penas en que incurren quienes declaran con falsedad; **5.-** Que bajo protesta de decir verdad los comparecientes declararon que sus facultades a la fecha no les han sido suspendidos, limitados, modificados o revocados bajo ningún concepto ni en forma alguna, reconociéndose recíprocamente sus facultades para el otorgamiento del presente instrumento, al amparo de los documentos que se exhiben en este acto por los comparecientes y que el suscrito Notario doy fe tener a la vista, agregando la certificación de los mismos al apéndice del protocolo de este instrumento con legajo marcado con la letra **"I"**; **6.-** Que se les leyó el presente instrumento, se les explico su

63

valor y fuerza legal y manifestando su conformidad la ratifican para constancia; **7.-** Que en relación al impuesto sobre la renta declararon estar al corriente sin comprobarlo. ------------------------------------------------------------------------------------

Una firma ilegible.- DOÑA LETICIA VIDAL ÁVILA.- Una firma ilegible.- ADOLFO SANCHEZ RESENDIZ.- Una firma ilegible.- FERNANDO MANUEL GARCIA CAMPUZANO.- Una firma ilegible.- KENNETH ABOUD JOWDY.- Una firma ilegible.- ILSE JOSEFINA RIVERA MORALES.- La firma del suscrito Notario.- El sello de la Notaria.- Doy Fe.-------

------------------------------ANOTACIONES COMPLEMENTARIAS----------------------------

PRIMERA: La presente escritura quedó debidamente firmada por todos sus otorgantes el día nueve de junio de dos mil catorce, fecha en que se autoriza preventiva por el Licenciado Armando Antonio Aguilar Mondragon, Notario Titula de esta notaria, para proceder con el pago de los impuestos correspondientes.---------------------------------

SEGUNDA: El día diecinueve de junio del año dos mil catorce, se llevo a cabo el entero del pago correspondiente los Impuestos Sobre Adquisición de Inmuebles, ante Recaudación de Rentas de la Tesorería General Municipal del Municipio de Los Cabos, por la siguiente cantidad $50,656.00 (cincuenta mil seiscientos cincuenta y seis pesos 00/100 moneda nacional), agregándose al apéndice de este instrumento con legajo marcado con la letra "i".-------------------------------------------------------------------------

TERCERA: Se hace constar que la presente operación no se retiene Impuesto Sobre la Renta por tratarse el enajenante de persona moral.------------------------------------------

CUARTA: Habiéndose enterado los impuestos correspondientes, la presente escritura se autoriza en forma definitiva por el Licenciado Armando Antonio Aguilar Mondragon, Notario Titula de esta notaria, el día diecinueve de junio del año dos mil catorce, expidiéndose con esta misma fecha primer testimonio a favor de Scotiabank Inverlat, Sociedad Anónima, Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat y segundo testimonio a favor de la sociedad extranjera denominada SH55, LLC.---------

---------------------------- DOCUMENTOS DEL APÉNDICE --------------------------------

El suscrito Notario hace constar que agregados al apéndice del protocolo bajo el número de ésta escritura, aparecen los siguientes documentos: --------------------------

a).- Certificado de Libertad de Gravamen.-----------------------------------------------

b).- Certificado de no adeudo de Impuesto Predial.--------------------------------------

c).- Avalúo Pericial.---------------------------------------------------------------------------

d).- Aviso Preventivo.-------------------------------------------------------------------------

e).- Cuotas condominiales y constancia de agua.----------------------------------------

f).- Permiso de la Secretaria de Relaciones Exteriores folio número 140217091015.-----

g).- Permiso de la Secretaria de Relaciones Exteriores folio número 140514097003.----

64

## Lic. Armando Antonio Aguilar Mondragón



NOTARÍA ◀▮▶ PÚBLICA

Cabo San Lucas, B.C.S.



h).- Personalidad de los Comparecientes.----------------------------------------------

i).- Declaración del Impuesto sobre Adquisición de Inmuebles, presentada ante la Recaudación de Rentas.----------------------------------------------------------------

h).- Se hace constar que la presente operación no se retiene Impuesto Sobre la Renta por tratarse el enajenante de persona moral.----------------------------------------

De dicho documento se anexa copia al testimonio que de esta escritura se expida.-----

ES PRIMER TESTIMONIO SEGUNDO EN SU ORDEN QUE SE SACA DE SU MATRIZ PARA USO DE LA SOCIEDAD EXTRANJERA DENOMINADA **SH55, LLC**. QUE EXPIDE EL SUSCRITO LICENCIADO ARMANDO 'ANTONIO AGUILAR MONDRAGON, NOTARIO PÚBLICO NÚMERO UNO EN EL ESTADO. VA EN TREINTA Y TRES HOJAS ÚTILES, COTEJADAS Y CORREGIDAS CON ARREGLO A LA LEY. CABO SAN LUCAS, BAJA CALIFORNIA SUR A LOS DIECINUEVE DIAS DEL MES DE JUNIO DEL AÑO DOS MIL CATORCE.- DOY FE.-------------------------------------------------------------------

COTEJADO

65







Lic. Armando Antonio Aguilar Mondragón

NOTARÍA < 1 > PÚBLICA

Cabo San Lucas, B.C.S.

para constancia; **7.-**

tar al corriente sin

----------------------------

e ilegible.- ADOLFO

ARCIA CAMPUZANO.-

ble.- ILSE JOSEFINA

aria.- Doy Fe.-------

----------------------------

todos sus otorgantes

za preventiva por el

e esta notaria, para

----------------------------

evo a cabo el entero

e Inmuebles, ante

icipio de Los Cabos,

cuenta y seis pesos

trumento con legajo

----------------------------

e Impuesto Sobre la

----------------------------

resente escritura se

Aguilar Mondragon,

ño dos mil catorce,

Scotiabank Inverlat,

Scotiabank Inverlat

SH55, LLC.----------

----------------------------

l protocolo bajo el

----------------------------

----------------------------

----------------------------

----------------------------

----------------------------

40217091015.-----

h).- Personalidad de los Comparecientes.-----------------------------------------

i).- Declaración del Impuesto sobre Adquisición de Inmuebles, presentada ante la Recaudación de Rentas.------------------------------------------------------------

h).- Se hace constar que la presente operación no se retiene Impuesto Sobre la Renta por tratarse el enajenante de persona moral.-----------------------------------------

De dicho documento se anexa copia al testimonio que de esta escritura se expida.-----

ES PRIMER TESTIMONIO PRIMERO EN SU ORDEN QUE SE SACA DE SU MATRIZ PARA USO DE **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT.** QUE EXPIDE EL SUSCRITO LICENCIADO ARMANDO ANTONIO AGUILAR MONDRAGON, NOTARIO PÚBLICO NÚMERO UNO EN EL ESTADO. VA EN TREINTA Y TRES HOJAS ÚTILES, COTEJADAS Y CORREGIDAS CON ARREGLO A LA LEY. CABO SAN LUCAS, BAJA CALIFORNIA SUR A LOS DIECINUEVE DIAS DEL MES DE JUNIO DEL AÑO DOS MIL CATORCE.- DOY FE.---------------------------------------------------------------

E4/083    1357

06 JUNIO  14