# EXHIBIT D



# Lic. María del Pilar García Orozco

Notaría Pública No.17
Cabo San Lucas, B.C.S.



-------------------------- **VOLUMEN SETECIENTOS VEINTIDÓS** --------------------------

------------------ **ESCRITURA QUINCE MIL DOSCIENTOS CATORCE** ------------------

-------------------------------------------------------------------------------------------------

----- En la Ciudad de Cabo San Lucas, Baja California Sur, México, a los **ocho** días del mes de **mayo** del año **dos mil quince** YO, la Licenciada **MARÍA DEL PILAR GARCÍA OROZCO**, Notario **Público Número Diecisiete** del Estado de Baja California Sur, y del Patrimonio del Inmueble Federal, con ejercicio en el Municipio de Los Cabos y con Residencia en la ciudad de **Cabo San Lucas**, hago constar por el presente instrumento los siguientes actos jurídicos: -------------------------------------------

------ **I.- RECONOCIMIENTO DE ADEUDO** que otorga la sociedad extranjera **SH55, LLC** (Una Sociedad de Responsabilidad Limitada), por conducto de su Administrador Único y representante legal el señor **KENNETH ABOUD JOWDY** también conocido como Kenneth A. Jowdy (para efectos del reconocimiento de adeudo se le denominará en lo sucesivo el **"DEUDOR"** y/o **"DEUDOR HIPOTECARIO"**) a favor del señor **GERMÁN DANIEL ARGÜESO MENDOZA** (para efectos del reconocimiento de adeudo se le denominará en lo sucesivo el **"ACREEDOR HIPOTECARIO"**). -------------

----- El señor **KENNETH ABOUD JOWDY** también conocido como Kenneth A. Jowdy en este acto y para los efectos de traducción del idioma español al inglés del presente acto jurídico, nombra al señor **FRANCIS EDWARD COSSU MUSI** como su traductor, quien estando presente acepta dicha designación y protesta cumplir fiel y legalmente su encargo.

------ **II.- LA CONSTITUCIÓN DE GARANTÍA HIPOTECARIA EN PRIMER LUGAR Y GRADO,** que otorgan: -------------------------------------------------------------------

----- **a).- SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT**, representada en este acto por sus Delegados Fiduciarios DORA LETICIA VIDAL AVILA y ADOLFO SÁNCHEZ RESENDIZ en lo sucesivo el **FIDUCIARIO**, unica y exclusivamente en su carácter de fiduciario del FIDEICOMISO identificado con el numero **239018427** (dos, tres, nueve, cero, uno, ocho, cuatro, dos, siete) (en lo sucesivo, el **"FIDEICOMISO"**) en cumplimiento a las instrucciones que para dichos efectos recibió de parte de su fideicomisario la sociedad extranjera **SH55, LLC.,** a través de su Administrador Único y representante legal el señor **KENNETH ABOUD JOWDY** también conocido como Kenneth A. Jowdy.-------------------------------------------------------------------

------ **b).-** Como **"DEUDOR"**, la sociedad extranjera **SH55, LLC.,** a través de su Administrador Único y representante legal el señor **KENNETH ABOUD JOWDY** también conocido como Kenneth A. Jowdy (en lo sucesivo **"FIDEICOMISARIO"** y/o **"DEUDOR"** y/o **"DEUDOR HIPOTECARIO"**, quien comparece a efecto de ratificar las instrucciones giradas al **FIDUCIARIO**, así como para reconocer sus obligaciones aquí establecidas respecto de la hipoteca en primer lugar y grado que se constituye en favor del señor **GERMÁN DANIEL ARGÜESO MENDOZA.** -------------------------------

----- **c).-** Como **"ACREEDOR HIPOTECARIO"**, el señor **GERMÁN DANIEL**

1

**ARGÜESO MENDOZA**, en su carácter de Acreedor Hipotecario en Primer Lugar, quien comparece por su propio derecho (en lo sucesivo **"ACREEDOR HIPOTECARIO EN PRIMER LUGAR"**). ------------------------------------------------------------------------

------Que vienen a celebrar el contrato de Reconocimiento de Adeudo con Garantía Hipotecaria, para los efectos que más adelante se indican, al tenor de los siguientes antecedentes declaraciones y clausulas: ----------------------------------------------------

---------------------------------- **A N T E C E D E N T E S** ----------------------------------

----- **I.- CONTRATO DE COMPRAVENTA.-** Mediante escritura pública número 65,036 (sesenta y cinco mil treinta y seis), del volumen 1,026 (mil veintiséis), de fecha diez de marzo del año dos mil seis, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, bajo el número 58 (cincuenta y ocho), foja 58 (cincuenta y ocho), del volumen CCXLII (doscientos cuarenta y dos romano), sección primera, de fecha dieciocho de abril del año dos mil seis, en la cual consta el contrato de Compraventa que celebran de una parte la señora ALICIA CESEÑA AGUNDEZ como parte vendedora y de otra parte la sociedad mercantil denominada DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, como parte compradora, respecto de los siguientes inmuebles: (i).- LOTE I UNO, con clave catastral 4-02-013-0081 cuatro guión cero dos guión cero uno tres guión cero cero ocho uno, con una superficie de 5-92-68 has. (cinco hectáreas noventa y dos áreas y sesenta y ocho centiáreas). (ii).- LOTE II DOS, con clave catastral 4-02-013-0082 cuatro guión cero dos guión cero uno tres guión cero cero ocho dos, con una superficie de 5-94-86 has. (cinco hectáreas noventa y cuatro áreas y ochenta y seis centiáreas). (iii).- LOTE III TRES, con clave catastral 4-02-013-0083 cuatro guión cero dos guión cero uno tres guión cero cero ocho tres, con una superficie de 11-34-41 has. (once hectáreas treinta y cuatro áreas y cuarenta y un centiáreas). (iv).- LOTE IV CUATRO, con clave catastral 4-02-013-0084 cuatro guión cero dos guión cero uno tres guión cero cero ocho cuatro, con una superficie de 11-62-60 has. (once hectáreas sesenta y dos áreas y sesenta centiáreas). (v).- LOTE V CINCO, con clave catastral 4-02-013-0085 cuatro guión cero dos guión cero uno tres guión cero cero ocho cinco, con una superficie de 11-40-91 has. (once hectáreas cuarenta áreas y noventa y un centiáreas). (vi).- LOTE VI SEIS, con clave catastral 4-02-013-0086 cuatro guión cero dos guión cero uno tres guión cero cero ocho seis, con una superficie de 11-03-90 has. (once hectáreas tres áreas y noventa centiáreas). (vii).- LOTE VII SIETE, con clave catastral 4-02-013-0087 (cuatro guión cero dos guión cero trece guión cero cero ochenta y siete) con una superficie de 26-00-98 has. (veintiséis hectáreas cero áreas y noventa y ocho centiáreas). (viii).- POLÍGONO I DEL PREDIO LA LAGUNA, (EL CARDONAL), con Clave Catastral 4-02-013-0001 (cuatro guión cero dos guión cero uno tres guión cero cero cero uno y con superficie de 528-88-49.427 Has. (quinientos veintiocho hectáreas ochenta y ocho

2



# Lic. María del Pilar García Orozco

## Notaría Pública No.17
## Cabo San Lucas, B.C.S.

areas cuarenta y nueve punto cuatrocientos veintisiete centiáreas. Todos ellos dentro del predio conocido como LA LAGUNA, en la porción conocida como Rancho El Cardonal, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur. --------------

----- **II.- FIDEICOMISO DE GARANTÍA F/00321.-** Mediante escritura pública número 65,041 (sesenta y cinco mil cuarenta y uno), del volumen 1,026 (mil veintiséis), de fecha diez de marzo del año dos mil seis, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, e inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, bajo el número 135 (ciento treinta y cinco), foja 135 (ciento treinta y cinco), del volumen CCXLV (doscientos cuarenta y cinco romano), de fecha ocho de mayo del año dos mil seis, se hizo constar el contrato de Fideicomiso Traslativo de Dominio e Irrevocable de Garantía identificado con el numero F/00321 (el "CONTRATO DE FIDEICOMISO" o "FIDEICOMISO") celebrado entre DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE ("DIAMANTE CABO"), actuando como Fideicomitente y Fideicomisario en Segundo Lugar; LEHMAN BROTHERS HOLDINGS INC., en su carácter de Fideicomisario en Primer Lugar y BANCO J.P. MORGAN, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA, en su carácter de fiduciario, aportando al patrimonio del fideicomiso los inmuebles previamente descrito en el Antecedente anterior e identificados como LOTE I UNO, LOTE II DOS, LOTE III TRES, LOTE IV CUATRO, LOTE V CINCO, LOTE VI SEIS, LOTE VII SIETE y POLÍGONO I DEL PREDIO LA LAGUNA. --------------------------------------------

----- **III.- CONVENIO MODIFICATORIO Y DE REEXPRESIÓN DEL FIDEICOMISO DE GARANTIA F/00321.-** Mediante escritura pública número 78,882 (setenta y ocho mil ochocientos ochenta y dos), del volumen 1,292 (mil doscientos noventa y dos), de seis de marzo del año dos mil nueve, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, debidamente inscrita mediante anotación marginal de fecha trece de abril del año dos mil nueve en el Registro Público de la Propiedad y del Comercio de San José bajo el número 135 (ciento treinta y cinco), foja 135 (ciento treinta y cinco), del volumen CCXLV (doscientos cuarenta y cinco), de la sección primera, se hizo constar el CONVENIO MODIFICATORIO Y DE REEXPRESIÓN al CONTRATO DE FIDEICOMISO (EL "CONVENIO MODIFICATORIO Y DE RE-EXPRESIÓN") de fecha seis de marzo de dos mil nueve, que celebraron "DIAMANTE CABO", actuando como Fideicomitente y Fideicomisario en Segundo Lugar; DANSKE BANK A/S, LONDON BRANCH, LA SUCURSAL DE LONDRES DE UNA SOCIEDAD CONSTITUIDA EN EL REINO DE DINAMARCA, en su carácter de Fideicomisario en Primer Lugar y THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, como causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria en su carácter de

fiduciario del Fideicomiso número F/00321. -------------------------------------------------------

---- **IV.- RELOTIFICACIÓN Y PROTOCOLIZACIÓN DE DESLINDE**.- Mediante escritura pública número 81,161 (ochenta y un mil ciento sesenta y uno), del volumen 1,341 (mil trescientos cuarenta y uno), de fecha veintisiete de octubre del año dos mil nueve, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, debidamente inscrita mediante anotación marginal de fecha tres de febrero del año dos mil nueve inscrita en el Registro Público de la propiedad y del Comercio de San José del Cabo, Baja California Sur, bajo el número 135 (ciento treinta y cinco), foja 135 (ciento treinta y cinco), volumen CCXLV (doscientos cuarenta y cinco), sección primera, en la cual consta la RELOTIFICACION Y PROTOCOLIZACION DE DESLINDE de los lotes que integran el predio La Laguna, Rancho el Cardonal, Zona Costa Pacifico, en Cabo San Lucas, Baja California Sur, a solicitud de THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE (causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), en su carácter de fiduciario del Fideicomiso F/00321 con la comparecencia de la Sociedad denominada DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, de donde se desprende entre otros el siguiente inmueble: POLIGONO 3 (tres), del predio conocido como LA LAGUNA, en la porción conocida como rancho EL CARDONAL, en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, con clave catastral 4-02-013-0083 (cuatro, guión, cero, dos, guión, cero, uno, tres, guión, cero, cero, ocho, tres), con una superficie de 175-64-83.912 (ciento setenta y cinco hectareas, sesenta y cuatro areas y ochenta y tres punto novecientos doce centiáreas).-------------------------------------------------------

---- **V.- MODIFICACIÓN AL CONTRATO DE CREDITO MODIFICADO Y RE-EXPRESADO**.- Mediante acta número 2,994 (dos mil novecientos noventa y cuatro), de fecha veintiséis de enero del año dos mil diez, otorgado ante la fe del Licenciado Julio Alejandro Duran Gómez, Titular de la Correduria Pública Número Trece de la Ciudad de Mexico, Distrito Federal, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, mediante anotación marginal de fecha once de febrero de dos mil diez, bajo el número 135 (ciento treinta y cinco), foja 135 (ciento treinta y cinco), del volumen CCXLV (doscientos cuarenta y cinco), de fecha ocho de mayo del año dos mil seis, documento en el cual se hizo constar a través de cierta Notificación a solicitud de "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABEL, de la Primera Modificación al Contrato de Crédito Modificado y Re-Expresado en la que se incremento la cantidad del préstamo en la cantidad de USD$4,000,000.00 (CUATRO MILLONES DE DOLARES 00/100 MONEDA DE CURSO LEGAL DE LOS ESTADOS UNIDOS DE AMERICA).------------

---- **VI.- SEGUNDO CONVENIO MODIFICATORIO AL CONTRATO Y AL CONVENIO MODIFICATORIO Y DE REEXPRESIÓN**.- Mediante escritura pública

4

# Lic. María del Pilar García Orozco

### Notaría Pública No.17
### Cabo San Lucas, B.C.S.



91,326 (noventa y un mil trescientos veintiséis), del volumen 1,536 (mil quinientos treinta y seis), de fecha veintiséis de abril del año dos mil trece, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, del Estado y del Patrimonio Inmueble Federal, con ejercicio en los Municipios de La Paz y Los Cabos, en la cual constan diversas definiciones, modificaciones y adhesiones al Fideicomiso.------------------------------------------------------

---- **VII.- RÉGIMEN DE PROPIEDAD EN CONDOMINIO MAESTRO "DIAMANTE CABO SAN LUCAS".-** Mediante escritura pública número 82,871 (ochenta y dos mil ochocientos setenta y uno), del volumen 1,376 (mil trescientos setenta y seis), de fecha dieciocho de mayo del año dos mil diez, otorgado ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, baja California Sur, bajo el número 127 (ciento veintisiete), foja 127 (ciento veintisiete), del volumen CDXXXVIII (cuatrocientos treinta y ocho romano) de fecha veintiuno de mayo del año dos mil diez, se hizo constar la constitucion del REGIMEN DE PROPIEDAD EN CONDOMINIO MAESTRO denominado **"DIAMANTE CABO SAN LUCAS"** (en lo sucesivo "REGIMEN MAESTRO DIAMANTE CABO SAN LUCAS") ubicado en el Predio LA LAGUNA, rancho El Cardonal, Polígono 03 (cero tres), ubicado en Cabo San Lucas, Baja California Sur, con una superficie de 175-64-83.912 Has (ciento setenta y cinco hectareas, sesenta y cuatro areas y ochenta y tres punto novecientos doce centiáreas), con clave catastral numero 4-02-013-0083 (cuatro, guión, cero, dos, guión, cero, uno, tres, guión, cero, cero, ocho, tres), constituido por THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE (causahabiente universal final de Banco J.P. Morgan, Sociedad Anónima, Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, División Fiduciaria), en su carácter de fiduciario del Fideicomiso F/00321, con la comparecencia de su fideicomitente y fideicomisario en segundo lugar. ---------------------------------------------------------------------------------------

----- **VIII.- RÉGIMEN DE PROPIEDAD EN CONDOMINIO 2 "SUNSET HILL".-** Mediante escritura pública número 83,280 (ochenta y tres mil doscientos ochenta), del volumen 1,390 (mil trescientos noventa), de fecha veintinueve de junio del año dos mil diez, otorgada ante la fe del Licenciado José Alberto Castro Salazar, Notario Público Adscrito a la Notaria Pública Número Siete, inscrita en el Registro Público de la Propiedad y del Comercio de San José del Cabo, Baja California Sur, bajo el número veinticuatro, foja veinticuatro, del volumen número CDXLVIII, de fecha siete de julio del año dos mil diez, se hizo constar la Constitución del SUB-REGIMEN DE PROPIEDAD EN CONDOMINIO 2 "SUNSET HILL", (en lo sucesivo **"SUBCONDOMINIO 2 SUNSET HILL"**) del Régimen Maestro denominado "DIAMANTE CABO SAN LUCAS" identificado con clave catastral número 402-093-001-001-002-001 (cuatrocientos dos guión cero noventa y tres guión cero cero uno guión cero cero uno guión cero cero dos guión cero cero uno), dentro del Predio La Laguna, con una superficie de 257,021.576 M2,

5

superficie común de 66,627.132 M2 (sesenta y seis mil seiscientos veintisiete punto quinientos setenta y seis metros cuadrados), con un Porcentaje de indiviso de 18.726 (dieciocho punto setecientos veintiseis), localizado en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, del cual forma parte el inmueble objeto del presente instrumento.------------------------------------------------------------------------------------

