# EXHIBIT E
# Part 2





LIC. JOSE ALBERTO CASTRO SALAZAR
TITULAR

**LIC. GPE. DEL CARMEN CASTRO SALAZAR**
ADSCRITA

NOTARIA PÚBLICA NÚM. SIETE
DEL ESTADO DE BAJA CALIFORNIA SUR

LA PAZ, BAJA CALIFORNIA SUR

notaria7lap@notaria7bcs.com
notaria7csl@notaria7bcs.com



la **HIPOTECA** constituida y que consta en el instrumento público a que se hace mención en el Antecedente **II** (dos romano) de éste Instrumento, respecto del **INMUEBLE** descrito en el Antecedentes **III** (tres romano) de esta escritura, cuya superficie, construcciones, medidas y colindancias se tienen por aquí reproducidas como si a la letra se insertaran para todos los efectos legales a que haya lugar........................................................................................

---La cancelación de hipoteca que se otorga a favor de a la sociedad extranjera **SH55,LLC**, respecto del **INMUEBLE** objeto del presente instrumento, no reservándose acción o derechos que ejercitar en contra del **FIDUCIARIO** del FIDEICOMISO 239018427, así como a la sociedad extranjera **SH55,LLC** en su calidad de Fideicomisario, otorgándoles el finiquito más amplio que en derecho proceda en relación con la **HIPOTECA,** con la comparecencia de **"SCOTIABANK INVERLAT", SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT,** como **FIDUCIARIO** representado por sus Delegados Fiduciarios los Licenciados **DORA LETICIA VIDAL AVILA** y **ADOLFO SÁNCHEZ RESENDIZ,** únicamente a darse por enterada del acto consignado ...

---- **SEGUNDA.-** El señor **GERMAN DANIEL ARGÜESO MENDOZA,** representado en este acto por su Apoderado Especial **XAVIER ABRAHAM MORENO ORTIZ,** en este acto libera a la sociedad extranjera **SH55,LLC,** de cualquier responsabilidad u obligación de pago o contractual de cualquier tipo, sin reservarse derecho o acción que ejercitar en el presente o en el futuro, en razón de que se ha cubierto a satisfacción del señor **GERMAN DANIEL ARGÜESO MENDOZA** las prestaciones pactadas en el instrumento a que se hace referencia en el antecedente **II** (dos romano) ................................................................

--- **TERCERA**.- Las partes están de acuerdo que todos los gastos, honorarios fiduciarios y notariales así como los derechos e impuestos que en su caso se generen con motivo de la cancelación de la garantía hipotecaria así como su inscripción en el Registro Público de la propiedad y del Comercio de los Cabos, Baja California Sur, serán por cuenta de la sociedad extranjera **SH55, LLC** sin obligación alguna del **FIDUCIARIO** respecto a dichos conceptos....................................................................................................

--- **CUARTA.-** En virtud de lo anterior el señor **GERMAN DANIEL ARGÜESO MENDOZA,** por conducto s de su Apoderado Especial **XAVIER ABRAHAM MORENO ORTIZ,** solicita y autoriza al Director del Registro Público de la Propiedad y del Comercio del Gobierno del Estado de Baja California Sur, en el  Municipio de Los Cabos, para que **CANCELE LA INSCRIPCION** correspondiente y se asienten  las anotaciones y tildaciones procedentes en las inscripciones que correspondan respecto a la hipoteca a favor de **GERMAN DANIEL ARGÜESO MENDOZA,** misma que se cancela en virtud de la cláusula primera anterior por lo que respecta a todas las obligaciones garantizadas por la sociedad extranjera **SH55, LLC.** respecto del **INMUEBLE.** ................................................................. .

--- **QUINTA.- DEL FINIQUITO.-** Que de conformidad a lo establecido en la carta de instrucciones dirigida al **FIDUCIARIO** misma que se hace referencia en la declaración II (segunda) del presente la sociedad extranjera **SH55, LLC** por conducto de su apoderado, manifiesta su conformidad con todas y cada una de las actuaciones de **SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISION FIDUCIARIA** y otorgaron el finiquito

16

más amplio y eficaz que en derecho proceda por sus servicios y gestión como **FIDUCIARIO** en el Fideicomiso, sin reservarse derecho o acción alguna que hacer valer en su contra; y obligándose inclusive a sacar libre y a salvo a dicha Institución en caso de cualquier controversia, por lo que respecta a la presente operación y a su actuación como Fiduciaria durante toda la vigencia del Fideicomiso a su vez el señor **GERMAN DANIEL ARGÜESO MENDOZA** , por conducto de su Apoderado, de forma conjunta con el FIDEICOMISARIO liberan al **Fiduciario** de toda responsabilidad con motivo del otorgamiento del presente instrumento. .................................................................................................................

---**SEXTA.- INDEMNIZACIÓN.-** Que de conformidad a lo establecido en la carta de instrucciones dirigida al **FIDUCIARIO** misma que se hace referencia en la declaración II (segunda) del presente instrumento la sociedad extranjera **SH55, LLC** y el señor **GERMAN DANIEL ARGÜESO MENDOZA** por conducto de sus respectivos Apoderados manifiestan en este acto que se obligan a defender y a sacar en paz y a salvo a **SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA,** a sus empresas subsidiarias o afiliadas (en lo sucesivo denominadas como las "subsidiarias") y a sus respectivos consejeros, funcionarios, empleados, representantes, delegados fiduciarios o asesores, incluidos en este último caso, sin limitación alguna, abogados, contadores, consultores, banqueros, financieros y cualquiera de los representantes de dichos asesores (en lo sucesivo denominados, todos ellos como los "representantes"), en caso de que se presente alguna reclamación, procedimiento, juicio o demanda en contra del **FIDUCIARIO** y/o de cualquiera de sus "subsidiarias" y/o de cualquiera de sus respectivos "representantes", derivados de la presente operación, excepto por error, negligencia o mala fe y así sea determinado por Autoridad Judicial competente. la sociedad extranjera **SH55, LLC**, de igual forma manifiesta que, se obligan a reembolsar a **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MULTIPLEX, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISION FIDUCIARIA** (y/o a sus "subsidiarias" y/o a sus "representantes") cualquier gasto o erogación de cualquier naturaleza (incluyendo honorarios y gastos legales) en que incurran o cualquier daño o perjuicio que sufran en virtud de alguna reclamación, juicio, procedimiento o demanda entablada en los Estados Unidos Mexicanos o en el extranjero, en contra del FIDUCIARIO (y/o de sus "subsidiarias" y/o de sus "representantes") en relación con la extinción total de la Garantía Hipotecaria que se formaliza en el presente instrumento..............................................................................

