UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

PHILIP A. KENNER, *et al.*,

Defendants.

Criminal Docket No. 13-0607 (JFB)

VERIFIED CLAIM OF GREGORY A. CARRAFIELLO AND ANA ALEJANDRA GUTIERREZ FLORES TO ADJUDICATE INTEREST IN PROPERTY PURSUANT TO 21 U.S.C. § 853(n)

Claimants, Gregory A. Carrafiello and Ana Alejandra Gutierrez Flores ("Claimants" or "Purchasers"), by their attorneys, Freeh Sporkin & Sullivan, LLP, as and for this Verified Claim pursuant to Title 21, United States Code, Section 853(n), hereby assert all rights and interest in, and make a claim upon, the property identified below that was ordered forfeited in the above captioned case by the preliminary order (the "Preliminary Order") issued on March 16, 2020.

1. Pursuant to 21 U.S.C. § 853(n), Claimants assert their rights and interest as bona fide purchasers for value of the real property and premises that is designated as Casita Lot Phase 2 #25 located in the Casitas Condominium development ("Casita #25") within the resort property known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S. Mexico 23473 ("Diamante" or the "Resort Property"). Casita #25 was ordered forfeited in paragraph A(6)(iv) as part of an exclusion to the carve out relating to ownership interests in real property set forth in paragraph A(6)(ii) of the Preliminary Order. At the time they agreed to purchase Casita #25 for USD $225,000.00 in 2018 and the time they

entered into a formal agreement to purchase Casita #25 in February 2019, Claimants lacked reasonable cause to know that the real property was subject to forfeiture. Moreover, Claimants have paid to date USD $75,000 in Deposit payments pursuant to agreements with Diamante and have made installment payments and other payments of in excess of USD $375,000 to complete the construction of a private home at Casita #25 since they agreed to acquire it and immediately began construction in 2018.

2. Claimants first learned of the potential forfeiture of the Resort Property on or around August 21, 2015 when the protective order listing the Resort Property was issued. It was not until September 2019, however, that Claimants first learned that Casita #25 may be subject to forfeiture, because that is when Claimants learned that the government may challenge their purchase of Casita #25.

3. In or about October 2018, after several months of negotiations, Mr. Carrafiello received verbal approval that he and his wife would be permitted to acquire the lot located at Casita #25 for USD $225,000 and build a private residence at that location at their expense. The cost of construction was estimated to be approximately USD $600,000 and took into consideration the elimination of certain standard amenities, such as a pool, jacuzzi, fire pit, and second level viewing deck, as well as the elimination of certain furnishings and finishes that Purchasers considered to be nonessential amenities for their family. Purchasers agreed that the construction costs would be paid in periodic installments over the course of approximately three years. To date, Purchasers have paid construction installments in the aggregate amount of USD $375,000, and the payment of construction installments is continuing.

4. Casita #25 represented the first sale and the first home to start construction in Phase 2 of the Casita Condominium development. The sale and construction of Casita #25

created momentum for the Diamante sales team to promote Phase 2 of the Casita Condominium development in 2019.

5. Construction of the private residence at Casita #25 began in or about the Summer of 2018. Purchasers made their first installment payment to Diamante on or about December 21, 2018 in the amount of USD $75,000. That payment was applied towards the construction costs associated with the construction of Purchasers' home.

6. On or about February 11, 2019, the Resort Property and the Purchasers formalized their agreement between the parties and executed a Reservation Deposit Agreement pursuant to which Diamante agreed to sell to the Purchasers the lot located at Casita #25 for USD $225,000. A copy of the Reservation Deposit Agreement is attached as Exhibit A.

7. On or about March 21, 2019, Purchasers made a second payment to Diamante in the amount of USD $75,000. This second payment was intended to be divided into two payments, one in the amount of USD $25,000 and applied as the Reservation Deposit payable under the Reservation Deposit Agreement, and the remaining USD $50,000 payment to be applied to construction costs. The entire USD $75,000 payment was applied to construction costs, however, so on or about April 12, 2019 Purchasers transferred to Diamante an additional USD $50,000. The April 12, 2019 payment was applied to cover the Reservation Deposit and the Second Deposit payable pursuant to the Reservation Deposit Agreement in the aggregate amount of USD $50,000.

8. Between May 2019 and November 2019, Purchasers made six additional construction installment payments to Diamante in the aggregate amount of USD $225,000. These payments all were applied to the construction costs associated with the construction of the private home at Casita #25.

