

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 24, 2020

Seetha Ramachandran
Partner
d +1.212.969.3455
f 212.969.2900
sramachandran@proskauer.com
www.proskauer.com

<u>By ECF</u>

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

      Re:   *United States v. Philip A. Kenner & Tommy C. Constantine*
              <u>Criminal Docket No. 13-607 (JFB) (E.D.N.Y.)</u>

Dear Judge Bianco:

      We represent Owen Nolan, a victim and an interested third party to forfeiture in the above-referenced matter. We write to address Defendant Phillip A. Kenner's claim that he is entitled to a supposed settlement between Kenneth A. Jowdy and Mr. Nolan on the basis that it would offset Mr. Kenner's restitution obligation. Mr. Kenner is wrong. Even if Mr. Nolan had a third-party source from which he could recoup a portion of the staggering amount of money he lost to Mr. Kenner's fraud, it would not reduce what Mr. Kenner owes in restitution. *See, e.g.*, *United States v. Ritchie*, 858 F.3d 201, 215–16 (4th Cir. 2017) ("Initially, the statute requires the district court to calculate the full amount of each victim's losses caused by the defendant's illegal conduct, regardless of the financial resources or condition of the defendant, or the fact that the victim has received or may receive compensation from another source. . . . However, the statute also provides for credits against the offender's restitution obligation to prevent a victim from obtaining a windfall. . . . [I]f a victim has received compensation from other sources for the same loss, the court will order that this portion of the restitution be paid to the person or entity that provided the compensation instead of to the victim." (internal citations omitted)).

      The assignment transaction between Mr. Jowdy and Mr. Nolan that Mr. Kenner refers to was not a settlement in any event,[1] and besides baseless allegations, Mr. Kenner has provided no evidence to the contrary, much less carried his burden to prove that it should reduce his restitution obligations. *See United States v. Smathers*, 879 F.3d 453, 460 (2d Cir. 2018) ("With respect to requests by defendants for credits against their restitution obligations, [courts have]

---

[1] The assignment is now part of the public record because it serves as basis for Mr. Nolan's forfeiture claim and has been addressed in Mr. Nolan's petition for an ancillary proceeding. *See* Dkt. No. 874 (attaching the January 1, 2011 Assignment and Assumption Agreement between Mr. Jowdy and Mr. Nolan as exhibit A).

**Proskauer»**

The Honorable Joseph F. Bianco
July 24, 2020
Page 2

place[d] the burden of proof on the defendant, whether the payments to the victim were made by the defendant himself . . . or were made by other persons."). And even if the assignment transaction were a settlement, Mr. Kenner is not entitled to any restitution credit because he has not shown—because he cannot—that Mr. Nolan has actually received any compensation as a result of the assignment that would necessitate a reduction in Mr. Nolan's restitution award. *See United States v. Yalincak*, 853 F.3d 629, 635 (2d Cir. 2017) (credit inappropriate until the offsetting funds are actually received by the victim); *United States v. McGinn*, 787 F.3d 116, 130–31 (2d Cir. 2015) (same). To be sure, the assignment gave Mr. Nolan a secured interest in property that the government has forfeited. There are numerous third parties who have also filed claims to the same property. Mr. Nolan's ability to recover any value from his interest will depend on the outcome of the ancillary proceeding. That should have no impact on Mr. Kenner's restitution obligation. *See United States v. Torres*, 703 F.3d 194, 204 (2d Cir. 2012).

    Respectfully submitted,

    */s/ Seetha Ramachandran*
    SEETHA RAMACHANDRAN
    PROSKAUER ROSE LLP
    Eleven Times Square
    New York, NY 10036
    (212) 969-3455
    sramachandran@proskauer.com

    *Counsel for Owen Nolan*

cc:    All parties of record (via ECF)