# NOLAN v. KENNER/STANDARD ADVISORS
# AAA ARBITRATION
# CASE NO. 76 148 00223 08 DEAR

# ARBITRATION EXHIBIT
# NO. 82

The July 4, 2005 Operating Agreement was produced with the specific lending language for Centrum before the July 14, 2005 closing and distributed to all of the Little Isle 4 members -- produced by Nolan (see bate stamp below) not Kenner -- for the 2009 Arbitration -- thus fully disclosed...

Kenenr has the fully disclosed ability as the Managing Member to LEND on behalf of the LLC.

Little Isle 4 is a 50% shareholder of the 1500 acre parcel...

This document was produced by Nolan in the 2009 Arbitration confirming that it was 100% in his possession at all times...

NOLAN0005782

# BIG ISLE V VENTURES, A LIMITED LIABILITY COMPANY

## OPERATING AGREEMENT

=================================================================

### ARTICLE I. NAME

The name of this organization shall be "Big Isle V Ventures, LLC."

### ARTICLE II. PURPOSE

**Section 1.** The Big Isle V Ventures, LLC [hereinafter "The Company"] is an organized group of investors established to invest in a land development project on The Big Island of Hawaii. The initial acquisition of land will encompass approximately 1493 acres of agriculture land. Over the timeline of the project, the proposed development will create multiple agriculture homesites. Big Isle V Ventures, LLC plans to develop for the prospective Buyers in accordance with the CC&Rs (yet to be developed). At all times, the Company, through its Managing Member [Philip A Kenner], reserves the right to borrow, lend or invest on behalf of the Company.

**Section 2.** This purpose mentioned above shall be accomplished by following the proper due diligence in evaluating the short and long-term opportunities associated with each phase of development. Further, based on the current market conditions of the project, the Company shall continue to make decisions that are deemed to be in the best interest of the collective ownership.

### ARTICLE III. STATUS AS AN ORGANIZATION

Big Isle V Ventures, LLC is a registered LLC in the state of Delaware.

### ARTICLE IV. MEMBERSHIP

**Section 1.** The current membership of the Company is comprised of Moana View Estates, LLC (15%), Guide Dog Management (35%), and Little Isle IV, LLC (50%). New members joining the Company must be pre-approved by the Managing Member, and be in the best interest of the current membership. Equity partner(s) added will derive their share(s) from Guide Dog Management or Little Isle IV, LLC. In no event shall Moana View Estates share(s) be compromised by the addition of a new equity partner or shareholder.

### ARTICLE V. COMPOSITION OF MANAGING MEMBER & OFFICERS

At all times, the Managing Member shall be Philip A. Kenner. At the sole discretion of the Managing Member, additional management members may be added from time to time during the duration of Big Isle V Ventures, LLC.

The Chief Operating Officer and Project Manager shall be Christopher Manfredi. At the sole discretion of the Managing Member, additional project managers may be added or changed from time to time during the duration of Big Isle V Ventures, LLC.

Please initial

- 1 -

## ARTICLE VI: DUTIES OF THE MANAGING MEMBER & ADVISORY BOARD

**Section 1.** The Managing Member shall be responsible for the day-to-day administration of Big Isle V Ventures, LLC and shall serve as the public representative for the project along with any other individual that may be appointed at the sole discretion of the Managing Member. The Managing Member shall preside at all meetings of Big Isle V Ventures, LLC, serve as an ex officio member of all sub-committees, and shall maintain the organizational mail lists (i.e., members, Advisory Board, and any appropriate sub-lists) or may appoint other individuals to carry out specific duties for a specified timeframe. The Managing Member shall perform his duties including: addressing any problem issues as they arise, aiding the projects upon request, advising and mediating, if necessary, any grievances or appeals by the members.

**Section 2.** In the event of a vacancy in the office of Managing Member, due to resignation, illness, injury or death, or other reason that would prevent or inhibit the Managing Member from fulfilling his duties or the current Managing Member is unable or unwilling to fulfill his duties as Managing Member, the successor to Mr. Philip A. Kenner as managing member shall be Christopher A. Manfredi, Chief Operating Officer and Project Manager at present. Christopher A. Manfredi will assume all duties, responsibilities, privileges and discretionary authority of Managing Member as set forth in this agreement.

**Section 3.** The Managing Member, at its discretion, shall be empowered to create an advisory board to aid in the decision process of the LLC. Each board director shall hold office until his successor shall have been elected and qualified or until his earlier resignation, removal from office or death.

**Section 4.** In the event a board director is unable to complete his/her term, the Managing Member, at the sole discretion of the Managing Member, shall appoint a replacement to serve until the next scheduled election.

**Section 5.** The Managing Member may compensate any and all members and non-members for their roles in the LLC, including but not exclusive to the Managing Member, Advisory Board, and Local Coordinator.

**Section 6.** On a semi-annual basis, the Managing Member may evaluate the current account status of the LLC and make an election regarding the distribution of current funds to the members of the LLC. Profits shall be distributed proportionate to each member's ownership interest. Accounting records will be distributed privately among the members on an annual basis.

**Section 7.** The Managing Member, at all times, shall maintain control of all of the LLC's bank accounts and shall also facilitate the annual accounting and the reconciliation of the LLC's books. Accounting records will be distributed privately among the members on an annual basis.

**Section 8.** From time to time, the Managing Member may appoint any individual to control a separate operating account for monthly expenses or special projects. If the Managing Member appoints another individual to control an operating account, the Managing Member will require that individual, on behalf of the specific Big Isle V Ventures, LLC project, to deliver in writing a proposed budget for the upcoming month. Once the future operating budget is approved by the Managing Member, the Managing Member shall facilitate the appropriate transfer of funds to the operating account.

