Rev. 5/2013

## PROFFER AGREEMENT

GOVERNMENT EXHIBIT
**3500-KJ-8**
13-CR-607 (JFB)

With respect to the meeting of Kenneth Jowdy ("Client") and his attorney, Thomas Harvey, Esq., with Assistant U.S. Attorney James Miskiewicz of the Office of the United States Attorney for the Eastern District of New York (the "Office") and Special Agent Matthew Galiotto of the Federal Bureau of Investigation, and Special Agent Matthew Galiotto of the Internal Revenue Service, held on December 18, 2014 (the "Meeting"), the following understandings exist: → Wayne – IRS

1.  **THIS IS NOT A COOPERATION AGREEMENT.** Client agrees to provide the Office with information, and to respond to questions, so that the Office may evaluate Client's information and responses in making prosecutorial decisions. By receiving Client's proffer, the Office does not agree to confer immunity, make a motion on Client's behalf, or enter into a cooperation agreement, plea agreement or non-prosecution agreement. The Office makes no representation about the likelihood that any such agreement will be reached in connection with this proffer.

2.  In any prosecution brought against Client by the Office, except a prosecution for false statements, obstruction of justice, or perjury with respect to acts committed or statements made at or after the Meeting, the Office will not offer in evidence any statements made by Client at the Meeting (A) in its case-in-chief or (B) at sentencing. The Office will, as required by law, notify the Probation Department and the Court in connection with sentencing of any relevant statements made by Client at the Meeting. If such notification is made, the Office also will notify the Probation Department and the Court of the Office's agreement not to offer in evidence any such statements at sentencing.

3.  Notwithstanding paragraph (2) above, the Office may use any statements made by Client: (A) to obtain leads to other evidence, which evidence may be used by the Office in any stage of a criminal prosecution (including but not limited to detention hearing, trial or sentencing), civil or administrative proceeding, (B) as substantive evidence to cross-examine Client, should Client testify, and (C) as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by or on behalf of Client at any stage of a criminal prosecution (including but not limited to detention hearing, trial or sentencing).

4.  Notwithstanding any of the foregoing, in the event Client seeks to qualify for a reduction in sentence under 18 U.S.C. § 3553(f) or Sentencing Guidelines §§ 2D1.1(b)(16) or 5C1.2, or seeks a downward departure under the Sentencing Guidelines or downward adjustment under 18 U.S.C. § 3553(a) based on attempted cooperation, paragraphs (2) and (3) will not apply at sentencing to any statements made by Client at the Meeting, and the Court may rely on all statements by Client in sentencing Client.

5.  It is further understood that this agreement is limited to the statements made by Client at the Meeting and does not apply to any oral, written or recorded statements made by Client at any other time or to any other information provided at the Meeting. Moreover, the provisions of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 do not apply to any statements made by Client at the Meeting, and Client shall not assert any claim under these or any other provisions of law that such statements or any leads therefrom should be suppressed.

6.  No understandings, promises, or agreements have been entered into with respect to the Meeting other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties.

Dated: Central Islip, New York
December 18, 2014

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: _____
James Miskiewicz
Assistant U.S. Attorney

By: _____
Saritha Komatireddy
Assistant U.S. Attorney

_____
Matthew Galiotto
Agent

_____
Joshua Wayne
Agent

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Kenneth Jowdy
Client

_____
Thomas Harvey
Attorney for Client