September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1.  Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2.  Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 –cv-00142-PHX-SRB (this case)

3.  Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4.  Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5.  Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6.  Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7.  Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8.  Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9. <u>Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10;</u> United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. <u>Glen Murray  v.  Kenneth Jowdy;</u> District Court, Nevada;A571987, Dept. XXII (pending)

11. <u>Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12. <u>Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.  This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)     Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me. A copy is also enclosed for your personal records. I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.

Sincerely,


Thomas M. Baker

TMB\tg
Enclosure

Cc:     Jere Lehtinen                          Jason Woolley
        Brian Campbell                         Darryl Sydor
        Bryan Berard                           Brad Isbister
        Vladimir Tsyplakov                     Greg deVries
        Travis Green                           Sergei Gonchar
        Jerry G. Glatt                         Glen Murray
        Philip J. Stock                        Josef Stumpel
        Chris Simon                            Turner Stevenson
        Michael Peca                           Steven Rucchin
        Tyson Nash                             Mattias Norstrom
        Dimitri Khristich

●   Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _____JERE LEHTINEN_____, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: __11 / 06 / 2009__          By: _____
                                         Signature of Member

                              Print name: __JERE LEHTINEN__

                              Address: __622 STRATFORD LN.__
                              __COPPELL, TX 75019__

                              e-mail: __jlehtinen@nhlpa.com__

                                         _____
                                         Member's Initials

Retuned by fax from Sweden by Norstrom

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:    ***Conflict of Interest/Dual Representation Notification and Waiver***
        Little Isle IV, LLC, a Delaware Limited Liability Company;
        Ula Makika, LLC, a Delaware Limited Liability Company;
        Philip A. Kenner.
        2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

      You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

      Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1.  Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2.  Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 –cv-00142-PHX-SRB (this case)

3.  Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4.  Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5.  Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6.  Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7.  Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8.  Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9.　　Ethan Moreau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC;
　　　Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii
　　　LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja
　　　Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code
　　　Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court,
　　　Central District of California (Western Division – Los Angeles); 2:08-cv-08640-
　　　CBM-PJW (pending)

10.　　Glen Murray v. Kenneth Jowdy; District Court, Nevada;A571987, Dept. XXII
　　　(pending)

11.　　Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov,
　　　Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri
　　　Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel v. Jowdy; Superior Court of
　　　the State of California, County of Los Angeles – Central District; (pending)

12.　　Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir
　　　Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri
　　　Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel v. Jowdy;
　　　Superior Court of the State of California, County of Los Angeles – Central District;
　　　(pending)

　　　Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard
Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management
Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the
above 12 cases constitutes a complete listing of all court cases which could be considered as litigation
relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or
Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the
time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which
were filed, are pending or have concluded in a United States District Court (including this case) can be
monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are
pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored
or reviewed through that Court's electronic filing system (case history/minute entries). Your
independent counsel should know how to do this or can assist you in finding out how to do so.

　　　In this regard, the Undersigned has disclosed his past and ongoing representation of Phil
Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine;
Constantine Management Group, Ltd, in matters that are not currently adverse to you. These
include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the
nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must
preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors,
LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

Case 2:13-cr-00607-JFB-AYS   Document 898-28   Filed 09/08/20   Page 13 of 71 PageID #: 27166

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)   Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)   Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)   Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)   Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)   Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)   Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)   Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

         Therefore, members agree that the terms of this Conflict of Interest/Dual
         Representation Notification and Waiver are irrevocable;

(8)     Member agrees that faxed copies, photocopies or electronic signatures may be
         used in lieu of original signatures and shall be deemed an original. This Conflict
         of Interest/Dual Representation Notification and Waiver shall be construed,
         interpreted and enforced in accordance with the laws of the State of Arizona.

     I request that you signify your informed written consent to the above by signing the
Conflict of Interest/Dual Representation Notification and Waiver set forth below and then
returning this letter to me. A copy is also enclosed for your personal records. I encourage you
first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual
Representation Notification and Waiver and I emphasize that you remain completely free to
consult with independent legal counsel at any time even if you decide to sign this Conflict of
Interest/Dual Representation Notification and Waiver.

     If you have any questions, please do not hesitate to call.

