ORIGINAL

FILED
SEP 19  3 29 PM '08

*[signature]*
CLERK OF THE COURT

**COMP**
Philip J. Dabney, Esq. (3391)
Lars K. Evensen, Esq. (8061)
**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169
(702) 669-4600
*Attorneys for Plaintiff Glen Murray*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

GLEN MURRAY,

        Plaintiff,

v.

KENNETH JOWDY; MARK THALMANN; DOES I through X, inclusive,

        Defendants.

CASE NO.: A571984
DEPT. NO.: XXII

**COMPLAINT**

**Exempt from Arbitration:
Damages in Excess of $50,000
Concerns Title of Real Property**

COMES NOW, GLEN MURRAY, the above-named Plaintiff, by and through its counsel, of the law firm Holland & Hart, LLP, and for his cause of action against the Defendant, KENNETH JOWDY, claims and alleges as follows:

### PARTIES AND JURISDICTION

1. Glen Murray (hereinafter "Murray"), at all times material hereto, was and is a resident of the State of California.

2. Kenneth Jowdy (hereinafter "Jowdy"), at all times material hereto, was and is a resident of Las Vegas, Nevada.

3. This Court has jurisdiction over the parties and subject matter.

4. Venue is proper as the agreement referred to hereinafter was performed within the territory and the jurisdiction of this Court.

5. Upon information and belief, DOES I through X individuals and/or entities, who are in existence and are directly, jointly and/or severally liable to Murray for the matters set forth

- 1 -

herein. Murray believes these Defendants are individuals and/or entities that may be responsible for payment of the sums set forth herein or claim an interest in some or all of the real properties described herein, including, but not limited to, ownership interest, financial stake, or priority claim, which may be affected by this action. The exact names/or entities of said unknown Defendants are presently unknown to Murray, who therefore sues the unknown Defendants using fictitious names. At the time Murray discovers the true names and/or identities of said unknown Defendants, Murray will move to amend this Complaint to include their true names and/or identities.

### GENERAL ALLEGATIONS

6. At all times material hereto, Phillip A. Kenner ("Kenner") was a business advisor to and had power of attorney for Murray.

7. At all times material hereto, Jowdy was aware that Kenner was acting as an agent of Murray.

8. Upon information in June of 2005, Jowdy signed a purchase and sale agreement to purchase three residential units, unit 25320, unit 25322, and unit 58308 at property commonly referred to as the Palms Place in Las Vegas, Nevada.

9. The total down payment/deposit due on these three units was approximately $791,410.00 or twenty percent of the total value of the three Palms Place units.

10. Upon information, Jowdy began to solicit for a loan for $800,000.00 in order to make the down payment/deposit on the three Palms Place units.

11. Jowdy offered the following repayment terms on the loan to Murray's agent, Kenner: repayment of the principal ($800,000) plus ten (10%) percent interest ($80,000) within thirty (30) days from the date the loan is made.

- 2 -

12. Kenner and Jowdy, in the years prior, were business partners and associates in several business ventures and were partners and associates in other business ventures at the time Jowdy solicited a loan for the three Palms Place units.

13. Jowdy had sought and obtained several previous loans with the assistance of Kenner.

14. On or about August 11, 2005, Jowdy asked Murray's agent, Kenner, to have Murray lend him approximately $800,000.00 with the following repayment terms: ten (10%) percent interest due thirty (30) days from closing.

15. Murray authorized Kenner to lend Jowdy monies.

16. On or about August 11, 2005, Philip A. Kenner, on behalf of Murray, verbally agreed to lend Jowdy $791,410.00 to be repaid within thirty (30) days plus ten percent interest on the principal amount (the "Oral Loan Agreement").

17. Jowdy requested, under the Oral Loan Agreement, that Murray wire these funds directly to the escrow company's bank account at Wells Fargo Bank, N.A.

18. On August 12, 2005, Murray, through his agent and attorney in fact, Kenner, wired a total of $791,410.00 in three separate wires to the Palms Place's escrow agent, Stuart Title's Bank, Wells Fargo Bank, N.A.

19. On or about August 30, 2005, Jowdy transferred the Murray Oral Loan Agreement funds to another escrow company, Fidelity National Title Agency of Nevada, Inc.

20. Jowdy then used the Murray Oral Loan Agreement funds to purchase a home located at 74 Innisbrook Avenue, in Las Vegas, Nevada (the "House").

