# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## LITTLE ISLE IV, LLC

AGREEMENT, dated as of April 26, 2006, among each of the members who has executed the signature page hereof (a "Member").

W I T N E S S E T H:

WHEREAS, Big Isle IV Ventures, LLC (the "Company") was formed on June 13, 2005 by the filing of a Certificate of Formation with the Secretary of State of the State of Delaware;

> Ex. N -- the 2004 By-Laws

WHEREAS, Philip A. Kenner, as the Managing Member of the Company, previously adopted By-Laws for the Company (the "By-Laws"), in order to complete the formation of the Company; and

WHEREAS, other Members (who are identified on Schedule B to this Agreement) have been admitted into the Company and all of the Members wish to enter into this Agreement to replace the By-Laws in its entirety and to set forth their understanding as to the management of the business and affairs of the Company;

NOW, THEREFORE, the parties, in consideration of the mutual agreements set forth below, agree, as follows:

## ARTICLE I
## FORMATION, NAME, PURPOSE, TERM AND TAX MATTERS

Section 1.1    *Formation, Name and Office.*

(a)    The Company was formed on June 13, 2006 as a limited liability company pursuant to the Delaware Limited Liability Company Act (as it may be amended from time to time, the "Act").  The name of the Company shall be "Big Isle IV Ventures, LLC" unless changed by the Managing Member, in his sole discretion.

(b)    The Company shall have its principal office at 10705 East Cactus Road, Scottsdale, Arizona 85259, and may change such office, or open such other places of business at such locations, as the Managing Member may from time to time determine or as the business and affairs of the Company may require.

Section 1.2    *Purpose.*  The Company has been organized to acquire and develop two parcels of real estate in Hawaii, the legal descriptions of which are set forth in Schedule A to this Agreement (together, the "Property").  Subject to the remaining provisions of this Section 1.2, (i) the Company may engage in any lawful business of every kind and character for which a limited liability company may be organized under the Act or any successor statute and (ii) the Company shall have all of the powers provided for a limited liability company under the Act.  The Company anticipates that it will borrow money from Lehman Brothers Holdings

NEWYORK.497719.1

PKHOME-00012531

Inc. ("Lehman")  So long as any such indebtedness to Lehman (or its successors and assigns) is outstanding the following shall apply:

(a)     the Company shall not own any assets other than the Property (including incidental personal property necessary for the operation of the Property and any proceeds therefrom);

(b)     the Company shall not engage in any business, directly or indirectly, other than the ownership, management and operation of the Property;

(c)     the Company shall not enter into any contract or agreement with any Member, trustee, beneficiary, principal or other Affiliate (as defined in Section 9.8 hereof) of the Company except on terms and conditions that are intrinsically fair and substantially similar to those that would be available on an arms'-length basis with third parties other than any such affiliate;

(d)     the Company shall not incur any debt, secured or unsecured, direct or contingent (including guaranteeing any obligation), other than (i) the contemplated indebtedness to Lehman and (ii) trade payables or accrued expenses incurred in the ordinary course of business of operating the Property;

(e)     the Company shall not make any loan or advances to any person or entity;

(f)     the Company shall endeavor to remain solvent and pay its own liabilities, indebtedness, and obligations of any kind from its own separate assets as the same shall become due;

(g)     the Company shall do all things necessary to preserve its existence, and shall not, nor shall any Member trustee, beneficiary, principal or Affiliates amend, modify or otherwise change its Certificate of Formation or this Agreement in any manner;

(h)     the Company shall continuously maintain its existence and be qualified to do business in all states necessary to carry on its business, including Hawaii;

(i)     the Company shall conduct and operate its business as presently conducted and operated;

(j)     the Company shall maintain books and records and bank accounts separate from those of its members, trustees, beneficiaries, principals, Affiliates, and any other person or entity;

(k)     the Company shall be, and at all times shall hold itself out to the public as, a legal entity separate and distinct from any other (including any of its members, trustees, beneficiaries, principals and Affiliates, and not as a department or division of any entity;

(l)     the Company shall file its own tax returns;

2

PKHOME-00012532

(m)   the Company shall maintain adequate capital for the normal obligations reasonably foreseeable in a business of its size and character and in light of its contemplated business operations;

(n)   the Company shall not seek, acquiesce in, or suffer or permit its liquidation, dissolution or winding up, in whole or in part;

(o)   the Company shall not enter into any transaction of merger or consolidation, or acquire by purchase or otherwise all or substantially all of the business or assets of, or any stock of beneficial ownership of, any person or entity;

