10-28-09;04:20PM;unison                                              ;8047394200                    #  1/  8

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:     *Conflict of Interest/Dual Representation Notification and Waiver*
        Little Isle IV, LLC, a Delaware Limited Liability Company;
        Ula Makika, LLC, a Delaware Limited Liability Company;
        Philip A. Kenner.
        2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

        You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

        Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1.  Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2.  Little Isle IV, LLC et. al. v. Kenneth A. Jowdy; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3.  Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4.  Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5.  Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6.  Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7.  Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8.  Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9. <u>Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10;</u> United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. <u>Glen Murray  v.  Kenneth Jowdy;</u> District Court, Nevada;A571987, Dept. XXII (pending)

11. <u>Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles -- Central District; (pending)

12. <u>Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD.  These cases are numbered 1, 3 and 4 above.  The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd.  This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted.  Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer).  Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries).  Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you.  These include defending lawsuits brought by Ethan Moreau, and Owen Nolan.  However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)   Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)   Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)   Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)   Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)   Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)   Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.  This specifically includes you as an individual and as a member of Little Isle IV;

(7)   Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)   Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me.  A copy is also enclosed for your personal records.  I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.

Sincerely,

Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen              Jason Woolley
       Brian Campbell            Darryl Sydor
       Bryan Berard              Brad Isbister
       Vladimir Tsyplakov        Greg deVries
       Travis Green              Sergei Gonchar
       Jerry G. Glatt            Glen Murray
       Philip J. Stock           Josef Stumpel
       Chris Simon               Turner Stevenson
       Michael Peca              Steven Rucchin
       Tyson Nash                Mattias Norstrom
       Dimitri Khristich

• Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _____JERRY GLATT_____, acknowledge the foregoing seven (7)
page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of
Professional Conduct. I hereby consent and agree to the terms and conditions described therein,
including, but not limited to: (1) Give up the right to disqualify the Undersigned from
representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any
transaction or litigation that might be adverse to you; (2) Give up the right to assert that the
Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with
any transaction or litigation in the future; (3) Give up the right to bring suit against the
Undersigned (or any employees thereof) in connection with any transaction or litigation in the
future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little
Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in
violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and
1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such
transaction or litigation as described above; (6) Not to hold the undersigned or his law firm
responsible or liable for any direct, indirect or consequential harm resulting in any way from any
act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken ,
arguments made or any other procedural acts, errors or omissions relating to their prior
representation of Mr. Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.
This specifically includes you as an individual and as a member of Little Isle IV; (7) Member
understands and accepts that the undersigned will only agree to accept this case if he consents to
the terms and conditions set forth within this Conflict of Interest/Dual Representation
Notification and Waiver. Members' consent is a material inducement and requisite for the
undersigned to accept this case. Therefore, members agree that the terms of this Conflict of
Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that
faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and
shall be deemed an original. This Conflict of Interest/Dual Representation Notification and
Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of
Arizona.

Dated: _____10/25/2007_____     By: _____
                                     Signature of Member

                                Print name: _____JERRY G. GLATT_____

                                Address: _4978 Summercwalk Court_
                                         _Jacksonville, FL 32258_

                                e-mail: _Jerryglatt @ hotmail .com_

                                          _____
                                          Member's Initials

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1844
FACSIMILE (602) 283-9028

September 23, 2009

Re:    *Conflict of Interest/Dual Representation Notification and Waiver*
       Little Isle IV, LLC, a Delaware Limited Liability Company;
       Ula Makika, LLC, a Delaware Limited Liability Company;
       Philip A. Kenner.
       2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

        You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability
Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against
Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and
on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the
Maricopa County Superior Court and subsequently removed by the Defendant to the United
States District Court, District of Arizona, where it has been assigned to the Honorable Susan R.
Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan
A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and
James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the
lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which
have not been repaid to be approximately $5,000,000.00. This is the estimated principal only,
exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but
rather characterizes them as investments. Mr. Jody also asserts that even if the monies were
loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of
$250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543)
precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his
forged signature.

        Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for
Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to
retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these
proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

Member's Initials

10/20/2009  14:35    2122263784              FEDEX KINKOS                          PAGE  02/08

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual
Representation Notification and Waiver has been prepared for you to read, review with an
independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the
organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person
associated with the organization is engaged in action, intends to act or refuses to act
in a matter related to the representation that is a violation of a legal obligation to the
organization, or a violation of law that reasonably might be imputed to the
organization, and that is likely to result in substantial injury to the organization, the
lawyer shall proceed as is reasonably necessary in the best interest of the
organization. Unless the lawyer reasonably believes that it is not necessary in the best
interest of the organization to do so, the lawyer shall refer the matter to higher
authority in the organization, including, if warranted by the circumstances, to the
highest authority that can act on behalf of the organization as determined by
applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority
that can act on behalf of the organization insists upon or fails to address in a timely
and appropriate manner an action or refusal to act, that is clearly a violation of law,
and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in
substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not
Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably
believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's
representation of an organization to investigate an alleged violation of law, or to
defend the organization or an officer, employee or other constituent associated with
the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c, or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

### ER 1.7. Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.'

    As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al. v. Kenneth A. Jowdy; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC  Escoer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

10/20/2009  14:35     2122263784                    FEDEX KINKOS                              PAGE  05/08

September 23, 2009
Page 5

9.   Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC;
     Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii
     LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja
     Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code
     Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court,
     Central District of California (Western Division – Los Angeles); 2:08-cv-08640-
     CBM-PJW (pending)

10.  Glen Murray  v.  Kenneth Jowdy; District Court, Nevada;A571987, Dept. XXII
     (pending)

11.  Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov,
     Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of
     the State of California, County of Los Angeles – Central District; (pending)

12.  Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir
     Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;
     Superior Court of the State of California, County of Los Angeles – Central District;
     (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken, arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual <u>and</u> as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

        Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)    Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

    I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me. A copy is also enclosed for your personal records. I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

    If you have any questions, please do not hesitate to call.

                         Sincerely,

                         Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen          Jason Woolley
        Brian Campbell      Darryl Sydor
        Bryan Berard         Brad Isbister
        Vladimir Tsyplakov   Greg deVries
        Travis Green         Sergei Gonchar
        Jerry G. Glatt        Glen Murray
        Philip J. Stock       Josef Stumpel
        Chris Simon         Turner Stevenson
        Michael Peca        Steven Rucchin
        Tyson Nash         Mattias Norstrom
        Dimitri Khristich

•    Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

Member's Initials

10/20/2009  14:35     2122263784              FEDEX KINKOS                    PAGE  08/08

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, __Brian Berard__, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken, arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr. Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: __10-19-09__                    By: _____
                                          Signature of Member

                                       Print name: __Brian Berard__

                                       Address: __313 W 3rd St apt 3__
                                       __Boston, MA  02127__

                                       e-mail: __Bberard4@gmail.com__

                                                      __BB__
                                              Member's Initials

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:   ***Conflict of Interest/Dual Representation Notification and Waiver***
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB.  To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules.  In order for the undersigned to

*B.C.*
Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

**(a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

B.C.
Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. <u>Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;</u> American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. <u>Little Isle IV, LLC et. al. v. Kenneth A. Jowdy;</u> United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3. <u>Ethan Moreau v. Thomas Constantine et. al. w/counterclaim;</u> United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. <u>Steven J. Hilton v. Constantine Management Group, LTD et. al.</u>, State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. <u>Philip Kenner v. Kristine Myrick w/counterclaim;</u> Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. <u>Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey;</u> Superior Court of the State of California Central District; BC 417057 (pending)

7. <u>Philip Kenner v. Nick James;</u> Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. <u>Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;</u> United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

*B.C.*
Member's Initials

September 23, 2009
Page 5

9.   Ethan Moreau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10.  Glen Murray v. Kenneth Jowdy; District Court, Nevada;A571987, Dept. XXII (pending)

11.  Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12.  Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD.  These cases are numbered 1, 3 and 4 above.  The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC; Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd.  This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted.  Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer).  Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries).  Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you.  These include defending lawsuits brought by Ethan Moreau, and Owen Nolan.  However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

*B.C.*
Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

*B.C.*
Member's Initials

September 23, 2009
Page 7

       Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)    Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

      I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me.  A copy is also enclosed for your personal records.  I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

      If you have any questions, please do not hesitate to call.

                         Sincerely,


                         Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen              Jason Woolley
      Brian Campbell          Darryl Sydor
      Bryan Berard            Brad Isbister
      Vladimir Tsyplakov     Greg deVries
      Travis Green            Sergei Gonchar
      Jerry G. Glatt           Glen Murray
      Philip J. Stock          Josef Stumpel
      Chris Simon            Turner Stevenson
      Michael Peca            Steven Rucchin
      Tyson Nash             Mattias Norstrom
      Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

