**Subject:** Meeting next week
**From:** "Ronald Richards" <ron@ronaldrichards.com>
**Date:** 3/27/2009 12:28 PM
**To:** "'Tommy Constantine'" <tommy@eufora.com>

*No inclusion of Kenner for the GSF process...*

Hi Tommy,

Thanks for the retainer agreement executed. I have this slated to meet with them next week. Is the wire going out Monday? Also, I will need a credit card for any court costs, etc. that are billed directly to the card.

Thanks!

/S  Ronald Richards, Esq.

---

Law Offices of Ronald Richards & Associates, a Professional Corporation



Ronald Richards

www.ronaldrichards.com

310-556-1001 Office
310-277-3325 Fax

Mailing Address:
P.O. Box 11480
Beverly Hills, CA  90213


No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.557 / Virus Database: 270.11.29/2024 - Release Date: 3/26/2009 7:12 AM

LAW OFFICES OF RONALD RICHARDS AND ASSOCIATES
P.O. BOX 11480
Beverly Hills, CA 90213
310-556-1001 office 310-277-3325 fax

## TRUE RETAINER AGREEMENT

The undersigned, Thomas Constantine, and Constantine Management, Ltd., an Illinois company hereinafter Client, hereby employs Law Offices of Ronald Richards & Associates hereinafter Attorney, as Clients' (Attorney) to engage the attorney by a true retainer engagement for $20,000.00 for a period of 120 months. The fee is solely to engage the attorney to insure his availability. Attorney may extend the period if he chooses to. <u>Client will be given a credit with the firm for the value of the true retainer.</u> Client is responsible for all fees after the credit is exhausted. Once the initial credit is exhausted, if there is a any litigation pending, client will be required at all times to have an advance fee credit of at least $5,000.00 which is immediately refundable upon termination minus any fees earned. If there is no litigation pending, Client will be required to have $5,000 of advanced fees as a credit balance at the end of each month. Attorney will withdraw from any litigation if client does not have the minimum credit balance with attorney prior to each billing statement. Constantine represents he is the sole owner of the Ltd.

### 1. FEES

Client agrees to compensate Attorneys at a total rate of $20,000.00 TO ENGAGE attorneys. The retainer is a true retainer as defined in Rule 3-700 (D)(2). It is for no other purpose. The time period for the true retainer is 120 months. Client shall be given a credit of $20,000.00 in hourly work which is broken down as follows: $575.00 per hour for Mr. Richards, $395.00 per hour for associates. Fees and shall be secured by a credit card which shall be used to advance fees and costs in this matter.

### 2. COSTS

Client shall pay all costs reasonably necessary for the representation in the matter. Attorney is authorized to incur reasonable costs and expenses in performing legal services under this Agreement. At our option we may either advance any necessary costs and deduct them from any recovery or we may bill you in advance. Costs may include, among other things, filing fees, court costs, service fees, jury fees, copying ($.15 per copy), postage, investigation fees, witness fees, jury fees, messenger services, travel expenses including mileage ($.30 per mile traveled), amounts paid to doctors and other experts, the expense of obtaining hospital and doctors' records, retained experts and consultants, investigative and hourly legal assistant costs, and any other costs Attorneys deem necessary to properly prepare

1

and pursue Clients' case.

### 3. RETAINER

Client shall deposit the sum of $20,000.00 with attorney as a true retainer. The fees are earned upon receipt. The client is paying this fee to have the attorney ready, willing, and able to perform legal services related to a different actions at the client's request. In addition, client was advised that attorney limits his case load and this is a true retainer.

### 4. ACTIONS BY FIRM

We may take any actions that, in our discretion, are necessary in the prosecution of the case. However, no settlement will be made without your consent. We do not guarantee any particular result, but pledge to use our best efforts to reach a satisfactory conclusion to the case.

### 5. BILLS

Attorney will provide monthly statements.

### 6. LEGAL SERVICES SPECIFICALLY EXCLUDED.

Legal services that are not to be provided by Attorney under this agreement specifically include, but are not limited to any appeal on this matter. If Client wishes that Attorney provide any legal services not to be provided under this agreement, a separate written agreement between Attorney and Client will be required.

