

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

George Kostolampros

T 202.344.4426
F 202.344.8300
gkostolampros@venable.com

June 22, 2020

**VIA ECF**

The Honorable Joseph F. Bianco
Visiting Circuit Judge (sitting by designation in below referenced matter)
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

Re:   **United States of America v. Kenner, Cr. No. 13-607 (JFB)**

Dear Judge Bianco,

Per the Court's instruction at the June 10, 2020 conference, we write on behalf of Danske Bank A/S London Branch ("Danske") in connection with the government's First Set of Requests for Production of Documents to Danske, served on June 17, 2020. Astoundingly, the government, yet again, ignores this Court's instructions to move expeditiously in this matter and instead served a formal document request on Danske seeking 56 separate categories of documents, the majority of which are irrelevant to determining Danske's claim. Further, for the document requests that seek relevant information, Danske has already produced the majority, if not all, of those documents.

The government's document requests confirm that the government's intent is to harass Danske and prolong these proceedings in order to extract and wrest any remaining value in the Resort Property from Danske, an innocent third-party lienholder who has advanced millions of dollars in support of the Resort Property. This is nothing more than a shake down by the government. The government's behavior in this matter is contrary to Congressional intent under 21 USC § 853(n) that innocent lienholders should be protected and is contrary to the Department of Justice's own guidance that espouses reaching settlements with "innocent third parties holding perfected liens or mortgages against property that is subject to federal forfeiture." What is more astounding, is that while the government seeks, at any cost, to squeeze Danske, it blatantly ignores the financial realities that the Resort Property simply does not have time to waste and that forcing Danske to expend its resources to litigate these irrelevant, over broad and unduly burdensome requests will adversely affect any future settlement amount.

As set forth below and in the attachments to this letter, Danske has produced documents that are relevant in determining Danske's claim and will produce specific additional documents. Danske respectfully requests that the Court strike the government's remaining document requests. In light of the exigencies Danske has previously expressed and the Court has recognized, the

The Honorable Joseph F. Bianco
June 22, 2020
Page 2

government's clearly objectionable requests can be dealt with swiftly by the Court. To the extent the government seeks to prolong and delay determination of Danske's claim pending further briefing on its Requests, we urge the Court to deny any such request. Lastly, to the extent the government files a letter defending seeking production of documents responsive to its Requests, we ask the Court to treat that letter as a motion to compel subject to costs under Fed. R. Civ. P. 37(a)(5)(B).

*      *      *      *      *      *

At the June 10, 2020 conference, the Court ordered the government to provide to Danske a "list of whatever remaining documents they think they would need" by June 17, 2020. June 10, 2020 Hr'g Tr. at 14:24-15:4.

On June 17, 2020, the government served the "United States'[s] First Requests for Production of Documents Pursuant to Rule 34" (each a "Request" and collectively, the "Requests"), attached hereto as **Exhibit 1**. The majority of the Requests seek documents and information that is immaterial to the only relevant issue before the Court—determination of Danske's interest as a bona fide purchaser. It bears noting that during the June 10 hearing, the government represented to the Court that it "would still like to engage in settlement discussions." June 10, 2020 Hr'g Tr. at 7:13-14. Notwithstanding this representation, the government has made no effort since that hearing to continue settlement discussions with Danske.

1.      <u>**The government is seeking production of documents of no relevance to establishing that Danske is a bona fide purchaser for value.**</u>

Set forth below are some examples of the Requests the government seeks from Danske that are simply irrelevant in determining Danske's claim:

- Any and all servicing agreements with third party Trimont Real Estate Advisors, Inc., Michael Devlin, and any other third-party utilized by Danske or the Borrower to provide services regarding the DCSL resort loan; and any and all correspondence, reports and documents prepared according to such servicing agreements (Request No. 17) and all status reports by Mr. Devlin (Request No. 20);

- All construction documents identified in the Loan Agreements under Article VIII, Section 8.1, Replacement Facility C - Required Construction Documents, and under Article IX, Section 9.2, Construction Budget-Replacement Facility C, for each disbursement and/or loan advance from Facility C (Request No. 18);

- All reports furnished by the Borrower to Danske pursuant to the Loan Agreements, Section 13.5, Reporting Covenants, including, but not limited to: Section 13.5(a), Weekly Reports; Section 13.5(b), Monthly Reports; Section 13.5(c), Quarterly Reports; and Section 13.5(d), Annual Reports (Request No. 19);

The Honorable Joseph F. Bianco
June 22, 2020
Page 3

- Wire transfer documentation to support the transfers from Trimont to the Borrower for the 45 loan advance wire transfers, totaling $53,476,556, from Facility C to Trimont Real Estate Advisors Inc. (Request No. 25);

- Bank statements for other bank accounts identified that funds from Facility A, B and C may have been indirectly transferred to (Request No. 26);

- Any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for receiving, soliciting, preparing, reviewing, approving or denying loans or client relationships (Request No. 29);

- The Bylaws and Operating Agreement for DCSL Mexico and any documents confirming the change of trustee in or about 2014, all translated into English (Request No. 35);

- The most recent financial information for DCSL Mexico, including financial statements and tax returns (Request No. 37);

- Identify: (a) any and all Danske employees or contractors who visited the DCSL resort; (b) the date(s) of any visit; (c) the purpose of the visit(s); (d) the lodging used by the employee(s)/contractor(s) during the visit(s); (d) any gifts or benefits conferred, directly or indirectly, on a Danske employee/contractor by Jowdy and/or any employee or contractor of the DCSL resort; and (e) any gifts or benefits conferred, directly or indirectly, on Jowdy and/or any employee or contractor of the DCSL resort by a Danske employee/contractor (Request No. 44);

- Any and all documentation, or correspondence between Danske and the Borrower and/or Jowdy, regarding the Borrower's ability or inability to meet its loan obligations to Danske and/or Lehman (Request No. 46);

- Any and all documentation and agreements (whether in draft or executed), and correspondence between, Danske and Jowdy and/or the Borrower, regarding: (a) Jowdy's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (b) any Lehman or Danske employee's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (c) potential purchasers of the DCSL resort and/or the DCSL resort loan; (d) foreclosure or forfeiture on the DCSL resort loan in Mexico or in the United States; (e) bankruptcy or insolvency proceedings concerning the DCSL resort or the Equity Interests in either Mexico or the United States; and (f) Jowdy's direct or indirect management of the DCSL resort during and/or after the instant criminal case (Request No. 48);

- Any and all documentation and correspondence related to insurance coverage or attempted insurance coverage of the DCSL resort or DCSL resort loan, of which

The Honorable Joseph F. Bianco
June 22, 2020
Page 4

> Danske is a policy holder or beneficiary, or otherwise has an interest therefrom (Request No. 52);

- Any and all documentation and correspondence related to a potential or contemplated sale or auction of the DCSL resort by Danske (Request No. 55); and

- Any and all documentation and correspondence related to Danske's transfers of its, actual or potential, interests in the DCSL resort (Request No. 56).

The Requests above have no relevance to determining Danske's claim. For instance, servicer agreements and all communications with those third-party servicers as well as Mr. Devlin's status reports on the development are irrelevant to Danske's claim. Similarly, all construction documents required under the Facility C agreement and all monthly, quarterly, and annual reports by the borrower sent to Danske are also irrelevant.[1] The government also seeks all wire transfer information from third party servicer Trimont to the borrower, which is again irrelevant to showing that Danske advanced funds to the borrower. Is the government claiming that Trimont, a third-party servicer, who received funds from Danske and then transferred those funds to the borrower, somehow diverted those funds? Additionally, documents related to a contemplated sale or auction of the Resort Property or of Danske's interest are not probative in determining whether Danske has a secured and protected interest in this forfeiture proceeding. Further, bank statements of third parties who received funds "indirectly", for whom Danske does not have control, are also irrelevant in establishing Danske's claim as a bona fide purchaser. Similarly, information regarding who at Danske has visited the Resort Property and the purpose of those visits is, again, irrelevant to determining Danske's claim.

In addition, the government apparently seeks documents that go to whether Danske had knowledge of the potential forfeiture in this matter. These requests include:

- Any and all documents or communications made at any time between you and any other person, including, but not limited to, Jowdy, concerning the purchase and acquisition of the DCSL resort loan from Lehman (Request No. 6);

- Any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for inquiring into an investment's connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement (Request No. 30);

- Any and all notes, correspondence, and documentation pertaining to Danske's inquiry into the involvement or connection to actual or potential criminal activity

---

[1] Additionally, particularly troubling about this request is the fact that the government has had access to all of those monthly, quarterly and annual reports and it is our understanding have received such reports from the borrower directly. Given that the government has had access to this information and has been provided such information is further support for the fact that the it is purely meant to harass Danske to expend resources to comb its records and produce records the government either has or had access to.

The Honorable Joseph F. Bianco
June 22, 2020
Page 5

and/or misconduct, and/or actual or potential mismanagement by the Defendants,
Jowdy, and/or the DCSL resort (Request No. 31);

- Any and all notes, correspondence, and documentation pertaining to media
  inquiries to Danske and/or its employees about the involvement or connection to
  actual or potential criminal activity and/or misconduct, and/or actual or potential
  mismanagement by the Defendants, Jowdy, and/or the DCSL resort, including
  support for Peter Hughes of Danske's statement to Fortune magazine in 2012 that
  "If there had been mismanagement, I think it would have turned up in the due
  diligence we've conducted on the project over the past three years . . .we found no
  evidence that Jowdy was stealing money, and we're satisfied with the job he's
  doing" (Request No. 32);

- Any and all documents or information available to or within the knowledge of
  Danske and and/or any such company's officers, employees, owners, concerning
  the conduct or assets of Jowdy, his associates, relatives, representatives, and related
  entities (Request No. 33);

- Any and all documentation regarding the due diligence performed by Danske
  regarding the (a) acquisition of the DCSL resort loan; and (b) entering into loan
  agreements and/or modifications with the Borrower, including deliverables,
  obligations, and the satisfaction of conditions by DCSL Mexico as required under
  all extensions, modifications, facility increases, advances and amendments to the
  Loan Documents (Request No. 40);

- Any and all documents and correspondence pertaining to Danske's: (a) knowledge
  of accusations by any individuals or entities concerning theft or misconduct by the
  Defendants, Jowdy, and/or the DCSL resort, including, but not limited to,
  accusations contained in civil complaints filed by Joe Juneau, Owen Nolan, Philip
  Kenner, Ethan Moreau, Sergei Gonchar, Glenn Murray, Little Isle IV, and Josef
  Stumpel; and (b) response(s) to such accusations (Request No. 43); and

- Any and all documentation and agreements regarding, and correspondence
  between, Danske and Jowdy, the Borrower, and/or the Trustee, regarding the
  potential or actual forfeiture of the DCSL resort (Request No. 47).

As set forth in Danske's summary judgment motion and in the Declaration of David Daniel,
Danske had no knowledge of the potential forfeiture of the Resort Property at the time it acquired
its interest or at the time it entered into additional modifications and amendments establishing
facilities A, B, and C. *See* Motion for Summary Judgment, ECF No. 848 at 12-13, 21-22. As a
matter of law, there is absolutely no basis to argue that Danske somehow could have known that
the Resort Property or the equity interests in Baja Ventures 2006, LLC, Diamante Properties, LLC,
CSL Properties 2006, LLC, and KAJ Holdings, LLC were subject to forfeiture when Danske
acquired its interest or advanced later funds prior to August 2015, which is when the government
for the ***first time identified the Resort Property as subject to forfeiture***. What is required to

The Honorable Joseph F. Bianco
June 22, 2020
Page 6

challenge a bona fide purchaser's status on the basis of knowledge of forfeitability is actual knowledge of forfeiture. *See United States v. Watts*, 786 F.3d 152, 172-74 (2d Cir. 2015); *United States v. Rodriguez-Perez*, No. S38 10CR 905-LTS, 2019 WL 188400, at *6-7 (S.D.N.Y. Jan. 11, 2019). Here, it is indisputable that there could not have been any such knowledge until August 2015 when the government filed its bill of particulars listing the Equity Interests and then the Resort Property as subject to forfeiture.

Further, the government's request is troubling and confirms that these requests are meant to harass Danske because not once in these long proceedings has the government ever challenged Danske's interest on the basis that somehow Danske was aware of potential forfeiture when it acquired its interest. In fact, the government has never requested any of the documents it seeks now as to this issue, even though Danske has been in potential settlement discussions and has also engaged in communications regarding the Resort Property for years with the government. It is also troubling that the government would sit back and allow Danske to continue to extend millions in funds under Facility C while the criminal and forfeiture proceedings have proceeded if the government had any basis to challenge Danske's claim as a bona fide purchaser.

Finally, in several of the government's requests (Request Nos. 2(c), 7, 8, 9), the government seeks valuations and appraisals of the Resort Property. Valuations or appraisals of the Resort Property have nothing to do with Danske's acquisition of its interest in the Resort Property, which Danske acquired under the $800 million Repo Agreement and Lehman's subsequent default and are also irrelevant to amounts Danske advanced thereafter.

## 2. The government's Requests are overbroad, unduly burdensome, and seek documents that are not within Danske's custody, control, or possession.

