FILED

1   Michael L. Meeks, Esq. (State Bar No. 172000)
2   meeksm@pepperlaw.com
    Carol A. Dwyer, Esq. (State Bar No. 239769)          2008 DEC 16  PM 2: 50
3   dwyerc@pepperlaw.com                                 CLERK U.S. DISTRICT COURT
4   PEPPER HAMILTON LLP                                   CENTRAL DIST. OF CALIF.
                                                              LOS ANGELES
    4 Park Plaza, Suite 1200
5   Irvine, California 92614                            BY _____
6   Telephone: 949.567.3500
    Fax: 866.228.9215
7
    Attorneys for Plaintiff, JOE JUNEAU
8

9                    UNITED STATES DISTRICT COURT
10                 CENTRAL DISTRICT OF CALIFORNIA
11

12  JOE JUNEAU , an individual,          CV08-08284 CBM PJWx

13  Plaintiff,                           COMPLAINT FOR:

14  v.                                      1.  Breach of Fiduciary Duty

15                                          2.  Fraud
    PHILLIP A. KENNER, an individual;
16  STANDARD ADVISORS, INC., a             3.  Professional Negligence
17  Delaware Corporation and STANDARD
    ADVISORS, LLC, a Nevada Limited        4.  Constructive
18  Liability Company; NA' ALEHU               Trust/Appointment of a
19  VENTURES 2006, LLC, a Delaware             Receiver
    limited liability company; WWK
20  HAWAII HOLDINGS, LLC, a                 5.  Section 10b-5 Securities
21  Delaware limited liability company;        Fraud
    WINDWALKER HAWAII LLC, a
22  Delaware limited liability company; JN  DEMAND FOR JURY TRIAL
23  DEVELOPMENT LLC; a limited
    liability company; BILL NAJAM, an
24  individual; LITTLE ISLE IV, LLC;
25  ESCER HOLDING

26

27

28

CONFORM

#10235290 v1

                                                         COMPLAINT

1  CORPORATION; a New York
2  corporation; KENNETH A. JOWDY, an
   individual; BAJA DEVELOPMENT
3  CORPORATION, a Delaware
4  corporation; BAJA MANAGEMENT
   LLC, a New York limited liability
5  company; MOSSES GUTMAN, an
6  individual; CODE FIRE
   ACQUISITION CORPORATION, a
7  California corporation; JOHN WARD,
8  an individual; LORING WARD
   CAPITAL MANAGEMENT, INC., a
9  California Corporation; and DOES 1
10 through 10, inclusive,

11 Defendant.

12

13 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

14 ## INTRODUCTION

15   1.    The instant Complaint involves egregious breaches of trust by
16 Defendants Phillip A. Kenner, Standard Advisors, Inc. and Standard Advisors, LLC
17 (collectively, "Kenner"). Kenner was plaintiff Joe Juneau's ("Juneau") business
18 manager and investment advisor for many years. Juneau placed unquestioning trust
19 in Kenner and allowed Kenner to exercise a significant amount of control over
20 Juneau's money.

21   2.    In concert with the named co-defendants, Kenner perpetrated a series
22 of investment scams against Juneau, as well as other "clients" of Kenner. Among
23 other things, Kenner secretly controlled many of the purported investment
24 opportunities through "straw men" name herein as co-defendants. Moreover,
25 Kenner entered into arrangements with regard to many of the "investments"
26 whereby Kenner received secret interests and "kick-backs." In addition, Kenner
27 secretly withdrew funds from Juneau's brokerage accounts, without Juneau's
28 consent, and used them for Kenner's own personal use.

#10235290 v1

-2-

COMPLAINT

1  3. Whereas Juneau is informed and believes that Kenner has financially
2 gained from investments which Kenner has recommended to Juneau in the last
3 several years, Juneau has not received investment returns from these investments.
4 Nor does he even had any written records of these investments of proof that they
5 have in fact been made.

6  4. Equally as disturbing, in rendering "professional" services to Juneau,
7 Kenner has committed myriad acts of negligence, failing to complete the most basic
8 accounting tasks and consistently failing to provide Juneau with adequate
9 documentation of this investments or any financial statements. As a result of
10 Kenner's malfeasance and neglect, Juneau cannot account for millions of dollars of
11 his assets.

12 <center>**PARTIES**</center>

13  5. Plaintiff Joe Juneau is a citizen and resident of the country of Canada.
14 Juneau is hereinafter referred to as "Juneau" or "Plaintiff."

15  6. Plaintiff is informed and believes that defendant Phillip A. Kenner is a
16 citizen and resident of Arizona. Plaintiff is also informed and believes, and based
17 thereon alleges, that he had conducted, and continues to conduct, business in
18 California on a regular basis. Kenner served as Plaintiff's business manager and
19 investment advisors for many years.

20  7. Plaintiff is informed and believes that Defendant Standard Advisors,
21 Inc. is a Delaware Corporation with its principal place of business in Arizona but
22 also does business in the Central District of California. Plaintiff is informed and
23 believes that Defendant Standard Advisors, LLC is a Nevada limited liability
24 company with its principal place of business in Nevada but also doing business in
25 Los Angeles County, California. Phillip A. Kenner, Standard Advisors, Inc. and
26 Standard Advisors, LLC are hereinafter collectively referred to as "Kenner" or
27 "Defendants."

28  8. Plaintiff is informed and believes, and based thereon alleges, that

#10235290 v1                    -3-                         COMPLAINT

1 | defendant Bill Najam is a citizen and resident of New York. Plaintiff is further
2 | informed and believes, and based thereon alleges, that defendant Bill Najam is
3 | defendant Kenneth Jowdy's uncle.

