UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA,                           CR-13-607 (JFB)

         -against-

PHILIP A. KENNER and
TOMMY CONSTANTINE,

                Defendants.

- – – – – – – – – – – – – – – – – – – – – –X


**UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, PURSUANT TO FED. R. CIV. P. 34, TO CLAIMANT DANSKE BANK A/S, LONDON BRANCH**

      PLEASE TAKE NOTICE that the UNITED STATES OF AMERICA, by its attorney RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, Diane C. Leonardo and Madeline O'Connor, Assistant United States Attorneys, of counsel, submits to claimant Danske Bank A/S, London Branch ("Danske") the following set of requests for production of documents ("Document Requests"), to be answered separately and fully in writing, under oath, in accordance with the procedures and definitions set forth below and as specified in the Federal Rules of Civil Procedure and the Local of the United States District Courts for the Southern and Eastern Districts of New York, to the Office of the United States Attorney for the Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722, Attn: Madeline O'Connor and Diane C. Leonardo.

## DEFINITIONS

      1.     The "DCSL resort" shall refer to the Diamante Cabo San Lucas resort that the government seeks to forfeit in this action.

1

2.      "DCSL Mexico" shall refer to Diamante Cabo San Lucas S. De R.L. De CV.

3.      "Verified Petition" shall refer to the Verified Petition of Danske Bank A/S London Branch to Adjudicate Interest in Property Pursuant to 21 U.S.C. §853(a) filed on May 6, 2020 in the United States District Court for the Eastern District of New York, captioned *U.S. v. Kenner et. al.* Docket Entry ("DE") 835-1.

4.      "Lehman" shall refer to any Lehman entity, including, but not limited to, Lehman Brothers Commercial Paper, Inc.

5.      "Lehman Bankruptcy" shall refer to the bankruptcy proceedings in the Southern District of New York, Docket number 08-13555 (Peck, B.J.), and any related bankruptcy proceedings by Lehman.

6.      "Borrower" shall refer to the DCSL resort and DCSL Mexico.

7.      "Loan Agreements" shall refer to the loan agreements, and any and all riders or amendments, between the Borrower and Danske.

8.      "Defendants" shall refer to Philip A. Kenner and Tommy C. Constantine.

9.      "Jowdy" shall refer to Kenneth A. Jowdy.

10.     "Trustee" shall refer to Itzel Crisostomo Guzman, Domicile: Cordillera de los Andes 265, Piso 2, Col. Lomos de Chapultepec, CP 11000.

11.     "Trimont" shall refer to Trimont Real Estate Advisors Inc.

12.     "Equity Interests" shall refer to the equity interests in Baja Ventures 2006, LLC, Diamante Properties, LLC, CSL Properties 2006, LLC and KAJ Holdings, LLC.

13.     "MRA" shall refer to the 1999 Master Repurchase Agreement, and any and all riders or amendments, between Danske and Lehman.

2

14.     "Repo Agreements" shall refer to all repurchase agreements between Danske and Lehman.

15.     "You" and "your" shall refer to the Claimant Danske, along with each of its representatives, agents, attorneys, and employees.

16.     The definitions and rules of construction set forth in Fed. R. Civ. P. 34(a) and Local Civil Rule 26.3 are incorporated herein and set forth, in pertinent part, below for your convenience:

  a.  "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise);

  b.  "Concerning" means relating to, referring to, describing, evidencing, or constituting;

  c.  "Document" includes all documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, emails and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

  d.  "Identify" (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

  e.  "Identify" (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information;

  f.  "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association; and

  g.  The following rules of construction apply to all discovery requests:

i.  All/Each.  The terms "all" and "each" shall be construed as all and each;

ii. And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

iii. Number.  The use of the singular form of any word includes the plural and vice versa.

## **<u>INSTRUCTIONS</u>**

1.      The full text of the Document Request should be set forth immediately preceding your response thereto.

2.      Information and documents are deemed to be in your possession, custody or control if they are in your physical custody and/or, regardless of whether the information or documents are currently in your physical custody, if they are in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, expressed or implied, that he/she may use, inspect, examine or copy said document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when he/she sought to do so.  Such documents shall include, without limitation, documents that are in the custody of your attorney(s) or other agents.

3.      When you produce documents in response to these requests, you must indicate to which Document Request, or part thereof, the document is responsive.

4.      If the Document Requests call for any information or document(s) that has/have been lost, destroyed or discarded, furnish an inventory of the missing documents and provide the following information: the type of document; the general subject matter of the document; the

4

date of the document; the title and author of the document; the names of any persons who participated in the preparation of the document; the names of the addressee and any other recipient of the document; the relationship between the author and the addressee; the number of pages the document contained; the date that the document was lost, destroyed or otherwise discarded; and the names of the persons authorizing, participating in or with knowledge of such loss, destruction or discard.

