1  Brian C. Lake (# 020543)
   PERKINS COIE BROWN & BAIN P.A.
2  2901 N. Central Avenue, Suite 2000
   Phoenix, Arizona  85012-2788
3  Telephone:  602.351.8000
   Facsimile:  602.648.7000
4  blake@perkinscoie.com

5  Attorneys for Defendant

6                  UNITED STATES DISTRICT COURT

7                      DISTRICT OF ARIZONA

8

9  Little Isle IV, LLC, a Delaware Limited          No.  CV2009-00142
   Liability Company; Ula Makika, LLC, a
10 Delaware Limited Liability Company; and
   Philip Kenner,                                   State Court No: CV2008-26850
11
                    Plaintiffs,                     **DEFENDANTS' NOTICE OF**
12                                                  **REMOVAL TO UNITED STATES**
         v.                                         **DISTRICT COURT**
13
   Kenneth A. Jowdy,
14
                    Defendant.
15

16       Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446 and in accordance with

17 LRCiv 3.7, Defendant Kenneth A. Jowdy hereby removes to the United States District

18 Court for the District of Arizona the action filed in Arizona Superior Court, County of

19 Maricopa, entitled *Little Isle Iv, LLC, et al., v. Kenneth A. Jowdy.*, Cause No. CV2008-

20 026850 (the "Action").  The basis upon which the Action is removable is set forth below:

21 **I.       PROCEDURAL HISTORY**

22       1.       Plaintiffs initiated the Action by filing a Complaint (the "Complaint") on

23 October 29, 2008, alleging claims for relief against Defendant Kenneth A. Jowdy

24 ("Defendant").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

25 There are no other named defendants in the Action.

26       2.       Defendant waived formal service of process on December 24, 2008.

**II. THE DISTRICT COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION BASED ON DIVERSITY OF CITIZENSHIP**

3. The State Court Action is removable to this Court because this Court has subject matter jurisdiction over all of Plaintiffs' claims pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

4. The matter in controversy exceeds $75,000. [*See, e.g.*, Compl. ¶¶ 25-28]

5. The Action is between citizens of different states.

6. Paragraphs 1-3 of the Complaint allege that Plaintiffs Little Isle IV, LLC, and Ula Makika, LLC, are Delaware Corporations conducting business in Arizona; and Plaintiff Philip Kenner is a resident of Arizona.

7. Paragraph 5 of the Complaint alleges: "Upon information and belief, Defendant Kenneth Jowdy is a part-time resident of the States of Connecticut and Nevada, and the country of Mexico." Kenneth Jowdy is a resident of Nevada.

8. To the extent necessary, this court has supplemental jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367.

**III. TIMELINESS OF REMOVAL**

9. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Rule 6(a), Fed. R. Civ. P., because it has been filed within thirty (30) days after Defendant waived formal service of the Summons and Complaint.

**IV. VENUE**

10. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the Complaint alleges that the events giving rise to the claims therein occurred in the District of Arizona. [*See, e.g.*, Compl. ¶ 7]

**V. CONSENT AND NOTICE**

11. Undersigned counsel represent all defendants, and all defendants consent to removal of this Action.

12. Pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.7, a copy of this Notice of Removal will be promptly filed with the clerk of the Superior Court of Arizona, County of Maricopa, and a copy is being served upon Plaintiffs.

**VI.   PLEADINGS AND PROCESS**

13. In accordance with 28 U.S.C. § 1446(a), and with LRCiv 3.7(b), "a copy of all process, pleadings, and orders served upon" defendant in the state court action includes the Complaint (Exhibit A) and the Certificate of Compulsory Arbitration (Exhibit B).

