Michael L. Meeks, Esq. (State Bar No. 172000)
mmeeks@buchalter.com
Carol A. Dwyer, Esq. (State Bar No. 239769)
cdwyer@buchalter.com
**BUCHALTER NEMER**
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: 949.760-1121
Fax: 949.720-0182

Attorneys for Plaintiff, ETHAN MOREAU

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN MOREAU , an individual,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP A. KENNER, an individual; STANDARD ADVISORS, INC., a Delaware Corporation and STANDARD ADVISORS, LLC, a Nevada Limited Liability Company; NA' ALEHU VENTURES 2006, LLC, a Delaware limited liability company; WWK HAWAII HOLDINGS, LLC, a Delaware limited liability company; WINDWALKER HAWAII LLC, a Delaware limited liability company; JN DEVELOPMENT LLC; a limited liability company; BILL NAJAM, an individual; LITTLE ISLE IV, LLC, a limited liability company; | Case No.  **CV08-08640 GHK (JTLx)**<br><br>**COMPLAINT FOR:**<br><br>1.  **Breach of Fiduciary Duty**<br><br>2.  **Fraud**<br><br>3.  **Professional Negligence**<br><br>4.  **Constructive Trust/Appointment of a Receiver**<br><br>5.  **Section 10b-5 Securities Fraud**<br><br>**DEMAND FOR JURY TRIAL** |

#10235290 v1

COMPLAINT

1  KENNETH A. JOWDY, an individual;
2  BAJA DEVELOPMENT
   CORPORATION, a Delaware
3  corporation; BAJA MANAGEMENT
4  LLC, a New York limited liability
   company; AZ EUFORA PARTNERS II
5  LLC, a Delaware limited liability
6  company; CODEFIRE ACQUISITION
   CORPORATION, a California
7  Corporation; JOHN WARD, an
8  individual; and DOES 1 through 10,
   inclusive,
9
10 Defendant.

11

12 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

13                          **INTRODUCTION**

14        1.    The instant Complaint involves egregious breaches of trust by

15 Defendants Phillip A. Kenner, Standard Advisors, Inc. and Standard Advisors, LLC

16 (collectively, "Kenner").  Kenner was plaintiff Ethan Moreau's ("Moreau")

17 business manager and investment advisor for many years.  Moreau placed

18 unquestioning trust in Kenner and allowed Kenner to exercise a significant amount

19 of control over Moreau's money.

20        2.    In concert with the named co-defendants, Kenner perpetrated a series

21 of investment scams against Moreau, as well as other "clients" of Kenner.  Among

22 other things, Kenner secretly controlled many of the purported investment

23 opportunities through "straw men" name herein as co-defendants.  Moreover,

24 Kenner entered into arrangements with regard to many of the "investments"

25 whereby Kenner received secret interests and "kick-backs."  In addition, Kenner

26 secretly withdrew funds from Moreau's brokerage accounts, without Moreau's

27 consent, and used them for Kenner's own personal use.

28        3.    Whereas Moreau is informed and believes that Kenner has financially

#10235290 v1                          -2-                          COMPLAINT

1    gained from investments which Kenner has recommended to Moreau in the last

2    several years, Moreau has not received investment returns from these investments.

3    Nor does he even had any written records of these investments of proof that they

4    have in fact been made.

5          4.      Equally as disturbing, in rendering "professional" services to Moreau,

6    Kenner has committed myriad acts of negligence, failing to complete the most basic

7    accounting tasks and consistently failing to provide Moreau with adequate

8    documentation of this investments or any financial statements. As a result of

9    Kenner's malfeasance and neglect, Moreau cannot account for millions of dollars of

10    his assets.

11                     **PARTIES**

12          5.      Plaintiff Ethan Moreau is a citizen and resident of the country of

13    Canada. Moreau is hereinafter referred to as "Moreau" or "Plaintiff."

14          6.      Plaintiff is informed and believes that defendant Phillip A. Kenner is a

15    citizen and resident of Arizona. Plaintiff is also informed and believes, and based

16    thereon alleges, that he had conducted, and continues to conduct, business in

17    California on a regular basis. Kenner has served as Plaintiff's business manager

18    and investment advisors for many years.

