

U.S. Department of Justice

United States Attorney
Eastern District of New York

SK/JMH
F. #2013R00948

610 Federal Plaza
Central Islip, New York 11722

September 11, 2020

By ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Tommy C. Constantine
       Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

    The government respectfully submits this letter in response to defendant Constantine's supplemental motion regarding his claim that he may not have received certain discovery in this case—specifically, text messages extracted from co-defendant Kenner's phone. ECF No. 867. The government incorporates and relies on its earlier filing on this issue, ECF No. 804, and briefly supplements its response here. Constantine's motion should be denied because he still fails to meet his burden of demonstrating "both that the Government suppressed exculpatory information and that the information was material." United States v. Douglas, 415 F. Supp. 2d 329, 336 (S.D.N.Y. 2006).

    In connection with the first requirement, Constantine now relies on a forensic review of what he claims are the original thumb drive and disk provided to his counsel during discovery to argue that the text messages at issue were not produced to him. ECF No. 867 at 1. However, by its own terms, this review was selective and not exhaustive. Furthermore, as the government previously set forth in detail, the government followed a privilege review and discovery production protocol that reflected (and contemporaneously memorialized) that the text messages were produced, and neither of the defendants nor their various counsel made any claims during the discovery process, trial, or in the first four years of post-trial proceedings that the government's productions were incomplete. ECF No. 804 at 1-2. Moreover, evidence is not suppressed "if the defendant either knew . . . or should have known . . . of the essential facts permitting him to take advantage of it." United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982); ECF No. 804 at 3 (citing additional cases). In this case, Constantine was well-aware of the existence and nature of the text messages because they were repeatedly referenced in pre-trial discovery letters, shown at trial,

available to him at counsel table during trial, and copied-and-pasted into numerous post-trial filings. See ECF No. 804 at 1-3. Indeed, it is notable that the text messages debuted as trial exhibits early on in the trial, during the cross-examination of the government's second witness, Michael Peca. See K-21; Trial Tr. 623-25. The fact that the text messages were conspicuous in pretrial and trial proceedings, without any claim of surprise from the defendants or their trial counsel, shows that the defendant knew of their existence.

In connection with the second prong that the defendant bears the burden of demonstrating, Constantine argues that, "in his prior filings on this issue, Constantine has identified several exculpatory texts in Kenner's filings" and that Kenner's filing from January 20, 2020 includes new "expanded texts from those previously reviewed by the Court." ECF No. 867 at 2. However, the Court has already found that the text messages that Constantine previously referenced "were not exculpatory," ECF No. 729 at 29, and the purportedly new and expanded text messages are actually not new, but rather were among the text messages already considered and rejected by the Court. Compare ECF No. 786 at 18-21 with ECF No. 417 Ex. 401 (same "expanded" McKee text conversation); compare ECF No. 786 at 2-5, 7-10 with ECF No. 417 Ex. 800 and App'x "Sydor issues" at 31 (substantially similar Sydor text messages); Ex. 586 (same Berard text messages); Ex. 659g1 "Nolan LOC lies et al REPORT" at 15-17 and App'x "Nolan issues" at 1-3, 29 (same Nolan text messages).

For the foregoing reasons and the reasons set forth in its previous filings on this issue, the government respectfully requests that the Court adhere to its prior ruling that Constantine has failed to make the requisite showing for any relief, and proceed to sentencing.

        Respectfully submitted,

        SETH D. DuCHARME
        Acting United States Attorney

By:   /s/
        Saritha Komatireddy
        J. Matthew Haggans
        Assistant U.S. Attorneys
        (718) 254-7000

cc:   Clerk of Court (JFB) (By ECF)
      All counsel of record (By ECF)