# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE**
**9019(b) AUTHORIZING AND APPROVING A SETTLEMENT AND**
**COMPROMISE AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN**
**COMMERCIAL PAPER INC. AND DANSKE BANK A/S, LONDON BRANCH**

Upon the motion, dated September 29, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), for an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving a settlement on the terms set forth in a Settlement Agreement,[1] as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and

The Parties having stipulated and agreed that:

A. The Residential Mortgage Assets are not and were not property of LBHI's estate or LCPI's estate;

B. Neither LBHI nor LCPI has assumed or assumed and assigned nor will assume or assume and assign that certain MRA pursuant to the Bankruptcy Code, including section 365 thereof, in connection herewith or with the Settlement Agreement or any of the transactions contemplated thereby; and

C. Danske is the owner of the Mortgage Assets (other than those Commercial Mortgage Assets listed on Exhibit C-2 to the Settlement Agreement);

and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LCPI, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the settlement and compromise set forth in the Settlement Agreement is approved; and it is further

ORDERED that LCPI and LBHI are authorized to enter into the Settlement Agreement and to (or to direct a subsidiary to) execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the transactions contemplated in the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to and to the extent provided by the terms of the Settlement Agreement, Danske shall assume all of the obligations of LBHI and LCPI arising from the documents evidencing and securing the Residential Mortgage Assets as of the Default Date, and thereafter; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Settlement Agreement and any disputes arising thereunder.

Dated: New York, New York
October 25, 2010

      *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

3