# EXHIBIT 4
# (Part 1 of 2)

**DATE OF TRANSLATION:**            2-Oct-20

**ELECTRONIC FILE NAME:**           Exhibit 12 (1 of 2)

**SOURCE LANGUAGE:**                Spanish
**TARGET LANGUAGE:**                English (United States)
**TRANSPERFECT JOB ID:**            US0799868

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

# MSJ EXHIBIT 12
# (Part 1 OF 2)

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

1

---------------------- **VOLUME NUMBER ONE THOUSAND TWENTY-SIX** ----------------------

-------------------- **DEED NUMBER SIXTY-FIVE THOUSAND FORTY-ONE** --------------------

- - - In the City of La Paz, Baja California Sur, Mexico, on the tenth day of March of the year two thousand six, I, Mr. JOSE ALBERTO CASTRO SALAZAR, Notary Public assigned to the Notary Public Number SEVEN of the State and Federal Real Estate Property, operating in the Municipalities of La Paz and Los Cabos, and with Residence in the Capital of the State, whose holder is Mr. HECTOR CASTRO CASTRO, acting in accordance with the provisions of article (29) twenty-nine of the Notary Act in force, **I SET TO RECORD;**.......................................................................................................

-- - **IRREVOCABLE TRUST AGREEMENT AND WARRANTY TRANSFERRING OWNERSHIP IDENTIFIED BY NUMBER F/00321** (THE "TRUST AGREEMENT" or "TRUST") ENTERED INTO BETWEEN **DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.** ("DIAMANTE CABO"), REPRESENTED HEREIN BY MR. **KENNETH ABOUD JOWDY,** IN HIS CAPACITY AS TRUSTOR AND SECONDARY BENEFICIARY ("TRUSTOR" OR "SECONDARY BENEFICIARY", DEPENDING ON THE CONTEXT); **LEHMAN BROTHERS HOLDINGS INC.,** REPRESENTED HEREIN BY MR. [redacted] IN HIS CAPACITY AS PRIMARY BENEFICIARY THE "PRIMARY BENEFICIARY"); AND**BANCO J.P. MORGAN, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA,** IN ITS CAPACITY AS TRUSTEE, REPRESENTED HEREIN BY MR. **HECTOR LOYO URRETA** (THE "TRUSTEE")................................................................................................

- - - In this act Mr. **KENNETH ABOUD JOWDY** appoints as a person of his trust, who he designates as his translator, the law graduate FERNANDO MANUEL GARCIA CAMPUZANO, who before the undersigned notary accepts the position and swears his faithful and legal performance ........................................................................................

-------------------------------------------------**RECITALS** -------------------------------------------------

- - - I.- **DIAMANTE CABO**, represented herein by MR. KENNETH ABOUD JOWDY as General Manager, declares: ..............................................................................................

- - - (a)- That by deed sixty-five thousand thirty-six volume one thousand twenty-six, dated the tenth of March of the year two thousand six, executed by the Undersigned Notary Assigned to this Notary Public, number Seven of the State, acquired, by Purchase and Sale Agreement made with Ms. ALICIA CESEÑA AUGNEZ, the following properties (hereinafter the "Properties"):...............................................................

- - - **a).1.- LOT I ONE:** of the property known as LA LAGUNA, in the section known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with cadastral key 4-02-013-0081 four hyphen zero two hyphen zero one three zero hyphen eight one, with an area of 5-92-68 has. (five hectares ninety-two ares and sixty-eight centiares) and the following measurements and boundaries:...........................

1

2

From vertex G to vertex H to the north with a distance of (191.89 m) one hundred and ninety-one point eighty-nine meters, and an angle of (115o 38' 05") one hundred and fifteen degrees thirty-eight minutes and five seconds, bordering Lot (VII) seven..............

From vertex H to vertex I to the North with a distance of (127.52 m) one hundred and twenty-seven point fifty-two meters, and an angle of (120o 09' 21") one hundred and twenty degrees, nine minutes and twenty-one seconds, bordering Lot (VII) seven ..........

From vertex I to vertex J to the North with a distance of (31.50 m) thirty-one point fifty meters, and an angle of (197' 08' 24") one hundred and ninety-seven degrees, eight minutes and twenty-four seconds, bordering Lot (VII) seven ...........................................

From vertex J to vertex A to the North with a distance of (125.00 m) one hundred and twenty-five meters, and an angle of (107o 08' 24") one hundred and seven degrees, eight minutes and twenty-four seconds, bordering with Lot (VII) seven...........................

From vertex B to vertex C to the South with a distance of (125.00 m) one hundred and twenty-five meters and an angle of (287o,08' 24") two hundred and eighty-seven degrees, eight minutes and twenty-four seconds, bordering with Lot (III) three...........

From vertex C to vertex D to the South with a distance of (31.50 m) thirty-one point fifty meters, and an angle of (17o 08' 24") seventeen degrees, eight minutes and twenty-four seconds, bordering with Lot (III) three ...........................................................

From vertex D to vertex E to the South with a distance of (127.52 m) one hundred and twenty-seven point fifty-two meters, and an angle of (300o 09' 21") three hundred degrees, nine minutes and twenty-one seconds, bordering with Lot (III) three.................

From vertex E to vertex F to the South with a distance of (191.88 m) one hundred and ninety-one point eighty-eight meters, and an angle of (295o 38' 05") two hundred and ninety-five degrees thirty-eight minutes and five seconds, bordering with Lot (IV) four...

From vertex A to vertex B to the East with a distance of (135.00 m) one hundred and thirty-five meters, and an angle of (197o 08' 24") one hundred and ninety-seven degrees, eight minutes and twenty-four seconds, bordering with the property of Mr. Francisco Arballo. From vertex F to vertex G to the West with a distance of (135.00 m) one hundred and thirty-five meters, and an angle of (17o 08' 24") seventeen degrees, eight minutes and twenty-four seconds, adjoining with Lot (II) two....................................

- - - **(a). 2.- LOT II TWO:** of the property known as LA LAGUNA, in the section known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with cadastral key 4-92-013-0082 four hyphen zero two hyphen zero one zero hyphen eight two, with an area of 5-94-86 has. (five hectares ninety-four ares and eighty-six centiares) and the following measurements and boundaries:..........................

From vertex L to vertex M to the North with a distance of (299.94 m) two hundred and ninety-nine point ninety-four meters, and an angle of (114o 38' 35") two hundred and fourteen degrees thirty-eight minutes and thirty-five seconds, bordering lot (VII) seven...

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

CONFIDENTIAL

DANSKE_0016012

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

3

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

**VERIFIED**

**VERIFIED**

From vertex F to vertex (D-5) "D" hyphen five to the South with a distance of (116.98 m) one hundred and sixteen point ninety-eight meters, and an angle of (294o 38' 35") two hundred and ninety-four degrees thirty-eight minutes and thirty-five seconds, bordering with Lot (V) five . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

From vertex (D-5) "D" hyphen five to vertex K to the South with a distance of (183.01 m) one hundred and eighty-three point zero one meters, and an angle of (294o 38' 35") two hundred and ninety-four degrees thirty-eight minutes and thirty-five seconds, bordering with Lot (VI) six....................................................................................................

From vertex M to vertex G to the East with a distance of (65.00 m) sixty-five meters, and an angle of (197o 08' 24") one hundred and ninety-seven degrees, eight minutes and twenty-four seconds, bordering lot (VII) seven ..........................................................

From vertex G to vertex F to the East with a distance of (135.00 m) one hundred and thirty-five meters, and an angle of (197o 08' 24") one hundred and ninety-seven degrees, eight minutes and twenty-four seconds, bordering with Lot (I) one......................
From vertex K to vertex L to the West with a distance of (200.00 m) two hundred meters, and an angle of (17o 08' 24") seventeen degrees, eight minutes and twenty-four seconds, bordering with the property of Mr. Atilio Colli..................................................

**- - a) .3.- LOT III THREE** of the property known as LA LAGUNA, in the section known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, Identified with cadastral key 4-02-013-0083 four hyphen zero two hyphen zero one three hyphen zero zero eight three, with an area of 11-34-41 has. (eleven hectares thirty-four ares and forty-one centiares), and the following measures and boundaries: ...
From vertex (D-1) "D" hyphen one to vertex D to the North with a distance of (61.58 m) sixty-one point fifty-eight meters and an angle of (300o 09' 21") three hundred degrees, nine minutes and twenty-one seconds, bordering Lot (I) one. From vertex D to vertex C to the North with a distance of (31.50 m) thirty-one point fifty meters and an angle of (17o 08' 24") seventeen degrees, eight minutes and twenty-four seconds, bordering Lot (I) one ....................................................................................................................

From vertex C to vertex B to the North with a distance of (125.00 m) one hundred and twenty-five meters and an angle of (287 x 08 x 24") two hundred and eighty-seven degrees, eight minutes and twenty-four seconds, bordering with Lot (I) one....................

From vertex (V-1) V hyphen one to vertex (V-2) V hyphen two to the South with a distance of (171.26 m) one hundred and seventy-one point twenty-six meters, bordering the Pacific Ocean ..........................................................................................................

From vertex (V-2) V hyphen two to vertex (D-2) D hyphen two to the South with a distance of (16.96 m) sixteen point ninety-six meters, bordering the Pacific Ocean .........

From vertex (V-1) V hyphen one to vertex B to the East with a distance of (617.87 m) six hundred and seventeen point eighty-seven meters and an angle of (17o 08' 24") seventeen degrees, eight minutes and twenty-four seconds, bordering with the property of Francisco Arballo...................................................................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

3

CONFIDENTIAL

DANSKE_0016013

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

4

**VERIFIED**

From vertex (D-1) D hyphen one to vertex (D-2) D hyphen two to the West with a distance of (628.56 m) six hundred and twenty-eight point fifty-six meters and an angle of (197o 08' 24") one hundred and ninety-seven degrees, eight minutes and twenty-four seconds, bordering with Lot (IV) four .................................................................................

- - - a). 4.- **LOT IV FOUR:** of the property known as LA LAGUNA, in the section known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 4-02-013-0084 four hyphen zero two hyphen zero one three hyphen zero zero eight four, with an area of 11-62-60 eleven hectares sixty-two ares and sixty centiares) and the following measurements and boundaries:....................

From vertex (D-1) D hyphen one to vertex E to the North with a distance of (65.93 m) sixty-five point ninety-three meters and an angle of (300o 09' 21") three hundred degrees, nine minutes and twenty-one seconds, bordering with Lot (I) one From   vertex E to vertex (D-3) D hyphen three to the North with a distance of (122.10 m) one hundred and twenty-two points ten meters and an angle of (295o 38' 05") two hundred and ninety-five degrees, thirty-eight minutes and five seconds, bordering Lot (I) one. ...

From vertex (D-4) D hyphen four to vertex (VZF-5) V,Z,F hyphen five to the South with a distance of (4.95 m) four point ninety-five meters and an angle of (119o 55' 06") one hundred and nineteen degrees, fifty-five minutes and six seconds, bordering the Pacific Ocean .................................................................................................................

From vertex (VZF-5) V,Z,F hyphen five to vertex (V-4) V hyphen four to the South with a distance of (60.27 m) sixty point twenty-seven meters and an angle of (117o 07' 54") one hundred and seventeen degrees, seven minutes and fifty-four seconds, bordering the Pacific Ocean..................................................................................................

From vertex (V-4) V hyphen four to vertex (V-3) V hyphen three to the South with a distance of (74.40 m) seventy-four point forty meters and an angle of (117o 55' 10") one hundred and seventeen degrees, fifty-five minutes and ten seconds, bordering the Pacific Ocean..................................................................................................

From vertex (V-3) V hyphen three to vertex (D-2) D hyphen two to the South with a distance of (48.85 m) forty-eight point eighty-five meters and an angle of (119o 36' 06") one hundred and nineteen degrees, thirty-six minutes and six seconds, bordering the Pacific Ocean..................................................................................................

From vertex (D-2) D hyphen two to vertex (D-1) D hyphen one to the East with a distance of (628.56 m) six hundred and twenty-eight point fifty-six meters and an angle of (17o 08' 24") seventeen degrees, eight minutes and twenty-four seconds, bordering with Lot (III) three ..........................................................................................

From vertex (D-3) D hyphen three to vertex (D-4) D hyphen four to the West with a distance of (625.87 m) six hundred and twenty-five point eighty-seven meters and an

**VERIFIED**

DENTIAL

DANSKE_0016014

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

5

**LA PAZ. B.C.S.**

angle of (197o 09' 24") one hundred and ninety-seven degrees, nine minutes and twenty-four seconds, bordering with LOT (V) five. ........................................................

**--- a) 5.     LOT V FIVE:** of the property known as LA LAGUNA, in the section known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 4-02-013-0085 four hyphen zero two hyphen zero one three hyphen script zero zero eight five, with an area of 11-40-91 has. (eleven hectares forty ares and ninety-one centiares) and the following measurements and boundaries;.

From vertex (D-3) D hyphen three to vertex F to the North with a distance of (69.78 m) sixty-nine point seventy-eight meters and an angle of (295o 38' 05") two hundred and ninety-five degrees thirty-eight minutes and five seconds, bordering with Lot (II) two.......

From vertex F to vertex (D-5) D hyphen five to the North with a distance of (116.98 m) one hundred and sixteen point ninety-eight meters and an angle of (294o 38' 35") two hundred and ninety-four degrees, thirty-eight minutes and thirty-five seconds, bordering with Lot (II) two...........................................................................................................

From vertex (D-6) D hyphen six to vertex (VZF-6) V,Z,F hyphen six to the South with a distance of (99.17 m) ninety-nine point seventeen meters and an angle of (122o 53' 10") one hundred and twenty-two degrees, fifty-three minutes and ten seconds, bordering the Pacific Ocean ..............................................................................................................

From vertex (VZF-6) V,Z,F hyphen six to vertex (D-4) D hyphen four to the South with a distance of (91.81 m) ninety-one point eighty-one meters and an angle of (119o 55' 07") one hundred and nineteen degrees fifty-five minutes and seven seconds, bordering the Pacific Ocean ..............................................................................................................

From vertex (D-4) D hyphen four to vertex (D-3) D hyphen three to the East with a distance of (625.87 m) six hundred and twenty-five dot eighty-seven meters and an angle of (17o 08' 24") seventeen degrees, eight minutes and twenty-four seconds, bordering with Lot (V) five.................................................................................................

From vertex (D-5) D hyphen five to vertex (D-6) D hyphen six to the West with a distance of (604.23 m) six hundred and four point twenty-three meters and an angle of (197o 08' 24") one hundred and ninety-seven degrees, eight minutes and twenty-four seconds, bordering with Lot (VI) six................................................................................

**- - - a).6.-LOT VI SIX:** of the property known as LA LAGUNA, in the section known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 4-02-013-0086 four hyphen zero two hyphen zero one three hyphen zero zero eight six, with an area of 11-03-90 has. (eleven hectares three ares and ninety centiares) and the following measurements and boundaries:.................

From vertex (D-5) D hyphen five to vertex K to North with a distance of (183.01 m) one hundred and eighty-three point zero one meters and an angle of (294o 38' 35") two hundred and ninety-four degrees thirty-eight minutes and thirty-five seconds, bordering with Lot (II) two.........................................................................................................

**VERIFIED**

**VERIFIED**

5

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

**MR. HECTOR CASTRO CASTRO**
HOLDER
**MR. JOSE ALBERTO CASTRO SALAZAR**
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

6

**VERIFIED**

From vertex (D-7) D hyphen seven to vertex (VZF-9) V,Z,F hyphen nine to the South with a distance of (67.36 m) sixty-seven point thirty-six meters and an angle of (269o 51' 08") two hundred and sixty-nine degrees, fifty-one minutes, eight seconds, bordering the Pacific Ocean.........................................................................................................

From vertex (VZF-9) V,Z,F hyphen nine to vertex (VZF-8) V,Z,F hyphen eight to the South with a distance of (46.26 m) forty-six point twenty-six meters and an angle of (114o 34' 05") one hundred and fourteen degrees thirty-four minutes and five seconds, bordering the Pacific Ocean.........................................................................................

From vertex (VZF-8) V,Z,F hyphen eight to vertex (VZF-7) V,Z,F hyphen seven to the South with a distance of (66.73 m.) sixty-six point seventy-three meters and an angle of (111o 07' 02") one hundred and eleven degrees, seven minutes and two seconds, bordering the Pacific Ocean.........................................................................................

From vertex (VZF-7) V,Z,F hyphen seven to vertex (D-6) D hyphen six to the South with a distance of (1.77 m) one point seventy-seven meters and an angle of (122o 53' 15") one hundred and twenty-two degrees fifty-three minutes and fifteen seconds, bordering the Pacific Ocean.........................................................................................................

From vertex (D-6) D hyphen six to vertex (D-5) D hyphen five to the East with a distance of (604.23 m) six hundred and four point twenty-three meters and an angle of (17o 08' 24") seventeen degrees, eight minutes twenty-four seconds, bordering with Lot (V) five ..............................................................................................................

