# EXHIBIT 5

**DATE OF TRANSLATION:**          2-Oct-20

**ELECTRONIC FILE NAME:**         Exhibit 13

**SOURCE LANGUAGE:**              Spanish
**TARGET LANGUAGE:**              English (United States)
**TRANSPERFECT JOB ID:**          US0799868

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

# MSJ EXHIBIT 13

**SCHEDULE B**

102660370.3

DANSKE_0016375

 

[seal:] *H. IX Los Cabos City Council, B.C.S.*

**MUNICIPAL ADDRESS OF THE PUBLIC REGISTRY OF PROPERTY AND COMMERCE**
[stamp:] ATTESTED [signature]

**THE UNDERSIGNED, MR. GUILLERMO MARRON ROSAS, REGISTRAR GENERAL OF THE PUBLIC REGISTRY OF PROPERTY AND COMMERCE** OF H. IX LOS CABOS CITY COUNCIL

----------------------------------------------------**CERTIFIES**---------------------------------------------------
Does hereby evidence and Certify that this Public Deed **65,011** of VOLUME **1,026** containing **MINUTES OF THE GENERAL MEETING OF PARTNERS** is registered under Commercial Electronic Folio **No. 9065** dated **APRIL 5, 2006**.

[seal:] [illegible] [stamp:] COMMERCE DIVISION Public Registry of Property and Commerce [illegible] San Jose del Cabo, B.C.S.

[signature]

**MR. GUILLERMO MARRON ROSAS**

# LEFT BLANK

Boulevard Mijares S/N, entre las Calles Benito Juárez y Valerio González, Colonia Centro C.P 23400, San José del Cabo, B.C.S., Mexico. Tel. and Fax (624) 142-33-32

DANSKE_0016376

**BYLAWS OF DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.**          **3**

BYLAWS

CHAPTER ONE

CORPORATE NAME, REGISTERED OFFICE, TERM AND PURPOSE

<u>ONE</u>. The corporate name of the Company shall be "DIAMANTE CABO SAN LUCAS", a name that shall always be followed by "SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE" or its abbreviation "S. DE R.L. DE C.V." (the "Company").

<u>TWO</u>. The Company's registered office shall be located in the city of Cabo San Lucas, Baja California Sur, Mexico. The Company may establish agencies/offices and branches anywhere in the United Mexican States or abroad, and may also indicate conventional domiciles, without this being deemed a change of its registered office.

<u>THREE</u>. The term of the Company shall be Ninety-Nine (99) years, effective from the date of execution hereof.

<u>FOUR</u>. The Company's purpose is:

a)     In accordance with Clause Five, to undertake any and all activities related to the financing, guarantee, purchase, possession, construction, sale, lease, exchange, operation, design, development and commercialization of a tourism project on the property known as La Laguna, in the area known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, Mexico (the "<u>Property</u>"), pursuant to the terms of the Loan Agreement to be entered into by and between Lehman Brothers Holdings Inc. ("<u>Lender</u>") and the Company (the "<u>Project</u>").

b)     To enter into, with the Lender, any and all contracts and agreements related to the financing, loan guarantee and obligations of third parties, the purchase, possession, construction, sale, lease, exchange, operation, design, development and commercialization of the Project as stipulated in the Loan Agreement (as per the definition ascribed to said term below) to be entered into by and between the Company and the Lender, in the Property; including, but not limited to, the following instruments (the "<u>Credit Documents</u>"):

1. Loan agreement  (the "<u>Loan Agreement</u>") between the Company and the Lender to be executed on March 9, 2006 (the "<u>Closing Date</u>").

2. Promissory Note  to be signed by the Company in favor of the Lender on the Closing Date.

3. Trust Agreement  between the Company, the Lender and Banco JP Morgan, S.A., Institución de Banca Múltiple [Universal Banking], JP Morgan Grupo Financiero, División Fiduciaria [Trust Division] to be executed on the Closing Date.

4. Assignment of Lease and Rents  by the Company in favor of the Lender, to be executed on the Closing Date.

5. Environmental Indemnity  by the Company and Mr. Kenneth Aboud Jowdy in favor of the Lender, to be executed on the Closing Date.

6. Omnibus Assignment  by the Company in favor of the Lender, to be executed on the

[stamp:] ATTESTED [signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

Closing Date.                                                           **4**

    7.    Non-Possessory Pledge Agreement by the Company in favor of the Lender, to be executed on the Closing Date.

    8.    Share Pledge Agreements between the partners of the Company ("Partners"), the Company and the Lender, to be executed on the Closing Date.

    c)    To procure any and all government permits and authorizations required to construct, operate, commercialize, sell, lease, design, guarantee or take possession of the Project.

    d)    To sell, to give or receive under lease or sublease, dispose of, commercialize, or negotiate with any and all types of personal or real property developed in the Project.

    e)    To contract and subcontract, directly or through third parties, any and all services for the design, construction, urbanization, and commercialization of personal or real property developed, constructed, and operated within the Project.

    f)    To contract and subcontract, directly or through third parties, any and all services for the proper functioning of personal or real property developed, constructed, and operated within the Project.

    g)    To enter into all types of agreements, contracts and acts with any natural person or legal entity, private or public, with the exception of related parties of the Company and under the provisions of the Loan Agreement and the Credit Documents.

    h)    To become established and participate as a trustor or trustee, in the Trust Agreement that is executed with respect to the Property under the provisions of the Loan Agreement and the Credit Documents.

    i)    To purchase construction materials for the urbanization and construction of personal and real property developed and constructed for the Project.

    j)    To issue debentures, subscribe and issue negotiable instruments, accept and endorse them in any manner and, in general, negotiate any and all negotiable instruments provided they are issued in direct relation to the corporate purpose of the Company.

    k)    To act as representative, agent or intermediary for any third party, whether a natural person or legal entity, domestic or foreign, exclusively for acts directly related to the Project.

    l)    To register, acquire, receive, take possession of, and dispose of, in any lawful manner, licenses, concessions, trademarks, trade names, intellectual rights, inventions and patents, and any and all types of intellectual and industrial property, as well as to establish technical support contracts.

[seal:] [illegible]
[seal:] [illegible]
[signature]

    m)    To contract employees, through employment agencies, for the purpose of undertaking the corporate purpose.

[stamp:] ATTESTED [signature]

<u>FIVE</u>. Execution and fulfillment of the corporate purpose:

The Company shall comply with the following provisions, as stipulated in the Loan Agreement, for the execution of any contract or agreement, on the understanding that any act that violates any of these provisions shall be deemed to be a violation of the Credit Documents.

    (a)    The Company shall have no other asset or property except those permitted by the Loan

DANSKE_0016378

Agreement and that are related to the Project, including the Property and the rights and obligations arising from the Credit Documents.

(b)     The Company shall not conduct any business other than the Project.

(c)     The Company shall not undertake any activity or enter into any agreement with its Related Parties , as per the definition ascribed to such term in the Loan Agreement, unless said act is permitted or not prohibited by the Loan Agreement.

(d)     The Company may not guarantee or incur debt (whether personal or non-recourse, secured or unsecured) other than payments in the ordinary course of operations derived from the design, construction, direction and operation of the Project, and which are covered by the Budget, as defined in the Loan Agreement and not exceeding 60 business days.

(e)     The Company shall not grant loans or payment advancements to any person; likewise, the Company may not acquire debentures nor shares of any of its Related Parties  as per the definition ascribed to said term in the Loan Agreement.

(f)     The Company shall at all times undertake the acts required to comply with the corporate obligations and the obligations stipulated by Mexican law to preserve its existence.

(g)     The Company may not be guaranteed nor bound by third-party debts, except for debts arising from the Loan Agreement and the Credit Documents.

(h)     The Company shall not pledge its assets for the benefit of any other party and any third party, except where provided for in the Loan Agreement and the Credit Documents.

(i)     The Company may not sell the Company's materials or assets that are used for the Project without the prior written consent of the Lender.

(j)     The Company may not acquire employees nor contract employees through employment agencies. The entire workforce of the Company shall be subcontracted through companies that specialize in the provision of employment services.

(k)     The Company may not have a holding in the capital stock, nor may it be a shareholder or partner of any other company.

CHAPTER TWO
CAPITAL STOCK AND SHARES

SIX: The capital stock is variable, with a minimum fixed amount of $10,000.00 (TEN THOUSAND PESOS, LOCAL CURRENCY) and an unlimited maximum.

The capital stock shall be represented by shares in accordance with the number of partners who comprise it, which in no case may exceed Fifty (50) partners. Such shares shall represent the partners' holding of the capital stock; they may be of unequal value but, in any case, their value shall be $1.00 (ONE PESO, LOCAL CURRENCY) or any multiple thereof.

Each partner shall have a share with a value that may be increased or reduced in accordance with the increase or reduction of its holding in the capital stock.

[seal:] [illegible]
[seal:] [illegible]
[signature]

[stamp:] ATTESTED [signature]

With the exception of the privileged shares that are issued, all shares shall grant the same rights and obligations.

SEVEN. The shares are indivisible; however, the ordinary general meeting of partners, by agreement adopted by the favorable vote of partners representing (two-thirds) of the capital stock, may authorize the division of a share and the partial transfer thereof to another partner, complying with the requirements stipulated in Sections Eight, Nine, Ten, and Eleven herein.

EIGHT. In order for any partner to assign, pledge or otherwise dispose of the share it owns in favor of a person external to the Company, it shall require the prior consent of the [other] partners and the Lender. Accordingly, the partners shall have the right of first refusal to acquire them, pursuant to Article Sixty-Six (66) of the General Corporations Law.

In the event that any partner should decide to assign, pledge or otherwise dispose of the share it owns in favor of a person external to the Company, it shall be required to notify the Chief Executive Officer and the Lender, in writing, 15 business days in advance. Said notification shall include; (i) the name of the prospective acquirer; (ii) consideration for the sale of the share; (iii) the reason for the sale, assignment or pledge of the share; and (iv) the period within which to execute the transfer of the share.

The Chief Executive Officer shall notify the partners, in writing, of the intention of the partner(s) wishing to transfer, assign or pledge its (their) share(s), and shall convene an ordinary shareholders' meeting in which approval of the share assignment, pledge or disposal is submitted for vote.

Failure to comply with the procedure provided for in this clause shall render any transfer, assignment or pledge of a share invalid, unless the unanimity of the partners is present at the Meeting of Partners approving the assignment, pledge or disposal of the shares.

NINE. The capital stock shall be subject to increases and reductions. The capital stock shall be increased by agreement of the Meeting of Partners by way of new contributions from the partners or by the admission of new partners.

The variable proportion of the capital stock may be reduced due to the partial or total withdrawal of contributions, in accordance with the provisions of these bylaws and with the applicable provisions of Chapter VIII of the General Corporations Law.

Any and all capital stock increases or reductions shall be recorded in the register book kept by the Company accordingly, pursuant to Article Seventy-Three (73) of the General Corporations Law.

Notwithstanding the foregoing, the Company shall not permit capital stock reductions without the written approval of the Lender.

TEN. Share transfers under the concept of inheritance shall not require the consent of the other partners, in accordance with the provisions of Article Sixty-Seven (67) of the General Corporations Law, since the death of any partner does not entail the dissolution of the companies [sic: Company] nor the obligation of the other partners to liquidate their shares to the heirs of the former.

ELEVEN. The Company shall keep a special register book of partners, wherein the name and address of each partner is recorded, indicating its contributions and the transfer or encumbrance of the shares. No share transfer shall take effect with respect to third parties until said registration has been made.

TWELVE. Partners shall have the right of pre-emption to subscribe capital stock increases, in proportion to the value of the share over which said partner has the right of pre-emption prior to the increase. Partners shall exercise their right of pre-emption within 15 days of the date on which the meeting resolution has

[stamp:] ATTESTED [signature]

[seal:] [illegible] [seal:] [illegible] [signature]

been published in the Official Journal of the Federation or within 15 days following the meeting, if the partner wishing to assert its right had attended the meeting, or within the following 15 days, starting from the date on which each partner acknowledges, in writing to the Company, having received the notification of said resolution.

THIRTEEN. The capital stock may be reduced, by agreement of the Meeting of Partners, in accordance with the requirements of Article Nine (9) of the General Corporations Law. Notwithstanding the foregoing, the Company shall not allow any capital stock reductions without the approval of the Lender.

FOURTEEN. The right of separation may not be exercised if, as a result, the capital stock is reduced to less than the minimum fixed capital.

CHAPTER THREE
MEETING OF PARTNERS

FIFTEEN. The Meeting of Partners is the supreme body of the Company. Legally-adopted resolutions in any duly constituted Meeting of Partners shall be binding for all partners, including any absent or dissident partners.

SIXTEEN. The resolution adopted at a Meeting of Partners shall be required to resolve any of the following matters:

a)  To discuss, approve, modify or reject the balance sheet for each financial year end, and to adopt the measures deemed appropriate accordingly;
b)  To distribute profits;
c)  To appoint and remove the Chief Executive Officer or members of the Board of Directors;
d)  To appoint, as applicable, the Supervisory Committee;
e)  To resolve on the splitting and amortization of shares;
f)  To require, if applicable, supplementary contributions and ancillary obligations;
g)  To file claims against corporate bodies or against partners for corresponding shares in pursuit of damages;
h)  To amend the bylaws of the Company;
i)  To approve the assignment, pledge or sale of shares;
j)  To approve the admission of new partners;
k)  To decide on capital stock increases and reductions;
l)  To decide on the dissolution of the Company;
m)  Any matter that, pursuant to the Law or these bylaws, may be applicable.

SEVENTEEN. At least one Meeting of Partners shall be held during the four months following the financial year end.

EIGHTEEN. Meetings shall be convened by the Chief Executive Officer or, in his/her absence, by the Supervisory Committee or, in its absence, by partners with a holding of more than one third of the capital stock, or the Lender.

NINETEEN. The call for each Meeting of Partners shall be published in any large-circulating newspaper where the registered office of the Company is located, and a written copy thereof shall be submitted to the Lender, or the partners shall be notified by telex, telefax or letter with acknowledgment of receipt, at least eight (8) calendar days prior to the intended date of the meeting, indicating the day, time, and location of the meeting and the meeting agenda accordingly. Upon convening one hundred percent (100%) of the partners, the meetings shall be deemed valid even without a prior call for the meeting, provided the Lender has been notified 15 days in advance accordingly, unless the Lender grants a shorter period in writing.

[stamp:] ATTESTED [signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

TWENTY. Partners may be represented in each Meeting of Partners by representatives, who may or may not belong to the Company. Said representation shall be granted in writing. Partners may not be represented by the Chief Executive Officer not by any member of the Supervisory Committee. Notwithstanding the foregoing, in terms of the Pledge Agreement entered into by and between the Lender, the Company and the Partners, the Lender shall have the right to participate in the meetings in the capacity of partner, and to vote on the shares pledged for and on behalf of the Partners.

TWENTY-ONE. The procedure to be followed in each meeting shall be as follows:

a) Each Meeting of Partners is held at the registered office, except in the event of an act of God or force majeure.

b) The Chief Executive Officer or the Board of Directors shall chair each meeting, while the Secretary of the Board shall act as Secretary of each meeting accordingly; in the absence thereof, the meeting shall appoint the Chair and the Secretary from among those present.

c) The Chair shall appoint two auditors to verify and perform a count of the number of shares represented in each meeting.

d) If the respective quorum is present, the Chair shall declare the meeting legally convened and proceed with presenting the Agenda.
Each share shall grant the right to vote for each peso of local currency represented in the Capital Stock.
For each Meeting of Partners, minutes shall be drafted in the respective book, which shall be signed by the Chair and the Secretary of the meeting. The documents justifying that each call for a meeting was made in accordance with the bylaws shall be attached as an appendix to the minutes, as well as the list of attendees drawn up by the auditors, the letter of attorney or power-of-attorney summary, reports, rulings, and any other documents that have been submitted for consideration by the meeting and the respective minutes.

TWENTY-TWO. Unless otherwise provided for herein or by the Law, each Meeting of Partners shall be deemed legally convened at the first call when at least (sixty-five) per cent of the capital stock is represented.

In the event that the necessary quorum is not obtained in the first call, a second call shall be made under the same terms established for the first call, and the meeting shall be deemed legally convened regardless of the number of partners or representatives thereof present.

TWENTY-THREE. Resolutions adopted at each Meeting of Partners shall be valid if they are approved by the vote of shares representing Sixty-Five Percent (65%) of the capital stock present in the meeting and in the cases established in the Pledge Agreement entered into by and between the Company, the Partners and the Lender; the written approval of the Lender.

Notwithstanding the foregoing, the resolutions adopted by the partners outside the meeting —even by means of telephone conferences— shall have the same validity, provided that it is confirmed in writing and the requirements indicated in Article Eighty-Two (82) of the General Corporations Law are met. The Secretary of the Company shall receive the documents that verify the adoption of any resolution in accordance with this procedure, and shall record the annotations in the respective book.

CHAPTER FOUR
ADMINISTRATION OF THE COMPANY

[stamp:] ATTESTED
[signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

<u>TWENTY-FOUR</u>. The Administration of the Company shall be entrusted to a Chief Executive Officer who shall be appointed by the Meeting of Partners.

<u>TWENTY-FIVE</u>. The Chief Executive Officer may be a partner or a person external to the Company, and shall remain in office for one year, but in any case shall continue to serve as such until his/her successor is appointed and takes office.

<u>TWENTY-SIX</u>. The Chief Executive Officer shall be liable to the Lender for any act undertaken by the Company under his/her supervision in breach of the Loan Agreement and Credit Documents, and shall take the necessary measures to ensure that the Company complies with the obligations stipulated therein. Notwithstanding the foregoing, the Chief Executive Officer shall not be liable to the Lender for any act where the Chief Executive Officer has acted in good faith or in the event of an act of God or force majeure.

<u>TWENTY-SEVEN</u>. The Chief Executive Officer shall represent the Company and is granted the following powers:

A) Those covered by the general powers-of-attorney for lawsuits and collections, for the administration of property and for undertaking acts of ownership, in accordance with the first three paragraphs of Article Two Thousand, Five Hundred Fifty-Four (2,554) of the Federal Civil Code and equivalent provisions thereof in each state of the United States and the Federal District, including all general and special powers requiring a special clause under Articles Two Thousand, Five Hundred Eighty-Seven (2,587); Two Thousand, Five Hundred Seventy-Four (2,574); Two Thousand, Five Hundred Eighty-Two (2,582); and Two Thousand, Five Hundred Ninety-Three (2,593) of the Federal Civil Code and equivalent provisions thereof in each state of the United Mexican States and the Federal District. In view of the foregoing, the Chief Executive Officer shall have powers that include, but are not limited to, the following:

    a) The Chief Executive Officer or, if applicable, the Board of Directors, may initiate any legal action, file appeals —including writ of amparo— and resolve disputes in adherence to conventional procedures. They may also undertake the following actions: file criminal charges and assist the Public Prosecutor's Office; make and receive payments; assign property and undertake any act permitted by Law; represent the Company before individuals and before any and all civil, administrative, judicial or criminal authorities, whether federal, state or municipal, before conciliation and arbitration boards and other labor authorities, decentralized companies; enter into agreements with the Federal Government, before the Ministry of Foreign Affairs, pursuant to sections I and IV of Article Twenty-Seven (27) of the Political Constitution of the United Mexican States and implementing regulations thereto.

    b) Undertake any and all operations that are not restricted to the Meeting of Partners, as well as enter into, amend and terminate contracts and agreements.

    c) Grant, issue, draw, accept, endorse, or otherwise subscribe negotiable instruments in accordance with Article Nine (9) of the General Law on Negotiable Instruments and Credit Transactions.

    d) Open, manage and close bank accounts on behalf of the Company.

    e) Constitute and withdraw all types of deposits.

    f) Appoint and remove officers and employees of the Company and determine the powers, obligations and remuneration thereof.

    g) Grant general or special powers-of-attorney to one or more of its members and to any person that the Board of Directors or the Chief Executive Officer, if applicable, deems appropriate; as well as revoke them accordingly.

    h) Agree on the establishment and/or removal of branches, agencies or departments.

    i) Execute the resolutions adopted at the Meeting of Partners.

    j) Represent the Company when it forms part of other companies, purchasing or subscribing shares or holdings, or intervening as a party to the incorporation thereof.

    k) Permit and exercise on behalf of the Company powers-of-attorney and representations of

[seal:] [illegible]
[seal:] [illegible]
[signature]

[stamp:] ATTESTED [signature]

natural persons or legal entities, domestic or foreign, either to contract on their behalf or to appear in a trial. **10**

l) To appear and represent the principal company in the execution, termination and rescission of any employment relationship or contract, as well as in any labor-related trial or proceeding against the principal or filed by it, to enter into agreements or conciliation of any kind at the various stages of any trial or proceeding. Said power-of-attorney, in addition to being granted broadly with powers as contained in the above provisions, includes the express powers referred to in Articles Eleven (11); Forty-Six (46); Forty-Seven (47); Six Hundred Ninety-Two (692); Seven Hundred Eighty-Six (786) to Seven Hundred Eighty-Eight (788); Eight Hundred Sixty-Six (866); and Eight Hundred Seventy-Three (873) to Eight Hundred Eighty (880) of the Federal Labor Law.

