# **EXHIBIT 6**

**DATE OF TRANSLATION:**  2-Oct-20

**ELECTRONIC FILE NAME:**  Exhibit 14

**SOURCE LANGUAGE:**  Spanish
**TARGET LANGUAGE:**  English (United States)
**TRANSPERFECT JOB ID:**  US0799868

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

# MSJ EXHIBIT 14

[stamp:] COLLATED AND COMPARED

## MR. HECTOR CASTRO CASTRO
HOLDER
## MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7

LA PAZ. B.C.S.

**CERTIFIED COPY:** FIRST CONTAINING THE NOTARIZATION OF THE MINUTES OF THE GENERAL ASSEMBLY OF MEMBERS OF THE COMMERCIAL COMPANY CALLED "DIAMANTE CABO SAN LUCAS", S. DE R. L. DE C.V.

| | |
|---|---|
| Deed Number | 65,011. |
| Volume | 1,026. |
| Date | March 09, 2006. |

IGNACIO RAMIREZ 1930
TELS. 122-91-20, 112-97-17 and 125-24-40
LA PAZ B C S

CONFIDENTIAL

DANSKE_0016343

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                    1

**[stamp:] COLLATED AND COMPARED**

----------------**VOLUME ONE THOUSAND TWENTY-SIX** ....................................

-------------- **MINUTES SIXTY-FIVE THOUSAND, ELEVEN** ................................

---In the city of La Paz, Baja California Sur, Mexico, the ninth of March two thousand six, I, Attorney JOSE ALBERTO CASTRO SALAZAR, Notary Public assigned to the Notary Public Number SEVEN, of the State and of the Federal Real Estate Assets, with practice in the Municipalities of La Paz, Los Cabos, and with Residence in the Capital of the State, whose holder is Attorney HECTOR CASTRO CASTRO, acting in accordance with the provisions of articles (61) sixty-one and (29) twenty-nine of the Law on Notarial Acts in force, **NOTARIZE** the minutes drafted outside my Notary Office and in which I confirm the notarization of the Minutes of the General Assembly of Members of the Commercial Company called **"DIAMANTE CABO SAN LUCAS", VARIABLE CAPITAL LIMITED LIABILITY COMPANY,** concluded on the eighth of March two thousand six, at the request of Mr. **FERNANDO MANUEL GARCÍA CAMPUZANO,** as Special Delegate of the Company.........................................

---I attached this document to the appendix of volume one thousand twenty-six, of my protocol under the letter **"A"**, in the file corresponding to this deed, the minutes in question are duly signed and sealed, which is FORMALIZED. I ATTEST ...........................................................................................................

I DEFINITIVELY AUTHORIZE THIS DOCUMENT IN THE CITY OF LA PAZ, BAJA CALIFORNIA SUR, ON THE SAME DATE IT IS GRANTED BECAUSE NO TAX IS DUE THEREON. I ATTEST ................................................................

MR. JOSE ALBERTO CASTRO SALAZAR. SIGNED. NOTARY'S AUTHORIZING SEAL ....................................................................................

--- LETTER "A" ANNEX. THE DOCUMENT BEING NOTARIZED ........................

------------------------------------------ **ANNEX "A"** ......................................................

---In the city of La Paz, Baja California Sur, Mexico, ninth of March two thousand six, BEFORE ME, Attorney JOSE ALBERTO CASTRO SALAZAR, Notary Public assigned to the Notary Public Number SEVEN, of the State and of the Federal Real Estate Assets, with practice in the Municipalities of La Paz, Los Cabos, Comondú, Mulegé and Loreto and with Residence in the Capital of the State, whose holder is Attorney HECTOR CASTRO CASTRO, acting in accordance with the provisions of article (29) twenty-nine of the Law on Notarial Acts in force, appeared Mr. **FERNANDO MANUEL GARCIA CAMPUZANO,** as Special Delegate of the Commercial Company called **"DIAMANTE CABO SAN LUCAS", VARIABLE CAPITAL LIMITED LIABILITY COMPANY,** who asked me to notarize the General Assembly Minutes, held by the members of that company, on the eighth of March two thousand six, and thereby formalize the resolution made there. For this purpose, he shows me with the relevant Minutes, on nine sheets of common paper official size and the member attendance list duly signed, of which a copy is attached to the appendix of this deed marked with the letter **"B"** and that this instrument is notarized and which I then transcribe in full below: ........................................................................

CONFIDENTIAL                                        DANSKE_0016344

2

---GENERAL ASSEMBLY OF DIAMOND PARTNERS CABO SAN LUCAS, S. DE R.L. DE C.V. (HEREINAFTER THE "COMPANY"), HELD ON MARCH 8, 2006. AT 9:00 P.M. IN THE CITY OF CABO SAN LUCAS, IN THE STATE OF BAJA CALIFORNIA SUR, MEXICO ....................................................................

---**ATTENDANCE**. All of the members were present or duly represented, as indicated on the attendance list attached to these minutes..................................

---**CHAIR AND SECRETARY.** The meeting was chaired by Mr. Kenneth Aboud Jowdy, Chief Executive Officer of the Company; and acting as Secretary, Mr. Fernando Manuel García Campuzano, as appointed by the partners of the Company accordingly ......................................................................................... .

---**VOTE COUNTERS**. The Chair appointed as a vote counter Mr. Rodolfo Miguel Angel Pina Yáñez, who in his report stated that all member were present or duly represented ..............................................................................................

---**QUORUM.** Taking into account the report of the vote counter, and without the need for prior convocation in terms of the provisions of Article Seventh of the bylaws, by virtue of whether all the members are present or duly represented, the Chair declared that there was a quorum to hold this assembly and to discuss the following: ...........................................................................................................

-------------------------------------------- **AGENDA** .......................................................

---**ONE.** Proposal, discussion and, where appropriate, approval on the full amendment of the Company's bylaws ...................................................................

---**TWO.** To clarify on the structure and distribution of the capital stock. ..

---**THREE.** To ratify the appointment of Chief Executive Officer of the Company.

---**FOUR**. To revoke and grant powers-of-attorney in favor of Mr. Fernando Manuel García Campuzano..................................................................................

---**FIVE.** To authorize the partner Diamante Cabo San Lucas, LLC to pledge its shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement. ........................................................................

---**SIX.** To authorize Mr. Kenneth Aboud Jowdy to pledge his shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement. ................................................................................................

---**SEVEN.** To accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company, in the case of assignment, purchase, enforcement or public auction of their respective shares pledged; and, if applicable, to accept the waiver of current partners of the Company both to the right of first refusal as granted to them by Article 66 of the General Corporations Law and the bylaws; as well as to any right they may have in order to acquire in whole or in part the shareholding of the opposing partner by any other means.  .

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

CONFIDENTIAL                          DANSKE_0016345

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                    3

[stamp:] COLLATED AND COMPARED

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

---**EIGHT**. To register the pledge of shares in the special book of partners of the Company............................................................................................................

---**NINE.** To approve the execution of Pledge Agreements by documenting the pledges approved under terms of the Items Five and Six of the Agenda, as well as any and all attachments thereto.......................................................................

---**TEN.** Review and, where appropriate, approve the conclusion by the Company of various documents, contracts and agreements to be concluded on March 9 or 10, 2006..............................................................................................

---**ONE.** To propose, discuss and, if applicable, approve the complete reform of the Company's bylaws. Having taken the floor, the Chair proposed to the partners —present or duly represented— that, in order to proceed with executing the documents to be submitted for their approval as per Item Ten of the Agenda of this Meeting, it is necessary to conduct a complete reform of the Company's bylaws, due to inconsistencies derived from the bylaws that are currently in force. ..............................................................................................................

---The Chair then circulated among the members present or duly represented, a draft of company bylaws, which are attached to this assembly as Annex "A".......

---After discussing the Chair's proposal, as well as the draft of company bylaws, the members unanimously approved the full amendment of the Company's bylaws under annex "A" to this assembly. In virtue of the foregoing, from this date the company will be governed by these bylaws. ...........................................

---**SECOND.** To clarify on the structure and distribution of the capital stock. Taking the floor, the Chair mentioned to the members present or duly represented that it is necessary to clarify the participation of the members in the share capital, due to inconsistencies arising from the Company's bylaws, as the structure of the capital was incorrectly reflected as regards the number of social shares and the amount contributed by each member of the Company.................

---The Chair then mentioned that, as was agreed by the members from the incorporation of the company, Diamante Cabo San Lucas, LLC owns one (1) share part worth $9,900 (nine thousand nine hundred pesos 00/100, National Currency) corresponding to 99% (ninety-nine percent) of the share capital and Mr. Kenneth Aboud Jowdy owns one (1) share part worth $100.00 (one hundred pesos 00/100, National Currency) that corresponds to 1% (one percent) of the share capital, and that these amounts correspond to the contributions that the members made at the date of incorporation ........................................................

CONFIDENTIAL                                        DANSKE_0016346

4

--- After a brief deliberation, the members unanimously recognized the correct distribution of share capital among their members, which is represented as follows: ...................................................................................................................

| Partners | Shares | Value |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

---**THREE**. To ratify the appointment of Chief Executive Officer of the Company. Having taken the floor, the Chair proposed to the partners —present or duly represented— to ratify the appointment of Mr. Kenneth Aboud Jowdy as Chief Executive Officer of the Company, with all the obligations, rights, powers-of-attorney and authority this entails when undertaking said role..............................

