# **EXHIBIT 8**

**DATE OF TRANSLATION:**            2-Oct-20

**ELECTRONIC FILE NAME:**        Exhibit 64

**SOURCE LANGUAGE:**              Spanish
**TARGET LANGUAGE:**              English (United States)
**TRANSPERFECT JOB ID:**          US0799868

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

# MSJ EXHIBIT 64

DANSKE_00121 Syntax Error_4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - A N N E X  " A " . . . . . . . . . . . . . . . . . . . . . . .

--- In the City of La Paz, Baja California Sur, Mexico, on the twenty-sixth day of the month of April of the year two thousand and thirteen, I, Mr. JOSE ALBERTO CASTRO SALAZAR, Notary Public attached to the Notary Public Office Number SEVEN of the State and Federal Real Estate, with office in the Municipalities of La Paz and Los Cabos, and with Residence in the State Capital, whose head is Mr. HECTOR CASTRO CASTRO, acting in accordance with the provisions of article (29) twenty-nine of the Notary Public Law in force, I ATTEST;  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**THE SECOND AMENDMENT AGREEMENT** (HEREINAFTER, THE "Agreement") TO THE GUARANTEE IRREVOCABLE TRUST AGREEMENT TRANSFERRING TITLE OF OWNERSHIP NUMBER **"F/00321"** (F SLASH ZERO ZERO THREE HUNDRED TWENTY-ONE) AND TO THE AMENDMENT AND RESTATEMENT AGREEMENT THAT ARISES FROM THE PUBLIC DEED NUMBER 78,882 VOLUME 1,292 DATED MARCH 6, 2009 (HEREINAFTER, INCLUDING THE AMENDMENTS AGREED BY THIS DEED, "The Trust"), WHICH IS ENTERED INTO BY DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, ("Diamante Cabo") represented by Mr. **KENNETH ABOUD JOWDY,** acting as trustor and Secondary Trust Beneficiary (hereinafter the "Trustor" or the "Secondary Trust Beneficiary," depending on the context); Who in this act designates as his expert translator Mr. **FERNANDO MANUEL GARCIA CAMPUZANO**; DANSKE BANK A/S, LONDON BRANCH, THE LONDON BRANCH OF A COMPANY CONSTITUTED IN THE KINGDOM OF DENMARK, represented by Mr. **ADRIAN MENDEZ SEVILLA**, acting as Primary Trust Beneficiary (hereinafter the "Primary Trust Beneficiary"), and THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, MULTIPLE BANKING INSTITUTION (UNIVERSAL FINAL LEGAL ASSIGNEE OF BANCO J.P. MORGAN, S.A., MULTIPLE BANKING INSTITUTION, J.P. MORGAN FINANCIAL GROUP, TRUST DIVISION), represented by its Delegate Trustee, Flor de María Kupfer Domínguez, as trustee (hereinafter, the "Trustee"), in accordance with the following background information, statements, and clauses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

- - - - - - - - - - - - - - - - - - R E C I T A L S . . . . . . . . . . . . . . . . . . . . . . . .

1.  On March 10, 2006, two thousand and six, Lehman Brothers Holdings Inc. ("Lehman Brothers") granted Diamante Cabo a loan in the amount of up to $125,000,000.00 (one hundred twenty-five million dollars 00/100) of principal, plus interest and commissions (the "Original Credit") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2. In relation to the Original Credit, on March 10, 2006, two thousand and six the following documents were signed: (i) Original Loan Agreement (Loan Agreement) entered into between Diamante Cabo and Lehman Brothers (the "Original Loan Agreement"); (ii) Promissory note-(Promissory Note) signed by Diamante Cabo (the "Promissory Note"); (iii) a (Recourse Guarantee) concluded by Mr. Kenneth A. Jowdy (the "Guarantor") and Lehman Brothers, effective as of March 10, 2006 (the "Recourse

[signature] [signature] [signature]

CONFIDENTIAL

CONFIDENTIAL

Guarantee"); (iv) Environmental Liability and Indemnity Document (Indemnity Agreement) entered into between Diamante Cabo, the Guarantor, and Lehman Brothers (the "Environmental Indemnity"); (v) Pledge Agreement on corporate shares (Pledge Agreement) entered into between Diamante Cabo, the Guarantor, Diamante Cabo San Lucas LLC ("U.S. LLC"), and Lehman Brothers (the "Pledge Agreement of Corporate Shares"); (vi) Pledge Agreement on assets entered into between Lehman Brothers and Diamante Cabo (the "Pledge Agreement on Assets"); (vii) Pledge Agreement (Pledge Agreement) entered into between the Guarantor, Baja Ventures 2006, LLC, Diamante Properties, LLC, KAJ Holdings LLC, and CSL Properties 2006, LLC (collectively, the "Members of the U.S. LLC") and Lehman Brothers (the "Pledge Agreement on US Corporate Shares"); (viii) Omnibus Assignment (Omnibus Assignment) entered into between Diamante Cabo and Lehman Brothers (the "2006 Omnibus Assignment"); and (ix) Completion Guarantee Performance Document (Completion Guarantee), granted by the Guarantor in favor of Lehman Brothers; and (x) Guarantee (Guarantee) granted by the Members of the U.S. LLC, the Guarantor, and the U.S. LLC in favor of Lehman Brothers. The documents mentioned above, as they have been amended, (together the "2006 Transaction Documents") ......................................................................

3. Also, on March 10, 2006, two thousand and six, by public deed number 65,041 (sixty-five thousand forty-one), granted before the witness of the Subscribed Notary Public, and registered in the Public Registry of Property and Commerce of San Jose del Cabo, Baja California Sur, under number 135 (one hundred thirty-five), of volume CCXLV, first section, dated May 8, two thousand six, Diamante Cabo, as trustor and Secondary Trust Beneficiary, Lehman Brothers, as Primary Trust Beneficiary, and BANCO J.P. MORGAN, S.A., MULTIPLE BANKING INSTITUTION, J.P. MORGAN FINANCIAL GROUP, TRUST DIVISION, as trustee, entered into the TRUST AGREEMENT identified with number F/00321 (the "Trust") in order to ensure compliance by Diamante Cabo, the Members of the U.S. LLC, the U.S. LLC, and the Guarantor under the 2006 Transaction Documents. ......................................................

4. On the date of execution of the Trust, Diamante Cabo contributed the following properties to the Trust Assets (hereinafter the "Plots"): .................................................

- - - 1.- PLOT 1 ONE: on the property known as LA LAGUNA, in the portion known as Rancho El Cardonal in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with cadastral key 4-02-013-0081 four dash zero two dash zero one three dash zero zero eight one, with an area of 5-92-68 hectares. (five hectares, ninety-two ares, and sixty-eight centiares) .................................................

- - - 2.- PLOT II TWO: of the property known as LA LAGUNA in the portion known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with cadastral key 4-02-013-0082 four dash zero two dash zero one three dash zero zero eight two, with an area of 5-94-86 hectares. (five hectares, ninety-four ares, and eighty-six centiares) .................................................

DANSKE 00121139

DANSKE_0012115yntax Error 4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

3

- - - 3.- PLOT III THREE of the property known as LA LAGUNA, in the portion known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 4-02-013-0083 four dash zero two dash zero one three dash zero zero eight three, with an area of 11-34-41 hectares. (eleven hectares, thirty-four ares, and forty-one centiares)....................................................................................

- - - 4.- PLOT IV FOUR: of the property known as LA LAGUNA in the portion known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with cadastral key 4-02-013-0084 four dash zero two dash zero one three dash zero zero eight four, with an area of 11-62-60 hectares. (eleven hectares, sixty-two ares, and sixty centiares) ................................................................................................................

- - - 5.- PLOT V FIVE: of the property known as LA LAGUNA, in the portion known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 4-02-013-0085 four dash zero two dash zero one three dash zero zero eight five, with an area of 11-40-91 hectares. (eleven hectares, forty ares and ninety-one centiares). .................................................................................................

- - - 6.- PLOT VI SIX: of the property known as LA LAGUNA, in the portion known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 4-02-013-0086 four dash zero two dash zero one three dash zero zero eight six, with an area of 11-03-90 hectares. (eleven hectares, three ares and ninety centiares)....................................................................................................

- - - 7.- PLOT VII SEVEN: of the property known as LA LAGUNA, in the portion known as Rancho El Cardonal, in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with cadastral key 4-02-013-0087 (four dash zero two dash zero one three dash zero zero eighty-seven) with an area with an area [sic] of 26-00-98 hectares. (twenty-six hectares, zero ares, and ninety-eight centiares) ............................................................

- - - 8.- POLYGON I of plot LA LAGUNA,(EL CARDONAL), in the Municipal delegation of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with Cadastral key 4-02-013-0001 FOUR DASH ZERO TWO DASH ZERO ONE THREE DASH ZERO ZERO ZERO ONE, and with an area of 528-88-49.427 Hectares FIVE HUNDRED TWENTY-EIGHT HECTARES, EIGHTY-EIGHT ARES FORTY-NINE POINT FOUR HUNDRED TWENTY-SEVEN CENTIARES, with the following measurements and boundaries: ..................................................................................................................

5. Likewise, on the date of the conclusion of the Trust, Diamante Cabo contributed the following rights to its assets (hereinafter the "Rights"): ....................................................

a) The trustee rights and of any nature that, as Secondary Trust Beneficiary, or by any other title it possesses and that in fact and by right correspond in relation to the Trust Agreement Trust Agreement Transferring Title of Ownership with a Reversion Clause entered into the notarial records by means of the public deed (62,902), sixty-two thousand nine hundred two of volume (987) nine hundred and eighty-seven, dated September 1 of the year two thousand five, granted before the undersigned notary

[signature] [signature] [signature]

