

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 27, 2020

Seetha Ramachandran
Partner
d +1.212.969.3455
f 212.969.2900
sramachandran@proskauer.com
www.proskauer.com

By ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

    Re:    *United States v. Philip A. Kenner & Tommy C. Constantine*
             Criminal Docket No. 13-607 (JFB) (E.D.N.Y.)

Dear Judge Bianco:

    We represent Owen Nolan, a victim of Philip A. Kenner's fraud and a third party claimant to forfeited property in the above-referenced matter. In anticipation of the upcoming forfeiture hearing, scheduled for October 28, 2020, we write to urge the Court to reject petitioner Danske Bank A/S London Branch's ("Danske") attempt to effectively undercut the ability of Mr. Kenner's victims, including Mr. Nolan, to recover any of losses they suffered as a result of Mr. Kenner's crimes.

    Danske's forfeiture claim purportedly totals more than $200 million. (*See* Dkt. No. 848.) Not only does that amount dwarf the combined claims and interests of all victims and petitioners, Danske is also asking the Court to prioritize its purported claim over all petitioners, including Mr. Kenner's victims. If the Court granted Danske's request, it would deprive the victims of Mr. Kenner's fraud of any opportunity to recover their genuine losses.

    There are two avenues for victims to recover their losses in a criminal case – restitution and forfeiture. Victims are entitled to restitution where they can show they suffered a pecuniary loss as a result of the defendant's criminal conduct. A victim can also prevail on a third-party forfeiture petition by establishing that he either has superior legal right, title or interest in the property, or is as a bona fide purchaser for value. 21 U.S.C. § 853(n)(6)(A)–(B). But there is also some interplay between these two avenues for victim recovery, especially in a case like this one. Where the government recovers money or property through forfeiture, victims who are owed restitution are compensated through either (1) the restoration process, where the U.S. Attorney's Office requests permission from the Attorney General to apply forfeited funds to a restitution order; or (2) through a petition for remission or mitigation, which a victim can file

**Proskauer»**

The Honorable Joseph F. Bianco
October 27, 2020
Page 2

directly with the Attorney General. When the sentencing Court orders restitution, the U.S. Attorney's Office typically asks the Attorney General for permission to invoke the restoration process, where forfeited funds are applied to the restitution order. If the government fails to recover money through forfeiture, it cannot restore those funds to victims who are owed restitution.

Danske's claimed amount of loss is plainly overstated, and we urge the Court to carefully scrutinize Danske's assertions about its purported loss. The alleged basis for Danske's interest in the forfeited properties, including the Diamante Cabo San Lucas property ("DCSL"), is a distressed loan to DCSL that Danske acquired from Lehman Brothers Holdings Inc. From Danske's submission to the Court, it is unclear how much Danske paid to acquire this loan, as opposed to other assets it acquired from Lehman. Danske claims that it subsequently made additional loans to DCSL as modifications to that initial loan. But it is undisputed that in modifying the initial loan, Danske did not actually have to loan to DCSL any new funds; rather, after charging DCSL millions of dollars in loan-modification fees, Danske simply allowed DCSL to continue to pay down the loans and then withdraw the same funds all the while millions of dollars in interest continued to accrue. Danske now argues that it should be able to collect on DCSL's massive obligations in Danske's favor – largely consisting of interest accrued – through a third party claim to the forfeited property.

Indeed, a substantial portion of Danske's claimed "losses" are not losses at all, but are anticipated, unpaid interest on the loans that accrued to Danske's benefit, by Danske's design, and without any cost to Danske. Relying on this inflated calculation of loss, Danske is attempting to make a substantial profit and reap a windfall at the expense of victims who have made third party claims to the same assets, as well as those who incurred actual pecuniary losses as a direct result of Kenner's crimes. Mr. Nolan falls into both categories – as set forth in his petition (Dkt. No. 874), he has a legal interest in the properties subject to forfeiture. He was also defrauded by Kenner and is entitled to restitution. Either way, he is simply trying to recoup a portion of the multi-million dollars losses he suffered as a result of Kenner's criminal scheme – losses that turned his life upside down and forced him to sell his family home.

Unlike Mr. Nolan, Danske is not a victim of Kenner's fraud. Rather, it is a beneficiary of its own opportunistic scheme to bury DCSL in debt – thereby gutting the availability of any funds to compensate the actual victims of Mr. Kenner's crimes through the restoration process. Indeed, Danske was well aware that DCSL would not be able to pay Danske back because DCSL repeatedly defaulted on its obligations in light of the rapidly growing interest. Danske knowingly allowed DCSL's debt to accrue to a point where, conveniently for Danske and its forfeiture claim, it now consumes the entire resort. This is particularly egregious because it appears that Danske made its investment – and allowed astronomical interest payments to accrue – during a time period when it should have been well aware that the property was subject to forfeiture. To establish a "superior right, title, and interest" in property under 18 U.S.C.

**Proskauer»**

The Honorable Joseph F. Bianco
October 27, 2020
Page 3

856(n)(6), a third-party claimant must prove that at the time the claimant acquired the interest in the property, it lacked knowledge that the property was subject to forfeiture.

Further, if the Court were to prioritize Danske's inflated $200 million claim over the claims and interests of the victims, it would leave no equity for the victims. Not only would victims have no chance of recovering their legal interest in the forfeited properties, prioritizing Danske's claim would also leave no money available for the government to apply to a restitution order in the victims' favor, through the restoration process. Danske's request that the Court give priority to its purported claim at the expense of the victims should be denied. Justice demands that Danske's claim (to the extent it is even cognizable) be subordinate to those of the victims – not the other way around. The forfeited property should be used to compensate victims – both by recognizing any legal interest they may have in the forfeited property, and by applying any excess funds recovered to satisfy the forthcoming order of criminal restitution to compensate victims. *See United States v. Frykholm*, 362 F.3d 413, 417 (7th Cir. 2004) (rejecting a claimant's attempt to make a profit through its forfeiture claim because a claimant "cannot reap a profit" while the victims "go begging").

In sum, we ask the Court deny Danske's application for priority over other claimants, and reject its petition.

I plan to attend telephonically the upcoming forfeiture hearing, scheduled for October 28, 2020, at 2 p.m., and will be available to address any questions the Court may have.

Respectfully submitted,

*/s/ Seetha Ramachandran*
SEETHA RAMACHANDRAN
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3455
sramachandran@proskauer.com

*Counsel for Owen Nolan*

cc:   All parties of record (via ECF)