Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

December 10, 2020

Seetha Ramachandran
Partner
d +1.212.969.3455
f 212.969.2900
sramachandran@proskauer.com
www.proskauer.com

By ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

Re: *United States v. Philip A. Kenner & Tommy C. Constantine*
Criminal Docket No. 13-607 (JFB) (E.D.N.Y.)

Dear Judge Bianco:

We represent Owen Nolan, a victim of Philip A. Kenner's fraud and third party claimant in the criminal forfeiture in the above-referenced matter. In anticipation of the December 10, 2020 hearing, we write to urge the Court to postpone issuing a final order on petitioner Danske Bank A/S London Branch's ("Danske") and the Government's cross-motions for summary judgment ("Cross-Motions") until the Court has given the other petitioners, like Mr. Nolan, an opportunity to prove their claims. *See* Nov. 23, 2020 Hearing Tr. at 6:10-12 (explaining that the Court "can await amending the preliminary order of forfeiture until [the Court] decide[s] the validity of . . . other claims"). We have spoken with Steven Main, counsel for CSL Properties 2006, LLC ("CSL"), who joins us in this request.

As set forth at the November 23, 2020 conference, the Court appears poised to find that Danske's claim is superior to that of any other petitioner, and value Danske's claim in an amount that far exceeds the value of the property. The Court's ruling is premature because it does not consider whether Owen Nolan and CSL – who acquired their interests *before* Danske Bank extended the loan -- have a constructive trust that would give their claims precedence over Danske's. Even though the Court has indicated that other petitioners, like Mr. Nolan, may still be heard on their claims, the ruling would extinguish any possibility that Mr. Nolan, and all other victims, could recover any money based on their legal interests. It would decide this matter based on motion practice between Danske and the Government to which Mr. Nolan was not a party and deny him any meaningful opportunity to be heard.

In this case, Mr. Nolan and CSL timely filed their claims within 30 days of receiving notice of the criminal forfeiture. *See* Dkt. Nos. 874, 880. By that time, Danske had been

**Proskauer»**

The Honorable Joseph F. Bianco
December 10, 2020
Page 2

litigating this matter for years with the Government, producing discovery and engaging in settlement discussions, none of which Mr. Nolan had access to. When Danske moved for summary judgment and the Government cross-moved for summary judgment, there still had been no briefing schedule set for the other petitioners, and no date for an ancillary hearing, which, pursuant to 21 U.S.C. § 853(n)(4), "shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." In fact, on July 8, 2020, the Court asked the Government what its plans were for addressing the other petitions, and the Government responded that the claims had just been filed, and it was not yet prepared to set a schedule on those claims. Mr. Nolan has been in communication with the Government since filing his claim, was hopeful that the Government would be able to reach a settlement with Danske (whose claims dwarf those of all of the victims in this case), and that he would be able to participate in such a settlement. Even if the Government was unable to do so, Mr. Nolan anticipated having an opportunity to prove his claim.

In its summary judgment motion, Danske asserted that its interest is superior to that of all other petitioners simply because it is a secured lender. To be clear, Mr. Nolan (and other equity interest holders) are not general creditors who would automatically fall behind a senior secured lender in a forfeiture proceeding. Mr. Nolan, and CSL and its fourteen individual members (all of whom are victims of Mr. Kenner), acquired their equity interests in the property in March of 2006, long before Danske acquired its interest as a secured lender. *See* Dkt. No. 874 at 2. They have a constructive trust which the Court has not considered. If the Court were to recognize a constructive trust here, Danske's interest would not take precedence over those of Mr. Nolan and CSL. *See United States v. Schwimmer*, 968 F.2d 1570, 1582–83 (2d Cir. 1992) (constructive trust may be a superior legal interest); *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 239 (2d Cir. 2011); *Fed. Ins. Co. v. United States*, 882 F.3d 348, 370–73 (2d Cir. 2018); *United States v. Lesak*, No. 07-cr-0396, 2009 WL 1788411, at *6 (S.D.N.Y. June 23, 2009); *see also In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir. 1989). The Court has prematurely given priority to Danske. Instead, the Court should consider Mr. Nolan's and CSL's interest – including whether there is a constructive trust – before approving Danske's claims. *Willis*, 652 F.3d at 246 ("If Willis and Venture are ultimately allowed to participate in an ancillary proceeding by virtue of a constructive trust, they can raise this argument to the District Court and the District Court, of course, should consider it before approving the Bank's own claim pursuant to § 853(n)(6)(B)."); *see also United States v. Ramunno*, 599 F.3d 1269, 1275 (11th Cir. 2010) ("[E]quity demands that no victim be given priority over any other similarly situated victim.").

