**Marc Wolinsky**
**Diamante Doce, LLC**
**Beach Estate 12**
**Diamante Resort**
**Cabo San Lucas, Mexico**

**(212) 403-1226**

January 26, 2021

**Via ECF**

The Honorable Joseph F. Bianco
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York  11722

**Re:    United States of America v. Kenner, Cr. No. 13-607 (JFB)**

Dear Judge Bianco:

On behalf of the Ad Hoc Group of Diamante Homeowners, I write to address two matters that are on the agenda for the January 29, 2021, hearing in this matter.  Unfortunately, due to a longstanding client commitment, I will not be able to participate in the hearing.  My husband Barry Skovgaard, who is the co-owner of our home and a lawyer, will be attending in my place.

1.     We oppose the suggestion by counsel for Mr. Nolan and CSL Properties that the Court delay issuing an order determining the open issues on Danske's summary judgment motion.  The basis for our opposition is provided in the request itself, which argues that deciding the remaining aspects of Danske's motion in the bank's favor "would eliminate any incentive for Danske to be present at the negotiating table because it would obliterate the Petitioners' ability to collect any money."  Dkt. No. 988 at 8.  Delaying the Court's decision on the amount of Danske's claim in order to gain leverage in settlement negotiations is a patently improper basis for delaying a decision.

Hon. Joseph F. Bianco
January 26, 2021
Page 2

2.      At the December 10, 2020, conference the government stated:  "Well, I think if, for the sake of argument if the Court were to recognize the entire amount of the bank's claim which is, you know, increasing every day, then if, there would be no equity and we would not even become involved in the interlocutory sale at that point."  Dkt. No. 969 at 18-19.  In its January 15, 2021 letter, the Government appears to be reversing course, stating:  "Even if the Court were to accept Danske's misleading and inaccurate assertion that the undisputed portion of its claim amounts to $176.27 million, the government would continue to pursue forfeiture of the DCSL Resort."  Dkt. No 987 at 4-5.

Regardless of whether the government has, in fact, reversed course, notably absent from the government's recitation of its position is any statement as to whether it believes there would be equity in the resort if Danske's claim of $176.27 million is recognized.  At this point, there should be no mystery.  The Court will recall that on January 22, 2020, *i.e.*, pre-Covid, the government submitted an appraisal for the property under seal.  At the time, I argued that the appraisal should be made available so that the Court and other interested parties could get a sense of the amount of equity in the property and evaluate the basis for the appraisal.  As I stated: "[W]e need to know whether we're talking about a dollar of equity or a meaningful amount of equity.  If it's a dollar or even ten million dollars, when you factor in the sales commission and the fact that the property is going to go cash flow negative starting this May, there may not be equity and that's a really important issue for us. . . .  So the idea that this is going to go forward in secrecy without people having some assurance that there really is a there there is very dissatisfying."  Dkt. No. 793 at 12-14.

Hon. Joseph F. Bianco
January 26, 2021
Page 3

The Court declined to order the disclosure of the appraisal at that time. But it did state

the following: "At some point I may ask the Government — I'm not going to ask them to do that

today because they just got this appraisal — to articulate to me, you know, what the basis is for

not — in an effort to try to resolve this not sharing it, but I'm not going to get into that today."

*Id*. at 14-15.

The time for secrecy has passed. E.D.N.Y Administrative Order 2004-05 provides that

"Any party or person who believes that a filing should not have been made under seal, may raise

that question with the Court by letter, with copies served on all parties." The government made

no showing on the record at the time it submitted the appraisal to the Court that sealing was

appropriate. And there is, of course, a strong presumption of public access to documents

submitted to the Court.

Pursuant to this authority, and consistent with Your Honor's prior ruling, we believe that

as the Court evaluates whether to enter an order authorizing the government to embark on a

lengthy, costly and potentially fruitless effort to forfeit a Mexican property, a procedure that will

require the involvement of the Mexican courts, interested parties should have access to the

government's pre-Covid appraisal so that the Court can have the benefit of their views as to

whether a forfeiture should proceed at all. In any event, if forfeiture is to proceed, for all of the

reasons that I have urged, it should proceed immediately.

Respectfully submitted,

Marc Wolinsky