

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

George Kostolampros

T 202.344.4426
F 202.344.8300
gkostolampros@venable.com

January 27, 2021

**VIA ECF**

The Honorable Joseph F. Bianco
Visiting Circuit Judge (sitting by designation in below referenced matter)
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

    Re:    **United States of America v. Kenner, Cr. No. 13-607 (JFB)**

Dear Judge Bianco,

    As directed by the Court during the December 10, 2020 hearing and in its subsequent order granting an extension of time (Dkt. No. 984) to CSL Properties 2006 LLC ("CSL") and Owen and Diana Nolan (together "Nolan," and with CSL, "Petitioners"), we write on behalf of Danske Bank A/S London Branch ("Danske") in reply to the Petitioners' January 20, 2021 letter. As set forth more fully below, Petitioners' interest, as compared to Danske's interest, fails as a matter for law for the following reasons—

- Petitioners lack standing to assert their claims to the Resort Property because they do not hold an interest in the Resort Property. Instead, they assert interests as members in LLCs. Similarly, CSL's constructive trust claim is a claim to an additional equity interest in an LLC—not a claim to the Resort Property. It is settled law that members in LLCs, like Petitioners, have no recognizable interest in a forfeiture proceeding; and

- Even if Petitioners had legal standing—which they do not—their interests are subordinate to Danske's senior secured mortgage interest. Not only is it black letter law that a secured lienholder stands ahead of an equity holder, these Petitioners also executed pledges of their equity interest in favor of Danske. It is also settled New York law that a bona fide purchaser of property for value in good faith takes free of a constructive trust.

    Finally, Danske respectfully submits that the Court should not countenance Petitioners' request for this Court to delay its decision regarding the amount of Danske's claim. The only justification Petitioners present to the Court is that a delay would stall a finding that Danske's



The Honorable Joseph F. Bianco
January 27, 2021
Page 2

interest is superior to theirs, thus allowing time for a settlement. Not only is such a request improper, but it is also a revelation that Petitioners are fully aware that their claims are entitled to no priority and are, in fact, at best junior in priority to Danske's claims to both the Resort Property and the equity interests.

I. **Relevant Factual Background.**[1]

    A. **The Only Entities with a Direct Interest in the Resort Property Are the Mexican Trust, Danske and DCSL Mexico.**

As set forth in Danske's prior filings, the Resort Property is owned by a Mexican Trust (the "Trust"). Dkt. No. 870-1 (Danske Bank A/S London Branch's Rule 56.1 Statement, as Amended), ¶¶ 22-23. Under the agreement governing the Trust (the "Trust Agreement"), the Resort Property is owned for Danske's benefit as first-place beneficiary and the borrower, Diamante Cabo San Lucas S. De R.L. De C.V., a Mexican limited liability company ("DCSL Mexico") as the *second-place* beneficiary. DCSL Mexico can only become the first-place beneficiary once Danske is fully repaid. *Id.* ¶¶ 22-24.

DCSL Mexico is in turn owned by Diamante Cabo San Lucas, LLC ("DCSL LLC"), an LLC registered in Delaware, which holds a 99% interest in DCSL Mexico with the remaining 1% interest in DCSL Mexico owned by Kenneth Jowdy. DCSL LLC is, in turn, owned by the following:

- ❖ Baja Ventures 2006, LLC (39%);
- ❖ KAJ Holdings LLC, (35%);
- ❖ CSL Properties 2006, LLC (8%);
- ❖ Diamante Properties, LLC (13%);
- ❖ PF Ventures, LLC (1%);
- ❖ David Boyden (1%);
- ❖ Joseph Juneau (1%);
- ❖ Ethan Moreau (1%); and
- ❖ Owen Nolan (1%).

---

[1] To avoid reciting facts of which the Court is already aware, Danske has included only those facts that are necessary to the issues presented to the Court in Petitioners' letter. Even where Danske does not expressly correct factual errors in these petitions, citation of these allegations does not imply agreement with such allegations. Danske's Rule 56.1 Statement, Dkt. No. 870-1, sets forth Danske's factual assertions, many of which Danske understands this Court adopted in granting Danske's motion for summary judgment on November 23, 2020. Danske incorporates all facts set forth in its Motion for Summary Judgment (and Rule 56.1 Statement), Opposition to the government's Cross-Motion for Summary Judgment, and Danske's Reply in Support of its Motion for Summary Judgment.



