# MATTHEW W. BRISSENDEN, P.C.
## ATTORNEY AT LAW

| | |
|---|---|
| 666 Old Country Road, Suite 501 | 516-683-8500, Fax: 516-683-8410 |
| Garden City, New York 11530 | matthew.w.brissenden@gmail.com |

February 9, 2021

**Via ECF**

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
1040 Federal Plaza
Central Islip, New York 11722

      Re:  *United States v. Kenner*, 13-CR-607

Dear Judge Bianco,

  This office has been appointed as standby counsel to assist Phillip Kenner in his capacity as a *pro se* litigant. I am writing, at Mr. Kenner's request, to follow up on my December 3, 2020 letter to this Court. *See* Docket Entry 964.

  In that correspondence, I requested the Court to direct the production of any unproduced 3500 material relating to John Kaiser. Mr. Kenner initially raised this issue after Mr. Kaiser represented to the Court – during the October 28, 2020 conference – that he repeatedly met with the Government in order to disclose fraudulent conduct by Kenneth Jowdy. *See pro se* filing at Docket Entry 959. As we have noted, such statements are nowhere to be found in the 3500 material which was produced to Mr. Kenner. A review of the Government's 3500 list raises further concerns, insofar as it designates 3500-JK-4, 3500-JK-5, and 3500-JK-6 as "intentionally left blank." Mr. Kenner informs me that he

never received any 3500 material labeled 3500-JK-4, 3500-JK-5, or 3500-JK-6, and my own review of the 3500 material appears to confirm this assertion.

In an effort to understand this issue, I have since inquired of Mr. Kenner's trial counsel, who reported to me that he had no awareness of any missing 3500 material. I also reached out to the Government in an effort to ascertain whether such material, in fact, exists. Obviously, if it does not, then this issue is moot.

Unfortunately, the Government has taken the position that it will not respond to my inquiries absent a Court order. Such position has frankly heightened my concerns. To my understanding, the Government asserts, as a general proposition: (a) that it believes it has met all of its discovery obligations; and (b) that the time for litigating discovery issues is over.

However, when asked, point blank, whether 3500-JK-4, 3500-JK-5, and 3500-JK-6 exist, the Government has simply refused to answer the question. Accordingly, I am asking that the Government be directed to respond to this simple and straight-forward inquiry. Again, if such material does not exist, then this issue if moot and may be disposed of directly. However, if such material *does* exist, then an appropriate record must be made.

There is no question that trial counsel made a timely demand for 3500 material. *See* Docket Entry 78. The Government, in turn, represented that it had complied with its obligations under 18 U.S.C. § 3500. While that statue does permit the Government to set aside witness statements which do not relate to the witness's trial testimony, it also requires prosecutors to present such material to the trial court for an *in-camera* review, and a ruling on whether such material should be produced. Moreover, the statute expressly requires such statements to be preserved so that an appellate court may review the trial court's

2

ruling. Clearly, the statute envisions that the Defendant will be placed on notice as to any such determination.

Accordingly, if there was 3500 material which was not produced prior to trial – and if such material was not submitted to the Court for a pre-trial ruling – it is incumbent upon prosecutors to disclose that fact now, so that a proper record can be made. *See United States v. Bin Laden*, 397 F.Supp.2d 465 (S.D.N.Y. 2005) (prosecutors voluntarily disclose, post-trial, inadvertently withheld 3500 materials); *United States v. Russel*, 2018 WL 2088282 (S.D.N.Y. 2018) (same).

In this regard, it is no answer for the Government to simply assert that the time for raising such issues has "passed." Again, trial counsel has represented to me that he was unaware of any missing 3500 material, and this issue only came to a head because of Mr. Kaiser's assertions at the post-trial conference. Under the circumstances, Mr. Kenner could not have reasonably raised this issue any earlier. *See United States v. McKenzie*, 768 F.2d 602, 609 (5th Cir. 1985) (Defendants' failure to specifically request the production of transcript did not affect their ability to raise 3500 claim in a post-trial motion, where defense was unaware of the transcript's existence until after the trial.).

Accordingly, we are asking the Court to inquire, as a preliminary matter, whether any such 3500 material was withheld from defense counsel without an order from the Court. If the answer is yes, such material should be produced to defense counsel – or at a bare minimum, submitted to the Court for an *in-camera* review. If such *in-camera* review reveals material which should have been produced to the Defendant, then the Court should direct its production. *See United States v. Peterson*, 116 F.Supp.2d 366 (N.D.N.Y. 2000) (court ordered post-trial, *in-camera* production of law enforcement files to determine

3

whether Government violated Jenks Act; court thereafter directed Government to deliver aforementioned files to defense counsel).

Respectfully submitted,

/s/

Matthew W. Brissenden

cc:    All Counsel (*via* ECF)
       Phillip Kenner