Marc Wolinsky
Diamante Doce, LLC
Beach Estate 12
Diamante Resort
Cabo San Lucas, Mexico

(212) 403-1226

April 12, 2021

**Via ECF**

The Honorable Joseph F. Bianco
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York  11722

      Re:  United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

  As Your Honor may recall, I previously advised the Court that on December 31, 2019, a majority in interest of the homeowners in the Beach Estate Condominium section of Diamante Resort had adopted a resolution that, in effect, prohibits any modifications to the Diamante Master Development Plan without the consent of a majority in interest of the owners in the Beach Estate Condominium.  I am writing to advise the Court and all parties that the LLC through which I own my home and the LLC through which my neighbor, Todd Foreman, owns his home, have commenced a judicial proceeding in the Mexican courts, specifically in the Civil Branch of the Judicial District of Los Cabos, located in Cabo San Lucas against Diamante Cabo San Lucas, S. De R.L. C.V.  The purpose of the proceeding is to establish that the resolution adopted by the Beach Estate Condominium is valid and binding.

  We have taken this action to protect ourselves and our neighbors from the continuing and substantial uncertainty that surrounds the ownership and future of the Resort.  While we, like you, had hoped that a consensual resolution would be achieved, it should now be apparent that no such resolution is achievable in the short, let alone the long term.  While we have not been

parties to or participants in the settlement negotiations, it is apparent that the inability to achieve a resolution fundamentally is the result of a misalignment of incentives and interests.

The government's goal, through litigation and otherwise, has been to squeeze Danske Bank and, by jeopardizing its interests, obtain concessions. Since the government does not own the Resort, and has no actual economic interest in the equity in the Resort (assuming any exists), this strategy is effectively costless to the government. It is not, however, costless to Danske Bank, and most importantly, it is not costless to the homeowners. The pendency of this litigation and threat of forfeiture has made it difficult if not impossible for the Resort to obtain the capital infusion that it needs, with the result that Diamante is falling behind in a very competitive marketplace.

At this stage, therefore, we urge the Court to proceed to adjudicate Danske Bank's claim and permit all parties to exercise their respective rights. To that end, we join in the request by counsel for Danske Bank that the Court schedule a conference to chart a prompt course to bring this litigation to conclusion. Based upon the advice of our counsel in Mexico, we do not believe that the government has the practical ability to obtain a forfeiture of Mexican real property through the Mexican courts. The government should be prepared to discuss that matter and its implications for whether there is any point to proceeding before Your Honor over the mortgageholder's objections with the Court at the requested conference.

Respectfully submitted,

Marc Wolinsky