U.S. Department of Justice

United States Attorney
Eastern District of New York

JMH
F. #2013R00948

610 Federal Plaza
Central Islip, New York 11722

April 16, 2021

By ECF

The Honorable Joseph F. Bianco
Visiting United States Circuit Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Phillip A. Kenner
       Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

  The government respectfully submits this supplemental letter addressing certain restitution matters as directed by the Court at the most recent hearing held in the above-referenced matter.

  On April 5, 2021, the Court held a hearing concerning the amount of restitution to be imposed upon the above-referenced defendant following his convictions for wire fraud conspiracy, four substantive counts of wire fraud, and money laundering conspiracy. See generally Tr. (Apr. 5, 2021) (hereafter "the Hearing") (attached hereto as Exhibit 1). The Court principally relied upon a revised loss calculation submitted by the government at ECF No. 812. The Court ordered the government to supplement the record as to five discrete restitution requests:

- Nicholas Privitello;
- Turner Stevenson;
- Bryan Berard (as to Ledbetter losses only);
- John Kaiser; and
- Ethel Kaiser.

See generally Hearing Tr., Ex. 1, at 36. The Court has previously ruled that it will consider only those losses proven at trial or in forfeiture proceedings for restitution purposes as to the Hawaii, Eufora, and GSF frauds (inclusive of the Line of Credit losses), as well as Ledbetter. See id. at 5 "[I]t is the Court's view that . . . we should proceed by way of the evidence at

trial and at forfeiture"; see also, e.g., Tr. of Hr'g (Feb. 13, 2020), at 21 (attached hereto as Exhibit 2).

In preparing this submission, in addition to the specific items queried by the defendant or the Court, the government identified certain credits against restitution that were not reflected in ECF 812 (insofar as ECF 812 addressed overall loss amount). Accordingly, for the convenience of the Court and the defendant, the government provides below revisions to the amounts specified in ECF 812—principally based upon the government's earlier sentencing submissions as to Kenner and the trial record—to account for those credits against restitution.

| Victim Name | Scheme | ECF 812 Loss Amount | Revised Amount (*decreases*) (**increases**) | Source |
|---|---|---|---|---|
| Berard, Bryan | Hawaii | $100,000 | $100,000 | Trial Tr. 3033 |
| | Line of Credit | $649,405 | *$349,405* | Trial Tr. 3042[1] |
| | Ledbetter | $375,000 | $375,000 | Trial Tr. 3046; GX 1401 |
| Gonchar, Sergei | Line of Credit | $899,221 | *$856,668*[2] | ECF 765 at 30 |
| Kaiser, Ethel | Hawaii | $700,000 | *$66,666.67* (Eufora) | ECF 781[3]; Trial Tr. 935 |
| Kaiser, John | Hawaii | $1,000,000 | **$1,080,000** | ECF 781 |
| | **Eufora** | -0- | **$200,000** | ECF 781 |
| McKee, Jay | GSF | $250,000 | $250,000 | Trial Tr. 1819-21; GX 6602 |

---

[1] Crediting $300,000 reflecting Berard's recovery from Northern Trust.

[2] Crediting $42,553 in proceeds from distribution of residual Hawaii funds.

[3] In this same filing, the government noted that Theodore Hughes and Robert Rizzi had equivalently-valued claims ($66,666.67) based upon Eufora investments. The Court has not yet ruled directly upon the Hughes and Rizzi claims.

