# Maricopa County ~~Justice~~ *SUPERIOR* Courts, Arizona

~~Maricopa County~~ *Maricopa County SUPERIOR*
~~Desert Ridge Justice~~ Court    18380 N. 40th St., #130, Phoenix, AZ 85032    602-372-7100

CASE NUMBER: cv2013-052349

| Plaintiff(s) Name / Address / Phone | Defendant(s) Name / Address / Phone |
|---|---|
| Philip A. Kenner | John R. Kaiser |
| 10705 East Cactus Rd | 7 Holly Lane |
| Scottsdale, AZ 85259 | Setauket, NY 11733 |
| ( 480 ) 235 - 4193 | ( 631 ) 235 - 0308 |

**COPY**

MAY 21 2013
MICHAEL K. JEANES, CLERK
V. VASQUEZ
DEPUTY CLERK

Attorney for Plaintiff(s) Name / Address / Phone    Attorney for Defendant(s) Name / Address / Phone

**APPLICATION FOR ENTRY OF DEFAULT**    JCRCP Rule 140

I am the  [X] Plaintiff  [ ] Counterclaimant  [ ] 3rd Party Plaintiff  [ ] Attorney

THE FOLLOWING WERE SERVED THE SUMMONS AND COMPLAINT:
Defendant(s): John R. Kaiser

**NOTICE to Defendant(s):**
If you do not answer or file a responsive pleading with the court within ten (10) judicial days of the filing of this Application, the Default will be effective and the Party may request a Judgment to be entered against you.

I am applying for an Entry of Default against the above named party who has failed to timely file a response to the lawsuit.

The Defendant was served the Summons and Complaint by: [X] Process Server  [ ] Alternative Service  [ ] Publication

The Defendant [ ] is  [X] is not on active duty in the United States Military.

Date: May 20, 2013    Signature: *Philip A. Kenner*
[X] Plaintiff  [ ] Counterclaimant  [ ] 3rd Party Plaintiff  [ ] Attorney

**NOTICE to PARTY filing for Default:**
Any time after ten (10) judicial days have passed since the filing of this Application, it is your responsibility to file a Request for Entry of Default Judgment or request a hearing. A Statement of Costs and proof of the claim (receipts, contract, etc.) must also be served upon all the parties in this lawsuit.

I CERTIFY that a copy of this document has been or will be mailed on May 21, 2013 to:
[ ] Plaintiff at the above address  [ ] Plaintiff's attorney  [X] Defendant at the above address  [ ] Defendant's attorney
Date: May 21, 2013    By: _____ Signature

CV 8150-120.02 R: 3/13/13

BINDER 0000046

COPY

APR 12 2013

MICHAEL K. JEANES, CLERK
[illegible]
DEPUTY CLERK

1  Philip A. Kenner
   10705 East Cactus Road, Scottsdale, AZ 85259
2  Telephone  (480) 235 - 4193
   In Pro Per
3  Email: Kenner33@gmail.com

4  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

5  **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 6  Philip A. Kenner, an individual, | Case No.: CV2013-052349 |
| 7           Plaintiff, | |
| 8  vs. | **VERIFIED COMPLAINT FOR** |
| 9  | [Breach of Contract; Unjust Enrichment; Breach of Duty of Good Faith and Fair Dealing; Securities Fraud; Common Law Fraud] |
| 10 John R. Kaiser and Elizabeth Kaiser, a married man and wife; BLACK CORPORATIONS I-X; GRAY PARTNERSHIPS I-X; JOHN DOES I-X; and JANE DOES I-X, | |
| 12           Defendants. | |

15
16       Philip A. Kenner ("Kenner"), for its complaint against Defendants, states as
17  follows:
18       1.   Kenner, is a resident of Arizona.
19       2.   Kenner is and was at all relevant times the manager of Led Better
20  Development Company, LLC a Delaware Company.
21       3.   Upon information and belief, Defendant John R. Kaiser ("Kaiser") has
22  been a resident of the state of New York and the state of Arizona during all times
23  relevant to this Complaint. Kaiser is married to Elizabeth Kaiser, and the acts of Kaiser
24  as set forth herein were done for and on behalf of the marital community.
25       4.   At the present time, the identities of Black Corporations I-X, Gray
26  Partnerships I-X, and John and Jane Does I-X are unknown and are intended to be the

KENNER EXHIBIT 11

1  fictitious names of additional persons or entities including but not limited to any and all
2  additional persons, corporations or entities participating and otherwise responsible for
3  events and allegations set forth in this complaint and whose identity cannot be
4  reasonably determined at this time. Once their identities are known, leave to amend will
5  be sought to have their true names added.

6      5.    The events which give rise to this cause of action occurred based on an
7  agreement signed originally in Maricopa County, Arizona.

8      6.    This Court has jurisdiction over the persons and subject matter herein.

## ALLEGATIONS COMMON TO ALL COUNTS

10      7.    Kenner is and was at all relevant times the "controlling person" for Led
11  Better Development Company, LLC within the meaning of the applicable Arizona
12  securities laws.

