THE LAW OFFICES OF
# RONALD RICHARDS & ASSOCIATES
A Professional Corporation
Tel: (310) 556-1001
Fax: (310) 277-3325

**\*Admitted in the following Courts:\***
All Fed. and State Cts. in California
2nd, 9th & 11th Circuit, C.O.A's,
ED of Michigan, D of Colorado, W.D. of Tenn.,
The United States Supreme Court (U.S.S.C.)

**Mailing Address:**
P.O. Box 11480
Beverly Hills, CA 90213

**European Office:**
Oliver Löwell
Rechtsanwälte
Frankfurt, Germany

Email: RON@RONALDRICHARDS.COM
Web: www.RONALDRICHARDS.COM

May 3, 2012

**SENT VIA FEDERAL EXPRESS:**

David E. Sermos, Investigator
Office of the Chief Trial Counsel
The State Bar of California
1149 S. Hill Street
Los Angeles, California 90015

Re: Complainants:   John R. Kaiser and Nick Privitello
    Case Nos.:      12-O-111166 and 12-O-11119

Dear Mr. Sermos,

This letter is in response to your investigation letters of March 27, 2012, relating to the above-referenced complainants and case numbers. I am deeply appreciative of your willingness to provide me with a generous extension of time within which to provide this response. I have taken the liberty to respond to both of these complaints in a single letter.

Prior to December 2009, I had never spoken to Mr. Privitello. I did not agree at any time to hold his funds for a 1.5% interest in Eufora. At no time prior to his wire transfer of funds to my client trust account did Mr. Privitello give me any instruction or ask me to act as his fiduciary.

Prior to December 2009, I had spoken to Mr. Kaiser in his capacity as a witness in the Philip Kenner arbitration. I had also spoken with him a few times on the telephone about Kenneth Jowdy. However, at no time prior to Mr. Kaiser's wire transfer of funds to my client trust account did Mr. Kaiser ever ask me to act as his fiduciary.

I forwarded the wire transfers from Mr. Privitello and Mr. Kaiser to my client, Tommy Constantine, as Mr. Constantine instructed.

I was contacted by Mr. Kaiser's attorney, Michael Stolper, in September 2010. Mr. Stolper also represents Philip Kenner, a former client and business manager referenced in my response to the other complaint and in the pleadings in this case. I provided Mr. Stolper and Mr. Kenner with all the evidence and confirmation they

> Kenner and the contributors attorney__Stolper--had no direct access to Constantine's spending...

DS-00000283

requested as to the transmittal of the funds to Mr. Constantine.

It is my understanding that, in October 2010, Mr. Kaiser filed a complaint against Constantine in state court in Arizona to recover the funds that I had wired to Constantine pursuant to his instructions. A copy of the complaint and Mr. Kaiser's state court affidavit are attached. (See Exhibits A, B, R & S.) . The affidavit by Mr. Kaiser corroborates that Constantine received the funds and he went to Arizona to obtain his membership interests. Mr. Kaiser's state court complaint was subsequently dismissed by the Arizona judge. However, Constantine's counter claims are still pending. A copy of the counter claims are attached. (See Exhibit T.).

Thereafter, Mr. Kaiser filed a federal court action on June 3, 2011. A copy of Mr. Kaiser's federal court affidavit is attached. (See Exhibit U.)

In January 2012, I received a letter from Mr. Privitello. I spoke with him on numerous occasions and explained to him that I had forwarded his wired funds to my client, Mr. Constantine. Mr. Privitello acknowledged that he had never previously spoken with me. I have a series of e-mails between Mr. Privitello and myself. Mr. Privitello asked me for copies of all of the e-mails between Mr. Constantine and myself. He became upset when I explained to him that they were privileged communications and that I could not provide them to him. (See Exhibit G.) I have also attached emails with Privitello, Kaiser, and Constantine where they agree to wire funds to my CTA to be forwarded to Constantine. (See Exhibit F.)

In response to the specific contentions reflected in your March 27, 2012, letter, I never sent an acknowledgment of funds to Mr. Kaiser or to Mr. Privitello because I had never asked them to wire the funds to me in the first place. They never requested an acknowledgment and I assumed that they knew I had received the funds they had wired. The first time that either Mr. Kaiser or Mr. Privitello mentioned these funds to me was in January 2012, over two years after the funds had been wired.

I have never, at any time, been Mr. Kaiser's or Mr. Privitello's attorney. I was simply acting, at Mr. Constantine's request, as an intermediary for the receipt of funds from Mr. Kaiser and Mr. Privitello and for the transmittal to those funds to Mr. Constantine at the latter's direction.

Attached hereto is a declaration prepared and executed by Philip Kenner. (See Exhibit V.) In paragraph 17 of his declaration, Mr. Kenner confirms that Mr. Kaiser and Mr. Privitello wired funds to Mr. Constantine for an investment in Eufora. He also confirms that there was never a scintilla of doubt that the funds that Mr. Kaiser wired and that he caused Mr. Privitello to wire to Mr. Constantine through my client trust account would be subsequently transmitted to Constantine. In his declaration, Mr. Kenner confirms that, prior to my receipt of the wired funds, I had never met Mr. Privitello and had only met Mr. Kaiser once or twice.

Moreover, in paragraph 18 of his declaration, Mr. Kenner states that he is aware that neither Mr. Kaiser nor Mr. Privitello gave me any instructions about holding the wired funds because it was clear at the time that Mr. Constantine was getting the funds immediately because he had immediate cash needs and, since Mr. Kaiser was already a partner in Eufora, and had previously invested hundreds of thousands of dollars, the transfer of the money to Constantine was not an issue. According to Mr. Kenner, both Kaiser and Constantine acknowledged to him that the funds were wired to Constantine, and received by him, within a day or two after they were initially wired by Mr. Kaiser.

This is all further corroborated by executed written consent agreements signed by Privitello and Kaiser. (Exhibit E.). Attached as Exhibits C & D are emails between Kaiser/Privitello and Constantine, and their attorney all confirming ownership and acknowledgment of receipt of funds. These complaints are an

2

DS-00000285

unfortunate attempt to drag my office into their business dispute.

I hope that this adequately responds to your inquiry letters concerning Mr. Kaiser and Mr. Privitello. I respectfully request that this matter be closed. If you have any additional questions, I would be happy to respond.

Thank you again for your courtesy and cooperation.

Very truly yours,

LAW OFFICES OF
RONALD RICHARDS & ASSOCIATES, APC

RONALD RICHARDS, Esq.

DS-00000285