# Led Better Development Company, LLC
## Operating Agreement

### ARTICLE I—OFFICES

*Section 1—Office:* The office of the limited liability company shall be located at 74 Innisbrouck Ave, Las Vegas, NV, 89113. The company may also maintain offices at such other places within or without the United States as the Company, may, from time to time, determine.

### ARTICLE II—MEETING OF MEMBERS

*Section 1—Special Meetings:* Special meetings of the members may be called at any time by the Managing Member [s] in accordance with the provisions of the Law of the State of Delaware.

*Section 2—Place of Meetings:* All meetings of Members may be held at the principal office of the Company, or at such other places as shall be designated in the notices of such meetings.

### ARTICLE III—MANAGING MEMBER & MEMBERS

*Section 1—Term of Office:* The Managing Member[s] shall be Philip A Kenner (99.00% management rights) and Lauren Gilmore (1.00% management rights), unless and until otherwise determined. For Philip A. Kenner, the term of office shall be in perpetuity, unless and until otherwise determined. For Lauren Gilmore, the term of office shall automatically expire ("Withdrawal") subsequent to the "North Point Properties, Inc. Closing" ("Closing"), with duties of confidentiality surviving her withdrawal as a managing member.

*Section 2—Duties and Powers:* The Managing Members shall be responsible for the control and management of the affairs, property and interests of the LLC.

### ARTICLE IV – INDEMNIFICATION

*Section 1—Indemnification & Third party actions.* The Company shall indemnify Lauren Gilmore, [hereinafter "Second Party Guarantee"] its agents, and/or partners, individually, for any claim, or threatened claim, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, including all appeals, related to "North Point Properties, Inc." and the subsequent acquisition of the underlying property thereof, against any and all expenses (including reasonable attorneys' fees), judgments, decrees, fines, penalties and amounts paid in settlement, which were actually and reasonably incurred by "Second Party Guarantee" in connection with such action, suit or proceeding, whether or not fault is at issue.

*Section 2—Indemnification & Derivative actions.* The Company shall indemnify Lauren Gilmore, [hereinafter "Second Party Guarantee"] its agents, and/or partners, for any claim, or threatened claim, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, including all appeals, related to "North Point Properties, Inc." and the subsequent acquisition of the underlying property thereof, against any and all expenses (including reasonable attorneys' fees), judgments, decrees, fines, penalties and amounts paid in settlement, which were actually and reasonably incurred by "Second Party Guarantee" in connection with such action, suit or proceeding, brought derivatively by its members, whether or not fault is at issue.

### ARTICLE V – CONFIDENTIALITY

*Section 1—Confidentiality.* This Agreement to acquire North Point Properties, Inc, and the subsequent acquisition of the underlying property thereof, is highly sensitive and shall be strictly confidential between and among all the LLC Members. All Members understand and

Page 1 of 2

**GOVERNMENT EXHIBIT**
**703**
13-CR-607 (JFB)

BINDER-00000433

agree that significant irreparable damages may occur if disclosure is permitted either intentionally or negligently.

## ARTICLE VI—EQUITY OWNERSHIP & DIVIDENDS

*Section 1—Equity Ownership & Dividends:* Subject to applicable law, dividends may be declared and paid out of any funds available thereof, as often, in such amounts, and at such time or times as the Managing Members may determine. Equity ownership rights, as of the date herein, as is follows:

Philip A. Kenner - 25%
Bryan Berard - 25%
John Kaiser - 25%
Vincent J. Tesoriero - 25%

## ARTICLE VI—MISCELLANEOUS

*Section 1- Miscellaneous.* This Agreement contains the entire understanding between the Parties and any waiver, amendment or modification to the Agreement will be subject to the above conditions and must be attached hereto.

*Section 2- Facsimile Signatures.* Facsimile signatures are herby authorized and shall constitute a legal and binding instrument.

The undersigned certifies the foregoing Operating Agreement has been adopted by the LLC, in accordance with the requirements of Delaware Law.

Dated this October 11, 2006.

X _____
Managing Member/Philip A Kenner

X _____
Managing Member/ Lauren Gilmore