

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SK/JMH  
F. #2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

July 13, 2021

<u>By ECF and Email</u>

The Honorable Joseph F. Bianco  
Visiting United States Circuit Judge  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

    Re:  United States v. Phillip A. Kenner  
        <u>Criminal Docket No. 13-607 (JFB)</u>

Dear Judge Bianco:

  The government respectfully submits this letter in response to certain issues raised by the above-referenced defendant at the restitution hearing held on June 28, 2021. <u>See</u> Transcript, ECF No. 1078 (June 28, 2021) ("the June 28 Hearing").

I.  <u>Kenner's Claim Regarding Victim John Kaiser</u>

  Kenner referred to a statement by Kaiser at an October 28, 2020, forfeiture hearing that Kaiser "had made recordings of Mr. [Jowdy] and his accountants and others," and claimed that these materials should have been disclosed as <u>Giglio</u>, <u>Jencks</u>, and/or <u>Brady</u> material. <u>See</u> Tr., June 28 Hearing, at 28-29. The government is not in possession of materials matching the description offered by Kaiser on October 28, 2020.

II.  <u>Kenner's Claims Regarding Northern Trust Settlements</u>

  Kenner raised two separate offset arguments regarding funds recovered from Northern Trust. Based upon its review of the trial transcript, the government believes that three restitution claimants recovered funds from Northern Trust: Bryan Berard; Owen Nolan; and the Pecas. <u>See</u>, <u>e.g.</u>, Trial Tr. at 3042 (Berard testified that "after lawyer fees and stuff," he received "close to $300,000"); 2074 (Nolan testified that he received $500,000); 506 (Michael Peca testified that he received "just over $600,000").

The government contacted Nolan's counsel, who responded that she would inquire of her client but that she did not believe that Nolan had in his possession any settlement agreement or contract with Northern Trust. The government also contacted Berard and the Pecas via the case agent; they responded that they would look, but that they believed that they did not have in their possession any settlement agreements or contracts with Northern Trust. See also 18 U.S.C. § 3664(g)(1)("No victim shall be required to participate in any phase of a restitution order.").

Kenner also claimed that any restitution amount due to Berard should also be offset by fees or costs incurred by Berard in his recovery from Northern Trust. See Tr., June 28 Hearing, at 9-10; see also ECF No. 1036 at 26, 52. The Supreme Court has held that attorney's fees and costs should be awarded only where they fall within the category of losses specifically set forth in the statute, 18 U.S.C. § 3663A(b)(4): "lost income, child care, and transportation[.]" In other words, attorney's fees and costs are compensable in restitution only where they are similar "kind(s) of expenses that a victim would be likely to incur when he or she . . . misses work and travels to talk to government investigators, to participate in a government criminal investigation, or to testify before a grand jury or attend a criminal trial." See Lagos v. United States, 138 S.Ct. 1684, 1688 (2018).

The Court need not determine whether any costs or fees Berard has incurred should be compensable in restitution because the government's calculations do not include any such claim. In any event, the fees and costs incurred in recovering from Northern Trust, accruing as they do to Berard's detriment, should not accrue to Kenner's benefit. In addition to being in tension with common sense, Kenner's proposition is in tension with the plain text of the statute:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C. § 3664(j)(1) (emphasis added). Thus, if any party may have some conceivable claim to compensation relating to fees and costs incurred due to Northern Trust's payments to Berard, it is Northern Trust, not Kenner. (To be clear, the government has not received any information from Northern Trust indicating that it views itself as a restitution claimant.)

III.    Additional Restitution Claimants

Finally, the Court instructed the government to clarify its position regarding claims to restitution filed by various non-testifying victims. See Tr., June 28 Hearing at 14-15. With respect to these victims, the evidence at trial showed:

- Greg DeVries: Mr. DeVries lost a total of $450,000 in connection with the crimes of conviction.
    - Mr. DeVries invested $100,000 meant for the Hawaii Project. See GX 63A at 1 (showing two $50,000 deposits into the Little Isle IV account, one in January 2004 and the other in April 2004).
    - Mr. DeVries invested $100,000 meant for Eufora, which was diverted to other uses through Tim Gaarn. See GX 46, GX 46B, and GX CH-15.
    - Mr. DeVries contributed $250,000 toward the Global Settlement Fund, which was reflected in the bank records for the Fund, see GX 1102 at 6, and in the conspirators' own ledger, see GX 767.

