# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

   -against-

PHILIP A. KENNER, *et al.*,

          Defendants.

No. 13-cr-0607 (JFB)

### DANSKE BANK A/S LONDON BRANCH'S REQUESTS
### FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Procedure 26 and 34, applicable to this proceeding pursuant to Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure, third-party petitioner Danske Bank A/S London Branch requests that the United States government respond to the following requests for production ("Requests"), separately and fully in writing within thirty (30) days after the date of service of this discovery request. Responsive documents shall be produced to:

George Kostolampros, Esq.
Venable LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
GKostolampros@venable.com

### DEFINITIONS

1. "Danske" means Danske Bank A/S London Branch and its representatives with respect to the Resort Property.

2. "You" and "Your" refers to counsel for, agents of, and representatives of the United States government working on or on matters related to the above-captioned case.

3. "Borrower" means the Mexican entity titled Diamante Cabo San Lucas S. De R.L. De. CV that is obligated to repay Danske pursuant to the terms of the loan agreements between Danske on one hand and the Borrower on the other.

4. "Forfeiture Proceeding" means the ancillary proceeding now-pending in connection with the above-captioned matter.

5. "Resort Property" means the resort named Diamante Cabo San Lucas located at Diamante Boulevard 23473 Cabo San Lucas B.C.S. Mexico.

6. "Document" means any written, recorded or graphic matter however produced or reproduced whether or not in Your possession, custody or control, and whether or not claimed to be privileged against discovery on any grounds, including, but not limited to, reports, lists, memoranda, notes, notices, call reports, work logs, diaries, daily reports, time sheets, drawings, designs, sketches, worksheets, applications, consent documents, orders, findings, declarations, land title or transfer instruments or records, amendments, approvals, denials, correspondence, schedules, sound recordings, photographs, videotapes, film, ledgers, books of account, catalogs, brochures and written statements of witnesses or other persons having knowledge of the pertinent facts. The term "document" expressly includes all electronic mail or e-mail, text messages, social media posts, electronic files and computer records. The term "document" also includes all drafts and versions, whether final or not.

7. "Identify" or "the identity of" when used in reference to persons or entities means to name each person or entity along with an address or phone number where such person or entity may be contacted and if the person or entity is other than a natural person, set forth its name and principal business address and the name and position of the individual purported to act or speak for it or on its behalf.

8. "Concerning" means discussing, reflecting, containing, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or relating to in any way either directly or indirectly, and either in whole or in part.

9. "Communication" or "communications" means every manner or means of disclosure, transfer or exchange and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, electronic mail, text messages or otherwise.

**INSTRUCTIONS**

1. These requests are continuous in nature, and pursuant to Federal Rule of Civil Procedure 26(e), You are required to timely amend each prior response to a request for production if You learn that the response is incomplete or incorrect in some material respect, or if any information or documents are hereafter identified, located or acquired. Such documents and things shall be produced as soon as is reasonably possible after they are located or obtained.

2. If You have a good faith objection to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to a part of the Request shall be stated. If there is an objection to any part of a Request, then the part objected to shall be identified and documents responsive to the remaining unobjectionable part shall be produced.

3. Each request shall be answered based on Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

4. For any document or thing requested herein that has been destroyed, transferred or lost, You shall provide information sufficient to identify the contents of the document or thing, including the type of document or thing, general subject matter of the document or thing, the date (if applicable) of the document or thing, and information as is sufficient to identify the document for a subpoena duces tecum (such as the author, addressees, other recipients and the relationships of those persons), as well as a brief explanation of the circumstances (e.g., when, how, by whom, and why) surrounding the document's destruction, transfer or loss, and any and all records

3

pertaining to its destruction, transfer or loss.

5. If You know of the existence, past or present, of any document or thing called for in a Request, but such document or thing is not presently in Your possession, custody, or control, or in the possession, custody, or control of its agents, representatives, or attorneys, You shall so state in response to the Request, identify such document or thing in response to the Request, and identify the individual and/or entity in whose possession, custody, or control the document or thing was last known to reside.

