

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 21, 2021

Seetha Ramachandran
Partner
d +1.212.969.3455
f 212.969.2900
sramachandran@proskauer.com
www.proskauer.com

By ECF

The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Philip A. Kenner & Tommy C. Constantine
               Criminal Docket No. 13-607 (JFB) (E.D.N.Y.)

Dear Judge Bianco:

      We represent Owen Nolan, a victim of Philip A. Kenner's fraud and a third party claimant in the forfeiture in the above-referenced matter. We respectfully submit this letter to address five third-party forfeiture petitions shared by the Government on June 22, 2021 on behalf of Bryan Berard, John Kaiser, Tyson Nash, Michael Peca and Kristin Peca, and Joe Juneau (the "Petitions"). The Petitions appear to be untimely and defective. *See* Dkt. No. 1070.

      Pursuant to 21 U.S.C. § 853(n)(1), the Government must publish notice of an order of forfeiture following its entry. The Government may also "provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified." *Id.* Any person asserting a legal interest in property ordered forfeited to the Government may within 30 days of the final publication of notice or receipt of direct written notice, "whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id.* § 853(n)(2).

      The statute's plain language makes clear that a claimant must "petition the court," not the Government, within the statutory prescribed time. The dates on which the putative petitioners submitted their Petitions to the Government is statutorily irrelevant – June 22, 2021 marks the day the Petitioners, through the Government's June 22, 2021 filing, "petition[ed] the court . . . to adjudicate the validity of [their] alleged interest in the property." *Id.* § 853(n)(2). The Petitions are thus untimely.

**Proskauer»**

The Honorable Joseph F. Bianco
July 21, 2021
Page 2

      The statutory deadline begins to run from the moment the Government publishes notice of the court's final forfeiture order or provides a "direct written notice to any person known to have alleged an interest in the property" subject to the forfeiture order. Here, the Court adopted its preliminary order of forfeiture as the "Final Order of Forfeiture" on October 5, 2020. *See* Dkt. No. 922. It is unclear when the Government published the statutorily required notice and when, if at all, it provided direct written notice to the Petitioners. The Government should promptly disclose this information to allow the Court to assess the timeliness of the Petitions. It appears unlikely, however, that any such notices predate June 22, 2021 by no more than 30 days given that Mr. Nolan, as a victim of Mr. Kenner's fraud in the criminal case, received his notice last year and most of the Petitions were submitted to the Government in the summer of 2020. Accordingly, the Petitions should be stricken. *See United States v. Crew*, 704 F. App'x 30, 32 (2d Cir. 2017) (concluding that the failure to submit a petition within the 30-day period extinguishes a petitioner's right to commence an ancillary proceeding) (summary order); *United States v. Lamid*, 663 F. App'x 319, 325 (5th Cir. 2016) ("Courts have routinely held that the deadline in section 853(n)(2) is mandatory.") (summary order); *United States v. Marion*, 562 F.3d 1330, 1339 (11th Cir. 2009) ("The failure to file a petition within th[e] thirty-day time period extinguishes a third-party's interests.").[1]

      Further, most of the Petitions are plainly defective and should be stricken on that basis as well. Pursuant to 21 U.S.C. § 853(n)(3), a valid petition "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."

      Here, the submission by Mr. Bryan Berard, *see* Dkt. No. 1070-2, can hardly be called a "petition": it encompasses a mere one sentence, is not dated or signed under the penalty of perjury, and does not set forth Mr. Berard's interest and time and circumstances he acquired it. Mr. Tyson Nash's barebones submission suffers from the same defects. *See* Dkt. No. 1070-3. The submission by Mr. Michael Peca and Ms. Kristin Peca also fails to comport with the statutory requirements; most notably, it is not signed under the penalty of perjury. *See* Dkt. No. 1070-4. Mr. John Kaiser's submission is the most egregious. *See* Dkt. No. 1070-2. Mr. Kaiser submitted only his April 21, 2014 correspondence with Mr. Kenneth Jowdy. He made no attempt to set forth "the nature and extent of [his] right, title, or interest in the property, the time and circumstances of [his] acquisition of the right, title, or interest in the property, any additional facts supporting [his] claim, and the relief sought." 21 U.S.C. § 853(n)(3). His submission is also unsigned. Accordingly, it is invalid and should be stricken along with the other defective

---

[1] The advisory committee notes to Federal Rule of Criminal Procedure 32.2(c) similarly state that "if a third party has notice of forfeiture but fails to file a timely claim, his or her interests are extinguished, and may not be recognized when the court enters the final order of forfeiture."

**Proskauer»**

The Honorable Joseph F. Bianco
July 21, 2021
Page 3

"petitions." *See, e.g.*, *United Stated v. Lamid*, 663 F. App'x 319, 323 (5th Cir. 2016) ("Because of the substantial danger of false claims in forfeiture proceedings, federal courts require strict compliance with [the] requirement" that the petition be signed under the penalty of perjury.); *United States v. Winters*, No. 19-cr-62, 2020 WL 1911473, at *3 (W.D. Pa. Apr. 20, 2020) (dismissing ancillary petition in part because it failed to "provide sufficient detail regarding the nature and extent of [petitioners'] right, title, or interest in the property and the time and circumstances of their acquisition of the right, title, or interest in the property"); *United States v. Sarabia-Ramirez*, No. 14-cr-226, 2019 WL 1493338, at *1 (E.D. Cal. Apr. 4, 2019) (dismissing ancillary petition in part because "although signatures from both petitioners appear on their submission, it is not signed by either petitioner under penalty of perjury"); *United States v. Aitken*, No. 09-cr-97, 2010 WL 2951171, at *2 (D. Nev. July 22, 2010) ("The Court need not conduct [an ancillary] hearing because Petitioners' petition is inadequate under the statutory requirements. Specifically, Petitioners have failed to sign the petition under penalty of perjury. Such a failure warrants dismissal.").

As the Court is aware, there are many victims of Mr. Kenner's fraud, including Mr. Nolan, who have suffered staggering losses. If there is any recovery for victims in this case, there is likely to be a limited amount of money available. To the extent that any of these five individuals have valid claims for restitution (and we note that several of them do, including Mr. Kaiser), that is a separate matter. But for the Court to recognize the Government's recent compilation of paperwork as petitions under 21 U.S.C. § 853(n)—even though they plainly do not meet the basic statutory requirements and were nowhere close to timely filed—would be grossly unfair to those petitioners like Mr. Nolan who did file timely claims and have been actively litigating this matter for many, many months. Although we do not know exactly when these five people received notice of the forfeiture, these proceedings have been public and case developments are routinely posted on the docket. Court conferences have been held telephonically, allowing any interested party to be heard. It is simply incomprehensible how any person who truly has a legal interest in the forfeiture could not have submitted a valid petition at this point in time.

For these reasons, we respectfully ask the Court to strike the five "petitions" submitted by the Government.

Respectfully submitted,

*/s/ Seetha Ramachandran*
SEETHA RAMACHANDRAN
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036

**Proskauer»**

The Honorable Joseph F. Bianco
July 21, 2021
Page 4

(212) 969-3455
sramachandran@proskauer.com

*Counsel for Owen Nolan*

cc:     All parties of record (via ECF)

**Proskauer»**