F.R. U-1
O.M.B. No. 7100-0115
Approval expires April 30, 2005

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

# Statement of Purpose for an Extension of Credit Secured By Margin Stock
## (Federal Reserve Form U-1)

**NORTHERN TRUST BANK, N.A.**
Name of Bank

This report is required by law (15 U.S.C. 78g and 78w; 12 CFR 221).

The Federal Reserve may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

Public reporting burden for this collection of information is estimated to average 10 minutes per response, including the time to gather and maintain data in the required form and to review instructions and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing this burden, to Secretary, Board of Governors of the Federal Reserve System, 20th and C Streets, N.W., Washington, D.C. 20551; and to the Office of Management and Budget, Paperwork Reduction Project (7100-0115), Washington, D.C. 20503.

**INSTRUCTIONS**

1. This form must be completed when a bank extends credit in excess of $100,000 secured directly or indirectly, in whole or in part, by any margin stock.

2. The term "margin stock" is defined in Regulation U (12 CFR 221) and includes, principally: (1) stocks that are registered on a national securities exchange; (2) debt securities (bonds) that are convertible into margin stocks; (3) any over-the-counter security designated as qualified for trading in the National Market System under a designation plan approved by the Securities and Exchange Commission (NMS security); and (4) shares of most mutual funds, unless 95 per cent of the assets of the fund are continuously invested in U.S. government, agency, state, or municipal obligations.

3. Please print or type (if space is inadequate, attach separate sheet).

**PART I** To be completed by borrower(s)

1. What is the amount of the credit being extended? **$500,000**

2. Will any part of this credit be used to purchase or carry margin stock? ☐ Yes ☒ No

If the answer is "no", describe the specific purpose of the credit. **Real Estate Investment**

I (We) have read this form and certify that to the best of my (our) knowledge and belief the information given is true, accurate, and complete, and that the margin stock and any other securities collateralizing this credit are authentic, genuine, and not stolen, forged, or counterfeit.

Signed: [signature]
Borrower's Signature    Date
OWEN NOLAN
Print or Type Name

Borrower's Signature    Date
[Nolan hand-writing]
Print or Type Name

This form should not be signed if blank.

A borrower who falsely certifies the purpose of a credit on this form or otherwise willfully or intentionally evades the provisions of Regulation ... Credit."

[Annotation: Faxed to Nolan by Kenner and then mailed to Northern Trust by Nolan in December 2003 per the 39-page fax instructions from Kenner to Nolan...and received by NT before the first Hawaii closing -- only one week later (12/23/2003)]

NAAZ011638

Dec 15 03 07:07p   p.4

F.R. U-1
Page 2 of 2

**PART II** To be completed by bank only if the purpose of the credit is to purchase or carry margin securities (Part I (2) answered "yes")

1. List the margin stock securing this credit; do not include debt securities convertible into margin stock. The maximum loan value of margin stock is 50 per cent of its current market value under the current Supplement to Regulation U.

| No. of shares | Issue | Market price per share | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|  |  |  |  |  |

2. List the debt securities convertible into margin stock securing this credit. The maximum loan value of such debt securities is 50 per cent of the current market value under the current Supplement to Regulation U.

| Principal amount | Issue | Market price | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|  |  |  |  |  |

3. List other collateral including nonmargin stock securing this credit.

| Describe briefly | Market price | Date and source of valuation (See note below) | Good faith loan value |
|---|---|---|---|
|  |  |  |  |

Note: Bank need not complete "Date and source of valuation" if the market value [is obtained from a widely circulated] on or automated quotation system.

**PART III** To be signed by a bank officer in all instances

I am a duly authorized representative of the bank and understand that this credit secured by margin stock may be subject to the credit restrictions of Regulation U. I have read this form and any attachments, and I have accepted the customer's statement in Part I in good faith as required by Regulation U*; and I certify that to the best of my knowledge and belief, all the information given is true, accurate, and complete. I also certify that if any securities that directly secure the credit are not or will not be registered in the name of the borrower or its nominee, I have or will cause to have examined the written consent of the registered owner to pledge such securities. I further certify that any securities that have been or will be physically delivered to the bank in connection with this credit have been or will be examined, that all validation procedures required by bank policy and the Securities Exchange Act of 1934 (section 17 (f), as amended) have been or will be performed, and that I am satisfied to the best of my knowledge and belief that such securities are genuine and not stolen or forged and their faces have not been altered.

