

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JHK:DCL:MMO

*610 Federal Plaza*
*Central Islip, New York 11722*

August 9, 2021

Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
Long Island Federal Courthouse
Central Islip, New York 11722

        Re:    <u>United States v. Kenner and Constantine</u>
               No. CR-13-607 (S-2) (JFB)

Dear Judge Bianco:

      In accordance with the Court's July 22, 2021 directive, the government respectfully submits this letter to address the discovery the government seeks from Danske Bank. Attached hereto as Exhibit A is a chart with columns addressing the government's discovery requests, the status of the requests, and Danske's and the government's respective positions regarding the outstanding requests.

      To date, only six of the twenty-one discovery requests remain in dispute, namely, Request Numbers 3, 7, 8, 9, 11, and 14. As set forth on the attached chart, the government submits that these requests are relevant to the issue of whether Danske is a bona fide purchaser for value that was reasonably without cause to be believe that the DCSL Resort is subject to forfeiture. The discovery is also relevant to whether Danske failed to perform its due diligence and did not engage in arm's length transactions with Kenneth Jowdy ("Jowdy") and the DCSL Resort. Notably, Danske has agreed to produce records or documentation in response to only *four* narrow discovery requests and is only willing to provide "explanations" for the remaining undisputed requests.[1] Thus, Danske aims to thwart the government's right to conduct meaningful discovery and probe Danske's claim by cherry-picking a very limited amount of documentary discovery that it will produce. However, as discussed in the government's memorandum of law in support of its motion for summary judgment and in opposition to Danske's motion for summary judgment, Docket Entry ("DE") 912 at pp. 17-19, Federal Rule of

---

[1] On August 6, 2021, Danske unilaterally extended its discovery deadline for a second time, informing the government that it would produce its "explanations" by August 12, 2021.

Criminal Procedure 32.2 specifically contemplates discovery in ancillary forfeiture proceedings "to resolve factual issues," such as the unresolved factual issues attendant to Danske's claim. Fed. R. Crim. P. 32.2(c)(1)(B). Accordingly, the government requests that the Court order Danske to fully comply with the discovery sought in the disputed requests no later than August 27, 2021.

With regard to an anticipated date that discovery will close, the government anticipates that discovery as to Danske Bank's claim will be completed by the end of October 2021 or the beginning of November 2021, and that supplemental briefing pursuant to Rule 32.2 may commence. The government's projection is based on counsel for Danske Bank having previously informed the government and the Court that its construction consultant, Michael Delvin ("Delvin"), will not be available for a deposition until the first week of October. Counsel for Jowdy and the DCSL Resort indicated that Jowdy will also be available for a deposition during the first week of October. However, the government has informed counsel for Danske Bank and Jowdy that depositions cannot be conducted until after the government has received all document discovery. The government further stated that it intended to depose Delvin in the time period suggested by Danske and then depose Jowdy two weeks later. Counsel for Danske and Jowdy objected to the government's proposed deposition schedule, preferring that the government conduct both depositions during the first week of October or conduct Jowdy's deposition before Delvin's. Notwithstanding counsels' preference, the government will be deposing Delvin first, and as is the case in many depositions, may seek follow-up information or documents from Delvin during his deposition. As such, the government submits that a small gap between the two depositions is reasonable so that the government will have adequate time after the Delvin deposition to obtain any additional documents and information from Delvin prior to Jowdy's deposition. The government notes that while Danske and Jowdy object to the modest interval between depositions, Danske has advised that it will not make Delvin available for a deposition prior to October, almost two months from today.[2] The government previously indicated to Danske that the government is prepared to conduct Delvin's deposition sooner, provided that Danske produces all discovery at the agreed upon and/or so ordered dates.

Further, while the government agrees that the deposition of Jowdy, as it relates to Danske Bank's claim, will be limited to issues involving Jowdy's management and ownership of the

---

[2] Additionally, while Danske objects to the government scheduling a modest interval between depositions, Danske ignores the fact that it has repeatedly sought adjournments of court conferences in this ancillary proceeding and has twice extended its discovery deadlines without seeking the government's consent to such extensions.

DCSL Resort and Jowdy's relationship with Danske Bank, the government also seeks to question Jowdy about his petition in the instant ancillary proceeding as to his personal residence.

                        Respectfully submitted,

                        JACQUELYN M. KASULIS
                        Acting United States Attorney

By:   /s/ Madeline O'Connor
       Madeline O'Connor
       Diane C. Leonardo
       Assistant U.S. Attorneys
       (631) 715-7870
       (631) 715-7854

cc: All counsel of record by ECF