04/18/2011  03:55   15168683993                    KOONDEL COHEN LAMPER                    PAGE  04

                                                                                           Ø002·002

**2011 time stamp on the FABRICATED & FORGED doc...for their closing attorneys...**

with such action, suit or proceeding, brought derivatively by its members, whether or not fault is at issue.

**Article 5 – Confidentiality**
Section 1 – Confidentiality: This agreement to acquire *Led Better* and the subsequent acquisition of the underlying property thereof, is highly sensitive and shall be strictly confidential and among all of the LLC members. All members understand and agree that significant irreparable damages may occur if disclosure is permitted intentionally or negligently.

**Hand-written change makes this document have NO SENSE about confidentiality & Indemnification - originally North Point Properties (the seller)...**

**Article 6 – Equity Ownership and Dividends**
Section 1 - Equity Ownership and Dividends: Subject to the applicable law, dividends may be declared and paid out of any funds thereof, as often and in such amounts, and at such time or times as the Managing Member(s) may determine equity ownership rights, as of the date herein, as is as follows:

| | |
|---|---|
| John R. Kaiser | 50% |
| Bryan Berard | 25% |
| Vincent J. Tesoriero | 25% |

**Contradicts the EDNY Indictment allegations that Berard was supposed to own 50% -- as they cannot even get their LIES straight with Agent Galioto...**

**Article 7 – Miscellaneous**
Section 1 – Miscellaneous: The agreement contains the entire agreement between the parties and any waiver, amendment or modification to the agreement will be subject to the above conditions and must be attached hereto.

Section 2 – Facsimile Signatures: Facsimile signatures are hereby Authorized and will constitute a legal and binding instrument. The undersigned certifies the foregoing operating agreement has been adopted by the LLC, in accordance with the requirements of DE law.

Dated October 11, 2006.

X *Lauren Gilmore*
Managing Member, Lauren Gilmore

**FORGED signature of Kenner's girl friend -- UNKNOWN to Kaiser, Berard and/or Tesoriero in 2006...**

**Same date as REAL LedBetter Agreement...**

BINDER-0000452

BINDER-000004

04/18/2011   03:55   15168683993   KOUNDEL COHEN LAMPER   PAGE 05

FORGED agreement actually uses Kenner's AZ address as the Office for Ledbetter -- thus COMPLETE NONSENSE...

**Ledbetter Development Company, LLC**
**Operating Agreement**

**Article 1 – Offices**
Section 1 – Office: The office of the limited liability company shall be located at 10705 East Cactus Road, Scottsdale, AZ 85259. The company may also maintain offices at such other places, within or without the United States as the Company, may from time to time, determine.

**Article 2 – Meeting of Members**
Section 1 – Special Meetings: Special meetings of the members may be called at any time by the Managing Member(s) in accordance with the provisions of the laws of the State of Delaware.

Section 2 – Place of Meetings: All meetings of members may be held at the principle office of the company, or at such other places as shall be designated in the notices of such meetings.

**Article 3 – Managing Member and Members**
Section 1 – Term of Office: The Managing Member shall be Lauren Gilmore (100%) management right. For Lauren Gilmore the term of office shall be in perpetuity unless and until otherwise determined.

Section 2 – Duties and Powers: The Managing Member shall be responsible for the control and management of the affairs, property of the LLC.

**Article 4 – Indemnification**
Section 1 – Indemnification and third party actions: The company shall indemnify Lauren Gilmore, (hereinafter 2nd party guarantee), its agents, and/or partners individually, for any claim, or threatened claim, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, including all appeals, related to ( LED Better ) and the subsequent acquisition of the underlying property thereof, against any and all expenses including reasonable attorney fees, judgments, decrees, fines, penalties and amounts paid in settlement, which were actually and reasonably incurred by (2nd Party Guaranty) in connection with such action, suit or proceeding, whether or not fault is at issue.

Section 2 – Indemnification and Derivative Sections: The company shall indemnify Lauren Gilmore (hereinafter 2nd party guaranty), its agents, and/or partners individually, for any claim, or threatened claim, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, including all appeals, related to (. Led Better ) and the subsequent acquisition of the underlying property thereof, against any and all expenses including reasonable attorney fees, judgments, decrees, fines, penalties and amounts paid in settlement, which were actually and reasonably incurred by (2nd Party Guaranty) in connection

Hand-written change makes this document have NO SENSE about confidentiality & Indemnification - originally North Point Properties (the seller)...

BINDER-0000450

BINDER-000004