AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of New York

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
SEP 17 2021
LONG ISLAND OFFICE

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Phillip A. Kenner | ) | Case Number: 2:13-CR-0607(S-2)-001 (JFB) |
| | ) | USM Number: 07480-408 |
| | ) | PRO-SE; Advisory Counsel Matthew W. Brissenden (CJA) |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1ss through 4ss, 7ss and 9ss of the second Superseding Indictment (S-2) filed on 4/22/2015.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1343 and 1349 | Conspiracy to Commit Wire Fraud; Class C Felony | 4/30/2013 | 1ss |
| 18 USC § 1343 | Wire Fraud; Class C Felony | 2/12/2009 | 2ss |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   5ss, 6ss, and 8ss

☑ Count(s)   All Open Counts   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/5/2020
Date of Imposition of Judgment

/s/Joseph F. Bianco
Signature of Judge

Joseph F. Bianco, USCJ (Sitting by designation.)
Name and Title of Judge

9/17/21
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 1A

Judgment—Page 2 of 8

DEFENDANT: Phillip A. Kenner
CASE NUMBER: 2:13-CR-0607(S-2)-001 (JFB)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1343 | Wire Fraud; Class C Felony | 2/26/2009 | 3ss |
| 18 USC § 1343 | Wire Fraud; Class C Felony | 5/22/2009 | 4ss |
| 18 USC § 1343 | Wire Fraud; Class C Felony | 11/20/2008 | 7ss |
| 18 USC §§ 1956(h) and 1956(a)(1)(B)(i) | Conspiracy to Commit Money Laundering, Class C Felony | 4/30/2013 | 9ss |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 3 of 8

DEFENDANT: Phillip A. Kenner
CASE NUMBER: 2:13-CR-0607(S-2)-001 (JFB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Two hundred and four (204) months on each count to run concurrent to each other.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: Phillip A. Kenner
CASE NUMBER: 2:13-CR-0607(S-2)-001 (JFB)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) years on each count to run concurrent to each other.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: Phillip A. Kenner
CASE NUMBER: 2:13-CR-0607(S-2)-001 (JFB)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3D — Supervised Release

Judgment—Page 6 of 8

DEFENDANT: Phillip A. Kenner
CASE NUMBER: 2:13-CR-0607(S-2)-001 (JFB)

## SPECIAL CONDITIONS OF SUPERVISION

[1] The standard condition of supervision, number 12 on page 5 of this judgment, is modified as follows: If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may seek to have the court determine that such a risk exists and that you should be required to notify the person about the risk and you must comply with that instruction. Upon such a determination by the court and with the approval of the court, the probation officer may contact the person and confirm that you have notified the person about the risk.

[2] The defendant shall maintain full-time verifiable employment.

[3] The defendant shall comply with the restitution order.

[4] The defendant shall comply with the forfeiture order.

[5] Upon request, the defendant shall provide the U.S. Probation Office with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of your income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records.

[6] The defendant shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant shall provide the U.S. Probation Office with full disclosure of his self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

[7] The defendant is prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the, forfeiture, fine and/or restitution obligation or otherwise has the express approval of the Court.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  7  of  8

DEFENDANT: Phillip A. Kenner
CASE NUMBER: 2:13-CR-0607(S-2)-001 (JFB)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|------|------------------|-------------------|
| TOTALS | $ 600.00   | $ 16,223,121.82 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk of Court, EDNY | $16,223,121.82 | $16,223,121.82 | |
| (Names of victims and amounts ordered are set forth in the attached rider) | | | |
| **TOTALS** | $ 16,223,121.82 | $ 16,223,121.82 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the   ☐ fine  ☑ restitution.

