

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BGK:DCL:MMO
F. #2013R00948

*610 Federal Plaza*
*Central Islip, New York 11722*

July 12, 2022

<u>By ECF</u>
The Honorable Joseph F. Bianco
United States Circuit Judge
Court of Appeals for the Second Circuit
Long Island Federal Courthouse
Central Islip, New York 11722

   Re: United States v. Kenner and Constantine
      <u>Criminal Docket No. CR-13-607 (S-2)(JFB)</u>

Dear Judge Bianco:

  The government, Danske Bank A/S London Branch ("Danske") and Diamante Resort, LLC ("Diamante") jointly and respectfully submit this letter to oppose defendant Philip A. Kenner's ("Kenner") request for an extension of time to file a response to the government's supplemental motion for forfeiture of property, Docket Entry ("DE") 1159, as well as any filing that might be submitted by Kenner in response to the government's supplemental motion for forfeiture of property.

  On June 27, 2022, the government filed a proposed Supplemental Preliminary Order of Forfeiture ("proposed Supplemental POF") for Your Honor's consideration. DE 1158. Although the government's June 27th letter did not mention it, the proposed Supplemental POF was submitted with the approval of Danske and Diamante. On June 30, 2022, Your Honor issued a Scheduling Order requiring any responses to the government's June 27th letter motion to be filed by July 15, 2022. On July 8, 2022, Kenner filed a letter motion requesting an extension of time to file a response to the government's June 27th letter motion. The government, Danske and Diamante oppose Kenner's request as Kenner lacks standing to intervene in the ancillary proceeding.

  During the course of the ancillary proceeding, the government, Danske and Diamante reached a settlement whereby the parties agreed, *inter alia*, that the government would forfeit settlement funds in lieu of forfeiting the DCSL Resort and related equity interests. The proposed Supplemental POF, in sum and substance, orders forfeiture of the settlement funds in lieu of the DCSL Resort and related equity interests, in accordance with the terms of the settlement agreement reached by the parties in the ancillary proceeding.

  Because the Court entered a Preliminary Order of Forfeiture as to Kenner on March 16, 2020, DE 825, ordering Kenner to forfeit, among other things, all right, title and interest in the

DCSL Resort and related equity interests, and because the forfeiture became final as to Kenner when he was sentenced on October 5, 2020, Kenner has no standing to intervene in the ancillary proceeding to challenge the settlement the government reached with Danske and Diamante as to the forfeitable DCSL Resort and related equity interests. *See United States v. Devlin*, 2019 WL 1914230 (11th Cir. Mar. 18, 2019) (denying defendant's motion to set aside final order of forfeiture because defendant lacked standing; reasoning that any interest defendant may have had in forfeited property had been extinguished by preliminary order of forfeiture, and so settlement agreement and final order of forfeiture did not, and indeed could not, affect any of defendant's rights in property).

Furthermore, as the Court is aware, the settlement reached by the government, Danske and Diamante took considerable time and effort. As such, the government, Danske and Diamante strenuously object to any effort by Kenner to further prolong the resolution of the ancillary proceeding.

Accordingly, the government, Danske and Diamante respectfully request that the Court deny Kenner's motion for additional time to submit a response to the government's supplemental motion for forfeiture of property, and any opposition raised by Kenner as to the supplemental motion for forfeiture, as moot based on his lack of standing.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/ Madeline O'Connor
Madeline O'Connor
Diane C. Leonardo
Assistant U.S. Attorneys
(631) 715-7870
(631) 715-7854