USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF<br>United States | COURT CASE NUMBER<br>CR-13-0607 (JFB) |
| DEFENDANT<br>Phillip Kenner and Tommy Constantine | TYPE OF PROCESS<br>Preliminary Order of Forfeiture |

**FILED**
**CLERK**

4:15 pm, Jul 28,2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United States Marshals Service

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
225 Cadman Plaza East Street, Brooklyn, New York 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | |
|---|---|
| BREAON PEACE, United States Attorney<br>Eastern District of New York<br>610 Federal Plaza<br>Central Islip, NY 11722<br>Attn: Ana Tejada, ProMinds Paralegal | Number of process to be<br>served with this Form 285 |
| | Number of parties to be<br>served in this case |
| | Check for service<br>on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Fold                                                                                                      Fold

PLEASE DEPOSIT THE WIRE TRANSFER IN THE AMOUNT OF $14,300,000.00 INTO THE SEIZED ASSET DEPOSIT FUND. RETURN RECEIPT REQUESTED.

CAT ID # 15-FBI-006794

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>631-715-7870 | DATE<br>7/28/22 |
|---|---|---|---|
| *Madeline O'Connor by AT* | | | |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. 53 | District to Serve<br>No. 53 | Signature of Authorized USMS Deputy or Clerk<br>*MARVELLA JEFFERSON* | Date<br>7/28/2022 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion<br>then residing in defendant's usual place<br>of abode |
|---|---|
| Address *(complete only different than shown above)* | Date<br>7/28/22 | Time<br>☐ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy<br>*MARVELLA JEFFERSON* |

| Service Fee | Total Mileage Charges<br>including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or<br>(Amount of Refund*) |
|---|---|---|---|---|---|
| $65.00 | | | $65.00 | | $65.00 |

REMARKS:
$14,300,000.00 deposited into SADF on 6/15/2022.

D53:2013-CR-00607-1

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

UNITED STATES OF AMERICA,

- against -

PHILLIP A. KENNER 

also known as
"Philip A. Kenner," and
TOMMY C. CONSTANTINE,

Defendants.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ X

ORDER OF FORFEITURE

13-CR-607 (S-2) (JFB)

WHEREAS, on or about July 9, 2015, PHILLIP A. KENNER, also known as

"Philip A. Kenner" ("Kenner"), was convicted after a jury trial of the offenses charged in Counts

One through Four, Seven and Nine of the above-captioned Superseding Indictment, charging

violations of 18 U.S.C. §§ 1343, 1349, and 1956(h);

WHEREAS, on or about July 9, 2015, TOMMY C. CONSTANTINE

("Constantine") was convicted after a jury trial of the offenses charged in Counts One through

Six and Count Nine of the above-captioned Superseding Indictment, charging violations of 18

U.S.C. §§ 1343, 1349, and 1956(h);

WHEREAS, on or about March 16, 2020, the Court entered a Preliminary Order

of Forfeiture as to Kenner, Docket Entry 825 ("Kenner's March 2020 Preliminary Order"), and a

Preliminary Order of Forfeiture as to Constantine, Docket Entry 826 ("Constantine's March

2020 Preliminary Order"), (collectively, the "March 2020 Preliminary Orders"), requiring

Kenner and Constantine (collectively, the "defendants"), to forfeit to the United States, pursuant

provided, however, that in the event the Interlocutory Sale does not close within eighteen (18) months of March 16, 2020, the date the March 2020 Preliminary Orders were entered by the Court, and no further modifications to March 2020 Preliminary Orders are entered by the Court, the defendants must alternatively forfeit all right, title and interest in:

1. Baja Ventures 2006, LLC ("Baja Ventures"), and all proceeds traceable thereto, excluding all liabilities;

2. KAJ Holdings, LLC ("KAJ Holdings"), and all proceeds traceable thereto, excluding all liabilities;

3. CSL Properties 2006, LLC ("CSL Properties"), and all proceeds traceable thereto, excluding all liabilities;

4. Diamante Properties, LLC (Diamante Properties"), and all proceeds traceable thereto, excluding all liabilities;

5. Somerset, LLC ("Somerset"), and all proceeds traceable thereto, excluding all liabilities; and

6. the DCSL Resort,[2] and all proceeds traceable thereto, with the exception of the following rights, titles and/or interests in the

---

[1] The March 2020 Preliminary Orders provide that, to the extent it maximizes value, an interlocutory sale of the real property need not be limited to a sale of only the real property. The interlocutory sale can include, but is not limited to, a sale of any or all equity interest(s) in Diamante Cabo San Lucas S. de R.L. de C.V. (the "DCSL Mexican Entity") and/or Diamante Cabo San Lucas, LLC (the "DCSL U.S. Entity").

