UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                      13-CR-0607

Phillip A. Kenner and Tommy C. Constantine,

        Defendant.

– – – – – – – – – – – – – – –X

## DECLARATION OF PUBLICATION

According to my review of the electronic database maintained by the Department of Justice, Notice of Criminal Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on June 18, 2020 and ending on July 17, 2020 as required by 21 U.S.C. § 853(n)(1), and evidenced by Attachment 1.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 9, 2022.

*Ana Tejada*
Ana Tejada
ProMinds Paralegal

Attachment 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK, EASTERN DIVISION
## COURT CASE NUMBER: CR-13-0607; NOTICE OF FORFEITURE

Notice is hereby given that on March 16, 2020, in the case of <u>U.S. v. Phillip A. Kenner, et al.</u>, Court Case Number CR-13-0607, the United States District Court for the Eastern District of New York entered an Order condemning and forfeiting the following property to the United States of America:

One 1976 Falcon 10 airplane, Aircraft serial number 69, engine type Garrett TFE731-2, serial numbers P73202, P73222 and FAA Registration Mark N530TC Ser No: 69 (14-FBI-000412) which was seized from AZ Falcon Partners LLC on November 13, 2013 at 15957 N. 81st Street, located in Scottsdale, AZ

All right, title and interest in the real property and premises located at 95-4928 Hawaii Belt Road, Hawaii, parcel number 3-9-5-014-046, also known as the Sugar Mill property and all proceeds traceable thereto (14-FBI-000443) Parcel # 3-9-5-014-046

All right, title & interest, directly or indirectly, in Baja Ventures 2006 LLC, and all proceeds traceable thereto, excluding all liabilities   (15-FBI-006787)

All right, title & interest, directly or indirectly, in KAJ Holdings LLC and all proceeds traceable thereto, excluding all liabilities  (15-FBI-006789)

All right, title & interest, directly or indirectly, in CSL Properties 2006 LLC and all proceeds traceable thereto, excluding all liabilities  (15-FBI-006790)

All right, title & interest, directly or indirectly, in Diamante Properties LLC and all proceeds traceable thereto, excluding all liabilities   (15-FBI-006791)

All right, title & interest, directly or indirectly, in Somerset LLC and all proceeds traceable thereto, excluding all liabilities   (15-FBI-006792)

All right, title & interest, directly or indirectly, in r/p & premises known as Diamante Cabo San Lucas located at Boulevard Diamante s/n Los Cangrejos, Cabo San Lucas, B.C.S. Mexico 23473 & all proceeds (15-FBI-006794)

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct.  Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (June 18, 2020) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1).  The ancillary petition must be filed with the Clerk of the Court, 100 Federal Plaza, Central Islip, NY  11722, and a copy

served upon Assistant United States Attorney Diane Leonardo, 610 Federal Plaza, 5th Floor, Central Islip, NY  11722.  The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all ancillary petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such ancillary petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture.  A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. Section 1746.  For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9.  The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a).  The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b).  The petition for remission need not be made in any particular form and may be filed online or in writing.  You should file a petition for remission not later than 11:59 PM EST 30 days after the date of final publication of this notice.  *See* 28 C.F.R. Section 9.3(a).  The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online.  If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorney Diane Leonardo, 610 Federal Plaza, 5th Floor, Central Islip, NY  11722.  This website provides answers to frequently asked questions (FAQs) about filing a petition for remission.  You may file both an ancillary petition with the court and a petition for remission or mitigation.



**Advertisement Certification Report**

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between June 18, 2020 and July 17, 2020. Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Phillip A. Kenner, et al.

**Court Case No:** CR-13-0607
**For Asset ID(s):** See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 06/18/2020 | 24.0 | Verified |
| 2 | 06/19/2020 | 24.0 | Verified |
| 3 | 06/20/2020 | 24.0 | Verified |
| 4 | 06/21/2020 | 24.0 | Verified |
| 5 | 06/22/2020 | 24.0 | Verified |
| 6 | 06/23/2020 | 24.0 | Verified |
| 7 | 06/24/2020 | 24.0 | Verified |
| 8 | 06/25/2020 | 24.0 | Verified |
| 9 | 06/26/2020 | 24.0 | Verified |
| 10 | 06/27/2020 | 24.0 | Verified |
| 11 | 06/28/2020 | 24.0 | Verified |
| 12 | 06/29/2020 | 24.0 | Verified |
| 13 | 06/30/2020 | 24.0 | Verified |
| 14 | 07/01/2020 | 24.0 | Verified |
| 15 | 07/02/2020 | 24.0 | Verified |
| 16 | 07/03/2020 | 24.0 | Verified |
| 17 | 07/04/2020 | 24.0 | Verified |
| 18 | 07/05/2020 | 24.0 | Verified |
| 19 | 07/06/2020 | 24.0 | Verified |
| 20 | 07/07/2020 | 24.0 | Verified |
| 21 | 07/08/2020 | 24.0 | Verified |
| 22 | 07/09/2020 | 24.0 | Verified |
| 23 | 07/10/2020 | 24.0 | Verified |
| 24 | 07/11/2020 | 24.0 | Verified |
| 25 | 07/12/2020 | 24.0 | Verified |
| 26 | 07/13/2020 | 24.0 | Verified |
| 27 | 07/14/2020 | 24.0 | Verified |
| 28 | 07/15/2020 | 24.0 | Verified |
| 29 | 07/16/2020 | 24.0 | Verified |
| 30 | 07/17/2020 | 24.0 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.