UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 13-CR-607 (JFB)

UNITED STATES OF AMERICA,

VERSUS

PHILLIP A. KENNER,

Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 07 2025 ★
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
July 7, 2025

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

On July 9, 2015, following a nine-week trial, a jury convicted defendant Phillip A. Kenner ("Kenner") of one count of conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One of the superseding indictment); four counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two, Three, Four, and Seven); and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Nine). On September 17, 2021, the Court sentenced Kenner to a total term of 204 months' imprisonment, to be followed by three years of supervised release.

On June 20, 2023, Kenner was released to home confinement under the CARES Act. After being arrested by the Eagle County Sheriff's Office, in Colorado, for violation of a protection order, he was remanded to the custody of the Federal Bureau of Prisons ("BOP").

On January 6, 2025, Kenner filed a *pro se* motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On February 15, 2025, the government filed its opposition to the defendant's motion. On March 18, 2025, the defendant filed his reply, and he filed supplemental submissions in early April. On April 14, 2025, the Court issued an order, requiring the government to submit a letter "providing the Court with (1) an update from the Bureau of Prisons regarding the defendant's medical condition and prognosis; and (2) any documentation related to the circumstances surrounding his arrest in January 2024 and the status of any pending case related to that arrest." ECF Dkt. No. 1201. On April 28, 2025, the government submitted its response to the Court's order. On May 27, 2025, Kenner submitted his response to the government's letter. Kenner subsequently filed several supplements to that response.

Having considered all of the submissions, for the reasons set forth below, Kenner's motion for a reduction of his sentence is denied.

I. APPLICABLE LAW

As a threshold matter, to file a motion for a reduction in sentence under Section 3582(c)(1)(A) (also known as a "compassionate release motion"), a defendant must "fully exhaust[ ] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). With respect to the exhaustion requirement, the Second Circuit has clarified that it "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release. Rather, [Section] 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

Under Section 3582(c)(1)(A), district courts have the discretion to grant compassionate release where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). District courts in the Second Circuit may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see id.* at 236 (holding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling"). However, "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under [Section] 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). More specifically, even if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Moreover, because "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release," *Jones*, 17 F.4th at 374 (internal quotation marks and citation omitted), a district court is not required "to answer these [two] questions sequentially, as each is committed to the court's discretion," *United States v. Holmes*, 858 F. App'x 429, 430 (2d Cir. 2021) (summary order). In other words, a district court may deny a motion for compassionate release in "sole reliance" on the Section 3553(a) factors, without determining "whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam) (footnote omitted).

II. DISCUSSION[1]

Kenner has been diagnosed with cancer and seeks compassionate release so that he can obtain experimental cancer treatments and experimental surgery overseas. Kenner argues that he is receiving inadequate treatment in the BOP for his life-threatening medical condition. Kenner has attached voluminous medical records from the BOP in support of his motion.

---

[1] As a threshold matter, it is undisputed that Kenner satisfied the exhaustion requirement.

2

The government argues that, notwithstanding his serious medical condition, Kenner failed to establish that there are extraordinary and compelling circumstances warranting a sentencing reduction. In particular, the government asserts:

> While life-threatening medical circumstances can sometimes form the basis for compassionate release, Kenner does not cite any legal authority for the proposition that release is warranted to pursue experimental therapy. Indeed, Kenner's medical records show that he has received extensive treatment for cancer—including surgery—while in the custody of the Bureau of Prisons, and that the treatment will continue. Kenner is regularly seen by an oncologist, and administered scans and labs, to monitor the state of his disease. During his last visit, in December 2024, the oncologist noted that Kenner showed no evidence of metastatic or recurrent disease. On this record, there is no basis to release Kenner for experimental treatment.

ECF Dkt. No. 1192, at 3 (citations omitted).

The government submitted updated medical records in late April which, according to the government,

> reflect that Kenner has continued to be regularly seen by an oncologist, administered scans and labs, and provided with medication. During his last visit with an oncologist at FCI Englewood, in January 2025, the oncologist again noted that Kenner showed no evidence of metastatic or recurrent disease. In Kenner's most recent evaluation conducted after his transfer to FCI Miami, the evaluating physician scheduled a routine follow-up EGD and colonoscopy, CT scan, and oncology consult for June and July of 2025.