----- **IX.- CONSTITUCIÓN DE FIDEICOMISO.-** Por escritura pública número 64,083 (sesenta y cuatro mil ochenta y tres), del volumen 1,357 (mil trescientos cincuenta y siete), de fecha veintidós de mayo de dos mil catorce otorgada ante la fe del Licenciado Francisco Javier Mazoy Camara, Notario Público Adscrito a la Notaria Pública número Uno del Estado de Baja California Sur, cuyo primer testimonio quedo inscrito en el Registro Público de la Propiedad del Municipio de Los Cabos, bajo el numero 111 (ciento once), a foja 111 (ciento once) del volumen DLXXX (quinientos ochenta romano), escrituras públicas, sección primera, de fecha veintiuno de agosto del año dos mil catorce, se hizo constar entre otros actos, el Contrato de Fideicomiso Irrevocable Traslativo de Dominio en Zona Restringida mediante la cual CIBANCO, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE (antes THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE como causabiente de BANCO J.P. MORGAN, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA), como fiduciario del contrato de fideicomiso irrevocable número F/00321 actuando por instrucciones del comité tecnico de dicho fideicomiso como Fideicomitente transmitió al FIDUCIARIO, SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT la propiedad del Inmueble objeto del presente instrumento y que se describe y deslinda en el Antecedente decimo siguiente, designándose la sociedad extranjera **SH55, LLC.**, una sociedad de responsabilidad limitada del estado de Delaware, Estados Unidos de Amércia, como **FIDEICOMISARIA** del mismo. ----------------------------------------------------------------

----- El fideicomiso que se describe en el presente antecedente, se encuentra administrativamente en los archivos del Fiduciario bajo el número **239018427** (dos, tres, nueve, cero, uno, ocho, cuatro, dos, siete). -----------------------------------------

----- Copia cotrajada de dicha escritura se agrega al apéndice de mi protocolo bajo el número de la presente escritura y legajo marcado con la letra **"A"**. ------------------------

----- **X.- INMUEBLE OBJETO DEL PRESENTE INSTRUMENTO.-** Que integra el patrimonio del Fideicomiso relacionado en el Antecedente Noveno anterior y que va a ser materia del presente instrumento, el siguiente bien inmueble (en adelante el **"INMUEBLE"**).-----------------------------------------------------------------------------

----- **LOTE** número **55 (CINCUENTA Y CINCO), MANZANA 1 (UNO),** del Sub-régimen de Propiedad en Condominio 2 (dos) denominado **"SUNSET HILL"**, dentro del Régimen Maestro denominado **DIAMANTE CABO SAN LUCAS,** ubicado en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, con clave catastral número

# Lic. María del Pilar García Orozco
## Notaría Pública No.17
Cabo San Lucas, B.C.S.



**402-093-001-001-002-055** (cuatrocientos dos, guión, cero noventa y tres, guión, cero cero uno, guión, cero cero uno, guión, cero cero dos, guión, cero cincuenta y cinco), con una superficie de **2,186.59 M2** (dos mil ciento ochenta y seis punto cincuenta y nueve metros cuadrados) con autorización de uso Residencial y con las siguientes medidas y colindancias: ------------------------------------------------------

----- **AL NORESTE:** (27.97) veintisiete punto noventa y siete metros con área de uso común Condominio 2 Sunset Hill; Lc: 5.09 Mts. Con Área de uso común Condominio 2 Sunset Hill; ------------------------------------------------------------------------

----- **AL NOROESTE.-** (58.24) cincuenta y ocho punto veinticuatro metros con lote (54) cincuenta y cuatro; --------------------------------------------------------------------

----- **AL SURESTE.-** (61.14) sesenta y uno punto catorce metros con lote (56) cincuenta y seis; --------------------------------------------------------------------------

----- **AL SUROESTE.-** (44.87) cuarenta y cuatro punto ochenta y siete metros con lote (79) setenta y nueve; ----------------------------------------------------------------

----- Al inmueble antes descrito le corresponde: ----------------------------------------

---- Un porcentaje de Indiviso en el Condominio Dos Sunset Hill de 1.27 % (uno punto veintisiete por ciento); -------------------------------------------------------------------

----- Un Área de indiviso Condominio Sunset Hill de 988.08 M2 (novecientos ochenta y ocho punto cero ocho metros cuadrados); ----------------------------------------------

---- Un porcentaje de Indiviso en el Condominio Maestro de 0.23% (cero punto veintitrés por ciento) y; ---------------------------------------------------------------

----- Un Área de indiviso Condominio Maestro 843.38 M2 (ochocientos cuarenta y tres punto treinta y ocho metros cuadrados).-------------------------------------------------

----- **XI.- CERTIFICADO DE LIBERTAD DE GRAVAMEN.-** Que el **INMUEBLE** se encuentra libre de gravamen, de limitaciones de dominio, de adeudos de naturaleza alguna, liberando en este acto las partes a la Suscrita Notario de cualquier responsabilidad al respecto, según se acredita mediante el certificado de libertad de gravámenes expedido por el director del Registro Público de la Propiedad y del Comercio del Municipio de Los Cabos, del cual se agrega al apéndice del protocolo de esta escritura con legajo marcado con la letra **"B"**. -------------------------------------------

----- **XII.- AVISO PREVENTIVO.-** Que la Suscrita Notario ingresó en el Registro Público de la Propiedad del Municipio de Los Cabos el primer aviso preventivo respecto de este instrumento el cual se agrega al apéndice del protocolo de esta escritura con legajo marcado con la letra **"C"**. ----------------------------------------------------------

------ Expuesto lo anterior, los comparecientes otorgan las siguientes: --------------------

------------------------------------------------------------------------------------------
------------------------------ **D E C L A R A C I O N E S** ------------------------------

----- **I.-** El **FIDUCIARIO**, a través de sus Delegados Fiduciarios, declaran: ----------------

----- a) Que es una Institución de Banca Múltiple debidamente constituida bajo las leyes de México y autorizada para actuar como fiduciaria, como se precisa en el capítulo de

Cotejado

personalidad del presente instrumento, contando con las facultades suficientes para celebrar este instrumento público, y otorgar y constituir la hipoteca en primer lugar y grado de prelación aquí descrita, por instrucciones de su fideicomisario. -------------------- ----- b) Que es propietario del Inmueble, en su calidad de Fiduciario, según ha quedado relacionado en el **Antecedente X** (diez romano) del presente instrumento. -------------- ----- c) **CARTA DE INSTRUCCIONES DEL FIDEICOMISARIO.-** Que de conformidad con los derechos del Fideicomisario del FIDEICOMISO recibió carta de instrucciones, la sociedad extranjera **SH55, LLC**. (Limited Liability Company) a través de su Administrador Único y representante legal el señor KENNETH ABOUD JOWDY a fin de otorgar en favor del señor GERMÁN DANIEL ARGÜESO MENDOZA, en su carácter de **ACREEDOR HIPOTECARIO** en primer lugar, una garantía hipotecaria en primer lugar y grado de prelación sobre el Inmueble (en adelante **LA GARANTIA O LA GARANTIA HIPOTECARIA**), con el objeto de garantizar el pago oportuno y el cumplimiento de todas y cada una de las obligaciones a cargo del FIDEICOMISARIO y del presente instrumento. Dicha carta de instrucciones se exhibe y se agrega copia al apéndice del protocolo de este instrumento con legajo marcado con la letra **"D"** y se transcribe a continuación: -------------------------------------------------------------------------------

----- *"Cabo San Lucas, B.C. S, a 20 de diciembre de 2014.- Scotiabank Inverlat, S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat. Delegado Fiduciario Plaza Peninsular local 1-A, segundo piso, Carretera Transpeninsular Kilómetro 29.5, Colonia La Jolla, San José del Cabo, Baja California Sur, C.P. 23405.- PRESENTE.- Asunto: Carta Instrucción Fideicomiso 5H55, LLC.- Kenneth A. Jowdy, en mi carácter de Administrador Único de 5H55, LLC, quien participa en su carácter de fideicomisaria en el CONTRATO DE FIDEICOMISO IRREVOCABLE TRASLATIVO DE DOMINIO identificado administrativamente bajo el número 239018427, que consta en escritura Pública numero 64,083 volumen 1357, de fecha 22 de mayo del año dos mil catorce, del Protocolo del Notario Público número 1 de Cabo San Lucas, Baja California Sur, inscrito en el Registro Público de la Propiedad de Los Cabos, Baja California Sur, México bajo el número 111 del volumen DLXXX, sección primera, de fecha 20 de agosto de 2014, y dentro del cual participan: (i) Cibanco, Sociedad Anónima Institución de Banca Múltiple., como FIDEICOMITENTE; (ii) Scotiabank Inverlat, S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat, como FIDUCIARIO; y (iii) SH55, LLC, como FIDEICOMISARIA; en relación al inmueble identificado como Lote 55, identificado bajo clave catastral 402-093-001-001-002-055, ubicado en el Sub condominio conocido como "Sunset Hill", físicamente ubicado dentro del Régimen Maestro denominado Diamante Cabo San Lucas, en Cabo San Lucas, Baja California Sur, México (de aquí en adelante el **INMUEBLE**) (contrato al que de aquí en adelante se le denominará el **FIDEICOMISO**); con el debido respeto comparezco para exponer lo siguiente: Que*

8

## Lic. María del Pilar García Orozco

### Notaría Pública No.17
### Cabo San Lucas, B.C.S.



*en virtud de un adeudo previo adquirido por mi representada, frente al Sr. German Daniel Argueso Mendoza ("ACREEDOR"), es voluntad de mi representada garantizar el pago de dicho adeudo, constituyendo una hipoteca sobre EL INMUEBLE a favor del ACREEDOR. Que por así convenir a los intereses de mi representada, y de conformidad con lo establecido en el numeral siete (7) de la Cláusula Décima, así como en lo previsto en la cláusula Decima Segunda y Decima Séptima del FIDEICOMISO anteriormente referido, le* **INSTRUYO** *para que comparezca a firmar ante el Notario Público número 17 de Baja California Sur o cualquier otro que se designe, el instrumento público para que otorgue la constitución de hipoteca en primer lugar y en primer grado sobre EL INMUEBLE anteriormente citado y conforme a los términos anteriormente referidos a favor del ACREEDOR por la suma principal. El pago de los costos y gastos, incluyendo cualesquier clase de honorarios fiduciarios por la firma de las escrituras que contendrá el acto jurídico antes mencionado, así como cualesquier otra clase de actos relacionados con los mismos, correrán a cargo del Fideicomisario. En este acto SH55, LLC, representado por el suscrito, en este acto liberamos a SCOTIABANK INVERLAT, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA y a sus funcionarios, empleados, representantes, y/o delegados fiduciarios, de cualquier obligación o responsabilidad en el que incurran en el cumplimiento de las presentes instrucciones y me obligo a sacarlos en paz y a salvo en caso de que se presente cualquier reclamo, procedimiento, juicio y/o demanda en su contra. Me obligo también, a rembolsar a SCOTIABANK INVERLAT, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLdAT, DIVISIÓN FIDUCIARIA y a sus funcionarios, empleados, representantes, y/o delegados fiduciarios, de cualquier gasto o erogación de cualquier naturaleza (incluyendo honorarios y gastos legales) en q e incurran o cualquier daño o perjuicio que sufran en virtud de alguna reclamo, juicio, procedimiento, juicio y/o demanda en su contra, por lo aquí solicitado. Todos los gastos, impuestos y honorarios que generen con motivo de la presente instrucción correrán única y exclusivamente por la sociedad extranjera SH55, LLC.* **Al efecto con copia de la presente, instruimos al Lic. Maria del Pilar Gorda Orozco notario público número 17 de la Cd. de Cabo San Lucas, Baja California Sur elaborar la escritura correspondiente.** *Sin más por el momento, quedo de Usted para cualquier aclaración o duda.- Atentamente. Una firma ilegible.-* **SH55, LLC.-** *Por conducto de su Administrador Único.* **Kenneth A. Jowdy.".** ------------------------------------

----- d) **PROHIBICIONES LEGALES.-** Para los efectos establecidos en el punto 5.5 de las disposiciones que en materia de fideicomiso emitió el Banco de México, mediante la circular 1/2005, el Fiduciario hace de conocimiento de las demás partes de este Contrato el texto de los siguientes artículos que establecen prohibiciones a la institución fiduciaria en la ejecución de los fideicomisos:---------------------------------------

----- De la Ley General de Títulos y Operaciones **de Crédito:** ---------------------------

9

----- **Artículo 382.-** Pueden ser fideicomisarios las personas que tengan la capacidad necesaria para recibir el provecho que el fideicomiso implica. -----------------------------

----- El fideicomisario podrá ser designado por el fideicomitente en el acto constitutivo del fideicomiso o en un acto posterior. ----------------------------------------------------------

----- El fideicomiso será válido aunque se constituya sin señalar fideicomisario, siempre que su fin sea lícito y determinado, y conste la aceptación del encargo por parte del fiduciario. --------------------------------------------------------------------------------------------

----- Cuarto párrafo.- Se deroga. -----------------------------------------------------------------

----- Las instituciones mencionadas en el artículo 385 de esta Ley podrán reunir la calidad de fiduciarias y fideicomisarias únicamente tratándose de fideicomisos que tengan por fin servir como instrumentos de pago a su favor. En este supuesto, las partes deberán convenir los términos y condiciones para dirimir posibles conflictos de intereses, para lo cual podrán nombrar a un ejecutor o instructor, que podrá ser una institución fiduciaria o cualquier tercero, a fin de que determine el cumplimiento o incumplimiento del contrato para el solo efecto de iniciar el procedimiento de ejecución y para que cumpla los fines del fideicomiso en lo que respecta a la aplicación de los bienes afectos al fideicomiso como fuente de pago de obligaciones derivadas de créditos otorgados por la propia institución. ----------------------------------------------------

----- En todo caso, el ejecutor o instructor ejercitará sus funciones en nombre y representación del fiduciario, pero sin sujetarse a sus instrucciones, obrando en todo momento de conformidad con lo pactado en el contrato y la legislación aplicable y actuando con independencia e imparcialidad respecto de los intereses del fideicomitente y fideicomisario. ----------------------------------------------------------------

------ Para efectos del párrafo anterior, se presume independencia e imparcialidad en el cumplimiento del contrato, cuando los títulos representativos del capital social, así como las compras e ingresos del último ejercicio fiscal o del que esté en curso del ejecutor o instructor, no estén vinculados con alguna de las partes del fideicomiso en más de un diez por ciento. -----------------------------------------------------------------------------

----- **Artículo 394.** Quedan prohibidos: -----------------------------------------------------------

----- I. Los fideicomisos secretos; ---------------------------------------------------------------------

----- II. Aquellos en los cuales el beneficio se conceda a diversas personas sucesivamente que deban substituirse por muerte de la anterior, salvo el caso de que la sustitución se realice en favor de personas que estén vivas o concebidas ya, a la muerte del fideicomitente; y.------------------------------------------------------------------------------

----- III. Aquellos cuya duración sea mayor de cincuenta años, cuando se designe como beneficiario a una persona moral que no sea de derecho público o institución de beneficencia. Sin embargo, pueden constituirse con duración mayor de cincuenta años cuando el fin del fideicomiso sea el mantenimiento de museos de carácter científico o artístico que no tengan fines de lucro...".------------------------------------------------------------

----- **De la Ley de Instituciones de Crédito:** --------------------------------------------------



# Lic. María del Pilar García Orozco

Notaría Pública No.17
Cabo San Lucas, B.C.S.