---**SEPTIMA.- JURISDICCIÓN Y COMPETENCIA.-** Para todo lo relativo a la interpretación y cumplimiento de lo pactado anteriormente, las partes se someten expresamente a las Leyes y Tribunales del Municipio de Los Cabos, Baja California Sur o de la ciudad de México, Distrito Federal, a elección del **FIDUCIARIO**, renunciando a cualquier fuero que por razones de domicilio o vecindad tengan o adquieran en el futuro. ............................................................

---Queda expresamente convenido por las partes que el **FIDUCIARIO** no podrá ser sometido a juicio por jurado fuera de México, respecto de la interpretación y cumplimiento de las obligaciones asumidas por cada una de las partes en el **FIDEICOMISO** y en el presente contrato, las operaciones subyacentes al **FIDEICOMISO** y las transacciones contempladas y



**LIC. JOSE ALBERTO CASTRO SALAZAR**
TITULAR

**LIC. GPE. DEL CARMEN CASTRO SALAZAR**
ADSCRITA

NOTARIA PÚBLICA NÚM. SIETE
DEL ESTADO DE BAJA CALIFORNIA SUR

LA PAZ, BAJA CALIFORNIA SUR

notaria7lap@notaria7bcs.com
notaria7csl@notaria7bcs.com





derivadas del mismo. Por lo tanto, no puede ser demandado o requerido judicialmente en tribunales, cortes u órganos jurisdiccionales dentro o fuera de los Estados Unidos Mexicanos, que no sean los expresamente convenidos en la presente cláusula. .....................

-------------------------------------CAPITULO  SEGUNDO ..............................................

------------------------------ **CONTRATO DE MUTUO COM INTERÉS** ............................................

-------------------------------------------C L A U S U L A S .....................................................

---- **PRIMERA.- MONTO DEL MUTUO.-** En virtud de la entrega por parte de la señora **EVA SOSA LOPEZ**, "**LA MUTUANTE**", en calidad de Mutuo la cantidad de dinero equivalente a **$4'000,000.00 Dólares (CUATRO MILLONES DE DÓLARES 00/100 MONEDA DE CURSO LEGAL DE LOS ESTADOS UNIDOS DE AMERICA)** (el "**ADEUDO**"), a la Sociedad extranjera  denominada **SH55, LLC**, "**LA MUTUATARIA**" a través del Administrador Único, el señor KENNETH ABOUD JOWDY, quien recibió con anterioridad a la firma de la presente escritura, el monto del ADEUDO a su entera satisfacción a la cuenta número 0471526533 de la Institucion Banco Mercantil del Norte (BANORTE), constituyendo el presente Contrato el recibo más eficaz que en derecho proceda. ..............................................................

---**SEGUNDA.- PLAZO E INTERESES ORDINARIOS.-** El plazo para la devolución del capital prestado es de 24 (veinticuatro) meses, a partir del 1 de diciembre de 2016, para "**LA MUTUATARIA**"**,** por lo que el termino para la restitución será el día 1 de noviembre de 2018, generando intereses ordinarios a razón de un 2.25% (dos punto veinticinco por ciento) de interés anual, contados a partir de la fecha del presente Contrato de Mutuo, interés que se calculara sobre saldos insolutos calculados y pagaderos mensualmente dentro de los primero cinco días hábiles de cada mes calendario, pagadero mediante cheque en el domicilio de "**LA MUTUANTE**" señalado en el presente instrumento y/o por transferencia electrónica a la cuenta 01041835007648779, por lo tanto "**LA MUTUATARIA**" se obliga a cubrir mensualmente el 0.1875% (cero punto uno ocho siete cinco por ciento) de intereses sobre la suma del ADEUDO que importa el mutuo, conforme la corrida financiera adjunto al presente instrumento como anexo "**F**" (los "Pagos Mensuales"), teniendo la opción de en cualquier momento realizar pagos por concepto de abono directamente sobre capital. En caso de que adicionalmente al pago de los intereses mensuales señalados anteriormente, "**LA MUTUATARIA**" realice pagos por concepto de abono a la cantidad otorgada en calidad de mutuo, dichos pagos se tendrán como montos restituidos y el importe de los intereses mensuales a pagar se calculara de acuerdo al restante saldo insoluto ...................................

----La falta de pago puntual de los Pagos Mensuales generará intereses moratorios después del primer Pago Mensual vencido, a razón del dos por ciento (2%) mensual única y exclusivamente sobre el monto de los Pagos Mensuales adeudados, en el entendido que dichos intereses moratorios, se dejarán de generar después de la falta de pago de seis (6) Pagos Mensuales consecutivos o cuando el MUTUATARIO incurra en cualquier causa de vencimiento anticipado del ADEUDO, en términos de la cláusula décima del capítulo tercero del presente instrumento que contiene la constitución de la garantía hipotecaria en primer lugar y grado a favor de LA MUTUANTE. ......................................................................

---LA MUTUANTE y LA MUTUATARIA acuerdan que con fundamento en el artículo 29 fracción f) de la Ley del Impuesto al Valor Agregado, los pagos de intereses que realice LA

18

MUTUATARIA a LA MUTUANTE conforme a lo dispuesto en este instrumento, no serán sujetos del Impuesto al Valor Agregado..................................................................................

---TERCERA.- **RENUNCIA A INTERESES MORATORIOS SOBRE EL MONTO PRINCIPAL DEL ADEUDO.- "LA MUTUATARIA",** deberá cumplir con el pago del monto del **ADEUDO** al que se refiere la cláusula primera y con los Pagos Mensuales en las fechas estipuladas, en la Cláusula segunda, base de la celebración del presente Contrato de Mutuo consignado en esta Escritura, Si "**LA MUTUATARIA**", dejara de cubrir por causas imputables a esta últimas 3 (tres) Pagos Mensuales consecutivos o el pago del ADEUDO en la fecha acordada,"**LA MUTUANTE**" únicamente podrá requerir a "**LA MUTUATARIA**" y al **FIDUCIARIO** la ejecución a su favor de la garantía hipotecaria referida en la CLÁUSULA CUARTA inmediata siguiente a través de los mecanismos en este instrumento establecidos. Las partes acuerdan libremente la no devengación de intereses moratorios sobre el importe del monto principal del ADEUDO, por lo que "**LA MUTUANTE**" renuncia expresamente en forma total y definitiva al reclamo de cualquier cantidad por dicho concepto así como a cualesquier acción encaminada a su cobro, eximiendo expresamente también en forma total y definitiva de la obligación de su pago a "**LA MUTUATARIA**".................................................