9. On or about December 20, 2019, Purchasers paid Diamante USD $25,000, which was applied to cover the Third Deposit payable by the Purchasers pursuant to the Reservation Deposit Agreement. In addition, on or about June 30, 2020, Purchasers paid Diamante USD $25,000, which was applied to cover the Fourth Deposit payable by the Purchasers pursuant to the Reservation Deposit Agreement. A copy of a schedule of the payments made to date by Purchasers to Diamante that were applied to amounts due under the Reservation Deposit Agreement or for construction costs is attached as Exhibit B. Copies of the bank statements or wire transfer requests reflecting the payments made by Claimants to Diamante are attached as Exhibit C.

10. On or about September 6, 2019, Diamante and the Purchasers further formalized the agreement between the parties and executed the Promise to Constitute a Trust Agreement related to Casita #25, which sets forth the process by which the Purchasers would assume title of Casita #25 as beneficiaries of a trust upon some future closing date following the payment by Purchasers of the entire balance of all deposit amounts due to Diamante. The final deposit payment currently is due on or before December 15, 2021. A copy of the Promise to Constitute a Trust Agreement is attached as Exhibit D.

11. All of the foregoing information, including the exhibits attached to this Verified Claim, was provided to the government in February 2020. Despite the uncontroverted evidence presented, the government apparently continues to pursue unfairly the real property located at Casita #25 that Purchasers agreed to acquire for fair value at a time when no person in their position could have reasonably known that the property was subject to forfeiture.

12. Under 21 U.S.C. § 853(n), a party is a bona fide purchaser for value who, at the time of purchase, lacked reasonable cause to know that the property at issue, in this case Casita

#25, was subject to forfeiture. Indeed, approximately nine other Casitas were sold to individual owners in 2019 and Claimants' Casita #25 apparently is the only Casita that the government is seeking to forfeit.

13. Purchasers gave reasonable value when they agreed to acquire Casita #25 from Diamante for USD $225,000 in 2018. Indeed, at the time Purchasers were seeking to acquire Casita #25, a larger lot with an ocean view (which Casita #25 does not have) was sold in the Sunset Hill section of the Resort Property for USD $350,000 (USD $15.52/square foot). Accordingly, the USD $225,000 (USD $21.77/square foot) price that Purchasers agreed to pay for Casita #25 not only was a fair price, but arguably was a premium. Moreover, since Purchasers agreed to acquire Casita #25, they have invested in excess of USD $500,000 in improvements in constructing and furnishing a private home at Casita #25. This includes payment to Diamante of $375,000 towards construction costs, as reflected in Exhibit B, as well as the expenditure of an additional nearly $130,000 for furnishings, materials, and equipment that Purchasers acquired on their own as part of the construction of their home at Casita #25. A copy of the schedule of additional materials and equipment acquired by Purchasers is attached as Exhibit E.

14. Claimants were without reason to know of the potential forfeitability of Casita #25 at the time they agreed to acquire it from Diamante in 2018, or advanced funds to construct a private home at Casita #25 in 2018 and 2019. The protective order entered in this case made no mention of the government's intention seek to forfeit the privately owned real property of individuals, including Claimants.

15. For the reasons set forth herein, Claimants are bona fide purchasers of Casita #25 and are paying fair value for their property, and have all right and interest in Casita #25 and the private home constructed at that location.

## I. PRAYER FOR RELIEF

16. WHEREFORE, Claimants, Gregory A. Carrafiello and Ana Alejandra Gutierrez Flores, respectfully request that this Verified Claim be granted, that the Court amend the Preliminary Order pursuant to 21 U.S.C. § 853(n)(6) to recognize Claimants' rights and interest in the real property and improvements located at Casita #25, and grant such other and further relief, either at law or in equity, to which Claimants are entitled.

Dated: New York, New York
July 16, 2020

**FREEH SPORKIN & SULLIVAN, LLP**

By: _____/s/_____

Thomas McC. Souther
(souther@freehsporkinsullivan.com)
350 Fifth Avenue, Suite 6903
New York, New York 10118
Telephone: (646) 558-6052
Mobile: (914) 374-2869

*Attorneys for Gregory A. Carrafiello and Ana Alejandra Gutierrez Flores*

## VERIFICATION

Gregory A. Carrafiello and Ana Alejandra Gutierrez Flores verify, pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America that the foregoing Claim is true and correct according to the best of their knowledge.

Dated: July 16, 2020

_____
Gregory A. Carrafiello

_____
Ana Alejandra Gutierrez Flores