Please initial

- 2 -

## ARTICLE VII. ELECTION PROCEDURES

**Section 1.** Each advisory board director shall be elected to a one-year term.

**Section 2.** It shall be the responsibility of the Managing Member to announce those positions for which board nominations are needed.

**Section 3.** Each member shall be entitled to a vote proportional to its ownership.

**Section 4.** All of the Advisory Board terms of office shall begin on September 1. In the event a member is nominated for more than one position, the nominee shall notify the Managing Member for which office they wish to declare their candidacy. No member shall hold more than one voting office at any one time.

## ARTICLE VIII [OMITTED]

## ARTICLE IX. PROJECTS

**Section 1.** The Managing Member of Big Isle V Ventures, LLC shall be authorized to invest in real estate projects that are deemed appropriate for the time frame and investment objectives of the members.

**Section 2.** Each local project shall have a Local Coordinator or Project Manager who is to be appointed by the Managing Member. At this time, the Project Manager for Big Isle V Ventures, LLC is Christopher Manfredi.

**Section 3.** If a Local Coordinator or Project Manager can no longer perform their duties for any reason, those duties may be reassigned by the Managing Member to one or more persons. The Local Coordinator or Project Manager does not have to be a current Member of Big Isle V Ventures, LLC.

## ARTICLE X. SPECIAL PROJECTS

**Section 1.** Special projects shall be established by Big Isle V Ventures, LLC to promote the gathering of information in specialized areas related to all endeavors of the LLC assuming they are relevant to the overall objectives of the LLC. All Special Projects will be discussed by the Managing Member with the Members either by written notice or by verbal means. It is encouraged for Members of Big Isle V Ventures, LLC to work with the Managing Member, the Advisory Board, and any Local Coordinator or Project Manager to find and research additional Special Projects on behalf of the LLC.

**Section 2.** At the sole discretion of the Managing Member, Special Projects may be funded by current, new or borrowed funds, including new debt of Big Isle V Ventures, LLC. In the event that profits from the activities of Big Isle V, Ventures, LLC are used as capital for a Special Project, the ownership split that now exists shall be continued in the new enterprise or Special Project, unless otherwise agreed by the affected parties. Special projects shall be consistent with the objectives of the members.

## ARTICLE XI. GRIEVANCE PROCEDURES AND APPEALS PROCESS

**Section 1.** All members of Big Isle V Ventures, LLC have the right to request that the Advisory Board advise on issues related to grievances and appeals and to mediate, if necessary.

**Section 2.** Members should submit their grievance or appeal to one or more of the Advisory Board Directors or the Managing Member.

- 3 -

Please initial

Section 3. Members who have a grievance that cannot be resolved by the Managing Member shall be resolved by arbitration in Hawaii.

### ARTICLE XII. AMENDMENT TO OPERATING AGREEMENT

Section 1. This agreement may be amended by the membership of Big Isle V Ventures, LLC through a two-thirds (2/3) majority of those members participating during the voting period and a final approval by the Managing Member, which shall not be unnecessarily delayed or withheld.

Section 2. Any member may propose an amendment by sending their proposal to one or more of the advisory board directors or the Managing Member including the exact wording of the proposed amendment. Upon receipt of the proposed amendment, the Advisory Board director[s] shall forward the request to all current members for review, and any other appropriate lists, for dissemination to the members.

Section 3. Voting on any proposed amendment to this agreement shall be during the annual voting period of July 1-July 31 and a two-thirds (2/3) majority, of the members voting within that time frame, is required for the amendment to pass, in addition to the approval of the Managing Member, which will not be unreasonably delayed or withheld.

Section 4. The proposed amendment, with the amenders' name and date of posting, shall be included with the request prior to the annual voting period of July 1-July 31. Any proposed amendment shall require a majority of the members and a final approval of the Managing Member, which will not be unreasonably delayed or withheld.

Section 5. In the case of an urgent matter affecting the well-being of Big Isle V Ventures, LLC, the Advisory Board or Managing Member may propose an amendment and disseminate it to the membership without the required wait until the annual voting period. In this case, the proposed amendment shall be disseminated to the membership within five (5) business days. A special call will be prepared and voting shall be for a period of five (5) business days. A two-thirds (2/3) majority, of the Big Isle V Ventures, LLC membership, voting within that time frame, shall be required for the amendment to pass in addition to the agreement of the Managing Member.

Section 6. Any proposed amendment, not obtaining the required approval by a minimum of the majority of members, may not be proposed again until the next regularly scheduled voting period. Any proposed amendment not obtaining the approval of the membership after appearing on the annual ballot two (2) times shall be considered a dead issue.

### ARTICLE XIII. FUTURE COMMERCIAL OPPORTUNITIES

Section 1. The Managing Member, at its sole discretion, may segregate any commercial/retail special projects into a new entity for reasonable compensation to Big Isle V Ventures, LLC for the relinquished property of the company.



Please initial

- 4 -

### ARTICLE XIV. LAND DISTRIBUTION

Section 1. The Managing Member, at its sole discretion, may distribute land to the ownership entities of the parent corporation, Big Isle V Ventures, LLC. Additionally, it is hereby provided that Moana View Estates, LLC, shall be deeded two (2) lots, of approximately twenty acres each, of Moana View Estates LLC's choice, to be used or sold at the sole discretion of the principals of Moana View Estates, LLC, provided that any construction thereon is in compliance with the yet to be determined CC&Rs. This aforementioned conveyance to occur immediately after final approval of the parcel consolidation and subdivision planned for this project area.

Signed,

_[signature]_ , CEO                                   4-July-2005
Philip A. Kenner                                         Date
CEO & Managing Member, Big Isle V Ventures, LLC

_[initials]_
Please initial

- 5 -

NOLAN0005786