                          Sincerely,

                          Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen             Jason Woolley
       Brian Campbell         Darryl Sydor
       Bryan Berard           Brad Isbister
       Vladimir Tsyplakov     Greg deVries
       Travis Green           Sergei Gonchar
       Jerry G. Glatt          Glen Murray
       Philip J. Stock         Josef Stumpel
       Chris Simon           Turner Stevenson
       Michael Peca          Steven Rucchin
       Tyson Nash           Mattias Norstrom
       Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau,
  Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip
  Kenner.

                              Member's Initials

September 23, 2009
Page 8

**CONSENT AND WAIVER OF RIGHTS**
**Conflict of Interest/Dual Representation Notification**

I, _____ MATTIAS NORSTROM _____, acknowledge the foregoing seven (7)
page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of
Professional Conduct. I hereby consent and agree to the terms and conditions described therein,
including, but not limited to: (1) Give up the right to disqualify the Undersigned from
representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any
transaction or litigation that might be adverse to you; (2) Give up the right to assert that the
Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with
any transaction or litigation in the future; (3) Give up the right to bring suit against the
Undersigned (or any employees thereof) in connection with any transaction or litigation in the
future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little
Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in
violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and
1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such
transaction or litigation as described above; (6) Not to hold the undersigned or his law firm
responsible or liable for any direct, indirect or consequential harm resulting in any way from any
act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken ,
arguments made or any other procedural acts, errors or omissions relating to their prior
representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.
This specifically includes you as an individual <u>and</u> as a member of Little Isle IV; (7) Member
understands and accepts that the undersigned will only agree to accept this case if he consents to
the terms and conditions set forth within this Conflict of Interest/Dual Representation
Notification and Waiver. Members' consent is a material inducement and requisite for the
undersigned to accept this case. Therefore, members agree that the terms of this Conflict of
Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that
faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and
shall be deemed an original. This Conflict of Interest/Dual Representation Notification and
Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of
Arizona.

Dated: ___ 10/9/2009 ___          By: _____
                                        Signature of Member

                                  Print name: MATTIAS NORSTROM

                                  Address: REGINAVAGEN 43
                                  13150 SALTSJO-DUVNAS , SWEDEN

                                  e-mail: Mattiasnorstrom@mac.com

                                                    _____
                                                    Member's Initials

FROM :                                    FAX NO. :6143693891              Oct. 30 2009 06:03PM  P1

# BAKER & BAKER
### Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA  85014

THOMAS M. BAKER

TELEPHONE (602) 279-1844
FACSIMILE (602) 263-9028

September 23, 2009

Re:    **_Conflict of Interest/Dual Representation Notification and Waiver_**
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability
Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against
Mr. Kenneth A. Jowdy.  Mr. Kenner filed this lawsuit on behalf of himself as an individual, and
on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the
Maricopa County Superior Court and subsequently removed by the Defendant to the United
States District Court, District of Arizona, where it has been assigned to the Honorable Susan R.
Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan
A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and
James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the
lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which
have not been repaid to be approximately $5,000,000.00. This is the estimated principal only,
exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but
rather characterizes them as investments. Mr. Jody also asserts that even if the monies were
loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of
$250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543)
precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his
forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for
Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to
retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these
proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

Member's Initials

FROM :                                    FAX NO. :6143893891            Oct. 30 2009 06:04PM  P2

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual
Representation Notification and Waiver has been prepared for you to read, review with an
independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the
organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person
associated with the organization is engaged in action, intends to act or refuses to act
in a matter related to the representation that is a violation of a legal obligation to the
organization, or a violation of law that reasonably might be imputed to the
organization, and that is likely to result in substantial injury to the organization, the
lawyer shall proceed as is reasonably necessary in the best interest of the
organization. Unless the lawyer reasonably believes that it is not necessary in the best
interest of the organization to do so, the lawyer shall refer the matter to higher
authority in the organization, including, if warranted by the circumstances, to the
highest authority that can act on behalf of the organization as determined by
applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority
that can act on behalf of the organization insists upon or fails to address in a timely
and appropriate manner an action or refusal to act, that is clearly a violation of law,
and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in
substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not
Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably
believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's
representation of an organization to investigate an alleged violation of law, or to
defend the organization or an officer, employee or other constituent associated with
the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

### ER 1.7. Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

FROM :                        FAX NO. :6143893891         Oct. 30 2009 06:05PM  P4

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 -cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9.   Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC;
     Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii
     LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja
     Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code
     Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court,
     Central District of California (Western Division – Los Angeles); 2:08-cv-08640-
     CBM-PJW (pending)