21. Jowdy, with the use of the Oral Loan Agreement funds, purchased the home located at 74 Innisbrook Avenue in joint tenancy with Mark Thalmann.

22. Murray, by and through Kenner, has demanded Jowdy pay the monies due, including principal and interest, under the Oral Loan Agreement.

23. Jowdy has refused and failed to pay the monies.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

24. Murray hereby incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as if set forth fully herein.

25. Pursuant to the terms of the Oral Loan Agreement, between Jowdy and Murray, by and through Murray's agent Kenner, Jowdy received $791,410.00.

26. Pursuant to the terms of the Oral Loan Agreement, Jowdy was to pay these monies back to Murray within 30-days plus interest at ten (10%) percent.

27. Jowdy breached the aforementioned Oral Loan Agreement by failing to pay Murray in full under the terms of the agreement within 30-days.

28. As a direct and proximate result of Jowdy's breach, Jowdy has caused Murray damages in excess of $10,000.

29. It has been necessary for Murray to retain legal counsel, and therefore, Murray is entitled to an award of its costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

30. Murray realleges and reincorporates herein by this reference each and every allegation contained in paragraphs 1 through 30 as though set forth fully herein.

31. Murray and Jowdy entered into a valid and enforceable contract.

32. In every contract, there exists an implied covenant of good faith and fair dealing between the parties to the contract.

33. Jowdy has breached the implied covenant of good faith and fair dealing by committing all of the acts alleged herein and by failing to perform acts and by performing acts

contrary to the intent of the contract by and between Murray and Jowdy, thereby denying Murray's reasonable expectations under the contract.

34. Jowdy's breach of the implied covenant of good faith and fair dealing has damaged Murray in an amount in excess of $10,000.

35. It has been necessary for Murray to retain legal counsel, and therefore, Murray is entitled to an award of its costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment)

36. Murray realleges and reincorporates herein by this reference each and every allegation contained in paragraphs 1 through 35 as though set forth fully herein.

37. Jowdy sought and obtained monies from Murray.

38. Murray had the reasonable expectation to be paid the monies loaned to Jowdy within 30-days.

39. Jowdy knew or should have known he would have to repay the monies to Murray.

40. Jowdy has unjustly retained Murray's monies, even after Murray has demanded the return of said monies.

41. Jowdy has benefited from retaining and the use of Murray's monies.

42. Jowdy has been unjustly enriched to the detriment of Murray.

43. Murray has been damaged in an amount in excess of $10,000, plus interest, costs and attorney fees.

44. It has been necessary for Murray to retain legal counsel, and therefore, Murray is entitled to an award of its costs and reasonable attorneys' fees.

///

## FOURTH CAUSE OF ACTION

### (Constructive Trust)

45. Murray realleges and reincorporates herein by this reference each and every allegation contained in paragraphs 1 through 44 as though set forth fully herein.

46. Jowdy and Kenner, Murray's agent, prior to June 2005, had a long-term business relationship as partners in several entities.

47. Jowdy, based on that relationship, sought funds by and through Kenner based on that relationship.

48. Based on the confidential relationship between Jowdy and Kenner, Murray's agent, Jowdy was able to enter into an oral contract and obtain the Oral Loan Agreement funds.

49. Jowdy represented he would use Murray's funds to purchase the three Palms Place units, but used the monies to purchase the House.

50. Jowdy then used the monies to purchase the House and holds an interest in the House, in trust, for the benefit and security of Murray.

51. Retention of the monies and related real property interest by Jowdy, obtained through this confidential relationship between Jowdy and Kenner, to the detriment of Murray would be inequitable.

52. Murray has been damaged in an amount in excess of $10,000, plus interest, costs and attorney fees.

53. It has been necessary for Murray to retain legal counsel, and therefore, Murray is entitled to an award of its costs and reasonable attorneys' fees.

/ / / /

**WHEREFORE**, Murray prays for judgment against Defendants, and each of them, as follow:

1. Against Defendants in an amount of excess of $10,000;

2. Against Defendants for pre-judgment interest on all amounts due and owing;

3. Against Defendants for attorneys' fees and costs;

4. Against Defendants for such other and further relief as the Court deems just and proper.

Dated this the 19TH day of September, 2008.

HOLLAND & HART LLP

Philip J. Dabney, Esq. (3391)
Lars K. Evensen, Esq. (8061)
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

3925788_1.DOC

- 7 -