(p)   the Company shall not commingle or permit to be commingled its funds or other assets with those of any other person or entity;

(q)   the Company shall maintain its assets in such a manner that it is not costly or difficult to segregate, ascertain or identify its individual assets from those of any other person or entity;

(r)   the Company shall not hold itself out to be responsible for the debts or obligations of any other person or entity;

(s)   the Company shall not guarantee or otherwise become liable on or in connection with any obligation of any other person or entity;

(t)   the Company shall not do any act which would make it impossible to carry on its ordinary business;

(u)   the Company shall not possess or assign the Property for other than a business or company purpose;

(v)   the Company shall not hold title to its assets other than in its name;

(w)   the Company shall not institute proceedings to be adjudicated bankrupt or insolvent; consent to the institution of bankruptcy or insolvency proceedings against it; file a petition seeking, or consent to, reorganization or relief under any applicable federal or state law relating to bankruptcy; consent to the appointment of a receiver, liquidator, assignee, trustee, sequestrator (or other similar official) of it or a substantial part of its property; or make any assignment for the benefit of creditors; or admit in writing its inability to pay its debts generally as they become due; and

(x)   the Company shall comply with all (and shall not suffer to be inaccurate any) of the assumptions, statements, certifications, representations, warranties and covenants regarding or made it contained in or appended to any opinion of its legal counsel delivered in connection with its transactions with Lehman.

Section 1.3   *Term.*   The term of the Company commenced on the date the Company was formed and shall continue until December 31, 2099 or until earlier terminated as provided in Article V.

PKHOME-00012533

Section 1.4    *Tax Matters.*

(a)    As long as Philip A. Kenner is a Member, he shall serve as the Company's "Tax Matters Partner" for purposes of the Internal Revenue Code. If he ceases to be a Member, the then Members shall appoint a new Tax Matters Partner.

(b)    The fiscal year of the Company shall be the calendar year.

ARTICLE II
CAPITAL CONTRIBUTIONS

Capital contributions have been made by the Members in cash or property in the amounts set forth in the records of the Company.

ARTICLE III
DISTRIBUTIONS; PROFITS AND LOSSES

All distributions shall be made to the Members in accordance with the Percentage Interests, as set forth on Schedule B, which may be amended from time to time.

ARTICLE IV
MANAGEMENT

Section 4.1    *Managing Member.* As long as Philip A. Kenner is a Member, he shall serve as the Company's Managing Member. The Company shall be managed and operated exclusively by the Managing Member. The other Members shall have no part in the management of the Company. The Managing Member shall have complete, unrestricted authority and right to act on behalf of the Company in connection with any matter, including, without limitation, (i) to invest, reinvest, trade and dispose of all of the Company's cash, securities and other assets, (ii) to acquire, develop, manage, lease, dispose and otherwise deal with real and personal property of any kind, (iii) to effect borrowings on behalf of the Company, (iv) to open, maintain and close bank, brokerage and custodial accounts and, generally, to arrange for the transfer and custody of investments and other assets of the Company, (v) to execute any agreement, contract, certificate or instrument that the Managing Member deems necessary or desirable in connection with the conduct of the Company's business or affairs, (vi) to incur expenditures for the conduct of the Company's business, (vii) to institute and defend litigation, arbitrations, investigations and proceedings of any kind on behalf of the Company, (viii) to appoint one or more other persons as officers of the Company, with such titles, powers and responsibilities as the Managing Member may determine, and (ix) generally, to engage in any kind of activity necessary or desirable to achieve the purposes of the Company and as may be lawfully carried on or performed by a Company under the laws of each jurisdiction in which the Company is then doing business.

Section 4.2    *Reliance on Authority.* Any party dealing with the Company shall be entitled to rely conclusively on the power and authority of the Managing Member as set forth herein. Further, any party dealing with the Company or the Managing Member may rely on a certificate signed by the Managing Member, as to (a) the identity of the Managing Member, any other Member or any officer of the Company, (b) the existence or nonexistence of any fact which

4

PKHOME-00012534

constitutes a condition precedent to acts by the Managing Member or any agent or employee of the Company or which are in any other manner pertinent to the affairs of the Company, (c) the authority of the Managing Member or any officer, agent or employee of the Company to execute and deliver any instrument or document of the Company, (d) any act or failure to act by the Company or (e) as to any other matter whatsoever involving the Company.