*B. C.*
Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, ___BRIAN  CAMPBELL___, acknowledge the foregoing seven (7)
page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of
Professional Conduct.  I hereby consent and agree to the terms and conditions described therein,
including, but not limited to: (1) Give up the right to disqualify the Undersigned from
representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any
transaction or litigation that might be adverse to you; (2) Give up the right to assert that the
Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with
any transaction or litigation in the future; (3) Give up the right to bring suit against the
Undersigned (or any employees thereof) in connection with any transaction or litigation in the
future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little
Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in
violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and
1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such
transaction or litigation as described above; (6) Not to hold the undersigned or his law firm
responsible or liable for any direct, indirect or consequential harm resulting in any way from any
act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken ,
arguments made or any other procedural acts, errors or omissions  relating to their prior
representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.
This specifically includes you as an individual and as a member of Little Isle IV; (7) Member
understands and accepts that the undersigned will only agree to accept this case if he consents to
the terms and conditions set forth within this Conflict of Interest/Dual Representation
Notification and Waiver.  Members' consent is a material inducement and requisite for the
undersigned to accept this case.  Therefore, members agree that the terms of this Conflict of
Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that
faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and
shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and
Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of
Arizona.

Dated: __11/05/09__                        By: _____
                                                                    Signature of Member

                                                      Print name: __BRIAN   CAMPBELL__

                                                      Address: __1235  W. BELDEN AVE.__
                                                      __CHICAGO , IL    60614__
                                                      e-mail: __bcampbell1979@nac.com.__

                                                                              _B.C._
                                                                    Member's Initials

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:  ***Conflict of Interest/Dual Representation Notification and Waiver***
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability
Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against
Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and
on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the
Maricopa County Superior Court and subsequently removed by the Defendant to the United
States District Court, District of Arizona, where it has been assigned to the Honorable Susan R.
Bolton. The case number is CV09-014PHX-SRB.  To date, Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan
A. Dessaules, DESSAULES LAW GROUP.  Mr. Jowdy is represented by Brian C. Lake and
James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the
lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which
have not been repaid to be approximately $5,000,000.00. This is the estimated principal only,
exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but
rather characterizes them as investments. Mr. Jody also asserts that even if the monies were
loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of
$250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543)
precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his
forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for
Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to
retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these
proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to


Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know.  To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9.   Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC;
     Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii
     LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja
     Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code
     Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court,
     Central District of California (Western Division – Los Angeles); 2:08-cv-08640-
     CBM-PJW (pending)

10.  Glen Murray  v.  Kenneth Jowdy; District Court, Nevada;A571987, Dept. XXII
     (pending)

11.  Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov,
     Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of
     the State of California, County of Los Angeles – Central District; (pending)

12.  Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir
     Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;
     Superior Court of the State of California, County of Los Angeles – Central District;
     (pending)

     Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard
Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management
Group, LTD. These cases are numbered 1, 3 and 4 above.  The undersigned does not warrant that the
above 12 cases constitutes a complete listing of all court cases which could be considered as litigation
relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or
Constantine Management Group, Ltd.  This list is simply the cases known to the Undersigned at the
time this Conflict of Interest/Dual Representation Notification and Waiver was drafted.  Cases which
were filed, are pending or have concluded in a United States District Court (including this case) can be
monitored or reviewed through the court's electronic filing system (pacer).  Cases which were filed are
pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored
or reviewed through that Court's electronic filing system (case history/minute entries).  Your
independent counsel should know how to do this or can assist you in finding out how to do so.

     In this regard, the Undersigned has disclosed his past and ongoing representation of Phil
Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine;
Constantine Management Group, Ltd, in matters that are not currently adverse to you.  These
include defending lawsuits brought by Ethan Moreau, and Owen Nolan.  However, given the
nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must
preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors,
LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)   Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)   Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)   Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)   Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)   Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)   Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.  This specifically includes you as an individual and as a member of Little Isle IV;

(7)   Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

        Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)     Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

        I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me.  A copy is also enclosed for your personal records.  I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

        If you have any questions, please do not hesitate to call.

                             Sincerely,

                             Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen            Jason Woolley
       Brian Campbell        Darryl Sydor
       Bryan Berard          Brad Isbister
       Vladimir Tsyplakov     Greg deVries
       Travis Green          Sergei Gonchar
       Jerry G. Glatt         Glen Murray
       Philip J. Stock        Josef Stumpel
       Chris Simon          Turner Stevenson
       Michael Peca          Steven Rucchin
       Tyson Nash           Mattias Norstrom
       Dimitri Khristich

  •  Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

                                 Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _Darryl Sydor_ , acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct.  I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of  Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions  relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual <u>and</u> as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.  Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated:  _10-15-09_      By: _____
                                  Signature of Member

Print name: _Darryl Sydor_

Address: _1126 Highland pointe_
_Town & country  63131_

e-mail: _DSydor55@ Gmail.com_

_DS_
Member's Initials

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:   *Conflict of Interest/Dual Representation Notification and Waiver*
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

D.K.
Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

DK
Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

D.K.