### 7. INUREMENT

Clients bind their heirs, executors, and legal representatives to the terms and conditions set forth in this agreement.

### 8. DISCHARGE

The client may discharge attorney at any time, by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will be obligated to pay Attorney in full for all services provided and to reimburse Attorney for all costs advanced.

2

### 9. WITHDRAWAL OF ATTORNEY

Attorney may withdraw at any time, by giving the client reasonable notice, as permitted under the *Rules of Professional Conduct* of the State Bar of California. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) The client consents, and (b) the client's conduct renders it unreasonably difficult for the attorney to carry out the employment effectively. In that event, the client agrees to sign a consent to withdrawal. Notwithstanding Attorney's withdrawal, Client will be obligated to pay Attorney's fees for all services provided, and to reimburse Attorney for all costs advanced, before the withdrawal.

### 10. REPRESENTATION OF ADVERSE INTERESTS

Client is informed that the *Rules of Professional Conduct* of the State Bar of California require the Client's informed written consent before an Attorney may begin or continue to represent the Client when the attorney has or had a relationship with another party interested in the subject matter of the Attorney's proposed representation of the client. Attorney is not aware of any relationship with any other party interested in the subject matter of Attorney's services for Client under this agreement. As long as Attorney's services for Client continue under this agreement, Attorney will not agree to provide legal services for any such party without Client's prior written consent.

### 11. RELEASE OF CLIENT'S PAPERS AND PROPERTY

At the termination of services under this agreement, Attorney will release promptly to Client on request all of Client's papers and property. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation, whether Client has paid for them or not.

### 12. DISCLAIMER OF GUARANTY

Although Attorney may offer an opinion about possible results regarding the subject matter of this agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guaranty.

### 13. ENTIRE AGREEMENT

This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties.

SMC000035

SMC-00000035   Tr-5

### 14. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY

If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

### 15. MODIFICATION BY SUBSEQUENT AGREEMENT

This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement to the extent that the parties carry it out.

### 16. ATTORNEY'S FEES & COSTS IN ACTION ON AGREEMENT

The prevailing party to the greater extent in any action or proceeding to enforce the fee provision of this agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding. This provision is limited to a breach for non payment of fees only. It shall not be included in any action for professional negligence or non performance or breach of this agreement.

### 17. COOPERATION

The Law Offices of Ronald Richards & Associates has agreed to provide legal services for the purpose of completing the assignment for which it is herein retained, and client agrees at all times to remain available and to fully cooperate with the Law Offices of Ronald Richards & Associates to permit them to adequately and timely complete their assigned work.

### 18. EFFECTIVE DATE OF AGREEMENT

The effective date of this agreement will be the date when, having been executed by Client, one copy of the agreement is received by Attorney.

This agreement is required by *Business and Professions Code* §6147 and is intended to fulfill the requirements of that section.

I have read this contract, have received a copy of it, and agree to the terms and conditions. There are no other agreements, oral or otherwise between Clients and Attorneys. The foregoing is agreed to by:

### 19. SCOPE OF THE AGREEMENT

120 months or upon the true retainer being exhausted, then the terms and conditions in paragraph 1 shall apply.

4

The undersigned to this agreement acknowledges financial responsibility for payments required herein and agrees to comply with each and every covenant and condition as stated above.

### 20. CHOICE OF LAW AND FORUM SELECTION:

Any litigation or disputes arising out of this agreement shall be governed according to California law and litigated in the Los Angeles Superior. The parties give consent to jurisdiction in California.

### 21. SOURCE OF FUNDS:

Client represents that all funds used as payment in this matter are from a lawful source and are from the client. Client represents that even if the funds are from a third party that they are from the client due to the fact that the client is in custody at the time and may have third parties pay his expenses at his request whereas client will be reimbursing the third parties.

Date: 3/24/09

Client-Thomas Constantine

Date: _____

Attorney-Ronald Richards, Esq.

5