The majority of the government's Requests are also overbroad and unduly burdensome. As an initial matter, the relevant time period defined in the Request is from **January 1, 2006**, unless otherwise stated, and to the extent the requests concerns "the source and/or acquisition of an interest in the DCSL resort . . . *there is no limitation on the relevant time period*." Requests at pgs. 5-6. Other than evidence of advances made, documents dated after April 2014 have no bearing on whether Danske maintains perfected security interests. Further, the government's over broad time frame without limitation in any of the requests is unduly burdensome, and, as set forth above and in the attached spreadsheet, are irrelevant. Additionally, in many of the requests the government seeks "any and all documents" concerning a particular category. Such requests seeking "any and all documents" are over broad. *See, e.g.*, *Rodriguez v. NNR Global Logistics USA Inc.*, CV 14-1766 (JFB) (AKT), 2016 U.S. Dist. LEXIS 46093 (E.D.N.Y. Mar. 31, 2016) ("While the number of the defendants' employees is relevant, the request for 'any and all' documents concerning that subject is inherently overbroad."); *see Mamakos v. United Airlines, Inc.*, No. CV 14-7294 (JFB) (AKT), 2018 U.S. Dist. LEXIS 168803, at *13 (E.D.N.Y. Sept. 28, 2018) ("The Court further notes that requests using the overbroad language '*any and all*' when posing a *document request* or interrogatory are not permissible."); *Henry v. Morgan's Hotel, Grp., Inc.*, 15-CV-1789 (ER)(JLC), 2016 U.S. Dist. LEXIS 8406, at *6-7 (S.D.N.Y. Jan. 25, 2016) (granting motion to quash subpoena where requests sought "[a]ll documents and communications"; "Blanket requests of this kind are plainly overbroad and impermissible").

The Honorable Joseph F. Bianco
June 22, 2020
Page 7

Additionally, the specific requests themselves are also over broad and unduly burdensome. For example, in Request 1, the government seeks "any and all documents concerning your interest in the DCSL resort, including, but not limited to, any documents in which you indicated your ownership of the DCSL resort (e.g., any financial disclosure forms whether audited or unaudited), shareholder reports or tax returns); any documents concerning your payment of any taxes or other expenses for the loan associated with the DCSL resort; and any documents reflecting any losses claimed for the loan associated with the DCSL resort." This request is over broad and unduly burdensome. It effectively seeks every document from when Danske first acquired its interest under the Repo Agreement that mentions the DCSL Resort. Such documents are simply irrelevant to determining Danske's claim. What is relevant are the underlying documents that have been produced, *i.e.,* the loan agreements, documents related to perfecting the lien, and documents supporting the advances made under those documents.

The government also seeks production of "any and all Repo confirmation statements between Danske and Lehman." Ex. 1, Request No. 13. This Request is over broad and unduly burdensome, as well as irrelevant, because it asks Danske to produce any and every confirmation relating to any purchase of any lien, even residential liens that were subject to another Repo Agreement between Lehman and Danske; what's more, the Request imposes a burden by forcing Danske to search its archives for these irrelevant documents. Is the government seriously contesting that Danske advanced funds under that Repo Agreement to Lehman when the Lehman bankruptcy court approved of Danske's claim? Dkt. No. 848-1, ¶ 63 (citing November 18, 2011 Order, No. 22238, *In re Lehman Bros. Inc.*, Case No. 08-13555(JMP) (Bankr. S.D.N.Y.) (November 2011 Order approving settlement between Danske and Lehman and allowing Danske a deficiency claim of $580 million).

The government also asks for all bank statements of certain Danske accounts in Request 23 that in addition to being irrelevant is over broad and unduly burdensome. Specifically, two of the listed accounts in Request 23 are general Danske account numbers that include thousands (if not more) transactions that are completely unrelated, and thus irrelevant, to the Resort Property, a fact that counsel for Danske had already told the government in our prior communications. Danske has provided the government all wire transfer information regarding specific transfers the government requested. There is absolutely nothing else that is required to show that Danske advanced funds to the borrower.

In a retread of an issue previously raised by the government—and Danske believed, resolved—in October 2019, the government also requests that Danske "[i]dentify any and all Danske and/or Lehman employees, past or present, who currently hold or have held an interest, directly or indirectly, in the DCSL resort." (Request No. 41). In October 2019, Danske provided to the government the declarations of two key Danske employees, David Daniel and Peter Hughes (who has since retired), who have had significant involvement with overseeing the Resort Property since late 2008. Those declarations set forth that neither they nor their families or relatives had such an interest. The government's latest demand that Danske identify anyone who has ever worked at Danske—or any past or present *Lehman* employee—who might have held any interest in the resort seeks information that Danske does not possess and is vastly over broad and burdensome and completely irrelevant to the issue before the Court. Danske currently has 22,000

The Honorable Joseph F. Bianco
June 22, 2020
Page 8

employees worldwide (and obviously many previous employees). How does the government justify imposing the expense of time and hours Danske might expend in attempting to determine whether its thousands of current and former employees (as well as employees of Lehman) have or hold an interest in the DCSL resort when that issue has no bearing on whether Danske is a bona fide purchaser?

The government's Requests are not only over broad and unduly burdensome, they also seek documents that are not within Danske's custody, possession, and control. For instance, the government seeks production of, for the period 2006 to the present, "any and all appraisals or valuations of the DCSL resort loan, including, but not limited to, all appraisals or valuations conducted during the course of the Lehman Bankruptcy by CB Richard Ellis and Clayton IPS, and all documentation used to prepare such appraisals or valuations." Ex. 1, Request No. 7. These documents are not in Danske's custody or control because it is Danske's understanding that these entities were hired by Lehman Commercial Paper, Inc.

Finally, the Requests purport to require Danske to produce any document that is produced in Spanish to be translated by Danske. Requests page 10. Not only are some of the documents that the government seeks to be translated irrelevant (*e.g.*, March 2013 Environmental Report from Request No. 51), but the government cannot require Danske to expend funds to translate documents. *Cf. United States v. Ahmed*, 12-CR-661 (SLT) (S-2), 2015 U.S. Dist. LEXIS 46895, at *6 (E.D.N.Y. Apr. 9, 2015) (denying defendants' motion to compel the government to provide an English translation of a Swedish website where the government did not have a translation in its possession and defendants could seek their own translation).

3. **Danske has already produced thousands of pages of documents that are responsive to the Requests and, but for those identified in the attached Spreadsheet, all other Requests should be Stricken**

Danske has produced to the government thousands of pages of documents since 2015. These documents include, among other things, loan agreements and amendments thereto, trust agreements, UCC financing statements, a trust receipt showing that Danske held title to the senior secured lien in the Resort Property as of September 12, 2008, calculations supporting the Profit Participation Fee ("PPF"), documents relevant to the claim Danske filed in Lehman's bankruptcy, and wire transfer confirmations. Danske has also produced additional documents in support of its summary judgment motion, this includes 94 separate exhibits. As set forth in the attached spreadsheet,[2] subject to its objections, Danske will produce the following additional documents:

---

[2]     Exhibit 2 sets forth each Request, whether Danske has already produced documents previously that are called for in the request, the date of production and bates number. In addition to the objections raised above, the spreadsheet lists out objections to each of the remaining requests.

❖ Under Request Nos. 7 and 8, a 2009 Jones Lang LaSalle appraisal of the Resort Property created during the pendency of the Lehman bankruptcy, which Danske intends to produce by June 26, 2020.

❖ Under Request Nos. 21 and 53, a spreadsheet calculating the accrual of default interest and providing certain historical LIBOR data from January 2017 to the present, which Danske intends to produce by June 26, 2020.

❖ Under Request Nos. 1, 3-5, UCC continuation statements, if any, that have not been previously produced with respect to Danske's secured interests in PF Ventures, LLC, Diamante Properties, LLC, KAJ Holdings, LLC, CSL Properties 2006, LLC, Baja Ventures 2006, LLC, and Diamante Cabo San Lucas, LLC. Danske intends to produce as soon as practicable.

❖ Under Request No. 23, all statements for the Interest Reserve, Tax Reserve, Ocean Club Reserve, and Commission Reserve in Danske's possession, custody, or control, which Danske intends to produce by June 24, 2020.

❖ Under Request No. 27, all Trimont statements in Danske's custody, control, or possession, if any, that the government identifies as "missing" as soon as practicable.[3]

❖ Under Request No. 51, English language translations of the trust agreements, if any, that Danske has in its custody, control, or possession, and that do not reflect material subject to the attorney client privilege. Danske intends to produce as soon as practicable.

❖ Under Request No. 54, any wire transfer confirmations in Danske's custody, possession, and control, if any, that the government identifies as missing from the more than 70 confirmations Danske has already provided. To the extent that the government identifies such specific confirmations, Danske will endeavor to produce such documents as soon as practicable.

*        *        *        *        *        *

As set forth above, Danske respectfully requests that the Court strike the government's remaining requests. In light of the exigencies Danske has previously expressed and the Court has recognized, the government's clearly objectionable requests can be dealt with swiftly by the Court. To the extent the government seeks to prolong and delay determination of Danske's claim pending further briefing on its Requests, we urge the Court to deny any such request. Lastly, to the extent the government files a letter defending seeking production of documents responsive to its Request,

---

[3]     Danske is in the process of gathering these documents, as well as others that it intends to produce, and, unless otherwise stated, will endeavor to produce them as soon as the documents are gathered, reviewed and processed for production. We expect that this process should not take more than one week from today's date. To the extent it does, we will so apprise the government.

The Honorable Joseph F. Bianco
June 22, 2020
Page 10

we ask the Court to treat that letter as a motion to compel subject to costs under Fed. R. Civ. P. 37(a)(5)(B).

We thank the Court for its attention to this matter.

Respectfully,

George Kostolampros
Doreen S. Martin
Xochitl S. Strohbehn

cc:     All parties of record via ECF
        Thomas McC. Souther, Esq. and Kevin P. Mulry, Esq. (by email)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA,

                                           CR-13-607 (JFB)

        -against-

PHILIP A. KENNER and
TOMMY CONSTANTINE,

                   Defendants.

- – – – – – – – – – – – – – – – – – – – – –X

## UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, PURSUANT TO FED. R. CIV. P. 34, TO CLAIMANT DANSKE BANK A/S, LONDON BRANCH

PLEASE TAKE NOTICE that the UNITED STATES OF AMERICA, by its attorney RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, Diane C. Leonardo and Madeline O'Connor, Assistant United States Attorneys, of counsel, submits to claimant Danske Bank A/S, London Branch ("Danske") the following set of requests for production of documents ("Document Requests"), to be answered separately and fully in writing, under oath, in accordance with the procedures and definitions set forth below and as specified in the Federal Rules of Civil Procedure and the Local of the United States District Courts for the Southern and Eastern Districts of New York, to the Office of the United States Attorney for the Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722, Attn: Madeline O'Connor and Diane C. Leonardo.

### DEFINITIONS

1.     The "DCSL resort" shall refer to the Diamante Cabo San Lucas resort that the government seeks to forfeit in this action.

1

2.      "DCSL Mexico" shall refer to Diamante Cabo San Lucas S. De R.L. De CV.

3.      "Verified Petition" shall refer to the Verified Petition of Danske Bank A/S London Branch to Adjudicate Interest in Property Pursuant to 21 U.S.C. §853(a) filed on May 6, 2020 in the United States District Court for the Eastern District of New York, captioned *U.S. v. Kenner et. al.* Docket Entry ("DE") 835-1.

4.      "Lehman" shall refer to any Lehman entity, including, but not limited to, Lehman Brothers Commercial Paper, Inc.

5.      "Lehman Bankruptcy" shall refer to the bankruptcy proceedings in the Southern District of New York, Docket number 08-13555 (Peck, B.J.), and any related bankruptcy proceedings by Lehman.

6.      "Borrower" shall refer to the DCSL resort and DCSL Mexico.

7.      "Loan Agreements" shall refer to the loan agreements, and any and all riders or amendments, between the Borrower and Danske.

8.      "Defendants" shall refer to Philip A. Kenner and Tommy C. Constantine.

9.      "Jowdy" shall refer to Kenneth A. Jowdy.

10.      "Trustee" shall refer to Itzel Crisostomo Guzman, Domicile: Cordillera de los Andes 265, Piso 2, Col. Lomos de Chapultepec, CP 11000.

11.      "Trimont" shall refer to Trimont Real Estate Advisors Inc.

12.      "Equity Interests" shall refer to the equity interests in Baja Ventures 2006, LLC, Diamante Properties, LLC, CSL Properties 2006, LLC and KAJ Holdings, LLC.

13.      "MRA" shall refer to the 1999 Master Repurchase Agreement, and any and all riders or amendments, between Danske and Lehman.

14.     "Repo Agreements" shall refer to all repurchase agreements between Danske and Lehman.

15.     "You" and "your" shall refer to the Claimant Danske, along with each of its representatives, agents, attorneys, and employees.

16.     The definitions and rules of construction set forth in Fed. R. Civ. P. 34(a) and Local Civil Rule 26.3 are incorporated herein and set forth, in pertinent part, below for your convenience:

     a.  "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise);

     b.  "Concerning" means relating to, referring to, describing, evidencing, or constituting;

     c.  "Document" includes all documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, emails and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

     d.  "Identify" (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

     e.  "Identify" (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information;

     f.  "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association; and

     g.  The following rules of construction apply to all discovery requests:

    i.    All/Each.  The terms "all" and "each" shall be construed as all and each;

    ii.    And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

    iii.    Number.  The use of the singular form of any word includes the plural and vice versa.

## **<u>INSTRUCTIONS</u>**

1.    The full text of the Document Request should be set forth immediately preceding your response thereto.

2.    Information and documents are deemed to be in your possession, custody or control if they are in your physical custody and/or, regardless of whether the information or documents are currently in your physical custody, if they are in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, expressed or implied, that he/she may use, inspect, examine or copy said document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when he/she sought to do so.  Such documents shall include, without limitation, documents that are in the custody of your attorney(s) or other agents.

3.    When you produce documents in response to these requests, you must indicate to which Document Request, or part thereof, the document is responsive.

4.    If the Document Requests call for any information or document(s) that has/have been lost, destroyed or discarded, furnish an inventory of the missing documents and provide the following information: the type of document; the general subject matter of the document; the

date of the document; the title and author of the document; the names of any persons who participated in the preparation of the document; the names of the addressee and any other recipient of the document; the relationship between the author and the addressee; the number of pages the document contained; the date that the document was lost, destroyed or otherwise discarded; and the names of the persons authorizing, participating in or with knowledge of such loss, destruction or discard.