4 |      9.    Plaintiff is informed and believes, and based thereon alleges, that
5 | defendant Kenneth A. Jowdy is a citizen and resident of Las Vegas.

6 |      10.    Plaintiff is informed and believes, and based thereon alleges, that
7 | defendant Na' Alehu Ventures 2006, LLC ("NAV") is a Delaware limited liability
8 | company with its principal place of business in Arizona and also doing business in
9 | California and Hawaii. Plaintiff is informed and believes, and based thereon
10 | alleges, that Kenner is the managing member of NAV.

11 |      11.    Plaintiff is informed and believes, and based thereon alleges, that
12 | defendant WWK Hawaii Holdings, LLC is a Delaware limited liability company
13 | with its principal place of business Massachusetts and doing business in Hawaii.

14 |      12.    Plaintiff is informed and believes, and based thereon alleges, that
15 | defendant Windwalker Hawaii LLC is a Delaware limited liability company with its
16 | principal place of business in Massachusetts and doing business in Hawaii.

17 |      13.    Plaintiff is informed and believes, and based thereon alleges, that JN
18 | Development LLC is a Delaware limited liability company with its principal place
19 | of business in Arizona. Plaintiff is further informed and believes, and based
20 | thereon alleges, that JN Development LLC is a member of Na' Alehu Ventures
21 | 2006, LLC. Plaintiff is also informed and believes, and based thereon alleges, that
22 | defendants Ken Jowdy and Bill Najam are nominally members of JN Development
23 | LLC.

24 |      14.    Plaintiff is informed and believes, and based thereon alleges, that
25 | defendants Kenner, Ken Jowdy, Bill Najam, WWK Hawaii Holdings LLC,
26 | Windwalker Hawaii LLC, JN Development LLC, and NAV (collectively the
27 | "Hawaii Defendants") are part of a scheme intended to conceal secret interests and
28 | profits and enrich these defendants at the expense of actual investors in certain

-4-

1    Hawaii real estate.

2      15.   Plaintiff is informed and believes, and based thereon alleges, that
3 Escer Holding Corp. ("Escer") is a New York corporation. Plaintiff is informed
4 and believes that Escer purports to do business in New York. Plaintiff is informed
5 and believes, and based thereon alleges, that Escer has no actual business activity.
6 Plaintiff is informed and believes that Escer received investments from Kenner's
7 clients, provides some form of secret compensation in return for the money from
8 Kenner's clients and then the money is transferred to overseas accounts.

9      16.   Plaintiff is informed and believes, and based thereon alleges, that
10 defendant Mosses Gutman ("Gutman") is an individual residing in New York.
11 Plaintiff is further informed and believes that Gutman purports to run Escer from a
12 garage behind his home in New York. Plaintiff is informed and believes that Escer
13 has no other employees or business other than raising money.

14      17.   Plaintiff is informed and believes, and based thereon alleges, that at all
15 times, Kenner knew that Escer had no real business and that Kenner recommended
16 that Juneau and other of Kenner's "invest" in Escer for the purpose of Kenner's
17 personal profit (Plaintiff collectively refers to Kenner, Gutman and Escer
18 collectively as the "Escer Defendants").

19      18.   Plaintiff is informed and believes, and based thereon alleges, that
20 defendant Baja Development Corporation is a Delaware corporation. Plaintiff is
21 informed and believes, and based thereon alleges, that defendant Baja Development
22 Corporation is controlled by defendants Kenner and Ken Jowdy.

23      19.   Plaintiff is informed and believes, and based thereon alleges, that
24 defendant Baja Management LLC is a New York limited liability company with its
25 principal place of business in Connecticut and also does business in Arizona and
26 Mexico. Plaintiff is informed and believes, and based thereon alleges, that Baja
27 Management LLC is controlled by defendants Kenner and Ken Jowdy (Plaintiff
28 collectively refers to Kenner, Jowdy, Baja Development Corporation, and Baja

#10235290.v1

-5-

COMPLAINT

1    Management LLC as the "Mexico Defendants").

2         20.    Plaintiff is informed and believes, and based thereon alleges, that
3    defendants Code Fire Acquisition Corporation ("Code Fire") is a California
4    corporation with its principal place of business (if any) in Arizona. Plaintiff is
5    further informed and believes, and based thereon alleges, that Kenner controlled
6    Code Fire Acquisition Corporation.

7         21.    Plaintiff is informed and believes, and based thereon alleges, that
8    defendant John Ward is a citizen and resident of California. Plaintiff is further
9    informed and believes that John Ward was the president of defendant Code Fire but
10   acted under the direction and control of Kenner (Plaintiff collectively refers to
11   defendants Code Fire, Kenner and Ward as the "Code Fire Defendants").

12        22.    Plaintiff is informed and believes, and based thereon alleges, that
13   defendant Loring Ward Capital Management, Inc. is a California corporation with
14   its principal place of business in California, and was formerly known as Assante
15   Global Advisors, Inc. (referred to hereafter as "Assante"). Plaintiff is informed and
16   believes, and based thereon alleges, that Kenner was employed by Assante at the
17   times of certain acts alleged herein. While Kenner was employed by Assante,
18   Kenner and Assante were Juneau's investment advisors. Assante continued acting
19   as an investment advisor and/or fiduciary for Juneau through at least 2005.