5.      Unless otherwise indicated, the responses should include all information known up to the date of the verification of these document demands.  All of these Document Requests are deemed to be continuing so as to require further and supplemental responses or the production of additional documents as you receive or identify additional information at any point.  Pursuant to Fed. R. Civ. P. 26(e)(1)(A), such supplementary responses and documents are to be served upon the undersigned counsel in a timely manner upon learning of the additional information or documents.

6.      If any of the Document Requests seek a document that you have already produced, indicate in your response the date when the responsive document was produced and the Bates Number of the responsive document.

7.      Where a claim of privilege is asserted, the attorney asserting the privilege shall provide the information required by Rule 26.2 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.

8.      If only part of the Document Request is objected to, respond to the remaining portion and indicate the portion to which you are responding.

9.       The relevant time period for the following Document Requests is from January 1, 2006 until the present, unless (a) otherwise specified below in a Document Request; or (b) the

Document Request concerns the source and/or acquisition of an interest in the DCSL resort, in which case there is no limitation on the relevant time period.

10.     When you produce documents in response to these Document Requests, if a document is in Spanish, you must provide the original Spanish version of the document, as well as an English translation of the document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce any and all documents concerning your interest in the DCSL resort, including, but not limited to, any documents in which you indicated your ownership of the DCSL resort (e.g., any financial disclosure forms (whether audited or unaudited), shareholder reports or tax returns); any documents concerning your payment of any taxes or other expenses for the loan associated with the DCSL resort; and any documents reflecting any losses claimed for the loan associated with the DCSL resort.

2.     Produce any and all documents concerning the acquisition of your interest in the DCSL resort loan from Lehman and/or the Lehman Bankruptcy estate, including, but not limited to, documents concerning (a) the date when you purchased the DCSL resort loan from Lehman and/or the Lehman Bankruptcy estate, (b) the amount of consideration, if any, that you provided to purchase the DCSL resort loan from Lehman and/or the Lehman Bankruptcy estate; (c) the value attributed to the DCSL resort loan in your settlement with Lehman and/or the Lehman Bankruptcy estate during the Lehman Bankruptcy; and (d) the transaction documents, under the Repo Agreement or otherwise, evidencing (i) the purchase price for the purchase of the DCSL resort loan and (ii) the terms of Lehman's repurchase of the DCSL resort loan.

3.      Produce any and all documents, including continuation statements, evidencing Danske's claimed "secured interest in shares" in: (a) Baja Ventures 2006, LLC; (b) Diamante Properties, LLC; (c) CSL Properties 2006 LLC; and (d) KAJ Holdings, LLC.

4.      Produce all documents evidencing Danske's claimed "perfected senior secured interests" in: (a) Diamante Cabo San Lucas, LLC; and (b) PF Ventures, LLC.

5.      Produce all copies of Danske's Uniform Commercial Code ("UCC") filings for any claimed interest in: (a) the DCSL resort; (b) Baja Ventures 2006, LLC; (c) Diamante Properties, LLC; (d) CSL Properties 2006 LLC; (e) KAJ Holdings, LLC; (f) Diamante Cabo San Lucas, LLC; and (g) PF Ventures, LLC.

6.      Produce any and all documents or communications made at any time between you and any other person, including, but not limited to, Jowdy, concerning the purchase and acquisition of the DCSL resort loan from Lehman.

7.      Produce any and all appraisals or valuations of the DCSL resort loan, including, but not limited to, all appraisals or valuations conducted during the course of the Lehman Bankruptcy by CB Richard Ellis and Clayton IPS, and all documentation used to prepare such appraisals or valuations.

8.      Produce any and all appraisals or valuations of the DCSL resort, including, but not limited to, all appraisals or valuations conducted during the course of the Lehman Bankruptcy by CB Richard Ellis and Clayton IPS, and all yearly appraisals or valuations conducted by Danske for the years 2009 to the present, inclusive, and all documentation used to prepare such appraisals or valuations.

9.      Produce all emails and correspondence between Danske and Lehman with regard to the valuation of the commercial loans under the MRA.

7

10.     Produce unredacted, fully executed copies of the MRA and Repo Agreements between Danske and Lehman with all corresponding exhibits.

11.     Produce any and all documents evidencing the MRA or the amendments in which the Lehman loan to the DCSL resort is included.

12.     Produce the assignment agreement from February 2009 between Danske and Lehman.

13.     Produce any and all Repo confirmation statements between Danske and Lehman.

14.     Produce any and all documents that supported Danske's proof of claim filed in the Lehman Bankruptcy.

15.     Produce any and all documents that established Danske's reduced proof of claim in the amount of $580 million in the Lehman Bankruptcy proceedings.

16.     Produce any and all documents that established the consideration to transfer Danske's $580 million claim in the Lehman Bankruptcy to Goldman Sachs.

17.     Produce (a) any and all servicing agreements with Trimont Real Estate Advisors, Inc., Michael Devlin, and any other third-party utilized by Danske or the Borrower to provide services regarding the DCSL resort loan; and (b) any and all correspondence, reports and documents prepared according to such servicing agreements, including, but not limited to, those identified in Document Requests 18, 19, 20, and 27.