**VII.   NO ADMISSION OF FACT, LAW OR LIABILITY AND RESERVATION OF DEFENSES**

No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

January 23, 2009                          **PERKINS COIE BROWN & BAIN P.A.**

By:s/Brian C. Lake
   Brian C. Lake
   2901 N. Central Avenue, Suite 2000
   Phoenix, Arizona  85012-2788

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on January 23, 2009, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Kevin R. Harper:  krh@harperlawarizona.com**

*s/Sharon Neilson*

69909-0001/LEGAL15187224.1

Index to Exhibits to Defendants' Notice of

Removal to United States District Court

Exhibit A:  Complaint (CV2008-026850, Maricopa County Superior Court)

Exhibit B:  Certificate of Compulsory Arbitration (CV2008-026850, Maricopa
County Superior Court)

# EXHIBIT A

Kevin R. Harper, State Bar No. 019118
HARPER LAW PLC
One North Central Avenue, Suite 1130
Phoenix, Arizona 85004
Tel. 602.256.6400
Fax 602.256.6418
krh@harperlawarizona.com

*Attorney for Plaintiffs*

**MARICOPA COUNTY SUPERIOR COURT**

**STATE OF ARIZONA**

| | |
|---|---|
| LITTLE ISLE IV, LLC, a Delaware Limited Liability Company; ULA MAKIKA, LLC, a Delaware Limited Liability Company; and PHILIP A. KENNER, | No. **CV2008-026850** |
| Plaintiffs, | **COMPLAINT** |
| vs. | (Jury Trial Demanded) |
| KENNETH A. JOWDY; JOHN AND JANE DOES I-X; and BLACK AND WHITE COMPANIES I-X, | |
| Defendants. | |

Plaintiffs Little Isle IV, LLC ("Little Isle IV"), Ula Makika, LLC ("Ula Makika"), and Philip Kenner, by and through undersigned counsel, for their Complaint against Defendant Kenneth Jowdy, allege as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Little Isle IV, LLC is a Delaware Corporation authorized to conduct business and conducting business in Arizona.

2. Plaintiff Ula Makika, LLC is a Delaware Corporation authorized to conduct business and conducting business in Arizona.

3. Plaintiff Phillip Kenner is, and at all times material hereto was, a resident of the State of Arizona.

4.     Plaintiff Phillip Kenner is the managing member of Plaintiffs Little Isle IV, LLC and Ula Makika, LLC

5.     Upon information and belief, Defendant Kenneth Jowdy is a part-time resident of the States of Connecticut and Nevada, and the country of Mexico.

6.     The true identities of Defendants John and Jane Does I-X and Black and White Companies I-X are unknown to Plaintiff at the present time, but may have been joint tortfeasors and/or otherwise legally responsible in some manner for the events and actions that are the subject of this Complaint and contributed to Plaintiff's injuries and damages. Plaintiff will seek leave to amend to show the true names, capacities, and/or relationships when they have been ascertained.

7.     Some of the events alleged in this Complaint occurred in Arizona. Defendant is or was present in Arizona, doing business in Arizona, and/or caused events to occur in Arizona out of which Plaintiffs' cause of action arises. The amount in controversy exceeds the minimal jurisdictional amount.

8.     Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

9.     Defendant and Plaintiff Philip Kenner have had a personal and business relationship for several years. As a result of that relationship, Kenner came to trust and rely upon Jowdy.

10.     Beginning in or about October 2004, Jowdy approached Kenner requesting that Kenner provide funds to help finance various personal and/or business ventures Jowdy was involved in.

11.     Although specific terms, including repayment terms, were not always discussed, Jowdy represented that all the loans would be repaid in a reasonable period of time with a general understanding that amounts would be payable within months, not years.

2

12.     On the occasion of each loan, Jowdy further promised to repay not only the principle, but an additional amount as interest or profit.  The amount of such return was not specified on most occasions.

13.     On the occasion of each loan request, Defendant instructed Plaintiff Kenner where to deliver the funds.  Except for the case payments directly from Kenner to Jowdy, the payments were made via wire transactions from one of the Plaintiff entities to a recipient named by Jowdy.

14.     Upon information and belief, some of the wire recipients were creditors to whom Jowdy owed money.

15.     Upon information and belief, other wire recipients, including but not limited to Baja Development Corp., Diamante Del Mar, LLC, and Propriedades DDM, are business entities managed and/or controlled by Jowdy.

16.     Upon information and belief, Jowdy has commingled and intermingled funds and other assets of such entities with his personal funds and assets for his own convenience and to evade payment of the companies' obligations.

17.     Upon information and belief, Defendant has and continues to divert funds and other assets of such companies to non-corporate uses.