19          7.      Plaintiff is informed and believes that Defendant Standard Advisors,

20    Inc. is a Delaware Corporation with its principal place of business in Arizona but

21    also does business in the Central District of California. Plaintiff is informed and

22    believes that Defendant Standard Advisors, LLC is a Nevada limited liability

23    company with its principal place of business in Nevada but also doing business in

24    Los Angeles County, California. Phillip A. Kenner, Standard Advisors, Inc. and

25    Standard Advisors, LLC are hereinafter collectively referred to as "Kenner" or

26    "Defendants."

27          8.      Plaintiff is informed and believes, and based thereon alleges, that

28    defendant Bill Najam is a citizen and resident of New York. Plaintiff is further

1　informed and believes, and based thereon alleges, that defendant Bill Najam is

2　Kenner's uncle.

3　　　9.　　Plaintiff is informed and believes, and based thereon alleges, that

4　defendant Kenneth A. Jowdy is a citizen and resident of Las Vegas.

5　　　10.　　Plaintiff is informed and believes, and based thereon alleges, that

6　defendant Na' Alehu Ventures 2006, LLC ("NAV") is a Delaware limited liability

7　company with its principal place of business in Arizona and also doing business in

8　California and Hawaii.  Plaintiff is informed and believes, and based thereon

9　alleges, that Kenner is the managing member of NAV.

10　　　11.　　Plaintiff is informed and believes, and based thereon alleges, that

11　defendant WWK Hawaii Holdings, LLC is a Delaware limited liability company

12　with its principal place of business Massachusetts and doing business in Hawaii.

13　　　12.　　Plaintiff is informed and believes, and based thereon alleges, that

14　defendant Windwalker Hawaii LLC is a Delaware limited liability company with its

15　principal place of business in Massachusetts and doing business in Hawaii.

16　　　13.　　Plaintiff is informed and believes, and based thereon alleges, that JN

17　Development LLC is a Delaware limited liability company with its principal place

18　of business in Arizona.  Plaintiff is further informed and believes, and based

19　thereon alleges, that JN Development LLC is a member of Na' Alehu Ventures

20　2006, LLC.  Plaintiff is also informed and believes, and based thereon alleges, that

21　defendants Ken Jowdy and Bill Najam are nominally members of JN Development

22　LLC.

23　　　14.　　Plaintiff is informed and believes, and based thereon alleges, that

24　defendants Kenner, Ken Jowdy, Bill Najam, WWK Hawaii Holdings LLC,

25　Windwalker Hawaii LLC, JN Development LLC, and NAV (collectively the

26　"Hawaii Defendants") are part of a scheme intended to conceal secret interests and

27　profits and enrich these defendants at the expense of actual investors in certain

28　Hawaii real estate.

#10235290 v1　　　　　　　　　　-4-　　　　　　　　　　COMPLAINT

1  15. Plaintiff is informed and believes, and based thereon alleges, that
2  defendant Baja Development Corporation is a Delaware corporation. Plaintiff is
3  informed and believes, and based thereon alleges, that defendant Baja Development
4  Corporation is controlled by defendants Kenner and Ken Jowdy.

5  16. Plaintiff is informed and believes, and based thereon alleges, that
6  defendant Baja Management LLC is a New York limited liability company with its
7  principal place of business in Connecticut and also does business in Arizona and
8  Mexico. Plaintiff is informed and believes, and based thereon alleges, that Baja
9  Management LLC is controlled by defendants Kenner and Ken Jowdy (Plaintiff
10  collectively refers to Kenner, Jowdy, Baja Development Corporation, and Baja
11  Management LLC as the "Mexico Defendants").

12  17. Plaintiff is informed and believes, and based thereon alleges, that
13  defendant AZ Eufora Partners II, LLC is a Delaware limited liability company with
14  its principal place of business in Arizona. Plaintiff is informed and believes, and
15  based thereon alleges, that Kenner is and at all time relevant hereto was the
16  managing member of AZ Eufora Partners II, LLC ("Eufora"). Plaintiff is informed
17  and believes, and based thereon alleges that Kenner used the funds invested in for
18  his personal benefit. Kenner has never accounted to Moreau for the funds invested
19  in Eufora.

20  18. Plaintiff is informed and believes, and based thereon alleges, that
21  defendants Code Fire Acquisition Corporation ("Code Fire") is a California
22  corporation with its principal place of business (if any) in Arizona. Plaintiff is
23  further informed and believes, and based thereon alleges, that Kenner controlled
24  Code Fire Acquisition Corporation.