From vertex K to vertex (D-7) D hyphen seven to the west with a distance of (613.71 m) six hundred and thirteen point seventy-one meters and an angle of (197o 08' 24") one hundred and ninety-seven degrees, eight minutes and twenty-four seconds, bordering with Atilio Colli's property ...........................................................................................

- - - a).7-    **LOT VII SEVEN:** of the property known as LA LAGUNA, in the section known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with cadastral key 4-02-013-0087 (four hyphen zero two hyphen zero thirteen hyphen zero zero eighty-seven) with an area of 26-00-98 has. (twenty-six hectares zero ares and ninety-eight centiares) and the following measurements and boundaries: ......................................................................................................

From vertex ninety-six to vertex sixty to the North at a distance of 87.67m eighty-seven point sixty-seven meters at (117o 15' 23") one hundred and seventeen degrees fifteen minutes twenty-three seconds bordering with the property of Mr. Atillo Colli.....................

From vertex sixty to vertex sixty-four to the North at a distance of 54.26m fifty-four point twenty-six meters at (113o 29' 56") one hundred and thirteen degrees twenty-nine minutes fifty-six seconds bordering with the property of Mr. Atillo Colli ............................

**VERIFIED**

DENTIAL

DANSKE_0016016

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

7

**VERIFIED**

From vertex sixty and [illegible] to vertex R to the North at a distance of 5 [illegible] m fifty-nine point nineteen meters at (120o 51' 16") one hundred and twenty degrees fifty-one minutes sixteen seconds bordering with the property of Mr. Atilio Colli ......................

From vertex R to vertex sixty-five to the North at a distance of [illegible] m seventy-five point thirty-seven meters at (112o 48' 01") one hundred and twelve degrees forty-eight minutes and one second bordering with the property of Mr. Atilio Colli. ..........................

From vertex sixty-five to vertex sixty-eight to the North at a distance of 57.64m fifty-seven point sixty-four meters at (114o 22' 21") one hundred and fourteen degrees twenty-two minutes twenty-one seconds bordering with the property of Mr. Atilio Colli ....

From vertex sixty-eight to vertex sixty-nine to the North at a distance of 77.33 m of seventy-seven point thirty-three meters at (127o 28' 03") one hundred and twenty-seven degrees twenty-eight minutes three seconds bordering with the property of Mr. Atilio Colli. From vertex sixty-nine to vertex seventy-three to the North at a distance of 40.74m of forty point seventy-four meters at (115o 39' 35") one hundred and fifteen degrees thirty-nine minutes thirty-five seconds bordering with the property of Mr. Atilio Colli..................................................................................................

From vertex seventy-three to vertex seventy-four to the North at a distance of 74.11m of seventy-four point eleven meters in (104o 58' 12") one hundred and four degrees fifty-eight minutes twelve seconds bordering with the property of Mr. Atilio Colli.....................

From vertex seventy-four to vertex eighty to the North at a distance of 44.26m of forty-four point twenty-six meters at (98o 31' 27") in ninety-eight degrees thirty-one minutes twenty-seven seconds bordering with the property of Mr. Atilio Colli. ...............................

From vertex eighty to vertex seventy-nine to the North at a distance of 34.90m of thirty-four point ninety meters at (128o 42' 46") one hundred and twenty-eight degrees forty-two minutes forty-six seconds bordering with the property of Mr. Atilio Colli......................

From vertex seventy-nine to vertex seventy-eight to the North at a distance of 46.34m of forty-six point thirty-four meters at (117o 18' 42") one hundred and seventeen degrees eighteen minutes forty-two seconds bordering with the property of Mr. Atilio Colli. .........

From vertex seventy-eight to vertex seventy-seven to the North at a distance of 51.26m of fifty-one point twenty-six meters at (123o 57' 37") one hundred and twenty-three degrees fifty-seven minutes thirty-seven seconds bordering with the property of Mr. Atillo Colli. ..................................................................................................

From vertex seventy-seven to vertex eighty-three to the North at a distance of 44.09m of forty-four point zero nine meters at (110o 40' 3") one hundred and ten degrees forty minutes three seconds bordering with the property of Mr. Atillio Colli. ..............................

From vertex one hundred and seventeen to vertex J to the South at a distance of 127.83m of one hundred and twenty-seven point eighty-three meters at (287o 08' 24") two hundred and eighty-seven degrees eight minutes twenty-four seconds bordering

**VERIFIED**

CONFIDENTIAL

DANSKE_0016017

VERIFIED

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

8

Lot I...........................................................................................................................

From vertex J to vertex I to the South at a distance of 31.50m of thirty-one point fifty meters at (17o 08' 36") seventeen degrees eight minutes thirty-six seconds bordering Lot I.............................................................................................................................

From vertex I to vertex H to the South at a distance of 127.50m one hundred and twenty-seven point fifty meters at (300o 09' 20") three hundred degrees nine minutes twenty seconds bordering Lot I..........................................................................................

From vertex H to vertex G to the South at a distance of 191.89m one hundred and ninety-one point eighty-nine meters at (295o 38' 05") two hundred and ninety-five degrees thirty-eight minutes five seconds bordering Lot I. ..............................................

From vertex G to vertex M to the South at a distance of 65.00m sixty-five meters at (17o 08' 57") seventeen degrees eight minutes fifty-seven seconds bordering Lot II ...............

From vertex M to vertex L to the South at a distance of 299.94m two hundred and ninety-nine point ninety-four meters at (294o 39' 15") two hundred and ninety-four degrees thirty-nine minutes fifteen seconds bordering Lot II............................................

From vertex eighty-three to vertex one hundred and seventeen to the East at a distance of 395.92m three hundred and ninety-five point ninety-two meters at (196o 54' 59") one hundred and ninety-six degrees fifty-four minutes fifty-nine seconds bordering the Property of Francisco Arballo. ........................................................................................

From vertex L to vertex ninety-six to the West at a distance of 315.33m three hundred and fifteen point thirty-three meters at (18o 13' 32") eighteen degrees thirteen minutes thirty-two seconds bordering with the property of Mr. Atilio Colli .....................................

- - - a).8.- **POLYGON I of the LA LAGUNA Property,** (EL CARDONAL), in the Municipal district of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with Cadastral Key 4-02-013-0001 FOUR HYPHEN ZERO TWO HYPHEN ZERO ONE THREE HYPHEN ZERO ZERO ZERO ONE and with an area of 528-88-49.427 Has. FIVE HUNDRED AND TWENTY-EIGHT HECTARES EIGHTY-EIGHT ARES FORTY-NINE POINT FOUR HUNDRED AND TWENTY-SEVEN CENTIARES, with the following measurements and boundaries: ......................................................................................

TO THE NORTH: IN TWO STRETCHES, 2,299.705 M. TWO THOUSAND TWO HUNDRED AND NINETY-NINE METERS SEVEN HUNDRED AND FIVE MILLIMETERS, owned or that was owned by Mr. VICTOR HUGO CESEÑA, plus 139.771 M. ONE HUNDRED AND THIRTY-NINE METERS SEVEN HUNDRED AND SEVENTY-ONE MILLIMETERS, with POLYGON III; ....................................................

TO THE SOUTH: IN THREE STRETCHES, 139.815 M. ONE HUNDRED AND THIRTY-NINE METERS EIGHT HUNDRED AND FIFTEEN MILLIMETERS, with POLYGON III; plus 1,605.070 M. ONE THOUSAND SIX HUNDRED AND FIVE METERS SEVENTY MILLIMETERS, with the FEDERAL MARITIME LAND AREA OF THE PACIFIC OCEAN; plus 747.160 M. SEVEN HUNDRED AND FORTY-SEVEN METERS ONE

VERIFIED

CONFIDENTIAL

DANSKE_0016017

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**
**LA PAZ. B.C.S.**

9

**VERIFIED** (left margin)

**VERIFIED** (right margin)

HUNDRED AND SIXTY MILLIMETERS, WITH LOT VII; .................................................

TO THE EAST: IN TWO SECTIONS, 1,714.370 M. ONE THOUSAND SEVEN HUNDRED AND FOURTEEN METERS THREE HUNDRED AND SEVENTY MILLIMETERS, owned or that was owned by Mr. NESTOR HERRERA plus 1,129.040 M. ONE THOUSAND ONE HUNDRED AND TWENTY-NINE METERS FORTY MILLIMETERS, with LOTS II, VI and VII;......................................................................

TO THE WEST: IN THREE STRETCHES, 1,995.580 M. ONE THOUSAND NINE HUNDRED AND NINETY-FIVE METERS FIVE HUNDRED AND EIGHTY MILLIMETERS, with POLYGON II, plus 100.000 M. ONE HUNDRED METERS, with POLYGON III, plus 374.414 M. THREE HUNDRED AND SEVENTY-FOUR METERS FOUR HUNDRED AND FOURTEEN MILLIMETERS, owned or that was owned by Mr. LUIS BULNES MOLLEDA ...........................................................................................

--- (b)- That, by the same deed sixty-five thousand thirty-six, volume one thousand twenty-six, dated the tenth of March of two thousand six, executed before the Undersigned Notary Assigned to this Notary Public number Seven of the State, acquired by Assignment that he made with Ms. ALICIA CESEÑA AUGNEZ, the following rights (hereinafter the "Rights"): ..................................................................

- - b).1.- Trust beneficiary rights and those of any nature which, as Secondary Beneficiary "A", or by any other title that it holds and which in fact and by law correspond to it in relation to the Ownership Transfer Trust Agreement with Snapback Clause filed by public deed (62,902), sixty-two thousand nine hundred and two of volume (987), nine hundred and eighty-seven, dated the first of September of the year two thousand five, executed before the undersigned notary public, and whose first official transcript was recorded before the Public Registry of Property of the Municipality of Los Cabos, under the number 97 ninety-seven, of volume CCXXXI, of the First section, as well as in number 30 thirty, of volume CCXXIII section First, by which Mr. ATILIO COLLI VILLARINO and ALICIA CESEÑA AGUNDEZ placed in trust with SCOTIABANK INVERLAT, SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, and designating to the MUNICIPAL OPERATOR AGENCY OF THE SYSTEM OF DRINKING WATER, SEWAGE AND SANITATION OF LOS CABOS, BAJA CALIFORNIA SUR as primary beneficiary, the real estate property defined in said deed the CARDONAL SECTION (POLYGON III), described in the I.f.) statement of that instrument, the areas, measurements and bordering areas held to be incorporated herein by reference.............

--- b).2.- The rights established in favor of Mr. ATILIO COLLI VILLARINO and Ms. ALICIA CESEA AGUNDEZ in the IRREVOCABLE DEED OF GIFT OF THE SECTION DEFINED AS CARDONAL ROAD SYSTEM (POLYGON II), which was filed by the public deed mentioned in Recital I.b).1. of this instrument, by which Mr. ATILIO COLLI VILLARINO and Ms. ALICIA CESEÑA AGUNDEZ donated to the HONORABLE NINTH

CONFIDENTIAL

DANSKE_0016020

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC No. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ. B.C.S.

10

TOWN COUNCIL OF THE MUNICIPALITY OF LOS CABOS BAJA CALIFORNIA SUR the Real estate property defined in that deed as the CARDONAL ROAD SYSTEM (POLYGON II) described in the I.f) statement of said Instrument, whose areas, measurements and boundaries are held to be incorporated herein by reference.

--- b).3 - The rights established in favor of Mr. ATILIO COLLI VILLARINO and Ms. ALICIA CESEÑA AGUNDEZ in the constitution of the VOLUNTARY EASEMENT OF RIGHT OF WAY AND NON-EXCLUSIVE USE AND IN PERPETUITY (the "EASEMENT"), which was filed by means of the public deed mentioned in Recital I.b).1. of this instrument, wherein Mr. ATILIO COLLI VILLARINO and Ms. ALICIA CESEÑA AGUNDEZ constituted the aforementioned easement in respect of an area of land referred to in that Instrument merely for identification purposes as POLYGON IV, which remains as an Integral part of POLYGON I mentioned in Recital I.a).8 of this instrument, which has an area of 6,128.4514 six thousand one hundred and twenty-eight point four thousand fourteen square meters, with the following measurements and boundaries: ..........................................................................................................

TO THE NORTH: 10.2071 MTS WITH POLYGON III, 239.694 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI.......................................................................

TO THE SOUTH: 10.00 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI, 90.00 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI, 10.00 MTS WITH POLYGON II, 136.456 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI..........

TO THE EAST: 165.366 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI, 110.00 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI, 100.00 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI...............................................................

TO THE WEST: 100.00 MTS WITH THE PROPERTY OWNED BY  ATILIO COLLI, 100.00 MTS WITH THE PROPERTY OWNED BY ATILIO COLLI; 174.174 MTS WITH THE PROPERTY OWNED BY LUIS BULNES MOLLEDA ...............................................

--- c).- **NO LIENS CERTIFICATE.-** That the Property that is the object of this operation, with the exception of the VOLUNTARY EASEMENT OF RIGHT OF WAY AND NON-EXCLUSIVE USE IN PERPETUITY identified as POLYGON IV, which was constituted on a part of the POLYGON and referenced in Recital I.b).3. of this instrument, are free of liens and limitations of ownership, confirming the above with the certificates issued by the Office of Public Registry of Property of San José del Cabo, Baja California Sur, dated the eighth of March of two thousand six, which I attach to the appendix file corresponding to the official transcript of this deed. Likewise, the Rights that are the object of this operation are free from any lien and limitation of ownership. .......................

--- d).- **PROPERTY TAX.-** The Properties that are the object of this Instrument are up to date in the payment of their property taxes, which is confirmed by certificates issued by the Tax Collection Agency of the Municipality of Los Cabos, Baja California Sur, which the [illegible] Notary attaches the original to the appendix of the Protocol under the

**VERIFIED** **VERIFIED**

CONFIDENTIAL

DANSKE_0016020

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

11

**VERIFIED**

**VERIFIED**

[illegible] number ...........................................................................................................

**--- e).- EXPERT APPRAISALS.-** The undersigned Notary attaches the original of the appraisals authorized by the Office of Real Estate Tax Registry of the Municipality of Los Cabos, Baja California Sur, to the appendix of the File under the number of this deed, in which the properties that are the object of this deed are appraised. ..................

**---f).- PREVENTIVE NOTICE.-** That preventive notices were submitted to the Public Registry of Property and Commerce of San José del Cabo, documents that are attached to the appendix of the file of this deed. ...............................................................

**---II.- The TRUSTEE declares:** ...............

--- a).- LEGAL PROHIBITIONS.-For the purposes set out in point 5.5 of the provisions of the Trust issued by the Bank of Mexico, by circular 1/2005, the TRUSTEE makes known to the parties the text of the following articles establishing prohibitions for Trust Institutions in the management and execution of Trusts: ...................................................

1.- Article 382 of the General Law on Securities and Credit Operations. -........................

"... The trust that is constituted in favor of the trustee, except as provided in the following paragraph, and in the other applicable legal provisions, is void. ........................

The trustee institution may be a beneficiary in trusts that are intended to serve as payment instruments for unfulfilled obligations, in the case of credits granted by the institution itself for the conducting of business activities. In this case; parties should agree on the terms and conditions for resolving potential conflicts of interest .................

2.- Article 394 of the General Act on Securities and Credit Transactions. - .....................

".. The following are prohibited: ..................................................................................

i.-secret trusts;.......................................................................................................

ii.- those in which the benefit is granted to various persons successively who must be replaced at the death of the previous one, except in the event that the substitution is carried out in favor of persons who are already alive or conceived, on the death of the trustor: and...........................................................................................................

iii. those whose duration is greater than fifty years, when designated as a beneficiary of a legal entity other than public law or charitable institution, however, they may be constituted with a duration of more than fifty years when the purpose of the trust is the maintenance of museums of a scientific or artistic nature that are not for profit ...............

3.- Article 106 of the Credit Institutions Act.-.................................................................

"... Credit institutions shall be prohibited from: ...............................................................

... XIX. In carrying out the transactions referred to in Article 46 (XV) of that Law:.............

(a) Entering into operations with the institution itself in the performance of trusts, mandates or commissions. The Bank of Mexico may authorize, by means of general provisions, the execution of certain transactions when they do not involve a conflict of interest; ..................................................................................................................

11

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

**MR. HECTOR CASTRO CASTRO**
HOLDER
**MR. JOSE ALBERTO CASTRO SALAZAR**
ASSIGNED
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

12

**VERIFIED**

b) Responding to trustors, constituents or principals, for the non-compliance of debtors, for the credits granted, or of the issuers, for the securities acquired, unless it is their fault, as provided in the final part of article 391 of the General Law on Securities and Credit Operations, or to ensure the collection of income by the funds whose investment is entrusted to them.....................................................................................................................

IF, at the end of the trust, mandate or commission constituted for the granting of credits, they have not been settled by the debtors, the institution must transfer them to the trustor or beneficiary, as the case may be, or to the grantor or principal, refraining from covering their amount.......................................................................................................................