## CHAPTER FIVE
## SUPERVISION OF THE COMPANY

[stamp:] ATTESTED [signature]

TWENTY-EIGHT. Whenever the Meeting of Partners deems it pertinent, the supervision of the Company shall be undertaken by a Supervisory Board, comprising or composed of one or more members appointed by the Meeting, who may or may not be partners and shall have the rights and obligations granted under Articles One Hundred Sixty-Six (166) et seq. of the General Corporations Law. The members of the Supervisory Board shall remain in office for one year or until their successors have been appointed and take office, or until the Meeting of Partners resolves upon their removal. The Meeting of Partners may, in turn, appoint one or more alternate members of the Supervisory Board, who may or may not be partners, to replace the regular members in their temporary or permanent absence.

## CHAPTER SIX
## FINANCIAL YEAR, FINANCIAL STATEMENTS, RESERVES AND LIMITED LIABILITY

TWENTY-NINE. Pursuant to Article 8-A of the General Corporations Law, each financial year shall be 12 months and run from January 1 to December 31 of each year, except for the first financial year which shall run from the date of incorporation of the Company to December 31 of that same year.

THIRTY. The report of the Chief Executive Office, containing the balance sheet for each financial year, shall be prepared at the end of each financial year and, together with said report or —if applicable— the report of the Supervisory Board in relation to said report and the balance sheet, shall be made available to each partner and the Lender, accompanied by the relevant supporting documentation.

Each partner's liability shall be limited to the value of the shareholding of said partner, and each partner shall be liable for any outstanding part of the value of the share part its owns.

## CHAPTER SEVEN
## DISSOLUTION AND LIQUIDATION OF THE COMPANY

[seal:] [illegible]
[seal:] [illegible]
[signature]

THIRTY-ONE. The Company shall be dissolved when any of the circumstances contained in Article Two Hundred Twenty-Nine (229) of the General Corporations Law arise. Notwithstanding the foregoing, neither the Company nor any Related Party shall seek to dissolve or liquidate the Company voluntarily without the prior written consent of the Lender. The dissolution procedure shall be carried out in accordance with Article Two Hundred Thirty-Two (232) of said law.

DANSKE_0016384

THIRTY-TWO. Liquidation shall be subject to chapter XI of the General Corporations Law and shall be carried out by one or more liquidators appointed by a Meeting of Partners.

THIRTY-THREE. During the liquidation of the Company, liquidators shall have the same powers and obligations as the Chief Executive Officer or, if applicable, the Board of Directors and officers during the normal term of the Company.

THIRTY-FOUR. Until the appointment of liquidators has been registered in the Public Registry of Commerce corresponding to the registered office, and said liquidators have taken office, the Chief Executive Officer and officers of the Company shall continue in their role as such. Nonetheless, the Chief Executive Officer shall not be able to initiate new operations after the partners have adopted the resolution to liquidate the Company, or upon verifying the existence of the legal cause for such.

CHAPTER EIGHT
NATIONALITY OF THE COMPANY AND FOREIGN PARTNERS

THIRTY-FIVE. The Company has Mexican nationality. Any foreigner who, upon the Company being incorporated or at a subsequent time thereafter, acquires an interest or holding in the Company shall, by that very act, be deemed Mexican in regard to one or another, and also in regard to property, rights, concessions, holdings or interests of which this Company becomes the owner, or the rights and obligations arising from any contracts or agreements to which said foreigner is a party and, thus, undertakes not to invoke the protection of its own government, under penalty of losing such interest or holding in favor of the Mexico due to any violation of its agreement.

CHAPTER NINE
JURISDICTION

THIRTY-SIX. The courts corresponding to the registered office of the Company shall be the only competent bodies to intervene and enforce these Bylaws. Accordingly, the Partners, the Chief Executive Officer, the members of the Supervisory Committee and other officers of the Company expressly submit to the jurisdiction of such courts to resolve any dispute that may arise between them and the Company, waiving any other jurisdiction that may correspond to them by virtue of their current or future domiciles or for any other reason.

CHAPTER TEN
APPLICABLE LAW

THIRTY-SEVEN. Anything not expressly provided for herein shall be subject to the provisions of the General Corporations Law

[seal:] [illegible]
[seal:] [illegible]
[signature]

[stamp:] ATTESTED [signature]

DANSKE_0016385

**12**

**ATTENDANCE LIST OF THE GENERAL MEETING OF PARTNERS OF DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V., HELD ON MARCH 8, 2006, AT 10:00 A.M., IN THE CITY OF CABO SAN LUCAS, IN THE STATE OF BAJA CALIFORNIA SUR, MEXICO.**

DIAMANTE CABO SAN LUCAS LLC   [signature] _____
represented herein by Kenneth
Aboud Jowdy

KENNETH ABOUD JOWDY   [signature] _____

Auditor's Ruling.- The undersigned, appointed as auditor in the General Meeting of Partners of Diamante Cabo San Lucas, S. de R.L. de C.V., held on March 8, 2006, hereby acknowledges that all partners of the company were present or duly represented.

[signature] _____
Rodolfo Miguel Angel Piña Yáñez

[stamp:] ATTESTED [signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

DANSKE_0016386

**GENERAL MEETING OF PARTNERS OF DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V. (HEREINAFTER, THE "COMPANY"), HELD ON MARCH 8, 2006, AT 9 P.M., IN THE CITY OF CABO SAN LUCAS, IN THE STATE OF BAJA CALIFORNIA SUR, MEXICO.**

**ATTENDANCE.** All partners were present or duly represented, as indicated in the list of attendance attached hereto.

**CHAIR AND SECRETARY.** The meeting was chaired by Mr. Kenneth Aboud Jowdy, Chief Executive Officer of the Company; and acting as Secretary, Mr. Fernando Manuel García Campuzano, as appointed by the partners of the Company accordingly.

**AUDITORS.** The Chair appointed Mr. Rodolfo Miguel Angel Pifia Yáñez as auditor, acknowledging in his ruling that all partners were present or duly represented.

**QUORUM.** In consideration of the auditor's ruling, and, by virtue of all partners being present or duly represented, without any requirement to publish a prior notice pursuant to the provisions of Article Seven of the bylaws, the Chair declared quorum to hold this meeting and discuss the following matters:

[stamp:] ATTESTED [signature]

### AGENDA

**ONE.**  To propose, discuss and, if applicable, approve the complete reform of the Company's bylaws.

**TWO.**  To clarify on the structure and distribution of the capital stock.

**THREE.**  To ratify the appointment of Chief Executive Officer of the Company.

**FOUR.**  To revoke and grant powers-of-attorney in favor of Mr. Fernando Manuel García Campuzano.

**FIVE.**  To authorize the partner Diamante Cabo San Lucas, LLC to pledge its shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement.

**SIX.**  To authorize Mr. Kenneth Aboud Jowdy to pledge his shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement.

**SEVEN.**  To accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company, in the case of assignment, purchase, enforcement or public auction of their respective shares pledged; and, if applicable, to accept the waiver of current partners of the Company both to the right of first refusal as granted to them by Article 66 of the General Corporations Law and the bylaws; as well as to any right they may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means.

[seal:] [illegible]
[seal:] [illegible]
[signature]

**EIGHT.**  To register the pledge of shares in the special book of partners of the Company.

**NINE.**  To approve the execution of Pledge Agreements by documenting the pledges approved under terms of the Items Five and Six of the Agenda, as well as any and all attachments thereto.

**TEN.**  To review and, if applicable, approve the execution by the Company of different documents, contracts and agreements to be entered into on March 9, 2006 or March 10,

2006.

**ONE.** <u>To propose, discuss and, if applicable, approve the complete reform of the Company's bylaws</u>. Having taken the floor, the Chair proposed to the partners —present or duly represented— that, in order to proceed with executing the documents to be submitted for their approval as per Item Ten of the Agenda of this Meeting, it is necessary to conduct a complete reform of the Company's bylaws, due to inconsistencies derived from the bylaws that are currently in force.

The Chair then circulated among the partners —present or duly represented— a draft of the bylaws, which are attached hereto as Annex "A".

After discussing the Chair's proposal, as well as the draft bylaws, the partners unanimously approved the complete reform of the Company's bylaws under the terms of Annex "A" of this meeting. Pursuant to the foregoing, the Company shall henceforth be governed by aforesaid bylaws.

**TWO**. <u>To clarify on the structure and distribution of the capital stock</u>. Having taken the floor, the Chair indicated to the partners —present or duly represented— that it is necessary to clarify on the partners' shareholding in the capital stock, due to inconsistencies derived from the bylaws of the Company, since the structure of the capital was incorrectly recorded in terms of the number of shares and the amount contributed by each partner of the Company.

The Chair further stated that, as agreed by the partners since the incorporation of the company, Diamante Cabo San Lucas, LLC owns one (1) share valued at $9,900 (Nine Thousand, Nine Hundred Pesos 00/100, Local Currency) corresponding to 99% (Ninety-Nine Percent) of the capital stock; whereas Mr. Kenneth Aboud Jowdy owns one (1) share worth $100.00 (One Hundred Pesos 00/100, Local Currency) corresponding to 1% (One Percent) of the capital stock, and that such amounts correspond to the contributions of the partners as at the date of incorporation.

Following a brief deliberation on the matter, the partners unanimously acknowledged the correct distribution of capital stock among the partners, which is represented as follows:

| Partners | Shares | Value |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

**THREE**. <u>To ratify the appointment of Chief Executive Officer of the Company</u>. Having taken the floor, the Chair proposed to the partners —present or duly represented— to ratify the appointment of Mr. Kenneth Aboud Jowdy as Chief Executive Officer of the Company, with all the obligations, rights, powers-of-attorney and authority this entails when undertaking said role.

Following a brief deliberation on the matter, the partners unanimously resolved to ratify the appointment of Mr. Kenneth Aboud Jowdy as Chief Executive Officer of the Company, with all the obligations and rights this entails when undertaking said role.

**FOUR**. <u>To revoke and grant powers-of-attorney in favor of Mr. Fernando Manuel García Campuzano</u>. Upon discussing the next item of the Agenda, the Chair proposed to the partners —present or duly represented— to revoke the powers-of-attorney granted in favor of Mr. Fernando Manuel García Campuzano by public deed number 64,865, dated February 23, 2006, granted before Mr. José Alberto Castro Salazar, Notary Public attached to Notary Office No. 7 of Los Cabos , Baja California Sur.

Following a brief deliberation on the matter, the partners unanimously resolved to revoke the powers-of-attorney granted to Mr. Fernando Manuel García Campuzano by public deed number 64,865,

[stamp:] ATTESTED [signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

CONFIDENTIAL

DANSKE_0016388

dated February 23, 2006, granted before Mr. José Alberto Castro Salazar, Notary Public attached to Notary Office No. [sic: 7] of Los Cabos, Baja California Sur.

Continuing with this item of the Agenda, the Chair proposed to the partners —present or duly represented— to grant in favor of Mr. Fernando Manuel García Campuzano the following power-of-attorney:

**A).- GENERAL POWER-OF-ATTORNEY FOR LAWSUITS AND COLLECTIONS AND ACTS OF ADMINISTRATION**.- with all general powers and even with special powers requiring special clause, in accordance with the Law, pursuant to the first and second paragraphs of Article Two Thousand, Five Hundred Fifty-Four (2,554) of the Federal Civil Code, and Article Two Thousand, Five Hundred Eighty-Seven (2,587) of said code and equivalent provisions of the Civil Code of the State of Baja California Sur and the other states of the United Mexican States and of the Federal District where said power-of-attorney is exercised. In accordance with the foregoing, and in accordance with Article 2,468 of the Civil Code of Baja California Sur, the powers granted to the proxy shall include, but are not limited to, the following:

(i)     To file and waive any and all federal and local proceedings, including writ of amparo;
(ii)    To settle disputes;
(iii)   To submit to arbitration;
(iv)    To answer and formulate interrogatories as legal representative of its principal;
(v)     To challenge;
(vi)    To make and receive payments; and
(vii)   To file complaints and lawsuits in criminal matters and to appear on behalf of its principal to take civil action and provide assistance to the Public Prosecutor's Office, as well as to waive the respective actions and proceedings where so permitted by law and to grant pardon if applicable. Likewise, he/she shall also enjoy employer's representation pursuant to Article Eleven (11) of the Federal Labor Law, and may act accordingly for or on behalf of any trade union(s) with which collective bargaining agreements have been entered into and, for all pertinent purposes, for or on behalf of individual workers, and for the resolution of individual or collective disputes: in general, for any employee-employer matter and to act before any labor authority; and may also appear before the Conciliation and Arbitration Boards, whether Local or Federal; he/she shall, thus, represent the employer for the purposes of Articles Eleven (11), Forty-Six (46) and Forty-Seven (47), and also as legal representative of the Company, for the purposes of establishing personality and capacity in and out of court, under Article Six Hundred Ninety-Two (692), sections two and three; he/she may appear for the presentation of evidence, under the terms of Articles Seven Hundred Eighty-Seven (787) and Seven Hundred Eighty-Eight (788) of the Federal Labor Law, with the power to answer and formulate interrogatories, to present evidence in all aspects; to indicate addresses for service, under Article Eight Hundred Eighty-Six (886); to appear with all sufficient legal representation to attend the hearing, as referred to in Article Eight Hundred Seventy-Three (873) in its three phases of conciliation, claims and objections, and submittal and admission of evidence, under Articles Eight Hundred Seventy-Five (875), Eight Hundred Seventy-Six (876), sections one and six, Eight Hundred Seventy-Seven (877), Eight Hundred Seventy-Eight (878), Eight Hundred Seventy-Nine (879) and Eight Hundred Eighty (880); and may also attend the hearing for the presentation of evidence, under the terms of Articles Eight Hundred Seventy-Three (873) and Eight Hundred Seventy-Four (874); likewise, he/she is granted powers to propose arbitration agreements, hold negotiations, and enter into labor agreements, as well as to settle or ratify settlement agreements in regard to and for any and all trials or labor proceedings filed before any authorities. He/she may also enter into employment contracts and terminate them accordingly

[stamp:] ATTESTED
[signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

Following a brief deliberation on the matter, the partners unanimously resolved to grant in favor of Mr.

Fernando Manuel García Campuzano, the power-of-attorney proposed by the Chair in all its terms.     3

**FIVE**. To authorize the partner Diamante Cabo San Lucas, LLC to pledge its shareholding in favor of LEHMAN BROTHERS HOLDINGS INC., in accordance with the corresponding pledge agreement. The Chair informed the partners —present or duly represented— that Diamante Cabo San Lucas, LLC, through its legal representative, had stated its intention to pledge in favor of Lehman Brothers Holdings Inc. one (1) share with a nominal value of $9,900 (Nine Thousand, Nine Hundred pesos 00/100, Local Currency), which represents 99% (Ninety-Nine Percent) of the Company's capital stock.

Aforesaid pledge shall be granted in order to comply with the agreements established in the Loan Agreement to be entered into on March 9, 2006 or March 10, 2006 by and between the Company and Lehman Brothers Holdings Inc., and which shall be submitted for approval by this meeting in Item Ten of the Agenda.

The Chair further proposed to the partners —present or duly represented— to authorize Diamante LLC to pledge in favor of Lehman Brothers Holdings Inc. one (1) share of $9,900 (Nine Thousand, Nine Hundred Pesos 00/100, Local Currency), which represents 99% (Ninety-Nine Percent) of the Company's capital stock.

By virtue of the foregoing, the partners —present or duly represented— unanimously approved the following resolutions:

i)      To authorize Diamante Cabo San Lucas, LLC to pledge in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that shall be submitted for approval by the meeting under Item Nine of the Agenda, one (1) share with a nominal value of $9,900 (Nine Thousand, Nine hundred pesos 00/100, Local Currency), representing 99% (Ninety-Nine Percent) of the Company's capital stock.

ii)     Upon the corresponding Pledge Agreement being duly executed, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in aforesaid Pledge Agreement.

iii)    In accordance with the provisions of the corresponding Pledge Agreement, Diamante Cabo San Lucas, LLC shall not assign, sell, pledge or otherwise dispose of its share without the prior written permission of Lehman Brothers Holdings Inc.

iv)     In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or otherwise dispose of the shares representing the capital stock thereof, without the prior written permission of Lehman Brothers Holdings Inc.

[stamp:] ATTESTED [signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

CONFIDENTIAL

DANSKE_0016390

v)      The Company shall not allow the provisions of the corresponding Pledge Agreement to be violated in exercise of the vote corresponding to the shares.

**SIX**. To authorize Mr. Kenneth Aboud Jowdy to pledge his shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement. The Chair informed the partners —present or duly represented— that Mr. Kenneth Aboud Jowdy had stated his intention to pledge in favor of Lehman Brothers Holdings Inc. one (1) share with a nominal value of $100.00 (One Hundred pesos 00/100, Local Currency) representing 1% (One Percent) of the Company's capital stock.

Aforesaid pledge shall be granted in order to comply with the agreements established in the Loan Agreement to be entered into on March 9, 2006 or March 10, 2006 by and between the Company and Lehman Brothers Holdings Inc., and which shall be submitted for approval by this meeting in Item Ten of the Agenda.

The Chair further proposed to the partners —present or duly represented— to authorize Mr. Kenneth Aboud Jowdy to pledge in favor of Lehman Brothers Holdings Inc. one (1) share with a nominal value of $100.00 (One Hundred pesos 00/100, Local Currency) representing 1% (One Percent) of the Company's capital stock.

By virtue of the foregoing, the partners —present or duly represented— unanimously approved the following resolutions:

i)      To authorize Mr. Kenneth Aboud Jowdy to pledge in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that shall be submitted for approval by the meeting under Item Nine of the Agenda, one (1) share with a nominal value of $100.00 (One Hundred pesos 00/100, Local Currency), representing 1% (One Percent) of the Company's capital stock.

ii)     Upon the corresponding Pledge Agreement being duly executed, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in aforesaid Pledge Agreement.

iii)    In accordance with the provisions of the corresponding Pledge Agreement, Mr. Kenneth Aboud Jowdy shall not assign, sell, pledge or otherwise dispose of his share without the prior written permission of Lehman Brothers Holdings Inc.

iv)     In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or otherwise dispose of the shares representing the capital stock thereof, without the prior written permission of Lehman Brothers Holdings Inc.

v)      The Company shall not allow the provisions of the corresponding Pledge Agreement to be violated in exercise of the vote corresponding to the shares.

**SEVEN**. To accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company, in the case of assignment, purchase, enforcement or public auction of their respective shares pledged; and, if applicable, to accept the waiver of current partners of the Company both to the right of first refusal as granted to them by Article 66 of the General Corporations Law and the bylaws, as well as to any right they may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means. Having taken the floor, the Chair proposed to the partners —present or duly represented— to accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company in the case of assignment, purchase, enforcement or public auction of the aforementioned shares.