---The members, after a brief deliberation, unanimously decided to ratify the appointment of Mr. Kenneth Aboud Jowdy as General Manager of the Company, with all the obligations, rights, powers and authority that that position entails. .....

---**FOURTH.** To revoke and grant powers-of-attorney in favor of Mr. Fernando Manuel García Campuzano. In fulfillment of the next agenda item, the Chair proposed to the members present, or duly represented, to revoke the powers granted in favor of Mr. Fernando Manuel García Campuzano by public deed number 64,865 dated February 23, 2006, granted by Attorney José Alberto Castro Salazar, Notary Public assigned to Public Notary Number 7 in Los Cabos, Baja California Sur ................................................................................

--- The members, after a brief deliberation, unanimously resolved to revoke the powers granted to Mr. Fernando Manuel García Campuzano by public deed number 64,865, dated February 23, 2006, granted by the Notary. José Alberto Castro Salazar, Notary Public assigned to Public Notary Number 7 in Los Cabos, Baja California Sur ................................................................................

--- Continuing this agenda item, the Chair proposed to the members present, or duly represented, to grant Mr. Fernando Manuel García Campuzano the following power: ...............................................................................................

--- **A).- GENERAL POWER FOR LAWSUITS AND COLLECTIONS AND ACTS OF ADMINISTRATION**.- with all general powers and even special ones requiring special clause, in accordance with the Law, under the first and second paragraphs of section 2554 (two thousand five hundred fifty-four) of the Federal Civil Code and section 2587 (two thousand five hundred eighty-seven) of the same order and its equivalent in the Civil Code of the State of Baja California Sur and the other federal entities of the United Mexican States and of the Federal District where the power is exercised. In accordance with the foregoing, and in accordance with Article 2,468 of the Civil Code of Baja California Sur, the powers granted to the proxy shall include, but are not limited to, the following: ...

---(i) To try and desist from all kinds of federal and local procedures including

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

CONFIDENTIAL          DANSKE_0016347

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                                            5

**[stamp:] COLLATED AND COMPARED**

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

that of protection; ............................................................................................
--- (ii) To compromise; ......................................................................................
--- (iii) To submit to arbitration; ........................................................................
--- (iv) To absolve and state positions as a legal representative of his Principal; .
--- (v) To recuse;................................................................................................
--- (vi) To make and receive payments; and .......................................................
--- (vii) To file claims and actions in criminal matters and be constituted by his Principal in a civil party or as a third-party contributor to the Public Prosecutor's Office, as well as to withdraw from the respective actions and instances where permitted by law and to grant forgiveness where appropriate. He shall also enjoy employer representation under Article 11 (eleven) of the Federal Labor Law, acting accordingly before or against trade unions with which collective employment contracts exist and for all purposes before or against the workers concerned, and for the resolution of individual or collective disputes: in general, for any worker-employer matter and to appear before any of the labor authorities; he may also appear before the Conciliation and Conciliation and Arbitration Boards, whether Local or Federal; consequently, he shall have employer representation for the purposes of Articles 11 (eleven), 46 (forty-six) and 47 (forty-seven) and also the legal representation of the company, for the purposes of establishing legal personality and competency at trial or outside it pursuant to Article 692 (six hundred and ninety-two), section two and three: he may appear to introduce evidence, pursuant to Articles 787 (seven hundred or eighty-seven) and 788 (seven hundred and eighty-eighty-eight) of the Federal Labor Law, with the powers to state and absolve positions, to present evidence in all its parts; indicate addresses for notifications, under Article 886 (eight hundred and sixty-six); appear with all and sufficient legal representation to attend the hearing, referred to in Article 873 (eight hundred and seventy-three) in its three phases of conciliation, demand and exceptions, and of offering and admitting evidence, under Articles 875 (eight hundred and seventy-five), 876 (eight hundred and seventy-six), section first and sixth, 877 (eight hundred and seventy-seven), 878 (eight hundred and seventy-eight), 879 (eight hundred and seventy-nine) and 880 (eight hundred and eighty); he may also attend the hearing evidentiary hearing, pursuant to Articles 873 (eight hundred and seventy-three) and 874 (eight hundred and seventy-four); he may also confer powers to propose conciliatory arrangements, hold negotiations, and enter into labor agreements, as well as to settle or ratify settlement agreements in respect of and for all kinds of trials, or work procedures that are processed before any authorities. He may also conclude and terminate employment contracts. ............

CONFIDENTIAL                                            DANSKE_0016348

--- Following a brief deliberation on the matter, the partners unanimously resolved to grant in favor of Mr. Fernando Manuel García Campuzano, the power-of-attorney proposed by the Chair in all its terms. .....................................

--- **FIFTH.** Authorize the member Diamante Cabo San Lucas, LLC to grant their share in favor of LEHMAN BROTHERS HOLDINGS, INC, in accordance with the corresponding pledge contract. The Chair informed the members present or duly represented that Diamante Cabo San Lucas, LLC, through its legal representative, had made known to him his intention to grant in pledge in favor of Lehman Brothers Holdings Inc., one (1) share part with face value of $9,900 (nine thousand nine hundred pesos 00/100, National Currency). representing 99% (ninety-nine percent) of the Company's share capital ...................................

--- The aforementioned pledge will be granted in order to comply with the agreements established in the Loan Agreement to be concluded on March 9 or 10, 2006 between the Company and Lehman Brothers Holdings Inc. and which will be submitted for approval by this assembly in the tenth agenda item

--- The Chair further proposed to the partners —present or duly represented— to authorize Diamante LLC to pledge in favor of Lehman Brothers Holdings Inc. one (1) share of $9,900 (Nine Thousand, Nine Hundred Pesos 00/100, Local Currency), which represents 99% (Ninety-Nine Percent) of the Company's capital stock. ...................................................................................

--- By virtue of the foregoing, the partners —present or duly represented— unanimously approved the following resolutions: ..................................................

--- i) Authorize Diamond Cabo San Lucas, LLC to grant in pledge, in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that will be submitted for approval by the assembly under agenda item nine, one (1) share with face value of $9,900 (nine thousand nine hundred pesos 00/100, National Currency), representing 99% (ninety-nine percent) of the Company's share capital. ...............................................................................................

--- ii) Once the applicable Pledge Agreement has been duly concluded, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in the aforementioned Pledge Agreement. ....................................................................

--- iii) In accordance with the provisions of the applicable Pledge Agreement, Diamante Cabo San Lucas, LLC shall not assign, sell, pledge or otherwise dispose of its share without the prior written permission of Lehman Brothers Holdings Inc. .......................................................................................

--- iv) In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or dispose in any way of the company shares representing the share capital thereof, without the prior written permission of Lehman Brothers Holdings Inc. ............................................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                                7

**[stamp:] COLLATED AND COMPARED**

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

--- v) The Company shall not allow, in the exercise of the vote that corresponds to the company shares, the provisions of the corresponding Pledge Contract to be contravened .................................................................................................

--- **SIXTH.** <u>To authorize Mr. Kenneth Aboud Jowdy to pledge his shareholding in favor of Lehman Brothers Holdings Inc., in accordance with the corresponding pledge agreement.</u> The Chair informed the members present, or duly represented, that Mr. Kenneth Aboud Jowdy had made known to him of his intention to grant in pledge, in favor of Lehman Brothers Holdings Inc., one (1) share of $100.00 (One hundred pesos 00/100. National Currency) representing 1% (one percent) of the Company's share capital.................................................

--- The aforementioned pledge will be granted in order to comply with the agreements established in the Loan Agreement to be concluded on March 9 or 10, 2006 between the Company and Lehman Brothers Holdings Inc. and which will be submitted for approval by this assembly in the tenth agenda item.

--- The Chair then proposed to the members present, or duly represented, to authorize Mr. Kenneth Aboud Jowdy to grant in pledge, on behalf of Lehman Brothers Holdings Inc., one (1) share part with a face value of $100.00 (One hundred pesos 00/100, National Currency) representing 1% (one percent) of the Company's share capital........................................................................................

--- By virtue of the foregoing, the partners —present or duly represented— unanimously approved the following resolutions: .................................................

--- i) Authorize Mr. Kenneth Aboud Jowdy to grant in pledge, in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that will be submitted for assembly approval under agenda item nine, one (1) share part with face value of $100.00 (One hundred pesos 00/100, National Currency) representing 1% (one percent) of the Company's share capital.................................................

--- iii) Once the applicable Pledge Agreement has been duly concluded, the Company shall grant Lehman Brothers Holdings Inc. all rights set forth in the aforementioned Pledge Agreement. ...................................................................

--- iv) In accordance with the provisions of the applicable Pledge Agreement, Mr. Kenneth Aboud Jowdy shall not assign, sell, pledge or dispose of his company share in any way without the prior written permission of Lehman Brothers Holdings Inc. ........................................................................................................