CONFIDENTIAL

CONFIDENTIAL

public, and whose first testimony was registered with the Public Registry of Property of the Municipality of Los Cabos, under number 97 ninety-seven, of volume CCXXXI, of section One, as well as number 30 thirty, of volume CCXXIII section One, through which Mr. Atilio Colli Villarino and Ms. Alicia Ceseña Agundez encumbered in a trust with Scotiabank Inverlat, Sociedad Anónima, IMultiple Banking Institution, Scotiabank Inverlat Financial Group, the property of the property defined in said deed as La Fracción Cardonal (Polygon III), described in the statement If) of said instrument, whose surfaces, measurements and boundaries are reproduced here as if they were inserted to the letter, and also and designated the Municipal Operator of Drinking Water, Sewerage and Sanitation System of Los Cabos, Baja California Sur as Primary Trust Beneficiary. .........
(b)The rights established in favor of Mr. Atilio Colli Villarino and Ms. Alicia Ceseña Agundez in the Irrevocable Donation Agreement of the section defined as Vialidad Cardonal (Polygon II), which was entered into the notarial records through the public deed mentioned in Recital I.b).1. of this Instrument, by means of which the Mr. Atilio Colli Villarino and Ms. Alicia Ceseña Agundez donated to the Honorable Ninth City Council of the Municipality of Los Cabos, Baja California Sur, the ownership of the property defined in said deed as Vialidad Cardonal (Polygon II) described in declaration I.f) of said instrument, whose areas, measurements, and boundaries are here reproduced as if they were inserted verbatim. ...............................................................................................
c)  --- c) -The rights established in favor of Mr. Atilio Colli Villarino and Ms. Alicia Ceseña Agundez in the constitution of the Voluntary Easement and Non-Exclusive Use and Perpetuity (The "Easement"), which was entered into the notarial records through the public deed mentioned in Recital I.b).1. of this instrument, by which Mr. Atilio Colli Villarino and Ms. Alicia Ceseña Agundez constituted the aforementioned easement with respect to an area of land named in said instrument merely for identification purposes as Polygon IV, which remains as an integral part of Polygon I mentioned in the Recital I.a).8 of this instrument, which has an area of 6,128.4514 six thousand one hundred twenty-eight point four thousand fourteen square meters, with the following measurements and boundaries: ................................................................................
TO THE NORTH: 10.2071 M WITH POLYGON III, 239.694 M WITH ATILIO COLLI'S PROPERTY ..............................................................................................
TO THE SOUTH: 10.00 M WITH ATILIO COLLI'S PROPERTY, 90.00 M WITH ATILIO COLLI'S PROPERTY, 100.00 M WITH ATILIO COLLI'S PROPERTY.............................
TO THE WEST: 100.00 M WITH ATILIO COLLI'S PROPERTY, 100.00 M WITH ATILIO COLLI'S PROPERTY; 174,174 M WITH LUIS BULNES MOLLEDA'S PROPERTY. ......

DANSKE 00121141

DANSKE_0012115yntax Error 4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

5

6. Acquisition of the Trust Assets of Banco J.P. Morgan, Sociedad Anonima, Multiple Banking Institution, J.P. Morgan Financial Group: ...........................................................

a) By deed number fifty-nine thousand five hundred and sixteen, granted in Mexico City, on November nineteen, two thousand and eight, granted before Mr. Roberto Núñez Bandera, Public Notary Number One, of Mexico City, there were entered into the notarial records the split agreements taken at the Extraordinary General Shareholders' Meeting of Banco J.P. Morgan, Sociedad Anonima, Multiple Banking Institution, J.P. Morgan Financial Group, held on November nineteen, two thousand and eight, in which it was resolved to split said company as a subsisting splitter, constituting a spin-off company called Vertrouwen Mexicana, Sociedad Anonima, which would be the initial legal assignee, by universal title, of the assets that the company contributes as a whole, assuming the obligations that are transferred to it by virtue of the division: ....................

b) By public deed number fifty-nine thousand five hundred seventeen, granted before Mr. Roberto Núñez Y Bandera, Notary Public Number One, of Mexico City, by the splitting of Banco J.P. Morgan, Sociedad Anónima, Multiple Banking Institution, J.P. Morgan Financial Group there was constituted Vertrouwen Mexicana, Sociedad Anónima, with domicile in Mexico City, of an indefinite duration, with a capital of one hundred ninety-three million three hundred seventeen thousand forty-seven pesos, National Currency, having as its main purpose receiving from Banco J.P. Morgan, Sociedad Anónima, Multiple Banking Institution, Financial Group, in an enunciative manner but not limited to certain accounts receivable, certain accounts payable, and a portion of the stockholders' equity of Banco J.P. Morgan, Sociedad Anónima, Multiple Banking Institution, Financial Group, and various assets listed in memorandum accounts corresponding to trusts and mandates, the foregoing under the terms of the twenty-seventh article of the Law of Credit Institutions. .................................................

c) By deed number fifty-nine thousand five hundred twenty-one, executed in Mexico City on November nineteenth of the year two thousand eight, granted before Mr. Roberto Núñez y Bandera, Notary Public Number One, of Mexico City, The Bank of New York Mellon, Sociedad Anónima, Multiple Banking Institution, as Merging Company, merged with Vertrouwen Mexicana, Sociedad Anónima, as Merged Company, consequently substituting the first one; in said deed, it is stated that the Merging company universally acquired the Assets of the Merged Company, which in turn consisted of assets received from Banco J.P. Morgan, Sociedad Anónima, Multiple Banking Institution, J.P. Morgan Financial Group. ...........................................................................

7. On January 13 thirteen 2009 two thousand nine, Lehman Brothers and the Primary Trust Beneficiary entered into a certain global agreement for the assignment of rights (Omnibus Assignment and Assumption) (the "2009 Omnibus Assignment") by virtue of the which Lehman Brothers assigned to the Primary Trust Beneficiary all its rights under the 2006 Transaction Documents and the latter accepted said assignment. ...................

[signature] [signature] [signature]

CONFIDENTIAL

CONFIDENTIAL

8. On March 5 five 2009 two thousand nine, Lehman Brothers and the Primary Trust Beneficiary entered into certain assignment contracts by virtue of which the parties thereof formalized the 2009 Omnibus Assignment in accordance with Mexican law, the assignment of rights in favor of the Primary Trust Beneficiary under the Pledge Agreement (Corporate Shares of the Trustor), the Pledge Agreement (Assets), and the Trust...................................................................................................................................

9. On March 5, 2009, the Primary Trust Beneficiary and the Trustor entered into an agreement to terminate the Pledge Agreement (Assets); by virtue of the fact that the assets that are the subject of the pledge are contributed to the Trust's assets. ...............

10. On March 6, 2009, the Primary Trust Beneficiary and Diamante Cabo entered into an agreement amending and restating the Original Credit Agreement ("Amended and Restated Loan Agreement") by virtue of which the Primary Trust Beneficiary and Diamante Cabo modified the terms of the Credit Agreement (the "Modified and Restated Loan Agreement") and re-affirmed and amended the 2006 Transaction Documents (the "2009 Amended Documents ")........................................................................................

11. By public deed number 78,882, executed in La Paz, Municipality of Los Cabos, on March 6, 2009, granted before Mr. José Alberto Castro Salazar, Notary Public Attached to Notary Public Office Number Seven of the State, and registered under Marginal entry in number 135 (one hundred thirty-five), page 135 (one hundred thirty-five), volume CCXLV, first section, dated April thirteenth of the year two thousand nine, in the Public Registry of Property and Commerce of San Jose del Cabo, Baja California Sur, the Primary Trust Beneficiary, Diamante Cabo, and the Trustee entered into an amendment and restatement agreement to the Trust by virtue of which the Primary Trust Beneficiary and Diamante Cabo modified and restated the terms of the Trust (the "Amendment Agreement to the Trust").

12. By public deed number 81,161, executed in La Paz, Municipality of Los Cabos, on October 27, 2009, granted before Mr. José Alberto Castro Salazar, Notary Public Attached to the Notary Public Office Number Seven of the State, Diamante Cabo in Representation of the Trustee, requested the redistribution and demarcation protocol of the plots that make up the "Laguna," "Rancho el Cardonal," and "Zona Costa Pacífico" properties, to be as follows: ........................................................................................

- - -1.-   POLYGON 1, OF THE PLOT KNOWN AS LA LAGUNA, IN THE PORTION KNOWN AS RANCHO EL CARDONAL, IN CABO SAN LUCAS, MUNICIPALITY OF LOS CABOS, BAJA CALIFORNIA SUR, WITH CADASTRAL KEY 4-02-013-0001, WITH AN AREA OF 193-31-10,247 HA, ...............................................

- - -2.-   POLYGON 2, OF THE PLOT KNOWN AS LA LAGUNA, IN THE PORTION KNOWN AS RANCHO EL CARDONAL, IN CABO SAN LUCAS, MUNICIPALITY OF LOS CABOS, BAJA CALIFORNIA SUR, WITH CADASTRAL KEY 4-02-013-0082, WITH AN AREA OF 84-72-79.408 HA, ...................................................................

DANSKE_00121143

DANSKE_0012115yntax Error 1

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

7

- - -3.-   POLYGON 3, OF THE PLOT KNOWN AS LA LAGUNA, IN THE PORTION KNOWN AS RANCHO EL CARDONAL, IN CABO SAN LUCAS, MUNICIPALITY OF LOS CABOS, BAJA CALIFORNIA SUR, WITH CADASTRAL KEY 4-02-013-0083, WITH AN AREA OF 175-64-83.912 HA, ................................................................

- - -4.-   POLYGON 4, OF THE PLOT KNOWN AS LA LAGUNA, IN THE PORTION KNOWN AS RANCHO EL CARDONAL, IN CABO SAN LUCAS, MUNICIPALITY OF LOS CABOS, BAJA CALIFORNIA SUR, WITH CADASTRAL KEY 4-02-013-0084, WITH AN AREA OF 115-47-94.117 HA, ................................................................

- - -5.-   POLYGON 5, OF THE PLOT KNOWN AS LA LAGUNA, IN THE PORTION KNOWN AS RANCHO EL CARDONAL, IN CABO SAN LUCAS, MUNICIPALITY OF LOS CABOS, BAJA CALIFORNIA SUR, WITH CADASTRAL KEY 4-02-013-0085, WITH A SURFACE OF 5-83-59.077 HA, ................................................................

- - -6.-   POLYGON 6, OF THE PLOT KNOWN AS LA LAGUNA, IN THE PORTION KNOWN AS RANCHO EL CARDONAL, IN CABO SAN LUCAS, MUNICIPALITY OF LOS CABOS, BAJA CALIFORNIA SUR, WITH CADASTRAL KEY 4-02-013-0086, WITH AN AREA OF 28-98-10.686 HA, ................................................................

13. The Primary Trust Beneficiary and the Trustor agreed to restate and modify the 2009 Amended Documents with the purpose, among others, of increasing the amount of a certain promissory note issued as part of the 2009 Amended Documents....................

14. By public deed number 82,871, executed in La Paz, Municipality of Los Cabos, on May 18, 2010, granted before Mr. José Alberto Castro Salazar, Notary Public Attached to Notary Public Office Number Seven of the State, Diamante Cabo, in Representation of the Trustee, requested the constitution of the property regime in a master condominium called "Diamante Cabo San Lucas" (the "Master Condominium"), consisting of six private units as described below: .............................................................................

 - - CONDOMINIUM 1 "GOLF VILLAS" Polygon 3 With CATASTRAL KEY: 402093001001-001001 SURFACE AREA: 154,744.43M2 USE: RESIDENTIAL.............

 -----CONDOMINIUM 2 "SUNSET HILL" Polygon 3 With CATASTRAL KEY: 402093001001-002001 SURFACE AREA: 257,021.58M2 USE: RESIDENTIAL.............