Danske's claim not only includes the initial value of the loan it made, but it includes interest and subsequent loans that were made even as it became apparent that the property would be subject to forfeiture. We understand that the Court has decided this issue in Danske's favor, finding that even if Danske were aware (as it clearly should have been, like any regulated financial institution making such a loan) of all the information the Government pointed to in its cross-motion for summary judgment, that it did not meet the legal standard required to show

**Proskauer»**

The Honorable Joseph F. Bianco
December 10, 2020
Page 3

knowledge that the property was subject to forfeiture. That ruling squarely impacts Mr. Nolan's (and CSL's) rights. Mr. Nolan never had access to the discovery produced to the Government, and never had the opportunity to take discovery from Danske himself so that he could show why his interest should be on at least equal footing with that of Danske.

In ruling that Danske holds a superior secured interest to any other claimant, the Court has also decided a question of fact before all interested parties had a chance to discover relevant information and challenge Danske's interest. For example, it is difficult to challenge the specific amounts, including the interest that Danske now claims it is entitled to, without having access to discovery and the factual basis for Danske's calculations.

The whole purpose of an ancillary hearing under 21 U.S.C. § 853(n)(6) is to allow a third party – who is not permitted to intervene in a criminal case – the opportunity to assert and prove an interest in the property that the Government has forfeited from the defendant. Denying Mr. Nolan that opportunity would violate his due process rights. *See United States v. Campos*, 859 F.2d 1233, 1237–38 (6th Cir.1988) (noting the criminal forfeiture statute "goes beyond giving only a party with a secured interest an opportunity to be heard"); *United States v. McHan*, 345 F.3d 262, 268 (4th Cir. 2003) (noting that due process requires that third party claimants are entitled to notice and a hearing when a preliminary order of forfeiture is entered with respect to property in which they claim a cognizable interest, and that the ancillary forfeiture proceeding is the only opportunity that third parties have to be heard before being deprived of property in which they claim a legitimate interest). The Second Circuit has even found that a third-party claimant has a due process right to challenge the underlying forfeitability of the property as criminal proceeds. *See United States v. Daugerdas*, 892 F.3d 545, 558 (2d Cir. 2018).

A ruling on the Cross-Motions is also procedurally improper under Federal Rule of Criminal Procedure 32.2(c)(1)(B), which allows a party to move for summary judgment "[w]hen discovery ends[.]" While Danske has been litigating its claims for over five years and has had the opportunity to conduct discovery, Mr. Nolan and other petitioners who filed their claims more recently, after receiving notice of the forfeiture, had no such opportunity. 21 U.S.C. § 853(n)(6) contemplates a single ancillary proceeding where the claims of all petitioners are decided together – not a proceeding where a sophisticated financial institution can obtain such a ruling (and stand to collect tens of millions of dollars in *interest* it claims it is owed) before the fraud victims who testified against the defendant at trial can even be heard on their claims. From the outset, Mr. Nolan has been at a disadvantage because Danske had begun to litigate its claim, and filed its petition, prior to the Government noticing all potential third parties. *See* Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

In its most recent submission, Danske indicated that it is prepared to abandon the portion of its claim that is still subject to discovery because it would exceed the value of the property. *See* Dkt. No. 967. To the extent that Danske controls the sale of the property, that will surely be

**Proskauer»**

The Honorable Joseph F. Bianco
December 10, 2020
Page 4

the case because Danske has no incentive to sell the property to yield any value in excess of its own claim. Mr. Nolan has urged the Government to move for an interlocutory sale of the property so that the sale is not controlled by the only party who stands to benefit from it. To the extent the Court grants summary judgment on Danske's claims, over the objections of Mr. Nolan and CSL, we respectfully request that the Court oversee that sale to ensure that the property is sold for its maximum value, and not allow Danske to simply foreclose on the property at a fire sale to a bidder of its choosing. We also respectfully request that the Court postpone its final ruling on the Cross-Motions and Danske's petition and refer the case to Magistrate Judge Shields for a settlement conference that includes all third party claimants – not just Danske and the Government – to facilitate a global resolution. A global settlement would provide a just resolution for victims of Mr. Kenner's fraud while still ensuring a substantial recovery for Danske.

Finally, although Mr. Nolan was not a party to the Cross-Motions between Danske and the Government, we are exploring all avenues for redress in the event of a final order by the Court, including a motion for reconsideration or an appeal, given the ruling's direct impact on Mr. Nolan's and CSL's rights.

I plan to attend telephonically the upcoming hearing, scheduled for December 10, 2020, at 2 p.m., and will be available to address any questions the Court may have.

Respectfully submitted,

*/s/ Seetha Ramachandran*
SEETHA RAMACHANDRAN
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3455
sramachandran@proskauer.com

*Counsel for Owen Nolan*

cc:   All parties of record (via ECF)