The Honorable Joseph F. Bianco
January 27, 2021
Page 3

DCSL LLC and its equity owners do not have, nor do they even allege, a direct ownership interest in the Resort Property. Rather, as set forth in the underlying documents, the only entities with a direct ownership interest in the Resort Property are the following: the Mexican Trust, which owns the Resort Property for the benefit of the first-place beneficiary, Danske, and, after Danske is paid in full, to the second-place beneficiary, DCSL Mexico.

### B. The Equity Holders in DCSL Mexico and DCSL LLC Executed Pledges in Favor of the Lender.

As part of the original loan between Lehman and DCSL Mexico, the owners of DCSL Mexico and DCSL LLC executed pledge agreements pledging their equity interests to the Lender as an additional form of security for Lehman's agreement to lend. *See* MSJ Exs. 6, 7, 8, 9 (Dkt. Nos. 850-6 – 850-9). CSL also executed a pledge of its equity in favor of Lehman. MSJ Ex. 8 (Dkt. No. 850-8). Lehman perfected these pledges by filing UCC filing statements. MSJ Exs. 15-25 (Dkt. Nos. 851-6 – 851-11, 852-1 – 852-5). When Danske assumed Lehman's interests, rights, and obligations, as a result of its purchase of Lehman's interests, Danske received the perfected pledged interests. MSJ Exs. 6, 7, 8, 9, 35 (Dkt. Nos. 850-6 – 850-9, 853-5). These pledges were reaffirmed in Danske's favor in March 2009. MSJ Exs. 65, 66, 67, 79 (Dkt. Nos. 857-5, 858-1, 858-2, 859-9). Danske continued the perfection of its security interests in the pledged equity interests by filing UCC assignment statements in 2009, MSJ Exs. 36, 43, 68, 69 (Dkt. Nos. 853-6, 854-3, 858-3, 858-4), and has maintained the perfection of these security interests by filing the requisite continuation statements, MSJ Ex. 70 (Dkt. No. 870-3).

### C. <u>Petitioners Do Not Have a Direct Interest in the Resort Property.</u>

In addition to Danske's petition, in June and July 2020, seven other third parties filed petitions seeking adjudication of their interests in property deemed forfeitable. *See* Dkt. Nos. 874 (petition of Owen and Diana Nolan), 880 (petition of CSL Properties), 881 (petition of Patricia Formisano), 882 (petition of SH55, LLC and Kenneth A. Jowdy), 883 (petition of Gregory A. Carrafiello and Ana Alejandra Gutierrez Flores), 884 (petition of Anthony Miranda), 885 (petition of Robert Burdick). Five of these petitions[2]—including those filed by Petitioners—claim an interest in the Resort Property based upon their interest in LLC entities that have an ownership interest in the DCSL LLC.

- Petition of CSL Properties, asserting an interest in DCSL LLC and a constructive trust over shares of Baja Ventures (*see* Dkt. No. 880);

---

[2] Two of the petitions filed by SH55, LLC and Kenneth A. Jowdy (Dkt. No. 882) and Gregory A. Carrafiello and Ana Alejandra Gutierrez Flores (Dkt. No. 883) assert their interests as bona fide purchasers for value in residential properties located on the Resort Property.



The Honorable Joseph F. Bianco
January 27, 2021
Page 4

- Petition of Owen Nolan asserting a 1% interest in DCSL LLC and a 5% interest in CSL (*see* Dkt. No. 874) [3];

- Petition of Patricia Formisano, asserting PF Ventures's 1% interest in DCSL LLC (*see* Dkt No. 881); and

- Petitions of Anthony Miranda and Robert Burdick, each asserting a 1.5% interest in Diamante Properties, LLC (which in turn has a 13% interest in DCSL LLC) (*see* Dkt. No. 884 and Dkt. No. 885).

## II. Argument.

### A. Legal Standard.

A party has standing to assert its claim in an ancillary proceeding if it demonstrates it has "a legal interest in the forfeited property." *United States v. Espada*, 128 F. Supp. 3d 555, 562 (E.D.N.Y. 2015) (internal quotations and citations omitted); *see also United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015). "[S]tate law . . . determines whether a petitioner has a legal interest in the property at issue." *Espada*, 128 F. Supp. 3d at 560; *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 242 (2d Cir. 2011) (citing *Pacheco v. Serendensky*, 393 F.3d 348, 353-56 (2d Cir. 2004)). A party has a legal interest sufficient to establish standing where it has an interest "in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account." *United States v. Madoff*, No. 09 Cr. 213 (DC), 2012 U.S. Dist. LEXIS 48733, at *11 (S.D.N.Y. April 3, 2012); *see also United States v. Ribadeneira*, 105 F.3d 833, 836-37 (2d Cir. 1997) ("[G]eneral creditors who have no interest in the specific accounts to which their deposits might be traced, only in the defendant's estate as a whole—and therefore can have no interest in particular assets forfeited, . . . unless they have already secured a judgment against the debtor and perfected a lien against a particular item.").