2

| Victim Name | Scheme | ECF 812 Loss Amount | Revised Amount (*decreases*) (<u>increases</u>) | Source |
|---|---|---|---|---|
| Murray, Glen | Hawaii | $100,000 | ***$57,447[4]*** | ECF 765 at 30 |
| | Line of Credit | $1,242,769 | $1,242,769 | ECF 765 at 30 |
| | Eufora | $250,000 | $250,000 | ECF 765 at 30 |
| | GSF | $250,000 | $250,000 | ECF 765 at 30 |
| Nash, Tyson | Hawaii | $100,000 | ***$57,447[5]*** | Trial Tr. 1906-08; GX 1524 |
| | Eufora | $100,000 | $100,000 | Trial Tr. 1913-14; GX 760 |
| | GSF | $100,000 | $100,000 | Trial Tr. 1919 |
| Nolan, Owen | Line of Credit | $2,198,910 | ***$1,613,804[6]*** | ECF 765 at 31; Trial Tr. 2074 |
| Peca, Michael | Hawaii | $100,000 | $100,000 | ECF 765 at 31 |
| | Line of Credit | $1,794,392 | ***$1,194,392*** | ECF 765 at 31; Trial Tr. 506[7] |
| | Eufora | $100,000 | $100,000 | ECF 765 at 31 |
| | GSF | $250,000 | $250,000 | ECF 765 at 31 |
| Privitello, Nicholas | Eufora | $200,000 | $200,000 | See "Nicholas Privitello," below |

---

[4] Crediting $42,553 in proceeds from distribution of residual Hawaii funds.

[5] Crediting $42,553 in proceeds from distribution of residual Hawaii funds.

[6] Crediting $42,553 in proceeds from distribution of residual Hawaii funds, and $500,000 reflecting Nolan's recovery from Northern Trust.

[7] Crediting $600,000 reflecting the Pecas' recovery from Northern Trust.

| Victim Name | Scheme | ECF 812 Loss Amount | Revised Amount (*decreases*) (increases) | Source |
|---|---|---|---|---|
| Ranford, William | Eufora | $400,000 | $400,000 | ECF 765 at 31 |
| | GSF | $300,000 | $300,000 | ECF 765 at 31 |
| Rucchin, Steven | Hawaii | $100,000 | *$57,447*[8] | Trial Tr. 2721 |
| | Line of Credit | $856,200 | **$1,010,645** | Trial Tr. 2729; GX 2173 |
| | Eufora | $250,000 | *$150,000* | Trial Tr. 2732; GX 5006, 6004 |
| | GSF | $50,000 | $50,000 | Trial Tr. 2751 |
| Stevenson, Turner | GSF | $100,000 | $100,000 | FORF-1; GX 80 |
| Sydor, Darryl | Hawaii | $100,000 | *$60,000*[9] | Trial Tr. 2164 |
| | Line of Credit | $856,200 | $856,200 | Trial Tr. 2168-69 |
| | Eufora | $50,000 | $50,000 | Trial Tr. 2171; GX 5004 |
| | GSF | $250,000 | $250,000 | Trial Tr. 2175; GX 1503 |
| TOTALS | n/a | $14,072,097 | *$12,077,890.67* | n/a |

The government addresses the defendant's specific questions at the Hearing in turn, below.

---

[8] Crediting $42,553 in proceeds from distribution of residual Hawaii funds.

[9] Crediting $40,000 in proceeds from distribution of residual Hawaii funds.

**Nicholas Privitello**. Privitello invested $200,000 in Eufora, via a wire transfer to the Law Offices of Ronald Richards; Privitello never received any credit for his investment in Eufora. See, e.g., Trial Tr. at 1475-1480, 1632-1638; Gov. Ex. 503(CD); Gov. Exs. 503.1T-503.8T; Gov. Ex. 208.1 - 208.11; Trial Chart 20; Gov. Ex. 1101; Gov. Exs. 1201-02; Gov. Ex. 1218; Gov. Ex. 3321R; Gov. Ex. 3397; Trial Binder 10. See also Tr. of Constantine Sentencing at 24 (Nov. 10, 2020). In the Pre-Sentence Investigation Report dated January 25, 2015 ("the PSR"), Privitello's $200,000 losses attributable to Eufora are identified and attributed to the conspiracy between Kenner and his codefendant Tommy Constantine. See PSR ¶¶ 26, 29, 47.