13      8.    In or about October 11, 2006, Phil Kenner, working as the Managing
14  Member for Led Better Development Company, LLC formed the LLC in the state of
15  Delaware to hold the Real Property at 18 North Haven Way, Sag Harbor, New York
16  ("Real Property"), with the legal description:

17      *District 0901, Section 002.00, Block 04.00, Lot 010.000.*

18      9.    In September 2006, Kaiser approached Kenner about purchasing a lot of
19  land in Sag Harbor, New York that Kaiser owned at the time with a few partners, not
20  including Kenner. Kaiser desired to buy out one partner at par value and get rid of
21  another partner without payment whom Kaiser no longer was friendly.

22      10.    Kaiser proposed to buyout the partner at a $750,000 valuation, thus,
23  creating a buyout at par for the departing investor from North Point Properties, Kaiser's
24  managed company. The transfer of Deed was recorded and transferred to Kenner's
25  managed entity, Led Better Development Company, LLC. A true and accurate copy of
26  the RECORDING PAGE recorded December 11, 2006 is attached as Exhibit 3.

-2-

11. Kaiser informed Kenner that the land was worth over $1,100,000 at the time, thus, creating a tremendous amount of equity for Kenner as a new 25% partner for Kenner's efforts (approximately $275,000), as well as immediate intrinsic value for the new partner who paid for the buyout. The true and accurate copy of the Operating Agreement for Led Better Development Company, LLC is attached as Exhibit 2.

12. Kaiser proposed the scope of the project would include the future construction of an 8000 sq.' luxury home.

13. Kenner agreed to the terms of Kaiser's offer and created Led Better Development Company, LLC the brought in the necessary investor to buy out one of Kaiser's partners on or about October 2006.

14. Over the course of the following three (3) to four (4) years, Kaiser and Kenner contracted different third party vendors to do site surveys, architecture, et cetera on the property in preparation for commencement of construction of a proposed 8000 square foot single family home.

15. In or around summer 2010, Kaiser notified Kenner that he believed the property was "taken" by Suffolk County through a Property tax foreclosure (approximately $27,000 past due and delinquent).

16. On February 16, 2010, Kenner hired his attorney, Shimon Betesh to run a Title, Tax and Lien search on the Real Property to confirm Kaiser's concerns about the re-conveyance. The results confirmed the title to the real property had been conveyed to The County of Suffolk with Led Better Development Company, LLC as the prior owner on title. A true and accurate copy of the search results is attached as EXHIBIT 4.

17. Kaiser panicked about the loss of the land and begged Kenner to wire $28,500, so Kaiser could plea to the County that the unpaid and delinquent taxes were a mistake and payment would be made immediately if/when Kaiser could convince the County of Suffolk to re-convey the land for the tax cost.

BINDER 0000046

18. Kenner transferred the funds from Kenner's bank account at Bank of America to Kaiser for his use regarding the property tax and the re-conveyance of the Real Property to Led Better Development Company, LLC. A true and accurate confirmation email from Kenner's bank is attached as Exhibit 1.

19. Kaiser was successful and The County of Suffolk re-conveyed the title to the Real Property back to Led Better Development Company, LLC on August 24, 2010 for $27,303 as the deed transfer was recorded.

20. According to the County of Suffolk tax records, the address of record for all tax correspondences for the Real Property was changed after the re-conveyance to Kaiser's personal home, 7 Holly Lane, Setauket, NY 11733. Thus, Kenner would not have access to communications regarding County recordings, property taxes, or future conveyances.

21. Due to the state of the market in 2010 and Kenner and Kaiser's belief that it was time to just attempt to sell the raw land, Kenner and Kaiser jointly agreed to sell the land and eventually planned to use the proceeds on another project. Upon information and belief, the Real Property was listed for sale for $1,250,000. Thus, a tremendous return would be made available to all of the partners; approximately $312,500 each (minus real estate agent fees) per the Operating Agreement for Led Better Development Company, LLC.

22. Kenner and Kaiser experienced a falling out between them in the Summer of 2011 when the land was still for sale. To Kenner's dismay, Kenner was notified through Public Records that the Real Property was sold on or about May 21, 2012, *WITHOUT KENNER's SIGNATURE OR APPROVAL* (for emphasis) as the Managing Member of the LLC for $740,000 to Larry James Realty LLC.

23. In addition to the fact that Kenner did not approve the transaction or sign off on the transfer, Kenner was not notified. Kenner was not paid his 25% share of the

-4-

1. $740,000 sale price ($185,000 minus real estate commissions) and/or the $28,500 for the property taxes Kenner wired to reclaim the land from the County for the delinquent tax conveyance.

24. Upon information and belief, Kaiser distributed to the funds from the sale to himself and the other two original partners whom he was still friendly with at the time of the sale.