- Mattias Norstrom: Mr. Norstrom lost a total of $1,561,897.81 in connection with the crimes of conviction.
    - Mr. Norstrom invested $100,000 meant for the Hawaii Project. See GX 63A at 1 (showing one $50,000 deposit into the Little Isle IV account in March 2004); GX 67A at 1 (showing one $50,000 deposit into the Big Isle IV Ventures account in December 2003). In addition, Kenner opened a line of credit in Mr. Norstrom's name at Northern Trust Bank, from which he diverted money intended for the Hawaii Project and which he used in his Ponzi-like scheme to conceal the fraud. Like the other LOC-holders, Mr. Norstrom's line of credit went into default and he lost the funds held as collateral— a loss of $1,211,897.81. See GX 20 through GX 40 (Ponzi scheme charts); GX 2127 through GX 2129 (default notices); GX 2138 (LOC transaction history); GX 2182 at 12 (transfer of $1,211,897.81 from bond account after default).
    - Mr. Norstrom contributed $250,000 toward the Global Settlement Fund, which was reflected in the bank records for the Fund, see GX 1102 at 1, and in the conspirators' own ledger, see GX 767. Kenner effectuated this contribution through a handwritten note and signed "Phil Kenner as Atty in Fact for Mattias Norstrom." GX 1511.

- Brian Campbell: Mr. Campbell lost a total of $350,000 in connection with the crimes of conviction.
    - Mr. Campbell contributed $100,000 meant for the Hawaii Project. See GX 63A at 25 (showing one deposit into the Little Isle IV account in December 2005).

- - o Mr. Campbell contributed $250,000 toward the Global Settlement Fund, which was reflected in the bank records for the Fund, see GX 1102 at 9, and in the conspirators' own ledger, see GX 767.

- Raymond Murray: Mr. Murray lost a total of $100,000 in connection with the crimes of conviction. Mr. Murray contributed $100,000 toward the Global Settlement Fund, which was reflected in the bank records for the Fund, see GX 1102 at 1, and in the conspirators' own ledger, see GX 767.

- Yelena Tsyplakov (widow of Vladimir Tsyplakov): Mr. Tsyplakov lost a total of $50,000 in connection with the crimes of conviction. Mr. Tsyplakov contributed $50,000 meant for the Hawaii Project. See GX 63A at 17 (showing one deposit into the Little Isle IV account in June 2005).[1]

- Turner Stevenson: Mr. Stevenson lost a total of $200,000 in connection with the crimes of conviction.

  - o Mr. Stevenson invested $100,000 meant for the Hawaii Project. See GX 67A at 6 (showing one deposit into the Big Isle IV Ventures account in May 2005).

  - o Mr. Stevenson contributed $100,000 toward the Global Settlement Fund, which was reflected in the bank records for the Fund, see GX 1102 at 12, and in the conspirators' own ledger, see GX 767.[2]

The government—perhaps mistakenly—understood the Court's prior rulings to mean that it would not consider claims unless they were directly supported by testimony of a victim (either as to their own losses or the losses of a fellow victim). However, as the government

---

[1] Ms. Tsyplakov completed an affidavit of loss on November 19, 2020, which is attached hereto as Exhibit 1; she claims therein a total of $100,000 in losses in connection with Eufora.

[2] Mr. Stevenson was included in the government's forfeiture chart, see ECF No. 812, but not its initial restitution chart. See ECF No. 765 at 30-31. Following oral argument as to restitution on April 5, 2021, the Court directed the government to supplement the record as to Mr. Stevenson's losses, as reflected in ECF No. 1024 (Apr. 16, 2021). Upon further review of the trial evidence in preparation of this submission, the government identified the Hawaii losses reflected above.

Dimitri Khristich contributed $25,000 meant for the Hawaii Project. See GX 64A at 28 (showing one deposit into the Little Isle IV account in May 2006). However, Mr. Khristich received $89,440 and $5,432 after the Lehman buyout. See GX 70A at 1. Mr. Khristich also completed an affidavit of loss on November 17, 2020, indicating he had lost $175,000 in contributions as to Eufora. That affidavit is attached hereto as Exhibit 2.

previously noted, even where victims did not testify at trial, the Court can—and should—rely on their affidavits of loss to award restitution. See United States v. Gushlak, 728 F.3d 184, 193-94 (2d Cir. 2013) (rejecting challenge by defendant to district court's reliance on affidavits in determining restitution).

                Respectfully submitted,

                JACQUELYN M. KASULIS
                Acting United States Attorney

By:  /s/
    Saritha Komatireddy
    J. Matthew Haggans
    Assistant U.S. Attorneys
    (718) 254-6054 / 6127

Enclosures (2)
cc: Clerk of Court (JFB) (By ECF)
   Phillip A. Kenner, *pro se* (By U.S. Mail)
   Matthew Brissenden, Esq. (Standby Counsel) (By ECF and Email)