6. If You contend that information responsive to any Request is incomplete, then You must provide all responsive information of which You are now aware.

7. In producing documents and things, You are to furnish all documents or things in Your possession, custody or control, or known or available to You, regardless of whether such documents or things are possessed directly by You or Your agents, representatives, or investigators. You are not obligated to produce documents or materials produced or provided to You by Danske or the Borrower.

8. In producing documents and things, You are to produce the original of each document or thing requested together with all non-identical copies and drafts of each document or thing. Any comment, notation, or marking appearing on any document, and not a part of the original, is to be considered a separate document, and any draft, preliminary form, or superseded version of any document is also to be considered a separate document.

9. Each document is to be produced along with all drafts, without abbreviation or redaction, in its entirety including attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Documents attached to each other must not be separated.

10. Documents that are in paper form or that constitute other physical objects from which

recorded information may be visually read, as well as audio or video tapes and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals.

11. You shall produce documents as they are maintained in the normal course of business:

    a) all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

    b) all documents containing markings thereon that cannot be legibly or accurately copied shall be produced in their original form; otherwise You may produce photocopies; and

    c) each page shall be given a discrete production number.

12. These Requests should be construed as broadly as possible with all doubts resolved in favor of production except that You shall have no obligation to produce documents produced or provided to You by Danske or the Borrower. Whenever necessary to bring within the scope of a Request any document that may otherwise be construed to be outside its scope, construe the Request as follows:

    a) "and" as well as "or" shall each be construed conjunctively and disjunctively;

    b) words imparting the singular shall include the plural and vice versa, where appropriate; and

    c) words imparting the present tense shall also include all other tenses, where appropriate; and (d) "any" includes "all," and "all" includes "any".

13. If You assert that a document is subject to a claim of privilege, You shall produce a privilege log describing the document with sufficient particularity, including but not limited to a

5

description of the document and the bases for Your assertions of privilege, to allow Danske to evaluate Your claims of privilege.

14. Unless otherwise stated, these Requests seek production of documents and communications created between January 13, 2009 to the present.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents and communications concerning Your knowledge of Danske's loans related to the Resort Property including but not limited to all documents relating to Danske's loans.

**REQUEST NO. 2:** All documents and communications concerning the Borrower's use of funds loaned by Danske for the period from January 13, 2009 to November 2019.

**REQUEST NO. 3:** All documents and communications concerning Your knowledge and/or the bases for Your allegations that that the Borrower was misusing funds, including but not limited to any and all communications to or statements made by any individual to You.

**REQUEST NO. 4:** All documents and communications concerning statements or allegations made to or by You and/or made to, by, or between Special Agent Galioto and/or John Kaiser and/or You or any other party as to any or all of the following: the operation of the Resort Property, Danske's agreement to extend the maturity of loans made to the Borrower, the Borrower's paydown of principal, and any purported agreements between Danske on one hand and Kenneth Jowdy on the other.

**REQUEST NO. 5:** All documents and communications concerning Your knowledge and/or the bases for Your statements as to the value of the Resort Property, including but not limited to any appraisals procured by You.

6

**REQUEST NO. 6:** All documents and communications concerning claims or purported ancillary petitions received by You including but not limited to any claim filed by John Kaiser and/or any agreements (formal or informal) the government has made with any claimant, petitioner, or victim that has claimed a direct or indirect interest in the Resort Property.

Dated: May 21, 2021

Respectfully submitted,

**VENABLE LLP**

By: */s/ George Kostolampros*
George Kostolampros
(gkostolampros@venable.com)
600 Massachusetts Ave NW
Washington DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

AND

Doreen S. Martin
Xochitl S. Strohbehn
(dsmartin@venable.com)
(xochitl.strohbehn@venable.com)
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

*Attorneys for Danske Bank A/S London Branch*