*Please note that this was mailed via International FedEx by Nolan (from Toronto) to NT Bank and counter-signed 3 days after Kenner sent Nolan the 39-page fax)...*

Date: 12/18/03
Title: VICE PRESIDENT

Bank officer's signature: [signature]
Print or type name: NELSON LERNER

* To accept the customer's statement in good faith, the officer of the bank must be alert to the circumstances surrounding the credit and, if in possession of any information that would cause a prudent person not to accept the statement without inquiry, must have investigated and be satisfied that the statement is truthful. Among the facts which would require such investigation are receipt of the statement through the mail or from a third party.

**This form must be retained by the lender for three years after the credit is extinguished.**

NAAZ011639

F.R. U-1
O.M.B. No. 7100-0115
Approval expires April 30, 2005

## BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

## Statement of Purpose for an Extension of Credit Secured By Margin Stock
## (Federal Reserve Form U-1)

**NORTHERN TRUST BANK, N.A.**
Name of Bank

This report is required by law (15 U.S.C. 78g and 78w; 12 CFR 221).

The Federal Reserve may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

Public reporting burden for this collection of information is estimated to average 10 minutes per response, including the time to gather and maintain data in the required form and to review instructions and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing this burden, to Secretary, Board of Governors of the Federal Reserve System, 20th and C Streets, N.W., Washington, D.C. 20551; and to the Office of Management and Budget, Paperwork Reduction Project (7100-0115), Washington, D.C. 20503.

### INSTRUCTIONS

1. This form must be completed when a bank extends credit in excess of $100,000 secured directly or indirectly, in whole or in part, by any margin stock.

2. The term "margin stock" is defined in Regulation U (12 CFR 221) and includes, principally: (1) stocks that are registered on a national securities exchange; (2) debt securities (bonds) that are convertible into margin stocks; (3) any over-the-counter security designated as qualified for trading in the National Market System under a designation plan approved by the Securities and Exchange Commission (NMS security); and (4) shares of most mutual funds, unless 95 percent of the assets of the fund are continuously invested in U.S. government, agency, state, or municipal obligations.

3. Please print or type (if space is inadequate, attach separate sheet).

**PART I** To be completed by borrower(s)

1. What is the amount of the credit being extended?  $2,200,000

2. Will any part of this credit be used to purchase or carry margin stock?   ☐ Yes   ☒ No

If the answer is "no", describe the specific purpose of the credit:
Investment in Little Isle IV LLC

I (We) have read this form and certify that to the best of my (our) knowledge and belief the information given is true, accurate, and complete, and that the margin stock and any other securities collateralizing this credit are authentic, genuine, unaltered, and not stolen, forged, or counterfeit.

Signed: _[signature]_   10/29/04
Borrower's Signature      Date
Owen Nolan
Print or Type Name

Signed: _____   ← Nolan hand-writing
Borrower's Signature      Date
_____
Print or Type Name

This form should not be signed if blank.

A borrower who falsely certifies the purpose of a credit on this form or otherwise willfully or intentionally evades the provisions of Regulation U will also violate Federal Reserve Regulation X, "Borrowers of Securities Credit."

TNTC000764

F.R. U-1
Page 2 of 2

**PART II** To be completed by bank only if the purpose of the credit is to purchase or carry margin securities (Part I (2) answered "yes")

1. List the margin stock securing this credit; do not include debt securities convertible into margin stock. The maximum loan value of margin stock is 50 percent of its current market value under the current Supplement to Regulation U.

| No. of shares | Issue | Market price per share | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|  |  |  |  |  |

2. List the debt securities convertible into margin stock securing this credit. The maximum loan value of such debt securities is 50 percent of the current market value under the current Supplement to Regulation U.

| Principal amount | Issue | Market price | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|  |  |  |  |  |

3. List other collateral including nonmargin stock securing this credit.

| Describe briefly | Market price | Date and source of valuation (See note below) | Good faith loan value |
|---|---|---|---|
|  |  |  |  |

Note: Bank need not complete "Date and source of valuation" if the market value was obtained from regularly published information in a journal of general circulation or automated quotation system.