  ☐ the interest requirement for the   ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　  Sheet 6 — Schedule of Payments

Judgment — Page   8   of   8

DEFENDANT: Phillip A. Kenner
CASE NUMBER: 2:13-CR-0607(S-2)-001 (JFB)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ 600.00  due immediately, balance due

　　　☐  not later than _____ , or
　　　☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:
　　　Restitution in the amount of $16,223,121.82 is due immediately and payable at the rate of $25 per quarter while in custody, and at a rate of 10% of gross monthly income while on supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| 2:13-cr-00607-002<br>Tommy C. Constantine | 5,200,000.00 | 5,200,000.00 | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
　　See Attached Forfeiture Order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Case 2:13-cr-00607-JFB-AYS   Document 1112   Filed 09/17/21   Page 9 of 18 PageID #: 36430
Case 2:13-cr-00607-JFB-AYS   Document 825   Filed 03/16/20   Page 1 of 8 PageID #: 21777
Case 2:13-cr-00607-JFB-AYS   Document 822-1   Filed 03/13/20   Page 1 of 8 PageID #: 21745

DCL:MMO
F.# 2013R00948

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 16 2020 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

  - against -

PHILLIP A. KENNER,
 also known as,
  "Philip A. Kenner,"

   Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

13-CR-607 (S-1) (JFB)

WHEREAS, on or about July 9, 2015, PHILLIP A. KENNER, also known as "Philip A. Kenner" (the "defendant"), was convicted after a jury trial of the offenses charged in Counts One through Four, Seven and Nine of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 1343, 1349, and 1956(h); and

WHEREAS, following hearings held on February 12, 2016, March 9, 2016, April 4, 2016, and April 6, 2016, and further briefing by the parties, the Court has determined that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), and 28 U.S.C. § 2461(c), the defendant must forfeit the amount of seventeen million, seven hundred six thousand, three hundred ninety-five dollars and zero cents ($17,706,395.00) (the "Forfeiture Money Judgment"), as well as all right, title and interest in the following:

  A. the proceeds of an interlocutory sale (the "Interlocutory Sale") of the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo

Case 2:13-cr-00607-JFB-AYS  Document 1112  Filed 09/17/21  Page 10 of 18 PageID #: 36431
Case 2:13-cr-00607-JFB-AYS  Document 825-1  Filed 03/16/20  Page 2 of 8 PageID #: 21778
Case 2:13-cr-00607-JFB-AYS  Document 822-1  Filed 03/13/20  Page 2 of 8 PageID #: 21746

San Lucas, B.C.S., Mexico 23473 (the "DCSL Resort"),[1] which Interlocutory Sale shall be conducted pursuant to Court order, provided, however, that in the event the Interlocutory Sale does not close within eighteen (18) months of the date this Preliminary Order of Forfeiture ("Preliminary Order") is entered by the Court, and no further modification to this Preliminary Order is entered by the Court, the defendant must alternatively forfeit all right, title and interest in:

1. Baja Ventures 2006, LLC, and all proceeds traceable thereto, excluding all liabilities;

2. KAJ Holdings, LLC, and all proceeds traceable thereto, excluding all liabilities;

3. CSL Properties 2006, LLC, and all proceeds traceable thereto, excluding all liabilities;

4. Diamante Properties, LLC, and all proceeds traceable thereto, excluding all liabilities;

5. Somerset, LLC, and all proceeds traceable thereto, excluding all liabilities; and

6. the DCSL Resort,[2] and all proceeds traceable thereto, with the exception of the following rights, titles and/or interests in the DCSL Resort, which exception is subject to the limitations set forth below in subparagraph (iv):

    i. any and all timeshare membership interests that have been or will be purchased pursuant to a "Timeshare Service Agreement" or "Service Agreement" for "weekly vacation lodging rights" at the "Ocean Club Residences," the "Dunes Residence Club," the "Beach Estate Residence Club," the "Golf Villa

---

[1] To the extent it maximizes value, an interlocutory sale of the real property need not be limited to a sale of only the real property. The interlocutory sale can include, but is not limited to, a sale of any or all equity interest(s) in Diamante Cabo San Lucas S. de R.L. de C.V. (the "DCSL Mexican Entity") and/or Diamante Cabo San Lucas, LLC (the "DCSL U.S. Entity").