[2] The March 2020 Preliminary Orders provide that the forfeiture of the real property need not be limited to the forfeiture of only the real property. The forfeiture can include, but is not limited to, forfeiture of: (a) the DCSL Mexican Entity, excluding all liabilities; (b) the DCSL U.S. Entity, excluding all liabilities; (c) any or all equity interest(s) in the DCSL Mexican Entity; and/or (d) any or all equity interest(s) in the DCSL U.S. Entity.

DCSL Resort, which exception is subject to the limitations set forth below in subparagraph (iv).

 i. any and all timeshare membership interests that have been or will be purchased pursuant to a "Timeshare Service Agreement" or "Service Agreement" for "weekly vacation lodging rights" at the "Ocean Club  Residences," the "Dunes Residence Club," the "Beach Estate Residence Club," the "Golf Villa Residence Club," the "Casa Cardonal Residence Club," and/or "The Resort Club";

 ii. any and all ownership interests in the real property known as "Las Cantinas," the "Golf Villas Condominium," the "Beach Estates Development Condominium," the "Casitas Condominium," the "Dunes Residences Condominium," "Casa Cardonal," the "Sunset Hill Condominium," "San Marco," and/or  the "Ocean Club Residences," that have been or will be purchased for residential purposes from the developer of the DCSL Resort pursuant to a "Promissory Agreement for the Sale of Real Estate for Residential Purposes" and/or a "Promise to Constitute a Trust  Agreement";

 iii. the property, and all rights appurtenant to such property, that was purchased from the DCSL Resort by KTRC pursuant to an Irrevocable Transfer of Title and Management  Trust Agreement, Subject to a Right to Reacquire, Number CIB/2176, executed on or about January 22, 2015, for purposes of developing and operating up to three hotels and a restaurant, including, but not limited to: (a) the Hard Rock Hotel Los Cabos Resort, owned by KTRC, located at Fraccionamiento  Diamante Cabo San Lucas, Baja California Sur 23473 Mexico; and (b) Nobu Los Cabos, located at Poligono 1, Fraccion D, Fracc. Diamante Cabo San Lucas, Baja California Sur. Mexico. C.P. 23473;

 iv. however, the exception described in this paragraph (A)(6) above shall not apply to or be available to any  interests owned or purchased, directly or indirectly, by: Kenner; Constantine; Kenneth A. Jowdy; Taffy Jowdy; current or former employees of Lehman Bank; current or former employees of Danske Bank A/S, London  Branch; Con K Mex S de RL de GV; Terraplana Project

LLC; Spiraledge Legal[?]; Legacy Properties, LLC; Legacy Cabo; CSL Ironman Marketing S de RL de CV; Brett Onderonal; Terry Parker; Greg Carrafiello; Eduardo Romo; Fernando Garcia; William J. Najam, Jr.; William Najam III; Modu Seye; Masood Bhatti; Gregory C. Filardi; Lenny Escudero; Ken Ayers; Robert Gaudet; Mark Thalman; Chris Haney; Shawn Hughes; Anthony Miranda; Dave Osborne; John Neuhoff; Patricia Formisano; Maya Neuhoff;

Silverpeak Manager LLC; Brett Bossung; Mark Investments LLC; Jeffrey Mark; and/or SH55 LLC, as any such interests are subject to forfeiture;

B.   the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, and all proceeds traceable thereto; and

C.   one 1976 Falcon 10 airplane, Aircraft Serial Number: 69, Engine Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC, and all proceeds traceable thereto,

as: (a) property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of Kenner's and Constantine's violations of 18 U.S.C. §§ 1343 and 1349; (b) property, real or personal, involved in Kenner's and Constantine's violations of 18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, by verified petition filed on or about May 6, 2020, Danske Bank A/S London Branch ("Danske") asserted an interest in the DCSL Resort; Baja Ventures; Diamante Properties; CSL Properties; KAJ Holdings; PF Ventures, LLC; and the DCSL U.S. Entity, (Docket Entry 836) ("Danske's Ancillary Petition");