ECF Dkt. No. 1202, at 1.

In its supplemental submission, the government further emphasizes that, "[Kenner] was released to home confinement after he initially received his cancer diagnosis, but was remanded back to federal custody because he violated the terms of his release." ECF Dkt. No. 1192, at 4. Thus, the government indicates that, "[w]hile [it] is sympathetic to the seriousness of his medical diagnosis, the defendant has not met the high burden of proving that extraordinary and compelling reasons exist to justify his early release." *Id.*

In his supplemental submissions, Kenner vigorously disputes the government's assertions regarding the nature of his current condition and the adequacy of his medical treatment in the BOP. However, the Court need not address whether these grounds articulated by Kenner demonstrate extraordinary and compelling circumstances for a sentencing reduction. Even assuming *arguendo* that this requirement has been met by Kenner's medical condition and need for additional treatment, the Court denies the motion in its discretion because the Section 3553(a) factors still weigh against any reduction.

With respect to the nature and circumstances of the offense, as the Court emphasized at sentencing, Kenner participated in "a massive fraud [scheme] with [a] devastating financial and emotional impact on the victims." Sent. Tr. at 98. A reduction in Kenner's sentence would not adequately reflect the seriousness of his crimes and the harm that he caused to the

3

victims. With respect the defendant's history and characteristics and the need to protect the public from further crimes of the defendant, the Court explained at sentencing that Kenner had "shown that he has no remorse" and he "continues to pose an economic danger to society upon getting out." *Id.* at 99. These factors also apply with equal force today. Kenner has never accepted responsibility for his criminal conduct, or shown any remorse, and the Court has no confidence that he would avoid new criminal activity, including defrauding others. Indeed, the risk of his involvement in additional fraud upon his release may be magnified if he needs money to travel overseas for the experimental medical treatment that he ostensibly seeks. *See* ECF Dkt. No. 1204, at 13 ("Upon release (at the soonest time), Kenner would live with immediate family who can attend to his medical needs (both at home and with never-ending medical appointments; assuming that release is not too late to treat). Once settled and free from travel restrictions, Kenner plans to seek and arrange experimental organ transplant surgery outside the USA."). Moreover, there is no reason to believe that his serious medical condition would prevent him from engaging in fraudulent conduct if he is released (even with home detention). Thus, the Court's view as to the importance of these factors, as well as the other reasons for the original sentence (including specific and general deterrence), has not changed even in light of the information supplied by Kenner in support of his motion.

In addition, after he was released by the BOP, Kenner was found to have violated an order of protection (a Class 2 Misdemeanor), which was resolved with a deferred sentence of five days in jail and three months of probation. ECF Dkt. No. 1202, Exhibit B. In his submissions, Kenner disputes the circumstances surrounding the issuance of the order of protection and his arrest. However, at a minimum, the documents submitted by the government raise additional concerns about Kenner's ability to comply with his conditions of release and avoid additional criminal conduct.[2]

In sum, even assuming *arguendo* Kenner has demonstrated "extraordinary and compelling reasons" for his sentencing reduction, these circumstances do not outweigh the Section 3553(a) factors that warrant a denial of his motion. 18 U.S.C. § 3582(c)(1)(A)(i).

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court, in its discretion, denies the defendant's motion. Although the Court has referenced certain arguments and facts in this Memorandum and Order from the sealed papers submitted by the parties (as is necessary to explain to the public the grounds for the motion and the court's reasoning), the underlying submissions by the parties will remain under seal because they contain detailed information about Kenner's medical history and condition.

SO ORDERED.

JOSEPH F. BIANCO
United States Circuit Judge
(sitting by designation)

Dated: July 7, 2025
Central Islip, NY

\* \* \*

---

[2] In any event, the Court notes that, even without consideration of this evidence regarding his arrest, the Court's decision would be the same based upon the other grounds discussed herein.

4

The United States is represented by Assistant United States Attorney Saritha Komatireddy of the United States Attorney's Office for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Defendant Phillip A. Kenner is proceeding *pro se*. Miami Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 779800, Miami, Florida 33177.