----- **Artículo 106.** "*A las instituciones de crédito les estará prohibido:* ---------------------

------ *XIX. En la realización de las operaciones a que se refiere la fracción XV del artículo 46 de esta Ley:* ---------------------------------------------------------

----- *a) Derogada;* ------------------------------------------------------------------------

----- *b) Responder a los fideicomitentes, mandantes o comitentes, del incumplimiento de los deudores, por los créditos que se otorguen, o de los emisores, por los valores que se adquieran, salvo que sea por su culpa, según lo dispuesto en la parte final del artículo 391 de la Ley General de Títulos y Operaciones de Crédito, o garantizar la percepción de rendimientos por los fondos cuya inversión se les encomiende.*-------------

----- *Si al término del fideicomiso, mandato o comisión constituidos para el otorgamiento de créditos, éstos no hubieren sido liquidados por los deudores, la institución deberá transferirlos al fideicomitente o fideicomisario, según sea el caso, o al mandante o comitente, absteniéndose de cubrir su importe.*---------------------------------

----- *En los contratos de fideicomiso, mandato o comisión se insertará en forma notoria lo dispuesto en este inciso y una declaración de la fiduciaria en el sentido de que hizo saber inequívocamente su contenido a las personas de quienes haya recibido bienes o derechos para su afectación fiduciaria;* -----------------------------------------------

----- *c) Actuar como fiduciarias, mandatarias o comisionistas en fideicomisos, mandatos o comisiones, respectivamente, a través de los cuales se capten, directa o indirectamente, recursos del público, mediante cualquier acto causante de pasivo directo o contingente, excepto tratándose de fideicomisos constituidos por el Gobierno Federal a través de la Secretaría de Hacienda y Crédito Público, y de fideicomisos a través de los cuales se emitan valores que se inscriban en el Registro Nacional de Valores de conformidad con lo previsto en la Ley del Mercado de Valores;* ---------------

----- *d) Desempeñar los fideicomisos, mandatos o comisiones a que se refiere el segundo párrafo del artículo 88 de la Ley de Sociedades de Inversión;* --------------------

----- *e) Actuar en fideicomisos, mandatos o comisiones a través de los cuales se evadan limitaciones o prohibiciones contenidas en las leyes financieras;* ----------------------------

----- *f) Utilizar fondos o valores de los fideicomisos, mandatos o comisiones destinados al otorgamiento de créditos, en que la fiduciaria tenga la facultad discrecional, en el otorgamiento de los mismos para realizar operaciones en virtud de las cuales resulten o puedan resultar deudores sus delegados fiduciarios; los miembros del consejo de administración o consejo directivo, según corresponda, tanto propietarios como suplentes, estén o no en funciones; los empleados y funcionarios de la institución; los comisarios propietarios o suplentes, estén o no en funciones; los auditores externos de la institución; los miembros del comité técnico del fideicomiso respectivo; los ascendientes o descendientes en primer grado o cónyuges de las personas citadas, las sociedades en cuyas asambleas tengan mayoría dichas personas o las mismas instituciones, asimismo aquellas personas que el Banco de México determine mediante disposiciones de carácter general.* -----------------------------------------------------

Cotejado

11

----- *g) Administrar fincas rústicas, a menos que hayan recibido la administración para distribuir el patrimonio entre herederos, legatarios, asociados o acreedores, o para pagar una obligación o para garantizar su cumplimiento con el valor de la misma finca o de sus productos, y sin que en estos casos la administración exceda del plazo de dos años, salvo los casos de fideicomisos a la producción o fideicomisos de garantía y;-----*

----- *h) Celebrar fideicomisos que administren sumas de dinero que aporten periódicamente grupos de consumidores integrados mediante sistemas de comercialización, destinados a la adquisición de determinados bienes o servicios, de los previstos en la Ley Federal de Protección al Consumidor.-----*

----- *Cualquier pacto contrario a lo dispuesto en los incisos anteriores, será nulo...".-----*

----- **Artículo 142.-** *La información y documentación relativa a las operaciones y servicios a que se refiere el artículo 46 de la presente Ley, tendrá carácter confidencial, por lo que las instituciones de crédito, en protección del derecho a la privacidad de sus clientes y usuarios que en este artículo se establece, en ningún caso podrán dar noticias o información de los depósitos, operaciones o servicios, incluyendo los previstos en la fracción XV del citado artículo 46, sino al depositante, deudor, titular, beneficiario, fideicomitente, fideicomisario, comitente o mandante, a sus representantes legales o a quienes tengan otorgado poder para disponer de la cuenta o para intervenir en la operación o servicio.-----*

----- *Como excepción a lo dispuesto por el párrafo anterior, las instituciones de crédito estarán obligadas a dar las noticias o información a que se refiere dicho párrafo, cuando lo solicite la autoridad judicial en virtud de providencia dictada en juicio en el que el titular o, en su caso, el fideicomitente, fideicomisario, fiduciario, comitente, comisionista, mandante o mandatario sea parte o acusado. Para los efectos del presente párrafo, la autoridad judicial podrá formular su solicitud directamente a la institución de crédito, o a través de la Comisión Nacional Bancaria y de Valores.-----*

----- *Las instituciones de crédito también estarán exceptuadas de la prohibición prevista en el primer párrafo de este artículo y, por tanto, obligadas a dar las noticias o información mencionadas, en los casos en que sean solicitadas por las siguientes autoridades: -----*

----- **I.** *El Procurador General de la República o el servidor público en quien delegue facultades para requerir información, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del indiciado; -----*

----- **II.** *Los procuradores generales de justicia de los Estados de la Federación y del Distrito Federal o subprocuradores, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del indiciado; -----*

----- **III.** *El Procurador General de Justicia Militar, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del indiciado; -----*

----- **IV.** *Las autoridades hacendarias federales, para fines fiscales; -----*

----- **V.** *La Secretaría de Hacienda y Crédito Público, para efectos de lo dispuesto por el*

12

# Lic. María del Pilar García Orozco

Notaría Pública No.17
Cabo San Lucas, B.C.S.



artículo 115 de la presente Ley; ---------------------------------------------------------

----- *VI. El Tesorero de la Federación, cuando el acto de vigilancia lo amerite, para solicitar los estados de cuenta y cualquier otra información relativa a las cuentas personales de los servidores públicos, auxiliares y, en su caso, particulares relacionados con la investigación de que se trate;*---------------------------------------------------------

----- *VII. La Auditoría Superior de la Federación, en ejercicio de sus facultades de revisión y fiscalización de la Cuenta Pública Federal y respecto a cuentas o contratos a través de los cuáles se administren o ejerzan recursos públicos federales;*------------------

----- *VIII. El titular y los subsecretarios de la Secretaría de la Función Pública, en ejercicio de sus facultades de investigación o auditoría para verificar la evolución del patrimonio de los servidores públicos federales.*---------------------------------------

------ *La solicitud de información y documentación a que se refiere el párrafo anterior, deberá formularse en todo caso, dentro del procedimiento de verificación a que se refieren los artículos 41 y 42 de la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos, y* --------------------------------------------------------

----- *IX. La Unidad de Fiscalización de los Recursos de los Partidos Políticos, órgano técnico del Consejo General del Instituto Federal Electoral, para el ejercicio de sus atribuciones legales, en los términos establecidos en el Código Federal de Instituciones y Procedimientos Electorales. Las autoridades electorales de las entidades federativas solicitarán y obtendrán la información que resulte necesaria también para el ejercicio de sus atribuciones legales a través de la unidad primeramente mencionada.*-----------------

----- *Las autoridades mencionadas en las fracciones anteriores solicitarán las noticias o información a que se refiere este artículo en el ejercicio de sus facultades y de conformidad con las disposiciones legales que les resulten aplicables.*------------------------

----- *Las solicitudes a que se refiere el tercer párrafo de este artículo deberán formularse con la debida fundamentación y motivación, por conducto de la Comisión Nacional Bancaria y de Valores. Los servidores públicos y las instituciones señalados en las fracciones I y VII, y la unidad de fiscalización a que se refiere la fracción IX, podrán optar por solicitar a la autoridad judicial que expida la orden correspondiente, a efecto de que la institución de crédito entregue la información requerida, siempre que dichos servidores o autoridades especifiquen la denominación de la institución, el número de cuenta, el nombre del cuentahabiente o usuario y demás datos y elementos que permitan su identificación plena, de acuerdo con la operación de que se trate.*------------

----- *Los empleados y funcionarios de las instituciones de crédito serán responsables, en los términos de las disposiciones aplicables, por violación del secreto que se establece y las instituciones estarán obligadas en caso de revelación indebida del secreto, a reparar los daños y perjuicios que se causen.*--------------------------------------

----- *Lo anterior, en forma alguna afecta la obligación que tienen las instituciones de crédito de proporcionar a la Comisión Nacional Bancaria y de Valores, toda clase de información y documentos que, en ejercicio de sus funciones de inspección y vigilancia,*

Cotejado



*les solicite en relación con las operaciones que celebren y los servicios que presten, así como tampoco la obligación de proporcionar la información que les sea solicitada por el Banco de México, el Instituto para la Protección al Ahorro Bancario y la Comisión para la Protección y Defensa de los Usuarios de Servicios Financieros, en los términos de las disposiciones legales aplicables. -------------------------------------------------------------*

*----- Se entenderá que no existe violación al secreto propio de las operaciones a que se refiere la fracción XV del artículo 46 de esta Ley, en los casos en que la Auditoría Superior de la Federación, con fundamento en la ley que norma su gestión, requiera la información a que se refiere el presente artículo.-----------------------------------------*

*----- Los documentos y los datos que proporcionen las instituciones de crédito como consecuencia de las excepciones al primer párrafo del presente artículo, sólo podrán ser utilizados en las actuaciones que correspondan en términos de ley y, respecto de aquéllos, se deberá observar la más estricta confidencialidad, aun cuando el servidor público de que se trate se separe del servicio. Al servidor público que indebidamente quebrante la reserva de las actuaciones, proporcione copia de las mismas o de los documentos con ellas relacionados, o que de cualquier otra forma revele información en ellos contenida, quedará sujeto a las responsabilidades administrativas, civiles o penales correspondientes. -----------------------------------------------------------*

*------ Las instituciones de crédito deberán dar contestación a los requerimientos que la Comisión Nacional Bancaria y de Valores les formule en virtud de las peticiones de las autoridades indicadas en este artículo, dentro de los plazos que la misma determine. La propia Comisión podrá sancionar a las instituciones de crédito que no cumplan con los plazos y condiciones que se establezca, de conformidad con lo dispuesto por los artículos 108 al 110 de la presente Ley.-----------------------------------------------*

*----- La Comisión emitirá disposiciones de carácter general en las que establezca los requisitos que deberán reunir las solicitudes o requerimientos de información que formulen las autoridades a que se refieren las fracciones I a IX de este artículo, a efecto de que las instituciones de crédito requeridas estén en aptitud de identificar, localizar y aportar las noticias o información solicitadas.------------------------*

*----- **De la Circular 1/2005 del Banco de México:** -----------------------------*

*----- 6.1 En la celebración de Fideicomisos, las Instituciones Fiduciarias tendrán prohibido lo siguiente: -----------------------------------------------------------*

*----- a) Cargar al patrimonio fideicomitido precios distintos a los pactados al concertar la operación de que se trate; -----------------------------------------------------*

*----- b) Garantizar la percepción de rendimientos o precios por los fondos cuya inversión se les encomiende, y -----------------------------------------------------*

*----- c) Realizar operaciones en condiciones y términos contrarios a sus políticas internas y a las sanas prácticas financieras.-------------------------------------*

*----- 6.2 Las Instituciones Fiduciarias no podrán celebrar operaciones con valores, títulos de crédito o cualquier otro instrumento financiero, que no cumplan con las*

14

**Lic. María del Pilar García Orozco**

Notaría Pública No.17
Cabo San Lucas, B.C.S.



especificaciones que se hayan pactado en el contrato de Fideicomiso correspondiente.--

6.3Las Instituciones Fiduciarias no podrán llevar a cabo tipos de Fideicomiso que no estén autorizadas a celebrar de conformidad con las leyes y disposiciones que las regulan.-------------------------------------------------------------------------------------

----- 6.4 En ningún caso las Instituciones Fiduciarias podrán cubrir con cargo al patrimonio fideicomitido el pago de cualquier sanción que les sea impuesta a dichas Instituciones por alguna autoridad. -----------------------------------------------------------

----- 6.5 En los Fideicomisos de garantía, las Instituciones de Fianzas y las Sofoles no podrán recibir sino bienes o derechos que tengan por objeto garantizar las obligaciones de que se trate. --------------------------------------------------------------------------------

----- 6.6 Las Instituciones Fiduciarias deberán observar lo dispuesto en los artículos 106 fracción XIX de la Ley de Instituciones de Crédito, 103 fracción IX de la Ley del Mercado de Valores, 62 fracción VI de la Ley General de Instituciones y Sociedades Mutualistas de Seguros y 60 fracción VI Bis de la Ley Federal de Instituciones de Fianzas, y 16 de la Ley Orgánica de la Financiera Rural, según corresponda a cada Institución.--------------------------------------------------------------------------------------

----- **II.- EL FIDEICOMISARIO y/o DEUDOR HIPOTECARIO**, a través de su representante legal, declara que: -------------------------------------------------------------

----- a) Que el INMUEBLE se encuentra al corriente en el pago de todos y cada uno de los impuestos sobre el mismo, cargos por suministro de agua y cualesquier otros impuestos derivados o servicios relacionados, incluyendo cuotas de mantenimiento del condominio, impuesto predial, honorarios fiduciarios, entre otros. --------------------------

----- b) Que el INMUEBLE se encuentra libre de cualquier gravamen, carga o limitación de cualquier tipo, tal y como se desprende del certificado de libertad de gravámenes emitido por el Registro Público de la Propiedad y del Comercio del Municipio de Los Cabos, Baja California Sur, México, relacionado en el Antecedente XI (once romano) del presente instrumento, sin que a la fecha se encuentre sujeto a ninguna demanda, embargo o reclamación de carácter fiscal, laboral o de cualquier otra naturaleza que pudiera constituir un gravamen preferente sobre la hipoteca en primer lugar y grado de prelación, que se constituye mediante el presente instrumento. -------------------------------

----- c) Que derivado de lo establecido en presente instrumento, reconoce el adeudo a que se refieren la cantidad de $1,500,000.00 (un millón quinientos mil 00/100) de dólares, moneda de curso legal de los Estados Unidos de América más los intereses, honorarios y gastos que se generen de conformidad con los términos del presente instrumento; y -------------------------------------------------------------------------------

----- d).- Que para garantizar el pago puntual y oportuno del PRESTAMO por la cantidad de la cantidad de $1,500,000.00 (un millón quinientos mil 00/100) de dólares, moneda de curso legal de los Estados Unidos de América. más los intereses, honorarios y gastos que se generen, ha girado instrucciones al FIDUCIARIO, que en este acto se ratifican, a fin de que otorgue una hipoteca en primer lugar y grado sobre el INMUEBLE

Cotejado

15

en favor del ACREEDOR HIPOTECARIO conforme a los términos y condiciones que se expresan en el presente instrumento. -------------------------------------------------------------

----- **III.- EL ACREEDOR HIPOTECARIO,** por su propio derecho, declara que: Comparece al otorgamiento de la presente hipoteca, a efecto de darse por enterado del otorgamiento de la presente hipoteca a su favor, y a efecto de darse por enterado y de declarar que el único obligado al cumplimiento de las Obligaciones que deriven de la presente reconocimiento de adeudo y constitución de garantía hipotecaria en primer lugar y grado y sus accesorios es la sociedad extranjera SH55, LLC (Limited Liability Company) y/o EL FIDEICOMISARIO y/o DEUDOR HIPOTECARIO, por lo que igualmente se da por enterada y declara que **SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT** en su carácter de Fiduciario no asume obligación o responsabilidad alguna respecto a lo que se establezca en cada cláusula del presente Instrumento y en dichas Obligaciones Garantizadas. --------------------------------------------------------------------------

----- **IV. INSTRUCCIONES DEL FIDUCIARIO.-** Asimismo, el **FIDUCIARIO,** única y exclusivamente en su carácter de **FIDUCIARIO** del **FIDEICOMISO 239018427** (dos, tres, nueve, cero, uno, ocho, cuatro, dos, siete), instruyó a la suscrita Notario Público para que hiciera constar los actos jurídicos a que el presente instrumento se refiere. Dicho escrito se agrega al archivo de esta Notaría con la letra **"E".** ----------------

----- **V.-** Declaran conjuntamente las partes que de conformidad con las declaraciones que anteceden, se reconocen cada uno de ellos y de manera reciproca su personalidad conforme al carácter que comparecen al presente instrumento y convienen en otorgar los siguientes actos jurídicos. -----------------------------------------------------------------------

----- Expuesto lo anterior, las partes otorgan las siguientes cláusulas. ----------------------
------------------------------------------- **C L Á U S U L A S** ------------------------------------------
------------------------------------- **CAPÍTULO PRIMERO** ------------------------------------
----------------------------- **DEL RECONOCIMIENTO DE ADEUDO** ----------------------------

----- **PRIMERA.-** Por este instrumento el **Deudor Hipotecario,** la sociedad mercantil **"SH55, LLC.",** representada por su Administrador Único y apoderado legal el señor **KENNETH ABOUD JOWDY,** por medio del presente instrumento acepta y reconoce haber recibido vía transferencia electrónica bancaria el pasado día 17 (diecisiete) de enero de dos mil, catorce, del señor **GERMÁN DANIEL ARGÜESO MENDOZA,** el **Acreedor Hipotecario,** la cantidad de $1,000,000.00 (un millón 00/100) de dólares, moneda de curso legal de los Estados Unidos de América. ----------------------------------------

----- Así mismo, las partes reconocen que el **Acreedor Hipotecario** entregó fecha 29 de agosto de 2014, en calidad de préstamo al **Deudor Hipotecario** la cantidad de $500,000.00 (quinientos mil 00/100) de dólares, moneda de curso legal de los Estados Unidos de América, sumándose a la cantidad antes entregada. -------------------------------

----- Por lo tanto, el **Deudor Hipotecario** reconoce adeudar al **Acreedor Hipotecario** la cantidad total de $1,500,000.00 (un millón, quinientos mil 00/100)

16

# Lic. María del Pilar García Orozco

## Notaría Pública No.17
## Cabo San Lucas, B.C.S.



dólares, moneda de curso legal de los Estados Unidos de América (en lo sucesivo el **Monto Total del Adeudo**). -----------------------------------------------------------------