---**CUARTA.- HIPOTECA.- "LA MUTUATARIA"**, sin perjuicio de la obligación general que tienen de responder con todos sus bienes presentes y futuros y en garantía del pago preferente y puntual del **MUTUO** otorgado, sus intereses que se devenguen y, en su caso, de los accesorios a cuyo pago están obligados conforme al presente acto jurídico , así como en garantía del cumplimiento de todas y cada una de las obligaciones que se deriven o puedan derivar del presente instrumento, de la ley o de resoluciones judiciales, la Sociedad extranjera denominada **SH55, LLC**, "**LA MUTUATARIA** ha instruido expresamente a EL "**FIDUCIARIO**" **para** que en el acto jurídico tercero del presente instrumento Constituya Hipoteca en primer lugar y grado con el fin de que la Sociedad extranjera denominada **SH55, LLC**, "**LA MUTUATARIA pueda** garantizar todas y cada una de las obligaciones que contrae LA MUTUATARIA, sin obligación y/o responsabilidad alguna para el **FIDUCIARIO** en favor de "**LA MUTUANTE**" la señora **EVA SOSA LÓPEZ** sobre EL **INMUEBLE** relacionado en el punto **III** (tres romano) de antecedentes, con las superficies, medidas y linderos ahí determinados, los cuales se tienen aquí por reproducidos como si a la letra se insertasen de conformidad con el siguiente capítulo del presente instrumento . ......................

---**QUINTA .-** LAS PARTES **"LA MUTUANTE"** y **"LA MUTUATARIA"**, acuerdan en este acto que de manera simultánea al otorgamiento de la presente escritura, **"LA MUTUATARIA"** otorgará en los más amplios términos del artículo 2554 del Código Civil Federal y su correspondiente del estado de Baja California Sur, un **PODER GENERAL PARA PLEITOS Y COBRANZAS, ACTOS DE ADMINISTRACIÓN Y DE DOMINIO,** limitado a los derechos fideicomisario con respecto del INMUEBLE objeto del presente instrumento a favor de **"LA MUTUANTE",** el cual podrá ser utilizado como ejecución de la garantía hipotecaria por la actualización de cualquiera de las hipótesis previstas en la cláusula inmediata anterior, a fin de que **"LA MUTUANTE"** se encuentre en posibilidades de hacer efectiva la garantía hipotecaria a la que se refiere la este capítulo, sin necesidad de declaración judicial; En el caso de haberse ejecutado la garantía por **"LA MUTUANTE"** por



**LIC. JOSE ALBERTO CASTRO SALAZAR**
TITULAR

**LIC. GPE. DEL CARMEN CASTRO SALAZAR**
ADSCRITA

NOTARIA PÚBLICA NÚM. SIETE
DEL ESTADO DE BAJA CALIFORNIA SUR

LA PAZ, BAJA CALIFORNIA SUR

notaria7lap@notaria7bcs.com
notaria7csl@notaria7bcs.com



el ejercicio del poder otorgado y mencionado en la presente cláusula, dará por terminado el presente contrato y extinguida la obligación contraída por **"LA MUTUATARIA"** de manera anticipada.................................................................................................................

---Una vez recibido el pago total del ADEUDO por parte de **"LA MUTUATARIA"**, **"LA MUTUANTE"**, se obliga a instruir de forma inmediata al suscrito Notario, para otorgar en escritura pública la cancelación de la hipoteca respecto del INMUEBLE, constituida mediante el presente instrumento y a comparecer a la firma de dicha escritura de cancelación de hipoteca, así como para su debida inscripción en el Registro Público de la Propiedad.................................................................................................................

---**SEXTA**.- **DEPOSITARIO**.- Durante la vigencia del contrato de mutuo, el INMUEBLE hipotecado quedará en depositaria de quien represente a **"LA MUTUATARIA"**, siendo responsable de cualquier daño o perjuicio que el inmueble sufra mientras **"LA MUTUANTE"** no tome posesión de su cargo en caso de incumplimiento y ejecución de la garantía aquí establecida.................................................................................................................

---**SÉPTIMA**.- **LUGAR DE PAGO**.- **"LA MUTUATARIA"** se obliga a pagar directamente en el domicilio señalado para tales efectos por **"LA MUTUANTE"** ubicado en MIGUEL HIDALGO No 205 LOCAL 4. COLONIA MATAMOROS. CABO SAN LUCAS BAJACALIFORNIA SUR.................................................................................................................

---**OCTAVA**- **DOMICILIOS**.- Para todos los efectos judiciales y extrajudiciales relativos al presente contrato, **"LA MUTUATARIA"** señala como domicilio el ubicado en Diamante sin número, Colonia Los Cangrejos I, Cabo San Lucas, Los Cabos, Baja California Sur, 23473. Mientras **"LA MUTUATARIA"** no notifique por escrito a **"LA MUTUANTE"** el cambio de su domicilio, los emplazamientos y demás diligencias judiciales o extrajudiciales, se practicaran en el domicilio señalado en la presente cláusula.................................................................

---**"LA MUTUANTE"** señala como domicilio para recibir toda clase de notificaciones el ubicado en MIGUEL HIDALGO No 205LOCAL 4. COLONIA MATAMOROS. CABO SAN LUCAS BAJACALIFORNIA SUR .................................................................................................

---**NOVENA**.- Las cantidades del presente Contrato de Mutuo se encuentran pactadas en dólares moneda de uso común de los Estados Unidos Americanos al tipo de cambio aplicable a la fecha de firma de la presente Escritura Pública, según publicado en el diario oficial de la Federación. **"LA MUTUATARIA"** habrá de cumplir con su obligación pagando en la misma moneda de operación. .................................................................................................

---**DÉCIMA** .- Los gastos, impuestos, derechos y honorarios que se causen con motivo del otorgamiento de este Contrato, serán cubiertos por **"LA MUTUATARIA"**.................................

---**DÉCIMA SEGUNDA**.- Las partes manifiestan que en la celebración de la presente Escritura Pública, no existe error, dolo, mala fe, violencia ni lesión y que otorgan el Contrato de Mutuo con plena capacidad legal. .................................................................................

---**DECIMA TERCERA JURISDICCIÓN Y LEYES APLICABLES**.- Para la interpretación y cumplimiento de este Contrato de Mutuo contenido en la presente Escritura Pública, así como para la decisión sobre cualquier controversia que llegare a suscitarse con motivo del mismo, las partes se someten a las Leyes y Tribunales competentes del Municipio de Los Cabos, Baja California Sur, renunciando desde ahora a cualquier otro fuero que por razón



20

de sus domicilios presente o futuros pudieran corresponder........................................................