10.  Glen Murray  v.  Kenneth Jowdy; District Court, Nevada;A571987, Dept. XXII
     (pending)

11.  Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov,
     Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of
     the State of California, County of Los Angeles – Central District; (pending)

12.  Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir
     Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;
     Superior Court of the State of California, County of Los Angeles – Central District;
     (pending)

     Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard
Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management
Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the
above 12 cases constitutes a complete listing of all court cases which could be considered as litigation
relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or
Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the
time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which
were filed, are pending or have concluded in a United States District Court (including this case) can be
monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are
pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored
or reviewed through that Court's electronic filing system (case history/minute entries). Your
independent counsel should know how to do this or can assist you in finding out how to do so.

     In this regard, the Undersigned has disclosed his past and ongoing representation of Phil
Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine;
Constantine Management Group, Ltd, in matters that are not currently adverse to you. These
include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the
nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must
preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors,
LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

                                                              _____
                                                              Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

      Therefore, members agree that the terms of this Conflict of Interest/Dual
      Representation Notification and Waiver are irrevocable;

(8)    Member agrees that faxed copies, photocopies or electronic signatures may be
      used in lieu of original signatures and shall be deemed an original. This Conflict
      of Interest/Dual Representation Notification and Waiver shall be construed,
      interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the
Conflict of Interest/Dual Representation Notification and Waiver set forth below and then
returning this letter to me. A copy is also enclosed for your personal records. I encourage you
first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual
Representation Notification and Waiver and I emphasize that you remain completely free to
consult with independent legal counsel at any time even if you decide to sign this Conflict of
Interest/Dual Representation Notification and Waiver.

      If you have any questions, please do not hesitate to call.

                            Sincerely,

                            Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen            Jason Woolley
       Brian Campbell         Darryl Sydor
       Bryan Berard            Brad Isbister
       Vladimir Tsyplakov     Greg deVries
       Travis Green             Sergei Gonchar
       Jerry G. Glatt           Glen Murray
       Philip J. Stock          Josef Stumpel
       Chris Simon             Turner Stevenson
       Michael Peca           Steven Rucchin
       Tyson Nash             Mattias Norstrom
       Dimitri Khristich

   •  Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau,
      Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip
      Kenner.

                                        _MP_
                                 Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _Michael Peca_, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual _and_ as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: _10 - 30 - 09_   By: _[signature]_
                                    Signature of Member

Print name: _Michael Peca_

Address: _46 Golden Pheasant_
_Getzville NY 14068_

e-mail: _kmpgp@aol.com_

_[initials]_
Member's Initials

## BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law

THOMAS M. BAKER

BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX,.ARIZONA 85014

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:   <u>**Conflict of Interest/Dual Representation Notification and Waiver**</u>
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability
Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against
Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and
on behalf of Little Isle IV, LLC and Ula Makika, LLC.  The case was initially filed in the
Maricopa County Superior Court and subsequently removed by the Defendant to the United
States District Court, District of Arizona, where it has been assigned to the Honorable Susan R.
Bolton. The case number is CV09-014PHX-SRB.  To date, Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan
A. Dessaules, DESSAULES LAW GROUP.  Mr. Jowdy is represented by Brian C. Lake and
James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A.  The gist of the
lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC.  Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which
have not been repaid to be approximately $5,000,000.00.  This is the estimated principal only,
exclusive of any accrued interest.  In summary, Mr. Jowdy denies that the monies were loans but
rather characterizes them as investments.  Mr. Jody also asserts that even if the monies were
loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of
$250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543)
precludes their recovery.  Mr. Jowdy also asserts that the promissory note at issue contains his
forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for
Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC.  Consequently, Mr. Kenner desires to
retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these
proceedings in place and stead of Messrs. Harper and Dessaules.  In order for the undersigned to

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual
Representation Notification and Waiver has been prepared for you to read, review with an
independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