Section 4.3    *Delegation to Agents and Officers.*  The Managing Member may delegate functions relating to the day-to-day operations of the Company to such officers, agents and employees as it may from time to time designate or appoint.  Such officers, agents and employees shall have such duties, powers, responsibilities and authority as may from time to time be prescribed by the Managing Member and may be removed from office at any time, with or without cause, in the sole discretion of the Managing Member.  In this regard, the Managing Member has appointed Chris Manfredi as Chief Operating Officer and Secretary of the Company.

Section 4.4    *Projects.*    The Managing Member shall appoint a Local Coordinator for each real estate project engaged in by the Company.  The Managing Member shall keep all Members informed on a timely basis regarding each project.

Section 4.5    *Meetings.*  No meetings of the Members shall be required, but may be called by the Managing Member or a majority in interest of the Members (determined with reference to Percentage Interests for all purpose of this Agreement) in their discretion.

ARTICLE V
TERMINATION

Section 5.1    *Events of Termination.*  The Company shall be dissolved and its affairs wound up in the event that:

(a)    the term of the Company expires;

(b)    the Members agree to terminate the Company; or

(c)    the complete withdrawal from the Company, death, permanent disability, bankruptcy or adjudication of incompetence by a court of competent jurisdiction of the Managing Member, unless a successor Managing Member is appointed by the vote of a majority in interest of the Members within 90 days following such event.

Section 5.2    *Voluntary Withdrawal Prohibited.*  No Member shall have the right to withdraw from the Company, nor shall any Member have the right to withdraw any part of his, her or its contributions to the capital of the Company, except in accordance with the provisions of this Agreement.

Section 5.3    *Winding Up.*  On dissolution of the Company, the Company shall wind up its affairs promptly in accordance with the directions of the Managing Member or a person designated by the Managing Member or a majority in interest of the Members as a "Liquidator".  The assets of the Company shall be sold within a reasonable period of time to the extent necessary to pay or provide for the debts and liabilities of the Company and the expenses

5

of dissolution and liquidation, and may be sold to the extent deemed commercially feasible by the Managing Member or Liquidator and all assets of the Company shall be applied and distributed as provided in Section 5.4.

Section 5.4     *Distributions.*   The proceeds of any dissolution of the Company shall be distributed in the following order of priority (to the extent that such order of priority is consistent with the laws of the State of Delaware):

(a)     first, to the payment of the debts and liabilities of the Company and the expenses of dissolution and liquidation;

(b)     then, to the establishment of any reserves which the Managing Member or Liquidator deems reasonably necessary for the payment of such other debts and liabilities of the Company (contingent or otherwise) as are specified by the Managing Member or Liquidator, and such reserves shall be held by a bank or trust company selected by the Liquidator, as escrow holder, to be disbursed as directed by the Managing Member or Liquidator in payment of any such specified debts and liabilities or, at the expiration of such period as the Managing Member or Liquidator may deem advisable, to be distributed in the manner hereinafter provided; and

(c)     then, to the Members as set forth in Article III.

Section 5.5     *Statements on Winding Up.*   On termination of the Company, a statement shall be prepared by the Company's independent public accountants, which shall set forth the assets and liabilities of the Company as of the date of termination.

## ARTICLE VI
## INTERESTS

A Member's interest in the Company shall be personal property for all purposes. All property owned by the Company shall be deemed to be owned by the Company as an entity, and no Member shall be deemed to own any such property or any portion thereof.

## ARTICLE VII
## REPORTS

The Managing Member shall have the authority, responsibility and obligation to cause to be prepared, with the assistance of the Company's accountants, any reports or returns required to be filed for and on behalf of the Company.   All charges of the Company's accountants shall be borne by the Company.

## ARTICLE VIII
## OTHER INTERESTS OF THE PARTNERS

Any Member, as well as any of his, her or its respective affiliates and partners, may engage in and possess an interest in other business ventures of every nature and description, whether or not in competition with or of a similar nature to the business of the Company, independently or with others, and neither the Company nor the other Members shall have any rights in and to such independent ventures or the profits, losses, income or distributions relating

6

PKHOME-00012536

thereto. Each Member shall promptly notify the other Members in writing should any conflict of interest arise.

ARTICLE IX

MISCELLANEOUS

Section 9.1   *Liability.*

(a)   The Members agree that the Company extends, and is limited, to only the rights and obligations provided in this Agreement, and nothing herein shall be construed to constitute any Member as the agent or partner of any other Member in the conduct of his, her or its respective businesses or activities.