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al. v. Kenneth A. Jowdy; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Dir

September 23, 2009
Page 5

9.    Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC;
      Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii
      LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja
      Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code
      Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court,
      Central District of California (Western Division – Los Angeles); 2:08-cv-08640-
      CBM-PJW (pending)

10.   Glen Murray  v.  Kenneth Jowdy; District Court, Nevada; A571987, Dept. XXII
      (pending)

11.   Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov,
      Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri
      Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of
      the State of California, County of Los Angeles – Central District; (pending)

12.   Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir
      Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri
      Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;
      Superior Court of the State of California, County of Los Angeles – Central District;
      (pending)

      Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard
Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management
Group, LTD.  These cases are numbered 1, 3 and 4 above.  The undersigned does not warrant that the
above 12 cases constitutes a complete listing of all court cases which could be considered as litigation
relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or
Constantine Management Group, Ltd.  This list is simply the cases known to the Undersigned at the
time this Conflict of Interest/Dual Representation Notification and Waiver was drafted.  Cases which
were filed, are pending or have concluded in a United States District Court (including this case) can be
monitored or reviewed through the court's electronic filing system (pacer).  Cases which were filed are
pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored
or reviewed through that Court's electronic filing system (case history/minute entries).  Your
independent counsel should know how to do this or can assist you in finding out how to do so.

      In this regard, the Undersigned has disclosed his past and ongoing representation of Phil
Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine;
Constantine Management Group, Ltd, in matters that are not currently adverse to you.  These
include defending lawsuits brought by Ethan Moreau, and Owen Nolan.  However, given the
nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must
preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors,
LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

D.V.C.
Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)  Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)  Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)  Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)  Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)  Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)  Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions  relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB.  This specifically includes you as an individual <u>and</u> as a member of Little Isle IV;

(7)  Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.

D.K.
Member's Initials

September 23, 2009
Page 7


Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)     Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me. A copy is also enclosed for your personal records. I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.


Sincerely,



Thomas M. Baker

TMB\tg
Enclosure

Cc:   Jere Lehtinen                Jason Woolley
      Brian Campbell              Darryl Sydor
      Bryan Berard                Brad Isbister
      Vladimir Tsyplakov          Greg deVries
      Travis Green                Sergei Gonchar
      Jerry G. Glatt              Glen Murray
      Philip J. Stock             Josef Stumpel
      Chris Simon                 Turner Stevenson
      Michael Peca                Steven Rucchin
      Tyson Nash                  Mattias Norstrom
      Dimitri Khristich

• Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.



September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _Dimitri Khristich_, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual <u>and</u> as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: _10 - 17 - 09_          By: _____

Signature of Member

Print name: _Dimitri Khristich_

Address: _Kiev Ukraine_
_12 Panasa Myrnogo #43   01011_

e-mail: _deemkh@hotmail.com_

_D.K._
Member's Initials

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:   *Conflict of Interest/Dual Representation Notification and Waiver*
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

     You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy. Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

     Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. Little Isle IV, LLC et. al. v. Kenneth A. Jowdy; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3. Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7. Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9.  Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. Glen Murray  v.  Kenneth Jowdy; District Court, Nevada; A571987, Dept. XXII (pending)

11. Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12. Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy; Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)   Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me. A copy is also enclosed for your personal records. I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.

Sincerely,

Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen                    Jason Woolley
       Brian Campbell                   Darryl Sydor
       Bryan Berard                     Brad Isbister
       Vladimir Tsyplakov               Greg deVries
       Travis Green                     Sergei Gonchar
       Jerry G. Glatt                   Glen Murray
       Philip J. Stock                  Josef Stumpel
       Chris Simon                      Turner Stevenson
       Michael Peca                     Steven Rucchin
       Tyson Nash                       Mattias Norstrom
       Dimitri Khristich

• Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

Member's Initials

Oct 23 09 03:49p      katie murray                                310798-3345              p.8

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _GLEN MURRAY_, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken, arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: _10/20/09._           By: _____
                                      Signature of Member

                             Print name: _GLEN MURRAY_

                             Address: _1320 10th ST._
                             _MANHATTAN BEACH CA._
                                                      _90266_
                             e-mail: _Gmu2227@yahoo.com_

                                            Member's Initials

**BAKER & BAKER**

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-164♦
FACSIMILE (602) 263-902♦