5.     Unless otherwise indicated, the responses should include all information known up to the date of the verification of these document demands.  All of these Document Requests are deemed to be continuing so as to require further and supplemental responses or the production of additional documents as you receive or identify additional information at any point.  Pursuant to Fed. R. Civ. P. 26(e)(1)(A), such supplementary responses and documents are to be served upon the undersigned counsel in a timely manner upon learning of the additional information or documents.

6.     If any of the Document Requests seek a document that you have already produced, indicate in your response the date when the responsive document was produced and the Bates Number of the responsive document.

7.     Where a claim of privilege is asserted, the attorney asserting the privilege shall provide the information required by Rule 26.2 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.

8.     If only part of the Document Request is objected to, respond to the remaining portion and indicate the portion to which you are responding.

9.      The relevant time period for the following Document Requests is from January 1, 2006 until the present, unless (a) otherwise specified below in a Document Request; or (b) the

Document Request concerns the source and/or acquisition of an interest in the DCSL resort, in which case there is no limitation on the relevant time period.

10.   When you produce documents in response to these Document Requests, if a document is in Spanish, you must provide the original Spanish version of the document, as well as an English translation of the document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   Produce any and all documents concerning your interest in the DCSL resort, including, but not limited to, any documents in which you indicated your ownership of the DCSL resort (e.g., any financial disclosure forms (whether audited or unaudited), shareholder reports or tax returns); any documents concerning your payment of any taxes or other expenses for the loan associated with the DCSL resort; and any documents reflecting any losses claimed for the loan associated with the DCSL resort.

2.   Produce any and all documents concerning the acquisition of your interest in the DCSL resort loan from Lehman and/or the Lehman Bankruptcy estate, including, but not limited to, documents concerning (a) the date when you purchased the DCSL resort loan from Lehman and/or the Lehman Bankruptcy estate, (b) the amount of consideration, if any, that you provided to purchase the DCSL resort loan from Lehman and/or the Lehman Bankruptcy estate; (c) the value attributed to the DCSL resort loan in your settlement with Lehman and/or the Lehman Bankruptcy estate during the Lehman Bankruptcy; and (d) the transaction documents, under the Repo Agreement or otherwise, evidencing (i) the purchase price for the purchase of the DCSL resort loan and (ii) the terms of Lehman's repurchase of the DCSL resort loan.

3. Produce any and all documents, including continuation statements, evidencing Danske's claimed "secured interest in shares" in: (a) Baja Ventures 2006, LLC; (b) Diamante Properties, LLC; (c) CSL Properties 2006 LLC; and (d) KAJ Holdings, LLC.

4. Produce all documents evidencing Danske's claimed "perfected senior secured interests" in: (a) Diamante Cabo San Lucas, LLC; and (b) PF Ventures, LLC.

5. Produce all copies of Danske's Uniform Commercial Code ("UCC") filings for any claimed interest in: (a) the DCSL resort; (b) Baja Ventures 2006, LLC; (c) Diamante Properties, LLC; (d) CSL Properties 2006 LLC; (e) KAJ Holdings, LLC; (f) Diamante Cabo San Lucas, LLC; and (g) PF Ventures, LLC.

6. Produce any and all documents or communications made at any time between you and any other person, including, but not limited to, Jowdy, concerning the purchase and acquisition of the DCSL resort loan from Lehman.

7. Produce any and all appraisals or valuations of the DCSL resort loan, including, but not limited to, all appraisals or valuations conducted during the course of the Lehman Bankruptcy by CB Richard Ellis and Clayton IPS, and all documentation used to prepare such appraisals or valuations.

8. Produce any and all appraisals or valuations of the DCSL resort, including, but not limited to, all appraisals or valuations conducted during the course of the Lehman Bankruptcy by CB Richard Ellis and Clayton IPS, and all yearly appraisals or valuations conducted by Danske for the years 2009 to the present, inclusive, and all documentation used to prepare such appraisals or valuations.

9. Produce all emails and correspondence between Danske and Lehman with regard to the valuation of the commercial loans under the MRA.

7

10.     Produce unredacted, fully executed copies of the MRA and Repo Agreements between Danske and Lehman with all corresponding exhibits.

11.     Produce any and all documents evidencing the MRA or the amendments in which the Lehman loan to the DCSL resort is included.

12.     Produce the assignment agreement from February 2009 between Danske and Lehman.

13.     Produce any and all Repo confirmation statements between Danske and Lehman.

14.     Produce any and all documents that supported Danske's proof of claim filed in the Lehman Bankruptcy.

15.     Produce any and all documents that established Danske's reduced proof of claim in the amount of $580 million in the Lehman Bankruptcy proceedings.

16.     Produce any and all documents that established the consideration to transfer Danske's $580 million claim in the Lehman Bankruptcy to Goldman Sachs.

17.     Produce (a) any and all servicing agreements with Trimont Real Estate Advisors, Inc., Michael Devlin, and any other third-party utilized by Danske or the Borrower to provide services regarding the DCSL resort loan; and (b) any and all correspondence, reports and documents prepared according to such servicing agreements, including, but not limited to, those identified in Document Requests 18, 19, 20, and 27.

18.     Provide all required construction documents identified in the Loan Agreements under Article VIII, Section 8.1, Replacement Facility C - Required Construction Documents, and under Article IX, Section 9.2, Construction Budget-Replacement Facility C, for each disbursement and/or loan advance from Facility C.

8

19.     Provide all reports furnished by the Borrower to Danske pursuant to the Loan

Agreements, Section 13.5, Reporting Covenants, including, but not limited to: Section 13.5(a),

Weekly Reports; Section 13.5(b), Monthly Reports; Section 13.5(c), Quarterly Reports; and

Section 13.5(d), Annual Reports.

20.     Produce any and all status reports created, authored, and/or produced by Michael

Devlin.

21.     Produce any and all documents showing the amount and calculation of Danske's

claimed default interest.

22.      Produce any and all documents showing the calculation and valuation for

Danske's claimed profit participation fee under the Loan Agreements.

23.     Provide a complete set of statements for each sub-account set up by Danske

related to each loan facility, including, but not limited to, the following accounts:

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| Danske Bank A/S | 22028839 | Diamante Cabo San Lucas S. de R.L. de C.V. | Interest Reserve |
| Danske Bank A/S | 36030321 | Diamante Cabo San Lucas S. de R.L. de C.V. | Tax Reserve |
| Danske Bank A/S | 36030429 | Diamante Cabo San Lucas S. de R.L. de C.V. | Ocean Club Reserve |
| Danske Bank A/S | 36030453 | Diamante Cabo San Lucas S. de R.L. de C.V. | Commission Reserve |
| Danske Bank A/S | 36990540 | Diamante Cabo San Lucas S. de R.L. de C.V. | Danske Bank London Branch Discount-Cabo |
| Danske Bank A/S | 36991065 | Diamante Cabo San Lucas S. de R.L. de C.V. | Danske Bank London Branch Professional Fees |

24.     Provide support for the $900,000 transfer from Facility C on October 10, 2018.

25.     Provide wire transfer documentation to support the transfers from Trimont to the

Borrower for the 45 loan advance wire transfers, totaling $53,476,556, from Facility C to

Trimont Real Estate Advisors Inc. (Wells Fargo Bank Account – Account Number

2000025192043).

9

26.    Provide bank statements for other bank accounts identified that funds from

Facility A, B and C may have been indirectly transferred to, including, but not limited to, the

following accounts:

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| Borrower's and Borrower Affiliates' Bank Accounts Identified in Loan Documents: | | | |
| Bank of New York | 6550253668 | Diamante CSL LLC | Unknown |
| Banco Mercantil del Norte | 540653166 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking - Development Expenses |
| TD Bank | 4337813269 | Diamante CSL LLC | Sales Revenue |
| TD Bank | 4342295808 | Diamante Management Services, Inc. | Operations / Private Construction |
| Wells Fargo Bank | 2000030104660 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking Account & Collateral Account |
| Wells Fargo Bank | 2000058292732 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Account & Collateral Account |
| Wells Fargo Bank | 2000046014993 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operating Account & Collateral Account |
| Wells Fargo Bank | 7014523448 | Diamante Cabo San Lucas S. de R.L. de C.V. | Holding Account |
| Wells Fargo Bank | 8405659858 | Diamante Cabo San Lucas S. de R.L. de C.V. | Money Market Account |
| Wells Fargo Bank | 515552179 | Diamante Cabo San Lucas S. de R.L. de C.V. | Holding Account |
| Wells Fargo Bank | 7014523331 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Costs Account |
| Wells Fargo Bank | 70452291 | Diamante Club LLC | Checking Account |
| Banco Mercantil del Norte | 626436124 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 626436160 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 647958993 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Revenue |
| Banco Mercantil del Norte | 885768006 | Diamante Cabo San Lucas S. de R.L. de C.V. | Private Construction Expenses / Deposits |
| Banco Mercantil del Norte | 811253725 | Diamante Cabo San Lucas S. de R.L. de C.V. | TRC Expenses |
| Banco Mercantil del Norte | 537788291 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking - Development Expenses |

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| Banco Mercantil del Norte | 654187045 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Revenue |
| Banco Mercantil del Norte | 629300744 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Expenses |
| Banco Mercantil del Norte | 626436058 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 813490962 | Diamante Cabo San Lucas S. de R.L. de C.V. | TRC Expenses |
| Banco Mercantil del Norte | 893014435 | Diamante Cabo San Lucas S. de R.L. de C.V. | Private Construction Expenses/ Deposits |
| Banco Mercantil del Norte | 646208440 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Cost/GV33 |
| Banco Mercantil del Norte | 640368650 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Cost/GV33 |
| Santander Bank | 82-500603302 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 404167402 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 417271215 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 404167224 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 420856633 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 218796607 | Diamante Development S. de R.L. | Construction Payroll |
| Banco Mercantil del Norte | 219135744 | Diamante Development S. de R.L. | Construction Payroll |
| Banco Mercantil del Norte | 807291878 | Diamante Life S. de R.L. de C.V. | Dlife Exp-Dep |
| Banco Mercantil del Norte | 540653184 | Diamante Life S. de R.L. de C.V. | Dlife Exp-Dep |
| Banco Mercantil del Norte | 644363868 | Prestadora de Servicios S. de R.L. de C.V. | PS Bank Account |
| Banco Mercantil del Norte | 212349937 | Prestadora de Servicios Diamante S. de R.L. de C.V. | Payroll Expenses |
| Banco Mercantil del Norte | 646208459 | Prestadora de Servicios Diamante S. de R.L. de C.V. | Payroll Expenses |
| Banco Mercantil del Norte | 241523315 | Prestadora de Servicios Turistico y de Golf S. de | Payroll Expenses |
| Banco Mercantil del Norte | 242265256 | Prestadora de Servicios Turistico y de Golf S. de | Payroll Expenses |
| Unknown | 8832 | Pacifico Associates SA | USD Bank Account |

11

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| **HOA Accounts Identified in Loan Documents:** | | | |
| | 489827440 | Regimen Secundario de Propiedad en Condominium Casitas Fase 1 | HOA Account |
| | 489827507 | Regimen Secundario de Propiedad en Condominium Casitas Fase 2 | HOA Account |
| | 485615694 | Diamante SCL Master HOA AC | HOA Account |
| | 485615649 | Diamante SCL Master HOA AC | HOA Account |
| | 485615779 | Regimen de Propiedad en Condominio Beach Estates | HOA Account |
| | 488710536 | Regimen de Propiedad en Condominio Beach Estates | HOA Account |
| | 485615818 | Sub-Regimen de Propiedad en Condominio 1 Golf Villas del RE | HOA Account |
| | 489827413 | Sub-Regimen de Propiedad en Condominio 1 Golf Villas del RE | HOA Account |
| | 485615676 | Sub-Regimen de Propiedad en Condominio 2 Sunset Hill | HOA Account |
| | 485615621 | Sub-Regimen de Propiedad en Condominio 2 Sunset Hill | HOA Account |
| | 485615742 | Sub-Regimen de Propiedad en Condominio Denominado DRC-Lote A | HOA Account |
| | 488710518 | Sub-Regimen de Propiedad en Condominio Denominado DRC-Lote A | HOA Account |
| **Unrelated Party Bank Accounts Identified in Loan Documents:** | | | |
| BBVA Bancomer | 8000541817100 | Stewart Title Guaranty de Mexico S.A. | Unknown |
| Banco Nacional de Mexico | 0660 / 9582454 | Fidelity National Title de Mexico S.A. | Unknown |
| Keybank | 1001516552 | Baker & Hostetler LLP | Unknown |
| PNC Bank | 5501298602 | Venable LLP | Escrow Account |
| HSBC Mexico | 21041070029475400 | Jose Alberto Castro Salazar | Unknown |
| JP Morgan Chase | 447449955 | FNF Title International Holding Co. | Unknown |
| Unknown | 03706797575 | Daniel Urrea Gonzalez Paul or Narda Rodriguez | Unknown |
| Compass Bank | 2511134873 | Bruce D Greenberg, Inc. | Unknown |

27.     Provide all Trimont summary statements, account statements, and invoices

identified as 'Missing' below:

| Month/Year | Facility A | | Facility B | | Facility C | | |
|---|---|---|---|---|---|---|---|
| | Trimont Statements | Trimont Invoices | Trimont Statements | Trimont Invoices | Trimont Statements | Trimont Invoices | Trimont Summary Statement |
| Apr-06 to Aug-08 | Missing | Missing | | | | | |
| Sep-08 to Nov-08 | | Missing | | | | | |
| Dec-08 to Feb-09 | | Missing | | | | | |
| Mar-09 to May-10 | | Missing | | Missing | | | |
| Jun-10 to Aug-10 | Missing | Missing | Missing | Missing | | | |
| Sep-10 to Nov-10 | | Missing | Missing | Missing | | | |
| Dec-10 to Nov-11 | | Missing | | Missing | | | |
| Dec-11 to Feb-12 | Missing | | Missing | | | | |
| Jan-12 | Missing | | Missing | | | | |
| Mar-12 to Jun-12 | Missing | Missing | Missing | Missing | | | |
| Jul-12 to Dec-12 | Missing | | Missing | | | | |
| Jan-13 to Mar-13 | Missing | | Missing | | | | |
| Apr-13 to Dec-13 | Missing | | Missing | | Missing | | Missing |
| Jan-14 to Mar-14 | Missing | Missing | Missing | Missing | Missing | Missing | Missing |
| Apr-14 | Missing | | Missing | | Missing | | Missing |
| May-14 to Dec-14 | Missing | | Missing | | Missing | | |
| Jan-15 to Mar-15 | Missing | | Missing | Missing | Missing | | |
| Apr-15 to Dec-15 | Missing | Missing | Missing | Missing | Missing | Missing | |
| Jan-16 to Sep-16 | Missing | | Missing | | Missing | | |
| Oct-16 to Dec-16 | Missing | Missing | Missing | Missing | Missing | Missing | |

28.     For each disbursement and/or loan advance from Facilities A, B, C, and D,

including, but not limited to, the transactions in the table below, provide complete draw request

packages, containing all documents identified in *Section 11.1, Documents to be Furnished for

Each Disbursement*, of the loan agreements as a condition precedent to the disbursement of

funds from the loan facilities.