20        23.    Plaintiff is informed and believes, and based thereon alleges, that in
21   doing the acts alleged herein, each of the Defendants was the agent, principal,
22   employee, or alter ego of one or more of the other Defendants, and acted with the
23   other Defendants' knowledge, consent and approval. As such, each of the
24   Defendants is responsible for the liabilities of the other Defendants, as alleged
25   herein.

26                    **JURISDICTION AND VENUE**

27        24.    Jurisdiction exists in this action pursuant to 28 U.S.C. § 1331, based
28   on violation of the Section 10b-5 Securities Fraud. In addition, the Court has

#10235290 v1                              -6-                              COMPLAINT

1     supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C.

2     1367(a).

3         25.    This Court has personal jurisdiction over all defendants, who do

4     business in California and have sufficient minimum contacts in California in

5     connection with the events giving rise to this action. Plaintiff is informed and

6     believes, and based thereon alleges, that:

7                 a. Defendants Kenner and Standard Advisors regularly do business in

8                      Los Angeles County, California. The acts and omissions alleged

9                      herein arose out of these business activities by Kenner and Standard

10                    Advisors.

11                b. The Hawaii Defendants jointly participated in a series of

12                    misrepresentations made in communications to "investors" in an entity

13                    known as Little Isle IV who were located in Los Angeles County,

14                    California and elsewhere in California. The Hawaii Defendants

15                    directed and participated jointly and as agents of each other in these

16                    communications which occurred within the Central District of

17                    California and elsewhere in California. The claims for relief alleged

18                    herein arise out of the misrepresentations and omissions made to

19                    investors including Plaintiff, as well as the conduct of the business of

20                    defendants Kenner and Standard Advisors.

21                c. The Mexico Defendants jointly participated in a series of

22                    misrepresentations made in communications to California "investors",

23                    including such representations made to investors in Los Angeles

24                    County, regarding defendants Baja Development Corporation and Baja

25                    Management LLC. The claims asserted herein arise out of the same

26                    conduct and representations made and/or originated within California,

27                    as well as the conduct of the business of defendants Kenner and

28                    Standard Advisors.

#10235290 v1                                    -7-                                    COMPLAINT

d. The Escer Defendants directed the sale of unregistered securities within the State of California, where such securities were sold to California residents. Kenner and Standard Advisors made recommendations within California that investors purchase the Escer securities to Kenner's and Standard Advisor's clients, including Plaintiff.

e. Defendant Code Fire Acquisition Corporation was operated and controlled by defendants Kenner and Ward within California.

f. Defendant Loring Ward, Inc. has its principal place of business within California.

26.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(a), as the transactions and occurrences giving rise to the claims alleged herein took place within this District and Defendants do business in this District. In addition, venue is proper within this District pursuant to 28 U.S.C. § 1391(a) and (b).

## STATEMENT OF FACTS

27.     Joe Juneau is a former professional hockey player.

28.     Defendant Phillip A. Kenner has provided business management and investment advisor services to Juneau since in or about 2000. Kenner worked for defendant Assante Global Advisors, Inc. through about April 2003 and provided his services to Juneau as an employee of Assante. Beginning in or about 2003, Kenner provided services to Juneau through Defendants Standard Advisors, Inc. and/or Standard Advisors, LLC.

29.     Over the course of a lengthy professional relationship, Juneau came to believe that he could rely on Kenner to act at all times in Juneau's best interests. Kenner erroneously represented that he was a top-tier financial advisor who had the skills to grow Juneau's assets, the expertise to manage those assets and was keyed into lucrative investments which he would recommend to Juneau in order substantially to grow his investment portfolio.

#10235290 v1                     -8-                     COMPLAINT

1    30.   As detailed herein, Juneau is informed and believes that rather than
2  acting in Juneau's best interests, Kenner made affirmative misrepresentations and
3  material omissions in his communications with Juneau and committed numerous
4  acts which constitute breach of his fiduciary duties to Juneau. During the course of
5  the professional relationship between Kenner and Juneau, Kenner set out on a
6  course to exploit and take unfair advantage of Juneau, reaping significant financial
7  and other benefits for himself without regard for Juneau and to Juneau's outright
8  detriment.

9    31.   Kenner preyed upon this personal relationship with Juneau, exploiting
10  the complete trust Juneau placed in him for Kenner's own gain. Kenner exhibited a
11  willingness to take whatever actions were necessary to capitalize on Juneau's trust
12  and confidence, which he had gained over the course of several years of acting as
13  Juneau's advisor.

## RCA TRUST

15    32.   Defendants Kenner and Assante recommended that Juneau placed
16  $1.2 million earned as a hockey player in the United States in an RCA trust for
17  financial planning purposes. An RCA trust is a legal means of allowing Canadian
18  citizens to receive income from outside Canada and be taxed at the rate of the
19  country where the income is received. Among other requirements, a Canadian
20  citizen seeking to use an RCA trust must be willing to completely divest
21  himself/herself of all property in Canada and cease to live in Canada for a period of
22  at least 2 years. During the period that money is held in an RCA Trust, it cannot be
23  invested and receives no interest or other form of earnings.

24    33.   Neither Kenner nor Assante informed Plaintiff of the above
25  requirements. Had Plaintiff been informed that he would was required to cease his
26  contact with Canada, he would never have agreed to use an RCA trust.

27    34.   Following the advise of Kenner and Assante (Assante continued to
28  advise Plaintiff concerning the RCA trust through 2005), Plaintiff moved into a

#10235290 v1                                    -9-                                    COMPLAINT

1   trailer in the United States for a two year period attempting to meet the
2   requirements of an RCA trust for release of the funds at US tax rates, which were
3   lower than Canadian tax rates.  However, Juneau was never told that, in order to
4   remove the money from the RCA trust, he would have to sell his home and other
5   property in Canada.  Assante and Kenner continued to advise Juneau regarding the
6   RCA trust but never told him why the funds could not be removed from the RCA
7   trust.