18.     Provide all required construction documents identified in the Loan Agreements under Article VIII, Section 8.1, Replacement Facility C - Required Construction Documents, and under Article IX, Section 9.2, Construction Budget-Replacement Facility C, for each disbursement and/or loan advance from Facility C.

19.     Provide all reports furnished by the Borrower to Danske pursuant to the Loan Agreements, Section 13.5, Reporting Covenants, including, but not limited to: Section 13.5(a), Weekly Reports; Section 13.5(b), Monthly Reports; Section 13.5(c), Quarterly Reports; and Section 13.5(d), Annual Reports.

20.     Produce any and all status reports created, authored, and/or produced by Michael Devlin.

21.     Produce any and all documents showing the amount and calculation of Danske's claimed default interest.

22.      Produce any and all documents showing the calculation and valuation for Danske's claimed profit participation fee under the Loan Agreements.

23.     Provide a complete set of statements for each sub-account set up by Danske related to each loan facility, including, but not limited to, the following accounts:

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| Danske Bank A/S | 22028839 | Diamante Cabo San Lucas S. de R.L. de C.V. | Interest Reserve |
| Danske Bank A/S | 36030321 | Diamante Cabo San Lucas S. de R.L. de C.V. | Tax Reserve |
| Danske Bank A/S | 36030429 | Diamante Cabo San Lucas S. de R.L. de C.V. | Ocean Club Reserve |
| Danske Bank A/S | 36030453 | Diamante Cabo San Lucas S. de R.L. de C.V. | Commission Reserve |
| Danske Bank A/S | 36990540 | Diamante Cabo San Lucas S. de R.L. de C.V. | Danske Bank London Branch Discount-Cabo |
| Danske Bank A/S | 36991065 | Diamante Cabo San Lucas S. de R.L. de C.V. | Danske Bank London Branch Professional Fees |

24.     Provide support for the $900,000 transfer from Facility C on October 10, 2018.

25.     Provide wire transfer documentation to support the transfers from Trimont to the Borrower for the 45 loan advance wire transfers, totaling $53,476,556, from Facility C to Trimont Real Estate Advisors Inc. (Wells Fargo Bank Account – Account Number 2000025192043).

26.     Provide bank statements for other bank accounts identified that funds from

Facility A, B and C may have been indirectly transferred to, including, but not limited to, the

following accounts:

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| **Borrower's and Borrower Affiliates' Bank Accounts Identified in Loan Documents:** | | | |
| Bank of New York | 6550253668 | Diamante CSL LLC | Unknown |
| Banco Mercantil del Norte | 540653166 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking - Development Expenses |
| TD Bank | 4337813269 | Diamante CSL LLC | Sales Revenue |
| TD Bank | 4342295808 | Diamante Management Services, Inc. | Operations / Private Construction |
| Wells Fargo Bank | 2000030104660 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking Account & Collateral Account |
| Wells Fargo Bank | 2000058292732 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Account & Collateral Account |
| Wells Fargo Bank | 2000046014993 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operating Account & Collateral Account |
| Wells Fargo Bank | 7014523448 | Diamante Cabo San Lucas S. de R.L. de C.V. | Holding Account |
| Wells Fargo Bank | 8405659858 | Diamante Cabo San Lucas S. de R.L. de C.V. | Money Market Account |
| Wells Fargo Bank | 515552179 | Diamante Cabo San Lucas S. de R.L. de C.V. | Holding Account |
| Wells Fargo Bank | 7014523331 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Costs Account |
| Wells Fargo Bank | 70452291 | Diamante Club LLC | Checking Account |
| Banco Mercantil del Norte | 626436124 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 626436160 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 647958993 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Revenue |
| Banco Mercantil del Norte | 885768006 | Diamante Cabo San Lucas S. de R.L. de C.V. | Private Construction Expenses / Deposits |
| Banco Mercantil del Norte | 811253725 | Diamante Cabo San Lucas S. de R.L. de C.V. | TRC Expenses |
| Banco Mercantil del Norte | 537788291 | Diamante Cabo San Lucas S. de R.L. de C.V. | Checking - Development Expenses |