18.     Upon information and belief, said corporate entities have ignored corporate and other formalities under the leadership of Defendant.

19.     Upon information and belief, said corporate entities have been at all relevant times substantially undercapitalized, without sufficient assets, and unable to perform their obligations, including their obligations to Plaintiffs.

20.     Upon information and belief, Defendant treated the assets of said corporate entities as his own.

3

21.     Upon information and belief, Defendant diverted assets from said corporate entities to himself and/or other entities to the detriment of creditors, including Plaintiffs.

22.     Upon information and belief, Defendant contracted with Plaintiff via said corporate entities with the intent to avoid personal liability for his wrongful acts.

23.     Upon information and belief, Defendant in bad faith dominated and controlled said corporate entities with regard to the acts alleged herein as his alter ego or business conduit, sharing a unity of interest and ownership.

24.     The corporate veil, or other protections against liability normally associated with business and corporate entities, must be disregarded in order to avoid sanctioning a fraud against Plaintiffs or otherwise promoting an injustice or inequity, and Defendant must be held personally liable for damages suffered by Plaintiff.

25.     As detailed below, approximately $8,000,000 was paid by Plaintiffs to Defendant, his creditors and/or companies controlled by Defendant between October 2004 and the present date.

26.     During the course of these transactions, Defendant did make limited payments to Plaintiffs in order to further earn Plaintiffs' trust and convince Plaintiffs to provide additional funds.

27.     Defendant promised to repay Plaintiffs for any and all amounts advanced.

28.     Despite Plaintiffs demands, Defendant has failed to repay any of the amounts loaned to him.

29.     Plaintiffs have been damaged as a direct and proximate result of Defendant's actions and/or omissions in an amount to be proven at trial.

30.     Plaintiffs are entitled to their attorneys' fees pursuant to A.R.S. § 12-341.01.

4

### The Little Isle IV Transactions

31. On or about October 29, 2004, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $15,000.

32. On or about November 1, 2004, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Aero Lease of Long Beach for the benefit of Defendant in the amount of $26,469.

33. On or about November 1, 2004, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Bruce D. Greenberg, Inc. for the benefit of Defendant in the amount of $11,000.

34. On or about November 2, 2004, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $250,000.

35. On or about November 3, 2004 Baja Development Corp. made a payment to Little Isle IV for the benefit of Defendant in the amount of $52,469.

36. On or about November 24, 2004, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Casa de Caza for the benefit of Defendant in the amount of $14,500.

37. On or about November 30, 2004, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $100,000.

38. On or about December 22, 2004, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Casa de Caza for the benefit of Defendant in the amount of $15,500.

39.     On or about January 7, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Startime Management Group for the benefit of Defendant in the amount of $30,000.

40.     On or about January 7, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Jim Sheppard and Rodney Dalton for the benefit of Defendant in the amount of $750,000.

41.     On or about January 10, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Startime Management Group for the benefit of Defendant in the amount of $30,000.

42.     On or about January 12, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $20,000.

43.     On or about January 18, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $100,000.

44.     On or about January 18, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Diamante Del Mar, LLC for the benefit of Defendant in the amount of $250,000.

45.     On or about February 1, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Diamante Del Mar, LLC for the benefit of Defendant in the amount of $20,000.

46.     On or about February 7, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Diamante Del Mar, LLC for the benefit of Defendant in the amount of $300,000

6

47. On or about February 25, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Jim Sheppard and Rodney Dalton for the benefit of Defendant in the amount of $100,000.

48. On or about March 14, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Diamante Del Mar, LLC for the benefit of Defendant in the amount of $100,000.

49. On or about March 15, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Diamante Del Mar, LLC for the benefit of Defendant in the amount of $75,000.

50. On or about March 28, 2005 Diamante Del Mar, LLC made a payment to Plaintiff Little Isle IV for the benefit of Defendant in the amount of $50,000.

51. On or about April 12, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $240,000.

52. On or about April 18, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Insured Aircraft Title Service, Inc. for the benefit of Defendant in the amount of $200,000.

53. On or about April 21, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Insured Aircraft Title Service, Inc. for the benefit of Defendant in the amount of $800,000.