25  19. Plaintiff is informed and believes, and based thereon alleges, that
26  defendant John Ward is a citizen and resident of California. Plaintiff is further
27  informed and believes that John Ward was the president of defendant Code Fire but
28  acted under the direction and control of Kenner (Plaintiff collectively refers to

#10235290 v1

-5-

COMPLAINT

1  defendants Code Fire, Kenner and Ward as the "Code Fire Defendants").

2     20.    Plaintiff is informed and believes, and based thereon alleges, that in

3  doing the acts alleged herein, each of the Defendants was the agent, principal,

4  employee, or alter ego of one or more of the other Defendants, and acted with the

5  other Defendants' knowledge, consent and approval.  As such, each of the

6  Defendants is responsible for the liabilities of the other Defendants, as alleged

7  herein.

8                    **JURISDICTION AND VENUE**

9     21.    Jurisdiction exists in this action pursuant to 28 U.S.C. § 1331, based

10  on violation of the Section 10b-5 Securities Fraud.  In addition, the Court has

11  supplemental jurisdiction over the state law causes of action pursuant to .

12     22.    This Court has personal jurisdiction over all defendants, who do

13  business in California and have sufficient minimum contacts in California in

14  connection with the events giving rise to this action.  Plaintiff is informed and

15  believes, and based thereon alleges, that:

16        a. Defendants Kenner and Standard Advisors regularly do business in

17           Los Angeles County, California.  The acts and omissions alleged

18           herein arose out of these business activities by Kenner and Standard

19           Advisors.

20        b. The Hawaii Defendants jointly participated in a series of

21           misrepresentations made in communications to "investors" in an entity

22           known as Little Isle IV who were located in Los Angeles County,

23           California and elsewhere in California.  The Hawaii Defendants

24           directed and participated jointly and as agents of each other in these

25           communications which occurred within the Central District of

26           California and elsewhere in California.  The claims for relief alleged

27           herein arise out of the misrepresentations and omissions made to

28           investors including Plaintiff, as well as the conduct of the business of

#10235290 v1                    -6-                    COMPLAINT

1   defendants Kenner and Standard Advisors.

2       c. The Mexico Defendants jointly participated in a series of

3          misrepresentations made in communications to California "investors",

4          including such representations made to investors in Los Angeles

5          County, regarding defendants Baja Development Corporation and Baja

6          Management LLC. The claims asserted herein arise out of the same

7          conduct and representations made and/or originated within California,

8          as well as the conduct of the business of defendants Kenner and

9          Standard Advisors.

10      23.   Venue is proper within this District pursuant to 28 U.S.C. § 1391(a), as

11  the transactions and occurrences giving rise to the claims alleged herein took place

12  within this District and Defendants do business in this District. In addition, venue

13  is proper within this District pursuant to 28 U.S.C. § 1391(a) and (b).

14                         **STATEMENT OF FACTS**

15      24.   Moreau is a professional hockey player.

16      25.   Defendant Phillip A. Kenner has provided business management and

17  investment advisor services to Moreau for many years. Beginning in or about

18  2003, Kenner provided services to Moreau through Defendants Standard Advisors,

19  Inc. and/or Standard Advisors, LLC.

20      26.   Over the course of a lengthy professional relationship, Moreau came to

21  believe that he could rely on Kenner to act at all times in Moreau's best interests.

22  Kenner erroneously represented that he was a top-tier financial advisor who had the

23  skills to grow Moreau's assets, the expertise to manage those assets and was keyed

24  into lucrative investments which he would recommend to Moreau in order

25  substantially to grow his investment portfolio.

26      27.   As detailed herein, Moreau is informed and believes that rather than

27  acting in Moreau's best interests, Kenner made affirmative misrepresentations and

28  material omissions in his communications with Moreau and committed numerous

1   acts which constitute breach of his fiduciary duties to Moreau. During the course of
2   the professional relationship between Kenner and Moreau, Kenner set out on a
3   course to exploit and take unfair advantage of Moreau, reaping significant financial
4   and other benefits for himself without regard for Moreau and to Moreau's outright
5   detriment.

6       28.     Kenner preyed upon this personal relationship with Moreau, exploiting
7   the complete trust Moreau placed in him for Kenner's own gain. Kenner exhibited
8   a willingness to take whatever actions were necessary to capitalize on Moreau's
9   trust and confidence, which he had gained over the course of several years of acting
10  as Moreau's advisor.