In the trust, mandate or commission contracts, or in this sub-paragraph and a TRUSTEE declaration, the provisions shall be inserted in a manner so as to unequivocally inform its content to the persons from whom it has received property or rights for TRUSTEE involvement.....................................................................................

c) Acting as trustees, grantors or commissioners in trusts, mandates or commissions, respectively, through which resources of the public are captured, directly or indirectly, through any act causing direct or contingent liabilities, except for trusts constituted by the Federal Government through the Secretary of Finance and Public Credit, and trusts through which securities are issued that are registered in the National Register of Securities in accordance with the provisions of the Securities Market Act;

d) Perform the trusts, mandates or commissions referred to in the second paragraph of Article 88 of the Investment Companies Act; ...................................................................

e) Act in trusts, mandates or commissions through which limitations or prohibitions contained in financial laws are evaded; ...........................................................................

f) Use funds or securities of trusts, mandates or commissions intended for the granting of credits, in which the trustee has discretion, in the granting thereof, to carry out operations under which its trustees are or may be debtors; members of the Board of Directors or Executive Council, as appropriate, both owners and alternates, whether they are or are not in office; employees and officials of the institution; owner commissioners or alternates, whether they are or are not in office; the external auditors of the institution; the members of the technical committee of the respective trust: the ancestors or descendants in the first degree or spouses of the persons mentioned, the companies in whose assemblies such persons or the same institutions have a majority, also those persons that the Bank of Mexico determines by means of general provisions, and.....................................................................................................................................

**VERIFIED**

12

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ. B.C.S.

13

g) Administer rustic [illegible], unless they have received the administration to distribute the estate among heirs, legatees, associates or creditors, or to pay an obligation or to ensure compliance with the value of the same estate or its products, and without which, in these cases, the administration exceeds the period of two years, except in cases of production trusts or guarantee trusts ...............................................................................

Any agreement contrary to the provisions of the previous sub-paragraphs shall be void..

4.- Article 118 of the Credit Institutions Act.-...............................................................

"... With the exception of any kind of information that is requested by the National Banking Commission, the violation of the secrecy of the transactions referred to in section XV of article 46 of this Law, including before the authorities or trial or claims courts other than those brought by the trustor or beneficiary, principal or grantor, against the institution or vice versa , shall constitute civil liability for damages caused, without prejudice to criminal liability".................................................................................

5.............- Articles of Circular 1/2005 of the Bank of Mexico that establish a prohibition.-

"6.1. When entering into Trusts, Trust Institutions shall be prohibited from: ....................

- - - a) ... Charging the trust assets prices other than those agreed upon when entering into the transaction in question; ...................................................................................

--- b). Ensuring the earning of yields or prices for funds whose investment is entrusted to them, and ...................................................................................................................

--- c) Conducting operations under conditions and terms contrary to their internal policies and sound financial practices.................................................................................

--- 6.2 Trust Institutions may not enter into transactions with securities, credit instruments or any other financial instrument, which do not comply with the specifications agreed in the relevant Trust Contract .......................................................

--- 6.3 Trust Institutions may not carry out types of Trust that they are not authorized to enter into in accordance with the laws and provisions governing them. ...........................

--- 6.4 Under no circumstances may the Trust institutions cover the payment of any sanction imposed on those institutions by any authority with a charge to the trust properties ............................................................................................................................

--- 6.5 ....In Guarantee Trusts, the Bonding Institutions and Limited-Objective Financial Societies may only receive goods or rights intended to guarantee the obligations in question .................................................................................................................................

--- 6.6. The Trust Institutions shall observe the provisions of Articles 106 section XIX of the Credit Institutions Act, 103 section IX of the Securities Market Act, 62 section VI of the General Law on Mutual Insurance institutions and Companies and 60 section VI Bis of the Federal Bonding Institutions Act, as appropriate for each Institution" .....................

VERIFIED

VERIFIED

13

VERIFIED

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

14

--- III.- They appearing parties state under oath that they have the necessary powers for the granting of this deed, and that their legal statuses have not been revoked or modified in any way...............................................................................................................

--- In light of the foregoing, the appearing parties grant the following:..............................

------------------------------------------------ **STATEMENTS** ------------------------------------------------

---**1. THE PRIMARY BENEFICIARY,** as of the date of this document (the "CLOSING DATE"), has granted a credit to DIAMANTE CABO for an amount up to $125,000,000.00 (One hundred and twenty-five million dollars of the United States of America) in principal, subject to the corresponding interest (the "CREDIT") ....................

---2. The CREDIT is contained in the following documents: (I) Loan Agreement entered into on the CLOSING DATE between DIAMANTE CABO and THE PRIMARY BENEFICIARY (the "CREDIT AGREEMENT"): (II) Promissory Note subscribed on the CLOSING DATE by DIAMANTE CABO (the "PROMISSORY NOTE"); (iii) Assignment of Lease and Rents, entered into on the CLOSING DATE, between DIAMANTE CABO and the PRIMARY BENEFICIARY (the "RENTAL ASSIGNMENT"); (iv) Pledge Agreement Without Transfer of Possession concluded on the CLOSING DATE between DIAMANTE CABO and the PRIMARY BENEFICIARY (the "PLEDGE AGREEMENT"); (v) Remedy Guarantee (Recourse Guaranty) entered into on the CLOSING DATE by Mr. Kenneth A Jowdy (the "GUARANTOR") and the PRIMARY BENEFICIARY, effective from the CLOSING DATE (the "GUARANTEE WITH REMEDY"); (vi) Indemnity Agreement document entered into on the CLOSING DATE between DIAMANTE CABO, the GUARANTOR and the PRIMARY BENEFICIARY (the "ENVIRONMENTAL INDEMNIFICATION"); (vii) Pledge Agreement entered into on the CLOSING DATE between the SECONDARY BENEFICIARY, the GUARANTOR, Diamante Cabo San Lucas LLC ("U.S. LLC"), and the PRIMARY BENEFICIARY (the "MEXICAN SOCIAL PART PLEDGE AGREEMENT"); (viii) Pledge Agreement entered into on the CLOSING DATE, between the GUARANTOR, U.S. LLC and the PRIMARY BENEFICIARY (the "LICENSE AGREEMENT SUBJECT TO U.S. LAW."); (ix) Pledge Agreement entered into on the CLOSING DATE between the GUARANTOR, Baja Ventures 2006, LLC, Diamante Properties, LLC, KA Holdings LLC and CSL Properties 2006, LLC (collectively, the "MEMBERS OF U.S. LLC") and the PRIMARY BENEFICIARY (the "U.S. SOCIAL PARTIES PLEDGE AGREEMENT"); (x) Omnibus Assignment entered into on the CLOSING DATE between DIAMANTE CABO and the PRIMARY BENEFICIARY (the "OMNIBUS ASSIGNMENT"); (xi) Completion Guaranty Compliance Document, granted by the GUARANTOR on the CLOSING DATE in favor of the

VERIFIED

CONFIDENTIAL

DANSKE_0016024

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

15

**VERIFIED**

**VERIFIED**

PRIMARY BENEFICIARY; (xii) Warranty (Guaranty) [illegible] by members of U.S. LLC, GUARANTOR and U.S. LLC in favor of the PRIMARY BENEFICIARY ON THE CLOSING DATE. The documents mentioned above are collectively referred to as the "OPERATION DOCUMENTS", and the latter, together with this TRUST AGREEMENT are referred to as the "CREDIT DOCUMENTS".............................................................

---**3. DIAMANTE CABO,** in accordance with the OPERATION DOCUMENTS, agreed to enter into this TRUST AGREEMENT in order to guarantee its obligations, as well as the obligations under the MEMBERS of U.S. LLC, U.S. LLC, and GUARANTOR, provided for in the OPERATION DOCUMENTS...........................................................................

**4. DIAMANTE CABO, in this act, declares, represents and warrants that:** ................

---a).- It is a Limited Liability Company duly constituted in accordance with the laws of the United Mexican States, with main domicile at Calle Obregón No. 1,289, 22800, Ensenada, Baja California Norte, Mexico ......................................................................

---(b)- It owns the Properties described in Recital I.a) and the Rights described in Recital I.b) of this instrument (hereinafter the Properties and Rights will be collectively referred to for the purposes of this TRUST AGREEMENT as the "PROPERTY"); ..........

---c).- It has the corporate and legal powers to enter into, deliver and comply with the obligations under its responsibility set out in this instrument, as well as to grant the necessary guarantees, transfer the ownership and affect the PROPERTY in the terms of this TRUST AGREEMENT and that it has taken all necessary legal and corporate actions in order to authorize its conclusion, delivery and compliance, as well as to affect the PROPERTY, in terms of this TRUST AGREEMENT;.................................................

---(d)- This TRUST AGREEMENT constitutes a legal, valid and mandatory obligation under DIAMANTE CABO's responsibility, enforceable in accordance with the provisions laid down in the applicable law; .....................................................................................

- - - e).- The entering into, delivery and compliance with this TRUST AGREEMENT shall not imply any material violation of any provision or legal requirement, or of any provision set forth in its corporate documents, nor of any contractual obligation under the responsibility of DIAMANTE CABO and shall not result in the establishment or imposition of any lien on any of DIAMANTE CABO's assets or income, except as set forth in this instrument and as expressly permitted in the OPERATION DOCUMENTS; ..

---f)-At the date of entering into this instrument, there is not, to the best of its knowledge, after having carried out the relevant investigations, any action, claim, demand, injunction or potential or pending resolution, before any court, government unit or arbitrator, affecting or that could affect, the legality, validity and enforceability of this TRUST AGREEMENT or of the property on the PROPERTY; .........................................

CONFIDENTIAL

DANSKE_0016025



IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

**MR. HECTOR CASTRO CASTRO**
HOLDER
**MR. JOSE ALBERTO CASTRO SALAZAR**
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ. B.C.S.

16

- - - (g)- No consent, authorization, request or other act by any governmental authority or any other person is required for the purpose of entering into, modifying, terminating, assigning, delivering, complying with, or validating this TRUST AGREEMENT or for the purpose of drawing up or maintaining the warranty constituted therein;...........................

- - - (h) DIAMANTE CABO is the rightful owner of the PROPERTY, free of any lien (except that of the EASEMENT), charge, warranty, option or claim by any third party; ....

- - - (i)- The person entering into this TRUST AGREEMENT on behalf of DIAMANTE CABO has the powers, authorities and corporate authorization necessary to do so, and which have not been revoked or limited in any way; ........................................................

- - - j).- It is the intention of DIAMANTE CABO to impact the PROPERTY in trust, in accordance with the provisions of this instrument.

- - k).- The articles of incorporation of DIAMANTE CABO include the legal provisions established in article 27, section I, of the Political Constitution of the United Mexican States. ..................................................................................................................

- - - l). -. The destination, use and enjoyment of the PROPERTY will be for non-residential purposes as long as it is part of the TRUST PROPERTY and, therefore, the entering into of this TRUST AGREEMENT will not require permission from the Ministry of Foreign Affairs ("SRE"), in terms of Articles 11 and 12 of the Foreign Investment Act ("LIE") ................................................................................................................

- - - m).-. The PROPERTY is up to date in the payment of any Property taxes or any other government contributions and services to which such PROPERTY or its owners may be subject..............................................................................................................

- - - n).-. The PROPERTY complies with all applicable environmental, health and safety standards, and DIAMANTE CABO is not aware if (i) any event has occurred or if there is any circumstance or condition that could constitute or result in a violation of the environmental, health and safety laws, and (ii) the PROPERTY is not subject to any existing action or, to the best of knowledge of DIAMANTE CABO, any potential action, exercised by or before any governmental authority, in terms of any applicable environmental, health or safety laws, nor is there any legal basis for such action............

- - - 5. The PRIMARY BENEFICIARY in this act declares, states and warrants that: .......

- - - (a)- It is a company duly incorporated in accordance with the laws of the State of Delaware in the United States of America; ....................................................................

- - -b).- Its legal representative has all the necessary powers and corporate authorization to enter into this TRUST AGREEMENT, and that the same have not been revoked or limited in any way; ......................................................................................

CONFIDENTIAL
DANSKE_0016026

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ, B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**
**LA PAZ, B.C.S.**

17

**VERIFIED**

- - - c).- THE PRIMARY BENEFICIARY will not have the right to use or take advantage of the PROPERTY, unless the TRUSTEESHIP receives SRE PERMISSION, as defined in the following EIGHTEENTH Clause, in the understanding that such a limitation will not preclude or diminish in any way, the rights of the PRIMARY BENEFICIARY in terms of the present TRUST AGREEMENT or the guarantee granted therein. ...........................

- - - 6. -The TRUST in this act declares, states and warrants that: ...................................

- - - a).- . It is a multi-banking institution, duly constituted and authorized to operate as such, in accordance with Mexican law; ...........................................................................

- - - b).- Its legal representative has all the corporate powers and authorizations necessary to enter into this TRUST AGREEMENT, and the same have not been revoked or limited in any way .................................................................................

-----------------------------------------------**TERMS DEFINED**-----------------------------------------------

Capitalized terms not defined in this TRUST AGREEMENT shall have the meanings attributed to them in the OPERATION DOCUMENTS. In addition, the following terms shall have the following meanings: ...............................................................................

"GUARANTEED OBLIGATIONS": Any and all present or future obligations under the responsibility of DIAMANTE CABO, of the U.S. LLC, of the U.S. LLC MEMBERS and of the GUARANTOR under the OPERATION DOCUMENTS, including, without limitation, timely payment of the amount owed from the principal and, where applicable, of the Interest, as well as the "ADDITIONAL FEE", as defined in the Credit Agreement, with the respective changes that such documents or obligations suffer over time, for reforms, novation, modifications, amendments or supplements; as well as any and all present or future obligations under the responsibility of DIAMANTE CABO in the terms of this TRUST AGREEMENT, with their respective reforms, modifications and additions that may occur from time to time. ........................................................................................

-----------------------------------------------**CLAUSES**-----------------------------------------------

- - - **FIRST.- TRANSFER OF THE TRUST PROPERTY.** .................................................

The TRUSTOR in this act irrevocably transfers the property and assigns the Properties and the Rights that constitute the PROPERTY is free of any lien (with the exception of the EASEMENT) or charge, in an ownership transfer trust in favor of the TRUSTEE, with the surface and boundaries that are transcribed in Recital I.a), which are reproduced here to the letter and must be understood as inserted in their entirety. ......... The TRUSTOR will be responding for disencumbrance in the event of any eviction from the PROPERTY.

- - - With the exception of the right of the TRUSTOR to reacquire the PROPERTY, in accordance with the following FOURTH Clause, the TRUSTOR reserves no rights with

**VERIFIED**

CONFIDENTIAL

DANSKE_0016027

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC No. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC No. 7**

LA PAZ. B.C.S.

18

respect to this TRUST AGREEMENT or to the TRUST PROPERTY (as defined below). The foregoing is without prejudice to the rights of the SECONDARY BENEFICIARY provided for in this TRUST AGREEMENT....................................................................

- - - The parties to the Trust undertake to allocate the Properties as ordered by the Urban Development Act in force in the State of Baja California Sur..................................

**- - SECOND.- PARTIES AND TRUST PROPERTY** ..........................................................

- - - The parties to this TRUST are: ...........................................................................

TRUSTOR: **Diamante Cabo San Lucas, S. de R.L. de C.V.,** and/or their authorized successors and assignees (hereinafter referred to as the "TRUSTOR") ...........................

PRIMARY BENEFICIARY: **Lehman Brothers Holdings Inc.,** or their permitted successors and assignees (hereinafter referred to as the "PRIMARY BENEFICIARY")...

SECONDARY BENEFICIARY: **Diamante Cabo San Lucas, S. de R.L. de C.V.,** and/or their authorized successors or assignees (same as, hereinafter, may also be referred to as the "SECONDARY BENEFICIARY").........................................................................

TRUSTEE: **BANCO J.P. MORGAN, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, J.P.MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA,** (hereinafter referred to as the "TRUSTEE")......................................................................................................

The assets subject to this TRUST shall be THE PROPERTY, with all that is in fact and by law its right and all its present and future accessories, including, without limitation, any improvements, constructions, developments, accessions, licenses, permits, rights and concessions, excluding any part of the PROPERTY that is sold or transferred after entering into this TRUST AGREEMENT in accordance with the terms set forth herein, including any money or consideration that may be received by the TRUSTEE, if any, after such sales or transfers are made (hereinafter the "TRUST PROPERTY")...............

- - - THIRD.- APPOINTMENT OF THE TRUSTEE.........................................................

The TRUSTEE in this act (i) accepts its appointment as a TRUSTEE and agrees to faithfully and fully comply with its TRUSTEE obligations, as well as all of the purposes thereof, and all obligations assumed by the TRUSTEE in terms of this instrument and applicable law; (ii) receives, subject to the terms of the TRUST AGREEMENT, the TRUST PROPERTY, and (iii) acknowledges and accepts ownership over the TRUST PROPERTY and agrees to hold such property solely for the purposes of this TRUST. Subject to the terms of the TRUST AGREEMENT, the TRUSTEE is authorized in this act to take all necessary measures to fulfill the purposes of the TRUST. In addition, the TRUSTEE shall comply, immediately, with each and every one of the instructions given to it by the PRIMARY BENEFICIARY, without the need for prior notification or authorization by the SECONDARY BENEFICIARY (except when that which is expressly provided for in this instrument requires notification to or authorization by the SECONDARY BENEFICIARY) provided that such instructions are expressly permitted in this instrument and in accordance with the provisions expressly provided for in this

**VERIFIED** **VERIFIED**

CONFIDENTIAL

DANSKE_0016028

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

19

instrument and in accordance with the provisions expressly provided for in this TRUST AGREEMENT, and agrees not to take or stop taking any action that could prevent or obstruct in any way the fulfillment of the purposes of this TRUST....................................