[stamp:] ATTESTED
[signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

DANSKE_0016391

Following a brief deliberation on the matter, the partners —present or duly represented— unanimously approved the following resolutions:

i)   To accept as a partner of the Company, without any requirement for consent in addition to what is granted herein, Lehman Brothers Holdings Inc. or any other potential holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc., in the case of assignment, purchase, enforcement or public auction of the aforementioned shares.

ii)   In the event of assignment, purchase, enforcement or public auction of the shareholding of Diamante Cabo San Lucas, LLC in favor of Lehman Brothers Holdings Inc. or the holder of the share in due course, Mr. Kenneth Aboud Jowdy, as partner of the Company, hereby waives both the right of first refusal as granted to him by Article 66 of the General Corporations Law and the bylaws, as well as any right he may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means.

iii)   By virtue of the foregoing, Mr. Kenneth Aboud Jowdy waives both the right of first refusal as granted to him by Article 66 of the General Corporations Law and the bylaws, as well as any right he may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means, hereby granting his consent for, as applicable, the assignment, purchase, enforcement or public auction of the shareholding of Diamante Cabo San Lucas, LLC pledged in favor of Lehman Brothers Holdings Inc.

iv)   In the event of purchase, enforcement or public auction of the shareholding of Diamante Cabo San Lucas, LLC in favor of Lehman Brothers Holdings Inc. or the holder of the share in due course, Diamante Cabo San Lucas, LLC, as partner of the Company, hereby waives both the right of first refusal as granted to it by Article 66 of the General Corporations Law and the bylaws, as well as any right it may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means.

v)   By virtue of the foregoing, Diamante Cabo San Lucas, LLC waives both the right of first refusal as granted to it by Article 66 of the General Corporations Law and the bylaws, as well as any right it may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means, hereby granting its consent for, as applicable, the assignment, purchase, enforcement or public auction of the shareholding of Mr. Kenneth Aboud Jowdy pledged in favor of Lehman Brothers Holdings Inc.

vi)   In the event of purchase, enforcement or public auction of the shareholding pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. in accordance with the above resolutions, the Company's capital stock would comprise the following:

[stamp:] ATTESTED [signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

DANSKE_0016392

6

| Partners | Shares | Value |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $9,900.00 |
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

**EIGHT**. To register the pledge of shares in the special book of partners of the Company. Taking into account previously adopted resolutions, the Chair instructed the Secretary to annotate the pledges granted in favor of Lehman Brothers Holdings Inc. in the special book of partners, upon having executed the corresponding Pledge Agreements.

The Chair further instructed the Secretary to provide Lehman Brothers Holdings Inc. with a copy of the said annotations within two days of executing the corresponding Pledge Agreements.

**NINE**. To approve the execution of Pledge Agreements by documenting the pledges approved under terms of the Items Five and Six of the Agenda, as well as any and all attachments thereto. Upon discussing the next item of the Agenda, the Chair circulated among the partners —present or duly represented— a copy of the draft Pledge Agreements to be executed in order to document the granting of pledges approved through the resolutions of Items Five and Six of the Agenda, as well as any and all attachments thereto. Following a thorough review of the documents submitted by the Chair, the partners —present or duly represented— as well as the Company through Mr. Kenneth Aboud Jowdy, as Chief Executive Officer, stated their clear and full understanding of the terms and conditions set out in the Pledge Agreements and attachments thereto.

After having thoroughly discussed the terms and conditions contained in the Pledge Agreements and attachments thereto, the partners unanimously adopted the following resolutions:

i) They understand and accept the terms and conditions set forth in the Pledge Agreements and any and all attachments thereto presented by the Chair.

ii) They authorize the Company to enter into Pledge Agreements, as well as any and all attachments thereto, under terms substantially equal to the documents attached hereto as Annex "B", subject to any amendments agreed by the parties prior to affixing their signature.

iii) Mr. Kenneth Aboud Jowdy, as Chief Executive Officer of the Company, is authorized to enter into Pledge Agreements and any and all attachments thereto.

iv) It is agreed that the Company shall not undertake any act or activity that violates or contravenes the terms and conditions set forth in the Pledge Agreements or any and all attachments thereto.

**TEN**. To review and, if applicable, approve the execution by the Company of different documents, contracts and agreements to be entered into on March 9, 2006 or March 10, 2006. The Chair proceeded to circulate among the partners —present or duly represented— a draft of the following documents, contracts and agreements to be executed by the Company on March 9, 2006 or March 10, 2006:

1. Loan Agreement  to be entered into by and between the Company and Lehman Brothers

[seal:] [illegible]
[seal:] [illegible]
[signature]

[stamp:] ATTESTED
[signature]

Holdings Inc. 7

2. Promissory Note to be signed by the Company in favor of Lehman Brothers Holdings Inc.;

3. Trust Agreement to be entered into by and between the Company, Lehman Brothers Holdings Inc. and Banco JP Morgan, S.A., Institución de Banca Múltiple [Universal Banking], JP Morgan Grupo Financiero, División Fiduciaria [Trust Division];

4. Assignment of Lease and Rents to be executed by the Company in favor of Lehman Brothers Holdings Inc.

5. Environmental Indemnity to be executed by the Company and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc.

6. Omnibus Assignment to be executed by the Company in favor of Lehman Brothers Holdings Inc.

7. Non-Possessory Pledge Agreement to be executed by the Company and Lehman Brothers Holdings Inc.

After reviewing the terms and conditions set out in the documents referred to above, the partners of the Company, as well as the Company through Mr. Kenneth Aboud Jowdy, as its Chief Executive Officer, stated their clear and full understanding of the terms and conditions set out in the documents to be executed by the Company.

After having thoroughly discussed the terms and conditions of the documents presented by the Chair, the partners unanimously adopted the following resolutions:

i) They understand and accept the terms and conditions set forth in the documents presented by the Chair.

ii) They authorize the Company to execute the documents presented by the Chair, as well as any and all attachments thereto, and to be bound by the terms thereof, under terms substantially equal to the documents attached hereto as Annex "C", subject to any amendments agreed by the parties prior to affixing their signature.

iii) Mr. Kenneth Aboud Jowdy, as Chief Executive Officer of the Company, is authorized to execute the documents presented by the Chair and any and all attachments thereto.

iv) It is agreed that the Company shall not undertake any act or activity that violates or contravenes the terms and conditions set forth in the documents presented by the Chair or any and all attachments thereto.

**PARTNER TAX INFORMATION**. The President proceeded to state the tax identification code of the partner Kenneth Aboud Jowdy, as follows:

| Mr. Kenneth Aboud Jowdy | AOJK 640716 V59 |
|---|---|

The President further stated that the partner Diamante Cabo San Lucas LLC is resident abroad, and has thus chosen not to register with the Federal Taxpayer Registry under the terms established by paragraph four of Article 27 of the Federal Tax Code; therefore, the Company shall submit the notification referred to in said article within the first three months of the end of the financial year.

[seal:] [illegible]
[seal:] [illegible]
[signature]

**AUTHORIZATION**. The Meeting unanimously resolved to authorize Mr. Fernando Manuel García Campuzano, Mr. Roberto Arena Reyes Retana, Mr. Alejandro Ortiz Prieto, Mr. Eduardo Eugenio Pizarro Suárez Villalobos, Mr. Víctor Manuel Manzano Maclas, Mr. Marco Antonio Najera Martínez, and Mr. Raúl Salvador Mejía Palos to either jointly, individually, or indistinctly appear before the notary public of their choice and notarize the text hereof in the manner they so deem pertinent.

[stamp:] ATTESTED [signature]

DANSKE_0016394

**DRAFTING OF MINUTES**. The Secretary proceeded to draft theses minutes, after which they were read aloud, being unanimously approved accordingly.

**CLOSING**. There being no further matter to be discussed, the Meeting was declared closed at 10:30 p.m.

| | |
|---|---|
| [signature] | [signature] |
| Chair | Secretary |
| Mr. Kenneth Aboud Jowdy | Mr. Fernando Manuel García Campuzano |

[stamp:] ATTESTED [signature]

[seal:] [illegible]
[seal:] [illegible]
[signature]

DANSKE_0016395

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

- - - IN LA PAZ, BAJA CALIFORNIA SUR, MEXICO, **ON** FEBRUARY**19,**2008, I, **MR. JOSE ALBERTO CASTRO SALAZAR**, NOTARY ATTACHED TO NOTARY OFFICE NUMBER SEVEN OF THE STATE, EXERCISING IN THE MUNICIPALITIES OF LA PAZ AND LOS CABOS, THE INCUMBENT OF WHICH IS **MR. HECTOR CASTRO CASTRO**, ACTING IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE TWENTY-NINE (29) OF THE NOTARIES ACT IN FORCE, I HEREBY RECORD AND **CERTIFY**: THAT THIS DOCUMENT IS A TRUE AND EXACT COPY OF ITS ORIGINAL. IT COMPRISES THIRTY-FIVE SHEETS OF NOTARIAL PAPER, WHICH WAS PRESENTED BEFORE ME, OBTAINING A COPY FOR THE APPENDIX TO WHICH THE LETTER "A" IS ADDED FOR THIS NOTARY OFFICE FOR WHICH I AM RESPONSIBLE. I ATTEST................................

[stamp:] [illegible]
[seal:] HECTOR CASTRO CASTRO [illegible] B.C.S. [signature]
[seal:] HECTOR CASTRO CASTRO [illegible] B.C.S.



IGNACIO RAMIREZ    [seal:] MR. HECTOR
[illegible]]    CASTRO CASTRO
TELS.    [illegible] NOTARY
122-91-2[illegible]   OFFICE No. 7 LA PAZ
122-97-1[illegible]    B.C.S.
125-24-4[illegible]
FAX 1252586

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.     -1

*[left margin, rotated:]* [stamp:] ATTESTED [signature]

*[right margin, rotated:]* [stamp:] ATTESTED [signature]

---------------------- **VOLUME ONE THOUSAND TWENTY-SIX** ------------------------------------------

----------------------- **MINUTES SIXTY-FIVE THOUSAND, ELEVEN** ------------------------------------

- - - In the City of La Paz, Baja California Sur, Mexico, on March 9, 2006, I, Mr. JOSE ALBERTO CASTRO SALAZAR, Notary Public attached to the Notary Office Number SEVEN, of the State and of the Federal Real Estate Patrimony, exercising in the Municipalities of La Paz, Los Cabos, and with Residence in the Capital of the State , the incumbent of which is Mr. Hector CASTRO CASTRO, acting in accordance with the provisions of Articles Sixty-One (61)  and Twenty-Nine (29) of the Notaries Act in force, **I hereby NOTARIZE** the minutes recorded outside of my Notary Office, wherein I notarized the Minutes of the General Meeting of Partners of the Corporation "**DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, held on March 8, 2006, at the request of Mr. **FERNANDO MANUEL GARCIA CAMPUZANO**, in his capacity as Ad Hoc Representative of the Company..................

- - - I attach aforesaid document to the appendix of volume One Thousand, Twenty-Six (1,026) of my record under the letter **"A"**, in the file corresponding to this deed, having been duly signed and sealed, which for REGISTRATION is notarized accordingly. I ATTEST ...............................

I DEFINITIVELY AUTHORIZE THIS DOCUMENT IN THE CITY OF LA PAZ, BAJA CALIFORNIA SUR, ON THE SAME DATE IT IS GRANTED BECAUSE NO TAX IS DUE THEREON. I ATTEST. ..................................................................................................

MR. JOSE ALBERTO CASTRO SALAZAR. SIGNED. NOTARY'S AUTHORIZING SEAL ..........

- - - ANNEX LETTER "A". THE DOCUMENT BEING NOTARIZED .............................................

--------------------------------------------------- **ANNEX "A"** --------------------------------------------------

- - - In the City of La Paz, Baja California Sur. Mexico, on March 9, 2006, BEFORE ME, Mr. JOSE ALBERTO CASTRO SALAZAR, Notary Public attached to Notary Office Number SEVEN, of the State and of the Federal Real Estate Patrimony, exercising in the Municipalities of La Paz, Los Cabos, Comondú, Mulegé and Loreto, and with Residence in the Capital of the State, the incumbent of which is Mr. HECTOR CASTRO CASTRO, acting in accordance with the provisions of Article Twenty-Nine (29) of the Notaries Act in force, appeared Mr. **FERNANDO MANUEL GARCÍA CAMPUZANO**, as Ad Hoc Representative of the Corporation "**DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, who requested that I notarize the Minutes of the General Meeting held by the partners of said Company on March 8, 2006, and thus register the agreements adopted therein. Accordingly, I am now presented with the corresponding Minutes, comprising nine sheets of legal size paper, along with the attendance list of the Partners, duly signed, a copy of which is attached to this deed and indicated with the letter **"B"** and which is hereby notarized and fully transcribed herein below: .............................................................................................................

CONFIDENTIAL

0

GENERAL MEETING OF PARTNERS OF DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V. (HEREINAFTER, THE "COMPANY"), HELD ON MARCH 8, 2006, AT 9 P.M., IN THE CITY OF CABO SAN LUCAS, IN THE STATE OF BAJA CALIFORNIA SUR, MEXICO. ...........................

- - - **ATTENDANCE**. All partners were present or duly represented, as indicated in the list of attendance attached hereto.

- - - **CHAIR AND SECRETARY.** The meeting was chaired by Mr. Kenneth Aboud Jowdy, Chief Executive Officer of the Company; and acting as Secretary, Mr. Fernando Manuel García Campuzano, as appointed by the partners of the Company accordingly..................................... .

- - - **AUDITORS.** The Chair appointed Mr. Rodolfo Miguel Angel Pifia Yáñez as auditor, acknowledging in his ruling that all partners were present or duly represented...........................

- - - **QUORUM.** In consideration of the auditor's ruling, and, by virtue of all partners being present or duly represented, without any requirement to publish a prior notice pursuant to the provisions of Article Seven of the bylaws,  the Chair declared quorum to hold this meeting and discuss the following matters: ...........................................................................................................................

------------------------------------------------------- **AGENDA**-------------------------------------------------------

- - - **ONE.** To propose, discuss and, if applicable, approve the complete reform of the Company's bylaws...........................................................................................................................................

- - - **TWO.** To clarify on the structure and distribution of the capital stock. ...........................................................................................................................................

- - - **THREE.** To ratify the appointment of Chief Executive Officer of the Company. ...........................................................................................................................................

- - - **FOUR.** To revoke and grant powers-of-attorney in favor of Mr. Fernando Manuel García Campuzano. ...................................................................................................................................

- - - **FIVE.** To authorize the partner Diamante Cabo San Lucas, LLC to pledge its shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement..........................................................................................................................................

- - - **SIX.** To authorize Mr. Kenneth Aboud Jowdy to pledge his shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement. ......................

- - - **SEVEN.** To accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company, in the case of assignment, purchase, enforcement or public auction of their respective shares pledged; and, if applicable, to accept the waiver of current partners of the Company both to the right of first refusal as granted to them by Article 66 of the General Corporations Law and the bylaws; as well as to any right they may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means.............................................................

CONFIDENTIAL

IGNACIO RAMIREZ
[illegible]]
TELS.
122-91-2[illegible]
122-97-1[illegible]
125-24-4[illegible]
FAX 1252586

[seal:] MR. HECTOR
CASTRO CASTRO
[illegible] NOTARY
OFFICE No. 7 LA PAZ
B.C.S.

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

1

[stamp:] ATTESTED [signature]

[stamp:] ATTESTED [signature]

- - - **EIGHT.** To register the pledge of shares in the special book of partners of the Company. ...

- - - **NINE.** To approve the execution of Pledge Agreements by documenting the pledges approved under terms of the Items Five and Six of the Agenda, as well as any and all attachments thereto...................................................................................................................

- - - **TEN.** To review and, if applicable, approve the execution by the Company of different documents, contracts and agreements to be entered into on March 9, 2006 or March 10, 2006.

- - - **ONE.** <u>To propose, discuss and, if applicable, approve the complete reform of the Company's bylaws</u>. Having taken the floor, the Chair proposed to the partners —present or duly represented— that, in order to proceed with executing the documents to be submitted for their approval as per Item Ten of the Agenda of this Meeting, it is necessary to conduct a complete reform of the Company's bylaws, due to inconsistencies derived from the bylaws that are currently in force. .................................................................................................................

- - - The Chair then circulated among the partners —present or duly represented— a draft of the bylaws, which are attached hereto as Annex "A"..........................................................................

- - - After discussing the Chair's proposal, as well as the draft bylaws, the partners unanimously approved the complete reform of the Company's bylaws under the terms of Annex "A" of this meeting. Pursuant to the foregoing, the Company shall henceforth be governed by aforesaid bylaws. ..............................................................................................................................

- - - **TWO.** <u>To clarify on the structure and distribution of the capital stock</u>. Having taken the floor, the Chair indicated to the partners —present or duly represented— that it is necessary to clarify on the partners' shareholding in the capital stock, due to inconsistencies derived from the bylaws of the Company, since the structure of the capital was incorrectly recorded in terms of the number of shares and the amount contributed by each partner of the Company. ........................

- - - The Chair further stated that, as agreed by the partners since the incorporation of the company, Diamante Cabo San Lucas, LLC owns one (1) share valued at $9,900 (Nine Thousand, Nine Hundred Pesos 00/100, Local Currency) corresponding to 99% (Ninety-Nine Percent) of the capital stock; whereas Mr. Kenneth Aboud Jowdy owns one (1) share worth $100.00 (One Hundred Pesos 00/100, Local Currency) corresponding to 1% (One Percent) of the capital stock, and that such amounts correspond to the contributions of the partners as at the date of incorporation......................................................................................................................

CONFIDENTIAL

DANSKE_0016399

2

- - - Following a brief deliberation on the matter, the partners unanimously acknowledged the correct distribution of capital stock among the partners, which is represented as follows: ...........

| Partners | Shares | Value |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

- - - **THREE.** To ratify the appointment of Chief Executive Officer of the Company. Having taken the floor, the Chair proposed to the partners —present or duly represented— to ratify the appointment of Mr. Kenneth Aboud Jowdy as Chief Executive Officer of the Company, with all the obligations, rights, powers-of-attorney and authority this entails when undertaking said role.

- - - Following a brief deliberation on the matter, the partners unanimously resolved to ratify the appointment of Mr. Kenneth Aboud Jowdy as Chief Executive Officer of the Company, with all the obligations and rights this entails when undertaking said role. ................................................

- - - **FOUR.** To revoke and grant powers-of-attorney in favor of Mr. Fernando Manuel García Campuzano. Upon discussing the next item of the Agenda, the Chair proposed to the partners —present or duly represented— to revoke the powers-of-attorney granted in favor of Mr. Fernando Manuel García Campuzano by public deed number 64,865, dated February 23, 2006, granted before Mr. José Alberto Castro Salazar, Notary Public attached to Notary Public Office No. 7 of Los Cabos , Baja California Sur. ....................................................................................

- - - Following a brief deliberation on the matter, the partners unanimously resolved to revoke the powers-of-attorney granted to Mr. Fernando Manuel García Campuzano by public deed number 64,865, dated February 23, 2006, granted before Mr. José Alberto Castro Salazar, Notary Public attached to Notary Office No. 7 of Los Cabos, Baja California Sur. ...............................................

- - - Continuing with this item of the Agenda, the Chair proposed to the partners —present or duly represented— to grant in favor of Mr. Fernando Manuel García Campuzano the following power-of-attorney: ..................................................................................................

- - - **A). GENERAL POWER-OF-ATTORNEY FOR LAWSUITS AND COLLECTIONS AND ACTS OF ADMINISTRATION.-** with all general powers and even with special powers requiring special clause, in accordance with the Law, pursuant to the first and second paragraphs of Article Two Thousand, Five Hundred Fifty-Four (2,554) of the Federal Civil Code, and Article Two Thousand, Five Hundred Eighty-Seven (2,587) of said code and equivalent provisions of the Civil Code of the State of Baja California Sur and the other states of the United Mexican States and of the Federal District where said power-of-attorney is exercised. In accordance with the foregoing, and in accordance with Article 2,468 of the Civil Code of Baja California Sur, the powers granted to the proxy shall include, but are not limited to, the following: ...........................

CONFIDENTIAL

IGNACIO RAMIREZ
[illegible]]
TELS.
122-91-2[illegible]
122-97-1[illegible]
125-24-4[illegible]
FAX 1252586

[seal:] MR. HECTOR
CASTRO CASTRO
[illegible] NOTARY
OFFICE No 7 LA PAZ
B.C.S.