--- v) In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or dispose in any way of the company shares representing the share capital thereof, without the prior written permission of Lehman Brothers Holdings Inc. ..........................................................................

--- vi) The Company shall not allow the company shares to contravene the provisions of the relevant Pledge Agreement in the exercise of the voting that corresponds to the company shares......................................................................

---**SEVENTH.** <u>Accept Lehman Brothers Holdings Inc. or any other holder of company shares granted in pledge by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as members of the Company, in the case of assignment, purchase, enforcement or judicial auction of their respective company shares granted in pledge and, where appropriate, accept the waiver of the company's current members of both the right conferred on them by Article 66 of the General Law on Commercial Companies and the bylaws, as well as any right they may have to acquire in whole or in part the company share of the opposing member by any other means.</u> Having taken the floor, the Chair proposed to the partners —present or duly represented— to accept Lehman Brothers Holdings Inc., or any other holder of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy, as partners of the Company in the case of assignment, purchase, enforcement or public auction of the aforementioned shares. ..............................................................................................................

---Following a brief deliberation on the matter, the partners —present or duly represented— unanimously approved the following resolutions: ...........................

---i) Accept as a member of the Company, without the need for additional consent hereto, Lehman Brothers Holdings Inc. or any other potential holder of the company shares granted in pledge by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. in the event of assignment, purchase, enforcement or judicial auction of the aforementioned company shares. .......................................................................

---ii) In the event of assignment, purchase, enforcement or judicial auction of the company share owned by Diamante Cabo San Lucas, LLC in favor of Lehman Brothers Holdings Inc. or the holder of the company share at the time, Mr. Kenneth Aboud Jowdy, as member of the Company, in this act waives both the right that assists him in accordance with Article 66 of the General Law on Commercial Companies stipulated in the bylaws, as well as any right he may have to acquire in whole or in part the company share of the opposing member by any other means ...........................................................................................

---iii) Pursuant to the foregoing, Mr. Kenneth Aboud Jowdy waives both the right conferred on him by Article 66 of the General Law on Commercial Companies and the bylaws, and any right he may have to acquire in whole or in part the company share of the opposing member by any other means, giving in this same act his consent that, where appropriate, the assignment, purchase, enforcement or judicial auction of the company share of Diamante Cabo San Lucas, LLC granted in favor of Lehman Brothers Holdings Inc. may take place. .

---iv) In the event of the purchase, enforcement or judicial auction of the company share owned by Mr. Kenneth Aboud Jowdy on behalf of Lehman Brothers Holdings Inc. or the holder of the company share at the time, Diamante Cabo San Lucas, LLC, as member of the Company, in this act waives both the right that assists him in accordance with Article 66 of the General Law on Commercial Companies and the bylaws, as well as any right he may have to acquire in whole or in part the company share of the opposing member by any other means ...........................................................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

CONFIDENTIAL

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                    9

**[stamp:] COLLATED AND COMPARED**

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

---v) By virtue of the foregoing, Diamante Cabo San Lucas, LLC waives both the right conferred on it by Article 66 of the General Law on Commercial Companies and the bylaws, and any right it may have to acquire in whole or in part the company share of the opposing member by any other means, granting in this same act its consent so that, where appropriate, the assignment, purchase, enforcement or judicial auction of Mr. Kenneth Aboud Jowdy's company share granted in pledge in favor of Lehman Brothers Holdings Inc. may take place...................................................................................................

---vi) In the event of the purchase, enforcement or judicial auction of the company shares granted in pledge by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy on behalf of Lehman Brothers Holdings Inc. in accordance with the above resolutions, the Company's share capital would be integrated as follows: ...........................................................................................

| Partners | Shares | Value |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $9,900.00 |
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

---**EIGHT**. To register the pledge of shares in the special book of partners of the Company. Taking into account previously adopted resolutions, the Chair instructed the Secretary to carry out annotations of the pledges awarded on behalf of Lehman Brothers Holdings Inc. in the book of shareholders once the corresponding Pledge Agreements have been concluded...................................

---Similarly, the Chair instructed the Secretary to provide Lehman Brothers Holdings Inc. with a copy of the above-mentioned annotations within two days of the conclusion of the corresponding Pledge Agreements .....................................

---**NINTH.** Approve the conclusion of the Pledge Agreements documenting the pledges approved in terms of the Fifth and Sixth items of the Agenda, as well as all and any support document to such Pledge Agreements. Upon discussing the next item of the Agenda, the Chair circulated among the partners —present or duly represented— a copy of the draft Pledge Agreements to be executed in order to document the granting of pledges approved through the resolutions of Items Five and Six of the Agenda, as well as any and all attachments thereto. ...

---Following a thorough review of the documents submitted by the Chair, the members present or duly represented, as well as the Company through Mr. Kenneth Aboud Jowdy, as general manager, expressed a clear and complete

DANSKE_0016352

understanding of the terms and conditions set out in the Pledge Agreements and their supporting documents .......................................................................................

--- After having thoroughly discussed the terms and conditions contained in the Pledge Agreements and attachments thereto, the partners unanimously adopted the following resolutions: ........................................................................................

--- i) That they understand and accept the terms and conditions set forth in the Pledge Agreements and their supporting documents submitted by the Chair. .....

--- ii) That they authorize the Company to conclude the Pledge Agreements, as well as any support document attached to them in terms substantially equal to the documents attached to this assembly as Annex "B", subject to amendments that the parties agree prior to their signing ............................................................

--- iii) Mr. Kenneth Aboud Jowdy, as general manager of the Company, is authorized to conclude the Pledge Agreements, as well as any support document attached to them ....................................................................................

--- iv) It will be accepted that the Company will not carry out any act or activity that violates or contravenes the terms and conditions set forth in the Pledge Agreements or any support document of them ........................................................

--- **TENTH.** <u>Review and, where appropriate, approve the conclusion by the Company of various documents, agreements and contracts to be concluded on March 9 or 10, 2006</u>. The Chair circulated among the members present or duly represented, a draft of the following documents, agreements and contracts to be concluded by the company on March 9 or 10, 2006.............................................

--- 1. Loan Agreement  to be entered into by and between the Company and Lehman Brothers Holdings Inc. .............................................................................

--- 2. Promissory Note to be signed by the Company in favor of Lehman Brothers Holdings Inc.;........................................................................................

--- 3. Trust Agreement to be entered into by and between the Company, Lehman Brothers Holdings Inc. and Banco JP Morgan, S.A., Institución de Banca Múltiple [Universal Banking], JP Morgan Grupo Financiero, División Fiduciaria [Trust Division].....................................................................................

--- 4. Assignment of Lease and Rents  to be executed by the Company in favor of Lehman Brothers Holdings Inc. .......................................................................

--- 5. Environmental compensation to be concluded by the Company and Mr. Kenneth Aboud Jowdy on behalf of Lehman Brothers Holdings Inc. ....................

--- 6. Overall Assignment to be concluded by the Company in favor of Lehman Brothers Holdings Inc.............................................................................................

--- 7. Non-Possessory Pledge Agreement to be executed by the Company and Lehman Brothers Holdings Inc. .............................................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

11

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

**[stamp:] COLLATED AND COMPARED**

--- After reviewing the terms and conditions set out in the documents mentioned above, the Members of the Company, as well as the Company through Mr. Kenneth Aboud Jowdy, as general manager expressed a clear and complete understanding of the terms and conditions of the documents to be concluded by the Company....................................................................................................

--- After extensive discussion of the terms and conditions of the documents submitted by the Chair, the members unanimously adopted the following resolutions:.............................................................................................................

--- i) That they understand and accept the terms and conditions set forth in the documents submitted by the Chair ......................................................................

--- ii) That they authorize the Company to conclude the documents submitted by the Chair, as well as any support document attached to them, and to be bound by there, in terms substantially equal to the documents attached to this assembly as Annex "C", subject to amendments that the parties agree prior to their signing.........................................................................................................

--- iii) Mr. Kenneth Aboud Jowdy, as general manager of the Company, is authorized to conclude the documents submitted by the Chair, as well as any support document attached to them. ...................................................................

iv) It is agreed that the Company will not carry out any act or activity that violates or contravenes the terms and conditions set forth in the documents submitted by the Chair or in any support document attached to them.

--- **TAX INFORMATION OF MEMBERS.** The President proceeded to state the tax identification code of the partner Kenneth Aboud Jowdy, as follows:..............

| Mr. Kenneth Aboud Jowdy | AOJK 640716 V59 |
| --- | --- |

--- The Chair then also mentioned that the member Diamante Cabo San Lucas LLC is a foreign resident, so it has chosen not to register in the Federal Taxpayer Register in the terms established by the fourth paragraph of Article 27 of the Federation Tax Code. Therefore, the Company will submit the notification referred to in that article within the first three months at the close of the financial year

--- **AUTHORIZATION.** The Assembly unanimously resolved to authorize Mr. Fernando Manuel García Campuzano, Mr. Roberto Arena Reyes Retana, Mr. Alejandro Ortiz Prieto, Mr. Eduardo Eugenio Pizarro Suárez Villalobos, Mr. Víctor Manuel Manzano Maclas, Mr. Marco Antonio Najera Martínez and Mr. Raúl Salvador Mejía Palos to, together or separately and interchangeably, go before the notary public of their choice and notarized, as they deem appropriate, the text of this assembly ......................................................................