 -----CONDOMINIUM 3 "THE VILLAGE" Polygon 3 With CATASTRAL KEY: 402093001001-003001 SURFACE AREA: 348,836.89M2 USE: RESIDENTIAL.............

 -----CONDOMINIUM 4 "THE ESTATE" Polygon 3 With CATASTRAL KEY: 402093001001-004001 SURFACE AREA: 423,328.76M2 USE: RESIDENTIAL.............

 -----CONDOMINIUM 5 "OCEAN VIEW" Polygon 3 With CATASTRAL KEY: 402093001001-005001 SURFACE AREA: 135,366.46M2 USE: RESIDENTIAL.............

 -----CONDOMINIUM 6 "OCEAN VIEW 2" Polygon 3 With CATASTRAL KEY: 402093001001-006001 SURFACE AREA: 75,591.63M2 USE: RESIDENTIAL...............

15. By public deed number 82,876, executed in La Paz, Municipality of Los Cabos, on April 18, 2010, granted before Mr. José Alberto Castro Salazar, Notary Public Attached to the Notary Public Office Number Seven of the State, Diamante Cabo, on behalf of the

[signature] [signature] [signature]

CONFIDENTIAL

Trustee, requested the constitution of the property sub-regime in condominium 1 "Golf Villas" of the Master Condominium as described below: ..................................................

--------CONDOMINIUM 1 "GOLF VILLAS" Polygon 3 located in Cabo San Lucas, Baja California Sur, with a SURFACE AREA of: 154,744.43M2, With CATASTRAL KEY: 402093001001-001001 ...............................................................................................

16. By public deed number 83,280, executed in La Paz, Municipality of Los Cabos, on June 29, 2010, granted before Mr. José Alberto Castro Salazar, Notary Public Attached to the Notary Public Office Number Seven of the State, Diamante Cabo, in representation of the Trustee, requested the constitution of the property sub-regime in condominium 2 "Sunset Hill" of the Master Condominium as described below: ..............

--------CONDOMINIUM 2 "SUNSET HILL" Polygon 3 within the La Laguna Estate with a SURFACE AREA of: 257,021.58M2, With CATASTRAL KEY: 402093001001-002001, located in Cabo San Lucas, Baja California Sur. ............................................................

17. By deed number 84,644, dated December 16, 2010, in the City of La Paz, Baja California Sur, granted before Mr. José Alberto Castro Salazar, Notary Public Attached to the Notary Public Office Number Seven, of the State, the Trustee and the Trustor executed the unilateral declaration of the will to encumber the properties described below under the timeshare regime: ...............................................................................

FRACTION "F," of BLOCK 1 of POLYGON 1 and will have a total SURFACE AREA of 14,159.037 square meters and the following measurements and boundaries: To the Northeast in 60.21 meters with Fraction G, 57.17 meters with Fraction G, to the Northwest in 86.53 meters with Fraction G, 70.91 meters with Fraction G, to the Southeast in 30.56 meters with Easement 2, 33.44 meters with Fraction G, 7.96 meters with Easement Plot 2, 22.00 meters with Easement Plot 2, 14.12 meters with Easement Plot 2, 29.57 meters with Easement Plot 2, 29.86 meters with Easement Plot 2; To the Southwest at 24.84 meters with Fraction G, 13.32 meters with Fraction G, 23.67 meters with Fraction G, 53.02 meters with Fraction G, and 4.56 meters with Easement Plot 2. ..

18. By public deed number 3,016, executed in La Paz, Municipality of Los Cabos, on June 22, 2011, granted before Mr. Karim Francisco Martinez Lizárraga, Public Notary Number Twenty-two of the State, Diamante Cabo, on behalf of the Trustee, requested the constitution of the property regime in condominium 6 "Beach Estates" as described below: .......................................................................................................

-----Polygon 6 of the Plot El Cardonal, located in Cabo San Lucas, Municipality of Los Cabos, BCS, with cadastral key 4-02-013-0086 with a surface area of 29-39-80,889 ha.

DANSKE_00121?Syntax Error 4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

9

19. By deed number 61,581, dated December 16, 2011, in the City of La Paz, Baja California Sur, granted before Mr. Antonio Aguilar Mondragon, Notary Public Number One, of the State, the Trustee and the Trustor entered into the unilateral declaration of the will to encumber the properties described below under the timeshare regime: ..........

--------CONDOMINIUM 3 "THE VILLAGE" Polygon 3 located in the Plot La Laguna with a SURFACE AREA: 348,836.89M2, With CATASTRAL KEY: 402093001001-003001 located in Cabo San Lucas. Baja California Sur.........................

20. By deed number 14,071, dated December 21, 2012, in the city of San José del Cabo, Baja California Sur, granted before Mr. Ricardo Cevallos Valdez, Public Notary Number Eighteen of the State, Diamond, in representation of Trustee, requested the constitution of easements as described below:...............................................................

1.- VOLUNTARY, CONTINUOUS, PERPETUAL, PERMANENT, APPARENT, AND IRREVOCABLE PEDESTRIAN AND VEHICULAR EASEMENT IDENTIFIED WITH NUMBER (1) ONE on the property identified as polygon (1) one fraction G", of the plot "El Cardonal," from the official map of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 402-013-0001 with a surface area in square meters (1,075,035.270 m$^2$) one million seventy-five thousand thirty-five point two hundred and seventy square meters, that is, (107-50-35.270 ha) one hundred seven hectares fifty ares thirty-five point two hundred and seventy centiares ............................

2.- VOLUNTARY, CONTINUOUS, PERPETUAL, PERMANENT, APPARENT, AND IRREVOCABLE PEDESTRIAN AND VEHICULAR EASEMENT IDENTIFIED WITH NUMBER (2) TWO on the property identified as polygon (1) one fraction G", of the plot "El Cardonal," from the official map of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, identified with cadastral key 402-013-0001, with a surface area in square meters (1,075,035.270 m$^2$) one million seventy-five thousand thirty-five point two hundred seventy square meters, that is, (107-50-35,270 ha) one hundred seven hectares, fifty ares, thirty-five point two hundred seventy centiares. ...............................

3.- VOLUNTARY, CONTINUOUS, PERPETUAL, PERMANENT, APPARENT, AND IRREVOCABLE PEDESTRIAN AND VEHICULAR EASEMENT IDENTIFIED AS A ACCESS ROAD on the property identified as a common use area of (361,594.17 m$^2$) three hundred and sixty-one thousand five hundred ninety four point seventeen square meters, with authorized land use for infrastructure, conservation, and decoration ...........

21. On April 26, 2013, the Primary Trust Beneficiary and Diamante Cabo entered into a second amendment and restatement agreement to the Loan Agreement ("Loan Agreement") by virtue of which the Primary Trust Beneficiary and Diamond Cabo amended the terms of the Original Loan Agreement (the "Second Loan Amendment Agreement") and restated the 2010 Amended Documents ("Second Amended and Restated Loan Agreement"). As provided in the Second Loan Amendment Agreement, the parties agreed to enter into this Agreement in order to guarantee compliance by Diamante Cabo with the obligations under the 2006 Transaction Documents and the

[signature] [signature] [signature]

CONFIDENTIAL

2009 Amended Documents. ........................................................................................

22.   On April 26, 2013, Diamante Cabo entered into a pledge agreement without transfer of possession in order to encumber any and all assets and rights that it owns or holds, which are not within the Trust Assets (the "Pledge on Assets and Rights"). ..........

 - - - - - - - - - - - - - - - - - - - S T A T E M E N T S  . . . . . . . . . . . . . . . . .

1.  The Trustor, in this case, declares, represents, and guarantees that: ........................

a) It is a limited liability company with variable capital duly constituted in accordance with the laws of the United Mexican States, with its main address at Calle Obregón No. 1,289, 22800, Ensenada, Baja California Norte, Mexico..................................................

b) ...It contributed to the Trust Assets the Plot described in Recital 4 and the Rights described in Recital 5 of this instrument (hereinafter the Plot and the Rights will be jointly called, for the purposes of this Trust, the "Property") ........................................................

c)   It has the corporate and legal powers to enter into and comply with the obligations under its charge established in this instrument, as well as to grant the necessary guarantees, and that it has taken all the necessary legal and corporate actions in order to authorize their conclusion and fulfillment under the terms of this Agreement...................

d)   The Trust constitutes a legal, valid, and mandatory obligation for Diamante Cabo, enforceable in accordance with the provisions established in the applicable legislation. .

e) .. The conclusion and fulfillment of this Agreement will not imply any material violation of any provision or legal requirement, nor of any provision established in its corporate documents, nor of any contractual obligation that is the responsibility of Diamante Cabo and will not result in the constitution or imposition of any lien on any of the assets or income of Diamante Cabo, except for what is established in this instrument. ..................

f)  As of the date of execution of this Agreement, there is, to the best of its knowledge, after having carried out the pertinent investigations, no action, claim, demand, requirement, or potential procedure or pending resolution, before any court, government agency, or arbitrator, which affects or could adversely affect the legality, validity, and execution of this Agreement, the Trust, or the property of the Trustee on the Trust Assets, except for those legal actions that have been made known to the Primary Trust Beneficiary prior to the date of this Agreement................................................................

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

11

g) No consent, authorization, request, or any other act on the part of any governmental authority or of any other person is required for the purpose of entering into, modifying, terminating, assigning, delivering, fulfilling, or making valid the Trust, nor for the purpose of perfecting or maintaining the guarantee that is constituted in it....................................

h) The person who enters into this Agreement on behalf of Diamante Cabo has the powers, faculties, and corporate authorization necessary to do so as stated in public deed number 65,011 granted before Mr. José Alberto Castro Salazar, Notary Public Attached to the Notary Public Office Number Seven, with exercise in the Municipalities of La Paz and Los Cabos, which have not been revoked or limited in any way. ..................

i) Diamante Cabo's corporate bylaws include the legal provisions established in article 27, section I, of the Political Constitution of the United Mexican States. ..........................

j) The destination, use, and utilization of the Property is for non-residential purposes, as long as it is part of the Trust Assets and, therefore, no permission is required from the Secretariat of Foreign Affairs ("SRE" [Secretaría de Relaciones Exteriores]), under the terms of articles 11 and 12 of the Foreign Investment Law ("LIE" [Ley de inversión Extranjera])..................................................................................................................

k) . The Property is up to date in the payment of any property taxes or any other government contributions and services to which said Property may be subject. ..............

l) The Property complies with the applicable regulations on environmental, health, and safety matters, and Diamante Cabo is not aware that (i) any event has occurred or that there is a circumstance or condition that could constitute or result in a violation of environmental, health, and safety laws, and (ii) the Property is not subject to any existing action or, as far as Diamante Cabo knows, potential action, exercised by or before any government authority, under the terms of any environmental, health, or safety law applicable, nor is there any legal basis for such action. ...................................................

m) ......Appears at the conclusion of this Agreement in order to modify the clauses of the Trust so that it guarantees the fulfillment of Diamante Cabo's obligations based on the Time-Share Agreements (as said term is defined below) that it enters into with the Sharing Parties (as that term is defined below). ...........................................................