---

[3] Mr. Nolan obtained a judgment of approximately $2.7 million against Philip Kenner and certain of his companies. This letter does not address that judgment because Danske does not understand Petitioners to argue that a legal judgment entered years after Danske acquired the property is superior to Danske's senior secured mortgage. To the extent Petitioners are making that argument, it fails for the same reasons set forth herein.



The Honorable Joseph F. Bianco
January 27, 2021
Page 5

### B. Petitioners, as Members of LLCs, Have No Legal Interest to the Resort Property.

As set forth above, Petitioners Nolan and CSL (as well as the other 3 petitioners) assert interests in LLC entities and do not assert a direct interest in the Resort Property. Dkt. No. 874, ¶¶ 2-3, 6-7. This also applies to CSL's claim to a constructive trust over equity shares owned by Baja Ventures.[4] Dkt. No. 880, ¶¶ 5, 18-20, 27-40. Members of LLCs, like shareholders in corporations, do not have a cognizable property interest in specific property owned by the LLC or corporation; rather, their interests are in the shares they own. As the Court in *United States v. Castle*, No. 18-CR-531 (KMK), 2020 WL 4059808 (S.D.N.Y. July 20, 2020) stated—

> [C]ourts in many jurisdictions, including New York, have explained that while members of limited liability companies or shareholders of a corporation possess an interest in the shares of their company, ***they do not possess any interest in the company's assets***. *See United States v. Wallach*, 935 F.2d 445, 462 (2d Cir. 1991) ("[S]hareholders do not hold legal title to any of the corporation's assets. Instead, the corporation—the entity itself—is vested with the title . . . ."); *All Right*, 2005 WL 2649001, at *4 ("[A] shareholder in a corporation chartered in Ontario does not have standing to contest the forfeiture of any of the specific assets of that corporation, just as if the entity had been incorporated in New York.") . . . . Accordingly, the Court dismisses the Petition for lack of standing. *See DSI*, 496 F.3d at 184 (affirming denial of leave to intervene for lack of standing in a criminal forfeiture action because the proposed intervenor did not possess a "legal right, title, or interest in the property").

*Id.* at *3 (emphasis added); *see also United States v. New Silver Palace Restaurant, Inc.*, 810 F. Supp. 440, 442 (E.D.N.Y. 1992) ("The Second Circuit has recognized that 'shareholders do not hold legal title to any of the corporation's assets.'"); *United States v. Petters*, 857 F. Supp. 2d 841, 845 (D. Minn. 2012) (holding that a holder of membership interests in an LLC that owned a forfeited lodge did not have standing to litigate an interest in the lodge and reciting principle that the entity was "one level too far removed from the [Resort] to have an assertable legal interest []."). Similarly here, Petitioners have no legally cognizable claim to the Resort Property and their Petitions, to the extent they assert an interest in the Resort Property, must be dismissed.

None of the cases Petitioners cite support a finding that they have standing to assert a legal interest to the Resort Property. It is not a mistake that Petitioners cannot cite a single case that

---

[4] In their letter, Petitioners allege that they are entitled to imposition of a constructive trust over equity interests held by Baja Ventures because of defendant Kenner's fraudulent and criminal activity. Danske does not take a position as to whether a constructive trust should be imposed or whether Delaware law governs CSL's claim. Regardless of whether Delaware or New York law applies, CSL still lacks standing.



The Honorable Joseph F. Bianco
January 27, 2021
Page 6

holds that an equity holder—like Petitioners—has standing. It is simply a reflection that the case law does not support a finding of standing here. While Danske is sympathetic to Petitioners' status as victims of the defendants' crimes, their status as victims does not create standing.

At best, Petitioners set forth a claim to LLC interests, which are also included in the Court's Preliminary Order of Forfeiture. But, as set forth below, even as to their interest in the LLC shares, Danske, as a secured lienholder stands ahead of them. And, this is consistent with the secured pledges executed by the LLCs in favor of Danske. Nevertheless, Petitioners do not have a claim to the Resort Property.

### C. Danske's Senior Secured Interests in the Resort Property and Equity in the LLCs Are Superior to Any Interest Claimed by Nolan, CSL, or Any of the Other Petitioners.