At the April 5, 2021, hearing, Kenner contended that he was not liable for these losses due to his acquittal at trial on certain counts of the Indictment. See Hearing Tr., Ex. 1, at 30. The defendant's acquittal on some counts is immaterial, however, because Privitello's losses can be tied to the overall fraudulent scheme and to one or more of the counts of conviction, specifically Counts One (conspiracy to commit wire fraud) and Nine (conspiracy to commit money laundering). See, e.g., United States v. Donaghy, 570 F. Supp. 2d 411, 416 (E.D.N.Y. July 23, 2008) ("[I]n order to determine whether or not certain conduct may be the subject of a restitution order, a court must ask whether or not it is 'engaged in [in] furtherance of the scheme, conspiracy or pattern' that was a[n] element of the offense of conviction." (quoting in part United States v. Kones, 77 F.3d 66, 70 (3d Cir. 1996))); United States v. Boyd, 222 F.3d 47, 51 (2d Cir. 2000) (holding that a district court imposing restitution may "order a participant in a conspiracy to pay restitution even on uncharged or acquitted counts").

**Turner Stevenson**. Stevenson invested $100,000 in the GSF, among a total of $3.130 million in contributions by victims that was diverted by Kenner and Constantine for unauthorized purposes. See Trial Tr. at 423-29, 687-88, 2175, 3052-53, 1815, 2833-36, 2749-51; see also FORF-1 (referencing $100,000 in losses incurred by Stevenson relating to GSF); Gov. Ex. 80 (summarizing the disbursements associated with GSF). The PSR accordingly identified Kenner as liable for $100,000 in restitution to Stevenson based upon GSF losses. See PSR at ¶¶ 29, 47.

**Bryan Berard**. As the Court concluded during the Hearing, Berard lost funds in Hawaii and via his line of credit. See Hearing Tr., Ex. 1, at 29; Trial Tr. at 3033; see also Tr. of Kenner Sentencing at 10. As set forth above, the government has revised the amount as to the line of credit to take account of Berard's recovery from Northern Trust.

The defendant questioned the Ledbetter losses ($375,000), to which Berard testified on direct examination. See Trial Tr. at 3044 ("I invested in Led Better $375,000 for the purchase of [the Sag Harbor] property."), 3046 ("I made two separate wires to the LLC, Led Better."); Gov. Ex. 1401 at 2 (evidencing wire transfers). Accordingly, these losses are properly compensable in restitution. See also PSR at ¶¶ 20-21, 29.

**John Kaiser**. The government has previously addressed John Kaiser's restitution amount in its supplemental filing dated December 27, 2019. See ECF No. 781.

Based upon the government's review of the trial testimony and exhibits, the government adheres to its earlier submission (ECF No. 781) that Kaiser is owed $1.280 million in restitution, comprised of a $1 million short-term loan, plus $80,000 in interest, that Kenner failed to repay associated with Hawaii; and a $200,000 investment in Eufora. See Trial Tr. at 977-78, 1211 (terms of the $1 million loan plus interest),[10] 980 (Kaiser's assumption of that loan from other parties), 1015 ($200,000 investment in Eufora); see also ECF No. 781.

**Ethel Kaiser**. The government has previously addressed Ethel Kaiser's restitution amount in its supplemental filing dated December 27, 2019. See ECF No. 781. Based upon the government's review of the record, the government adheres to its earlier submission that Ethel Kaiser is owed $66,666.67. See also n.3, above.

\* \* \*

In an order dated April 8, 2021, the Court also directed the government to address the defendant's assertion that a further offset to the amount of restitution owed the Pecas is warranted "based upon a settlement that they reached with Northern Trust." See Order (Apr. 8, 2021). The government has incorporated the $600,000 settlement that the Pecas reached with Northern Trust in its restitution calculations set forth above. See, e.g., Trial Tr. at 506 (Michael Peca's testimony referencing $600,000 received from Northern Trust); see also n.7, above.

The government thanks the Court for its consideration of this letter.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:   /s/ J. Matthew Haggans
J. Matthew Haggans
Assistant U.S. Attorney
(718) 254-6127

Enclosure (Exhibit 1 – Hearing Transcript, Apr. 5, 2021)
cc:   Clerk of Court (JFB) (By ECF)
      Phillip A. Kenner (*pro se*) (By First-Class Mail)
      Matthew Brissenden, Esq. (Standby Counsel) (By ECF)

---

[10] At the Hearing, the Court concluded that Kaiser is due $1 million for Hawaii losses. See Tr., Ex. 1 at 29 l. 17.