## COUNT ONE
### Breach of Contract

25. Kenner restates and incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Kenner and Kaiser entered into a valid and enforceable agreement with respect to the Real Property owned by Led Better Development Company, LLC.

27. Kaiser materially breached the agreement by signing as a signator on the sale of the Real property with no authority to do so and subsequently, by failing to pay the proceeds as determined by the Operating Agreement for Led Better Development Company, LLC.

28. As a direct and proximate result of Kaiser's material breach, Kenner has suffered and continues to suffer damage in an amount to be proven at trial.

29. This matter arises out of a contract. Plaintiff is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

## COUNT TWO
### Unjust Enrichment

30. Kenner restates and incorporates by reference paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Kaiser has been unjustly enriched to the detriment of Kenner in amounts to be proven at trial but not less than $50,000, exclusive of interest, costs, and awarded

-5-

attorney's fees.

32. There is no legal or equitable justification for either the enrichment of Kaiser or the corresponding impoverishment of Kenner.

33. There is or may be no lawful remedy available to Kenner to prevent the unjustified enrichment of Kaiser and the impoverishment of Kenner.

## COUNT THREE

### Breach of duty of good faith and fair dealing

34. Kenner restates and incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Kaiser owed Kenner a duty of good faith and fair dealing implicit in the contractual relationship through the LLC Operating Agreement.

36. Kaiser breached this duty by its actions or inactions set forth above.

37. As a direct and proximate result of Kaiser's breach, Kenner suffered and continues to suffer harm in an amount to be proven at trial.

## COUNT FOUR

### Securities Fraud (A.R.S. § 44-1991)

38. Kenner restates and incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Kaiser made an offer of securities (as defined by the Arizona securities statutes) to Kenner.

40. Kaiser, as a controlling person of North Point Properties, made material misrepresentations in connection with the offering of securities to Kenner. For example, Kaiser represented that Kenner would a twenty-five (25) percent owner of the newly formed LLC, Led Better Development Company, LLC, entitled to twenty-five (25) percent of the distributions per the Operating Agreement, and become the Managing Member or "control person".

-6-

41. The actions of Kaiser are a violation of A.R.S. § 44-1991(A).

42. Pursuant to the provisions of A.R.S. § 44-2001, *et seq.*, Kenner is entitled receive the consideration of the sale proceeds from Kaiser, with interest, costs and reasonable attorneys' fees.

## COUNT FIVE
### Common Law Fraud

43. Kenner restates and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. Kaiser misrepresented that Kenner would be a twenty-five (25) percent owner of the newly formed LLC, Led Better Development Company, LLC, entitled to twenty-five (25) percent of the distributions per the Operating Agreement, and the Managing Member. Even though all of the legal documents were properly signed, Kaiser acted above and without concern for the law.

45. Defendant made these misrepresentations knowingly and with the intent that Kenner would rely on the misrepresentations and arrange for the transaction with North Point Properties.

46. Kenner was ignorant to the falsity of Defendant's misrepresentations, had a right to rely on the misrepresentations, and in fact did rely on the misrepresentations to his detriment and gave $28,500 additional funds to have the property re-conveyed from the County of Suffolk in New York.

47. As a direct and proximate result of Defendant's actions, Kenner has suffered and continues to suffer financial harm in an amount to be proven at trial, together with costs and interest.

48. Defendant's actions were wanton, willful and done with a reckless disregard for Kenner's rights, entitling Kenner to punitive or exemplary damages.

-7-

49. Kenner is entitled to recover its costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

WHEREFORE, Plaintiff Kenner prays for judgment against the Defendant as follows:

A. An award of actual and consequential damages against Defendant in an amount to be proven at trial, but in any event not less than $50,000, exclusive of interest, costs and awarded attorney's fees;

B. For an award of pre-judgment and post-judgment interest at the rate of 10% pursuant to the agreement of the parties;

C. For punitive damages to deter similar conduct in the future, in an amount to be proven at trial;

D. For Plaintiff's reasonable attorney's fees and costs of litigation pursuant to A.R.S. § 12-341 and § 12-341.01; and,

E. For such other and further relief as the Court deems just and admirable.

DATED this 8th day of April 2013.

*[signature]*

Philip A. Kenner
10705 East Cactus Road
Scottsdale, AZ 85259
*In Pro Per*

-8-

## VERIFICATION

I, PHILIP A. KENNER, an unmarried man, make this Verification based on my own personal information, knowledge and belief:

1. That I am the Plaintiff in the foregoing cause of action; and
2. That I have read the Complaint and know the contents thereof and that the same is true to the best of my knowledge, information and belief and as to those matters alleged upon information and belief, I believe them to be true; and
3. That I declare, under penalty of perjury, that the foregoing is true and correct.

_____
Philip A. Kenner
10705 East Cactus Rd.
Scottsdale, AZ 85205

ORIGINAL of the foregoing filed
this 8th day of April, 2012 with:
Clerk of the Maricopa County
Superior Court
18380 North 40th Street
Phoenix, AZ 85032

-9-