**PART III** To be signed by a bank officer in all instances

I am a duly authorized representative of the bank and understand that this credit secured by margin stock may be subject to the credit restrictions of Regulation U. I have read this form and any attachments, and I have accepted the customer's statement in Part I in good faith as required by Regulation U*; and I certify that to the best of my knowledge and belief, all the information given is true, accurate, and complete. I also certify that if any securities that directly secure the credit are not or will not be registered in the name of the borrower or its nominee, I have or will cause to have examined the written consent of the registered owner to pledge such securities. I further certify that any securities that have been or will be physically delivered to the bank in connection with this credit have been or will be examined, that all validation procedures required by bank policy and the Securities Exchange Act of 1934 (section 17 (f), as amended) have been or will be performed, and that I am satisfied to the best of my knowledge and belief that such securities are genuine and not stolen or forged and their faces have not been altered.

| Octoer 15, 2004 | Signed: _[signature]_ |
|---|---|
| Date | Bank officer's signature |
| Vice President | Edward B Wilson |
| Title | Print or type name |

* To accept the customer's statement in good faith, the officer of the bank must be alert to the circumstances surrounding the credit and, if in possession of any information that would cause a prudent person not to accept the statement without inquiry, must have investigated and be satisfied that the statement is truthful. Among the facts which would require such investigation are receipt of the statement through the mail or from a third party.

**This form must be retained by the lender for three years after the credit is extinguished.**

TNTC000765

F.R. U-1
O.M.B. No. 7100-0115
Approval expires April 30, 2005

## BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
## Statement of Purpose for an Extension of Credit Secured By Margin Stock
### (Federal Reserve Form U-1)

**NORTHERN TRUST BANK, N.A.**
Name of Bank

This report is required by law (15 U.S.C. 78g and 78w; 12 CFR 221).

The Federal Reserve may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

Public reporting burden for this collection of information is estimated to average 10 minutes per response, including the time to gather and maintain data in the required form and to review instructions and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing this burden, to Secretary, Board of Governors of the Federal Reserve System, 20th and C Streets, N.W., Washington, D.C. 20551; and to the Office of Management and Budget, Paperwork Reduction Project (7100-0115), Washington, D.C. 20503.

**INSTRUCTIONS**

1. This form must be completed when a bank extends credit in excess of $100,000 secured directly or indirectly, in whole or in part, by any margin stock.

2. The term "margin stock" is defined in Regulation U (12 CFR 221) and includes, principally: (1) stocks that are registered on a national securities exchange; (2) debt securities (bonds) that are convertible into margin stocks; (3) any over-the-counter security designated as qualified for trading in the National Market System under a designation plan approved by the Securities and Exchange Commission (NMS security); and (4) shares of most mutual funds, unless 95 percent of the assets of the fund are continuously invested in U.S. government, agency, state, or municipal obligations.

3. Please print or type (if space is inadequate, attach separate sheet).

**PART I** To be completed by borrower(s)

1. What is the amount of the credit being extended? **$1,775,000.00**

   *[Annotation: Peca signed a $1,600,000 extension of credit 3 months earlier -- not in trial subpoena]*

2. Will any part of this credit be used to purchase or carry margin stock?   ☐ Yes   ☒ No

If the answer is "no", describe the specific purpose of the credit.

**Increase to existing loan used for speculative real estate investments**

I (We) have read this form and certify that to the best of my (our) knowledge and belief the information given is true, accurate, and complete, and that the margin stock and any other securities collateralizing this credit are authentic, genuine, unaltered, and not stolen, forged, or counterfeit.

Signed: _[signature]_  6-30-05
Borrower's Signature      Date

Michael Peca
Print or Type Name

*[Annotation: Peca hand-writing]*

Signed: _____
Borrower's Signature      Date

_____
Print or Type Name

This form should not be signed if blank.

A borrower who falsely certifies the purpose of a credit on this form or otherwise willfully or intentionally evades the provisions of Regulation U will also violate Federal Reserve Regulation X, "Borrowers of Securities Credit."

F.R. U-1
Page 2 of 2

**PART II** To be completed by bank only if the purpose of the credit is to purchase or carry margin securities (Part I (2) answered "yes")

1. List the margin stock securing this credit; do not include debt securities convertible into margin stock. The maximum loan value of margin stock is 50 percent of its current market value under the current Supplement to Regulation U.

| No. of shares | Issue | Market price per share | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
| | | | | |

2. List the debt securities convertible into margin stock securing this credit. The maximum loan value of such debt securities is 50 percent of the current market value under the current Supplement to Regulation U.

| Principal amount | Issue | Market price | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
| | | | | |

3. List other collateral including nonmargin stock securing this credit.

| Describe briefly | Market price | Date and source of valuation (See note below) | Good faith loan value |
|---|---|---|---|
| | | | |

Note: Bank need not complete "Date and source of valuation" if the market value was obtained from regularly published information in a journal of general circulation or automated quotation system.