[2] The forfeiture of the real property need not be limited to the forfeiture of only the real property. The forfeiture can include, but is not limited to, forfeiture of: (a) the DCSL Mexican Entity, excluding all liabilities; (b) the DCSL U.S. Entity, excluding all liabilities; (c) any or all equity interest(s) in the DCSL Mexican Entity; and/or (d) any or all equity interest(s) in the DCSL U.S. Entity.

*United States v. Phillip A. Kenner*, 13-CR-607 (S-1) (JFB)
*Preliminary Order of Forfeiture*                                                                                      Page 2

Case 2:13-cr-00607-JFB-AYS   Document 1112   Filed 09/17/21   Page 11 of 18 PageID #: 36432
Case 2:13-cr-00607-JFB-AYS   Document 825-1   Filed 03/16/20   Page 3 of 8 PageID #: 21779
Case 2:13-cr-00607-JFB-AYS   Document 822-1   Filed 03/13/20   Page 3 of 8 PageID #: 21747

Residence Club," the "Casa Cardonal Residence Club," and/or "The Resort Club";

ii. any and all ownership interests in the real property known as "Las Cantinas," the "Golf Villas Condominium," the "Beach Estates Development Condominium," the "Casitas Condominium," the "Dunes Residences Condominium," "Casa Cardonal," the "Sunset Hill Condominium," "San Marco," and/or the "Ocean Club Residences," that have been or will be purchased for residential purposes from the developer of the DCSL Resort pursuant to a "Promissory Agreement for the Sale of Real Estate for Residential Purposes" and/or a "Promise to Constitute a Trust Agreement";

iii. the property, and all rights appurtenant to such property, that was purchased from the DCSL Resort by KTRC pursuant to an Irrevocable Transfer of Title and Management Trust Agreement, Subject to a Right to Reacquire, Number CIB/2176, executed on or about January 22, 2015, for purposes of developing and operating up to three hotels and a restaurant, including, but not limited to: (a) the Hard Rock Hotel Los Cabos Resort, owned by KTRC, located at Fraccionamiento Diamante Cabo San Lucas, Baja California Sur 23473 Mexico; and (b) Nobu Los Cabos, located at Poligono 1, Fraccion D, Fracc. Diamante Cabo San Lucas, Baja California Sur. Mexico. C.P. 23473;

iv. however, the exception described in this paragraph (A)(6) above shall not apply to or be available to any interests owned or purchased, directly or indirectly, by: the defendant; Tommy C. Constantine; Kenneth A. Jowdy; Taffy Jowdy; current or former employees of Lehman Bank; current or former employees of Danske Bank A/S, London Branch; Con K Mex S de RL de CV; Terraplana Project R.L de C.V; Operadora Legacy; Legacy Properties, LLC; Legacy Cabo LLC; Ironman Marketing S de RL de CV; Brent Underdhal; Terry Harker; Greg Carrafiello; Eduardo Romo; Fernando Garcia; William J. Najam, Jr.; William Najam III; Modu Seye; Masood Bhatti; Gregory C. Filardi; Lenny Escudero; Ken Ayers;

Case 2:13-cr-00607-JFB-AYS   Document 1112   Filed 09/17/21   Page 12 of 18 PageID #: 36433
Case 2:13-cr-00607-JFB-AYS   Document 825-3   Filed 03/16/20   Page 4 of 8 PageID #: 21780
Case 2:13-cr-00607-JFB-AYS   Document 822-1   Filed 03/13/20   Page 4 of 8 PageID #: 21748

        Robert Gaudet; Mark Thalman; Chris Haney; Shawn Hughes; Anthony Miranda; Dave Osborne; John Neuhoff; Patricia Formisano; Maya Neuhoff; Silverpeak Manager LLC; Brett Bossung; Mark Investments LLC; Jeffrey Mark; and/or SH55 LLC, as any such interests are subject to forfeiture;