WHEREAS, Kenner was sentenced on October 5, 2020, and Constantine  was sentenced on November 10, 2020;

March 9, 2022 (the "Settlement Stipulation"), the amount of fourteen million, three hundred thousand dollars and zero cents ($14,300,000.00), and all proceeds traceable thereto



(the "Settlement Funds), was remitted to the United States on or about June 15, 2022; and

WHEREAS, pursuant to the Settlement Stipulation, the United States has

agreed to forfeit the Settlement Funds in lieu of forfeiting: (a) all right, title and interest,

directly or indirectly, in the DCSL Resort, and all proceeds traceable thereto; (b) the DCSL

Mexican Entity; (c) the DCSL U.S. Entity; (d) any or all equity interests in the DCSL

Mexican Entity; (e) any or all equity interests in the DCSL U.S. Entity; (f) all right, title and

interest in Baja Ventures, and all proceeds traceable thereto; (g) all right, title and interest,

directly or indirectly, in KAJ Holdings, and all proceeds traceable thereto; (h) all right, title

and interest, directly or indirectly, in CSL Properties, and all proceeds traceable to; (i) all

right, title and interest in Diamante Properties, and all proceeds traceable thereto; (j) all right, title

and interest, directly or indirectly, in Somerset, and all proceeds traceable thereto; and

(k) the real property and premises that is designated as Parcel #55 located in the Sunset Hill

Condominium development within the DCSL Resort ("Parcel 55") ((a) through (k),

collectively, the "Released Assets")

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 21 U.S.C.

§ 853(p), and 28 U.S.C. § 2461(c), the defendants shall forfeit to the United States all right,

title and interest in the Settlement Funds.  The forfeiture of the Settlement Funds shall not be

be in lieu of forfeiture of the Released Assets.  The portions of the March 2020 Preliminary

Orders relating to seizure or forfeiture of the Released Assets, the United States holding title

to the Released Assets, and to the Post-Conviction Protective Order dated August 21, 2015, as

modified by the Court's Modification to Post-Conviction Protective Order dated February 7,

2017, and only such portions of the March 2020 Preliminary Orders, are hereby vacated, with

the March 2020 Preliminary Orders, including, but not limited to, the forfeiture money

judgments ordered in the March 2020 Preliminary Orders, otherwise remaining in full force

and effect.

       3.     Upon entry of this Supplemental Preliminary Order of Forfeiture, the

United States Attorney General or his designee is authorized to seize the Settlement Funds, to

conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c),

including depositions, interrogatories, requests for production of documents and the issuance

of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and to commence

any applicable proceeding to comply with statutes governing third-party rights, including

giving notice of this Supplemental Preliminary Order of Forfeiture.

       4.     The Post-Conviction Protective Order dated August 21, 2015 (Docket

Entry 330), as modified by the Court's Modification to Post-Conviction Protective Order

dated February 7, 2017 (Docket Entry 452), is hereby vacated.

       5.     The United States shall publish notice in accordance with the custom

and practice in this district, on the government website www.forfeiture.gov, of its intent to

dispose of the Settlement Funds in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Settlement Funds as a substitute for published notice as to those persons so notified.

6.      Any person, other than the defendants, asserting a legal interest in the Settlement Funds may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Settlement Funds, and for an amendment of this Supplemental Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Settlement Funds must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and relief sought.

7.      The defendants shall not file or interpose any claim or assist others to file or interpose any claim to the Settlement Funds. The defendants shall fully assist the government in effectuating the forfeiture of the Settlement Funds and shall take whatever steps are necessary to ensure clear title to the Settlement Funds passes to the United States, including the execution of any and all documents necessary to effectuate the forfeiture of the Settlement Funds to the United States. If the Settlement Funds, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Supplemental

*United States v. Phillip A. Kenner and Tommy C. Constantine, 13-CR-607 (S-2) (JFB)*
*Supplemental Preliminary Order of Forfeiture*

7

Preliminary Order of Forfeiture against any other assets of the defendants up to the value of the Settlement Funds, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