---- El **Deudor Hipotecario** reconoce irrefutablemente en este acto haber recibido y adeudar al **Acreedor Hipotecario** el **Monto Total del Adeudo,** cantidad que fue entregada con la limitación para que se utilice en la construcción y edificación de una casa habitación en el **INMUEBLE**. -----------------------------------------------------------

----- Copia cotejada de dichas transferencias electrónicas se agregan al apéndice de mi protocolo bajo el número de la presente escritura y legajo marcado con la letra **"F"**. ----

----- **SEGUNDA.-** El pago total de la cantidad reconocida como **Monto Total del Adeudo** deberá realizarse de manera total o en parcialidades a opción del **Deudor Hipotecario** a partir de la fecha del presente instrumento en cualquier tiempo pero teniendo como fecha límite y final para cumplir con su obligación de pago el día **31 (treinta y uno) de enero de 2016 (dos mil, dieciséis)**. ---------------------------------

----- El **Deudor Hipotecario** se obliga a realizar el pago del **Monto Total del Adeudo** de manera incondicional e inmediata al momento en que con posterioridad al día **31 (treinta y uno) de enero de 2016 (dos mil, dieciséis)**, el **Acreedor Hipotecario** o su apoderado con facultades amplias para tales efectos, se lo requiera, exhibiendo el estado de cuenta contemplando el monto principal más intereses ordinarios que en su caso constituyan el **Monto Total del Adeudo**. ---------------------

----- Bajo ningún concepto ni forma el **Acreedor Hipotecario** o su apoderado podrá requerir del **Deudor Hipotecario** el cumplimiento de pago antes del día **31 (treinta y uno) de enero de 2016 (dos mil, dieciséis)**, por lo que cualquier requerimiento de pago que se realice con anterioridad a dicha fecha no surtirá efectos legales. ------------

----- El pago podrá realizarse mediante cheque certificado o en su defecto mediante depósito o transferencia bancaria de fondos a la cuenta que indique el **Acreedor Hipotecario** al momento del requerimiento. -------------------------------------------------

----- La falta de pago inmediato del **Monto Total del Adeudo** una vez requerido conforme a lo expuesto en las líneas que anteceden, da derecho al **Acreedor Hipotecario** a ejercer y ejecutar la Garantía Hipotecaria que por el presente instrumento se formaliza. Así mismo y en virtud que el **Deudor Hipotecario** es una sociedad mercantil, las partes acuerdan que se detona el derecho del **Acreedor Hipotecario** a iniciar los procesos legales para el cobro del **Monto Total del Adeudo** por la vía ejecutiva dado que el presente reconocimiento de adeudo mediante instrumento público es documento que trae aparejada ejecución en términos del artículo 1391 (mil trescientos noventa y uno) del Código de Comercio. ---------------------

----- En caso que el **Deudor Hipotecario** no efectúe el pago del **Monto Total del Adeudo** en la fecha acordada, no se entenderá por ningún motivo o circunstancia que el tiempo transcurrido como plazo de pago sea contabilizado para efectos de la prescripción de su cobro, por lo que en el momento que el **Acreedor Hipotecario** elija, podrá ejercitar su derecho de cobro ejecutando la Garantía Hipotecaria otorgada

Cotejado

17

en el presente y/o detonando cualquier acción legal que conforme a la legislación vigente le corresponda. ------------------------------------------------------------------

----- El **Deudor Hipotecario** y el **Acreedor Hipotecario** de común acuerdo podrán por escrito modificar la fecha límite para el pago del **Monto Total del Adeudo**. --------

----- **TERCERA.-** El **Deudor Hipotecario** y el **Acreedor Hipotecario** acuerdan libremente desde este momento la devengación de intereses ordinarios del 15% (quince por ciento) anual, así como la no devengación de intereses moratorios sobre el **Monto Total del Adeudo**, por lo que el **Acreedor Hipotecario** renuncia expresamente en forma total y definitiva al reclamo de cualquier cantidad por concepto de intereses moratorios así como a cualesquier acción encaminada a su cobro, eximiendo expresamente también en forma total y definitiva de la obligación de su pago al **Deudor Hipotecario**. ----------------------------------------------------------

----- Las partes de manera conjunta convienen que bajo ningún concepto los intereses ordinarios devengados por motivo del reconocimiento de adeudo que en este instrumento se formaliza se capitalizarán, así como que estos últimos serán cubiertos por el **Deudor Hipotecario** a favor del **Acreedor Hipotecario** en forma mensual bajo la dinámica que para tal efecto de común acuerdo establezcan. ----------------------

------ Asimismo declaran el **Acreedor Hipotecario** y el **Deudor Hipotecario** por conducto de su representante legal, que de acuerdo con la fracción X (diez número romano), inciso A (letra "A") del artículo 15 (quince) de la Ley del Impuesto al Valor Agregado, los intereses que se devenguen están exentos de éste gravamen, toda vez que tal como se menciona en la cláusula primera del capítulo segundo del presente instrumento, el destino de estos recursos es para la construcción y edificación de una casa habitación, no estando obligado a pagarse este impuesto por tal acto o actividad. -

----- **CUARTA.-** Para todos los efectos de pagos parciales del **Monto Total del Adeudo** por parte del **Deudor Hipotecario** o pago como consecuencia del ejercicio y ejecución de la garantía hipotecaria que por este instrumento se otorga, las amortizaciones se aplicarán al **Monto Total del Adeudo** respetando la siguiente prelación de pago: (1) Gastos de ejecución de garantía, incluyendo de manera descriptiva mas no limitativa, honorarios al **FIDUCIARIO**, honorarios de notario, derechos de gobierno, derechos a ser pagados ante el Registro Público de la Propiedad y del Comercio, intereses, publicaciones, comisiones, impuestos, honorarios de abogados y asesores; y (2) al **Monto Total del Adeudo**. ----------------------------------

------------------------------------------------------------------------------------

----------------------------- **CAPÍTULO SEGUNDO** -----------------------------

----------------- **DE LA CONSTITUCIÓN DE GARANTÍA HIPOTECARIA** -----------------

----- **PRIMERA.- CONSTITUCIÓN.-** En garantía del exacto y puntual cumplimiento de pago del ADEUDO de la cantidad reconocida en el acto jurídico anterior por parte de la sociedad extranjera SH55, LLC., en el término y plazo, el cual ha quedado debidamente reconocido, así como del pago exacto y puntual de los intereses ordinarios, moratorios,

18



# Lic. María del Pilar García Orozco

## Notaría Pública No.17
## Cabo San Lucas, B.C.S.

accesorios y consecuencias legales que se deriven de este (en adelante el " **Monto Total del Adeudo**"), según lo acordado entre el DEUDOR HIPOTECARIO y el ACREEDOR HIPOTECARIO, **SCOTIABANK INVERLAT, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT DIVISION FIDUCIARIA** en su carácter de **FIDUCIARIO**, del INMUEBLE objeto del presente instrumento y actuando por instrucciones expresas de su FIDEICOMISARIO, de la sociedad extranjera SH55, LLC por conducto de su representante legal, que en este acto ratifica y en cumplimiento de los derechos fideicomisarios que establece el contrato de FIDEICOMISO, sin asumir obligación o responsabilidad de pago alguna al respecto, en este acto constituye en favor del señor **GERMÁN DANIEL ARGÜESO MENDOZA** en su calidad de ACREEDOR HIPOTECARIO, una **HIPOTECA EN PRIMER LUGAR Y GRADO** (la "HIPOTECA"), sobre el INMUEBLE que integra el patrimonio del FIDEICOMISO, por lo que responde única y exclusivamente hasta donde dicho INMUEBLE alcance, sin comprometer algún otro bien del patrimonio del Fideicomiso o delpropio FIDUCIARIO o sus funcionarios. —

------ La **HIPOTECA EN PRIMER LUGAR Y GRADO** que en este instrumento se constituye en favor del señor **GERMÁN DANIEL ARGÜESO MENDOZA**, en su calidad de **ACREEDOR HIPOTECARIO**, se otorga para todos los efectos legales a que haya lugar en apego a los términos del Título Décimo Sexto, Decimo Septimo del Libro Cuarto del Código Civil vigente en el Estado de Baja California Sur. ------------------------

----- **SEGUNDA.- ALCANCE.-** Esta HIPOTECA se constituye EN PRIMER LUGAR Y GRADO sobre el INMUEBLE que se otorga a través del presente acto jurídico comprende, además del INMUEBLE, sus accesiones naturales, las mejoras futuras que se le hicieren, construcciones, los objetos muebles que se le incorporen permanentemente y que no puedan separarse sin su menoscabo o deterioro de esos objetos, los frutos industriales en su caso, las rentas vencidas y no satisfechas al tiempo de exigir el cumplimiento del pago del **MONTO TOTAL DEL ADEUDO** y las servidumbres que existieran respecto del Inmueble, así como su derecho de copropiedad en indiviso en relación proporcional con bienes de propiedad común con el que el Inmueble cuenta por ser ésta sujeta a régimen de propiedad en condominio. El DEUDOR HIPOTECARIO y EL ACREEDOR HIPOTECARIO convienen en que la hipoteca aquí otorgada no comprende los objetos muebles no colocados permanentemente sobre el Inmueble y en concreto los muebles de sala, comedor y demás muebles, que se encuentren dentro de el Inmueble. -A todos los bienes y derechos antes referidos, incluyendo en INMUEBLE se les identificará en lo sucesivo como el "BIEN HIPOTECADO", en los términos de lo establecido en el Libro IV (Cuarto), Segunda Parte, Título XV (Décimo Quinto) Capítulos I (primero), II (segundo) y IV (Cuarto) del Código Civil para el Distrito Federal y las disposiciones legales correlativas del Código Civil para el Estado de Baja California Sur, cuyos textos no se reproducen por manifestar los comparecientes, conocerlos en su integridad.-------------------------------

Cotejado

----- La hipoteca que se constituye en virtud de este instrumento, garantiza el importe del MONTO TOTAL DEL ADEUDO, los intereses pactados, sean ordinarios o moratorios, durante el tiempo que permanezca insoluto el citado MONTO TOTAL DEL ADEUDO, aún en exceso del término de cinco años y por todo el tiempo de prescripción de dichos intereses, lo que deberá hacerse constar en la inscripción que de este instrumento haga en el Registro Público de la Propiedad de esta ciudad, según lo previene el artículo 2,915 (dos mil novecientos quince) del Código Civil Federal y el artículo 2,825 (dos mil ochocientos veinticinco), correlativo del Código Civil del Estado de Baja California Sur.--

------ Asimismo, la HIPOTECA permanecerá viva y existente por razón de su registro, por todo el tiempo que haya algún adeudo insoluto a cargo de la sociedad extranjera SH55, LLC, en su carácter de FIDEICOMISARIO Y/O DEUDOR HIPOTECARIO derivado del ADEUDO, aun cuando se resuelvan o extingan los derechos que el ACREEDOR HIPOTECARIO tiene o pueda tener sobre el BIEN HIPOTECADO, renunciando, a lo establecido por la Fracción III (Tercera) del artículo 2,941 (dos mil novecientos cuarenta y uno), del Código Civil para el Distrito Federal y su correlativo el artículo 2,851 (dos mil ochocientos cincuenta y uno) del Código Civil para el Estado de Baja California Sur. -------------------------------------------------------------------------------

------ Para los efectos de lo dispuesto por el artículo 2,912 (dos mil novecientos doce) del Código Civil Federal y su artículo correlativo 2,822 (dos mil ochocientos veintidós) del Código Civil para el Estado de Baja California Sur, los otorgantes de esta garantía, con el carácter indicado, manifiestan que el BIEN HIPOTECADO responderá por el importe total de la suma garantizada más intereses, accesorios y consecuencias legales.

----- EL ACREEDOR HIPOTECARIO, EL FIDEICOMISARIO y/o el DEUDOR HIPOTECARIO reconocen que **SCOTIABANK INVERLAT, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT DIVISION FIDUCIARIA** en su carácter de FIDUCIARIO, comparece en su exclusivo carácter de FIDUCIARIO del FIDEICOMISO y como propietario fiduciario del **INMUEBLE** objeto de la **HIPOTECA**, por lo que responde exclusiva y únicamente hasta donde dicho **INMUEBLE** alcance, sin comprometer ningún otro bien del Patrimonio del **FIDEICOMISO** ni del propio FIDUCIARIO, ni de sus funcionarios, por lo que no asume responsabilidad alguna respecto del ADEUDO y demas obligaciones que por el presente instrumento se garantizan, ni por sus accesorios, en caso de incumplimiento por parte del FIDEICOMISARIO y/o DEUDOR HIPOTECARIO respecto a cualquiera de las obligaciones a su cargo derivadas **Monto Total del Adeudo.**----------

----- Por lo tanto el ACREEDOR HIPOTECARIO EN PRIMER LUGAR y el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** reconocen y aceptan por conducto de sus respectivos apoderados que el único obligado al pago del adeudo consignado en el reconocimiento de adeudo y de las demás "obligaciones derivadas del **Monto Total del Adeudo**" objeto de este instrumento, son el DEUDOR HIPOTECARIO y/o FIDEICOMISARIO igualmente reconocen que SCOTIABANK INVERLAT, SOCIEDAD



**Lic. María del Pilar García Orozco**

Notaría Pública No.17
Cabo San Lucas, B.C.S.



ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, no asume responsabilidad alguna respecto del adeudo y el "RECONOCIMIENTO DE ADEUDO" y demás "obligaciones derivadas del **Monto Total del Adeudo**" en caso de incumplimiento por parte del DEUDOR HIPOTECARIO y/o FIDEICOMISARIO respecto a cualesquiera de las obligaciones a su cargo. ------------------ ----- El ACREEDOR HIPOTECARIO EN PRIMER LUGAR, reconoce y acepta que unicamente podra ejercer en contra de SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISION FIDUCIARIA, las acciones de ejecución de garantía hipotecaria, por lo que no tendrá otras acciones o derechos que hacer valer en su contra, inclusive ni reclamar el pago de costas judiciales.-------------------------------------------------------------------------

----- De acuerdo con lo anterior, las partes están de acuerdo en que SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, comparece en su carácter de institución fiduciaria respecto del "FIDEICOMISO" referido en el capítulo de declaraciones de este instrumento, por instrucciones del FIDEICOMISARIO y/o DEUDOR HIPOTECARIO antes mencionado, únicamente para otorgar la HIPOTECA hasta por el monto del "RECONOCIMIENTO DE ADEUDO" y demás "obligaciones derivadas del **Monto Total del Adeudo**" y respecto únicamente del INMUEBLE objeto de HIPOTECA, por lo que en ningún caso responderá con su patrimonio respecto del "RECONOCIMIENTO DE ADEUDO" y demás "obligaciones derivadas del **Monto Total del Adeudo**". -------------

----- **TERCERA.-** La hipoteca que se otorga a través de la presente escritura se constituye en los términos del Título Décimo Sexto del Código Civil vigente en el Estado de Baja California Sur. ----------------------------------------------------------------------

----- **CUARTA.- LIBERACIÓN DE REPONSABILIDAD DEL FIDUCIARIO.-** El **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** y el FIDEICOMISARIO y/o **DEUDOR HIPOTECARIO** reconocen y aceptan que el único obligado al cumplimiento del ADEUDO reconocido y garantizado con el otorgamiento de la presente hipoteca en primer lugar y grado es precisamente el **DEUDOR HIPOTECARIO**, por lo que igualmente reconoce que el **FIDUCIARIO** no asume obligación o responsabilidad alguna al respecto incluyendo la del pago. ------------------------------------------------------

----- En caso de incumplimiento por parte del el FIDEICOMISARIO y/o **DEUDOR HIPOTECARIO** respecto a las obligaciones derivadas de los **Monto Total del Adeudo**, derivadas del ADEUDO el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** renuncia a ejercer todo tipo de acciones en contra de **SCOTIABANK INVERLAT, SOCIEDAD ANONIMA INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISION FIDUCIARIA,** salvo por lo que hace a las acciones que por virtud de este instrumento o de la ley lo involucren naturalmente como parte de un proceso judicial o extrajudicial para hacer exigible la hipoteca que se otorga a través del presente instrumento. En tal caso, el **DEUDOR**