-------------------------------------- CAPITULO TERCERO ........................................................

--- <u>DE LA CONSTITUCIÓN DE LA GARANTÍA HIPOTECARIA EN PRIMER LUGAR Y GRADO</u> ........................................................

--- **PRIMERA.- CONSTITUCIÓN.-** En garantía del exacto del exacto y puntual cumplimiento de pago del **ADEUDO** y los Pagos Mensuales reconocidos por parte de la sociedad extranjera **SH55, LLC**, en término y plazo, el cual ha quedado debidamente reconocido en el acto jurídico anterior, así como el pago exacto y puntual de los intereses, ordinarios, moratorios, accesorios y consecuencias legales que se deriven de este (en adelante el **"Monto Total del Adeudo"**), según lo acordado entre el **DEUDOR HIPOTECARIO** y el **ACREEDOR HIPOTECARIO**, **"SCOTIABANK INVERLAT"**, **SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT,** en su carácter de **FIDUCIARIO** representado en este acto por sus Delegados Fiduciarios, los Licenciados **DORA LETICIA VIDAL ÁVILA** y **ADOLFO SANCHEZ RESENDIZ**, en su exclusivo carácter de titular jurídico del **INMUEBLE**, objeto del presente instrumento y actuando por instrucciones expresas de su **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO**, de la sociedad extranjera **SH55,LLC** por conducto de su representante legal, que en este acto ratifica y en cumplimiento de los derechos fideicomisarios que establece el contrato de **FIDEICOMISO**, sin asumir obligación o responsabilidad de pago alguna al respecto, en este acto constituye en favor de la señora **EVA SOSA LÓPEZ** en su calidad de **ACREEDOR HIPOTECARIO**, una **HIPOTECA EN PRIMER LUGAR Y GRADO** (en lo sucesivo la **"HIPOTECA"**), sobre el **INMUEBLE identificado como** Lote número **55** (cincuenta y cinco), manzana 1 (uno), del Sub-régimen de propiedad en condominio 2 (dos) denominado **"SUNSET HILL"**, dentro del Régimen de Propiedad en Condómino Maestreo denominado **"Diamante Cabo San Lucas"** en Cabo San Lucas, Municipio de Los Cabos, Baja California Sur identificado en el antecedente tercero de esta escritura, cuya descripción se tiene por reproducida como si a la letra se insertase que integra el patrimonio del **FIDEICOMISO**, por lo que responde única y exclusivamente hasta donde dicho **INMUEBLE** alcance, sin comprender algún otro bien del patrimonio del Fideicomiso o del propio **FIDUCIARIO** o sus funcionarios........................................................

--- El **ACREEDOR** y el **DEUDOR** convienen en que el **FIDUCIARIO** no asume ninguna obligación en el pago del **ADEUDO** y sus accesorios a cargo del **DEUDOR**, ya que comparece a la constitución de esta **GARANTÍA HIPOTECARIA** en cumplimiento de los fines del contrato de **FIDEICOMISO**, por lo que las partes lo deslindan de cualquier responsabilidad por dicho concepto y otro de igual naturaleza. ........................................................

---La **HIPOTECA EN PRIMER LUGAR Y GRADO**. que en este instrumento se constituye en favor de la señora **EVA SOSA LÓPEZ,** en su calidad de **ACREEDOR HIPOTECARIO,** se otorga para todos los efectos legales a que haya lugar en apego a los términos del Título Décimo Sexto, Décimo Séptimo del Libro Cuarto del Código Civil vigente en el Estado de Baja California Sur. ........................................................

---**SEGUNDA.- ALCANCE.-** Esta **HIPOTECA** se constituye EN PRIMER LUGAR Y GRADO sobre el INMUEBLE que se otorga a través del presente acto jurídico comprende, además




**LIC. JOSE ALBERTO CASTRO SALAZAR**
TITULAR

**LIC. GPE. DEL CARMEN CASTRO SALAZAR**
ADSCRITA

NOTARIA PÚBLICA NÚM. SIETE
DEL ESTADO DE BAJA CALIFORNIA SUR

LA PAZ, BAJA CALIFORNIA SUR

notaria7lap@notaria7bcs.com
notaria7csl@notaria7bcs.com



del INMUEBLE, sus accesiones naturales, las mejoras futuras que se le hicieren, construcciones, los objetos muebles que se le incorporen permanentemente y que no puedan separarse sin su menoscabo o deterioro de esos objetos, los frutos industriales en su caso, las rentas vencidas y no satisfechas al tiempo de exigir el cumplimiento del pago del **MONTO TOTAL DEL ADEUDO** y las servidumbres que existieran respecto del Inmueble, así como su derecho de copropiedad en indiviso en relación proporcional con bienes de propiedad común con el que el Inmueble cuenta por ser ésta sujeta a régimen de propiedad en condominio. El DEUDOR HIPOTECARIO y EL ACREEDOR HIPOTECARIO convienen en que la hipoteca aquí otorgada no comprende los objetos muebles no colocados permanentemente sobre el Inmueble y en concreto los muebles de sala, comedor y demás muebles, que se encuentren dentro del INMUEBLE. ..................................................

---A todos los bienes y derechos antes referidos, incluyendo en INMUEBLE se les identificará en lo sucesivo como el "BIEN HIPOTECADO", en los términos de lo establecido en el Libro IV (Cuarto), Segunda Parte, Título XV (Décimo Quinto) Capítulos I (primero), II (segundo) y IV (Cuarto) del Código Civil para el Distrito Federal y las disposiciones legales correlativas del Código Civil para el Estado de Baja California Sur, cuyos textos no se reproducen por manifestar los comparecientes. Conocerlos en su integridad..........................

---La hipoteca que se constituye en virtud de este instrumento, garantiza el importe del MONTO TOTAL DEL ADEUDO, los intereses pactados, sean ordinarios o moratorios, durante el tiempo que permanezca insoluto el citado MONTO TOTAL DEL ADEUDO, aún en exceso del término de cinco años y por todo el tiempo de prescripción de dichos intereses, lo que deberá hacerse constar en la inscripción que de este instrumento haga en el Registro Público de la Propiedad de esta ciudad, según lo previene el artículo 2,915 (dos mil novecientos quince) del Código Civil Federal y el artículo 2,825 (dos mil ochocientos veinticinco), correlativo del Código Civil del Estado de Baja California Sur..............................