**(a) A lawyer employed or retained by an organization represents the
organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person
associated with the organization is engaged in action, intends to act or refuses to act
in a matter related to the representation that is a violation of a legal obligation to the
organization, or a violation of law that reasonably might be imputed to the
organization, and that is likely to result in substantial injury to the organization, the
lawyer shall proceed as is reasonably necessary in the best interest of the
organization. Unless the lawyer reasonably believes that it is not necessary in the best
interest of the organization to do so, the lawyer shall refer the matter to higher
authority in the organization, including, if warranted by the circumstances, to the
highest authority that can act on behalf of the organization as determined by
applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority
that can act on behalf of the organization insists upon or fails to address in a timely
and appropriate manner an action or refusal to act, that is clearly a violation of law,
and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in
substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not
Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably
believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's
representation of an organization to investigate an alleged violation of law, or to
defend the organization or an officer, employee or other constituent associated with
the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

### ER 1.7. Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

      (2) the representation is not prohibited by law; and

      (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

      As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1.    Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2.    Little Isle IV, LLC et. al. v. Kenneth A. Jowdy; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3.    Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4.    Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5.    Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6.    Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7.    Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8.    Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9.    <u>Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10;</u> United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10.   <u>Glen Murray  v.  Kenneth Jowdy;</u> District Court, Nevada; A571987, Dept. XXII (pending)

11.   <u>Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v.  Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12.   <u>Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v.  Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD.  These cases are numbered 1, 3 and 4 above.  The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd.  This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted.  Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer).  Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries).  Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you.  These include defending lawsuits brought by Ethan Moreau, and Owen Nolan.  However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such
representation of Phil Kenner or Tommy Constantine under circumstances in which I do not
possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner,
Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth
above), I also ask you to read, review with an independent attorney of your choice and, if in
agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation
Notification and Waiver as it relates to representing Philip Kenner, individually, and as
managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court,
District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)   Give up the right to disqualify the Undersigned from representing Phil Kenner,
      Tommy Constantine or any of my other present or future clients in any transaction
      or litigation that might be adverse to you;
(2)   Give up the right to assert that the Undersigned owes, or owed you, any fiduciary
      or other attorney-client duty in connection with any transaction or litigation in the
      future;
(3)   Give up the right to bring suit against the Undersigned (or any employees thereof)
      in connection with any transaction or litigation in the future as described above;
(4)   Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC
      and Ula Makika, LLC; and, waive the right to assert any conflict of interest in
      violation of Arizona Rules of Professional Conduct, including, but not limited to,
      ER 1.13 and 1.7;
(5)   Waive any alleged fiduciary or other attorney-client duty in connection with any
      such transaction or litigation as described above;
(6)   Not to hold the undersigned or his law firm responsible or liable for any direct,
      indirect or consequential harm resulting in any way from any act, error, or
      omission of the former counsel as they relate to the pleadings filed, positions
      taken , arguments made or any other procedural acts, errors or omissions relating
      to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in
      2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as
      a member of Little Isle IV;
(7)   Member understands and accepts that the undersigned will only agree to accept
      this case if he consents to the terms and conditions set forth within this Conflict of
      Interest/Dual Representation Notification and Waiver. Members' consent is a
      material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

        Therefore, members agree that the terms of this Conflict of Interest/Dual
Representation Notification and Waiver are irrevocable;

(8)    Member agrees that faxed copies, photocopies or electronic signatures may be
used in lieu of original signatures and shall be deemed an original. This Conflict
of Interest/Dual Representation Notification and Waiver shall be construed,
interpreted and enforced in accordance with the laws of the State of Arizona.

        I request that you signify your informed written consent to the above by signing the
Conflict of Interest/Dual Representation Notification and Waiver set forth below and then
returning this letter to me. A copy is also enclosed for your personal records. I encourage you
first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual
Representation Notification and Waiver and I emphasize that you remain completely free to
consult with independent legal counsel at any time even if you decide to sign this Conflict of
Interest/Dual Representation Notification and Waiver.

        If you have any questions, please do not hesitate to call.

                            Sincerely,

                            Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen          Jason Woolley
       Brian Campbell      Darryl Sydor
       Bryan Berard        Brad Isbister
       Vladimir Tsyplakov    Greg deVries
       Travis Green        Sergei Gonchar
       Jerry G. Glatt       Glen Murray
       Philip J. Stock      Josef Stumpel
       Chris Simon        Turner Stevenson
       Michael Peca       Steven Rucchin
       Tyson Nash        Mattias Norstrom
       Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau,
Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip
Kenner.