(b)   No Member shall be liable to the Company or to any other Member for any act or omission of such Member, except to the extent that such act or omission results from his, her or its gross negligence, willful misconduct or fraud.

Section 9.2   *Indemnification.*

(a)   Each Member shall indemnify and hold the Managing Member and all of the other Members and, where applicable, the Company's officers, directors and shareholders, harmless from and against all claims, demands, losses or damages, including, without limitation, reasonable attorneys' fees (collectively, "Losses") which shall or may arise by reason of the indemnifying party's breach (directly or by agents or other representatives) of a provision of this Agreement or of any action outside the scope of this Agreement.

(b)   The Managing Member and each other Member shall be indemnified and held harmless by the Company from and against any Losses incurred by the Managing Member or such Member by reason of any act or omission performed or omitted by him, her or it, except to the extent that such act or omission is contrary to this Agreement or results from the Managing Member's or such Member's gross negligence or fraud.

(c)   Each party to be indemnified under Section 9.2(a) or 9.2(b) shall give each indemnifying party notice of any claim, demand, loss or damage subject to indemnification within thirty days after he, she or it has received actual notice thereof, and the indemnifying party shall be entitled to participate in or direct the defense of any action or proceeding involving such claim, demand, loss or damage; *provided, however,* that he, she or it employs counsel reasonably satisfactory to the indemnified party. An indemnifying party shall not be liable to an indemnified party in respect of settlements effected by the indemnified party without the written consent of the indemnifying party.

Section 9.3   *Further Assurances.* Each Member agrees to execute such further instruments and documents, and to take such further actions, as may be necessary in order to implement the intent and purposes of the provisions of this Agreement.

Section 9.4   *Integration.* This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and no alteration or modification hereof shall be binding unless in writing and signed by each Member.

7

PKHOME-00012537

Section 9.5 *Benefits and Obligations.* Except as otherwise specifically provided herein, this Agreement shall be binding upon and shall inure to the benefit of each Member and his, her o its successors and assigns, and no other person shall have any legal or equitable right, remedy or claim under or in respect of this Agreement.

Section 9.6 *Severability.* If any provision of this Agreement or portion thereof, or the application thereof to any person or circumstance, is held to be invalid or unenforceable, then the remainder of this Agreement, or the application of the provision or portion thereof to other persons or circumstances, shall not be affected thereby; *provided, however,* that if any provision or portion thereof, or its application, is held to be invalid or unenforceable, then a suitable or equitable provision shall be substituted therefor in order to carry out, so far as may be valid or enforceable, the intent and purpose of the invalid or unenforceable provision or portion thereof.

Section 9.7 *Enforcement of Provisions.* The failure to enforce any provision of this Agreement or to require performance by a Member of any provision hereof shall in no way be construed to be a waiver of such provision or to affect either the validity of this Agreement, or any part hereof, or the right of any Member thereafter to enforce each and every provision in accordance with the terms of this Agreement.

Section 9.8 *Definition of Affiliate.* For purposes of this Agreement, "affiliate" means with respect to any specified person or entity (a "Person"), (i) any Person that directly or indirectly through one or more intermediaries controls or is controlled by or is under common control with such Person, (ii) any Person owning or controlling 50% or more of the outstanding voting securities of or other ownership interests in such Person, (iii) any officer, director, partner, employee or member (direct or indirect and no matter how remote) of such Person, (iv) if such Person is an individual, any entity for which such Person directly or indirectly acts as an officer, director, partner, owner employee or member, (v) any entity in which such Person (together with the members of his family if the Person in question is an individual) owns, directly or indirectly through one or more intermediaries an interest in any class of stock (or other beneficial interest in such entity) of 10% or more, (vi) any family member of such Person or (vii) any direct or indirect owner of an interest in the Property.

Section 9.9 *Applicable Law.* This Agreement shall be construed and enforced in accordance with the laws of the State of Delaware applicable to agreements made and fully to be performed therein by residents thereof, and specifically, the Act.

Section 9.10 *Construction and Counterparts.* The headings in this Agreement are solely for convenience of reference and shall not affect its interpretation. As used herein, the singular includes the plural and the masculine, feminine and neuter genders each include the others. This Agreement may be executed in counterparts, each of which shall be an original, but all of which together shall constitute one instrument.