September 23, 2009

Re:     ***Conflict of Interest/Dual Representation Notification and Waiver***
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability
Company.  As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against
Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and
on behalf of Little Isle IV, LLC and Ula Makika, LLC.  The case was initially filed in the
Maricopa County Superior Court and subsequently removed by the Defendant to the United
States District Court, District of Arizona, where it has been assigned to the Honorable Susan R.
Bolton.  The case number is CV09-014PHX-SRB.  To date, Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan
A. Dessaules, DESSAULES LAW GROUP.  Mr. Jowdy is represented by Brian C. Lake and
James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A.  The gist of the
lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC.  Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which
have not been repaid to be approximately $5,000,000.00.  This is the estimated principal only,
exclusive of any accrued interest.  In summary, Mr. Jowdy denies that the monies were loans but
rather characterizes them as investments.  Mr. Jody also asserts that even if the monies were
loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of
$250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543)
precludes their recovery.  Mr. Jowdy also asserts that the promissory note at issue contains his
forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for
Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC.  Consequently, Mr. Kenner desires to
retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these
proceedings in place and stead of Messrs. Harper and Dessaules.  In order for the undersigned to

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

**(a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

Case 2:13-cr-00607-JFB-AYS   Document 901-29   Filed 09/09/20   Page 51 of 65 PageID #: 27815

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

### ER 1.7. Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

Case 2:13-cr-00607-JFB-AYS   Document 901-29   Filed 09/09/20   Page 52 of 65 PageID #: 27816

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1. <u>Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC</u>; American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2. <u>Little Isle IV, LLC et. al. v. Kenneth A. Jowdy</u>; United States District Court, District of Arizona; 2:09 –cv-00142-PHX-SRB (this case)

3. <u>Ethan Moreau v. Thomas Constantine et. al. w/counterclaim</u>; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4. <u>Steven J. Hilton v. Constantine Management Group, LTD et. al.</u>, State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5. <u>Philip Kenner v. Kristine Myrick w/counterclaim</u>; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6. <u>Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey</u>; Superior Court of the State of California Central District; BC 417057 (pending)

7. <u>Philip Kenner v. Nick James</u>; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8. <u>Joe Juneau v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd., Moses Gutman</u>; United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9. <u>Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code Fire Acquisition Corporation; John Ward; Does 1-10;</u> United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08640-CBM-PJW (pending)

10. <u>Glen Murray  v.  Kenneth Jowdy;</u> District Court, Nevada;A571987, Dept. XXII (pending)

11. <u>Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov, Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

12. <u>Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;</u> Superior Court of the State of California, County of Los Angeles – Central District; (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the above 12 cases constitutes a complete listing of all court cases which could be considered as litigation relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the time this Conflict of Interest/Dual Representation Notification and Waiver was drafted. Cases which were filed, are pending or have concluded in a United States District Court (including this case) can be monitored or reviewed through the court's electronic filing system (pacer). Cases which were filed are pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored or reviewed through that Court's electronic filing system (case history/minute entries). Your independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, in matters that are not currently adverse to you. These include defending lawsuits brought by Ethan Moreau, and Owen Nolan. However, given the nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)     Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)     Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)     Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)     Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)     Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)     Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)     Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable;

(8)    Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the Conflict of Interest/Dual Representation Notification and Waiver set forth below and then returning this letter to me. A copy is also enclosed for your personal records. I encourage you first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual Representation Notification and Waiver and I emphasize that you remain completely free to consult with independent legal counsel at any time even if you decide to sign this Conflict of Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.

Sincerely,

Thomas M. Baker

TMB\tg
Enclosure

Cc:    Jere Lehtinen              Jason Woolley
       Brian Campbell            Darryl Sydor
       Bryan Berard              Brad Isbister
       Vladimir Tsyplakov        Greg deVries
       Travis Green              Sergei Gonchar
       Jerry G. Glatt            Glen Murray
       Philip J. Stock           Josef Stumpel
       Chris Simon               Turner Stevenson
       Michael Peca              Steven Rucchin
       Tyson Nash                Mattias Norstrom
       Dimitri Khristich

• Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau, Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip Kenner.

_____
Member's Initials

September 23, 2009
Page 8

## CONSENT AND WAIVER OF RIGHTS
### Conflict of Interest/Dual Representation Notification

I, _____, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct.  I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions  relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver.  Members' consent is a material inducement and requisite for the undersigned to accept this case.  Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original.  This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: __Oct 23/09__   By: _____
                              Signature of Member

Print name: __Greg deVries__

Address: __25 col winstead dr.__
__Brentwood, TN__

e-mail: __detuo@rogers.com__

_____
Member's Initials

**BAKER & BAKER**
Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:     **_Conflict of Interest/Dual Representation Notification and Waiver_**
        Little Isle IV, LLC, a Delaware Limited Liability Company;
        Ula Makika, LLC, a Delaware Limited Liability Company;
        Philip A. Kenner.
        2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

        You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability
Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against
Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and
on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the
Maricopa County Superior Court and subsequently removed by the Defendant to the United
States District Court, District of Arizona, where it has been assigned to the Honorable Susan R.
Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan
A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and
James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the
lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and
Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which
have not been repaid to be approximately $5,000,000.00. This is the estimated principal only,
exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but
rather characterizes them as investments. Mr. Jody also asserts that even if the monies were
loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of
$250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543)
precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his
forged signature.

        Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for
Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to
retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these
proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

Member's Initials

September 23, 2009
Page 2

represent Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC, this Conflict of Interest/Dual Representation Notification and Waiver has been prepared for you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned.

The Rules of the Supreme Court of Arizona, Rule 42, ER 1.13 and 1.7 state:

**ER 1.13. Organization as Client**

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action or refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization,

then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

Member's Initials

September 23, 2009
Page 3

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

**(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of ER 1.7. If the organization's consent to the dual representation is required by ER 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.**

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.13

**ER 1.7. Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client gives informed consent, confirmed in writing. and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client:

Member's Initials

September 23, 2009
Page 4

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

17A, A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7

As you may also be aware, there is a plethora of ongoing litigation among individuals you may know. To the best of the Undersigned's knowledge, the following cases have been filed, are currently being litigated, or have been concluded:

1.  Owen and Diana Nolan v. Philip Kenner, Standard Advisors, Inc., and Standard Advisors, LLC;  American Arbitration Association; 76 148 Y 00223 08 DEAR (pending)

2.  Little Isle IV, LLC et. al.  v. Kenneth A. Jowdy; United States District Court, District of Arizona;  2:09 –cv-00142-PHX-SRB (this case)

3.  Ethan Moreau v. Thomas Constantine et. al. w/counterclaim; United States District Court, District of Arizona; CV08-2271-PHX-NVW (on-going)

4.  Steven J. Hilton v. Constantine Management Group, LTD et. al., State of Arizona Superior Court, Maricopa County; CV 2009-005336 (concluded)

5.  Philip Kenner v. Kristine Myrick w/counterclaim; Superior Court of the State of California for the County of Los Angeles; BC 396805 (pending)

6.  Philip Kenner v. Kenneth Jowdy and Thomas Alton Harvey; Superior Court of the State of California Central District; BC 417057 (pending)

7.  Philip Kenner v. Nick James; Superior Court of the State of California for the County of Los Angeles; YC 058700 (pending)

8.  Joe Juneau  v. Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC; Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Escer Holding Corporation; Kenneth A. Jowdy; Baja Development Corporation; Baja Management LLC; Mosses Gutman; Code Fire Acquisition Corporation; John Ward; Loring Ward Capital Management, Inc.; Does 1-10; Thomas Constantine; Constantine Management Ltd.; Moses Gutman;  United States District Court, Central District of California (Western Division – Los Angeles); 2:08-cv-08284-CBM-PJW (pending)

Member's Initials

September 23, 2009
Page 5

9.   Ethan Moreau  v.  Philip Kenner; Standard Advisors, Inc.; Standard Advisors, LLC;
     Na' Alehu Ventures 2006, LLC; WWK Hawaii Holdings, LLC; Windwalker Hawaii
     LLC; JN Develop LLC; Bill Najam; Little Isle IV, LLC; Kenneth A. Jowdy; Baja
     Development Corporation; Baja Management LLC; AZ Eufora Parners II LLC; Code
     Fire Acquisition Corporation; John Ward; Does 1-10; United States District Court,
     Central District of California (Western Division – Los Angeles); 2:08-cv-08640-
     CBM-PJW (pending)

10.  Glen Murray  v.  Kenneth Jowdy; District Court, Nevada; A571987, Dept. XXII
     (pending)

11.  Greg deVries, Jason Woolley, Chris Simon, Mattias Norstrom, Vladimir Tsyplakov,
     Jay McKee, Raymond Murray, Glen Murray, Bryan Berard, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jozef Stumpel  v. Jowdy; Superior Court of
     the State of California, County of Los Angeles – Central District; (pending)

12.  Tyson Nash, Gred deVries, Turner Stevenson, mattias Norstrom, Vladimir
     Tsyplakow, Bryan Berard, Steve Rucchin, Brian Campbell, Darryl Sydor, Dimitri
     Khristich, Sergei Gonchar, Michael Peca, Jere Lehtinen, Jozef Stumpel  v. Jowdy;
     Superior Court of the State of California, County of Los Angeles – Central District;
     (pending)