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| A | 90003664 | 1 | 11/19/08 | 11/19/08 | OUTWARD 4022-83245122794 | $20,015 |
| A | 90003664 | 2 | 01/14/09 | 01/14/09 | OUTWARD 4022-90146641714 | 1,600,015 |

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| A | 90003664 | 3 | 05/19/09 | 05/19/09 | OUTWARD 4022-91391762512 | 1,032,397 |
| A | 90003664 | 8 | 04/29/13 | 04/29/13 | OUTWARD 4022-31194190714 | 428,375 |
| B | 90003761 | 2 | 06/15/09 | 06/15/09 | OUTWARD 4022-91662507620 | 1,010,636 |
| B | 90003761 | 3 | 07/06/09 | 07/06/09 | OUTWARD 4022-91873141644 | 1,345,218 |
| B | 90003761 | 3 | 07/31/09 | 07/31/09 | OUTWARD 4022-92123816270 | 1,733,382 |
| B | 90003761 | 3 | 09/01/09 | 09/01/09 | OUTWARD 4022-92444629416 | 600,000 |
| B | 90003761 | 3 | 09/04/09 | 09/04/09 | OUTWARD 4022-92474750838 | 1,153,649 |
| B | 90003761 | 3 | 09/23/09 | 09/23/09 | OUTWARD 4022-92665184262 | 600,000 |
| B | 90003761 | 4 | 10/01/09 | 10/01/09 | OUTWARD 4022-92745501218 | 1,678,172 |
| B | 90003761 | 4 | 10/29/09 | 10/29/09 | OUTWARD 4022-93026251756 | 1,477,890 |
| B | 90003761 | 4 | 11/23/09 | 11/23/09 | OUTWARD 4022-93276906316 | 700,000 |
| B | 90003761 | 5 | 12/08/09 | 12/08/09 | OUTWARD 4022-93427409284 | 909,255 |
| B | 90003761 | 5 | 12/18/09 | 12/18/09 | OUTWARD 4022-93517677256 | 250,387 |
| B | 90003761 | 5 | 12/18/09 | 12/18/09 | OUTWARD 4022-93517677258 | 68,484 |
| B | 90003761 | 6 | 01/13/10 | 01/13/10 | OUTWARD 4022-00138377404 | 200,000 |
| B | 90003761 | 6 | 01/29/10 | 01/29/10 | OUTWARD 4022-00298855524 | 1,419,343 |
| B | 90003761 | 6 | 01/29/10 | 01/29/10 | OUTWARD 4022-00298845196 | 300,000 |
| B | 90003761 | 7 | 02/25/10 | 02/25/10 | OUTWARD 4022-00569578900 | 946,201 |
| B | 90003761 | 8 | 03/26/10 | 03/26/10 | OUTWARD 4022-00850446678 | 756,836 |
| B | 90003761 | 9 | 05/05/10 | 05/05/10 | OUTWARD 4022-01251555172 | 349,710 |
| B | 90003761 | 16 | 03/01/13 | 03/01/13 | OUTWARD 4022-30602283364 | 390,011 |
| B | 90003761 | 17 | 04/12/13 | 04/12/13 | OUTWARD 4022-31023628668 | 306,271 |
| C | 36030240 | 1 | 05/24/13 | 05/24/13 | OUTWARD 4022-31444995958 | 582,728 |
| C | 36030240 | 1 | 06/24/13 | 06/24/13 | OUTWARD 4022-31756015522 | 683,300 |
| C | 36030240 | 2 | 08/29/13 | 08/29/13 | OUTWARD 4022-32418274570 | 37,691 |
| C | 36030240 | 5 | 05/06/14 | 05/06/14 | OUTWARD 4022-41266802658 | 2,000,000 |
| C | 36030240 | 5 | 06/26/14 | 06/26/14 | OUTWARD 3826-41778554262 | 2,000,000 |
| C | 36030240 | 6 | 07/23/14 | 07/23/14 | OUTWARD 4022-42049409644 | 2,000,000 |
| C | 36030240 | 6 | 08/21/14 | 08/21/14 | OUTWARD 4022-42330354778 | 2,000,000 |
| C | 36030240 | 7 | 10/07/14 | 10/07/14 | OUTWARD 4022-42802014522 | 2,000,000 |
| C | 36030240 | 7 | 12/30/14 | 12/30/14 | OUTWARD 4022-43644982596 | 1,587,637 |
| C | 36030240 | 8 | 01/13/15 | 01/13/15 | OUTWARD 4022-50135372462 | 910,934 |
| C | 36030240 | 8 | 02/25/15 | 02/25/15 | OUTWARD 4022-50556843448 | 905,834 |
| C | 36030240 | 8 | 03/04/15 | 03/04/15 | OUTWARD 4022-50637156334 | 2,000,000 |
| C | 36030240 | 9 | 04/02/15 | 04/02/15 | OUTWARD 4022-50928178314 | 1,750,000 |
| C | 36030240 | 10 | 07/03/15 | 07/03/15 | OUTWARD 4022-51841485826 | 1,500,000 |
| C | 36030240 | 10 | 08/04/15 | 08/04/15 | OUTWARD 4022-52162524448 | 1,250,000 |
| C | 36030240 | 10 | 09/15/15 | 09/15/15 | OUTWARD 4022-52583918698 | 1,750,000 |
| C | 36030240 | 11 | 10/02/15 | 10/02/15 | OUTWARD 4022-52754633438 | 1,750,000 |
| C | 36030240 | 11 | 11/06/15 | 11/06/15 | OUTWARD 4022-53105862840 | 1,394,488 |
| C | 36030240 | 11 | 12/10/15 | 12/10/15 | OUTWARD 3826-53447096398 | 1,250,000 |
| C | 36030240 | 12 | 01/06/16 | 01/06/16 | OUTWARD 4022-60068010908 | 1,402,000 |
| C | 36030240 | 14 | 07/26/16 | 07/26/16 | OUTWARD 4022-62085531840 | 1,500,000 |

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| C | 36030240 | 15 | 10/13/16 | 10/13/16 | OUTWARD 4022-62878535812 | 1,500,000 |
| C | 36030240 | 15 | 12/28/16 | 12/28/16 | OUTWARD 4022-63631625114 | 1,500,000 |
| C | 36030240 | 16 | 03/17/17 | 03/17/17 | OUTWARD 4022-70764778798 | 1,431,894 |
| C | 36030240 | 17 | 05/12/17 | 05/12/17 | OUTWARD 4022-71327433154 | 1,450,000 |
| C | 36030240 | 21 | 02/12/18 | 02/12/18 | OUTWARD 4022-80431628978 | 950,000 |
| C | 36030240 | 21 | 02/23/18 | 02/23/18 | OUTWARD 4022-80542422980 | 2,000,000 |
| C | 36030240 | 21 | 03/27/18 | 03/27/18 | OUTWARD 4022-80864099028 | 1,750,000 |
| C | 36030240 | 22 | 04/12/18 | 04/12/18 | OUTWARD 4022-81024789440 | 2,500,000 |
| C | 36030240 | 22 | 05/04/18 | 05/04/18 | OUTWARD 4022-81246121754 | 1,750,000 |
| C | 36030240 | 22 | 05/30/18 | 05/30/18 | OUTWARD 4022-81507516988 | 1,800,000 |
| C | 36030240 | 22 | 06/22/18 | 06/22/18 | OUTWARD 4022-81738787708 | 2,100,000 |
| C | 36030240 | 23 | 07/31/18 | 07/31/18 | OUTWARD 4022-82120916452 | 800,000 |
| C | 36030240 | 23 | 08/24/18 | 08/24/18 | OUTWARD 4022-82362133682 | 550,000 |
| C | 36030240 | 23 | 09/06/18 | 09/06/18 | OUTWARD 4022-82492825476 | 1,200,000 |
| C | 36030240 | 23 | 09/13/18 | 09/13/18 | OUTWARD 4022-82563109794 | 1,850,000 |
| C | 36030240 | 23 | 09/28/18 | 09/28/18 | OUTWARD 4022-82714119646 | 1,905,000 |
| C | 36030240 | 24 | 10/10/18 | 10/10/18 | OUTWARD 4022-82834633272 | 900,000 |
| C | 36030240 | 24 | 11/16/18 | 11/16/18 | OUTWARD 4022-83206788520 | 1,941,098 |
| C | 36030240 | 24 | 11/30/18 | 11/30/18 | OUTWARD 4022-83347713714 | 2,000,000 |
| C | 36030240 | 24 | 12/19/18 | 12/19/18 | OUTWARD 4022-83538891662 | 2,250,000 |
| C | 36030240 | 25 | 01/25/19 | 01/25/19 | OUTWARD 4022-90250851766 | 1,300,000 |
| C | 36030240 | 25 | 02/22/19 | 02/22/19 | OUTWARD 3826-90532477592 | 475,000 |
| C | 36030240 | 25 | 03/14/19 | 03/14/19 | OUTWARD 4022-90733552344 | 650,000 |
| C | 36030240 | 26 | 04/17/19 | 04/17/19 | OUTWARD 4022-91075749852 | 1,500,000 |
| C | 36030240 | 26 | 05/10/19 | 05/10/19 | OUTWARD 3826-91307068190 | 1,500,000 |
| C | 36030240 | 26 | 05/24/19 | 05/24/19 | OUTWARD 4022-91448050600 | 1,800,000 |
| C | 36030240 | 27 | 07/03/19 | 07/03/19 | OUTWARD 4022-91840475862 | 550,000 |
| C | 36030240 | 27 | 07/12/19 | 07/12/19 | OUTWARD 4022-91930981954 | 800,000 |
| C | 36030240 | 28 | 11/05/19 | 11/05/19 | OUTWARD 4022-93098099318 | 1,000,000 |
| | | | | | **Total Outward Transfers:** | **$91,233,871** |

29.     Produce any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for receiving, soliciting, preparing, reviewing, approving or denying loans or client relationships.

30.     Produce any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for inquiring into an investment's connection to actual or potential criminal activity and/or misconduct, and/or actual or potential

mismanagement.

31.     Produce any and all notes, correspondence, and documentation pertaining to Danske's inquiry into the involvement or connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement by the Defendants, Jowdy, and/or the DCSL resort.

32.     Produce any and all notes, correspondence, and documentation pertaining to media inquiries to Danske and/or its employees about the involvement or connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement by the Defendants, Jowdy, and/or the DCSL resort, including support for Peter Hughes of Danske's statement to Fortune magazine in 2012 that "If there had been mismanagement, I think it would have turned up in the due diligence we've conducted on the project over the past three years . . .we found no evidence that Jowdy was stealing money, and we're satisfied with the job he's doing."

33.     Produce any and all documents or information available to or within the knowledge of Danske and and/or any such company's officers, employees, owners, concerning the conduct or assets of Jowdy, his associates, relatives, representatives, and related entities.

34.     Produce any and all documents pertaining to any agreements and guarantees between Danske and any and all Jowdy related entities, including, but not limited to, Legacy Cabo, LLC, Legacy Properties, LLC, KAJ Holdings LLC and Silverpeak.

35.     Produce the Bylaws and Operating Agreement for DCSL Mexico and any documents confirming the change of trustee in or about 2014, all translated into English.

36.     Produce any and all notices of default of the DCSL resort loan, and any and all documentation that notices of default were sent to the Borrower and/or Trustee of the Mexican

trust.

37.    Produce the most recent financial information for DCSL Mexico, including financial statements and tax returns.

38.    Produce the fully executed 2009 Loan Agreement between Danske and DCSL Mexico.

39.    Produce the executed copies of any termination agreements between Danske and DCSL Mexico.

40.    Produce any and all documentation regarding the due diligence performed by Danske regarding the (a) acquisition of the DCSL resort loan; and (b) entering into loan agreements and/or modifications with the Borrower, including deliverables, obligations, and the satisfaction of conditions by DCSL Mexico as required under all extensions, modifications, facility increases, advances and amendments to the Loan Documents.

41.    Identify any and all Danske and/or Lehman employees, past or present, who currently hold or have held an interest, directly or indirectly, in the DCSL resort.

42.    Produce any and all documentation concerning any and all direct or indirect interests in the DCSL resort, current or prior, held by past or present employee(s) of Danske and/or Lehman.