8       35.   In 2008, Juneau learned for the first time that he could not qualify for
9   the tax benefits of an RCA trust unless he severed his connections with Canada.
10  Juneau would not agree to that because he is proud to be a Canadian citizen.
11  Juneau even played hockey for the Canadian Olympic team prior to becoming a
12  professional hockey player.

13      36.   Juneau was finally able to retrieve the $1.2 million from the RCA trust
14  in 2008, but he lost the income he should have received on the funds.  In addition,
15  Juneau suffered substantial embarrassment and emotional distress because he was
16  forced to live in a trailer in the US in an effort to qualify for an RCA trust tax
17  benefit that he would never receive.

18  <div align="center">**CODE FIRE ACQUISITION CORPORATION**</div>

19      37.   Kenner and Assante Global Advisors, Inc. recommended that Juneau
20  make a loan to Code Fire Acquisition Corporation ("Code Fire").  The loan amount
21  was $1.5 million.

22      38.   Plaintiff is informed and believes, and based thereon alleges, that
23  Kenner and Standard Advisors controlled Code Fire and used the funds Juneau
24  loaned to Code Fire for Kenner's own personal gain.  Plaintiff is also informed and
25  believes, and based thereon alleges, that defendant John Ward nominally acted as
26  president of Code Fire and assisted Kenner and Standard Advisors in
27  misappropriating the funds loaned by Juneau to Code Fire.

28      39.   Plaintiff is informed and believes, and based thereon alleges, that Code

1 Fire never engaged in any business activity. Plaintiff is further informed and

2 believes, and based thereon alleges, that Kenner, Standard Advisors, and John Ward

3 used the funds loaned to Code Fire for their own personal benefit.

4      40.    Plaintiff is informed and believes, and based thereon alleges, that

5 Assante never investigated Code Fire prior to recommending that Juneau loan Code

6 Fire the $1.561 million. Plaintiff is further informed and believes, and based

7 thereon alleges, that Assante and Kenner would have known through the exercise of

8 reasonable diligence and investigation that Code Fire was not an appropriate

9 investment for Juneau.

10      41.    Even though Assante continued to advise Juneau concerning

11 investments made while Kenner still worked for Assante, it never informed Juneau

12 that Code Fire had not been investigated by Assante. Plaintiff is also informed and

13 believes, and based thereon alleges, that Code Fire was not an approved investment

14 by Assante. Plaintiff is further informed and believes, and based thereon alleges,

15 that Assante terminated Kenner for, among other things, recommending Code Fire

16 to Assante's clients (like Juneau), but that Assante never contacted Juneau or any

17 other clients to inform them that Code Fire was not an approved investment.

18      42.    Plaintiff is informed and believes, and based thereon alleges, that Code

19 Fire has no assets of value and that the money loaned to Code Fire by Juneau was

20 used for the benefit of Kenner, Standard Advisors, and John Wade.

21 <div align="center">**ECSER HOLDINGS**</div>

22      43.    Kenner and Standard Advisors recommended that Juneau invest in

23 Ecser Holdings, Inc. by purchasing unregistered securities of Ecser.

24      44.    Plaintiff is informed and believes, and based thereon alleges, that

25 Kenner and Standard Advisors received undisclosed kick backs or other

26 compensation from Ecser for providing Juneau and other clients of Kenner and

27 Standard Advisors to Ecser.

28      45.    Plaintiff is informed and believes, and based thereon alleges, that

1    Escer is not an operating business. Plaintiff is informed and believes, and based
2    thereon alleges, that Escer is located at defendant Mosses Gutman's residence in the
3    Bronx, New York and consists of a single machine sitting in a shed behind the
4    residence. Plaintiff is further informed and believes, and based thereon alleges, that
5    Kenner, Standard Advisors, Gutman and others have raised millions of dollars
6    purportedly for Ecser's business but that instead the money was sent to offshore
7    bank accounts.

8        46.   Plaintiff is informed and believes, and based thereon alleges, that
9    Ecser is a fraudulent scam. Plaintiff is further informed and believes, and based
10   thereon alleges, that Kenner, Standard Advisors, and Gutman know or through the
11   exercise of reasonable diligence should have known that Ecser was a fraudulent
12   scam.

13       47.   At the recommendation of Kenner and Standard Advisors, Juneau
14   invested approximately $300,000 in Ecser. Plaintiff is informed and believes, and
15   based thereon alleges, that Kenner, Standard Advisors and Gutman received all or
16   part of the money Juneau "invested" in Ecser.

17                          **BAJA DEVELOPMENT**

18       48.   Kenner and Standard Advisors recommended that Juneau loan
19   $500,000 to Baja Development Corporation without interest on the loan. Juneau
20   received a promissory note from Baja Development Corporation which provided
21   that the loan would not be repaid until "not less than 100 individuals acquired
22   membership interests in the proposed development of the Golf Club and Resort to
23   be developed in El Rosario, Baja, California by Baja Development Corporation."
24   Kenner secured this loan from Juneau by representing that the funds would only be
25   used for the development in El Rosario. Kenner never told Juneau that Kenner was
26   personally benefiting from the interest-free loan.