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| Banco Mercantil del Norte | 654187045 | Diamante Cabo San Lucas S. de R.L. de C.V. | Sales Revenue |
| Banco Mercantil del Norte | 629300744 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Expenses |
| Banco Mercantil del Norte | 626436058 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 813490962 | Diamante Cabo San Lucas S. de R.L. de C.V. | TRC Expenses |
| Banco Mercantil del Norte | 893014435 | Diamante Cabo San Lucas S. de R.L. de C.V. | Private Construction Expenses/ Deposits |
| Banco Mercantil del Norte | 646208440 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Cost/GV33 |
| Banco Mercantil del Norte | 640368650 | Diamante Cabo San Lucas S. de R.L. de C.V. | Closing Cost/GV33 |
| Santander Bank | 82-500603302 | Diamante Cabo San Lucas S. de R.L. de C.V. | Operations Revenue |
| Banco Mercantil del Norte | 404167402 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 417271215 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 404167224 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 420856633 | DCSL Residential Services S. de R.L. de C.V. | Residential Services |
| Banco Mercantil del Norte | 218796607 | Diamante Development S. de R.L. | Construction Payroll |
| Banco Mercantil del Norte | 219135744 | Diamante Development S. de R.L. | Construction Payroll |
| Banco Mercantil del Norte | 807291878 | Diamante Life S. de R.L. de C.V. | Dlife Exp-Dep |
| Banco Mercantil del Norte | 540653184 | Diamante Life S. de R.L. de C.V. | Dlife Exp-Dep |
| Banco Mercantil del Norte | 644363868 | Prestadora de Servicios S. de R.L. de C.V. | PS Bank Account |
| Banco Mercantil del Norte | 212349937 | Prestadora de Servicios Diamante S. de R.L. de C.V. | Payroll Expenses |
| Banco Mercantil del Norte | 646208459 | Prestadora de Servicios Diamante S. de R.L. de C.V. | Payroll Expenses |
| Banco Mercantil del Norte | 241523315 | Prestadora de Servicios Turistico y de Golf S. de | Payroll Expenses |
| Banco Mercantil del Norte | 242265256 | Prestadora de Servicios Turistico y de Golf S. de | Payroll Expenses |
| Unknown | 8832 | Pacifico Associates SA | USD Bank Account |

| Bank Name | Account Number | Name on Account | Account Description |
|---|---|---|---|
| **HOA Accounts Identified in Loan Documents:** | | | |
| | 489827440 | Regimen Secundario de Propiedad en Condominium Casitas Fase 1 | HOA Account |
| | 489827507 | Regimen Secundario de Propiedad en Condominium Casitas Fase 2 | HOA Account |
| | 485615694 | Diamante SCL Master HOA AC | HOA Account |
| | 485615649 | Diamante SCL Master HOA AC | HOA Account |
| | 485615779 | Regimen de Propiedad en Condominio Beach Estates | HOA Account |
| | 488710536 | Regimen de Propiedad en Condominio Beach Estates | HOA Account |
| | 485615818 | Sub-Regimen de Propiedad en Condominio 1 Golf Villas del RE | HOA Account |
| | 489827413 | Sub-Regimen de Propiedad en Condominio 1 Golf Villas del RE | HOA Account |
| | 485615676 | Sub-Regimen de Propiedad en Condominio 2 Sunset Hill | HOA Account |
| | 485615621 | Sub-Regimen de Propiedad en Condominio 2 Sunset Hill | HOA Account |
| | 485615742 | Sub-Regimen de Propiedad en Condominio Denominado DRC-Lote A | HOA Account |
| | 488710518 | Sub-Regimen de Propiedad en Condominio Denominado DRC-Lote A | HOA Account |
| **Unrelated Party Bank Accounts Identified in Loan Documents:** | | | |
| BBVA Bancomer | 8000541817100 | Stewart Title Guaranty de Mexico S.A. | Unknown |
| Banco Nacional de Mexico | 0660 / 9582454 | Fidelity National Title de Mexico S.A. | Unknown |
| Keybank | 1001516552 | Baker & Hostetler LLP | Unknown |
| PNC Bank | 5501298602 | Venable LLP | Escrow Account |
| HSBC Mexico | 21041070029475400 | Jose Alberto Castro Salazar | Unknown |
| JP Morgan Chase | 447449955 | FNF Title International Holding Co. | Unknown |
| Unknown | 03706797575 | Daniel Urrea Gonzalez Paul or Narda Rodriguez | Unknown |
| Compass Bank | 2511134873 | Bruce D Greenberg, Inc. | Unknown |

27.    Provide all Trimont summary statements, account statements, and invoices identified as 'Missing' below:

| Month/Year | Facility A | | Facility B | | Facility C | | |
|---|---|---|---|---|---|---|---|
| | Trimont Statements | Trimont Invoices | Trimont Statements | Trimont Invoices | Trimont Statements | Trimont Invoices | Trimont Summary Statement |
| Apr-06 to Aug-08 | Missing | Missing | | | | | |
| Sep-08 to Nov-08 | | Missing | | | | | |
| Dec-08 to Feb-09 | | Missing | | | | | |
| Mar-09 to May-10 | | Missing | | Missing | | | |
| Jun-10 to Aug-10 | Missing | Missing | Missing | Missing | | | |
| Sep-10 to Nov-10 | | Missing | Missing | Missing | | | |
| Dec-10 to Nov-11 | | Missing | | Missing | | | |
| Dec-11 to Feb-12 | Missing | | Missing | | | | |
| Jan-12 | Missing | | Missing | | | | |
| Mar-12 to Jun-12 | Missing | Missing | Missing | Missing | | | |
| Jul-12 to Dec-12 | Missing | | Missing | | | | |
| Jan-13 to Mar-13 | Missing | | Missing | | | | |
| Apr-13 to Dec-13 | Missing | | Missing | | Missing | | Missing |
| Jan-14 to Mar-14 | Missing | Missing | Missing | Missing | Missing | Missing | Missing |
| Apr-14 | Missing | | Missing | | Missing | | Missing |
| May-14 to Dec-14 | Missing | | Missing | | Missing | | |
| Jan-15 to Mar-15 | Missing | | Missing | Missing | Missing | | |
| Apr-15 to Dec-15 | Missing | Missing | Missing | Missing | Missing | Missing | |
| Jan-16 to Sep-16 | Missing | | Missing | | Missing | | |
| Oct-16 to Dec-16 | Missing | Missing | Missing | Missing | Missing | Missing | |