54. On or about April 26, 2005 Insured Aircraft Title Service, Inc. made a payment to Plaintiff Little Isle IV for the benefit of Defendant in the amount of $200,000.

55. On or about April 26, 2005 Insured Aircraft Title Service, Inc. made a payment to Plaintiff Little Isle IV for the benefit of Defendant in the amount of $800,000.

7

56. On or about April 26, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Mount Zion Commercial Services for the benefit of Defendant in the amount of $175,000.

57. On or about April 27, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Mount Zion Commercial Services for the benefit of Defendant in the amount of $87,500.

58. On or about May 4, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $75,000.

59. On or about May 4, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Atillio Colli Villarino for the benefit of Defendant in the amount of $350,000.

60. On or about May 17, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Atillio Colli Villarino for the benefit of Defendant in the amount of $350,000.

61. On or about May 18, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $45,000.

62. On or about June 2, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Metro Jet, LLC for the benefit of Defendant in the amount of $30,000.

63. On or about June 23, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Startime Management Group for the benefit of Defendant in the amount of $40,000.

8

64. On or about June 27, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to LOR Management S.A. de C.V. for the benefit of Defendant in the amount of $40,000.

65. On or about July 19, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $15,000.

66. On or about July 19, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Little Isle IV made a payment to Propiedades DDM S. de R.L. de C.V. for the benefit of Defendant in the amount of $1,500,000.

67. From October 2004 through July 2005 Plaintiff Little Isle IV made a total of $6,154,969 in payments to Defendant, Defendant's creditors, and/or to Defendant's business ventures and received $1,102,469 in repayment.

### The Ula Makika Transactions

68. On or about May 17, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Atillio Colli Villarino for the benefit of Defendant in the amount of $325,000.

69. On or about May 18, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Atillio Colli Villarino for the benefit of Defendant in the amount of $225,000.

70. On or about June 5, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Insured Aircraft Title Service, Inc. for the benefit of Defendant in the amount of $390,000.

71. On or about June 3, 2005 Propiedades DDM S. de R.L. de C.V. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $400,000.

9

72.  On or about July 19, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $50,000.

73.  On or about July 19, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Diamunte Del Mar, LLC for the benefit of Defendant in the amount of $50,000.

74.  On or about July 26, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $95,000.

75.  On or about August 8, 2005 Baja Development Corp. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $100,000.

76.  On or about August 18, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Propiedades DDM S. de R.L. de C.V. for the benefit of Defendant in the amount of $40,000.

77.  On or about August 26, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Propiedades DDM S. de R.L. de C.V. for the benefit of Defendant in the amount of $25,000.

78.  On or about August 26, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $110,000.

79.  In or about August 2005 Mark Thalmann made payment to Ula Makika for the benefit of Defendant for the benefit of Defendant in the amount of $223,000.

80.  On or about September 12, 2005 Mark Thalmann made a payment to Ula Makika for the benefit of Defendant in the amount of $25,000.

10

81. On or about September 15, 2005 Baja Development Corp. made a payment to Ula Makika for the benefit of Defendant in the amount of $25,000.

82. On or about September 23, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to LOR Management S.A. de C.V. for the benefit of Defendant in the amount of $40,000.

83. On or about September 23, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $50,000.

84. On or about November 8, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $15,000.

85. On or about November 15, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Diamante Del Mar, LLC for the benefit of Defendant in the amount of $40,000.

86. On or about November 21, 2005 Diamante Del Mar, LLC made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $40,000.

87. On or about December 9, 2005, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Diamante Air, LLC for the benefit of Defendant in the amount of $10,000.

88. On or about February 3, 2006, at Defendant's request and subject to Defendant's promise of repayment, Plaintiff Ula Makika made a payment to Baja Development Corp. for the benefit of Defendant in the amount of $20,000.

89. On or about February 14, 2006 Baja Development Corp. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $50,000.

11

90. On or about February 24, 2006 Baja Development Corp. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $50,000.

91. On or about March 2, 2006 Baja Development Corp. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $70,000.

92. On or about March 13, 2006 Baja Development Corp. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $20,000.

93. On or about March 14, 2006 Baja Development Corp. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $30,000.

94. On or about March 24, 2006 Baja Development Corp. made a payment to Plaintiff Ula Makika for the benefit of Defendant in the amount of $90,000.