11      29.     Kenner and Standard Advisors recommended that Moreau loan
12  $500,000 to Baja Development Corporation without interest on the loan. Moreau
13  received a promissory note from Baja Development Corporation which provided
14  that the loan would not be repaid until "not less than 100 individuals acquired
15  membership interests in the proposed development of the Golf Club and Resort to
16  be developed in El Rosario, Baja, California by Baja Development Corporation."
17  Kenner secured this loan from Moreau by representing that the funds would only be
18  used for the development in El Rosario. Kenner never told Moreau that Kenner
19  was personally benefiting from the interest-free loan.

20      30.     Plaintiff is informed and believes, and based thereon alleges, that
21  Kenner and Standard Advisors were directing and controlling the development in El
22  Rosario for the benefit of Kenner and Standard Advisors, which was derived
23  through a series of partnerships concealing Kenner's interests. Plaintiff is informed
24  and believes that Kenner exercised control over the Mexico Defendants all of
25  whom obtained the $500,000 loaned by Moreau.

26      31.     Plaintiff is informed and believes, and based thereon alleges, that the
27  Mexico Defendants abandoned the El Rosario development described in the Baja
28  Development Corporation promissory note. Plaintiff is informed and believes, and

#10235290 v1                          -8-                          COMPLAINT

1 based thereon alleges, that Kenner and Standard Advisors did not disclose to

2 Moreau that Baja Development Corporation abandoned the El Rosario

3 Development for which the loan was made.

4   32. Plaintiff is informed and believes, and based thereon alleges that

5 Kenner and Standard Advisors induced him to make a further investment of

6 $200,000 in a separate real estate development in Cabo, Mexico known as

7 Diamante Cabo based upon the representation that the profits of Diamante Cabo

8 were necessary to complete the El Rosario development. This representation was

9 false and Moreau is informed and believes, and based thereon alleges, that the

10 Mexico Defendants used Moreau's additional $200,000 for their own personal

11 benefit.

12   33. Plaintiff has not been paid the $500,000 owed by Baja Development

13 Corporation. Plaintiff has virtually no information about how the total $700,000

14 invested in the Mexico development's at Kenner's recommendation used the money

15 except that Kenner hosted lavish parties and flew potential investors to Mexico in

16 private planes. Plaintiff is informed and believes, and based thereon alleges, that

17 the Mexico Defendants, and each of them, is responsible for repayment of the entire

18 balance of the promissory note.

19   34. Kenner and Standard Advisors were obligated to account to Moreau

20 for all of the investments yet no such accounting has ever been provided.

21   35. · In addition to the foregoing, Moreau is informed and believes, and

22 based thereon alleges, that Kenner recommended that Moreau invest $100,000 in a

23 company known as Teknik Digital Arts, Inc. Moreau is informed and believes that

24 Teknik Digital Arts, Inc. was not an appropriate investment for him. Moreau is

25 further informed and believes, and based thereon alleges, that Kenner

26 recommended that investment because Kenner anticipated receiving a personal

27 benefit from the investment. Moreau is informed and believes, and based thereon

28 alleges, that the "investment" in Teknik Digital Arts, Inc. is now worthless.

#10235290 v1       -9-       COMPLAINT

Case 2:13-cv-00607-JFB-SIL Document 999-2 Filed 09/09/20 Page 10 of 25 PageID #:
29519
Case 2:08-cv-08640-CBM-PJW Document 1 Filed 12/31/2008 Page 10 of 16 Page ID #:

1     36.    Kenner also convinced Moreau to invest $100,000 in an entity known
2 as Big Isle IV, which Kenner later renamed Little Isle IV, LLC. Kenner
3 represented to Moreau that the investment was a real estate project in Hawaii.
4 Unknown to Moreau, Kenner controlled the project. Moreau is informed and
5 believes, and based thereon alleges, that Kenner managed the investment and
6 structured a transaction in which Kenner and the Hawaii Defendants obtained the
7 majority interesting the overall project through shell entities. Moreau is informed
8 and believes that Kenner took money from the Hawaii project for his own personal
9 benefit.