- - - **FOURTH.- PURPOSES OF THE TRUST** ................................................................

The purposes of the TRUST are as follows: .................................................................

The TRUSTEE shall retain the proprietorship and ownership over the PROPERTY and the TRUST PROPERTY until the expiration of the TRUST AGREEMENT, in accordance with the terms thereof....................................................................................

As long as the TRUSTEE has not received written notice from the PRIMARY BENEFICIARY notifying it of any breach of the GUARANTEED OBLIGATIONS ("NOTIFICATION OF NON-COMPLIANCE"), the TRUSTEE shall permit the SECONDARY BENEFICIARY to have the use, enjoyment and possession of the TRUST PROPERTY for non-residential purposes. The use, enjoyment and possession provided for herein shall allow the SECONDARY BENEFICIARY to develop the PROPERTY in accordance with the CREDIT DOCUMENTS (the "PROJECT"):..............

As long as the TRUSTEE has not received the NOTIFICATION OF NON-COMPLIANCE, the TRUSTEE shall transfer portions of the TRUST PROPERTY to third parties, persons identified in the joint written instructions notified to you by the PRIMARY BENEFICIARY and the SECONDARY BENEFICIARY. Any portion of the TRUST PROPERTY that is transferred to third parties in accordance with this sub-paragraph will cease to be part of the TRUST PROPERTY.............................................

The TRUSTEE shall maintain the TRUST PROPERTY assigned in terms of this TRUST for the benefit of the PRIMARY BENEFICIARY in order to guarantee and ensure the payment and compliance, in a timely way and form, of each and every one of the GUARANTEED OBLIGATIONS under the responsibility of the SECONDARY BENEFICIARY, THE GUARANTOR, the U.S. LLC and the MEMBERS of the U.S. LLC under the CREDIT DOCUMENTS ...................................................................................

Once it has received any NOTIFICATION OF NON-COMPLIANCE from the PRIMARY BENEFICIARY, the TRUSTEE, following the instructions of the PRIMARY

**VERIFIED**

**VERIFIED**

CONFIDENTIAL

DANSKE_0016029

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**
LA PAZ. B.C.S.

20

**VERIFIED** **VERIFIED**

BENEFICIARY and without obtaining the consent or approval of the SECONDARY BENEFICIARY ("LIQUIDATION ORDER"), must take all or some of the following actions: (i) revoke the rights of the SECONDARY BENEFICIARY for the use, enjoyment and possession of the PROPERTY, as well as for the development of the PROJECT in said PROPERTY, delivering the NOTIFICATION OF NON-COMPLIANCE to the SECONDARY BENEFICIARY; (ii) subject to the condition that the SRE PERMISSION is obtained (as defined in the EIGHTEENTH Clause), and that this TRUST AGREEMENT be modified in terms of such clause, to allow the PRIMARY BENEFICIARY the use and possession of the TRUST PROPERTY for non-residential purposes; and (iii) subject to the procedure set out in the TWELFTH Clause, alienating all or part of the assets and rights that make up the TRUST PROPERTY or modifying the TRUST AGREEMENT as provided for in this instrument. Upon receipt of the TRUSTEE'S LIQUIDATION ORDER, the SECONDARY BENEFICIARY shall immediately deliver the use and possession of the TRUST PROPERTY to the TRUSTEE or to whomever the latter appoints at the instructions of the PRIMARY BENEFICIARY; and ...................................................................................................

After the TRUSTEE receives written notice from the PRIMARY BENEFICIARY notifying it that the SECONDARY BENEFICIARY, THE GUARANTOR, the U.S. LLC and the MEMBERS OF THE U.S. LLC have complied with each and every one of the GUARANTEED OBLIGATIONS under its responsibility ("PAYMENT NOTICE") the TRUSTEE, in accordance with the written instructions it receives from the SECONDARY BENEFICIARY, shall proceed to (i) reverse ownership of the TRUST PROPERTY to the SECONDARY BENEFICIARY and terminate this TRUST AGREEMENT; or (ii) at the request of the SECONDARY BENEFICIARY, modify this TRUST as instructed by the SECONDARY BENEFICIARY, including, without limitation, the removal of the PRIMARY BENEFICIARY as part of this TRUST AGREEMENT. .......

That the TRUSTEE, as per the instructions of the FIRST BENEFICIARY, grants, without the need to obtain prior consent of the SECONDARY BENEFICIARY, a mortgage in favor of the PRIMARY BENEFICIARY on the PROPERTY in order to guarantee the GUARANTEED OBLIGATIONS ......................................................................................

**- - - FIFTH.- OBLIGATIONS**............................................................................................

The parties to this TRUST agree to the following: ...........................................................

(a) The TRUSTEE orders the SECONDARY BENEFICIARY to administer the PROPERTY and will designate the latter as the depositary of the same, granting it possession of the PROPERTY assigned in trust, being able, as an administrator, on its own or through third parties, to use, benefit from the use of, and carry out any modification work, improvement, construction, development, lease, administration and management of such PROPERTY, as well as constitute the condominium or sub-condominium regimes that it considers relevant, provided that such activities comply

CONFIDENTIAL
DANSKE_0016030

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

21

with the Fourth Clause, sub-paragraph (b) above, as well as the CREDIT DOCUMENTS. .........................................................................................................

(b) The SECONDARY BENEFICIARY will obtain all permissions, licenses and concessions that are necessary in order to carry out the acts referred to in paragraph (a) of this Clause, without the PRIMARY BENEFICIARY and the TRUSTEE having any responsibility for violations of such permits, licenses and concessions or any applicable laws caused by the use or possession by the SECONDARY BENEFICIARY of the TRUST PROPERTY or related to the construction of the same therein, nor shall they have any responsibility arising from the work, modifications, improvements or constructions of the PROJECT, with the SECONDARY BENEFICIARY being solely responsible for such acts. The SECONDARY BENEFICIARY will assume, at its own expense and at its own cost, any tax, labor or payment obligations related to, or arising from the use and possession of the TRUST PROPERTY, including, without limitation, those related to any construction, improvement and development with respect to the PROPERTY .....................................................................................................................

(c) The TRUSTEE shall, from time to time, grant to persons determined by the SECONDARY BENEFICIARY, in accordance with the provisions of this sub-paragraph (c) each and every one of the powers necessary to carry out the purposes of the TRUST. Once, at the instructions of the PRIMARY BENEFICIARY, any NOTIFICATION OF NON-COMPLIANCE has been delivered, the TRUSTEE shall revoke all powers that have been identified by the PRIMARY BENEFICIARY and granted in terms of this TRUST AGREEMENT and grant to the persons indicated to it by the PRIMARY BENEFICIARY, any and all of the powers that are deemed necessary for the fulfillment of the purposes of the TRUST. ..........................................................................................

(d) The TRUSTEE shall not modify this TRUST unless so instructed by the PRIMARY BENEFICIARY and the SECONDARY BENEFICIARY, together. Once any NOTIFICATION OF NON-COMPLIANCE has been received, the consent or approval by the SECONDARY BENEFICIARY will not be necessary to make the modifications provided for in the following TWELFTH Clause ...............................................................

(e)Unless permitted by the purposes of the TRUST, the TRUSTEE shall not: (i) transfer ownership or (ii) constitute or grant any warranty, mortgage, or pledge or (iii) constitute any other actual warranty on any of the assets that are part of the TRUST PROPERTY, or on any of its rights remaining under this TRUST AGREEMENT, except through the prior written consent of the PRIMARY BENEFICIARY (which may also be granted or denied at the sole discretion of the PRIMARY BENEFICIARY)........................................

((f) The SECONDARY BENEFICIARY shall be solely responsible for the conservation of the TRUST PROPERTY and the sole person responsible for carrying it out, at its own cost, all necessary repairs, for paying any and all applicable taxes, of maintaining and complying with all necessary permits, licenses and concessions and of complying with

21

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

22

all applicable laws and regulations, in order to preserve all the assets that make up the TRUST PROPERTY, in good condition and carrying out the necessary acts for the construction and operation of a tourist development, in accordance with the provisions laid down in the Fourth Clause, sub-paragraph (b) above and with the CREDIT DOCUMENTS, in the understanding, however, that such PROPERTY will not be intended or used for residential purposes as long as it is part of the TRUST PROPERTY, in conformity with what is provided for by LIE...............................................

((g) The TRUSTEE shall have all rights and powers to fulfill the purposes of this TRUST, in accordance with the terms set forth herein and applicable law, including ownership powers. ..........................................................................................................

((h) The TRUSTEE shall protect all assets and rights that comprise part of the TRUST PROPERTY through the agents referred to in this Clause; in the understanding that in the event of any Emergency of which the TRUSTEE becomes aware, the TRUSTEE shall act immediately and take all necessary measures for the protection of the TRUST PROPERTY, and in this act, it is granted all the necessary powers to appoint proxies, whose powers will be subject, provided that time permits, to ratification by the PRIMARY BENEFICIARY. For the purposes of this Clause, the term "Emergency" means any fact or situation that directly jeopardizes the health and safety of any person, visitor or employee who is present in the TRUST PROPERTY, or that may result in the imposition of any sanction or penalty on the PRIMARY BENEFICIARY and/or the SECONDARY BENEFICIARY ....................................................................................

(i) Until the GUARANTEED OBLIGATIONS are paid in full, this TRUST will be irrevocable and will be effective from the date of its signature until its termination as is provided herein. The TRUST must be in force for as long as necessary to fulfill its purposes, and may not be revoked by the Trustor. The TRUST AGREEMENT may be terminated in accordance with the grounds set out in article three hundred and ninety-two of the General Law on Securities and Credit Operations, except as regards the cause of termination established in the sixth section of that article, given that the TRUSTOR does not reserve for itself the right to revoke this TRUST. At the end of the TRUST AGREEMENT, the TRUSTEE will deliver and transfer the TRUST PROPERTY in the following way: (i) prior to payment of all GUARANTEED OBLIGATIONS, as shown in the certificate given to the TRUSTEE, to the PRIMARY BENEFICIARY or to its assignee, by the PRIMARY BENEFICIARY, as a guarantee of full payment of the GUARANTEED OBLIGATIONS; (ii) after full payment of the GUARANTEED OBLIGATIONS, as indicated in the PAYMENT NOTIFICATION, to the TRUSTOR or its assignee: (iii) the person designated in writing by the PRIMARY BENEFICIARY and by the SECONDARY BENEFICIARY; or (iv) in accordance with what is provided in the following Twelfth Clause.................................................................................................

VERIFIED

VERIFIED

CONFIDENTIAL

DANSKE_001603

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**
LA PAZ. B.C.S.

23

**VERIFIED**

**VERIFIED**

(j) In the event that the TRUSTEE receives any amount of money during the term of this TRUST, it shall immediately notify the PRIMARY BENEFICIARY and shall act in accordance with the instructions given to it by the latter. ..................................................

**- - - SIXTH.- LEGAL PROVISION** ..................................................................

Pursuant to section XIX of Article 106 of the Credit Institutions Act, the TRUSTEE declares that, in the terms of this Clause, it has provided the parties to this instrument with, in writing, a clear and unequivocal explanation of the legal meaning and consequences of that section, which is transcribed for all relevant purposes:..................

"Article 106 credit institutions shall be prohibited from: .....................................................

... XIX. In carrying out the transactions referred to in Article 46 (XV) of that Law:.............

Entering into transactions with the institution itself in the fulfillment of trusts, mandates or commissions. The Bank of Mexico may authorize, by means of general provisions, the execution of certain transactions when they do not involve a conflict of interest;........

Responding to trustors, grantors or principals, for non-compliance with debtors, for the credits granted, or of issuers, for the securities acquired, unless it is their fault, as provided for in the final part of article 391 of the General Law on Securities and Credit Operations, or to ensure the collection of income through the funds whose investment is entrusted to them ..........................................................................

If, at the end of the trust, mandate or commission constituted for the granting of credits, they have not been settled by the debtors, the institution shall transfer them to the trustor or trustee, as the case may be, or to the grantor or principal, refraining from covering their amount..........................................................................

The provisions of this sub-paragraph and a declaration of the trust in law shall be inserted in the trust, mandate or commission contracts to the effect that it unequivocally made known its contents to persons from whom it has received property or rights for trustee assignment; ..........................................................................

Acting as trustees, grantors or commissioners in trusts, mandates or commissions, respectively, through which resources of the public are captured, directly or indirectly, through any act causing direct or contingent liabilities, except in the case of trusts constituted by the Federal Government through the Ministry of Finance and Public Credit, and trusts through which securities are issued that are registered in the National Register of Securities in accordance with the provisions of the Securities Market Act;.....

Perform the trusts, mandates or commissions referred to in the second paragraph of article 88 of the Investment Companies Act;..................................................................

Act in trusts, mandates or commissions through which limitations or prohibitions contained in financial laws are evaded; ..........................................................................

Use funds or securities of trusts, mandates or commissions intended for the granting of credits, in which the trustee has the discretion, in the granting thereof, to carry out

23

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

24

operations under which its trustees are or may be debtors; members of the board of directors or executive council, as appropriate, both owners and alternates, whether or not they are in functions; employees and officers from the Institution; commissioner owners or alternates, whether they are or are not in office; external auditors; members of the respective trust's technical committee; ancestors or descendants in the first degree or spouses of the aforementioned persons, the companies in whose assemblies these persons or the same institutions have a majority, as well as those persons determined by the Bank of Mexico by means of general provisions, and .........................

Manage rustic estates, unless they have received the administration to distribute the property among heirs, legatees, associates or creditors, or to pay an obligation or to ensure compliance with the value of the same estate or its produce, and without which in these cases the administration exceeds the period of two years, except in cases of production trusts or guarantee trusts. ............................................................................

Entering into transactions with the institution itself in the fulfillment of trusts, mandates or commissions. The Bank of Mexico may authorize, by means of general provisions, the execution of certain transactions where they do not involve a conflict of interest; ......

Respond to trustors, constituents or principals, for non-compliance with debtors, for the credits granted, or of issuers, for securities acquired, unless it is their fault, as provided for in the final part of section 391 of the General Law on Securities and Credit Operations, or to ensure the collection of income from funds whose investment is entrusted to them ........................................................................

If, at the end of the trust, mandate or commission constituted for the granting of credits, they have not been settled by the debtors, the institution shall transfer them to the trustor or trustee, as the case may be, or to the grantor or principal, refraining from covering their amount.........................................................................

The provisions of this sub-paragraph and a declaration of the trust in law shall be inserted in the trust, mandate or commission contracts to the effect that it unequivocally made known its contents to persons from whom it has received property or rights for trustee assignment; ........................................................................

Acting as trustees, grantors or commissioners in trusts, mandates or commissions, respectively, through which resources of the public are captured, directly or indirectly, through any act causing direct or contingent liabilities, except in the case of trusts constituted by the Federal Government through the Secretary of Finance and Public Credit, and trusts through which securities are issued that are registered in the National Register of Securities in accordance with the provisions of the Securities Market Act;.....

Perform the trusts, mandates or commissions referred to in the second paragraph of article 88 of the Investment Companies Act; ...............................................................

Act in trusts, mandates or commissions through which limitations or prohibitions contained in financial laws are evaded; ........................................................................

**VERIFIED**

**VERIFIED**

CONFIDENTIAL

DANSKE_0016034

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

25

**VERIFIED**

Use funds or securities of trusts, mandates or commissions intended for the granting of credits, in which the trustee has the discretion, in the granting thereof, to carry out operations under which its trustees are or may become debtors; members of the Board of Directors or Executive Council, as appropriate, both owners and alternates, whether they are or are not in office; employees and officials of the institution; commissioners who are owners or alternates, whether they are or are not in office; the institution's external auditors; members of the respective trust's technical committee; ancestors or descendants in the first degree or spouses of the aforementioned persons, the companies in whose assemblies these persons or the same institutions have a majority, also those persons determined by the Bank of Mexico by means of general provisions, and...................................................................................................................................

Manage rustic estates, unless they have received the administration to distribute the estate among heirs, legatees, associates or creditors, or to pay an obligation or to ensure compliance with the value of the same estate or its products, and without, in these cases, the administration exceeding the period of two years, except in cases of production trusts or guarantee trusts ...............................................................................

Any agreement contrary to the provisions of the above sub-paragraphs shall be void." ...

Also, in compliance with the provisions of Numeral 5.5 of Circular 1/2005 published by the Bank of Mexico in the Official Journal of the Federation, on June 23, 2005, the Trustee states that it unequivocally explained to the parties to this Trust, and in particular to the Trustor, the legal value and consequences of Numeral 6 of Circular 1/2005 on the prohibitions to which the Trustee is subject. For this purpose, Number 6 of Banco de México Circular 1/2005 is transcribed below: ...............................................