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

3

[stamp:] ATTESTED
[signature]

[stamp:] ATTESTED
[signature]

- - - (i) To file and waive any and all federal and local proceedings, including writ of amparo;.....

- - - (ii) To settle disputes;..................................................................................................

- - - (iii) To submit to arbitration; .........................................................................................

- - - (iv) To answer and formulate interrogatories as legal representative of its principal;............

- - - (v) To challenge; .........................................................................................................

- - - (vi) To make and receive payments; and ...........................................................................

- - - (vii) To file complaints and lawsuits in criminal matters and to appear on behalf of its principal to take civil action and provide assistance to the Public Prosecutor's Office, as well as to waive the respective actions and proceedings where so permitted by law and to grant pardon if applicable. Likewise, he/she shall also enjoy employer's representation pursuant to Article Eleven (11) of the Federal Labor Law, and may act accordingly for or on behalf of any trade union(s) with which collective bargaining agreements have been entered into and, for all pertinent purposes, for or on behalf of individual workers, and for the resolution of individual or collective disputes: in general, for any employee-employer matter and to act before any labor authority; and may also appear before the Conciliation and Arbitration Boards, whether Local or Federal; he/she shall, thus, represent the employer for the purposes of Articles Eleven (11), Forty-Six (46) and Forty-Seven (47), and also as legal representative of the Company, for the purposes of establishing personality and capacity in and out of court, under Article Six Hundred Ninety-Two (692), sections two and three; he/she may appear for the presentation of evidence, under the terms of Articles Seven Hundred Eighty-Seven (787) and Seven Hundred Eighty-Eight (788) of the Federal Labor Law, with the power to answer and formulate interrogatories, to present evidence in all aspects; to indicate addresses for service, under Article Eight Hundred Eighty-Six (886); to appear with all sufficient legal representation to attend the hearing, as referred to in Article Eight Hundred Seventy-Three (873) in its three phases of conciliation, claims and objections, and submittal and admission of evidence, under Articles Eight Hundred Seventy-Five (875), Eight Hundred Seventy-Six (876), sections one and six, Eight Hundred Seventy-Seven (877), Eight Hundred Seventy-Eight (878), Eight Hundred Seventy-Nine (879) and Eight Hundred Eighty (880); and may also attend the hearing for the presentation of evidence, under the terms of Articles Eight Hundred Seventy-Three (873) and Eight Hundred Seventy-Four (874); likewise, he/she is granted powers to propose arbitration agreements, hold negotiations, and enter into labor agreements, as well as to settle or ratify settlement agreements in regard to and for any and all trials or labor proceedings filed before any authorities. He/she may also enter into employment contracts and terminate them accordingly.

CONFIDENTIAL

DANSKE_0016401

4

- - - Following a brief deliberation on the matter, the partners unanimously resolved to grant in favor of Mr. Fernando Manuel García Campuzano, the power-of-attorney proposed by the Chair in all its terms......................................................................................................................

- - - **FIVE.** <u>To authorize the partner Diamante Cabo San Lucas, LLC to pledge its shareholding in favor of LEHMAN BROTHERS HOLDINGS INC., in accordance with the corresponding pledge agreement</u>. The Chair informed the partners —present or duly represented— that Diamante Cabo San Lucas, LLC, through its legal representative, had stated its intention to pledge in favor of Lehman Brothers Holdings Inc. one (1) share with a nominal value of $9,900 (Nine Thousand, Nine Hundred pesos 00/100, Local Currency), which represents 99% (Ninety-Nine Percent) of the Company's capital stock......................................................................................................

- - - Aforesaid pledge shall be granted in order to comply with the agreements established in the Loan Agreement to be entered into on March 9, 2006 or March 10, 2006 by and between the Company and Lehman Brothers Holdings Inc., and which shall be submitted for approval by this meeting in Item Ten of the Agenda. ..............................................................................................

- - - The Chair further proposed to the partners —present or duly represented— to authorize Diamante LLC to pledge in favor of Lehman Brothers Holdings Inc. one (1) share of $9,900 (Nine Thousand, Nine Hundred Pesos 00/100, Local Currency), which represents 99% (Ninety-Nine Percent) of the Company's capital stock.......................................................................................

- - - By virtue of the foregoing, the partners —present or duly represented— unanimously approved the following resolutions:..............................................................................................

- - - i) To authorize Diamante Cabo San Lucas, LLC to pledge in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that shall be submitted for approval by the meeting under Item Nine of the Agenda, one (1) share with a nominal value of $9,900 (Nine Thousand, Nine hundred pesos 00/100, Local Currency), representing 99% (Ninety-Nine Percent) of the Company's capital stock......................................................................................

- - - ii) Upon the corresponding Pledge Agreement being duly executed, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in aforesaid Pledge Agreement. .....................

- - - iii) In accordance with the provisions of the corresponding Pledge Agreement, Diamante Cabo San Lucas, LLC shall not assign, sell, pledge or otherwise dispose of its share without the prior written permission of Lehman Brothers Holdings Inc. .........................................................

- - - iv) In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or otherwise dispose of the shares representing the capital stock thereof, without the prior written permission of Lehman Brothers Holdings Inc.........................................

DANSKE_0016402

IGNACIO RAMIREZ [seal:] MR. HECTOR
[illegible]] CASTRO CASTRO
TELS. [illegible] NOTARY
122-91-2[illegible] OFFICE No 7 LA PAZ
122-97-1[illegible] B.C.S.
125-24-4[illegible]
FAX 1252586

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                                                5

[stamp:] ATTESTED [signature]

[stamp:] ATTESTED [signature]

- - - v) The Company shall not allow the provisions of the corresponding Pledge Agreement to be violated in exercise of the vote corresponding to the shares.........................................................

- - - **SIX.** To authorize Mr. Kenneth Aboud Jowdy to pledge his shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement. The Chair informed the partners —present or duly represented— that Mr. Kenneth Aboud Jowdy had stated his intention to pledge in favor of Lehman Brothers Holdings Inc. one (1) share with a nominal value of $100.00 (One Hundred pesos 00/100, Local Currency) representing 1% (One Percent) of the Company's capital stock. ......................................................................................

- - - Aforesaid pledge shall be granted in order to comply with the agreements established in the Loan Agreement to be entered into on March 9, 2006 or March 10, 2006 by and between the Company and Lehman Brothers Holdings Inc., and which shall be submitted for approval by this meeting in Item Ten of the Agenda. ...............................................................................

- - - The Chair further proposed to the partners —present or duly represented— to authorize Mr. Kenneth Aboud Jowdy to pledge in favor of Lehman Brothers Holdings Inc. one (1) share with a nominal value of $100.00 (One Hundred pesos 00/100, Local Currency) representing 1% (One Percent) of the Company's capital stock. ......................................................................................

- - - By virtue of the foregoing, the partners —present or duly represented— unanimously approved the following resolutions:...............................................................................

- - - i) To authorize Mr. Kenneth Aboud Jowdy to pledge in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that shall be submitted for approval by the meeting under Item Nine of the Agenda, one (1) share with a nominal value of $100.00 (One Hundred pesos 00/100, Local Currency), representing 1% (One Percent) of the Company's capital stock. .........

- - - iii) Upon the corresponding Pledge Agreement being duly executed, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in aforesaid Pledge Agreement. .....................

- - - iv) In accordance with the provisions of the corresponding Pledge Agreement, Mr. Kenneth Aboud Jowdy shall not assign, sell, pledge or otherwise dispose of his share without the prior written permission of Lehman Brothers Holdings Inc. ...................................................................

- - - v) In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or otherwise dispose of the shares representing the capital stock thereof, without the prior written permission of Lehman Brothers Holdings Inc. ...........................................................

- - - vi) The Company shall not allow the provisions of the corresponding Pledge Agreement to be violated in exercise of the vote corresponding to the shares...................................................

CONFIDENTIAL

6

- - - **SEVEN.** <u>To accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company, in the case of assignment, purchase, enforcement or public auction of their respective shares pledged; and, if applicable, to accept the waiver of current partners of the Company both to the right of first refusal as granted to them by Article 66 of the General Corporations Law and the bylaws, as well as to any right they may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means.</u> Having taken the floor, the Chair proposed to the partners —present or duly represented— to accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company in the case of assignment, purchase, enforcement or public auction of the aforementioned shares.......................................................

- - - Following a brief deliberation on the matter, the partners —present or duly represented— unanimously approved the following resolutions: .........................................................................

- - - i) To accept as a partner of the Company, without any requirement for consent in addition to what is granted herein, Lehman Brothers Holdings Inc. or any other potential holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc., in the case of assignment, purchase, enforcement or public auction of the aforementioned shares..................................................................................................

- - - ii) In the event of assignment, purchase, enforcement or public auction of the shareholding of Diamante Cabo San Lucas, LLC in favor of Lehman Brothers Holdings Inc. or the holder of the share in due course, Mr. Kenneth Aboud Jowdy, as partner of the Company, hereby waives both the right of first refusal as granted to him by Article 66 of the General Corporations Law and the bylaws, as well as any right he may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means. ................................................................

- - - iii) By virtue of the foregoing, Mr. Kenneth Aboud Jowdy waives both the right of first refusal as granted to him by Article 66 of the General Corporations Law and the bylaws, as well as any right he may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means, hereby granting his consent for, as applicable, the assignment, purchase, enforcement or public auction of the shareholding of Diamante Cabo San Lucas, LLC pledged in favor of Lehman Brothers Holdings Inc......................................................................................

- - - iv) In the event of purchase, enforcement or public auction of the shareholding of Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. or the holder of the share in due course, Diamante Cabo San Lucas, LLC, as partner of the Company, hereby waives both the right of first refusal as granted to it by Article 66 of the General Corporations Law and the bylaws, as well as any right it may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means......................................................................................

DANSKE_0016404

IGNACIO RAMIREZ [seal:] MR. HECTOR
[illegible]] CASTRO CASTRO
TELS. [illegible] NOTARY
122-91-2[illegible] OFFICE No.7 LA PAZ
122-97-1[illegible] B.C.S.
125-24-4[illegible]
FAX 1252586

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

7

- - v) By virtue of the foregoing, Diamante Cabo San Lucas, LLC waives both the right of first refusal as granted to it by Article 66 of the General Corporations Law and the bylaws, as well as any right it may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means, hereby granting its consent for, as applicable, the assignment, purchase, enforcement or public auction of the shareholding of Mr. Kenneth Aboud Jowdy pledged in favor of Lehman Brothers Holdings Inc. .......................................................................

- - - vi) In the event of purchase, enforcement or public auction of the shareholding pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. in accordance with the above resolutions, the Company's capital stock would comprise the following: ...........................................................................................................

| Partners | Shares | Value |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $9,900.00 |
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

- - - **EIGHT.** To register the pledge of shares in the special book of partners of the Company. Taking into account previously adopted resolutions, the Chair  instructed the Secretary to annotate the pledges granted in favor of Lehman Brothers Holdings Inc. in the special book of partners, upon having executed the corresponding Pledge Agreements.................................... .

- - - The Chair further instructed the Secretary to provide Lehman Brothers Holdings Inc. with a copy of the said annotations within two days of executing the corresponding Pledge Agreements ............................................................................................................................................ .

- - - **NINE.** To approve the execution of Pledge Agreements by documenting the pledges approved under terms of the Items Five and Six of the Agenda, as well as any and all attachments thereto. Upon discussing the next item of the Agenda, the Chair circulated among the partners —present or duly represented— a copy of the draft Pledge Agreements to be executed in order to document the granting of pledges approved through the resolutions of Items Five and Six of the Agenda, as well as any and all attachments thereto. .....................................

CONFIDENTIAL

DANSKE_0016405

[stamp:] ATTESTED [signature]

- - - Following a thorough review of the documents submitted by the Chair, the partners —present or duly represented— as well as the Company through Mr. Kenneth Aboud Jowdy, as Chief Executive Officer, stated their clear and full understanding of the terms and conditions set out in the Pledge Agreements and attachments thereto....................................................................

- - - After having thoroughly discussed the terms and conditions contained in the Pledge Agreements and attachments thereto, the partners unanimously adopted the following resolutions: ...............................................................................................................................

- - - i) They understand and accept the terms and conditions set forth in the Pledge Agreements and any and all attachments thereto presented by the Chair...........................................................

- - - ii) They authorize the Company to enter into Pledge Agreements, as well as any and all attachments thereto, under terms substantially equal to the documents attached hereto as Annex "B", subject to any amendments agreed by the parties prior to affixing their signature.....

- - - iii) Mr. Kenneth Aboud Jowdy, as Chief Executive Officer of the Company, is authorized to enter into Pledge Agreements and any and all attachments thereto. ...............................................

-- - - iv) It is agreed that the Company shall not undertake any act or activity that violates or contravenes the terms and conditions set forth in the Pledge Agreements or any and all attachments thereto................................................................................................................... .

- - - **TEN.** To review and, if applicable, approve the execution by the Company of different documents, contracts and agreements to be entered into on March 9, 2006 or March 10, 2006. The Chair proceeded to circulate among the partners —present or duly represented— a draft of the following documents, contracts and agreements to be executed by the Company on March 9, 2006 or March 10, 2006: ..............................................................................................................

- - - 1. Loan Agreement  to be entered into by and between the Company and Lehman Brothers Holdings Inc. ..................................................................................................................................

- - - 2. Promissory Note to be signed by the Company in favor of Lehman Brothers Holdings Inc.; ........................................................................................................................................

- - - 3. Trust Agreement to be entered into by and between the Company, Lehman Brothers Holdings Inc. and Banco JP Morgan, S.A., Institución de Banca Múltiple [Universal Banking], JP Morgan Grupo Financiero, División Fiduciaria [Trust Division]......................................................

- - - 4. Assignment of Lease and Rents  to be executed by the Company in favor of Lehman Brothers Holdings Inc. .......................................................................................................................

- - - 5. Environmental Indemnity  to be executed by the Company and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc....................................................................................

- - - 6. Omnibus Assignment  to be executed by the Company in favor of Lehman Brothers Holdings Inc. .................................................................................................................................. .

- - - 7. Non-Possessory Pledge Agreement to be executed by the Company and Lehman Brothers Holdings Inc. ......................................................................................................................

CONFIDENTIAL

IGNACIO RAMIREZ [illegible] TELS. 122-91-2[illegible] 122-97-1[illegible] 125-24-4[illegible] FAX 1252586

[seal:] MR. HECTOR CASTRO CASTRO [illegible] NOTARY OFFICE No 7 LA PAZ B.C.S.

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

9

[stamp:] ATTESTED
[signature]

- - - After reviewing the terms and conditions set out in the documents referred to above, the partners of the Company, as well as the Company through Mr. Kenneth Aboud Jowdy, as its Chief Executive Officer, stated their clear and full understanding of the terms and conditions set out in the documents to be executed by the Company...................................................................

- - - After having thoroughly discussed the terms and conditions of the documents presented by the Chair, the partners unanimously adopted the following resolutions: .......................................

- - - i) They understand and accept the terms and conditions set forth in the documents presented by the Chair. .......................................................................................................................

- - - ii) They authorize the Company to execute the documents presented by the Chair, as well as any and all attachments thereto, and to be bound by the terms thereof, under terms substantially equal to the documents attached hereto as Annex "C", subject to any amendments agreed by the parties prior to affixing their signature. ...........................................................................................

- - - iii) Mr. Kenneth Aboud Jowdy, as Chief Executive Officer of the Company, is authorized to execute the documents presented by the Chair and any and all attachments thereto. ................

- - - iv) It is agreed that the Company shall not undertake any act or activity that violates or contravenes the terms and conditions set forth in the documents presented by the Chair or any and all attachments thereto. ..............................................................................................................

- - - **PARTNER TAX INFORMATION.** The President proceeded to state the tax identification code of the partner Kenneth Aboud Jowdy, as follows:.................................................................

| Mr. Kenneth Aboud Jowdy | AOJK 640716 V59 |
|---|---|

- - - The President further stated that the partner Diamante Cabo San Lucas LLC is resident abroad, and has thus chosen not to register with the Federal Taxpayer Registry under the terms established by paragraph four of Article 27 of the Federal Tax Code; therefore, the Company shall submit the notification referred to in said article within the first three months of the end of the financial year. .....................................................................................................................................

- - - **AUTHORIZATION.** The Meeting unanimously resolved to authorize Mr. Fernando Manuel García Campuzano, Mr. Roberto Arena Reyes Retana, Mr. Alejandro Ortiz Prieto, Mr. Eduardo Eugenio Pizarro Suárez Villalobos, Mr. Víctor Manuel Manzano Maclas, Mr. Marco Antonio Najera Martínez, and Mr. Raúl Salvador Mejía Palos to either jointly, individually, or indistinctly appear before the notary public of their choice and notarize the text hereof in the manner they so deem pertinent................................................................................................................................... .

- - - **DRAFTING OF MINUTES.** The Secretary proceeded to draft theses minutes, after which they were read aloud, being unanimously approved accordingly................................................. .

- - - **CLOSING**. There being no further matter to be discussed, the Meeting was declared closed at 10:30 p.m.....................................................................................................................................

[stamp:] ATTESTED
[signature]

- - - SIGNATURES TO FOLLOW. ..................................................................................................

- - - The appearing party declares that the signatures affixed hereupon are authentic, as well as the text hereof...................................................................................................

- - - The appearing party presents before me, and which I attach to the appendix with the letter "**C**", as well as to the testimony thereof, the Bylaws duly signed by the partners ...........................

- - - By virtue of the foregoing, the following shall be granted: ----------------------------------------------

-------------------------------------------------**CLAUSES**-------------------------------------------------------

- - - **ONE.-** At the request of Mr. **FERNANDO MANUEL GARCÍA CAMPUZANO,** the Minutes of the Meeting of Partners of the Corporation **"DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** held March 8, 2006 are NOTARIZED, and the agreements adopted therein are thus registered.......................................

**TWO- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** shall be governed by the approved bylaws, which read as follows:...

-----------------------------------------------**BYLAWS** ---------------------------------------------------------

--------------------------------------------------- **OF**-----------------------------------------------------------

------------------------ **DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.**----------------------------

-------------------------------------------------CHAPTER ONE -------------------------------------------------

------------------------- CORPORATE NAME, REGISTERED OFFICE, TERM AND PURPOSE-----

- - - <u>ONE</u>. The corporate name of the Company shall be "DIAMANTE CABO SAN LUCAS", a name that shall always be followed by "SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE" or its abbreviation "S. DE R.L. DE C.V." (the "Company") ...................... .

- - - <u>TWO.</u> The Company's registered office shall be located in the city of Cabo San Lucas, Baja California Sur, Mexico. The Company may establish agencies/offices and branches anywhere in the United Mexican States or abroad, and may also indicate conventional domiciles, without this being deemed a change of its registered office .................................................................... .

- - - <u>THREE.</u> The term of the Company shall be Ninety-Nine (99) years, effective from the date of execution hereof. .................................................................................................

- - - <u>FOUR</u>. The Company's purpose is:.......................................................................

- - - a) In accordance with Clause Five, to undertake any and all activities related to the financing, guarantee, purchase, possession, construction, sale, lease, exchange, operation, design, development and commercialization of a tourism project on the property known as La Laguna, in the area known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, Mexico (the "<u>Property</u>"), pursuant to the terms of the Loan Agreement to be entered into by and between Lehman Brothers Holdings Inc. ("<u>Lender</u>") and the Company (the "<u>Project</u>"). ..............................................................................................

CONFIDENTIAL

IGNACIO RAMIREZ   [seal:] MR. HECTOR
[illegible]]   CASTRO CASTRO
TELS.   [illegible] NOTARY
122-91-2[illegible] OFFICE No. 7 LA PAZ
122-97-1[illegible]   B.C.S.
125-24-4[illegible]
FAX 1252586

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

11

- - - b) To enter into, with the Lender, any and all contracts and agreements related to the financing, loan guarantee and obligations of third parties, the purchase, possession, construction, sale, lease, exchange, operation, design, development and commercialization of the Project as stipulated in the Loan Agreement (as per the definition ascribed to said term below) to be entered into by and between the Company and the Lender, in the Property; including, but not limited to, the following instruments (the "Credit Documents"): ......................