--- **DRAFT.** The Secretary proceeded to draft theses minutes, after which they were read aloud, being unanimously approved accordingly................................. .

--- **CLOSING.** There being no further matter to be discussed, the Meeting was declared closed at 10:30 p.m.................................................................................

CONFIDENTIAL

DANSKE_0016354

--- SIGNATURES FOLLOW ................................................................................

--- The appearing party declares that the signatures that appear on the Assembly Minutes are authentic, as well as the text thereof................................

--- The appearing party shows it to me and I add it to the appendix with the letter **"C"** as well as the testimony of the same issued by the Corporate Bylaws duly signed by the members...........................................................................................

--- Given the foregoing, the following are to be granted:.......................................

**-------------------------------------------------- CLAUSES..................................................**

--- **FIRST.** - At the request of the Mr. **FERNANDO MANUEL GARCIA CAMPUZANO**, the Act of Assembly of the Commercial Company called **"DIAMANTE CABO SAN LUCAS", VARIABLE CAPITAL LIMITED LIABILITY COMPANY**, held on March eight two thousand and six, is RECORDED and the resolutions made therein are formalized...............................................

**SECOND. - "DIAMANTE CABO SAN LUCAS", VARIABLE CAPITAL LIMITED LIABILITY COMPANY**, shall be governed by the approved bylaws, which are worded as follows: ...............................................................................................

**-------------------------------------------------- BYLAWS...................................................**

**-------------------------------------------------- REGARDING ..................................................**

**-------------------- DIAMOND CABO SAN LUCAS, S. DE R.L. DE C.V .....................**

**-------------------------------------------------CHAPTER ONE ..............................................**

--- CORPORATE NAME, ADDRESS; DURATION AND PURPOSE..

--- ONE. The Company shall be referred to as "DIAMANTE CABO SAN LUCAS", a name that will always be followed by the words "VARIABLE CAPITAL LIMITED LIABILITY COMPANY" or its abbreviation "S. DE R.L. DE C.V." (the "Company")...........................................................................................

--- TWO. The Company's registered office shall be located in the city of Cabo San Lucas, Baja California Sur, Mexico. The Company may establish agencies/offices and branches anywhere in the United Mexican States or abroad, and may also indicate conventional domiciles, without this being deemed a change of its registered office........................................................... .

--- THREE. The duration of the Company shall be ninety-nine years, from the date of signing of this deed....................................................................................

--- FOUR. The Company's purpose is:...............................................................

--- a) Subject to the Clause Five, carrying out all kinds of activities related to the financing, guarantee, purchase, possession, construction, sale, lease, exchange, operation, design, building and marketing of a tourist project on the property known as La Laguna, in the area known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, Mexico (the "Property"), pursuant to the terms of the Loan Agreement to be concluded between Lehman Brothers Holdings Inc. ("Lender") and the Company (the "Project") ...............................................................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                    13

**[stamp:] COLLATED AND COMPARED**

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

--- b) Conclude with the Lender all types of contracts and agreements related to the (order, loan guarantee and obligations of third parties, the purchase, possession, construction, sale, lease, exchange, operation, building design and marketing of the Project as set forth in the Loan Agreement (as defined below) to be concluded between the Company and the Lender, on the Property, including but not limited to the following agreements (the "Credit Documents"): ..

--- 1. Loan agreement (the "Loan Agreement") between the Company and the Lender to be concluded on March 9, 2006 (the "Closing Date"). ..........................

--- 2. Promissory Note  to be signed by the Company in favor of the Lender on the Closing Date ................................................................................................ .

--- 3. Trust agreement between the Company, the Lender and Banco JP Morgan, S.A., Institución de Banca Múltiple. JP Morgan Grupo Financiero, Fiduciary Division to be concluded on the Closing Date ........................................

--- 4. Assignment of Lease and Rents by the Company in favor of the Lender, to be executed on the Closing Date...............................................................................

--- 5. Environmental Indemnity  by the Company and Mr. Kenneth Aboud Jowdy in favor of the Lender, to be executed on the Closing Date ................................. .

--- 6. Omnibus Assignment by the Company in favor of the Lender, to be executed on the Closing Date................................................................................. .

--- 7. Pledge Agreement without transfer of Possession by the Company in favor of the Lender, to be concluded on the Closing Date ..............................................

--- 8. Company share Pledge Agreements between the Company's members ("Members"), the Company and the Lender, to be concluded on the Closing Date ---

--- c) Obtaining all types of government permits and authorizations to build, operate, market, sell, lease, design, guarantee or own the Project ......................

--- d) Sell, lease or sub-lease, dispose of, market or negotiate with all kinds of movable or immovable property that is developed in the Project..........................

--- e) Contract and subcontract, directly or through third parties, all kinds of services to design, build, urbanize, build and market movable or immovable property that is developed built, constructed and operated within the Project ......

--- f) Contract and subcontract, directly or through third parties, all kinds of services for the proper functioning of personal or real property that is developed, built, constructed and operated within the Project................................................

--- g) Conclude all kinds of agreements, contracts and acts with any natural or legal person, private or public, with the exception of parties associated with the Company and under the guidelines of the Loan Agreement and Credit Documents..........................................................................................................

--- h) Establish and participate as a grantor or trustee, in the trust agreement concluded regarding the property under the guidelines of the Loan Agreement and the Credit Documents ...................................................................................

--- i) Buy building materials for the urbanization and construction of movable or immovable property that is developed, built and constructed for the Project ........

--- j) Issue bonds, subscribe and transfer negotiable instruments, accept and endorse them in any form and in general negotiate all kinds of credit securities provided that they are issued in direct relation to the corporate purpose of the company ...................................................................................................................

--- k) Act as representative, commissioner or intermediary of third parties, natural or legal, national or foreign, exclusively for acts directly related to the Project.................................................................................................................................

--- l) Register, acquire, receive, own and dispose of in any legal form licenses, concessions, trademarks, trade names, intellectual rights, inventions and patents and all types of intellectual and industrial property, as well as conclude make technical support agreements....................................................................................

--- m) Contract employees with personnel services companies to carry out its corporate purpose ...............................................................................................

--- FIFTH. Execution and fulfillment of the corporate purpose: ............................

--- The Company shall comply with the following provisions, set forth in the Loan Agreement, for the conclusion of any contract or agreement, on the understanding that any act performed in contravention of these provisions shall be deemed to be a breach of the Credit Documents.............................................

--- (a) The Company shall have no other assets or property except those permitted by the Loan Agreement and related to the Project, including the Property and the rights and obligations arising from the Credit Documents .........

--- (b) The Company will not conduct any business other than the Project

--- (c) The Company shall not carry out any activity or conclude any agreement with its Related Parties as such term is defined in the Loan Agreement, unless such act is permitted or not prohibited by the Loan Agreement ............................

--- (d) The Company may not guarantee or incur indebtedness (whether personal or without recourse, guaranteed or not guaranteed) other than payments in the ordinary course of operations arising from the design, construction, direction and operation of the Project, which are covered by the Budget, as defined in the Loan Agreement and not exceeding 60 business days

--- (e) The Company shall not give loans or payment advances to any person, and the Company may not acquire obligations or shares of any Related Party as such term is defined in the Loan Agreement .........................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

CONFIDENTIAL                    DANSKE_0016357

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                                    15

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

**[stamp:] COLLATED AND COMPARED**

--- (f) The Company will at all times carry out the necessary acts to comply with the corporate obligations and obligations established by Mexican law to preserve its existence ...........................................................................................................

--- (g) The Company may not be guaranteed or bound by third party debts, except for debts arising from the Loan Agreement and Credit Documents...........

--- (h) The Company will not pledge its assets for the benefit of any other third party, except for that provided in the Loan Agreement and Credit Documents.....

--- (i) The Company may not sell the Company's materials or assets that are used for the Project without the prior written consent of the Lender. ...................

--- (j) The Company may not have employees or contract with labor intermediaries. The entire workforce of the Company shall be subcontracted through companies that specialize in the provision of employment services. .......

--- (k) The Company may not participate in the share capital or be a shareholder or member of any other company .................................................................................

----------------------------------------- CHAPTER TWO.................................................

------------------------------CAPITAL STOCK AND SHARES .....................................

--- SIXTH. The share capital is variable, with a fixed minimum of $10,000.00 (TEN THOUSAND PESOS, National Currency) and a limited maximum. ............

--- The capital stock shall be represented by shares in accordance with the number of partners who comprise it, which in no case may exceed Fifty (50) partners. Such shares shall represent the partners' holding of the capital stock; they may be of unequal value but, in any case, their value shall be $1.00 (ONE PESO, LOCAL CURRENCY) or any multiple thereof. ..........................................

--- Each partner shall have a share with a value that may be increased or reduced in accordance with the increase or reduction of its holding in the capital stock................................................................................................................

--- With the exception of the privileged company shares that are issued, all company shares shall confer the same rights and obligations ..............................