2 The Primary Trust Beneficiary in this act declares, represents, and guarantees that: .

a) ....... It is a bank duly incorporated in accordance with the laws of the Kingdom of Denmark. ................................................................................................................

b) . Its legal representative has all the powers and corporate authorizations necessary to enter into this Amendment and Restatement Agreement, as stated in public deed **number 112,526 (twelve thousand five hundred twenty six) granted before Mr. Francisco Javier Arce Gargollo, Notary Public number seventy-four with exercise in** Mexico City, which have not been revoked or limited in any way.................................

CONFIDENTIAL

c) .... The Trustee has made it unequivocally aware of the content and legal scope of article 106, section XIX, of the Credit Institutions Law, as well as the content of the legal provisions issued by the Bank of Mexico. ....................................................................

d) The Primary Trust Beneficiary will not have the right to use or take advantage of the Property while the execution procedure provided for in the Trust is not carried out, with the understanding that, if the execution procedure is carried out, the Trust must have the corresponding permission from the Secretary of Foreign Affairs, without said limitation precluding or diminishing in any way the rights of the Primary Trust Beneficiary under the terms of the Trust or the guarantee granted therein.........................................................

3. The Trustee in this act declares, represents, and guarantees that:.............................

a) It is a multiple banking institution, duly constituted and authorized to operate as such, in accordance with Mexican laws. ...............................................................................

b) .. Its delegate trustee has all the powers and corporate authorizations necessary to enter into this Amendment and Restatement Agreement as stated in the public deed number 64,280 (sixty-four thousand two hundred eighty) granted before Mr. Roberto Núñez y Bandera, Public Notary number 1 with office in Mexico City, which have not been revoked or limited in any way. ..................................................................................

c) It is the legitimate owner of the Property, which to the best of its knowledge is free from all encumbrances (except for the Easement), charge, guarantee, option, or claim by any third party. ........................................................................................................

4. The Trustor, the Trustee, and the Primary Trust Beneficiary hereby declare: ........... All the recitals established in this Agreement are true and accurate, and the obligations of the parties referred to in this Agreement are valid and enforceable obligations. ......... By virtue of the previous recitals and declarations, the parties that grant this instrument agree to be bound by the following:.............................................................................

**- - - - - - - - - - - - - - - - - - - C L A U S E S** ......................

**FIRST. DEFINITION OF TERMS.** The terms used with initial capital letters that are not defined in the present will have the meaning that is respectively attributed to them in the Trust.......................................................................................................................

**SECOND. AMENDMENT TO THE TRUST. (a)**The parties, by means of this Agreement, agree to add the following definitions to the First Clause of the Trust to read as follows:.

DANSKE 00121149

DANSKE_0U1211Syntax Error 4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

13

**"Encumbrance of Timeshare Property":** is the property regime to which the Buildings, as well as other recreational areas destined to the provision of Timeshare Use Services, are subject, as the case may be. It is subject to the conclusion of a unilateral declaration of will as established in the Local Civil Legislation and in the applicable legal regulations.

**"Sharer":** means Diamante Cabo in terms of the Timeshare Agreement that it respectively enters into with the Sharing Parties ...............................................................

**"Sharing Party":** means those individuals or legal entities that have entered into or are entering into Timeshare Agreements, and that cover Timeshare Services .......................

**"Work Agreement":** means any agreement that Diamante Cabo enters into with a natural or legal person, whose purpose is the construction or remodeling of any unit or Building located within the Property..................................................................................

**"Timeshare Agreement":** means the agreement entered into between Diamante Cabo, as Sharer, and each of the Sharing Parties, the purpose of which is to provide Timeshare Services with respect to a Timeshare Unit and the furniture and equipment installed in the same, in a certain weekly period, within the course of a calendar year, as well as any contract or agreement that is entered into in the future that derives from any other marketing scheme used by the Sharer, or the person whom the Sharer has authorized in writing for such purposes. .............................................................................................

**"Building"** means each of the buildings that are built on the Property and that are part of the development ["Diamante Cabo San Lucas"]. ............................................................

**"Local Civil Legislation":** means the Civil Code of the State of Baja California Sur ......

**"Official Mexican Standard":** means official standard number "NOM-029-SCFI-2010".

**"Works"** mean the construction or remodeling works carried out in terms of Clause twenty-nine of this Agreement. ....................................................................................

**"Timeshare Regulations"** means the internal timeshare regulations, which establish the rules and indications to be followed by the Sharing Parties to enjoy the Timeshare Services. ...................................................................................................................

**"Timeshare Use Services".-** are the services that will be provided directly to the Sharing Parties with the purpose of granting the use of the Timeshare Unit and that include accommodation under the timeshare modality or similar programs that will be provided, directly or indirectly by Diamante Cabo, in relation to the Timeshare Units or units located within the Property in which Diamante Cabo can directly or indirectly offer accommodation to the Sharing Parties.........................................................................

**"Timeshare Maintenance Services".-** These are the services that will be provided to the Sharing Parties consisting of (i) the supply of public services (drinking water, electricity, among others), as well as the supply of gas; (ii) maintenance, repair, and replacement, renewal and replacement of the equipment and furniture of the Timeshare Units, as well as the maintenance and repair of each of the Timeshare Units; (iii) the payment of local and federal taxes, including property tax; (iv) the services related to the supply of water, electricity, surveillance, administration, general maintenance, and repair

[signature] [signature] [signature] [signature]

CONFIDENTIAL

of the recreational areas to which the Sharing Parties will have access ..........................

**"Timeshare Unit":** means any room, suite, apartment, or similar unit located in a Building that is part of the Property and on which Timeshare Services are provided by virtue of being subject to an unilateral declaration of the timeshare will that complies with applicable Local Civil Legislation .................................................................................

**(b) The parties, by means of this Agreement, agree to add the following subsections to Clause Four ("Trust Purposes") of the Trust to read as follows: ....**

(l)................................................................................................................................................

(m) ............................................................................................................................................

(n) That the Trustee and Diamond Cabo, with the prior written authorization of the Primary Trust Beneficiary, establish, from time to time, the timeshare property regime on the Timeshare Units that are part of the Property in terms of the Local Civil Legislation, with Diamante Cabo being obliged to process all kinds of licenses, permits, and authorizations necessary with the competent authorities to carry out the Encumbrance of the Timeshare Property. The terms and conditions of each Building that is subject to the timeshare regime must comply with all applicable rules and regulations, and must not go against the purposes established in the Trust...............................................................................

(o) That the Trustee, during the term of this Trust, allow Diamante Cabo to proceed with the transaction, administration, maintenance, and marketing of the Timeshare Units, with the understanding that, during the time that the Timeshare Units are encumbered to said legal regime in terms of the Local Civil Legislation, all expenses and costs derived from its use will be the exclusive responsibility of Diamante Cabo, as established in the Timeshare Agreement. .................................................................................................

(p) Diamante Cabo shall carry out any act that is required to provide the Timeshare Use Services and the Timeshare Maintenance Services. Likewise, Diamante Cabo must process any type of authorization or license that is necessary before any government authority for the provision of said services and, as the case may be, for the works and the encumbrance of the Property to the timeshare legal regime in accordance with the Local Civil Legislation. Notwithstanding the foregoing, Diamante Cabo must have prior authorization from the Primary Trust Beneficiary to: (i) initiate the sale and provision of Timeshare Use Services in any part of the Property, as well as carry out the Works to adapt a part of the Property to said sales and provision of services, and (ii) carry out any work that requires substantial modifications to the Works previously authorized for the provision of timeshare services. ......................................................................................

DANSKE_0012151

DANSKE_0012115Syntax Error_4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

15

(q) During the validity of the unilateral declaration of the will of the timeshare, allow the Sharing Parties to use the facilities of the Property, in accordance with their respective Timeshare Agreements. The Sharing Party must comply with its obligations, which will be subject to the terms and conditions established by the Trustor in the Timeshare Agreement that it enters into on behalf of the Trustee. ....................................................

(r) That Diamante Cabo or any of its subsidiaries or affiliates receive or transmit all income, earnings, interest, or returns derived from the Sharing Parties under the Timeshare Agreements to one of the Diamante Cabo accounts that is mandated in favor of the Primary Trust Beneficiary or the accounts of the Trust expressly authorized by the Primary Trust Beneficiary. ...........................................................................................

**(c) The parties, by means of this Agreement, agree to add the following subsections to Clause Five (Trust Assets) of the Trust to read as follows: .............**

(m) ...................................................................................................................................

(n) The constructions, remodeling, adaptations, and/or improvements that in the future are carried out on the Property or in the Timeshare Units that, if applicable, are contributed to the Trust Assets to fulfill its purposes. ......................................................

(o) Any benefits, in cash or in kind, including without limitation the payments made by the Sharing Parties in relation to the Timeshare Maintenance Services and for the Timeshare Use Services that Diamante Cabo or any of its subsidiaries or affiliates receive in accordance with the corresponding Timeshare Agreement, in case of the assignment or contribution of the rights under the Timeshare Agreements to this Trust. .

(p) Any assets or rights that are contributed in the future by the Trustor in relation to payments or considerations received for the provision of a certain service or for the sale of any of the units that are within the Property. ..............................................................

**(d) The parties, by means of this Agreement, agree to add the following Clause twenty-eight (Rights of Administration of the Trust Assets; Administration of Timeshare Services) to the Trust to read as follows: ................................................**

[signature] [signature] [signature]

CONFIDENTIAL

CONFIDENTIAL

CLAUSE TWENTY-EIGHT. RIGHTS OF ADMINISTRATION OF TRUST ASSETS; ADMINISTRATION OF TIMESHARE SERVICES ...........................................
Diamante Cabo, in providing the Timeshare Services, must cover all fees, costs, and expenses arising from said provision, with the understanding that, unless otherwise instructed by the Primary Trust Beneficiary or in the event of a notification of default under terms of the Trust (in which case the rights will be of the Primary Trust Beneficiary), Diamante Cabo: (i) will be the sole party responsible for the sale and marketing of the Timeshare Use Services and the Timeshare Maintenance Services; (ii) will be the only one with the capacity to determine the prices and sales policies of the Timeshare Use Services and the Timeshare Maintenance Services to be provided at the Property, complying with the applicable legislation at all times; (iii) will be the only one to determine and modify the terms and conditions of the Timeshare Use Services and the Timeshare Maintenance Services; (iv) will be obliged to manage, obtain, and comply with all the provisions and authorizations that, according to the law, are required for the encumbrance of the Timeshare Units, and for the marketing, operation, and administration of the same, as well as to prepare, comply with, and enforce the Timeshare Regulations applicable to each of the Timeshare Units; (v) will pay all expenses, rights, duties, taxes, contributions, and services that originate in the Building or in the Timeshare Units for the provision of Timeshare Use Services and Timeshare Maintenance Services; (vi) in the event that a Timeshare Unit suffers any damage that is covered under any insurance policy, it will carry out all the necessary actions to claim the corresponding resources of the insurance and deliver them to the Trustee, who must apply such resources in accordance with the written instructions received from the Primary Trust Beneficiary; (vii) it will protect and ensure the rights of the Sharing Parties in the event that there is an extrajudicial sale to execute the Trust Assets, with the understanding that any transfer will be made jointly under the rights established in the Timeshare Agreement; and (viii) it will take all the necessary actions in order to continue providing the Timeshare Use Services to the Sharing Parties, except in the event of fortuitous events or force majeure. ..............................................................................