Even if the Court concludes that Petitioners have standing (and, respectfully, it should not), Petitioners cannot establish a legal interest superior to Danske's interest as a bona fide purchaser and senior secured lender of the Resort Property or as the holder of security interests in the equity of DCSL Mexico and DCSL LLC. It is indisputable, as the Court has already found, that Danske holds a secured senior lien on the Resort Property and in the various equity interests that are subject to the Preliminary Order of Forfeiture. 11/23/2020 Oral Ruling at 13:20-24.

Petitioners acknowledge that "mere equity holders" would be subordinate to Danske's lien, but instead argue in their letter that their claim to a constructive trust in shares of Baja Ventures is superior to Danske's interest.[5] *See* Petitioners' 1/20/21 Letter at 5-6. Petitioners cite to several cases for the proposition that a constructive trust is a superior interest than the interest of a senior secured lienholder, like Danske's interest. Petitioners' cases, however, provide no such support. Rather, the cases cited by Petitioners stand for the proposition that a constructive trust is superior to the ***defendant's interest***. For instance, Petitioners cite *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 242 (2d Cir. 2011), where the Second Circuit recognized that if a constructive trust was found to have been properly imposed, then such interest is superior to the defendant's interest and not subject to forfeiture. *Id.* at 245.

Further, contrary to Petitioner's representation, the court in *United States v. Lesak*, No. 07 Cr. 0396(GEL), 2009 WL 1788411 (S.D.N.Y. June 23, 2009) ***did not*** find that the constructive trust holder had "a superior interest, thus conferring standing in a forfeiture proceeding on the

---

[5] As mentioned above, in its Petition, CSL sought the imposition of a constructive trust "as it relates to Baja Ventures . . . and [Baja Ventures'] equity interest it purports to have in [DCSL LLC]." Dkt. No. 880, ¶ 5. CSL did not allege an imposition of a constructive trust of the Resort Property. Additionally, although in its letter Petitioner Nolan seeks the imposition of a constructive trust over the equity in Baja Ventures, Petitioner Nolan never alleged a claim to a constructive trust over the Resort Property or any equity in the LLCs. Dkt. No. 874.



The Honorable Joseph F. Bianco
January 27, 2021
Page 7

victim of the fraud, notwithstanding a claim by a bank that held a secured lien on the property." Petitioners' 1/20/21 Letter at 6. Rather, in the decision cited, the *Lesak* court found that the victim had established a constructive trust and that the victim's claim was superior to the defendant's interest. *Id.* at *6. This opinion did not address, let alone rule, that the constructive trust interest is superior to a secured lender's interest. Moreover, in a subsequently issued Report and Recommendation adopted by the district court judge, the *Lesak* court granted the bank's motion for summary judgment and held that the bank, as a mortgage holder and bona fide purchaser for value, had a superior interest to the victim's equitable interest under a constructive trust theory. *See United States v. Lesak*, No. 07 Cr. 0396(GEL), Report and Recommendation [Dkt. No. 38] (attached hereto as **Exhibit 1**); *United States v. Lesak*, No. 07 Cr. 0396 (GEL), Order Adopting Report and Recommendation [Dkt. No. 40] (attached hereto as **Exhibit 2**). Far from supporting Petitioners' position, *Lesak* cuts entirely against it.

The gravamen of Petitioners' argument regarding priority is that they obtained their interests in the Resort Property and equity interests first as a result of contributing capital to obtain the loan from Lehman, i.e., that a party making a deposit recovers before a secured lender. Such a result would be contrary to every secured lender agreement. The question here is not which entity or person was *first in time* in advancing monies, but rather the nature of Petitioners' interests in the asset subject to forfeiture, and relatedly which entity or person has *priority* status as to payment. As the Court has already found, Danske is a bona fide purchaser for value as to Lehman's interest (as a secured lender) in the Resort Property. 11/23/20 Oral Ruling at 9:20-21 ("The Court concludes that Danske Bank is entitled to summary judgment with respect to [the bona fide purchaser] defense."); 11:13-15 ("The Court believes that this establishes that [Danske has] this legal interest in the property, that they were a bona fide purchaser for value with respect to that.").