**PART III** To be signed by a bank officer in all instances

I am a duly authorized representative of the bank and understand that this credit secured by margin stock may be subject to the credit restrictions of Regulation U. I have read this form and any attachments, and I have accepted the customer's statement in Part I in good faith as required by Regulation U*; and I certify that to the best of my knowledge and belief, all the information given is true, accurate, and complete. I also certify that if any securities that directly secure the credit are not or will not be registered in the name of the borrower or its nominee, I have or will cause to have examined the written consent of the registered owner to pledge such securities. I further certify that any securities that have been or will be physically delivered to the bank in connection with this credit have been or will be examined, that all validation procedures required by bank policy and the Securities Exchange Act of 1934 (section 17 (f), as amended) have been or will be performed, and that I am satisfied to the best of my knowledge and belief that such securities are genuine and not stolen or forged and their faces have not been altered.

July 1, 2005
Date

Vice President
Title

Signed: *[signature]*
Bank officer's signature

Edward B Wilson
Print or type name

* To accept the customer's statement in good faith, the officer of the bank must be alert to the circumstances surrounding the credit and, if in possession of any information that would cause a prudent person not to accept the statement without inquiry, must have investigated and be satisfied that the statement is truthful. Among the facts which would require such investigation are receipt of the statement through the mail or from a third party.

**This form must be retained by the lender for three years after the credit is extinguished.**

F.R. U-1
O.M.B. ℩
Approv

## BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
## Statement of Purpose for an Extension of Credit Secured By Margin Stock
### (Federal Reserve Form U-1)

**NORTHERN TRUST BANK, N.A.**
Name of Bank

This report is required by law (15 U.S.C. 78g and 78w; 12 CFR 221).

The Federal Reserve may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

Public reporting burden for this collection of information is estimated to average 10 minutes per response, including the time to gather and maintain data in the required form and to review instructions and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing this burden, to Secretary, Board of Governors of the Federal Reserve System, 20th and C Streets, N.W., Washington, D.C. 20551; and to the Office of Management and Budget, Paperwork Reduction Project (7100-0115), Washington, D.C. 20503.

**INSTRUCTIONS**

1. This form must be completed when a bank extends credit in excess of $100,000 secured directly or indirectly, in whole or in part, by any margin stock.

2. The term "margin stock" is defined in Regulation U (12 CFR 221) and includes, principally: (1) stocks that are registered on a national securities exchange; (2) debt securities (bonds) that are convertible into margin stocks; (3) any over-the-counter security designated as qualified for trading in the National Market System under a designation plan approved by the Securities and Exchange Commission (NMS security); and (4) shares of most mutual funds, unless 95 percent of the assets of the fund are continuously invested in U.S. government, agency, state, or municipal obligations.

3. Please print or type (if space is inadequate, attach separate sheet).

**PART I** To be completed by borrower(s)

1. What is the amount of the credit being extended?   900,000.00

2. Will any part of this credit be used to purchase or carry margin stock?   ☐ Yes   ☒ No

If the answer is "no", describe the specific purpose of the credit.
   Investment in speculative real estate

I (We) have read this form and certify that to the best of my (our) knowledge and belief the information given is true, accurate, and complete, and that the margin stock and any other securities collateralizing this credit are authentic, genuine, unaltered, and not stolen, forged, or counterfeit.

Signed: [signature]   3-7-05
Borrower's Signature   Date
Bryan Berard
Print or Type Name

← Berard hand-writing

Signed: _____   _____
Borrower's Signature   Date
_____
Print or Type Name

This form should not be signed if blank.

A borrower who falsely certifies the purpose of a credit on this form or otherwise willfully or intentionally evades the provisions of Regulation U will also violate Federal Reserve Regulation X, "Borrowers of Securities Credit."

TNTC000209

F.R. U-1
O.M.B. No. 7100-0115
Approval expires April 30, 2005

**BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM**

## Statement of Purpose for an Extension of Credit Secured By Margin Stock
## (Federal Reserve Form U-1)

**NORTHERN TRUST BANK, N.A.**
Name of Bank

This report is required by law (15 U.S.C. 78g and 78w; 12 CFR 221).

The Federal Reserve may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

Public reporting burden for this collection of information is estimated to average 10 minutes per response, including the time to gather and maintain data in the required form and to review instructions and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing this burden, to Secretary, Board of Governors of the Federal Reserve System, 20th and C Streets, N.W., Washington, D.C. 20551; and to the Office of Management and Budget, Paperwork Reduction Project (7100-0115), Washington, D.C. 20503.