B.   the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, and all proceeds traceable thereto; and

C.   one 1976 Falcon 10 airplane, Aircraft Serial Number: 69, Engine Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC, and all proceeds traceable thereto (the assets listed in (A) through (C) above are collectively referred to hereinafter as the "Forfeitable Assets")

as: (a) property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of the defendant's violations of 18 U.S.C. §§ 1343 and 1349; (b) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States: (a) the full amount of the Forfeiture Money Judgment; and (b) all right, title and interest in the Forfeitable Assets. The forfeiture of the Forfeitable Assets shall not be credited towards the Forfeiture Money Judgment. The defendant shall be jointly and severally liable for the Forfeiture Money Judgment with co-defendant Tommy C. Constantine up to the amount of eight million, five hundred fifty-four thousand, eight hundred fifty-three dollars and zero

Case 2:13-cr-00607-JFB-AYS   Document 1112   Filed 09/17/21   Page 13 of 18 PageID #: 36434
Case 2:13-cr-00607-JFB-AYS   Document 825   Filed 03/16/20   Page 5 of 8 PageID #: 21781
Case 2:13-cr-00607-JFB-AYS   Document 822-1   Filed 03/13/20   Page 5 of 8 PageID #: 21749

cents ($8,554,853.00), and individually liable for the remaining sum of nine million, one hundred fifty-one thousand, five hundred forty-two dollars and zero cents ($9,151,542.00).

2.   All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the United States Marshals Service with the criminal docket number noted on the face of the check. The defendant shall cause said check(s) to be delivered by overnight mail to Assistant United States Attorney Diane Leonardo, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722. The Forfeiture Money Judgment shall be paid in full by the date of sentencing (the "Due Date"). If the Forfeiture Money Judgment is not paid in full on or before the date of the defendant's sentencing, the defendant shall forfeit any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

3.   Upon entry of this Preliminary Order, the United States Attorney General or his designee is authorized to seize the Forfeitable Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order. Notwithstanding the foregoing, the United States will not seize the DCSL Resort prior to entry of a Final Order of Forfeiture or further Order of the Court, whichever occurs first. The Post-Conviction Protective Order dated August 21, 2015, as modified by the Court's Modification to Post-Conviction Order dated February 7, 2017 (together, the "Protective Order"), shall remain in effect pending further Order of the Court, and any application to modify the Protective Order shall be made on good cause

Case 2:13-cr-00607-JFB-AYS   Document 1112   Filed 09/17/21   Page 14 of 18 PageID #: 36435
Case 2:13-cr-00607-JFB-AYS   Document 825-1   Filed 03/16/20   Page 6 of 8 PageID #: 21782
Case 2:13-cr-00607-JFB-AYS   Document 822-1   Filed 03/13/20   Page 6 of 8 PageID #: 21750

shown and on notice to all parties and all other persons who have made submissions to the Court concerning the Protective Order.

4. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of Forfeitable Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeitable Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Forfeitable Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or not later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeitable Assets, and for an amendment of the Preliminary Order, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeitable Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and relief sought.

6. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeitable Assets or to any assets against which the government seeks to enforce the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the repatriation,

Case 2:13-cr-00607-JFB-AYS Document 1112 Filed 09/17/21 Page 15 of 18 PageID #: 36436
Case 2:13-cr-00607-JFB-AYS Document 825 Filed 03/16/20 Page 7 of 8 PageID #: 21783
Case 2:13-cr-00607-JFB-AYS Document 822-1 Filed 03/13/20 Page 7 of 8 PageID #: 21751

surrender and forfeiture of the Forfeitable Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeitable Assets passes to the United States, including the execution of any and all documents necessary to effectuate the repatriation, surrender and forfeiture of the Forfeitable Assets to the United States. If the Forfeitable Assets, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeitable Assets, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

7. This Preliminary Order adjudicates the government's interest in the Forfeitable Assets without regard to any third party's interest in the property. Pursuant to 21 U.S.C. § 853(n), the Court will address and resolve the interests of third parties after the entry of this Preliminary Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. Following the Court's disposition of all third-party interests, or, if

Case 2:13-cr-00607-JFB-AYS   Document 1112   Filed 09/17/21   Page 16 of 18 PageID #: 36437
Case 2:13-cr-00607-JFB-AYS   Document 825   Filed 03/16/20   Page 8 of 8 PageID #: 21784
Case 2:13-cr-00607-JFB-AYS   Document 822-1   Filed 03/13/20   Page 8 of 8 PageID #: 21752

none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), the United States alone shall hold title to the Forfeitable Assets.