        8.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), Kenner's March 2020 Preliminary Order was final as to Kenner and made part of his sentence and included in his judgment of conviction (Docket Entry 922). Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), Constantine's March 2020 Preliminary Order was final as to Constantine and made part of his sentence and included in his judgment of conviction (Docket Entry 956). Pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), this Supplemental Preliminary Order of Forfeiture is entered to include substitute property in the defendants' March 2020 Preliminary Orders that qualifies for forfeiture, namely, fourteen million, three hundred thousand dollars and zero cents ($14,300,000.00) (*i.e.*, the Settlement Funds) obtained pursuant to a Stipulation of Settlement Agreement relating to Danske Bank's Ancillary Petition, dated March 9, 2022 (*i.e.*, the Settlement Stipulation), as set forth above.

        9.     If no third party files a timely claim to the Settlement Funds, Kenner's March 2020 Preliminary Order, as modified by this Supplemental Preliminary Order of Forfeiture, shall become a Final Order of Forfeiture; and Constantine's March 2020 Preliminary Order, as modified by this Supplemental Preliminary Order of Forfeiture, shall become a Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited in such Orders shall be forfeited to the United States for disposition in accordance with the law.

        10.    The United States alone shall hold title to the Settlement Funds following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

*United States v. Phillip A. Kenner and Tommy C. Constantine, 13-CR-607 (S-2) (JFB)*
*Supplemental Preliminary Order of Forfeiture*                  8

11.     The forfeiture of the Settlement Funds shall not be considered a payment of a fine, penalty, restitution, or any income taxes that may be due, and shall survive bankruptcy.

12.     This Supplemental Preliminary Order of Forfeiture shall be binding upon the defendants, and their respective successors, administrators, heirs, assigns and transferees, and shall survive the bankruptcy of any of them.

13.     This Supplemental Preliminary Order of Forfeiture shall be final and binding only upon the Court's "so ordering" of this Order.

14.     The Court shall retain jurisdiction over this action to enforce this Supplemental Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15.     The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Supplemental Preliminary Order of Forfeiture to FSA Paralegal, Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated:     Central Islip, New York
           July 19, 2022

                              SO ORDERED:
                              s/Joseph F. Bianco

                              HONORABLE JOSEPH F. BIANCO
                              UNITED STATES CIRCUIT JUDGE
                              (SITTING BY DESIGNATION)
                              EASTERN DISTRICT OF NEW YORK

*United States v. Phillip A. Kenner and Tommy C. Constantine, 13-CR-607 (S-2) (JFB)*
*Supplemental Preliminary Order of Forfeiture*

9

JMM:SK
F.#2013R00948

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 22 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

PHILLIP A. KENNER,
    also known as
      "Philip A. Kenner," and
TOMMY C. CONSTANTINE,
    also known as
      "Tommy C. Hormovitis,"

      Defendants.

– – – – – – – – – – – – – –X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 13-607 (S-2) (JFB)
(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1),
  982(b)(1), 1343, 1349, 1956(h), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendants and the Companies</u>

      1.    The defendant PHILLIP A. KENNER, also known as "Philip A.

Kenner," was a financial advisor whose clients included, among other individuals, current and

former professional hockey players of the National Hockey League ("NHL") (hereinafter, the

"player-clients"). Since approximately the mid-1990s, KENNER advised the player-clients

on their financial affairs, managed their accounts at various financial institutions, and

recommended various investments to them, including investments in real estate development

projects and small, privately held companies. KENNER was a licensed financial advisor

between approximately July 1994 and November 2004. Between approximately August

Case 2:13-cr-00607-JFB-AYS   Document 214   Filed 04/22/15   Page 2 of 16 PageID #: 1482

2

2002 and 2007, KENNER held the position of Secretary at Eufora, LLC ("Eufora"), an Arizona-registered limited liability company that held itself out to be a seller of prepaid consumer debit cards.

2.      The defendant TOMMY C. CONSTANTINE, also known as "Tommy C. Hormovitis," was a former professional race car driver and business partner of the defendant KENNER. CONSTANTINE was the founder and Chief Executive Officer of Eufora. CONSTANTINE also operated and controlled Constantine Management Group, LTD ("CMG"), an Illinois Corporation, and Urban Expansion, LLC ("Urban Expansion"), a limited liability company with its principal place of business in Phoenix, Arizona. Both CMG and Urban Expansion held themselves out to be engaged in the management and development of real property for both commercial and leisure purposes.