Cotejado

21

**HIPOTECARIO** se obliga ilimitadamente a indemnizar y sacar en paz y a salvo a **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA**, o sus representantes, a sus funcionarios, a sus asesores y personal, de todos los daños y perjuicios que les cause la celebración de este contrato y de cualquier acto que se derive del mismo, así como de los daños y perjuicios que llegaren a causarse en caso de que se presente alguna reclamación, procedimiento, juicio o demanda, incluyendo sin limitar, cualquier juicio o procedimiento de carácter fiscal en contra de **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA** a sus representantes, consejeros, asesores y personal o aquellos que se llegaren a causar por conflictos judiciales o extrajudiciales entre el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** y el **DEUDOR HIPOTECARIO** o de estos contra terceros o contra cualquier autoridad judicial o administrativa, derivada de cualquiera de los actos que realicen las partes en cumplimiento del presente contrato y las operaciones que en este instrumento se contemplan.---------------------------------------
----- Lo anterior, en el entendido de que en caso de existir algún conflicto entre el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** y el **DEUDOR HIPOTECARIO** entre sí o entre cualquiera de estos contra terceros o contra cualquier autoridad judicial o administrativa, estos deberán dirimir sus controversias, judicial o extrajudicialmente, con la intervención de **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA** exclusivamente en su carácter de **FIDUCIARIO**.-------------------------------------------------------------------
----- En tal virtud, el FIDEICOMISARIO y/o **DEUDOR HIPOTECARIO** se obliga ilimitadamente a reembolsar a **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA**, a sus representantes, consejeros, asesores y personal, cualquier gasto o erogación siempre que sea razonable y documentado, de cualquier naturaleza que realicen, incluyendo costas judiciales, honorarios y gastos de abogados, así como a reparar cualquier daño o perjuicio que llegaren a sufrir por su participación en cualquiera de los actos que se contempla en este contrato o derivados del mismo.-------------------------------------------------------------------------
----- El FIDEICOMISARIO y/o El **DEUDOR HIPOTECARIO** expresamente conviene en que el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** ejerza los derechos que le correspondan, derivados del presente instrumento y en consecuencia, y a su elección, ejecute la garantía hipotecaria en primer lugar a través de cualesquiera accion y recursos a su alcance con arreglo a lo aquí establecido y a la ley, en el supuesto de que el **DEUDOR HIPOTECARIO** incumpliere con el pago del MONTO TOTAL DEL ADEUDO y sus demas obligaciones. Conforme a lo anterior serán causales de incumplimiento y

## Lic. María del Pilar García Orozco

### Notaría Pública No.17
### Cabo San Lucas, B.C.S.

por lo tanto del vencimiento anticipado del préstamo y demás consecuencias y penas, aquellas que establezcan por el **Monto Total del Adeudo**. --------------------------------

----- El FIDEICOMISARIO y/o El **DEUDOR HIPOTECARIO**, expresa su satisfacción por toda gestión del **FIDUCIARIO** y desde este momento lo libera de toda obligacion y/o responsabilidad legal que pueda surgir por el otorgamiento del presente acto juridico y por el incumplimiento en que el **DEUDOR HIPOTECARIO** incurra respecto a sus obligaciones de pago frente a el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** o terceros. En ese sentido, el **DEUDOR HIPOTECARIO**, se compromete a indemnizar al **FIDUCIARIO** en caso de que se le involucre en alguna controversia legal o sea llamado a juicio o proceso con tal motivo. ------------------------------------------------------

----- **QUINTA.- INDEMNIZACIÓN**.- El **DEUDOR HIPOTECARIO**, se obliga a sacar en paz y a salvo al **FIDUCIARIO**, a sus empresas subsidiarias o afiliadas (en lo sucesivo denominadas como las "Subsidiarias") y a sus respectivos consejeros, funcionarios, empleados, representantes, delegados fiduciarios o asesores, incluidos en este último caso, sin limitación alguna, abogados, contadores, consultores, banqueros, financieros y cualquiera de los representantes de dichos asesores (en lo sucesivo denominados, todos ellos, como los "Representantes"), en caso de que se presente alguna reclamación, procedimiento, juicio o demanda en contra del **FIDUCIARIO** y/o de cualquiera de sus Subsidiarias y/o de cualquiera de sus respectivos Representantes, derivados de la presente constitución de garantía hipotecaria, excepto por error, negligencia o mala fe. El **DEUDOR HIPOTECARIO** se obliga a reembolsar al **FIDUCIARIO** y/o a sus Subsidiarias y/o a sus Representantes") cualquier gasto o erogación de cualquier naturaleza (incluyendo honorarios y gastos legales) en que incurran o cualquier daño o perjuicio que sufran en virtud de alguna reclamación, juicio, procedimiento o demanda entablada en los Estados Unidos Mexicanos o en el extranjero, en contra del FIDUCIARIO y/o de sus Subsidiarias y/o de sus Representantes en relación con la presente constitución de garantía hipotecaria. -------

**SEXTA.- VIGENCIA.-** La hipoteca en primer lugar y grado de prelación que se otorga a través de la presente escritura permanecerá viva y existente, en pleno vigor y efecto hasta en tanto no se pague la totalidad del **ADEUDO** y/o cualquier otra obligación conforme al **Monto Total del Adeudo** a cargo del **DEUDOR HIPOTECARIO**, que en este instrumento se formaliza. ------------------------------------------------------------

----- **SEPTIMA.- EJECUCIÓN DE LA HIPOTECA.-** En el supuesto de que el ACREEDOR HIPOTECARIO EN PRIMER LUGAR ejerza cualquiera de las acciones y derechos que le derivan de la presente escritura esta deberán ser aplicables conforme a los elementos que la misma ley aplicable permita. ---------------------------------------------

------ **OCTAVA.-** En caso de remate del INMUEBLE por incumplimiento de las obligaciones conforme al **Monto Total del Adeudo**, el producto del mismo se aplicará en el orden siguiente: --------------------------------------------------------------

Cotejado

----- 1.- Al pago de los intereses moratorios, honorarios por falta de pago oportuno y demás accesorios. ----------------------------------------------------------------

----- 2. Al pago de las costas judiciales. ---------------------------------------------------

----- 3. Al pago de intereses ordinarios.-----------------------------------------------------

----- 4. Al pago conforme al reconocimiento de Adeudo. ------------------------------------

------ En caso de que las cantidades recibidas por el ACREEDOR HIPOTECARIO no fueran suficientes para cubrir las cantidades que a esa fecha se le adeuden conforme al **Monto Total del Adeudo**, el ACREEDOR HIPOTECARIO se reserva el ejercicio de los demás derechos que le asistan para obtener por cualquier vía legal, el cobro y/o pago de las cantidades insolutas correspondientes y/o en su caso, el cumplimiento o pago de cualesquiera otras OBLIGACIONES conforme a **Monto Total del Adeudo** o cantidades, según corresponda. --------------------------------------------------------

----- **NOVENA.- EXTINCIÓN DE LA HIPOTECA.-** Una vez pagado el ADEUDO, la HIPOTECA en primer lugar y grado constituida en este instrumento se extinguirá de conformidad con la fracción segunda del artículo 2851 dos mil ochocientos cincuenta y uno del Código Civil vigente en el Estado de Baja California Sur. El **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** se obliga a liberar la hipoteca en primer lugar y grado que se otorga a través de la presente escritura por medio de instrumento publico ante notario publico mexicano dentro de los quince días hábiles siguientes a la fecha en que el **DEUDOR HIPOTECARIO**, le solicite por escrito ratificado ante notario publico al FIDUCIARIO su comparecencia siendo esta obligatoria para dicha cancelación de hipoteca y siempre y cuando el DEUDOUR HIPOTECARIO haya cumplido totalmente con las obligaciones que le derivan del **MONTO TOTAL DEL ADEUDO**. ------------------

----- **DECIMA.- LIMITACIONES A LAS FACULTADES DEL DEUDOR HIPOTECARIO.-** De conformidad con lo dispuesto por el artículo dos mil ochocientos veinticuatro del Código Civil vigente en el Estado de Baja California Sur, el **DEUDOR HIPOTECARIO**, no podrá sin consentimiento del **ACREEDOR HIPOTECARIO EN PRIMER LUGAR**, ceder sus derechos fideicomisarios, constituir gravamen o garantía sobre el INMUEBLE, dar el Inmueble en arrendamiento, pactar pago anticipado de rentas, ni instruir al **FIDUCIARIO** la transmisión de propiedad del **INMUEBLE**, mientras permanezca vigente la hipoteca que se otorga a través de la presente escritura. ------------------------------------------------------------------------------

------ No obstante lo anterior, el DEUDOR HIPOTECARIO y el ACREEDOR HIPOTECARIO EN PRIMER LUGAR acuerdan que el DEUDOR HIPOTECARIO, podrá utilizar el INMUEBLE para su uso y goce.------------------------------------------------------------

----- **DECIMA PRIMERA.- IMPUESTOS Y GASTOS.-** Serán por exclusiva cuenta del **DEUDOR HIPOTECARIO** los impuestos, derechos, gastos y honorarios que se causen por el otorgamiento de esta escritura y por su registro ante el Registro Público de la Propiedad y del Comercio del Municipio de Los Cabos, Baja California Sur, incluyendo

24



### Lic. María del Pilar García Orozco
#### Notaría Pública No. 17
#### Cabo San Lucas, B.C.S.

cualesquiera gastos que se generen por la cancelación total o parcial de hipoteca en primer lugar y grado que se otorga a través de la presente escritura, así como todos los impuestos y demás cargas fiscales que recaigan sobre el INMUEBLE, liberando expresamente al FIDUCIARIO, de cualquier obligación o responsabilidad al respecto.----

Ninguna de las Partes del presente instrumento será considerada como obligada solidaria respecto de la otra parte en lo que se refiere a sus respectivas obligaciones de carácter fiscal. -----------------------------------------------------------------------

----- **DECIMA SEGUNDA.-** Convienen el **Deudor Hipotecario** y el **Acreedor Hipotecario** que una vez hecho el pago del Monto total del Adeudo y el DEUDOR HIPOTECARIO haya solicitado la liberación de los derechos de propiedad sobre el **INMUEBLE** dados en garantía, al ACREEDOR HIPOTECARIO **conforme a lo establecido en la cláusula Séptima del presente acto jurídico y este se niegue a la cancelación de dicho gravamen**, podrá entonces solicitar el DEUDOR HIPOTECARIO al Registro Público de la Propiedad la cancelación del gravamen relativo, previa la presentación del requerimiento judicial hecho en contra del **Acreedor Hipotecario** para que se proceda a la liberación del gravamen y por ende se haga notificación correspondiente por parte de la autoridad competente al Fiduciario, para que este se dé por enterado de la liberación de dicho gravamen. --------------------------

----- **DECIMA TERCERA.-** El **Deudor Hipotecario** se obliga a pagar con toda puntualidad los impuestos, cuotas de mantenimiento del régimen condominial y derechos que deban cubrirse por el **INMUEBLE** afectado en garantía durante el plazo de pago otorgado en el Reconocimiento de Adeudo. --------------------------------------

----- **DECIMA CUARTA.- DOMICILIOS.-** Son domicilios de las partes dentro de la jurisdicción a la que se someten en relación con el presente instrumento los siguientes:-----------------------------------------------------------------------

----- El **DEUDOR HIPOTECARIO:** La sociedad extranjera **SH55, LLC.**--------------------

----- ATENCION: Kenneth Aboud Jowdy. -----------------------------------------------

----- **DOMICILIO en el EXTRANJERO:** 11 (once) Fairmount Drive, Danbury Ct., Código Postal 06811 (cero seis mil ochocientos once), Estados Unidos de América. ------

----- **DOMICILIO EN MÉXICO: LOTE número (55) CINCUENTA Y CINCO, MANZANA (1) UNO**, del Sub-régimen de Propiedad en Condominio (2) dos denominado **"SUNSET HILL"**, dentro del Régimen Maestro denominado **DIAMANTE CABO SAN LUCAS**, ubicado en Cabo San Lucas, Baja California Sur. ---------------------

----- **TELÉFONO:** 624-144-2900.-----------------------------------------------------

----- **CORREO ELECTRONICO:** kj@legacyproperties.com ----------------------------------

----- El **FIDUCIARIO: SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT.** --------------------------------------------------------------------

----- **DOMICILIO:** Plaza Las Palmas local 4 (cuatro), Carretera Transpeninsular Kilometro 31 (treinta y uno), Colonia Magisterial, Código Postal 23400 (veintitres mil),

*Cotejado*

25

en San José del Cabo, Municipio de Los Cabos, Baja California Sur, México.. --------------

----- El **ACREEDOR HIPOTECARIO EN PRIMER LUGAR:** señor Germán Daniel Argüeso Mendoza. --------------------------------------------------------------------

----- **DOMICILIO:** Calle Camino del Colegio número 24 (veinticuatro), Fraccionamiento Pedregal, Código Postal 23453 (veintitres mil cuatrocientos cincuenta y tres), en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur. -------------------------------

----- **TELÉFONO:** (624) 1477433.--------------------------------------------------------

----- **CORREO ELECTRONICO: german.daniel@icloud.com** --------------------------

------ En caso de cambio de domicilio de cualesquiera de las partes, estas se obligan a dar aviso por escrito a la otra acerca de dicha circunstancia, indicando el nuevo domicilio adoptado. Este aviso deberá hacerse con una anticipación de cuando menos cinco días hábiles a la fecha en que dicho cambio fuere a ocurrir. A falta del aviso mencionado, las notificaciones que se dirijan las partes al último domicilio indicado surtirán todos sus efectos.-----------------------------------------------------------------------

----- **DÉCIMÓ QUINTA.- JURISDICCIÓN Y COMPETENCIA.-** Para la interpretación y cumplimiento del presente instrumento, así como de la hipoteca en primer lugar y grado que se otorga a través de la presente escritura serán aplicables las leyes vigentes en el estado de Baja California Sur y las partes se someten a la jurisdicción y competencia de los tribunales del partido judicial del Municipio de Los Cabos, Baja California Sur, renunciando expresamente a cualquier otro fuero que por razón de su domicilio o por cualquier otra causa pudiere corresponderles. ------------------

------ Queda expresamente convenido por las partes en que el FIDUCIARIO no podrá ser sometido a juicio por jurado fuera de México, respecto de la interpretacion y cumplimiento de las obligaciones asumidas por cada una de las partes en este contrato y las transacciones contempladas y/o derivadas del mismo. Por lo tanto, no puede ser demandado o requerido judicialmente en tribunales, cortes u órganos jurisdiccionales fuera de los Estado Unidos Mexicanos.-----------------------------------------------------------

------ No obstante lo anterior, cualquier asunto relacionado entre el **FIDUCIARIO** y el **DEUDOR HIPOTECARIO** se regirán exclusivamente por lo dispuesto en el Fideicomiso a que se refiere el apartado de antecedentes del presente instrumento. ----

------ Asimismo, en caso de que el **FIDUCIARIO** no pueda localizar por cualquier motivo o circunstancia al FIDEICOMISARIO y/o DEUDOR HIPOTECARIO para notificarle sobre una eventual demanda de ejecucion de la garantia hipotecaria en primer lugar y grado constituida en la presente escritura, o bien notificarle cualquier asunto relacionado con el INMUEBLE, el FIDUCIARIO quedará liberado de realizar cualquier acto relativo a la defensa del INMUEBLE. Al efecto, el FIDEICOMISARIO y/o DEUDOR referido en el capitulo de antecedentes del presente instrumento, libera al FIDUCIARIO de toda responsabilidad al respecto.-----------------------------------------------------------

------ **DECIMA SEXTA.-** EL DUEDOR HIPOTECARIO Y EL ACREEDOR HIPOTECARIO por autorizan al FIDUCIARIO para que en cualquier momento solicite y proporcione su

26



## Lic. María del Pilar García Orozco
### Notaría Pública No.17
### Cabo San Lucas, B.C.S.

información a las sociedades de información crediticia, a cualquiera de las entidades del Grupo Financiero al que pertenece el FIDUCIARIO y a la Institución Financiera del Exterior controladora del Grupo Financiero los datos relativos a las operaciones que se efectúen al amparo de este Contrato y en su caso, de cualquier incumplimiento a las obligaciones contraídas. ------------------------------------------------------------------

----- **DECIMA SEPTIMA.-** Asimismo, EL DUEDOR HIPOTECARIO Y EL ACREEDOR HIPOTECARIO están de acuerdo en que la manifestación efectuada en relación con la posibilidad de que exista intercambio de información para fines mercadológicos o publicitarios y en general para el tratamiento de sus Datos Personales, es revocable y por lo tanto puede modificarse para lo cual el "FIDUCIARIO" les ha informado que deberán acudir a las oficinas de Atención Fiduciaria y manifestar por escrito su nueva voluntad. ------------------------------------------------------------------------------

----- **DECIMA OCTAVA.-** El FIDUCIARIO hace del conocimiento EL DUEDOR HIPOTECARIO Y EL ACREEDOR HIPOTECARIO que el tratamiento a los datos personales laborales, académicos, patrimoniales, y migratorios, incluyendo los datos sensibles (tratándose de seguros de vida o gastos médicos los datos relativos al estado de salud) que nos sean proporcionados será el que resulte adecuado y vigente en relación a las finalidades necesarias que a continuación se establecen: --------------------

----- 1. Dar cumplimiento a los requerimientos que nos sean presentados por las Sociedades de Información Crediticia (Buró de Crédito); ----------------------------------