--- Asimismo, la **HIPOTECA** permanecerá viva y existente por razón de su registro, por todo el tiempo que haya algún adeudo insoluto a cargo de la sociedad extranjera **SH55, LLC**, en su carácter de **FIDEICOMISARIO Y/O DEUDOR HIPOTECARIO** derivado del **ADEUDO**, aun cuando se resuelvan o extingan los derechos que el **ACREEDOR HIPOTECARIO** tiene o pueda tener sobre el **BIEN HIPOTECADO**, renunciando, a lo establecido por la Fracción III (Tercera) del artículo 2,941 (dos mil novecientos cuarenta y uno), del Código Civil para el Distrito Federal y su correlativo el artículo 2,851 (dos mil ochocientos cincuenta y uno) del Código Civil para el Estado de Baja Sur ................................................................

--- Para los efectos de lo dispuesto por el artículo 2,912 (dos mil novecientos doce) del Código Civil Federal y su artículo correlativo 2,822 (dos mil ochocientos veintidós) del Código Civil para el Estado de Baja California Sur, los otorgantes de esta garantía, con el carácter indicado, manifiestan que el BIEN HIPOTECADO responderá por el importe total de la suma garantizada más intereses, accesorios y consecuencias legales................................

--- **EL ACREEDOR HIPOTECARIO, EL FIDEICOMISARIO y/o el DEUDOR HIPOTECARIO** reconocen que **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT DIVISIÓN FIDUCIARIA** en su carácter de **FIDUCIARIO**, comparece en su exclusivo carácter de

22

FIDUCIARIO del FIDEICOMISO y como propietario fiduciario del INMUEBLE objeto de la HIPOTECA, por lo que responde exclusiva y únicamente hasta donde dicho INMUEBLE alcance, sin comprometer ningún otro bien del Patrimonio del FIDEICOMISO ni del propio FIDUCIARIO, ni de sus funcionarios, por lo que no asume responsabilidad alguna respecto del MONTO TOTAL DEL ADEUDO y demás obligaciones que por el presente instrumento se garantizan, ni por sus accesorios, en caso de incumplimiento por parte del FIDEICOMISARIO y/o DEUDOR HIPOTECARIO respecto a cualquiera de las obligaciones a su cargo derivadas Monto Total del Adeudo .................................................................

--- Por lo tanto el ACREEDOR HIPOTECARIO EN PRIMER LUGAR y el FIDEICOMISARIO y/o DEUDOR HIPOTECARIO reconocen y aceptan por conducto de sus respectivos apoderados que el único obligado al pago del adeudo consignado en el CONTRATO DE MUTUO y de las demás "obligaciones derivadas del Monto Total del Adeudo" objeto de este instrumento, son el DEUDOR HIPOTECARIO y/o FIDEICOMISARIO igualmente reconocen que SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTTABANK INVERLAT, no asume responsabilidad alguna respecto del adeudo y demás "obligaciones derivadas del Monto Total del Adeudo" en caso de incumplimiento por parte del DEUDOR HIPOTECARIO y/o FIDEICOMISARIO respecto a cualesquiera de las obligaciones a su cargo. ..........................

--- El ACREEDOR HIPOTECARIO EN PRIMER LUGAR, reconoce y acepta que únicamente podrá ejercer en contra de SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA, las acciones de ejecución de garantía hipotecaria, por lo que no tendrá otras acciones o derechos que hacer valer en su contra, inclusive ni redamar el pago de costas judiciales. .................................................................



--- De acuerdo con lo anterior, las partes están de acuerdo en que SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, comparece en su carácter de institución fiduciaria respecto del "FIDEICOMISO" referido en el capítulo de declaraciones de este instrumento, por instrucciones del FIDEICOMISARIO y/o DEUDOR HIPOTECARIO antes mencionado, únicamente para otorgar la HIPOTECA hasta por el monto de las obligaciones derivadas del Monto Total del Adeudo y respecto únicamente del INMUEBLE objeto de HIPOTECA, por lo que en ningún caso responderá con su patrimonio respecto de las obligaciones derivadas del Monto Total del Adeudo .................................................................

--- TERCERA.- La hipoteca que se otorga a través de la presente escritura se constituye en los términos del Título Décimo Sexto del Código Civil vigente en el Estado de Baja California Sur.................................................................

--- CUARTA.- LIBERACIÓN DE REPONSABILIDAD DEL FIDUCIARIO.- El ACREEDOR HIPOTECARIO EN PRIMER LUGAR y el FIDEICOMISARIO y/o DEUDOR HIPOTECARIO reconocen y aceptan que el único obligado al cumplimiento del ADEUDO reconocido y garantizado con el otorgamiento de la presente hipoteca en primer lugar y grado es precisamente el DEUDOR HIPOTECARIO, por lo que igualmente reconoce que SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MULTIPLE,



LIC. JOSE ALBERTO CASTRO SALAZAR
TITULAR
LIC. GPE. DEL CARMEN CASTRO SALAZAR
ADSCRITA
NOTARIA PÚBLICA NÚM. SIETE
DEL ESTADO DE BAJA CALIFORNIA SUR
LA PAZ, BAJA CALIFORNIA SUR
notaria7lap@notaria7bcs.com
notaria7csl@notaria7bcs.com



**GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA** en su carácter de **FIDUCIARIO** no asume obligación o responsabilidad alguna al respecto incluyendo la del pago ...........................................................................................................................................

--- En caso de incumplimiento por parte del el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** respecto a las obligaciones derivadas de los **Monto Total del Adeudo,** derivadas del **ADEUDO** contenidas en el presente acto jurídico el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** renuncia a ejercer todo tipo de acciones en contra de **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA,** salvo por lo que hace a las acciones que por virtud de este instrumento o de la ley lo involucren naturalmente como parte de un proceso judicial o extrajudicial para hacer exigible la hipoteca que se otorga a través del presente instrumento. En tal caso, EL **FIDEICOMISARIO** y/o EL **DEUDOR HIPOTECARIO** se obliga ilimitadamente a indemnizar y sacar en paz y a salvo a **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA,** o sus representantes, a sus funcionarios, a sus asesores y personal, de todos los daños y perjuicios que les cause la celebración de este contrato y de cualquier acto que se derive del mismo, así como de los daños y perjuicios que llegaren a causarse en caso de que se presente alguna reclamación, procedimiento, juicio o demanda, incluyendo sin limitar, cualquier juicio o procedimiento de carácter fiscal en contra de **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA** a sus representantes, consejeros, asesores y personal o aquellos que se llegaren a causar por conflictos judiciales o extrajudiciales entre el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** y el **DEUDOR HIPOTECARIO** o de estos contra terceros o contra cualquier autoridad judicial o administrativa, derivada de cualquiera de los actos que realicen las partes en cumplimiento del presente contrato y las operaciones que en este instrumento se contemplan.....................