                            Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _Raymond Murray_, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, E.R 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr. Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: _11·10·09_       By: _____
                            Signature of Member

Print name: _Raymond Murray_

Address: _60593 Balmoral Way_
_Rochester MI 48306_

e-mail: _krmurray @ nhfpa.com_

_____
Member's Initials

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:   ***Conflict of Interest/Dual Representation Notification and Waiver***
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability
Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against
Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and
on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the
Maricopa County Superior Court and subsequently removed by the Defendant to the United
States District Court, District of Arizona, where it has been assigned to the Honorable Susan R.
Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan
A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and
James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the
lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which
have not been repaid to be approximately $5,000,000.00. This is the estimated principal only,
exclusive of any accrued interest. In summary, Mr. Jowdy denies the monies were loans but
rather characterizes them as investments. Mr. Jody also asserts that even if the monies were
loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of
$250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543)
precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his
forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for
Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to
retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these
proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

*S. G.*

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

S. G.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

_S. G._

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

S. G.
Member's Initials

September 23, 2009
Page 5

9.  <u>Ethan Moreau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10;</u> United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. <u>Glen Murray v. Kenneth Jowdy;</u> District Court, Nevada;A571987, Dept. XXII (pending)

11. <u>Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12. <u>Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

S. C.
Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

$\mathcal{S}.\mathcal{G}$

Member's Initials

September 23, 2009
Page 7

        Therefore, members agree that the terms of this Conflict of Interest/Dual
Representation Notification and Waiver are irrevocable;

(8)     Member agrees that faxed copies, photocopies or electronic signatures may be
used in lieu of original signatures and shall be deemed an original.  This Conflict
of Interest/Dual Representation Notification and Waiver shall be construed,
interpreted and enforced in accordance with the laws of the State of Arizona.

       I request that you signify your informed written consent to the above by signing the
Conflict of Interest/Dual Representation Notification and Waiver set forth below and then
returning this letter to me.  A copy is also enclosed for your personal records.  I encourage you
first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual
Representation Notification and Waiver and I emphasize that you remain completely free to
consult with independent legal counsel at any time even if you decide to sign this Conflict of
Interest/Dual Representation Notification and Waiver.

       If you have any questions, please do not hesitate to call.

                         Sincerely,

                         Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen             Jason Woolley
       Brian Campbell          Darryl Sydor
       Bryan Berard             Brad Isbister
       Vladimir Tsyplakov       Greg deVries
       Travis Green            Sergei Gonchar
       Jerry G. Glatt           Glen Murray
       Philip J. Stock          Josef Stumpel
       Chris Simon            Turner Stevenson
       Michael Peca            Steven Rucchin
       Tyson Nash             Mattias Norstrom
       Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau,
Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip
Kenner.

                                       *S. G.*

                                    Member's Initials

September 23, 2009
Page 8

---

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, *Sergei Gonchar*, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken, arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: *10/11/09*                    By: _____
                                        Signature of Member

                                     Print name: *S. Gonchar*

                                     Address: *2331 Fisher Island dr*
                                     *Miami Beach Fl 33109*

                                     e-mail: _____

                                                   *S.G.*
                                     Member's Initials

# BAKER & BAKER
Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009



Re:   **_Conflict of Interest/Dual Representation Notification and Waiver_**
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

$\mathcal{R}$
Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

_Member's Initials_

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know.  To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9. Ethan Moreau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. Glen Murray v. Kenneth Jowdy; District Court, Nevada;A571987, Dept. XXII (pending)

11. Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12. Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions  relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.  This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

          Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)     Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me.  A copy is also enclosed for your personal records.  I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.

Sincerely,

Thomas M. Baker

TMB\tg
Enclosure

Cc:     Jere Lehtinen               Jason Woolley
        Brian Campbell           Darryl Sydor
        Bryan Berard              Brad Isbister
        Vladimir Tsyplakov     Greg deVries
        Travis Green              Sergei Gonchar
        Jerry G. Glatt            Glen Murray
        Philip J. Stock          Josef Stumpel
        Chris Simon              Turner Stevenson
        Michael Peca             Steven Rucchin
        Tyson Nash              Mattias Norstrom
        Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _STEVEN RUCCHIN_, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: _10/11/09_                    By: _____
                                          Signature of Member

                                     Print name: _STEVEN RUCCHIN_

                                     Address: _614 ACACIA AVE_
                                     _Corona del Mar, CA 92625_