8

PKHOME-00012538

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____ | _____ |
| Bryan Berard | Dan Boyle |
| _____ | _____ |
| Brian Campbell | Greg deVries |
| _____ | _____ |
| Sergei Gonchar | Travis Green |
| _____ | _____ |
| Brad Isbister | Dimitri Khristich |
| _____ | _____ |
| Joe Juneau | Jere Lehtinen |
| _____ | _____ |
| Brad Lukowich | Ethan Moreau |
| _____ | _____ |
| Glen Murray | Kristine Myrick |
| _____ | _____ |
| Tyson Nash | Owen Nolan |
| _____ | _____ |
| Mattias Nordstrom | Michael Peca |
| _____ | _____ |
| Steve Rucchin | Chris Simon |
| _____ | _____ |
| Turner Stevenson | Philip Stock |
| _____ | _____ |
| Jozef Stumpel | Daryl Sydor |
| _____ | _____ |
| Vladmir Tsyplakov | Jason Woolley |

_____
Philip Kenner, Managing Member

9

PKHOME-00012539

## SCHEDULE A

### MEMBERS AND PERCENTAGES

| Name of Member | Percentage Interest |
|---|---|
| Bryan Berard | 6.36% |
| Dan Boyle | 2.25% |
| Brian Campbell | 2.25% |
| Greg deVries | 3.37% |
| Sergei Gonchar | 6.36% |
| Travis Green | 2.25% |
| Brad Isbister | 2.25% |
| Dimitri Khristich | 2.25% |
| Joe Juneau | 1.14% |
| Jere Lehtinen | 2.25% |
| Brad Lukowich | 0.56% |
| Ethan Moreau | 2.25% |
| Glen Murray | 7.87% |
| Kristine Myrick | 0.56% |
| Tyson Nash | 2.25% |
| Owen Nolan | 13.44% |
| Mattias Nordstrom | 7.74% |
| Michael Peca | 10.37% |
| Steve Rucchin | 6.82% |
| Chris Simon | 0.56% |
| Turner Stevenson | 2.25% |
| Philip Stock | 2.25% |
| Jozef Stumpel | 2.25% |

10

PKHOME-00012540

| | |
|---|---|
| Darryl Sydor | 7.85% |
| Vladmir Tsyplakov | 1.12% |
| Jason Woolley | 1.12% |
| Philip Kenner | 0.01% |

PKHOME-00012541

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

_____
Bryan Berard

_____
Brian Campbell

_____
Sergei Gonchar

_____
Brad Isbister

_____
Joe Juneau

_____
Brad Lukowich

_____
Glen Murray

_____
Tyson Nash

_____
Mattias Nordstrom

_____
Steve Rucchin

_____
Turner Stevenson

_____
Jozef Stumpel

_____
Vladmir Tsyplakov

_____
Dan Boyle

_____
Greg deVries

_____
Travis Green

_____
Dimitri  Khristich

_____
Jere Lehtinen

_____
Ethan Moreau

_____
Kristine Myrick

_____
Owen Nolan

_____
Michael Peca

_____
Chris Simon

_____
Philip Stock

_____
Daryl Sydor

_____
Jason Woolley

_____
Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

PKHOME-00012544

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____ Bryan Berard | _____ Dan Boyle |
| _____ Brian Campbell | _____ Greg deVries |
| _____ Sergei Gonchar | _____ Travis Green |
| _____ Brad Isbister | _____ Dimitri Khristich |
| _____ Joe Juneau | _____ Jere Lehtinen |
| _____ Brad Lukowich | _____ Ethan Moreau |
| _____ Glen Murray | _____ Kristine Myrick |
| _____ Tyson Nash | _____ Owen Nolan |
| _____ Mattias Nordstrom | _____ Michael Peca |
| _____ Steve Rucchin | _____ Chris Simon |
| _____ Turner Stevenson | _____ Philip Stock |
| _____ Jozef Stumpel | _____ Daryl Sydor |
| _____ Vladmir Tsyplakov | _____ Jason Woolley |

_____
Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

PKHOME-00012546

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

PKHOME-00012547

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

PKHOME-00012548

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____ <br> Bryan Berard | _____ <br> Dan Boyle |
| _____ <br> Brian Campbell | _____ <br> Greg deVries |
| _____ <br> Sergei Gonchar | _____ <br> Travis Green |
| _____ <br> Brad Isbister | _____ <br> Dimitri Khristich |
| _____ <br> Joe Juneau | _____ <br> Jere Lehtinen |
| _____ <br> Brad Lukowich | _____ <br> Ethan Moreau |
| _____ <br> Glen Murray | _____ <br> Kristine Myrick |
| _____ <br> Tyson Nash | _____ <br> Owen Nolan |
| _____ <br> Mattias Nordstrom | _____ <br> Michael Peca |
| _____ <br> Steve Rucchin | _____ <br> Chris Simon |
| _____ <br> Turner Stevenson | _____ <br> Philip Stock |
| _____ <br> Jozef Stumpel | _____ <br> Daryl Sydor |
| _____ <br> Vladmir Tsyplakov | _____ <br> Jason Woolley |