Please take note that the Undersigned has previously represented Mr. Philip Kenner, Standard
Advisors, Inc.; Standard Advisors, LLC; Mr. Tommy Constantine; and Constantine Management
Group, LTD. These cases are numbered 1, 3 and 4 above. The undersigned does not warrant that the
above 12 cases constitutes a complete listing of all court cases which could be considered as litigation
relating to Mr. Philip Kenner; Little Isle IV, LLC, Ula Makika, LLC, Mr. Tommy Constantine and/or
Constantine Management Group, Ltd. This list is simply the cases known to the Undersigned at the
time this Conflict of Interest/Dual Representation Notification and Waiver was drafted.  Cases which
were filed, are pending or have concluded in a United States District Court (including this case) can be
monitored or reviewed through the court's electronic filing system (pacer).  Cases which were filed are
pending or have concluded in the State of Arizona Superior Court, Maricopa County can be monitored
or reviewed through that Court's electronic filing system (case history/minute entries).  Your
independent counsel should know how to do this or can assist you in finding out how to do so.

In this regard, the Undersigned has disclosed his past and ongoing representation of Phil
Kenner; Standard Advisors, Inc.; and Standard Advisors, LLC.; Tommy Constantine;
Constantine Management Group, Ltd, in matters that are not currently adverse to you.  These
include defending lawsuits brought by Ethan Moreau, and Owen Nolan.  However, given the
nature of my relationship with Philip Kenner and Tommy Constantine, the Undersigned must
preserve its ability to represent Phil Kenner; Standard Advisors, Inc.; and Standard Advisors,
LLC.; Tommy Constantine; Constantine Management Group, Ltd, on matters that may arise in

Member's Initials

September 23, 2009
Page 6

the future, including matters adverse to you, provided that I would only undertake such representation of Phil Kenner or Tommy Constantine under circumstances in which I do not possess confidential information of yours relating to this transaction at issue.

The Undersigned understands that you consent to his representation of Philip Kenner, Tommy Constantine and my other clients under the circumstances described above.

Additionally, as a member of Little Isle IV and pursuant to ER 1.13 and 1.7 (as set forth above), I also ask you to read, review with an independent attorney of your choice and, if in agreement, to sign and return to the undersigned this Conflict of Interest/Dual Representation Notification and Waiver as it relates to representing Philip Kenner, individually, and as managing member of Little Isle IV; as well as Little Isle IV itself, in the US District Court, District of Arizona, proceedings captioned above.

Therefore, to summarize, you have agreed to:

(1)    Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you;

(2)    Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future;

(3)    Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above;

(4)    Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7;

(5)    Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above;

(6)    Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV;

(7)    Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case.

Member's Initials

September 23, 2009
Page 7

Therefore, members agree that the terms of this Conflict of Interest/Dual
Representation Notification and Waiver are irrevocable;

(8)     Member agrees that faxed copies, photocopies or electronic signatures may be
used in lieu of original signatures and shall be deemed an original. This Conflict
of Interest/Dual Representation Notification and Waiver shall be construed,
interpreted and enforced in accordance with the laws of the State of Arizona.

I request that you signify your informed written consent to the above by signing the
Conflict of Interest/Dual Representation Notification and Waiver set forth below and then
returning this letter to me. A copy is also enclosed for your personal records. I encourage you
first to seek the advice of independent legal counsel regarding this Conflict of Interest/Dual
Representation Notification and Waiver and I emphasize that you remain completely free to
consult with independent legal counsel at any time even if you decide to sign this Conflict of
Interest/Dual Representation Notification and Waiver.

If you have any questions, please do not hesitate to call.

Sincerely,

Thomas M. Baker

TMB\tg
Enclosure

Cc:     Jere Lehtinen                Jason Woolley
        Brian Campbell              Darryl Sydor
        Bryan Berard                Brad Isbister
        Vladimir Tsyplakov          Greg deVries
        Travis Green                Sergei Gonchar
        Jerry G. Glatt              Glen Murray
        Philip J. Stock             Josef Stumpel
        Chris Simon                 Turner Stevenson
        Michael Peca                Steven Rucchin
        Tyson Nash                  Mattias Norstrom
        Dimitri Khristich

- Little Isle IV, LLC members Owen Nolan, Joe Juneau, Kristine Myrick, Ethan Moreau,
  Brad Lukowich, Dan Boyle have taken openly hostile positions against Mr. Philip
  Kenner.