43.    Produce any and all documents and correspondence pertaining to Danske's: (a) knowledge of accusations by any individuals or entities concerning theft or misconduct by the Defendants, Jowdy, and/or the DCSL resort, including, but not limited to, accusations contained in civil complaints filed by Joe Juneau, Owen Nolan, Philip Kenner, Ethan Moreau, Sergei Gonchar, Glenn Murray, Little Isle IV, and Josef Stumpel; and (b) response(s) to such accusations.

17

44.     Identify: (a) any and all Danske employees or contractors who visited the DCSL resort; (b) the date(s) of any visit; (c) the purpose of the visit(s); (d) the lodging used by the employee(s)/contractor(s) during the visit(s); (d) any gifts or benefits conferred, directly or indirectly, on a Danske employee/contractor by Jowdy and/or any employee or contractor of the DCSL resort; and (e) any gifts or benefits conferred, directly or indirectly, on Jowdy and/or any employee or contractor of the DCSL resort by a Danske employee/contractor.

45.     Produce any and all correspondence between Danske and the Defendants.

46.     Produce any and all documentation, or correspondence between Danske and the Borrower and/or Jowdy, regarding the Borrower's ability or inability to meet its loan obligations to Danske and/or Lehman.

47.     Produce any and all documentation and agreements regarding, and correspondence between, Danske and Jowdy, the Borrower, and/or the Trustee, regarding the potential or actual forfeiture of the DCSL resort.

48.     Produce any and all documentation and agreements (whether in draft or executed), and correspondence between, Danske and Jowdy and/or the Borrower, regarding: (a) Jowdy's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (b) any Lehman or Danske employee's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (c) potential purchasers of the DCSL resort and/or the DCSL resort loan; (d) foreclosure or forfeiture on the DCSL resort loan in Mexico or in the United States; (e) bankruptcy or insolvency proceedings concerning the DCSL resort or the Equity Interests in either Mexico or the United States; and (f) Jowdy's direct or indirect management of the DCSL resort during and/or after the instant criminal case.

49.     Produce any and all documentation and correspondence concerning agreements

18

between Danske and the Borrower and/or Jowdy that confer a, direct or indirect, personal or financial benefit on Jowdy.

50.    Produce any and all documentation regarding the miscellaneous fees claimed in your Verified Petition.

51.    Produce English translations for the following documents:

| Document Name | Bates Number |
|---|---|
| March 18, 2009 Notice of Assignment of Bank Accounts in Favor of Trustee (Mexican Law) | DANSKE_0014278 to DANSKE_0014281 |
| March 19, 2009 Notice of Assignment of (Performance) Bond in Favor of Trustee (Mexican Law) | DANSKE_0014282 to DANSKE_0014283 |
| March 18, 2009 Notice of Assignment of (Construction and Service) Agreements in Favor of Trustee (Mexican Law) | DANSKE_0014284 to DANSKE_0014293 |
| March 18, 2009 Notice of Assignment of Bank Accounts in Favor of Trustee (Mexican Law) | DANSKE_0013253 to DANSKE_0013256 |
| March 18, 2009 Notice of Assignment of (Construction and Service) Agreements in Favor of Trustee (Mexican Law) | DANSKE_0013285 to DANSKE_0013294 |
| July 30, 2013 Acta Aclaratoria con sellos E.P. 92,046 | DANSKE_0010914 to DANSKE_0010933 |
| April 26, 2013 Segundo Convenio Modificatorio Con Sellos E.P. 91, 326 | DANSKE_0010958 to DANSKE_0010990 |
| April 26, 2013 Pledgor in Possession Pledge (Mexico Law) | DANSKE_0012170 to DANSKE_0012201 |
| March 2013 Environmental Report | DANSKE_0011971 to DANSKE_0012010 |
| Annex to Acknowledgement of Trustee (Mexican Law) | DANSKE_0013069 to DANSKE_0013083 |
| Spanish Language Document | DANSKE_0012202 to DANSKE_0012215 |
| Spanish Language Document | DANSKE_0012967 to DANSKE_0012986 |
| Spanish Language Document | DANSKE_0012992 to DANSKE_0013051 |
| Spanish Language Document | DANSKE_0013233 to DANSKE_0013238 |
| Spanish Language Document | DANSKE_0013264 to DANSKE_0013265 |
| Spanish Language Document | DANSKE_0014774 to DANSKE_0014775 |

| Document Name | Bates Number |
|---|---|
| Spanish Language Document | DANSKE_0014776 to DANSKE_0014777 |
| Spanish Language Document | DANSKE_0014778 to DANSKE_0014779 |
| Spanish Language Document | DANSKE_0014788 to DANSKE_0014802 |
| Spanish Language Document | DANSKE_0014803 to DANSKE_0014806 |
| Spanish Language Document (possibly the Operating Agreement for DCSL Mexico) | DANSKE_0014315 to DANSKE_0014324 |
| Bylaws for DCSL Mexico | DANSKE_0014295 to DANSKE_0014312 |

52.     Produce any and all documentation and correspondence related to insurance coverage or attempted insurance coverage of the DCSL resort or DCSL resort loan, of which Danske is a policy holder or beneficiary, or otherwise has an interest therefrom.

53.     Provide the historical LIBOR interest rates determined for each Facility over the life of that Facility Loan.

54.     Provide a full accounting of all monies due, including advances of credit, payments, and charges from the acquisition of the underlying loans under the Loan Agreements to date that were used to calculate the amount Danske is owed as indicated in its Verified Petition.

55.     Produce any and all documentation and correspondence related to a potential or contemplated sale or auction of the DCSL resort by Danske.

56.     Produce any and all documentation and correspondence related to Danske's

transfers of its, actual or potential, interests in the DCSL resort.

Dated: Central Islip, New York
        June 17, 2020

                                        RICHARD P. DONOGHUE
                                        UNITED STATES ATTORNEY
                                        *Attorney for the United States of America*
                                        Eastern District of New York
                                        610 Federal Plaza, 5th Floor
                                        Central Islip, New York 11722

                        By:     /s/ Diane C. Leonardo
                                DIANE C. LEONARDO
                                MADELINE O'CONNOR
                                Assistant United States Attorneys
                                (631) 715-7854/(631)715-7870

# EXHIBIT 2

**EXHIBIT 2:  DANSKE BANK A/S LONDON BRANCH'S ("DANSKE") RESPONSES AND OBJECTIONS
TO THE GOVERNMENT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 1 | Produce any and all documents concerning your interest in the DCSL resort, including, but not limited to, any documents in which you indicated your ownership of the DCSL resort (e.g., any financial disclosure forms whether audited or unaudited), shareholder reports or tax returns); any documents concerning your payment of any taxes or other expenses for the loan associated with the DCSL resort; and any documents reflecting any losses claimed for the loan associated with the DCSL resort. | DANSKE_0010532-DANSKE_0015312<br><br>Motion for Summary Judgment Exhibits 37-39 | October 2019<br><br>June 2020 | Danske objects to this Request as overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.<br><br>Without waiving its objections, Danske refers the government to its previous production and based on its objections will not produce any of the other documents called for in this Request. |
| 2 | Produce any and all documents concerning the acquisition of your interest in the DCSL resort from Lehman and/or Lehman Bankruptcy estate, including, but not limited to, documents concerning (a) the date when you purchased the DCSL resort loan from Lehman and/or Lehman Bankruptcy estate; (b) the amount of consideration, if any, that you provided to purchase the DCSL resort loan from Lehman and/or the Lehman Bankruptcy estate; (c) the value attributed to the DCSL resort loan in your settlement with Lehman and/or the Lehman Bankruptcy estate during the Lehman | DANSKE_0012223<br>DANSKE_0013057<br>DANSKE_0012726<br>DANSKE_0014107<br>DANSKE_0015762<br>DANSKE_0015762<br>DANSKE_0015780<br>DANSKE_0015784<br><br>Motion for Summary Judgment Exhibits 37-39 | October 2019<br><br>June 2020 | Danske objects to this Request as overbroad, unduly burdensome and seeks publicly available documents.<br><br>Without waiving its objections, Danske refers the government to its previous production and will produce the following additional document: a 2009 Jones Lang LaSalle valuation report regarding the Resort Property. |

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | Bankruptcy; and (d) the transaction documents, under the Repo Agreement or otherwise, evidencing (i) the purchase price for the purchase of the DCSL resort loan and (ii) the terms of Lehman's repurchase of the DCSL resort loan. | | | |
| 3 | Produce any and all documents, including continuation statements, evidencing Danske's claimed "secured interests in shares" in (a): Baja Ventures 2006, LLC; (b) Diamante Properties, LLC; (c) CSL Properties 2006 LLC; and (d) KAJ Holdings, LLC. | DANSKE_0013220 DANSKE_0015269 DANSKE_0013228 DANSKE_0011928 DANSKE_0015011 DANSKE_0015059 DANSKE_0014904 DANSKE_0014952 DANSKE_0013331 DANSKE_0014538 DANSKE_0014861 DANSKE_0014866 DANSKE_0015010 DANSKE_0015119 DANSKE_0015120 DANSKE_0015126 DANSKE_0015177  Motion for Summary Judgment Exhibit 70 | October 2019  June 2020 | Danske objects to this Request as overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its objections, Danske refers the government to its previous production and will produce the following additional documents: UCC financing statements, if any, that may be responsive to this Request. |
| 4 | Produce all documents evidencing Danske's claimed "perfected senior secured interest" | DANSKE_0015269 DANSKE_0013228 | October 2019 | Danske objects to this Request as overbroad and unduly burdensome and may seek documents that are subject to attorney |

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | in: (a) Diamante Cabo San Lucas, LLC; and (b) PF Ventures, LLC. | DANSKE_0010945 DANSKE_0012720 DANSKE_0015243 DANSKE_0015263 DANSKE_0014244 DANSKE_0012796 DANSKE_0010724 Motion for Summary Judgment Exhibits 6, 7, 70 | June 2020 | client privilege, work product protection, or other applicable privileges. Without waiving its objections, Danske refers the government to its previous production and will produce the following additional documents: UCC financing statements, if any, that may be responsive to this Request. |
| 5 | Produce all copies of Danske's Uniform Commercial Code ("UCC") filings for any claimed interest in: (a) the DCSL resort; (b) Baja Ventures 2006, LLC; (c) Diamante Properties, LLC; (d) CSL Properties 2006 LLC; (e) KAJ Holdings, LLC; (f) Diamante Cabo San Lucas, LLC; and (g) PF Ventures, LLC. | DANSKE_0013220 DANSKE_0015269 DANSKE_0013228 DANSKE_0011928 DANSKE_0015263 DANSKE_0012726 DANSKE_0010532 DANSKE_0012138 Motion for Summary Judgment Exhibits 12, 13, 14, 78 | October 2019 June 2020 | Danske objects to this Request as duplicative of Request No. 4. Without waiving its objections, Danske refers the government to its previous production and will produce the following additional documents: UCC financing statements, if any, that may be responsive to this Request. |
| 6 | Produce any and all documents or communications made at any time between you and any other person, including, but not limited to, Jowdy, concerning the purchase | DANSKE_0015742 DANSKE_0015762 DANSKE_0015780 DANSKE_0015784 | October 2019 | Danske objects to this Request as overbroad and unduly burdensome, seeks irrelevant information, and to the extent it seeks information subject to the attorney client privilege and work product protection or any other applicable privilege. |

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | and acquisition of the DCSL resort loan from Lehman. | | | Based on its objections, Danske will not produce the documents called for in the Request. |
| 7 | Produce any and all appraisals or valuations of the DCSL resort loan, including, but not limited to, all appraisals or valuations conducted during the course of the Lehman Bankruptcy by CB Richard Ellis and Clayton IPS, and all documentation used to prepare such appraisals or valuations. | | | Danske objects to this Request as overbroad and unduly burdensome, vague and ambiguous and seeks documents that are not relevant nor likely to lead to relevant evidence.<br><br>Without waiving its objections, Danske will produce the following document: a valuation completed by Jones Lang LaSalle during the Lehman bankruptcy process. |
| 8 | Produce any and all appraisals or valuations of the DCSL resort, including, but not limited to, all appraisals or valuations conducted during the course of the Lehman Bankruptcy by CB Richard Ellis and Clayton IPS, and all yearly appraisals or valuations conducted by Danske for the years 2009 to the present, inclusive, and all documentation used to prepare such appraisals or valuations. | | | Danske objects to this Request as overbroad and unduly burdensome, and seeks documents that are not relevant nor likely to lead to relevant evidence.<br><br>Danske previously provided the government with copies of appraisals it had completed by Jones Lang LaSalle and Bruce Greenberg.<br><br>Without waiving its objections, Danske refers the government to its previous production and will produce the following additional documents: a valuation completed by Jones Lang LaSalle during the Lehman bankruptcy process. |
| 9 | Produce all emails and correspondence between Danske and Lehman with regard to the valuation of the commercial loans under the MRA. | DANSKE_0015740<br><br>Motion for Summary Judgment Exhibits 38, 39 | April 2020<br><br>June 2020 | Danske objects to this Request as overly broad and unduly burdensome, vague and ambiguous, and seeks documents subject to the attorney client privilege, work product, or any other applicable privilege. |