27       49.   Plaintiff is informed and believes, and based thereon alleges, that
28   Kenner and Standard Advisors were directing and controlling the development in El

#10235290 v1                        -12-                           COMPLAINT

1  Rosario for the benefit of Kenner and Standard Advisors, which was derived

2  through a series of partnerships concealing Kenner's interests. Plaintiff is informed

3  and believes that Kenner exercised control over the Mexico Defendants all of

4  whom obtained the $500,000 loaned by Juneau.

5      50.    Plaintiff is informed and believes, and based thereon alleges, that the

6  Mexico Defendants abandoned the El Rosario development described in the  Baja

7  Development Corporation promissory note.  Plaintiff is informed and believes, and

8  based thereon alleges, that Kenner and Standard Advisors did not disclose to

9  Juneau that Baja Development Corporation abandoned the El Rosario Development

10  for which the loan was made.

11     51.    Plaintiff is informed and believes, and based thereon alleges, that the

12  Mexico Defendants misappropriated and/or diverted the funds loaned by Juneau

13  and used them for a different development called Dia Monte Cabo.  Juneau did not

14  consent to any such diversion of funds.  Moreover, as a result of the abandonment

15  of the Dia Monte Del Mar Development, Juneau's promissory note from Baja

16  Development Corporation became due and payable.

17     52.    Plaintiff has not been paid the $500,000 owed by Baja Development

18  Corporation.  Plaintiff is informed and believes, and based thereon alleges, that the

19  Mexico Defendants, and each of them, is responsible for repayment of the entire

20  balance of the promissory note.

21                        **SCOTTSDALE AVALON AIRPARK**

22     53.    Kenner and Standard Advisors recommended that Juneau invest

23  $550,000 in a project known as the Scottsdale Avalon Airpark.  Kenner and

24  Standard Advisors took the money.  Juneau has never received any information

25  concerning the purported investment.  Plaintiff is informed and believes, and based

26  thereon alleges, that defendants Thomas Constantine and Constantine Managemet

27  LLC were supposed to manage this investment.

28     54.    Plaintiff is informed and believes, and based thereon alleges, that

#10235290 v1                          -13-                          COMPLAINT

1   Kenner, Standard Advisors, Thomas Constantine and Constantine Management
2   LLC have taken Plaintiff's $550,000 investment and used it for their own personal
3   gain.

### IMPACT PROTECTIVE EQUIPMENT

5      55.   Kenner and Standard Advisors recommended that Juneau invest
6   $100,000 in a corporate entity known as Impact Protective Equipment.

7      56.   Plaintiff is informed and believes, and based thereon alleges, that
8   Impact Protective Equipment is, and at all times was, an inappropriate investment
9   for Plaintiff. Plaintiff is further informed and believes, and based thereon alleges,
10   that Kenner and Standard Advisors recommended the Impact Protective Equipment
11   investment to Juneau and other clients of Standard Advisors for the purpose of
12   obtaining substantial financial benefits for Kenner and Standard Advisors.

13      57.   Plaintiff is informed and believes, and based thereon alleges, that
14   Kenner entered into an agreement with Impact Protective Equipment's principal,
15   Mark Monica, whereby Kenner and Standard Advisors would raise $2.5 million in
16   financing for the entity and, in return, Kenner and Standard Advisors would take
17   control of Impact Protective Equipment for their personal benefit.

### NORTHERN TRUST ACCOUNT

19      58.   Plaintiff maintained a brokerage account at Northern Trust. Without
20   Plaintiff's knowledge or consent, Kenner and Standard Advisors forged documents
21   in order to take out loans against Plaintiff's brokerage account.

22      59.   Kenner and Standard Advisors took out loans against Plaintiff's assets.
23   Kenner and Standard Advisors then transferred the money from the loans into
24   Kenner's bank account under the name of Little Isle IV. Kenner then used the
25   funds for Kenner's personal benefit.

### HAWAII INVESTMENT

27      60.   Kenner also convinced Juneau to invest in an entity known as Big Isle
28   IV, which Kenner later renamed Little Isle IV, LLC. Kenner represented to Juneau

1    that the investment was a real estate project in Hawaii. Unknown to Juneau,

2    Kenner controlled the project. Juneau is informed and believes, and based thereon

3    alleges, that Kenner managed the investment and structured a transaction in which

4    Kenner and the Hawaii Defendants obtained the majority interesting the overall

5    project through shell entities. Juneau is informed and believes that Kenner took

6    money from the Hawaii project for his own personal benefit.

7        61.    Juneau is further informed and believes, and based thereon alleges,

8    that Kenner and the Hawaii Defendants arranged for other investors in the Little

9    Isle IV to receive as much as 50% of the initial investment back. Juneau never

10   received any money back from the investment.

11                  **First Claim For Relief**

12                **Breach Of Fiduciary Duty**

13       **(Against Assante, Kenner and Standard Advisors)**

14        62.    Plaintiff incorporates and realleges herein paragraphs 1 through 59

15   above, as if set forth in full.

16        63.    Kenner and Assante Global Advisors, Inc. owed Plaintiff a fiduciary

17   duty as Plaintiff's financial and investment advisors. Plaintiff placed absolute trust

18   in the recommendations of Kenner and Assante Global Advisors, Inc. as detailed

19   above.

20        64.    Kenner and Standard Advisors also owed Plaintiff a fiduciary duty as

21   Plaintiff's financial and investment advisors. Plaintiff placed absolute trust in the

22   recommendations of Kenner and Standard Advisors.

23        65.    In addition, Juneau is informed and believes that Kenner took steps to

24   exercise complete control over the remainder of Juneau's financial portfolio,

25   investing substantial amounts of his assets in companies and projects which Kenner

26   recommended and about which h Kenner provided very little information to Juneau.