28.    For <u>each</u> disbursement and/or loan advance from Facilities A, B, C, and D, including, but not limited to, the transactions in the table below, provide complete draw request packages, containing all documents identified in *Section 11.1, Documents to be Furnished for Each Disbursement*, of the loan agreements as a condition precedent to the disbursement of funds from the loan facilities.

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| A | 90003664 | 1 | 11/19/08 | 11/19/08 | OUTWARD 4022-83245122794 | $20,015 |
| A | 90003664 | 2 | 01/14/09 | 01/14/09 | OUTWARD 4022-90146641714 | 1,600,015 |

13

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| A | 90003664 | 3 | 05/19/09 | 05/19/09 | OUTWARD 4022-91391762512 | 1,032,397 |
| A | 90003664 | 8 | 04/29/13 | 04/29/13 | OUTWARD 4022-31194190714 | 428,375 |
| B | 90003761 | 2 | 06/15/09 | 06/15/09 | OUTWARD 4022-91662507620 | 1,010,636 |
| B | 90003761 | 3 | 07/06/09 | 07/06/09 | OUTWARD 4022-91873141644 | 1,345,218 |
| B | 90003761 | 3 | 07/31/09 | 07/31/09 | OUTWARD 4022-92123816270 | 1,733,382 |
| B | 90003761 | 3 | 09/01/09 | 09/01/09 | OUTWARD 4022-92444629416 | 600,000 |
| B | 90003761 | 3 | 09/04/09 | 09/04/09 | OUTWARD 4022-92474750838 | 1,153,649 |
| B | 90003761 | 3 | 09/23/09 | 09/23/09 | OUTWARD 4022-92665184262 | 600,000 |
| B | 90003761 | 4 | 10/01/09 | 10/01/09 | OUTWARD 4022-92745501218 | 1,678,172 |
| B | 90003761 | 4 | 10/29/09 | 10/29/09 | OUTWARD 4022-93026251756 | 1,477,890 |
| B | 90003761 | 4 | 11/23/09 | 11/23/09 | OUTWARD 4022-93276906316 | 700,000 |
| B | 90003761 | 5 | 12/08/09 | 12/08/09 | OUTWARD 4022-93427409284 | 909,255 |
| B | 90003761 | 5 | 12/18/09 | 12/18/09 | OUTWARD 4022-93517677256 | 250,387 |
| B | 90003761 | 5 | 12/18/09 | 12/18/09 | OUTWARD 4022-93517677258 | 68,484 |
| B | 90003761 | 6 | 01/13/10 | 01/13/10 | OUTWARD 4022-00138377404 | 200,000 |
| B | 90003761 | 6 | 01/29/10 | 01/29/10 | OUTWARD 4022-00298855524 | 1,419,343 |
| B | 90003761 | 6 | 01/29/10 | 01/29/10 | OUTWARD 4022-00298845196 | 300,000 |
| B | 90003761 | 7 | 02/25/10 | 02/25/10 | OUTWARD 4022-00569578900 | 946,201 |
| B | 90003761 | 8 | 03/26/10 | 03/26/10 | OUTWARD 4022-00850444678 | 756,836 |
| B | 90003761 | 9 | 05/05/10 | 05/05/10 | OUTWARD 4022-01251555172 | 349,710 |
| B | 90003761 | 16 | 03/01/13 | 03/01/13 | OUTWARD 4022-30602283364 | 390,011 |
| B | 90003761 | 17 | 04/12/13 | 04/12/13 | OUTWARD 4022-31023628668 | 306,271 |
| C | 36030240 | 1 | 05/24/13 | 05/24/13 | OUTWARD 4022-31444995958 | 582,728 |
| C | 36030240 | 1 | 06/24/13 | 06/24/13 | OUTWARD 4022-31756015522 | 683,300 |
| C | 36030240 | 2 | 08/29/13 | 08/29/13 | OUTWARD 4022-32418274570 | 37,691 |
| C | 36030240 | 5 | 05/06/14 | 05/06/14 | OUTWARD 4022-41266802658 | 2,000,000 |
| C | 36030240 | 5 | 06/26/14 | 06/26/14 | OUTWARD 3826-41778554262 | 2,000,000 |
| C | 36030240 | 6 | 07/23/14 | 07/23/14 | OUTWARD 4022-42049409644 | 2,000,000 |
| C | 36030240 | 6 | 08/21/14 | 08/21/14 | OUTWARD 4022-42330354778 | 2,000,000 |
| C | 36030240 | 7 | 10/07/14 | 10/07/14 | OUTWARD 4022-42802014522 | 2,000,000 |
| C | 36030240 | 7 | 12/30/14 | 12/30/14 | OUTWARD 4022-43644982596 | 1,587,637 |
| C | 36030240 | 8 | 01/13/15 | 01/13/15 | OUTWARD 4022-50135372462 | 910,934 |
| C | 36030240 | 8 | 02/25/15 | 02/25/15 | OUTWARD 4022-50556843448 | 905,834 |
| C | 36030240 | 8 | 03/04/15 | 03/04/15 | OUTWARD 4022-50637156334 | 2,000,000 |
| C | 36030240 | 9 | 04/02/15 | 04/02/15 | OUTWARD 4022-50928178314 | 1,750,000 |
| C | 36030240 | 10 | 07/03/15 | 07/03/15 | OUTWARD 4022-51841485826 | 1,500,000 |
| C | 36030240 | 10 | 08/04/15 | 08/04/15 | OUTWARD 4022-52162524448 | 1,250,000 |
| C | 36030240 | 10 | 09/15/15 | 09/15/15 | OUTWARD 4022-52583918698 | 1,750,000 |
| C | 36030240 | 11 | 10/02/15 | 10/02/15 | OUTWARD 4022-52754633438 | 1,750,000 |
| C | 36030240 | 11 | 11/06/15 | 11/06/15 | OUTWARD 4022-53105862840 | 1,394,488 |
| C | 36030240 | 11 | 12/10/15 | 12/10/15 | OUTWARD 3826-53447096398 | 1,250,000 |
| C | 36030240 | 12 | 01/06/16 | 01/06/16 | OUTWARD 4022-60068010908 | 1,402,000 |
| C | 36030240 | 14 | 07/26/16 | 07/26/16 | OUTWARD 4022-62085531840 | 1,500,000 |