95. From May 2005 through February 2006 Plaintiff Ula Makika made a total of $1,485,000 in payments to Defendant, Defendant's creditors, and/or to Defendant's business ventures and received $1,123,000 in repayment.

### The Philip Kenner Transactions

96. In or about October 2002. Jowdy promised to pay Kenner $500,000 as an incentive for Kenner to leave his current employer and undertake various investment and business opportunities together with Jowdy.

97. Kenner accepted Jowdy's offer, left his employment, and suffered significant losses as a result, but Jowdy has failed and refused to remit the promised payment.

98. From October 2004 to the present, Plaintiff Phillip Kenner has loaned Defendant approximately $400,000 in various cash payments.

99. Despite Plaintiff Kenner's demands, Defendant has failed to pay any of the amounts owed to Kenner.

12

## COUNT ONE
### (Breach of Contract)

100.    Plaintiffs incorporate all foregoing allegations as if fully set forth herein.

101.    One or more valid contracts existed between Plaintiffs and Defendant.

102.    Defendant breached the terms of the contracts with Plaintiffs by failing and refusing to pay amounts owed in a reasonable and timely manner.

103.    Plaintiffs have performed all conditions, covenants, and promises required to be performed by them in accordance with the terms and conditions of the contracts.

104.    Plaintiffs have sustained damages in an amount to be proven at trial.

105.    During the course of the parties' relationship Jowdy deliberately prevented Plaintiffs, by his statements and actions, from discovering the Defendant's contractual breaches.

106.    Because of Plaintiffs' reasonable reliance upon Defendant's representations and actions, Plaintiffs did not discover the contractual breaches until after November 2006.

## COUNT TWO
### (Negligent and Intentional Misrepresentation)

107.    Plaintiffs incorporate all foregoing allegations as if fully set forth herein.

108.    Defendant made the statements, misrepresentations, and omissions set forth above to Plaintiffs with the intent that they rely upon them and Plaintiffs did so rely.  Plaintiffs would not have consummated the transactions but for the misrepresentations and omissions.

109.    Defendant either knew that his representations were false or consciously and willfully disregarded that the representations were false.  Alternatively, Defendant failed to exercise reasonable care and competence in communicating accurate or truthful statements to Plaintiffs.

110.    The representations were material to Plaintiffs, who relied upon them to their detriment.    Such reliance was reasonable and justified.    Plaintiffs did not know the

13

representations were false and relied upon Defendant to make accurate representations and disclosures, as required by Arizona law.

111.   Plaintiffs have been consequently and proximately injured as a result of the misrepresentations and omissions in an amount to be proven at trial.

112.   To the extent Defendant's actions are shown to be intentional, they were carried out intentionally, maliciously, and with a conscious disregard for the interests of Plaintiffs, and specifically to obtain a pecuniary gain and, as such, have exposed Defendant to liability for exemplary and punitive damages.

113.   During the course of the parties' relationship Jowdy deliberately prevented Plaintiffs, by his statements and actions, from discovering the fraudulent nature of Defendant's representations.

114.   Because of Plaintiffs' reasonable reliance upon Defendant's representations and actions, Plaintiffs did not discover the fraudulent nature of those representations until after November 2006.

## COUNT THREE
### (Breach of Fiduciary Duty)

115.   Plaintiffs incorporate all foregoing allegations as if fully set forth herein.

116.   Defendant had a duty to act for the benefit of Plaintiffs, particularly with regard to the use and management of the funds paid to and/or on behalf of Defendant, which funds Defendant promised to repay in a timely manner.

117.   Defendant breached his duty by failing to repay Plaintiffs the money invested in Defendant's business ventures.

118.   Plaintiffs have sustained damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands and prays for judgment as follows:

(A)   Awarding judgment in Plaintiffs' favor and against Defendant;

14

(B)     Awarding Plaintiffs all of their damages as proven at trial, including but not limited to contract damages, compensatory damages, as well as punitive or exemplary damages as may be appropriate;

(C)     Awarding Plaintiffs their costs of suit and reasonable attorneys' fees pursuant to the terms of the contracts and A.R.S. § 12-341.01;

(D)     Awarding Plaintiffs such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 28 day of October, 2008.