10    **37.**    Kenner also convinced Moreau to invest $200,000 in Eufora a
11 purported secured credit card company. Plaintiff is informed and believes, and
12 based thereon alleges, that Eufora was operated by Kenner. Total investment into
13 Eufora from all investor exceeded $600,000 all of which came from Kenner's
14 investment advisory clients. Plaintiff is informed and believe, and based thereon
15 alleges, that Kenner used the funds invested in Eufora for his own benefit. Plaintiff
16 is further informed and believes, and based thereon alleges, that Kenner has never
17 accounted for any of the funds invested in Eufora.

**First Claim For Relief**

**Breach Of Fiduciary Duty**

**(Against Kenner and Standard Advisors)**

21    38.    Plaintiff incorporates and realleges herein paragraphs 1 through 37
22 above, as if set forth in full.

23    39.    Kenner and Standard Advisors. owed Plaintiff a fiduciary duty as
24 Plaintiff's financial and investment advisors. Plaintiff placed absolute trust in the
25 recommendations of Kenner and Standard Advisors. as detailed above.

26    40.    In addition, Moreau is informed and believes that Kenner took steps to
27 exercise complete control over the remainder of Moreau's financial portfolio,
28 investing substantial amounts of his assets in companies and projects which Kenner

1  recommended and about which h Kenner provided very little information to
2  Moreau. In each instance in which Kenner prevailed upon Moreau to participate in
3  an investment, Kenner failed to provide any information about the structure,
4  timeline or expected return from the investment. In addition, Moreau has never –
5  over the course of several years – received any appreciable returns on investments
6  recommended to him by Kenner. This despite numerous misrepresentations from
7  Kenner that such returns would be forthcoming. In clear breach of his professional
8  obligations, Kenner has never provided Moreau with adequate records of any of his
9  initial investments or of any purported returns on those investments.

10  41. As detailed more fully above, Moreau is informed and believes that, on
11  numerous occasions, in breach of his fiduciary duties to Moreau, Kenner invested
12  hundreds of thousands of dollars of Moreau's assets in companies and ventures in
13  which Kenner had an ownership interest. Kenner never disclosed to Moreau his
14  ownership interest in these investments.

15  42. Moreau is further informed and believes that Kenner represented to
16  various companies that Kenner could secure significant amounts of investment
17  capital from Moreau (and other of Kenner's clients) in exchange for either a
18  percentage ownership of the companies or a portion of the companies' profits solely
19  for himself and as a result secured such benefits for himself. Kenner never
20  disclosed to Moreau that Kenner would reap a direct personal financial gain from
21  any investment which he recommended to Moreau.

22  43. Moreau is informed and believes that, as of in or about April 2003,
23  Defendant Phillip Kenner was no longer a licensed investment advisor. Kenner
24  never informed Moreau that he was not longer licensed. Moreover, Moreau is
25  informed and believes that Kenner performed services on Moreau's behalf that
26  should only be performed by licensed investment advisors, including buying and
27  selling regulated securities and changing Moreau's asset allocations.

28  44. Moreau is informed and believes that Kenner also made undisclosed

1    kick backs from disability policies issued to Moreau through an insurance

2    brokerage firm.

3       45.     Plaintiff only became aware of Kenner's extensive breach of fiduciary

4    duty, fraud and negligence in recent months.

5       46.     Plaintiff is entitled to recover damages against Kenner and Standard

6    Advisors for all of the investment losses and thefts set forth above. In addition,

7    Plaintiff seeks disgorgement of all profits traceable to Kenner and Standard

8    Advisors' use of Moreau's funds for their own personal gain.

9                    **SECOND CLAIM FOR RELIEF**

10                         **FOR FRAUD**

11                   **(Against All Defendants)**

12       47.     Plaintiff hereby incorporates by this reference as though set forth in

13    full at this point, each of the allegations contained in paragraphs 1 through 71

14    above.

15       48.     Defendant Kenner has owed Plaintiff fiduciary duties resulting from

16    the position of trust and confidence he assumed as Plaintiff's business manager and

17    investment advisor. Beginning in or about 2003, Kenner provided services to

18    Plaintiff through Defendants Standard Advisors, inc. and/or Standard Advisors,

19    LLC. Plaintiff reposed total, unfettered trust and confidence in Kenner.

20       49.     As more fully set forth above, Kenner intentionally made the following

21    material misrepresentations and omissions of material fact to Moreau:

22           a.     Moreau is informed and believes that Kenner repeatedly

23    recommended that Moreau invest in companies and projects in which Kenner had

24    an ownership interest without ever disclosing his interest to Moreau while Kenner

25    as a fiduciary of Moreau owed a duty to disclose such interests;

26           b.     Moreau is informed and believes that Kenner represented to

27    various companies that Kenner could secure significant amounts of investment

28    capital from Moreau (and other of Kenner's clients) in exchange for either a

1  percentage ownership of the companies or a portion of the companies' profits solely

2  for himself and, based thereon, secured such ownership and profits;

3       c.    Moreau is informed and believes that Kenner held himself out as

4  a licensed investment advisor (and performed services that should only be

5  performed by licensed investment advisors) when he was no longer licensed to

6  provide such services.