**VERIFIED**

25

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

**MR. HECTOR CASTRO CASTRO**
HOLDER
**MR. JOSE ALBERTO CASTRO SALAZAR**
ASSIGNED
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

26

"6.1... When entering into trusts, the Trust Institutions shall be prohibited from: ..............

Charging the trust assets prices other than those agreed upon when entering into the transaction in question; ..........................................................................................................

Ensuring the earning of yields or prices for funds whose investment is entrusted to them, and.....................................................................................................................................

Conducting operations under conditions and terms contrary to their internal policies and sound financial practices. .......................................................................................................

6.2 The Trust Institutions may not enter into transactions with securities, credit instruments or any other financial instrument, which do not comply with the specifications agreed upon in the relevant trust contract. .................................................

6.3 Trust Institutions may not carry out types of Trust that they are not authorized to enter into in accordance with the laws and provisions governing them.

6.4 Under no circumstances may the Trust Institutions cover the payment of any sanction imposed on such Trust Institutions by any authority by making a charge to the trust assets .................................................................................................................................

6.5 In the Guarantee Trusts, the Bonding Institutions and Limited-Objective Financial Societies may only receive goods or rights intended to guarantee the obligations in question ...................................................................................................................................

6.6 The Trust Institutions shall observe the provisions of Articles 106 section XIX of the Credit Institutions Act, 103 section IX of the Securities Market Act, 62 section VI of the General Law on Mutual Insurance Institutions and Companies and 60 section VI Bis of the Federal Law on Bond Institutions, as applicable to each Institution." .........................

**SEVENTH.- TAXES, COSTS AND EXPENSES ............................................................**

(a) All taxes, costs, expenses, fees and commissions arising from the preparation, signature and registration of this TRUST AGREEMENT and in connection with any modification thereof, as well as those arising out of any action, contract, document or notification that is made, prepared, concluded or carried out in terms of this TRUST AGREEMENT, including, without limitation, the notary and registration costs, reasonable fees and expenses of the legal advisers of the PRIMARY BENEFICIARY AND THE TRUSTEE, and any and all costs and expenses incurred by the PRIMARY BENEFICIARY and the TRUSTEE for the fulfillment of their respective obligations and in the exercise of their respective rights in accordance with this TRUST AGREEMENT

CONFIDENTIAL

DANSKE_0016036

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ. B.C.S.

27

and with any closure, will be covered exclusively by the SECONDARY BENEFICIARY ..

(b) In the event that, for any reason, the PRIMARY BENEFICIARY pays, for the SECONDARY BENEFICIARY, any such costs or expenses, the SECONDARY BENEFICIARY agrees to reimburse the PRIMARY BENEFICIARY for those costs and expenses, at the request of the latter.............................................................................

(c).. In the event that any tax authority notifies or otherwise requests, from the TRUSTEE, any information and/or clarification in connection with the activities of the TRUST constituted in terms of this TRUST AGREEMENT that may be deemed subject to any tax that the TRUSTEE, pursuant to such request for authorization, one must withhold and pay by virtue of this TRUST AGREEMENT, the SECONDARY BENEFICIARY shall, and in this act undertakes and agrees to hold harmless, the TRUSTEE, as well as provide the latter with assistance and sufficient funds for the payment of any tax-related amounts, the payment of which may be required from the TRUSTEE in terms of applicable law. The TRUSTEE shall not be liable for any action in connection with such withholdings and payments and to the extent that the latter is subject to payment of any fine or is otherwise punishable by the SECONDARY BENEFICIARY, agrees and undertakes to reimburse it, immediately, for any expenses or costs incurred by the TRUSTEE in connection with such sanctions or fines; in the understanding, however, that the above shall not apply to expenses or costs incurred due to negligence, willful misconduct or bad faith on the part of the TRUSTEE. In relation to the above, the TRUSTEE shall have the right to hire legal advisers; and prosecutors that it deems appropriate and to charge the SECONDARY BENEFICIARY for the reasonable fees of such advisers .......................................................................

(d) The parties agree that the transfer of the PROPERTY to the trustee in terms of this contract or any transfer agreement does not constitute nor will it constitute an alienation in terms of section V, sub-paragraph a) of Article 14 of the Federation Tax Code, nor will it further generate the property acquisition tax because THE TRUSTOR as SECONDARY BENEFICIARY has the right of reversal in respect of the PROPERTY after the termination of the TRUST whenever the GUARANTEED OBLIGATIONS are fully covered in accordance with this and with the CREDIT DOCUMENTS.......................

**- - - EIGHTH.- TRUSTEE FEES** ...................................................................................

In consideration for its services in terms of this contract, the SECONDARY BENEFICIARY will pay the TRUSTEE, the amounts set out in the document attached

**VERIFIED**

**VERIFIED**

CONFIDENTIAL

DANSKE_0016037

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

28

herein as Annex "A". Considerations to the TRUSTEE must be paid in Dollars or Pesos, at the exchange rate in force in Mexico and published by the Bank of Mexico in the Official Journal of the Federation, on the date of payment.................................................

**- - NINTH.- LIMITED LIABILITY OF THE TRUSTEE .......................................................**

In order to induce the TRUSTEE to enter into this TRUST, the TRUSTOR and the PRIMARY BENEFICIARY, expressly agree with the TRUSTEE with respect to the following:..............................................................................................................

The TRUSTEE shall only be obliged to act in good faith and in accordance with the express provisions set forth in this TRUST AGREEMENT and in accordance with the written instructions provided to it by the PRIMARY BENEFICIARY or, to the extent expressly provided for in this contract, the SECONDARY BENEFICIARY, as the case may be, and as long as it continues to act in good faith and in accordance with the provisions of this TRUST, it shall have no obligation to verify the authenticity of such instructions or the signature of the person or persons who sign such instructions; ..........

The TRUSTEE shall not be obliged to have a greater degree of care in the conservation of TRUST PROPERTY than it has with its own assets; ....................................................

This TRUST AGREEMENT expressly sets out all the obligations of the TRUSTEE. THE TRUSTEE assumes no implied obligations or obligations arising directly or indirectly from TRUSTOR contracts, from the SECONDARY BENEFICIARY, or from the PRIMARY BENEFICIARY of which it is not a party, including, but not limited with respect to the CREDIT DOCUMENTS;.........................................................................

The TRUSTEE shall be liable, solely and exclusively, for the loss and damage caused as a direct result of its negligence, misconduct or bad faith with respect to everything related to the performance of its obligations in terms of this TRUST AGREEMENT; .......

THE SECONDARY BENEFICIARY agrees, without limitation, to defend, indemnify and to continue to hold harmless the TRUSTEE, its subsidiaries, affiliates and related parties, as well as their respective officers, directors, trust officers, employees agents and advisers, from any claims, demands, sanctions, procedures, fines, responsibilities, transactions, damages, costs or expenses of any kind, whether or not they are of their knowledge, that have or have not been foreseen, contingent or otherwise (including, without limitation, reasonable fees and legal expenses) arising out of or incurred in connection with this TRUST AGREEMENT, except for any liability arising out of the negligence, misconduct or bad faith of the TRUSTEE.

The SECONDARY BENEFICIARY will be responsible for the payment of all taxes corresponding to the TRUST PROPERTY and it will defend, indemnify and hold harmless the TRUSTEE from the payment of any amounts to which the TRUSTEE is bound by virtue of such taxes corresponding to the TRUST PROPERTY. The responsibilities of the SECONDARY BENEFICIARY set out in the previous sub-paragraph, as well as in this Section (f) shall survive and continue to be in force, even

VERIFIED

VERIFIED

28

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

29

after the termination of this TRUST AGREEMENT or the waiver of the TRUSTEE until required by any tax authority. ........................................................................................

The TRUSTEE shall in no case be liable, directly or indirectly, for the validity, value or enforceability of the CREDIT DOCUMENTS, nor any other agreements, documents or instructions related thereto; ........................................................................................

THE TRUSTOR, the SECONDARY BENEFICIARY and the PRIMARY BENEFICIARY agree and acknowledge that the TRUSTEE shall have no responsibility (i) in the event that the TRUST PROPERTY or any part thereof is expropriated, seized or confiscated; or (ii) for any breach of its obligations for causes or circumstances beyond its control; ....

The TRUSTEE shall not be liable for acts or omissions of the TRUSTOR, of the SECONDARY BENEFICIARY, of the PRIMARY BENEFICIARY, or any third party that prevents or hinders the fulfillment of the objects of the TRUST; and................................

The TRUSTOR, the SECONDARY BENEFICIARY and the PRIMARY BENEFICIARY recognize that the TRUSTEE does not know or is it required to know the content of the CREDIT DOCUMENTS in order to be able to fulfill its obligations in terms of this TRUST AGREEMENT. Nothing in this TRUST AGREEMENT shall relieve the TRUSTEE of liability arising from its own negligence, negligent omission or fraud................................

The TRUSTEE acknowledges that it will not sell or transfer all or part of the TRUST PROPERTY except as expressly provided for in the TRUST CONTRACT or expressly permitted by the PRIMARY BENEFICIARY and by the SECONDARY BENEFICIARY, acting together. The TRUSTEE shall not be entitled to sell any part of the TRUST PROPERTY or to obtain any money in order to pay for its fees or amounts owed to it without the prior consent of the PRIMARY BENEFICIARY and, prior to receipt by the TRUSTEE of the NOTIFICATION OF NONCOMPLIANCE, without the consent of the SECONDARY BENEFICIARY and, any right in favor of the TRUSTEE to receive money in terms of this TRUST AGREEMENT shall be, except as provided for in Clause Twelfth, Sub-paragraph 2.(b), subject to the right of the PRIMARY BENEFICIARY to be paid all or any amount owed to him in terms of the CREDIT DOCUMENTS.....................

The TRUSTEE shall act immediately upon receipt of instructions from the PRIMARY BENEFICIARY, as set forth in this TRUST AGREEMENT, including, but not limited to, any instructions provided to it by the PRIMARY BENEFICIARY, in accordance with the terms of the TRUST AGREEMENT, following the delivery of any NOTIFICATION OF NON-COMPLIANCE, without having consulted or obtained the consent of the SECONDARY BENEFICIARY. The TRUSTEE shall be liable for any damage caused to the PRIMARY BENEFICIARY for not giving adequate compliance with its instructions as provided for in this TRUST AGREEMENT ..................................................................

**TENTH.- DISCLAIMER AND REPLACEMENT OF THE TRUSTEE..............................**

(a) The TRUSTEE may be removed at any time by the PRIMARY BENEFICIARY and by the SECONDARY BENEFICIARY acting jointly, provided that

29

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

30

**VERIFIED**

**VERIFIED**

the TRUSTEE is notified in writing at least thirty (30) calendar days prior to the date on which such removal must take effect, and provided that the PRIMARY BENEFICIARY and the SECONDARY BENEFICIARY designate a substitute and that such substitute accepts his or her appointment as per the terms of this Contract; providing, however, that, after the delivery of the NOTIFICATION OF NON-COMPLIANCE, the consent of the SECONDARY BENEFICIARY will not be required to remove or appoint the substitute TRUSTEE. .................................................................................................

(b) The TRUSTEE may resign from his appointment only in the case referred to in Article 391 of the General Act on Titles and Credit Transactions, provided that the latter grants the PRIMARY BENEFICIARY and the SECONDARY BENEFICIARY written notice of his Intention to resign, at least sixty (60) calendar days in advance and in the understanding that the TRUSTEE will not be released from office until it has appointed a substitute in accordance with sub-paragraph (a) above and that such substitute has accepted that designation in writing...............................................................................

(c) Any substitute TRUSTEE shall have the same rights and obligations as the TRUSTEE in terms of this agreement and shall be deemed to be "TRUSTEE" for all purposes that are deemed admissible with respect to this TRUST AGREEMENT. ..........

((d) In the event that the TRUSTEE ceases to act as such in accordance with this TENTH Clause, the TRUSTEE shall prepare accounting reports, as well as all other information that is necessary in relation to TRUST PROPERTY and deliver them both to the PRIMARY BENEFICIARY as well as the SECONDARY BENEFICIARY with at least thirty (30) advance notice prior to the date on which its removal or resignation takes effect.....................................................................................................................

(e) All costs and expenses related to the removal or appointment of the substitute TRUSTEE shall be paid by the SECONDARY BENEFICIARY. ......................................

**ELEVENTH.- ADDITIONAL WARRANTIES; IRREVOCABLE POWER IN FAVOR OF THE TRUSTEE ............................................................................................................**

The SECOND PARTY SHALL, at any time and from time to time, at their sole cost, immediately hold and deliver all those additional documents, as well as take all any additional actions that are necessary or desirable, or those that the PRIMARY BENEFICIARY and/or the TRUSTEE request, in order to (i) draw up, protect and maintain any transfer made or intended to be made and/or any guarantee granted or

CONFIDENTIAL

DANSKE_0016040

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ. B.C.S.

31

**VERIFIED**

intended to be granted in terms of this TRUST AGREEMENT; (ii) allow the TRUSTEE to grant a mortgage in favor of the PRIMARY BENEFICIARY on the PROPERTY as set out in the CREDIT DOCUMENTS and (iii) empower the PRIMARY BENEFICIARY and the TRUSTEE to exercise and execute their rights and remedies under this instrument with respect to the TRUST PROPERTY or any part thereof, including carrying out or causing any actions to be taken and/or initiating all and any procedures that are necessary or convenient for the TRUSTEE (in terms of, and in accordance with the written instructions given by the PRIMARY BENEFICIARY) to carry out the extrajudicial execution and sale of the TRUST PROPERTY (or part thereof) in accordance with the procedure set forth herein. ...........................................................................................

As a means of complying with the obligations of the SECONDARY BENEFICIARY set out in sub-paragraph (a) of this Clause, the SECONDARY BENEFICIARY in this act grants in favor of the TRUSTEE (to be exercised, directly by the TRUSTEE and/or through the replacement thereof to any of its trustees or to any other person who has been appointed by the PRIMARY BENEFICIARY for such purposes) an irrevocable special power, as broad as applicable law permits, so that the TRUSTEE may, on behalf of and representation of the SECONDARY BENEFICIARY, enter into and deliver all documents and take all additional actions that are necessary or desirable or those requested by the PRIMARY BENEFICIARY and/or the TRUSTEE, in order to (i) refine, protect and retain any transfer made or intended to be made and/or warranties granted or intended to be granted in accordance with this TRUST AGREEMENT; and (ii) empower the PRIMARY BENEFICIARY and the TRUSTEE to exercise and execute their rights and remedies in terms of this TRUST AGREEMENT and/or applicable law, in relation to the TRUST ASSETS or any part thereof, as well as to carry out or have any actions taken and/or initiate any and all necessary or appropriate judicial or extrajudicial proceedings in order for the TRUSTEE to carry out the execution and out-of-court sale of the TRUST PROPERTY (or any part thereof) in accordance with the procedure established in this instrument. In addition, and with respect to the procedure for the out-of-court sale and distribution of the TRUST PROPERTY established in the TWELFTH Clause, the TRUSTEE shall be authorized to carry out, in representation of the TRUSTOR and of the SECONDARY BENEFICIARY (y) the same statements and guarantees made by the TRUSTOR and the SECONDARY BENEFICIARY in relation to ownership on the TRUST PROPERTY (or part thereof), as well as with respect to the responsibility of the TRUSTOR or of the SECONDARY BENEFICIARY in relation to disencumbrance in the event of eviction in accordance with the SEVENTEENTH Clause; and (z) any other representations and warranties (other than those set forth in sub-paragraph (and) above) made by TRUSTOR and SECONDARY BENEFICIARY in relation to THE TRUST PROPERTY (or any part thereof), in accordance with this TRUST AGREEMENT, and with the CREDIT DOCUMENTS. The TRUSTOR and the

**VERIFIED**

CONFIDENTIAL                                    DANSKE_0016041

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

**MR. HECTOR CASTRO CASTRO**
HOLDER
**MR. JOSE ALBERTO CASTRO SALAZAR**
ASSIGNED
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

32

SECONDARY BENEFICIARY acknowledge and agree that the irrevocable special powers granted in favor of the TRUSTEE in terms of this Clause are granted as a means of complying with the obligations specifically identified and assumed by the TRUSTOR and SECONDARY BENEFICIARY, and are therefore irrevocable in terms of Article 2596 of the Federal Civil Code, and its correlated points in the Civil Codes for the other States of the Mexican Republic and for the Federal District...................................

SPECIAL CLAUSE...................................................................................

**EXTRAJUDICIAL SALE AND DISTRIBUTION OF TRUST ASSETS...........................**

TWELFTH.- EXTRAJUDICIAL SALE AND DISTRIBUTION OF THE TRUST ASSETS...

In terms of article 83 of the Credit Institutions Act and article 403 of the General Act on Securities and Credit Transactions, the parties to this TRUST in this act, expressly and irrevocably, agree to the following procedure for the execution of the guarantee on the TRUST ASSETS created through this TRUST AGREEMENT: .........................................