- - - 1. Loan agreement (the "Loan Agreement") between the Company and the Lender to be executed on March 9, 2006 (the "Closing Date").........................................................................

- - - 2. Promissory Note  to be signed by the Company in favor of the Lender on the Closing Date ...................................................................................................................................................

- - - 3. Trust Agreement  between the Company, the Lender and Banco JP Morgan, S.A., Institución de Banca Múltiple [Universal Banking], JP Morgan Grupo Financiero, División Fiduciaria [Trust Division] to be executed on the Closing Date ...................................................... .

- - - 4. Assignment of Lease and Rents by the Company in favor of the Lender, to be executed on the Closing Date ........................................................................................................................ .

- - - 5. Environmental Indemnity  by the Company and Mr. Kenneth Aboud Jowdy in favor of the Lender, to be executed on the Closing Date.................................................................................

- - - 6. Omnibus Assignment by the Company in favor of the Lender, to be executed on the Closing Date ..................................................................................................................................... .

- - - 7. Non-Possessory Pledge Agreement by the Company in favor of the Lender, to be executed on the Closing Date ...................................................................................................... .

- - - 8. Share Pledge Agreements between the partners of the Company ("Partners"), the Company and the Lender, to be executed on the Closing Date.....................................................

- - - c) To procure any and all government permits and authorizations required to construct, operate, commercialize, sell, lease, design, guarantee or take possession of the Project...........

- - - d) To sell, to give or receive under lease or sublease, dispose of, commercialize, or negotiate with any and all types of personal or real property developed in the Project. ..............................

- - - e) To contract and subcontract, directly or through third parties, any and all services for the design, construction, urbanization, and commercialization of personal or real property developed, constructed, and operated within the Project. ...............................................................

- - - f) To contract and subcontract, directly or through third parties, any and all services for the proper functioning of personal or real property developed, constructed, and operated within the Project................................................................................................................................................

- - - g) To enter into all types of agreements, contracts and acts with any natural person or legal entity, private or public, with the exception of related parties of the Company and under the provisions of the Loan Agreement and the Credit Documents. ......................................................

[stamp:] ATTESTED
[signature]

[stamp:] ATTESTED
[signature]

12

- - - h) To become established and participate as a trustor or trustee, in the Trust Agreement that is executed with respect to the Property under the provisions of the Loan Agreement and the Credit Documents.......................................................................................................................

- - - i) To purchase construction materials for the urbanization and construction of personal and real property developed and constructed for the Project. ...............................................................

- - - j) To issue debentures, subscribe and issue negotiable instruments, accept and endorse them in any manner and, in general, negotiate any and all negotiable instruments provided they are issued in direct relation to the corporate purpose of the Company.........................................

- - - k) To act as representative, agent or intermediary for any third party, whether a natural person or legal entity, domestic or foreign, exclusively for acts directly related to the Project. ....

- - - l) To register, acquire, receive, take possession of, and dispose of, in any lawful manner, licenses, concessions, trademarks, trade names, intellectual rights, inventions and patents, and any and all types of intellectual and industrial property, as well as to establish technical support contracts. .................................................................................................................................

- - - m) To contract employees, through employment agencies, for the purpose of undertaking the corporate purpose. ..........................................................................................................................

- - - <u>FIVE</u>. Execution and fulfillment of the corporate purpose:......................................................

- - - The Company shall comply with the following provisions, as stipulated in the Loan Agreement, for the execution of any contract or agreement, on the understanding that any act that violates any of these provisions shall be deemed to be a violation of the Credit Documents. ........................................................................................................................................

- - - (a) The Company shall have no other asset or property except those permitted by the Loan Agreement and that are related to the Project, including the Property and the rights and obligations arising from the Credit Documents. ...........................................................................

- - - (b) The Company shall not conduct any business other than the Project. .............................

- - - (c) The Company shall not undertake any activity or enter into any agreement with its Related Parties, as per the definition ascribed to such term in the Loan Agreement, unless said act is permitted or not prohibited by the Loan Agreement. ............................................................

- - - (d) The Company may not guarantee or incur debt (whether personal or non-recourse, secured or unsecured) other than payments in the ordinary course of operations derived from the design, construction, direction and operation of the Project, and which are covered by the Budget, as defined in the Loan Agreement and not exceeding 60 business days........................

- - - (e) The Company shall not grant loans or payment advancements to any person; likewise, the Company may not acquire debentures nor shares of any of its Related Parties  as per the definition ascribed to said term in the Loan Agreement..................................................................

IGNACIO RAMIREZ [illegible]] TELS. 122-91-2[illegible] 122-97-1[illegible] 125-24-4[illegible] FAX 1252586

[seal:] MR. HECTOR CASTRO CASTRO [illegible] NOTARY OFFICE No. 7 LA PAZ B.C.S.

MR. HECTOR CASTRO CASTRO HOLDER MR. JOSE ALBERTO CASTRO SALAZAR ASSIGNED NOTARY OFFICE No.7

LA PAZ, B.C.S.

13

[stamp:] ATTESTED [signature]

- - - (f) The Company shall at all times undertake the acts required to comply with the corporate obligations and the obligations stipulated by Mexican law to preserve its existence. .................

- - - (g) The Company may not be guaranteed nor bound by third-party debts, except for debts arising from the Loan Agreement and the Credit Documents. .......................................................

- - - (h) The Company shall not pledge its assets for the benefit of any other party and any third party, except where provided for in the Loan Agreement and the Credit Documents..................

- - - (i) The Company may not sell the Company's materials or assets that are used for the Project without the prior written consent of the Lender.

- - - (j) The Company may not acquire employees nor contract employees through employment agencies. The entire workforce of the Company shall be subcontracted through companies that specialize in the provision of employment services. ....................................................................

- - - (k) The Company may not have a holding in the capital stock, nor may it be a shareholder or partner of any other company. ........................................................................................................

---------------------------------------------CHAPTER TWO--------------------------------------------------

-----------------------------------CAPITAL STOCK AND SHARES ---------------------------------------------

- - - <u>SIX.</u> The capital stock is variable, with a minimum fixed amount of $10,000.00 (TEN THOUSAND PESOS, LOCAL CURRENCY) and an unlimited maximum. ....................................

- - - The capital stock shall be represented by shares in accordance with the number of partners who comprise it, which in no case may exceed Fifty (50) partners. Such shares shall represent the partners' holding of the capital stock; they may be of unequal value but, in any case, their value shall be $1.00 (ONE PESO, LOCAL CURRENCY) or any multiple thereof. .................... :

- - - Each partner shall have a share with a value that may be increased or reduced in accordance with the increase or reduction of its holding in the capital stock. ...............................

- - - With the exception of the privileged shares that are issued, all shares shall grant the same rights and obligations........................

- - - <u>SEVEN</u>. The shares are indivisible; however, the ordinary general meeting of partners, by agreement adopted by the favorable vote of partners representing (two-thirds) of the capital stock, may authorize the division of a share and the partial transfer thereof to another partner, complying with the requirements stipulated in Sections Eight, Nine, Ten, and Eleven herein..... .

- - - <u>EIGHT</u>. In order for any partner to assign, pledge or otherwise dispose of the share it owns in favor of a person external to the Company, it shall require the prior consent of the [other] partners and the Lender. Accordingly, the partners shall have the right of first refusal to acquire them, pursuant to Article Sixty-Six (66) of the General Corporations Law. .............................................

[stamp:] ATTESTED [signature]

DANSKE_0016411

- - - In the event that any partner should decide to assign, pledge or otherwise dispose of the share it owns in favor of a person external to the Company, it shall be required to notify the Chief Executive Officer and the Lender, in writing, 15 business days in advance. Said notification shall include; (i) the name of the prospective acquirer; (ii) consideration for the sale of the share; (iii) the reason for the sale, assignment or pledge of the share; and (iv) the period within which to execute the transfer of the share .............................................................................................. .

- - - The Chief Executive Officer shall notify the partners, in writing, of the intention of the partner(s) wishing to transfer, assign or pledge its (their) share(s), and shall convene an ordinary shareholders' meeting in which approval of the share assignment, pledge or disposal is submitted for vote. ....................................................................................................................

- - - Failure to comply with the procedure provided for in this clause shall render any transfer, assignment or pledge of a share invalid, unless the unanimity of the partners is present at the Meeting of Partners approving the assignment, pledge or disposal of the shares........................

- - - NINE. The capital stock shall be subject to increases and reductions. The capital stock shall be increased by agreement of the Meeting of Partners by way of new contributions from the partners or by the admission of new partners. ...............................................................................

- - - The variable proportion of the capital stock may be reduced due to the partial or total withdrawal of contributions, in accordance with the provisions of these bylaws and with the applicable provisions of Chapter VIII of the General Corporations Law.

- - - Any and all capital stock increases or reductions shall be recorded in the register book kept by the Company accordingly, pursuant to Article Seventy-Three (73) of the General Corporations Law. ......................................................................................................................................

-Notwithstanding the foregoing, the Company shall not permit capital stock reductions without the written approval of the Lender.................................................................................................

- - - TEN. Share transfers under the concept of inheritance shall not require the consent of the other partners, in accordance with the provisions of Article Sixty-Seven (67) of the General Corporations Law, since the death of any partner does not entail the dissolution of the companies [sic: Company] nor the obligation of the other partners to liquidate their shares to the heirs of the former ................................................................................................................... .

- - - ELEVEN. The Company shall keep a special register book of partners, wherein the name and address of each partner is recorded, indicating its contributions and the transfer or encumbrance of the shares. No share transfer shall take effect with respect to third parties until said registration has been made .......................................................................................... .

- - - TWELVE. Partners shall have the right of pre-emption to subscribe capital stock increases, in proportion to the value of the share over which said partner has the right of pre-emption prior to the increase. Partners shall exercise their right of pre-emption within 15 days of the date on which the meeting resolution has been published in the Official Journal of the Federation or within 15 days following the meeting, if the partner wishing to assert its right had attended the

DANSKE_0016412

[stamp:] ATTESTED
[signature]
[stamp:] ATTESTED
[signature]

IGNACIO RAMIREZ
[illegible]]
TELS.
122-91-2[illegible]
122-97-1[illegible]
125-24-4[illegible]
FAX 1252586

[seal:] MR. HECTOR
CASTRO CASTRO
[illegible] NOTARY
OFFICE No. 7 LA PAZ
B.C.S.

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

15

meeting, or within the following 15 days, starting from the date on which each partner acknowledges, in writing to the Company, having received the notification of said resolution. ....

- - - <u>THIRTEEN</u>. The capital stock may be reduced, by agreement of the Meeting of Partners, in accordance with the requirements of Article Nine (9) of the General Corporations Law. Notwithstanding the foregoing, the Company shall not allow any capital stock reductions without the approval of the Lender ................................................................................................ .

- - - <u>FOURTEEN</u>. The right of separation may not be exercised if, as a result, the capital stock is reduced to less than the minimum fixed capital ............................................................................ .

------------------------------------------CHAPTER THREE------------------------------------------
------------------------------------------MEETING OF PARTNERS------------------------------------------

- - - <u>FIFTEEN</u>. The Meeting of Partners is the supreme body of the Company. Legally-adopted resolutions in any duly constituted Meeting of Partners shall be binding for all partners, including any absent or dissident partners. ................................................................................................

- - - <u>SIXTEEN</u>. The resolution adopted at a Meeting of Partners shall be required to resolve any of the following matters:  ................................................................................................

- - - a) To discuss, approve, modify or reject the balance sheet for each financial year end, and to adopt the measures deemed appropriate accordingly; ................................................................

- - - b) To distribute profits;  ................................................................

- - - c) To appoint and remove the Chief Executive Officer or members of the Board of Directors; ................................................................................................

- - - d) To appoint, as applicable, the Supervisory Committee;  ................................................................

- - - e)   To   resolve   on   the   splitting   and   amortization   of   shares; ................................................................................................

- - - f) To require, if applicable, supplementary contributions and ancillary obligations;...............

- - - g) To file claims against corporate bodies or against partners for corresponding shares in pursuit of damages;................................................................

- - - h) To amend the bylaws of the Company;................................................................

- - - i) To approve the assignment, pledge or sale of shares; ................................................................

- - - j) To approve the admission of new partners; ................................................................

- - - k) To decide on capital stock increases and reductions;................................................................

- - - l) To decide on the dissolution of the Company; ................................................................

- - - m) Any matter that, pursuant to the Law or these bylaws, may be applicable. .....................

- - - <u>SEVENTEEN</u>. At least one Meeting of Partners shall be held during the four months following the financial year end ................................................................................................ .

CONFIDENTIAL
DANSKE_0016413

16

- - - <u>EIGHTEEN</u>. Meetings shall be convened by the Chief Executive Officer or, in his/her absence, by the Supervisory Committee or, in its absence, by partners with a holding of more than one third of the capital stock, or the Lender....................................................................... .

- - - <u>NINETEEN</u>. The call for each Meeting of Partners shall be published in any large-circulating newspaper where the registered office of the Company is located, and a written copy thereof shall be submitted to the Lender, or the partners shall be notified by telex, telefax or letter with acknowledgment of receipt, at least eight (8) calendar days prior to the intended date of the meeting, indicating the day, time, and location of the meeting and the meeting agenda accordingly. Upon convening one hundred percent (100%) of the partners, the meetings shall be deemed valid even without a prior call for the meeting, provided the Lender has been notified 15 days in advance accordingly, unless the Lender grants a shorter period in writing. .....................

- - - <u>TWENTY</u>. Partners may be represented in each Meeting of Partners by representatives, who may or may not belong to the Company. Said representation shall be granted in writing. Partners may not be represented by the Chief Executive Officer not by any member of the Supervisory Committee. Notwithstanding the foregoing, in terms of the Pledge Agreement entered into by and between the Lender, the Company and the Partners, the Lender shall have the right to participate in the meetings in the capacity of partner, and to vote on the shares pledged for and on behalf of the Partners. .......................................................................................

- - - <u>TWENTY-ONE</u>. The procedure to be followed in each meeting shall be as follows: .............

- - - a) Each Meeting of Partners is held at the registered office, except in the event of an act of God or force majeure. ...................................................................................................

- - - b) The Chief Executive Officer or the Board of Directors shall chair each meeting, while the Secretary of the Board shall act as Secretary of each meeting accordingly; in the absence thereof, the meeting shall appoint the Chair and the Secretary from among those present. .........

- - - c) The Chair shall appoint two auditors to verify and perform a count of the number of shares represented in each meeting...................................................................................

- - - d) If the respective quorum is present, the Chair shall declare the meeting legally convened and proceed with presenting the Agenda. ...................................................................

- - - e) Each share shall grant the right to vote for each peso of local currency represented in the Capital Stock. .....................................................................................................

- - - f) For each Meeting of Partners, minutes shall be drafted in the respective book, which shall be signed by the Chair and the Secretary of the meeting. The documents justifying that each call for a meeting was made in accordance with the bylaws shall be attached as an appendix to the minutes, as well as the list of attendees drawn up by the auditors, the letter of attorney or power-of-attorney summary, reports, rulings, and any other documents that have been submitted for consideration by the meeting and the respective minutes...................................... .

CONFIDENTIAL

IGNACIO RAMIREZ [illegible]] TELS. 122-91-2[illegible] 122-97-1[illegible] 125-24-4[illegible] FAX 1252586

[seal:] MR. HECTOR CASTRO CASTRO [illegible] NOTARY OFFICE No 7 LA PAZ B.C.S.

MR. HECTOR CASTRO CASTRO HOLDER MR. JOSE ALBERTO CASTRO SALAZAR ASSIGNED NOTARY OFFICE No.7

LA PAZ, B.C.S.

17

[stamp:] ATTESTED [signature]

[stamp:] ATTESTED [signature]

- - - <u>TWENTY-TWO</u>. Unless otherwise provided for herein or by the Law, each Meeting of Partners shall be deemed legally convened at the first call when at least (sixty-five) per cent of the capital stock is represented................................................................................. .

- - - In the event that the necessary quorum is not obtained in the first call, a second call shall be made under the same terms established for the first call, and the meeting shall be deemed legally convened regardless of the number of partners or representatives thereof present. ........

- - - <u>TWENTY-THREE</u>. Resolutions adopted at each Meeting of Partners shall be valid if they are approved by the vote of shares representing Sixty-Five Percent (65%) of the capital stock present in the meeting and in the cases established in the Pledge Agreement entered into by and between the Company, the Partners and the Lender; the written approval of the Lender............

- - - Notwithstanding the foregoing, the resolutions adopted by the partners outside the meeting —even by means of telephone conferences— shall have the same validity, provided that it is confirmed in writing and the requirements indicated in Article Eighty-Two (82) of the General Corporations Law are met. The Secretary of the Company shall receive the documents that verify the adoption of any resolution in accordance with this procedure, and shall record the annotations in the respective book................................................................................... .

--------------------------------------------CHAPTER FOUR --------------------------------------------

---------------------------------ADMINISTRATION OF THE COMPANY---------------------------------

- - - <u>TWENTY-FOUR</u>. The Administration of the Company shall be entrusted to a Chief Executive Officer, who shall be appointed by the Meeting of Partners ........................................................ .

- - - <u>TWENTY-FIVE</u>. The Chief Executive Officer may be a partner or a person external to the Company, and shall remain in office for one year, but in any case shall continue to serve as such until his/her successor is appointed and takes office................................................................. .

- - - <u>TWENTY-SIX</u>. The Chief Executive Officer shall be liable to the Lender for any act undertaken by the Company under his/her supervision in breach of the Loan Agreement and Credit Documents, and shall take the necessary measures to ensure that the Company complies with the obligations stipulated therein. Notwithstanding the foregoing, the Chief Executive Officer shall not be liable to the Lender for any act where the Chief Executive Officer has acted in good faith or in the event of an act of God or force majeure.  ...............................................................

- - - <u>TWENTY-SEVEN.</u> The Chief Executive Officer shall represent the Company and is granted the following powers ............................................................................................................ :

- - - A) Those covered by the general powers-of-attorney for lawsuits and collections, for the administration of property and for undertaking acts of ownership, in accordance with the first three paragraphs of Article Two Thousand, Five Hundred Fifty-Four (2,554) of the Federal Civil Code and equivalent provisions thereof in each state of the United Mexican States and the Federal District, including all general and special powers requiring a special clause under Articles Two Thousand, Five Hundred Eighty-Seven (2,587); Two Thousand, Five Hundred Seventy-Four (2,574); Two Thousand, Five Hundred Eighty-Two (2,582); and Two Thousand,

DANSKE_0016415

18

Five Hundred Ninety-Three (2,593) of the Federal Civil Code and equivalent provisions thereof in each state of the United Mexican States and the Federal District. In view of the foregoing, the Chief Executive Officer shall have powers that include, but are not limited to, the following:.......

- - - a) The Chief Executive Officer or, if applicable, the Board of Directors, may initiate any legal action, file appeals —including writ of amparo— and resolve disputes in adherence to conventional procedures. They may also undertake the following actions: file criminal charges and assist the Public Prosecutor's Office; make and receive payments; assign property and undertake any act permitted by Law; represent the Company before individuals and before any and all civil, administrative, judicial or criminal authorities, whether federal, state or municipal, before conciliation and arbitration boards and other labor authorities, decentralized companies; enter into agreements with the Federal Government, before the Ministry of Foreign Affairs, pursuant to sections I and IV of Article Twenty-Seven (27) of the Political Constitution of the United Mexican States and implementing regulations thereto. ...................................................

- - - b) Undertake any and all operations that are not restricted to the Meeting of Partners, as well as enter into, amend and terminate contracts and agreements. ...................................................

- - - c) Grant, issue, draw, accept, endorse, or otherwise subscribe negotiable instruments in accordance with Article Nine (9) of the General Law on Negotiable Instruments and Credit Transactions. ...............................................................................................................

- - - d) Open, manage and close bank accounts on behalf of the Company. ...............................

- - - e) Constitute and withdraw all types of deposits. ....................................................................

- - - f) Appoint and remove officers and employees of the Company and determine the powers, obligations and remuneration thereof. ..........................................................................................