--- SEVEN. The company shares are indivisible, however, the ordinary general assembly of members, by agreement adopted by the favorable vote of members representing (two-thirds of the share capital) of the share capital, may authorize the division of a share part and the partial transfer thereof to another member, complying with the requirements set out in Articles eight, nine, ten and eleven of these bylaws .........................................................................................................

--- EIGHT. In order for members to assign, pledge or transfer in any way the company share of which they own in favor of a person outside the Company, must have the prior consent of the members and the Lender. In this case, the members shall have the right to acquire them, in accordance with article sixty-six of the General Law on Commercial Companies...................................................

--- In the event that any of the members decides to assign, pledge or transfer in any way the company share of which they own in favor of a person outside the Company, they must notify the General Manager and the Lender in writing and 15 business days in advance. Such notification shall include: i) the name of the potential buyer; ii) the consideration for the sale of the company share; iii) the reason for the sale, assignment or pledge of the company share; and iv) the time limit for the transfer of the company share or shares. ..........................................

--- The General Manager shall notify the members in writing of the intention of the member or members wishing to transfer, assign or pledge their company share or shares, and shall convene an ordinary shareholders' meeting in which the approval of the assignment, pledge or disposal of the company shares is put to a vote ...................................................................................................................

--- In the event that the procedure provided for in this clause is not complied with, any transfer, assignment or pledge of a company share shall be void, unless all the members are present at the assembly of members approving the assignment, pledge or disposal of the company shares........................................

--- NINE. The capital stock shall be subject to increases and reductions. The capital stock shall be increased by agreement of the Meeting of Partners by way of new contributions from the partners or by the admission of new partners. .......

--- The variable proportion of the capital stock may be reduced due to the partial or total withdrawal of contributions, in accordance with the provisions of these bylaws and with the applicable provisions of Chapter VIII of the General Corporations Law...................................................................................................

--- All increases or decreases in capital shall be recorded in the book of shareholders that the Company will have for this purpose, in accordance with article seventy-three of the General Law on Commercial Companies ..................

--- Notwithstanding the foregoing, the Company will not accept the reduction of share capital without the written approval of the Lender .......................................

--- TEN. The transfer by inheritance of the company shares shall not require the consent of the other members, as provided for in Article sixty-seven of the General Law on Commercial Companies, as the death of one of the members does not entail the dissolution of the companies or the obligation of the other members to liquidate their share to the heirs of the former....................................

--- ELEVEN. The Company shall keep a special register book of partners, wherein the name and address of each partner is recorded, indicating its contributions and the transfer or encumbrance of the shares. No transfer of company shares will have any effect on third parties until the aforementioned registration has been made .................................................................................

--- TWELVE. Members shall have the right of preference to subscribe to capital increases, in proportion to the value of the share part owned by said member before the increase. Members shall exercise their right of preference within fifteen days of the date on which the assembly resolution has been published in the Official Journal of the Federation or within fifteen days of holding the assembly, if the member wishing to assert his/her right attended it, or within the following fifteen days from the date on which each member acknowledges in

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                                    17

**[stamp:] COLLATED AND COMPARED**

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

writing to the Company the receipt of the notification of that resolution ................

---THIRTEEN. The share capital may be reduced, by agreement of the Assembly: of Members complying with the requirements established by article nine of the General Law on Commercial Companies. Notwithstanding the foregoing, the Company shall not allow any capital stock reductions without the approval of the Lender ........................................................................................ .

---FOURTEEN. The right of separation may not be exercised if, as a result, the capital stock is reduced to less than the minimum fixed capital. ...........................

------------------------------------------ CHAPTER THREE ............................................

--------------------------------MEETING OF PARTNERS ........................................

---FIFTEEN. The Meeting of Partners is the supreme body of the Company. Legally-adopted resolutions in any duly constituted Meeting of Partners shall be binding for all partners, including any absent or dissident partners. .....................

---SIXTEEN. The decision taken through an Assembly of Members required to resolve any of the following matters:…................................................................

---a) Discuss, approve, modify or rebuke the balance sheet for closed financial years and take, for those reasons, the measures it deems appropriate; ..............

---b) Proceed to the distribution of profits;...........................................................

---c) Appoint and remove the General Manager or members of the Board of Directors;..........................................................................................................

---d) Designate, where appropriate, the Supervisory Board; ...............................

---e) Resolve the division and amortization of the company shares; ...................

---f) Require, where appropriate, supplementary contributions and accessory benefits; ..............................................................................................................

---g) File claims against company bodies or members to take appropriate actions to demand damages; .................................................................................

---h) Amend the Company's bylaws; .....................................................................

---i) Approve the assignment, pledge or sale of company shares;.......................

---j) Approve the admission of new members; ....................................................

---k) Decide on increases and reductions in share capital; .................................

---l) Decide on the dissolution of the Company;..................................................

---m) Any matter that under the Law or these bylaws that corresponds. .............

---SEVENTEEN. At least one Meeting of Partners shall be held during the four months following the financial year end............................................................... .

18

---EIGHTEEN. Meetings shall be convened by the Chief Executive Officer or, in his/her absence, by the Supervisory Committee or, in its absence, by partners with a holding of more than one third of the capital stock, or the Lender. .............

---NINETEEN. The call for each Meeting of Partners shall be published in any large-circulating newspaper where the registered office of the Company is located, and a written copy thereof shall be submitted to the Lender, or the partners shall be notified by telex, telefax or letter with acknowledgment of receipt, at least eight (8) calendar days prior to the intended date of the meeting, indicating the day, time, and location of the meeting and the meeting agenda accordingly. When one hundred percent of the members are gathered, the assemblies shall be deemed valid even without prior call provided that the Lender has been notified of it 15 days in advance unless the lender grants a shorter period in writing.........................................................................................

---TWENTY. Partners may be represented in each Meeting of Partners by representatives, who may or may not belong to the Company. Said representation shall be granted in writing. Partners may not be represented by the Chief Executive Officer not by any member of the Supervisory Committee. Notwithstanding the foregoing, in terms of the Pledge Agreement concluded between the Lender, the Company and the Members, the Lender shall have the right to participate in the assemblies as if it were a member and to vote on the company shares granted on behalf of the Members .............................................

---TWENTY-ONE. The procedure to be followed in each meeting shall be as follows: .....................................................................................................................

---a) All Assemblies of Members are held at the registered office, except in cases of unforeseeable circumstances or force majeure ......................................

---b) The General Manager or the Chair of the Board of Directors shall preside over the assemblies and the Secretary of the Board shall act as Secretary of the Assemblies and, in the absence thereof, the assembly shall appoint the Chair and the Secretary..................................................................................................

---c) The Chair shall designate two vote counters to verify and count the number of company shares represented in the assemblies ................................

---d) If the respective quorum is present, the Chair shall declare the assembly legally established and shall precede with the Agenda. ........................................

---e) Each company share shall have the right to cast one vote for each peso, national currency, it represents in the share capital .............................................

---f) Minutes shall be made at all Assembly of Members which shall be based on the respective minutes book and shall be signed by the Chair and the Secretary of the Assembly. The minutes shall be added to the documents justifying that the calls were made in the terms established by the bylaws, as well as the list of attendance made by the vote counters, the power of attorney letters or a summary of powers of attorney, the reports, opinions and other documents that have been submitted for consideration by the assembly and the

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

19

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

**[stamp:] COLLATED AND COMPARED**

respective minutes ................................................................................

---TWENTY-SECOND. Unless otherwise provided by these bylaws or the law, the assemblies of members shall be deemed to be legally convened in the first call when at least 65% (sixty-five) percent of share capital is represented ...........

---In the event that the necessary quorum is not obtained in the first call, a second call will be made in the same terms established for the first call and the assembly will be considered legally convened whatever the number of members or their representatives are in attendance ..............................................................

---TWENTY-THIRD. Resolutions of the assemblies of members shall be valid if they are approved by the vote of company shares representing 65% (sixty-five) percent of the share capital present in the assembly and in the cases established in the Pledge Agreement concluded between the Company, the Members and the Lender, the written approval of the Lender................................

---Notwithstanding the foregoing, resolutions adopted by members outside of an assembly, even if they will be made by means of telephone conferences, shall be of the same validity, provided that it is confirmed in writing and the requirements set out in Article eighty-two of the General Law on Commercial Companies are met. The Secretary of the Company shall receive the documents that verify the adoption of any resolution in accordance with this procedure, and shall record the annotations in the respective book. ............................................

---------------------------------------CHAPTER FOUR.................................................

------------------------ ADMINISTRATION OF THE COMPANY...............................

---TWENTY-FOUR. The Administration of the Company shall be entrusted to a Chief Executive Officer, who shall be appointed by the Meeting of Partners....... .

---TWENTY-FIVE. The General Manager may be a member or person outside the Company and will remain in office for one year, but in any case he will continue to serve until his successor is appointed and takes office ......................

---TWENTY-SIX. The Chief Executive Officer shall be liable to the Lender for any act undertaken by the Company under his/her supervision in breach of the Loan Agreement and Credit Documents, and shall take the necessary measures to ensure that the Company complies with the obligations stipulated therein. Notwithstanding the foregoing, the General Manager shall not be liable to the Lender for those acts where the General Manager has acted in good faith or has acted in unforeseeable circumstances or force majeure.......................................