**(e)  The parties, by means of this Agreement, agree to add the following Clause twenty-nine (Works) to the Trust to read as follows:.................................................**
CLAUSE TWENTY-NINE. WORKS. All the Works carried out to any of the Timeshare Units, the Property, or the Buildings, respectively, will be under the direction and supervision of Diamante Cabo for their execution. Diamante Cabo will have the obligation, in case of breach in terms of the Trust, to assign any right derived from the corresponding work Agreement, in favor of the Trustee of the Trust, and being empowered to make any decision in relation to them. ....................................................

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

17

**(f)   The parties, by means of this Agreement, agree to add the following Clause Thirty (Condominium Assemblies; Voting) to the Trust to read as follows: .............** CLAUSE THIRTY. CONDOMINIUM ASSEMBLIES; VOTE. In any of the condominium assemblies that are held in the Master Condominium or in any regime or sub-regime of condominium ownership within the Property, the Trustee, with the prior joint written instructions from Diamante Cabo and the Primary Trust Beneficiary, will have the right to vote the decisions carried out in the corresponding agenda. In the event of a breach in terms of the Trust, the Primary Trust Beneficiary will have full power to vote on the decisions that are carried out in any condominium assembly within the Property without the participation of Diamante Cabo. ..............................................................................

**(g)   The parties, by means of this Agreement, agree to add the following Clause Thirty-One (Pledge without transfer of Possession) to the Trust to be as follows:..** CLAUSE THIRTY-ONE. PLEDGE WITHOUT TRANSMISSION OF POSSESSION. Regardless of Diamante Cabo's obligation to contribute all assets and rights to the Trust Assets, in this act, it states that all assets and rights that are not in the Trust Assets will be subject to the Pledge on Assets and Rights described in Recital number twenty-two of this instrument..................................................................................................

(h)   The parties, by means of this Agreement, agree to modify Clause Eight (Appraisal of Trust Assets) of the Trust to read as follows:................................................................ The parties in this act agree that the Trustor shall deliver to the Trustee and the Primary Trust Beneficiary the financial statements in accordance with the relevant provisions of the Amended and Restated Credit Agreement, on a quarterly basis and within the first 10 (ten) business days of the next quarter..........................................................................

**SECOND.- NOTIFICATIONS.** All notifications and other notices in relation to this Agreement or the Trust will be made, to be considered as valid, in writing, in Spanish and English (or accompanied by a translation into English or Spanish, as appropriate, with the understanding that, in case of controversy, the Spanish version will prevail), and addressed to the addresses indicated below or to any other address or fax number indicated by the recipient of the same by notification in accordance with the provisions of this Clause to the other parties. Said notifications and notices will be delivered personally or by fax transmission and addressed in the manner described above, followed by an original copy, and will take effect when received, if they are delivered by courier, or when transmitted and a confirmation of said transmission is received, if they are sent by fax.

[signature] [signature] [signature] [signature]

CONFIDENTIAL

The parties indicate as their addresses the following:....................................................

The TRUSTEE: ..................................................................................................................

Paseo de la Reforma 115, piso 23 ..................................................................................

11000, Lomas de Chapultepec.........................................................................................

México, Distrito Federal ....................................................................................................

Telephone +52 55 50 63 39 00.........................................................................................

Fax +52 55 50 63 39 39 ....................................................................................................

Attention: Flor Kupfer Domínguez ....................................................................................

THE TRUSTOR:...................................................................................................................

Boulevard Diamante Sin Número, .....................................................................................

Colonia Los Cangrejos I, ...................................................................................................

Cabo, San Lucas, Baja California Sur, .............................................................................

Código Postal 23473 .........................................................................................................

Telephone: 1442900 .........................................................................................................

Attention: Fernando García Campuzano ..........................................................................

THE PRIMARY TRUST BENEFICIARY: ............................................................................

75 King William Street... ....................................................................................................

London EC4N 7DT .............................................................................................................

England         ......................................................................................................................

Telephone: +44(0)20 7410 8312 ......................................................................................

Fax: +44(0)20 74108005 ...................................................................................................

Attention: Jovan Atkinson ..................................................................................................

With copy for: .....................................................................................................................

Venable LLP .......................................................................................................................

750 E. Pratt Street..............................................................................................................

Suite 900        ......................................................................................................................

Baltimore, Maryland 21202.................................................................................................

Telephone: +001 410 244 7495.........................................................................................

Fax: +001 410 244 7742 ....................................................................................................

Attention: Kelly Shubic Weiner ..........................................................................................

Nader, Hayaux y Goebel S.C. ...........................................................................................

Av. Paseo de los Tamarindos 400B, Piso 7.......................................................................

Col. Basques de las Lomas................................................................................................

Delegación Cuajimalpa, 05120...........................................................................................

México, Distrito Federal .....................................................................................................

Telephone: +52 55 41 70 30 00..........................................................................................

DANSKE_0012155

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

19

Fax: +52 55 21 67 30 62 ..............................................................................

Attention: Vanessa Franyutti Johnstone .......................................................

**THIRD.- NO NOVATION.** The parties agree that this Agreement does not constitute novation or termination of the obligations contracted under the Trust, as well as any other agreement, contract, or document derived from or related to them. The foregoing, by virtue of the fact that the parties to this Agreement agree that it is not signed with the intention of renewing the obligations assumed in the aforementioned contracts and agreements ..................................................................................................................

FOURTH.- Applicable Laws and Jurisdiction.- This Agreement will be governed and interpreted in accordance with the laws of Mexico. The parties expressly and irrevocably submit to the courts of Mexico City for any matter related to or resulting from this Trust or this Amendment Agreement. Likewise, the parties agree and accept that all claims related to any action or procedure must be resolved by said courts. The parties expressly and irrevocably renounce any jurisdiction that may be applicable to them by reason of their present or future domiciles, or for any other reason.................................................

FIFTH.- Previous Agreements. The parties acknowledge that this Agreement modifies the Trust, for which purpose any prior verbal or written agreements between the parties remain without effect .......................................................................................................

------------------------------------**PERSONALITY**......................................................

------1.-**DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.** ......................................

-----Mr. **KENNETH ABOUD JOWDY**, accredits his legal personality and the legal existence of his principal, which he states that has not been revoked or amended, with public deed 64,865 sixty-four thousand eight hundred sixty-five, of volume 1,025 one thousand twenty-five, dated February twenty-three of the year two thousand six, and registered in the Public Registry of Property and Commerce of San José del Cabo, under the Electronic Mercantile Folio: 9065 4 nine zero six five four, RFC/No. **DCS060223-D40**, First Entry, Payment Slip No.: 275471 two seven five four seven one, dated February twenty-seven of the year two thousand six, granted before the Undersigned Notary Attached to the Notary Public Office Number Seven, of the State, in which the INCORPORATION of the Commercial Company called "DIAMANTE CABO SAN LUCAS," S. DE R.L. DE C.V. is recorded, the relevant parts of which I copy as follows: ".....FIRST.- The company will be called "DIAMANTE CABO SAN LUCAS"; This name will be followed by the words SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE [Variable Capital Limited Liability Company].- SECOND.- The purpose of the company is to carry out all kinds of activities related to Real Estate development within the limits allowed by the Foreign Investment Law, and therefore, in addition to the activities mentioned in this article, the company will develop private 18-hole golf courses, housing units, small housing units, and other related infrastructure. In general, the company may carry out all kinds of activities related to the above, for which reason, in an enunciative but not limited manner, the company may.- A).- Within

[signature] [signature] [signature]

CONFIDENTIAL

DANSKE_00121... Syntax Error 4

the limits allowed by the Foreign Investment Law, carry out all kinds of activities related to Real Estate development for tourism purposes. B).- Within the limits allowed by the Foreign Investment Law, establish, acquire, build, lease, operate, and possess in any way allowed by the Law stores, warehouses, offices, establishments, storage units, and other establishments necessary or appropriate for the purposes of the company.- C).- Acquire or possess by any title, use, give, or take in lease, manage, sell, or dispose in any way, of all movable or immovable property that is necessary or appropriate for the realization of the purposes of the company - D).- Supervise, plan, or contract, directly or through third parties, all kinds of constructions, buildings, and developments, as well as acquire and dispose of construction materials by any title.- E).- Provide and receive all kinds of technical, administrative services; of supervision, promotion and, in general, any kind of services required by commercial or industrial negotiations, in Mexico or abroad; F).- Promote, organize, administer, and supervise all kinds of commercial or civil companies. G).- Acquire shares, participations, corporate shares or securities and obligations of all kinds of companies or businesses, and become part of them - H).- Register, obtain, acquire, use, or dispose of all kinds of brands, trade names, investment certificates, patents, copyrights, options and preferences, processes, and concessions or licenses, either in Mexico or abroad.- I).- Obtain and grant loans with or without guarantee, issue, accept, guarantee, endorse, and, in general, subscribe all credit titles, as well as guarantee in any way the obligations of third parties.- J).- In general, the conclusion of all kinds of acts and contracts that are directly or indirectly related to the company or other purposes, including the acquisition by any form of personal or real property for the development of its corporate purpose. The company will only be able to carry out activities related to its object, without in any way being able to carry out activities reserved exclusively to the Mexican State. THIRD.- The company's domicile shall be: The City of Cabo San Lucas, Baja California Sur, without prejudice to establishing offices or branches in other parts of the State of the Republic or abroad, and indicate conventional addresses in the agreements that it enters into. FOURTH- The duration of the company shall be NINETY-NINE YEARS, which shall be counted from the date of signature of this deed. FIFTH.- FOREIGNER STATUS CLAUSE: - The Company will be of Mexican Nationality, with a FOREIGNERS 'ADMISSION clause. Being able to participate in its Capital Stock, Foreign Investors or Companies without a Foreigners Exclusion Clause; Capital participation that will be admitted in any proportion.- "Any foreigner who, in the act of incorporation or at any later time, acquires an interest or social holding in the company, will be considered by that simple fact as Mexican, with respect to one and another, and it will be understood that it agrees not to invoke the protection of its Government, under penalty of breaching its agreement, of losing said interest or holding in favor of the Mexican Nation."