Dispositive of the issue of priority is New York law, which petitioners either are unaware of or purposefully ignore in their letter. Under New York law, "a bona fide purchaser of property for value in good faith takes free of a constructive trust." *Fairfield Fin. Mortg. Grp., Inc. v. LucaEyeglasses*, 584 F. Supp. 2d 479, 486 (E.D.N.Y. 2008); *see also Amsellem v. HQZ West 56th Street Assocs*, Nos. 86 Civ. 4451 (MGC), 87 Civ. 1218 (MGC), 1988 U.S. Dist. LEXIS 15005 (S.D.N.Y. Dec. 21, 1988) (same); *United States v. Inc. Vill. of Island Park*, 888 F. Supp. 419, 457 (E.D.N.Y. 1995) ("The law is clear that a constructive trust is cut off when the property is transferred to a bona fide purchaser."); *United States v. Rivieccio*, 661 F. Supp. 281, 292 (E.D.N.Y. 1987) ("A bona fide purchaser of property upon which a constructive trust would otherwise be imposed takes free of the constructive trust . . . "); *Simonds v. Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 364 (N.Y. 1978) ("A bona fide purchaser of property upon which a constructive trust would otherwise be imposed takes free of the constructive trust . . ."); *Istel v. Istel*, 684 N.Y.S. 2d 620, 621 (N.Y. 2d Dep't 1999); *Leicht v. Carretta*, 886 N.Y.S.2d 71 (Suffolk Cty. N.Y. 2009); 106 N.Y. Jur. Trusts § 242 (setting forth New York law that "[i]f a constructive trust is otherwise appropriate, it will be imposed *unless the party who received the property is a bona fide purchaser*" (emphasis added)). It makes sense that a bona fide purchaser of property has priority over a constructive trust. As courts have recognized, "the whole purpose of 21 U.S.C. § 853(n)(60(B) is



The Honorable Joseph F. Bianco
January 27, 2021
Page 8

to protect innocent purchasers who acquire property without notice of the government's superior interest—acquired through the operation of the relation-back doctrine—in the forfeited property." *See, e.g.*, *United States v. Huntington Nat'l Bank*, 682 F.3d 429, 436 (6th Cir. 2012); *United States v. Lavin*, 942 F.2d 177, 186 (3rd Cir. 1991) (stating that Subsection B of Section 853(n) "reflected another common-law rule . . . , namely, that an 'innocent purchaser for valuable consideration must be protected'").

Accordingly, Nolan's and CSL's argument that "if the Court finds a constructive trust in Petitioners' favor, Danske's interests would not take precedence over that of Petitioners," not only ignores settled New York law, it turns commercial reality on its head because, on Petitioners' theory, a party that deposits money on a home is senior to the mortgagee and gets paid before the mortgagee. Of course, no one could credibly argue that is how residential or commercial mortgage lending works, and it should not be how it works here.[6]

### D. The Court Should Not Delay Ruling on the Amount of Danske's Undisputed Claim.

Petitioners have offered the Court no justification to further delay deciding the amount of Danske's undisputed claim.[7] Further delay will lead to nothing more than a greater loss of value of the Resort Property and will have no impact on whether the parties ultimately reach a settlement agreement. And Petitioners' contention that deciding Danske's motion—which has already been decided—"would eliminate any incentive for Danske to be present at the negotiating table because it would obliterate the Petitioners' ability to collect any money," Petitioner's 1/20/21 Letter at 8—reveals only an attempt to extract improper leverage in settlement discussions. Petitioners' wish to forestall a ruling is an improper reason for the Court not to proceed with calculating the

---

[6] Petitioners also argue that "if the Court finds a constructive trust in Petitioners' favor . . . . [a]t a minimum, it would mean that Danske is not entitled to summary judgment." Petitioners' 1/20/21 Letter at 7. Petitioners provide no support for their contention. It is clear that even if CSL has a constructive trust interest (whether to Baja Ventures' equity shares or to even the Resort Property—which they do not even allege), New York law makes clear that Danske's interest as a bona fide purchaser for value "takes free of a constructive trust."

[7] Petitioners also go on to reassert the same baseless arguments that the government has made regarding Danske's continued lending to the borrower. But as the court found in *Lesak*, the government's and Petitioners' assertions of purported bad lending practices are simply inapposite to the matter before this Court. Exhibit 1 at 9-10 (rejecting the victim's claim that the Bank should be "equitably estopped" from claiming priority over him because of the Bank's allegedly predatory lending practices, as the victim "ha[d] not cited any authority for departing from the ordinary determination of priority, provided for under Section 853, based on allegedly 'predatory' – but apparently legal – lending practices of a bona fide purchaser"). In all events, Danske has already addressed these baseless arguments and will not reiterate them here.



The Honorable Joseph F. Bianco
January 27, 2021
Page 9

recognized amount of Danske's claim following the Court's November 23, 2020 ruling granting Danske's motion for summary judgment with the exception of two limited issues.  To the contrary, it reflects that—far from what they argue in their letter—Petitioners are fully aware that Danske's claim has priority over their claims.

      We thank the Court for its time and attention to this matter.

      Respectfully,

      /s/ George Kostolampros

      George Kostolampros
      Doreen S. Martin
      Xochitl S. Strohbehn

cc:    All parties of record via ECF