### INSTRUCTIONS

1. This form must be completed when a bank extends credit in excess of $100,000 secured directly or indirectly, in whole or in part, by any margin stock.

2. The term "margin stock" is defined in Regulation U (12 CFR 221) and includes, principally: (1) stocks that are registered on a national securities exchange; (2) debt securities (bonds) that are convertible into margin stocks; (3) any over-the-counter security designated as qualified for trading in the National Market System under a designation plan approved by the Securities and Exchange Commission (NMS security); and (4) shares of most mutual funds, unless 95 percent of the assets of the fund are continuously invested in U.S. government, agency, state, or municipal obligations.

3. Please print or type (if space is inadequate, attach separate sheet).

**PART I** To be completed by borrower(s)

1. What is the amount of the credit being extended?  $480,000.00

2. Will any part of this credit be used to purchase or carry margin stock?  ☐ Yes  ☒ No

If the answer is "no", describe the specific purpose of the credit.
Investment in Little Isle IV LLC

I (We) have read this form and certify that to the best of my (our) knowledge and belief the information given is true, accurate, and complete, and that the margin stock and any other securities collateralizing this credit are authentic, genuine, unaltered, and not stolen, forged, or counterfeit.

Signed: [signature]   Date: 11/24/04
Borrower's Signature
Steven A Rucchin
Print or Type Name

Signed: _____  [Rucchin hand-writing]
Borrower's Signature   Date
Print or Type Name

This form should not be signed if blank.

A borrower who falsely certifies the purpose of a credit on this form or otherwise willfully or intentionally evades the provisions of Regulation U will also violate Federal Reserve Regulation X, "Borrowers of Securities Credit."

TNTC000421

F.R. U-1
Page 2 of 2

**PART II** To be completed by bank only if the purpose of the credit is to purchase or carry margin securities (Part I (2) answered "yes")

1. List the margin stock securing this credit; do not include debt securities convertible into margin stock. The maximum loan value of margin stock is 50 percent of its current market value under the current Supplement to Regulation U.

| No. of shares | Issue | Market price per share | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|   |   |   |   |   |

2. List the debt securities convertible into margin stock securing this credit. The maximum loan value of such debt securities is 50 percent of the current market value under the current Supplement to Regulation U.

| Principal amount | Issue | Market price | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|   |   |   |   |   |

3. List other collateral including nonmargin stock securing this credit.

| Describe briefly | Market price | Date and source of valuation (See note below) | Good faith loan value |
|---|---|---|---|
|   |   |   |   |

Note: Bank need not complete "Date and source of valuation" if the market value was obtained from regularly published information in a journal of general circulation or automated quotation system.

**PART III** To be signed by a bank officer in all instances

I am a duly authorized representative of the bank and understand that this credit secured by margin stock may be subject to the credit restrictions of Regulation U. I have read this form and any attachments, and I have accepted the customer's statement in Part I in good faith as required by Regulation U*; and I certify that to the best of my knowledge and belief, all the information given is true, accurate, and complete. I also certify that if any securities that directly secure the credit are not or will not be registered in the name of the borrower or its nominee, I have or will cause to have examined the written consent of the registered owner to pledge such securities. I further certify that any securities that have been or will be physically delivered to the bank in connection with this credit have been or will be examined, that all validation procedures required by bank policy and the Securities Exchange Act of 1934 (section 17 (f), as amended) have been or will be performed, and that I am satisfied to the best of my knowledge and belief that such securities are genuine and not stolen or forged and their faces have not been altered.

| November 3, 2004 | Signed: *[signature]* |
|---|---|
| Date | Bank officer's signature |
| Vice President | Edward B Wilson |
| Title | Print or type name |

\* To accept the customer's statement in good faith, the officer of the bank must be alert to the circumstances surrounding the credit and, if in possession of any information that would cause a prudent person not to accept the statement without inquiry, must have investigated and be satisfied that the statement is truthful. Among the facts which would require such investigation are receipt of the statement through the mail or from a third party.

**This form must be retained by the lender for three years after the credit is extinguished.**

TNTC000422

F.R. U-1
O.M.B. No. 7100-0115
Approval expires April 30, 2005

## BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
## Statement of Purpose for an Extension of Credit Secured By Margin Stock
## (Federal Reserve Form U-1)

**NORTHERN TRUST BANK, N.A.**
Name of Bank

This report is required by law (15 U.S.C. 78g and 78w; 12 CFR 221).