10. The forfeiture of the Forfeitable Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution, or any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court "so ordering" the order.

13. The Court shall retain jurisdiction over this action to enforce this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Paralegal, Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated:   Central Islip, New York
         March 16, 2020

SO ORDERED:
S/ JOSEPH F BIANCO

HONORABLE JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(SITTING BY DESIGNATION)
EASTERN DISTRICT OF NEW YORK

| Victim Name | Scheme | Amount |
|---|---|---|
| Berard, Bryan | Hawaii | 100,000.00 |
| Berard, Bryan | Line of Credit | 649,405.00 |
| Berard, Bryan | Ledbetter | 375,000.00 |
| Campbell, Brian | Hawaii | 100,000.00 |
| Campbell, Brian | GSF | 250,000.00 |
| DeVries, Greg | Hawaii | 100,000.00 |
| Devries, Greg | Eufora | 100,000.00 |
| Devries, Greg | GSF | 250,000.00 |
| Gonchar, Sergei | Line of Credit | 856,668.00 |
| Hughes, Theodore | Eufora | 66,666.67 |
| Kaiser, Ethel | Eufora | 66,666.67 |
| Kaiser, John | Hawaii | 1,080,000.00 |
| Kaiser, John | Eufora | 200,000.00 |
| McKee, Jay | GSF | 250,000.00 |
| Murray, Glen | Hawaii | 57,447.00 |
| Murray, Glen | Line of Credit | 1,242,769.00 |
| Murray, Glen | Eufora | 250,000.00 |
| Murray, Glen | GSF | 250,000.00 |
| Murray, Raymond | GSF | 100,000.00 |
| Nash, Tyson | Hawaii | 57,447.00 |
| Nash, Tyson | Eufora | 100,000.00 |
| Nash, Tyson | GSF | 100,000.00 |
| Nolan, Owen | Line of Credit | 2,113,804.00 |

| Victim Name | Scheme | Amount |
| --- | --- | --- |
| Norstrom, Mattias | Hawaii | 100,000.00 |
| Norstrom, Mattias | Line of Credit | 1,211,897.81 |
| Norstrom, Mattias | GSF | 250,000.00 |
| Peca, Michael | Hawaii | 100,000.00 |
| Peca, Michael | Line of Credit | 1,794,392.00 |
| Peca, Michael | Eufora | 100,000.00 |
| Peca, Michael | GSF | 250,000.00 |
| Privitello, Nicholas | Eufora | 200,000.00 |
| Ranford, William | Eufora | 400,000.00 |
| Ranford, William | GSF | 300,000.00 |
| Rizzi, Robert | Eufora | 66,666.67 |
| Rucchin, Steven | Hawaii | 57,447.00 |
| Rucchin, Steven | Line of Credit | 1,010,645.00 |
| Rucchin, Steven | Eufora | 150,000.00 |
| Rucchin, Steven | GSF | 50,000.00 |
| Stevenson, Turner | GSF | 100,000.00 |
| Stevenson, Turner | Hawaii | 100,000.00 |
| Sydor, Darryl | Hawaii | 60,000.00 |
| Sydor, Darryl | Line of Credit | 856,200.00 |
| Sydor, Darryl | Eufora | 50,000.00 |
| Sydor, Darryl | GSF | 250,000.00 |
| Tsyplakov, Yelena (Vladimir) | Hawaii | 50,000.00 |
| **TOTAL** | - | **$16,223,121.82** |