3.      Between 2003 and 2005, the defendant KENNER created a series of Delaware limited liability companies for the purpose of purchasing real property in Hawaii. KENNER was the Managing Member of each entity, which included Little Isle IV, LLC ("Little Isle IV"), Big Isle IV Ventures, LLC ("Big Isle IV"), Big Isle V Ventures, LLC ("Big Isle V"), Big Isle VI Ventures, LLC ("Big Isle VI"), Kau Holding Company, LLC ("Kau Holding") and Ula Makika, LLC ("Ula Makika"), collectively referred to herein as the "Holding Companies." Several of KENNER's investment clients, including several of the player-clients, were "Members" of Little Isle IV and invested money in Little Isle IV to be used to purchase real property.

II.     The Victims

4.      John Does 1 through 9, whose identities are known to the Grand Jury, used KENNER as a financial advisor and invested money at the suggestion and direction of

3

KENNER and CONSTANTINE.   John Does 10 and 11 and Jane Doe 1, whose identities are

known to the Grand Jury, also invested money based on representations from KENNER and

CONSTANTINE.

III.    The Scheme to Defraud

        5.    In or about and between August 2002 and April 2013, the defendants

KENNER and CONSTANTINE devised, implemented, supervised and executed a scheme to

fraudulently induce the player-clients and other individuals (collectively, the "Investors"),

including John Does 1 through 11 and Jane Doe 1, to invest money by falsely stating that the

funds would be invested in real estate in Hawaii, Eufora and an entity known as the "Global

Settlement Fund" (hereinafter "GSF") for the benefit of the Investors when, in truth and in fact,

as KENNER and CONSTANTINE then and there well knew and believed, a substantial

portion of the money would be improperly diverted to bank accounts controlled by KENNER

and CONSTANTINE and used for their personal benefit, for unrelated business ventures and

to conceal their scheme to defraud.

        A.    The Hawaii Land Developments

        6.    It was a part of the scheme to defraud that the defendant KENNER, as

the Managing Member of the Holding Companies, induced certain of the Investors to wire

large amounts of money to one or more bank accounts controlled by KENNER.   KENNER

represented to the Investors that, in return for their investment, they would receive an

ownership interest in Little Isle IV, which would purchase and own a percentage of each of the

acquired land parcels.

        7.    The defendant KENNER additionally persuaded certain of the Investors,

including John Does 1 through 6, to transfer bonds and equities to Northern Trust Bank, a

4

financial institution with its principal place of business in Chicago, Illinois, and to establish lines of credit (the "lines of credit"). Each line of credit was insured by bonds and equities held in the Investors' names. KENNER made a variety of misrepresentations to the Investors regarding the lines of credit and their use.

8.      It was further part of the scheme to defraud that the defendants KENNER and CONSTANTINE unlawfully diverted Investor money for their personal benefit, used money from Investors' lines of credit for unauthorized purposes, including for their personal benefit, and thereby dissipated the Investors' money, bonds and equities.

9.      It was further part of the scheme to defraud that the defendant KENNER obtained mortgage loans on properties purchased with the Investors' money and subsequently diverted the loan proceeds to entities unrelated to the Hawaii land development project, as well as to bank accounts that KENNER and CONSTANTINE controlled.

10.     In or about August 2006, Lehman Brothers Holdings, Inc. ("Lehman") agreed to finance the development of the Hawaii parcels that were purchased using the Investors' money. As part of the financing agreement, Lehman made a $6.8 million payment to a company that the defendant KENNER controlled and a $6.9 million payment to a company that the defendant CONSTANTINE and another individual, whose identity is known to the Grand Jury, controlled. KENNER and CONSTANTINE unlawfully diverted certain money from the Lehman loan proceeds for unauthorized purposes, including for their personal benefit.