----- 2. Monitorear cualquier llamada telefónica realizada con el Cliente; -------------------

----- 3. Actualizar los registros y programas de sistemas de GFSBI, filiales y/o subsidiarias; ------------------------------------------------------------------------------

----- 4. Dar cumplimiento a los requerimientos hechos por las autoridades cuando sea necesario para salvaguardar el interés público, la procuración o administración de justicia; ------------------------------------------------------------------------------------

----- 5. Utilizarlos para cesión o descuento de cartera crediticia. ----------------------------

----- GFSBI podrá utilizar sus datos personales para ofrecerte otros productos bancarios o financieros del GFSBI y remitirte promociones de otros bienes o servicios relacionados, finalidades que no son indispensables para el cumplimiento de la relación jurídica que dió origen al servicio contratado. Podrán oponerse a dichas finalidades, mediante solicitud por escrito dirigida a la oficina de Atención Fiduciaria. Así mismo te informamos que puedes consultar el aviso de privacidad integral visitando nuestra página web www.scotiabank.com.mx, o en cualquiera de nuestras sucursales. ----------

------ **DECIMA NOVENA.-** Los comparecientes acuerdan y el **DEUDOR HIPOTECARIO** se obliga a su cuenta y cargo de que el primer testimonio de la presente escritura sea entregada al ACREEDOR HIPOTECARIO EN PRIMER LUGAR, sin obligación o responsabilidad alguna para el **FIDUCIARIO**, por lo cual se solicita al Ciudadano Registrador del Registro Público de la Propiedad y del Comercio del Municipio de Los Cabos se sirva hacer inscribir la presente hipoteca en la sección

Cotejado

segunda y en realizar las anotaciones correspondientes de la presente **GARANTIA HIPOTECARIA** en las inscripciones de la sección primera correspondientes al **INMUEBLE**. El pago de los derechos que correspondan por este concepto serán cubiertos por el **DEUDOR HIPOTECARIO**.-------------------------------------------------------

----- **VIGESIMA.-** El primer testimonio que se expida de la presente escritura se inscribirá en el Registro Público de la Propiedad y del Comercio del Municipio de Los Cabos, Baja California Sur. Con dicha inscripción, el Registro Público mencionado tomará nota de que la hipoteca en primer lugar y grado otorgada conforme al presente acto jurídico garantizará el pago de los intereses por todo el tiempo que permanezca vigente el **ADEUDO** inclusive por más de tres años de conformidad con el artículo 2825 (dos mil ochocientos veinticinco) del Código Civil vigente en el Estado de Baja California Sur. -----------------------------------------------------------------------------------------------

----- **VIGESIMA PRIMERA.- ENTREGA DEL CONTRATO.-** Las partes manifiestan que en este acto han recibido una copia del contrato de reconocimiento de adeudo y constitución de garantía hipotecaria, lo que declaran para los efectos legales correspondientes.----------------------------------------------------------------------------

----------------------------------- **P E R S O N A L I D A D E S** --------------------------------

----- **I.-** El Señor **KENNETH ABOUD JOWDY** también conocido como Kenneth A. Jowdy acredita su personalidad y legal existencia de su representada la Sociedad Mercantil denominada **SH55, LCC.**, con los siguientes documentos: -----------------------

----- **a).-** Mediante copia certificada del instrumento público número 63,875 (sesenta y tres mil ochocientos setenta y cinco), del volumen 1,347 (mil trecientos cuarenta y siete) de fecha veintisiete de marzo del año dos mil catorce, otorgada ante la fe del Licenciado, Armando Antonio Aguilar Mondragón, Notario Público número Uno del Estado de Baja California Sur, el cual contiene la Protocolización y Formalización de la traducción al español de ciertos documentos otorgados en el Estado de Texas, Estados Unidos de América, de la compañía extranjera denominada **SH55, LCC.**, una sociedad de responsabilidad limitada de Delaware, Estados Unidos de América, de dicho instrumento, transcribo lo conducente: ----------------------------------------------------------

----- "....**I.-** *El señor **KENNETH ABOUD JOWDY**, exhibe en este acto ciertos documentos de la sociedad extranjera denominada **SH55, LLC**, relativos a (i) el certificado de constitución de una compañía de responsabilidad limitada en el Estado de Delaware, Estados Unidos de América y (ii) contrato de la Compañía de Responsabilidad Limitada, ambos debidamente certificada y apostillada por la Secretaria de Estado de Delaware y Texas respectivamente, los cuales se encuentran redactados en idioma inglés, así mismo el compareciente exhibe la respectiva traducción al español de dichos documentos, mismos que fueron realizados por Perito Traductor autorizado por el Honorable Tribunal Superior de Justicia del Estado de Baja California Sur, solicitando del suscrito Notario protocolice y de formalidad a la versión en español de dicho documento.- **II.-** El suscrito notario, accediendo a la solicitud del compareciente,*

28

## Lic. María del Pilar García Orozco
### Notaría Pública No.17
### Cabo San Lucas, B.C.S.



*procedo a protocolizar la traducción al español de dichos documentos, los cuales se tienen aquí por transcritos como si a la letra se hiciere, agregándolos al apéndice del protocolo bajo el número de este instrumento con legajo marcado con la letras "A" y una copia se agregará al testimonio que de este instrumento se expida.- C L A U S U L A S.- PRIMERA.- Quedan protocolizados y se da formalidad conforme a loas leyes vigentes en el Estado de Baja California Sur, a la traducción al español de los documentos de la sociedad extranjera denominada SH55, LLC, relativos a (i) el certificado de constitución de una compañía de responsabilidad limitada en el Estado de Delaware, Estados Unidos de América y (ii) contrato de la Compañía de Responsabilidad Limitada, ambos debidamente certificados y Apostillados por la Secretaría de Estado de Delaware y Texas respectivamente, los cuales se agregan al apéndice del protocolo bajo el número de este instrumento con legajo marcado con la letra "A"...".* --------------------------------------------------------------------------

----- Dl anexo del citado instrumento público, transcribo lo conducente: ---------------

----- **"CONTRATO DE LA COMPAÑIA DE RESPONSABILIDAD LIMITADA DENOMINADA.- SH55 LLC.- UNA COMPAÑÍA DE RESPONSABILIDAD LIMITADA DE DELAWARE.-** El suscrito socio (el "Socio") constituye en este acto una compañía de responsabilidad limitada de conformidad con la ley que rige las compañías de responsabilidad limitada en el Estado de Delaware (en lo sucesivo, junto con sus reformas ocasionales, denominándose la "Ley"), y declara expresamente que este documento constituye el Contrato de la Compañía de Responsabilidad Limitada referida al rubro (el presente "Contrato"):.- **1.** Denominación. La compañía de responsabilidad limitada (la "Compañía") se denomina Sh55 LLC.[1].- **2.** Objeto y Facultades.- El objeto de la Compañía es (i) Consultoría y Administración y (ii) dedicarse a cualquier actividad para la cual esté permitido constituir una compañía de responsabilidad limitada en el Estado de Delaware.[2] La Compañía tendrá y podrá ejercer todas las facultades y privilegios que otorga la Ley, así como todas las facultades y privilegios legítimos conferidos mediante el presente Contrato, y todas las facultades relacionadas, en tanto dichas facultades y privilegios sean necesarios o convenientes para la dirección, promoción o logro del legítimo objeto social o actividades de la Compañía.- **3.** Constitución; Término; Existencia. Kenneth A. Jowdy, en su carácter de persona autorizada, ha firmado, otorgado e inscrito el Certificado de Constitución[3] inicial de la Compañía ante la Secretaría de Estado[4] del Estado de Delaware.[5] El Socio firmará, otorgará y registrará todas las modificaciones y/o reexpresiones al Certificado de Constitución de la Compañía y cualquier otro certificado o documento (y sus reformas y/o reexpresiones) según resulte necesario para autorizar que la Compañía lleve a cabo actividades en cualquier otra jurisdicción en la cual desee hacerlo. El término de la Compañía inició a partir de la fecha del presente instrumento, siendo la misma fecha del Certificado de Constitución inicial de la Compañía registrado ante la Secretaría de Estado del Estado de Delaware[6], y continuará vigente hasta su disolución de

conformidad con lo dispuesto en la Sección 16 del presente Contrato.[7] La existencia de la Compañía como una entidad legal independiente continuará hasta la cancelación del Certificado de Constitución de la Compañía de acuerdo a la Ley y al presente Contrato.- **4.** _Oficina Registrada._ La LLC deberá mantener continuamente un lugar conocido de negocios dentro del Estado de Delaware, el cual podrá ser el mismo domicilio de su representante reglamentario.- **5.** _Representante Registrado._ La LLC deberá mantener continuamente un representante reglamentario dentro del Estado de Delaware, quien podrá ser:.- a) Una persona física residente de este Estado.- b) Una LLC (compañía de responsabilidad limitada) nacional constituida de acuerdo a la ley estatal de Delaware.- c) Una LLC extranjera autorizada para llevar a cabo sus actividades en el estado de Delaware.- d) Una compañía de responsabilidad limitada constituida de acuerdo a las leyes estatales de Delaware, o.- e) Una compañía de responsabilidad limitada autorizada para llevar a cabo negocios en el Estado de Delaware.- **6.** _Admisión del Socio._ De manera simultánea a la firma y otorgamiento del presente Contrato y la inscripción del Certificado de Constitución inicial de la Compañía ante la Secretaría de Estado del Estado de Delaware, el Socio es admitido expresamente como socio único de la Compañía con respecto a la Participación (misma que se define más adelante) que la Compañía emitirá al Socio y que éste último adquirirá al entregar a la Compañía su aportación al capital de acuerdo a lo establecido en la Sección 8 del presente Contrato.- **7.** _Participación._ La Compañía está autorizada a emitir una sola clase de participación en la Compañía (la "Participación"), misma que podrá ampararse por un título[8], e incluirá todos y cada uno de los beneficios a los cuales el titular de dicha Participación tendrá derecho de acuerdo a este Contrato y la Ley, así como las obligaciones adquiridas por dicha persona en cuanto al cumplimiento de los términos y disposiciones de este Contrato y las disposiciones contenidas en la Ley.- **8.** _Aportaciones al Capital._ De manera simultánea a la firma de este Contrato, el Socio aporta la cantidad de $.00[9] a la Compañía, a cambio de todas las Participaciones en la misma. El Socio podrá aportar efectivo o bienes adicionales a la Compañía ocasionalmente si así lo decide, sin estar obligado a ello.- **9.** _Asuntos Fiscales y Rendimiento._ En tanto la Compañía no tenga más de un socio, es la intención del Socio que la Compañía no se considere para los efectos fiscales federales y estatales aplicables, y que las actividades de la Compañía se consideren actividades del Socio para dichos fines[10]. Todas las disposiciones contenidas en el Certificado de Constitución de la Compañía y el presente Contrato deberán interpretarse de manera que se conserve dicho estatus fiscal. El Socio queda expresamente autorizado para registrar las elecciones necesarias ante las autoridades fiscales y estará obligado a presentar las declaraciones de impuestos necesarias en representación de la Compañía ante dichas autoridades fiscales.- **10.** _Administración._ La administración de la Compañía estará exclusivamente a cargo del Socio, quien tendrá todas las facultades para dirigir y administrar los negocios y asuntos de la Compañía y podrá ejercer todas las facultades

**Lic. María del Pilar García Orozco**

Notaría Pública No.17
Cabo San Lucas, B.C.S.

de la misma. Todos los instrumentos, contratos, acuerdos y documentos serán válidos y obligarán a la Compañía siempre y cuando estén firmados por el Socio en representación de la Compañía).[11].- **11.** Distribuciones. En la fecha o fechas que el Socio determine, el Socio podrá hacer que la Compañía le distribuya cualquier cantidad de efectivo que mantenga la Compañía y que no sea razonablemente necesaria para la operación de la misma, ni se violen las leyes aplicables (incluyendo sin limitar, la Ley).- **12.** Cesiones. El Socio podrá, a su entera discreción, ceder su Participación total o parcialmente. El cesionario de toda o parte de dicha Participación se considerará automáticamente admitido como Socio substituto de la Compañía con respecto a la Participación o parte de la misma que le haya cedido el Socio cedente, considerándose a su vez que el Socio cedente ha renunciado a dicha Participación o parte de la misma; en el entendido que, en cualquier caso, el cesionario deberá obligarse en términos del presente Contrato mediante un contrato o instrumento para tales efectos.- **13.** Renuncia y Retiro. El Socio podrá renunciar o retirarse de la Compañía en cualquier momento. En caso de dicha renuncia o retiro permitido, el Socio que renuncia o se retira recibirá el valor justo de su Participación de acuerdo a la Ley, valor el cual se determinará en la fecha en que deje de ser socio de la Compañía.- **14.** Socios Adicionales. No se admitirán personas adicionales como socios de la Compañía salvo que el Socio ceda su Participación total o parcialmente, o bien, con el previo consentimiento del Socio.- **15.** Remuneración. El Socio no será remunerado por los servicios que preste a la Compañía.- **16.** Disolución. La Compañía se disolverá y sus asuntos serán liquidados de acuerdo a la Ley. A la disolución de la Compañía, ésta continuará únicamente para efectos de liquidar sus asuntos de manera ordenada, liquidando sus activos y cumpliendo con los reclamos de sus acreedores y el Socio, y el Socio no llevará a cabo acto alguno que sea incompatible, innecesario o inapropiado para la liquidación de los negocios y asuntos de la Compañía; en el entendido que todos los convenios y obligaciones contenidos en este Contrato continuarán obligando plenamente al Socio hasta que los bienes de la Compañía hayan sido distribuidos de acuerdo a la Sección 17 y que se haya cancelado el Certificado de Constitución de la Compañía de acuerdo a la Ley y al presente Contrato. El Socio será responsable de supervisar el proceso de disolución y liquidación de la Compañía.- **17.** Distribuciones a la Disolución. A la disolución de la Compañía conforme a lo estipulado en la Sección 16, los activos de la Compañía serán distribuidos de acuerdo a la Ley.- **18.** Cancelación. Al concluirse el proceso de disolución y liquidación de la Compañía de acuerdo a las Secciones 16 y 17 y la Ley, el Socio hará que se firmen y registren oportunamente los documentos necesarios para cancelar y/o disolver la Compañía[12] de acuerdo a la Ley y las leyes de otras jurisdicciones donde el Socio considere necesario o adecuado presentar dichos registros.- **19.** Responsabilidad Limitada. El Socio no tendrá responsabilidad alguna por las obligaciones de la Compañía salvo en la medida que en su caso establezca la Ley.- **20.** Modificación. El presente Contrato podrá modificarse

Cotejado

31

únic documento escrito firmado por el Socio.- **21.** Leyes Aplicables. EL PRESENTE CONTRATO ESTARÁ REGID0 Y SERÁ INTERPRETADO DE CONFORMIDAD CON LAS LEYES DEL ESTADO DE DELAWARE, EXCLUYENDO LAS REGLAS O PRINCIPIOS DE CONFLICTOS DE LEYES QUE PUDIERAN REFERIR LA REGULACIÓN O INTERPRETACIÓN DE ESTE CONTRATO A LAS LEYES DE OTRA JURISDICCIÓN.- **22.** Divisibilidad. Salvo por lo dispuesto en contrario en la siguiente oración, cada uno de los términos y disposiciones de este Contrato será divisible, y en caso que un término o disposición de este Contrato resulte ilegal o inválido por alguna razón, dicha ilegalidad o invalidez no afectará la legalidad o validez del resto de este Contrato. La oración que antecede no tendrá validez alguna si la consecuencia de hacer cumplir el resto del presente Contrato sin incluir dicho término o disposición ilegal o inválido derive en que alguna de las partes pierda el beneficio económico de celebrar el presente Contrato.- **23.** Notificaciones. Cualquier notificación, pago, solicitud o comunicado que se requiera o permita en términos de las disposiciones del presente Contrato se entregará por escrito o se enviará por correo electrónico o fax, y se considerará entregado y recibido para todos los efectos aplicables (a) al entregarse personalmente al destinatario o a un ejecutivo de la entidad a quien se dirige, (b) al recibirse, cuando se envíe por servicio de mensajería o por correo registrado o certificado con el porte y cargos pagados, o (c) al enviarse, cuando se envíe por correo electrónico o fax, salvo que el remitente tenga conocimiento real de su no recepción, y siempre y cuando dicho correo electrónico o fax se confirme enviando una copia impresa del comunicado mediante servicio de mensajería o por correo registrado o certificado, con el porte y cargos pagados, dirigidos al destinatario a su domicilio, dirección de correo electrónico y/o número de fax que se tenga registrado para dicha persona en los libros y registros de la Compañía.- **24.** Elección de Foro/ Consentimiento de Jurisdicción. Cualquier procedimiento legal para hacer cumplir alguna disposición de este Contrato, o fundado en un derecho derivado del mismo, podrá iniciarse, seguirse y oírse en los tribunales Estatales o Federales del Estado de Delaware y dichos tribunales Estatales y Federales tendrán jurisdicción no exclusiva sobre cualquier procedimiento para hacer cumplir cualquier disposición de este Contrato o que esté fundado en algún derecho derivado de este instrumento. El Socio de manera expresa e irrevocable (a) se somete a la jurisdicción personal no exclusiva de dichos tribunales, (b) acuerda ser notificado por dichos tribunales con respecto a dicha acción, (e) renuncia a presentar objeciones a la jurisdicción de dicho tribunal y (d) otorga su consentimiento a ser notificado mediante correo registrado, con acuse de recibo. Nada de lo aquí contenido afectará el derecho de las partes a notificar de cualquier manera permitida por la ley, ni afectará su derecho a iniciar alguna acción legal en otro tribunal.- **25.** Relación entre el Contrato y la Ley. Sin considerar si alguna disposición de este Contrato se refiere específicamente a ciertas Reglas de Incumplimiento, (a) si alguna disposición de este Contrato regirá y la Regla de Incumplimiento correspondiente será modificada o invalida en