--- Lo anterior, en el entendido de que en caso de existir algún conflicto entre el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** y el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** entre sí o entre cualquiera de estos contra terceros o contra cualquier autoridad judicial o administrativa, estos deberán dirimir sus controversias, judicial o extrajudicialmente, con la intervención de **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA** exclusivamente en su carácter de **FIDUCIARIO.**................................................

---En tal virtud, el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** se obliga ilimitadamente a reembolsar a **SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, DIVISIÓN FIDUCIARIA,** a sus representantes, consejeros, asesores y personal, cualquier gasto o erogación siempre que sea razonable y documentado, de cualquier naturaleza que realicen, incluyendo costas judiciales, honorarios y gastos de abogados, así como a reparar cualquier daño o perjuicio que llegaren a sufrir por su participación en cualquiera de los actos que se contempla en este contrato o derivados del mismo el INMUEBLE garantizara el pago total

24

del ADEUDO .........................................................................................................................

---El **FIDEICOMISARIO** y/o El **DEUDOR HIPOTECARIO** expresamente conviene en que el **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** ejerza los derechos que le correspondan, derivados del presente instrumento y en consecuencia, y a su elección, ejecute la garantía hipotecaria en primer lugar a través de cualesquiera acción y recursos a su alcance con arreglo a lo aquí establecido y a la ley, en el supuesto de que el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** incumpliere con el pago del **MONTO TOTAL DEL ADEUDO** y sus demás obligaciones. Conforme a lo anterior serán causales de incumplimiento por lo tanto del vencimiento anticipado del préstamo y demás consecuencias y penas, aquellas que establezcan por el **Monto Total del Adeudo.**.........................................

--- El **FIDEICOMISARIO** y/o El **DEUDOR HIPOTECARIO,** expresa su satisfacción por toda gestión del **FIDUCIARIO** y desde este momento lo libera de toda obligación y/o responsabilidad legal que pueda surgir por el otorgamiento del presente acto jurídico y por el incumplimiento en que el **DEUDOR HIPOTECARIO** incurra respecto a sus obligaciones de pago frente al **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** o terceros. En ese sentido, el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO,** se compromete a indemnizar al **FIDUCIARIO** en caso de que se le involucre en alguna controversia legal o sea llamado a juicio o proceso con tal motivo.....................................................................................

--- **QUINTA.- INDEMNIZACIÓN.- El FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO,** se obliga a sacar en paz y a salvo al **FIDUCIARIO,** a sus empresas subsidiarías o afiliadas (en lo sucesivo denominadas como las "Subsidiarias") y a sus respectivos consejeros, funcionarios, empleados, representantes, delegados fiduciarios o asesores, incluidos en este último caso, sin limitación alguna, abogados, contadores, consultores, banqueros, financieros y cualquiera de los representantes de dichos asesores (en lo sucesivo denominados, todos ellos, como los "Representantes"), en caso de que se presente alguna reclamación, procedimiento, juicio o demanda en contra del **FIDUCIARIO** y/o de cualquiera de sus Subsidiarias y/o de cualquiera de sus respectivos Representantes, derivados de la presente constitución de garantía hipotecaria, excepto por error, negligencia o mala fe. El **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** se obliga a reembolsar al **FIDUCIARIO** y/o a sus Subsidiarias y/o a sus Representantes") cualquier gasto o erogación de cualquier naturaleza (incluyendo honorarios y gastos legales) en que incurran o cualquier daño o perjuicio que sufran en virtud de alguna reclamación, juicio, procedimiento o demanda entablada en los Estados Unidos Mexicanos o en el extranjero, en contra del FIDUCIARIO y/o de sus Subsidiarias y/o de sus Representantes en relación con la presente constitución de garantía hipotecaria. ..........................................................................................

--- **SEXTA.- VIGENCIA.-** La hipoteca en primer lugar y grado de prelación que se otorga a través de la presente escritura permanecerá viva y existente, en pleno vigor y efecto hasta en tanto no se pague la totalidad del **ADEUDO** y/o cualquier otra obligación conforme al **Monto Total del Adeudo** a cargo del **DEUDOR HIPOTECARIO,** que en este instrumento se formaliza..............................................................................................

--- **SÉPTIMA.- EJECUCIÓN DE LA HIPOTECA.-** En el supuesto de que el ACREEDOR HIPOTECARIO EN PRIMER LUGAR ejerza cualquiera de las acciones y derechos que le





**LIC. JOSE ALBERTO CASTRO SALAZAR**
TITULAR

**LIC. GPE. DEL CARMEN CASTRO SALAZAR**
ADSCRITA

NOTARIA PÚBLICA NÚM. SIETE
DEL ESTADO DE BAJA CALIFORNIA SUR

LA PAZ, BAJA CALIFORNIA SUR

notaria7lap@notaria7bcs.com
notaria7csl@notaria7bcs.com





derivan de la presente escritura esta deberán ser aplicables conforme a los elementos que la misma ley aplicable permita ....................................................................................................................

--- **OCTAVA.-** En caso de remate del INMUEBLE por incumplimiento de las obligaciones conforme al **Monto Total del Adeudo,** el producto del mismo se aplicará en el orden siguiente:...........................................................................................................................................

--- 1.- Al pago de los intereses moratorios, honorarios por falta de pago oportuno y demás accesorios. ..........................................................................................................................................

---2. Al pago de las costas judiciales. ......................................................................................

---3. Al pago de intereses ordinarios. ......................................................................................

---4. Al pago conforme al MUTUO.............................................................................................

---En caso de que las cantidades recibidas por el ACREEDOR HIPOTECARIO en virtud de remate del INMUEBLE no fueran suficientes para cubrir las cantidades que a esa fecha se le adeuden conforme a **Monto Total del Adeudo,** el ACREEDOR HIPOTECARIO se reserva el ejercicio de los demás derechos que le asistan para obtener por cualquier vía legal, el cobro y/o pago de las cantidades insolutas correspondientes y/o en su caso, el cumplimiento o pago de cualesquiera otras OBLIGACIONES conforme a **Monto Total del Adeudo o cantidades, según corresponda** .....................................................................................................