                                     e-mail: _srucchin@nhlpa.com_

                                                    _____
                                                    Member's Initials

RECEIVED
OCT 26 2009
By_____

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA  85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re: ***Conflict of Interest/Dual Representation Notification and Waiver***
    Little Isle IV, LLC, a Delaware Limited Liability Company;
    Ula Makika, LLC, a Delaware Limited Liability Company;
    Philip A. Kenner.
    2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC.  The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC.  Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest.  In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery.  Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC.  Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules.  In order for the undersigned to



Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

*TS*
Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

(g) **A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al. v. Kenneth A. Jowdy; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

*TS*

Member's Initials

September 23, 2009
Page 5

9. <u>Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10;</u> United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. <u>Glen Murray  v.  Kenneth Jowdy;</u> District Court, Nevada; A571987, Dept. XXII (pending)

11. <u>Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12. <u>Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

*TS*
Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.  This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.

_TS_
Member's Initials

September 23, 2009
Page 7

        Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)    Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

        I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me.  A copy is also enclosed for your personal records.  I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

        If you have any questions, please do not hesitate to call.

                                  Sincerely,

                                    Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen             Jason Woolley
       Brian Campbell          Darryl Sydor
       Bryan Berard             Brad Isbister
       Vladimir Tsyplakov      Greg deVries
       Travis Green             Sergei Gonchar
       Jerry G. Glatt           Glen Murray
       Philip J. Stock          Josef Stumpel
       Chris Simon            Turner Stevenson
       Michael Peca           Steven Rucchin
       Tyson Nash             Mattias Norstrom
       Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

                                          _TS_
                                      Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _Turner Stevenson_____, acknowledge the foregoing seven (7)
page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of
Professional Conduct. I hereby consent and agree to the terms and conditions described therein,
including, but not limited to: (1) Give up the right to disqualify the Undersigned from
representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any
transaction or litigation that might be adverse to you; (2) Give up the right to assert that the
Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with
any transaction or litigation in the future; (3) Give up the right to bring suit against the
Undersigned (or any employees thereof) in connection with any transaction or litigation in the
future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little
Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in
violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and
1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such
transaction or litigation as described above; (6) Not to hold the undersigned or his law firm
responsible or liable for any direct, indirect or consequential harm resulting in any way from any
act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken ,
arguments made or any other procedural acts, errors or omissions relating to their prior
representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.
This specifically includes you as an individual _and_ as a member of Little Isle IV; (7) Member
understands and accepts that the undersigned will only agree to accept this case if he consents to
the terms and conditions set forth within this Conflict of Interest/Dual Representation
Notification and Waiver. Members' consent is a material inducement and requisite for the
undersigned to accept this case. Therefore, members agree that the terms of this Conflict of
Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that
faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and
shall be deemed an original. This Conflict of Interest/Dual Representation Notification and
Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of
Arizona.

Dated: _Oct 15 2009_____     By: _____

Signature of Member

Print name: _TURNER STEVENSON_

Address: _5623   245th   Ave NE_
_Redmond   WA   98053_

e-mail: _Kimandturner@hotmail.com_

_TS_
Member's Initials

BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
6080 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:    **_Conflict of Interest/Dual Representation Notification and Waiver_**
       Little Isle IV, LLC, a Delaware Limited Liability Company;
       Ula Makika, LLC, a Delaware Limited Liability Company;
       Philip A. Kenner.
       2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

       You are listed as a member in Little Isle IV, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

       Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

_7N_
Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual
Representation Notification and Waiver has been prepared for you to read, review with an
independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

### ER 1.13. Organization as Client

(a) A lawyer employed or retained by an organization represents the
organization acting through its duly authorized constituents.

(b) If a lawyer for an organization knows that an officer, employee or other person
associated with the organization is engaged in action, intends to act or refuses to act
in a matter related to the representation that is a violation of a legal obligation to the
organization, or a violation of law that reasonably might be imputed to the
organization, and that is likely to result in substantial injury to the organization, the
lawyer shall proceed as is reasonably necessary in the best interest of the
organization. Unless the lawyer reasonably believes that it is not necessary in the best
interest of the organization to do so, the lawyer shall refer the matter to higher
authority in the organization, including, if warranted by the circumstances, to the
highest authority that can act on behalf of the organization as determined by
applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority
that can act on behalf of the organization insists upon or fails to address in a timely
and appropriate manner an action or refusal to act, that is clearly a violation of law,
and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in
substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not
Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably
believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's
representation of an organization to investigate an alleged violation of law, or to
defend the organization or an officer, employee or other constituent associated with
the organization against a claim arising out of an alleged violation of law.