_____
Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

PKHOME-00012553

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladimir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |
| _____<br>Philip Kenner, Managing Member | |

9

PKHOME-00012555

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

_____
Bryan Berard

_____
Brian Campbell

_____
Sergei Gonchar

_____
Brad Isbister

_____
Joe Juneau

_____
Brad Lukowich

_____
Glen Murray

_____
Tyson Nash

_____
Mattias Nordstrom

_____
Steve Rucchin

_____
Turner Stevenson

_____
Jozef Stumpel

_____
Vladmir Tsyplakov

_____
Philip Kenner, Managing Member

_____
Dan Boyle

_____
Greg deVries

_____
Travis Green

_____
Dimitri  Khristich

_____
Jere Lehtinen

_____
Ethan Moreau

_____
Kristine Myrick

_____
Owen Nolan

_____
Michael Peca

_____
Chris Simon

_____
Philip Stock

_____
Daryl Sydor

_____
Jason Woolley

9

PKHOME-00012556

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

PKHOME-00012557

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

PKHOME-00012558

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

PKHOME-00012560

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

_____
Bryan Berard

_____
Brian Campbell

_____
Sergei Gonchar

_____
Brad Isbister

_____
Joe Juneau

_____
Brad Lukowich

_____
Glen Murray

_____
Tyson Nash

_____
Mattias Nordstrom

_____
Steve Rucchin

_____
Turner Stevenson

_____
Jozef Stumpel

_____
Vladmir Tsyplakov

_____
Philip Kenner, Managing Member

_____
Dan Boyle

_____
Greg deVries

_____
Travis Green

_____
Dimitri  Khristich

_____
Jere Lehtinen

_____
Ethan Moreau

_____Kristine Myrick_____
Kristine Myrick

_____
Owen Nolan

_____
Michael Peca

_____
Chris Simon

_____
Philip Stock

_____
Daryl Sydor

_____
Jason Woolley

9

PKHOME-00012561

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri Khristich |
| _____<br>Joe Juncau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

PKHOME-00012563

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Matias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |
| Philip Kenner, Managing Member | |

9

PKHOME-00012564

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

PKHOME-00012565

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| Bryan Berard | Dan Boyle |
| Brian Campbell | Greg deVries |
| Sergei Gonchar | Travis Green |
| Brad Isbister | Dimitri Khristich |
| Joe Juneau | Jere Lehtinen |
| Brad Lukowich | Ethan Moreau |
| Glen Murray | Kristine Myrick |
| Tyson Nash | Owen Nolan |
| Mattias Nordstrom | Michael Peca |
| Steve Rucchin | Chris Simon |
| Turner Stevenson | Philip Stock |
| Jozef Stumpel | Daryl Sydor |
| Vladmir Tsyplakov | Jason Woolley |

Philip Kenner, Managing Member

9

PKHOME-00012566

IN WITNESS WHEREOF, each Member has executed this Agreement as of the date first set forth above.

| | |
|---|---|
| _____<br>Bryan Berard | _____<br>Dan Boyle |
| _____<br>Brian Campbell | _____<br>Greg deVries |
| _____<br>Sergei Gonchar | _____<br>Travis Green |
| _____<br>Brad Isbister | _____<br>Dimitri  Khristich |
| _____<br>Joe Juneau | _____<br>Jere Lehtinen |
| _____<br>Brad Lukowich | _____<br>Ethan Moreau |
| _____<br>Glen Murray | _____<br>Kristine Myrick |
| _____<br>Tyson Nash | _____<br>Owen Nolan |
| _____<br>Mattias Nordstrom | _____<br>Michael Peca |
| _____<br>Steve Rucchin | _____<br>Chris Simon |
| _____<br>Turner Stevenson | _____<br>Philip Stock |
| _____<br>Jozef Stumpel | _____<br>Daryl Sydor |
| _____<br>Vladmir Tsyplakov | _____<br>Jason Woolley |

_____
Philip Kenner, Managing Member

9

PKHOME-00012567