Member's Initials

September 23, 2009
Page 8

### CONSENT AND WAIVER OF RIGHTS
#### Conflict of Interest/Dual Representation Notification

I, _____, acknowledge the foregoing seven (7) page letter and its written disclosures pursuant to E.R. 1.13 and 1.7, Arizona Rules of Professional Conduct. I hereby consent and agree to the terms and conditions described therein, including, but not limited to: (1) Give up the right to disqualify the Undersigned from representing Phil Kenner, Tommy Constantine or any of my other present or future clients in any transaction or litigation that might be adverse to you; (2) Give up the right to assert that the Undersigned owes, or owed you, any fiduciary or other attorney-client duty in connection with any transaction or litigation in the future; (3) Give up the right to bring suit against the Undersigned (or any employees thereof) in connection with any transaction or litigation in the future as described above; (4) Consent to dual representation by attorney of Philip Kenner, Little Isle IV, LLC and Ula Makika, LLC; and, waive the right to assert any conflict of interest in violation of Arizona Rules of Professional Conduct, including, but not limited to, ER 1.13 and 1.7; (5) Waive any alleged fiduciary or other attorney-client duty in connection with any such transaction or litigation as described above; (6) Not to hold the undersigned or his law firm responsible or liable for any direct, indirect or consequential harm resulting in any way from any act, error, or omission of the former counsel as they relate to the pleadings filed, positions taken , arguments made or any other procedural acts, errors or omissions relating to their prior representation of Mr.Philip Kenner, Little Isle IV and Ula Makika in 2:09-CV-00142-PHX-SRB. This specifically includes you as an individual and as a member of Little Isle IV; (7) Member understands and accepts that the undersigned will only agree to accept this case if he consents to the terms and conditions set forth within this Conflict of Interest/Dual Representation Notification and Waiver. Members' consent is a material inducement and requisite for the undersigned to accept this case. Therefore, members agree that the terms of this Conflict of Interest/Dual Representation Notification and Waiver are irrevocable; (8) Member agrees that faxed copies, photocopies or electronic signatures may be used in lieu of original signatures and shall be deemed an original. This Conflict of Interest/Dual Representation Notification and Waiver shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona.

Dated: _10/14/09_            By: _____
                                   Signature of Member

Print name: _Jason Woolley_

Address: _30193 Cheviot Hills drive_
_____ Franklin mIchigan 48025_

e-mail: _Jason Woolley @ mac.com_

Member's initials

# BAKER & BAKER

Thomas M Baker P.L.C.
Attorneys At Law
BUILDING NUMBER 10
5050 NORTH EIGHTH PLACE
PHOENIX, ARIZONA 85014

THOMAS M. BAKER

TELEPHONE (602) 279-1644
FACSIMILE (602) 263-9028

September 23, 2009

Re:   ***Conflict of Interest/Dual Representation Notification and Waiver***
Little Isle IV, LLC, a Delaware Limited Liability Company;
Ula Makika, LLC, a Delaware Limited Liability Company;
Philip A. Kenner.
2:09-cv-00142-PHX-SRB (US District Court, District of Arizona)

Dear Member of Little Isle IV, LLC:

You are listed as a member in Little Isle Iv, LLC, a Delaware Limited Liability Company. As you are aware, Mr. Philip Kenner has filed a lawsuit in Phoenix, Arizona against Mr. Kenneth A. Jowdy.   Mr. Kenner filed this lawsuit on behalf of himself as an individual, and on behalf of Little Isle IV, LLC and Ula Makika, LLC. The case was initially filed in the Maricopa County Superior Court and subsequently removed by the Defendant to the United States District Court, District of Arizona, where it has been assigned to the Honorable Susan R. Bolton. The case number is CV09-014PHX-SRB. To date, Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC have been represented by Kevin R. Harper, HARPER LAW PLC and Jonathan A. Dessaules, DESSAULES LAW GROUP. Mr. Jowdy is represented by Brian C. Lake and James A. Ahlers at the law firm of PERKINS COIE BROWN & BAIN P.A. The gist of the lawsuit is to recover certain monies loaned to Mr. Jowdy by Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Mr. Kenner estimates the total amount of monies loaned to Mr. Jowdy which have not been repaid to be approximately $5,000,000.00. This is the estimated principal only, exclusive of any accrued interest. In summary, Mr. Jowdy denies that the monies were loans but rather characterizes them as investments. Mr. Jody also asserts that even if the monies were loans, the Statute of Frauds (monies loaned/credit extended without a writing in excess of $250,000.00; A.R.S. §44-101) and/or applicable Statute of Limitation (A.R.S. §12-543) precludes their recovery. Mr. Jowdy also asserts that the promissory note at issue contains his forged signature.

Recently, Messrs. Harper and Dessaules moved to withdraw as the attorneys of record for Mr. Kenner, Little Isle IV, LLC and Ula Makika, LLC. Consequently, Mr. Kenner desires to retain the undersigned to represent Himself, Little Isle IV, LLC and Ula Makika, LLC in these proceedings in place and stead of Messrs. Harper and Dessaules. In order for the undersigned to

Member's Initials