4

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | | | | Based on its objections, Danske will not produce the documents called for in the Request. |
| 10 | Produce unredacted, fully executed copies of the MRA and Repo Agreements between Danske and Lehman with all corresponding exhibits. | DANSKE_0015740 | April 2020 | Danske objects to this Request as over broad and unduly burdensome and seeks information that is not relevant.<br><br>Without waiving its objections, Danske refers the government to its previous production and will produce any additional documents, if any, in Danske's possession. |
| 11 | Produce any and all documents evidencing the MRA or the amendments in which the Lehman loan to the DCSL resort is included. | DANSKE_0015740 DANSKE_0015981<br><br>Motion for Summary Judgment Exhibits 26, 28, 29 | April 2020 June 2020 | Danske objects to this Request as over broad and unduly burdensome and seeks information that is not relevant.<br><br>Without waiving its objections, Danske refers the government to its previous productions and will produce any additional documents, if any, in Danske's possession. |
| 12 | Produce the assignment agreement from February 2009 between Danske and Lehman. | DANSKE_0012223 | October 2019 | Danske objects to this Request as it seeks material that does not exist or otherwise assumes facts that are incorrect as the assignment agreement is dated as of January 2009.<br><br>Without waiving its objections, Danske refers the government to its previous productions and based on its objections, will not produce any of the other documents called for in the Request. |
| 13 | Produce any and all Repo confirmation statements between Danske and Lehman. | DANSKE_0015981 | June 2020 | Danske objects to this Request as overly broad and unduly burdensome, and vague and ambiguous. |

5

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | | | | Without waiving its objections, Danske refers the government to its previous production and based on its objections, will not produce any of the other documents called for in the Request. |
| 14 | Produce any and all documents that supported Danske's proof of claim filed in the Lehman Bankruptcy. | DANSKE_0015981<br><br>Motion for Summary Judgment Exhibit 96 | June 2020 | Danske objects to this Request as overly broad and unduly burdensome, and seeks production of documents that may be subject to the attorney client privilege, work product, or any other applicable privilege.<br><br>Without waiving its objections, Danske refers the government to its previous productions and based on its objections, will not produce any of the other documents called for in the Request. |
| 15 | Produce any and all documents that established Danske's reduced proof of claim in the amount of $580 million in the Lehman Bankruptcy proceedings. | Motion for Summary Judgment Exhibits 37-39 | June 2020 | Danske objects to this Request as overly broad and unduly burdensome, vague and ambiguous, and seeks production of documents subject to the attorney client privilege, work product, or any other applicable privilege.<br><br>Without waiving its objections, Danske refers the government to its previous productions and based on its objections, will not produce any of the other documents called for in the Request. |
| 16 | Produce any and all documents that established the consideration to transfer Danske's $580 million claim in the Lehman Bankruptcy to Goldman Sachs. | | | Danske objects to this Request as overly broad and unduly burdensome, vague and ambiguous, seeks documents that are of no relevance, and seeks production of documents subject to the attorney client privilege, work product, or any other applicable privilege.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 17 | Produce (a) any and all servicing agreements with Trimont Real Estate Advisors, Inc., Michael Devlin, and any other third-party utilized by Danske or the Borrower to provide services regarding the DCSL resort loan; and (b) any and all correspondence, reports and documents prepared according to such servicing agreements, including, but not limited to, those identified in Document Requests 18, 19, 20, and 27. | DB000001- DB00774 | June 2015 | Danske objects to this Request as it seeks documents that are not in Danske's custody, control, or possession, is overly broad and unduly burdensome, seeks production of documents subject to the attorney client privilege, work product, or any other applicable privilege, and seeks documents of no relevance.<br><br>Without waiving its objections, Danske refers the government to its previous production and will produce the following additional document: the servicing agreement with Trimont. |
| 18 | Provide all required construction documents identified in the Loan Agreements under Article VIII, Section 8.1, Replacement Facility C - Required Construction Documents, and under Article IX, Section 9.2, Construction Budget-Replacement Facility C, for each disbursement and/or loan advance from Facility C. | | | Danske objects to this Request as overly broad and unduly burdensome and seeks documents of no relevance.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 19 | Provide all reports furnished by the Borrower to Danske pursuant to the Loan Agreements, Section 13.5, Reporting Covenants, including, but not limited to: Section 13.5(a), Weekly Reports; Section 13.5(b), Monthly Reports; Section 13.5(c), Quarterly Reports; and Section 13.5(d), Annual Reports. | | | Danske objects to Request No. 19 as overly broad and unduly burdensome, and seeks documents of no relevance.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 20 | Produce any and all status reports created, authored, and/or produced by Michael Devlin. | DB000001- DB00774 | June 2015 | Danske objects to Request No. 20 as overly broad and unduly burdensome, and seeks documents of no relevance.<br><br>Without waiving its objections, Danske refers the government to its previous production and based on its objections, Danske will not produce the documents called for in the Request. |
| 21 | Produce any and all documents showing the amount and calculation of Danske's claimed default interest. | | | Danske objects to this Request as overly broad and unduly burdensome, and seeks documents that may be subject to the attorney client privilege, work product, or any other applicable privilege.<br><br>Without waiving its objections, Danske refers the government to its previous production and based on its objections, will not produce any of the other documents called for in the Request. |
| 22 | Produce any and all documents showing the calculation and valuation for Danske's claimed profit participation fee under the Loan Agreements. | DANSKE_0015590 | March 2020 | Danske objects to this Request as overly broad and unduly burdensome, and seeks documents that may be subject to the attorney client privilege, work product, or any other applicable privilege.<br><br>Without waiving its objections, Danske refers the government to its previous production and based on its objections, will not produce any of the other documents called for in the Request. |
| 23 | Provide a complete set of statements for each sub-account set up by Danske related to each loan facility, including, but not limited to, the following accounts: | DANSKE_0015957<br>DANSKE_0015958<br>DANSKE_0015972<br>DANSKE_0015973<br>DANSKE_0015974<br>DANSKE_0015975 | June 2020 | Danske objects to this Request as overly broad and unduly burdensome.<br><br>Without waiving its objections, Danske refers the government to its previous production and will produce the following additional documents: statements for the Interest Reserve, Ocean Club |

8

| Request No. | Request | Bates No. of Previously Produced Documents | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
|  |  | DANSKE_0015976 DANSKE_0015977 DANSKE_0015978 |  | Reserve, Commission Reserve, and Ocean Club Reserve to the extent such statements exist. Danske will not produce additional documents responsive to this Request. |

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| Danske Bank A/S | 22028839 | Diamante Cabo San Lucas S. de R.L. de C.V. | Interest Reserve |
| Danske Bank A/S | 36030321 | Diamante Cabo San Lucas S. de R.L. de C.V. | Tax Reserve |
| Danske Bank A/S | 36030429 | Diamante Cabo San Lucas S. de R.L. de C.V. | Ocean Club Reserve |
| Danske Bank A/S | 36030453 | Diamante Cabo San Lucas S. de R.L. de C.V. | Commission Reserve |
| Danske Bank A/S | 36990540 | Diamante Cabo San Lucas S. de R.L. de C.V. | Danske Bank London BranchDiscount-Cabo |
| Danske Bank A/S | 36991065 | Diamante Cabo San Lucas S. de R.L. de C.V. | Danske Bank London Branch Professional Fees |

| Request No. | Request | Bates Nos. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 24 | Provide support for the $900,000 transfer from Facility C on October 10, 2018. | DANSKE_0015549 | March 2020 | Danske refers the government to its previous production and will produce any wire transfer confirmation, if any, that is responsive to this Request. |
| 25 | Provide wire transfer documentation to support the transfers from Trimont to the Borrower for the 45 loan advance wire transfers, totaling $53,476,556, from Facility C to Trimont Real Estate Advisors |  |  | Danske objects to this Request as overbroad, unduly burdensome and irrelevant.<br><br>Based on its objections, Danske will not produce documents responsive to this Request. |

9

| Request No. | Request | Bates Nos. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | Inc. (Wells Fargo Bank Account — Account Number 2000025192043). | | | |
| 26 | Provide bank statements for other bank accounts identified that funds from Facility A, B and C may have been indirectly transferred to, including, but not limited to, the following accounts: | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant and seeks documents not Danske's control, custody or possession.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| Borrower's and Borrower Affiliates' Bank Accounts Identified in Loan Documents: | | | |
| Bank of New York | 6550253668 | Diamante CSL LLC | Unknown |
| Banco Mercantil del Norte | 540653166 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking - Development Expenses |
| TD Bank | 4337813269 | Diamante CSL LLC | Sales Revenue |
| TD Bank | 4342295808 | Diamante Management Services, Inc. | Operations / Private Construction |
| Wells Fargo Bank | 2000030104660 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking Account & Collateral Account |
| Wells Fargo Bank | 2000058292732 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Account & Collateral Account |
| Wells Fargo Bank | 2000046014993 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operating Account & Collateral Account |

| Wells Fargo Bank | 7014523448 | Diamante Cabo San Lucas S. de R.L. de C.V. | Holding Account |
|---|---|---|---|
| Wells Fargo Bank | 8405659858 | Diamante Cabo San Lucas S. de R.L. de C.V. | Money Market Account |
| Wells Fargo Bank | 515552179 | Diamante Cabo San Lucas S. de R.L. de C.V. | Holding Account |
| Wells Fargo Bank | 7014523331 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Costs Account |
| Wells Fargo Bank | 70452291 | Diamante Club LLC | Checking Account |
| Banco Mercantil del Norte | 626436124 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 626436160 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 647958993 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Revenue |
| Banco Mercantil del Norte | 885768006 | Diamante Cabo San Lucas S. de R.L. de C.V. | Private Construction Expenses / Deposits |
| Banco Mercantil del Norte | 811253725 | Diamante Cabo San Lucas S. de R.L. de C.V. | TRC Expenses |
| Banco Mercantil del Norte | 537788291 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking - Development Expenses |
| Banco Mercantil del Norte | 629300744 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Expenses |
| Banco Mercantil del Norte | 626436058 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 813490962 | Diamante Cabo San Lucas S. de R.L. de C.V. | TRC Expenses |
| Banco Mercantil del Norte | 893014435 | Diamante Cabo San Lucas S. de R.L. de C.V. | Private Construction Expenses/ Deposits |

| Banco Mercantil del Norte | 646208440 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Cost/GV33 |
|---|---|---|---|
| Banco Mercantil del Norte | 640368650 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Cost/GV33 |
| Santander Bank | 82-500603302 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 404167402 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 417271215 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 404167224 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 420856633 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 218796607 | Diamante Development S. de R.L. | Construction Payroll |
| Banco Mercantil del Norte | 219135744 | Diamante Development S. de R.L. | Construction Payroll |
| Banco Mercantil del Norte | 807291878 | Diamante Life S. de R.L. de C.V. | Dlife Exp-Dep |
| Banco Mercantil del Norte | 540653184 | Diamante Life S. de R.L. de C.V. | Dlife Exp-Dep |
| Banco Mercantil del Norte | 644363868 | Prestadora de Servicios S. de R.L. de C.V. | PS Bank Account |
| Banco Mercantil del Norte | 212349937 | Prestadora de Servicios Diamante S. de R.L. de C.V. | Payroll Expenses |
| Banco Mercantil del Norte | 646208459 | Prestadora de Servicios Diamante S. de R.L. de C.V. | Payroll Expenses |
| Banco Mercantil del Norte | 241523315 | Prestadora de Servicios Turistico y de Golf S. de | Payroll Expenses |

| Banco Mercantil del Norte | 242265256 | Prestadora de Servicios Turistico y de Golf S. de | Payroll Expenses |
|---|---|---|---|
| Unknown | 8832 | Pacifico Associates SA | USD Bank Account |

| Bank Name | Account | | Account Description |
|---|---|---|---|
| | Number | Name on Account | |
| **HOA Accounts Identified in Loan Documents:** | | | |
| | 489827440 | Regimen Secundario de Propiedad en Condominium Casitas Fase 1 | HOA Account |
| | 489827507 | Regimen Secundario de Propiedad en Condominium Casitas Fase 2 | HOA Account |
| | 485615694 | Diamante SCL Master HOA AC | HOA Account |
| | 485615649 | Diamante SCL Master HOA AC | HOA Account |
| | 485615779 | Regimen de Propiedad en Condominio Beach Estates | HOA Account |
| | 488710536 | Regimen de Propiedad en Condominio Beach Estates | HOA Account |
| | 485615818 | Sub-Regimen de Propiedad en Condominio 1 Golf Villas del RE | HOA Account |
| | 489827413 | Sub-Regimen de Propiedad en Condominio 1 Golf Villas del RE | HOA Account |
| | 485615676 | Sub-Regimen de Propiedad en Condominio 2 Sunset Hill | HOA Account |
| | 485615621 | Sub-Regimen de Propiedad en Condominio 2 Sunset Hill | HOA Account |
| | 485615742 | Sub-Regimen de Propiedad en Condominio Denominado DRC-Lote A | HOA Account |
| | 488710518 | Sub-Regimen de Propiedad en Condominio Denominado DRC-Lote A | HOA Account |