27   In each instance in which Kenner prevailed upon Juneau to participate in an

28   investment, Kenner failed to provide any information about the structure, timeline

1  or expected return from the investment. In addition, Juneau has never – over the
2  course of several years – received any appreciable returns on investments
3  recommended to him by Kenner. This despite numerous misrepresentations from
4  Kenner that such returns would be forthcoming. In clear breach of his professional
5  obligations, Kenner has never provided Juneau with adequate records of any of his
6  initial investments or of any purported returns on those investments.

7      66.    As detailed more fully above, Juneau is informed and believes that, on
8  numerous occasions, in breach of his fiduciary duties to Juneau, Kenner invested
9  millions of dollars of Juneau's assets in companies and ventures in which Kenner
10  had an ownership interest. Kenner never disclosed to Juneau his ownership interest
11  in these investments.

12      67.    Juneau is further informed and believes that Kenner represented to
13  various companies that Kenner could secure significant amounts of investment
14  capital from Juneau (and other of Kenner's clients) in exchange for either a
15  percentage ownership of the companies or a portion of the companies' profits solely
16  for himself and as a result secured such benefits for himself. Kenner never
17  disclosed to Juneau that Kenner would reap a direct personal financial gain from
18  any investment which he recommended to Juneau.

19      68.    Juneau is informed and believes that, as of in or about April 2003,
20  Defendant Phillip Kenner was no longer a licensed investment advisor. Kenner
21  never informed Juneau that he was not longer licensed. Moreover, Juneau is
22  informed and believes that Kenner performed services on Juneau's behalf that
23  should only be performed by licensed investment advisors, including buying and
24  selling regulated securities and changing Juneau's asset allocations.

25      69.    Juneau is further informed and believes that Kenner made a practice of
26  asking Juneau to sign documents (including those from which Kenner could
27  financially benefit) at inopportune times and/or by presenting Juneau with
28  numerous documents simultaneously. Kenner pressed Juneau – who is not a native

1  English speaker – to sign the documents, without explaining what Juneau was in
2  fact signing and by glossing over important information about the documents.

3      70.    Juneau is informed and believes that Kenner also made undisclosed
4  kick backs from disability policies issued to Juneau through an insurance brokerage
5  firm.

6      71.    Plaintiff only became aware of Kenner's extensive breach of fiduciary
7  duty, fraud and negligence in or about April 2008.

8      72.    Plaintiff is entitled to recover damages against Kenner, Assante Global
9  Advisors Inc., and Standard Advisors for all of the investment losses and thefts set
10 forth above. In addition, Plaintiff seeks disgorgement of all profits traceable to
11 Kenner and Standard Advisors' use of Juneau's funds for their own personal gain.

12                    **SECOND CLAIM FOR RELIEF**
13                          **FOR FRAUD**
14              **(Against All Defendants except Assante)**

15     73.    Plaintiff hereby incorporates by this reference as though set forth in
16 full at this point, each of the allegations contained in paragraphs 1 through 71
17 above.

18     74.    Defendant Kenner has owed Plaintiff fiduciary duties resulting from
19 the position of trust and confidence he assumed as Plaintiff's business manager and
20 investment advisor. Beginning in or about 2003, Kenner provided services to
21 Plaintiff through Defendants Standard Advisors, inc. and/or Standard Advisors,
22 LLC. Plaintiff reposed total, unfettered trust and confidence in Kenner.

23     75.    As more fully set forth above, Kenner intentionally made the following
24 material misrepresentations and omissions of material fact to Juneau:

25          a.    Juneau is informed and believes that Kenner repeatedly
26 recommended that Juneau invest in companies and projects in which Kenner had an
27 ownership interest without ever disclosing his interest to Juneau while Kenner as a
28 fiduciary of Juneau owed a duty to disclose such interests;

#10235290 v1                          -17-                          COMPLAINT

1         b.    Juneau is informed and believes that Kenner represented to

2 various companies that Kenner could secure significant amounts of investment

3 capital from Juneau (and other of Kenner's clients) in exchange for either a

4 percentage ownership of the companies or a portion of the companies' profits solely

5 for himself and, based thereon, secured such ownership and profits;

6         c.    Juneau is informed and believes that Kenner held himself out as

7 a licensed investment advisor (and performed services that should only be

8 performed by licensed investment advisors) when he was no longer licensed to

9 provide such services.

10     76.    Because Juneau was unaware of the material facts being concealed by

11 Kenner, Plaintiff allowed Kenner to continue in his role as business manager and

12 investment advisor, continued to place trust and confidence in Kenner, and agreed

13 to make a multimillion-dollar loan to him.  Had Plaintiff known the true facts, he

14 would have germinated Kenner immediatealy.

15     77.    Plaintiff only discovered the true facts in or about April 2008.

16     78.    As a direct and proximate result of Kenner's fraudulent concealment

17 of material facts and affirmative misrepresentations, Plaintiff has suffered

18 substantial damages in an amount to be determined at trial.

19     79.    Plaintiff is informed and believes, and based thereon alleges, that all of

20 the above-identified defendants except for Assante Global Advisors, Inc. knew that

21 Kenner was engaged in a fraudulent enterprise with the intent of misappropriating

22 funds from his clients, including Juneau.  Plaintiff further alleges that each of the

23 above-identified defendants conspired with and assisted Kenner in accomplishing

24 his fraudulent activities by assisting Kenner and acting at Kenner's directions in

25 operating the fraudulent entities described above.