| Facility | Account Number | Statement Number | Entry Date | Value Date | Transaction Description | Transaction Value |
|---|---|---|---|---|---|---|
| C | 36030240 | 15 | 10/13/16 | 10/13/16 | OUTWARD 4022-62878535812 | 1,500,000 |
| C | 36030240 | 15 | 12/28/16 | 12/28/16 | OUTWARD 4022-63631625114 | 1,500,000 |
| C | 36030240 | 16 | 03/17/17 | 03/17/17 | OUTWARD 4022-70764778798 | 1,431,894 |
| C | 36030240 | 17 | 05/12/17 | 05/12/17 | OUTWARD 4022-71327433154 | 1,450,000 |
| C | 36030240 | 21 | 02/12/18 | 02/12/18 | OUTWARD 4022-80431628978 | 950,000 |
| C | 36030240 | 21 | 02/23/18 | 02/23/18 | OUTWARD 4022-80542422980 | 2,000,000 |
| C | 36030240 | 21 | 03/27/18 | 03/27/18 | OUTWARD 4022-80864099028 | 1,750,000 |
| C | 36030240 | 22 | 04/12/18 | 04/12/18 | OUTWARD 4022-81024789440 | 2,500,000 |
| C | 36030240 | 22 | 05/04/18 | 05/04/18 | OUTWARD 4022-81246121754 | 1,750,000 |
| C | 36030240 | 22 | 05/30/18 | 05/30/18 | OUTWARD 4022-81507516988 | 1,800,000 |
| C | 36030240 | 22 | 06/22/18 | 06/22/18 | OUTWARD 4022-81738787708 | 2,100,000 |
| C | 36030240 | 23 | 07/31/18 | 07/31/18 | OUTWARD 4022-82120916452 | 800,000 |
| C | 36030240 | 23 | 08/24/18 | 08/24/18 | OUTWARD 4022-82362133682 | 550,000 |
| C | 36030240 | 23 | 09/06/18 | 09/06/18 | OUTWARD 4022-82492825476 | 1,200,000 |
| C | 36030240 | 23 | 09/13/18 | 09/13/18 | OUTWARD 4022-82563109794 | 1,850,000 |
| C | 36030240 | 23 | 09/28/18 | 09/28/18 | OUTWARD 4022-82714119646 | 1,905,000 |
| C | 36030240 | 24 | 10/10/18 | 10/10/18 | OUTWARD 4022-82834633272 | 900,000 |
| C | 36030240 | 24 | 11/16/18 | 11/16/18 | OUTWARD 4022-83206788520 | 1,941,098 |
| C | 36030240 | 24 | 11/30/18 | 11/30/18 | OUTWARD 4022-83347713714 | 2,000,000 |
| C | 36030240 | 24 | 12/19/18 | 12/19/18 | OUTWARD 4022-83538891662 | 2,250,000 |
| C | 36030240 | 25 | 01/25/19 | 01/25/19 | OUTWARD 4022-90250851766 | 1,300,000 |
| C | 36030240 | 25 | 02/22/19 | 02/22/19 | OUTWARD 3826-90532477592 | 475,000 |
| C | 36030240 | 25 | 03/14/19 | 03/14/19 | OUTWARD 4022-90733552344 | 650,000 |
| C | 36030240 | 26 | 04/17/19 | 04/17/19 | OUTWARD 4022-91075749852 | 1,500,000 |
| C | 36030240 | 26 | 05/10/19 | 05/10/19 | OUTWARD 3826-91307068190 | 1,500,000 |
| C | 36030240 | 26 | 05/24/19 | 05/24/19 | OUTWARD 4022-91448050600 | 1,800,000 |
| C | 36030240 | 27 | 07/03/19 | 07/03/19 | OUTWARD 4022-91840475862 | 550,000 |
| C | 36030240 | 27 | 07/12/19 | 07/12/19 | OUTWARD 4022-91930981954 | 800,000 |
| C | 36030240 | 28 | 11/05/19 | 11/05/19 | OUTWARD 4022-93098099318 | 1,000,000 |
| | | | | | **Total Outward Transfers:** | **$91,233,871** |