HARPER LAW PLC

By _____
Kevin R. Harper
*Attorney for Plaintiff*

15

# EXHIBIT B

Case 2:13-cr-02607-JFR-AYS Document 909-1 Filed 09/09/20 Page 23 of 27 PageID #:
29505
Case 2:09-cv-00142-SRB Document 1-1 Filed 01/23/09 Page 19 of 19

MICHAEL K. JEANES. CLERK
BY *M. Knox* DEP
FILED
08 OCT 29 PM 12: 45

1 | Kevin R. Harper, State Bar No. 019118
**HARPER LAW PLC**
2 | One North Central Avenue, Suite 1130
Phoenix, Arizona 85004
3 | Tel. 602.256.6400
Fax 602.256.6418
4 | krh@harperlawarizona.com

5 | *Attorney for Plaintiffs*

6 | MARICOPA COUNTY SUPERIOR COURT

7 | STATE OF ARIZONA

8 | LITTLE ISLE IV, LLC, a Delaware Limited
9 | Liability Company; ULA MAKIKA, LLC, a
Delaware Limited Liability Company; and
10 | PHILIP A. KENNER,

No. : **CV 2008-026850**

**CERTIFICATE OF COMPULSORY ARBITRATION**

11 | Plaintiffs,

12 | vs.

13 | KENNETH A. JOWDY; JOHN AND JANE
DOES I-X; and BLACK AND WHITE
14 | COMPANIES I-X,

15 | Defendants.

16

17 | The undersigned certifies that the largest amount sought by Plaintiffs, excluding interest,

18 | attorneys' fees and costs, does exceed the limits set by Local Rule 3.10 for compulsory

19 | arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration.

DATED this 22 day of October 2008.

20

21 | HARPER LAW PLC

22

23 | By _____
Kevin R. Harper
24 | *Attorney for Plaintiffs*

25

26

Case 2:13-cv-00607-JFB-AYS Document 009-11 Filed 09/09/20 Page 24 of 27 PageID #:
23606
Case 2:09-cv-00142-JFB-ARL Document 33-11 Filed 09/23/09 Page 1 of 1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# SUPPLEMENTAL CIVIL COVER SHEET
# FOR CASES REMOVED FROM ANOTHER JURISDICTION

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office.

Additional sheets may be used as necessary.

---

1.    **Style of the Case:  No. CIV2009-00142, State Court No. CV2008-026850, Little Isle IV, LLC, a Delaware Limited Liability Company; Ula Makika, LLC, a Delaware Limited Liability Company; and Philip A. Kenner v. Kenneth A. Jowdy**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type.  Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| Little Isle IV, LLC, Ula Makika, LLC, and Philip A. Kenner | Plaintiff | Kevin R. Harper (#019118) Haper Law PLC One North Central Avenue Suite 1130 Phoenix, Arizona  85004 (602) 256-6400 |
| Kenneth A. Jowdy | Defendant | Brian C. Lake (# 020543) James A. Ahlers (#026660) Perkins Coie Brown & Bain, PA 2901 N. Central Ave., Suite 2000 Phoenix, AZ  85012 (602) 351-8000 |

2.    **Jury Demand:**

    Was a Jury Demand made in another jurisdiction?      **<u>Yes</u>**    No

        If "Yes," by which party and on what date?

        <u>Plaintiff</u>         <u>10/29/08</u>

3.    **Answer:**

    Was an Answer made in another jurisdiction?      Yes    **<u>No</u>**

        If "yes," by which party and on what date?

Case 2:09-cv-00142-SRB  Document 1-1  Filed 01/23/09  Page 2 of 3

4.     **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|-------|-------------|-------------------|
| Defendant | 12/24/08 | Signed Waiver of Service |

5.     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|-------|-------------------|
| None | |

6.     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|-------|-------------------|
| None | |

7.     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|-------|----------|

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

Pursuant to the Unopposed Motion for Extension filed herewith, the State Court file will be provided in accordance with the terms of the motion.

Case 2:09-cv-00142-SRB   Document 1-3   Filed 01/23/09   Page 9 of 3