7       50.    Because Moreau was unaware of the material facts being concealed by

8  Kenner, Plaintiff allowed Kenner to continue in his role as business manager and

9  investment advisor, continued to place trust and confidence in Kenner, and agreed

10  to make a multimillion-dollar loan to him. Had Plaintiff known the true facts, he

11  would have germinated Kenner immediatealy.

12       51.    Plaintiff only discovered the true facts recently.

13       52.    As a direct and proximate result of Kenner's fraudulent concealment

14  of material facts and affirmative misrepresentations, Plaintiff has suffered

15  substantial damages in an amount to be determined at trial.

16       53.    Plaintiff is informed and believes, and based thereon alleges, that all of

17  the above-identified defendants knew that Kenner was engaged in a fraudulent

18  enterprise with the intent of misappropriating funds from his clients, including

19  Moreau. Plaintiff further alleges that each of the above-identified defendants

20  conspired with and assisted Kenner in accomplishing his fraudulent activities by

21  assisting Kenner and acting at Kenner's directions in operating the fraudulent

22  entities described above.

23       54.    Plaintiff is informed and believes and based thereon alleges that

24  Kenner has concealed material facts and made affirmative misrepresentations

25  willfully, wantonly and in reckless disregard of Plaintiff's rights. Kenner's conduct

26  has been so egregious as to justify an award of punitive damages to deter such

27  conduct in the future.

28

1                 **THIRD CLAIM FOR RELIEF**

2            **FOR PROFESSIONAL NEGLIGENCE**

3      **(Against Defendants Kenner, Standard Advisors and Assante)**

4      55.    Plaintiff hereby incorporates by this reference as though set forth in

5 full at this point, each of the allegations contained in paragraphs 1 through 55

6 above.

7      56.    Defendant Kenner has acted as business manager and investment

8 advisor for Plaintiff. Beginning in or about 2003, Kenner provided those services

9 to Moreau through Defendants Standard Advisors, Inc. and/or Standard Advisors,

10 LLC. . As such, Kenner owed a duty to Plaintiff to use such skill, prudence and

11 diligence as other reputable members of the accounting and financial services

12 profession in a similar locality commonly possess and exercise under similar

13 circumstances.

14      57.    Moreau did not, and could not through the exercise of reasonable

15 diligence, have learned that the advice he had received from Kenner and Standard

16 Advisors fell below the standard of care, or that he had suffered substantial

17 damages as a result.

18      58.    Plaintiff is informed and believes, and thereon alleges, that defendants

19 were negligent and failed to fulfill their professional obligations to Plaintiff by

20 engaging in the conduct alleged herein, including:

21         a.    Kenner and Standard Advisors provided Moreau with any

22 statements relating to Moreau's investments account;

23         b.    Kenner and Standard Advisors also failed to provide any

24 quarterly cash-basis financial statements;

25         c.    Kenner and Standard Advisors failed to provide Moreau with

26 records of Moreau's investments or any purported returns;

27         d.    Kenner, Standard Advisors and Assante failed to adequately

28 investigate investments that they recommended and failed to disclose all risks

#10235290 v1          -14-          COMPLAINT

associated with those investments to Moreau;

        e.    Kenner and Assante failed to inform Moreau that Kenner had recommended investments to Moreau that were not approved or researched by Assante during the time Kenner was employed by Assante in violation of Assante's policies and procedures as well as violating the standard of care;

    59.    As a direct and proximate result of Kenner's, Assante's, and Standard Advisor's negligence in failing to fulfill his professional obligations to Plaintiff, Plaintiff has suffered damages in excess of $75,000, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## FOR CONSTRUCTIVE TRUST AND APPOINTMENT OF A RECEIVER

### (Against All Defendants)

    60.    Plaintiff hereby incorporates by this reference as though set forth in full at this point, each of the allegations contained in Paragraphs I through 84 above.