(a) The PRIMARY BENEFICIARY shall notify the TRUSTEE in writing of the NOTIFICATION OF NON-COMPLIANCE and the LIQUIDATION ORDER. .....................

(b) Once the TRUSTEE receives the NOTIFICATION OF NON-COMPLIANCE, followed by a LIQUIDATION ORDER, the TRUSTEE shall proceed to the distribution and/or sale [illegible], of all or part of the goods and/or rights that make up the TRUST ASSETS in accordance with the procedure of this Clause. ...............................................................

(c) The TRUSTEE will notify the SECONDARY BENEFICIARY (with a copy to the PRIMARY BENEFICIARY) that it has received from the PRIMARY BENEFICIARY a

**VERIFIED**

**VERIFIED**

CONFIDENTIAL

DANSKE_0016042

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

33

NOTIFICATION OF NON-COMPLIANCE followed by a LIQUIDATION ORDER, attaching a copy of the documents received, so it will proceed to the execution of the guarantee ("SALES NOTIFICATION"). ....................................................................

The NOTIFICATION OF SALE will be notified to the SECONDARY BENEFICIARY as soon as possible, but in no case after two working days immediately after the date on which the TRUSTEE receives the NOTIFICATION OF NON-COMPLIANCE and the LIQUIDATION ORDER.

(d) The SECONDARY BENEFICIARY will have a period of 5 (five) business days (the "DISENCUMBRANCE PERIOD"), counted from the date on which the SECONDARY BENEFICIARY is deemed to have received the NOTIFICATION OF SALE in terms of the immediately following sub-paragraph, to (i) rectify and / or deliver evidence of compliance with respect to the GUARANTEED OBLIGATIONS that are indicated as unfulfilled and described in the NOTIFICATION OF NON-COMPLIANCE and LIQUIDATION ORDER and to provide the PRIMARY BENEFICIARY irrefutable documentary evidence (with a copy to the TRUSTEE) that the breach has been rectified within the period established to do so and/or that it has been fulfilled, within the time limit required to do so, with the obligations that caused such non-compliance; and/or (ii) provide the PRIMARY BENEFICIARY (with a copy to the TRUSTEE) irrefutable documentary evidence of the extension or novation of the GUARANTEED OBLIGATIONS subject to the breach in question (such notification is called "NOTIFICATION OF DISENCUMBRANCE"). In the event that the PRIMARY BENEFICIARY does not agree with the irrefutable documentary evidence, it shall notify the TRUSTEE, who shall continue the out-of-court sale as instructed by the PRIMARY BENEFICIARY. ....................................................................

(e) Each LIQUIDATION ORDER, NOTIFICATION OF SALE, NOTIFICATION OF DISENCUMBRANCE, NOTIFICATION OF SUSPENSION (as defined below) and NOTIFICATION OF CONTINUATION (as defined below) shall be made in writing to the relevant parties, either (i) if they are related to parties domiciled in Mexico, to the addresses indicated in Clause Fifteenth and in the presence of any Public Notary Public or Public Broker authorized in Mexico or through recognition in writing by the recipient of such notification or (ii) if they are related to parties domiciled outside Mexico, in accordance with the following Clause FIFTEENTH.....................................................

**VERIFIED**

**VERIFIED**

33

DANSKE_0016043

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

34

**VERIFIED**

(f) THE PRIMARY BENEFICIARY shall be entitled to, at any time and by written notice to the TRUSTEE (each of such notifications is called "NOTIFICATION OF SUSPENSION") instruct the TRUSTEE to suspend, in whole or in part and on the date and time that the TRUSTEE receives such NOTIFICATION OF SUSPENSION, the procedure for extrajudicial sale and/or distribution, in all or part of the TRUST PROPERTY Initiated in terms of the respective LIQUIDATION ORDER, in the understanding that such suspension will cease to take effect, in whole or in part, from the date on which the TRUSTEE receives in writing, from the PRIMARY BENEFICIARY, one or more notifications (each of such notifications shall be referred to as "NOTIFICATION OF CONTINUATION") by which the TRUSTEE is instructed to continue, in whole or in part, with the procedure for the out-of-court sale and/or distribution of the TRUST PROPERTY that has been suspended ....................................
Once the TRUSTEE receives the respective NOTIFICATION OF CONTINUATION, the latter shall immediately continue with the out-of-court sale and/or distribution procedure in whole or in part of the TRUST PROPERTY in accordance with this Clause and the NOTIFICATION OF CONTINUATION ............................................................................

(g) In the event that the SECONDARY BENEFICIARY does not correct the non-compliance described in the corresponding SALES NOTIFICATION within the PERIOD OF DISENCUMBRANCE and in the form described in sub-paragraph (d) above, the TRUSTEE shall, as instructed by the PRIMARY BENEFICIARY, proceed immediately with the disposal and/or extrajudicial distribution of all or part of the assets and/or rights that make up the TRUST PROPERTY as specified by the PRIMARY BENEFICIARY in the LIQUIDATION ORDER (hereinafter, any assets and/or rights designated as such shall be referred to as, the "DESIGNATED GOODS"); in accordance with the following:.

1 With respect to the DESIGNATED GOODS, the TRUSTEE shall, if instructed by the PRIMARY BENEFICIARY through the corresponding LIQUIDATION ORDER, and acting on the advice of lawyers appointed by the PRIMARY BENEFICIARY, carry out the following procedure: ............................................................................................

(a) ..The TRUSTEE must obtain, from some authorized and reputable credit institution in Mexico (other than the TRUSTEE or any of its Affiliates), or from a duly authorized public broker in Mexico, which has been indicated in writing by the PRIMARY BENEFICIARY, an appraisal of the DESIGNATED ASSETS, and which will serve as the base price for the sale thereof (the "BASE PRICE"). .......................................................

(b) The PRIMARY BENEFICIARY will give to the TRUSTEE, at its sole discretion, a written notice ("NOTIFICATION OF POSSIBLE ACQUIRERS") containing a [illegible]

**VERIFIED**

CONFIDENTIAL                                                                            DANSKE_0016044

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

35

**LA PAZ. B.C.S.**

with the names, addresses, telephone and fax numbers of the persons identified by the PRIMARY BENEFICIARY, such as POSSIBLE ACQUIRERS of the DESIGNATED ASSETS, which may include any affiliate of the PRIMARY BENEFICIARY (jointly, the "POSSIBLE ACQUIRERS"). Notwithstanding the provisions of this TRUST AGREEMENT, the SECONDARY BENEFICIARY or any of its affiliates shall be allowed to act as POSSIBLE ACQUIRERS. Within 5 (five) business days of receipt by the TRUSTEE of the NOTIFICATION OF POSSIBLE ACQUIRERS, but in any case, at least 15 (fifteen) business days before the date established for the private auction, the TRUSTEE shall privately convene (each, a "CALL") the POSSIBLE PURCHASERS to invite them to the out-of-court sale of the DESIGNATED ASSETS, using the form provided to you by the PRIMARY BENEFICIARY. In the CALL you will be indicated the place and time at which the auction will take place, the BASE PRICE, and you will be indicated that the auction is the result of a procedure for the execution of the TRUST PROPERTY in terms of this TRUST AGREEMENT........................................................
The parties to this act agree that the PRIMARY BENEFICIARY (directly or through the persons designated by the latter) shall, at all times, have a right of preference to acquire the DESIGNATED ASSETS (or any part thereof). Each Call shall disclose the right of preference of the PRIMARY BENEFICIARY in the terms set forth herein, unless the latter expressly and in writing waives it, through written notice to the TRUSTEE. For purposes of this numeral 1 (B), the term "right of preference" means that at any time before, or during the private auction, the PRIMARY BENEFICIARY (directly, or through the person(s) indicated by the latter) shall have the right to acquire from the TRUSTEE the DESIGNATED ASSETS (or part thereof), at a price ("THE APPLICABLE PRICE") that is (i) equivalent to the BASE PRICE (or, in the event that the PRIMARY BENEFICIARY exercises its right of preference to acquire only part of the DESIGNATED ASSETS, a percentage of the BASE PRICE equivalent to the portion of the DESIGNATED ASSETS to be acquired by the PRIMARY BENEFICIARY), in the event that such right is exercised prior to the respective auction; or (ii) at least equivalent to the highest offer, if applicable, made by any person participating in the auction, in the event that such right is exercised during the respective auction, in any case, minus (y) any amount, interest, commissions, considerations, income tax, withholdings, additional fees, taxes on the acquisition of real estate or any other taxes or amounts due or outstanding to the PRIMARY BENEFICIARY in relation to GUARANTEED OBLIGATIONS and CREDIT DOCUMENTS; and (z) all expenses and costs incurred by the PRIMARY BENEFICIARY, and other amounts owed to the latter in connection with this contract and the sale and distribution of the TRUST PROPERTY, in both cases, certified by the PRIMARY BENEFICIARY (said resulting amount, the "PENDING AMOUNT OF PAYMENT"). The right of preference conferred on the PRIMARY BENEFICIARY in terms of this contract may be exercised by the latter

CONFIDENTIAL

DANSKE_0016045

36

(directly or through the person(s) designated by the TRUSTEE) at any time before or during the respective private auction, by written notice to the TRUSTEE ("NOTIFICATION OF EXERCISE") (with a copy to the SECONDARY BENEFICIARY). In the event that the PRIMARY BENEFICIARY (directly, or through the person(s) designated by the latter) exercises its right of preference by providing the NOTIFICATION OF EXERCISE and (i) the PENDING AMOUNT OF PAYMENT is greater than the APPLICABLE PRICE, the corresponding DESIGNATED ASSETS will be transferred to the PRIMARY BENEFICIARY (or to the persons designated by it), without any payment from the latter; where it is understood, however, that in the event that the DESIGNATED ASSETS identified in the SALES NOTIFICATION correspond to the entire TRUST PROPERTY and that the PENDING AMOUNT OF PAYMENT in respect of the entire TRUST PROPERTY is greater than the APPLICABLE PRICE, subject to the TRUSTEE receiving the SRE PERMISSION, as defined below, and at the request of the PRIMARY BENEFICIARY, the TRUSTEE will modify the TRUST AGREEMENT in order to remove the SECONDARY BENEFICIARY as part of the same and to include the provisions provided for in the EIGHTEENTH Clause, in which case, the PRIMARY BENEFICIARY will become the sole trustee of the TRUST and will have the absolute right to instruct the TRUSTEE in terms of the applicable legislation and the SRE PERMISSION obtained, if applicable. Regardless of the foregoing, any existing balance of the PENDING AMOUNT OF PAYMENT will continue to be payable and payable in accordance with numeral 2 below and with the CREDIT DOCUMENTS; and (ii) if the PENDING AMOUNT OF PAYMENT is not higher than the APPLICABLE PRICE, the corresponding DESIGNATED ASSETS shall be transferred to the PRIMARY BENEFICIARY (or to the person or persons designated by the latter) no longer part of the TRUST PROPERTY and, consequently, of this TRUST, in the understanding that said PRIMARY BENEFICIARY hand over to the TRUSTEE the difference between the APPLICABLE PRICE and the PENDING AMOUNT OF PAYMENT, so that the latter applies in terms of the following TWELFTH Clause (e) (2).

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

CONFIDENTIAL

DANSKE_0016046

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ. B.C.S.

37

**VERIFIED**

**VERIFIED**

(c) In addition, the CALL shall provide that any POSSIBLE ACQUIRER shall deposit with the TRUSTEE an amount equivalent to at least 10% (ten per cent) of the BASE PRICE, through certificates of deposit issued by any credit institution authorized to do so, at least 2 (two) business days before the date on which the private auction takes place (the "DEPOSIT"). No offer will be accepted or considered valid unless the Deposit has been made in the terms and within the time limit set out above. The TRUSTEE will make the sale, by alienating the DESIGNATED ASSETS to the POSSIBLE ACQUIRER (who among the other POSSIBLE ACQUIRERS has made the highest offer, which in any case, must be equal to or greater than the BASE PRICE (the "HIGHEST BIDDER"), as certified by the PRIMARY BENEFICIARY, subject to the right of preference of the PRIMARY BENEFICIARY. ...................................................................................

(d) The HIGHEST BIDDER must immediately pay by electronic transfer of funds which will be immediately credited to the account indicated to him by the PRIMARY BENEFICIARY, the price of his bid. In the event that the disposal of the DESIGNATED ASSETS is not carried out for reasons attributable to the HIGHEST BIDDER, the latter will lose, for the benefit of the TRUST, the Deposit given to the TRUSTEE. This sub-paragraph (D) shall be transcribed in the CALL. .............................................................

(e) In the event that the TRUSTEE is not able to sell the DESIGNATED ASSETS at the first auction, it shall publish a second CALL in order to hold a second auction in which the minimum acceptable bid shall be the BASE PRICE minus 10% (ten per cent). In the event that the sale of the TRUSTEE does not carry out the sale during the second auction, the BASE PRICE shall be reduced, at each subsequent auction, by 10% (ten per cent) compared to the immediately previous BASE PRICE until the DESIGNATED ASSETS have been sold; as long as that price is never less than 50% (fifty percent) of the original BASE PRICE. The second or subsequent CALLS with respect to the DESIGNATED ASSETS shall be subject to the provisions of sub-paragraphs (B), (C), (D) and (E) of this numeral 1 .............................................................................................

2..........In any case, the parties to this contract expressly agree that the proceeds from the sale of the DESIGNATED ASSETS will be applied in the following order, in accordance with the written instructions given by the PRIMARY BENEFICIARY, without the need for any additional injunction, court ruling or instruction of any kind: ...................

(a) First, to the payment of any taxes, obligations, charges, levies or withholdings generated or imposed in connection with this TRUST AGREEMENT or with the procedure for the execution of the TRUST PROPERTY, except as regards the tax on

37

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**
**LA PAZ. B.C.S.**

38

**VERIFIED**

the acquisition of property, if any, that any buyer (other than the PRIMARY BENEFICIARY or any person designated by the latter for such purposes) must pay in terms of applicable law, with respect to trust rights or the rights of the DESIGNATED ASSETS, which shall be paid by such purchaser in accordance with applicable law; ......

((b) Second, the balance, if any, shall apply to the payment of the costs and expenses incurred, as well as the considerations and expenses for the services provided by the TRUSTEE and the amounts owed to the TRUSTEE in connection with this TRUST AGREEMENT, or to those costs or expenses covered by the TRUSTEE; .......................

((c) Third, the balance, if any, shall apply to the payment of the costs and expenses incurred (including, without limitation, fees and commissions, but without duplicating the costs and expenses indicated in sub-paragraph (ii) above) in connection with the sale or transfer of other types of TRUST PROPERTY; ...............................................

(d) Fourth, the balance, if any, shall be delivered to the PRIMARY BENEFICIARY FOR payment (in Dollars) of costs and expenses (including, without limitation, fees, legal fees, commissions to investment bankers and other commissions) incurred by the PRIMARY BENEFICIARY and to the payment of default interest, ordinary interest, principal debt, Additional Fees and any other amounts (in that order) that are owed to the PRIMARY BENEFICIARY in terms of GUARANTEED OBLIGATIONS or any other amounts that are enforceable in terms of CREDIT DOCUMENTS that have been certified by the PRIMARY BENEFICIARY; and .............................................................

((e) Lastly, the balance, if any, will be given to the SECONDARY BENEFICIARY ...........

3. The SECONDARY BENEFICIARY in this act agrees to cooperate fully with the TRUSTEE and the PRIMARY BENEFICIARY to carry out extrajudicial execution and sale of the TRUST PROPERTY (or part thereof) in accordance with the procedure set out in this document. The SECONDARY BENEFICIARY additionally agrees to carry out or ensure that all necessary or appropriate actions are carried out in order to expedite such sale or sales of all or part of the TRUST PROPERTY, as set forth herein, and to conclude and deliver the relevant documents, as well as to take those other actions that the TRUSTEE (in terms of the written instructions made to it by the PRIMARY BENEFICIARY) and/or the PRIMARY BENEFICIARY consider necessary or advisable in order for such sale to be carried out in accordance with applicable law .........................

4. Because part of the GUARANTEED OBLIGATIONS consist of monetary obligations in Dollars, in order to pay such GUARANTEED OBLIGATIONS, (i) the profits of the out-of-court sale of the TRUST PROPERTY, or part thereof, received in Pesos, and/or (ii)

**VERIFIED**

CONFIDENTIAL

DANSKE_0016048

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR          39
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

VERIFIED

all amounts in Pesos deposited in the TRUST, will be (and) exchanged to Dollars by the TRUSTEE using the exchange rate offered by the TRUSTEE to the public, and such amounts converted to Dollars will be applied by the TRUSTEE up to the amount in Dollars that such conversion has yielded, to the payment of the GUARANTEED OBLIGATIONS and other obligations in Dollars, if any, in the order set forth in numeral 2 above. .........................................................................................................................