- - - g) Grant general or special powers-of-attorney to one or more of its members and to any person that the Board of Directors or the Chief Executive Officer, if applicable, deems appropriate; as well as revoke them accordingly. ........................................................................

- - - h) Agree on the establishment and/or removal of branches, agencies or departments. .......

- - - i) Execute the resolutions adopted at the Meeting of Partners. ..............................................

- - - j) Represent the Company when it forms part of other companies, purchasing or subscribing shares or holdings, or intervening as a party to the incorporation thereof. ...................................

DANSKE_0016416

IGNACIO RAMIREZ
[illegible]]
TELS.
122-91-2[illegible]
122-97-1[illegible]
125-24-4[illegible]
FAX 1252586

[seal:] MR. HECTOR
CASTRO CASTRO
[illegible] NOTARY
OFFICE No 7 LA PAZ
B.C.S.

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                    19

[stamp:] ATTESTED [signature]

- - - k) Permit and exercise on behalf of the Company powers-of-attorney and representations of natural persons or legal entities, domestic or foreign, either to contract on their behalf or to appear in a trial. ....................................................................................................................................

- - - l) To appear and represent the principal company in the execution, termination and rescission of any employment relationship or contract, as well as in any labor-related trial or proceeding against the principal or filed by it, to enter into agreements or conciliation of any kind at the various stages of any trial or proceeding. Said power-of-attorney, in addition to being granted broadly with powers as contained in the above provisions, includes the express powers referred to in Articles Eleven (11); Forty-Six (46); Forty-Seven (47); Six Hundred Ninety-Two (692); Seven Hundred Eighty-Six (786) to Seven Hundred Eighty-Eight (788); Eight Hundred Sixty-Six (866); and Eight Hundred Seventy-Three (873) to Eight Hundred Eighty (880) of the Federal Labor Law. ....................................................................................................................

--------------------------------------------CHAPTER FIVE --------------------------------------------------

----------------------------------------SUPERVISION OF THE COMPANY-------------------------------------

- - - <u>TWENTY-EIGHT</u>. Whenever the Meeting of Partners deems it pertinent, the supervision of the Company shall be undertaken by a Supervisory Board, comprising or composed of one or more members appointed by the Meeting, who may or may not be partners and shall have the rights and obligations granted under Articles One Hundred Sixty-Six (166) et seq. of the General Corporations Law. The members of the Supervisory Board shall remain in office for one year or until their successors have been appointed and take office, or until the Meeting of Partners resolves upon their removal. The Meeting of Partners may, in turn, appoint one or more alternate members of the Supervisory Board, who may or may not be partners, to replace the regular members in their temporary or permanent absence...................................................................... .

--------------------------------------------CHAPTER SIX ----------------------------------------------------

-------------------- FINANCIAL YEAR, FINANCIAL STATEMENTS, RESERVES ---------------------

-------------------------------------AND LIMITED LIABILITY----------------------------------------------

- - - <u>TWENTY-NINE</u>. Pursuant to Article 8-A of the General Corporations Law, each financial year shall be 12 months and run from January 1 to December 31 of each year, except for the first financial year which shall run from the date of incorporation of the Company to December 31 of that same year............................................................................................................................... .

- - - <u>THIRTY</u>. The report of the Chief Executive Office, containing the balance sheet for each financial year, shall be prepared at the end of each financial year and, together with said report or —if applicable— the report of the Supervisory Board in relation to said report and the balance sheet, shall be made available to each partner and the Lender, accompanied by the relevant supporting documentation. ............................................................................................................

[stamp:] ATTESTED [signature]

CONFIDENTIAL                                                                    DANSKE_0016417



20

- - - Each partner's liability shall be limited to the value of the shareholding of said partner, and each partner shall be liable for any outstanding part of the value of the share part its owns. ......

-------------------------------------------CHAPTER SEVEN-------------------------------------------------

--------------------------------DISSOLUTION AND LIQUIDATION OF THE COMPANY-----------------

- - - <u>THIRTY-ONE</u>. The Company shall be dissolved when any of the circumstances contained in Article Two Hundred Twenty-Nine (229) of the General Corporations Law arise. Notwithstanding the foregoing, neither the Company nor any Related Party shall seek to dissolve or liquidate the Company voluntarily without the prior written consent of the Lender. The dissolution procedure shall be carried out in accordance with Article Two Hundred Thirty-Two (232) of said law..........

- - - <u>THIRTY-TWO</u>. Liquidation shall be subject to chapter XI of the General Corporations Law and shall be carried out by one or more liquidators appointed by a Meeting of Partners. ...........

- - - <u>THIRTY-THREE</u>. During the liquidation of the Company, liquidators shall have the same powers and obligations as the Chief Executive Officer or, if applicable, the Board of Directors and officers during the normal term of the Company. .........................................................................

- - - <u>THIRTY-FOUR</u>. Until the appointment of liquidators has been registered in the Public Registry of Commerce corresponding to the registered office, and said liquidators have taken office, the Chief Executive Officer and officers of the Company shall continue in their role as such. Nonetheless, the Chief Executive Officer shall not be able to initiate new operations after the partners have adopted the resolution to liquidate the Company, or upon verifying the existence of the legal cause for such ........................................................................................... .

-------------------------------------------CHAPTER EIGHT-------------------------------------------------

--------------------- NATIONALITY OF THE COMPANY AND FOREIGN PARTNERS-----------------

- - - <u>THIRTY-FIVE</u>. The Company has Mexican nationality. Any foreigner who, upon the Company being incorporated or at a subsequent time thereafter, acquires an interest or holding in the Company shall, by that very act, be deemed Mexican in regard to one or another, and also in regard to property, rights, concessions, holdings or interests of which this Company becomes the owner, or the rights and obligations arising from any contracts or agreements to which said foreigner is a party and, thus, undertakes not to invoke the protection of its own government, under penalty of losing such interest or holding in favor of the Mexico due to any violation of its agreement. ................................................................................................................................

-------------------------------------------CHAPTER NINE-------------------------------------------------

-------------------------------------------- JURISDICTION -------------------------------------------------

- - - <u>THIRTY-SIX</u>. The courts corresponding to the registered office of the Company shall be the only competent bodies to intervene and enforce these Bylaws. Accordingly, the Partners, the Chief Executive Officer, the members of the Supervisory Committee and other officers of the Company expressly submit to the jurisdiction of such courts to resolve any dispute that may arise between them and the Company, waiving any other jurisdiction that may correspond to them by virtue of their current or future domiciles or for any other reason.................................................

DANSKE_0016418

IGNACIO RAMIREZ [illegible]]
TELS.
122-91-2[illegible]
122-97-1[illegible]
125-24-4[illegible]
FAX 1252586

[seal:] MR. HECTOR CASTRO CASTRO
[illegible] NOTARY OFFICE No 7 LA PAZ B.C.S.

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

21

--------------------------------------------------- CHAPTER TEN---------------------------------------------
--------------------------------------------------APPLICABLE LAW -------------------------------------

- - - <u>THIRTY-SEVEN</u>. Anything not expressly provided for herein shall be subject to the provisions of the General Corporations Law.................................................................................

- - - **THIRD**.- The structure and distribution of the capital stock is clarified, which is represented as follows:.................................................................................................................................

| Partners | Shares | Value |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| **Total** | **2** | $10,000.00 |

- - - **FOUR**.- **The appointment of Mr. KENNETH ABOUD JOWDY** as **CHIEF EXECUTIVE OFFICER** of the Company is ratified, with all the obligations and rights this entails when undertaking said role. .................................................................................................

- - - **FIVE**.- The powers-of-attorney granted to Mr. Fernando Manuel García Campuzano by public deed number Sixty-Four Thousand, Eight Hundred Sixty-Five (64,865), dated February 23, 2006, granted before Mr. José Alberto Castro Salazar, Notary Public attached to Notary Office No. 7 of Los Cabos, Baja California Sur, have been revoked.............................................

- - - **SIXTH**.- Mr. **FERNANDO MANUEL GARCIA CAMPUZANO** is granted the following power-of-attorney: ...............................................................................................................

- - - **A). GENERAL POWER-OF-ATTORNEY FOR LAWSUITS AND COLLECTIONS AND ACTS OF ADMINISTRATION**.- with all general powers and even with special powers requiring special clause, in accordance with the Law, pursuant to the first and second paragraphs of Article Two Thousand, Five Hundred Fifty-Four (2,554) of the Federal Civil Code, and Article Two Thousand, Five Hundred Eighty-Seven (2,587) of said code and equivalent provisions of the Civil Code of the State of Baja California Sur and the other states of the United Mexican States and of the Federal District where said power-of-attorney is exercised. In accordance with the foregoing, and in accordance with Article 2,468 of the Civil Code of Baja California Sur, the powers granted to the proxy shall include, but are not limited to, the following: ..........................

- - - (i) To file and waive any and all federal and local proceedings, including writ of amparo;.....

- - - (ii) To settle disputes;................................................................................................................

[left margin, rotated:] [stamp:] ATTESTED [signature]

[right margin, rotated:] [stamp:] ATTESTED [signature]

CONFIDENTIAL

22

- - - (iii) To submit to arbitration; ....................................................................................................

- - - (iv) To answer and formulate interrogatories as legal representative of its principal;.............

- - - (v) To challenge; .......................................................................................................................

- - - (vi) To make and receive payments; and ...............................................................................

- - - (vii) To file complaints and lawsuits in criminal matters and to appear on behalf of its principal to take civil action and provide assistance to the Public Prosecutor's Office, as well as to waive the respective actions and proceedings where so permitted by law and to grant pardon if applicable. Likewise, he/she shall also enjoy employer's representation pursuant to Article Eleven (11) of the Federal Labor Law, and may act accordingly for or on behalf of any trade union(s) with which collective bargaining agreements have been entered into and, for all pertinent purposes, for or on behalf of individual workers, and for the resolution of individual or collective disputes: in general, for any employee-employer matter and to act before any labor authority; and may also appear before the Conciliation and Arbitration Boards, whether Local or Federal; he/she shall, thus, represent the employer for the purposes of Articles Eleven (11), Forty-Six (46) and Forty-Seven (47), and also as legal representative of the Company, for the purposes of establishing personality and capacity in and out of court, under Article Six Hundred Ninety-Two (692), sections two and three; he/she may appear for the presentation of evidence, under the terms of Articles Seven Hundred Eighty-Seven (787) and Seven Hundred Eighty-Eight (788) of the Federal Labor Law, with the power to answer and formulate interrogatories, to present evidence in all aspects; to indicate addresses for service, under Article Eight Hundred Eighty-Six (886); to appear with all sufficient legal representation to attend the hearing, as referred to in Article Eight Hundred Seventy-Three (873) in its three phases of conciliation, claims and objections, and submittal and admission of evidence, under Articles Eight Hundred Seventy-Five (875), Eight Hundred Seventy-Six (876), sections one and six, Eight Hundred Seventy-Seven (877), Eight Hundred Seventy-Eight (878), Eight Hundred Seventy-Nine (879) and Eight Hundred Eighty (880); and may also attend the hearing for the presentation of evidence, under the terms of Articles Eight Hundred Seventy-Three (873) and Eight Hundred Seventy-Four (874); likewise, he/she is granted powers to propose arbitration agreements, hold negotiations, and enter into labor agreements, as well as to settle or ratify settlement agreements in regard to and for any and all trials or labor proceedings filed before any authorities. He/she may also enter into employment contracts and terminate them accordingly .

- - - **SEVEN**.- Diamante Cabo San Lucas, LLC is authorized to:....................................................

- - - i) Pledge in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that shall be submitted for approval by the meeting under Item Nine of the Agenda, one (1) share with a nominal value of $9,900 (Nine Thousand, Nine hundred pesos 00/100, Local Currency), representing 99% (Ninety-Nine Percent) of the Company's capital stock. ....................................

CONFIDENTIAL

IGNACIO RAMIREZ [seal:] MR. HECTOR
[illegible]] CASTRO CASTRO
TELS. [illegible] NOTARY
122-91-2[illegible] OFFICE No. 7 LA PAZ
122-97-1[illegible] B.C.S.
125-24-4[illegible]
FAX 1252586

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S. 23

- - - ii) Upon the corresponding Pledge Agreement being duly executed, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in aforesaid Pledge Agreement. ....................

- - - iii) In accordance with the provisions of the corresponding Pledge Agreement, Diamante Cabo San Lucas, LLC shall not assign, sell, pledge or otherwise dispose of its share without the prior written permission of Lehman Brothers Holdings Inc. ..........................................................

- - - (iv) In accordance with the provisions of the Pledge  Agreement, the Company shall not assign, sell, pledge or otherwise dispose of the shares representing the capital stock thereof, without the prior written permission of Lehman Brothers Holdings Inc.

- - - v) The Company shall not allow the provisions of the corresponding Pledge Agreement to be violated in exercise of the vote corresponding to the shares........................................................

- - - **EIGHT**.- Mr. Kenneth Aboud Jowdy is authorized to: .............................................................

- - - i) Pledge in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement submitted for approval by the meeting under Item Nine of the Agenda, one (1) share with a nominal value of $100.00 (One Hundred pesos 00/100, Local Currency), representing 1% (One Percent) of the Company's capital stock. ....................................................................................

- - - iii) Upon the corresponding Pledge Agreement being duly executed, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in aforesaid Pledge Agreement. ....................

- - - iv) In accordance with the provisions of the corresponding Pledge Agreement, Mr. Kenneth Aboud Jowdy shall not assign, sell, pledge or otherwise dispose of his share without the prior written permission of Lehman Brothers Holdings Inc. ....................................................................

- - - v) In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or otherwise dispose of the shares representing the capital stock thereof, without the prior written permission of Lehman Brothers Holdings Inc. ...........................................................

- - - vi) The Company shall not allow the provisions of the corresponding Pledge Agreement to be violated in exercise of the vote corresponding to the shares........................................................

**NINE- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, agrees to the following:.....................................................................

- - - i) To accept as a partner of the Company, without any requirement for consent in addition to what is granted herein, Lehman Brothers Holdings Inc. or any other potential holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc., in the case of assignment, purchase, enforcement or public auction of the aforementioned shares...............................................................................................................

[stamp:] ATTESTED
[signature]

DANSKE_0016421

- - - ii) In the event of assignment, purchase, enforcement or public auction of the shareholding of Diamante Cabo San Lucas, LLC in favor of Lehman Brothers Holdings Inc. or the holder of the share in due course, Mr. Kenneth Aboud Jowdy, as partner of the Company, hereby waives both the right of first refusal as granted to him by Article 66 of the General Corporations Law and the bylaws, as well as any right he may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means. ...............................................................................

- - - iii) By virtue of the foregoing, Mr. Kenneth Aboud Jowdy waives both the right of first refusal as granted to him by Article 66 [sic] of the General Corporations Law and the bylaws, as well as any right he may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means, hereby granting his consent for, as applicable, the assignment, purchase, enforcement or public auction of the shareholding of Diamante Cabo San Lucas, LLC pledged in favor of Lehman Brothers Holdings Inc. .........................................................................

- - - iv) In the event of purchase, enforcement or public auction of the shareholding of Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. or the holder of the share in due course, Diamante Cabo San Lucas, LLC, as partner of the Company, hereby waives both the right of first refusal as granted to it by Article 66 of the General Corporations Law and the bylaws, as well as any right it may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means......................................................................................

- - - v) By virtue of the foregoing, Diamante Cabo San Lucas, LLC waives both the right of first refusal as granted to it by Article 66 of the General Corporations Law and the bylaws, as well as any right it may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means, hereby granting its consent for, as applicable, the assignment, purchase, enforcement or public auction of the shareholding of Mr. Kenneth Aboud Jowdy pledged in favor of Lehman Brothers Holdings Inc. .........................................................................

- - - vi) In the event of purchase, enforcement or public auction of the shareholding pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. in accordance with the above resolutions, the Company's capital stock would comprise the following:.............................................................................................................

| Partners | Shares | Value |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $9,900.00 |
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

DANSKE_0016422

IGNACIO RAMIREZ   [seal:] MR. HECTOR   MR. HECTOR CASTRO CASTRO
[illegible]]   CASTRO CASTRO   HOLDER
TELS.   [illegible] NOTARY   MR. JOSE ALBERTO CASTRO SALAZAR
122-91-2[illegible] OFFICE No. 7 LA PAZ   ASSIGNED
122-97-1[illegible]   B.C.S.   NOTARY OFFICE No.7
125-24-4[illegible]
FAX 1252586   LA PAZ, B.C.S.   25

- - -**TEN**.- The execution of Pledge Agreements by documenting the pledges approved under terms of the Items Five and Six of the Agenda, as well as any and all attachments thereto, is approved; the partners resolve the following: ..................................................................................

- - - i) They understand and accept the terms and conditions set forth in the Pledge Agreements and any and all attachments thereto presented by the Chair. ........................................................

- - - ii) They authorize the Company to enter into Pledge Agreements, as well as any and all attachments thereto, under terms substantially equal to the documents attached hereto as Annex "B", subject to any amendments agreed by the parties prior to affixing their signature.....

- - - iii) Mr. Kenneth Aboud Jowdy, as Chief Executive Officer of the Company, is authorized to enter into Pledge Agreements and any and all attachments thereto............................................

- - - iv) It is agreed that the Company shall not undertake any act or activity that violates or contravenes the terms and conditions set forth in the Pledge Agreements or any and all attachments thereto....................................................................................................................

- - - **ELEVEN**.- The execution by the Company of different documents, contracts and agreements to be entered into on March 9, 2006 or March 10, 2006 [sic] is approved, which include the following:

- - - 1. Loan Agreement  to be entered into by and between the Company and Lehman Brothers Holdings Inc. ....................................................................................................................

- - - 2. Promissory Note to be signed by the Company in favor of Lehman Brothers Holdings Inc.; ..............................................................................................................................

- - - 3. Trust Agreement to be entered into by and between the Company, Lehman Brothers Holdings Inc. and Banco JP Morgan, S.A., Institución de Banca Múltiple [Universal Banking], JP Morgan Grupo Financiero, División Fiduciaria [Trust Division]......................................................

- - - 4. Assignment of Lease and Rents  to be executed by the Company in favor of Lehman Brothers Holdings Inc. .....................................................................................................

- - - 5. Environmental Indemnity  to be executed by the Company and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. ............................................................................

- - - 6. Omnibus Assignment to be executed by the Company in favor of Lehman Brothers Holdings Inc. ..................................................................................................................

- - - 7. Non-Possessory Pledge Agreement to be executed by the Company and Lehman Brothers Holdings Inc. ....................................................................................................

- - Likewise, they approved the following: ........................................................................

_[stamp:] ATTESTED [signature]_ _[stamp:] ATTESTED [signature]_

CONFIDENTIAL

DANSKE_0016423

26

- - - i) They understand and accept the terms and conditions set forth in the documents presented by the Chair. .................................................................................................................

- - - ii) They authorize the Company to execute the documents presented by the Chair, as well as any and all attachments thereto, and to be bound by the terms thereof, under terms substantially equal to the documents attached hereto as Annex "C", subject to any amendments agreed by the parties prior to affixing their signature. ....................................................................................

- - - iii) Mr. Kenneth Aboud Jowdy, as Chief Executive Officer of the Company, is authorized to execute the documents presented by the Chair and any and all attachments thereto. ...............

- - - iv) It is agreed that the Company shall not undertake any act or activity that violates or contravenes the terms and conditions set forth in the documents presented by the Chair or any and all attachments thereto. ......................................................................................................

 --------------------------------------------------**PERSONALITY**--------------------------------------------------

- - - The appearing party expressly states under oath that his represented party has the legal capacity to execute this document and accredits the personality it holds, stating this to be in force and affirming to me that it has not been revoked nor in any way modified, as follows: ................

- - - **A.**- With notarized certificate.................................................................................................

- - - **B.**- With deed number Sixty-Four Thousand, Eight Hundred Sixty-Five (64,865), volume One Thousand Twenty-Five (1,025), dated February 23, 2006, granted before the Undersigned Notary, Registered in the Public Registry of Property and Commerce of San José del Cabo, Baja California Sur, Mexico, under Commercial Electronic Folio number Nine Thousand, Sixty-Five (9,065), of section IV, on February 27, 2006, upon authorization granted by the Ministry of Foreign Affairs number zero two zero zero zero four zero four (02000404), File two zero zero six zero two zero zero zero three six two (200602000362), Folio zero A zero five one PY eight (0A051PY8), dated February 8, 2006, in which the Corporation "**DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE is incorporated**...........................................................................................................................