---TWENTY-SEVEN. The General Manager shall represent the Company with the following powers: ..............................................................................................

---A) Those covered by the general powers for lawsuits and collections, for the administration of property and to exercise acts of ownership, pursuant to the first paragraphs of article two thousand five hundred and fifty-four (2554) of the Federal Civil Code and its equivalent articles in the various federal entities of the United Mexican States and the Federal District, including all general and special powers that require special clause under articles two thousand five hundred and eighty-seven (2587), two thousand five hundred and seventy-four (2574), two thousand five hundred and eighty-two (2582) and two thousand five hundred

20

and ninety-three (2593) of the Federal Civil Code and its equivalent articles in the various federal entities of the United Mexican States and the Federal District. With regard to the foregoing, the representative in an illustrative but not limiting manner, will have the following authority:.............................................................

--- a) The Manager or, where appropriate, the Board of Directors may initiate any legal action, make appeals including the amparo trial and resolve disputes in adherence to conventional procedures. They may also carry out the following actions: file criminal complaints and assist the Public Prosecutor's Office; make and receive payments; assign property and perform any act permitted by law; represent the Company before individuals and all kinds of civil, administrative, judicial or criminal authorities, whether federal, state or municipal, before conciliation and arbitration boards and other labor authorities, decentralized companies; being able to enter into agreements with the Federal Government with the Secretariat of Foreign Affairs, in accordance with the provisions of sections I and IV of article twenty-seven of the Political Constitution of the United Mexican States and their respective regulations ...................................................

--- b) Carry out all operations that are not reserved to the Assembly of Members, as well as enter into, modify and terminate agreements .......................................

--- c) Grant, issue, transfer, accept, endorse, guarantee or otherwise subscribe to negotiable instruments, as well as object to them, in accordance with article nine of the General Law on Securities and Credit Operations ..............................

--- d) Open, manage and close bank accounts on behalf of the Company ..........

--- e) Set up and withdraw all kinds of deposits ....................................................

--- f) Appoint and remove officials and employees of the Company and determine their powers, obligations and remuneration..........................................

--- g) Confer general or special powers on one or more of its members and on any person that the Board of Directors or the General Manager, where appropriate, deem appropriate, and revoke them .................................................

--- h) Agree to the establishment of branches, agencies or units and their elimination........................................................................................................

--- i) Execute the resolutions of member assemblies .............................................

--- j) Represent the Company when it is part of other companies, buying or subscribing shares or holdings, or intervening as a party to its incorporation.......

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.                    21

[stamp:] COLLATED AND COMPARED

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

--- k) Admit and exercise on behalf of the Company powers and representations of natural or legal persons, national or foreign, either to hire on their behalf or to appear in court ...................................................................................................

--- l) To appear and represent the principal company in the conclusion, termination and cancellation of any employment relationship or contract, as well as in any employment judgment or proceeding against the principal or promoted by it, to conclude agreements or conciliations of any kind at various stages of any trial or proceeding. This power, in addition to being granted broad authority contained in the aforementioned provisions, includes the express authority mentioned in Articles eleven, forty-six, forty-seven, six hundred ninety-two, seven hundred eighty-six to seven hundred eighty-eight, eight hundred sixty-six, eight hundred seventy-three to eight hundred eighty of the Federal Labor Law ...

-----------------------------------------CHAPTER FIVE...................................................
-------------------------- SUPERVISION OF THE COMPANY..................................

---TWENTY-EIGHT. Where the Assembly of Members deems it appropriate, the supervision of the Company shall be carried out by a Supervisory Board, composed of or constituted by one or more members appointed by the assembly, who may or may not be members and shall have the rights and obligations conferred on them by Articles one hundred sixty-six et seq. of the General Law on Commercial Companies. The members of the Supervisory Board shall remain in office for one year or until their successors have been appointed and take office or until the Assembly of Members decides of their removal. The Meeting of Partners may, in turn, appoint one or more alternate members of the Supervisory Board, who may or may not be partners, to replace the regular members in their temporary or permanent absence ......................... .

---------------------------------------------CHAPTER SIX ...............................................
------------- FINANCIAL YEAR, FINANCIAL STATEMENTS, RESERVES ...........
------------------------------------- AND LIMITED LIABILITY .......................................

---TWENTY-NINE. According to Article 8-A of the General Law on Commercial Companies, the company financial years shall be twelve months from the first of January to the thirty-first of December each year, except for the first fiscal year, which will be from the date of incorporation of the company to December 31 of the year in which the company was incorporated.................................................

---THIRTY. The report of the Chief Executive Office, containing the balance sheet for each financial year, shall be prepared at the end of each financial year and, together with said report or —if applicable— the report of the Supervisory Board in relation to said report and the balance sheet, shall be made available to each partner and the Lender, accompanied by the relevant supporting documentation. ....................................................................................................

--- Each member's liability shall be limited to the value of the company share member owns and each member shall be liable for any unpaid part of the value of the company share it owns .............................................................................

---------------------------------------- CHAPTER SEVEN ............................................

---------------- DISSOLUTION AND LIQUIDATION OF THE COMPANY...............

---<u>THIRTY-ONE</u>. The Company shall be dissolved when any of the circumstances contained in Article Two Hundred Twenty-Nine (229) of the General Corporations Law arise. Notwithstanding the foregoing, neither the Company nor any Related Party shall seek to dissolve or liquidate the Company voluntarily without the prior written consent of the Lender. The dissolution procedure shall be carried out in accordance with article two hundred thirty-two of that law................................................................................................................

---<u>THIRTY-TWO</u>. Liquidation shall be subject to chapter XI of the General Corporations Law and shall be carried out by one or more liquidators appointed by a Meeting of Partners........................................................................................

---<u>THIRTY-THREE</u>. During the liquidation of the Company, liquidators will have the same powers and obligations as during the normal life of the Company has the General Manager has or, where appropriate, the Board of Directors and the officials of the Company........................................................................................

---<u>THIRTY-FOUR</u>. Until the appointment of liquidators has been registered in the Public Registry of Commerce corresponding to the registered office, and said liquidators have taken office, the Chief Executive Officer and officers of the Company shall continue in their role as such. Nonetheless, the Chief Executive Officer shall not be able to initiate new operations after the partners have adopted the resolution to liquidate the Company, or upon verifying the existence of the legal cause for such .................................................................................. .



[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

---------------------------------------- CHAPTER EIGHT ...........................................

-----------NATIONALITY OF THE COMPANY AND FOREIGN PARTNERS ........

---<u>THIRTY-FIFTH.</u> The Company has Mexican nationality. Every foreigner who, in the act of incorporation or at any later time, acquires an interest or company share in the Company will be considered by that simple fact as Mexican in respect of one and the other, as well as with respect to the goods, rights, concessions, shares or interests of which this Company becomes the owner, or of the rights and obligations arising from the agreements to which it is a party and therefore undertakes not to invoke the protection of his government, under the penalty, in case of lack of his agreement, of losing such interest or share for the benefit of Mexico...........................................................................................

---------------------------------------- CHAPTER NINE ...............................................

---------------------------------------- JURISDICTION...............................................

---<u>THIRTY-SIX.</u> The courts corresponding to the registered office of the Company shall be the only competent bodies to intervene and enforce these Bylaws. For this purpose, the Members, the General Manager, the members of the Supervisory Committee and other officials of the Company, expressly submit to the jurisdiction of such courts to resolve any dispute that is subscribed between them and the Company, waiving any other jurisdiction that may

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

23

**[stamp:] COLLATED AND COMPARED**

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

correspond to them because of their present or future addresses or for any other reason ...........................................................................................................................

----------------------------------------- CHAPTER TEN...............................................

----------------------------------------- APPLICABLE LAW...........................................

---THIRTY-SEVEN. Anything not expressly provided for herein shall be subject to the provisions of the General Corporations Law ...............................................

---**THIRD.-** Clarification of the structure and distribution of the share capital, which is represented as follows: ...........................................................................

| Partners | Shares | Value |
|---|---|---|
| Diamante Cabo San Lucas LLC | 1 | $9,900.00 |
| Kenneth Aboud Jowdy | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

---**FOUR.-** Mr. **KENNETH ABOUD JOWDY** is ratified as **GENERAL MANAGER** of the Company, with all the obligations, rights, powers and authority that said office entails ...............................................................................................

---**FIFTH.-** The powers granted to Mr. Fernando Manuel García Campuzano are revoked by public deed number 64,865 (sixty-four thousand eight hundred sixty-five), dated February twenty-three two thousand six, granted by the Notary. José Alberto Castro Salazar, Notary Public assigned to Notary Public Number Seven in Los Cabos, Baja California Sur......................................................................

---**SIXTH.-** Mr. FERNANDO MANUEL GARCIA CAMPUZANO is granted the following power: ...............................................................................................

---**A).- GENERAL POWER FOR LAWSUITS AND COLLECTIONS AND ACTS OF ADMINISTRATION.-** with all general powers and even special ones requiring special clause, in accordance with the Law, under the first and second paragraphs of section 2554 (two thousand five hundred fifty-four) of the Federal Civil Code and section 2587 (two thousand five hundred eighty-seven) of the same order and its equivalent in the Civil Code of the State of Baja California Sur and the other federal entities of the United Mexican States and of the Federal District where the power is exercised. In accordance with the foregoing, and in accordance with Article 2,468 of the Civil Code of Baja California Sur, the powers granted to the proxy shall include, but are not limited to, the following: ...