DANSKE_0012118yntax Error 4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

21

SIXTH.- The capital of the company will be variable, starting with a minimum without the right to withdraw of: $10,000.00 (TEN THOUSAND PESOS, 00/100 NATIONAL CURRENCY), with this maximum being unlimited. SEVENTH.- The capital stock will be fully subscribed and paid, and it is represented in corporate shares of $500.00 (five hundred pesos, 00/100 national currency) each, which will always be of said amount or a multiple thereof. EIGHTH.- The founding partners contribute to the company the amount of $500.00 (five hundred pesos, 00/100 national currency), as follows: .........................

The Manager of the Company declares under oath that the amount of the value of the shares is fully deposited in the Safe Deposit.- NINTH.- The company will be managed by a MANAGER or a GENERAL MANAGER, which will have the broadest powers of a GENERAL POWER OF ATTORNEY FOR LAWSUITS AND COLLECTIONS, ACTS OF ADMINISTRATION and ACTS OF OWNERSHIP, with all the general and special powers that require a special clause according to the Law, under the terms of the first THREE paragraphs of the Article (2,554) two thousand five hundred fifty-four, and the special ones of article (2,587) two thousand five hundred eighty-seven, both of the Civil Code for Mexico City and its equivalents, Article (2468) two thousand four hundred and sixty-eight of the Civil Code for the State of Baja California Sur, and its equivalent in the other States.- The proxy may appear before all kinds of Authorities of the Federation, the States, Municipalities, Delegations, whether they are Legislative, Executive, Judicial, Labor, Fiscal, or of any other kind. Carrying out all kinds of procedures and requests, whatever they are; file complaints, claims, and accusations, assist the Agent of the Public Prosecutor's Office, and become a civil party, to desist from all kinds of actions, procedures, incidents, appeals, complaints, claims, and accusations, and even from amparo proceedings, to compromise and settle in arbitration; to absolve and form positions, to recuse with or without cause to receive payments, and for any others without reservation or limitation, being able to appear before all kinds of natural or legal persons, private or official, carrying out all kinds of formalities and making requests. In addition to the general power of attorney for lawsuits and collections that is granted, in accordance with Articles 689, 690, 692, and 695 of the Federal Labor Law, the proxy is appointed as the legal representative of the company, with powers to take attend on its behalf the Conciliation Hearings that are held before the Local Conciliation Board, before the Federal Conciliation Board, before the corresponding Special Board, either of the Federal or the Local Conciliation and Arbitration Board, or before any labor authority, with powers for acts of administration in the Labor area and to enter into agreements that may arise from it. POWER FOR ACTS OF ADMINISTRATION, so that the proxy can conclude or have concluded, execute or have execute all kinds of facts, acts, agreements, and contracts of whatever nature they may be, granting all kinds of private documents and public instruments with administrative powers. POWER TO SUBSCRIBE CREDIT SECURITIES, so that the proxy can issue, draw, subscribe, endorse, guarantee, or in any other way put into circulation all kinds of credit

[signature] [signature] [signature]

CONFIDENTIAL

CONFIDENTIAL

instruments, under the terms of Article 9 Nine of the General Law on Securities and Credit Transactions.- POWER TO EXERCISE ACTS OF OWNERSHIP, so that the proxy can alienate, encumber, mortgage, or in any other way dispose of the possession and control of assets of the principal of any type they may be, being able to sign as many private documents or public deeds under the terms, prices, and other conditions that the proxy deems pertinent and, where appropriate, negotiate the certificates, receive their amount, and endorse or cash the checks representing the payment.- POWERS TO SUBSTITUTE ALL OR IN PART THE PRESENT MANDATE, the proxy reserving the exercise of the same and being able to appoint proxies, agents, and employees, setting their powers, obligations, remuneration, and revoke the substitutions it makes. TRANSITIONAL: FIRST.- Meeting at the first General Meeting of Shareholders, the partners, reach the following agreements: 1.- The company will be managed by a MANAGER.- 2.- Mr. KENNETH ABOUD JOWDY is appointed as MANAGER, who in the position of his functions, will have the powers that are established in Clause NINE of this deed of incorporation, with the exception that, for the performance of his activity, he must obtain the corresponding permit issued in their opinion by the Secretariat of the Interior and that in case of the violation of the Regulations of the General Population Law, he will receive the corresponding sanctions. 3.- Mr. FERNANDO MANUEL GARCIA CAMPUZANO is granted a GENERAL POWER OF ATTORNEY FOR LAWSUITS AND COLLECTIONS, ADMINISTRATION ACTS AND ACTS OF OWNERSHIP…" ................

-----By means of a public deed number seventy-eight thousand eight hundred eighty-one, of volume one thousand two hundred ninety-one, dated March 6 of the year two thousand nine, granted before the Undersigned Notary, which contains THE NOTARIAL RECORDING of the Minutes of the General Assembly of the Commercial Company called **"DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE VARIABLE CAPITAL, of which I copy the relevant parts as follows:** "…**FIRST.-** At the request of Mr. **FERNANDO MANUEL GARCÍA CAMPUZANO**, the Minutes of the Meeting of the Commercial Company called **"DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** held on March six, two thousand and nine, is deemed to be entered into the notarial records, and the agreements taken therein were formalized. - **SECOND.- "DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, accepts and approves the assignment of rights contained in the Global Assignment Agreement entered into between Lehman Brothers and Danske Bank, in which Lehman Brothers, in its capacity as Assignor, transferred all of its rights, obligations, and guarantees under the *Loan Documents* in favor of Danske Bank. Likewise, the Company enters into all the instruments or contracts necessary to formalize the assignment of rights contained in the Global Assignment Agreement.- **THIRD.- " DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, completely reforms its corporate bylaws under the

DANSKE_0012115yntax Error 4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

23

terms mentioned below.- **FOURTH.- "DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, ratifies the appointment of Mr. Kenneth Aboud Jowdy as General Manager of the Company, with all the obligations and rights that the performance of said position entails.- **FIFTH.- "DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, ratifies in each and every one of its parts, the powers conferred on Mr. Fernando Manuel García Campuzano in the minutes of the general meeting of shareholders dated March 8, 2006, which was duly entered into the notarial records, by means of minutes number 65,011 of volume 1,026 dated March 9, 2006, before Mr. José Alberto Castro Salazar; Notary Public Attached to Notary Public Office Number 7 of the City of La Paz, Baja California Sur.- SIX.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE approves and confirms the terms of the Agreement of the assignment of rights by virtue of which Lehman Brothers assigned to Danske Bank all of its rights and obligations under the Pledge Agreement on Corporate Shares; it also accepts Danske Bank as the new pledgee under the Pledge Agreement on Corporate Shares.- SEVENTH.- "DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, approved by Diamante Cabo San Lucas, LLC, through its legal representative, and Kenneth Aboud Jowdy, a rights assignment agreement by virtue of which Lehman Brothers assigned to Danske Bank all of its rights and obligations under the Pledge Agreement on Corporate Shares, accepting Danske Bank as the new pledgee.- **EIGHTH.- "DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** approved the following resolutions: - 1) Grant Danske Bank all the rights established in the aforementioned Pledge Agreement on Corporate Shares.- 2) In accordance with the provisions of the corresponding Pledge Agreement, Diamante Cabo San Lucas, LLC shall not assign, sell, pledge, or dispose of its corporate share in any way without the prior written authorization of Danske Bank.- 3) In accordance with the provisions of the Pledge Agreement on Corporate Shares, the Company must not assign, sell, pledge, or otherwise dispose of the shares that represent the capital stock of the Company, without the prior written authorization of Danske Bank. -

[signature] [signature] [signature] [signature]

CONFIDENTIAL

CONFIDENTIAL

4) The Company must not allow that, in the exercise of the vote that corresponds to the shareholders, the provisions of the Pledge Agreement on Shareholders are violated. **NINTH.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** approves the conclusion of the Termination Agreement for the Pledge Agreement (Assets), since they will be contributed to the Trust's assets. **TENTH.- "DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** approved the following resolutions: i) Accepting as a partner of the Company, without the need for additional consent to that granted herein, Danske Bank or any other possible pledgee of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Danske Bank, in the event of assignment, purchase, forced execution, or judicial auction of the aforementioned shares. ii) In the event of the transfer, purchase, forced execution, or judicial auction of the corporate shares owned by Diamante Cabo San Lucas, LLC in favor of Danske Bank, or the holder of the corporate share at the time, Mr. Kenneth Aboud Jowdy, in his capacity as a partner of the Company, in this act renounces both the right granted to him in accordance with article 66 of the General Law of Commercial Companies and the provisions of the corporate bylaws, as well as any right that he may have to acquire in whole or in part the corporate share of the opposing partner by any other means.- iii) By virtue of the foregoing, Mr. Kenneth Aboud Jowdy renounces both the right that is conferred on him by article 66 of the General Law of Commercial Companies and the bylaws, as well as any right that he may have to acquire in all or part the corporate shares of the opposing partner by any other means, granting in this same act his consent so that, where appropriate, the assignment, purchase, forced execution, or judicial auction of the corporate share of Diamante Cabo San Lucas, LLC granted in pledge in favor of Danske Bank, be carried out.- iv) In case of the purchase, forced execution, or judicial auction of the corporate share owned by Mr. Kenneth Aboud Jowdy in favor of Danske Bank, or the holder of the corporate share at the time, Diamante Cabo San Lucas, LLC, in its capacity as partner of the Company, in this act waives both the right granted to it in accordance with article 66 of the General Law of Commercial Companies and the provisions of the corporate bylaws, as well as any right that it may have to acquire in whole or in part the corporate share of the opposing partner by any other means. - v) By virtue of the above, Diamante Cabo San Lucas, LLC waives both the right conferred on it by article 66 of the General Law of Commercial Companies and the bylaws, as well as any right that it may have to acquire in all or in part the corporate share of the opposing partner through any other means, granting in this same act its consent so that, where appropriate, the transfer, purchase, forced execution, or judicial auction of the corporate share of Mr. Kenneth Aboud Jowdy pledged in favor of Danske Bank is carried out. - vi) In the event of the purchase, forced execution, or judicial auction of the shares pledged by Diamante Cabo San Lucas, LLC and Mr. Kenneth Aboud Jowdy in favor of Danske Bank, in accordance with the previous resolutions, the capital

DANSKE 00121161

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

25

stock of the Company would be integrated as follows: ...................................................