The Federal Reserve may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

Public reporting burden for this collection of information is estimated to average 10 minutes per response, including the time to gather and maintain data in the required form and to review instructions and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing this burden, to Secretary, Board of Governors of the Federal Reserve System, 20th and C Streets, N.W., Washington, D.C. 20551; and to the Office of Management and Budget, Paperwork Reduction Project (7100-0115), Washington, D.C. 20503.

**INSTRUCTIONS**

1. This form must be completed when a bank extends credit in excess of $100,000 secured directly or indirectly, in whole or in part, by any margin stock.

2. The term "margin stock" is defined in Regulation U (12 CFR 221) and includes, principally: (1) stocks that are registered on a national securities exchange; (2) debt securities (bonds) that are convertible into margin stocks; (3) any over-the-counter security designated as qualified for trading in the National Market System under a designation plan approved by the Securities and Exchange Commission (NMS security); and (4) shares of most mutual funds, unless 95 percent of the assets of the fund are continuously invested in U.S. government, agency, state, or municipal obligations.

3. Please print or type (if space is inadequate, attach separate sheet).

**PART I** To be completed by borrower(s)

1. What is the amount of the credit being extended?   1,000,000.00

2. Will any part of this credit be used to purchase or carry margin stock?   ☐ Yes   ☒ No

If the answer is "no", describe the specific purpose of the credit.
Investment in Little Isle IV LLC

I (We) have read this form and certify that to the best of my (our) knowledge and belief the information given is true, accurate, and complete, and that the margin stock and any other securities collateralizing this credit are authentic, genuine, unaltered, and not stolen, forged, or counterfeit.

Signed: [signature]   1/03/05
Borrower's Signature   Date
Steven A Rucchin
Print or Type Name

Signed: _____   Rucchin handwriting
Borrower's Signature   Date
_____
Print or Type Name

This form should not be signed if blank.

A borrower who falsely certifies the purpose of a credit on this form or otherwise willfully or intentionally evades the provisions of Regulation U will also violate Federal Reserve Regulation X, "Borrowers of Securities Credit."

TNTC000592

F.R. U-1
Page 2 of 2

**PART II** To be completed by bank only if the purpose of the credit is to purchase or carry margin securities (Part I (2) answered "yes")

1. List the margin stock securing this credit; do not include debt securities convertible into margin stock. The maximum loan value of margin stock is 50 percent of its current market value under the current Supplement to Regulation U.

| No. of shares | Issue | Market price per share | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|  |  |  |  |  |

2. List the debt securities convertible into margin stock securing this credit. The maximum loan value of such debt securities is 50 percent of the current market value under the current Supplement to Regulation U.

| Principal amount | Issue | Market price | Date and source of valuation (See note below) | Total market value per issue |
|---|---|---|---|---|
|  |  |  |  |  |

3. List other collateral including nonmargin stock securing this credit.

| Describe briefly | Market price | Date and source of valuation (See note below) | Good faith loan value |
|---|---|---|---|
|  |  |  |  |

Note: Bank need not complete "Date and source of valuation" if the market value was obtained from regularly published information in a journal of general circulation or automated quotation system.

**PART III** To be signed by a bank officer in all instances

I am a duly authorized representative of the bank and understand that this credit secured by margin stock may be subject to the credit restrictions of Regulation U. I have read this form and any attachments, and I have accepted the customer's statement in Part I in good faith as required by Regulation U*; and I certify that to the best of my knowledge and belief, all the information given is true, accurate, and complete. I also certify that if any securities that directly secure the credit are not or will not be registered in the name of the borrower or its nominee, I have or will cause to have examined the written consent of the registered owner to pledge such securities. I further certify that any securities that have been or will be physically delivered to the bank in connection with this credit have been or will be examined, that all validation procedures required by bank policy and the Securities Exchange Act of 1934 (section 17 (f), as amended) have been or will be performed, and that I am satisfied to the best of my knowledge and belief that such securities are genuine and not stolen or forged and their faces have not been altered.

December 20, 2004
Date

Vice President
Title

Signed: _Edward B Wilson_ (signature)
Bank officer's signature
Edward B Wilson
Print or type name

* To accept the customer's statement in good faith, the officer of the bank must be alert to the circumstances surrounding the credit and, if in possession of any information that would cause a prudent person not to accept the statement without inquiry, must have investigated and be satisfied that the statement is truthful. Among the facts which would require such investigation are receipt of the statement through the mail or from a third party.

**This form must be retained by the lender for three years after the credit is extinguished.**

TNTC000593