11.     To conceal a portion of the scheme, until approximately January 2009, the defendant KENNER continued to make sporadic interest payments, including late payments, that were owed on money that KENNER withdrew from the lines of credit of John

Case 2:13-cr-00607-JFB-AYS   Document 1165   Filed 07/28/22   Page 15 of 27 PageID #:
Case 2:13-cr-00607-JFB-AYS   Document 214   Filed 04/22/15   Page 5 of 16 PageID #: 1485
37060

5

Does 1 through 4.   In or about late March 2009, Northern Trust Bank closed John Doe 1

through John Doe 4's lines of credit for failure to pay interest and principal and liquidated the

equity that had secured each of the lines, resulting in millions of dollars in losses to John Does

1 through 4.

B.     The Eufora Investments

12.     It was a further part of the scheme to defraud that between February

2008 and May 2009, the defendant KENNER convinced John Does 2 through 4, John Doe 8

and John Doe 9 to invest money in Eufora, in exchange for an ownership interest in the

company, by representing to each of them that Eufora was a promising company with great

potential for growth.   The defendants KENNER and CONSTANTINE then unlawfully

diverted certain money for unauthorized purposes, including for their personal benefit.

13.     It was a further part of the scheme to defraud that between December

2008 and May 2009, the defendant KENNER convinced John Doe 4 and John Doe 8 to invest

money in Eufora, in exchange for an ownership interest in the company.   The defendant

KENNER directed Co-Conspirator 1, an individual whose identity is known to the Grand Jury,

to divert certain money for unauthorized purposes, including for KENNER and

CONSTANTINE's personal benefit.

14.     It was a further part of the scheme to defraud that between November

2009 and December 2009, the defendants KENNER and CONSTANTINE convinced John

Doe 11 to invest money in Eufora, in exchange for an ownership interest in the company.

The defendant CONSTANTINE then unlawfully diverted certain money for unauthorized

purposes, including for his personal benefit, and disavowed John Doe 11's ownership interest

in Eufora.

Case 2:13-cr-00607-JFB-AYS   Document 1165   Filed 07/28/22   Page 16 of 27 PageID #:
Case 2:13-cr-00607-JFB-AYS   Document 213   Filed 04/22/15   Page 6 of 16 PageID #: 1486
37007

6

C.    The Global Settlement Fund

15.    It was a further part of the scheme to defraud that between May 2009 and February 2010, the defendants KENNER and CONSTANTINE defrauded certain of the Investors to contribute to an entity known as the GSF, which KENNER and CONSTANTINE represented to be a legal defense fund.  The defendants KENNER and CONSTANTINE then unlawfully diverted certain money for unauthorized purposes, including for their personal benefit.

COUNT ONE
(Conspiracy to Commit Wire Fraud)

16.    The allegations contained in paragraphs 1 through 15 are realleged and incorporated as though fully set forth in this paragraph.

17.    In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, also known as "Tommy C. Hormovitis," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO THROUGH SIX
### (Wire Fraud)

18.     The allegations contained in paragraphs 1 through 15 are realleged and incorporated as though fully set forth in this paragraph.

19.     On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C. CONSTANTINE, also known as "Tommy C. Hormovitis," together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|-------|----------------------------------------|----------------------------------|
| TWO | February 12, 2009 | $30,000 wire transfer from an account at Wachovia Bank in Closter, New Jersey to John Doe 10's TD Bank account in the Eastern District of New York. |
| THREE | February 26, 2009 | $40,300 wire transfer from John Doe 10's account at TD Bank in the Eastern District of New York to an account in the name of KENNER at Bank of America in Scottsdale, Arizona. |
| FOUR | May 22, 2009 | $25,000 wire transfer from KENNER's account at Bank of America in Scottsdale, Arizona to John Doe 10's Wells Fargo account in the Eastern District of New York. |

Case 2:13-cr-00607-JFB-AYS   Document 1165   Filed 07/28/22   Page 18 of 27 PageID #: 37009
Case 2:13-cr-00607-JFB-AYS   Document 227   Filed 04/22/15   Page 8 of 16 PageID #: 1488

8

| FIVE | December 7, 2009 | $150,000 wire transfer from John Doe 11's account at Fidelity Investments in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |
| SIX | December 7, 2009 | $50,000 wire transfer from John Doe 11's account at Citizens Bank in the Eastern District of New York to an account at 1st Century Bank in Los Angeles, California. |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNTS SEVEN AND EIGHT
(Wire Fraud)

20.   The allegations contained in paragraphs 1, 2, 4 and 7 are realleged and incorporated as though fully set forth in this paragraph.