# Lic. María del Pilar García Orozco

## Notaría Pública No.17
## Cabo San Lucas, B.C.S.

consecuencia, y (b) si resulta necesario interpretar una Regla de Incumplimiento modificada o invalidada a fin de efectuar cualquier disposición de este Contrato, la Regla de Incumplimiento será interpretada conforme ha sido modificada o invalidada. Para efectos de esta Sección 25, el término "Regla de Incumplimiento" se refiere a una regla contenida en la Ley que será aplicable salvo en la medida que sea invalidada o modificada mediante las disposiciones del Certificado de Constitución, contrato de operación, o contrato de una compañía de responsabilidad limitada.13.-   EN TESTIMONIO DE LO CUAL, el suscrito firma el presente Contrato de la Compañía de Responsabilidad Limitada el día 15 de enero de 2014.- EL SOCIO:.- /una firma ilegible/.- Kenneth A. Jowdy.- Al margen inferior derecho una rúbrica ilegible seguido de un sello con la leyenda Alejandra Vellanoveth.- Perito Traductor / Traslator.- No. 027/992.- Estado de Baja California Sur México." ------------------------------------------------
------ "SELLO DEL ESTADO DE TEXAS.- Oficina de la Secretaria de Estado.- Solicitada para su uso en MÉXICO.- Este documento no podrá utilizarse dentro de los Estados Unidos de América.- La presente Apostilla certifica exclusivamente la firma, la capacidad del signatario y el sello que exhibe el documento. No certifica el contenido del documento para el cual ha sido expedida.- Verificación del certificado disponible en www.sos.state.tx.us.- APOSTILLA.- (Convención de La Haya del 5 de octubre de 1961).- 1. País: Estados Unidos de América.- El presente documento público.- 2. Ha sido firmado por: ANA S  BAUER.- 3. Actuando en su capacidad de: Notario Público, Estado de Texas.- 4. Y exhibe el sello de: ANA S BAUER.- Notario Público, Estado de Texas.- Mi Comisión Vence: 17-04-16.- CERTIFICADO.- 5. en Austin, Texas.- 6. el día 21 de enero de 2014.- 7. por el Secretario de Estado de Texas.- 8. Certificado No. 10062941.- 9. Sello.- 10. Firma.- SELLO DEL ESTADO DE TEXAS.- /una firma ilegible/.- Nandita Berry.- Secretaria de Estado.- GF/eg.- Al margen inferior derecho una rúbrica ilegible seguido de un sello con la leyenda Alejandra Vellanoveth.- Perito Traductor / Traslator.- No. 027/992.- Estado de Baja California Sur México." ---------------------------
----- "Estado de Delaware.- Secretaría de Estado.- División de Corporaciones.- Entregado 12:13 PM 14/01/2014.- REGISTRADO 11:49 AM 14/01/2014.- SRV 140044570 - 5465107 REGISTRO.- CERTIFICADO DE CONSTITUCIÓN DE UNA COMPAÑÍA DE RESPONSABILIDAD LIMITADA.- 1. El nombre de la compañía de responsabilidad limitada es SH55 LLC.- 2. El domicilio de la oficina registrada de la Compañía en el Estado de Delaware es 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, County of New Castle. El nombre del representante registrado de la Compañía en dicho domicilio es The Company Corporation.- EN TESTIMONIO DE LO CUAL, el suscrito firma el presente Certificado de Constitución el día 14 de enero de 2014.- The Company Corporation, Organizador.- /rúbrica /Margaret Rosado Margaret Rosado.- Secretaria Asistente.- Al margen inferior derecho una rúbrica ilegible seguido de un sello con la leyenda Alejandra Vellanoveth.- Perito Traductor / Traslator.- No. 027/992.- Estado de Baja California Sur México." ------------------------------------------------

Cotejado

33

----- "Re: SH55 LLC.- una compañía de responsabilidad limitada constituida de acuerdo a las leyes de Delaware (la "Compañía").- El socio inicial de la Compañía se identifica como: Kenneth A Jowdy.- Únicamente para su conveniencia, conforme a sus instrucciones y a fin de agilizar el registro del Certificado de Constitución de la Compañía, The Company Corporation ("TCC") ha firmado el documento correspondiente como Organizador. TCC no tiene, y nunca ha tenido, otra relación con la Compañía. La participación de TCC en la constitución de la Compañía concluye precisamente al momento de constituirse la Compañía. En caso de que la firma del documento por parte de TCC derive en que TCC sea considerada socio y/o administrador de la Compañía, la presente declaración habrá de constituir la renuncia de TCC a dichas capacidades, con vigencia a partir de la constitución de la Compañía.- THE COMPANY CORPORATION, Organizador.- Fecha: 14 de enero de 2014.- Firmado por: /rúbrica/.- Nombre: Margaret Rosado.- Cargo: Secretaria Asistente.- Al margen inferior derecho una rúbrica ilegible seguido de un sello con la leyenda Alejandra Vellanoveth.- Perito Traductor / Traslator.- No. 027/992.- Estado de Baja California Sur México." --------------

----- "*Estado de Delaware.- Secretaría de Estado.- División de Corporaciones.- Entregado 12:13 PM 14/01/2014.- REGISTRADO 11:49 AM 14/01/2014.- SRV 140044570 - 5465107 REGISTRO.-* CERTIFICADO DE CONSTITUCIÓN DE UNA COMPAÑÍA DE RESPONSABILIDAD LIMITADA.- 1. El nombre de la compañía de responsabilidad limitada es SH55 LLC.- 2. El domicilio de la oficina registrada de la Compañía en el Estado de Delaware es 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, County of New Castle. El nombre del representante registrado de la Compañía en dicho domicilio es The Company Corporation.- EN TESTIMONIO DE LO CUAL, el suscrito firma el presente Certificado de Constitución el día 14 de enero de 2014.- The Company Corporation, Organizador.- /rúbrica /Margaret Rosado Margaret Rosado.- Secretaria Asistente.- Al margen inferior derecho una rúbrica ilegible seguido de un sello con la leyenda Alejandra Vellanoveth.- Perito Traductor / Traslator.- No. 027/992.- Estado de Baja California Sur México." ------------------------------------------------

----- Copia cotejada de dicha copia certificada se agrega al apéndice de mi protocolo bajo el número de la presente escritura y legajo marcado con la letra **"G"**. --------------

----- **b).**- Mediante documento documento otorgado en el Estado de Nueva York, Estados Unidos de América, redactado en idioma ingles, el cual fue debidamente traducido por perito autorizado por el Tribunal Superior de Justicia del Estado de Baja California Sur que contiene el ACUERDO DEL SOCIO DE **SH55, LLC.**, por virtud de la cual se aprueba constituir hipoteca sobre el inmueble objeto del presente instrumento, el cual trascribo en su totalidad en su tenor literal siguiente: -------------------------------

----- *"**ACUERDO DEL SOCIO DE SH55,LLC., UNA COMPAÑÍA DE RESPONSABILIDAD LIMITADA DE DELAWARE**.- El suscrito, en mi carácter de socio único y administrador de SH55, LLC, (la "Compañía"), de conformidad con las leyes de Delaware, adopto los siguientes acuerdos, mismos que autorizo expresamente*



Lic. María del Pilar García Orozco

Notaría Pública No.17
Cabo San Lucas, B.C.S.

*y en relación a los cuales otorgo mi consentimiento: En vista de que la Compañía recibió un préstamo por la cantidad de $1,000,000.00 de Dólares, Moneda de los Estados Unidos de América del Sr. German Daniel Argüeso Mendoza (el "Prestamista"). En vista de que la Compañía recibirá del Prestamista un préstamo adicional por la cantidad de $5,,0000.00 Dólares en el momento en que la Compañía otorgue una hipoteca a favor del Prestamista afectando el lote 55 del Régimen de Propiedad en Condominio Sunset Hill, ubicado dentro del Desarrollo Diamante, en Cabo San Lucas, Baja California Sur (la "Unidad"). En vista de que la Compañía es titular de los derechos de propiedad sobre la Unidad, según consta en la escritura pública número 64,083 otorgada el 22 de mayo de 2014 ante la fe del Lic. Francisco Javier Mazoy Cámara, Notario Adscrito a la Notaria Pública Número 1 de Los Cabos, Baja California Sur, México. En virtud de lo anteriormente expuesto, se adoptan los siguientes acuerdos: ACUERDOS.- 1. La Compañía acuerda recibir del Prestamista la cantidad de $500,000.00 Dólares a la firma de la escritura pública que contenga la hipoteca sobre la Unidad conforme ha quedado señalado anteriormente, en virtud de lo cual reconoce su adeudo con el Prestamista por un total de $1,500,000.00 Dólares, Moneda de los Estados Unidos de América.- 2. La Compañía acuerda hipotecar a favor del Prestamista el Lote 55 del Régimen de Propiedad en Condominio Sunset Hill, ubicado dentro del Desarrollo Diamante, de acuerdo a los términos y condiciones acordados entre la Compañía y el Prestamista.- Los acuerdos que anteceden han sido adoptados el 20 de noviembre de 2014.- Una firma ilegible.- Kenneth Jowdy.- Administrador/Socio.- ESTADO DE NUEVA YORK, CONDADO DE KINGS.- FIRMADO ANTE MÍ, EL 12/12/2014.- UNA FIRMA ILEGIBLE.- KAMAL P. SONI, Notario Público de Nueva York No. 01S06089949.- Habilitado en el Condado de Kings.- Mi comisión Vence: Marzo 31 de 2015.- En lado inferior derecho aparece un sello circular que en su interior dice: "Alejandra Vallanoweth.- Perito Traductor / Translator.- No. 027/992.- Estado de Baja California Sur, México".* --------------------------------------------------------------

----- Copia cotejada de dicho documento se agrega al apéndice de mi protocolo bajo el número de la presente escritura y legajo marcado con la letra **"H"**. ----------------------

----- El señor **KENNETH ABOUD JOWDY** también conocido como Kenneth A. Jowdy, bajo protesta de decir verdad, le manifestó a la Suscrita Notario Público que las facultades que les fueron conferidas por su poderdante a la fecha no le han sido suspendidos, limitados o revocados bajo ningún concepto.------------------------------------

----- II.- Los Licenciados **DORA LETICIA VIDAL y ADOLFO SÁNCHEZ RESENDIZ**, acreditan su personalidad con la que comparecen y la legal existencia de su representada **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT,** con los siguientes documentos: --------------------------------------------------------------

----- **a).-** Mediante escritura pública número trescientos diez, otorgada en la Ciudad de Chihuahua, el treinta de Enero de mil novecientos noventa y cuatro, ante la fe del

35

Licenciado José Mena Castillo, Notario Público número Siete, de esa Ciudad, inscrita en el Registro Público de la Propiedad y del Comercio del Municipio de Chihuahua, Chihuahua, en la Sección Especial de Comercio, Libro diecisiete, a folios del doscientos ochenta y dos al doscientos noventa y nueve y bajo el número cuarenta y dos, instrumentos en el que consta la Constitución de "BANCO COMERCIAL MEXICANO", SOCIEDAD ANÓNIMA.------------------------------------------------------------------------

----- b).- Mediante escritura publica número dos mil trescientos ochenta y cinco, de fecha veinte de Septiembre de mil novecientos setenta y tres, otorgada ante la fe del Licenciado Bernardo O. Bustamante, Notario Público número Diecinueve del Distrito de Morelos, Estado de Chihuahua, bajo la inscripción número trescientos catorce a folios ciento cuarenta y cuatro, del libro ciento setenta y uno del aludido Registro Público de la Propiedad y del Comercio del Municipio de Chihuahua, Chihuahua, escritura en la que se hizo constar que Banco Comercial Mexicano, Sociedad Anónima, aumentó su capital social y se compilaron todos los Artículos de sus estatutos sociales.-------------------------

----- c).- Mediante escritura pública número tres mil doscientos cuarenta y ocho, otorgada en Chihuahua, Chihuahua, el veinticuatro de Diciembre de mil novecientos setenta y seis, ante la fe del Licenciado Fernando O. Bustamante, Notario Público Número Diecisiete del Distrito de Morelos, Estado de Chihuahua, inscrita en el Registro Público de la Propiedad y del Comercio de esta Ciudad, en la Sección Comercio, libro doscientos trece, a folios ciento cincuenta y nueve y bajo el número cuatrocientos trece, y en el Registro Público y del Comercio de México, Distrito Federal, en la sección comercio, libro tercero, volumen mil nueve, a folios ciento treinta y nueve y bajo el número ciento diecisiete, en la que "Financiera Comermex", Sociedad Anónima e "Hipotecaria Comermex", Sociedad Anónima, subsistiendo éste último bajo la denominación de "MULTIBANCO COMERMEX", SOCIEDAD ANÓNIMA.---------------------

----- d).- Con el Diario Oficial de la Federación, publicado el veintinueve de Agosto de mil novecientos ochenta y tres, en el que aparece: I).- El Decreto por el que se dispuso la transformación de "Multibanco Comermex", Sociedad Anónima, en "MULTIBANCO COMERMEX", SOCIEDAD NACIONAL DE CRÉDITO. El Decreto de referencia quedó inscrito en el Registro Público de la Propiedad y del Comercio del Municipio de Chihuahua, en la Sección Comercio, en el libro trescientos treinta y nueve, a folios ciento cuarenta y seis y bajo el número setecientos cuatro. El mismo Decreto quedó inscrito en el Registro Público y del Comercio, de esta Ciudad de México, en el Folio Mercantil número veintinueve mil seiscientos cuarenta y uno, el ocho de Diciembre de mil novecientos ochenta y tres,...".-------------------------------------------------------------

----- e).- Por Decreto de fecha veintinueve de Enero de mil novecientos noventa y dos, publicado en el Diario Oficial de la Federación el día 30 de Enero de mil novecientos noventa y dos, en donde se decretó la transformación de Multibanco Comermex, Sociedad Nacional de Crédito a Multibanco Comermex, Sociedad Anónima, el cual conservara su misma personalidad jurídica y patrimonio. A mayor abundamiento el

**Lic. María del Pilar García Orozco**

Notaría Pública No.17
Cabo San Lucas, B.C.S.