--- **NOVENA.- EXTINCIÓN DE LA HIPOTECA.-** Una vez pagado el ADEUDO, la HIPOTECA en primer lugar y grado constituida en este instrumento se extinguirá de conformidad con la fracción segunda del artículo 2851 dos mil ochocientos cincuenta y uno del Código Civil vigente en el Estado de Baja California Sur. El **ACREEDOR HIPOTECARIO EN PRIMER LUGAR** se obliga a liberar la hipoteca en primer lugar y grado que se otorga a través de la presente escritura por medio de instrumento público ante notario público mexicano dentro de los quince días hábiles siguientes a la fecha en que el **DEUDOR HIPOTECARIO,** le solicite por escrito ratificado ante notario público al FIDUCIARIO su comparecencia siendo esta obligatoria para dicha cancelación de hipoteca y siempre y cuando el DEUDOUR HIPOTECARIO haya cumplido totalmente con las obligaciones que le derivan del **MONTO TOTAL DEL ADEUDO de conformidad a lo establecido en los FINES del fideicomiso en la cláusula DECIMA y siguiendo las formalidades de la cláusula DECIMA SEPTIMA del contrato de fideicomiso.**..............................................................................................................

--- **DÉCIMA.- VENCIMIENTO ANTICIPADO POR INCUMPLIMIENTO.- EL ACREEDOR HIPOTECARIO",** podrá dar por vencido anticipadamente el plazo para el pago del ADEUDO, sin necesidad de declaración judicial previa, cuando se presente cualquier incumplimiento de **"EL DEUDOR HIPOTECARIO"** a las obligaciones pactadas en este contrato y en especial en alguno de los siguientes casos: ......................................................

---**A.-** Si **"EL DEUDOR HIPOTECARIO" O EL FIDUCIARIO por instrucciones del FIDEICOMISARIO y/o DEUDOR HIPOTECARIO** transmite en cualquier forma la propiedad del INMUEBLE hipotecado, o lo afecta en Fideicomiso o lo grava de cualquier forma, sin permiso previo dado por escrito por **"EL ACREEDOR HIPOTECARIO".** ...............................

---**B.-** Si a **"EL DEUDOR HIPOTECARIO" O EL FIDUCIARIO por instrucciones del FIDEICOMISARIO y/o DEUDOR HIPOTECARIO,** le fuere embargado el INMUEBLE hipotecado o se ejercitare cualquier acción judicial o administrativa en su contra que afecte

26

en alguna forma el INMUEBLE hipotecado.........................................................................

---**C.-** Si el FIDEICOMISARIO y/o **"DEUDOR HIPOTECARIO"** arrendare el INMUEBLE hipotecado o recibiere anticipo de rentas u otorgare su uso o disfrute bajo cualquier otra figura jurídica, sin permiso previo dado por escrito por **"EL ACREEDOR HIPOTECARIO"**. ...

--- **D.-** Si el **FIDEICOMISARIO** y/o **"EL DEUDOR HIPOTECARIO"** no cumpliere con cualquiera de las obligaciones a su cargo derivadas de este contrato......................................

--- **E.-** Si el INMUEBLE hipotecado llegasen a reportar la inscripción de algún gravamen o limitación de dominio, fianza o embargo posterior a la constitución de la garantía hipotecaria, **"EL ACREEDOR HIPOTECARIO"** procederá al cobro anticipado del ADEUDO reconocido cuando no se sustituya la garantía hipotecaria de inmediato a su entera satisfacción.............

--- **F.-** El incumplimiento del pago seis (6) o más Pagos Mensuales consecutivos de intereses estipulados en la cláusula segunda MUTUO establecido en el presente instrumento. ...................................................................................................................

---No obstante lo anterior, el DEUDOR HIPOTECARIO y el ACREEDOR HIPOTECARIO EN PRIMER LUGAR acuerdan que el DEUDOR HIPOTECARIO, podrá utilizar el INMUEBLE para su uso y goce............................................................................................................

--- **DECIMA PRIMERA.- IMPUESTOS Y GASTOS.-** Serán por exclusiva cuenta del **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** los impuestos, derechos, gastos y honorarios que se causen por el otorgamiento de esta escritura y por su registro ante el Registro Público de la Propiedad y del Comercio del Gobierno del Estado de Baja California Sur, en el Municipio de Los Cabos, incluyendo cualesquiera gastos que se generen por la cancelación total o parcial de hipoteca en primer lugar y grado que se otorga a través de la presente escritura, así como todos los impuestos y demás cargas fiscales que recaigan sobre el INMUEBLE, liberando expresamente al FIDUCIARIO, de cualquier obligación o responsabilidad al respecto ...................................................................................

--- Ninguna de las Partes del presente instrumento será considerada como obligada solidaria respecto de la otra parte en lo que se refiere a sus respectivas obligaciones de carácter fiscal ..................................................................................................................

--- **DECIMA SEGUNDA.-** Convienen el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** y el **ACREEDOR HIPOTECARIO** que una vez hecho el pago del Monto total del Adeudo y el DEUDOR HIPOTECARIO haya solicitado la liberación de los derechos de propiedad sobre el **INMUEBLE** dados en garantía, al ACREEDOR HIPOTECARIO **conforme a lo establecido en la cláusula Séptima del presente acto jurídico y este se niegue a la cancelación de dicho gravamen,** podrá entonces solicitar el **FIDEICOMISARIO** y/o **DEUDOR HIPOTECARIO** al Registro Público de la Propiedad la cancelación del gravamen relativo, previa la presentación del requerimiento judicial hecho en contra del **Acreedor Hipotecario** para que se proceda a la liberación del gravamen y por ende se haga notificación correspondiente por parte de la autoridad competente al Fiduciario, para que este se dé por enterado de la liberación de dicho gravamen. ................................................

---- **DECIMA TERCERA.-** El **Deudor Hipotecario** se obliga a pagar con toda puntualidad los impuestos, cuotas de mantenimiento del régimen condominial y derechos que deban cubrirse por el INMUEBLE afectado en garantía durante el plazo de pago otorgado en la



## LIC. JOSE ALBERTO CASTRO SALAZAR
### TITULAR
## LIC. GPE. DEL CARMEN CASTRO SALAZAR
### ADSCRITA

NOTARIA PÚBLICA NÚM. SIETE
DEL ESTADO DE BAJA CALIFORNIA SUR

LA PAZ, BAJA CALIFORNIA SUR

notaria7lap@notaria7bcs.com
notaria7csl@notaria7bcs.com





presente Hipoteca.................................................................................................

--- **DECIMA CUARTA.- DOMICILIOS.-** Son domicilios de las partes dentro de la jurisdicción a la que se someten en relación con el presente instrumento los siguientes: ........................

---**El DEUDOR HIPOTECARIO:** La sociedad extranjera **SH55, LLC.**............................

---- ATENCIÓN: Kenneth Aboud Jowdy. ...........................

---**DOMICILIO en el EXTRANJERO:** 11 (once) Fairmount Orive, Danbury Ct.,.....................
Código Postal 06811 (cero seis mil ochocientos once), Estados Unidos de América. .............