_____
Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

TN
Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al. v. Kenneth A. Jowdy; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

TN
Member's Initials

September 23, 2009
Page 5

9. Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. Glen Murray  v.  Kenneth Jowdy; District Court, Nevada; A571987, Dept. XXII (pending)

11. Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12. Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

TN
Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

TW
Member's Initials

September 23, 2009
Page 7

Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)  Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me. A copy is also enclosed for your personal records. I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.

Sincerely,

Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen              Jason Woolley
       Brian Campbell            Darryl Sydor
       Bryan Berard              Brad Isbister
       Vladimir Tsyplakov        Greg deVries
       Travis Green              Sergei Gonchar
       Jerry G. Glatt            Glen Murray
       Philip J. Stock           Josef Stumpel
       Chris Simon               Turner Stevenson
       Michael Peca              Steven Rucchin
       Tyson Nash                Mattias Norstrom
       Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

TN
Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _____TYSON   NASH_____, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: ___Oct  19ᵗʰ  2009___     By: _____
                                          Signature of Member

                                  Print name: ___TYSON  NASH___

                                  Address: ___17781  N  93ʳᵈ  WAY___
                                  _____

                                  e-mail: ___Tysu.nash@phoenix coyoter.com___

                                          _____
                                          Member's Initials

**BAKER & BAKER**
Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1844
FACSIMILE (602) 263-9028

September 23, 2009

Re:   *Conflict of Interest/Dual Representation Notification and Waiver*
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner,
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle IV, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

*TV*

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

*TV*

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

$TV$

Member's Initials

September 23, 2009
Page 4

    (2) the representation is not prohibited by law; and

    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

    As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1.   Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2.   Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 –cv-00142-PHX-SRB (this case)

3.   Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4.   Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5.   Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6.   Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7.   Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8.   Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

_TV_
Member's Initials

September 23, 2009
Page 5

9.      Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC;
        Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii
        LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja
        Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code
        Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court,
        Central District of California (Western Division – Los Angeles); 2:08-cv-08640-
        CBM-PJW (pending)

10.     Glen Murray  v.  Kenneth Jowdy; District Court, Nevada; A571987, Dept. XXII
        (pending)

11.     Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov,
        Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri
        Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of
        the State of California, County of Los Angeles – Central District; (pending)

12.     Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir
        Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri
        Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;
        Superior Court of the State of California, County of Los Angeles – Central District;
        (pending)


        Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard
Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management
Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the
above 12 cases constitutes a complete listing of all court cases which could be considered as litigation
relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or
Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the
time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which
were filed, are pending or have concluded in a United States District Court (including this case) can be
monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are
pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored
or reviewed through that Court's electronic filing system (case history/minute entries). Your
independent counsel should know how to do this or can assist you in finding out how to do so.

        In this regard, the Undersigned has disclosed his past and ongoing representation of Phil
Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine;
Constantine Management Group, Ltd, in matters that are not currently adverse to you. These
include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the
nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must
preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors,
LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

                                                                        TV
                                                                _____
                                                                Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)   Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)   Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)   Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)   Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)   Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)   Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)   Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

        Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)    Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

       I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me. A copy is also enclosed for your personal records. I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

       If you have any questions, please do not hesitate to call.

                  Sincerely,

                  Thomas M. Baker

TMB\tg
Enclosure

Cc:   Jere Lehtinen          Jason Woolley
      Brian Campbell       Darryl Sydor
      Bryan Berard         Brad Isbister
      Vladimir Tsyplakov    Greg deVries
      Travis Green         Sergei Gonchar
      Jerry G. Glatt        Glen Murray
      Philip J. Stock       Josef Stumpel
      Chris Simon         Turner Stevenson
      Michael Peca        Steven Rucchin
      Tyson Nash          Mattias Norstrom
      Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

*TV*
Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _Vladimir Tsyplakov_, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: _10. 20. 2009_ By: _____
                              Signature of Member

Print name: _Vladimir Tsyplakov_

Address: _Belarus   Minsk_
_Alibegova   21   ap 71_

e-mail: _tsypa @ tut. by_

_TV_
Member's Initials