13

| Unrelated Party Bank Accounts Identified in Loan Documents: | | | |
|---|---|---|---|
| BBVA Bancomer | 8000541817100 | Stewart Title Guaranty de Mexico S.A. | Unknown |
| Banco Nacional de Mexico | 0660 / 9582454 | Fidelity National Title de Mexico S.A | |
| | | Unknown | |
| Keybank | 1001516552 | Baker & Hostetler LLP | Unknown |
| PNC Bank | 5501298602 | Venable LLP | Escrow Account |
| HSBC Mexico | 40021041070029475 | Jose Alberto Castro Salazar | Unknown |
| JP Morgan Chase | 447449955 | FNF Title International Holding Co. | Unknown |
| Unknown | 03706797575 | Daniel Urrea Gonzalez Paul or Narda Rodriguez | Unknown |
| Compass Bank | 2511134873 | Bruce D Greenberg, Inc. | Unknown |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 27 | Provide all Trimont summary statements, account statements, and invoices identified as 'Missing' below: | DANSKE_0015502 DANSKE_0015670 DANSKE_0015515 DANSKE_0015604 DANSKE_0015673 | March 2020 | Danske objects to Request No. 27 on the ground that it is over broad, unduly burdensome, and irrelevant and seeks documents not in Danske's custody, control or possession.<br><br>Without waiving its objections, Danske refers the government to its previous production and will produce the following additional documents: Danske will produce statements and invoices responsive to this request to the extent that Danske has possession of such documents. |

| Month/Year | Facility A | | Facility B | | Facility C | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Trimont Statements | Trimont Invoices | Trimont Statements | Trimont Invoices | Trimont Statements | Trimont Invoices | Trimont Summary Statement |
| Apr-06 to Aug-08 | Missing | Missing | | | | | |
| Sep-08 to Nov-08 | | Missing | | | | | |
| Dec-08 to Feb-09 | | Missing | | | | | |
| Mar-09 to May-10 | | Missing | | Missing | | | |
| Jun-10 to Aug-10 | Missing | Missing | Missing | Missing | | | |
| Sep-10 to Nov-10 | | Missing | Missing | Missing | | | |
| Dec-10 to Nov-11 | | Missing | | Missing | | | |
| Dec-11 to Feb-12 | Missing | | Missing | | | | |
| Jan-12 | Missing | | Missing | | | | |
| Mar-12 to Jun-12 | Missing | Missing | Missing | Missing | | | |
| Jul-12 to Dec-12 | Missing | | Missing | | | | |
| Jan-13 to Mar-13 | Missing | | Missing | | | | |
| Apr-13 to Dec-13 | Missing | | Missing | | Missing | | Missing |
| Jan-14 to Mar-14 | Missing | Missing | Missing | Missing | Missing | Missing | Missing |
| Apr-14 | Missing | | Missing | | Missing | | Missing |
| May-14 to Dec-14 | Missing | | Missing | | Missing | | |
| Jan-15 to Mar-15 | Missing | | Missing | Missing | Missing | | |
| Apr-15 to Dec-15 | Missing | Missing | Missing | Missing | Missing | Missing | |
| Jan-16 to Sep-16 | Missing | | Missing | | Missing | | |
| Oct-16 to Dec-16 | Missing | Missing | Missing | Missing | Missing | Missing | |

| Request No. | Request | Bates No(s). | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 28 | For each disbursement and/or loan advance from Facilities A, B, C, and D, including, but not limited to, the transactions in the table below, provide complete draw request packages, containing all documents identified in Section 11.1, Documents to be Furnished for Each Disbursement, of the loan agreements as a condition precedent to the disbursement of funds from the loan facilities. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| A | 90003664 | 1 | 11/19/08 | 11/19/08 | OUTWARD 4022-83245122794 | $20,015 |
| A | 90003664 | 2 | 01/14/09 | 01/14/09 | OUTWARD 4022-90146641714 | 1,600,015 |

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| A | 90003664 | 3 | 05/19/09 | 05/19/09 | OUTWARD 4022-91391762512 | 1,032,397 |
| A | 90003664 | 8 | 04/29/13 | 04/29/13 | OUTWARD 4022-31194190714 | 428,375 |
| B | 90003761 | 2 | 06/15/09 | 06/15/09 | OUTWARD 4022-91662507620 | 1,010,636 |
| B | 90003761 | 3 | 07/06/09 | 07/06/09 | OUTWARD 4022-91873141644 | 1,345,218 |
| B | 90003761 | 3 | 07/31/09 | 07/31/09 | OUTWARD 4022-92123816270 | 1,733,382 |
| B | 90003761 | 3 | 09/01/09 | 09/01/09 | OUTWARD 4022-92444629416 | 600,000 |
| B | 90003761 | 3 | 09/04/09 | 09/04/09 | OUTWARD 4022-92474750838 | 1,153,649 |
| B | 90003761 | 3 | 09/23/09 | 09/23/09 | OUTWARD 4022-92665184262 | 600,000 |
| B | 90003761 | 4 | 10/01/09 | 10/01/09 | OUTWARD 4022-92745501218 | 1,678,172 |
| B | 90003761 | 4 | 10/29/09 | 10/29/09 | OUTWARD 4022-93026251756 | 1,477,890 |
| B | 90003761 | 4 | 11/23/09 | 11/23/09 | OUTWARD 4022-93276906316 | 700,000 |
| B | 90003761 | 5 | 12/08/09 | 12/08/09 | OUTWARD 4022-93427409284 | 909,255 |
| B | 90003761 | 5 | 12/18/09 | 12/18/09 | OUTWARD 4022-93517677256 | 250,387 |
| B | 90003761 | 5 | 12/18/09 | 12/18/09 | OUTWARD 4022-93517677258 | 68,484 |
| B | 90003761 | 6 | 01/13/10 | 01/13/10 | OUTWARD 4022-00138377404 | 200,000 |
| B | 90003761 | 6 | 01/29/10 | 01/29/10 | OUTWARD 4022-00298855524 | 1,419,343 |
| B | 90003761 | 6 | 01/29/10 | 01/29/10 | OUTWARD 4022-00298845196 | 300,000 |
| B | 90003761 | 7 | 02/25/10 | 02/25/10 | OUTWARD 4022-00569578900 | 946,201 |
| B | 90003761 | 8 | 03/26/10 | 03/26/10 | OUTWARD 4022-00850444678 | 756,856 |
| B | 90003761 | 9 | 05/05/10 | 05/05/10 | OUTWARD 4022-01251555172 | 349,710 |
| B | 90003761 | 16 | 03/01/13 | 03/01/13 | OUTWARD 4022-30602283364 | 390,011 |
| B | 90003761 | 17 | 04/12/13 | 04/12/13 | OUTWARD 4022-31023628668 | 306,271 |
| C | 36030240 | 1 | 05/24/13 | 05/24/13 | OUTWARD 4022-31444995958 | 582,728 |
| C | 36030240 | 1 | 06/24/13 | 06/24/13 | OUTWARD 4022-31756015522 | 683,300 |

| C | 36030240 | 2 | 08/29/13 | 08/29/13 | OUTWARD 4022-32418274570 | 37,691 |
|---|---|---|---|---|---|---|
| C | 36030240 | 5 | 05/06/14 | 05/06/14 | OUTWARD 4022-41266802658 | 2,000,000 |
| C | 36030240 | 5 | 06/26/14 | 06/26/14 | OUTWARD 3826-41778554262 | 2,000,000 |
| C | 36030240 | 6 | 07/23/14 | 07/23/14 | OUTWARD 4022-42049409644 | 2,000,000 |
| C | 36030240 | 6 | 08/21/14 | 08/21/14 | OUTWARD 4022-42330354778 | 2,000,000 |
| C | 36030240 | 7 | 10/07/14 | 10/07/14 | OUTWARD 4022-42802014522 | 2,000,000 |
| C | 36030240 | 7 | 12/30/14 | 12/30/14 | OUTWARD 4022-43644982596 | 1,587,637 |
| C | 36030240 | 8 | 01/13/15 | 01/13/15 | OUTWARD 4022-50135372462 | 910,934 |
| C | 36030240 | 8 | 02/25/15 | 02/25/15 | OUTWARD 4022-50556843448 | 905,834 |
| C | 36030240 | 8 | 03/04/15 | 03/04/15 | OUTWARD 4022-50637156334 | 2,000,000 |
| C | 36030240 | 9 | 04/02/15 | 04/02/15 | OUTWARD 4022-50928178314 | 1,750,000 |
| C | 36030240 | 10 | 07/03/15 | 07/03/15 | OUTWARD 4022-51841485826 | 1,500,000 |
| C | 36030240 | 10 | 08/04/15 | 08/04/15 | OUTWARD 4022-52162524448 | 1,250,000 |
| C | 36030240 | 10 | 09/15/15 | 09/15/15 | OUTWARD 4022-52583918698 | 1,750,000 |
| C | 36030240 | 11 | 10/02/15 | 10/02/15 | OUTWARD 4022-52754633438 | 1,750,000 |
| C | 36030240 | 11 | 11/06/15 | 11/06/15 | OUTWARD 4022-53105862840 | 1,394,488 |
| C | 36030240 | 11 | 12/10/15 | 12/10/15 | OUTWARD 3826-53447096398 | 1,250,000 |
| C | 36030240 | 12 | 01/06/16 | 01/06/16 | OUTWARD 4022-60068010908 | 1,402,000 |
| C | 36030240 | 14 | 07/26/16 | 07/26/16 | OUTWARD 4022-62085531840 | 1,500,000 |

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| C | 36030240 | 15 | 10/13/16 | 10/13/16 | OUTWARD 4022-62878535812 | 1,500,000 |
| C | 36030240 | 15 | 12/28/16 | 12/28/16 | OUTWARD 4022-63631625114 | 1,500,000 |
| C | 36030240 | 16 | 03/17/17 | 03/17/17 | OUTWARD 4022-70764778798 | 1,431,894 |
| C | 36030240 | 17 | 05/12/17 | 05/12/17 | OUTWARD 4022-71327433154 | 1,450,000 |
| C | 36030240 | 21 | 02/12/18 | 02/12/18 | OUTWARD 4022-80431628978 | 950,000 |
| C | 36030240 | 21 | 02/23/18 | 02/23/18 | OUTWARD 4022-80542422980 | 2,000,000 |
| C | 36030240 | 21 | 03/27/18 | 03/27/18 | OUTWARD 4022-80864099028 | 1,750,000 |
| C | 36030240 | 22 | 04/12/18 | 04/12/18 | OUTWARD 4022-81024789440 | 2,500,000 |
| C | 36030240 | 22 | 05/04/18 | 05/04/18 | OUTWARD 4022-81246121754 | 1,750,000 |
| C | 36030240 | 22 | 05/30/18 | 05/30/18 | OUTWARD 4022-81507516988 | 1,800,000 |
| C | 36030240 | 22 | 06/22/18 | 06/22/18 | OUTWARD 4022-81738787708 | 2,100,000 |
| C | 36030240 | 23 | 07/31/18 | 07/31/18 | OUTWARD 4022-82120916452 | 800,000 |
| C | 36030240 | 23 | 08/24/18 | 08/24/18 | OUTWARD 4022-82362133682 | 550,000 |
| C | 36030240 | 23 | 09/06/18 | 09/06/18 | OUTWARD 4022-82492825476 | 1,200,000 |
| C | 36030240 | 23 | 09/13/18 | 09/13/18 | OUTWARD 4022-82563109794 | 1,850,000 |
| C | 36030240 | 23 | 09/28/18 | 09/28/18 | OUTWARD 4022-82714119646 | 1,905,000 |
| C | 36030240 | 24 | 10/10/18 | 10/10/18 | OUTWARD 4022-82834633272 | 900,000 |
| C | 36030240 | 24 | 11/16/18 | 11/16/18 | OUTWARD 4022-83206788520 | 1,941,098 |
| C | 36030240 | 24 | 11/30/18 | 11/30/18 | OUTWARD 4022-83347713714 | 2,000,000 |
| C | 36030240 | 24 | 12/19/18 | 12/19/18 | OUTWARD 4022-83538891662 | 2,250,000 |
| C | 36030240 | 25 | 01/25/19 | 01/25/19 | OUTWARD 4022-90250851766 | 1,300,000 |
| C | 36030240 | 25 | 02/22/19 | 02/22/19 | OUTWARD 3826-90532477592 | 475,000 |
| C | 36030240 | 25 | 03/14/19 | 03/14/19 | OUTWARD 4022-90733552344 | 650,000 |
| C | 36030240 | 26 | 04/17/19 | 04/17/19 | OUTWARD 4022-91075749852 | 1,500,000 |
| C | 36030240 | 26 | 05/10/19 | 05/10/19 | OUTWARD 3826-91307068190 | 1,500,000 |
| C | 36030240 | 26 | 05/24/19 | 05/24/19 | OUTWARD 4022-91448050600 | 1,800,000 |
| C | 36030240 | 27 | 07/03/19 | 07/03/19 | OUTWARD 4022-91840475862 | 550,000 |
| C | 36030240 | 27 | 07/12/19 | 07/12/19 | OUTWARD 4022-91930981954 | 800,000 |
| C | 36030240 | 28 | 11/05/19 | 11/05/19 | OUTWARD 4022-93098099318 | 1,000,000 |
| | | | | | **Total Outward Transfers:** | **$91,233,871** |

19

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 29 | Produce any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for receiving, soliciting, preparing, reviewing, approving or denying loans or client relationships. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant. Based on its objections, Danske will not produce the documents called for in the Request. |
| 30 | Produce any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for inquiring into an investment's connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant. Based on its objections, Danske will not produce the documents called for in the Request. |
| 31 | Produce any and all notes, correspondence, and documentation pertaining to Danske's inquiry into the involvement or connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement by the Defendants, Jowdy, and/or the DCSL resort. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant. Based on its objections, Danske will not produce the documents called for in the Request. |
| 32 | Produce any and all notes, correspondence, and documentation pertaining to media inquiries to | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant. |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | Danske and/or its employees about the involvement or connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement by the Defendants, Jowdy, and/or the DCSL resort, including support for Peter Hughes of Danske's statement to Fortune magazine in 2012 that "If there had been mismanagement, I think it would have turned up in the due diligence we've conducted on the project over the past three years . . .we found no evidence that Jowdy was stealing money, and we're satisfied with the job he's doing." | | | Based on its objections, Danske will not produce the documents called for in the Request. |
| 33 | Produce any and all documents or information available to or within the knowledge of Danske and and/or any such company's officers, employees, owners, concerning the conduct or assets of Jowdy, his associates, relatives, representatives, and related entities. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 34 | Produce any and all documents pertaining to any agreements and guarantees between Danske and any and all Jowdy related entities, including, but not limited to, Legacy | DANSKE_0012837<br>DANSKE_0014820<br>DANSKE_0013266<br>DANSKE_0011598<br>DANSKE_0011624 | October 2019 | Danske objects to this Request as over broad, unduly burdensome, and irrelevant. |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | Cabo, LLC, Legacy Properties, LLC, KAJ Holdings LLC and Silverpeak. | DANSKE_0013728<br>DANSKE_0013769<br>DANSKE_0014736<br>DANSKE_0013257<br>DANSKE_0013301<br>DANSKE_0011572<br>DANSKE_0011585<br>DANSKE_0011598<br>DANSKE_0011611<br>DANSKE_0011637<br>DANSKE_0011665<br>DANSKE_0011741<br>DANSKE_0011768<br>DANSKE_0011786<br>DANSKE_0012818<br>DANSKE_0013616<br>DANSKE_0013728<br>DANSKE_0012931<br>DANSKE_0012784<br>DANSKE_0012807 | | Without waiving its objections, Danske refers the government to its previous production and based on its objections will not produce any of the other documents called for in the Request. |
| 35 | Produce the Bylaws and Operating Agreement for DCSL Mexico and any documents confirming the change of trustee in or about 2014, all translated into English. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 36 | Produce any and all notices of default of the DCSL resort loan, and any and all documentation that notices of default were sent to the | DANSKE_0015713 | April 2020 | Danske objects to Request No. 36 that it is over broad, unduly burdensome, and irrelevant. |