26     80.    Plaintiff is informed and believes and based thereon alleges that

27 Kenner has concealed material facts and made affirmative misrepresentations

28 willfully, wantonly and in reckless disregard of Plaintiff's rights.  Kenner's conduct

1  has been so egregious as to justify an award of punitive damages to deter such
2  conduct in the future.

## THIRD CLAIM FOR RELIEF
## FOR PROFESSIONAL NEGLIGENCE

### (Against Defendants Kenner, Standard Advisors and Assante)

6      81.    Plaintiff hereby incorporates by this reference as though set forth in
7  full at this point, each of the allegations contained in paragraphs 1 through 74
8  above.

9      82.    Defendant Kenner has acted as business manager and investment
10  advisor for Plaintiff. Kenner provided these professional services as an employee
11  of Assante. Beginning in or about 2003, Kenner provided those services to Juneau
12  through Defendants Standard Advisors, Inc. and/or Standard Advisors, LLC. . As
13  such, Kenner owed a duty to Plaintiff to use such skill, prudence and diligence as
14  other reputable members of the accounting and financial services profession in a
15  similar locality commonly possess and exercise under similar circumstances.

16      83.    Assante continued to provide Juneau with professional advice
17  concerning his investments including the RCA trust described above through at
18  least 2005. Assante failed to exercise the degree of skill and care necessary and
19  required of a professional investment advisor.

20      84.    Juneau did not, and could not through the exercise of reasonable
21  diligence, have learned that the advice he had received from Kenner, Assante and
22  Standard Advisors fell below the standard of care, or that he had suffered
23  substantial damages as a result.

24      85.    Plaintiff is informed and believes, and thereon alleges, that defendants
25  were negligent and failed to fulfill their professional obligations to Plaintiff by
26  engaging in the conduct alleged herein, including:

27          a.    Kenner and Standard Advisors provided Juneau with any
28  statements relating to Juneau's investments account;

#10235290 v1                          -19-                          COMPLAINT

1          b.      Kenner and Standard Advisors also failed to provide any
2    quarterly cash-basis financial statements;

3          c.      Kenner and Standard Advisors failed to provide Juneau with
4    records of Juneau's investments or any purported returns;

5          d.      Kenner, Standard Advisors and Assante failed to adequately
6    investigate investments that they recommended and failed to disclose all risks
7    associated with those investments to Juneau;

8          e.      Kenner and Assante failed to inform Juneau that Kenner had
9    recommended investments to Juneau that were not approved or researched by
10   Assante during the time Kenner was employed by Assante in violation of Assante's
11   policies and procedures as well as violating the standard of care;

12         86.    As a direct and proximate result of Kenner's, Assante's, and Standard
13   Advisor's negligence in failing to fulfill his professional obligations to Plaintiff,
14   Plaintiff has suffered damages in excess of $75,000, in an amount to be determined
15   at trial.

16                        **FOURTH CLAIM FOR RELIEF**

17   **FOR CONSTRUCTIVE TRUST AND APPOINTMENT OF A RECEIVER**

18                   **(Against All Defendants except Assante)**

19         87.    Plaintiff hereby incorporates by this reference as though set forth in
20   full at this point, each of the allegations contained in Paragraphs I through 84
21   above.

22         88.    As a result of the conduct described above concerning all defendants
23   except Assante, and the resulting conversion of Plaintiff's assets, a constructive
24   trust is required to be imposed on all monies or assets which Defendants have in
25   their possession, custody or control to ensure that monies rightfully belonging to
26   Plaintiff are not dissipated.

27         89.    In addition, in light of the theft of funds and commingling of assets,
28   the Court should order that all of defendants' (except Assante) property and

#10235290 v1                          -20-                          COMPLAINT

1    holdings be identified to an independent receiver who can take over and manage the
2    assets pending disposition of this litigation.

<div align="center">

### FIFTH CLAIM FOR RELIEF

### VIOLATION OF SECTION 10(b)

### OF THE SECURITIES EXCHANGE ACT OF 1934

**(Against Defendants Kenner and Standard Advisors)**

</div>

7       90.    Plaintiff hereby incorporates by this reference as though set forth in
8    full at this point, each of the allegations contained in Paragraphs 1 through 87
9    above.

10      91.    Plaintiff is informed and believes, and based thereon alleges, that each
11    of the foregoing investments including Ecser, Code Fire, Impact, and Little Isle IV
12    recommended by Kenner and Standard Advisors constituted securities within the
13    meaning of 15 U.S.C. § 78(j)(b), and Rule 10b-5.

14      92.    Kenner and Standard Advisors acted with scienter. The intent to
15    deceive is established by the foregoing allegations including: (1) the use of
16    corporate entities such as Ecser which has no business operations and served only
17    to move Juneau's money overseas; (2) concealing Kenner's ownership interest in
18    many of the recommended investments for the purpose of personally profiting at
19    the expense of others; and (3) Kenner's misappropriation of Juneau's funds from
20    Juneau's Northern Trust account by use of fraudulent loan documents.

21      93.    Kenner and Standard Advisors made false representations about Ecser
22    including the assertion that Ecser was an operating business when in fact it merely
23    moved money overseas. Kenner and Standard Advisors also concealed their
24    ownership and control as well as secret profits relating to the investments and
25    instead represented that investments in securities such as Impact would yield high
26    returns, when there was no basis for such statements. Kenner and Standard
27    Advisors were motivated by their secret attempt to obtain control over Impact as
28    described above.

#10235290.v1            -21-                        COMPLAINT

94.     Juneau relied upon Kenner and Standard Advisors in purchasing the securities and believed that Kenner and Standard Advisors was making recommendations with Juneau's best interest in mind.