29.     Produce any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for receiving, soliciting, preparing, reviewing, approving or denying loans or client relationships.

30.     Produce any and all documentation identifying the procedures, policies, and practices of Danske, and its officers, employees or owners, for inquiring into an investment's connection to actual or potential criminal activity and/or misconduct, and/or actual or potential

mismanagement.

31.     Produce any and all notes, correspondence, and documentation pertaining to Danske's inquiry into the involvement or connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement by the Defendants, Jowdy, and/or the DCSL resort.

32.     Produce any and all notes, correspondence, and documentation pertaining to media inquiries to Danske and/or its employees about the involvement or connection to actual or potential criminal activity and/or misconduct, and/or actual or potential mismanagement by the Defendants, Jowdy, and/or the DCSL resort, including support for Peter Hughes of Danske's statement to Fortune magazine in 2012 that "If there had been mismanagement, I think it would have turned up in the due diligence we've conducted on the project over the past three years . . .we found no evidence that Jowdy was stealing money, and we're satisfied with the job he's doing."

33.     Produce any and all documents or information available to or within the knowledge of Danske and and/or any such company's officers, employees, owners, concerning the conduct or assets of Jowdy, his associates, relatives, representatives, and related entities.

34.     Produce any and all documents pertaining to any agreements and guarantees between Danske and any and all Jowdy related entities, including, but not limited to, Legacy Cabo, LLC, Legacy Properties, LLC, KAJ Holdings LLC and Silverpeak.

35.     Produce the Bylaws and Operating Agreement for DCSL Mexico and any documents confirming the change of trustee in or about 2014, all translated into English.

36.     Produce any and all notices of default of the DCSL resort loan, and any and all documentation that notices of default were sent to the Borrower and/or Trustee of the Mexican

trust.

37.     Produce the most recent financial information for DCSL Mexico, including financial statements and tax returns.

38.     Produce the fully executed 2009 Loan Agreement between Danske and DCSL Mexico.

39.     Produce the executed copies of any termination agreements between Danske and DCSL Mexico.

40.     Produce any and all documentation regarding the due diligence performed by Danske regarding the (a) acquisition of the DCSL resort loan; and (b) entering into loan agreements and/or modifications with the Borrower, including deliverables, obligations, and the satisfaction of conditions by DCSL Mexico as required under all extensions, modifications, facility increases, advances and amendments to the Loan Documents.

41.     Identify any and all Danske and/or Lehman employees, past or present, who currently hold or have held an interest, directly or indirectly, in the DCSL resort.

42.     Produce any and all documentation concerning any and all direct or indirect interests in the DCSL resort, current or prior, held by past or present employee(s) of Danske and/or Lehman.

43.     Produce any and all documents and correspondence pertaining to Danske's: (a) knowledge of accusations by any individuals or entities concerning theft or misconduct by the Defendants, Jowdy, and/or the DCSL resort, including, but not limited to, accusations contained in civil complaints filed by Joe Juneau, Owen Nolan, Philip Kenner, Ethan Moreau, Sergei Gonchar, Glenn Murray, Little Isle IV, and Josef Stumpel; and (b) response(s) to such accusations.

17

44.     Identify: (a) any and all Danske employees or contractors who visited the DCSL resort; (b) the date(s) of any visit; (c) the purpose of the visit(s); (d) the lodging used by the employee(s)/contractor(s) during the visit(s); (d) any gifts or benefits conferred, directly or indirectly, on a Danske employee/contractor by Jowdy and/or any employee or contractor of the DCSL resort; and (e) any gifts or benefits conferred, directly or indirectly, on Jowdy and/or any employee or contractor of the DCSL resort by a Danske employee/contractor.

45.     Produce any and all correspondence between Danske and the Defendants.

46.     Produce any and all documentation, or correspondence between Danske and the Borrower and/or Jowdy, regarding the Borrower's ability or inability to meet its loan obligations to Danske and/or Lehman.

47.     Produce any and all documentation and agreements regarding, and correspondence between, Danske and Jowdy, the Borrower, and/or the Trustee, regarding the potential or actual forfeiture of the DCSL resort.