    61.    As a result of the conduct described above concerning all defendants except Assante, and the resulting conversion of Plaintiff's assets, a constructive trust is required to be imposed on all monies or assets which Defendants have in their possession, custody or control to ensure that monies rightfully belonging to Plaintiff are not dissipated.

    62.    In addition, in light of the theft of funds and commingling of assets, the Court should order that all of defendants' property and holdings be identified to an independent receiver who can take over and manage the assets pending disposition of this litigation.

**FIFTH CLAIM FOR RELIEF**

**VIOLATION OF SECTION 10(b)**

**OF THE SECURITIES EXCHANGE ACT OF 1934**

**(Against Defendants Kenner and Standard Advisors)**

63. Plaintiff hereby incorporates by this reference as though set forth in full at this point, each of the allegations contained in Paragraphs 1 through 87 above.

64. Plaintiff is informed and believes, and based thereon alleges, that each of the foregoing investments including Eufora, Code Fire, Mexico property, and Little Isle IV recommended by Kenner and Standard Advisors constituted securities within the meaning of 15 U.S.C. § 78(j)(b), and Rule 10b-5.

65. Kenner and Standard Advisors acted with scienter. The intent to deceive is established by the foregoing allegations including: (1) the use of corporate entities such as Ecser which has no business operations and served only to move Moreau's money overseas; (2) concealing Kenner's ownership interest in many of the recommended investments for the purpose of personally profiting at the expense of others; and (3) Kenner's misappropriation of Moreau's funds from Moreau's Northern Trust account by use of fraudulent loan documents.

66. Kenner and Standard Advisors made false representations about Eufora including the assertion that Eufora was an operating business when in fact it appears that Kenner merely used Eufora's funds for his own benefit. Kenner and Standard Advisors also concealed their ownership and control as well as secret profits relating to the investments and instead represented that investments in securities such as Code Fire, the Mexico property, and other identified above would yield high returns, when there was no basis for such statements. Kenner and Standard Advisors were motivated by their secret attempt to obtain control over Impact as described above.

67. Moreau relied upon Kenner and Standard Advisors in purchasing the

1    securities and believed that Kenner and Standard Advisors was making

2    recommendations with Moreau's best interest in mind.

3         68.    As a result of Kenner's and Standard Advisor's misrepresentations and

4    concealment, Moreau lost the money invested as described above.

5         69.    Kenner and Standard Advisors violated 15 U.S.C. § 80b-6 by

6    breaching their fiduciary duties, by committing the fraud described above and by

7    unlawfully converting monies belonging to Plaintiff, Defendants have been unjustly

8    enriched in vast sums.

9         70.    As a direct and proximate result of Defendants' gross misconduct,

10   Moreau has been damaged in an amount in excess of $75,000 to be proven at trial.

11

12        WHEREFORE, Plaintiff prays for judgment as follows:

13        1.    For damages according to proof to be determined at trial, together with

14   interest thereon at the maximum rate permitted by law;

15        2.    Injunctive relief, including preliminary and permanent injunctive relief

16   barring Defendants from exercising control over Plaintiff's monies and property;

17        3.    The appointment of a temporary and permanent receiver to manage

18   Defendants assets, which are commingled with Plaintiff's monies;

19        4.    Disgorgement of profits;

20        5.    For exemplary and punitive damages according to proof;

21        6.    For costs of suit, including attorneys' fees; and

22        7.    For such other relief as the Court may deem just and proper.

23   Dated: December 30, 2008                BUCHALTER NEMER

24

25                                           By:

26                                              Michael L. Meeks
                                                Attorneys for Plaintiff
27                                              ETHAN MOREAU

28

# DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable.

Dated:  December 30, 2008                    BUCHALTER NEMER

By:
                                             Michael L. Meeks
                                             Attorneys for Plaintiff
                                             ETHAN MOREAU

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Jennifer T. Lum.