5 Any and all costs and expenses (including, without limitation, any fees and commissions) that the TRUSTEE requires incurring in connection with the out-of-court sale and distribution of TRUST PROPERTY, as set out in this TWELFTH Clause, shall be paid in advance by the SECONDARY BENEFICIARY to the TRUSTEE or, in the event the SECONDARY BENEFICIARY does not make such payment, it may be paid in advance by the PRIMARY BENEFICIARY or the latter may make arrangements that are satisfactory to the TRUSTEE for the payment of such costs and expenses; in the understanding that any amounts that the PRIMARY BENEFICIARY pays in advance to the TRUSTEE in relation to this numeral must, in the same way, be guaranteed with the TRUST PROPERTY in accordance with this AGREEMENT and, therefore, will form part of the GUARANTEED OBLIGATIONS, for all legal purposes which may be admissible. .

Pursuant to article 403 of the General Act on Securities and Credit Transactions, the parties to this TRUST, including the TRUSTEE, DIAMANTE CABO, in its capacity as TRUSTOR and SECONDARY BENEFICIARY, and the PRIMARY BENEFICIARY in this act recognize and sign in accordance the text contained in this Twelfth Clause (Special Clause) in addition to its signing at the end of this TRUST AGREEMENT, and they confirm in this act their express consent and irrevocable instruction to the TRUSTEE to carry out the procedure for the out-of-court sale and distribution of TRUST PROPERTY in the manner established in this Twelfth Clause ...........................................................

DIAMOND CABO SAN LUCAS, S. DE R.L. DE C.V., in its capacity as Trustor. ..............

DIAMANTE CABO SAN LUCAS, S. DE R.L DE C.V., in its capacity as SECONDARY BENEFICIARY .......................................................................................................................

LEHMAN BROTHERS HOLDINGS INC., in its capacity as PRIMARY BENEFICIARY ....

BANCO J.P. MORGAN, S.A., INSTITUCIÓN DE BANCA MULTIPLE, J.P. MORGAN GRUPO FINANCIERO, in its capacity as TRUSTEE ......................................................

THIRTEENTH.- ASSIGNMENTS..................................................................................

VERIFIED

CONFIDENTIAL                                                    DANSKE_0016050

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

40

VERIFIED

VERIFIED

(a) The PRIMARY BENEFICIARY may assign or transfer, in whole or in part, its rights under this contract to any third party, whether natural person or company, without requiring the prior consent of the TRUSTEE or of the SECONDARY BENEFICIARY to do so. The PRIMARY BENEFICIARY AGREES to notify the TRUSTEE and the SECONDARY BENEFICIARY in writing as soon as possible with respect to any assignment or transfer, as well as to provide them with the full name and other data of such assignee .................................................................................................

(b) The rights and obligations of the SECONDARY BENEFICIARY .................................

(c) either as TRUSTOR or as SECONDARY BENEFICIARY) and the TRUSTEE arising from this AGREEMENT may not be assigned or transferred without the prior written consent of the PRIMARY BENEFICIARY ........................................................................

**FOURTEENTH.- AMENDMENTS** ...................................................................................

Except as expressly provided in this TRUST, this TRUST AGREEMENT may not be amended, reformed or changed, except in writing duly signed by the parties expressing such purpose and entered into by the SECONDARY BENEFICIARY, the TRUSTEE and the PRIMARY BENEFICIARY ........................................................................................

**FIFTEENTH.- NOTIFICATIONS AND NOTICES** ...........................................................

Except for those notifications or notices that require execution before a Notary Public or Authorized Notary in Mexico, in the terms of the TWELFTH clause, all other notifications, notices, demands and requests made or required to be made, in connection with or in terms of this TRUST AGREEMENT shall be made in writing. Notices shall be deemed to have been duly made if they are delivered: (a) personally with acknowledgment of receipt; (b) through courier service with acknowledgment of receipt; (c) through facsimile followed by personal delivery or via courier with acknowledgment of receipt. All notices shall be delivered to the following facsimile addresses and numbers and shall take effect once they have been received or once their receipt has been denied, as set out in the acknowledgment or receipt of said courier:..........................................................................................................................

**To the TRUSTOR AND SECONDARY BENEFICIARY:** ...............................................

Kenneth Jowdy .............................................................................................................

Camina del Mar 323 ......................................................................................................

Col. El Pedregal C.P. 23450 .........................................................................................

Cabo San Lucas, Los Cabos, BCS..................................................................................

With copy by fax to:........................................................................................................

Bill Najam,.....................................................................................................................

2 Dogwood Drive, .........................................................................................................

CONFIDENTIAL

DANSKE_0016050

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

41

Danduby CT 06811 ......................................................................

Fax: 203-205-0016. ..................................................................

With copy by fax to: .................................................................

[redacted]..............................................................................

Baker & Hostetler, Esq. ............................................................

666 Fifth Avenue .....................................................................

New York, New York 10103.......................................................

TO THE TRUSTEE: ....................................................................

Hector Loyo and/or Samantha Barquera .....................................

Paseo de las Palmas No 405 piso 14 .........................................

Lomas de Chapultepec..............................................................

C.P. 11000, Mexico City, D.F. ...................................................

Phone 55409330 .....................................................................

Fax: 52831620 ........................................................................

TO THE PRIMARY BENEFICIARY: ...............................................

LEHMAN BROTHERS HOLDINGS INC ..........................................

Address:..................................................................................

399 Park Avenue......................................................................

New York, NY 10022.................................................................

Attn.: Massod Bhatti ...............................................................

Telephone: 212-526-6220 .........................................................

Fax: 212-520-0130 ..................................................................

HERRICK, FRINSTEIN LLP ........................................................

2 Park Avenue..........................................................................

New York, NY 10016.................................................................

Attn.: Paul Shapses, Esq...........................................................

Fax 212-545-3443 ...................................................................

The SECONDARY BENEFICIARY and the PRIMARY BENEFICIARY (i) in this act designate the persons whose names and signatures appear in the document attached herein as Annex "B" and Annex "C", respectively, as persons authorized to issue instructions to the TRUSTEE for everything related to, and in accordance with the terms set out in this AGREEMENT , and the TRUSTEE is authorized through this instrument to act in accordance with any instructions it receives from any such persons in accordance with the terms expressly set forth in this TRUST AGREEMENT, and (ii) in this instrument to release the TRUSTEE from any liability that may result in the transmission of such instructions. The foregoing, in the understanding that the TRUSTEE shall not be obliged to verify the authenticity of such instructions or communications, or to verify the identity of the issuer or the party confirming, therefore, the parties expressly agree in this instrument, to be bound by the terms of such

**VERIFIED**

41

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC No. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC No. 7**

**LA PAZ. B.C.S.**

42

**VERIFIED**

**VERIFIED**

instructions or communications that may be sent on their behalf and that have been accepted by the TRUSTEE , as set forth herein; considering, however, that the TRUSTEE must first submit to the PRIMARY BENEFICIARY, before taking any action under this Trust Agreement, all notifications received from the SECONDARY BENEFICIARY ...................................................................................................................

Regardless of the foregoing, the TRUSTEE shall have discretionary power, in the event of suspicion or reasonable cause, to act or stop acting and/or to seek confirmation of any instruction it receives from the parties, in accordance with this AGREEMENT, in the understanding that the TRUSTEE shall notify in writing such circumstance to the party which has sent such instruction and to request confirmation thereof ...............................

In the event that any instruction is not signed and/or cannot be confirmed by the TRUSTEE, as contemplated above, the parties to this instrument expressly instruct the latter not to act in connection with such instructions. ........................................................

**- - - SIXTEENTH.- ANNEXES AND HEADINGS.** All documents attached to or referenced in this agreement are incorporated into this agreement and shall be deemed to be part of this TRUST AGREEMENT. The headings of this TRUST AGREEMENT exist solely for convenience purposes and shall in no way define, limit or describe the scope or intent (or otherwise affect the Interpretation) of any provision of this AGREEMENT .................................................................................................................

**- - - SEVENTEENTH.- DISENCUMBRANCE IN CASE OF EVICTION...........................**

(a) The TRUSTOR shall be and shall remain, without limitation, solely responsible before the TRUSTEE, the PRIMARY BENEFICIARY and any third party acquiring any stake in the TRUST PROPERTY (or part thereof) in terms of the out-of-court sale and distribution procedure of the TRUST PROPERTY established in Clause Twelfth, of the disencumbrance in the event of eviction with respect to the TRUST PROPERTY or any part thereof, as per the terms of Mexican law .................................................................

(b) The TRUSTOR in this instrument authorizes the TRUSTEE and the PRIMARY BENEFICIARY to assign or otherwise transfer the rights derived from this SEVENTEENTH Clause to any third party which acquires any participation in the TRUST PROPERTY or any part thereof as per the terms of the procedure for the extrajudicial sale and distribution of the TRUST PROPERTY as established in the Twelfth Clause or elsewhere...

**- - - EIGHTEENTH.- PERMISSION to be........................................................................**

In accordance with the instructions it receives from the PRIMARY BENEFICIARY, without obtaining the consent of the SECONDARY BENEFICIARY, and regardless of whether any non-compliance has been filed in terms of the CREDIT DOCUMENTS, the TRUSTEE shall submit to the SRE, on behalf of the TRUST, an application in terms of Articles 11 and 12 of the LIE to authorize the PRIMARY BENEFICIARY to utilize and to make good use of the PROPERTY (the "SRE PERMISSION"). The SECONDARY

CONFIDENTIAL

DANSKE_0016052

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

43

**VERIFIED**

BENEFICIARY shall sign all documents requested by the TRUSTEE for the purposes of the SRE PERMISSION and shall immediately provide all the information that the latter requires to submit such application. The SECONDARY BENEFICIARY will cover all costs related to the SRE PERMISSION, including legal fees for both the TRUSTEE and the SECONDARY BENEFICIARY. In this instrument, the parties agree that, immediately after the TRUSTEE has obtained the SRE PERMISSION, this TRUST AGREEMENT shall be amended as follows: ..............................................................

a) The purpose of the TRUST shall include the right of the PRIMARY BENEFICIARY to use and develop the PROPERTY after any NOTIFICATION OF NON-COMPLIANCE has been sent in the terms set out in this instrument, or to be the sole trustee of the TRUST as set out in the TWELFTH Clause above. ......................................................

b) The duly amended Trust shall include the provisions under the law applicable with respect to the SRE PERMISSION ....................................................................................

c) All other provisions that the PRIMARY BENEFICIARY deems necessary in order to effectively reflect its ability to use and develop the PROPERTY after any NOTIFICATION OF NON-COMPLIANCE has been delivered, in terms of this document, or to be the sole beneficiary of this TRUST, in terms of the TWELFTH Clause above; and any of the conditions set forth by the SRE ...............................................................

The following cases shall also be considered as a breach of the GUARANTEED OBLIGATIONS and of the CREDIT DOCUMENTS, unless the PRIMARY BENEFICIARY expressly waives, in writing, to consider them as events of non-compliance (the latter, in the case of sub-paragraphs (b) and (c) below): ........................

Non-compliance by SECONDARY BENEFICIARY, with respect to its obligations under this Clause; ..................................................................................................................

Failure to grant SRE PERMISSION if required under the LIE; and .................................

Non-compliance with obtaining the SRE PERMISSION within 60 days from the date on which the PRIMARY BENEFICIARY instructed the TRUSTEE regarding the submission of the corresponding SRE PERMISSION application on behalf of the TRUST.................

**- - - NINETEENTH.- TRUST REGISTRATION .................................................................**

**VERIFIED**

43

CONFIDENTIAL

DANSKE_0016053

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

44

VERIFIED

VERIFIED

The SECONDARY BENEFICIARY, through a Notary Public, or through any person empowered to do so, will be entrusted with the submission of this TRUST AGREEMENT for registration with the Public Registry of Property and Commerce, of the municipality of [San José del Cabo, Baja California Sur, within 3 (after) working days from the date of its signature, upon payment of the corresponding duties ......................

**- - TWENTIETH.- INDEPENDENCE OF THE CLAUSES .................................................**
This AGREEMENT may be entered into at several levels and shall be considered as the original, in the understanding that all of them shall constitute a single document. In the event that any provision of this TRUST AGREEMENT is deemed in certain circumstances to be illegal or partially inapplicable, such provision shall be amended only if necessary in order for it to become valid or applicable under the circumstances, or it will be removed from this TRUST AGREEMENT, as required by the circumstances, and it shall be construed and concluded as if such provisions had been included herein with the scope and application of the amendment or as if it had never been included, as the case may be..................................................................................................................

**- - - TWENTY-FIRST. ADDITIONAL CONTRIBUTIONS. .................................................**
In accordance with the provisions of article 401 of the Securities and Credit Transactions Act, the amount of the loss, damage or risks with respect to the TRUST PROPERTY shall be borne by the SECONDARY BENEFICIARY, which shall allow the other parties to review it in order to confirm its general state of conservation. .................

**- - - TWENTY-SECOND.- APPLICABLE LEGISLATION. .................................................**
For anything related to the interpretation and enforcement of this TRUST AGREEMENT, the parties expressly submit to the Laws and Courts of the Federal District or of the State of Baja California Sur in Mexico, as per the choice of the party which initiates the proceedings, and expressly waive any other jurisdiction that may correspond to them, due to their present or future domiciles, or for any other reason......

**---TWENTY-THIRD. LABOR AFFAIRS.................................................................**
Neither the TRUSTEE nor the PRIMARY BENEFICIARY or their representatives, trust officers, employees, proxies and other personnel, shall, under any circumstances, have any employment relationship or liability with those persons or entities contracted by the SECONDARY BENEFICIARY. The SECONDARY BENEFICIARY agrees, without limitation, to indemnify and to hold the TRUSTEE and the PRIMARY BENEFICIARY harmless, as it does their respective subsidiaries, affiliates and related parties, as well as their respective officers, directors, employees, agents or advisers, from any claims, demands, penalties, procedures, fines, liabilities, agreements, damages, costs or expenses of any kind, whether or not they are known to them, are contingent or otherwise (including, without limitation, reasonable legal costs and expenses) arising out of or incurred in connection with this Clause...............................................................

CONFIDENTIAL

DANSKE_0016055

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**
LA PAZ. B.C.S.

45

**VERIFIED**

**VERIFIED**

------------------------------------------- **LEGAL STATUSES** -------------------------------------------

- - -1.- **DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V** .........................................

- - - Mr. **KENNETH ABOUD JOWDY** confirms his legal status and the legal existence of his represented party, which states that it has not been revoked, or modified, with public deed 64,865 sixty-four thousand eight hundred and sixty-five, of volume 1,025 one thousand twenty-five, dated the twenty-third of February of the year two thousand six, and registered in the Public Registry of Property and Commerce of San José del Cabo, under Electronic Commercial Folio: 9065 4 nine zero six five four, RFC/No. **DCS060223- D40,** First Registration, Payment Slip No.: 275471 two seven five four seven seven seven one, dated the twenty-seventh of February of the year two thousand six, executed before the Undersigned Notary Assigned to Notary Public Office Number Seven, of the State, which states that the CONSTITUTION of the Mercantile Company called "DIAMANTE CABO SAN LUCAS", S. DE R.L. DE C.V., from which I copy the following: "... FIRST.- The company will be called "DIAMANTE CABO SAN LUCAS"; this denomination will be followed by the words SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE [Limited Liability Company with Variable Capital].- SECOND.- The company will have as its object the realization of all kinds of activities related to real estate development within the limits allowed by the Foreign Investment Act, so in addition to the activities mentioned in this article, the company will develop private golf courses of eighteen holes, housing units, cottages and other related infrastructure. In general, the company may carry out all kinds of activities related to the above, such as, but not limited to the following.- A).- Within the limits allowed by the Foreign Investment Act, carry out all kinds of activities related to real estate development for tourist purposes. B).- Within the limits permitted by the Foreign Investment Act, establish, acquire, build, lease, operate and possess in any way permitted by the Law shops, warehouses, offices, establishments, deposits and other establishments necessary or convenient for the objects of the company.- C).- Acquire or own for any title, use or lease, administer, sell or dispose in any way, of all movable or immovable property that are necessary or convenient to carry out the objects of the company.- D).- Supervise, plan or contract, directly or through third parties, all kinds of constructions, buildings and urbanizations, as well as acquire and alienate for any title construction materials.- E).- Provide and receive all kinds of technical, administrative and urban services, as well as acquire and alienate for any title construction materials; promotion and in general any kind of services required by trade or industrial negotiations, in Mexico or abroad; F).- Promote, organize, manage and supervise all kinds of commercial or civil companies. G).- Acquire shares, participations, equity interests or securities and obligations of all kinds of companies or corporations and be part of them.- H).- Register, obtain, acquire, use or dispose of all kinds of trademarks

45

DANSKE_0016055

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

**MR. HECTOR CASTRO CASTRO**
HOLDER
**MR. JOSE ALBERTO CASTRO SALAZAR**
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