- - - **I, THE NOTARY, CERTIFY**. ...............................................................................................

- - - I.- That I have ascertained the identity of the appearing party, as stated at the end of his identifying information, who was deemed to have the legal authority to execute this document, upon having been informed of the penalties imposed upon those making false statements, under oath. ............................................................................................................................................

- - - II.- The appearing party, by virtue of his identifying information, stated to be of Mexican nationality by birth, originating from Ensenada, Baja California, born on July 12, 1967, married, Attorney, domiciled in Obregón number One Thousand, Two Hundred Eighty-Nine, Z.C. Ensenada, Baja California, temporarily in this city, and identified with voter registration card, with voter registration number  "GRCMFR67071202H200". ..................................................................

DANSKE_0016424

IGNACIO RAMIREZ  [seal:] MR. HECTOR
[illegible]]  CASTRO CASTRO
TELS.  [illegible] NOTARY
122-91-2[illegible]  OFFICE No. 7 LA PAZ
122-97-1[illegible]  B.C.S.
125-24-4[illegible]
FAX 1252586

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

27

[stamp:] ATTESTED [signature]

- - - I attach said identification as annex "D" to the appendix of this record, in the file under the same number as this deed ..............................................................................................

- - III.- The appearing party did not present to me the Tax Identification Card of the partners; I shall thus issue the corresponding notice to the Federal Tax Office. ..........................................

- - IV.- I informed the appearing party, pursuant to the provisions of Article One Hundred Fifty-Two (152) of the Regulations to the General Population Law, who, in order to hold any office or for foreign persons who become officials in the Association that is currently being Notarized, shall be subject to the corresponding authorization issued by the Ministry of the Interior. ...........

- - - V.- The appearing party states under oath that "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, is registered in the National Registry of Foreign Investment, as recorded in the application for registration, which I add as annex "E" to the appendix of this record, in the file under the same number as this deed. .............................................................................................................................................

- - VI.- The documents referred to herein were presented before me. .........................................

- - - VII.- Having informed the appearing party of his right to read this deed, or that I, the Notary, read aloud this deed to him, the appearing party chose the former, after which he stated his agreement; thus, having been informed of its validity and legal effects, he ratified and signed it on this date. I ATTEST ...............................................................................................................

FERNANDO MANUEL GARCIA CAMPUZANO. SIGNED .............................................................

MR. JOSE ALBERTO CASTRO SALAZAR. SIGNED. AUTHORIZING SEAL .............................

ON MARCH 9, 2006, THIS CERTIFICATE WAS SIGNED, WHICH I DO DEFINITIVELY AUTHORIZE. I ATTEST ...........................................................................................................

NSERCION [sic: ATTACHMENT]. **ARTICLE 2468 OF THE CIVIL CODE IN FORCE. IN THE STATE OF BAJA CALIFORNIA SUR** ...........................................................................................

IN ALL THE GENERAL POWERS-OF-ATTORNEY FOR LAWSUITS AND COLLECTIONS, IT SHALL BE SUFFICIENT TO STATE THAT THE POWER IS GRANTED WITH ALL GENERAL AND SPECIAL POWERS THAT REQUIRE SPECIAL CLAUSE PURSUANT THE LAW, IN ORDER THAT THEY MAY BE DEEMED GRANTED WITHOUT ANY LIMITATION WHATSOEVER. ...................................................................................................................

IN GENERAL POWERS-OF-ATTORNEY FOR THE ADMINISTRATION OF PROPERTY, IT SHALL BE SUFFICIENT TO STATE THAT THEY BE GRANTED IN ORDER THAT THE ATTORNEY-IN-FACT MAY HAVE ALL ADMINISTRATIVE POWERS. ......................................

IN GENERAL POWERS-OF-ATTORNEY TO EXERCISE ACTS OF OWNERSHIP, IT SHALL BE SUFFICIENT TO STATE THAT THEY BE GRANTED IN ORDER THAT THE ATTORNEY-IN-FACT MAY HAVE ALL THE POWERS OF AN OWNER, BOTH WITH RESPECT TO THE PROPERTY, AND IN ORDER TO UNDERTAKE ALL MANNER OF MEASURES TO DEFEND IT. ......................................................................................................

[stamp:] ATTESTED [signature]

28

WHERE IT IS INTENDED, IN THE THREE AFOREMENTIONED CASES, TO LIMIT THE POWERS OF THE ATTORNEYS-IN-FACT, THE LIMITATIONS SHALL BE STIPULATED, OR THE POWERS SHALL BE SPECIAL...........................................................................................

NOTARIES SHALL INCORPORATE THIS ARTICLE WITH THE NOTARIAL CERTIFIED COPIES OF THE POWERS-OF-ATTORNEY GRANTED BY THEM. ........................................

IT IS FIRST NOTARIAL CERTIFIED COPY IN ORDER OF ISSUANCE, WHICH IS ISSUED FOR USE BY THE CORPORATION **"DIAMOND CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, AS INTERESTED PARTY. IT COMPRISES FIVE SHEETS OF NOTARIAL PAPER, DULY ATTESTED, SEALED AND SIGNED ..............................................................................................................................

LA PAZ, BAJA CALIFORNIA SUR, MARCH 9, 2006. I ATTEST. .................................................

[seal:] MR. HECTOR
CASTRO CASTRO
[illegible] UNITED
MEXICAN STATES
NOTARY OFFICE No. 7
LA PAZ B.C.S.
[signature]



DANSKE_0016426

MR. HECTOR CASTRO CASTRO
[illegible]
MR. JOSÉ ALBERTO CASTRO SALAZAR
[illegible]


FIRST TRANSCRIPT [illegible] NOTARIZATION OF [illegible] OF THE INCORPORATION OF THE COMPANY DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE.


Deed Number [illegible]

Volume                    [illegible]

Date             [illegible]


[illegible]


CONFIDENTIAL                                    DANSKE_0016427

[seal:] [illegible]
[illegible]
Fax 1252508

30

### MR. HECTOR CASTRO CASTRO
[illegible]
### MR. JOSÉ ALBERTO CASTRO SALAZAR
[illegible]

--------------------------------VOLUME ONE THOUSAND AND TWENTY-FIVE-------------------------------- ----- DEED SEVENTY-FOUR THOUSAND EIGHT HUNDRED AND SIXTY-FIVE ---------------------------- ----- In La Paz, Baja California Sur, Mexico, on February twenty-three, two thousand and six, I, Mr. JOSE ALBERTO CASTRO SALAZAR, Notary Public assigned to Notarial Office Number SEVEN, of the State and of the Federal Real Estate Property, practicing in the Municipality of La Paz, Los Cabos, and residing in the State Capital, whose main notary is Mr. HECTOR CASTRO CASTRO, acting in accordance with the provisions of articles [illegible] seventy-one and [illegible] twenty-nine of the Notaries Act in force, DO HEREBY NOTARIZE the minutes drawn up [illegible]. I.- THE NOTARIZATION OF THE FOREIGN DOCUMENTS and II:- THE INCORPORATION of a COMMERCIAL COMPANY that shall be called "DIAMANTE       CABO       SAN       LUCAS",       S.       DE       R.L.       DE       C.V. ----------------------------------------------------------------- ANNEX LETTER "" THE NOTARIZED MINUTES. ----------------------------------------------------------------- I attach the aforementioned document to the appendix of volume twenty-five thousand of my notary records, under letter "A", in the document corresponding to this deed. The aforementioned document is duly signed and sealed, which is notarized for LEGALIZATION. I ATTEST. -----------------------------------------------------------

I DEFINITIVELY AUTHORIZE THESE MINUTES IN THE CITY OF LA PAZ, BAJA CALIFORNIA SUR, ON THE SAME DATE OF THEIR EXECUTION, GIVEN THAT NO TAX IS INCURRED. I ATTEST.---------MR. JOSE ALBERTO CASTRO SALAZAR [illegible] THE AUTHORIZING SEAL OF THE       NOTARY.       ----       ANNEX       LETTER       "A"       THE       NOTARIZE       MINUTES. ---------------------------------------------------------------------------------------------------------- ANNEX "A" ----------------------------------------------------------------- In the city of Cabo San Lucas, Baja California Sur State, on February twenty-three, two thousand and six, I, JOSE ALBERTO CASTRO SALAZAR, Notary Public assigned to Notarial Office Number SEVEN of the State and of the Federal Real Estate Property, practicing in the Municipality of La Paz, Los Cabos, [illegible] and Loreto, and residing in the State Capital, whose main notary is Mr. HECTOR CASTRO CASTRO, acting in accordance with the provisions of article [illegible] of the notaries act in force, do hereby certify. ---------------- I.- THE NOTARIZATION OF FOREIGN DOCUMENTS. -------------------------------------------------------------- II.- THE INCORPORATION of a COMMERCIAL COMPANY that shall be called "DIAMANTE CABO SAN LUCAS LLC", legalized by Mr. KENNETH ABOUD JOWDY in his own right and as Sole Director of the Commercial Company called "DIAMANTE CABO SAN LUCAS LLC", who is assisted herein by Mrs. ROMINA DEL CARMEN RUIZ CARDENAS, in his status as expert interpreter and translator, according to the following recitals and clauses. -------------------------------------------------------- STATEMENTS --------------------------------------------------------

---- REGARDING THE NOTARIZATION OF FOREIGN DOCUMENTS. --------------------------------------------- ONE.- Mr. KENNETH ABOUD JOWDY submits the following for notarization and legalization. ------------- a).- Document drafted in English, which contains a CERTIFICATE OF FORMATION of the company DIAMANTE CABO SAN LUCAS, LLC, granted by the State of Delaware, United States of America, dated February three, two thousand and six, whose full translation is transcribed below. *CERTIFICATE OF FORMATION OF DIAMANTE CABO SAN LUCAS, LLC (Translated as Diamond Cabo San Lucas) 1.- The name of the Limited Liability Company is DIAMANTE, CABO SAN LUCAS, LLC (the "Company"). (Translated as Diamond Cabo San Lucas). 2.- The address of its registered office in the State of Delaware is Centerville Road No. 2711, Suite 400 in Washington City, New Castle County. The name of its registered agent in that domicile is Compañia de Servicios Corporativos. 3.- Kenneth A. Jowdy is appointed as Sole Managing Partner of the Company. 4.- The Company must be exclusively managed and operated by the Managing Partner.. The other partner shall not take part in the Company's management and shall have no authority or right to act in the name of the Company in relation to any affair. All determinations, decisions and actions made or formed by the Managing Partner must be conclusive and binding for the Company, the other partners and their respective successors and appointees. The Managing Partner shall have the power, among other things, on behalf of the company, to a).- Carry out all aspects of the Company's management and exercise all powers and authority granted to it. b) Organize one or more subsidiaries, this is, any corporation, limited liability company or other entity, including a joint venture, organized by the company to possess certain assets, perform certain functions or in any way facilitate the affairs of the Company under the laws of any jurisdiction, including but not limited to Mexico or any of its states, to vote for any* [illegible] *or bond or other financial interest in any Subsidiary, and direct the Company's affairs in whole or in part through any of those Subsidiaries. c).- Organize and manage the development of properties that belong to the company or are about to be acquired by it, directly or indirectly through one or more Subsidiaries in Cabo San Lucas, Baja California Sur, Mexico, or in its surroundings (the "Property") or in any other place.- d).- enter into contracts and other agreements with architects,* [illegible], *designers, developers, surveyors, administrators, engineers, commission agents and use of soil, environmentalists, topographers, tourist companies, recreational companies* [illegible], *restaurant owners, landscaper, transporter,* [illegible]*,* [illegible] *and other consultants or providers of materials and services, directly or indirectly through one or more Subsidiaries,* [illegible] *for the purpose of carrying out the development and management of the Property and any other property(ies)*

CONFIDENTIAL

[seal: [illegible]]
[illegible]
Fax 1252508

32

MR. HECTOR CASTRO CASTRO
[illegible]
MR. JOSÉ ALBERTO CASTRO SALAZAR
[illegible]

[page illegible]

CONFIDENTIAL

DANSKE_0016430

[illegible]

*Subsidiary, with the authority of the Managing Partner or any agent or employee of the Company or of any Subsidiary [illegible] or deliver any instrument or document of the company or of any Subsidiary. (d) any act or omission by the Company or any Subsidiary, or (e) with respect to any other affair that involves the company or any Subsidiary. IN WITNESS OF THE ABOVE, [illegible] DIAMANTE CABO SAN LUCAS LLC on February 3, 2005, [illegible] Authorized Person.* -------------- b) Apostille of document transcribed above, under document and number 0275555, by HARRIET SMITH WINDSOR, Secretary of State of the State of Delaware, UNITED STATES OF AMERICA, dated February six, two thousand and six, in accordance with the Convention by which the Requirement to Legalize Foreign Public Documents is removed, held in the City of The Hague, Netherlands, on October 5, nineteen seventy-one, and from which [illegible] adhesion thereto. ----------- Based on the above, both documents were legalized for all applicable purposes, which is duly translated in Spanish by Mrs. Romina Ruiz Cardenas, expert Spanish – English translator, appointed by the High Tribunal of Justice of Baja California Sur, according to document SGA 294992, who puts on record and CERTIFIES.- That the document presented in English is a translation made to the best of my knowledge of the original document presented in English, which I had before me and which I returned to the interested party for all legal purposes.

------------------------------------------ RECITALS -------------------------------------------------

SOLE.- The appearing parties state that the Department of Foreign Relations issued them Permit Number 02000464, File number 000602000362, to incorporate a company, which I, the Notary, add [illegible] to this deed and the number thereof, proceeding immediately to transcribe it. ------------------ IN THE UPPER LEFT MARGIN.- A Seal with the National Emblem that says United Mexican States.- Ministry of Foreign Relations.- MEXICO.- IN THE UPPER RIGHT MARGIN.- BAR CODE.- PERMIT 02000404

CONFIDENTIAL

[seal: [illegible]]
[illegible]
Fax 1252508

MR. HECTOR CASTRO CASTRO
[illegible]
MR. JOSÉ ALBERTO CASTRO SALAZAR
[illegible]

[illegible] of FERNANDO MANUAL GARCIA CAMPUZANO, this Ministry grants the permit to [illegible] S DE R.L. DE C.V., under the name DIAMANTE CABO SAN LUCAS S DE R.L. DE C.V. This permit shall be conditioned to the bylaws of the company being incorporated containing the foreigner exclusion clause or the agreement provided in section I of Constitutional article 27, in accordance with the stipulations of articles 15 of the Foreign Investment Act and 14 of the Regulation of the Foreign Investment Act and of the National Registry of Foreign Investors. The interested party must notify the use of this permit to the Ministry of Foreign Relations within six months following the issuance thereof, in accordance with the stipulations of article 18 of the Regulation of the Foreign Investment Act of the National Registry of Foreign Investments. This permit shall be rendered void if, within ninety business days following the date of execution thereof, the interested parties do not appear to execute before the certifying public officer the corresponding instrument for the incorporation in question, in accordance with the stipulations of article 17 of the Regulation of the Foreign Investment Act and of the National Registry of Foreign Investments. In addition, it is granted without prejudice to the provisions of article 91 of the Industrial Property act. The above is communicated on the basis of articles 27, section I of the Political Constitution of the United Mexican States, 28, section V of the Organic Law of the Federal Public Administration, 15 of the Foreign Investment Act and 13, 14 and 18 of the Regulation of the Foreign Investment Act and of the National Registry of Foreign Investments. TIJUANA B.C., February 08, 2006.- A Seal with the National Emblem that says: United Mexican States.- Department of Foreign Relations STATE DELEGATION.- SUB-DELEGATION OF LEGAL AFFAIRS.- THE DELEGATE.- MIN SILVIA GONZALEZ                              [illegible]                              Signed.
----------------------------------------------------------------------------------------------------
---- In view of the above, the appearing parties incorporate the VARIABLE CAPITAL LIMITED        LIABILITY        COMPANY,        in        accordance        with        the following.------------------------------------------------------------------------------------------------
-------------------------------------------- CLAUSES --------------------------------------------
REGARDING THE LEGALIZATION OF FOREIGN DOCUMENTS. ----------------------
SOLE,. The document drafted in English and translated into Spanish [illegible] is attached to the file of this deed with the corresponding [illegible] for all applicable purposes, which is considered incorporated by reference. The above [illegible] removes the Requirement to Legalize [illegible] of The Hague, Netherlands, [illegible] agreement in Mexico, was published in the Federal Official Gazette on [illegible]

------- REGARDING THE INCORPORATION OF A COMMERCIAL COMPANY --------
---- ONE.- The company shall be called "DIAMANTE CABO SAN LUCAS". This [illegible] followed by the words SOCIEDAD DE RESPONSABILIDAD LIMITED DE CAPITAL VARIABLE. --------------------------------------------------------------------

----- TWO.- The company shall have [illegible] the Foreign Investment Act, by which [illegible] the company shall develop the [illegible]. In general the company may carry out all activities related to the above, and may therefore carry out the following, among others. ----- A) Within the limits permitted by the Foreign Investment Act, carry out all activities related to real estate development for touristic purposes. -----------------------------------------

----- B).- Within the limits permitted by the Foreign Investment Act, establish [illegible], lease, operate and possess in any way permitted by Law [illegible], warehouses, [illegible], establishments and others necessary or convenient for the purposes of the company. --------

----- C).- Acquire or possess by any means, use, lease to or from, manage, assign or dispose in any way of all movable and immovable assets necessary or convenient to carry out the company's purposes. ------------------------------------------------------------------------

----- D).- Supervise, [illegible] contract, directly or through third parties, all kinds of constructions, buildings and developments, as well as acquire and dispose by any [illegible].

---- E).- Render and receive all kinds of technical services administered [illegible], and in general all kinds of services required by commercial or industrial negotiations, in Mexico or abroad. --------------------------------------------------------------------------------

----- F).- Promote, organize, manage and supervise all kinds of commercial or civil companies.