---(i) To try and desist from all kinds of federal and local procedures including that of protection; ...............................................................................................

---(ii) To compromise; ...............................................................................................

CONFIDENTIAL                                        DANSKE_0016366

--- (iii) To submit to arbitration; ............................................................................
--- (iv) To absolve and state positions as a legal representative of his Principal; . 
--- (v) To recuse; ............................................................................................
--- (vi) To make and receive payments; and ........................................................
--- (vii) In order to file claims and complaints in criminal matters and to be constituted by his Principal in civil party or coadjuvant third party of the Public Prosecutor's Office, as well as to desist the respective actions and instances where permitted by law and to grant forgiveness where appropriate it shall also enjoy company representation under Articles 11 (eleven) of the Federal Labor Law, being able to act accordingly before or in front of trade unions with which collective employment agreements exist and for all their purposes before or against the workers concerned, and for the resolution of individual or collective disputes in general, for any labor-employer matter and to exercise before any of the labor authorities; he may also appear before the Conciliation and Conciliation and Arbitration Boards, whether Local or Federal; consequently, they shall be the employer representative for the purposes of Articles 11 (eleven), 46 (forty-six) and 47 (forty-seven) and also the legal representative of the company, for the purposes of establishing personality and capacity in and out of court, pursuant to Article 692 (six hundred ninety-two), sections two and three; they may appear to present evidence, pursuant to Articles 787 (seven hundred eighty-seven) and 788 (seven hundred eighty-eight) of the Federal Labor Law, with the power to state and absolve positions, to present evidence in all its parts; indicate addresses for notifications, under Article 886 (eight hundred sixty-six); appear with sufficient legal representation to attend the hearing, referred to in Article 873 (eight hundred seventy-three) in its three stages of conciliation, demand and exceptions, and offering and admission of evidence, under Articles 875 (eight hundred seventy-five), 876 (eight hundred seventy-six), section one and six, 877 (eight hundred seventy-seven), 878 (eight hundred seventy-eight), 879 (eight hundred seventy-nine) and 880 (eight hundred eighty); they may also attend the hearing of relief of evidence, pursuant to Articles 873 (eight hundred and seventy-three) and 874 (eight hundred and seventy-four); they may also confer authority to propose conciliatory arrangements, hold negotiations, and enter into labor agreements, as well as to settle or ratify settlement agreements in respect of and for all kinds of trials, or working procedures that are processed before any authorities. He/she may also enter into employment contracts and terminate them accordingly .................................
--- **SEVENTH-** Diamante Cabo San Lucas, LLC is authorized to: .......................
--- i)- Grant in pledge, in favor of Lehman Brothers Holdings Inc., in accordance with the Pledge Agreement submitted to the assembly under agenda item nine, one (1) company share with a face value of $9,900 (Nine thousand nine hundred pesos 00/100, National Currency), representing 99% (ninety-nine percent) of the Company's share capital ........................................................................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

25

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

[stamp:] COLLATED AND COMPARED

---ii) Once the applicable Pledge Agreement has been duly concluded, the Company will grant Lehman Brothers Holdings Inc. all rights set forth in the aforementioned Pledge Agreement.......................................................................

---iii) In accordance with the provisions of the Applicable Pledge Contract, Diamante Cabo San Lucas, LLC shall not assign, sell, pledge or otherwise dispose of its share without the prior written permission of Lehman Brothers Holdings Inc. ...........................................................................................................

---iv) In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or dispose in any way of the company shares representing the share capital thereof, without the prior written permission of Lehman Brothers Holdings Inc. ....................................................................................

---v) The Company shall not allow the company shares to contravene the provisions of the relevant Pledge Agreement in the exercise of the voting that corresponds to the company shares...........................................................................

---**EIGHTH.-** Mr. Kenneth Aboud Jowdy is authorized to: .....................................

---i) Grant in pledge, in favor of Lehman Brothers Holdings Inc., in accordance with the Pledge Agreement submitted for assembly approval under agenda item nine, one (1) share with face value of $100.00 (One hundred pesos 00/100, National Currency) representing 1% (one percent) of the Company's share capital...................................................................................................................

---iii) Once the applicable Pledge Agreement has been duly concluded, the Company will grant Lehman Brothers Holdings Inc. all rights set forth in the aforementioned Pledge Agreement.......................................................................

---iv) In accordance with the provisions of the applicable Pledge Agreement, Mr. Kenneth Aboud Jowdy shall not assign, sell, pledge or dispose of his company share in any way without the prior written permission of Lehman Brothers Holdings Inc. .........................................................................................................

---v) In accordance with the provisions of the Pledge Agreement, the Company shall not assign, sell, pledge or dispose in any way of the company shares representing the share capital thereof, without the prior written permission of Lehman Brothers Holdings Inc. ....................................................................................

---vi) The Company shall not allow the company shares to contravene the provisions of the relevant Pledge Agreement in the exercise of the voting that corresponds to the company shares...........................................................................

**NINTH.- "DIAMOND CABO SAN LUCAS", VARIABLE CAPITAL LIMITED LIABILITY COMPANY**, agrees to the following:… ..............................................

---i) Accept as a member of the Company, without the need for additional consent to that granted, Lehman Brothers Holdings Inc. or any other potential holder of the company shares granted in pledge by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc., in the event of assignment, purchase, enforcement or judicial auction of the aforementioned company shares ............................................................................

--- ii) In the event of assignment, purchase, enforcement or judicial auction of the company share owned by Diamante Cabo San Lucas, LLC in favor of Lehman Brothers Holdings Inc. or the holder of the company share at the time, Mr. Kenneth Aboud Jowdy, as member of the Company, in this act waives both the right that assists him in accordance with Article 66 of the General Law on Commercial Companies stipulated in the bylaws, as well as any right he may have to acquire in whole or in part the company share of the opposing member by any other means ...........................................................................................

--- iii) Pursuant to the foregoing, Mr. Kenneth Aboud Jowdy waives both the right conferred on him by Article 66 of the General Law on Commercial Companies and the bylaws, and any right he may have to acquire in whole or in part the company share of the opposing member by any other means, giving in this same act his consent that, where applicable, the assignment, purchase, enforcement or judicial auction of the company share of Diamante Cabo San Lucas, LLC granted in pledge in favor of Lehman Brothers Holdings Inc. takes place..................................................................................................................

--- iv) In the event of the purchase, enforcement or judicial auction of the company share owned by Mr. Kenneth Aboud Jowdy on behalf of Lehman Brothers Holdings Inc. or the holder of the company share at the time, Diamante Cabo San Lucas, LLC, as member of the Company, in this act waives both the right that assists him in accordance with Article 66 of the General Law on Commercial Companies and the bylaws, as well as any right he may have to acquire in whole or in part the company share of the opposing member by any other means .......................................................................................

*[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]*

--- v) By virtue of the foregoing, Diamante Cabo San Lucas, LLC waives both the right conferred on it by Article 66 of the General Law on Commercial Companies and the bylaws, and any right it may have to acquire in whole or in part the company share of the opposing member by any other means, granting in this same act its consent so that, where appropriate, the assignment, purchase, enforcement or judicial auction of Mr. Kenneth Aboud Jowdy's company share granted in pledge in favor of Lehman Brothers Holdings Inc. may take place............................................................................................................

--- vi) In the event of the purchase, enforcement or judicial auction of the company shares granted in pledge by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy on behalf of Lehman Brothers Holdings Inc. in accordance with the above resolutions, the Company's share capital would be integrated as follows: ..........................................................................................

| Partners | Shares | Value |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $9,900.00 |

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

27

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

**[stamp:] COLLATED AND COMPARED**

| | | |
|---|---|---|
| Lehman Brothers Holdings Inc. Brothers Holdings Inc. or a new acquirer. | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

---**TENTH.-** It is approved the conclusion of the Pledge Agreements documenting the pledges approved in terms of Agenda items five and six, as well as all and any support documents to such Pledge Agreements, with the members resolving the following ........................................................................

---i) That they understand and accept the terms and conditions set forth in the Pledge Agreements and their supporting documents submitted by the Chair. .....

---ii) That they authorize the Company to conclude the Pledge Agreements, as well as any support documents attached to them in terms substantially equal to the documents attached to this assembly as Annex "B", subject to amendments that the parties agree to prior to their signing ........................................................

---iii) Mr. Kenneth Aboud Jowdy, as general manager of the Company, is authorized to conclude the Pledge Agreements, as well as any support document attached to them ......................................................................................

---iv) It is agreed that the Company will not carry out any act or activity that violates or contravenes the terms and conditions set forth in the Pledge Agreements or any support document attached to them.......................................

---**ELEVENTH.-** The Company approves the conclusion of various documents, contracts and agreements to be concluded on March 9 or 10, 2006, which are as follows ................................................................................................................