| Partners | Shares | Value |
|---|---|---|
| Danske Bank A/S, London Branch, or a new acquirer. | 1 | $9,900.00 |
| Danske Bank A/S, London Branch, or a new acquirer. | 1 | $100.00 |
| **Total** | 2 | $10,000.00 |

**ELEVENTH.- " DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE** instructed the Secretary to carry out the annotations of the pledges granted in favor of Danske Bank as assignee of Lehman Brothers, in the special book of partners. Likewise, it instructed the Secretary to provide Danske Bank with a copy of the aforementioned annotations, signed by the Secretary of the Company or the Sole Manager, and to carry out the annotations of the pledges granted in favor of Danske Bank in the special book of partners and, in turn, to provide to Danske Bank a copy of it, duly signed.-**TWELFTH.- "DIAMANTE CABO SAN LUCAS", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** approves the Assignment to Danske Bank of each and every one of the 2006 Transaction Documents, by virtue of being adjusted to the interests of the company itself and which are listed below: - (i) The Original Credit Agreement (*Loan Agreement*) concluded between Diamante Cabo and Lehman Brothers (the "Original Credit Agreement") - - - (ii) *Promissory Note* subscribed by Diamante Cabo (the "Promissory Note"); - (iii) *Assignment of Leases and Rents*, between Diamante Cabo and Lehman Brothers (the "Assignment of Rents"); - (iv) *Recourse Guarantee* executed by Mr. Kenneth A. Jowdy (the "Guarantor") and Lehman Brothers, effective as of March 10, 2006 (the "Recourse Guarantee"); - (v) Environmental Liability and Indemnity Document (*Indemnity Agreement*) entered into between Diamante Cabo, the Guarantor, and Lehman Brothers (the" Environmental Indemnity"); - (vi) Pledge Agreement on Corporate Shares (*Pledge Agreement*) entered into between Diamante Cabo, the Guarantor, Diamante Cabo San Lucas LLC ("U.S. LLC"), and Lehman Brothers (the "Pledge Agreement (Corporate Shares of the Trustor)"); - (vii) Pledge Agreement on assets entered into between Lehman Brothers and Diamante Cabo (the" Pledge Agreement (Assets)"); - (viii) a *Pledge Agreement* entered into between the Guarantor, U.S. LLC and Lehman Brothers (the "Pledge Agreement (Corporate Shares of the Borrower)"); - (ix) *Pledge Agreement* entered into between the Guarantor, Baja Ventures 2006, LLC, Diamante Properties, LLC, KAJ Holdings LLC, and CSL Properties 2006, LLC (collectively, the "U.S. LLC Members") and Lehman Brothers (the "Pledge Agreement on US Corporate Shares"); - (x) an *Omnibus Assignment* entered into between Diamante Cabo and Lehman Brothers (the "2006 Omnibus Assignment"); and- (xi) Completion Guarantee Performance Document (*Completion Guarantee*), granted by the Guarantor in favor of Lehman Brothers, and (xii) a *Guarantee* granted by the Members of the U.S. LLC, the Guarantor, and the U.S. LLC in favor of Lehman Brothers.- **THIRTEENTH.-**

CONFIDENTIAL

**"DIAMANTE CABO SAN LUCAS," SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** accepts and approves the execution of the following documents: - (i) Amendment and Restatement Agreement to the Trust Agreement - (ii) Amended and Restated Credit Agreement to be entered into between Diamante Cabo and Danske Bank. - (iii) The two promissory notes (Promissory note A, Promissory note B) under the Amended and Restated Credit Agreement ("Promissory Notes 2009"); - (iv) the ( *Assignment* of *Leases and Rents* Agreement *,* between Diamante Cabo and Lehman Brothers (the "Assignment of Rents"); … - (v) Assignment of Recourse Guarantee ( *Recourse Guarantee*) executed by Mr. Kenneth A. Jowdy (the "Guarantor") and Lehman Brothers, effective as of March 10, 2006 (the "Recourse Guarantee"); - (vi) Assignment Agreement of the Environmental Liability and Indemnity Document ( *Indemnity Agreement* ) entered into between Diamante Cabo, the Guarantor, and Lehman Brothers (the "Environmental Indemnity"); - (vii) Pledge Agreement of the Assignment Agreement ( *Pledge Agreement* ) entered into between the Guarantor, U.S. LLC, and Lehman Brothers (the "Pledge Agreement (Corporate Shares of the Borrower)"; - (viii) Assignment Agreement of the Pledge Agreement ( *Pledge Agreement* ) entered into between the Guarantor, Baja Ventures 2006, LLC, Diamante Properties, LLC, KAJ Holdings LLC, and CSL Properties 2006, LLC (collectively, the "U.S. LLC Members") and Lehman Brothers (the "Pledge Agreement of the U.S. Corporate Shares"); (ix) the Assignment Agreement for the Omnibus Assignment ( *Omnibus Assignment* ) entered into between Diamante Cabo and Lehman Brothers (the "2006 Omnibus Assignment"); and- (x) Agreement for the Assignment of the Completion Guarantee Document (*Completion Guarantee*), granted by the Guarantor in favor of Lehman Brothers; and (xii) Guarantee ( *Guarantee*) granted by Members of the U.S. LLC, the Guarantor, and the U.S. LLC in favor of Lehman Brothers ...............................
 -----2.- **DANSKE BANK A/S, LONDON BRANCH,** THE LONDON BRANCH OF A COMPANY CONSTITUTED IN THE KINGDOM OF DENMARK, IN ITS CAPACITY AS PRIMARY TRUST BENEFICIARY, REPRESENTED IN THIS ACT BY MR. **ADRIAN MENDEZ SEVILLA:**..................................................................................................
 -----By public deed number 112,526 (one hundred twelve thousand five hundred twenty-six), book number 2,424 (two thousand four hundred twenty-four), dated April eleven, two thousand thirteen, granted before Mr. FRANCISCO JAVIER ARCE GARGOLLO, Notary Public Number Seventy-Four with exercise in Mexico City, which contains THE PROTOCOLIZATION OF DOCUMENT GIVEN ABROAD, of which I copy the following: "… CLAUSES.- FIRST, It is protocolized, in terms of Articles one hundred thirty-nine and one hundred and forty of the Law of Notaries for Mexico City, the document described in the Sole recital of this deed.-

DANSKE_0012115yntax
Error 4

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

27

SECOND.- As a consequence of the above, the special power of attorney granted by **"DANSKE BANK A/S LONDON BRANCH"**, in favor of AVIER ARREOLA ESPINOSA, VANESSA E. FRANYUTTI JOHNSTONE, ALEJANDRO ROJAS VERA, ADRIAN LOPEZ-GONZALEZ GARZA, ADRIAN MENDEZ SEVILLA y FERNANDA MARTINEZ MARISCAL is formalized so that they exercise it in the terms, with the powers and validity that are mentioned in said document and of whose translation into Spanish, I copy the following: "...FIRST. They grant a Special Power in the terms of Article 2553 of the Federal Civil Code and the equivalent article of the Civil Code of each state of the United Mexican States and Mexico City and of Article Ninth of the General Law of Titles and Credit Transactions of the United Mexican States, in favor of Vanesa E. Franyutti Johnstone and Fernanda Martínez Mariscal and Javier Arreola Espinosa, Alejandro Rojas Vera, Adrián López-González Garza and Adrián Méndez Sevilla, to exercise it jointly or separately in the name or on behalf of the Bank, with all the general and special powers that are applicable in accordance with the law and, in the manner that they deem most convenient for the benefit of the Bank, carry out all legal acts and sign all contracts, requests, acknowledgments, and the notices that are applicable according to law in relation to each and every one of the public and private documents included in a general but not limiting manner (i) pledge agreements, (ii) pledge agreements without transfer of possession, and (iii) guarantee trust agreements, and the amendments to such document or documents related to the loan agreements entered into on March 10, 2006 (which, with the reforms that have been made, is called the "Loan") by Diamante Cabo San Lucas, S. de R.L. de C.V., and Lehman Brothers Holdings, Inc., whose loan was assigned to the Bank on January 13, 2009, and has been amended after that date. This power can be exercised by the proxies from the date of its granting **and until May 30, 2013...** "..............................................................................................................................

-----3.- **THE BANK OF NEW YORK MELLON, S.A., MÚLTIPLE BANKING INSITUTION** (UNIVERSAL AND FINAL LEGAL ASSIGNEE OF BANCO J.P. MORGAN, SA, MULTIPLE BANKING INSTITUTION, J.P. MORGAN FINANCIAL GROUP, TRUST DIVISIÓN) IN ITS CAPACITY OF TRUSTEE OF TRUST F/00321, REPRESENTED IN THIS ACT BY ITS DELEGATE TRUSTEE **FLOR DE MARIA KUPFER DOMINGUEZ ...**

----- By means of Instrument number 64,280 (sixty-four thousand two hundred eighty), volume 1,549 one thousand five hundred forty-nine, dated July twenty-seven of the year two thousand eleven, granted before Mr. Roberto Nuñez y Bandera, Notary Public Number One, of Mexico City, in which there is the APPOINTMENT OF DELEGATE TRUSTEES, made by THE BANK OF NEW YORK MELLON, SOCIEDAD ANONIMA, MULTIPLE BANKING INSTITUTION, in favor of ALBERTO CASTILLOPEREYRA, MONICA JIMENEZ LABORA SARABIA, FLOR DE MARIA KUPFER DOMINGUEZ, ROSA ADRIANA LOPEZ-JAIMES FIGUEROA, GERARDO QUERO MUDESPACHER, CRISTINA REUS MEDINA, MARIA DEL CARMEN ROBLES MARTINEZ GOMEZ, of which I copy the relevant sections as follows: ".... ACT OF UNANIMOUS

[signature] [signature] [signature]