IV.   The Led Better Fraud Scheme

21.   In or about and between October 2006 and May 2012, the defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," devised, supervised and executed a scheme to defraud certain of the Investors of money and property through the purchase of real property located in Sag Harbor, New York (the "Sag Harbor Property").   John Doe 10 and others had owned the Sag Harbor Property since 2005.

22.   It was a part of the scheme to defraud that in or about October 2006, the defendant KENNER created Led Better Development Company, LLC ("Led Better"), a Delaware limited liability company, for the purpose of purchasing the Sag Harbor Property. Thereafter, KENNER created an operating agreement stating that KENNER, John Doe 1, John Doe 10 and another individual, whose identity is known to the Grand Jury, were each to be 25% owners of Led Better.   KENNER did not disclose the operating agreement to John Doe 1 and John Doe 10 prior to or at the time of the purchase of the Sag Harbor property.

23.     It was a part of the scheme to defraud that, at the time that the defendant KENNER created the Led Better operating agreement, KENNER falsely represented to John Doe 10 and others that he would purchase the Sag Harbor Property from them, and that thereafter KENNER, John Doe 10 and others would invest in the Sag Harbor Property such that KENNER would purchase a 50% interest in the property.

24.     It was a further part of the scheme to defraud that, on or about October 19, 2006, the defendant KENNER transferred, without the permission, consent and knowledge of John Doe 2, $395,000 from John Doe 2's line of credit at Northern Trust Bank to a bank account that KENNER controlled in the name of Led Better Development Company at Wells Fargo Bank.   KENNER transferred the $395,000 through two other bank accounts that KENNER controlled before transferring it to KENNER's Wells Fargo Bank account.

25.     It was a further part of the scheme to defraud that KENNER falsely represented to John Doe 1 that John Doe 1 would be a 50% owner of the Sag Harbor Property and instructed John Doe 1 to wire approximately $375,000 to the Led Better account at Wells Fargo Bank, which John Doe 1 did.

26.     It was a further part of the scheme to defraud that KENNER unlawfully diverted money contributed for the Sag Harbor Property for unauthorized purposes, including for his personal benefit and the benefit of CONSTANTINE.

27.     In order to conceal his use of John Doe 2's line of credit to purchase the Sag Harbor property, the defendant KENNER continued to make interest payments on John Doe 2's line of credit until approximately January 2009.   After KENNER ceased making such payments, Northern Trust Bank closed John Doe 2's line of credit and liquidated the equity that secured the account, causing a substantial loss to John Doe 2.

Case 2:13-cr-00607-JFB-AYS   Document 1165   Filed 07/28/22   Page 20 of 27 PageID #: 37011
Case 2:13-cr-00607-JFB-AYS   Document 214   Filed 04/22/15   Page 10 of 16 PageID #: 1490

10

28.     On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant PHILLIP A. KENNER, also known as "Philip A. Kenner," did knowingly and intentionally devise a scheme and artifice to defraud John Doe 1 and John Doe 2, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|-------|---------------------------------------|----------------------------------|
| SEVEN | November 20, 2008 | $43,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Ula Makika account at Northern Trust Bank in Scottsdale, Arizona. |
| EIGHT | December 31, 2008 | $35,000 wire transfer from KENNER's account at Wells Fargo Bank in Scottsdale, Arizona to the Little Isle IV account at Northern Trust Bank in Scottsdale, Arizona. |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

<u>COUNT NINE</u>
(Money Laundering Conspiracy)

29.     The allegations contained in paragraphs 1 through 15 and 21 through 27 are realleged and incorporated as though fully set forth in this paragraph.

30.     In or about and between August 2002 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendants PHILLIP A. KENNER, also known as "Philip A. Kenner," and TOMMY C.