Artículo Séptimo del crédito anteriormente citado dice: ARTÍCULO 7º Los nombramientos, poderes, mandatos, comisiones, designaciones de delegados fiduciarios y en general, la representación otorgadas y facultades concedidas por la sociedad que se transforma, subsistirán en sus términos en tanto no sean modificados o revocados expresamente.--------------------------------------------------------------------

----- f).- Con el primer testimonio de la escritura pública número trece mil doscientos cincuenta y cuatro, de fecha dos de diciembre de mil novecientos noventa y cuatro, que contiene el cambio de denominación de MULTIBANCO COMERMEX, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO INVERLAT, para adoptar la de BANCO INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO INVERLAT, así como el cambio de domicilio de la Ciudad de Chihuahua, Chihuahua al Distrito Federal. Dicho documento se encuentra inscrito en el Registro Público de la Propiedad y del Comercio del Municipio de Chihuahua, bajo el número (2221) dos mil doscientos veintiuno, del libro (666) seiscientos sesenta y seis, de la sección comercio, de fecha primero de Junio de mil novecientos noventa y cinco. Inscrita en México, Distrito Federal, en el Folio Mercantil, número ciento noventa y ocho mil ochocientos sesenta y siete, de fecha siete de Junio de mil novecientos noventa y cinco.----------------------------------------------------------------

----- g).- Mediante escritura pública número veintitrés mil trescientos noventa y cinco, de fecha doce de Enero del dos mil uno, inscrita en el Folio Mercantil 198867, se protocolizó el Acta de Asamblea General Ordinaria, Extraordinaria y Especial de accionistas de BANCO INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO INVERLAT, celebrada el treinta de Noviembre del dos mil, donde se cambió la denominación de BANCO INVERLAT, SOCIEDAD ANÓNIMA, para adoptar la de SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, se aumentó el capital social a la suma de $3,046´498,130.00 y la reforma total de sus estatutos, conservando su domicilio en México, Distrito Federal, duración indefinida y cláusula de admisión de extranjeros. -----------------------------------------------------------------

----- h).- Con Copia Certificada del instrumento público número treinta y un mil ciento setenta y siete, volumen treinta y un mil ciento setenta y siete, de fecha veintiocho de junio de dos mil cinco, otorgada ante la fe de la licenciada ANA PATRICIA BANDALA TOLENTINO, Notario Público número ciento noventa y cinco, de México, Distrito Federal, e inscrita en el Registro Público de Comercio, bajo el folio mercantil número ciento noventa y ocho mil ochocientos sesenta y siete, de fecha seis de septiembre de dos mil cinco; mediante el cual se hizo constar la designación de delegados fiduciarios, el otorgamiento de poderes y la administración de SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, como resultado de la protocolización en lo conducente del acta de la sesión del Consejo de Administración que adoptó dichos acuerdos de los cuales a continuación

Cotejado

37

transcribo lo conducente: "...**ASUNTOS REGULATORIOS Y LEGALES.- IX. ASUNTOS VARIOS.- IX. 2 Designación de Delegados Fiduciarios.-** Con la recomendación del señor José Eugui, Director del Área Fiduciaria, se aprueba la designación como Delegado Fiduciario de Scotiabank Inverlat, S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat, a la contadora **Dora Leticia Vidal Ávila** con todas las facultades inherentes al cargo y para que la ejerza en forma mancomunada con otro Delegado Fiduciario a excepción de las facultades que se contienen en el inciso 1) siguiente, las cuales podrán ejercer individualmente.- A la contadora Dora Leticia Vidal se le confiere en la forma en que aparece el párrafo anterior, todas las facultades que de acuerdo con  la Ley son inherentes al cargo de Delegado Fiduciario incluyendo, los siguientes poderes:- **1) PODER GENERAL PARA PLEITOS Y COBRANZAS,** con facultades de sustituir y revocar dicho poder reservándose su ejercicio, el cual podrá ejercerlo en forma individual. Tratándose de las facultades para comprometer en árbitros y hacer cesión de bienes, dichas facultades no podrán ser sustituidas ni delegadas. El delegado fiduciario ejercerá este poder, de acuerdo con lo dispuesto por los artículos dos mil quinientos cincuenta y cuatro, primer párrafo y dos mil quinientos ochenta y siete del Código Civil vigente en el Distrito Federal y sus correlativos en los Estados de la República Mexicana, con todas las facultades generales y especiales que requieran cláusula especia conforme a la Ley o que ésta expresamente determine para los procuradores en juicio incluyendo las que enumera el artículo dos mil quinientos ochenta y siete del mismo ordenamiento civil invocado.- Se le faculta expresamente para que se ejercite individualmente en representación de SCOTIABANK INVERLAT, SOCIEDAD NÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA, toda clase de poderes y derechos ante autoridades Judiciales y Administrativas, interponer toda clase de recursos inclusive el juicio de amparo, apersonándose como tercero perjudicado, y en su caso se desista de lo que hubieren intentado, así como transigir, comprometer en árbitros, absolver y articular posiciones, recusar, hacer y recibir pagos, rematar para un tercero, consentir en anotaciones, inscripciones y cancelaciones en los Registros Públicos, presentar denuncias y querellas de carácter fueren procedentes, así como de juicios de amparo, sigan por todos los tramites e instancias toda clase reprocedimientos y juicios de Jurisdicción Voluntaria, contencioso o mixto ante cualquiera autoridades, sean civiles, fiscales, administrativas o de trabajo, ya fueren de la Federación, Locales o Municipales, firmando toda clase de documentos, instrumentos, diligencias, actos judiciales y actuaciones que se ofrezcan.- **2) PODER GENERA PARA ACTOS DE ADMINISTRACIÓN,** con facultad de sustituir y revocar dicho poder, reservándose su ejercicio, en los términos del articulo dos mil quinientos cincuenta y cuatro, segundo párrafo, del Código Civil vigente en el Distrito Federal y su correlativo en todos los Estados de la República Mexicana. Dicha facultad, la deberá ejercer conjuntamente con cualquier otro Delegado Fiduciario.- **3) PODER**



**Lic. María del Pilar García Orozco**

Notaría Pública No.17
Cabo San Lucas, B.C.S.

**GENERAL PARA ACTOS DE DOMINIO,** en los términos del artículo dos mil quinientos cincuenta y cuatro, tercer párrafo, del Código Civil vigente en el Distrito Federal y su correlativo en todos los Estados de la República Mexicana. Dicha facultad, la deberá ejercer conjuntamente con cualquier otro Delegado Fiduciario que tenga la misma, y no se podrá sustituir.- **4) PODER GENERAL PARA SUSCRIBIR Y ENDOSAR,** en procuración y en propiedad títulos de crédito en los términos del artículo noveno de la Ley General de Títulos y Operaciones de Crédito.- Dicha facultad, la deberá ejercer conjuntamente con cualquier otro Delegado Fiduciario, y se podrá sustituir...".-------------------------------------------------------------------------------

----- Copia cotejada se encuentra agregada en mi apéndice bajo el número mil trescientos cincuenta y seis y legajo marcado con la letra "N".-------------------------

----- **i).-** Mediante escritura pública número 42,390 (cuarenta y dos mil trescientos noventa), volumen 1069 (mil sesenta y nueve), de fecha veinticuatro de junio del año dos mil diez, otorgada ante la fe de la Licenciada Ana Patricia Bandala Tolentino, Notario Público número Ciento Noventa y Cinco, del Distrito Federal, e inscrita en el Registro Público del Comercio del Distrito Federal, bajo el folio mercantil número 198867 (uno nueve ocho ocho seis siete), compareció el Licenciado Jorge Mauricio Di Sciullo Ursini, a efecto de hacer constar la designación de delegados fiduciarios y la revocación  y el otorgamiento de facultades y poderes de SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, a favor de **ADOLFO SÁNCHEZ RESENDIZ**, del cual transcribo lo conducente: -------------------------------------------------------------

----- *"...Asimismo se aprueba, con la recomendación del señor José Eugui, Director Divisional Fiduciario, el nombramiento de los señores .... Adolfo Sánchez Resendiz, Adriana Guadalupe Gonzalez Huerta. como Delegados Fiduciarios de la Institución, así como el otorgamiento de las facultades suficientes para el desempeño de este encargo que a continuación se detallan: ... SEGUNDA.- PODER GENERAL PARA ACTOS DE ADMINISTRACIÓN, con facultad de sustituir y revocar dicho poder, reservándose su ejercicio, en los términos del artículo dos mil quinientos cincuenta y cuatro, segundo párrafo, del Código Civil vigente en el Distrito Federal y su correlativo en todos los Estados de la República Mexicana. Dicha facultad, la deberán ejercer conjuntamente con cualquier otro Delegado Fiduciario.- TERCERA.- PODER GENERAL PARA ACTOS DE DOMINIO, en los términos del artículo dos mil quinientos cincuenta y cuatro, tercer párrafo, del Código Civil vigente en el Distrito Federal y su correlativo en todos los Estados de la República Mexicana. Dicha facultad, la deberán ejercer conjuntamente con cualquier otro Delegado Fiduciario que tenga la misma facultad, y no se podrá sustituir... "...C L A U S U L A S.- CUARTA.- El licenciado Jorge Mauricio Di Sciullo Ursini, como consejero delegado de la sesión del Consejo de Administración de "SCOTIABANK INVERLAT", SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, cuya acta ha*

Cotejado

39

*quedado protocolizada en lo conducente, y estando expresamente facultado para ello, en representación y por cuenta de* **"SCOTIABANK INVERLAT", SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT,** *confiere a los señores* **MARÍA EUGENIA HERNÁNDEZ OSORNO, GUSTAVO ALCÁNTARA BENÍTEZ, CECILIA MENDOZA FRÍAS, JOSÉ LUIS BENÍTEZ MASTACHE, HÉCTOR MENESES LÓPEZ, ADOLFO SÁNCHEZ RESENDIZ, ADRIANA GUADALUPE GONZALEZ HUERTA, JOSÉ VALERIO ROBLES DOMÍNGUEZ, JORGE ALBERTO PEÑUELAS, VIOLETA MONTUFAR OCHOA, JAIME VÁZQUEZ LOPEZ, FERNANDO XAVIER FRIAS LOZANO, OSCAR PEDRO ALVARADO ESTÉVEZ, SERGIO ÁLVAREZ DE LA REGUERA, CARLOS ENRIQUE DÍAZ DE LA GARZA, MAURICIO DEL MORAL AGUIRRE, GUILLERMO FONSECA TORRES, FRANCISCO JAVIER OLIVERA MARTÍNEZ y FRANCISCO VILLAGOMEZ DEL TORNO,** *los poderes y facultades que respecto de ellos se contienen en el acta protocolizada en lo conducente, cuyo texto se tiene aquí por reproducido literalmente..."*.--------------------------------------------------------------

----- Copia cotejada de dicha escritura se encuentra agregada a mi apéndice del protocolo, bajo el número de escritura ocho mil doscientos dieciséis.--------------------

----- Los Licenciados **DORA LETICIA VIDAL ÁVILA y ADOLFO SÁNCHEZ RESENDIZ,** bajo protesta de decir verdad, le manifestaron a la Suscrita Notario Público que el nombramiento de Delegados Fiduciarios y otorgamiento de Poderes, así como las facultades que les fueron conferidas por su poderdante **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT,** a la fecha no le han sido suspendidos, limitados o revocados bajo ningún concepto.------------------------------------

------------------------------------------**G E N E R A L E S**----------------------------------------

----- Los comparecientes manifiestan bajo protesta de decir verdad ser: -------------------

----- La Licenciada **DORA LETICIA VIDAL ÁVILA,** ser de nacionalidad mexicana, mayor de edad, casada, funcionario bancario, originaria de Mazatlán, Sinaloa, en donde nació el día dieciséis de octubre mil novecientos sesenta y ocho, con domicilio en Plaza Península Local 1 B(uno "B"), segundo piso, carretera Transpenínsular Kilómetro Veintinueve punto Cinco, en La Joya, San José del Cabo, Baja California Sur; quien se identificó ante la suscrita con su pasaporte mexicano, expedido por la Secretaría de Relaciones Exteriores, del cual se encuentra agregada una copia cotejada en mi apéndice del protocolo, bajo el número mil trescientos cincuenta y seis y con legajo marcado con la letra "O".--------------------------------------------------------------------------------

----- El Licenciado **ADOLFO SANCHEZ RESENDIZ,** dijo ser mexicano, mayor de edad, casado, funcionario bancario, originario de México, Distrito Federal, donde nació el diecisiete de diciembre de mil novecientos ochenta y uno, con domicilio en Plaza Península Local 1 B (uno "B"), segundo piso, carretera Transpenínsular Kilómetro Veintinueve punto Cinco, en La Joya, San José del Cabo, Baja California Sur; quien se identificó ante la



## Lic. María del Pilar García Orozco
### Notaría Publica No.17
### Cabo San Lucas, B.C.S.

suscrita con su credencial para votar con fotografía de la cual se encuentra agregada una copia cotejada a mi apéndice bajo el número ocho mil cuatrocientos diez y legajo marcado con la letra "P".-----------------------------------------------------------------------

----- El señor **KENNETH ABOUD JOWDY** también conocido como Kenneth A. Jowdy, de nacionalidad estadounidense, mayor de edad, casado, empresario, originario de Connecticut, Estados Unidos de América, donde nació el 16 (dieciséis) de julio de 1964 (mil novecientos sesenta y cuatro), con domicilio en 11 (once) Fairmount Drive, Danbury Ct. Código Postal 06811-4412 (cero seis mil ochocientos once), Estados Unidos de América, quién se identificó ante la suscrita notario público con su Pasaporte estadounidense, expedido por el Gobierno de Los Estados Unidos de América, del cual se agrega una copia cotejada al apéndice del protocolo bajo el número de esta escritura y con legajo marcado con la letra **"I"**, y me acredito su legal estancia en el País con su documento migratorio de residente temporal, expedido por el Instituto Nacional de Migración, del cual se agrega una copia cotejada al apéndice del protocolo, bajo el número de esta escritura y con legajo marcado con la letra **"J"**.-------------------

----- El señor **GERMÁN DANIEL ARGÜESO MENDOZA**, ser de nacionalidad mexicana por nacimiento, casado, Contador Público, originario de Mochis, Sinaloa, lugar donde nació el día 11 (once) de Febrero de 1960 (mil novecientos sesenta), con domicilio en calle Camino del Conejo número veinticuatro, Fraccionamiento Pedregal, Código Postal 23453 (veintitrés mil cuatrocientos cincuenta y tres), en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, y se identifica ante la Suscrita Notaria con credencial de elector expedida por el Instituto Federal Electoral, de la cual se agrega una copia cotejada al apéndice del protocolo, bajo el número de esta escritura y con legajo marcado con la letra **"K"**.------------------------------------------------------------------

----- **FRANCIS EDWARD COSSU MUSI**, de nacionalidad mexicana, mayor de edad Licenciado en Derecho, soltero, originario de Waterbury, Connecticut, Estados Unidos de América, donde nació el dos de febrero de mil novecientos sesenta y ocho, con domicilio ubicado en avenida Cabo San Lucas, número 2511 (dos mil quinientos once), en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur, quien procedió a identificarse ante la suscrita Notario con su credencial de elector expedida por el Instituto Federal Electoral, de la cual copia cotejada agrega a mi apéndice de documentos de la presente escritura y legajo marcado con la letra **"L"**.------------------------------------------------------------------------------

----- **YO, LA NOTARIO, CERTIFICO Y DOY FE:** ---------------------------------------------

----- **I.-** Que lo relacionado e inserto en esta escritura concuerda fielmente con los documentos a que me remito los cuales tuve a la vista y devolví a los interesados.-------

----- **II.-** Que los comparecientes son conocidos de la suscrita y tienen a mi juicio capacidad civil y personalidad suficiente y bastante para contratar y obligar a sus representadas a sus términos. -----------------------------------------------------------------

----- **III.-** Que declararon respecto al pago del impuesto sobre la renta, después de

Cotejado

41

advertírseles de las penas en que incurren las personas que declaran con falsedad, quienes están obligadas a su pago, que se encuentran al corriente aunque no lo comprobaron.------------------------------------------------------------------------------------

----- **IV.-** Que los comparecientes declararon que el contenido del presente instrumento no implica el establecimiento de una relación de negocios por tratarse de un acto ocasional y no como resultado de una relación formal y cotidiana con la Suscrita Notario.------------------------------------------------------------------------------------

----- **V.-** Que el acto jurídico consignado en este instrumento constituye una actividad vulnerable que es objeto de aviso ante la Secretaria de Hacienda y Crédito Público.------

----- **VI.-** Que para dar cumplimiento a la Ley Federal de Protección de Datos Personales en Posesión de los Particulares, el compareciente me manifestó, estar de acuerdo con el Aviso de Privacidad, presentado a través de la página www.notaria17.com. ------------------------------------------------------------------------

----- **VII.-** Advertidos los comparecientes de su derecho a leer o a que Yo, la Notario, les lea este instrumento, optaron por lo primero, siendo asistido el señor KENNETH ABOUD JOWDY por sus traductor nombrado por el propio compareciente y realizado ello, manifestaron su conformidad, por lo que después de explicarles de su valor y fuerza legal, lo ratificaron y firmaron. ---------------------------------------------------

------------------------------------------------- **DOY FE** -----------------------------------------

----- Firmado.- **KENNETH ABOUD JOWDY.-** Firmado.- **GERMÁN DANIEL ARGÜESO MENDOZA.- FRANCIS EDWARD COSSU MUSI.-** Firmado.- **DORA LETICIA VIDAL AVILA.** Firmado.- **ADOLFO SÁNCHEZ RESENDIZ.** ------------------------------------

----- FIRMADO ANTE MI EN FECHA OCHO DE MAYO DEL AÑO DOS MIL QUINCE.- Y AUTORIZADO EN DEFINITIVA EL PRESENTE INSTRUMENTO EN FECHA OCHO DE MAYO DEL AÑO DOS MIL QUINCE.- DOY FE.--------------------------------------------------

----- **ES PRIMER ORIGINAL, PRIMERO EN SU ORDEN QUE SE EXPIDE PARA EL SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT.-** ESTA ESCRITO EN **TINTA FIJA, COTEJADO Y FIRMADO, VA EN VEINTIÚN FOJAS ÚTILES IMPRESAS POR AMBAS CARAS.-** DOY FE.-------------------------------------------------

**EN CABO SAN LUCAS, BAJA CALIFORNIA SUR, A LOS OCHO DÍAS DEL MES DE MAYO DEL AÑO DOS MIL QUINCE.**-----------------------------------------------------------