— **DOMICILIO EN MÉXICO:** LOTE número **(55) CINCUENTA Y CINCO, MANZANA (1) UNO,** del Sub-régimen de Propiedad en Condominio (2) dos denominado **"SUNSET HILL",** dentro del Régimen Maestro denominado **DIAMANTE CABO SAN LUCAS,** ubicado en Cabo San Lucas, Baja California Sur. .............................................................................

---**TELÉFONO**. 624-144-2900 ...........................

---**CORREO ELÉCTRICO**: kj@legacyproperties.com .......................................................

---**El FIDUCIARIO: SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK** ...........................................

---**DOMICILIO**: Plaza las Plaza Las Palmas local 4 (cuatro), Carretera Transpeninsular kilómetro 31 (treinta y uno), Colonia Magisterial. Código Postal 23400 (veintitrés mil cuatrocientos), en San José del Cabo, Municipio de Los Cabos, Baja California Sur, México,

---**El ACREEDOR HIPOTECARIO EN PRIMER LUGAR: EVA SOSA LÓPEZ**. .....................

---**DOMICILIO:** Miguel Hidalgo Esq. Mijares S/N Matamoros, Matamoros, CSL Los Cabos, Cabo San Lucas, Baja California Sur Cp 23468 .........................................................................

---**TELÉFONO:** (624) 624-1431315..........................

---**CORREO ELECTRÓNICO:** marianatovartejeda@hotmail.com ..........................................

---En caso de cambio de domicilio de cualesquiera de las partes, estas se obligan a dar aviso por escrito a la otra acerca de dicha circunstancia, indicando el nuevo domicilio adoptado, Este aviso deberá hacerse con una anticipación de cuando menos cinco días hábiles a la fecha en que dicho cambio fuere a ocurrir. A falta del aviso mencionado, las notificaciones que se dirijan las partes al último domicilio indicado surtirán todos sus efectos.

---- **DÉCIMO QUINTA.- JURISDICCIÓN Y COMPETENCIA.-** Para la interpretación y cumplimiento del presente instrumento, así como de la hipoteca en primer lugar y grado que se otorga a través de la presente escritura serán aplicables las leyes vigentes en el estado de Baja California Sur y las partes se someten a la Jurisdicción y competencia de los tribunales del partido judicial del Municipio de Los Cabos, Baja California Sur, renunciando expresamente a cualquier otro fuero que por razón de su domicilio o por cualquier otra causa pudiere corresponderles ..............................................................................................

---Queda expresamente convenido por las partes en que el FIDUCIARIO no podrá ser sometido a juicio por jurado fuera de México, respecto de la interpretación y cumplimiento de las obligaciones asumidas por cada una de las partes en este contrato y las transacciones contempladas y/o derivadas del mismo. Por lo tanto, no puede ser demandado o requerido judicialmente en tribunales, cortes u órganos jurisdiccionales fuera de los Estado Unidos Mexicanos...................................................................................................................

---No obstante lo anterior, cualquier asunto relacionado entre el **FIDUCIARIO y el**

28

FIEICOMISARIO y/o DEUDOR HIPOTECARIO se regirán exclusivamente por lo dispuesto en el Fideicomiso a que se refiere el apartado de antecedentes del presente instrumento ......
--- Asimismo, en caso de que el **FIDUCIARIO** no pueda localizar por cualquier motivo o circunstancia al FIDEICOMISARIO y/o DEUDOR HIPOTECARIO para notificarle sobre una eventual demanda de ejecución de la garantía hipotecaria en primer lugar y grado constituida en la presente escritura, o bien notificarle cualquier asunto relacionado con el INMUEBLE, el FIDUCIARIO quedará liberado de realizar cualquier acto relativo a la defensa del INMUEBLE. Al efecto, el FIDEICOMISARIO y/o DEUDOR referido en el capítulo de antecedentes del presente instrumento, libera al FIDUCIARIO de toda responsabilidad al respecto ..................................................................................................................................
---- **DECIMA SEXTA.-** EL DEUDOR HIPOTECARIO Y EL ACREEDOR HIPOTECARIO autorizan al FIDUCIARIO para que en cualquier momento solicite y proporcione su información a las sociedades de información crediticia, a cualquiera de las entidades de Grupo Financiero al que pertenece el FIDUCIARIO y a la Institución Financiera de Exterior controladora del Grupo Financiero los datos relativos a las operaciones que se efectúen al amparo de este Contrato y en su caso, de cualquier incumplimiento a las obligaciones contraídas. ...........................................................................................................................
--- **DECIMA SÉPTIMA.-** Asimismo, EL DEUDOR HIPOTECARIO Y EL ACREEDOR HIPOTECARIO están de acuerdo en que la manifestación efectuada en relación con la posibilidad de que exista intercambio de información para fines mercadológicos o publicitarios y en general para el tratamiento de sus Datos Personales, es revocable y por lo tanto puede modificarse para lo cual el "FIDUCIARIO" les ha informado que deberán acudir a las oficinas de Atención Fiduciaria y manifestar por escrito su nueva voluntad......................
--- **DÉCIMA OCTAVA.-** El FIDUCIARIO hace del conocimiento EL DEUDOR HIPOTECARIO Y EL ACREEDOR HIPOTECARIO que el tratamiento a los datos personales laborales, académicos, patrimoniales, y migratorios, incluyendo los datos sensibles (tratándose de seguros de vida o gastos médicos los datos relativos al estado de salud) que nos sean proporcionados será el que resulte adecuado y vigente en relación a las finalidades necesarias que a continuación se establecen:.............................................
--- 1. Dar cumplimiento a los requerimientos que nos sean presentados por las Sociedades de Información Crediticia (Buró de Crédito); .............................................................
---2. Monitorear cualquier llamada telefónica realizada con el Cliente; ....................................
---3. Actualizar los registros y programas de sistemas de GFSBI, filiales y/o subsidiarias;.......
---4. Dar cumplimiento a los requerimientos hechos por las autoridades cuando sea necesario para salvaguardar el interés público, la procuración o administración de justicia; ....
---5. Utilizarlos para cesión o descuento de cartera crediticia ..............................................
---**DÉCIMA NOVENA.-** El primer testimonio que se expida de la presente escritura se inscribirá en el Registro Público de la Propiedad y del Comercio del Municipio de Los Cabos, Baja California Sur. Con dicha inscripción, el Registro Público mencionado tomará nota de que la hipoteca en primer lugar y grado otorgada conforme al presente acto jurídico garantizará el pago de los intereses por todo el tiempo que permanezca vigente el **ADEUDO** inclusive por más de tres años de conformidad con el artículo 2825 (dos mil ochocientos