22

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | Borrower and/or Trustee of the Mexican trust. | | | Without waiving its objections, Danske refers the government to its previous production and based on its objections will not produce any of the other documents called for in the Request. |
| 37 | Produce the most recent financial information for DCSL Mexico, including financial statements and tax returns. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 38 | Produce the fully executed 2009 Loan Agreement between Danske and DCSL Mexico. | DANSKE_0013865 | 10/19/2019 | Danske objects to this Request as vague and ambiguous.<br><br>Without waiving its objections, Danske refers the government to its previous production and based on its objections will not produce any of the other documents called for in the Request. |
| 39 | Produce the executed copies of any termination agreements between Danske and DCSL Mexico. | | | Danske objects to this Request as vague and ambiguous.<br><br>Danske is not aware of any termination agreements between Danske and DCSL Mexico. |
| 40 | Produce any and all documentation regarding the due diligence performed by Danske regarding the (a) acquisition of the DCSL resort loan; and (b) entering into loan agreements and/or modifications with the Borrower, including deliverables, obligations, and the satisfaction of conditions by DCSL Mexico as required under all extensions, modifications, facility | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

23

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | increases, advances and amendments to the Loan Documents. | | | |
| 41 | Identify any and all Danske and/or Lehman employees, past or present, who currently hold or have held an interest, directly or indirectly, in the DCSL resort. | | | Danske objects to this Request as over broad, unduly burdensome, irrelevant, vague and ambiguous.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 42 | Produce any and all documentation concerning any and all direct or indirect interests in the DCSL resort, current or prior, held by past or present employee(s) of Danske and/or Lehman. | | | Danske objects to this Request as over broad, unduly burdensome, irrelevant, vague and ambiguous, and duplicative of Request No. 41.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 43 | Produce any and all documents and correspondence pertaining to Danske's: (a) knowledge of accusations by any individuals or entities concerning theft or misconduct by the Defendants, Jowdy, and/or the DCSL resort, including, but not limited to, accusations contained in civil complaints filed by Joe Juneau, Owen Nolan, Philip Kenner, Ethan Moreau, Sergei Gonchar, Glenn Murray, Little Isle IV, and Josef | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | Stumpel; and (b) response(s) to such accusations. | | | |
| 44 | Identify: (a) any and all Danske employees or contractors who visited the DCSL resort; (b) the date(s) of any visit; (c) the purpose of the visit(s); (d) the lodging used by the employee(s)/contractor(s) during the visit(s); (d) any gifts or benefits conferred, directly or indirectly, on a Danske employee/contractor by Jowdy and/or any employee or contractor of the DCSL resort; and (e) any gifts or benefits conferred, directly or indirectly, on Jowdy and/or any employee or contractor of the DCSL resort by a Danske employee/contractor. | | | Danske objects to this Request as over broad, unduly burdensome, irrelevant, and vague and ambiguous.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 45 | Produce any and all correspondence between Danske and the Defendants. | | | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 46 | Produce any and all documentation, or correspondence between Danske and the Borrower and/or Jowdy, regarding the Borrower's ability or | | | Danske objects to this Request as over broad, unduly burdensome, irrelevant, and duplicative of Request No. 36.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | inability to meet its loan obligations to Danske and/or Lehman. | | | |
| 47 | Produce any and all documentation and agreements regarding, and correspondence between, Danske and Jowdy, the Borrower, and/or the Trustee, regarding the potential or actual forfeiture of the DCSL resort. | | | Danske objects to this Request as over broad, unduly burdensome, irrelevant, and purportedly seeks documents which potentially are covered by the attorney-client privilege, attorney work product privilege, and/or any other applicable privilege.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |
| 48 | Produce any and all documentation and agreements (whether in draft or executed), and correspondence between, Danske and Jowdy and/or the Borrower, regarding: (a) Jowdy's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (b) any Lehman or Danske employee's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (c) potential purchasers of the DCSL resort and/or the DCSL resort loan; (d) foreclosure or forfeiture on the DCSL resort loan in Mexico or in the United States; (e) bankruptcy or insolvency proceedings concerning the DCSL resort or the Equity Interests in either Mexico or the United States; and (f) Jowdy's direct or indirect management of the DCSL | | | Danske objects to this Request as over broad, unduly burdensome, irrelevant, and purportedly seeks documents which are potentially covered by the attorney-client privilege, attorney work product privilege, and/or any other applicable privilege.<br><br>Based on its objections, Danske will not produce the documents called for in the Request. |

26

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | resort during and/or after the instant criminal case. | | | |
| 49 | Produce any and all documentation and correspondence concerning agreements between Danske and the Borrower and/or Jowdy that confer a, direct or indirect, personal or financial benefit on Jowdy. | | | Danske objects to this Request as incorrectly assuming that such documents exist, as over broad and unduly burdensome, and vague and ambiguous. Danske previously provided the government with the commission agreement between Danske and Jowdy. Without waiving its objections, Danske refers the government to its previous production and based on its objections, will not produce any of the other documents called for in the Request. |
| 50 | Produce any and all documentation regarding the miscellaneous fees claimed in your Verified Petition. | | | Danske objects to this Request as over broad, unduly burdensome, irrelevant, and purportedly seeks documents which are potentially covered by the attorney-client privilege, attorney work product privilege, and/or any other applicable privilege. Without waiving its objections, Danske refers the government to its previous production of statements and loan agreements (*see* Response to Request Nos. 1, 27, and 54) and based on its objections will not produce any of the other documents called for in the Request. |
| 51 | Produce English translations for the following documents: | DANSKE_0012726 DANSKE_0014107 DANSKE_0012138 DANSKE_0010532 | October 2019 | Danske objects to this Request as over broad, unduly burdensome, irrelevant, and purportedly seeks documents which are potentially covered by the attorney-client privilege, attorney work product privilege, and/or any other applicable privilege. Without waiving its objections, Danske refers the government to its previous production and based on its objections will not produce any of the other documents called for in the Request. |

27

| Document Name | Bates Number |
|---|---|
| March 18, 2009 Notice of Assignment of Bank Accounts in Favor of Trustee (Mexican Law) | DANSKE_0014278 to DANSKE_0014281 |
| March 19, 2009 Notice of Assignment of (Performance) Bond in Favor of Trustee (Mexican Law) | DANSKE_0014282 to DANSKE_0014283 |
| March 18, 2009 Notice of Assignment of (Construction and Service) Agreements in Favor of Trustee (Mexican Law) | DANSKE_0014284 to DANSKE_0014293 |
| March 18, 2009 Notice of Assignment of Bank Accounts in Favor of Trustee (Mexican Law) | DANSKE_0013253 to DANSKE_0013256 |
| March 18, 2009 Notice of Assignment of (Construction and Service) Agreements in Favor of Trustee (Mexican Law) | DANSKE_0013285 to DANSKE_0013294 |
| July 30, 2013 Acta Aclaratoria con sellos E.P. 92,046 | DANSKE_0010914 to DANSKE_0010933 |
| April 26, 2013 Segundo Convenio Modificatorio Con Sellos E.P. 91, 326 | DANSKE_0010958 to DANSKE_0010990 |
| April 26, 2013 Pledgor in Possession Pledge (Mexico Law) | DANSKE_0012170 to DANSKE_0012201 |
| March 2013 Environmental Report | DANSKE_0011971 to DANSKE_0012010 |
| Annex to Acknowledgement of Trustee (Mexican Law) | DANSKE_0013069 to DANSKE_0013083 |
| Spanish Language Document | DANSKE_0012202 to DANSKE_0012215 |
| Spanish Language Document | DANSKE_0012967 to DANSKE_0012986 |
| Spanish Language Document | DANSKE_0012992 to DANSKE_0013051 |
| Spanish Language Document | DANSKE_0013233 to DANSKE_0013238 |
| Spanish Language Document | DANSKE_0013264 to DANSKE_0013265 |
| Spanish Language Document | DANSKE_0014774 to DANSKE_0014775 |

| Document Name | Bates Number |
|---|---|
| Spanish Language Document | DANSKE_0014776 to DANSKE_0014777 |
| Spanish Language Document | DANSKE_0014778 to DANSKE_0014779 |
| Spanish Language Document | DANSKE_0014788 to DANSKE_0014802 |
| Spanish Language Document | DANSKE_0014803 to DANSKE_0014806 |
| Spanish Language Document (possibly the Operating Agreement for DCSL Mexico) | DANSKE_0014315 to DANSKE_0014324 |
| Bylaws for DCSL Mexico | DANSKE_0014295 to DANSKE_0014312 |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| 52 | Produce any and all documentation and correspondence related to insurance coverage or attempted insurance coverage of the DCSL resort or DCSL resort loan, of which Danske is a policy holder or beneficiary, or otherwise has an interest therefrom. | DANSKE_0015011 DANSKE_0015059 DANSKE_0014904 DANSKE_0014952 | October 2019 | Danske objects to this Request as over broad, unduly burdensome, and irrelevant.<br><br>Without waiving its objections, Danske refers the government to its previous production and based on its objections will not produce any of the other documents called for in the Request. |
| 53 | Provide the historical LIBOR interest rates determined for each Facility over the life of that Facility Loan. | | | Danske objects to this Request as irrelevant, and seeks documents which the government can obtain publicly regarding the historical LIBOR interest rate. |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | | | | Without waiving its objections, Danske will produce the following document: Danske will produce a spreadsheet in which quarterly LIBOR information is maintained from 2017 through the present. |
| 54 | Provide a full accounting of all monies due, including advances of credit, payments, and charges from the acquisition of the underlying loans under the Loan Agreements to date that were used to calculate the amount Danske is owed as indicated in its Verified Petition. | DANSKE_0015936 DANSKE_0015926 DANSKE_0015902 DANSKE_0015894 DANSKE_0015942 DANSKE_0015946 DANSKE_0015923 DANSKE_0015908 DANSKE_0015918 DANSKE_0015921 DANSKE_0015891 DANSKE_0015937 DANSKE_0015898 DANSKE_0015930 DANSKE_0015912 DANSKE_0015897 DANSKE_0015956 DANSKE_0015945 DANSKE_0015934 DANSKE_0015919 DANSKE_0015954 DANSKE_0015899 DANSKE_0015900 DANSKE_0015944 DANSKE_0015928 DANSKE_0015895 DANSKE_0015887 | October 2019 | Danske objects to this Request as overly broad, unduly burdensome, and irrelevant. Without waiving its objections, Danske refers the government to its previous production and will produce the following additional documents: Danske will produce additional wire transfer confirmations to the extent that such documents are within its custody and control. |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | | DANSKE_0015888 | | |
| | | DANSKE_0015913 | | |
| | | DANSKE_0015916 | | |
| | | DANSKE_0015927 | | |
| | | DANSKE_0015917 | | |
| | | DANSKE_0015886 | | |
| | | DANSKE_0015892 | | |
| | | DANSKE_0015885 | | |
| | | DANSKE_0015940 | | |
| | | DANSKE_0015949 | | |
| | | DANSKE_0015905 | | |
| | | DANSKE_0015955 | | |
| | | DANSKE_0015910 | | |
| | | DANSKE_0015925 | | |
| | | DANSKE_0015929 | | |
| | | DANSKE_0015948 | | |
| | | DANSKE_0015951 | | |
| | | DANSKE_0015943 | | |
| | | DANSKE_0015939 | | |
| | | DANSKE_0015911 | | |
| | | DANSKE_0015907 | | |
| | | DANSKE_0015931 | | |
| | | DANSKE_0015901 | | |
| | | DANSKE_0015941 | | |
| | | DANSKE_0015938 | | |
| | | DANSKE_0015890 | | |
| | | DANSKE_0015906 | | |
| | | DANSKE_0015909 | | |
| | | DANSKE_0015884 | | |
| | | DANSKE_0015893 | | |

| Request No. | Request | Bates No. | Production Date(s) | Objections and Responses |
|---|---|---|---|---|
| | | DANSKE_0015947 DANSKE_0015933 DANSKE_0015924 DANSKE_0015935 DANSKE_0015915 DANSKE_0015896 DANSKE_0015932 DANSKE_0015914 DANSKE_0015950 DANSKE_0015889 DANSKE_0015952 DANSKE_0015922 DANSKE_0015920 DANSKE_0015707 DANSKE_0015953 | | |
| 55 | Produce any and all documentation and correspondence related to a potential or contemplated sale or auction of the DCSL resort by Danske. | | | Danske objects to this Request as overly broad, unduly burdensome, and irrelevant.<br><br>Based on its objections Danske will not produce the documents called for in the Request. |
| 56 | Produce any and all documentation and correspondence related to Danske's transfers of its, actual or potential, interests in the DCSL resort. | | | Danske objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, irrelevant, and purportedly seeks documents which are covered by the attorney-client privilege, attorney work product privilege, and/or any other applicable privilege.<br><br>Based on its objections Danske will not produce the documents called for in the Request. |