95.     As a result of Kenner's and Standard Advisor's misrepresentations and concealment, Juneau lost the money invested as described above.

96.     Kenner and Standard Advisors violated 15 U.S.C. § 80b-6 by breaching their fiduciary duties, by committing the fraud described above and by unlawfully converting monies belonging to Plaintiff, Defendants have been unjustly enriched in vast sums.

97.     As a direct and proximate result of Defendants' gross misconduct, Juneau has been damaged in an amount in excess of $75,000 to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For damages according to proof to be determined at trial, together with interest thereon at the maximum rate permitted by law;

2.      Injunctive relief, including preliminary and permanent injunctive relief barring Defendants from exercising control over Plaintiff's monies and property;

3.      The appointment of a temporary and permanent receiver to manage Defendants assets, which are commingled with Plaintiff's monies;

4.      Disgorgement of profits;

5.      For exemplary and punitive damages according to proof;

6.      For costs of suit, including attorneys' fees; and

7.      For such other relief as the Court may deem just and proper.

1

Dated: December 16, 2008

PEPPER HAMILTON LLP

By:
    Michael L. Meeks
    Attorneys for Plaintiff
    JOE JUNEAU

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: December 16, 2008

PEPPER HAMILTON LLP

By:
    Michael L. Meeks
    Attorneys for Plaintiff
    JOE JUNEAU

-23-

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## 2:CV08- 8284 CBM (PJWx)

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

Michael L. Mees, (SBN 172000)
meeks@pepperlaw.com
PEPPER HAMILTON LLP
4 Park Plaza, Suite 1200
Irvine, CA 92614
(949) 567-3500 phone
(949) 863-0151 fax

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE JUNEAU, an individual | PLAINTIFF(S) | CASE NUMBER |
| V. | | CV08-08.284CBM PJW |
| PHILLLIP A. KENNER an individual | | |
| SEE ATTACHED | DEFENDANT(S). | **SUMMONS** |

TO:DEFENDANT(S): <u>PHILLIP A. KENNER an individual; STANDARD ADVISORS, INC., a Delaware
Corporation and STANDARD ADVISROS, LLC, a Nevada Limited Liability Company; (SEE
ATTACHMENT)</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ame  nded complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, <u>Michael L. Meeks</u>, whose address is <u>Pepper Hamilton LLP
4 Park Plaza, Suite 1200, Irvine, CA 92614</u>. If you fail to do so, judgment by default will be entered against you
for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ DEC 1 6 2008 _____

By: _Natalie Tongaria_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

---

| CV-01A (12/07) | SUMMONS | American LegalNet, Inc.
www.USCourtForms.com |
|---|---|---|


ORIGINAL

SUMMONS (ATTACHMENT)

## TO DEFENDANTS:

NA' ALEHU VENTURES 2006, LLC, a Delaware limited liability company; WWK HAWAII
HOLDINGS, LLC, a Delaware limited liability company; WINDWALKER HAWAII LLC, a
Delaware limited liability company; JN DEVELOPMENT LLC; a limited liability company;
BILL NAJAM, an individual; LITTLE ISLE IV, LLC; ESCER HOLDING CORPORATION; a
New York corporation; KENNETH A. JOWDY, an individual; BAJA DEVELOPMENT
CORPORATION, a Delaware corporation; BAJA MANAGEMENT LLC, a New York Limited
Liability company; MOSSES GUTMAN, an individual CODE FIRE ACQUISITION
CORPORATION, A California corporation; JOHN WARD an individual; LORING WARD
CAPITAL MANAGEMENT, INC., a California Corporation and DOES 1 through 10, inclusive,

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>JOE JUNEAU, an individual | **DEFENDANTS**<br>PHILLIP A. KENNER, an individual; STANDARD ADVISORS, INC., a Delaware Corporation and STANAARD ADVISORS, LLC, a Nevada Limited Liability Company,  (SEE ATTACHMENT) |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>PEPPER HAMILTON LLP<br>4 Park Plaza, Suite 1200<br>Irvine, CA 92614<br>(959) 567-3500 | Attorneys (If Known) |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.) |
|---|---|

II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 78(j)(b), Rule 10b-5 - Investment Advisor selling fraudulent investments.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities -- Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities -- Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV08-08284

FOR OFFICE USE ONLY:  Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CONFORM  CIVIL COVER SHEET

American LegalNet, Inc.<br>www.FormsWorkflow.com

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District.* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Canada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District.* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | California, New York, Mexico, Arizona, Delaware, Hawaii |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District.* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date **December 16, 2008**
                                         MICHAEL L. MEEKS

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL CASE COVER SHEET (ATTACHMENT)

**DEFENDANTS**:

NA' ALEHU VENTURES 2006, LLC, a Delaware limited liability company; WWK HAWAII HOLDINGS, LLC, a Delaware limited liability company; WINDWALKER HAWAII LLC, a Delaware limited liability company; JN DEVELOPMENT LLC; a limited liability company; BILL NAJAM, an individual; LITTLE ISLE IV, LLC; ESCER HOLDING CORPORATION; a New York corporation; KENNETH A. JOWDY, an individual; BAJA DEVELOPMENT CORPORATION, a Delaware corporation; BAJA MANAGEMENT LLC, a New York Limited Liability company; MOSSES GUTMAN , an individual  CODE FIRE ACQUISITION CORPORATION , A California corporation; JOHN WARD an individual; LORING WARD CAPITAL MANAGEMENT, INC., a California Corporation and DOES 1 through 10, inclusive,