48.     Produce any and all documentation and agreements (whether in draft or executed), and correspondence between, Danske and Jowdy and/or the Borrower, regarding: (a) Jowdy's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (b) any Lehman or Danske employee's future ownership interest(s), direct or indirect, in the DCSL resort and/or Equity Interests; (c) potential purchasers of the DCSL resort and/or the DCSL resort loan; (d) foreclosure or forfeiture on the DCSL resort loan in Mexico or in the United States; (e) bankruptcy or insolvency proceedings concerning the DCSL resort or the Equity Interests in either Mexico or the United States; and (f) Jowdy's direct or indirect management of the DCSL resort during and/or after the instant criminal case.

49.     Produce any and all documentation and correspondence concerning agreements

between Danske and the Borrower and/or Jowdy that confer a, direct or indirect, personal or

financial benefit on Jowdy.

      50.      Produce any and all documentation regarding the miscellaneous fees claimed in

your Verified Petition.

      51.      Produce English translations for the following documents:

| Document Name | Bates Number |
|---|---|
| March 18, 2009 Notice of Assignment of Bank Accounts in Favor of Trustee (Mexican Law) | DANSKE_0014278 to DANSKE_0014281 |
| March 19, 2009 Notice of Assignment of (Performance) Bond in Favor of Trustee (Mexican Law) | DANSKE_0014282 to DANSKE_0014283 |
| March 18, 2009 Notice of Assignment of (Construction and Service) Agreements in Favor of Trustee (Mexican Law) | DANSKE_0014284 to DANSKE_0014293 |
| March 18, 2009 Notice of Assignment of Bank Accounts in Favor of Trustee (Mexican Law) | DANSKE_0013253 to DANSKE_0013256 |
| March 18, 2009 Notice of Assignment of (Construction and Service) Agreements in Favor of Trustee (Mexican Law) | DANSKE_0013285 to DANSKE_0013294 |
| July 30, 2013 Acta Aclaratoria con sellos E.P. 92,046 | DANSKE_0010914 to DANSKE_0010933 |
| April 26, 2013 Segundo Convenio Modificatorio Con Sellos E.P. 91, 326 | DANSKE_0010958 to DANSKE_0010990 |
| April 26, 2013 Pledgor in Possession Pledge (Mexico Law) | DANSKE_0012170 to DANSKE_0012201 |
| March 2013 Environmental Report | DANSKE_0011971 to DANSKE_0012010 |
| Annex to Acknowledgement of Trustee (Mexican Law) | DANSKE_0013069 to DANSKE_0013083 |
| Spanish Language Document | DANSKE_0012202 to DANSKE_0012215 |
| Spanish Language Document | DANSKE_0012967 to DANSKE_0012986 |
| Spanish Language Document | DANSKE_0012992 to DANSKE_0013051 |
| Spanish Language Document | DANSKE_0013233 to DANSKE_0013238 |
| Spanish Language Document | DANSKE_0013264 to DANSKE_0013265 |
| Spanish Language Document | DANSKE_0014774 to DANSKE_0014775 |

| Document Name | Bates Number |
|---|---|
| Spanish Language Document | DANSKE_0014776 to DANSKE_0014777 |
| Spanish Language Document | DANSKE_0014778 to DANSKE_0014779 |
| Spanish Language Document | DANSKE_0014788 to DANSKE_0014802 |
| Spanish Language Document | DANSKE_0014803 to DANSKE_0014806 |
| Spanish Language Document (possibly the Operating Agreement for DCSL Mexico) | DANSKE_0014315 to DANSKE_0014324 |
| Bylaws for DCSL Mexico | DANSKE_0014295 to DANSKE_0014312 |

52.     Produce any and all documentation and correspondence related to insurance coverage or attempted insurance coverage of the DCSL resort or DCSL resort loan, of which Danske is a policy holder or beneficiary, or otherwise has an interest therefrom.

53.     Provide the historical LIBOR interest rates determined for each Facility over the life of that Facility Loan.

54.     Provide a full accounting of all monies due, including advances of credit, payments, and charges from the acquisition of the underlying loans under the Loan Agreements to date that were used to calculate the amount Danske is owed as indicated in its Verified Petition.

55.     Produce any and all documentation and correspondence related to a potential or contemplated sale or auction of the DCSL resort by Danske.

56.     Produce any and all documentation and correspondence related to Danske's

transfers of its, actual or potential, interests in the DCSL resort.

Dated: Central Islip, New York
        June 17, 2020

                                        RICHARD P. DONOGHUE
                                        UNITED STATES ATTORNEY
                                        *Attorney for the United States of America*
                                        Eastern District of New York
                                        610 Federal Plaza, 5th Floor
                                        Central Islip, New York 11722

                      By:     /s/ Diane C. Leonardo
                                          DIANE C. LEONARDO
                                        MADELINE O'CONNOR
                                        Assistant United States Attorneys
                                        (631) 715-7854/(631)715-7870