The case number on all documents filed with the Court should read as follows:

## 2:CV08- 8640 GHK (JTLx)

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Michael L. Meeks (State Bar No. 172000)
mmeeks@buchalter.com
Carol A. Dwyer (State Bar No. 239769)
cdwyer@buchalter.com
Buchalter Nemer
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
(949) 760-1121

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NUMBER |
|---|---|---|
| ETHAN MOREAU, an individual | PLAINTIFF(S) | **CV08-08640 GHK (JTLx)** |
| V. | | |
| PHILLIP A. KENNER, an individual See attachment | DEFENDANT(S). | **SUMMONS** |

TO:DEFENDANT(S):

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Michael L.Meeks, whose address is 18400 Von Karman Avenue, Sutie 800, Irvine, CA  92612 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 3 1 2008

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

Case 2:13-cv-00607-FB-CBM-PJW Document 909-1 Filed 09/09/20 Page 21 of 25 Page ID #:
Case 2:08-cv-08640-CBM-PJW Document 1 Filed 09/09/20 Page 21 of 25 Page ID #:
29530

1  Michael L. Meeks, Esq. (State Bar No. 172000)
2  mmeeks@buchalter.com
   Carol A. Dwyer, Esq. (State Bar No. 239769)
3  cdwyer@buchalter.com
4  **BUCHALTER NEMER**
   18400 Von Karman Avenue, Suite 800
5  Irvine, California 92612
6  Telephone: 949.760-1121
   Fax: 949.720-0182
7
8  Attorneys for Plaintiff, ETHAN MOREAU

9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  ETHAN MOREAU , an individual, | Case No. |
| 13  Plaintiff, | **COMPLAINT FOR:** |
| 14  v. | 1. **Breach of Fiduciary Duty** |
| 15  PHILLIP A. KENNER, an individual; | 2. **Fraud** |
| 16  STANDARD ADVISORS, INC., a | 3. **Professional Negligence** |
| 17  Delaware Corporation and STANDARD | 4. **Constructive** |
| 18  ADVISORS, LLC, a Nevada Limited<br>Liability Company; NA' ALEHU | **Trust/Appointment of a** |
| 19  VENTURES 2006, LLC, a Delaware<br>limited liability company; WWK | **Receiver** |
| 20  HAWAII HOLDINGS, LLC, a | 5. **Section 10b-5 Securities** |
| 21  Delaware limited liability company; | **Fraud** |
| 22  WINDWALKER HAWAII LLC, a<br>Delaware limited liability company; JN | **DEMAND FOR JURY TRIAL** |
| 23  DEVELOPMENT LLC; a limited | |
| 24  liability company; BILL NAJAM, an<br>individual; LITTLE ISLE IV, LLC, a | |
| 25  limited liability company; | |

26
27
28

1   KENNETH A. JOWDY, an individual;
2   BAJA DEVELOPMENT
    CORPORATION, a Delaware
3   corporation; BAJA MANAGEMENT
4   LLC, a New York limited liability
    company; AZ EUFORA PARTNERS II
5   LLC, a Delaware limited liability
6   company; CODEFIRE ACQUISITION
    CORPORATION, a California
7   Corporation; JOHN WARD, an
8   individual; and DOES 1 through 10,
    inclusive,
9

10   Defendant.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ETHAN MOREAU, an individual | PHILLIP A. KENNER, an individual; STANDARD ADVISORS, INC., a Delaware Corporation and STANAARD ADVISORS, LLC, a Nevada Limited Liability Company,    (SEE ATTACHMENT) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| BUCHALTER NEMER<br>18400 Von Karman Avenue, Suite 800<br>Irvine, CA 92612<br>(949) 760-1121 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 78(j)(b), Rule 106-5 ~ Investment Advisor selling fraudulent investments.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: ___ **CV08-08640 GHK (JTLx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Canada |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | California, New York, Mexico, Arizona, Delaware, Hawaii |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: in land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date December 30, 2008

MICHAEL L. MEEKS

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    **CIVIL COVER SHEET**                    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL CASE COVER SHEET (ATTACHMENT)

**DEFENDANTS**:

NA' ALEHU VENTURES 2006, LLC, a Delaware limited liability company; WWK HAWAII HOLDINGS, LLC, a Delaware limited liability company; WINDWALKER HAWAII LLC, a Delaware limited liability company; JN DEVELOPMENT LLC; a limited liability company; BILL NAJAM, an individual; LITTLE ISLE IV, LLC; KENNETH A. JOWDY, an individual; BAJA DEVELOPMENT CORPORATION, a Delaware corporation; BAJA MANAGEMENT LLC, a New York Limited Liability company; AZ EUFORA PARTNERS II LLC, a Delaware limited liability company; CODEFIRE ACQUISITION CORPORATION , A California corporation; JOHN WARD an individual; and DOES 1 through 10, inclusive,