46

**VERIFIED**

, trade names, investment certificates, patents, copyrights, options and preferences, processes and concessions or licenses, whether in Mexico or abroad.- I).- Obtain and grant with or without guarantee, issue, accept, appraise, endorse, and in general subscribe to any credit instruments, as well as guarantee in any way the obligations of third parties.- J).- In general the conclusion of all kinds of acts and contracts that relate directly or indirectly to the company or more purposes among which are the acquisition by any form of its own movable property or real estate for the development of its business purpose. The company may only carry out activities specific to its object, without in any way being able to carry out activities reserved exclusively for the Mexican State. THIRD.- The company's domicile shall be: The City of Cabo San Lucas, Baja California Sur, without prejudice to setting up offices or branches in other parts of the State of the Republic or Abroad and to indicate conventional domiciles in the contracts into which it enters. FOURTH- The duration of the company shall be NINETY-NINE YEARS, which shall be counted from the date of signature of this deed.  FIFTH- IMMIGRATION CLAUSE:- The Company will be of Mexican Nationality, with the ADMISSION OF FOREIGNERS clause. Foreign Investors or Companies without the Alien Exclusion Clause may participate in its Share Capital; Capital participation that will be admitted in any proportion.- "Any foreigner who, in the act of the constitution or in any subsequent time, acquires an interest or equity interest in the company, shall be regarded by that simple fact as Mexican, in respect of one and the other, and shall be deemed to be appropriate not to invoke the protection of its Government, under penalty in the event of a lack of its agreement, of losing such interest or stake for the benefit of the Mexican Nation." SIXTH- The capital of the company shall be variable, starting with a minimum without right to withdrawal, of: $ 10,000.00 (TEN THOUSAND PESOS, 00/100 NATIONAL CURRENCY) with the maximum being unlimited. SEVENTH.- The share capital will be fully subscribed and paid, and is represented in equity interest portions of $500.00 (five hundred pesos, 00/100 national currency) each of which will always be of that amount or a multiple thereof. EIGHTH.- The founding partners contribute to the company the amount of $500.00 (five hundred pesos, 00/100 national currency), as follows: ......................................................................................................
The CEO of the Company expresses under oath that the amount of the share value is deposited in full in the Safe.- NINTH.- The company will be administered by an ADMINISTRATOR MANAGER or a CEO, who will have the broadest powers of a GENERAL POWER OF ATTORNEY FOR SUITS AND COLLECTIONS, ACTS OF MANAGEMENT AND OWNERSHIP, with all general and special powers requiring a special clause under the Law, in the terms of the first THREE paragraphs of article (2,554) two thousand five hundred and fifty-four and the specials of (2,587) two thousand five hundred and eighty-seven, both of the Civil Code for the Federal District and their correlative Articles (2468) two thousand four hundred and sixty-eight of the

**VERIFIED**

46

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

47

Civil Code for the State of Baja California Sur, and its correlatives; in the other Federal Entities.- The proxy may participate in all kinds of Authorities whether of the Federation, States, Municipalities, Delegations and whether these Legislative, Executive, Judicial, Labor, Prosecutors or otherwise. Making all kinds of arrangements and requests whatever they are; to file denunciations, complaints and accusations to help with the Agent of the Public Prosecutor's Office and to become a civil party, to desist from all kinds of actions, procedures, incidents, remedies, denunciations, complaints and accusations and even the amparo trial, to compromise and engage in arbitrators and arbiters; to absolve and articulate positions, to challenge with or without cause to receive payments and for any others without reservation or limitation, being able to participate in all kinds of natural or legal entities, private or official, making all kinds of arrangements and requests. In addition to the general power for lawsuits and collections granted, in accordance with Articles 689, 690, 692 and 695 of the Federal Labor Act, the representative is appointed as the legal representative of the company, with the power to participate on behalf of the company, in the Conciliation Hearings held before the Local Conciliation Board, before the Federal Conciliation Board, before the relevant Special Meeting, either from the Federal or the Local Conciliation and Arbitration Premises or before any labor authority, with powers for acts of administration in the Labor area and to enter into any agreements that may arise from it. POWER FOR ACTS OF ADMINISTRATION, so that the proxy can enter into or have enter into, execute or have execute all kinds of facts, acts, convents and contracts regardless of their nature, granting all kinds of private documents and public instruments with administrative powers. POWER TO SUBSCRIBE CREDIT INSTRUMENTS, so that the proxy can issue, draw up, subscribe, endorse, approve or otherwise put into circulation of all kinds of credits, under the terms of Article 9th Ninth of the General Act on Securities and Credit Transactions.- POWER TO EXERCISE ACTS OF OWNERSHIP, so that the proxy can alienate, tax, mortgage or otherwise dispose of the possession and ownership of the client's assets regardless of their nature, being able to sign any private documents or public deeds in the terms, prices and other conditions that it deems relevant to the proxy and, where appropriate, negotiate the certificates, receive their amount and make effective the checks that are representative of the payment.- POWERS TO REPLACE THE PRESENT MANDATE IN ITS ENTIRETY OR IN PART, with the proxy reserving the exercise of the same and being able to appoint representatives, factors and employees, giving them their powers, obligations, remuneration and revoking the substitutions that it makes. TRANSITIONAL: FIRST.- Meeting at the first General Meeting of Shareholders, the partners, reach the following agreements: 1st.- The company will be administered by a CHIEF EXECUTIVE OFFICER.- 2nd.- Mr. KENNETH ABOUD JOWDY is appointed as CEO who, in the exercising of his duties, shall have the powers set out in Clause NINTH of these Articles

47

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

**MR. HECTOR CASTRO CASTRO**
HOLDER
**MR. JOSE ALBERTO CASTRO SALAZAR**    48
ASSIGNED
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

**VERIFIED**

of Incorporation, except that for the fact that for him to execute his activities, he must obtain the corresponding permission that the Secretary of the Government gives and that in case of violation of the General Regulations of the Population will become a creditor to the corresponding sanctions.- 3rd.- Mr. FERNANDO MANUEL GARCIA CAMPUZANO is granted a GENERAL POWER OF ATTORNEY FOR SUITS AND COLLECTIONS, ACTS OF MANAGEMENT AND OWNERSHIP..." ................................

- - -2.- **LEHMAN BROTHERS HOLDINGS INC.,** REPRESENTED IN THIS ACT BY MR. [redacted] **confirms his legal status** with which he appears in this act and which he states has not been revoked or modified in any way with the first official transcript of the public deed five thousand eight hundred and eleven, of book ninety-four, dated the first of March of the year two thousand six, witnessed by Mr. Agustín Wallace Hampton Gutierrez Katze, Notary Public number two hundred and eight of the Federal District, which includes the PROTOCOLIZATION OF POWER GRANTED ABROAD, by Mr. Masood Bhatti, in his capacity as proxy for the company LEHMAN BROTHERS HOLDINGS, INC., on behalf of Mr. Roberto Arena Reyes Retana, Alejandro Ortiz Prieto, [redacted] and/or Marco Antonio Najera Martínez, granted before Maribel Ruiz Notary Public of the State of New York, United States of America, on the twenty-second of February of the year two thousand six, which together with its translation into Spanish and the apostille referred to in the Hague convention of the fifth of October of one thousand nine hundred and sixty-one.................................................................

- -3.-**BANCO J.P. MORGAN, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA,** IN ITS CAPACITY AS A TRUSTEE, REPRESENTED IN THIS ACT BY MR. **HECTOR LOYO URRETA..............**

- - - Mr. **HECTOR LOYO URRETA,** confirms his legal status with public Deed number (50,242) fifty-two thousand two hundred and forty-two, volume (1,210) one thousand two hundred and ten, dated the eighteenth of August of two thousand three, executed before Mr. ROBERTO NUEZ Y BANDERA, Notary Public Number One of the Federal District in which the Appointment of Trust Officers and Granting of Powers made by BANCO J.P. MORGAN, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, is recorded in favor of Mr. HECTOR LOYO URRETA and GERMAN BRITO ALONSO, a document from which I copy the following: CLAUSES.- **FIRST.-** *Mr. HECTOR LOYO URRETA and Mr. GERMAN BRITO ALONSO are hereby appointed as Trust Officers of BANCO J.P. MORGAN, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, J.P. MORGAN GRUPO FINANCIERO.* **SECOND.-** *Through this instrument BANCO J.P. MORGAN, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, represented by the Secretary of the Board of Directors, Ms. Carolina Machado Dufau, grants a general power of attorney with those powers referred in the Second Resolution of the Resolutions of the Directors, in favor of Mr. Héctor Loyo*

**VERIFIED**

48

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

LA PAZ. B.C.S.

49

**VERIFIED**

*Urreta and Germán Brito Alonso, to exercise it jointly or separately as trust officers, and which has been filed, the minutes of which have been transcribed in the eleventh sub-paragraph of the recitals to this instrument and which I know have been inserted verbatim hereunder.* Document that is registered in the Public Registry of Commerce of Mexico, Federal District, in commercial folio number 195238, dated August twenty-eight of two thousand three. With Mr. HECTOR LOYO URRETA stating that the legal status with which he appears has not been revoked or modified in any way. .............................

**- - - I, THE NOTARY, CERTIFY: ....................................................................................**

**- - - FIRST. -** That I know the people who appear and I deem them to be with legal capacity.................................................................................................................................

**- - - SECOND.-** That as per their personal information, they manifested themselves to be Mexican by birth: Mr. **KENNETH ABOUD JOWDY,** 41 forty-one years old, a U.S. national, originally from Connecticut, U.S.A., where he was born on July sixteen, one thousand nine hundred and sixty-four, merchant, single, domiciled in the United States of America, passing through this city and confirming his legal stay in the country with the immigration document that is added separately to this document: Mr. [redacted], 32 thirty-two years old, of Mexican nationality, originally from Mexico, Federal District, where he was born on December six of one thousand nine hundred and seventy-three, graduated in law, single, with address at Homero number 1554-1001 one thousand five hundred fifty-four hyphen one thousand one, Colonia Roma de Mexico, Federal District and passing through this city: Mr. **HECTOR LOYO URRETA,** 32 thirty-two years old, a Mexican national, born in Jalapa, Veracruz on November 2, one thousand nine hundred and seventy-three, married, bank official, domiciled in Palmas number 405 four hundred and five, floor 14 fourteen, *Colonia de Lomas Chapultepec, Mexico,* Federal District, and passing through this city: Mr. **FERNANDO MANUEL GARCIA CAMPUZANO,** Mexican national, married, lawyer, originally from Ensenada, Baja California Sur, where he was born on July twelve of one thousand nine hundred and sixty-seven, domiciled in Obregón at thousand two hundred and eighty-nine, downtown area, Ensenada, Baja California, all passing through this city............................................................................

**VERIFIED**

CONFIDENTIAL

DANSKE_0016059

50

**- - THIRD.-** That with regard to the payment of Income Tax and after having made the warnings under the Law, they stated that they are up to date, without confirming this to me ...................................................................................................................................

**- - - FOURTH.-** That that which is listed and inserted is faithfully consistent with their originals which I have had in sight before me and which I have returned to the interested parties ...........................................................................................................................

**- - - FIFTH.-** With the appearing parties informed of their right to read or for me, the Notary, to read this instrument to them, they opted for the former and did so, expressed their agreement, and after explaining the legal value and force, they ratified it and signed it on the date below. I ATTEST ...........................................................................

**KENNETH ABOUD JOWDY.-SIGNED.-** [redacted] **SIGNED.- HECTOR LOYO URRETA.-** SIGNED.-**FERNANDO MANUEL GARCIA CAMPUZANO.- SIGNED**...........

ON MARCH TEN OF THE YEAR TWO THOUSAND SIX, WHEN THIS INSTRUMENT WAS SIGNED, I DEFINITIVELY AUTHORIZE IT. I ATTEST...........................................

MR. JOSE ALBERTO CASTRO SALAZAR. SIGNED. THE NOTARY'S AUTHORIZING SEAL ..................................................................................................................................

-------------------------- ANNEX "A" IS ADDED TO THE TRANSCRIPT --------------------------

-------------------------------------------------- annex "B" --------------------------------------------------

March 10, 2006..................................................................................................................

Banco J.P. Morgan, S.A., I.B.M...........................................................................................

J.P. Morgan Grupo Financiero, ..........................................................................................

Paseo da las Palmas No. 405 ...........................................................................................

Piso 14, Torre Óptima I.......................................................................................................

Colonia Lomas de Chapultepec .........................................................................................

C.P. 11500, Mexico City, D.F. ............................................................................................

Attention: Trustee Division .................................................................................................

Re: Trust No. F/000321.......................................................................................................

.. That which Kenneth A. Jowdy, CEO of Diamante Cabo San Lucas, S. de R.L. de C.V. (the "Secondary Beneficiary") signs, in connection with Trust No. F/000321, through which Banco J.P. Morgan, S.A. Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, Division Fiduciaria, serves as Trustee (the "Trustee"), certifies that: (i) the persons whose names are listed below (the Authorized Persons) are duly entitled to indistinctly issue instructions on behalf of and order of the Secondary Beneficiary in accordance with the terms and conditions of the Trust Agreement in reference (i) via Telefax/Facsimile; and/or (ii) by mail, courier or parcel on original letter on letterhead; (ii) the handwritten signature that appears in this certification next to the Authorized Persons is the signature with which they exercise such; (iii) that the Authorized Persons are authorized to receive confirmation phone calls from the Trustee to confirm instructions, (iv) that the Trustee shall only recognize as valid the instructions given by the Authorized Persons; and (v) that the Trustee shall be free from any liability provided that it follows, in accordance with the Trust Agreement, any instruction issued by the

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

CONFIDENTIAL                                                                                    DANSKE_0016060

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

51

**VERIFIED**

Authorized Persons. Name Signature Phone.......................................................................

Kenneth A. Jowdy ...........................................................................................................

That being all for the moment, we remain all at your disposal. ...............................................

Sincerely, By: Kenneth A. Jowdy ........................................................................................

Position: Chief Executive Officer.........................................................................................

-------------------------------------------------- Annex "C" --------------------------------------------------

March 10, 2006 ...............................................................................................................

Banco J.P. Morgan, S.A., I.B.M. .........................................................................................

J.P. Morgan Grupo Financiero,............................................................................................

Paseo de las Palmas No. 405 .............................................................................................

Piso 14, Torre Óptima I .....................................................................................................

Colonia Lomas de Chapultepec............................................................................................

C.P. 11500, Mexico City, D.F. ............................................................................................

Attention: Trustee Division..................................................................................................

Re: ....................................................................................Trust No. F/000321 Who subscribes [redacted] representative of Lehman Brothers Holdings Inc. (the "Primary Beneficiary"), in connection with Trust No. F/000321, through which Banco J.P. Morgan, S.A. Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, Division Fiduciaria, serves as Trustee (the "Trustee"), certifies that: (i) the persons whose names are listed below (Authorized Persons) are duly entitled to indistinctly issue instructions on behalf of and order of the Primary Beneficiary in accordance with the terms and conditions of the Trust Agreement in reference (i) via Telefax/Facsimile; and/or (ii) by mail, courier or sent as an original letter on letterhead; (ii) the handwritten signature that appears in this certification next to the Authorized Persons, is the signature with which they execute such; (iii) that the Authorized Persons are authorized to receive confirmation phone calls from the Trustee to confirm instructions, (iv) that the Trustee shall only recognize as valid the instructions given by the Authorized Persons; and (v) that the Trustee shall be free from any liability provided that any instruction issued by the Authorized Persons is followed as per the Trust Agreement................................

Name Signature Phone ......................................................................................................

Masood Bhatti ................................................................................................................

That being all for the moment, we remain at your disposal. .................................................

Respectfully,...................................................................................................................

By Eduardo Pizarra Suárez Villalobos ..................................................................................

Position; Legal Representative. ...........................................................................................

THIS IS THE FIRST OFFICIAL TRANSCRIPT IN ITS ORDER AND THE FIRST THAT IS ISSUED FOR USE BY **BANCO J.P. MORGAN, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, J.P. MORGAN GRUPO FINANCIERO, DIVISIÓN FIDUCIARIA,** AS THE

**VERIFIED**

CONFIDENTIAL                                                    DANSKE_0016061

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-40
**FAX 1252588**
[seal:] MR. HECTOR CASTRO CASTRO
NOTARY PUBLIC NO. 7 LA PAZ. B.C.S.
UNITED MEXICAN STATES

MR. HECTOR CASTRO CASTRO
**HOLDER**
MR. JOSE ALBERTO CASTRO SALAZAR
**ASSIGNED**
**NOTARY PUBLIC NO. 7**

**LA PAZ. B.C.S.**

52

TRUSTEE. THERE ARE TWENTY-SIX USEFUL PAGES DULY CHECKED, STAMPED AND SIGNED........................................................................................

LA PAZ, BAJA CALIFORNIA SUR, ON THE TENTH DAY OF MARCH OF THE YEAR TWO THOUSAND SIX. I ATTEST ........................................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC NO. 7 LA PAZ. B.C.S. UNITED MEXICAN STATES

[signature]

**VERIFIED**

**VERIFIED**

52

CONFIDENTIAL

DANSKE_0016062


**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Exhibit 12 (1 of 2)**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Jacqueline Yorke
(Currently situated in the County of New York)

Sworn to before me remotely this
October 9, 2020

Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
STATE OF NEW YORK
PUBLIC

Stamp, Notary Public