---- G).- Acquire stock, shares, interests or securities and [illegible] from all kinds of companies and from a part thereof. -----------------------------------------------------------

----- H).- Register, obtain, acquire, use or dispose of all kinds of trademarks, commercial norms, investment certificates, patents, copyrights, [illegible] and [illegible], or licenses, whether in Mexico or abroad. ----------------------------------------------------------------

----- I).- Grant and execute lands with or without guarantee, issue, accept, endorse and in general [illegible] guarantee of any [illegible] third party obligations. -------------------------

----- J).- In general, the execution of all kinds of acts and contracts directly or indirectly related to the company or [illegible], which include the acquisition by any means of personal

DANSKE_0016433

[seal: [illegible]]
[illegible]
Fax 1252508

## MR. HECTOR CASTRO CASTRO
[illegible]
## MR. JOSÉ ALBERTO CASTRO SALAZAR
[illegible]

movable or immovable properties for the development of the corporate purpose. -------------
----- The company shall only conduct activities related to its purpose, and may not in any way carry out activities exclusively reserved for the Mexican State. ------------------------------------
----- THREE.- The company's place of business shall be the city of Cabo San Lucas, Baja California Sur, and it may establish offices and branches in all parts of the State of the Republic and Abroad, [illegible]. ------------------------------------------------------------------------
------ FOUR.- The [illegible] shall be NINETY-NINE YEARS, which shall be [illegible] as of the signing date of this deed. ------------------------------------------------------------------------
------ FIVE.- FOREIGNER CLAUSE.- The Company shall be of Mexican Nationality, with a FOREIGNER ADMISSION CLAUSE. Foreign Investors or Companies may hold stake in its Capital Stock without a Foreigner Exclusion Clause. This stake in the capital shall be admitted in any portion.----- SIX.- The company's capital shall be variable, with a [illegible] $ 10,000.00 TEN THOUSAND PESOS 00/100 DOMESTIC CURRENCY, being the maximum permitted. ------------------------------------------------------------------------
----- SEVEN.- The capital stock shall be subscribed and paid in full, and is represented in shares of $ 500.00 (five hundred pesos, 00/100 domestic currency each, which shall always be of that amount or of a multiple thereof. ------------------------------------------------------------
----- EIGHT.- The interested partners contribute to the company the amount of $ 500.00 five hundred pesos 00/100 domestic currency), in the following manner:

| PARTNERS | SHARES | VALUE |
|---|---|---|
| | 99 | $ 9,500.00 MXN |
| DIAMANTE CABO SAN LUCAS, LLC | | |
| KENNETH ABOUD | 1 | $ 500.00 MXN |
| JOWDY | 100 | $ 10,000.00 MXN |
| TOTAL | | |

---- The Administrative Manager of the Company states under penalty of perjury that the amount of the value of the shares is deposited in full in the Safe Deposit Box. ------------------
------ NINE.- The company shall be managed by an ADMINISTRATIVE MANAGER or a GENERAL MANAGER, who shall have the broadest powers of a general attorney-in-fact

DANSKE_0016434

8

FOR SUITS AND COLLECTIONS, MANAGEMENT TRANSACTIONS, OWNERSHIP TRANSACTIONS, with all general powers and special powers that require a special clause according to Law under the terms of the THREE first paragraphs of article 2,554, [illegible] of 2,587 two thousand five hundred and eighty-seven, both of the Civil Code for the Federal District, and its…

[illegible]

The attorneys-in-fact may appear before all kinds of authorities, whether Federal , State, Municipal, Delegations, and whether they be Legislative, Executive, Judicial, Labor, Fiscal or of any other nature, [illegible] all kinds of processes and requests, whatever they may be, to file claims, complaints and accusations, assist the Agent of the Public Prosecutor's Office [illegible]…

---- In addition to the general power for suits and collections granted, according to Articles 689, 690, 692 and 695 of the Federal Labor Act, [illegible] attorney in fact as a legal representative of the company, with powers to appear on its behalf before the Conciliation Hearings held before the Local Conciliation Board, before the Federal Conciliation Board, before the appropriate Special Board, whether Federal or Local Conciliation and Arbitration, or before any labor authority, with powers for management transactions in the workplace and to enter into agreements [illegible]. -------------------------------------------------------------------

------ POWER FOR MANAGEMENT TRANSACTIONS so that the attorney-in-fact may [illegible] execute or enforce all kinds of [illegible], acts, agreements and contracts of [illegible] all kinds of private documents and public instruments with administrative powers.

------ POWER TO SUBSCRIBE CREDIT INSTRUMENTS so that the attorney-in-fact may issue, draw, subscribe, endorse or in any other way issue all kinds of credit instruments, under the terms of Article 9 Nine of the General Law of  [illegible]. ----------------------------

------ POWER TO EXECUTE OWNERSHIP TRANSACTIONS so that the attorney-in-fact may levy, mortgage or in any other way dispose of the possession and [illegible] assets [illegible] prices and other conditions that the attorney-in-fact deems appropriate, and where applicable, renew the

CONFIDENTIAL

DANSKE_0016435

[seal: [illegible]]
[illegible]
Fax 1252508

MR. HECTOR CASTRO CASTRO
[illegible]
MR. JOSÉ ALBERTO CASTRO SALAZAR
[illegible]

[illegible].

------ POWERS TO SUBSTITUTE THIS MANDATE IN WHOLE OR IN PART, the attorney-in-fact reserving the exercise of the [illegible] and power to appoint attorneys-in-fact, factors and employees, fixing their duties, obligations, remuneration and [illegible]. -------------------------------------------------------------------------------------

----- TRANSITORY PROVISIONS ----------------------------------------------------------------

--- ONE.- Gathered in the first General Shareholders' Meeting, its partners reached the following agreements. -------------------------------------------------------------------------------

------ 1.- [illegible] ADMINISTRATIVE MANAGER. ------------------------------------------

----- 2.- Mr. KENNETH ABOUD JOWDY is appointed as GENERAL MANAGER, who in development of his duties shall have the power established in clause NINE of this incorporation deed, with the provision that for the development of its activity it must obtain the corresponding permit issued [illegible] by the Ministry of the Interior, and that should there be a violation of the Regulation of the General Law of [illegible], it shall accredit the corresponding penalties. ----------------------------------------------------------------------------

----- 3.- Mr. **FERNANDO MANUEL GARCIA CAMPUZANO is granted a GENERAL POWER OF ATTORNEY FOR SUITS AND COLLECTIONS, MANAGEMENT TRANSACTIONS AND OWNERSHIP TRANSACTIONS,** which he shall exercise jointly or separately in accordance with the following powers. ---------------------------------

----- **GENERAL POWER OF ATTORNEY FOR SUITS AND COLLECTIONS**, with all general powers and even those that are that are special that according to law require power of attorney or a special clause under the terms of paragraph [illegible] of Article two [illegible] the State Civil Code in force. --------------------------------------------------------------

----- The following powers are mentioned, among others. -------------------------------------

----- I.- File and withdraw from all kinds of actions, appeals, [illegible] and procedures, even amparo procedures. -------------------------------------------------------------------------------

----- II.- Compromise. -----------------------------------------------------------------------------

----- III.- Formulate and respond to interrogatories. ----------------------------------------------

----- IV.- Submit to arbitration. --------------------------------------------------------------------

----- V.- Appeal. ------------------------------------------------------------------------------------

----- VI.- [illegible]. ------------------------------------------------------------------------------

----- VII.- File claims and complaints [illegible], where applicable, assist the Public Prosecutor's Office. ------------------------------------------------------------------------------

----- VIII.- Appear in [illegible] and make bids according to the written instructions of the principal. ----- IX.- In addition, the principal company expressly authorizes the attorneys-in-fact to obtain, [illegible] and endorse all kinds of [illegible] and to execute and subscribe all kinds of credit

DANSKE_0016436

instruments, as provided by the General Law of Credit Instruments and Operations. ---------- ----- X.- Grant General or Special Powers subject, pursuant to law, to the persons that they consider convenient, being able to revoke them, where applicable. ------------------------------- ----- The attorneys-in-fact shall exercise the mandate referred to in the above clause jointly or separately before private parties and before all kinds of Administrative or Judicial authorities, whether they be Federal or Local, before the Consumer Protection Agency and before Local or Federal Conciliation and Arbitration Boards or Labor Authorities, the attorneys-in-fact being authorized to attend jointly or separately, as a representative of the principal, settlement, statement of claim and objections hearings, hearings on the offering, admission and examination of evidence, including testimonial evidence. They may additionally terminate labor agreements, as well as compromise and enter into agreements with workers filing claims, all of the above according to the provisions of Article nine, eleven, forty-six, forty-seven, five hundred and twenty-three, six hundred and ninety-two, seven hundred and eighty-six, seven hundred and eighty-eight, eight hundred and seventy-six, eight hundred and seventy-eight, eight hundred and eighty, eight hundred and eighty-three and eight hundred and eighty-four of the Federal Labor Act and in accordance with Article two thousand four hundred and seventy-eight of the Civil Code of Baja California Sur. ----------------------------------------------------------------------------------------

----- **GENERAL POWER OF ATTORNEY FOR MANAGEMENT TRANSACTIONS**, under the terms of paragraph two of Article two thousand four hundred and seventy-eight of the aforementioned Civil Code. ------------------------------------------------------------------------

----- **GENERAL POWER OF ATTORNEY FOR OWNERSHIP TRANSACTIONS** according to paragraph three of the same Article of the Civil Code in force in Baja California Sur. ------------------------------------------------------------------------------------------

----- The attorney-in-fact is especially authorized so that he may, on behalf and in representation of the Principal Company, execute before the corresponding Authorities, whether Federal, State, Municipal or Regional, all processes necessary to obtain the corresponding records, including the Ministry of Economy and Ministry of Finance and Public Credit, especially the obtainment, issuance and registration of the Federal Taxpayers' Record (RFC), the CONFIDENTIAL ELECTRONIC IDENTIFICATION CARD (CIEC) and the FE (Electronic Signature). In exercise of this mandate he may file, sign and receive all public or private documents necessary to achieve the objective of this instrument, even the aforementioned Records and Card. ------------------------------------------------------------------------

----- The aforementioned official accepts the position conferred, swearing to faithful performance thereof and guaranteeing his management in accordance with the prescriptions of the Articles of Incorporation, which [illegible] are received by Mr. KENNETH ABOUD JOWDY, already acting as General Manager.

----------------------------------------- LEGAL STATUS --------------------------------------------

----- LEGAL EXISTENCE OF DIAMANTE CABO SAN LUCAS, LLC.- Mr. KENNETH

CONFIDENTIAL

[seal:] [illegible]
[illegible]
Fax 1252508

MR. HECTOR CASTRO CASTRO
[illegible]
MR. JOSÉ ALBERTO CASTRO SALAZAR
[illegible]

ABOUD JOWDY, confirms his status of Sole Managing Partner of the foreign company DIAMANATE CABO SAN LUCAS, LLC, through a document executed abroad written in English and translated to Spanish, duly apostilled in accordance with the Convention by which the Requirement for Legalization of Foreign Public Documents is removed, held in the city of The Hague, Netherlands, on June twenty-one, two thousand and four, from which the respective decree of Mexico's adhesion to that agreement was published in the Federal Official Gazette on Monday, August fourteen, nineteen ninety-five, and its apostille was duly translated to Spanish by an expert interpreter authorized by the Superior Court of Justice of the State of Baja California Sur, which was notarized in this instrument. ----------------------------------- GENERAL INFORMATION ----------------------------------- ----- Under penalty of perjury, he stated by his general information that he is: ------------------ ----- Mr. KENNETH ABOUD JOWDY, born in Connecticut, U.S.A., [illegible] United States of America, transiting through this city and confirming his stay in the country with the documents [illegible] separately attached to this deed. --------------------------------------------- ----- I, THE NOTARY, ATTEST: --------------------------------------------------------------------- ----- I , To the veracity of the act -------------------------------------------------------------------------- ----- II.- That I know the appearing parties, who I deem have legal status to execute this act. -- ----- III.- That what is described and inserted matches its originals, which I had before me and to which I refer. ------------------------------------------------------------------------------------ ----- IV.- That the appearing party was assisted herein by his expert translator and interpreter, ROMINA DEL CARMEN RUIZ CARDENAS, who accepted the conferred position swearing to perform it according to law, and also stated by her personal information that she is Mexican, born in [illegible], on December six, nineteen seventy-two, [illegible], residing at Avenida Cinco de Mayo entre Avenida Cabo San Lucas y Miguel Hidalgo in Cabo San Lucas, Baja California Sur, in transit through this city. --------------------------------------------- ----- That I informed the appearing parties of their obligation to provide the undersigned notary a copy of the application for registration of the company in the Federal Taxpayers Registry before the Ministry of Finance and Public Credit [illegible], this in compliance with paragraph [illegible] of the Federal Tax Code. ------------------------------------------------------ ----- VI.- That in compliance with the provisions of paragraph five of article twenty-seven of the Federal Tax Code, the appearing parties declare that, since they are foreigners, they have chosen not to register in the Federal Taxpayers Registry, for which [illegible] and give the corresponding notice

CONFIDENTIAL

Notice at the latest by March thirty-one of the year two thousand and six ----------------------
----- VII.- I informed the appearing parties in terms of the provisions of Article one hundred and fifty-two of the Regulation of the General Law of Population, that to hold any position or for foreign persons that become officials of the Company incorporated this day, they shall be subject to the corresponding authorization to be given by the Ministry of the Interior. --------
----- VI.- That I informed the appearing parties in terms of article Thirty-Two of the Foreign Investment Act, of their obligation to register the Company incorporated this day in the National Registry of Foreign Investors, and that the undersigned Notary shall make the notice referred to in Article Thirty.-four of that ordinance. ----------------------------------------
----- VI.- That I [illegible] and explained its value and legal consequences, and, in agreement with its writing and content, they so ratified and signed it, before me, in the place and on the date of its execution.- I ATTEST. ----------------------------------------------------------------
KENNETH ABOUD JOWDY.- SIGNED.- ROMINA DEL CARMEN RUIZ CARDENAS.- SIGNED. -----------------------------------------------------------------------------------
----- BEFORE ME, MR. JOSE ALBERTO CASTRO SALAZAR.- ASSIGNED NOTARY PUBLIC NUMBER SEVEN.- Signed.- Authorizing Seal of Notary. -----------------------------
-----THIS IS THE FIRST TRANSCRIPT, FIRST IN ORDER OF ISSUANCE, COPIED OVER FROM ITS ORIGINAL IN SIX USEABLE PAGES AND ANNEXES, DULY COLLATED AND SEALED. I AUTHORIZE IT FOR THE USE OF THE COMMERCIAL COMPANY CALLED "DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V., IN CABO SAN LUCAS, BAJA CALIFORNIA SUR, ON FEBRUARY TWENTY-THREE, TWO THOSUAND AND SIX. I ATTEST. -----------------------------------------------------------------

[signature]
[seal:] [illegible]

[seal:] [illegible]
[illegible]
Fax 1252508

42

MR. HECTOR CASTRO CASTRO
[illegible]
MR. JOSÉ ALBERTO CASTRO

------------------------------------------------ BYLAWS ------------------------------------------------

------ ONE.- [illegible] "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE or its initials S. DE R.L. DE C.V. --------------------------------------------------------------------------------------------

----- TWO.- The company shall [illegible] the Partners Book provided by Article 73 of the General Law of Commercial Companies, and therein all data shall be presented and shall produce the effects provided by the [illegible]. -------------------------------------------------------

----- THREE.- In order for the partners to transfer their shares, and also for the admission of new partners, the consent of the partners representing at least 75% (seventy-five percent) of the capital stock shall be required, and if just one of them exceeds that percentage, in addition to their vote, that of any of the other partners shall be required. ----------------------------------

----- The capital stock shall be susceptible increase by subsequent contributions of partners or by admission of new partners, or to decrease due to partial or total withdrawal of the contributions, with no further formalities and requirements than those established in this deed. -------------------------------------------------------------------------------------------

----- FIVE.-  The resolutions on increase or decrease of capital stock shall be made in a meeting, and for validity thereof the consent of the partners representing at least 75% (seventy-five percent) of the capital stock shall be required, with the understanding that if just one of them exceeds that percentage, their vote together with any other partner shall be required.- The respective meeting shall determine the manner and terms under which the increase or decrease shall be made. -----------------------------------------------------------------

-----SIX.- The partners shall have, in proportion to their shares, preference to subscribe the increases of share capital agreed. This right must be exercised within fifteen days following the respective meeting. --------------------------------------------------------------------------------

----- SEVEN.- The partners meeting is the supreme governing body of the company. Its decisions shall be made by majority vote and [illegible], even those that are absent, dissenting or [illegible] whether by the Manager or Managers, by Certified Letter [illegible] each partner [illegible] to the agenda, the date and place for the meeting to be held. [illegible] no call shall be necessary when [illegible]. A meeting must be held once a year within three months following the close of each fiscal year, and it shall indicate, in addition to what the partners consider appropriate, the pertinent subjects of those indicated by Article 78 of the General Law of Commercial Companies. -------------------------------------------------------------

----- The partners shall enjoy one vote for every one thousand pesos of their share, according to article 79 of the governing law in that regard. ----------------------------------------------------

---- EIGHT.- Within three months following the close of each fiscal year, a balance sheet shall be formed to be presented to the meeting, which shall discuss it, and the profits thereof shall be distributed as follows: ---------------------------------------------------------------------------

----- a).- 5% (five percent) shall be separated to form or establish, where applicable, the legal reserve fund up to 20% (twenty percent) of the capital stock. --------------------------------------

----- b) Thereafter, it shall be distributed to the partners in proportion to their shares. The losses, if any or [illegible] shall be borne by the partners as well in proportion and for up to the amount of their shares. --------------------------------------------------------------------------

----- NINE.- The assignment, division and transfer of shares shall be governed by the provisions of Articles 65, 66 and 69 of the General Law of Commercial Companies, for everything not provided for in these Bylaws. -------------------------------------------------------

----- TEN.- In case of incapacity of any of the partners, the company shall continue [illegible] respective heirs. ------------------------------------------------------------------------------------

----- ELEVEN.- The fiscal years shall transpire based on calendar years, from January one to December thirty-one, except the first, which shall begin on the date on which this incorporation deed of the company is authorized, and shall end the last day of December of the year that transpires, and the last shall end upon conclusion of the period of validity of this company. -----------------------------------------------------------------------------------------

----- TWELVE.- The company shall be dissolved based on any of the grounds indicated by Chapter Ten of the General Law of Commercial Companies, and the Meeting that decrees the dissolution shall appoint the liquidator or liquidators pursuant to the aforementioned Law in order to carry out the liquidation. ------------------------------------------------------------------

----- THIRTEEN.- For everything not provided for in these Bylaws, the Company shall be governed as applicable by the provisions of the General Law of Commercial Companies, and especially by the stipulations in Chapter Four thereof.

DANSKE_0016441

44

**GENERAL DIRECTORATE OF LEGAL AFFAIRS**
DIRECTORATE OF PERMITS CONSTITUTIONAL ARTICLE 27
DEPUTY DIRECTORATE OF COMPANIES

[emblem:] UNITED MEXICAN STATES
MINISTRY OF FOREIN AFFAIRS

| | |
|---|---|
| PERMIT | [bar code] |
| FILE | 02000404 |
| FOLIO | 200602000363 |
| | 0A051PY8 |

In accordance with the application submitted by Citizen FERNANDO GARCIA CAMPUZANO, this Ministry grants the permit to incorporate a Variable Capital Limited Liability Company under the name

DIAMANTE CABO SAN LUCAS, S DE RL DE CV

This permit shall be conditioned to the bylaws of the company being incorporated containing the foreigner exclusion clause or the agreement provided in section I of Constitutional article 27, in accordance with the stipulations of articles 15 of the Foreign Investment Act and 14 of the Regulation of the Foreign Investment Act and of the National Registry of Foreign Investors.

The interested party must notify the use of this permit to the Ministry of Foreign Relations within six months following the issuance thereof, in accordance with the stipulations of article 18 of the Regulation of the Foreign Investment Act of the National Registry of Foreign Investments.

This permit shall be rendered void if, within ninety business days following the date of execution thereof, the interested parties do not appear to execute before the certifying public officer the corresponding instrument for the incorporation in question, in accordance with the stipulations of article 17 of the Regulation of the Foreign Investment Act and of the National Registry of Foreign Investments. In addition, it is granted without prejudice to the provisions of article 91 of the Industrial Property act.

The above is communicated on the basis of articles 27, section I of the Political Constitution of the United Mexican States, 28, section V of the Organic Law of the Federal Public Administration, 15 of the Foreign Investment Act and 13, 14 and 18 of the Regulation of the Foreign Investment Act and of the National Registry of Foreign Investments.

[seal:] [illegible]

[seal:]
Department of Foreign Relations
STATE DELEGATION
[illegible]

TIJUANA B.C., February 08, 2006
THE DELEGATE
[signature]
MIN. SILVIA GONZALEZ [illegible]

CONFIDENTIAL

DANSKE_0016442

H. IX CITY HALL OF LOS CABOS, B.C.S.
PUBLIC REGISTRY OF PROPERTY
AND COMMERCE
San José del Cabo, U C S
REGISTRY FORM

[emblem]

**Registration History:**       **Electronic Commercial File**               **TIN / Serial No.:**

[illegible]

Registration Duties:                              Pay Slip No.:

Subsidy

Date          From Jan [illegible]

Priority No.:

Date          From Jan [illegible]

Validation Officer Mr. [illegible]

The Company called DIAMANTE CABO SAN LUCAS, S DE RL DE CV


[illegible]

Date [illegible]

                                        [illegible]

Date [illegible]        Company Incorporation

                                        [illegible]


THE DIRECTOR OF THE PUBLIC REGISTRY
OF PROPERTY AND COMMERCE
OF SAN JOSE DEL CABO, U.C.S.
Mr. Guillermo Marrón Rosas

CONFIDENTIAL                                                      DANSKE_0016443



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Exhibit 13**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Jacqueline Yorke
(Currently situated in the County of New York)

Sworn to before me remotely this
October 9, 2020

Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
STATE OF NEW YORK
PUBLIC

Stamp, Notary Public