---1. Loan agreement to be concluded between the Company and Lehman Brothers Holdings Inc.............................................................................................

---2. Promissory Note to be signed by the Company in favor of Lehman Brothers Holdings Inc.;...........................................................................................

---3. Trust agreement to be concluded between the Company, Lehman Brothers Holdings Inc. and Banco JP Morgan. S.A., Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, Trust Division ........................................

---4. Assignment of Lease and Rents to be executed by the Company in favor of Lehman Brothers Holdings Inc. .......................................................................

---5. Environmental Indemnity to be executed by the Company and Mr. Kenneth Aboud Jowdy in favor of Lehman Brothers Holdings Inc. .......................

---6. Overall Assignment to be concluded by the Company in favor of Lehman Brothers Holdings Inc.............................................................................................

---7. Non-Possessory Pledge Agreement to be executed by the Company and Lehman Brothers Holdings Inc. ..........................................................................

---They also approved the following ...................................................................

--- i) That they understand and accept the terms and conditions set forth in the documents submitted by the Chair ........................................................................

--- ii) That they authorize the Company to conclude the documents submitted by the Chair, as well as any documents attached to them, and to be bound in terms thereof, in substantially similar terms to the documents attached to this assembly as Annex "C", subject to amendments that the parties agree prior to their signing

--- iii) Mr. Kenneth Aboud Jowdy, as general manager of the Company, is authorized to conclude the documents submitted by the Chair, as well as any support documents attached to them ......................................................

--- iv) It is agreed that the Company will not carry out any act or activity that violates or contravenes the terms and conditions set forth in the documents submitted by the Chair or in any support document attached to them ..................

------------------------------------------- **PERSONALITY** .................................................

--- The appearing party expressly and under oath states that his client is legally qualified to conclude this act, and proves the personality he holds, which under oath he states is in force and assures me that it has not been revoked, or modified in any way, as follows: ............................................................................

--- **A.-** With the notarized minutes .........................................................................

--- **B.-** With deed number sixty-four thousand eight hundred sixty-five, volume one thousand twenty-five, dated February twenty-three two thousand six, granted by the Subscribe Notary, registered in the Public Registry of Property and Commerce of San José del Cabo, Baja California Sur, Mexico, under Electronic Mercantile Folio number 9065 (nine thousand sixty-five), of section IV, on February twenty-seven two thousand six, after permission issued by the Secretariat of Foreign Affairs number zero two zero zero zero four zero zero four, File two zero zero six zero two zero zero zero three six two, Folio zero A zero five one PY eight, dated February eight two thousand six, in which the Commercial Company called **"DIAMANTE CABO SAN LUCAS", LIMITED VARIABLE CAPITAL LIABILITY COMPANY**............................................. was incorporated

--- **I, THE NOTARY PUBLIC, CERTIFY:** .............................................................

--- **I.-** That I verified the identity of the appearing party, as specified in his personal information, I deemed him legally qualified to conclude this act and warned him of the penalties incurred by those who falsely declare, swearing under oath, to state the truth.................................................................................

--- **II.-** The appearing party by means of his personal information stated to be Mexican by birth, originally from Ensenada, Baja California, where he was born on July twelve nineteen sixty-seven, married, Lawyer, resident at Obregón number one thousand two hundred eighty-nine, Z.C. Ensenada, Baja California, and passing through this city, and is identified by his voter credential, with electoral identification number "GRCMFR67071202H200" ....................

--- I add said identification as annex "D" to the appendix and will be recorded in the file with the same number as this deed ............................................

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

IGNACIO RAMIREZ
TELS. 122-91-20
122-97-17
125-24-40
FAX 1252588

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC
No.7 [illegible]

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ATTACHED
NOTARY OFFICE No.7

LA PAZ, B.C.S.

29

[seal:] MR. HECTOR
CASTRO CASTRO
NOTARY PUBLIC No.7
[illegible]

**[stamp:] COLLATED AND COMPARED**

---**III-** That the appearing party did not show me his Tax Identification Card of members and will therefore give the corresponding notice to the Federal Tax Office...................................................................................................

---**IV.-** I warned the appearing party in terms of the provisions of Article one hundred fifty-two of the Regulations of the General Law of Population that in order to hold any office or for any foreign persons to become officers in the Association that is now Notarized, they will be subject to the corresponding authorization issued by the Secretariat of the Interior ...........................................

---**V.-** The appearing party states under oath that "DIAMANTE CABO SAN LUCAS", VARIABLE CAPITAL LIMITED LIABILITY COMPANY is registered in the National Registry of Foreign Investment, as reflected in the application for registration, which I add as annex "E" to the appendix of this protocol in the file with the same number of this deed......................................................................

---**VI.-** That I had the aforementioned documents in this deed before me ...........

---**VII.-** The appearing party being advised of his right to read the deed or that I, the Notary, read this deed to him, opted for the former and did so, expressing his agreement, and after explaining its value and legal force, he ratified and signed it on this day. I ATTEST .......................................................................................

FERNANDO MANUEL GARCIA CAMPUZANO. SIGNED....................................

MR. JOSE ALBERTO CASTRO SALAZAR. SIGNED. AUTHORIZING SEAL .....

ON MARCH NINE TWO THOUSAND SIX, THAT THESE MINUTES WERE SIGNED. I DEFINITIVELY AUTHORIZE IT I ATTEST..........................................

NSERCION [sic: ATTACHMENT]. **ARTICLE 2468 OF THE CIVIL CODE IN FORCE. IN THE STATE OF BAJA CALIFORNIA SUR**.....................................

IN ALL GENERAL POWERS FOR COLLECTION LAWSUITS, IT WILL SUFFICE TO SAY THAT IT IS GRANTED WITH ALL THE GENERAL AND SPECIAL POWERS THAT REQUIRE A SPECIAL CLAUSE IN ACCORDANCE WITH THE LAW, SO THAT THE POWERS ARE UNDERSTOOD CONFERRED, WITHOUT ANY LIMITATION......................................................

IN GENERAL POWERS-OF-ATTORNEY FOR THE ADMINISTRATION OF PROPERTY, IT SHALL BE SUFFICIENT TO STATE THAT THEY BE GRANTED IN ORDER THAT THE ATTORNEY-IN-FACT MAY HAVE ALL ADMINISTRATIVE POWERS...............................................................................

IN THE GENERAL POWERS TO EXERCISE ACTS OF OWNERSHIP, IT WILL SUFFICE THAT THEY HAVE THAT CHARACTER IN ORDER FOR THE PROXY TO HAVE ALL THE POWERS OF OWNER, BOTH IN TERMS OF GOODS, AND TO TAKE ALL KINDS OF MEASURES IN ORDER TO DEFEND THEM...............................................................................................................

30

WHEN THEY WANT TO LIMIT THEM. IN THE AFOREMENTIONED THREE CASES, THE POWERS OF THE PROXY, THE LIMITATIONS WILL BE RECORDED, OR THE POWERS WILL BE SPECIFIC.........................................
NOTARIES WILL INSERT THIS ARTICLE INTO THE EVIDENCE OF THE POWERS THAT THEY GRANT ..........................................................................
IT IS A FIRST CERTIFIED COPY IN ITS ORDER AND FIRST THAT IT IS ISSUED FOR USE BY THE COMPANY CALLED "**DIAMANTE CABO SAN LUCAS", VARIABLE CAPITAL LIMITED LIABILITY COMPANY**, AS AN INTERESTED PARTY, ON FIFTEEN USEFUL SHEETS DULY COLLATED, SEALED AND SIGNED ...................................................................................
LA PAZ. BAJA CALIFORNIA SUR, MARCH NINE TWO THOUSAND SIX. I ATTEST ............................................................................................................



[seal:] ATTORNEY HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible] [signature]

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

CONFIDENTIAL                                     DANSKE_0016373



*H. IX Ayuntamiento de Los Cabos., B.C.S.*

[logo:] Los Cabos City Hall, B.C.S.



[logo:] LOS CABOS A government committed to you

---

MUNICIPAL OFFICE OF THE PUBLIC REGISTRY
OF PROPERTY AND COMMERCE

THE SUBSCRIBER **ATTORNEY GUILLERMO MARRON ROSAS DIRECTOR OF THE PUBLIC REGISTRY OF PROPERTY AND COMMERCE** OF LOS CABOS CITY HALL -------------------------------------------------- CERTIFIES -------------------------------------------------- States and Certifies that this Public Deed **65,011** of VOLUME **1,026** containing the **MINUTES OF THE GENERAL ASSEMBLY OF MEMBERS** is registered under Electronic Commercial Folio **# 9065** dated APRIL **5, 2006.**

[seal:] MR. HECTOR CASTRO CASTRO NOTARY PUBLIC No.7 [illegible]

[signature]

**MR. GUILLERMO MARRON ROSAS**

# LEFT
# BLANK

---

Boulevard Mijares entre las Calles Benito Juárez y Valerio González, Colonia Centro C.P. 23400 [illegible]

CONFIDENTIAL                    DANSKE_0016374


TRANSPERFECT

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Exhibit 14**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Jacqueline Yorke
(Currently situated in the County of New York)

Sworn to before me remotely this
October 9, 2020

Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

Stamp, Notary Public