CONFIDENTIAL

CONFIDENTIAL

RESOLUTIONS FOR ALL THE SHAREHOLDERS OUTSIDE THE GENERAL SHAREHOLDERS' MEETING: THE BANK OF NEW YORK MELLON, S.A., MULTIPLE BANKING INSTITUTION: .... RESOLUTIONS.- FIRST.- It is resolved to grant powers of Trustees to Alberto Castillo Pereyra, Mónica Jiménez Labora Sarabia, Flor de María Kupfer Domínguez, Rosa Adriana Lopez-Jaime Figueroa, Gerardo Quero Mudespacher, Cristina Reus Medina, María del Carmen Robles Martínez Gómez, in accordance with the following terms. –- Based on the provisions of article 80 in relation to section XV of 46, 90 and the other relative and applicable articles of the Law of Credit Institutions, it is granted in favor of Alberto Castillo Pereyra, Mónica Jiménez Labora Sarabia, Flor de María Kupfer Domínguez, Rosa Adriana Lopez-Jaímes Figueroa, Gerardo Quero Mudespacher, Cristina Reus Medina, María del Carmen Robles Martínez Gómez, so that individually and in the exercise of their position as Delegate Trustees (i) they conclude and practice all trust transactions, enter into the corresponding trust agreements and, in a general, but not limited manner, to carry out all the necessary acts with respect to the trust assets in which the Company acts as Trustee, or, in an enunciative but non-limiting manner, (ii) Enter into mandates, commissions, deposit agreements, joint representation agreements, as well as any other contract or agreement and sign any credit instrument or title related to commissions, mandates, or common representations in which they function in their capacity as Delegate Trustees, to be exercised in the form in which it is indicated and independently of the powers conferred on them for other purposes of the Company: –- The powers granted to the aforementioned persons, exclusively in their capacity as Delegate Trustees and to be exercised individually are: 1.- General Power for Lawsuits and Collections, with the broader powers that in law proceed in the terms of fraction 1 of article 2554 of the Civil Code for Mexico City and its equivalent in the other States of the Republic and the Federal Civil Code and with all the general powers and, even the special ones that, according to the law, require a special power or clause, including those mentioned in articles 2574, 2582, 2587, and 2593 of the aforementioned Civil Code for Mexico City and its equivalent in the other States of the Republic and the Federal Civil Code; - - In an enunciative but not limiting manner, the proxies will have the power to try and desist from all kinds of lawsuits, resources, and procedures, including the amparo trial; to compromise and settle in arbitration, to absolve and make positions; to challenge, to receive payments; to assign assets; to file complaints and claims in criminal matters and to desist from them; to assist the Public Ministry and to grant legal pardon.

IGNACIO RAMIREZ 1930
TELS. 122-91-20
122-97-17
125-24-20
FAX 125-25-68

MR. HECTOR CASTRO CASTRO
HOLDER
MR. JOSE ALBERTO CASTRO SALAZAR
ASSIGNED
NOTARY PUBLIC NO. 7
LA PAZ, B.C.S.

29

– - 2.- General power of attorney for acts of administration, with the broader powers that are applicable in law under the terms of the second paragraph of article two thousand five hundred and fifty-four of the Civil Code for Mexico City and its equivalent in the states of the Republic and of the Federal Civil Code.- - - 3.- Power of attorney for acts of ownership with the broadest powers that may be applicable in law, in the terms of the third paragraph of article two thousand five hundred and fifty-four of the Civil Code for Mexico City and its equivalent in the States of the Republic and the Federal Civil Code; - 4.- General power of attorney to draw, accept, subscribe, issue, endorse, and guarantee all kinds of credit transactions and titles, in accordance with the provisions of article 9 of the General Law of Credit Titles and Transactions, third paragraph of 90 of the Law of Credit Institutions and 2554 of the Federal Civil Code and the Civil Code for Mexico City and its equivalent articles in the States of the Republic.- 5.- Power to open and close bank accounts, draw on them, and appoint persons who draw against them.- 6.- General power of attorney for lawsuits and collections, administrative acts in labor matters, under the terms of the provisions of articles 11,692, section No. I, and III 695, 876, section I and other correlative articles of the Federal Labor Law... 7.- Powers to grant powers of attorney. The proxies will have very broad powers to grant general or special powers of attorney, to be exercised, jointly, separately, or individually, and to revoke both in whole or in part, powers that are limited to the powers of attorney that are granted to them in this act. Likewise, they are also granted powers to substitute and/or delegate their powers of attorney, totally or partially, reserving their exercise for themselves, only under the terms of the aforementioned powers and powers of attorney they have been granted.- In no case will the proxies have powers to appoint Delegate Trustee or substitute, assign, or delegate their appointment to any person….".................................

-----I, the Undersigned Notary, attest to having the aforementioned document before me and I attach the copies thereof to the annex of this Instrument, marked with the corresponding letter:.............................................................................................

-----**I, THE NOTARY PUBLIC, CERTIFY:** ...............................................................

-----**FIRST.0**- That I know the appearing parties and I consider them to have legal capacity............................................................................................................

-----**SECOND.-** That, by their general information, they declared to be Mexican by birth: Mr. **KENNETH ABOUD JOWDY**, 41, forty-one years old, citizen of the United States, originally from Connecticut, USA, where he was born on July sixteen, nineteen sixty-four, a merchant, single, domiciled in the United States of America, being temporarily in this city and proving his legal stay in the country with the immigration document that is added separately to this deed; Mr. **FERNANDO MANUEL GARCIA CAMPUZANO,** Mexican by birth, originally from Ensenada, Baja California, where he was born on July twelve, nineteen sixty-seven, married, a Lawyer, domiciled in Obregón número mil doscientos ochenta y nueve, Z.C. Ensenada, Baja California, and being temporarily in this city, and he identifies himself with a voter ID card, with voter code number

[signature] [signature] [signature] [signature]

CONFIDENTIAL

"GRCMFR67071202H200": Mr. **ADRIAN MENDEZ SEVILLA,** originally from Mexico City, where he was born on October twenty-four, nineteen eighty-seven, single, a lawyer, and residing at Paseo de los Tamarindos 400-B, 9th Floor, Colonia Bosques de La Lomas, Cuajimalpa Delegation, Postal Code 05120, Mexico City, and being temporarily in this city: Miss **FLOR DE MARIA KUPFER DOMINGUEZ,** Originally from Mexico City, where she was born on July nine, nineteen seventy-eight, single, a lawyer, and residing at Paseo de la Reforma 115, Piso 23, 11000, Lomas de Chapultepec, Mexico City, and being temporarily in this city; ........................................................................................

-----**THIRD.-** That, regarding the payment of Income Tax, and after having made the warnings required by the Law, they will state that they are up to date [with their tax obligations], without demonstrating this to me. ................................................................

-----**FOURTH.-** That what is related and inserted is a true reflection of the originals that I have seen and returned to the interested parties........................................................

-----**FIFTH.-** The appearing parties being advised of their right to read or to have me, the Notary, read this instrument, they opted for the first option and, after doing so, they expressed their agreement, so that, after explaining its value and legal force, they ratified and signed it on this day. I ATTEST ...............................................................................

[signature]                          [signature]

**KENNETH ABOUD JOWDY**          **FERNANDO MANUEL GARCIA CAMPUZANO**

[signature]                          [signature]

**ADRIAN MENDEZ SEVILLA**          **FLOR DE MARIA KUPFER DOMINGUEZ**

### MR. JOSÉ ALBERTO CASTRO SALAZAR
### NOTARY ATTACHED TO NOTARY OFFICE NO. 7
### LA PAZ, BCS

TO WHOM IT MAY CONCERN.

MR. I, JOSE ALBERTO CASTRO SALAZAR, Notary Public Attached to the Notary Public Office Number Seven of the State and of the Federal Real Estate, with office in the Municipalities of La Paz and Los Cabos, and with Residence in the State Capital, whose head is Mr. HÉCTOR CASTRO CASTRO, acting in accordance with the provisions of article (29) twenty-nine of the Notary Law in force, by means of this, state:

I ATTEST that, by public deed number **91,326,** of volume **1,536,** of the **26th** day of **April** of the year **two thousand and thirteen**, the following acts were recorded: **THE SECOND AMENDMENT AGREEMENT** (HEREINAFTER, THE "Agreement") TO THE GUARANTEE IRREVOCABLE TRUST AGREEMENT TRANSFERRING TITLE OF OWNERSHIP NUMBER **"F/00321"** (F SLASH ZERO ZERO THREE HUNDRED TWENTY-ONE) AND TO THE AMENDMENT AND RESTATEMENT AGREEMENT THAT ARISES FROM THE PUBLIC DEED NUMBER 78,882 VOLUME 1,292 DATED MARCH 6, 2009 (HEREINAFTER, INCLUDING THE AMENDMENTS AGREED BY THIS DEED, "The Trust"), WHICH IS ENTERED INTO BY DIAMANTE CABO SAN LUCAS, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, ("Diamante Cabo") represented by Mr. **KENNETH ABOUD JOWDY,** acting as trustor and Secondary Trust Beneficiary (hereinafter the "Trustor" or the "Secondary Trust Beneficiary," depending on the context); Who in this act designates as his expert translator Mr. **FERNANDO MANUEL GARCIA CAMPUZANO**; DANSKE BANK A/S, LONDON BRANCH, THE LONDON BRANCH OF A COMPANY CONSTITUTED IN THE KINGDOM OF DENMARK, represented by Mr. **ADRIAN MENDEZ SEVILLA,**, acting as Primary Trust Beneficiary (hereinafter the "Primary Trust Beneficiary"), and THE BANK OF NEW YORK MELLON, SOCIEDAD ANÓNIMA, MULTIPLE BANKING INSTITUTION (UNIVERSAL FINAL LEGAL ASSIGNEE OF BANCO J.P. MORGAN, J.P. MORGAN, S.A., MULTIPLE BANKING INSTITUTION, J.P. MORGAN FINANCIAL GROUP, TRUST DIVISION), represented by its Delegate Trustee, Flor de María Kupfer Domínguez, as trustee (hereinafter, the "Trustee"), in accordance with the following background information, statements, and clauses:

On the other hand, by public deed number **91,327,** of volume **1,537,** of the **26th** day of **April** of the year **2013, NOTIFICATION OF RECOGNITION OF DEBT** with the Commercial Company named **DIAMANTE CABO SAN LUCAS, S. DE R.L. DE C.V.**
Likewise, I inform you that said deeds are in the process of being registered in the Public

CONFIDENTIAL

DANSKE_0012168

Registry of Property and Commerce of Los Cabos, Baja California Sur.

This certificate is granted, at the request of the interested party and for the purposes that it deems appropriate, in the city of Cabo San Lucas, Baja California Sur, on the **30th** day of the month of **April** of the year **two thousand thirteen.**

**SINCERELY.**

[seal:] CASTRO CASTRO
[illegible]
[signature]

MR. JOSÉ ALBERTO CASTRO SALAZAR
DEPUTY NOTARY PUBLIC NUMBER 7 OF LA PAZ
BAJA CALIFORNIA SUR, MEXICO.

BLVD. LAZARO CARDENAS Y 16 DE SEPTIEMBRE, EDIFICIO ROSHMARY LOCAL # 103, COL. CENTRO. CABO SAN LUCAS, B.C.S. C.P. 234 50, TELS. (624) 143-4445. 143-1442, FAX: EXT. 112 AND 120

CONFIDENTIAL



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Exhibit 64**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Jacqueline Yorke
(Currently situated in the County of New York)

Sworn to before me remotely this
October 9, 2020

Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 I T +1 212.689.5555 I F +1 212.689.1059 I WWW.TRANSPERFECT.COM
OFFICES IN 90+ CITIES WORLDWIDE