Case 2:13-cr-00607-JFB-AYS   Document 1165   Filed 07/28/22   Page 21 of 27 PageID #: 3701
Case 2:13-cr-00607-JFB-AYS   Document 214   Filed 04/22/15   Page 11 of 16 PageID #: 1491

11

CONSTANTINE, also known as "Tommy C. Hormovitis," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, to wit: wire transfers of money, which transactions in fact involved the proceeds of specified unlawful activity, to wit: wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, respectively, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH EIGHT

31.     The United States hereby gives notice to the defendants charged in Counts One through Eight of this Indictment that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds traceable to a violation of such offenses, or a conspiracy to commit such offenses, including but not limited to the following:

Money Judgment

32.     A sum of money equal to at least approximately $30,000,000.00 in United States currency; and

Specific Property

      a.     all right, title and interest in the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, also known as the Sugar Mill property, and all proceeds traceable thereto;

      b.     all right, title and interest in the real property and premises located at Lot 469, Discovery Harbor, Unit 1, Naalehu, Hawaii, parcel number 3-9-4-17-20, and all proceeds traceable thereto;

      c.     one 1976 Falcon 10 airplane, Aircraft Serial Number 69, Engine Type Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC; and

      d.     all right, title and interest in the real property and premises located at 10705 East Cactus Road, Scottsdale, Arizona.

      33.     If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title, 28 United States Code, Section 2461(c), to seek forfeiture of any other

13

property of the defendants, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT NINE

34.　　The United States hereby gives notice to the defendants charged in Count Nine of this Indictment that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to the following:

### Money Judgment

35.　　A sum of money equal to at least approximately $30,000,000.00 in United States currency; and

### Specific Property

a.　　all right, title and interest in the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, also known as the Sugar Mill property, and all proceeds traceable thereto;

b. .　　all right, title and interest in the real property and premises located at Lot 469, Discovery Harbor, Unit 1, Naalehu, Hawaii, parcel number 3-9-4-17-20, and all proceeds traceable thereto;

Case 2:13-cr-00607-JFB-AYS Document 214 Filed 04/22/15 Page 14 of 16 PageID #: 1494

14

    c.  one 1976 Falcon 10 airplane, Aircraft Serial Number: 69, Engine

Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark

N530TC; and

    d.  all right, title and interest in the real property and premises

located at 10705 East Cactus Road, Scottsdale, Arizona.

   36.  If any of the above-described forfeitable property, as a result of any act

or omission of a defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property, which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

15

property of the defendants, up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21,

United States Code, Section 853(p)).

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:

ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #20__R___
FORM DBD-34
JUN. 85

No.   13-CR-607 (S-2) (JFB)

# UNITED STATES DISTRICT COURT

## EASTERN *District of*  NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

PHILLIP A. KENNER and TOMMY C. CONSTANTINE,
Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 981 (a) (1) (C), 982 (a) (1), 982 (b) (1), 1343, 1349, 1956 (h),
2 and 3551 et seq.; T. 21, U.S.C., § 853 (p); T. 28, U.S.C., § 2461 (c))

*A true bill.*

_Debbie Di Giorgio_____
                                                                    *Foreperson*

*Filed in open court this* _____ *day. of* _____ *A.D. 20* ____

_____
                                                                        *Clerk*

*Bail, $* _____

_____

***James M. Miskiewicz, Deputy Chief Assistant U.S. Attorney***

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  APR 22 2015  ★

LONG ISLAND OFFICE

1.  Title of Case:   United States v. Phillip A. Kenner and Tommy C. Constantine

2.  Related Magistrate Docket Number(s):   N/A

3.  Arrest Date:   N/A

4.  Nature of offense(s):   ☒  Felony
                           ☐  Misdemeanor

5.  Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local
    E.D.N.Y. Division of Business Rules):  13-CR-607 (JFB), 13-CR-607 (S-1) (JFB)

6.  Projected Length of Trial:  Less than 6 weeks   ☒
                                More than 6 weeks   ☐

7.  County in which crime was allegedly committed:   Suffolk/Nassau
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Was any aspect of the investigation, inquiry and prosecution giving rise to the case
    pending or initiated before March 10, 2012.[1]        ☐ Yes  ☒ No

9.  Has this indictment/information been ordered sealed?    ☐ Yes  ☒ No

10. Have arrest warrants been ordered?                      ☐ Yes  ☒ No

11. Is there a capital count included in the indictment?    ☐ Yes  ☒ No

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:  _____
     James M. Miskiewicz
     Deputy Chief Assistant U.S. Attorney
     631-715-7841

---

[1]   Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12